## Exhibit A

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. __** |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO (A) FILE A CONSOLIDATED LIST
OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING
MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE
DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, (C) SERVE CERTAIN
PARTIES IN INTEREST BY EMAIL, (D) APPROVE THE FORM AND MANNER OF
SERVICE OF THE NOTICE OF COMMENCEMENT, AND (E) REDACT CERTAIN
PERSONALLY IDENTIFIABLE INFORMATION OF NATURAL PERSONS, (II)
WAIVING THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY
HOLDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing

the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix

for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu

of filing lists for each Debtor, (iii) serve certain parties in interest by email, (iv) approve the form

and manner of service of the notice of commencement of these chapter 11 cases, (v) redact certain

personally identifiable information of natural persons, (b) waiving the requirement to file a list of,

and to provide notice directly to, the equity security holders of Debtor Yellow Corporation, (c)

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of Debtors'
principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street,
Suite 400, Overland Park, Kansas 66211.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

scheduling a final hearing to consider approval of the Motion on a final basis, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023 and shall be served on:  (a) the Debtors, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.: General Counsel; (b) proposed counsel to the Debtors (i) Kirkland & Ellis LLP, 300 North   LaSalle,   Chicago,   Illinois,   60654,   Attn.:   Patrick   J.   Nash   Jr.,   P.C.

(patrick.nash@kirkland.com), David Seligman P.C. (david.seligman@kirkland.com), and Whitney Fogelberg (whitney.fogelberg@kirkland.com); (ii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com); and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy (jane.m.leamy@usdoj.gov); and (d) any statutory committee appointed in these chapter 11 cases.

3.      The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized, but not directed, to submit a consolidated Creditor Matrix; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own creditor mailing matrix within fourteen (14) days of any such conversion.

4.      The Debtors are authorized to file a consolidated list of their thirty largest unsecured creditors.

5.      The Debtors are authorized, on an interim basis, to redact on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other documents filed with the Court the home and email addresses of any natural persons, including individual creditors and individual equity holders.  The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Interim Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) any party in interest upon a request to the Debtors (email to counsel is sufficient) or to the Court that

is reasonably related to these chapter 11 case and (e) the Debtors' Claims and Noticing Agent; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

6.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

7.      For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

8.      Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Interim Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

9.      To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

10.     Debtor Yellow Corporation shall file with the Court a list of equity security holders directly registered with the transfer agent for Debtor Yellow Corporation's common equity in satisfaction of Bankruptcy Rule 1007(a)(3).

11.     The Debtors shall not be required to provide notice of the commencement of the Chapter 11 Cases to all equity security holders, but instead shall: (a) serve (i) each equity security

holder directly registered with the transfer agent for the Debtors' common equity and (ii) all banks, brokers, intermediaries, Depository Trust Company participant and other nominees or their mailing agents that hold Yellow Corporation equity securities in "street name" for the beneficial holders (with instructions to serve down to beneficial holders, as applicable); (b) publish the notice of commencement on the Debtors' case website located at https://dm.epiq11.com/YellowCorporation; and (c) file a Form 8-K with the SEC within five business days following the Petition Date, notifying their investors and other parties of the commencement of these chapter 11 cases. The Debtors are further authorized to issue a press release announcing the bankruptcy filing and will as soon as is practicable cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of Debtor Yellow Corporation's common stock to be published in full in the *USA Today* or similar publication in the Debtors' business judgment.

12.     The service requirements of Bankruptcy Rule 2002(g) hereby are modified to permit email service to creditors with valid email addresses on file that (i) have not designated a mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e) and (ii) do not request to be served hard copies by mail.

13.     The Notice of Commencement, substantially in the form attached hereto as **Exhibit 1,** is approved.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of these chapter 11 cases and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

14.     The Debtors, through their Claims and Noticing Agent, are authorized to serve all pleadings and papers, including the Notice of Commencement, on all parties listed on the Creditor Matrix (including via email if available).

15.     The Debtors, through their Claims and Noticing Agent, are authorized to distribute all pleadings and papers to current and former employees, and independent contractors, via email.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## Exhibit 1

**Notice of Commencement**

| Information to identify the case: | |
|---|---|
| Debtor<br><br>   Yellow Corporation, *et al.* | EIN: 48-0948788 |
| United States Bankruptcy Court for the **District of Delaware** | |
| Case number: **23-11069** | Date cases filed for chapter 11: August 6, 2023 |

## Official Form 309F1 (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case                                                        10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

