**Exhibit B**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-11069 (___) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) | Re: Docket No. __ |

**FINAL ORDER
(I) AUTHORIZING THE DEBTORS TO (A) FILE A
CONSOLIDATED LIST OF CREDITORS IN LIEU
OF SUBMITTING A SEPARATE MAILING MATRIX
FOR EACH DEBTOR, (B) FILE A CONSOLIDATED
LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED
CREDITORS, (C) SERVE CERTAIN PARTIES IN INTEREST
BY EMAIL, (D) APPROVE THE FORM AND MANNER OF
SERVICE OF THE NOTICE OF COMMENCEMENT, AND
(E) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION
OF NATURAL PERSONS, (II) WAIVING THE REQUIREMENT TO FILE A
LIST OF EQUITY SECURITY HOLDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Final Order"), (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of filing lists for each Debtor, (iii) serve certain parties in interest by email, (iv) approve the form and manner of service of the notice of commencement of these chapter 11 cases, (v) redact certain personally identifiable information of natural persons, (b) waiving the requirement to file a list of,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and to provide notice directly to, the equity security holders of Debtor Yellow Corporation, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized, but not directed, to submit a consolidated Creditor Matrix, *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix within fourteen (14) days of any such conversion.

3. The Debtors are authorized to file a consolidated list of their thirty largest unsecured creditors.

4. The Debtors are authorized, on a final basis, to redact on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other documents filed with the Court the home and email addresses of any natural persons, including individual creditors and individual equity holders. The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Final Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) any party in interest upon a request to the Debtors (email to counsel is sufficient) or to the Court that is reasonably related to these chapter 11 cases and (e) the Debtors' Claims and Noticing Agent; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.

5. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

6. For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

7. Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Final Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

8. To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest should contact counsel for the Debtors who shall work in good

faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

9. Debtor Yellow Corporation shall file with the Court a list of equity security holders directly registered with the transfer agent for Debtor Yellow Corporation's common equity in satisfaction of Bankruptcy Rule 1007(a)(3).

10. The Debtors shall not be required to provide notice of the commencement of the Chapter 11 Cases to all equity security holders, but instead shall: (a) serve (i) each equity security holder directly registered with the transfer agent for the Debtors' common equity and (ii) all banks, brokers, intermediaries, Depository Trust Company participant and other nominees or their mailing agents that hold Yellow Corporation equity securities in "street name" for the beneficial holders (with instructions to serve down to beneficial holders, as applicable); (b) publish the notice of commencement on the Debtors' case website located at https://dm.epiq11.com/YellowCorporation; and (c) file a Form 8-K with the SEC within five business days following the Petition Date, notifying their investors and other parties of the commencement of these chapter 11 cases. The Debtors are further authorized to issue a press release announcing the bankruptcy filing and will as soon as is practicable cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of Debtor Yellow Corporation's common stock to be published in full in the *USA Today* or similar publication in the Debtors' business judgment.

11. The Debtors, through their Claims and Noticing Agent, are authorized to serve all pleadings and papers, via email service or mail service, as applicable, on all parties listed on the Creditor Matrix.

12. The service requirements of Bankruptcy Rule 2002(g) hereby are modified to permit email service to creditors with valid email addresses on file that (i) have not designated a mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e) and (ii) do not request to be served hard copies by mail.

13. The Debtors, through their Claims and Noticing Agent, are authorized to distribute all pleadings and papers to current and former employees, and independent contractors, via email.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.