**Exhibit B**

**Proposed Final Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (___) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. __ |

**FINAL ORDER
(A) (I) APPROVING THE DEBTORS' PROPOSED
ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE
UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES,
(III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING
ADEQUATE ASSURANCE REQUESTS, AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an final order (this "Final Order") (a) (i) approving the Debtors' proposed adequate assurance of payment for future utility services, (ii) prohibiting utility providers from altering, refusing, or discontinuing services, (iii) approving the debtors' proposed procedures for resolving adequate assurance requests, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is granted on a final basis as set forth herein.

2.  The Adequate Assurance Deposit and the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures shall constitute adequate assurance of future payment as required under section 366 of the Bankruptcy Code for all Utility Providers that have received notice and for whose benefit Adequate Assurance Deposits are being made.

3.  The following Adequate Assurance Procedures are hereby approved:

    a.  The Debtors will deposit the Adequate Assurance Deposit into the Adequate Assurance Account within 20 days after the Petition Date.

    b.  If an amount relating to utility services provided postpetition by any Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account up to the amount applicable to each such Utility Provider by giving notice to: (i) Yellow Corporation, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn: General Counsel; (ii) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Robert Jacobson; (iii) Kirkland & Ellis LLP, 601 Lexington

        Avenue, New York, New York 10022, Attn: Allyson Smith (collectively, the "Notice Parties"); (iv) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Timothy P. Cairns, Peter J. Keane, and Edward Corma; and (v) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy; (collectively, the "Adequate Assurance Notice Parties"). The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

c.    Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request on the Adequate Assurance Notice Parties.

d.    Any Adequate Assurance Request must: (i) be in writing; (ii) identify the location for which the utility services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

e.    Unless a Utility Provider files and serves an Adequate Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing utility services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

f.    Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors will have the greater of (i) fourteen days from the receipt of such Adequate Assurance Request and (ii) thirty days from the entry of the Interim Order (the "Resolution Period") to negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request. The Debtors and the Utility Provider may, without notice to any party-in-interest or further order of the Court, extend the Resolution Period by such additional period as they shall mutually agree.

g.    The Debtors may, without further order of the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Provider and the Debtors may, in connection with any such agreement, provide a

|  |  |  |
|---|---|---|
|  |  | Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable. |
|  | h. | If the Debtors and the Utility Provider are unable to reach a consensual resolution within the Resolution Period, or if a Utility Provider was omitted from the Utility Services List and wishes to dispute that it received adequate assurance of future payment as required by section 366 of the Bankruptcy Code as provided by this Interim Order, the Debtors will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Provider (a "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code. |
|  | i. | Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance. |

4. The Utility Providers that have received notice and for whose benefit Adequate Assurance Deposits are being made are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

5. The Adequate Assurance Deposit shall be placed into a segregated account for the benefit of each Utility Provider. Notwithstanding anything to the contrary in any other Order of this Court, including any DIP Order, the interests of any party, including but not limited to the Debtors' post-petition or pre-petition lenders, in, or lien on, the Adequate Assurance Deposit shall be subordinate to the Utility Providers' interest in any Adequate Assurance Deposit until such time as the Adequate Assurance Deposit is returned to the Debtors or as otherwise ordered by the Court.

6. The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

7.     To the extent the Debtors identify new or additional Utility Providers, the Debtors are authorized, but not directed, to add such parties to the Utility Services List; *provided*, *however*, that the Debtors shall provide notice of any such addition to the Adequate Assurance Notice Parties.  The Debtors shall (a) promptly provide a copy of this Interim Order or the Final Order, as applicable, to a subsequently identified Utility Provider and (b) increase the Adequate Assurance Deposit by an amount equal to approximately 50 percent of the Debtors' estimated aggregate monthly utility expense for such subsequently identified Utility Provider subsequent to the Petition Date.  The terms of this Interim Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider upon such Utility Provider being added to the Utility Services List and being served with this Interim Order.

8.     If the Debtors seek to remove a Utility Provider from the Utility Services List or terminate the services of any Utility Provider during the course of these chapter 11 cases, without the need for further order of this Court or notice to any parties except as otherwise provided herein, the Debtors shall be authorized to decrease the amount of the Utility Deposit for any Utility Provider that the Debtors seek to remove from the Utility Provider List, or to terminate, by withdrawing from the Utility Deposit Account the amount deposited with respect to such Utility Provider upon either (a) obtaining the affected Utility Provider's consent to do so or (b) filing with this Court and serving upon the affected Utility Provider a notice of the Debtors' intent to reduce the Utility Deposit within fourteen days thereof and receiving no response thereto.  If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Provider may agree.  To the extent that there is any dispute as to the postpetition amounts owed to a Utility Provider, such Utility Provider shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate

Assurance Deposit, until such dispute has been resolved. Upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition utility services, by no later than seven business days following the date upon which the plan becomes effective.

9. Pursuant to the Adequate Assurance Procedures, upon the Debtors' termination of utility services, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the utility services being discontinued, the lesser of (a) the estimated two-week utility expense for such utility services or (b) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider. Upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition utility services, by no later than seven business days following the date upon which the plan becomes effective.

10. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority,

enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

11. Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.