## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) authorizing and approving procedures for rejecting, assuming, or assuming and assigning executory contracts and unexpired leases (including any amendments or modifications thereto, each a "Contract" and collectively, the "Contracts") and (b) granting related relief.  The Debtors also request authority, but not direction, to remove or abandon personal property of the Debtors, including, without limitation, goods, equipment, fixtures, furniture, and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    A detailed description of the Debtors and their business, including the facts and circumstances supporting the motion, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* filed contemporaneously herewith (the "First Day Declaration").  Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

other personal property that may be located on, or have been installed in, leased premises that are subject to a rejected Contract after the effective date of any proposed rejection.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 363, 365, and 554 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002, 6004, 6006, 6007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1 and 9013-1.

## Background

5.      On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  No request for the appointment of a trustee or

examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

### The Debtors' Executory Contracts and Unexpired Leases

6.      The Debtors are party to thousands of Contracts, which include, among other agreements, contracts related to the operation of the Debtors' businesses and unexpired leases with respect to real and personal property.  Approximately 1,400 of these Contracts may be considered leases of non-residential real property subject to section 365(d)(4) of the Bankruptcy Code.  During the pendency of these chapter 11 cases, the Debtors may, on a consensual or non-consensual basis, seek to assume, assume and assign, or reject the Contracts.

7.      The Debtors, with the assistance of their advisors, are in the process of evaluating their Contracts to determine whether such Contracts should be (a) rejected, as they are unfavorable to the Debtors or no longer beneficial for business operations, (b) assumed (including as amended), (c) or assumed (including as amended) and assigned, as they are favorable or otherwise valuable to the Debtors' estates.

8.      Absent the relief requested in this motion, the Debtors would be required to file separate motions to reject, assume, or assume and assign Contracts, resulting in substantial costs to, and administrative burdens on, the Debtors' estates—in addition to burdening the Court's docket.  Accordingly, the Debtors hereby request approval of the Contract Procedures (as defined below) to minimize such costs and burdens.

### The Proposed Rejection Procedures

9.      The Debtors seek entry of the Order authorizing and approving the following procedures with respect to rejection of the Contracts (the "Rejection Procedures"):

> a.      ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached to the Order as Exhibit 1 (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of

the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract(s); (iii) the names and addresses of the counterparties to such Contract(s) (each a "<u>Rejection Counterparty</u>" and, collectively, the "<u>Rejection Counterparties</u>"); (iv) the proposed effective date of rejection for each such Contract(s) (each, the "<u>Rejection Date</u>"); (v) if any such Contract is a lease, the personal property to be abandoned (the "<u>Abandoned Property</u>"), if any, and an estimate of the book value of such property, if practicable; (vi) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; and (vii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100 in accordance with Bankruptcy Rule 6006.

b.      **Service of the Rejection Notice.**  The Debtors will cause each Rejection Notice to be served:  (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract, if any (and upon such Rejection Counterparty's counsel, if known), and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>"), Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (B) the Priority Term Loan Agent; (C) the Existing Term Loan Agent; (D) the Agent under the ABL Facility; (E) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (F) the United States Attorney for the District of Delaware; (G) the Internal Revenue Service; (H) the state attorneys general for states in which the Debtors conduct business; and (I) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Master Notice Parties</u>").

c.      ***Objection Procedures***.  Parties objecting to a proposed rejection of a Contract must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than seven days after the date the Debtors file and serve the relevant Rejection Notice (the "<u>Rejection Objection Deadline</u>") and promptly serve such objection on the following parties (collectively,  the "<u>Objection Service Parties</u>"):  (i) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal

---

[3]     An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (B) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn.: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (iv) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (v) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); and (vi) any statutory committee appointed in these chapter 11 cases.

d.    ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided*, *however*, that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord or such landlord's counsel (if any) in writing (email being sufficient) of the Debtors' surrender of the premises and, as applicable, (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord or such landlord's counsel (if any) in writing (email being sufficient) that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

e.    ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract(s) shall be deemed

rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.   ***Consent Orders***.  Any objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Rejection Counterparty.

g.   ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date.

h.   ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

i.   ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date with the prior written consent (email being sufficient) of the Directing Cash Collateral Agent (as defined in the interim and final orders in respect of the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* filed substantially contemporaneously herewith (the "Cash Collateral Orders")) solely with respect to the Collateral (as defined in the Cash Collateral Orders), to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Rejection Counterparty may not interfere with Debtors' removal of any of the Debtors' personal property prior to the Rejection Date.  The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property.  Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Rejection Counterparty or Counterparties may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property and, to the extent applicable, the automatic stay is modified to allow such disposition.  To the extent requested by Rejection Counterparty, the Debtors shall be permitted to abandon the Abandoned Property to such Rejection Counterparty to facilitate such party's use or disposal of such Abandoned Property.

