IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) ) ) | Case No. 25-11454 (BLS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket No. 10** |

**INTERIM ORDER (I) APPROVING NOTIFICATION AND
HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND
DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON
STOCK AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) approving the Procedures related to transfers of, or declarations of worthlessness with respect to, Beneficial Ownership of Common Stock and Preferred Stock; (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Beneficial Ownership of Common Stock and Preferred Stock in violation of the Procedures shall be null and void *ab initio*; (c) scheduling a final hearing to consider approval of the Motion on a final basis; and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3. The final hearing (the "Final Hearing") on the Motion shall be held on **September 9, 2025, at 2:00 p.m., prevailing Eastern Time**. Any objections or responses to entry of a final order on the Motion shall be filed on or before **4:00 p.m., prevailing Eastern Time, on September 2, 2025** and shall be served on: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP,

601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, P.A., 920 N King Street, Wilmington, Delaware 19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.:  Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); and (f) any statutory committee appointed in these chapter 11 cases.

4. The Procedures, as set forth in **Exhibit 1** attached hereto, are hereby approved on an interim basis; *provided* that any party in interest may file a motion and seek emergency relief from the Procedures based upon a showing of sufficient cause; *provided*, *further*, that the Debtors' and the other Declaration Notice Parties' rights to oppose such relief are fully reserved and preserved.

5. Any postpetition transfer of or declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

6. In the case of any such postpetition transfer of Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009) to appropriately reflect that such transfer is null and void *ab initio*.

7. In the case of any such postpetition declaration of worthlessness with respect to Beneficial Ownership of Common Stock or Preferred Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

8. The Debtors may retroactively or prospectively, in writing, waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

9. Within three business days of entry of this Interim Order, the Debtors shall send the Notice of Interim Order attached hereto as **Exhibit 1F**, by first class mail and email, if available, to all parties that were served with notice of the Motion, submit a copy of the Notice of Interim Order (modified for publication) to the *New York Times*, and post this Interim Order and the Procedures to the website established by the Debtors' claims and noticing agent for these chapter 11 cases, Omni Agent Solutions Inc., (https://omniagentsolutions.com/Claires), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

10. To the extent that this Interim Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Interim Order shall govern.

11. The requirements set forth in this Interim Order are in addition to the requirements of Fed. R. Bankr. P. 3001(e) and applicable law and do not excuse compliance therewith.

12. Other than to the extent that this Interim Order expressly conditions or restricts trading in or claiming a worthless stock deduction with respect to Common Stock and Preferred Stock, nothing in this Interim Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

13. Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted, is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual,

common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: August 7th, 2025**
**Wilmington, Delaware**

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE

RLF1 33523681v.1