IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) ) | Case No. 25-11454 (BLS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | Re: Docket No. 5 |

**INTERIM ORDER (I) AUTHORIZING
THE PAYMENT OF CERTAIN PREPETITION AND
POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to negotiate, remit, and pay (or use tax credits to offset) or otherwise satisfy any Taxes and Fees arising or accrued in the ordinary course of business that are payable or become payable during these chapter 11 cases (including any obligations subsequently determined upon audit or assessment) or otherwise to be owed for periods prior to, including, or following the Petition Date; (b) scheduling a final hearing to consider approval of the Motion on a final basis; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

RLF1 33523805v.1

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3. The final hearing (the "Final Hearing") on the Motion shall be held on **September 9, 2025, at 2:00 p.m., prevailing Eastern Time**. Any objections or responses to entry of a final order on the Motion shall be filed on or before **4:00 p.m., prevailing Eastern Time, on September 2, 2025** and shall be served on: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, IL 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 129th Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C.

(joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, P.A., 920 N. King Street, Wilmington, Delaware 19801, Attn: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); and (f) any statutory committee appointed in these chapter 11 cases.

4.  The Debtors are authorized to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy any Taxes and Fees that arose or accrued prior to the Petition Date and that will become due and owing within the first 21 days of these chapter 11 cases in the ordinary course of business at such time when the Taxes and Fees are payable, including obligations arising on account of any Audit or otherwise owed for periods prior to the Petition Date; and (b) negotiate, pay, and remit (or use tax credits to offset) or otherwise satisfy any Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis, including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to any Audits or paying any Taxes and Fees arising as a result of any Audits; *provided* that notwithstanding

3

anything to the contrary herein or in the Motion, that in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under sections 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts, and the payment of such amount shall, upon order of the Court, be refunded to the Debtors.

5.  The Debtors are further authorized to settle some or all of the prepetition Taxes and Fees for less than their face amount without further notice or hearing.

6.  Notwithstanding anything to the contrary herein or in the Motion, the Debtors are authorized to file amended tax returns, if necessary, including for prepetition periods, and pay Taxes and Fees in connection therewith.

7.  Notwithstanding anything to the contrary in this Interim Order, any payment made, obligation incurred or authorization contained herein shall be subject to and in compliance with the "Approved Budget" as defined in the orders of the Court approving the consensual use of cash collateral in these chapter 11 cases (including with respect to timing of payments thereunder).

8.  The Debtors' rights to contest the validity or priority of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to any audits that have been completed, are in progress, or arise from prepetition periods.  To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

9.  No payments shall be made pursuant to this Interim Order for past due taxes; *provided*, *however*, that nothing herein shall limit the Debtors' authority to pay any assessment or any other amount in connection with an Audit, including the settlement thereof.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

11. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Taxing Authorities.

12. Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount, validity, or priority of, or basis for, any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or

rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein and to the extent authorized by this Interim Order.

14. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

15. Nothing in this Interim Order authorizes the Debtors to pay any Tax Service Provider to the extent such provider needs to be retained pursuant to an order of the Court.

16. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

RLF1 33523805v.1

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

20. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: August 7th, 2025**
**Wilmington, Delaware**

　　　　　　　　　　　　　　　　BRENDAN L. SHANNON
　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE