**<u>EXHIBIT B</u>**

**Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 3** |

## INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, (B) REDACT CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS, AND (C) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS, (II) APPROVING THE FORM AND MANNER OF SERVICE OF THE NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of filing lists for each Debtor, (ii) redact certain confidential information of customers, and (iii) redact certain personally identifiable information of individuals; (b) approving the form and manner of service of the notice of commencement of these chapter 11 cases; (c) scheduling a final hearing to consider approval of the Motion on a final basis; and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      Any objections to the entry of this Interim Order, to the extent not withdrawn or settled, are overruled.

3.      The final hearing (the "Final Hearing") on the Motion shall be held on **September 9, 2025, at 2:00 p.m., prevailing Eastern Time**.  Any objections or responses to entry of a final order on the Motion shall be filed on or before **4:00 p.m., prevailing Eastern Time, on September 2, 2025** and shall be served on: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and 3 SW 139th

2

Avenue, Pembroke Pines, Florida 33027, Attn: Michele Reilly, Assistant Secretary (michele.reilley@claires.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn.: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, Attn.: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., Simpson Thacher & Bartlett LLP, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (zachary.weiner@stblaw.com) and Potter Anderson & Corroon LLP, Attn: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com) and (f) any statutory committee appointed in these chapter 11 cases.

4.    The Debtors are authorized to file a single consolidated list of their thirty largest unsecured creditors, *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file a list of its own top 30 unsecured creditors.  The Debtors shall provide information regarding their largest creditors on an entity-by-entity basis to the U.S. Trustee upon request.

5.    As soon as practicable after entry of an order authorizing the engagement of Omni, as Claims and Noticing Agent in these chapter 11 cases, the Debtors shall furnish to Omni a consolidated Creditor Matrix.

6.    The Debtors are authorized, on an interim basis, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses, and email addresses of their customers from any filings with the Court or made publicly available in these chapter 11 cases, *provided, however*, that the authorization to redact the names of customers, whether they are natural persons or entities, and the addresses of customers who are not natural persons, is limited to those documents in which disclosure would indicate the status of such person or entity as a customer. For the avoidance of doubt, and notwithstanding any other provision of this Interim Order to the contrary, nothing herein shall prohibit or forbid the U.S. Trustee from publicly identifying members of any official committee(s) appointed in this case. Nothing in this Interim Order exempts any customer, creditor, or equity security holder from compliance with Bankruptcy Rule 2019. Nothing in this Interim Order prohibits any customer, creditor, or equity security holder from voluntarily identifying itself in connection with these Chapter 11 Cases, or voluntarily disclosing any of its contact information.

7.    The Debtors are authorized, on an interim basis, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, the Schedules and Statements, affidavits of service, and any other documents filed with the Court by the Debtors, the names, home addresses, and email addresses of individuals, including individual creditors and individual equity holders, both in the United States and abroad; *provided* that the Debtors shall file a redacted creditor matrix with the names of non-minor individuals in the United States as soon as reasonably practicable after entry of the Interim Order. The Debtors shall provide an unredacted version of the Creditor Matrix, the Schedules and Statements, and any other filings redacted pursuant to this

4

Interim Order to (i) the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and the Claims and Noticing Agent and (ii) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases; any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under any privacy or data protection law or regulation.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

8.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

9.      The Debtors shall file a redacted version of the Creditor Matrix, the Schedules and Statements, or any other document filed with the Court, as well as post it on Omni's website.

10.     For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

11.     Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Interim Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

12.     To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact counsel for the Debtors who shall work in good

faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

13.     On an Interim basis, the Debtors, through their Claims and Noticing Agent, shall serve all pleadings and papers, including the Notice of Commencement, by U.S. first class mail to the party to be served at the mailing address in the Debtors' books, records, and files or at such other mailing address as such party has designated pursuant to Bankruptcy Rules 2002(g)(1) or 5003(e).  Nothing in this order prevents the Debtors from additionally serving any party by email in addition to the methods of service set forth in Fed. R. Bank. P. 9036.

