**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. 6 |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO (A) MAINTAIN INSURANCE
COVERAGE ENTERED INTO PREPETITION AND PAY RELATED
PREPETITION OBLIGATIONS AND (B) RENEW, SUPPLEMENT, MODIFY, OR
PURCHASE INSURANCE COVERAGE, (II) APPROVING CONTINUATION OF
THE SURETY BOND PROGRAM, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of this interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to (i) maintain coverage under the Insurance Policies[3] and pay any related prepetition or postpetition amounts or obligations related hereto, (ii) renew, supplement, modify, or purchase insurance coverage in the ordinary course, (b) approving continuation of the Surety Bond Program, and (c) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and the district court having jurisdiction under 28 U.S.C. §1334, which was referred to this Court under 28 U.S.C. §157 pursuant to the *Amended Standing Order*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] For the avoidance of doubt, the term Insurance Policies shall include all insurance policies issued or providing coverage at any time to the Debtors or their predecessors, whether expired, current, or prospective, and any agreements related thereto, whether or not listed on Exhibit C attached to the Motion, including, without limitation, the Workers' Compensation Programs.

*of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on September 18, 2023, at 2:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on August 31, 2023 and shall be served on: (a) the Debtors, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.: General Counsel; (b) proposed counsel to the Debtors (i) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Patrick J. Nash Jr., P.C. (patrick.nash@kirkland.com), David Seligman P.C. (david.seligman@kirkland.com), and Whitney Fogelberg (whitney.fogelberg@kirkland.com); (ii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com); and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705,

Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy (jane.m.leamy@usdoj.gov); and (d) any statutory committee appointed in these chapter 11 cases.

3.  The Debtors shall serve a copy of the Motion and this Interim Order on each Insurance Carrier[4] and Surety listed in <u>Exhibit C</u> and <u>Exhibit D</u> attached to the Motion within two business days after entry of this Interim Order.

4.  The Debtors are authorized, but not directed, to: (a) continue and maintain the Insurance Policies, including without limitation the Workers' Compensation Programs,[5] and the Surety Bonds and pay any and all related prepetition or postpetition amounts or obligations in the ordinary course, including, without limitation, all premiums (including insurance premiums and audit premiums), all deductibles (including funded or corridor deductibles), all self-insured retentions (including corridor self-insured retentions), expenses, assessments, surcharges, service fees, broker fees, and all other amounts (including any collateral) arising under or in connection with the Insurance Policies and any amounts or obligations that may be owed to the Brokers; and (b) renew, amend, supplement, extend, endorse, modify, purchase, and/or enter into new Insurance Policies and Surety Bonds, in each case, to the extent that the Debtors determine that such action is in the best interest of their estates; *provided* that the Debtors shall provide notice of any such

---

[4] For the avoidance of doubt, the term Insurance Carrier shall include all insurance carriers an third party administrators that issued or entered into the Insurance Policies, whether or not such Insurance Carriers are identified on Exhibit C to the Motion.

[5] For the avoidance of doubt, the term Workers' Compensation Programs shall include all workers' compensation policies and all workers' compensation excess policies issued or providing coverage at any time to the Debtors or their predecessors, whether expired, current or prospective, and any agreements related thereto, whether or not listed on Exhibit C attached to the Motion.

modifications to, or cancellation of, their existing insurance coverage to the U.S. Trustee and any official committee appointed in the chapter 11 cases within seven (7) days of the effective date of such modification or cancellation; *provided further*, that the Debtors shall not make payments in excess of $3,000,000 in the aggregate under this Interim Order on account of any prepetition amounts related to the Insurance Policies and/or Surety Bonds.

5. The automatic stay of section 362(a) of the Bankruptcy Code, if and to the extent applicable, is hereby lifted without further order of the Court to permit (a) claimants to proceed with any claims (whether arising before or after the Petition Date) covered by the Workers' Compensation Programs or direct action claims in the appropriate judicial or administrative forum; (b) Insurance Carriers to handle, administer, defend, settle and/or pay workers' compensation claims and direct action claims; and (c) Insurance Carriers providing coverage (whether primary or excess coverage) for or handling any workers' compensation claims or direct action claims to draw on and apply any and all collateral provided by or on behalf of the Debtors therefor without further order of the Court if and when the Debtors fail to pay and/or reimburse the Insurance Carriers for any amounts in relation thereto.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

7. Nothing in this Interim Order or the Motion (a) alters, amends or modifies the terms and conditions of any of the Insurance Policies, including, but not limited to, (i) the obligation, if

any, of any Insurance Carrier to pay defense costs and any amounts within a deductible and the right, if any, of any Insurance Carrier to seek reimbursement from the Debtors therefor, (ii) the obligation, if any, of the Debtors to reimburse any Insurance Carrier for defense costs and any amounts that are within a deductible and/or that the Debtors are or may be obligated to pay related to the Insurance Policies that are paid by such Insurance Carrier, (iii) the right, if any, of any Insurance Carrier to cancel or otherwise alter or modify any Insurance Policies or any portion thereof, (iv) the right, if any, of any Insurance Carrier to require the Debtors to post or provide additional and/or substitute forms and/or amounts of collateral, and (v) the right, if any, of any Insurance Carrier to draw on and apply any collateral to any and all obligations under the Insurance Policies to the extent that the Debtors fail to pay and/or reimburse the Insurance Carrier therefor (and, if and to the extent applicable, the automatic stay of section 362 of the Bankruptcy Code is hereby modified to permit such); (b) relieves the Debtors of any of their obligations under the Insurance Policies; (c) creates or permits a direct right of action against an Insurance Carrier; (d) precludes or limits, in any way, the rights of any Insurance Carrier to contest and/or litigate the existence, primacy and/or scope of available coverage under any of the Insurance Policies and/or to deny coverage under any of the Insurance Policies; or (e) waives any Insurance Carrier's claims or rights against the Debtors, any of the Debtors' subsidiaries or affiliates, or any other person, entity, property or parties liable to such Insurance Carrier (whether under the Insurance Policies or otherwise).

8.     Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or

other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

9.  The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

10. The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm" as contemplated by Bankruptcy Rule 6003.

11. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: August 9th, 2023
Wilmington, Delaware

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**