## Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. __ |

### ORDER (I) AUTHORIZING THE DEBTORS TO
### RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE
### ORDINARY COURSE OF BUSINESS, (II) ESTABLISHING PROCEDURES FOR
### DESIGNATING SUCH PROFESSIONALS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing, but not directing, the Debtors to retain and compensate professionals utilized in the ordinary course of business and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are: Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343). The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized, but not directed, to retain and compensate the professionals identified on the OCP List (collectively, the "OCPs"), attached hereto as **Exhibit 2**, in the ordinary course of business pursuant to the following OCP Procedures:

    a.      Within 30 days after the later of (i) the date of entry of the Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall file, or cause to be filed, a declaration of disinterestedness, substantially in the form attached as Exhibit 1 to the Order (each, a "Declaration of Disinterestedness"), with the Court and served upon: (a) the Debtors, Claire's Holdings LLC, 2400 West Central Road, Hoffman Estates, Illinois 60192, Attn.: Brendan McKeough, Executive Vice President, Chief Legal Officer, and Secretary (brendan.mckeough@claires.com) and Three SW 129th Avenue, Pembroke Pines, Florida 33027, Attn.: Michele Reilly, Assistant Secretary (michele.reilly@claires.com); (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com) and Allyson B. Smith (allyson.smith@kirkland.com) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Alexandra F. Schwarzman, P.C. (alexandra.schwarzman@kirkland.com) and Robert A. Jacobson (rob.jacobson@kirkland.com) and (ii) Richards, Layton & Finger, P.A., One Rodney Square, 920 N. King Street, Wilmington, Delaware 19801, Attn.: Paul N. Heath (heath@rlf.com) and Zachary I. Shapiro (shapiro@rlf.com); (c) the U.S. Trustee, 844 King Street, Suite 2207,

Lockbox 35, Wilmington, Delaware 19801, Attn.: Benjamin A. Hackman (Benjamin.A.Hackman@usdoj.gov); (d) counsel to the Prepetition Priority Term Loan Agent and Existing Prepetition Term Loan Agent, Ankura Trust Company, LLC, Cahill Gordon & Reindell LLP, 32 Old Slip, New York, New York 10005, Attn: Joel Moss (JMoss@cahill.com), Amit Trehan (ATrehan@cahill.com), and Sean Tierney (STierney@cahill.com); (e) counsel to the Prepetition ABL Agent, JPMorgan Chase Bank, N.A., (i) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn.: Elisha D. Graff (egraff@stblaw.com) and Zachary J. Weiner (Zachary.weiner@stblaw.com) and (ii) Potter Anderson & Corroon LLP, 1313 N. Market Street, Suite 6, Wilmington, Delaware 19801, Attn.: L. Katherine Good (kgood@potteranderson.com) and Jeremy Ryan (jryan@potteranderson.com); and (f) counsel to the Committee (collectively, the "Notice Parties").

b.  The Notice Parties shall have 14 days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 14 days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized, but not directed, to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors and (ii) compensate such OCP as set forth below.

d.  The Debtors shall be authorized, but not directed, to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to each OCP, excluding costs and disbursements, may not exceed $100,000 per month per OCP, calculated as an average over a rolling three-month period, while these chapter 11 cases are pending (the "OCP Monthly Cap"); *provided*, *further*, that the total amount disbursed per such rolling three-month period, for each OCP, does not exceed $300,000 per OCP (the "OCP Quarterly Cap" and, together with the OCP Monthly Cap, the "OCP Caps"). The OCP Caps may be increased by mutual agreement between the Debtors, the U.S. Trustee, and the ABL

Agent; *provided* that the Debtors shall file a notice with the Court and submit such notice to the Notice Parties of any such agreed increase.

e.     To the extent that fees payable to any OCP exceed the applicable OCP Cap, the OCP shall file a fee application (a "<u>Fee Application</u>") with the Court for the amount in excess of the applicable OCP Cap pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the U.S. Trustee, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise.

f.     Beginning on the quarter ending September 30, 2025, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within 30 days thereof, file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "<u>Quarterly Statement</u>"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

g.     The Debtors may designate OCPs from time to time during these chapter 11 cases by including such OCPs on an OCP List, or an amended version thereof, that is filed with the Court and served on the Notice Parties and having such OCPs comply with the OCP Procedures.

