## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CLAIRE'S HOLDINGS LLC, *et al.*,[1] | ) | Case No. 25-11454 (BLS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date: September 9, 2025, at 2:00 p.m. (ET)** |
|  | ) | **Obj. Deadline: September 2, 2025, at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS SEEKING ENTRY OF
AN ORDER (I) SETTING BAR DATES FOR FILING PROOFS
OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER
SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR
DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF
AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9)
REQUESTS, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state

as follows in support of this motion:[2]

### Relief Requested

1.    The Debtors seek entry of an order, substantially in the form attached hereto as

**<u>Exhibit A</u>** (the "<u>Bar Date Order</u>"), (a) establishing October 6, 2025 at 11:59 p.m. (prevailing

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are:  Claire's Holdings LLC (9619); BMS Distributing Corp. (4117); CBI Distributing Corp. (5574); Claire's (Gibraltar) Holdings Limited (4273); Claire's Boutiques, Inc. (5307); Claire's Canada Corp. (7936); Claire's Intellectual LLC (5274); Claire's Puerto Rico Corp. (6113); Claire's Stores, Inc. (0416); Claire's Swiss Holdings II LLC (7980); Claire's Swiss Holdings LLC (2299); CLSIP Holdings LLC (1950); CLSIP LLC (9769); and CSI Canada LLC (2343).  The Debtors' mailing address is 2400 West Central Road, Hoffman Estates, IL 60192.

[2]    A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Chris Cramer, Chief Executive Officer, Chief Operating Officer, and Chief Financial Officer of Claire's Holdings LLC and Certain of its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 27] (the "<u>First Day Declaration</u>"), incorporated by reference herein.  Capitalized terms used but not defined in this motion shall have the meanings ascribed to them in the First Day Declaration.

Eastern Time), as the last date and time for each entity[3] (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) to file proofs of claim based on prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code against any Debtor (the "General Bar Date"), (b) solely as to governmental units, establishing February 2, 2026 at 11:59 p.m. (prevailing Eastern Time) as the last date and time for each such governmental unit to file proofs of claim against any Debtor (the "Governmental Bar Date"), (c) establishing the deadline by which any entity asserting a claim arising from the Debtors' amendment of the Debtors' Schedules must file proofs of claim against any Debtor (the "Amended Schedules Bar Date"), (d) establishing the deadline by which any entity asserting a claim arising from the Debtors' rejection of an executory contract or unexpired lease must file proofs of claim against any Debtor (the "Rejection Damages Bar Date," and together with the General Bar Date, Governmental Bar Date, and Amended Schedules Bar Date, the "Bar Date" or "Bar Dates," as may be applicable), (e) approving the proposed proof of claim form, substantially in the form attached to the Bar Date Order as Exhibit 1 (the "Proof of Claim Form"), (f) approving the proposed form and manner of bar date notice, substantially in the form attached to the Bar Date Order as Exhibit 2 (the "Bar Date Notice"), and (g) approving the proposed form and manner of publication notice, substantially in the form attached to the Bar Date Order as Exhibit 3 (the "Publication Notice").

---

[3]     Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

**Jurisdiction and Venue**

2.        The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.        The statutory bases for the relief requested herein are sections 105(a), 501, 502, 503, and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002(a)(7), (f), (l), 3002, 3003(c), 5005(a), and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1009-2, 2002-1, and 3001-1.

**Background**

5.        On August 6, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On August 7, 2025, the Court entered an order [Docket No. 79] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  On August 15, 2025, the United States Trustee for the District of Delaware (the "U.S Trustee") appointed an official committee of unsecured creditors [Docket No. 154] (the "Committee").

