# Exhibit 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**MOTION OF
DEBTORS FOR ENTRY OF
INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE DEBTORS
TO (A) FILE A CONSOLIDATED LIST
OF CREDITORS IN LIEU OF SUBMITTING A
SEPARATE MAILING MATRIX FOR EACH DEBTOR,
(B) FILE A CONSOLIDATED LIST OF THE DEBTORS'
THIRTY LARGEST UNSECURED CREDITORS, (C) SERVE CERTAIN
PARTIES IN INTEREST BY EMAIL, (D) APPROVE THE FORM AND
MANNER OF SERVICE OF THE NOTICE OF COMMENCEMENT, AND
(E) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION
OF NATURAL PERSONS, (II) WAIVING THE REQUIREMENT TO FILE A
LIST OF EQUITY SECURITY HOLDERS, AND (III) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

as follows in support of this motion:[2]

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not immediately defined in this motion have the meanings ascribed to them later in this motion or in the First Day Declaration, as applicable.

## Relief Requested

1.      The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and the "Final Order"), (a) authorizing, but not directing, the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of filing lists for each Debtor, (iii) serve certain parties in interest by email, (iv) approve the form and manner of service of the notice of commencement of these chapter 11 cases, (v) redact certain personally identifiable information of natural persons, (b) waiving the requirement to file a list of, and to provide notice directly to, the equity security holders of Debtor Yellow Corporation, and (c) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing approximately twenty-one days from the Petition Date.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), rules 1007, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Rules 1001-1(c), 1007-2, 2002-1 and 9013-1(m), and 9018-1(d).

### Background

5.      The Debtors were a leading provider of transportation services with a 100-year history.  With its family of trucking brands—Yellow Logistics, Holland, Reddaway, New Penn, and YRC—the Debtors provided their customers with one of the most comprehensive less-than-truckload ("<u>LTL</u>") networks in North America.

6.      The Debtors commenced these chapter 11 cases to implement a timely and efficient process to maximize the value of the Debtors' estates for the benefit of all stakeholders.  Through these chapter 11 cases, the Debtors will immediately commence an orderly and value-maximizing wind-down of their businesses.  The Debtors will use their time in chapter 11 to market a sale or sales of all or substantially all of their assets.

7.      On August 6, 2023 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no official

committees have been appointed or designated.

## Basis for Relief

**I.    Cause Exists to Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor.**

8.    Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent in jointly administered cases, to maintain a separate creditor mailing matrix.  Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice."  Permitting the Debtors to maintain a single consolidated list of creditors (the "Creditor Matrix") in lieu of maintaining a separate creditor matrix for each Debtor is warranted.  Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and could result in duplicative mailings.

9.    Courts in this district have granted relief similar to the relief requested herein since the modifications to Local Rule 2002-1(f)(v) took effect.  *See, e.g.*, *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (authorizing filing of consolidated list of creditors in lieu of separate mailing matrices); *In re SiO2 Med. Prods., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. June 15, 2023) (same); *In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 5, 2023) (same); *In re FB Debt Fin. Guar., LLC*, No. 23-10025 (KBO) (Bankr. D. Del. Jan. 13, 2023) (same); *In re Carestream Health, Inc.,* No. 22-10778 (JKS) (Bankr. D. Del. Oct. 7, 2022) (same).[3]

**II.    It Is Appropriate and Necessary for the Debtors to File a Single Consolidated List of the Debtors' Thirty Largest Unsecured Creditors in These Chapter 11 Cases.**

10.    Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding

---

[3]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

insiders" (the "Top 20 List"). Fed. R. Bank. P. 1007(d); *see also* Local Rule 1007-2(a) (requiring

a debtor to file "a list containing the name and complete address of each creditor"). This Top 20

List is primarily used by the United States Trustee for the District of Delaware (the "U.S. Trustee")

to evaluate the types and amounts of unsecured claims against the debtor and thereby identify

potential candidates to serve on an official committee of unsecured creditors appointed in the

debtor's case pursuant to section 1102 of the Bankruptcy Code.

