**<u>Exhibit 2</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 10** |

### INTERIM ORDER (I) AUTHORIZING
### THE DEBTORS TO (A) CONTINUE TO OPERATE
### THEIR CASH MANAGEMENT SYSTEMS, (B) HONOR
### CERTAIN PREPETITION OBLIGATIONS RELATED THERETO,
### (C) MAINTAIN EXISTING BUSINESS FORMS, AND (D) PERFORM
### INTERCOMPANY TRANSACTIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to (i) continue to operate their Cash Management Systems and maintain their existing Bank Accounts, (ii) honor certain prepetition or postpetition obligations related thereto, (iii) maintain existing Business Forms, and (iv) continue to perform the Intercompany Transactions consistent with past practice and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on September 18, 2023, at 2:00 p.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on August 31, 2023 and shall be served on:  (a) the Debtors, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.: General Counsel; (b) proposed counsel to the Debtors (i) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Patrick J. Nash Jr., P.C. (patrick.nash@kirkland.com), David Seligman P.C. (david.seligman@kirkland.com), and Whitney Fogelberg (whitney.fogelberg@kirkland.com); (ii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com); and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns

(tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy (jane.m.leamy@usdoj.gov); and (d) any statutory committee appointed in these chapter 11 cases.

3.      The Debtors are authorized, but not directed, on an interim basis, subject to any modification set forth herein to:   (a) continue operating the Cash Management Systems, substantially as identified on **Exhibit 1** attached hereto and as described in the Motion; (b) honor their prepetition obligations related thereto; (c) use, in their present form, all preprinted correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession, *provided* that once the Debtors' existing supply of checks has been exhausted, the Debtors shall, when reordering (or with respect to checks the Debtors or their agents print themselves, within 15 days hereof) require or print, as applicable, the "Debtor in Possession" legend and corresponding bankruptcy case number on all such items; (d) continue to perform Intercompany Transactions; (e) continue to use, with the same account numbers, the Debtor Bank Accounts in existence as of the Petition Date, including those accounts identified on Exhibit 2 attached hereto, (f) treat the Debtor Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (g) deposit funds in and withdraw funds from the Debtor Bank Accounts by all usual means, including checks, wire transfers, ACH transfers, and other debits; (h) pay any amounts owed in connection with merchant services provided by PNC Merchant Services Company, Paymentech LLC, and Chase Orbital Payment Gateway, including prepetition amounts; and (i) pay the Bank Fees, including any prepetition amounts and any ordinary course Bank Fees incurred in connection with the Bank Accounts and to otherwise perform their obligations under the documents governing the Bank Accounts; *provided* that in the

3

case of each of (a) through (i), such action is taken in the ordinary course of business and consistent with past practice.

4.    The Cash Management Banks are authorized to continue to maintain, service, and administer the Debtor Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business consistent with past practice, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order; *provided* that the Debtors shall only instruct or request any Cash Management Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Cash Management Bank for payment after the Petition Date as authorized by an order of the Court.

5.    The Cash Management Banks are authorized to debit the Debtor Bank Accounts in the ordinary course of business, consistent with past practice, without the need for further order of this Court, for:  (a) all checks drawn on the Debtor Bank Accounts that are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of the Debtor Bank Accounts with such Cash Management Bank prior to the Petition Date that have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management Systems.

6.      Any existing deposit, treasury management, and merchant services agreements between or among the Debtors, the Cash Management Banks, and other parties shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect unless otherwise ordered by the Court, and the Debtors and the Cash Management Banks may, without further order of this Court, agree to and implement changes to the Cash Management Systems and cash management procedures in the ordinary course of business, consistent with past practice, including, without limitation, the opening and closing of bank accounts, subject to the terms and conditions of this Interim Order.

7.      The Debtors' time to comply with section 345(b) of the Bankruptcy Code is hereby extended for a period of thirty days from the date of this Order (the "Extension Period"), provided, however, that such extension is without prejudice to the Debtors' right to request a further extension of the Extension Period or a final waiver of the requirements of section 345(b) in these Chapter 11 Cases.

