# **Exhibit 1**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION AND POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

### Relief Requested

1. The Debtors seek entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and the "Final Order"), (a) authorizing, but not directing, the Debtors to remit and pay (or use tax credits to offset) certain prepetition obligations accrued in the ordinary course on account of undisputed Taxes and Fees (as defined herein); and (b) granting related relief. In addition, the Debtors request that the Court schedule a final hearing within approximately twenty-one days of the commencement of these chapter 11 cases to consider approval of this motion on a final basis.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not immediately defined in this motion have the meanings ascribed to them later in this motion or in the First Day Declaration, as applicable.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory bases for the relief requested herein are sections 105(a), 363(b), and 507(a)(8) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1 and 9013-1.

## Background

5.     The Debtors were a leading provider of transportation services with a 100-year history.  With its family of trucking brands—Yellow Logistics, Holland, Reddaway, New Penn, and YRC—the Debtors provided their customers with one of the most comprehensive less-than-truckload ("LTL") networks in North America.

6.     The Debtors commenced these chapter 11 cases to implement a timely and efficient process to maximize the value of the Debtors' estates for the benefit of all stakeholders.  Through these chapter 11 cases, the Debtors will immediately commence an orderly and value-maximizing

wind-down of their businesses.  The Debtors will use their time in chapter 11 to market a sale or sales of all or substantially all of their assets.

7.      On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no official committees have been appointed or designated.

## The Taxes and Fees

8.      The Debtors (a) collect, withhold, and incur sales taxes from their customers and incur taxes, including, but not limited to, sales, use, weight-distance, highway use, fuel, franchise, gross receipts, commercial activity, business, real and personal property, and other taxes arising from the operation of their businesses (collectively, the "Taxes") and (b) pay customs duties, franchise fees, license costs, vehicle licensing fees, registrations, permitting costs, and any similar charges, duties, bills, invoices, and assessments (collectively, the "Fees" together with the Taxes, the "Taxes and Fees").[3]  The Debtors remit the Taxes and Fees to various federal, state, and local governments, including taxing authorities (collectively, the "Authorities"), identified in the

---

[3]     For the avoidance of doubt, the Taxes and Fees include Income Taxes, Sales and Use Taxes, Weight-Distance and Highway Use Taxes, Federal Heavy Highway Vehicle Use Tax, Fuel Taxes, Franchise Taxes, Ohio Commercial Activity Tax, TGRT, Property Taxes, Regulatory and Other Taxes and Fees, and Customs Duties, Custom Brokers' fees, and Penalty Fees (each term as defined below).  Other than with respect to potential Audits or Assessments (as defined below), this motion does not seek relief with respect to the Debtors' collection and remittance of employee-related taxes and withholdings, which are instead addressed in the *Motion of Debtors for Entry of Interim and Final Orders Authorizing the Debtors to (I) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses, (II) Continue Employee Benefits Programs, and (III) Granting Related Relief* (the "Wages Motion"), filed contemporaneously herewith.

schedule attached hereto as **Exhibit C**.[4]   Taxes and Fees are remitted and paid by the Debtors through checks and electronic funds transfers that are processed through their banks and other financial institutions.   From time to time, the Debtors may also receive tax credits for overpayments or refunds in respect of Taxes and Fees.   The Debtors generally use these credits to offset against future Taxes and Fees or request the amount of such credits refunded to the Debtors. The Debtors estimate that approximately $25.4 million in Taxes and Fees are outstanding as of the Petition Date, of which approximately $5.04 million is currently payable or will become due and owing to the Authorities within the first twenty-one days of these chapter 11 cases in the ordinary course.

9.      Additionally, the Debtors may become subject to routine audit investigations on account of tax returns and/or tax obligations in respect of prior years ("Audits") during these chapter 11 cases, including as a result of any voluntary disclosure agreements or similar procedural mechanisms (if applicable).   Audits may result in additional prepetition Taxes and Fees being assessed against the Debtors (such additional Taxes and Fees, "Assessments").[5]   Accordingly, the Debtors seek authority, but not direction, to pay or remit tax obligations on account of the Assessments as they arise, including as a result of any resolutions of issues addressed in an Audit and with respect to kinds of Taxes and Fees otherwise addressed in the Wages Motion.

10.      The Debtors pay the Taxes and Fees to the Authorities on a periodic basis, remitting them monthly, quarterly, semi-annually, or annually depending on the nature and incurrence of the

---

[4]     Although **Exhibit C** is intended to be comprehensive, the Debtors may have inadvertently omitted Authorities from **Exhibit C**.   By this motion, the Debtors request relief with respect to Taxes and Fees payable to all Authorities, regardless of whether such Authority is specifically identified on **Exhibit C**.

[5]     Nothing in this motion or any related order constitutes, or should be construed, as an admission of liability by the Debtors with respect to any Audit or Assessment.   The Debtors expressly reserve all rights with respect to any Audit and the right to contest any Assessments claimed to be due as a result of any Audit.

particular category of Taxes and Fees, each of which is further discussed below. Although the Debtors believe that they are substantially current with respect to their payment of Taxes and Fees, the Debtors seek authority pursuant to this motion to make such payments where: (a) Taxes and Fees accrue or are incurred postpetition; (b) Taxes and Fees accrued or were incurred prepetition but were not paid prepetition or were paid in an amount less than actually owed; (c) Taxes and Fees paid prepetition by the Debtors were lost or otherwise not received in full by any of the Authorities; or (d) Taxes and Fees incurred for prepetition periods may become due after the commencement of these chapter 11 cases. In addition, for the avoidance of doubt, the Debtors seek authority, but not direction, to pay Taxes and Fees for so-called "straddle" periods (*i.e.*, periods that include the Petition Date).[6]

11. In addition, the Debtors collect and hold certain outstanding tax liabilities in trust for the benefit of the applicable Authorities, and these funds may not constitute property of the Debtors' estates.

12. The Taxes and Fees are summarized as follows:

| Category | Description | Approximate Amount Accrued and Unpaid as of Petition Date | Approximate Amount Due During the First Twenty-One Days |
|---|---|---|---|
| Income Taxes | The Debtors incur various state, local, and federal income taxes. The Debtors pay state, local, and federal income on a periodic basis. | $6,476,000 | $152,000 |
| Sales and Use Taxes | The Debtors pay taxes on goods and services sold or used, assessed based on the value of such goods and services, which are generally payable on a monthly basis. | $432,000 | $432,000 |

---

[6] The Debtors reserve their rights with respect to the proper characterization of any "straddle" Taxes and Fees and to seek reimbursement of any portion of any payment made that ultimately is not entitled to administrative or priority treatment.

| Category | Description | Approximate Amount Accrued and Unpaid as of Petition Date | Approximate Amount Due During the First Twenty-One Days |
|---|---|---|---|
| Weight-Distances, Highway Use, and Federal Heavy Highway Vehicle Use Taxes | Taxes imposed on the use of highways and other roadways in various jurisdictions. | $420,000 | $420,000 |
| Fuel Taxes | Taxes imposed in connection with the purchase of fuel. | $890,000 | $678,000 |
| Franchise Taxes, Ohio Commercial Activity Tax, and Texas Gross Receipts Tax | Taxes and related fees assessed as part of the Debtors' operations in the ordinary course. | $1,724,000 | $382,000 |
| Property Taxes | The Debtors pay taxes related to real and personal property holdings, which are generally payable on an annual basis. | $14,180,000 | $1,698,000 |
| Customs Duties, Custom Brokers' fees, and Penalty Fees | Customs duties, import and export-related taxes, and other incidental import and export expenses. | $230,000 | $230,000 |
| Regulatory and Other Taxes and Fees | Taxes, fees, tolls, fines, and other charges required to conduct business in the ordinary course in certain jurisdictions. | $1,056,000 | $1,045,000 |
| **Total** | | $25,408,000 | $5,037,000 |

## I.      Income Taxes.

13.     The Debtors incur and are required to pay various state, local, and federal income taxes (collectively, the "Income Taxes") in the jurisdictions where they conduct business.  In some jurisdictions, the Debtors remit to the relevant Authorities estimated amounts with respect to Income Taxes, resulting in tax credits or overpayments, which may be set off against future Income Taxes, or in certain circumstances may be refunded to the Debtors.  The Debtors generally remit Income Taxes to the relevant Authorities in accordance with the statutory requirements of each applicable jurisdiction (e.g., on an annual basis).  As of the Petition Date, the Debtors estimate that they owe approximately $6,476,000 in aggregate Income Taxes to the applicable Authorities on account of prepetition Income Taxes, approximately $152,000 of which will become payable

during the first twenty-one days following the Petition Date. The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Income Taxes, including any Income Taxes that are due and owing as of the Petition Date, and to satisfy any Income Taxes that may become due and owing in the ordinary course of business during their chapter 11 cases.

## II.    Sales and Use Taxes.

14.    Certain Debtors collect and remit sales and excise taxes directly to the Authorities (the "Sales Taxes").[7]  Generally, the Debtors remit Sales Taxes to the Authorities in the month following acquisition and disposition of their corresponding goods.

15.    In addition to Sales Taxes and in connection with their business operations, including operating their transportation vehicles, trailers, and other machinery in various jurisdictions across the United States and Canada, the Debtors incur various state and local or provincial use taxes levied on the use of machinery and repair components in the applicable taxing jurisdiction (the "Use Taxes").  In 2022, the Debtors paid approximately $1.4 million in total Sales and Use Taxes.

16.    As of the Petition Date, the Debtors estimate that approximately $432,000 in Sales and Use Taxes and other charges will have accrued and remain unpaid to the relevant Authorities, approximately all of which will become payable during the first twenty-one days following the Petition Date. The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Sales and Use Taxes, including any Sales and Use Taxes that are due and owing as of the Petition Date, and to satisfy any Sales and Use Taxes that may become due and owing in the ordinary course of business during their chapter 11 cases.

---

[7]    The Debtors' revenue-generating services are not subject to sales tax in most U.S. jurisdictions, but are subject to sales taxes in Canadian jurisdictions.

### III.  Weight-Distance and Highway Use and Federal Heavy Highway Vehicle Use Tax.

17.     The Debtors must pay weight-distance and highway use taxes to certain states in which the Debtors' carriers operate vehicles (collectively, the "Weight-Distance and Highway Use Taxes").  The tax payments are due with the returns and are due on a monthly basis, depending on the state. The Debtors' aggregate amount of Weight-Distance and Highway Use Taxes varies based on the mileage driven and the weight of the Debtors' vehicles and freight transported on highways in the relevant jurisdiction.

18.     In addition to the state-imposed Weight-Distance and Highway Use Taxes, the Debtors also incur and are required to pay an annual federal heavy highway vehicle use tax (the "FHHVUT").  The Internal Revenue Service assesses the FHHVUT after the first mile driven and the total amount is based on an estimate of the Debtors' expected United States fleet activity for the coming year. The FHHVUT is due and paid annually in August, subject to the federal government's adjustments due for any newly-active units.   In 2022, the Debtors prepaid approximately $4.96 million in FHHVUT for the period of August 2022 through July 2023.

19.     As of the Petition Date, the Debtors estimate that approximately $420,000 in Weight-Distance and Highway Use Taxes and FHHVUT and other charges will have accrued and remain unpaid to the relevant Authorities, approximately $420,000 of which will become payable during the first twenty-one days following the Petition Date.[8]  The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Weight-Distance and Highway Use

---

[8]     As set forth herein, the Debtors have historically paid the FHHVUT in August when due, which covers the per-unit fee for the fiscal year, July through June.  When units are sold or otherwise disposed of, a prorated refund of the annual fee previously paid is available.  To balance the need to maximize the value of the estate with the need to effectuate a successful wind-down of operations, the Debtors seek authority, but not direction, to pay the full amount of the FHHVUT when due, with the intent to capture any refund available once proof of disposition is obtained.

Taxes and FHHVUT, including any Weight-Distance and Highway Use Taxes and FHHVUT that are due and owing as of the Petition Date, and to satisfy any Weight-Distance and Highway Use Taxes and FHHVUT that may become due and owing in the ordinary course of business during their chapter 11 cases.

## IV.    Fuel Taxes.

20.    The Debtors pay certain federal fuel taxes ("Federal Fuel Taxes") directly to the vendor of such fuel. The applicable fuel vendors bear the responsibility for remitting the Federal Fuel Tax due to the taxing authority.