**Valid Picture ID is required for access to the J. Caleb Boggs Federal Building.  Additionally, Debtor(s) must also present photo ID plus original verification of his/her social security number to the Bankruptcy Trustee.  If you do not have a photo ID and/or original verification of your social security number, please contact the Office of the United States Trustee's  (302–573–6491).**

|  1.  Debtor's full name:  Yellow Corporation |

|  2.  All other names used in the last 8 years:  See Chart Below |

| Jointly Administered Cases | Other Names (Last 8 Years) | Case No. | Tax ID No. |
|---|---|---|---|
| **1105481 Ontario Inc.** | **N/A** | **23-11070** | **N/A** |
| **Express Lane Service, Inc.** | **N/A** | **23-11071** | **20-1557186** |
| **New Penn Motor Express LLC** | **New Penn Motor Express, Inc.** | **23-11072** | **23-2209533** |
| **Roadway Express International, Inc.** | **N/A** | **23-11073** | **34-1504752** |
| **Roadway LLC** | **N/A** | **23-11074** | **20-0453812** |
| **Roadway Next Day Corporation** | **N/A** | **23-11075** | **23-2200465** |
| **USF Bestway Inc.** | **N/A** | **23-11076** | **86-0104184** |
| **USF Dugan Inc.** | **N/A** | **23-11077** | **48-0760565** |
| **USF Holland International Sales Corporation** | **N/A** | **23-11078** | **86-3892533** |
| **USF Holland LLC** | **USF Holland Inc.** | **23-11079** | **38-0655940** |
| **USF RedStar LLC** | **N/A** | **23-11080** | **N/A** |
| **USF Reddaway Inc.** | **N/A** | **23-11081** | **93-0262830** |
| **Yellow Freight Corporation** | **N/A** | **23-11082** | **93-1426357** |

| | | | |
|---|---|---|---|
| **Yellow Logistics, Inc.** | **N/A** | **23-11083** | **34-1738381** |
| **YRC Association Solutions, Inc.** | **N/A** | **23-11084** | **20-3720424** |
| **YRC Enterprise Services, Inc.** | **N/A** | **23-11085** | **20-0780375** |
| **YRC Freight Canada Company** | **YRC Freight Nova Scotia** | **23-11086** | **98-0168827** |
| **YRC Inc.** | **YRC Freight; Roadway; Roadway Express, Inc.; Yellow Transportation, Inc.** | **23-11087** | **34-0492670** |
| **YRC International Investments, Inc.** | **N/A** | **23-11088** | **20-0890711** |
| **YRC Logistics Inc.** | **N/A** | **23-11089** | **N/A** |
| **YRC Logistics Services, Inc.** | **N/A** | **23-11090** | **36-3783345** |
| **YRC Mortgages, LLC** | **N/A** | **23-11091** | **20-1619478** |
| **YRC Regional Transportation, Inc.** | **NA** | **23-11092** | **36-3790696** |

 3.  **Address:  11500 Outlook Street, Suite 400, Overland Park, Kansas 66211**

### 4. Debtors' Attorneys
Name and address

| | |
|---|---|
| Patrick J. Nash, Jr., P.C | Laura Davis Jones |
| David Seligman, P.C. | Timothy P. Cairns |
| Whitney Fogelberg | Peter J. Keane |
| Allyson Smith | Edward Corma |
| **KIRKLAND & ELLIS LLP** | **PACHULSKI STANG ZIEHL & JONES LLP** |
| 300 North LaSalle | 919 North Market Street, 17th Floor |
| Chicago, IL 60654 | Wilmington, Delaware 19801 |

Contact phone: 302-652-4100

Email:    ljones@pszjlaw.com
            tcairns@pszjlaw.com
            pkeane@pszjlaw.com
            ecorma@pszjlaw.com

Contact Phone: 312-862-2000

Email:    patrick.nash@kirkland.com
            david.seligman@kirkland.com
            whitney.fogelberg@kirkland.com
            allyson.smith@kirkland.com

---

### Debtors' Claims and Noticing Agent

If you have questions about this notice, please contact
Epiq Corporate Restructuring, LLC

Contact Phone: 1-866-641-1076 (Toll Free)
                    1-503-461-4134 (International)

Email:YellowCorporationInfo@epiqglobal.com

Website: https://dm.epiq11.com/YellowCorporation

---

### 5. Bankruptcy clerk's office

Documents in this case may be filed at this address.

You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov.

**824 N. Market Street, 3rd Floor
Wilmington, DE 19801**

Hours open: Monday – Friday 8:00 AM – 4:00 PM
Contact phone 302−252−2900

---

### 6. Meeting of creditors

[●], 2023, at [●]:00 a.m. (ET)

The debtor's representative must attend the meeting to be questioned under oath.
Creditors may attend, but are not required to do so.

The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket.

**Location:  J. Caleb Boggs Federal Building
844 King Street
3rd Floor, Room 3209
Wilmington, DE 19801**

**The meeting of Creditors will be held by phone.
Please call 1-866-621-1355 and use access code 7178157# to join the meeting.**

---

### 7. Proof of claim deadline

**Deadline for filing proof of claim:**

**Not yet set. If a deadline is set, the court will send you another notice.**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.
Your claim will be allowed in the amount scheduled unless:
• your claim is designated as disputed, contingent, or unliquidated;
• you file a proof of claim in a different amount; or
• you receive another notice.

If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

---

### 8. Exception to discharge Deadline
The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline.

If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.

**Deadline for filing the complaint: To be determined.**

| 9. Creditors with a foreign address | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|
| 10. Filing a Chapter 11 bankruptcy case | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11. Discharge of debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

**If you have questions about this notice, please contact the Debtors' Claims and Noticing Agent, Epiq Corporate Restructuring, LLC, at 1 (866) 641-1076 (Toll Free) 1 (503) 461-4134 (International), or by email at YellowCorporationInfo@epiqglobal.com.**

**You may also find out more information at https://dm.epiq11.com/YellowCorporation**