Case 25-11454-BLS    Doc 15    Filed 08/06/25    Page 7 of 48

j.     ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) 30 days after the later of (A) the Rejection Date and (B) the date of entry of an order rejecting the Contract.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases or otherwise.

## The Proposed Assumption Procedures

10.     The Debtors seek entry of the Order authorizing and approving the following assumption procedures with respect to the Contracts (the "<u>Assumption Procedures</u>" and together with the Rejection Procedures, collectively, the "<u>Contract Procedures</u>"):

a.     ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached to the Order as <u>Exhibit 2</u> (the "<u>Assumption Notice</u>") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed; (ii) the Debtor or Debtors party to such Contract(s); (iii) the names and addresses of the counterparties to such Contracts (each an "<u>Assumption Counterparty</u>" and, collectively, the "<u>Assumption Counterparties</u>"); (iv) the identity of the proposed assignee of such Contracts (the "<u>Assignee</u>"), if applicable; (v) the effective date of the assumption for each such Contract (the "<u>Assumption Date</u>"); (vi) the proposed cure amount, if any for each such Contract; (vii) a description of any material amendments to the Contract made outside of the ordinary course of business; and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).

b.     ***Service of the Assumption Notice and Evidence of Adequate Assurance***.  The Debtors will cause the Assumption Notice to be served regardless of the manner and means required for delivery of notices stated in the affected Contract(s) (i) by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract, if any (and upon the Assumption Counterparties' counsel, if known), and (ii) by first class mail, email, or fax upon the Master Notice Parties.[4]  To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery

---

[4]     The Debtors shall serve (by electronic mail, if requested) a counterparty to a Contract other than a lease of non-residential real property to be assumed under the Contract Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail).

c.      ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[5] so that such objection is filed with this Court and ***actually received*** by the Objection Service Parties no later than seven days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d.      ***No Objection Timely Filed***.  If no objection to the assumption of any Contract is timely filed, each Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption counterparties agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided*, *however*, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.      ***Unresolved Timely Objections***.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and the counterparty to such Contract have agreed, or as ordered by the Court.

f.      ***Consent Orders***.  Any objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Assumption Counterparty.

g.      ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

---

[5]    An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

11.    In addition, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Debtors request that the assignment of any Contract pursuant to the Assumption Procedures (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (x) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee) or (y) in respect of any taxes); *provided*, *however*, that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contracts.[6]  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

---

[6]    Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption or assumption and assignment of such Contract.  The Debtors reserve all rights with respect to the enforceability of such provisions.

**Basis for Relief**

**I.    The Contract Procedures Are in the Best Interests of the Debtors' Estates.**

12.    Given the large number of Contracts to which the Debtors are a party, establishing the Contract Procedures will streamline the administration of these chapter 11 cases and enhance the efficiency of the chapter 11 process by eliminating substantial legal expenses that would otherwise be incurred if multiple hearings were held on separate motions with respect to every Contract that the Debtors seek to assume or reject.  The Contract Procedures are reasonable and fair to Contract counterparties because they afford parties in interest the opportunity to be heard with respect to the rejection, assumption, or assumption and assignment of the Contracts (and any amendments to Contracts or abandonment of property related thereto).

13.    Courts in this district often enter orders approving similar relief as requested in this motion.  *See, e.g.*, *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 18, 2025) (entering an order for procedures to reject or assume executory contracts and unexpired leases); *In re Liberated Brands*, No. 25-10168 (JKS) (Bankr. D. Del. Mar. 4, 2025) (same); *In re JOANN, Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 14, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (same).[7]

**II.    Rejection, Assumption, Assignment, and Amendment of the Contracts Is an Exercise of the Debtors' Business Judgment.**

14.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The decision to assume or reject an executory contract or

---

[7]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

unexpired lease is a matter within the "business judgment" of the debtor.  *See In re Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether the assumption or rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *In re Extraction Oil & Gas,* 622 B.R. 608, 614 (Bankr. D. Del. 2020) (noting that courts generally will authorize a debtor to reject executory contracts and unexpired leases when such debtor appropriately exercises its business judgment).  The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of "bad faith, or whim, or caprice."  *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057 (1986).