14.     The Notice of Commencement, substantially in the form attached hereto as **<u>Exhibit 1</u>**, is approved.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of these chapter 11 cases and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

16.     Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: August 7th, 2025**
**Wilmington, Delaware**

6

**BRENDAN L. SHANNON**
**UNITED STATES BANKRUPTCY JUDGE**

RLF1 33523783v.1

## Exhibit 1

**Notice of Commencement**

| **Information to identify the case:** | |
|---|---|
| Debtor **Claire's Holdings LLC,** *et al.* | **EIN: 36-4609619** |
| United States Bankruptcy Court for the **District of Delaware** | |
| Case number: **25-11454 ([●])** | **Date cases filed for chapter 11: August 6, 2025** |

## Official Form 309F1 (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case                                   10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

**Valid Picture ID is required for access to the J. Caleb Boggs Federal Building.  Additionally, Debtor(s) must also present photo ID plus original verification of his/her social security number to the Bankruptcy Trustee.  If you do not have a photo ID and/or original verification of your social security number, please contact the Office of the United States Trustee's  (302−573−6491).**

| 1.   Debtor's full name:   Claire's Holdings LLC | | | |
|---|---|---|---|

| 2.   All other names used in the last 8 years:  See Chart Below | | | |
|---|---|---|---|
| **Jointly Administered Cases** | **Other Names (Last 8 Years)** | **Case No.** | **Tax ID No.** |
| Claire's Holdings, LLC | | 25-11454 | 36-4609619 |
| Claire's Stores, Inc. | | 25-11462 | 59-0940416 |
| Claire's Puerto Rico Corp. | | 25-11461 | 66-0496113 |
| Claire's Boutiques, Inc. | Claire's<br>Claire's Accessories<br>Claire's Boutiques<br>Claire's Outlet<br>Claire's Etc.<br>Icing<br>Icing Outlet<br>The Icing<br>Icing by Claire's<br>Icing Ice | 25-11458 | 36-2025307 |
| Claire's Canada Corp. | | 25-11459 | 65-0447936 |
| Claire's Swiss Holdings LLC | | 25-11464 | 88-0942299 |
| CBI Distributing Corp. | | 25-11456 | 65-0135574 |
| CSI Canada LLC | | 25-11467 | 4782343 |
| Claire's Swiss Holdings II LLC | | 25-11463 | 99-1057980 |
| BMS Distributing Corp. | | 25-11455 | 05-0544117 |
| CLSIP Holdings LLC | | 25-11465 | 81-3771950 |
| CLSIP LLC | | 25-11466 | 81-3779769 |
| Claire's (Gibraltar) Holdings Limited | | 25-11457 | 604273 |
| Claire's Intellectual LLC | | 25-11460 | 99-0865274 |

| 3.   Address:  2400 West Central Road, Hoffman Estates, IL, USA 60192 |
|---|

**4.  Proposed Debtors' Attorneys**

**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
Email:          defranceschi@rlf.com
                heath@rlf.com
                shapiro@rlf.com
                carlisle@rlf.com
                meehan@rlf.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Allyson B. Smith (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Chicago, Illinois 60654
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                allyson.smith@kirkland.com

-and-

Alexandra F. Schwarzman, P.C. (*pro hac vice* pending)
Robert A. Jacobson (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          alexandra.schwarzman@kirkland.com
                rob.jacobson@kirkland.com

**Debtors' Claims and Noticing Agent**

If you have questions about this notice, please contact:

Claire's Holdings LLC
Claims Processing Center
c/o Omni Agent Solutions
5955 De Soto Ave, Ste. 100
Woodland Hills, CA, 91367

Contact Phone:
(888) 202-5971 (U.S. & Canada) or
+1 (747) 293-0183 (international)

Email:  ClairesInquiries@OmniAgnt.com

Website:  https://omniagentsolutions.com/Claires

**5.  Bankruptcy clerk's office**

Documents in this case may be filed **at** this address.

You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov.

**824 N. Market Street, 3rd Floor Wilmington, DE 19801**

Hours open:  Monday – Friday 8:00 AM – 4:00 PM
Contact phone:  (302) 252–2900

**6.  Meeting of creditors**

The debtor's representative must attend the meeting to be questioned under oath.
Creditors may attend, but are not required to do so.

**Time and date to be determined.**

The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket.

**Location: To be held telephonically.**

**The meeting of creditors will be held by phone.**

**Please call [•] and use access code [•] to join the meeting.**

**7.  Proof of claim deadline**

**Deadline for filing proof of claim:**

**Not yet set. If a deadline is set, the court will send you another notice.**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.
Your claim will be allowed in the amount scheduled unless:
• your claim is designated as disputed, contingent, or unliquidated;
• you file a proof of claim in a different amount; or
• you receive another notice.

If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules, once filed, at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

| | |
|---|---|
| **8. Exception to discharge Deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint: <u>To be determined</u>.** |
| **9. Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice.  Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **10. Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| **11. Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d).  A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan.  If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the  deadline. |

Official Form 309F1 (For Corporations  or Partnerships)          **Notice of Chapter 11 Bankruptcy  Case**