3.     The Debtors are authorized, but not directed, to supplement or modify the OCP List as necessary to add or remove OCPs, from time to time without the need for any further hearing and without the need to file individual retention applications for newly added OCPs, *provided* that the fees paid to any additional OCPs do not exceed the OCP Caps. The Debtors shall file any amended OCP List with this Court and serve such list on the Notice Parties. Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are filed within 14 days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order. Notwithstanding anything to the contrary herein, nothing in this Order shall prevent the U.S.

Trustee from seeking a determination from the Court requiring an OCP to file a separate retention application under Bankruptcy Code sections 327(a) or 327(e).

4.       Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Caps, subject to the rights of any party in interest to oppose any such request.

5.       This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.       Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief (including any payment made in accordance with this Order), nothing in this Order is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of

the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease.  Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     Notwithstanding anything to the contrary in this Order, any payment to be made, obligation incurred or authorization contained herein shall be subject to and in compliance with the "Approved Budget" as defined in the orders of the Court, if any, approving debtor in possession financing in these chapter 11 cases (including with respect to timing of payments thereunder).

11.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

**Form of Declaration of Disinterestedness**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re:  Docket No. __** |

**DECLARATION OF DISINTERESTEDNESS
OF [ENTITY] PURSUANT TO THE ORDER
AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [NAME], declare under penalty of perjury:

1.      I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2.      Claire's Holdings LLC ("Claire's"), and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases.  The Firm does not, however, perform services for any such person relating to these chapter 11 cases, or have any relationship with any

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

4.    As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.    Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.    Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7.    [The Debtors owe the Firm $[●] for prepetition services, the payment of which is subject to the limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.] [For non-legal firms:  The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.]

8.    As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

9.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2025

_____

**[DECLARANT'S NAME]**

**Exhibit 2**

**OCP List**

| Name | Address | Service |
|---|---|---|
| Jackson Lewis P.C. | 1133 Westchester Ave., Suite S125, West Harrison, NY 10604 | Legal |
| Greenberg, Traurig | 77 West Wacker Drive, Suite 3100, Chicago, IL 60601 | Legal |
| Baker & Hostetler LLP | P.O. Box 70189, Cleveland, OH 44190 | Legal |
| Mb Manzano-Bahamonde & Co. | 8300 FM 1960 West, Suite 450, Houston, TX   77070 | Audit & Licensing |
| Hartrick Employment Law, Ltd. | 304 Greenleaf Avenue, Suite 300, Wilmette, IL 60091 | Legal |
| DLA Piper LLP (US) | 6225 Smith Avenue, Baltimore, MD 21209 | Trademark |
| CliftonLarsonAllen LLP | 220 S 6th St., Suite 300, Minneapolis, MN 5540 2 | Employee Benefits |
| Baker & Mckenzie LLP | 300 East Randolph Street, Suite 5000, Chicago, IL 60661 | Legal |
| Law Offices of Roy Ian Delbyck | Room 929 Star House, 3 Salisbury Road, Tsimshatsui, Kowloon, Hong Kong | Legal |
| Eugene L. Griffin & Assoc. Ltd. | 29 North Wacker Drive, Suite 650, Chicago, IL 60606 | Property Assessment |
| Confiance Business | 940 W 17th St., Suite F, Santa Ana, CA, 92706 | Invoice Processing |
| First Real Estate Services | 120 West Madison St., Suite 618 Chicago, IL 60602 | Tax Appraisals |