### The Proposed Bar Dates

**I.      Summary.**

6.      Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose before the Petition Date and whose claim is not scheduled in the Debtors' schedules of assets and liabilities, schedules of executory contracts and unexpired leases, or statements of financial affairs (collectively, the "Schedules") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated must file a proof of claim.   Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code.   Notwithstanding the Debtors request pursuant to the SOFA Extension Motion to extend the deadline to file Schedules and Statements to and including October 2, 2025, the Debtors anticipate that their Schedules will be filed with the Court on or before September 8, 2025.   Accordingly, and as set forth below, the Debtors propose that the bar date to file any such claims will be at least 25 days following the service of the Bar Date Notice.   Bankruptcy Code section 502(b)(9) further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim.   The Debtors anticipate sending the Bar Date Notice no later than three business days, after entry of the Bar Date Order, which is anticipated to be entered substantially contemporaneously with the filing of the Debtors' Schedules.   The proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

**II.     Proposed Bar Dates.**

7.      Each entity that asserts a claim against the Debtors that arose before the Petition Date shall be required to file an original proof of claim, substantially in the form attached to the

4

Bar Date Order as <u>Exhibit 1</u> or Official Form 410.[4]  More specifically, the Debtors propose the

following deadlines:

a.   ***General Bar Date***.  The Debtors request that the Court establish ***October 6, 2025, at 11:59 p.m., prevailing Eastern Time***, as the General Bar Date.  The General Bar Date would be the date and time by which all entities, other than governmental units holding prepetition claims, must file proofs of claim, **including requests for payment under section 503(b)(9)**[5] of the Bankruptcy Code, so that such proofs of claim are ***actually received*** by the Debtors' notice and claims agent, Omni Agent Solutions, Inc. (the "<u>Notice and Claims Agent</u>") by the General Bar Date, unless such entity's claim falls within one of the exceptions set forth in this Motion.  Subject to these exceptions, the General Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

b.   ***Governmental Bar Date***.  Pursuant to section 502(b)(9) of the Bankruptcy Code, the Debtors request that ***February 2, 2026, at 11:59 p.m., prevailing Eastern Time***, be established as the Governmental Bar Date in these chapter 11 cases.  The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods, or prepetition transactions to which the Debtors were a party.  All governmental units holding such claims against the Debtors would be required to file proofs of claim so that the Notice and Claims Agent ***actually receives*** such proofs of claim by the Governmental Bar Date.

c.   ***Amended Schedules Bar Date***.  If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a

---

[4]   The Debtors' Notice and Claims Agent (as defined herein) maintains an Online Portal (as defined herein) allowing potential claimholders to submit a proof of claim (in substantially the same form as any hard copy version) and electronically sign and submit such proof of claim.  The Online Portal provides a secure, simple portal for creditors to participate in these chapter 11 cases while tracking original e-signatures.  This also eases the administrative burden on and costs to the Debtors' estates associated with processing hard-copy proofs of claim.  The Debtors intend to accept proofs of claim submitted through the Online Portal by clicking on "Submit a Proof of Claim," as further described below and subject to the same limitations and requirements of all other proofs of claim.

[5]   For the avoidance of doubt, the General Bar Date shall not apply to administrative expense claims other than claims arising under section 503(b)(9) of the Bankruptcy Code.  Except as expressly provided herein, a Proof of Claim shall not be deemed as a request for allowance and/or payment of such other administrative expense claims.

claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, is required to file a proof of claim or amend any previously filed proof of claim regarding the amended scheduled claim on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtors provide notice of the amendment to the Schedules.

d.    ***Rejection Damages Bar Date***.  In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the Debtors propose that the Court establish the later of (i) the General Bar Date, and (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.  All entities holding such claims against the Debtors would be required to file proofs of claim so that the Notice and Claims Agent ***actually receives*** such proofs of claim by the applicable Rejection Damages Bar Date.

## The Proposed Procedures for Submitting Proofs of Claim

**I.    Parties Required to File Proofs of Claim.**

8.    Except as otherwise set forth herein, the Debtors propose that the following entities holding claims against the Debtors arising before the Petition Date be required to file proofs of claim on or before the applicable Bar Date:

a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.    any entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of a Debtor and has not previously filed any such claim;

d.      any entity who asserts a claim against a Debtor arising from or relating to the purchase or sale of any security of the Debtors, including, without limitation, any equity security;

e.      any entity who asserts a claim arising from or relating to pending or threatened litigation against a Debtor, including any claim arising for alleged wage and hour violations or unfair business practices;

f.      any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

g.      any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## II.    Parties Exempted from the Bar Date.