11.     The Debtors request authority to file a single list of their thirty largest general

unsecured, non-insider creditors on a consolidated basis (the "Top 30 List"). Because the Top 20

Lists of the Debtors could overlap, and certain Debtors may have fewer than thirty significant

unsecured creditors, filing separate Top 20 Lists for each Debtor would be of limited utility. In

addition, compiling separate Top 20 Lists for each individual Debtor could consume an excessive

amount of the Debtors' and their advisors' limited time and resources. The Debtors believe that

the consolidated Top 30 List will better aid the U.S. Trustee in its efforts to communicate with

these creditors.

12.     Courts in this district have granted relief similar to the relief requested herein.

*See, e.g.*, *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023)

(authorizing filing of consolidated top thirty general unsecured creditors list); *In re SiO2 Med.*

*Prods., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. June 15, 2023) (same); *In re Lannett Co., Inc.*,

No. 23-10559 (JKS) (Bankr. D. Del. May 5, 2023) (same); *In re Performance Powersports Grp.*

*Investor, LLC*, No. 23-10047 (LSS) (Bankr. D. Del. Feb. 9, 2023) (same); *In re Gigamonster*

*Networks, LLC,* No. 23-10051 (JKS) (Bankr. D. Del. Jan. 18, 2023) (same); *In re DCL Holdings (USA) Inc.*, No. 22-11319 (JKS) (Bankr. Del. Dec. 22, 2022) (same).[4]

13.     Accordingly, filing the Top 30 List is necessary for the efficient and orderly administration of these chapter 11 cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

### III.    Request For Authority to Provide Service to Creditors via Email Is Appropriate and Should Be Approved.

14.     Although the Bankruptcy Rules generally require notices to be served on creditors at their addresses, they give significant latitude to bankruptcy courts for modifying the general rule. *See* Fed. R. Bankr. P. 2002(m) and 9007.  Bankruptcy courts have explicit authority to modify the manner in which notice is given.  Fed. R. Bankr. P. 2002(m).  In complex chapter 11 cases in this and other districts, courts have permitted debtors to provide email service to creditors. *See In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (authorizing debtors to provide email service to customers with a valid email address on file with the debtors and non-customer creditors who have a valid email address on file with the debtors, but have not designated a physical mailing address); *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del. Jan. 9, 2023) (same); *In re Cred Inc.*, No. 20-12836 (JTD) (Bankr. D. Del. Nov. 10, 2020) (authorizing debtors to serve customers via email); *see also In re Benefytt Techs. Inc.*, No. 23-90566 (Bankr. S.D. Tex. May 23, 2023) (authorizing debtors to provide email service of the notice of commencement to all parties in the creditor matrix); *In re Celsius Network LLC*, No. 22-10964 (Bankr. S.D.N.Y. Sept. 16, 2022) (authorizing debtors to provide notices to

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

customers by email and web/mobile application in addition to first class mail, as applicable).

15.     In 2022, the Debtors provided freight services for approximately 250,000 customers.  In addition, the Debtors have approximately 30,000 employees and former employees. Email service will help alleviate administrative burdens.  Not only is email service likely the most efficient and cost-effective manner by which service of all interested parties can be completed, it is also the most likely to facilitate creditor responses.  Accordingly, the Debtors request authority to serve their creditors by email, where an email address is available to the Debtors.

16.     The Debtors submit that implementation of the procedures requested herein is appropriate in these chapter 11 cases and well within the Court's equitable powers under section 105(a) of the Bankruptcy Code.

**IV.     Service of Notices to Creditors by the Claims and Noticing Agent Is Warranted.**

17.     Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least twenty-one days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a).  Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors.  *See* Fed. R. Bankr. P. 2002(f).

18.     The Debtors request that Epiq Corporate Restructuring, LLC ("Epiq"), the Debtors' proposed claims and noticing agent (the "Claims and Noticing Agent"), undertake all mailings and email service, as applicable, directed by the Court or the U.S. Trustee or as required in section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including serving the notice of commencement of these chapter 11 cases, substantially in the form attached as Exhibit 1 to the Interim Order (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code.  Service of the

7

Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors but will also prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix. Accordingly, service of the Notice of Commencement is warranted.

19. The Debtors believe that using the Claims and Noticing Agent to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee. Additionally, the Claims and Noticing Agent will assist the Debtors in preparing creditor lists and mailing initial notices, and, therefore, it is more efficient to authorize the Claims and Noticing Agent to mail or email, as applicable, all notices, including the Notice of Commencement. Accordingly, Epiq should undertake such mailings and email service.