8.      For the banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the Office of the U.S. Trustee for the District of Delaware, as soon as practicable after entry of this Interim Order, the Debtors shall (a) contact such bank, (b) provide such bank with each of the Debtors' employer identification numbers, and (c) identify each of their Bank Accounts held at such bank as being held by a debtor in possession in the Debtors' chapter 11 cases.

9.      For Banks at which the Debtors hold Bank Accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause

such Banks to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee

within thirty days of the date of this Interim Order.  The U.S. Trustee's rights to seek further relief

from this Court in the event that the aforementioned banks are unwilling to execute a Uniform

Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

10.     Subject to the terms hereof, the Debtors are authorized, but not directed, in the

ordinary course of business consistent with past practice, to open new accounts or close any

existing Bank Accounts and enter into any ancillary agreements, including deposit account control

agreements, related to the foregoing, as they may deem necessary and appropriate in their sole

discretion; *provided* that the Debtors give notice within fifteen days thereafter to the U.S. Trustee

and any statutory committees appointed in the Chapter 11 Cases; provided, further, that the

Debtors shall only open any such new bank accounts at banks that have executed a Uniform

Depository Agreement with the U.S. Trustee, or at banks that are willing to immediately execute

such an agreement.  The relief granted in this Interim Order is extended to any new bank account

opened by the Debtors in the ordinary course of business after the date hereof, which account shall

be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be

deemed a Cash Management Bank, in each case, pursuant to this Interim Order.

11.     The Debtors shall serve a copy of this Interim Order on all Cash Management

Banks and as soon as possible after entry of this Interim Order, and upon any bank at which the

Debtors open a new bank account immediately upon the opening of the new account.

12.     All banks maintaining any of the Bank Accounts that are provided with notice of

this Interim Order shall not honor or pay any bank payments drawn on the listed Bank Accounts

or otherwise issued before the Petition Date for which the Debtors specifically issue timely stop

payment orders in accordance with the documents governing such Bank Accounts.

13.     The Cash Management Banks are authorized, without further order of this Court, to deduct any applicable fees from the applicable Bank Accounts in the ordinary course of business consistent with past practice.

14.     The Cash Management Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

15.     Subject to the terms set forth herein, any bank, including the Cash Management Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

16.     Any banks, including the Cash Management Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided* that

the Cash Management Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

17.    The Debtors are authorized, but not directed, to continue engaging in Intercompany Transactions in connection with the Cash Management Systems, including funding costs incurred by their non-Debtor affiliates associated with the facilitation of an orderly wind-down process, in the ordinary course of business, consistent with past practice, and in an amount not to exceed $250,000 to the non-Debtor affiliates pursuant to this Interim Order.  The Debtors shall maintain accurate and detailed records of all Intercompany Transactions and the payment of Intercompany Claims so that all transactions, including Intercompany Transactions and the payment of Intercompany Claims, may be readily traced, ascertained, and recorded properly on applicable intercompany accounts (if any) and distinguished between prepetition and postpetition transactions for the purposes of determining administrative expense status.  All postpetition payments from a Debtor to another Debtor or non-Debtor under any postpetition Intercompany Transactions authorized hereunder that result in an Intercompany Claim are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code.

18.    In connection with the ongoing use of their Cash Management Systems, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transaction may be readily ascertained, traced, recorded properly, and distinguished between prepetition and post-petition transactions.