21.    The Debtors also incur certain state and provincial fuel taxes ("State and Provincial Fuel Taxes," and together with Federal Fuel Taxes, "Fuel Taxes") in connection with the purchase of diesel fuel or liquefied gas for use on state and federal highways.  The Debtors pay these State and Provincial Fuel Taxes in the states or provinces where the fuel is purchased, but the State and Provincial Fuel Tax liability is due to the state or province where the fuel is actually used. To simplify matters regarding payment and collection of State and Provincial Fuel Taxes, the 48 contiguous states and the ten Canadian provinces bordering the United States, which includes each of the states and provinces in which the Debtors operate, have adopted the International Fuel Tax Agreement ("IFTA") for the payment of the vast majority of State and Provincial Fuel Taxes.[9]

22.    Pursuant to IFTA, each of the Debtors operating qualified motor vehicles, as defined under IFTA, files quarterly reports with its base jurisdiction (the "Quarterly IFTA Reports").  Each Debtor's Quarterly IFTA Report lists all distances traveled and all fuel purchased

---

[9]    IFTA provides for the consolidated reporting of state and provincial Fuel Taxes for qualified commercial motor vehicles. Thus, IFTA simplifies the reporting of fuel used by commercial motor carriers operating in more than one jurisdiction. Under IFTA, an operator of vehicles traveling in multiple jurisdictions select one of the member jurisdictions as its base jurisdiction. *See generally* IFTA, Inc., http://www.iftach.org/index.php (last visited July 21, 2023). The base jurisdiction will issue to each vehicle one set of IFTA fuel decals that is valid in all member jurisdictions. *See id.*

by jurisdiction during that quarter. The Quarterly IFTA Reports calculate the amount of fuel consumed in each jurisdiction and compare that figure to tax-paid fuel in each jurisdiction. The net amount is multiplied by the respective jurisdictions' tax rates to determine the incremental amount due or overpayment. Amounts for all jurisdictions are totaled, resulting in an overall balance due or overpaid amount. The Debtors remit any additional State and Provincial Fuel Tax due to the base jurisdiction, or a credit or refund is issued. Pursuant to IFTA, the base jurisdiction then distributes the appropriate amount of State and Provincial Fuel Taxes to the other member jurisdictions in which the Debtors operate qualified motor vehicles.

23.     The Debtors file Quarterly IFTA Reports in several states because certain of the Debtors have different base jurisdictions. The Debtors determined their relevant base jurisdictions based on the following factors:  (a) where operational control and operational records are maintained or can be made available; and (b) where their qualified motor vehicles travel.  In 2022, the Debtors paid approximately $1.2 million in IFTA taxes alone.

24.     A core requirement of the Debtors' business and a key element of clearing its network on a postpetition basis is both intrastate and interstate travel.  The Debtors' failure to pay the Weight-Distance and Highway Use Taxes, FHHVUT, Federal Fuel Taxes, and State and Provincial Fuel Taxes, along with any related or similar charges, may cause the Authorities to take certain actions related to the Debtors' right to do business in certain states, thereby disrupting their orderly, cost-efficient wind-down efforts. Without the right to operate their vehicles on interstate and intrastate highways, the Debtors would suffer significant disruption to its limited postpetition operations necessary to clear its network and effectuate an orderly wind-down of its businesses.

25.     As of the Petition Date, the Debtors estimate that approximately $890,000 in Fuel Taxes and other charges will have accrued and remain unpaid to the relevant Authorities,

approximately $678,000 of which will become payable during the first twenty-one days following the Petition Date. The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Fuel Taxes and other charges, including any Fuel Taxes and other charges that are due and owing as of the Petition Date, and to satisfy any Fuel Taxes and other charges that may become due and owing in the ordinary course of business during their chapter 11 cases.

**V.    Franchise Taxes, Ohio Commercial Activity Tax, and Texas Gross Receipts Tax.**

26.     The Debtors pay certain franchise taxes to the Authorities (the "Franchise Taxes"). The calculations for the Franchise Taxes vary and can derive from several sources, including a flat fee, net operating income, or capital employed. Certain jurisdictions assess both Franchise Taxes and income taxes, while others assess either Franchise Taxes or income taxes depending on which yields a higher tax. Moreover, certain jurisdictions require estimated payments in respect of Franchise Taxes to be remitted on a quarterly basis if the estimated Franchise Taxes exceed a certain threshold. The Debtors pay the majority of the Franchise Taxes owed annually. In 2022, the Debtors paid approximately $516,000 on account of Franchise Taxes.

27.     In addition, in lieu of assessing a franchise tax, the state of Ohio assesses the Ohio Commercial Activities Tax ("CAT"), which is based on the previous quarter's gross receipts apportioned to Ohio and paid in arrears. Similarly, in lieu of assessing a franchise tax, the state of Texas assesses the Texas Gross Receipt Tax ("TGRT"), which is based on the previous year's gross receipts apportioned to Texas and paid in arrears.

28.     If the Debtors do not pay any of the Franchise Taxes, CAT, or TGRT, the applicable Authority may seek to suspend or revoke the Debtors' right to do business in certain states, which would cause significant disruption to the Debtors' wind-down operations.

29.     As of the Petition Date, the Debtors estimate that approximately $1.72 million in Franchise Taxes, CAT, and TGRT will have accrued and remain unpaid to the relevant Authorities,

approximately $382,000 of which will become payable during the first twenty-one days following the Petition Date. The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Franchise Taxes, CAT, and TGRT, including any Franchise Taxes, CAT, and TGRT that are due and owing as of the Petition Date, and to satisfy any Franchise Taxes, CAT, and TGRT that may become due and owing in the ordinary course of business during their chapter 11 cases.

## VI.   Property Taxes.

30.     Under applicable law, state and local governments in jurisdictions where the Debtors' operations are located may levy property taxes against the Debtors' real and personal property (the "Property Taxes"). Generally, the Debtors' real Property Taxes owed are assessed in advance and fixed as of the lien date, which may be January 1 or other date of each year (depending on the jurisdiction), but come due for payment all at once or in installments throughout the year and, in some cases, into the following year. The Debtors typically pay the personal Property Taxes in arrears in the ordinary course of business as such taxes are invoiced. In 2022, the Debtors paid approximately $22.2 million in Property Taxes.

31.     As of the Petition Date, the Debtors estimate that approximately $14.2 million in Property Taxes will have accrued and remain unpaid to the relevant Authorities, approximately $1.7 million of which will become payable during the first twenty-one days following the Petition Date. The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Property Taxes including any Property Taxes that are due and owing as of the Petition Date, and to satisfy any Property Taxes that may become due and owing in the ordinary course of business during their chapter 11 cases.

**VII.    Customs Duties, Customs Brokers' Fees, and Penalty Fees.**

32.     The Debtors also seek authority for the Debtors and their customs brokers, as the Debtors' agents, to continue to make necessary payments of customs duties, import and export-related taxes (including the Canadian Value Added Tax and other taxes), and other incidental import expenses, including fees, penalties, and fines assessed during the ordinary course of business (collectively, the "Customs Duties") to the U.S. Customs and Border Protection Agency (the "U.S. Customs Service") and to non-U.S. customs Authorities,[10] even if the Debtors incurred the relevant liability prior to the Petition Date.  The Customs Duties include without limitation, the following customs duties, import and export-related taxes, and other incidental import and export expenses:   U.S. Customs duties, merchandise processing fees, harbor maintenance fees, Canadian Value-Added Taxes, fees for duty, and fee processing paid to third-party processors, and other similar fees.  In the ordinary course of their businesses, the Debtors transport raw materials, parts, components, certain finished goods, tooling, machinery, and equipment for their customers' businesses to and from non-United States jurisdictions, and then import or export (as applicable) such goods into the United States and other jurisdictions (collectively, the "Imported and Exported Goods").  In addition, certain of the Debtors remit the Customs Duties on behalf of their customers through third-party processors of Customs Duties (collectively, the "Customs Brokers").

33.     If the Debtors do not timely pay the Customs Duties, the U.S. Customs Service and non-U.S. customs Authorities may demand liquidated damages, assess interest, or impose other sanctions.  Contesting these measures would require substantial time, effort, and expense and

---

[10]    In the vast majority of cases, these customs payments are made on behalf of the Debtors' customers whose goods or materials are being transported by the Debtors across international borders, and the Debtors are subsequently reimbursed by their customers for these payments. In addition, certain of the Debtors may act from time to time as Customs Brokers (as defined below) for certain of the other Debtors.

would needlessly distract the Debtors from their wind-down efforts. In addition, absent payment the Debtors' Customs Brokers (as defined herein) may, in some instances, assert shipper's and warehousemen's liens against the Imported and Exported Goods, the U.S. Customs Service may assert a lien against such goods under 19 C.F.R. § 141.1 (2008) and non-US. customs authorities may assert similar liens or take other action against the Debtors in their respective jurisdictions. Any such actions would impair the Debtors' ability to conduct business across the borders of the United States and Canada resulting in immediate and irreparable harm to the Debtors' estates.

34.     Accordingly, the Debtors submit that it is in the best interests of the Debtors' estates and creditors that the Debtors be authorized to pay such Customs Duties on their customers' behalf as they become due, even if such payments were assessed prepetition, to ensure an expedient and cost-effective implementation of their wind-down efforts.

35.     In addition, in order to qualify under customs regulations to operate in the import and export sector as international bonded carriers and bonded facilities for shipping and receiving the Imported and Exported Goods, the Debtors maintain surety bonds. Due to the exigencies of their business in the ordinary course of business, the Debtors frequently made deliveries of bonded imported goods and released imported goods from their bonded facilities before the applicable customs Authority responded to the Debtors' request for the release of the bond to which the good is subject. To the extent that any bonded imported good was delivered or released from a bonded facility prior to the Debtors' obtaining the consent of the applicable Customs authority, the Debtors are liable to such Authority for a penalty fee (the "Penalty Fees"). However, in the ordinary course, in each instance of such Penalty Fees being assessed, the Debtors routinely appeal such assessed Penalty Fees and are granted a reassessment of such penalty, often at a fraction of the original amount assessed.

36.     As of the Petition Date, the Debtors estimate that approximately $230,000 in Customs Duties, Customs Brokers' fees, and Penalty Fees will have accrued and remain unpaid to the relevant Authorities, approximately all of which will become payable during the first twenty-one days following the Petition Date.   The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Customs Duties, Customs Brokers' fees, and Penalty Fees including any Customs Duties, Customs Brokers' fees, and Penalty Fees that are due and owing as of the Petition Date, and to satisfy any Customs Duties, Customs Brokers' fees, and Penalty Fees that may become due and owing in the ordinary course of business during their chapter 11 cases.

## VIII.    Regulatory and Other Taxes and Fees.

37.     The Debtors also are required to obtain various business licenses, permits (including permits for permission to carry overweight loads on certain highways), vehicle registration certificates, and pay state mileage taxes, tolls, and other fees and charges (together, "Regulatory and Other Taxes and Fees") in many jurisdictions in which they operate. The criteria to obtain these licenses, certificates, and permits as well as the the methods of calculating the payments and their deadlines vary significantly by jurisdiction.   Some state governments require the Debtors to pay annual reporting fees to remain in good standing for purposes of conducting business within the state.   In 2022, the Debtors paid approximately $4.4 million on account of Regulatory and Other Taxes and Fees.

38.     The Debtors own or lease facilities in all fifty states and market their services to commercial, industrial, and governmental customers throughout the United States and Canada. Any disputes that could impact the Debtors' ability to conduct business in a particular jurisdiction would have a sweeping and adverse effect on the Debtors' operations as a whole.   Specifically, the Debtors' failure to pay the Regulatory and Other Taxes and Fees could materially disrupt the

Debtors' business operations in several ways: (a) the Authorities may initiate audits of the Debtors, which would unnecessarily divert the Debtors' attention from the wind-down process; (b) the Authorities may attempt to file liens, seek to lift the automatic stay, and pursue other remedies that will harm the estates; and (c) certain directors and officers could be subject to claims of personal liability, which would likely distract those key employees from their duties related to the Debtors' restructuring. In addition, the Debtors have collected and hold certain outstanding tax liabilities in trust for the benefit of the Authorities. These funds may not constitute property of the Debtors' estates. Moreover, unpaid Taxes and Fees may result in penalties, the accrual of interest or both. The Debtors believe that payment of such Taxes and Fees related to business licenses, permits, certificates, annual reports, and state mileage taxes is necessary to ensure the efficient wind-down of the Debtors' businesses during the pendency of the chapter 11 cases.

39.     As of the Petition Date, the Debtors estimate that approximately $1,056,000 in Regulatory and Other Taxes and Fees will have accrued and remain unpaid to the relevant Authorities, approximately $1,045,000 of which will become payable during the first twenty-one days following the Petition Date. The Debtors request authority, but not direction, to satisfy any amounts owed on account of such Regulatory and Other Taxes and Fees, including any Regulatory and Other Taxes and Fees that are due and owing as of the Petition Date, and to satisfy any Regulatory and Other Taxes and Fees that may become due and owing in the ordinary course of business during their chapter 11 cases.