15.     Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease.  Further, the business judgment standard is satisfied when a debtor determines that assumption or rejection will benefit the estate.  *See Mission Product Holdings, Inc. v. Tempnology, LLC*, 587 U.S. 370, 373–74 (2019) (noting that under the deferential business judgment rule, the bankruptcy court will approve the debtor's decision to assume any contract that is beneficial to the estate and reject any contract that is not beneficial to the estate); *In re Trans World Airlines, Inc.*, No. 01-0056, 2001 Bankr. LEXIS 722, at *7–8 (Bankr. D. Del. Mar. 16, 2001) (noting that the standard under section 365 requires consideration of the benefit of the rejection to the debtor's estate).

16.     Further, as with the assumption or rejection of an executory contract or an unexpired lease under section 365, any amendment to an executory contract or unexpired lease that may be deemed outside the ordinary course of business is authorized under section 363 of the Bankruptcy Code when there is a "sound business purpose" that justifies such action.  *See In re Borders Grp., Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011) ("In approving a transaction

conducted pursuant to section 363(b)(1), courts consider whether the debtor exercised sound business judgment."); *see also In re Del. and Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (noting that the Third Circuit has adopted the "sound business judgment" standard for transactions under section 363 of the Bankruptcy Code).

17.    In addition, the Court may also authorize the Contract Procedures under section 105(a) of the Bankruptcy Code.  Section 105(a) codifies a bankruptcy court's inherent equitable powers, and allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Accordingly, a bankruptcy court's exercise of its authority under section 105(a) of the Bankruptcy Code is appropriately used to carry out one of the central policies underlying chapter 11—*i.e.*, to preserve value and maximize value for the benefit of all stakeholders.

18.    The Debtors have determined, in their sound business judgment, that the rejection, assumption, or assumption and assignment (and any amendments thereto) of Contracts in accordance with the Contract Procedures proposed herein is and will be in the best interest of the Debtors' estates.  Further, the Contract Procedures will avoid substantial legal expense and the use of Court time that would result if a motion were filed and a hearing held for every motion seeking the rejection, assumption, or assumption and assignment of Contracts.  The Debtors submit that the information provided on the Rejection Notices and Assumption Notices will provide the Court and interested parties with sufficient information to establish that the Debtors are entitled to make such a rejection, assumption, or assumption and assignment (and any amendments thereto) in their sound business judgment.  Accordingly, the Court should approve the Contract Procedures.

**III.    The Assignment of Contracts Should Be Approved Free and Clear of Interests.**

19.    Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in such property if:  (a) applicable nonbankruptcy law permits a

free and clear sale; (b) the holder of the interest consents; (c) the interest is a lien and the sale price of the property exceeds the value of all liens on the property; (d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  *See* 11 U.S.C. § 363(f).

20.     Executory contracts and unexpired leases are property of the Debtors' estates.  To the extent the Debtors assume and assign a Contract pursuant to the Assumption Procedures, such assignment is tantamount to a sale of estate property and may be transferred free and clear of the interests in such property held by an entity other than the estate, so long as one of the criteria under section 363(f) of the Bankruptcy Code is satisfied.  The Debtors propose that if a party in interest fails to timely object to an assumption and assignment consistent with the Assumption Procedures, such party shall be deemed to "consent" to such assumption and assignment within the meaning of section 363(f)(2) of the Bankruptcy Code.  If a party in interest timely objects to an assumption and assignment consistent with the Assumption Procedures, and such objection is not withdrawn or resolved, the Debtors shall file a notice of hearing to consider the objection; if such objection is overruled or withdrawn, the Contract(s) in question shall be assumed.  The requirements of section 363(f) of the Bankruptcy Code would thus be satisfied for any proposed "transfer" of a Contract free and clear of liens, claims, encumbrances, and other interests.

21.     Courts in this district have granted similar authority.  *See, e.g.*, *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 18, 2025) (authorizing the assignment of contracts and leases free and clear of liens and claims); *In re Liberated Brands*, No. 25-10168 (JKS) (Bankr. D. Del. Mar. 4, 2025) (same); *In re JOANN, Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 14, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (same).