9.      The Debtors propose that the following entities whose claims otherwise would be subject to the General Bar Date need not file proofs of claim:

a.      any entity that already has filed a signed proof of claim against the applicable Debtor(s) with the Clerk of the Court or the Notice and Claims Agent in a form substantially similar to Official Form 410, but only with respect to the particular claim that was properly filed against the correct Debtor(s);

b.      any entity whose claim is listed on the Schedules if:  (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any entity whose claim has previously been allowed by order of the Court;

d.      any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.      any Debtor having a claim against another Debtor;

f.      any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.      any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock,

membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[6]

h.  a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.  any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.  any entity holding a claim for which a separate deadline is fixed by the Court;

k.  any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course; *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

l.  any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, the proposed *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* and any final order approving postpetition financing (collectively, the "DIP Orders"), including for the avoidance of doubt, the ABL Agent, the Priority Term Loan Agent, the Existing Term Loan Agent, and/or any other Prepetition Secured Parties (as defined in the DIP Orders); *provided* that the ABL Agent, the Priority Term Loan Agent, and the Existing Term Loan Agent shall be authorized, but not directed or required, to file a master proof of claim on behalf of their respective Prepetition Secured Parties on account of any and all of their respective claims arising under the applicable Prepetition Secured Credit Documents (as defined in the DIP Orders) against each of the Debtors in which case such master proof of claim shall

---

[6]  The Debtors reserve all rights with respect to any such claims, including to, *inter alia*, assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

(i) constitute the filing of a Proof of Claim Form in the chapter 11 cases of all other Debtors against whom a claim may be asserted under the applicable Prepetition Secured Credit Documents and (ii) have the same effect as if each applicable holder of a claim thereunder had individually filed a Proof of Claim Form against each applicable Debtor on account of such holder's claims.

**III.    The Proof of Claim Form.**

10.    The Debtors have prepared and request that the Court approve the Proof of Claim Form substantially in the form attached to the Bar Date Order as <u>Exhibit 1</u>, which, although based on Official Form 410, has been modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code.   In addition, with the assistance of the Notice and Claims Agent, the Debtors propose to provide each of the creditors listed on the Debtors' Schedules with a "personalized" Proof of Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including:  (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

11.    If a creditor disagrees with the information set forth on the "personalized" Proof of Claim Form, the creditor is required to file a proof of claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim.   Additionally, creditors may choose not to use the personalized Proof of Claim Form and instead submit proofs of claim on Official Form 410.   So long as a creditor otherwise complies in all respects with the Bar Date Order, the creditor can submit their proof of claim by hard copy or through the Notice and Claims Agent's secure online portal, available at:    https://omniagentsolutions.com/Claires-Claims (the "<u>Online Portal</u>").

**IV.    Requirements for Preparing and Filing Proofs of Claim**

12.    With respect to preparing and filing a proof of claim, the Debtors propose that each proof of claim be required to be consistent with the following:

a.    <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.    <u>Section 503(b)(9) Claim</u>.  In addition to the requirements set forth in (a) above, any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; (iii) attach documentation of the date on which the goods were delivered to and received by the Debtors; (iv) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable); and (v) set forth whether any portion of the 503(b)(9) Claim was satisfied by payments made by the Debtors pursuant to any order of the Court authorizing the Debtors to pay prepetition claims.

c.    <u>Original Signatures Required</u>.  Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal at https://omniagentsolutions.com/Claires-Claims) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.    <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Claire's Holdings LLC.

e.    <u>Claim Against Multiple Debtor Entities</u>.  Except as otherwise provided in the DIP Orders, each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on a proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.    <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d).  If,

however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than 10 days from the date of such request.

g.    Timely Service.  Each proof of claim must be filed, including supporting documentation, so that the Notice and Claims Agent ***actually receives*** the proof of claim on or before the General Bar Date, the Governmental Bar Date, or, where applicable, on or before any other Bar Date as set forth herein or as otherwise ordered by the Court, either:  (i) electronically through the Online Portal at https://omniagentsolutions.com/claires by clicking on "Submit a Proof of Claim"; or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail, Overnight Courier, or Hand Delivery to:**

**Claire's Holdings LLC Claims Processing**
**c/o Omni Agent Solutions, Inc.**
**5955 De Soto Ave., Suite 100,**
**Woodland Hills, CA 91367**

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

h.    Receipt of Service.  Claimants wishing to receive acknowledgment that the Notice and Claims Agent received a particular proof of claim must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to the Notice and Claims Agent) and (ii) a self-addressed, stamped envelope.