**V. Redaction of Certain Confidential Information of Natural Persons Is Warranted.**

20. Section 107(c)(1) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].

> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1). In addition, privacy and data regulations have been enacted in key jurisdictions where the Debtors operate and conduct business. For example, in 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right to, among other things, request their collected

personal information, including postal addresses, be deleted by entities subject to the regulation

and opt out of the sale of personal information by such entities to third parties. Violators risk

injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each*

*intentional* violation. Cal. Civ. Code § 1798.155. The CCPA applies to all for-profit entities doing

business in California ("CCPA Entities") that collect and process consumers' personal data and

satisfy one of the following criteria: (a) annual gross revenue in excess of $25 million; (b) buys,

shares, receives, or sells the personal information of more than 50,000 consumers, households, or

devices for commercial purposes; or (c) receives 50% or more of their annual revenues from selling

consumers' personal information. Cal. Civ. Code § 1798.140(c)(1). The Debtors likely qualify as

CCPA Entities because the Debtors maintain twenty-five leased and eight owned locations in

California and the Debtors' annual gross revenue for 2022 was $5.245 billion. *See also* the

Virginia Consumer Data Protection Act Va. Code §§ 59.1-575-59.1-585 (effective as of January

1, 2023), the Connecticut Act Concerning Personal Data Privacy and Online Monitoring, Public

Act § 22-15 (effective as of July 1, 2023), the Colorado Privacy Act, Colo. Rec. Stat. § 6-1

(effective as of July 1, 2023), the Utah Consumer Privacy Act, Utah Code § 13-61 (effective on

December 31, 2023), the Florida Digital Bill of Rights, Fla. Stat. § 501.701 (effective on July 1,

2024), the Texas Data Privacy and Security Act, Tex. Bus. & Com. Code Ann. § 541 (effective on

July 1, 2024), the Montana Consumer Data Privacy Act, Mont. Code Ann. § 35 (effective on

October 1, 2024), the Iowa Data Privacy Law, Iowa Code § 715D.1. (effective on January 1, 2025),

the Tennessee Information Protection Act, Tenn. Code Ann. § 47-18 (effective on July 1, 2025),

and the Indiana Data Privacy Law, Ind. Code § 24-15 (effective on January 1, 2026).

21.     It is, therefore, appropriate to authorize the Debtors and the Claims and Noticing

Agent, to redact from any paper filed or to be filed with the Court in these chapter 11 cases,

including the Creditor Matrix, the schedules of assets and liabilities and the statements of financial affairs (collectively, the "Schedules and Statements"), and any related affidavits of service, the home and email addresses of natural persons—including the Debtors' employees, former employees, and contract workers, as applicable. This relief is requested because, (a) such information can be used to perpetrate identity theft[5] and phishing scams or to locate survivors of domestic violence, harassment, or stalking under 11 U.S.C. § 107(c)(1), and (b) disclosure risks violating the the CCPA and other state data and privacy laws and regulations, exposing the Debtors to potential civil liability and significant financial penalties.

22. Redaction is necessary to protect information that would create "undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1). The risk related to section 107(c)(1) of the Bankruptcy Code is real and not merely speculative. In at least one chapter 11 case in Delaware, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[6] More recently, in a chapter 11 case in the

---

[5] *See In re Endo Int'l. PLC*, No. 22-22549 (JLG), 2022 WL 16640880 at *7, 11, 12 (Bankr. S.D.N.Y. Nov. 2, 2022) (taking "judicial notice of the fact that identity theft is a world-wide problem," recognizing that the right of public access to judicial records "is not absolute," and authorizing the debtors to redact the names, home addresses, and email addresses of certain litigation claimants located in the US, EU, UK, and Australia from any paper filed with that court and/or otherwise made publicly available by the debtors and the claims and noticing agent thereof). *See also See Memorandum of Decision*, *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (Bankr. S.D.N.Y Aug. 4, 2023) [ECF No. 581] (citing *Endo*, and finding that "[h]ome addresses fall within that category of information, as it is taken as a 'given' that they constitute personally identifiable information that is vital information to perpetrators of identity theft, stalking and intimate partner violence alike, and that publishing such information facilitates an identify thief's search for data and a stalker's or abuser's ability to find his or her target").

[6] The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), Docket No. 4.