19.    The Debtors are authorized, but not directed, to continue using the Credit Cards in the ordinary course of business, consistent with prepetition practices, including by paying prepetition obligations in an amount not to exceed $3.8 million and postpetition obligations outstanding with respect thereto, and subject to the terms and conditions of the Corporate Credit

8

Card Program.  The Debtors are further authorized to pay prepetition and postpetition obligations outstanding with respect to the Corporate Credit Card Program and to continue to provide the Corporate Credit Card Cash Collateral to Citizens Bank with respect thereto, subject to the limitations of this Interim Order and any other applicable interim and/or final orders of this Court. Citizens Bank is authorized to apply the Corporate Credit Card Cash Collateral without further notice or Order of the Court.  Citizens Bank may rely on the representations of the Debtors with respect to its use of the Corporate Credit Card Program, and Citizens Bank shall not have any liability to any party for relying on such representations made by the Debtors as provided herein.

20.    Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.  Notwithstanding the foregoing, those prepetition agreements existing between the Debtors and the Cash Management Banks shall continue to govern the post-petition cash management relationship between the Debtors and the Cash Management Banks, in their capacity as Cash Management Banks, and all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, collateral, and offset rights, and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with the Cash Management Banks (including, for the avoidance of doubt, any rights the Cash Management Banks in their capacity as Cash Management Banks to use funds from the Bank Accounts to remedy any overdraft of another Bank Account or other cash management obligations, whether prepetition or postpetition, to the extent permitted under the applicable agreement), unless the Debtors and the Cash Management Banks agree otherwise, and

9

any other legal rights and remedies afforded to the Cash Management Banks under applicable law shall be preserved.

21.     Nothing contained herein shall permit the Cash Management Banks to terminate any cash management services without thirty days prior written notice (or such other period as may be specified in any agreement between the Debtors and such Cash Management Bank) to the Debtors, the U.S. Trustee, and any official committee appointed in these chapter 11 cases.

22.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

23.     Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property

10

of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

24.     Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

25.     The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

26.     The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

27.     Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

28.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

29.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

30.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

31.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

32.     This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Interim Order.

**Dated: August 9th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

12

**Exhibit 1**

**Cash Management Systems Schematic**



YELLOW Corporation
US Cash Schematic
PNC Bank
7094
ABL Receivables Accounts
Receivables / Lockbox Account
PNC Bank
2947
PNC Concentration Account
Concentration Account
Bank Of America
2291
USA Concentration Collection
Receivables / Lockbox Account
JPMorgan Chase Bank N.A.
2835
USA Equipment Proceeds
Accounts
JPMorgan Chase Bank N.A.
9583, 9567, 3310,
1713
ABL Receivables Accounts
Receivable Accounts
BNY Mellon
6663
USA BNY Mellon Operating
Operating Account
JPMorgan Chase Bank N.A.
0830
USA Concentration Account
Concentration Account
BNY Mellon
6671, 6698
USA Equipment Proceeds
Receivables / Equipment Account
JPMorgan Chase Bank N.A.
7613
YRC Freight Disbursement
Concentration Account
Citizens Bank N.A
8727, 8638
USA Investment Account
Money Market Account
US Bank N.A.
5676
USA Payroll Accounts
Disbursement / Payroll Account
JPMorgan Chase Bank N.A.
5497, 2227
ABL Receivables Accounts
Receivable Accounts
Citizens Bank N.A
9308, 8700
ABL Cash Collateral Account
Citizens Bank N.A
8719
Citizen Concentration Account
JPMorgan Chase Bank N.A.
4193
USA Disbursement
Concentration Account
Secondary Accounts
Wells Fargo 6130, 9838; PNC 0640
UMB 1046; JPM Unknown
BNY Mellon 8400, 8400
Citizens Bank N.A
8689, 8417
USA Liability Accounts
Disbursement / Payable Account
JPMorgan Chase Bank N.A.
4201, 4250, 4599, 4623, 4268
USA O&M Accounts
Operating Account
JPMorgan Chase Bank N.A.
4219
USA Government Account
Governmental Accounts
Legend
BNY Mellon
Citizens Bank N.A
Bank Of America
Zero Balance
Secondary Accounts
US Bank N.A.
3rd Party Receivables
Manual Transfer
JPMorgan Chase Bank
PNC Bank
3rd Party Disb.
ZBA in place
MAKING GLOBAL COMMERCE WORK, BY CONNECTING PEOPLE, PLACES AND INFORMATION.