**Basis for Relief**

40.     The Debtors believe that any failure to pay the Taxes and Fees could materially disrupt the Debtors' business operations in several ways: (a) the Authorities may initiate audits of the Debtors, which would unnecessarily divert the Debtors' attention from the wind-down process; (b) the Authorities may attempt to suspend the Debtors' operations, file liens, seek to lift the

automatic stay, and pursue other remedies that will harm the estates; and (c) certain of the Debtors'

directors and officers could be subject to claims of personal liability, which would likely distract

those key employees from their duties related to the Debtors' wind-down efforts.  In addition, the

Debtors collect and hold certain outstanding tax liabilities in trust for the benefit of the applicable

Authorities, and these funds may not constitute property of the Debtors' estates; as such, there is

a strong legal basis for allowing the Debtors to remit these funds to the applicable Authorities on

a postpetition basis.  Moreover, unpaid Taxes and Fees may result in penalties, the accrual of

interest, or both.

**I.      Certain of the Taxes and Fees May Not Be Property of the Debtors' Estates.**

41.      Many of the Taxes and Fees are collected or withheld by the Debtors on behalf of

the applicable Authorities and are held in trust by the Debtors.  *See, e.g.*, I.R.C. § 7501 (stating that

certain taxes and fees are held in trust).  As such, these Taxes and Fees are not property of the

Debtors' estates under section 541 of the Bankruptcy Code.  *See, e.g.*, *Begier v. Internal Revenue*

*Serv.*, 496 U.S. 53, 57–60 (1990) (holding that any prepetition payment of trust fund taxes is not a

transfer subject to avoidance because such funds are not the debtor's property); *In re First*

*Pay, Inc.*, 773 F.3d 583, 590 (4th Cir. 2014) (same); *DuCharmes & Co. v. Mich.*

(*In re DuCharmes & Co.*), 852 F.2d 194 (6th Cir. 1988) (per curiam) (same); *In re Shank*,

792 F.2d 829, 833 (9th Cir. 1986) (sales tax required by state law to be collected by sellers from

their customers is a "trust fund" tax and not released by bankruptcy discharge); *DeChiaro v. N.Y.*

*State Tax Comm'n*, 760 F.2d 432, 435–36 (2d Cir. 1985) (same); *Rosenow v. Ill. Dept. of Revenue*

(*In re Rosenow*), 715 F.2d 277, 279–82 (7th Cir. 1983) (same); *W. Surety Co. v. Waite*

(*In re Waite*), 698 F.2d 1177, 1179 (11th Cir. 1983) (same).  The Debtors, therefore, generally do

not have an equitable interest in such funds, and they should be permitted to pay those funds to the Authorities as they become due.[11]

## II. Certain of the Taxes and Fees May Be Secured or Priority Claims Entitled to Special Treatment Under the Bankruptcy Code.

42. Claims for certain of the Taxes and Fees are or may be priority claims entitled to payment before general unsecured claims. *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment). Moreover, to the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Authorities may attempt to assess interest and penalties if such amounts are not paid. *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss"). Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code. Therefore, payment of certain of the Taxes and Fees at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors. Paying such Taxes and Fees likely will give Authorities no more than they otherwise would be entitled to under a chapter 11 plan and will save the Debtors the potential interest expense, legal expense, and penalties that might otherwise accrue on the Taxes and Fees during these chapter 11 cases. For the avoidance of doubt, the Debtors are not seeking to make any payments pursuant to this Motion for tax periods that would be older than those entitled to priority treatment.

43. Some of the Taxes and Fees may be entitled to secured status with respect to property owned by the Debtors. As secured claims, these Taxes and Fees would be entitled to

---

[11] For the avoidance of doubt, the Debtors hereby request authority to pay the Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

priority treatment if the Debtors sell the property to which Taxes and Fees relate when the Debtors

confirm a Chapter 11 plan. *See* 11 U.S.C. §§ 506(a), 1129(a)(9)(C); 1129(b)(2)(A) (requiring that

any plan of reorganization "crammed down" over a class of secured creditors pay those creditors

in full or allow those creditors to retain their liens). Moreover, such secured claims could accrue

interest if not timely paid. Thus, paying such secured Taxes and Fees only affects the timing of

the payments, may reduce the ultimate amount owed with respect to such Taxes and Fees, and

does not prejudice the rights of other creditors of the Debtors.

**III.     Paying the Taxes and Fees Is a Sound Exercise of the Debtors' Business Judgment.**

44.     Courts have recognized that it is appropriate to authorize the payment of prepetition

obligations where necessary to protect and preserve the estate. *See, e.g., In re Just for Feet, Inc.*,

242 B.R. 821, 825–26 (D. Del. 1999); *see also In re CoServ, L.L.C.*, 273 B.R. 487, 497

(Bankr. N.D. Tex. 2002); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175–76 (Bankr. S.D.N.Y.

1989); *Armstrong World Indus., Inc. v. James A. Phillips, Inc.*, 29 B.R. 391, 398 (S.D.N.Y. 1983).

In doing so, these courts acknowledge that several legal theories rooted in sections 105(a) and

363(b) of the Bankruptcy Code support the payment of prepetition claims.

45.     Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and

a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business,

property of the estate." 11 U.S.C. § 363(b)(1). Under this section, a court may authorize a debtor

to pay certain prepetition claims. *See In re Ionosphere Clubs, Inc.*, 98 B.R. at 175 (affirming lower

court order authorizing payment of prepetition wages pursuant to section 363(b) of the Bankruptcy

Code); *see also  In re Lehigh  &  New  England  Ry.  Co.*, 657  F.2d  570,  581  (3d Cir. 1981)

(recognizing the doctrine of necessity and authorizing the debtor to pay prepetition claims if such

payment was essential to the continued operation of the debtor); *In re Orion Refining Corp.*, 372

B.R. 688, 703 (Bankr. D. Del. 2007) (authorizing payment of prepetition claim of critical vendor

pursuant to section 363(b) of the Bankruptcy Code). To do so under section 363(b) of the Bankruptcy Code, courts require only that the debtor "show that a sound business purpose" justifies the proposed use of property. *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *see also In re Phx. Steel Corp.*, 82 B.R. 334, 335–36 (Bankr. D. Del. 1987); *see also Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070–71 (2d Cir. 1983) (requiring the debtor to show a "good business reason" to approve a sale pursuant to section 363(b)). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) ("Overcoming the presumptions of the business judgment rule on the merits is a near-Herculean task."). Thus, if a transaction satisfies the business judgment rule, it should be approved under section 363(b) of the Bankruptcy Code.

46. Furthermore, section 105(a) of the Bankruptcy Code provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, pursuant to the "doctrine of necessity." 11 U.S.C. § 105(a). The "doctrine of necessity" functions in a chapter 11 case as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code and further supports the relief requested herein. *See Lehigh*, 657 F.2d at 581 (holding that a court may authorize payment of prepetition claims if such payment is essential to the debtor's continued operation); *see also Just for Feet*, 242 B.R. 821 at 824–25 (holding that section 105(a) of the Bankruptcy Code "provides a statutory basis for payment of pre-petition claims" under the doctrine of necessity); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189,

20

191–92 (Bankr. D. Del. 1994) (explaining that the doctrine of necessity is the standard in the Third Circuit for enabling a court to authorize the payment of prepetition claims prior to confirmation of a reorganization plan).

47.     Moreover, the doctrine of necessity is designed to foster a debtor's rehabilitation, which courts have recognized is "the paramount policy and goal of Chapter 11." *See Ionosphere Clubs*, 98 B.R. at 176; *see also In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[P]ayment by a debtor-in-possession of pre-petition claims outside of a confirmed plan of reorganization is generally prohibited by the Bankruptcy Code," but "[a] general practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (approving payment of prepetition unsecured claims of toolmakers as "necessary to avert a serious threat to the Chapter 11 process"); *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285–86 (S.D.N.Y. 1987) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits).

48.     The Debtors' ability to pay the Taxes and Fees is critical to avoid interruptions to wind-down operations.  If certain Taxes and Fees remain unpaid, the Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby distracting these key personnel from wind-down efforts.  *See, e.g.*, *In re Am. Motor Club, Inc.*, 139 B.R. 578, 581–83 (Bankr. E.D.N.Y. 1992) (stating "[i]f the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax" and finding director personally liable for

unpaid taxes) (citing *United States v. Energy Res. Co.*, 495 U.S. 545, 547 (1990)). Any collection action on account of such claims, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest. The dedicated and active participation of the Debtors' officers and employees is integral to the Debtors' orderly and value-maximizing wind-down of their business.

49.     Furthermore, the Debtors' liability to pay the Taxes and Fees may ultimately result in increased tax liability for the Debtors if interest and penalties accrue on the claims for Taxes and Fees, which amounts may also be entitled to priority treatment. Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders. As noted above, many of the Taxes and Fees may be entitled to priority status pursuant to section 507(a)(8)(C) of the Bankruptcy Code. As priority claims, these obligations must be paid in full before any general unsecured obligations of the Debtors may be satisfied. To the extent that the Debtors are not able to timely pay the prepetition Taxes and Fees, they may ultimately be required to pay those amounts with additional interest and penalties. The Debtors' failure to pay the prepetition Taxes and Fees as they come due may, thus, ultimately increase the amount of priority claims held by the Authorities against the Debtors' estates, to the detriment of the Debtors' general unsecured creditors and other non-priority creditors. *See* 11 U.S.C. §§ 507(a)(8)(C) and 507(a)(8)(G). Accordingly, the Court should grant the Debtors authority to pay the prepetition Taxes and Fees as provided herein.

50.     Courts in this jurisdiction have often authorized payment of prepetition taxes under sections 105(a) and 363(b) of the Bankruptcy Code. *See, e.g.*, *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (authorizing debtors to pay prepetition taxes and fees in the ordinary course of business); *In re Lannett Company, Inc.*, No. 23-10559 (JKS) (Bankr. D.

Del. June 5, 2023) (same); *In re SIO2 Medical Products, Inc.*, No. 23-10366 (JTD) (Bankr. D. Del.

Apr. 24, 2023) (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Sept.

22, 2022) (same); *In re Riverbed Tech., Inc.*, No. 21-11503 (CTG) (Bankr. D. Del. Nov. 18, 2021)

(same).[12]

### Processing of Checks and Electronic Fund Transfers Should Be Authorized

51.     The Debtors have sufficient funds to pay the amounts described in this motion in

the ordinary course of business by virtue of access to cash on hand and anticipated access to

debtor-in-possession financing.  In addition, under the Debtors' existing cash management system,

the Debtors can readily identify checks or wire transfer requests as relating to any authorized

payment in respect of the relief requested herein.  Accordingly, the Debtors do not believe that

checks or wire transfer requests, other than those relating to authorized payments, will be

inadvertently honored.  Therefore, the Debtors request authority, but not direction, to authorize all

applicable financial institutions, when requested by the Debtors, to receive, process, honor, and

pay any and all checks or wire transfer requests in respect of the relief requested in this motion.

### The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

52.     Bankruptcy Rule 6003 empowers a court to grant certain relief within the first

twenty-one days after the petition date only "to the extent that relief is necessary to avoid

immediate and irreparable harm."  For the reasons discussed above, the Debtors believe an

immediate and orderly transition into chapter 11 is critical, and the failure to receive the requested

relief during the first twenty-one days of these chapter 11 cases could impact the Debtors'

operations at this important juncture.  The requested relief is necessary for  the Debtors to ensure

---

[12]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

successful implementation of wind-down operations, preserve the ongoing value of their operations, and maximize value of their estates for the benefit of all stakeholders.  The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003, and the Court should grant the requested relief.

### Reservation of Rights

53.      Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### **Waiver of Bankruptcy Rule 6004(a) and 6004(h)**

54.     To the extent that any aspect of the relief sought herein constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### **Notice**

55.     The Debtors will provide notice of this motion to:  (a) the United States Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) the DIP Agent and counsel thereto; (i) Milbank LLP, as counsel to certain investment funds and accounts managed by affiliates of Apollo Capital Management, L.P.; (j) the administrative and collateral agents under the B-2 Term Loan and counsel thereto; (k) the ABL Agent and counsel thereto; (l) White & Case LLP, as counsel to Beal Bank USA; (m) the administrative and collateral agents under the UST Credit Agreements and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; (o) the Taxing Authorities; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested, no other or further notice need be given.

## <u>No Prior Request</u>

56.     No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 7, 2023
Wilmington, Delaware

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com
                pkeane@pszjlaw.com
                ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (*pro hac vice* pending)
David Seligman, P.C. (*pro hac vice* pending)
Whitney Fogelberg (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                david.seligman@kirkland.com
                whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          allyson.smith@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

## INTERIM ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION AND POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtors to remit and pay (or use tax credits to offset) undisputed prepetition Taxes and Fees in the ordinary course of business; (b) scheduling a final hearing to consider approval of the Motion on a final basis; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at__:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023 and shall be served on:  (a) the Debtors, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.: General Counsel; (b) proposed counsel to the Debtors (i) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Patrick J. Nash Jr., P.C. (patrick.nash@kirkland.com), David Seligman P.C. (david.seligman@kirkland.com), and Whitney Fogelberg (whitney.fogelberg@kirkland.com); (ii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com); and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn.: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35,

Wilmington, Delaware 19801, Attn.: Jane Leamy (jane.m.leamy@usdoj.gov); and (d) any statutory committee appointed in these chapter 11 cases.