**IV.    Abandonment by the Debtors of Personal Property Is Proper Under Section 554(a).**

22.    Further, the abandonment of the personal property is appropriate and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *Id.* Courts generally give a debtor in possession great deference to its decision to abandon property. *See In re Syntax-Brillian Corp.*, No. 08-11407, 2018 WL 3491758, at *15 (Bankr. D. Del. July 18, 2018) ("The Trustee's power to abandon property is discretionary and the Court will generally defer to the Trustee's judgment in determining whether to abandon a property." (internal quotation omitted) (citation omitted)); *see also In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003), aff'd, 112 F. App'x 868 (3d Cir. 2004) ("The trustee's power to abandon property is discretionary."). Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *In re Unidigital, Inc.*, 262 B.R. 283, 286 (Bankr. D. Del. 2001) (recognizing the only exception to abandonment is where there is an imminent and identifiable harm to the public health or safety).

23.    The personal property proposed to be abandoned in connection with any future rejections of Contracts that are real property leases would primarily consist of fixtures, furniture, advertising displays, and other office and store equipment that is (a) of minimal or no material value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.

24.    Courts in this district have approved relief similar to the relief requested herein. *See, e.g.*, *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. July 22, 2025) (approving abandonment of personal property in connection with rejection procedures);

*In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 18, 2025) (same); *In re Liberated Brands*, No. 25-10168 (JKS) (Bankr. D. Del. Mar. 4, 2025) (same); *In re JOANN, Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 14, 2025) (same)*; In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same).

**V.    Rejection or Assumption of the Contracts as of the Date of the Applicable Notice Is Appropriate.**

25.    The counterparties to the Contracts will not be prejudiced by the Contract Procedures because, upon receipt of an Assumption Notice or a Rejection Notice, such counterparties will have received advance notice of the Debtors' intent to reject, assume, or assume and assign their respective Contract as of the effective date of such assumption or rejection. *See, e.g.*, *In re Thane Int'l, Inc.*, 586 B.R. 540, 548 (Bankr. D. Del. 2018) (finding that the requirements of the Bankruptcy Code are meant to protect the interests of the non-debtor parties to executory contracts, so they may avoid having to deal with an assumption of which they had no notice and which they had no opportunity to contest); *In re Mid Region Petrol. Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject), *aff'd*, 1 F.3d 1130 (10th Cir. 1993); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating intention to reject).

26.    Additionally, in the case of unexpired leases of nonresidential real property, the Debtors will likely vacate the premises before or upon serving the Rejection Notice, thereby allowing the counterparties to take possession of and relet the property promptly.  *See, e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608–09 (2d Cir. 2007) (holding that the bankruptcy court did not abuse its discretion in finding balance of equities favored making rejection of a nonresidential lease of real property retroactive to date tenant vacated premises, as

tenant's action provided landlord with opportunity to relet premises); *In re New Valley Corp.*, No. 98-982, 2000 U.S. Dist. LEXIS 12663, at *44–46 (D.N.J. Aug. 31, 2000) (holding that the bankruptcy court properly exercised its discretion in adjusting the effective date of rejection from the date the court signed the order authorizing rejection to the date on which the debtor vacated and the landlord exercised control over the property); *In re Amber's Stores*, *Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of the case where debtor turned over keys, vacated premises, and served motion to reject lease as soon as possible).

## VI.    The Contract Procedures Satisfy Due Process.

27.     As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014." Fed. R. Bankr. P. 6006(a). Bankruptcy Rule 9014 provides that: "[i]n a contested matter not otherwise governed by these rules, relief must be requested by motion. Reasonable notice and opportunity to be heard must be given to the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given *in light of the particular circumstances*. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").

28.     Under Bankruptcy Rule 6006(e), a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(f). *See* Fed. R. Bankr. P. 6006(e). Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple executory contracts or unexpired leases must satisfy. These requirements are procedural in nature. A motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

i.      state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

ii.      list parties alphabetically and identify the corresponding contract or lease;

iii.      specify the terms, including the curing of defaults, for each requested assumption or assignment;

iv.      specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

v.      be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

vi.      be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

29.     The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to the Contracts while conserving estate resources. Counterparties must be able to locate their Contracts and readily determine whether their Contracts are being assumed or rejected.

30.     The Contract Procedures satisfy Bankruptcy Rule 6006(f), including the 100-contract or lease limit set forth in subsection (vi) thereof. Further, given the substantial number of Contracts the Debtors will be seeking to assume or reject, obtaining Court approval of each assumption or rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that may decrease the economic benefits of rejection or assumption.