### Consequences of Failure to File a Proof of Claim

13.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity who is required, but fails, to file a proof of claim pursuant to the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases on account of such claim, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

### Procedures for Providing Notice of the Bar Dates

14.    The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

11

I.      **Mailing of Bar Date Notices.**

15.      Pursuant to Bankruptcy Rule 2002(a)(7), no later than three business days after the later of (a) the date the Debtors file their Schedules with the Court or (b) entry of the Bar Date Order, the Debtors shall cause the Bar Date Notice and the Proof of Claim Form (collectively, the "Bar Date Package") to be distributed by first class mail to the following entities:

a.      the U.S. Trustee;

b.      the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis);

c.      counsel to the Committee;

d.      the Priority Term Loan Agent, the Existing Term Loan Agent, and the Prepetition ABL Agent and counsel thereto;

e.      all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

f.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;

g.      all entities that have filed proofs of claim in these chapter 11 cases as of the date of entry of the Bar Date Order;

h.      all known non-Debtor equity and interest holders of the Debtors as of the date of entry of the Bar Date Order;

i.      all entities that are party to executory contracts and unexpired leases with the Debtors;

j.      all entities that are party to litigation with the Debtors;

k.      all current employees and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

l.      the U.S. Attorney's Office for the District of Delaware;

m.      the office of the attorney general for each state in which the Debtors maintain or conduct business;

n.      the Internal Revenue Service; and

o.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business.

16.      The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a proof of claim, the procedures for filing a proof of claim, and the consequences of failure to timely file a proof of claim.  The Debtors request the Court approve the use of the Bar Date Notice.

## II.      Supplemental Mailings.

17.      After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[7] (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date noticing process.  In this regard, the Debtors request that the Court permit the Debtors to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

## III.      Publication Notice.

18.      In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.  Pursuant to Bankruptcy Rule 2002(*l*) and in

---

[7]      However, if notices are returned as "return to sender" without a forwarding address, the Debtors request that they should not be required to mail additional notices to such creditors.

satisfaction of the requirements of Bankruptcy Rule 2002(a)(7), the Debtors propose to publish the Publication Notice on one occasion in *The New York Times* (National Edition) or other publication of similar circulation in the Debtors' business judgment, at least 21 days before the General Bar Date. In addition, the Debtors may, in their sole discretion, publish the Publication Notice at such times and in such local publications of general circulation in certain areas where the Debtors have conducted operations. The Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website at which creditors may obtain a copy of a Proof of Claim Form, and information concerning the procedures and appropriate deadlines for filing a proof of claim.

### Basis for Relief

I.    **The Court Should Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in These Chapter 11 Cases.**

19.    Generally, claimants must submit a proof of claim to assert a claim in a bankruptcy proceeding. *See* 11 U.S.C. § 501. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Bankruptcy Rule 2002(a)(7) generally provides that the clerk must give all parties in interest a minimum of 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c).

20.    The claims bar date plays an essential role in the twin goals of bankruptcy— preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). A claims bar date allows the Debtors and parties in interest to expeditiously determine and evaluate the liabilities of the estates. The absence of such a deadline, in contrast, would prolong creditor uncertainty regarding the aggregate liabilities of the Debtors' estates, increase the costs and

14

expenses incurred by the Debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

21.    The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing proofs of claim and achieve administrative and judicial efficiency.    Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these chapter 11 cases to move forward quickly with minimal administrative expense and delay, on the other hand.

22.    In addition, requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a proof of claim on or before the General Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting section 503(b)(9) claims appropriate and adequate notice.    Moreover, this approach facilitates a more cost-effective and efficient claims process for such creditors and, by obviating the need for the Debtors to file a response to individual administrative expense requests, helps conserve estate resources to the benefit of the Debtors' creditors.[8]    The Debtors submit that requiring parties to assert section 503(b)(9) claims by proof of claim on or before the General Bar Date is therefore justified and warranted under the circumstances of these chapter 11 cases.    Indeed, courts in this district routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code. *See, e.g.*, *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. Aug. 8, 2025) (setting a

---

[8]    For the avoidance of doubt, parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment pursuant to section 503(a) of the Bankruptcy Code or as otherwise specified by order of the Court.