Southern District of New York, at least four phishing scams have been uncovered.[7]  These incidents targeted individuals whose names were publicized in the creditor matrix, including one in which scammers modified a court order and sent it to individuals whose names were disclosed, two where scammers posed as associates of debtors' counsel using fake email accounts purportedly from debtors' counsel and requested that individual creditors reply with their account and other personal information, and another where scammers posed as the debtor's claims agent and requested the same information from individual creditors.

23.     The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the proposed Interim and Final Orders, respectively, to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) any party in interest upon a request to the Debtors (email to counsel is sufficient) or to the Court that is reasonably related to these chapter 11 cases, and (e) the Claims and Noticing Agent.  Nothing requested herein or in the proposed Interim Order and Final Order is intended to preclude a party in interest's right to file a motion requesting that the Court unseal the redacted information.  In addition, the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

24.     Courts in this district have granted the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re PGX Holdings, Inc., et al.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (authorizing the debtors, to redact the home and email addresses of individual creditors and interest holders listed on the creditor matrix and other pleadings filed with the court);

---

[7]     *See In re Celsius Network, LLC*, Case No. 22-10964 (MG), Docket Nos. 1527, 1904, 1992, 2082.

*In re SiO2 Med. Prods., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. June 15, 2023) (same); *In re Performance Powersports Grp. Investor, LLC*, No. 23-10047 (LSS) (Bankr. D. Del. Feb. 9, 2023) (same); *In re Indep. Pet Partners Holdings, LLC*, No. 23-10153 (LSS) (Bankr. D. Del. Feb. 7, 2023) (same); *In re Gigamonster Networks, LLC,* No. 23-10051 (JKS) (Bankr. D. Del. Jan. 18, 2023) (same); *In re Tricida, Inc.*, No. 23-10024 (JTD) (same).[8]

25.     In addition to granting the requested relief, courts in this district have expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses.  In *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, Judge Sontchi noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue."  Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10533 (CSS) (Bankr. D. Del. Mar. 2020).[9]  Judge Sontchi found that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief."  *Id*. at 25:13–16.  Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense.  I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by

---

[8]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

[9]    Similarly, Judge Sontchi previously overruled the Delaware U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important."  Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019).  Notably, Judge Sontchi acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public."  *See* Hr'g Tr. at 45:25–46:2, 47:22–24.  The Debtors reserve the right to supplement the record with respect to such risks insofar as they are not self-evident in this instance.

way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses." Hr'g Tr. at 24:21–25, 25:9–10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020). And, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

26.     For these reasons, cause exists to authorize the Debtors to redact, pursuant to section 107(c)(1) of the Bankruptcy Code, the home and email addresses of natural persons listed on the Creditor Matrix, Schedules and Statements, or any other document filed with the Court. Absent such relief, the Debtors (a) may be in violation of applicable data privacy law, thereby exposing them to severe monetary penalties that could threaten the value of the Debtors' estate during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft and phishing scams, and (c) could jeopardize the safety of employees, independent contractors, former employees, and other individual creditors, who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking, by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## VI.    Waiver of the Requirements to File a List of and to Provide Notice Directly to the Equity Security Holders is Warranted.

27.     Bankruptcy Rule 1007(a)(3) requires a debtor to file, within fourteen days after the petition date, a list of the debtor's equity security holders. Bankruptcy Rule 2002(d) requires that

equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing. Bankruptcy courts have authority to modify or waive the requirements under both rules. Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . ."); Fed. R. Bankr. P. 2002(d) ("[U]nless otherwise ordered by the court, the clerk . . . shall in the manner and form directed by the court give notice to all equity security holders . . . ."); see also 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

28.     The requirements to file a list of, and to provide notice directly to, equity security holders should be waived as to Debtor Yellow Corporation. Debtor Yellow Corporation's common stock is publicly traded on the NASDAQ, with approximately 51,980,000 outstanding shares of common stock as of the Petition Date and cannot be readily traced to specific individual holders. Debtor Yellow Corporation only maintains a list of its registered equity security holders and therefore must obtain the names and addresses of its beneficial shareholders from a securities agent. Preparing and submitting such a list with last known addresses for each equity security holder and sending notices to all such parties will create undue expense and administrative burden with limited corresponding benefit to the estates or parties in interest.