**YELLOW Corporation**
**Canada Cash Schematic**

**YELLOW Corporation**
**Non-Debtor Affiliate Cash Schematic**





MAKING GLOBAL COMMERCE WORK, BY CONNECTING PEOPLE, PLACES AND INFORMATION.

**Exhibit 2**

**Bank Accounts**

| # | Legal Entity | Bank Name | Last 4 Digit of Account # | Account Type | Debtor/Non Debtor |
|---|---|---|---|---|---|
| 1 | YRC Freight Canada Company | Bank of Nova Scotia | 2910 | Disbursement / Payroll Account | Debtor |
| 2 | YRC Freight Canada Company | Bank of Nova Scotia | 4510 | Receivables / Operating Account | Debtor |
| 3 | YRC Freight Canada Company | Bank of Nova Scotia | 7914 | Disbursement / Operating Account | Debtor |
| 4 | Yellow Corporation | Bank of Nova Scotia | 5117 | Disbursement / Operating Account | Debtor |
| 5 | Yellow Corporation | Bank of Nova Scotia | 5214 | Disbursement / Operating Account | Debtor |
| 6 | New Penn Motor Express LLC | Bank of Nova Scotia | 5311 | Disbursement / Payroll Account | Debtor |
| 7 | YRC Freight Canada Company | Bank of Nova Scotia | 8114 | Disbursement / Operating Account | Debtor |
| 8 | YRC Freight Canada Company | Bank of Nova Scotia | 3512 | Disbursement / Operating Account | Debtor |
| 9 | YRC Freight Canada Company | JPMorgan Canada | 1101 | Receivables / Lockbox Account | Debtor |
| 10 | YRC Freight Canada Company | JPMorgan Canada | 1210 | Receivables / Lockbox Account | Debtor |
| 11 | YRC Inc. | JPMorgan Canada | 8704 | Receivables / Lockbox Account | Debtor |
| 12 | YRC Inc. | JPMorgan Canada | 8705 | Receivables / Lockbox Account | Debtor |
| 13 | YRC Inc. | TD Canada | 0714 | Disbursement / Claims Account | Debtor |
| 14 | YRC Freight Canada Company | WELLS FARGO | Unknown | Investment Account | Debtor |
| 15 | Yellow Corporation | BNYMELLON | 6663 | Disbursement / Operating Account | Debtor |
| 16 | Yellow Corporation | BNYMELLON | 6671 | Receivables / Equipment Account | Debtor |
| 17 | Yellow Corporation | BNYMELLON | 6698 | Receivables / Equipment Account | Debtor |
| 18 | Yellow Corporation | BNYMELLON | 8400 | Disbursement / Government Account | Debtor |
| 19 | Yellow Corporation | BNYMELLON | 8400 | Disbursement / Government Account | Debtor |
| 20 | Yellow Corporation | Bank of America | 2291 | Receivables / Lockbox Account | Debtor |
| 21 | Yellow Corporation | JPMorgan Chase & Co | 0830 | Disbursement / Concentration Account | Debtor |
| 22 | YRC Inc. | JPMorgan Chase & Co | 2227 | Receivables / Lockbox Account | Debtor |
| 23 | Yellow Logistics Inc. | JPMorgan Chase & Co | 1713 | Receivables / Concentration Account | Debtor |
| 24 | Yellow Corporation | JPMorgan Chase & Co | 2835 | Receivables / Equipment Account | Debtor |
| 25 | USF Reddaway Inc. | JPMorgan Chase & Co | 9567 | Receivables / Lockbox Account | Debtor |
| 26 | USF Holland LLC | JPMorgan Chase & Co | 9583 | Receivables / Lockbox Account | Debtor |
| 27 | New Penn Motor Express LLC | JPMorgan Chase & Co | 3310 | Receivables / Lockbox Account | Debtor |