3.      The Debtors are authorized, but not directed, to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy the Taxes and Fees (including corresponding Assessments) that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business, at such time when the Taxes and Fees are payable; and (b) negotiate, pay and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis; *provided* that notwithstanding anything to the contrary herein or in the Motion, that in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under sections 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts; *provided*, *further* that such payments shall not exceed $5,037,000 million in the aggregate pending entry of a final order.

4.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

5.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

6.      Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

7.      The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

8.      The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

9.     Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

10.     Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

11.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Exhibit B**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

### FINAL ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN PREPETITION AND POSTPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Final Order"), (a) authorizing, but not directing, the Debtors to remit and pay (or use tax credits to offset) undisputed prepetition Taxes and Fees in the ordinary course of business; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to:  (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy the Taxes and Fees (including corresponding Assessments) that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the pendency of these chapter 11 cases, at such time when the Taxes and Fees are payable; and (b) negotiate, pay and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis; *provided* that notwithstanding anything to the contrary herein or in the Motion, that in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under sections 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts.

3.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

4.      The Debtors' rights to contest the validity or priority of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to any audits that have been completed, are in progress, or arise from prepetition periods.

5.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

6.      Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

7.       The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

8.       Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

9.       Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

10.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Exhibit C**

**Authorities**

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| ADA COUNTY TREASURER | PROPERTY TAX | 200 W FRONT ST<br>BOISE, ID 83702 |
| ADAMS COUNTY TAX COLLECTOR | PROPERTY TAX | 507 VERMONT ST<br>SUITE G12<br>QUINCY, IL 62301 |
| ADAMS COUNTY TREASURER | PROPERTY TAX | PO BOX 869<br>BRIGHTON, CO 80601 |
| ALABAMA DEPARTMENT OF REVENUE | SALES & USE TAX | 50 N RIPLEY ST<br>MONTGOMERY, AL 36130 |
| ALAMEDA COUNTY TREASURER | PROPERTY TAX | TREASURER AND TAX COLLECTOR<br>1221 OAK ST STE 131<br>OAKLAND, CA 94612 |
| ALLEGHENY COUNTY TREASURER | PROPERTY TAX | PO BOX 643385<br>PITTSBURGH, PA 15264 |
| ALLEN COUNTY TREASURER | PROPERTY TAX | P.O. BOX 2540<br>FORT WAYNE, IN 46801-2540 |
| ALLEN COUNTY TREASURER'S OFFICE | PROPERTY TAX | PO BOX 123<br>LIMA, OH 45802 |
| ANGELA EPOLITO TAX RECEIVER | PROPERTY TAX | 5400 BUTTERNUT DR<br>EAST SYRACUSE, NY 13057 |
| ARIZONA DEPARTMENT OF REVENUE - INCOME TAX DEPT | INCOME TAX | PO BOX 29079<br>PHOENIX, AZ 85038 |
| ARIZONA DEPARTMENT OF REVENUE - SALES AND USE TAX | SALES & USE TAX | PO BOX 29010<br>PHOENIX, AZ 85038 |
| ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION | PROPERTY TAX | P.O. BOX 1272 – ROOM 2380<br>LITTLE ROCK, AR 72203-0896 |
| AUGUSTA COUNTY TREASURER'S OFFICE | PROPERTY TAX | 18 GOVERNMENT CENTER LANE<br>PO BOX 590<br>VERONA, VA 24482 |
| BEDFORD COUNTY TRUSTEE (TN) | PROPERTY TAX | 102 NORTH SIDE SQUARE<br>SHELBYVILLE, TN 37160 |
| BENSALEM TOWNSHIP AUTHORITY | PROPERTY TAX | 2400 BYBERRY RD<br>BENSALEM, PA 19020 |
| BENSALEM TOWNSHIP COLLECTOR (BUCKS COUNTY) | PROPERTY TAX | 3750 HULMEVILLE ROAD<br>BENSALEM, PA 19020 |
| BERNALILLO COUNTY TREASURER | PROPERTY TAX | PO BOX 269<br>ALBUQUERQUE, NM 87103 |
| BETHLEHEM CSD | PROPERTY TAX | TAX PROCESSING UNIT<br>PO BOX 12905<br>ALBANY, NY 12212 |
| BEXAR COUNTY TAX ASSESSOR COLLECTOR | PROPERTY TAX | PO BOX 839950<br>SAN ANTONIO, TX 78283 |
| BIRCH RUN TOWNSHIP TREASURER | PROPERTY TAX | 8425 MAIN ST.<br>P.O. BOX 152<br>BIRCH RUN, MI 48415 |
| BLACKMAN CHARTER TOWNSHIP | PROPERTY TAX | 1990 WEST PARNALL ROAD<br>JACKSON, MI 49201-8612 |
| BOONE COUNTY COLLECTOR | PROPERTY TAX | 801 E WALNUT RM 118<br>COLUMBIA, MO 65201 |
| BOROUGH OF MILTON | PROPERTY TAX | NORTHUMBERLAND COUNTY, PA<br>2 FILBERT ST<br>MILTON, PA 17847 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| BOWIE COUNTY | PROPERTY TAX | PO BOX 967<br>NEW BOSTON, TX 75570 |
| BUENA VISTA CHARTER TOWNSHIP | PROPERTY TAX | 1160 S OUTER DR<br>SAGINAW, MI 48601 |
| BUFFALO COUNTY TREASURER | PROPERTY TAX | 1512 CENTRAL AVE<br>KEARNEY, NE 68847 |
| BUTLER COUNTY OF OHIO | PROPERTY TAX | 315 HIGH ST<br>10TH FL<br>HAMILTON, OH 45011 |
| BYRON TOWNSHIP TREASURER | PROPERTY TAX | 8085 BYRON CENTER AVENUE SW<br>BYRON CENTER, MI 49315 |
| BYRON TOWNSHIP WATER & SEWER | PROPERTY TAX | 8085 BYRON CENTER AVE SW<br>PO BOX 264<br>BYRON CENTER, MI 49315 |
| CADDO PARISH TAX COLLECTOR | PROPERTY TAX | PO BOX 20905<br>SHREVEPORT, LA 71120 |
| CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION | SALES & USE TAX | 3321 POWER INN ROAD, SUITE 210<br>SACRAMENTO, CA 95826 |
| CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION - ENVIRONMENTAL | ENVIRONMENTAL LICENSE & PERMITS | 3321 POWER INN ROAD, SUITE 130<br>SACRAMENTO, CA 95826 |
| CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION, STATE BOARD OF EQUALIZATION | BUSINESS LICENSE & PERMITS;<br>ENVIRONMENTAL LICENSE & PERMITS;<br>SALES & USE TAX | PO BOX 942879<br>SACRAMENTO, CA 94279 |
| CANADA REVENUE AGENCY | INCOME TAX | 555 MACKENZIE AVENUE<br>OTTAWA, ON K1A 0L5 CANADA |
| CARROLLTON-FARMERS BRANCH INDEPENDENT SCHOOL DISTRICT | PROPERTY TAX | TAX ASSESSOR COLLECTOR<br>1445 NORTH PERRY RD<br>CARROLLTON, TX 75011 |
| CASS COUNTY GOVERNMENT | PROPERTY TAX | 211 9TH ST S<br>FARGO, ND 58103 |
| CATOOSA COUNTY TAX COMMISSIONER | PROPERTY TAX | 93 ROBIN RD<br>RINGGOLD, GA 30736 |
| CENTRAL APPRAISAL DISTRICT OF TAYLOR COUNTY | PROPERTY TAX | 1534 S TREADAWAY<br>P O BOX 1800<br>ABILENE, TX 79604 |
| CENTRO DE RECAUDACION DE INGRESOS MUNICIPALES (CRIM) | PROPERTY TAX;<br>SALES & USE TAX | PO BOX 195387<br>SAN JUAN, PR 00919 |
| CERRO GORDO RECORDER OF DEEDS | PROPERTY TAX | 220 N WASHINGTON<br>MASON CITY, IA 50401 |
| CHESTERFIELD COUNTY TREASURER DEPT | PROPERTY TAX | PO BOX 26585<br>RICHMOND, VA 23285 |
| CHIPPEWA COUNTY TREASURER | PROPERTY TAX | 711 N BRIDGE ST<br>CHIPPEWA FALLS, WI 54729 |
| CINNAMINSON TOWNSHIP TAX COLLECTOR | PROPERTY TAX | 1621 RIVERTON RD<br>CINNAMINSON, NJ 08077 |
| CITY AND COUNTY OF SAN FRANCISCO | PROPERTY TAX | TREASURER TAX COLLECTOR<br>PO BOX 7426<br>SAN FRANCISCO, CA 94120 |
| CITY OF ALEXANDRIA | PROPERTY TAX | PO BOX 71<br>ALEXANDRIA, LA 71309 |
| CITY OF ALTOONA | PROPERTY TAX | 1301 TWELFTH ST<br>ALTOONA, PA 16601 |
| CITY OF AURORA | SALES & USE TAX | 15151 E ALAMEDA PARKWAY<br>LICENSING SECTION, STE 1100<br>AURORA, CO 80012 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| CITY OF BALTIMORE | PROPERTY TAX | DIRECTOR OF FINANCE BALTIMORE<br>PO BOX 17535<br>BALTIMORE, MD 21297 |
| CITY OF BELLINGHAM | BUSINESS & OCCUPATION TAX | FINANCE DIRECTOR<br>PO BOX V<br>BELLINGHAM, WA 98227 |
| CITY OF BIRMINGHAM | SALES & USE TAX | PO BOX 10566<br>BIRMINGHAM, AL 35296 |
| CITY OF BOWLING GREEN | PROPERTY TAX | PO BOX 1410<br>BOWLING GREEN, KY 42102 |
| CITY OF BROUSSARD | BUSINESS LICENSE & PERMITS | 310 E MAIN ST<br>BROUSSARD, LA 70518 |
| CITY OF BUFFALO, NY | PROPERTY TAX | 65 NIAGARA SQ<br>ROOM 121<br>BUFFALO, NY 14202 |