31.     In accordance with Bankruptcy Rule 6007(a), the Debtors will provide the U.S. Trustee and other parties in interest with the requisite notice and an opportunity to object to any proposed abandonment of property.

32.     As a result, the Contract Procedures afford Contract counterparties and all other parties in interest their due process rights by providing notice and the opportunity to be heard. Moreover, Court oversight is maintained in the event of an objection.  For the foregoing reasons, the Contract Procedures should be approved, and the Debtors should be authorized to reject, assume, and assume and assign the Contracts consistent with the terms of such procedures.

## **Waiver of Bankruptcy Rules 6004(a), 6004(h), and 6006(d)**

To the extent the relief sought in the motion constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).  The Debtors also seek to waive the 14-day stay required of any assignment of Contract under Bankruptcy Rule 6006(d).

## **Reservation of Rights**

33.     Notwithstanding anything to the contrary herein, nothing contained in this motion or any actions taken pursuant to any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or

otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than as requested in this motion; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code other than as requested in this motion; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

## **Notice**

34.     The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable:  (a) the U.S. Trustee; (b) the Priority Term Loan Agent; (c) the Existing Term Loan Agent; (d) the Agent under the ABL Facility; (e) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Contract counterparties; and (j) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  In light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

35.    No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 6, 2025
Wilmington, Delaware

*/s/ Zachary I. Shapiro*

**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
Facsimile:    (302) 651-7701
Email:    defranceschi@rlf.com
    heath@rlf.com
    shapiro@rlf.com
    carlisle@rlf.com
    meehan@rlf.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    joshua.sussberg@kirkland.com
    allyson.smith@kirkland.com

- and -

Alexandra F. Schwarzman, P.C. (*pro hac vice* pending)
Robert A. Jacobson (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    alexandra.schwarzman@kirkland.com
    rob.jacobson@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## ORDER (I) AUTHORIZING AND APPROVING
## PROCEDURES TO REJECT OR ASSUME EXECUTORY
## CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing and approving the Contract Procedures and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a

hearing on the Motion were appropriate and no other notice need be provided; and this Court

having reviewed the Motion and having heard the statements in support of the relief requested

therein, if any, at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    Any objections to the entry of this Order, to the extent not withdrawn or settled, are

overruled.

3.    The following Rejection Procedures are approved in connection with rejecting

Contracts:

a.    ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **<u>Exhibit 1</u>** (the "<u>Rejection Notice</u>") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract(s); (iii) the names and addresses of the counterparties to such Contract(s) (each a "<u>Rejection Counterparty</u>" and, collectively, the "<u>Rejection Counterparties</u>"); (iv) the proposed effective date of rejection for each such Contract(s) (each, the "<u>Rejection Date</u>"); (v) if any such Contract is a lease, the personal property to be abandoned (the "<u>Abandoned Property</u>"), if any, and an estimate of the book value of such property, if practicable; (vi) with respect to real property, any known third party having an interest in any remaining property, including personal property, furniture, fixtures, and equipment, located at the leased premises; and (vii) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100 in accordance with Bankruptcy Rule 6006.

b.    ***Service of the Rejection Notice.***  The Debtors will cause each Rejection Notice to be served:  (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract, if any (and upon such Rejection

Counterparty's counsel, if known), and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) the U.S. Trustee, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (B) the Priority Term Loan Agent; (C) the Existing Term Loan Agent; (D) the Agent under the ABL Facility; (E) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (F) the United States Attorney for the District of Delaware; (G) the Internal Revenue Service; (H) the state attorneys general for states in which the Debtors conduct business; and (I) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c.     ***Objection Procedures***.   Parties objecting to a proposed rejection of a Contract must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than seven days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"):   (i) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (B) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn.: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (iv) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (v) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan

---

[3]   An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

(jryan@potteranderson.com); and (vi) any statutory committee appointed in these chapter 11 cases.

d.  ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided*, *however*, that the Rejection Date for a rejection of a lease of non-residential real property shall not occur until the later of (i) the Rejection Date set forth in the Rejection Notice and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord or such landlord's counsel (if any) in writing (email being sufficient) of the Debtors' surrender of the premises and, as applicable, (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord or such landlord's counsel (if any) in writing (email being sufficient) that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

e.  ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract(s) shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.