bar date for 503(b)(9) claimants); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Mar. 5, 2025) (same); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 28, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Jan. 14, 2025) (same); *In re Tupperware Brands Corp.*, No. 24-12156 (BLS) (Bankr. D. Del. Nov. 12, 2024) (same).[9]

23.     In addition, the Debtors request that the Court allow submission of proofs of claim via the Online Portal as well as by paper forms, to ensure an accessible and simple process.  Indeed, courts in this district also routinely allow electronic submission of proofs of claim. *See, e.g.*, *In re At Home Grp. Inc.*, No. 25-11120 (JSK) (Bankr. D. Del. Aug. 8, 2025) (allowing for electronic submission of proofs of claim); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Mar. 5, 2025) (same); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 28, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Jan. 14, 2025) (same); *In re Tupperware Brands Corp.*, No. 24-12156 (BLS) (Bankr. D. Del. Nov. 12, 2024) (same).

24.     Moreover, the Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim that would cause expense and delay in the claims process for all parties.  Additionally, the proposed use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to whether and how their claims are reflected in the Debtors' Schedules. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a

---

[9]     Because of the voluminous nature of the orders cited herein, individual orders have not been attached to this motion.  Copies of these orders are available upon request to the Debtors' proposed counsel.

creditor's claim status may change during these chapter 11 cases (such as in the event of contract rejections).

## II.    The Proposed Notice Procedures Are Reasonable and Appropriate.

25.    Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21 days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).    Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement with other notice.  Finally, Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

26.    To determine the adequacy of notice to a creditor, the case law distinguishes between "known" and "unknown" creditors.  Generally, a "known" creditor is a creditor whose identity is known or reasonably ascertainable by the debtor, while an "unknown" creditor is a creditor whose interests are conjectural or future or, although potentially discoverable upon investigation, do not come to the knowledge of the debtor in the ordinary course of business. *See Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988) (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983)) ("[A]ctual notice is a minimum constitutional precondition . . . if [the creditor's] name ***and*** address are reasonably ascertainable.") (emphasis added).  A creditor qualifies as reasonably ascertainable if the creditor's name and address can be identified from a debtor's reasonable diligence efforts, *i.e.*, a search of the debtor's own books and records.  *See Chemetron*, 72 F.3d at 346–47.  Actual notice is not required where a debtor cannot reasonably ascertain such creditor's address.  *See id.* at 351 (Sarokin, J., concurring) (explaining that a result requiring actual notice "irrespective of whether or not that party's name ***and*** address [is] readily ascertainable . . . is not only illogical; it is contrary to Supreme Court jurisprudence" (citing *Tulsa*, 485 U.S. at 490)) (emphasis added).

17

27.    Where a creditor is known to (or "reasonably ascertainable" by) the debtor, due process requires that the debtor take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim.  *See Pope*, 485 U.S. at 491 (explaining that due process requires "notice by mail or other means as certain to ensure actual notice" for known creditors).  The Debtors propose to email or mail the Bar Date Notice, consistent with the Court's Creditor Matrix Order.  Therefore, known creditors will receive notice by means certain to ensure actual notice.  *See id.*

28.    Conversely, the Debtors proposed notice procedures rely on publication to give notice to its unknown creditors.  This procedure is consistent with applicable case law and practice in this district.  Specifically, where a creditor is unknown to a debtor, due process requires only that the debtor take reasonable steps, such as notice by publication, to provide constructive notice of the deadline for submitting proofs of claim.  *See, e.g.*, *In re Energy Future Holdings Corp.*, 522 B.R. 520, 529 (Bankr. D. Del. 2015) ("[T]he debtor need only provide 'unknown creditors' with constructive notice by publication."); *Chemetron*, 72 F.3d at 348 ("It is well established that, in providing notice to unknown creditors, constructive notice of the bar claims date by publication satisfies the requirements of due process.").  Therefore, where a creditor's name ***and*** address are not reasonably ascertainable after review of a debtor's books and records, due process only requires publication notice of the deadline for submitting proofs of claim—the Debtors are not required to engage in impracticable discovery efforts to find creditor addresses that are not reasonably on hand.  *See Chemetron*, 72 F.3d at 346–47; *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) (explaining that the Supreme Court "has not hesitated to approve of resort to publication . . . where it is not reasonably possible or practicable to give more adequate warning").