29.     Debtor Yellow Corporation has taken or will take several actions to inform its equity security holders of the commencement of these chapter 11 cases. On or about the date hereof, the Debtors will issue a press release announcing the filing. Debtor Yellow Corporation also filed with its petition a list of persons and entities with significant holdings of its outstanding

14

common stock.  As soon as is practicable following the date hereof, the Debtors intend to cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of Debtor Yellow Corporation common stock and published in full in USA Today.  The Debtors request that the requirements to file a list of and to provide notice directly to Debtor Yellow Corporation 's equity security holders (other than registered holders of Debtor Yellow Corporation's common stock) be waived.

30.    Courts in this district have granted similar relief to the relief requested herein.  *See, e.g., In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 5, 2023) (waiving the requirement under Bankruptcy Rule 1007(a)(3) to file a list of equity security holders and provide notice directly thereto on an interim basis); *In re Hyrecar Inc.,* No. 23-10259 (JTD) (Bankr. D. Del. Feb. 28. 2023) (waiving the requirement under Bankruptcy Rule 1007(a)(3) to file a list of equity security holders and provide notice directly thereto on a final basis); *In re American Virtual Cloud Technologies, Inc.,* No. 23-10020 (MFW) (Bankr. D. Del. Jan. 12, 2023) (same); *In re NewAge, Inc.,* No. 22-10819 (LSS) (Bankr. D. Del. Sept. 29, 2022) (same); *In re Fred's, Inc.*, Case No. 19-11984 (CSS) (Bankr. D. Del. Sept. 10, 2019) (same).

## **Compliance with Local Rule 9018-1(d)(iv)**

31.    To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief requested in this motion do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

## **Notice**

32.    The Debtors will provide notice of this motion to:  (a) the U. S. Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the

office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) the DIP Agent and counsel thereto; (i) Milbank LLP, as counsel to certain investment funds and accounts managed by affiliates of Apollo Capital Management, L.P.; (j) the administrative and collateral agents under the B-2 Term Loan and counsel thereto; (k) the ABL Agent and counsel thereto; (l) White & Case LLP, as counsel to Beal Bank USA; (m) the administrative and collateral agents under the UST Credit Agreements and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013 1(m).  In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

33.     No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: August 7, 2023
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (*pro hac vice* pending) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (*pro hac vice* pending) |
| Peter J. Keane (DE Bar No. 5503) | Whitney Fogelberg (*pro hac vice* pending) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |
| Wilmington, Delaware 19801 | Telephone:   (312) 862-2000 |
| Telephone:   (302) 652-4100 | Facsimile:   (312) 862-2200 |
| Facsimile:   (302) 652-4400 | Email:   patrick.nash@kirkland.com |
| Email:   ljones@pszjlaw.com | david.seligman@kirkland.com |
| tcairns@pszjlaw.com | whitney.fogelberg@kirkland.com |
| pkeane@pszjlaw.com | |
| ecorma@pszjlaw.com | -and- |

Allyson B. Smith (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   allyson.smith@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. __** |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO (A) FILE A CONSOLIDATED LIST
OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING
MATRIX FOR EACH DEBTOR, (B) FILE A CONSOLIDATED LIST OF THE
DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, (C) SERVE CERTAIN
PARTIES IN INTEREST BY EMAIL, (D) APPROVE THE FORM AND MANNER OF
SERVICE OF THE NOTICE OF COMMENCEMENT, AND (E) REDACT CERTAIN
PERSONALLY IDENTIFIABLE INFORMATION OF NATURAL PERSONS, (II)
WAIVING THE REQUIREMENT TO FILE A LIST OF EQUITY SECURITY
HOLDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing

the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix

for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu

of filing lists for each Debtor, (iii) serve certain parties in interest by email, (iv) approve the form

and manner of service of the notice of commencement of these chapter 11 cases, (v) redact certain

personally identifiable information of natural persons, (b) waiving the requirement to file a list of,

and to provide notice directly to, the equity security holders of Debtor Yellow Corporation, (c)

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

scheduling a final hearing to consider approval of the Motion on a final basis, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023 and shall be served on:  (a) the Debtors, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.: General Counsel; (b) proposed counsel to the Debtors (i) Kirkland & Ellis LLP, 300 North   LaSalle,   Chicago,   Illinois,   60654,   Attn.:   Patrick   J.   Nash   Jr.,   P.C.