| 28 | Yellow Corporation | JPMorgan Chase & Co | 4193 | Disbursement / Concentration Account | Debtor |
| 29 | Yellow Corporation | JPMorgan Chase & Co | 4201 | Disbursement / Operating Account | Debtor |
| 30 | Yellow Corporation | JPMorgan Chase & Co | 4219 | Disbursement / Government Account | Debtor |
| 31 | YRC Inc. | JPMorgan Chase & Co | 4250 | Disbursement / Operating Account | Debtor |
| 32 | USF Holland LLC | JPMorgan Chase & Co | 4268 | Disbursement / Operating Account | Debtor |
| 33 | Yellow Corporation | JPMorgan Chase & Co | 4599 | Disbursement / Operating Account | Debtor |
| 34 | USF Holland LLC | JPMorgan Chase & Co | 4623 | Disbursement / Operating Account | Debtor |
| 35 | YRC Inc. | JPMorgan Chase & Co | 5497 | Receivables / Operating Account | Debtor |
| 36 | YRC Inc. | JPMorgan Chase & Co | 7613 | Receivables / Concentration Account | Debtor |
| 37 | USF Holland LLC | JPMorgan Chase & Co | Unknown | Trust Account | Debtor |
| 38 | Yellow Corporation | PNC | 2947 | Disbursement / Concentration Account | Debtor |
| 39 | Yellow Logistics Inc. | PNC | 7094 | Receivables / Lockbox Account | Debtor |
| 40 | Yellow Corporation | PNC | 0640 | Investment Account | Debtor |
| 41 | Yellow Corporation | CITIZENS | 8417 | Disbursement / Payable Account | Debtor |
| 42 | Yellow Corporation | CITIZENS | 8638 | Money Market Account | Debtor |
| 43 | Yellow Corporation | CITIZENS | 8689 | Disbursement / Payable Account | Debtor |
| 44 | Yellow Corporation | CITIZENS | 8700 | Disbursement / Collateral Account | Debtor |
| 45 | Yellow Corporation | CITIZENS | 8719 | Disbursement / Concentration Account | Debtor |
| 46 | Yellow Corporation | CITIZENS | 8727 | Investment Account | Debtor |
| 47 | Yellow Corporation | CITIZENS | 9308 | Disbursement / Collateral Account | Debtor |
| 48 | Yellow Corporation | UMB | 1046 | Trust Account | Debtor |
| 49 | Yellow Corporation | US Bank | 5676 | Disbursement / Payroll Account | Debtor |
| 50 | Yellow Corporation | WELLS FARGO | 9838 | Disbursement / Collateral Account | Debtor |
| 51 | YRC Inc. | WELLS FARGO | 6130 | Disbursement / Collateral Account | Debtor |
| 52 | OPK Insurance Co. Ltd. | Bank of Bermuda | -501 | Disbursement / Insurance Account | Non Debtor |
| 53 | YRC Transportation, S.A.de C.V. | BANCOMER | 9991 | Disbursement / Concentration Account | Non Debtor |
| 54 | YRC Transportation, S.A.de C.V. | BANCOMER | 9645 | Disbursement  / Operating Account | Non Debtor |
| 55 | Transcontinental Lease,S. de R.L. de C.V | BANCOMER | 0138 | Disbursement  / Operating Account | Non Debtor |
| 56 | Transcontinental Lease,S. de R.L. de C.V | BANCOMER | 5883 | Receivables / Property Account | Non Debtor |
| 57 | Roadway Express, S.A. deC.V. | BANCOMER | 0708 | Disbursement / Taxes & Fines Account | Non Debtor |
| 58 | Reimer Holding B.V. | JPMorgan Netherlands | 6633 | Disbursement / Payable Account | Non Debtor |
| 59 | Reimer Holding B.V. | JPMorgan Netherlands | 6641 | Disbursement / Payable Account | Non Debtor |