| CITY OF BURNABY | PROPERTY TAX | BURNABY CITY HALL<br>4949 CANADA WAY<br>BURNABY, BC V5G 1M2 CANADA |
| CITY OF CALGARY | INCOME TAX;<br>PROPERTY TAX | PO BOX 2900 STN M<br>CALGARY, AB T2P 3A7 CANADA |
| CITY OF CHARLOTTE | VEHICLE USE TAX | PO BOX 31032<br>CHARLOTTE, NC 28231 |
| CITY OF CHESAPEAKE | PROPERTY TAX | PO BOX 1606<br>CHESAPEAKE, VA 23327 |
| CITY OF COMMERCE CITY | SALES & USE TAX | 8602 ROSEMARY ST<br>COMMERCE CITY, CO 80022 |
| CITY OF CRANSTON TAX COLLECTOR | PROPERTY TAX | PO BOX 1177<br>CRANSTON, RI 02901 |
| CITY OF DANVILLE | FUEL TAX;<br>PROPERTY TAX | 17 W MAIN ST<br>DANVILLE, IL 61832 |
| CITY OF DECATUR | FUEL TAX | #1 GARY K ANDERSON PLAZA<br>DECATUR, IL 62523 |
| CITY OF DORVAL | PROPERTY TAX | 60 AVENUE MARTIN<br>DORVAL, QC H9S-3R4 CANADA |
| CITY OF EAGLE PASS | PROPERTY TAX | 100 S MONROE ST<br>EAGLE PASS, TX 78852 |
| CITY OF EDMONTON | PROPERTY TAX | PO BOX 1982<br>EDMONTON, AB T5J 3X5 CANADA |
| CITY OF EVERETT | BUSINESS & OCCUPATION TAX | 3028 WETMORE AVENUE<br>EVERETT, WA 98201 |
| CITY OF GOODLETTSVILLE | PROPERTY TAX | 105 SOUTH MAIN STREET<br>GOODLETTSVILLE, TN 37072 |
| CITY OF HOLLAND CITY TREASURERS OFFICE | PROPERTY TAX | CITY TREASURER'S OFFICE<br>270 S. RIVER AVENUE<br>HOLLAND, MI 49423-3299 |
| CITY OF JOLIET, IL | FUEL TAX | 150 W JEFFERSON<br>JOLIET, IL 60432 |
| CITY OF KENT | BUSINESS & OCCUPATION TAX | PO BOX 84665<br>SEATTLE, WA 98124 |
| CITY OF KINGSPORT | PROPERTY TAX | 225 WEST CENTER ST<br>KINGSPORT, TN 37660 |
| CITY OF KNOXVILLE | PROPERTY TAX | PO BOX 15001<br>KNOXVILLE, TN 37901 |
| CITY OF LAREDO TAX OFFICE | PROPERTY TAX | PO BOX 6548<br>LAREDO, TX 78042 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| CITY OF LIBERAL | PROPERTY TAX | 325 N WASHINGTON AVE<br>PO BOX 2199<br>LIBERAL, KS 67901 |
| CITY OF LONGVIEW | BUSINESS & OCCUPATION TAX | PO BOX 128<br>LONGVIEW, WA 98632 |
| CITY OF MADISON TREASURER | PROPERTY TAX | PO BOX 2999<br>MADISON, WI 53701 |
| CITY OF MANASSAS | PROPERTY TAX | PO BOX 512<br>MANASSAS, VA 20108 |
| CITY OF MARIETTA | PROPERTY TAX | PO BOX 609<br>MARIETTA, GA 30061 |
| CITY OF MCALLEN | PROPERTY TAX | PO BOX 220<br>MCALLEN, TX 78505 |
| CITY OF MEMPHIS TREASURER | PROPERTY TAX | PO BOX 185<br>MEMPHIS, TN 38101 |
| CITY OF MILLVILLE | PROPERTY TAX | COLLECTOR OF TAXES<br>PO BOX 609<br>MILLVILLE, NJ 08332 |
| CITY OF MILWAUKEE - OFFICE OF THE CITY TREASURER | PROPERTY TAX | PO BOX 78776<br>MILWAUKEE, WI 53278-0776 |
| CITY OF MOBILE | SALES & USE TAX | PO BOX 2745<br>MOBILE, AL 36652 |
| CITY OF MONTGOMERY | SALES & USE TAX | PO BOX 830469<br>BIRMINGHAM, AL 35283 |
| CITY OF NEW ORLEANS | PROPERTY TAX;<br>SALES & USE TAX | 1300 PERDIDO ST<br>NEW ORLEANS, LA 70112 |
| CITY OF OAK CREEK | PROPERTY TAX | 8640 S HOWELL AVE<br>OAK CREEK, WI 53154 |
| CITY OF OLYMPIA | BUSINESS LICENSE & PERMITS | PO BOX 1967<br>OLYMPIA, WA 98507 |
| CITY OF PADUCAH | PROPERTY TAX | FINANCE OFFICE<br>PO BOX 2697<br>PADUCAH, KY 42002 |
| CITY OF PONTIAC | PROPERTY TAX | PO BOX 77000<br>DETROIT, MI 48277 |
| CITY OF REGINA | PROPERTY TAX | PO BOX 5022<br>REGINA, SK S4P 4J3 CANADA |
| CITY OF ROCKY MOUNT | PROPERTY TAX | PO BOX 1180<br>ROCKY MOUNT, NC 27802 |
| CITY OF ROMULUS TREASURER | PROPERTY TAX | 11111 WAYNE ROAD<br>ROMULUS, MI 48174-1485 |
| CITY OF SASKATOON | PROPERTY TAX | BOX 7030<br>SASKATOON, SK S7K-8E3 CANADA |
| CITY OF SAVANNAH TREASURER | PROPERTY TAX | PO BOX 1228<br>SAVANNAH, GA 31402 |
| CITY OF SCRANTON | PROPERTY TAX | PO BOX 20111<br>SCRANTON, PA 18502 |
| CITY OF SEATTLE | BUSINESS & OCCUPATION TAX;<br>BUSINESS LICENSE & PERMITS | PO BOX 34904<br>SEATTLE, WA 98124 |
| CITY OF SHREVEPORT | PROPERTY TAX | PO BOX 30168<br>SHREVEPORT, LA 71130 |
| CITY OF ST LOUIS | PROPERTY TAX | PO BOX 66787<br>SAINT LOUIS, MO 63166 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| CITY OF TACOMA | BUSINESS & OCCUPATION TAX | TAX & LICENSE DIVISION<br>747 MARKET ST, RM 248<br>TACOMA, WA 98402 |
| CITY OF TAYLOR | PROPERTY TAX | PO BOX 335<br>TAYLOR, MI 48180 |
| CITY OF TORONTO | PROPERTY TAX | REVENUE SERVICES<br>5100 YONGE ST<br>TORONTO, ON M2N 5V7 CANADA |
| CITY OF TUCSON | SALES & USE TAX | FINANCE DEPT REVENUE DIV<br>255 W ALAMEDA<br>TUCSON, AZ 85701 |
| CITY OF WESTBROOK | PROPERTY TAX | 2 YORK ST<br>WESTBROOK, ME 04092 |
| CITY OF WOODSTOCK | PROPERTY TAX | PO BOX 40<br>WOODSTOCK, ON N4S-7W5 CANADA |
| CITY OF WYOMING | PROPERTY TAX | 1155 28TH ST SW<br>P O BOX 905<br>WYOMING, MI 49509 |
| CITY TREASURER - TOMAH | PROPERTY TAX | 819 SUPERIOR AVENUE<br>TOMAH, WI 54660 |
| CITY TREASURER OF ERIE | PROPERTY TAX | 626 STATE ST RM 104<br>ERIE, PA 16501 |
| CLARK COUNTY TREASURER & TAX | PROPERTY TAX | 500 S GRAND CENTRAL PARKWAY, 1ST FLOOR<br>PO BOX 551401<br>LAS VEGAS, NV 89155 |
| CLAYTON COUNTY TAX COMMISSIONER | PROPERTY TAX | ADMIN ANNEX 3 2ND FLOOR<br>121 S.MCDONOUGH ST.<br>JONESBORO, GA 30236 |
| COBB COUNTY TAX COMMISSIONER | PROPERTY TAX | PO BOX 100127<br>MARIETTA, GA 30061 |
| COCONINO COUNTY TREASURER | PROPERTY TAX | 110 E CHERRY<br>FLAGSTAFF, AZ 86001 |
| COLORADO DEPARTMENT OF REVENUE | SALES & USE TAX | STATE CAPITOL ANNEX<br>1375 SHERMAN ST<br>DENVER, CO 80261 |
| COLUMBIA COUNTY GEORGIA | PROPERTY TAX | PO BOX 56<br>APPLING, GA 30802 |
| COMITE DE GESTION DE LA TAXE SCOLAIRE DE L'ILE DE MONTREAL | PROPERTY TAX | DE LA TAXE SCOLAIRE<br>CP 11071, SUCC CENTRE-VILLE<br>MONTREAL, QC H3C-5A9 CANADA |
| COMMISSION SCOLAIRE DES HAUTS-CANTONS | PROPERTY TAX | 308 RUE PALMER<br>EAST ANGUS, QC J0B 1R0 CANADA |
| COMMISSIONER OF TAXATION & FINANCE | STATE MILEAGE TAX; WEIGHT / DISTANCE TAX | NYS TAX DEPT RPC-HUT<br>PO BOX 15166<br>ALBANY, NY 12212 |
| COMMONWEALTH OF PENNSYLVANIA | IFTA FUEL TAX | 1171 S CAMERON ST, SUITE 103<br>HARRISBURG, PA 17104 |
| COOK COUNTY ASSESSOR'S OFFICE | PROPERTY TAX | 118 NORTH CLARK STATE<br>THIRD FLOOR, ROOM #320<br>CHICAGO, IL 60602 |
| COUNTY OF IMPERIAL TAX COLLECTOR | PROPERTY TAX | 940 WEST MAIN ST 106<br>EL CENTRO, CA 92243 |
| COUNTY OF LEXINGTON | PROPERTY TAX | OFFICE OF TREASURER<br>PO BOX 3000<br>LEXINGTON, SC 29071-3000 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| COUNTY OF MOBILE | SALES & USE TAX | PO BOX 2207<br>MOBILE, AL 36652 |
| COUNTY OF SANTA BARBARA | PROPERTY TAX | TREASURER TAX COLLECTOR<br>PO BOX 579<br>SANTA BARBARA, CA 93102 |
| COUNTY OF SANTA CLARA | PROPERTY TAX | 70 W HEDDING STREET<br>EAST WING, 6TH FLOOR<br>SAN JOSE, CA 95110 |
| COUNTY OF SANTA CRUZ | PROPERTY TAX | 2150 N CONGRESS DR<br>NOGALES, AZ 85621 |
| COUNTY OF ST LOUIS | PROPERTY TAX | 100 NORTH 5TH AVENUE W<br>DULUTH, MN 55802 |
| COUNTY OF WASHINGTON | PROPERTY TAX | PROPERTY TAX PAYMENT CENTER<br>PO BOX 3587<br>PORTLAND, OR 97208 |
| COUNTY TREASURERS' OFFICE | PROPERTY TAX | BOX 878<br>CHARLESTON, SC 29402 |
| CUMBERLAND COUNTY TAX | PROPERTY TAX | PO BOX 1070<br>CHARLOTTE, NC 28201 |
| CUMBERLAND FIRE DISTRICT | PROPERTY TAX | 3502 MENDON ROAD<br>CUMBERLAND, RI 02864 |
| CUMBERLAND TOWN TAX COLLECTOR | PROPERTY TAX | PO BOX 1595<br>PROVIDENCE, RI 02901 |
| CUMBERLAND VALLEY SCHOOL DISTRICT - HAMPDEN | PROPERTY TAX | 21 WATERFORD DRIVE<br>SUITE 201<br>MECHANICSBURG, PA 17050 |
| CUYAHOGA COUNTY TREASURER | PROPERTY TAX | CUYAHOGA COUNTY TREASURER<br>P.O. BOX 94547<br>CLEVELAND, OH 44101-4547 |
| DADE COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 025218<br>MIAMI, FL 33102 |
| DAKOTA COUNTY PROPERTY TAXATION & RECORDS | PROPERTY TAX | 1590 HIGHWAY 55<br>HASTINGS, MN 55033 |
| DALLAS COUNTY | PROPERTY TAX | TAX ASSESSOR COLLECTOR<br>PO BOX 139066<br>DALLAS, TX 75313 |
| DARLINGTON COUNTY | PROPERTY TAX | 1 PUBLIC SQ RM 210<br>DARLINGTON, SC 29532 |
| DESCHUTES COUNTY ASSESSOR'S OFFICE | PROPERTY TAX | 1300 NW WALL STREET, 2ND FLOOR<br>BEND, OR 97703 |
| DESOTO COUNTY TAX COLLECTOR | PROPERTY TAX | 365 LOSHER STREET<br>HERNANDO, MS 38632 |
| DORRANCE TOWNSHIP TAX COLLECTOR | PROPERTY TAX | 548 DEERE RUN LANE<br>WAPWALLOPEN, PA 18660 |
| DOUGHERTY COUNTY TAX COMMISSIONER | PROPERTY TAX | PO BOX 1827<br>ALBANY, GA 31702 |
| DOUGLAS COUNTY NEBRASKA | PROPERTY TAX | 1819 FARNAM ST RM H-03<br>OMAHA, NE 68183 |
| DOUGLAS COUNTY TAX COLLECTOR | PROPERTY TAX | P. O. BOX 8403<br>MEDFORD, OR 97501 |
| DOUGLAS COUNTY TREASURER | PROPERTY TAX | PO BOX 609<br>WATERVILLE, WA 98858 |