f.  ***Consent Orders***.  Any objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Rejection Counterparty.

g.  ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date.

h.  ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

i.  ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date with the prior written consent (email being sufficient) of the Directing Cash Collateral Agent (as defined in Cash Collateral Orders) solely with respect to the Collateral (as defined in the Cash Collateral Orders), to remove or abandon any of the

Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract. The Rejection Counterparty may not interfere with Debtors' removal of any of the Debtors' personal property prior to the Rejection Date. The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property. Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Date of the applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Rejection Counterparty or Counterparties may, in their sole discretion and without further order of this Court, utilize and/or dispose of such property and, to the extent applicable, the automatic stay is modified to allow such disposition. To the extent requested by Rejection Counterparty, the Debtors shall be permitted to abandon the Abandoned Property to such Rejection Counterparty to facilitate such party's use or disposal of such Abandoned Property.

j.      ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) 30 days after the later of (A) the Rejection Date and (B) the date of entry of an order rejecting the Contract.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases or otherwise.

4.      The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

a.      ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed; (ii) the Debtor or Debtors party to such Contract(s); (iii) the names and addresses of the counterparties to such Contracts (each an "Assumption Counterparty" and, collectively, the "Assumption Counterparties"); (iv) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (v) the effective date of the assumption for each such Contract (the "Assumption Date"); (vi) the proposed cure amount, if any for each such Contract; (vii) a description of any material amendments to the Contract made outside of the ordinary course of business; and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below).

b.      ***Service of the Assumption Notice and Evidence of Adequate Assurance***. The Debtors will cause the Assumption Notice to be served regardless of

the manner and means required for delivery of notices stated in the affected Contracts: (i) by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract, if any (and upon the Assumption Counterparties' counsel, if known), and (ii) by first class mail, email, or fax upon the Master Notice Parties.[4] To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail).

c.      ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[5] so that such objection is filed with this Court and ***actually received*** by the Objection Service Parties no later than seven days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d.      ***No Objection Timely Filed***.  If no objection to the assumption of any Contract is timely filed, each Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption counterparties agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided*, *however*, that the Assumption Date for a lease of nonresidential real property shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.      ***Unresolved Timely Objections***.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract shall be assumed as of the Assumption Date set forth in the Assumption Notice or such other date

---

[4]    The Debtors shall serve (by electronic mail, if requested) a counterparty to a Contract other than a lease of non-residential real property to be assumed under the Contract Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

[5]    An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

to which the Debtors and the counterparty to such Contract have agreed, or as ordered by the Court.

f.   ***Consent Orders***.  Any objection may be resolved without a hearing by the filing of a notice of such resolution signed by counsel to the Debtors, counsel to the objecting party, and counsel to the Assumption Counterparty.

g.   ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

5.   With regard to Contracts to be assigned, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee) or (B) in respect of any taxes); *provided*, *however*, that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the

applicable Contracts.[6]   For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

6.      Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are hereby authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contracts, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

7.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved.

8.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date.

9.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into the consensual amendments as set forth in an Assumption Notice.

10.     Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject or assume a Contract by separate motion.

---

[6]    Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption or assumption and assignment of such Contract.  The Debtors reserve all rights with respect to the enforceability of such provisions.

11.     Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an implication or  admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than as approved in this Order; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a  waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under  section  365 of the Bankruptcy Code other than as approved  in this Order; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

12.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract

rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

13.     Notice of the Rejection as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     Notwithstanding anything to the contrary in this Order, any payment to be made, obligation incurred or authorization contained herein shall be subject to and in compliance with the "Approved Budget" as defined in the Cash Collateral Orders (including with respect to timing of payments thereunder).

15.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

17.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Proposed Rejection Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. _** |

### NOTICE OF REJECTION OF CERTAIN
### EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on [_____], 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (a) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (b) granting related relief [Docket No. [●]] (the "Procedures Order"), attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than seven days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, PA, 920 N King Street, Wilmington, DE 19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J.

Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); and (f) any statutory committee appointed in these chapter 11 cases. Only those responses that are timely filed, served, and received will be considered at any hearing.