29.     Furthermore, debtors are not required to publish notice in an excessive number of publications. *See In re Best Prods. Co., Inc.*, 140 B.R. 353 (Bankr. S.D.N.Y. 1992).  Rather, "[p]ublication in national newspapers is regularly deemed sufficient notice to unknown creditors[.]" *Chemetron*, 72 F.3d at 348–49 (affirming the district court's finding that publication notice was sufficient to apprise unknown parties of the claims bar date); *see In re Grossman's Inc.*, 607 F.3d 114, 117 (3d Cir. 2010) (enumerating relevant factors to determine whether a particular claim had been discharged by a chapter 11 plan, including whether creditors were known or unknown and whether notice of the bar date came to the claimants' attention).

30.     The Debtors submit that the relief requested herein provides clear notice of the General Bar Date, the Governmental Bar Date, and other Bar Dates in satisfaction of the requirements of applicable law.  Specifically, to the extent the General Bar Date is established as proposed, the Debtors intend to cause the Bar Date Notice to be distributed no later than three business days after the later of (i) the date the Debtors file their Schedules with the Court or (ii) entry of the Bar Date Order.  The Debtors will also cause the Publication Notice to be published by a date that is at least 21 days before the General Bar Date.  Accordingly, by establishing the Bar Dates pursuant to the provisions herein, each claimant will have at least 21 days' actual or constructive notice of the Bar Date for filing its proof of claim, thereby satisfying Bankruptcy Rule 2002(a)(7) and constitutional due process.  Additionally, because the Debtors expect to file their Schedules by September 8, 2025, known creditors will have ample time to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file proofs of claim, if necessary.

31.     In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no

19

less than 21 days from the notice date to file proofs of claim with respect to their claims.  Moreover, unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of (a) the General Bar Date, and (b) 30 days after the later of (ii) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (ii) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.

32.    The procedures and notice periods described herein afford creditors ample opportunity to review the Schedules and file proofs of claim while, at the same time, ensuring that the Debtors can achieve certainty with respect to their liabilities in a timely manner.  In fact, the entry of orders granting relief similar to that requested herein is routinely approved in chapter 11 cases in this district.  *See*, *e.g.*, *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. Aug. 8, 2025); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Mar. 5, 2025); *In re Liberated Brands LLC*, No. 25-10168 (JKS) (Bankr. D. Del. Feb. 28, 2025); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Jan. 14, 2025); *In re Tupperware Brands Corp.*, No. 24-12156 (BLS) (Bankr. D. Del. Nov. 12, 2024).

33.    Accordingly, the Debtors submit that the Bar Dates and the form and manner of providing notice thereof are appropriate under the circumstances, inure to the benefit of all parties in interest, and should be approved.

## Notice

34.    The Debtors will provide notice of this motion to the following parties or their respective counsel, as applicable:  (a) the U.S. Trustee; (b) the Committee; (c) the Priority Term Loan Agent; (d) the Existing Term Loan Agent; (e) the Agent under the ABL Facility; (f) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis);

(g) the United States Attorney for the District of Delaware; (h) the Internal Revenue Service; (i) the state attorneys general for states in which the Debtors conduct business; and (j)  any party that has signed up to receive notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  In light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Bar Date Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 19, 2025
Wilmington, Delaware

/s/ Clint M. Carlisle

**RICHARDS, LAYTON & FINGER, P.A.**
Daniel J. DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
Zachary I. Shapiro (No. 5103)
Clint M. Carlisle (No. 7313)
Colin A. Meehan (No. 7237)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone:        (302) 651-7700
Facsimile:        (302) 651-7701
Email:            defranceschi@rlf.com
                  heath@rlf.com
                  shapiro@rlf.com
                  carlisle@rlf.com
                  meehan@rlf.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            joshua.sussberg@kirkland.com
                  allyson.smith@kirkland.com

- and -

Alexandra F. Schwarzman, P.C. (admitted *pro hac vice*)
Robert A. Jacobson (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:        (312) 862-2200
Email:            alexandra.schwarzman@kirkland.com
                  rob.jacobson@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*Proposed Co-Counsel for the Debtors and Debtors in Possession*