2

(patrick.nash@kirkland.com), David Seligman P.C. (david.seligman@kirkland.com), and Whitney Fogelberg (whitney.fogelberg@kirkland.com); (ii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com); and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy (jane.m.leamy@usdoj.gov); and (d) any statutory committee appointed in these chapter 11 cases.

3.      The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized, but not directed, to submit a consolidated Creditor Matrix; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own creditor mailing matrix within fourteen (14) days of any such conversion.

4.      The Debtors are authorized to file a consolidated list of their thirty largest unsecured creditors.

5.      The Debtors are authorized, on an interim basis, to redact on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other documents filed with the Court the home and email addresses of any natural persons, including individual creditors and individual equity holders.  The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Interim Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) any party in interest upon a request to the Debtors (email to counsel is sufficient) or to the Court that

is reasonably related to these chapter 11 case and (e) the Debtors' Claims and Noticing Agent; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

6.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

7.      For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

8.      Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Interim Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

9.      To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

10.     Debtor Yellow Corporation shall file with the Court a list of equity security holders directly registered with the transfer agent for Debtor Yellow Corporation's common equity in satisfaction of Bankruptcy Rule 1007(a)(3).

11.     The Debtors shall not be required to provide notice of the commencement of the Chapter 11 Cases to all equity security holders, but instead shall: (a) serve (i) each equity security

4

holder directly registered with the transfer agent for the Debtors' common equity and (ii) all banks, brokers, intermediaries, Depository Trust Company participant and other nominees or their mailing agents that hold Yellow Corporation equity securities in "street name" for the beneficial holders (with instructions to serve down to beneficial holders, as applicable); (b) publish the notice of commencement on the Debtors' case website located at https://dm.epiq11.com/YellowCorporation; and (c) file a Form 8-K with the SEC within five business days following the Petition Date, notifying their investors and other parties of the commencement of these chapter 11 cases. The Debtors are further authorized to issue a press release announcing the bankruptcy filing and will as soon as is practicable cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of Debtor Yellow Corporation's common stock to be published in full in the *USA Today* or similar publication in the Debtors' business judgment.

12.    The service requirements of Bankruptcy Rule 2002(g) hereby are modified to permit email service to creditors with valid email addresses on file that (i) have not designated a mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e) and (ii) do not request to be served hard copies by mail.

13.    The Notice of Commencement, substantially in the form attached hereto as **Exhibit 1,** is approved.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of these chapter 11 cases and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

14.    The Debtors, through their Claims and Noticing Agent, are authorized to serve all pleadings and papers, including the Notice of Commencement, on all parties listed on the Creditor Matrix (including via email if available).

15. The Debtors, through their Claims and Noticing Agent, are authorized to distribute all pleadings and papers to current and former employees, and independent contractors, via email.

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**<u>Exhibit 1</u>**

**Notice of Commencement**

| **Information to identify the case:** | | |
|---|---|---|
| Debtor    Yellow Corporation, *et al.* | | **EIN:** 48-0948788 |
| United States Bankruptcy Court for the **District of Delaware** | | |
| Case number: **23-11069** | | **Date cases filed for chapter 11: August 6, 2023** |

## Official Form 309F1 (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case

10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

**Valid Picture ID is required for access to the J. Caleb Boggs Federal Building. Additionally, Debtor(s) must also present photo ID plus original verification of his/her social security number to the Bankruptcy Trustee. If you do not have a photo ID and/or original verification of your social security number, please contact the Office of the United States Trustee's (302-573-6491).**