| EAGLE PASS INDEPENDENT SCHOOL DISTRICT | PROPERTY TAX | PO BOX 1530<br>EAGLE PASS, TX 78853 |
| EL PASO COUNTY TREASURER | PROPERTY TAX | PO BOX 2018<br>COLORADO SPRINGS, CO 80901 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| EL PASO TAX ASSESSOR COLLECTOR | PROPERTY TAX | PO BOX 660271<br>DALLAS, TX 75266 |
| ELKO COUNTY TREASURER | PROPERTY TAX | 571 IDAHO ST, STE 101<br>ELKO, NV 89801 |
| FISCAL OFFICER COUNTY OF SUMMIT | PROPERTY TAX | 175 S MAIN ST, RM 310<br>AKRON, OH 44308 |
| FLORIDA DEPARTMENT OF REVENUE | SALES & USE TAX | 5050 W TENNESSEE ST<br>TALLAHASSEE, FL 32399 |
| FORSYTH COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 70844<br>CHARLOTTE, NC 28272 |
| FRANKLIN COUNTY BOARD OF COMMISSIONERS | PROPERTY TAX | ATTN: RICHARD CORDRAY<br>373 S. HIGH STREET, 17TH FL<br>COLUMBUS, OH 43215-6306 |
| FRANKLIN COUNTY TREASURER | PROPERTY TAX | 1016 N 4TH AVE<br>PASCO, WA 99301 |
| FRANKLIN COUNTY TREASURER (OH) | PROPERTY TAX | 373 S HIGH ST 17TH FL<br>COLUMBUS, OH 43215 |
| FRESNO COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 1192<br>FRESNO, CA 93715 |
| FULTON COUNTY, GA | PROPERTY TAX | 141 PRYOR STREET, SW<br>ATLANTA, GA 30303 |
| GALLATIN COUNTY TREASURER | PROPERTY TAX | 311 WEST MAIN ST<br>BOZEMAN, MT 59715 |
| GALLIA COUNTY TREASURER | PROPERTY TAX | STEVE MCGHEE - TREASURER<br>18 LOCUST ST, ROOM 1291<br>GALLIPOLIS, OH 45631-1291 |
| GAYLORD CITY TREASURER | PROPERTY TAX | 305 EAST MAIN STREET<br>GAYLORD, MI 49735 |
| GEORGIA DEPARTMENT OF REVENUE | SALES & USE TAX | PROCESSING CENTER<br>PO BOX 740317<br>ATLANTA, GA 30374 |
| GRAYSON COUNTY ASSESSOR | PROPERTY TAX | AND COLLECTOR OF TAXES<br>PO BOX 2107<br>SHERMAN, TX 75091 |
| GREENE COUNTY TAX COLLECTOR | PROPERTY TAX | 940 BOONVILLE<br>SPRINGFIELD, MO 65802 |
| GREENVILLE COUNTY TAX COLLECTOR | PROPERTY TAX | DEPARTMENT 390<br>PO BOX 100221<br>COLUMBIA, SC 29202-3221 |
| GUILFORD COUNTY TAX DEPT | PROPERTY TAX | PO BOX 71072<br>CHARLOTTE, NC 28272-1072 |
| HAMILTON TOWNSHIP TAX COLLECTOR (ATLANTIC) | PROPERTY TAX | DIV OF REV COLLECTION 2090 GREENWOOD AVE<br>PO BOX 00150<br>HAMILTON TOWNSHIP, NJ 08609 |
| HAMPDEN TOWNSHIP | PROPERTY TAX | 230 S SPORTING HILL RD<br>MECHANICSBURG, PA 17050 |
| HARRIS COUNTY TAX ASSESSOR | PROPERTY TAX | PO BOX 4622<br>HOUSTON, TX 77210 |
| HARRISON COUNTY TAX COLLECTOR | PROPERTY TAX | 301 W MAIN ST<br>CLARKSBURG, WV 26301 |
| HATFIELD TOWNSHIP TAX COLLECTOR | PROPERTY TAX | 2000 SCHOOL RD<br>HATFIELD, PA 19440 |
| HAWAII STATE TAX COLLECTOR | EXCISE TAX;<br>SALES & USE TAX | OAHU DISTRICT OFFICE<br>PO BOX 1425<br>HONOLULU, HI 96806 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| HENNEPIN COUNTY | PROPERTY TAX | A-600 GOVERNMENT CENTER<br>300 SOUTH 6TH STREET<br>MINNEAPOLIS, MN 55487 |
| HIDALGO COUNTY TAX ASSESSOR / COLLECTOR | PROPERTY TAX | PO BOX 178<br>EDINBURG, TX 78540 |
| HILLSBOROUGH COUNTY TAX | PROPERTY TAX | PO BOX 172920<br>TAMPA, FL 33672 |
| HONOLULU CITY AND COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 4200<br>HONOLULU, HI 96812 |
| HOWARD COUNTY DIRECTOR FINANCE | PROPERTY TAX | 3430 COURTHOUSE DRIVE<br>ELLICOTT CITY, MD 21043 |
| HUMBOLDT COUNTY TAX COLLECTOR | PROPERTY TAX | 825 FIFTH ST<br>EUREKA, CA 95501 |
| IDAHO STATE TAX COMMISSION | SALES & USE TAX | P O BOX 70012<br>BOISE, ID 83707 |
| ILLINOIS DEPARTMENT OF REVENUE | SALES & USE TAX | PO BOX 19034<br>SPRINGFIELD, IL 62794 |
| INDIANA DEPARTMENT OF REVENUE | SALES & USE TAX | PO BOX 7218<br>INDIANAPOLIS, IN 46207 |
| INDIANA DEPARTMENT OF REVENUE - MOTOR VEHICLES SERVICES | IFTA FUEL TAX | 7811 MILLHOUSE RD<br>INDIANAPOLIS, IN 46241-9612 |
| INTERNAL REVENUE SERVICE | INCOME TAX | ATTN: EIN OPERATION<br>CINCINNATI, OH 45999 |
| INTERNAL REVENUE SERVICE - EXCISE TAX DIVISION | EXCISE TAX | PO BOX 93500<br>LOUISVILLE, KY 40293-2500 |
| IRVING ISD TAX OFFICE | PROPERTY TAX | 2621 W AIRPORT FWY<br>PO BOX 152021<br>IRVING, TX 75015 |
| JACKSON COUNTY AUD./TREAS. | PROPERTY TAX | P.O. BOX 226<br>JACKSON, MN 56143-0226 |
| JACKSON COUNTY PAYMENT CTR | PROPERTY TAX | PO BOX 5020<br>PORTLAND, OR 97208 |
| JACKSON COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 219747<br>KANSAS CITY, MO 64121 |
| JASPER COUNTY COLLECTOR | PROPERTY TAX | PO BOX 421<br>CARTHAGE, MO 64836-0421 |
| JEFFERSON COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 2112<br>BEAUMONT, TX 77704 |
| JEFFERSON COUNTY, ALABAMA | PROPERTY TAX;<br>SALES & USE TAX | ROOM 160 COURTHOUSE<br>716 RICHARD ARRINGTON JR BLVD N<br>BIRMINGHAM, AL 35203 |
| JOHNSON COUNTY TREASURER, KANSAS | PROPERTY TAX | 111 SOUTH CHERRY ST, SUITE 1200<br>OLATHE, KS 66061 |
| JOHNSON COUNTY TREASURER, WYOMING | PROPERTY TAX | 76 NORTH MAIN ST RM 102<br>BUFFALO, WY 82834 |
| KANSAS DEPT OF REVENUE | EXCISE TAX;<br>IFTA FUEL TAX | STATE OFFICE BLDG<br>PO BOX 750680<br>TOPEKA, KS 66625 |
| KANSAS DEPT OF REVENUE - SALES AND USE TAX | SALES & USE TAX | 915 SW HARRISON ST<br>TOPEKA, KS 66625 |
| KANSAS DEPT OF REVENUE - WITHHOLDING TAX | WITHHOLDING TAX | TAX STATE OFFICE BLDG, RECORDS PROCESSING WITHHOLDING<br>PO BOX 3506<br>TOPEKA, KS 66625 |
| KENT COUNTY TREASURERS OFFICE | PROPERTY TAX | COUNTY ADMIN BLDG<br>300 MONROE AVE NW<br>GRAND RAPIDS, MI 49503 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| KENTUCKY DEPARTMENT OF REVENUE | SALES & USE TAX | DIVISION OF SALES AND USE TAX STATION 67, PO BOX 181 FRANKFORT, KY 40602 |
| KENTUCKY STATE TREASURER | STATE MILEAGE TAX; WEIGHT / DISTANCE TAX | DEPT OF VEHICLE REGULATION PO BOX 2004 FRANKFORT, KY 40602 |
| KERN COUNTY TREASURER AND TAX COLLECTOR | PROPERTY TAX | PAYMENT CENTER PO BOX 541004 LOS ANGELES, CA 90054 |
| KERN DELTA WATER DISTRICT | PROPERTY TAX | 501 TAFT HIGHWAY BAKERSFIELD, CA 93307 |
| KING COUNTY FINANCE | PROPERTY TAX | KING COUNTY TREASURY DIVISION 500 FOURTH AVE #600 SEATTLE, WA 98104 |
| KING COUNTY TREASURY | PROPERTY TAX | 201 S JACKSON ST #710 SEATTLE, WA 98104 |
| KNOX COUNTY TRUSTEE | PROPERTY TAX | PO BOX 70 KNOXVILLE, TN 37901 |
| LA CITY CLERK SUNSET & VINE BID | PROPERTY TAX | 200 N SPRING ST, ROOM 360 LOS ANGELES, CA 90012 |
| LA CROSSE CITY TREASURER | PROPERTY TAX | 400 LA CROSSE ST LA CROSSE, WI 54601 |
| LANE COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 3014 PORTLAND, OR 97208 |
| LARAMIE COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 125 CHEYENNE, WY 82003 |
| LEBANON COUNTY | PROPERTY TAX | SPECIAL OPERATIONS & HAZMAT TEAM 400 S 8TH ST RM 12 LEBANON, PA 17042 |
| LEE COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 271 TUPELO, MS 38802 |
| LITTLE ROCK DEPARTMENT OF FINANCE | PROPERTY TAX | MISCELLANEOUS TAX SECTION PO BOX 896, RM 2340 LITTLE ROCK, AR 72203 |
| LITTLE ROCK DEPARTMENT OF FINANCE & ADMIN | SALES & USE TAX | PO BOX 896 ROOM 230 PO BOX 3861 LITTLE ROCK, AR 72203 |
| LOGAN COUNTY COLLECTOR | PROPERTY TAX | PO BOX 400 LINCOLN, IL 62656 |
| LOS ANGELES COUNTY AUDITOR - CONTROLLER, PROPERTY TAX SERVICES DIVISION | PROPERTY TAX | 500 WEST TEMPLE STREET, ROOM 153 LOS ANGELES, CA 90012 |
| LOUISIANA DEPARTMENT OF REVENUE AND TAXATION | SALES & USE TAX | PO BOX 91011 BATON ROUGE, LA 70821 |
| LUBBOCK CENTRAL APPRAISAL DISTRICT | PROPERTY TAX | 1715 26TH ST P O BOX 10568 LUBBOCK, TX 79408 |
| LUCAS COUNTY TREASURER | PROPERTY TAX | ONE GOVERNMENT CTR #500 TOLEDO, OH 43604 |
| MACON-BIBB COUNTY TAX COMMISSIONER | PROPERTY TAX | PO BOX 4724 MACON, GA 31213 |
| MADISON COUNTY | PROPERTY TAX | 100 E MAIN JACKSON, TN 38301 |
| MADISON COUNTY TREASURER | PROPERTY TAX | KURT PRENZLER PO BOX 849 EDWARDSVILLE, IL 62025-0849 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| MAHONING COUNTY TREASURER | PROPERTY TAX | 120 MARKET ST<br>YOUNGSTOWN, OH 44503 |
| MAINE REVENUE SERVICES | SALES & USE TAX | PO BOX 9101<br>PO BOX 9112<br>AUGUSTA, ME 04332-9101 |
| MARATHON COUNTY TREASURER | PROPERTY TAX | AUDREY JENSEN<br>500 FORREST ST.<br>WAUSAU, WI 54403-5568 |
| MARICOPA COUNTY TREASURER | PROPERTY TAX | PO BOX 52133<br>PHOENIX, AZ 85072 |
| MARION COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 970<br>OCALA, FL 34478 |
| MARION COUNTY TREASURER | PROPERTY TAX | PO BOX 6145<br>INDIANAPOLIS, IN 46206 |
| MARYLAND COMPTROLLER OF TREASURY | PROPERTY TAX;<br>SALES & USE TAX | 110 CARROLL ST<br>ANNAPOLIS, MD 21411 |
| MASSACHUSETTS DEPARTMENT OF REVENUE | SALES & USE TAX | PO BOX 7012<br>BOSTON, MA 02204 |