      **PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the applicable Rejection Date set forth in **<u>Schedule 2</u>**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[3]

      **PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the applicable Rejection Date set forth in **<u>Schedule 2</u>** attached hereto or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

---

[3] An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice. Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed. For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **<u>Schedule 2</u>** attached hereto shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (b) 30 days after the later of (i) the Rejection Date, and (ii) the date of entry of an order rejecting the Contract. IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

*[Remainder of page intentionally left blank]*

Dated:  [●], 2025
Wilmington, Delaware

*/s/ DRAFT*
_____
**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:       (302) 651-7701
Email:            defranceschi@rlf.com
                       heath@rlf.com
                       shapiro@rlf.com
                       carlisle@rlf.com
                       meehan@rlf.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            joshua.sussberg@kirkland.com
                       allyson.smith@kirkland.com

- and -

Alexandra F. Schwarzman, P.C. (*pro hac vice* pending)
Robert A. Jacobson (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            alexandra.schwarzman@kirkland.com
                       rob.jacobson@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## <u>Schedule 1</u>

**Procedures Order**

**Schedule 2**

**Rejected Contracts**

| Rejection Counterparty | Description of Contract[1] | Abandoned Property | Rejection Date |
|---|---|---|---|
| | | | |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

## **Exhibit 2**

**Proposed Assumption Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | Case No. 25-11454 (___) |
| Debtors. | (Joint Administration Requested) |
| | **Re: Docket No. _** |

**NOTICE OF ASSUMPTION OF CERTAIN
EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR
CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE
CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on [_____], 2025, the United States Bankruptcy

Court for the District of Delaware (the "Court") entered an order entered an order on the motion

(the "Motion")[2] of debtors and debtors in possession (the "Debtors") (a) authorizing and approving

procedures to reject, assume, or assume and assign executory contracts and unexpired leases and

(b) granting related relief [Docket No. [●]] (the "Procedures Order") attached hereto as

**Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this

written notice (this "Assumption Notice"), the Debtors hereby notify you that they have

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers,
to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing
Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada
Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416);
Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950);
CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road,
Hoffman Estates, IL 60192.

[2]    Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion.

determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of the date (the "Assumption Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

PLEASE TAKE FURTHER NOTICE that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request by the counterparty to the Contract,[3] thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance.[4]

PLEASE TAKE FURTHER NOTICE that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is **actually received** by the following parties no later than seven days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois

---

[3]    To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice.

[4]    The Debtors shall serve the counterparty to the Contract with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

60654, Attn.:   Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, PA, 920 N King Street, Wilmington, DE 19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.:   Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com),    Amit    Trehan    (ATrehan@cahill.com),    and    Sean    Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good   (kgood@potteranderson.com)   and   Jeremy   Ryan   (jryan@potteranderson.com);   and (f) any statutory committee appointed in these chapter 11 cases.  Only those responses that are timely filed, served, and received will be considered at any hearing.

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the assumption or assumption and assignment of each Contract shall become effective on the applicable Assumption Date set forth in **Schedule 2** attached hereto, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[5]

---

[5] An objection to the assumption or assumption and assignment of any particular Contract or cure amount listed in this Assumption Notice shall not constitute an objection to the assumption or assumption and assignment of any other contract or lease listed in this Assumption Notice.  Any objection to the assumption or assumption and assignment of any particular Contract or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose assumption or assumption and assignment is not timely or properly objected to, such assumption or assumption and assignment will be effective in accordance with this Assumption Notice and the Procedures Order.

PLEASE TAKE FURTHER NOTICE that, the proposed cure amount under the Contract is set forth in **Schedule 2** attached hereto.  If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

PLEASE TAKE FURTHER NOTICE that if an objection to the assumption or assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed or assumed and assigned as of the Assumption Date set forth in **Schedule 2** or such other date as the Debtors and the counterparty or counterparties to such Contract agree.

[*Remainder of page intentionally left blank*]

Dated:  [●], 2025
Wilmington, Delaware

*/s/ DRAFT*
_____
**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:     (302) 651-7700
Facsimile:      (302) 651-7701
Email:            defranceschi@rlf.com
                      heath@rlf.com
                      shapiro@rlf.com
                      carlisle@rlf.com
                      meehan@rlf.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:            joshua.sussberg@kirkland.com
                      allyson.smith@kirkland.com

- and -

Alexandra F. Schwarzman, P.C. (*pro hac vice* pending)
Robert A. Jacobson (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:            alexandra.schwarzman@kirkland.com
                      rob.jacobson@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>Schedule 1</u>**

**Procedures Order**

**Schedule 2**

**Assumed Contracts**

| Assumption Counterparty | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|
| | | | |

---

[1]    The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.