| 1. Debtor's full name: **Yellow Corporation** |
|---|

| 2. All other names used in the last 8 years: **See Chart Below** |
|---|

| Jointly Administered Cases | Other Names (Last 8 Years) | Case No. | Tax ID No. |
|---|---|---|---|
| **1105481 Ontario Inc.** | **N/A** | **23-11070** | **N/A** |
| **Express Lane Service, Inc.** | **N/A** | **23-11071** | **20-1557186** |
| **New Penn Motor Express LLC** | **New Penn Motor Express, Inc.** | **23-11072** | **23-2209533** |
| **Roadway Express International, Inc.** | **N/A** | **23-11073** | **34-1504752** |
| **Roadway LLC** | **N/A** | **23-11074** | **20-0453812** |
| **Roadway Next Day Corporation** | **N/A** | **23-11075** | **23-2200465** |
| **USF Bestway Inc.** | **N/A** | **23-11076** | **86-0104184** |
| **USF Dugan Inc.** | **N/A** | **23-11077** | **48-0760565** |
| **USF Holland International Sales Corporation** | **N/A** | **23-11078** | **86-3892533** |
| **USF Holland LLC** | **USF Holland Inc.** | **23-11079** | **38-0655940** |
| **USF RedStar LLC** | **N/A** | **23-11080** | **N/A** |
| **USF Reddaway Inc.** | **N/A** | **23-11081** | **93-0262830** |
| **Yellow Freight Corporation** | **N/A** | **23-11082** | **93-1426357** |

| | | | |
|---|---|---|---|
| Yellow Logistics, Inc. | N/A | 23-11083 | 34-1738381 |
| YRC Association Solutions, Inc. | N/A | 23-11084 | 20-3720424 |
| YRC Enterprise Services, Inc. | N/A | 23-11085 | 20-0780375 |
| YRC Freight Canada Company | YRC Freight Nova Scotia | 23-11086 | 98-0168827 |
| YRC Inc. | YRC Freight; Roadway; Roadway Express, Inc.; Yellow Transportation, Inc. | 23-11087 | 34-0492670 |
| YRC International Investments, Inc. | N/A | 23-11088 | 20-0890711 |
| YRC Logistics Inc. | N/A | 23-11089 | N/A |
| YRC Logistics Services, Inc. | N/A | 23-11090 | 36-3783345 |
| YRC Mortgages, LLC | N/A | 23-11091 | 20-1619478 |
| YRC Regional Transportation, Inc. | NA | 23-11092 | 36-3790696 |

3.  Address:  11500 Outlook Street, Suite 400, Overland Park, Kansas 66211

**4. Debtors' Attorneys**
Name and address

Patrick J. Nash, Jr., P.C    Laura Davis Jones
David Seligman, P.C.       Timothy P. Cairns
Whitney Fogelberg        Peter J. Keane
Allyson Smith            Edward Corma
**KIRKLAND & ELLIS LLP**   **PACHULSKI STANG ZIEHL & JONES LLP**
300 North LaSalle        919 North Market Street, 17th Floor
Chicago, IL 60654       Wilmington, Delaware 19801

Contact phone: 302-652-4100

Email:    ljones@pszjlaw.com
         tcairns@pszjlaw.com
         pkeane@pszjlaw.com
         ecorma@pszjlaw.com

Contact Phone: 312-862-2000

Email:    patrick.nash@kirkland.com
         david.seligman@kirkland.com
         whitney.fogelberg@kirkland.com
         allyson.smith@kirkland.com

---

**Debtors' Claims and Noticing Agent**

If you have questions about this notice, please contact
Epiq Corporate Restructuring, LLC

Contact Phone: 1-866-641-1076 (Toll Free)
                  1-503-461-4134 (International)

Email:YellowCorporationInfo@epiqglobal.com

Website: https://dm.epiq11.com/YellowCorporation

---

**5. Bankruptcy clerk's office**

Documents in this case may be filed at this address.

You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov.

**824 N. Market Street, 3ʳᵈ Floor
Wilmington, DE 19801**

Hours open: Monday – Friday 8:00 AM – 4:00 PM
Contact phone 302−252−2900

---

**6. Meeting of creditors**

[●], 2023, at [●]:00 a.m. (ET)    **Location:**   **J. Caleb Boggs Federal Building
844 King Street
3rd Floor, Room 3209
Wilmington, DE 19801**

The debtor's representative must attend the meeting to be questioned under oath.
Creditors may attend, but are not required to do so.

The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.

**The meeting of Creditors will be held by phone.
Please call 1-866-621-1355 and use access code 7178157# to join the meeting.**

---

**7. Proof of claim deadline**

**Deadline for filing proof of claim:**    **Not yet set. If a deadline is set, the court will send you another notice.**

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.
Your claim will be allowed in the amount scheduled unless:
• your claim is designated as disputed, contingent, or unliquidated;
• you file a proof of claim in a different amount; or
• you receive another notice.

If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

---

**8. Exception to discharge Deadline**
The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline.

If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.