| MAVERICK COUNTY TAX OFFICE | PROPERTY TAX | 370 N MONROE<br>PO BOX 3<br>EAGLE PASS, TX 78852 |
| MCCRACKEN COUNTY SHERIFF | PROPERTY TAX | COUNTY COURTHOUSE<br>300 CLARENCE GAINES ST<br>PADUCAH, KY 42003 |
| MCLENNAN COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 406<br>WACO, TX 76703 |
| MECKLENBURG COUNTY TAX COLLECTOR | PROPERTY TAX | VALERIE C. WOODARD CENTER<br>3205 FREEDOM DR., SUITE 3000<br>CHARLOTTE, NC 28208 |
| MESA COUNTY TREASURER | PROPERTY TAX | PO BOX 2086<br>ENGLEWOOD, CO 80110 |
| MESQUITE CITY SCHOOL DISTRICT | PROPERTY TAX | PO BOX 850267<br>MESQUITE, TX 75185 |
| METROPOLITAN TRUSTEE NASHVILLE | PROPERTY TAX | P.O. BOX 305012<br>NASHVILLE, TN 37230-5012 |
| MIDDLESEX TOWNSHIP COLLECTOR-CUMBERLAND | PROPERTY TAX | 152 FIELDSTONE DRIVE<br>CARLISLE, PA 17013 |
| MILLVILLE CITY TAX COLLECTOR | PROPERTY TAX | 12 S. HIGH ST.<br>P.O. BOX 609<br>MILLVILLE, NJ 08332 |
| MINISTER OF FINANCE (MANITOBA) | IFTA FUEL TAX | 100 - 373 BROADWAY AVE<br>WINNIPEG, MB R3C 4S4 CANADA |
| MINNESOTA DEPARTMENT OF REVENUE | SALES & USE TAX | P.O. BOX 64622<br>ST. PAUL, MN 55164 |
| MISSOULA COUNTY TREASURER | PROPERTY TAX | 200 W BROADWAY<br>MISSOULA, MT 59802 |
| MISSOURI DEPARTMENT OF REVENUE | SALES & USE TAX | SALES & USE TAX<br>PO BOX 840<br>JEFFERSON CITY, MO 65105 |
| MOBILE COUNTY REVENUE COMMISSIONER, TAX ASSESSOR | PROPERTY TAX | 3925 MICHAEL BLVD, SUITE G<br>MOBILE, AL 36609 |
| MOHAVE COUNTY TREASURER | PROPERTY TAX | PO BOX 712<br>KINGMAN, AZ 86402 |
| MONROE COUNTY TREASURER | PROPERTY TAX | PO BOX 14420<br>ROCHESTER, NY 14614 |
| MONTGOMERY CITY REVENUE COMMISSIONER | PROPERTY TAX | PO BOX 1667<br>MONTGOMERY, AL 36102 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| MONTGOMERY COUNTY COMMISSION | SALES & USE TAX | PO BOX 830469<br>BIRMINGHAM, AL 35283 |
| MONTGOMERY COUNTY TREASURER | PROPERTY TAX | 451 W THIRD ST<br>PO BOX 817600<br>DAYTON, OH 45422-0475 |
| MORGAN COUNTY TAX COLLECTOR | PROPERTY TAX | 302 LEE STREET, NE<br>P.O. BOX 696<br>DECATUR, AL 35602 |
| MORRILL COUNTY TREASURER | PROPERTY TAX | PO BOX G<br>BRIDGEPORT, NE 69336 |
| MOSINEE CITY TREASURER | PROPERTY TAX | 225 MAINT ST<br>MOSINEE, WI 54455-1498 |
| MOUNT VERNON CONTROLLERS OFFICE | PROPERTY TAX | PO BOX 1006<br>MOUNT VERNON, NY 10551 |
| MUHLENBERG TOWNSHIP TAX COLLECTOR | PROPERTY TAX | 210 GEORGE STREET<br>READING, PA 19605 |
| MULTNOMAH COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 2716<br>PORTLAND, OR 97208 |
| MUNICIPALITE DE DIXVILLE | PROPERTY TAX | 251 CH PARKER<br>DIXVILLE, QC J0B 1P0 CANADA |
| NASH COUNTY TAX COLLECTOR | PROPERTY TAX | NASH COUNTY OFFICE BLDG<br>120 W WASHINGTON ST, STE 2058<br>NASHVILLE, NC 27856 |
| NATRONA COUNTY | PROPERTY TAX | PO BOX 2300<br>CASPER, WY 82602 |
| NEBRASKA DEPARTMENT OF REVENUE | SALES & USE TAX | PO BOX 98923<br>LINCOLN, NE 68509 |
| NEVADA DEPARTMENT OF TAXATION | SALES & USE TAX | 1550 COLLEGE PARKWAY, SUITE 115<br>CARSON CITY, NV 89706 |
| NEVILLE TOWNSHIP | PROPERTY TAX | 5050 GRAND AVE<br>PITTSBURGH, PA 15225 |
| NEW CASTLE COUNTY | PROPERTY TAX | PO BOX 15358<br>WILMINGTON, DE 19886 |
| NEW HANOVER COUNTY TAX OFFICE | PROPERTY TAX | PO BOX 580070<br>CHARLOTTE, NC 28258 |
| NEW JERSEY DEPARTMENT OF TAXATION | SALES & USE TAX | PO BOX 816<br>TRENTON, NJ 08625 |
| NEW MEXICO DEPARTMENT OF TAXATION AND REVENUE | WEIGHT / DISTANCE TAX | PO BOX 25123<br>SANTA FE, NM 87504 |
| NEW MEXICO DEPT OF TAXATION AND REVENUE | EXCISE TAX;<br>SALES & USE TAX;<br>STATE MILEAGE TAX | PO BOX 25128<br>SANTA FE, NM 87504 |
| NEW YORK COMMISSIONER OF TAXATION AND FINANCE | HIGHWAY VEHICLE USE TAX | NYS HIGHWAY USE TAX<br>RPC-HUT<br>ALBANY, NY 12212-5166 |
| NEW YORK STATE SALES TAX | SALES & USE TAX | PO BOX 15174<br>ALBANY, NY 12212 |
| NEW YORK STATE TAX COMMISSION | SALES & USE TAX;<br>WEIGHT / DISTANCE TAX | PO BOX 15166<br>ALBANY, NY 12212 |
| NORTH CAROLINA DEPARTMENT OF REVENUE | SALES & USE TAX | PO BOX 25000<br>RALEIGH, NC 27640 |
| NORTH CAROLINA DEPARTMENT OF REVENUE - MECKLENBURG COUNTY | SALES & USE TAX | PO BOX 25000<br>RALEIGH, NC 27640 |
| NORTH DAKOTA OFFICE OF STATE TAX COMMISSIONER | SALES & USE TAX | STATE CAPITOL<br>600 E BOULEVARD AVE<br>BISMARCK, ND 58505 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| NUECES COUNTY ASSESSOR & TAX COLLECTOR | PROPERTY TAX | PO BOX 2810<br>CORPUS CHRISTI, TX 78403 |
| NYS DEPT OF ENVIRONMENTAL CONSERVATION | BUSINESS LICENSE & PERMITS | 625 BROADWAY<br>ALBANY, NY 12233 |
| OFFICE OF FAYETTE COUNTY SHERIFF | PROPERTY TAX | PO BOX 34148<br>LEXINGTON, KY 40588 |
| OHIO DEPARTMENT OF TAXATION | FUEL TAX;<br>SALES & USE TAX | PO BOX 16158<br>COLUMBUS, OH 43216 |
| OKLAHOMA COUNTY TREASURER | PROPERTY TAX | PO BOX 268875<br>OKLAHOMA CITY, OK 73126 |
| OKLAHOMA TAX COMMISSION | SALES & USE TAX | 2501 N LINCOLN BLVD<br>OKLAHOMA CITY, OK 73194 |
| ONSLOW COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 580428<br>CHARLOTTE, NC 28258 |
| ORANGE COUNTY TREASURER TAX COLLECTOR | PROPERTY TAX | PO BOX 1438<br>SANTA ANA, CA 92702 |
| OREGON DEPT OF TRANSPORTATION | FUEL TAX | MOTOR CARRIER TRANSPORT DIVISION<br>3930 FAIRVIEW INDUSTRIAL DRIVE SE<br>SALEM, OR 97302 |
| OREGON DOT/MCT | IFTA FUEL TAX;<br>WEIGHT / DISTANCE TAX | 3930 FAIRVIEW INDUSTRIAL DR SE<br>SALEM, OR 97302 |
| OUACHITA PARISH SCHOOLS | PROPERTY TAX | PO BOX 1803<br>MONROE, LA 71210 |
| OUTAGAMIE COUNTY | PROPERTY TAX | 320 S. WALNUT ST<br>APPLETON, WI 54911 |
| PALM BEACH COUNTY TAX | PROPERTY TAX | PO BOX 3353<br>WEST PALM BEACH, FL 33402 |
| PENNINGTON COUNTY | PROPERTY TAX | 130 KANSAS CITY ST<br>SUITE 250<br>RAPID CITY, SD 57701 |
| PENNSYLVANIA DEPARTMENT OF REVENUE | SALES & USE TAX | PO BOX 280910<br>HARRISBURG, PA 17128 |
| PHOENIX CITY TREASURER | SALES & USE TAX | PO BOX 29690<br>PHOENIX, AZ 85038 |
| PIERCE COUNTY BUDGET & FINANCE | PROPERTY TAX | PO BOX 11621<br>TACOMA, WA 98411 |
| PIMA COUNTY TREASURER | PROPERTY TAX | PO BOX 29011<br>PHOENIX, AZ 85038 |
| POLK COUNTY TREASURER | PROPERTY TAX | 111 COURT AVE.<br>DES MOINES, IA 50309-2298 |
| PONTIAC CITY TREASURER | PROPERTY TAX | 47450 WOODWARD AVE<br>1ST FLOOR<br>PONTIAC, MI 48342 |
| POTTAWATTAMIE COUNTY TREASURER | PROPERTY TAX | 227 SOUTH 6TH ST.<br>COUNCIL BLUFFS, IA 51501 |
| PRINCE GEORGES COUNTY | PROPERTY TAX | PO BOX 17578<br>BALTIMORE, MD 21297 |
| PUBLIC UTILITY COMMISSION STATE OF OREGON | STATE MILEAGE TAX | 3930 FAIRVIEW INDUSTRIAL DRIVE SE<br>SALEM, OR 97302 |
| PULASKI COUNTY TREASURER | PROPERTY TAX | PO BOX 430<br>LITTLE ROCK, AR 72203 |
| RANKIN COUNTY TAX ASSESSOR | PROPERTY TAX | 211 E GOVERNMENT ST<br>BRANDON, MS 39042 |
| RAPIDES PARISH POLICE JURY | PROPERTY TAX | PO BOX 1590<br>ALEXANDRIA, LA 71309 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| RECEIVER GENERAL FOR CANADA | FUEL TAX | FUEL CHARGE PROGRAM<br>PO BOX 20000, STATION A<br>SUDBURY, ON P3A 5C1 CANADA |
| RHODE ISLAND DIVISION OF TAXATION | SALES & USE TAX | ONE CAPITOL HILL<br>PROVIDENCE, RI 02908 |
| RICHLAND COUNTY TREASURER | PROPERTY TAX | PO BOX 8028<br>COLUMBIA, SC 29202 |
| ROANOKE CITY TREASURER | PROPERTY TAX | PO BOX 1451<br>ROANOKE, VA 24007 |
| ROCK ISLAND COUNTY COLLECTOR | PROPERTY TAX | PO BOX 3277<br>ROCK ISLAND, IL 61204 |
| SACRAMENTO COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 508<br>SACRAMENTO, CA 95812 |
| SALINE COUNTY TREASURER | PROPERTY TAX | 300 W ASH ST<br>PO BOX 5040<br>SALINA, KS 67402 |
| SALT LAKE COUNTY ASSESSOR | PROPERTY TAX | 2001 S STATE ST, 2300A<br>SALT LAKE CITY, UT 84190 |
| SALT LAKE COUNTY TREASURER | PROPERTY TAX | UTAH STATE CAPITOL COMPLEX<br>350 NORTH STATE ST, 120 STATE CAPITOL<br>SALT LAKE CITY, UT 84114 |
| SAN BERNARDINO COUNTY | PROPERTY TAX | 268 WEST HOSPITALITY LANE, FIRST FLOOR<br>SAN BERNARDINO, CA 92415 |
| SAN DIEGO CITY TREASURER | PROPERTY TAX | PO BOX 129009<br>SAN DIEGO, CA 92112 |
| SAN DIEGO COUNTY | PROPERTY TAX | TREASURER TAX COLLECTOR<br>PO BOX 129009<br>SAN DIEGO, CA 92112 |
| SAN JOAQUIN COUNTY/TAX COLLECTOR | PROPERTY TAX | PO BOX 2169<br>STOCKTON, CA 95201 |
| SAN MATEO COUNTY ENVIRONMENTAL HEALTH | PROPERTY TAX | 2000 ALAMEDA DE LAS PULGA<br>SAN MATEO, CA 94403 |
| SCOTT COUNTY COLLECTOR OF REVENUE | PROPERTY TAX | MARK HENSLEY<br>PO BOX 128<br>BENTON, MO 63736 |
| SEDGWICK COUNTY | PROPERTY TAX | 100 N. BROADWAY<br>SUITE 100<br>WICHITA, SD 67202 |