**Deadline for filing the complaint: To be determined.**

| 9. | Creditors with a foreign address | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice.  Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|---|
| 10. | Filing a Chapter 11 bankruptcy case | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
| 11. | Discharge of debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  See 11 U.S.C. § 1141(d).  A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan.  If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the  deadline. |

**If you have questions about this notice, please contact the Debtors' Claims and Noticing Agent, Epiq Corporate Restructuring, LLC, at 1 (866) 641-1076 (Toll Free) 1 (503) 461-4134 (International), or by email at YellowCorporationInfo@epiqglobal.com.**

**You may also find out more information at https://dm.epiq11.com/YellowCorporation**

**Exhibit B**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

### FINAL ORDER
### (I) AUTHORIZING THE DEBTORS TO (A) FILE A
### CONSOLIDATED LIST OF CREDITORS IN LIEU
### OF SUBMITTING A SEPARATE MAILING MATRIX
### FOR EACH DEBTOR, (B) FILE A CONSOLIDATED
### LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED
### CREDITORS, (C) SERVE CERTAIN PARTIES IN INTEREST
### BY EMAIL, (D) APPROVE THE FORM AND MANNER OF
### SERVICE OF THE NOTICE OF COMMENCEMENT, AND
### (E) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION
### OF NATURAL PERSONS, (II) WAIVING THE REQUIREMENT TO FILE A
### LIST OF EQUITY SECURITY HOLDERS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing the

Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for

each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of

filing lists for each Debtor, (iii) serve certain parties in interest by email, (iv) approve the form and

manner of service of the notice of commencement of these chapter 11 cases, (v) redact certain

personally identifiable information of natural persons, (b) waiving the requirement to file a list of,

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
    proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of Debtors'
    principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street,
    Suite 400, Overland Park, Kansas 66211.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and to provide notice directly to, the equity security holders of Debtor Yellow Corporation,  and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized, but not directed, to submit a consolidated Creditor Matrix, *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix within fourteen (14) days of any such conversion.

3.      The Debtors are authorized to file a consolidated list of their thirty largest unsecured creditors.

4.     The Debtors are authorized, on a final basis, to redact on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other documents filed with the Court the home and email addresses of any natural persons, including individual creditors and individual equity holders.  The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Final Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) any party in interest upon a request to the Debtors (email to counsel is sufficient) or to the Court that is reasonably related to these chapter 11 cases and (e) the Debtors' Claims and Noticing Agent; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.

5.     Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

6.     For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

7.     Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personally identifiable information is sealed or redacted pursuant to this Final Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

8.     To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest should contact counsel for the Debtors who shall work in good

faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

9.     Debtor Yellow Corporation shall file with the Court a list of equity security holders directly registered with the transfer agent for Debtor Yellow Corporation's common equity in satisfaction of Bankruptcy Rule 1007(a)(3).

10.     The Debtors shall not be required to provide notice of the commencement of the Chapter 11 Cases to all equity security holders, but instead shall: (a) serve (i) each equity security holder directly registered with the transfer agent for the Debtors' common equity and (ii) all banks, brokers, intermediaries, Depository Trust Company participant and other nominees or their mailing agents that hold Yellow Corporation equity securities in "street name" for the beneficial holders (with instructions to serve down to beneficial holders, as applicable); (b) publish the notice of commencement on the Debtors' case website located at https://dm.epiq11.com/YellowCorporation; and (c) file a Form 8-K with the SEC within five business days following the Petition Date, notifying their investors and other parties of the commencement of these chapter 11 cases. The Debtors are further authorized to issue a press release announcing the bankruptcy filing and will as soon as is practicable cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of Debtor Yellow Corporation's common stock to be published in full in the *USA Today* or similar publication in the Debtors' business judgment.

11.     The Debtors, through their Claims and Noticing Agent, are authorized to serve all pleadings and papers, via email service or mail service, as applicable, on all parties listed on the Creditor Matrix.

12.     The service requirements of Bankruptcy Rule 2002(g) hereby are modified to permit email service to creditors with valid email addresses on file that (i) have not designated a mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e) and (ii) do not request to be served hard copies by mail.

13.     The Debtors, through their Claims and Noticing Agent, are authorized to distribute all pleadings and papers to current and former employees, and independent contractors, via email.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.