| SHASTA COUNTY TREASURER/TAX COLLECTOR | PROPERTY TAX | PO BOX 991830<br>REDDING, CA 96099 |
| SHAWNEE COUNTY TREASURER | PROPERTY TAX | 200 SE 7TH ST, ROOM 101<br>TOPEKA, KS 66603 |
| SHELBY COUNTY TRUSTEE DAVID LENOIR | PROPERTY TAX | PO BOX 2751<br>MEMPHIS, TN 38101 |
| SHELBYVILLE TREASURER | PROPERTY TAX | 201 N SPRING ST<br>SHELBYVILLE, TN 37160 |
| SHERIFF OF KANAWHA COUNTY | PROPERTY TAX | 409 VIRGINIA ST E, ROOM 120<br>CHARLESTON, WV 25301 |
| SHERIFF OF WARREN COUNTY | PROPERTY TAX | PO BOX 807<br>BOWLING GREEN, KY 42102 |
| SHERMAN COUNTY TREASURER | PROPERTY TAX | 813 BROADWAY, ROOM 103<br>GOODLAND, KS 67735 |
| SNOHOMISH COUNTY TREASURER | PROPERTY TAX | PO BOX 34171<br>SEATTLE, WA 98124 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| SONOMA COUNTY TAX COLLECTOR | PROPERTY TAX | AUDITOR-CONTROLLER-TREASURER-TAX COLLECTOR<br>585 FISCAL DR, RM 100F<br>SANTA ROSA, CA 95403 |
| SOUTH CAROLINA DEPARTMENT OF REVENUE | SALES & USE TAX | 300A OUTLET POINTE BLVD<br>COLUMBIA, SC 29210 |
| SOUTH DAKOTA DEPT OF REVENUE | SALES & USE TAX | PO BOX 5055<br>SIOUX FALLS, SD 57117 |
| SPOKANE COUNTY TREASURER | PROPERTY TAX | PO BOX 199<br>SPOKANE, WA 99210 |
| ST. JOSEPH COUNTY (SOUTH BEND), IN | PROPERTY TAX | COUNTY- CITY BUILDING<br>227 WEST JEFFERSON BLVD, SUITE 722<br>SOUTH BEND, IN 46601 |
| STATE OF CALIFORNIA - LAGUNA HILLS | SALES & USE TAX | BOARD OF EQUALIZATION<br>23141 MOULTON PKWY STE 100<br>LAGUNA HILLS, CA 92653 |
| STATE OF CONNECTICUT | HIGHWAY VEHICLE USE TAX;<br>SALES & USE TAX;<br>STATE MILEAGE TAX | DEPT OF REVENUE SERVICES<br>25 SIGOURNEY ST<br>HARTFORD, CT 06102 |
| STATE OF MARYLAND | PROPERTY TAX | DEPT OF ASSESSMENT & TAXATION<br>PO BOX 17052<br>BALTIMORE, MD 21297 |
| STATE OF MICHIGAN | SALES & USE TAX | MICHIGAN DEPARTMENT OF TREASURY<br>PO BOX 30756<br>LANSING, MI 48909 |
| STATE OF NEVADA, DIVISION OF INDUSTRIAL RELATIONS | SALES & USE TAX | 1830 COLLEGE PARKWAY, STE 100<br>CARSON CITY, NV 89706 |
| STEELE COUNTY TREASURER | PROPERTY TAX | PO BOX 890<br>OWATONNA, MN 55060 |
| SULLIVAN COUNTY TRUSTEE | PROPERTY TAX | PO BOX 550<br>BLOUNTVILLE, TN 37617 |
| SUMMIT COUNTY TREASURER | PROPERTY TAX | 175 S. MAIN ST., STE 320<br>AKRON, OH 44308 |
| SUSSEX COUNTY COUNCIL | PROPERTY TAX | PO BOX 429<br>GEORGETOWN, DE 19947 |
| TACOMA CITY TREASURER | PROPERTY TAX;<br>SALES & USE TAX | PO BOX 11367<br>TACOMA, WA 98411 |
| TARRANT COUNTY TAX ASSESSOR-COLLECTOR | PROPERTY TAX | PO BOX 961018<br>FORT WORTH, TX 76161 |
| TAX COMMISSIONER OF CHATHAM | PROPERTY TAX | PO BOX 9827<br>SAVANNAH, GA 31412 |
| TAZEWELL COUNTY CLERK | PROPERTY TAX | PO BOX 490<br>PEKIN, IL 61555 |
| TENNESSEE DEPARTMENT OF REVENUE | SALES & USE TAX | 312 ROSA L PARKS AVE.<br>NASHVILLE, TN 37243 |
| TEXAS COMPTROLLER | SALES & USE TAX | P.O. BOX 149344<br>AUSTIN, TX 78714 |
| THE CITY OF WINNIPEG | INCOME TAX;<br>PROPERTY TAX | ASSESSMENT & TAXATION DEPARTMENT<br>457 MAIN STREET<br>WINNIPEG, MB R3B 1B5 CANADA |
| THOMAS COUNTY TAX COMMISSIONER | PROPERTY TAX | PO BOX 2175<br>THOMASVILLE, GA 31799 |
| THOMASVILLE CITY SCHOOL TAX | PROPERTY TAX | PO BOX 1540<br>THOMASVILLE, GA 31799 |
| TOWN OF BEDFORD | PROPERTY TAX | 24 N AMHERST RD<br>BEDFORD, NH 03110 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| TOWN OF BILLERICA | PROPERTY TAX | PO BOX 369<br>MEDFORD, MA 02155 |
| TOWN OF CHEEKTOWAGA | PROPERTY TAX | RECEIVER OF TAXES<br>3301 BROADWAY STREET, ROOM 11<br>CHEEKTOWAGA, NY 14227 |
| TOWN OF CHESHIRE | PROPERTY TAX | COLLECTOR OF REVENUE<br>PO BOX 129<br>CHESHIRE, CT 06410 |
| TOWN OF CLAYTON | PROPERTY TAX | 8348 COUNTY ROAD T<br>LARSEN, WI 54947 |
| TOWN OF FAIRFIELD | PROPERTY TAX | PO BOX 149<br>FAIRFIELD, ME 04937 |
| TOWN OF HENRIETTA | PROPERTY TAX | 475 CALKINS RD<br>HENRIETTA, NY 14467 |
| TOWN OF KEARNY | PROPERTY TAX | 402 KEARNY AVE<br>KEARNY, NJ 07032 |
| TOWN OF MONTGOMERY | PROPERTY TAX | 110 BRACKEN RD<br>TOWN HALL<br>MONTGOMERY, NY 12549 |
| TOWN OF NEWBURGH | PROPERTY TAX | RECEIVER OF TAXES<br>1496 ROUTE 300<br>NEWBURGH, NY 12550 |
| TOWN OF NORTH READING | PROPERTY TAX | COLLECTOR OF TAXES<br>235 NORTH ST<br>NORTH READING, MA 01864 |
| TOWN OF OYSTER BAY, RECEIVER OF TAXES | PROPERTY TAX | 74 AUDREY AVENUE<br>OYSTER BAY, NY 11771 |
| TOWN OF ROCKINGHAM | PROPERTY TAX | PO BOX 370<br>BELLOWS FALLS, VT 05101 |
| TOWN OF SHREWSBURY | PROPERTY TAX | COLLECTOR OF TAXES<br>100 MAPLE AVE<br>SHREWSBURY, MA 01545 |
| TOWN OF SOUTHINGTON TAX COLLECTOR | PROPERTY TAX | PO BOX 579<br>SOUTHINGTON, CT 06489 |
| TOWN OF TONAWANDA | PROPERTY TAX | WASTEWATER TREATMENT FACILITY<br>779 TOW MILE CREEK RD<br>TONAWANDA, NY 14150 |
| TOWN OF WEST SPRINGFIELD | PROPERTY TAX | DEPT OF WEIGHTS & MEASURES<br>26 CENTRAL ST STE 27<br>WEST SPRINGFIELD, MA 01089 |
| TOWN OF WHITBY | PROPERTY TAX | 575 ROSSLAND RD E<br>WHITBY, ON L1N 2M8 CANADA |
| TOWN OF WILLISTON | PROPERTY TAX | 1 NATIONAL LIFE DR DAVIS 1<br>MONTPELIER, VT 05620 |
| TRAVIS COUNTY TAX COLLECTOR | PROPERTY TAX | PO BOX 149328<br>AUSTIN, TX 78714 |
| TREASURER OF VIGO COUNTY | PROPERTY TAX | PO BOX 1466<br>INDIANAPOLIS, IN 46206 |
| TREASURER STATE OF IOWA | SALES & USE TAX | PO BOX 10411<br>DES MOINES, IA 50306 |
| TROUP COUNTY BOARD OF COMMISSIONERS | PROPERTY TAX | 100 RIDLEY AVE<br>LAGRANGE, GA 30240 |
| TRUMBULL COUNTY AUDITOR'S OFFICE | PROPERTY TAX | 160 HIGH ST NW<br>WARREN, OH 44481 |
| TULSA COUNTY TREASURER | PROPERTY TAX | 500 S DENVER<br>TULSA, OK 74103 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY | PROPERTY TAX | 701 N 7TH ST<br>PO BOX 175013<br>KANSAS CITY, KS 66101 |
| UNITED ISD TAX OFFICE | PROPERTY TAX | 3501 E SAUNDERS<br>LAREDO, TX 78041 |
| UTAH STATE TAX COMMISSION | SALES & USE TAX | 210 N 1950 W<br>SALT LAKE CITY, UT 84134 |
| VALWOOD IMPROVEMENT AUTHORITY | PROPERTY TAX | TAX ASSESSOR COLLECTOR<br>1430 VALWOOD PKWY STE 160<br>CARROLLTON, TX 75006 |
| VANDERBURGH COUNTY TREASURER | PROPERTY TAX | P.O. BOX 77<br>EVANSVILLE, IN 47701-0077 |
| VENTURA COUNTY TAX COLLECTOR | PROPERTY TAX | 800 S VICTORIA AVE<br>VENTURA, CA 93009 |
| VERMILION COUNTY TREASURER | PROPERTY TAX | P.O. BOX 730<br>DANVILLE, IL 61834-0730 |
| VERMONT DEPARTMENT OF TAXES | SALES & USE TAX | 109 STATE ST<br>MONTPELIER, VT 05609 |
| VILLAGE OF MAYBROOK | PROPERTY TAX | 109 MAIN ST<br>MAYBROOK, NY 12543 |
| VILLE DE MONTREAL | PROPERTY TAX | CP 11043 SUCC CENTRE VILLE<br>MONTREAL, QC H3C-4X8 CANADA |
| VIRGINIA DEPARTMENT OF TAXATION | SALES & USE TAX | PO BOX 1500<br>RICHMOND, VA 23212 |
| WAKE COUNTY REVENUE DEPT | PROPERTY TAX | 301 S. MCDOWELL ST<br>SUITE 3800<br>RALEIGH, NC 27601 |
| WARD COUNTY, ND | PROPERTY TAX | 225 THIRD STREET, SE<br>MINOT, ND 58701 |
| WASHINGTON COUNTY COLLECTOR | PROPERTY TAX | 280 N COLLEGE<br>SUITE 202<br>FAYETTEVILLE, AR 72701 |
| WASHINGTON COUNTY TREASURER | PROPERTY TAX | 205 PUTNAM ST<br>MARIETTA, OH 45750 |
| WASHINGTON STATE DEPARTMENT OF REVENUE | EXCISE TAX;<br>SALES & USE TAX | PO BOX 34051<br>SEATTLE, WA 98124 |
| WASHOE COUNTY TREASURES OFFICE | PROPERTY TAX | PO BOX 30039<br>RENO, NV 89520 |
| WEBB COUNTY TAX OFFICE | PROPERTY TAX | PO BOX 420128<br>LAREDO, TX 78042 |
| WEST BATON ROUGE PARISH | PROPERTY TAX | REVENUE DEPARTMENT<br>PO BOX 86<br>PORT ALLEN, LA 70767 |
| WEST VIRGINIA STATE TAX DEPARTMENT | SALES & USE TAX | PO DRAWER 1826<br>CHARLESTON, WV 25327 |
| WILL COUNTY TREASURER | PROPERTY TAX | 302 N CHICAGO ST<br>JOLIET, IL 60432 |
| WINNEBAGO COUNTY TREASURER | PROPERTY TAX | PO BOX 1216<br>ROCKFORD, IL 61105 |
| WISCONSIN DEPARTMENT OF REVENUE | BUSINESS LICENSE &<br>PERMITS;<br>SALES & USE TAX | PO BOX 930208<br>MILWAUKEE, WI 53293 |
| WOOD COUNTY TREASURER | PROPERTY TAX | 1 COURTHOUSE SQUARE<br>BOWLING GREEN, OH 43402-2452 |
| WOODBURY COUNTY TAX COLLECTOR | PROPERTY TAX | 620 DOUGLAS ST<br>SIOUX CITY, IA 51101 |

| TAXING AUTHORITY TYPE | TYPE | ADDRESS |
|---|---|---|
| WYOMING CITY TREASURER | PROPERTY TAX | 1155 - 228TH STREET SW<br>PO BOX 905<br>WYOMING, MI 49509 |
| WYOMING DEPARTMENT OF REVENUE | EXCISE TAX;<br>SALES & USE TAX | HERSCHLER BLDG, 122 25TH ST<br>CHEYENNE, WY 82002 |
| YAKIMA COUNTY TREASURER | PROPERTY TAX | PO BOX 22530<br>YAKIMA, WA 98907 |
| YELLOW MEDICINE COUNTY PROPERTY &<br>PUBLIC SERVICES | PROPERTY TAX | 180 8TH AVENUE<br>GRANITE FALLS, MN 56241 |
| YOLO COUNTY TREASURER-TAX COLLECTOR | PROPERTY TAX | PO BOX 1995<br>WOODLAND, CA 95776 |