# **Exhibit 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**MOTION OF
DEBTORS FOR ENTRY OF
INTERIM AND FINAL ORDERS (A)
(I) APPROVING THE DEBTORS' PROPOSED
ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE
UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES,
(III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING
ADEQUATE ASSURANCE REQUESTS, AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

as follows in support of this motion:[2]

### Relief Requested

1.      The Debtors seek entry of interim and final orders, substantially in the forms

attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"),

(a) (i) approving the Debtors' proposed adequate assurance of payment for future utility services,

(ii) prohibiting utility providers from altering, refusing, or discontinuing services, (iii) approving

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]     A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not immediately defined in this motion have the meanings ascribed to them later in this motion or in the First Day Declaration, as applicable.

the debtors' proposed procedures for resolving adequate assurance requests, and (b) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing within approximately twenty-one days of the commencement of these chapter 11 cases to consider approval of this motion on a final basis.

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a) and 366 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1 and 9013-1.

## Background

5.      The Debtors were a leading provider of transportation services with a 100-year history.  With its family of trucking brands—Yellow Logistics, Holland, Reddaway, New Penn, and YRC—the Debtors provided their customers with one of the most comprehensive less-than-truckload ("LTL") networks in North America.

2

6.      The Debtors commenced these chapter 11 cases to implement a timely and efficient process to maximize the value of the Debtors' estates for the benefit of all stakeholders.  Through these chapter 11 cases, the Debtors will immediately commence an orderly and value-maximizing wind-down of their businesses.  The Debtors will use their time in chapter 11 to market a sale or sales of all or substantially all of their assets.

7.      On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors have also filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no official committees have been appointed or designated.

### The Debtors' Utility Providers

8.      As of the Petition Date, the Debtors maintain 311 transportation service centers located in 50 states, Puerto Rico, and Canada.  Of this total, 169 transportation service centers are owned and 142 are leased.  The Debtors also lease office buildings in (a) Overland Park, Kansas, (b) Topeka, Kansas, (c) Sioux Falls, South Dakota, (d) Holland, Michigan, (e) Tualatin, Oregon, (f) Des Moines, Iowa, (g) Buffalo, New York, (h) Toledo, Ohio, (i) Nashville, Tenesse, (j) Sarnia, Ontaria, and (k) St. Catherines, Ontaria. The Debtors incur utility expenses for water, electricity, telecommunications, internet, trash removal, waste and sewer water, and natural gas in connection with the maintenance of their owned and leased terminals, transportation centers, and office spaces.  These utility services are provided by approximately 524 different utility providers—both under direct relationships with the Debtors and through the Debtors' landlords (collectively, the "Utility Providers")—through approximately 2,194 different accounts, as listed on **Exhibit C**

3

attached hereto (the "Utility Service List").[3]  On average, the Debtors spend approximately $3.2 million in the aggregate each month on utility costs at the facilities where the Debtors operate. In addition, the Debtors currently have approximately $69,692 on deposit with various Utility Providers and approximately $205,920 of utility payments covered by surety bonds under which the Debtors are the principal.

9.     Beginning on September 13, 2010, certain of the Debtors started to utilize the services of two utilities management firms—Cost Control Associates, Inc. and Cass Information Systems, Inc. (together, the "Utilities Management Firms").  The Utilities Management Firms audit the Debtors' utility rates, pay the Utility Providers, and compare utility vendors to ensure that the Debtors receive the highest quality utility services at the most competitive rates.  In light of the circumstances of these chapter 11 cases, the Debtors intend to utilize the assistance of the Utilities Management Firms in evaluating and ultimately reducing their utility spend at the outset of these chapter 11 cases.  The Debtors pay the Utilities Management Firms approximately $10,000 per month for their services, an amount which the Debtors request authority to continue to pay in accordance with prepetition practices.

10.     In order to effectuate an orderly, cost-effective wind-down, it is necessary for the Debtors to provide their Utility Providers with an Adequate Assurance Deposit (as defined herein) to ensure that they can maintain the condition of their transportation centers and office spaces during these chapter 11 cases.  The Debtors will continue to use certain transportation centers, terminals, and office space locations to facilitate the cost-effective wind-down of their operations

---

[3]     To the extent that the Debtors subsequently identify additional providers of utility services, the Debtors seek authority, in their sole discretion, to amend the Utility Service List attached hereto to add or remove any Utility Provider.  Additionally, the listing of an entity on the Utility Service List is not an admission that such entity is a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve the right to contest any such characterization in the future.

and administer these chapter 11 cases.  In addition, the Debtors will actively pursue one or more sale processes of certain of these real property assets.  As such, ensuring continued utility service will enhance the marketability of the Debtors' real property assets, protect such assets from deterioration and vandalism, and safeguard such assets from otherwise diminution of value during the pendency of these chapter 11 cases.  For the avoidance of doubt, the Debtors will continue to evaluate their utility obligations during these chapter 11 cases with an eye towards reducing their obligations associated with the utilities.

11.     While the Debtors believe they generally were current on utility payments as of the Petition Date, should any Utility Provider refuse to provide services to even a small number of the Debtors' facilities after the Petition Date, the resulting disruption could harm the Debtors ability to wind-down their business affairs in an orderly fashion.  Uninterrupted utility services are necessary to maximizing the value of the Debtors' estates.  Indeed, any interruption of utility services, even for a brief period of time, would negatively impact the Debtors' efforts to maximize value during their time in chapter 11 which could ultimately negatively effect creditor recoveries. It is therefore critical that utility services continue uninterrupted during these chapter 11 cases.

I.      **The Proposed Adequate Assurance.**

12.     The Debtors intend to pay postpetition obligations owed to the Utility Providers in a timely manner.  However, to provide additional assurance of payment, the Debtors propose to deposit $1,515,409 (the "Adequate Assurance Deposit") into an existing segregated account (the "Utility Deposit Account") for the benefit of the Utility Providers within twenty days of the Petition Date.[4]  This amount represents a sum equal to approximately two weeks of the Debtors'

---

[4]     The Utility Deposit Account will be maintained with a minimum balance equal to two weeks of the Debtors' estimated aggregate monthly cost of utility services, which may be adjusted by the Debtors from time to time if the Debtors' estimated cost of utility services materially increases or decreases.

estimated aggregate monthly costs of utility services for all Utility Providers listed on **Exhibit C** attached hereto. Such Adequate Assurance Deposit will be held in escrow, pending further order of the Court, including any order approving the sale of substantially all of the Debtors' assets under section 363 of the Bankruptcy Code.

13. The Debtors submit that the Adequate Assurance Deposit, in conjunction with the Debtors' demonstrated ability to pay for utility services in the ordinary course of business and the outstanding deposits and surety bonds covering some Utility Providers (the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the Utility Providers. If any Utility Provider believes additional adequate assurance is required, it may request such assurance pursuant to the procedures described below.

## II.      The Proposed Adequate Assurance Procedures.

14. The Debtors request that the Court approve the procedures for requesting different or additional adequate assurance of future payment (each, an "Adequate Assurance Request") set forth in the Interim and Final Orders (the "Adequate Assurance Procedures"). Any Utility Provider that is not satisfied with the Proposed Adequate Assurance may make an Adequate Assurance Request pursuant to the Adequate Assurance Procedures.

15. The Adequate Assurance Procedures provide a streamlined process for a Utility Provider to address potential concerns with respect to the Proposed Adequate Assurance. Specifically, the Adequate Assurance Procedures permit a Utility Provider to object to the Proposed Adequate Assurance by filing and serving an Adequate Assurance Request upon certain notice parties.

16. The Debtors may, in their discretion, resolve any Adequate Assurance Request by mutual agreement with the applicable Utility Provider and without further order of the Court. If the Debtors determine that the Adequate Assurance Request cannot be resolved by mutual

agreement, the Debtors may seek Court resolution of the Adequate Assurance Request.  Unless

and until a Utility Provider timely files an objection or serves an Adequate Assurance Request,

such Utility Provider shall be (a) deemed to have received adequate assurance of payment

"satisfactory" to such Utility Provider in compliance with section 366 of the Bankruptcy Code and

(b) forbidden from discontinuing, altering, or refusing services to, or discriminating against, the

Debtors on account of any unpaid prepetition charges, or require additional assurance of payment

other than the Proposed Adequate Assurance.

## III.     Subsequent Modifications.

17.     The Debtors have made an extensive and good-faith effort to identify all Utility

Providers and include them on the Utility Services List.  Additionally, in light of the circumstances

of these chapter 11 cases and the Debtors wind-down efforts, the Debtors have endeavored to limit

the relief sought herein to only that relief which is necessary to avoid irreparable harm to the

Debtors' estates at this critical juncture where the Debtors look towards marketing their assets in

one or more sale processes, including their real property assets and unexpired lease portfolio.  To

the extent the Debtors identify new or additional Utility Providers or discontinue services from

existing Utility Providers, the Debtors seek authority, in their sole discretion, to add or remove

parties from the Utility Services List.  For any Utility Provider that is subsequently added to the

Utility Services List, the Debtors will serve such Utility Provider a copy of the Court's Interim or

Final Order, as applicable, including the Adequate Assurance Procedures.  The Debtors request

that the terms of the Interim or Final Order, as applicable, and the Adequate Assurance Procedures

apply to any subsequently identified Utility Provider.  For any Utility Provider that is subsequently

removed from the Utility Services List, the Debtors request the authority to decrease the Adequate

Assurance Deposit by withdrawing from the Utility Deposit Account the amount deposited with

respect to such Utility Provider upon either (a) obtaining the affected Utility Provider's consent to

do so or (b) filing with this Court and serving upon the affected Utility Provider a notice of the Debtors' intent to reduce the Utility Deposit within fourteen days thereof and receiving no response thereto.

### Basis for Relief

## III.     The Court Should Authorize, but Not Direct, the Debtors to Establish Adequate Assurance Procedures.

18.     Section 366 of the Bankruptcy Code, which protects a debtor against the immediate termination or alteration of utility services after the petition date, provides the debtor thirty days following the petition date to provide "adequate assurance" of payment for postpetition services in a form "satisfactory" to the utility provider before the utility provider may alter, refuse, or discontinue service. 11 U.S.C. § 366(c)(2). For purposes of section 366 of the Bankruptcy Code, "assurance of payment" can be provided in the form of a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment, or other mutually agreed form of security. 11 U.S.C. § 366(c)(1). "Adequate assurance of payment" need not constitute an absolute guarantee of the debtors' ability to pay. *See, e.g.*, *In re Great Atl. & Pac. Tea Co.*, 2011 WL 5546954, at *5 (Bankr. S.D.N.Y. Nov. 14, 2011) (finding that "[c]ourts will approve an amount that is adequate enough to insure against unreasonable risk of nonpayment, but are not required to give the equivalent of a guaranty of payment in full"); *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996) ("Section 366(b) requires . . . 'adequate assurance' of payment. The statute does not require an absolute guarantee of payment." (citation omitted)), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc.*, 117 F.3d 646 (2d Cir. 1997).

19.     When considering whether a given assurance of payment is "adequate," courts examine the totality of the circumstances to make an informed decision as to whether the utility provider will be subject to an unreasonable risk of nonpayment. *See In re Keydata Corp.*,

12 B.R. 156, 158 (B.A.P. 1st Cir. 1981) (citing *In re Cunha*, 1 B.R. 330 (Bankr. E.D. Va. 1979));

*In re Adelphia Bus. Sols., Inc.*, 280 B.R. 63, 82–83 (Bankr. S.D.N.Y. 2002). In determining the

level of adequate assurance, however, "a bankruptcy court must focus upon the need of the utility

for assurance, and . . . require that the debtor supply no more than that, since the debtor almost

perforce has a conflicting need to conserve scarce financial resources." *In re Penn Jersey Corp.*,

72 B.R. 981, 985 (Bankr. E.D. Pa. 1987); *see also In re Penn. Cent. Transp. Co.*, 467 F.2d

100, 103–04 (3d Cir. 1972) (affirming the bankruptcy court's ruling that no utility deposits were

necessary where such deposits likely would "jeopardize the continuing operation of the [debtor]

merely to give further security to suppliers who already are reasonably protected").

20. The Utility Providers are adequately assured against any risk of nonpayment for

future services. The Adequate Assurance Deposit and the Debtors' ongoing ability to meet

obligations as they come due in the ordinary course provide assurance that the Debtors will pay

their future obligations to the Utility Providers. In contrast, terminating the utility services could

render the Debtors' unable to wind-down their business in an orderly fashion and negatively

impact the value of the Debtors' estates to the detriment of all stakeholders. *See In re Monroe

Well Serv., Inc.*, 83 B.R. 317, 321–22 (Bankr. E.D. Pa. 1988) (noting that without utility service

the debtors "would have to cease operations" and that section 366 of the Bankruptcy Code "was

intended to limit the leverage held by utility companies, not increase it").

21. Courts are permitted to fashion reasonable procedures, such as the

Adequate Assurance Procedures proposed herein, to implement the protections afforded under

section 366 of the Bankruptcy Code. *See, e.g.*, *In re Circuit City Stores Inc.*, No. 08-35653,

2009 WL 484553, at *5 (Bankr. E.D. Va. Jan. 14, 2009) (stating that "the plain language of § 366

of the Bankruptcy Code allows the court to adopt the Procedures set forth in the Utility Order").

Such procedures are important because, without them, the Debtors "could be forced to address numerous requests by utility companies in an unorganized manner at a critical period in their efforts to reorganize." *Id.* Moreover, any rights the Utility Providers believe they have under sections 366(b) and (c)(2) of the Bankruptcy Code are fully preserved under the Adequate Assurance Procedures because the Utility Providers may choose to request modification of the Proposed Adequate Assurance. *See id.* at *5–6. The Adequate Assurance Procedures avoid a haphazard and chaotic process whereby each Utility Provider could make an extortionate last-minute demand for adequate assurance that would force the Debtors to pay under the threat of losing critical utility services. *See id.* at *5.

22.      The Adequate Assurance Procedures are reasonable and consistent with the purposes of section 366 of the Bankruptcy Code. Similar procedures have been approved by courts in this district. *See, e.g., In re Lannett Co., Inc.*, No. 23-10559 (JKS) (Bankr. D. Del. May 5, 2023) (approving adequate assurance procedures); *In re SiO2 Medical Prods., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. Mar. 30, 2023) (same); *In re Carestream Health, Inc.*, No. 22-10778 (JKS) (Bankr. D. Del. Sept. 22, 2022) (same); *In re Riverbed Tech., Inc.*, No. 21-11503 (CTG) (Bankr. D. Del. Nov. 18, 2021) (same); *In re Alex & Ani, LLC*, No. 21 10918 (CTG) (Bankr. D. Del. July 14, 2021) (same).[5]

23.      Furthermore, the Court possesses the power, under section 105(a) of the Bankruptcy Code, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Adequate Assurance Procedures and the Proposed Adequate Assurance are necessary and appropriate to carry out the provisions of the Bankruptcy

---

[5]      Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

Code, particularly section 366 thereof.  Accordingly, the Court should exercise its powers under sections 105(a) and 366 and of the Bankruptcy Code and approve both the Adequate Assurance Procedures and the Proposed Adequate Assurance.

## Processing of Checks and Electronic Fund Transfers Should Be Authorized

24.     The Debtors have sufficient funds to pay the amounts described in this motion in the ordinary course of business by virtue of access to cash on hand and anticipated access to debtor-in-possession financing.  In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to any authorized payment in respect of the relief requested herein.  Accordingly, the Debtors do not believe that checks or wire transfer requests, other than those relating to authorized payments, will be inadvertently honored.  Therefore, the Debtors request authority, but not direction, to authorize all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this motion.

## The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

25.     Bankruptcy Rule 6003 empowers a court to grant certain relief within the first twenty-one days after the petition date only "to the extent that relief is necessary to avoid immediate and irreparable harm."  For the reasons discussed above, the Debtors believe an immediate and orderly transition into chapter 11 is critical, and the failure to receive the requested relief during the first twenty-one days of these chapter 11 cases could impact the Debtors' operations at this important juncture.  The requested relief is necessary for the Debtors to operate their business in the ordinary course, preserve the ongoing value of their operations, and maximize value of their estates for the benefit of all stakeholders.  The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003, and the Court should grant the requested relief.

11

## Reservation of Rights

26.     Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

27.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

**Notice**

28.     The Debtors will provide notice of this motion to:  (a) the United States Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the United States Department of Justice; (h) the DIP Agent and counsel thereto; (i) Milbank LLP, as counsel to certain investment funds and accounts managed by affiliates of Apollo Capital Management, L.P.; (j) the administrative and collateral agents under the B-2 Term Loan and counsel thereto; (k) the ABL Agent and counsel thereto; (l) White & Case LLP, as counsel to Beal Bank USA; (m) the administrative and collateral agents under the UST Credit Agreements and counsel thereto; (n)  the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; (o) the Utilities Providers; (p) the Utilities Management Firms; and (q) any party that has requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  In light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

29.     No prior request for the relief sought in this motion has been made to this or any other court.


*[Remainder of page intentionally left blank]*

13

WHEREFORE, the Debtors request entry of the Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 7, 2023
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (*pro hac vice* pending) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (*pro hac vice* pending) |
| Peter J. Keane (DE Bar No. 5503) | Whitney Fogelberg (*pro hac vice* pending) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com
                pkeane@pszjlaw.com
                ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (*pro hac vice* pending)
David Seligman, P.C. (*pro hac vice* pending)
Whitney Fogelberg (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                david.seligman@kirkland.com
                whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          allyson.smith@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

### INTERIM ORDER
### (A) (I) APPROVING THE DEBTORS' PROPOSED
### ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE
### UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS
### FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES,
### (III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING
### ADEQUATE ASSURANCE REQUESTS, AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) (i) approving the Debtors' proposed adequate assurance of payment for future utility services, (ii) prohibiting utility providers from altering, refusing, or discontinuing services, (iii) approving the debtors' proposed procedures for resolving adequate assurance requests, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at __:__ _.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2023 and shall be served on:  (a) the Debtors, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.: General Counsel; (b) proposed counsel to the Debtors (i) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Patrick J. Nash Jr., P.C. (patrick.nash@kirkland.com), David Seligman P.C. (david.seligman@kirkland.com), and Whitney Fogelberg (whitney.fogelberg@kirkland.com); (ii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com); and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma

(ecorma@pszjlaw.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy (jane.m.leamy@usdoj.gov); and (d) any statutory committee appointed in these chapter 11 cases.

3.      The Adequate Assurance Deposit and the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures shall constitute adequate assurance of future payment as required under section 366 of the Bankruptcy Code for all Utility Providers that have received notice and for whose benefit Adequate Assurance Deposits are being made.

4.      The following Adequate Assurance Procedures are hereby approved:

   a.      The Debtors will deposit the Adequate Assurance Deposit into the Adequate Assurance Account within 20 days after the Petition Date.

   b.      If an amount relating to utility services provided postpetition by any Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account up to the amount applicable to each such Utility Provider by giving notice to: (i) Yellow Corporation, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn: General Counsel; (ii) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Robert Jacobson; (iii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Allyson Smith (collectively, the "Notice Parties"); (iv) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Timothy P. Cairns, Peter J. Keane, and Edward Corma; and (v) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy; (collectively, the "Adequate Assurance Notice Parties"). The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

   c.      Within two days after entry of the Interim Order, the Debtors will mail a copy of the Motion and Interim Order to the Utility Providers.

d.      Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request on the Adequate Assurance Notice Parties.

e.      Any Adequate Assurance Request must:  (i) be in writing; (ii) identify the location for which the utility services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

f.      Unless a Utility Provider files and serves an Adequate Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing utility services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

g.      Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors will have the greater of (i) fourteen days from the receipt of such Adequate Assurance Request and (ii) thirty days from the entry of the Interim Order (the "Resolution Period") to negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.  The Debtors and the Utility Provider may, without notice to any party-in-interest or further order of the Court, extend the Resolution Period by such additional period as they shall mutually agree.

h.      The Debtors may, without further order of the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Provider and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

i.      If the Debtors and the Utility Provider are unable to reach a consensual resolution within the Resolution Period, or if a Utility Provider was omitted from the Utility Services List and wishes to dispute that it received adequate assurance of future payment as required by section 366 of the Bankruptcy Code as provided by this Interim Order, the Debtors will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Provider (a "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

j.   Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider that has received notice and for whose benefit Adequate Assurance Payments are being made shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

5.   The Utility Providers that have received notice and for whose benefit Adequate Assurance Deposits are being made are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

6.   The Adequate Assurance Deposit shall be placed into a segregated account for the benefit of each Utility Provider.  Notwithstanding anything to the contrary in any other order of this Court, including any order approving the debtor in possession financing in these chapter 11 cases, the interests of any party, including but not limited to the Debtors' post-petition or pre-petition lenders, in, or lien on, the Adequate Assurance Deposit shall be subordinate to the Utility Providers' interest in any Adequate Assurance Deposit until such time as the Adequate Assurance Deposit is returned to the Debtors or as otherwise ordered by the Court.

7.   The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

8.   To the extent the Debtors identify new or additional Utility Providers, the Debtors are authorized, but not directed, to add such parties to the Utility Services List; *provided*, *however*, that the Debtors shall provide notice of any such addition to the Adequate Assurance Notice Parties.  The Debtors shall (a) promptly provide a copy of this Interim Order or the Final Order, as applicable, to a subsequently identified Utility Provider and (b) increase the Adequate Assurance Deposit by an amount equal to approximately 50 percent of the Debtors' estimated

7

aggregate monthly utility expense for such subsequently identified Utility Provider subsequent to the Petition Date.  The terms of this Interim Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider upon such Utility Provider being added to the Utility Services List and being served with this Interim Order.

9.      If the Debtors seek to remove a Utility Provider from the Utility Services List or terminate the services of any Utility Provider during the course of these chapter 11 cases, without the need for further order of this Court or notice to any parties except as otherwise provided herein, the Debtors shall be authorized to decrease the amount of the Utility Deposit for any Utility Provider that the Debtors seek to remove from the Utility Provider List, or to terminate, by withdrawing from the Utility Deposit Account the amount deposited with respect to such Utility Provider upon either (a) obtaining the affected Utility Provider's consent to do so or (b) filing with this Court and serving upon the affected Utility Provider a notice of the Debtors' intent to reduce the Utility Deposit within fourteen  days thereof and receiving no response thereto.  If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Provider may agree.  To the extent that there is any dispute as to the postpetition amounts owed to a Utility Provider, such Utility Provider shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved.  Upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition utility services, by no later than seven business days following the date upon which the plan becomes effective.

10.      Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim

Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

11.     Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

12.     The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

13.     Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

14.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

17.     The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

18.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Exhibit B**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. __** |

**FINAL ORDER
(A) (I) APPROVING THE DEBTORS' PROPOSED
ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE
UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES,
(III) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING
ADEQUATE ASSURANCE REQUESTS, AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an final order (this "Final Order") (a) (i) approving the Debtors' proposed adequate assurance of payment for future utility services, (ii) prohibiting utility providers from altering, refusing, or discontinuing services, (iii) approving the debtors' proposed procedures for resolving adequate assurance requests, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Adequate Assurance Deposit and the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures shall constitute adequate assurance of future payment as required under section 366 of the Bankruptcy Code for all Utility Providers that have received notice and for whose benefit Adequate Assurance Deposits are being made.

3.      The following Adequate Assurance Procedures are hereby approved:

    a.      The Debtors will deposit the Adequate Assurance Deposit into the Adequate Assurance Account within 20 days after the Petition Date.

    b.      If an amount relating to utility services provided postpetition by any Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account up to the amount applicable to each such Utility Provider by giving notice to: (i) Yellow Corporation, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn: General Counsel; (ii) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Robert Jacobson; (iii) Kirkland & Ellis LLP, 601 Lexington

2

Avenue, New York, New York 10022, Attn: Allyson Smith (collectively, the "Notice Parties"); (iv) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones, Timothy P. Cairns, Peter J. Keane, and Edward Corma; and (v) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy; (collectively, the "Adequate Assurance Notice Parties"). The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

c. Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request on the Adequate Assurance Notice Parties.

d. Any Adequate Assurance Request must: (i) be in writing; (ii) identify the location for which the utility services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

e. Unless a Utility Provider files and serves an Adequate Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing utility services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

f. Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors will have the greater of (i) fourteen days from the receipt of such Adequate Assurance Request and (ii) thirty days from the entry of the Interim Order (the "Resolution Period") to negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request. The Debtors and the Utility Provider may, without notice to any party-in-interest or further order of the Court, extend the Resolution Period by such additional period as they shall mutually agree.

g. The Debtors may, without further order of the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Provider and the Debtors may, in connection with any such agreement, provide a

3

Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

h.    If the Debtors and the Utility Provider are unable to reach a consensual resolution within the Resolution Period, or if a Utility Provider was omitted from the Utility Services List and wishes to dispute that it received adequate assurance of future payment as required by section 366 of the Bankruptcy Code as provided by this Interim Order, the Debtors will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Provider (a "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

i.    Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

4.    The Utility Providers that have received notice and for whose benefit Adequate Assurance Deposits are being made are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

5.    The Adequate Assurance Deposit shall be placed into a segregated account for the benefit of each Utility Provider. Notwithstanding anything to the contrary in any other Order of this Court, including any DIP Order, the interests of any party, including but not limited to the Debtors' post-petition or pre-petition lenders, in, or lien on, the Adequate Assurance Deposit shall be subordinate to the Utility Providers' interest in any Adequate Assurance Deposit until such time as the Adequate Assurance Deposit is returned to the Debtors or as otherwise ordered by the Court.

6.    The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

4

7.      To the extent the Debtors identify new or additional Utility Providers, the Debtors are authorized, but not directed, to add such parties to the Utility Services List; *provided*, *however*, that the Debtors shall provide notice of any such addition to the Adequate Assurance Notice Parties.  The Debtors shall (a) promptly provide a copy of this Interim Order or the Final Order, as applicable, to a subsequently identified Utility Provider and (b) increase the Adequate Assurance Deposit by an amount equal to approximately 50 percent of the Debtors' estimated aggregate monthly utility expense for such subsequently identified Utility Provider subsequent to the Petition Date.  The terms of this Interim Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider upon such Utility Provider being added to the Utility Services List and being served with this Interim Order.

8.      If the Debtors seek to remove a Utility Provider from the Utility Services List or terminate the services of any Utility Provider during the course of these chapter 11 cases, without the need for further order of this Court or notice to any parties except as otherwise provided herein, the Debtors shall be authorized to decrease the amount of the Utility Deposit for any Utility Provider that the Debtors seek to remove from the Utility Provider List, or to terminate, by withdrawing from the Utility Deposit Account the amount deposited with respect to such Utility Provider upon either (a) obtaining the affected Utility Provider's consent to do so or (b) filing with this Court and serving upon the affected Utility Provider a notice of the Debtors' intent to reduce the Utility Deposit within fourteen days thereof and receiving no response thereto.  If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Provider may agree.  To the extent that there is any dispute as to the postpetition amounts owed to a Utility Provider, such Utility Provider shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate

5

Assurance Deposit, until such dispute has been resolved.  Upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition utility services, by no later than seven business days following the date upon which the plan becomes effective.

9.      Pursuant to the Adequate Assurance Procedures, upon the Debtors' termination of utility services, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the utility services being discontinued, the lesser of (a) the estimated two-week utility expense for such utility services or (b) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider.  Upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition utility services, by no later than seven business days following the date upon which the plan becomes effective.

10.     Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority,

6

enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

11.     Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14.     The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**<u>Exhibit C</u>**

**Utility Services List**

| Utility Provider | Account Number(s) (if known) | Service(s) | Utility Deposit Amount | Surety Bond Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| AES INDIANA | 410410 \| 338624 \| 416562 | Electricity | | | $ 11,318 |
| AES OHIO | 5949024508 \| 6853463081 | Electricity | | | $ 1,721 |
| ALABAMA POWER CO | 4515043020 \| 5290267001 \| 0110355005 \| 5034477001 \| 5076477010 | Electricity | $ 1,425 | | $ 675 |
| ALBUQUERQUE BERNALILLO COUNTY | 7486579560 | Waste, Sewer | | | $ 206 |
| ALECTRA UTILITIES | 0155117263 | Electricity | | | $ 5,075 |
| ALL AMERICAN WASTE | Unknown | Waste | | | $ 826 |
| ALL VALLEY ENVIROMENTAL | Unknown | Waste | | | $ 6,619 |
| ALLEN'S RECYCLING LLC | Unknown | Waste | | | $ 38 |
| ALLIANT ENERGY IPL | 1967841000 | Electricity, Gas | | | $ 272 |
| ALLSTREAM BUSINESS INC | Unknown | Waste | | | $ 1,755 |
| ALTAFIBER | Unknown | Telecom | | | $ 575 |
| ALTOONA WATER AUTHORITY | 957532 \| 957612 | Water, Sewer | | | $ 67 |
| ALWAYS GREEN RECYCLING | Unknown | Waste | | | $ 20 |
| AMEREN ILLINOIS | 1353102027 \| 9058948004 \| 6161677006 \| 9523006211 \| 8251459855 | Electricity, Gas | $ 2,043 | | $ - |
| AMEREN MISSOURI | 8099300118 \| 2996602116 \| 3301007912 \| 8182413116 \| 8901006719 \| 9182413115 | Electricity, Gas | | | $ 6,258 |
| AMERICAN ELECTRIC POWER | 1062209501 5 \| 10932095010 \| 10894512812 \| 04571821414 \| 07297390309 \| 10837688208 \| 04270957121 \| 04862670413 \| 10202033113 \| 10202954011 \| 10512954016 \| 10981033110 \| 10156304247 \| 10547805530 \| 10995304242 | Electricity | | | $ 10,661 |
| APPALACHIAN POWER | 02464970520 \| 02774970509 \| 02969730007 \| 02425262108 | Electricity | | | $ 995 |
| APS | 0405600000 | Electricity | | | $ 165 |
| AQUA ILLINOIS INC | 0011603590841433 | Water | | | $ 38 |
| AQUA OH | 0012248670899734 \| 0012248671264601 | Water | | | $ 243 |
| AQUA PENNSYLVANIA | 0003744260366147 \| 0003744270366148 \| 0003744290366150 | Water, Sewer | | | $ 607 |
| AT&T | Unknown | Telecom | | | $ 181,451 |
| AT&T GLOBAL SERVICES CANADA CO | Unknown | Telecom | | | $ 2,831 |
| AT&T MOBILITY LLC | Unknown | Telecom | | | $ 19,898 |
| AT&T U-VERSE | Unknown | Telecom | | | $ 40 |
| ATLANTIC CITY ELECTRIC | 55010741613 | Electricity | | | $ 351 |
| ATMOS ENERGY | 3016483116 \| 3016495132 \| 3006514326 \| 3031187982 \| 4044182390 | Gas | | | $ 2,248 |
| ATMOS ENERGY CORP | 301 1483305 \| 3020761069 \| 3028471653 \| 3027903670 \| 3041245275 \| 3007657500 | Gas | | | $ 2,632 |
| AUGUSTA COUNTY SERVICE AUTH | 460032742 | Water, Sewer | | | $ 44 |
| AURORA WATER | A000235 \| A000241 \| A062412 | Water, Sewer, Storm Water | | | $ 2,346 |
| AUSTELL NATURAL GAS SYSTEM | 9300621006 | Gas | $ 100 | | $ 428 |
| AVCO DISPOSAL INC | Unknown | Waste | | | $ 37 |
| AVISTA | 3228800000 \| 7699740000 \| 0336020000 | Gas, Electricity | | | $ 2,540 |
| BC HYDRO | 11823911111 \| 11823911121 | Electricity | | | $ 1,110 |
| BEDFORD RURAL ELEC COOP INC | 2295604 | Electricity | | | $ 439 |
| BEDFORD TWNSHP MUNICIPAL AUTH | 700032 | Sewer, Water | | | $ 26 |
| BELL CANADA | Unknown | Telecom | | | $ 4,732 |
| BEN DAVIS CONSERVANCY DISTRICT | Unknown | Sewer | | | $ 108 |
| BETHLEHEM TOWNSHIP | 543000465 | Sewer | | | $ 13 |
| BGE | 1757201000 \| 0442230000 \| 0695112000 \| 3855891000 | Electricity, Gas | | | $ 4,863 |
| BIRCH RUN TOWNSHIP | 21302900001 | Water | | | $ 75 |
| BIRMINGHAM WATER WORKS | 210010054064 | Sewer, Water | | | $ 163 |
| BLACK HILLS ENERGY | 6272819346 \| 3661573232 \| 2434466689 \| 8862304957 | Gas, Electricity | | | $ 776 |
| BLACKMAN CHARTER TOWNSHIP | 1360870 | Sewer | | | $ 25 |
| BOONE ELECTRIC COOP | 29082001 | Electricity, Sewer | | | $ 272 |
| BOROUGH OF SOUTH PLAINFIELD | 61050 | Sewer | | | $ 32 |

| Utility Provider | Account Number(s) (if known) | Service(s) | Utility Deposit Amount | Surety Bond Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| BRIGHTSPEED | Unknown | Waste | | | $ 632 |
| BUENA VISTA TWP WTR & SWR DEPT | 2314200001 | Sewer | | | $ 12 |
| BURGMEIER'S HAULING, INC. | Unknown | Waste | | | $ 91 |
| BUTLER CO WATER & SEWER DEPT | 30135852014358 | Sewer, Water | | | $ 136 |
| BYRON TOWNSHIP TREASURER | DIVI010151000003 | DIVI010151000004 | Water, Sewer | | | $ 132 |
| C SPIRE WIRELESS | Unknown | Waste | | | $ 179 |
| C STODDARD & SONS INC | Unknown | Waste | | | $ 497 |
| CALIFORNIA AMERICAN WATER | 1015210041187163 | Water | | | $ 55 |
| CALIFORNIA WATER SERVICE CO | 1873535525 | 8668682265 | 8260897381 | Water | | | $ 61 |
| CAPE FEAR PUBLIC UTILITY AUTH | 10059054 | Water | | | $ 56 |
| CAPITAL ELECTRIC COOP INC | 1518502 | Electricity | | | $ 101 |
| CARL KING ENERGY SERVICES INC | Unknown | Gas | | | $ 8,088 |
| CARLSTADT SEWERAGE AUTHORITY | 4270 | Sewer | | | $ 108 |
| CASCADE NATURAL GAS | 26442200007 | Gas | | | $ 58 |
| CATOOSA UTILITY DISTRICT AUTH | 21503500 | Water, Sewer | | | $ 28 |
| CENTERPOINT ENERGY | 0260040509451652646 | 0130017710511760709 | 0340035922323569599 | 60067675 | 60129897 | 0340039468023949785 | 54242086 | 62039912 | 62061296 | 0262121972951891695 | 42283267 | 42283333 | Gas, Electricity | | | $ 11,523 |
| CENTRAL HUDSON GAS & ELEC CORP | 21003131576 | 21004097164 | Electricity, Gas | | | $ 9,431 |
| CENTRAL MAINE POWER | 35012127615 | 35010305734 | Electricity | | | $ 736 |
| CENTURYLINK | Unknown | Telecom | | | $ 97,396 |
| CHARLESTON COUNTY REVENUE | 47506000046 | Storm Water | | | $ 95 |
| CHARLESTON SANITARY BOARD AND | 5204020021 | 5204020031 | 5204020041 | 5204020042 | 5204020022 | Water, Sewer, Waste | | | $ 23 |
| CHARLESTON WATER SYSTEM | 039243001 | Sewer, Water | | | $ 26 |
| CHARTER COMMUNICATIONS | Unknown | Telecom | | | $ 1,360 |
| CHESTERFIELD COUNTY | 000245262043964 | Sewer, Water | | | $ 114 |
| CINNAMINSON SEWER AUTHORITY | 109741250 | Sewer | | | $ 40 |
| CITIZENS ENERGY GROUP | 0361050000 | 2968420000 | 2183140000 | 6361730000 | 0832330000 | 3551420000 | 2680510000 | Gas, Sewer, Water | | | $ 2,669 |
| CITY AND COUNTY OF HONOLULU | 4067641431 | Water, Sewer | | | $ 264 |
| CITY OF ABILENE | 29256904 | Water, Sewer, Waste, Storm Water | | | $ 132 |
| CITY OF AKRON | 550657301 | 650014302 | Sewer, Water | | | $ 418 |
| CITY OF ALEXANDRIA | 12194105668 | Gas, Water, Sewer, Electricity | | | $ 260 |
| CITY OF ATLANTA | NEAR000706000000 | Sewer, Water | | | $ 27 |
| CITY OF AUSTIN | 5198700000 | 6198700000 | Water, Sewer, Electricity, Storm Water | | | $ 2,234 |
| CITY OF BALTIMORE DIR FINANCE | 11000362945 | Water, Sewer, Storm Water | | | $ 787 |
| CITY OF BAXTER SPRINGS | 09320000 | 09321000 | Sewer, Water | | | $ 36 |
| CITY OF BETHLEHEM | 03675403 | Water | | | $ 2 |
| CITY OF BISMARCK WATER DEPT | 63501000005 | Electricity, Waste, Sewer, Water, Storm Water | | | $ 38 |
| CITY OF BOYNTON BEACH | 13242146041 | Water, Sewer, Storm Water | | | $ 409 |
| CITY OF BURNABY | 3000634 | Sewer, Water | | | $ 18 |
| CITY OF BURNSVILLE | 61221000001 | 61222000001 | Electricity, Sewer, Water, Storm Water | | | $ 2,527 |
| CITY OF CENTRAL POINT | 006647000 | 006647001 | Water, Sewer, Storm Water | | | $ 2,245 |
| CITY OF CHARLOTTE | 66199167272 | 67158195953 | Sewer, Storm Water, Water | | | $ 8,810 |
| CITY OF CLEVELAND DIV OF WATER | 7725920000 | 9782920000 | 4424740000 | Water, Sewer | | | $ 420 |
| CITY OF COLUMBIA | 016330150011165317 | Water | | | $ 33 |
| CITY OF COON RAPIDS | 2811220064 | 2811350009 | 2811220996 | Storm Water, Sewer, Water | | | $ 327 |
| CITY OF DALLAS | 100635362 | Sewer, Water, Storm Water | $ 2,350 | | $ - |

| Utility Provider | Account Number(s) (if known) | Service(s) | Utility Deposit Amount | Surety Bond Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| CITY OF DANVILLE | 0400124000 | Sewer | | | $ 66 |
| CITY OF DOWNEY | 2816545002 | Water | | | $ 62 |
| CITY OF DUBOIS BUREAU OF WATER | 47800 | Water | | | $ 6 |
| CITY OF DULUTH COMFORT SYSTEMS | 101009670001 | Gas, Electricity, Water, Sewer, Storm Water | | | $ 413 |
| CITY OF DURHAM | 341509309664 | Water, Sewer | $ 300 | | $ - |
| CITY OF EAU CLAIRE | 20055 | Water, Sewer, Storm Water | | | $ 94 |
| CITY OF EUREKA | 140371509403 | Water, Sewer | | | $ 215 |
| CITY OF FARGO | 650139002 | Electricity, Sewer, Water, Storm Water | | | $ 81 |
| CITY OF FIFE | 001006000 \| 107651000 \| 107654000 | Water, Sewer, Storm Water | | | $ 535 |
| CITY OF FLAGSTAFF | 215613 | Sewer, Water, Waste, Storm Water | | | $ 208 |
| CITY OF FONTANA | 003596 \| 003617 | Sewer | | | $ 461 |
| CITY OF FORT MYERS | 400320101 | Water, Sewer | | | $ 145 |
| CITY OF FORT WORTH WATER DEPT | 121891117698 | Sewer, Water, Storm Water | | | $ 557 |
| CITY OF GAYLORD | CALK001830000002 | Sewer, Water | | | $ 35 |
| CITY OF GOODLAND | 3354542004 | Water, Sewer, Electricity, Waste | | | $ 73 |
| CITY OF GREAT FALLS | 37398022746 | Water, Sewer, Storm Water | | | $ 93 |
| CITY OF HOUSTON | 432719897014 \| 432719898012 | Water, Sewer, Storm Water | | | $ 1,812 |
| CITY OF IRVING MUNICIPAL SVCS | 111423300 \| 114718300 \| 111488300 \| 111489300 \| 111487300 \| 115731300 | Waste, Sewer, Water, Storm Water | | | $ 2,528 |
| CITY OF JACKSON | 0745270002 \| 0745271000 | Water, Sewer, Electricity | | | $ 243 |
| CITY OF JACKSONVILLE | 2124327574 | Water, Sewer, Waste, Storm Water | | | $ 99 |
| CITY OF JOLIET | 119909328630 \| 119909328640 \| 129251329090 | Water, Sewer | | | $ 230 |
| CITY OF JOPLIN | 123377312040 | Sewer | | | $ 25 |
| CITY OF KEARNEY | 350055000001 | Waste, Water, Sewer | | | $ 104 |
| CITY OF LA GRANDE WATER OFFICE | 015749000 | Sewer, Water | | | $ 24 |
| CITY OF LAGRANGE | 3131060001 | Water | | | $ 21 |
| CITY OF LAREDO UTILITIES | 74210563825 \| 74210563827 | Water, Sewer, Storm Water | | | $ 147 |
| CITY OF LIMA UTILITIES | 0035172074720 | Sewer | | | $ 57 |
| CITY OF LOS ANGELES | 372115 | Sewer | | | $ 121 |
| CITY OF LUBBOCK UTILITIES | E90003678 \| W51139283 | Electricity, Water, Sewer, Storm Water | | | $ 632 |
| CITY OF MANASSAS UTILITIES | 890297000001 | Water, Sewer, Electricity, Storm Water | | | $ 1,382 |
| CITY OF MERIDIAN | 2148286001 | Sewer, Water, Waste | | | $ 563 |
| CITY OF MILLVILLE UTILITY DEPT | 99040 | Water, Sewer | | | $ 15 |
| CITY OF MILWAUKEE | 3931545300 \| 32819300 \| 3931546300 | Electricity, Sewer, Water, Storm Water | | | $ 3,355 |
| CITY OF MINER | 10087001 | Sewer, Water | | | $ 24 |
| CITY OF MISSOULA | 069651134651 \| 069652134651 | Water, Sewer, Storm Water | | | $ 190 |
| CITY OF MT VERNON | 004955000 | Sewer, Water | | | $ 182 |
| CITY OF NOGALES | 33119000 | Waste, Sewer | | | $ 151 |
| CITY OF OCALA | 508528143049 | Waste, Electricity, Water, Sewer, Storm Water | | | $ 765 |
| CITY OF OKLAHOMA CITY | 250101016454 | Sewer, Water, Storm Water | | | $ 422 |
| CITY OF OLIVE BRANCH | 20418 | Water, Gas, Sewer | | | $ 109 |
| CITY OF ORANGE | 0005805000 \| 0000410800 | Sewer, Water, Storm Water | | | $ 257 |
| CITY OF PHOENIX | 1457500000 \| 2708400000 \| 3071700007 \| 9047400000 \| 7723397160 | Sewer, Water | | | $ 493 |
| CITY OF POMONA | 23004080002300408 \| 23006840302300406 \| 9991411590230%0684 | Water, Sewer, Waste | | | $ 430 |
| CITY OF PORTLAND | 2967568200 \| 2967568300 \| 2985622400 \| 2985622500 | Water, Sewer, Storm Water | | | $ 18,313 |
| CITY OF QUINCY | 2137321372 | Water | | | $ 11 |
| CITY OF RALEIGH | 5781000000 | Water, Storm Water, Sewer | | | $ 442 |
| CITY OF REDMOND | 005763000 | Water, Sewer, Storm Water | | | $ 151 |
| CITY OF REGINA | 175746331875 | Water, Sewer, Storm Water | | | $ 167 |

| Utility Provider | Account Number(s) (if known) | Service(s) | Utility Deposit Amount | Surety Bond Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| CITY OF RICHLAND | 030400000 | Sewer, Water | | | $ 719 |
| CITY OF ROCHESTER WATER | 7201990002 | Water | | | $ 40 |
| CITY OF ROCK ISLAND | 0001083700 | Water, Sewer, Storm Water | | | $ 669 |
| CITY OF ROCKFORD | 045095411 \| 200085300 \| 200085400 | Water | | | $ 265 |
| CITY OF ROCKY MOUNT | 001640450050510 | Electricity, Water, Gas, Sewer, Storm Water | | | $ 621 |
| CITY OF ROMULUS | 014495 \| 026337 | Water, Sewer | | | $ 255 |
| CITY OF ROSEBURG | 140030000 | Sewer, Water, Storm Water | | | $ 155 |
| CITY OF SAN DIEGO CITY TREASUR | 610000014827 \| 610000030164 \| 610000034127 | Sewer, Water, Storm Water | $ 526 | | $ - |
| CITY OF SANTA CLARA | 0006193503 | Water, Electricity, Sewer, Storm Water | | | $ 598 |
| CITY OF SANTA MARIA | 102840310 | Water, Waste | | | $ 69 |
| CITY OF SASKATOON | 100547280 | Water, Sewer | | | $ 68 |
| CITY OF SAVANNAH | 011786 | Water | | | $ 6 |
| CITY OF SEATTLE | 3272620000 | Electricity | | | $ 1,428 |
| CITY OF SHERMAN | 402176001 | Sewer, Water | | | $ 106 |
| CITY OF SHREVEPORT | 551461963029 | Water | | | $ 34 |
| CITY OF SIOUX CITY | 280761002101 \| 42491581025 | Sewer, Water, Storm Water | | | $ 72 |
| CITY OF SPARKS | 027298000 \| 051491000 | Sewer, Storm Water | | | $ 44 |
| CITY OF SPOKANE | 182038300 | Sewer, Water, Waste, Storm Water | | | $ 2,096 |
| CITY OF ST LOUIS | 394941222658 \| 394974222672 \| 395955223040 | Water | | | $ 121 |
| CITY OF TACOMA | 100238363 \| 100056606 | Sewer, Water, Electricity, Storm Water | | | $ 4,273 |
| CITY OF TAMPA UTILITIES | 2026881 | Sewer, Water | | | $ 179 |
| CITY OF TAYLOR WATER DEPT | 99001024249 | Water, Sewer | | | $ 145 |
| CITY OF THOMASVILLE | 512630109241 | Sewer, Electricity, Water | | | $ 874 |
| CITY OF TOLEDO DEPT PUBL UTIL | 770000942662 | Water, Sewer, Storm Water | | | $ 178 |
| CITY OF TOPEKA | 332107101780 | Sewer, Water, Storm Water | $ 35 | | $ 97 |
| CITY OF TRACY | 2885000 | Waste, Sewer, Water, Storm Water | | | $ 4,108 |
| CITY OF TUCSON UTILITY LOCKBOX | 6093363010 | Sewer, Water | | | $ 63 |
| CITY OF TUKWILA | 0407600000 | Water, Sewer | | | $ 262 |
| CITY OF TULSA UTILITIES | 1687222123068 | Waste, Water, Storm Water | | | $ 600 |
| CITY OF TWIN FALLS | 005406000 | Water, Sewer, Waste | | | $ 34 |
| CITY OF UNION GAP | 2812 | Waste, Water, Sewer | | | $ 181 |
| CITY OF VISALIA | 017441 \| 018300 | Water, Sewer, Storm Water | | | $ 117 |
| CITY OF W SACRAMENTO | 000888000 | Water, Waste, Sewer | | | $ 127 |
| CITY OF WACO WATER OFFICE | 7566205365 | Sewer, Water | | | $ 38 |
| CITY OF WICHITA | 0180672078436 | Sewer, Water, Storm Water | | | $ 1,206 |
| CITY OF WINNIPEG | 20220200008 \| 30220200007 \| 84220200004 | Sewer, Water | | | $ 881 |
| CITY OF WINSTON SALEM | 2075961 | Water, Sewer | | | $ 1,610 |
| CITY OF WYOMING | 513506001 | Sewer, Water | | | $ 39 |
| CITY TREASURER | 00044006 | Water, Sewer, Waste, Storm Water | | | $ 275 |
| CITY UTILITIES | 013753000029596 \| 013753000695653 \| 011198400699241 | Water, Storm Water, Sewer | | | $ 518 |
| CITY UTILITIES OF SPRINGFIELD | 1511100090 | Electricity | | | $ 1,887 |
| CLARK COUNTY REMC | 65047001 | Electricity | | | $ 1,938 |
| CLARK COUNTY WATER | 2611500000 | Sewer | | | $ 72 |
| CLAYTON COUNTY WATER AUTHORITY | 1098403 \| 10458408 \| 1362610 | Storm Water, Sewer, Water | | | $ 1,400 |
| CLIFTON WATER DISTRICT | 61330301 \| 71330401 | Water, Sewer | | | $ 44 |
| COLORADO SPRINGS UTILITIES | 2937969290 | Electricity, Water, Gas, Sewer, Storm Water | | | $ 971 |
| COLUMBIA COUNTY WATER | 040590880 | Water, Sewer, Storm Water | | | $ 107 |

| Utility Provider | Account Number(s) (if known) | Service(s) | Utility Deposit Amount | Surety Bond Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| COLUMBIA GAS OF OHIO | 120141110020002 \| 173927310010002 \| 112387620010006 \| 119558930010001 \| 119558950010007 \| 172537320010008 \| 172537320030006 \| 213192730010004 | Gas | $ 521 | | $ 3,457 |
| COLUMBIA GAS OF PENNSYLVANIA | 109206870010001 | Gas | | | $ 231 |
| COLUMBIA GAS OF VIRGINIA | 128222900010007 | Gas | | | $ 62 |
| COLUMBUS CITY TREASURER | 3436781256454 \| 3387781079177 | Storm Water, Sewer, Water | | | $ 6,257 |
| COMCAST | Unknown | Telecom | | | $ 1,556 |
| COMED | 8514673000 | Electricity | $ 2,530 | | $ - |
| CON EDISON | 211352034500132 \| 522701039100005 \| 522703033101005 \| 522703033102003 \| 622315020506002 | Electricity, Gas | $ 10,090 | | $ - |
| CONNEXUS ENERGY | 619300244566 | Electricity | | | $ 2,223 |
| CONSOLIDATED COMMUNICATIONS | Unknown | Telecom | | | $ 196 |
| CONSTELLATION NEWENERGY INC | 12743227 \| 12743238 \| 8285478 \| 8285479 \| 6479777 \| 8285477 \| 8700905 \| 6505173 \| 6482128 \| 8379031 \| 8775226 \| 11251406 \| 11251407 \| 11251409 \| 8775222 \| 8775223 \| 8775224 \| 8775228 \| 8975747 \| 8975751 \| 11251404 \| 8775232 \| 8775234 \| 11251408 \| 11251412 \| 8775233 \| 9539880 \| 9539881 \| 9539882 \| 8775227 \| 9539884 \| 11251410 \| 11251411 \| 8775229 \| 12545077 \| 12545078 \| 8775230 | Electricity | | | $ 18,120 |
| CONSUMERS ENERGY | 100033254672 \| 100019459526 \| 103018105256 \| 100029411210 \| 100049360512 \| 100027837440 \| 100000241081 | Gas, Electricity | | | $ 6,147 |
| CONVERGE ONE, INC. | Unknown | Telecom | | | $ 58,359 |
| COUNCIL BLUFFS WATER WORKS | 521904142195 | Sewer, Water | | | $ 29 |
| CPS ENERGY | 3000569509 | Gas, Electricity | | | $ 980 |
| CROSS ANCHOR UTILITY DISTRICT | 0127990004 | Water | | | $ 52 |
| CROSSCOM NATIONAL LLC | Unknown | Telecom | | | $ 954 |
| CUMBERLAND RI WATER | 20126000 \| 20126001 | Water | | | $ 55 |
| DARLINGTON COUNTY | 111048001 | Water | | | $ 9 |
| DECATUR UTILITIES | 38484001 | Water | | | $ 10 |
| DELMARVA POWER | 55003663485 \| 55003924846 | Electricity | | | $ 859 |
| DES MOINES WATER WORKS | 0133233073124 | Water, Sewer | | | $ 53 |
| DIRECT ENERGY REGULATED SVCS | 760003368759 \| 760003368973 \| 760005294177 | Gas | | | $ 4,137 |
| DIRECT WASTE SERVICES, INC | Unknown | Waste | | | $ 1,250 |
| DIVERSE POWER | 9003001 | Electricity | | | $ 133 |
| DOMINION ENERGY | 6405830000 \| 9851710000 \| 5616540000 | Gas | $ 355 | | $ 4,223 |
| DOMINION ENERGY NORTH CAROLINA | 4210057334607 \| 9210132541002 \| 9210132541251 | Gas | | | $ 134 |
| DOMINION ENERGY OHIO | 1420200208702 \| 2440300280957 \| 7440300551983 \| 1500013259934 \| 7500018238290 \| 7440600472999 | Gas | | | $ 3,386 |
| DOMINION ENERGY SOUTH CAROLINA | 7197401554228 \| 3197401139601 \| 8197401139618 \| 4197501491730 \| 4197501491745 \| 0197001863549 | Electricity, Gas | | | $ 1,677 |
| DOMINION ENERGY VIRGINIA | 003193200031 \| 004065040000 \| 007564978547 \| 002973702505 \| 009042114414 | Electricity | | | $ 1,975 |
| DOUGLAS COUNTY PUD | 716277 | Electricity | | | $ 47 |
| DTE ENERGY | 910009142332 \| 920016776428 \| 920005141725 \| 910021909452 \| 920016102542 \| 920016102559 \| 910012837357 \| 910012837233 \| 910040772063 \| 910021606645 | Gas, Electricity | | | $ 13,048 |
| DUKE ENERGY | 910036098616 \| 910036098757 \| 910082383659 \| 910033003059 \| 910033003273 \| 910033003463 \| 910033003661 \| 910033003893 \| 910033004240 \| 910033002636 \| 910033002850 \| 910033004076 \| 910105999900 \| 910123190040 \| 910122842916 \| 910084481872 \| 910127900779 \| 910127901085 \| 910083137370 \| 910035204814 \| 910082605323 \| 910081544688 | Electricity, Gas | $ 100 | | $ 24,327 |
| DUQUESNE LIGHT COMPANY | 2304940000 \| 4271443763 | Electricity | | | $ 1,876 |
| EAGLE PASS WATER WORKS SYSTEM | 128885001 | Water, Sewer, Waste | | | $ 90 |
| EAST WENATCHEE WATER DISTRICT | 010444000 | Sewer, Water | | | $ 28 |
| ECO WASTE SERVICES INC | Unknown | Waste | | | $ 161 |
| EL PASO ELECTRIC | 5594710000 | Electricity | | | $ 807 |

| Utility Provider | Account Number(s) (if known) | Service(s) | Utility Deposit Amount | Surety Bond Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| EL PASO WATER | 4676700000 \| 9711820000 \| 9862620000 | Waste, Sewer, Water, Storm Water | | | $ 810 |
| ELEXICON ENERGY | 2099255901 | Electricity | | | $ 798 |
| ENBRIDGE GAS DISTRIBUTION INC | 094580077035 \| 112169306003 | Gas | | | $ 4,626 |
| ENBRIDGE GAS INC | 910044568103 \| 910038564795 | Gas | | | $ 880 |
| ENERGIR LP | 38902800036 | Gas | | | $ 350 |
| ENERGY WEST MONTANA | 210464095 | Gas | | | $ 84 |
| ENGIE POWER & GAS LLC | 411005265458 \| 411005265599 \| 411000919208 \| 411000919992 \| 411000920206 \| 411000920651 \| 411000920834 | Gas | | | $ 4,305 |
| ENMAX | 500103227 | Electricity | | | $ 5,207 |
| ENTERGY | 19546803 \| 12636163 \| 31470529 \| 29735065 \| 2632792 \| 2632990 \| 5021423 \| 78896321 | Electricity | $ 260 | | $ 3,563 |
| ENVIRONMENTAL MANAGEMENT, INC. | Unknown | Waste | | | $ 22,561 |
| ENWIN | 0001212100 | Water, Sewer, Electricity | | | $ 112 |
| EPCOR | 2625101 | Water, Sewer, Electricity, Storm Water | | | $ 2,777 |
| ERIE COUNTY WATER AUTHORITY | 705574413 \| 710040419 \| 705574906 \| 710026116 \| 710102005 | Water | | | $ 196 |
| ERIE WATER WORKS | 362220362720 | Water, Sewer | | | $ 30 |
| ERTH SOLUTIONS | 7687300 | Water, Sewer | | | $ 14 |
| EUGENE WATER & ELECTRIC BOARD | 8801711093 \| 8801711096 | Electricity, Water, Sewer, Storm Water | | | $ 1,047 |
| EVANSVILLE WATER & SEWER UTIL | 90001152173500 | Sewer, Water | | | $ 201 |
| EVER GREEN ENVIRONMENTAL, LLC | Unknown | Waste | | | $ 26 |
| EVERGY | 8640329664 \| 5487274247 \| 9397693970 | Electricity | | | $ 884 |
| EVERSOURCE | 54615991080 \| 71000925439 \| 51276393014 \| 57188740021 \| 56284311099 \| 10592930019 | Electricity, Gas | | | $ 5,600 |
| FAYETTEVILLE PBLC WRKS COMMSSN | 2005100000 | Water, Electricity | | | $ 239 |
| FIELDINGS OIL CO., INC. | Unknown | Gas | | | $ 402 |
| FONTANA WATER CO | 35903105550 \| 35913457500 \| 35913457550 | Water | | | $ 1,155 |
| FORTIS BC NATURAL GAS | 523736 | Gas | | | $ 532 |
| FPL | 3324232598 \| 3329237519 \| 7535678655 \| 0246014781 \| 0251019709 \| 7454620480 | Electricity | | | $ 3,343 |
| FRONTIER | Unknown | Telecom | | | $ 1,179 |
| FRSA PAYMENTS | 0450954AR | Sewer | | | $ 25 |
| GALLIA COUNTY SEWER DEPARTMENT | 01230841 | Sewer | | | $ 150 |
| GALLIA RURAL WATER ASSOC | 00499001 | Water | | | $ 24 |
| GAS SOUTH | 7789341000 \| 8752748564 \| 8836250351 \| 6865517511 \| 1266000837 | Gas | | | $ 1,205 |
| GEORGIA POWER | 3665963014 \| 6500963017 \| 1420875002 \| 4189391066 \| 5613423420 \| 9059965060 \| 9080965054 \| 9101965010 \| 9502681002 \| 3155615001 \| 9374000516 | Electricity | | | $ 8,607 |
| GOLDEN STATE WATER CO | 45925000007 \| 57525000006 | Water | | | $ 183 |
| GRANGER HUNTER IMPROVEMENT DIS | 432048000 \| 432050000 | Sewer, Water | | | $ 642 |
| GRANITE TELECOMMUNICATIONS | Unknown | Telecom | | | $ 348 |
| GREEN MOUNTAIN POWER CORP | 02122000009 \| 91122000002 \| 90172000003 | Electricity | | | $ 846 |
| GREENEVILLE ENERGY AUTHORITY | 133051 | Electricity | | | $ 531 |
| GREENVILLE WATER | 0018227350 \| 0099991554 | Water, Sewer | | | $ 212 |
| GREYSTONE POWER CORP | 10091555002 | Electricity | $ 341 | | $ 520 |
| HAMPDEN TOWNSHIP | 011173000 \| 105412001 | Sewer, Storm Water | | | $ 348 |
| HAWAIIAN ELECTRIC COMPANY | 202011483999 \| 202011484070 | Electricity | | | $ 602 |
| HAYWARD WATER SYSTEM | 2513010015926 \| 2516110015925 | Sewer, Water | | | $ 232 |
| HERITAGE CRYSTAL CLEAN LLC | Unknown | Waste | | | $ 917 |
| HOLLAND BOARD OF PUBLIC WORKS | 1095135001 \| 2938253402 | Water, Sewer, Electricity | | | $ 3,758 |
| HOPE GAS | 9100000093520 | Gas | | | $ 58 |
| HOWARD COUNTY | 211010460846 \| 211010460894 | Water, Sewer | | | $ 84 |
| HRUBS | 5409910004 | Sewer, Water | | | $ 48 |

| Utility Provider | Account Number(s) (if known) | Service(s) | Utility Deposit Amount | Surety Bond Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| HYDRO ONE NETWORKS INC | 200165342127 | Electricity | | | $ 343 |
| HYDRO QUEBEC | 299002385035 \| 299000814085 | Electricity | | | $ 1,427 |
| IDAHO POWER | 2204746958 \| 2203481714 \| 2204756924 | Electricity | | | $ 1,255 |
| ILLINOIS AMERICAN WATER | 1025210004276118 | Water, Sewer | | | $ 199 |
| IMPERIAL IRRIGATION DISTRICT | 50867013 | Electricity | | | $ 708 |
| INDIANA MICHIGAN POWER | 04771200013 \| 04716737301 \| 04007713706 \| 04602592117 \| 04010947812 \| 04330957111 \| 04640957116 \| 04950957110 \| 04986119917 | Electricity | | | $ 5,262 |
| INTERMOUNTAIN GAS COMPANY | 46112330009 \| 51729330004 \| 55282130008 | Gas | | | $ 155 |
| INTERSTATE WASTE SVC | Unknown | Waste | | | $ 1,269 |
| JACKSON EMC | 1075431 | Electricity | $ 1,000 | | $ - |
| JACKSON ENERGY AUTHORITY | 200967100967 | Water, Sewer, Gas | | | $ 110 |
| JEA | 6004924200 | Water, Electricity | | | $ 1,036 |
| JEFFERSONVILLE WASTEWATER DEPT | 103647 | Storm Water, Sewer | | | $ 524 |
| JOE WHEELER EMC | 79332001 \| 79332003 | Electricity | | | $ 553 |
| JOHNSON COUNTY WASTEWATER | 0020786931 \| 0020791902 \| 0020791889 | Sewer | | | $ 1,770 |
| KANSAS CITY BD OF PUBLIC UTIL | 3086228 \| 3086229 | Electricity, Sewer, Water, Storm Water | | | $ 2,445 |
| KANSAS GAS SERVICE | 510536992118 5725 \| 5104210371344414 \| 1208596686 \| 1200150251 | Gas | | | $ 4,747 |
| KC WATER | 000176880018855 09 | Sewer, Water, Storm Water | | | $ 2,145 |
| KCP&L | 0403422853 \| 5102606796 \| 7042645368 \| 8434023740 \| 8070798365 \| 0644930289 | Electricity | | | $ 29,850 |
| KEARNY MUNICIPAL UTILITIES | 10070 | Sewer | | | $ 15 |
| KEARNY WATER DEPT | 00305250000000 \| 00306660000000 | Water | | | $ 268 |
| KENNEBEC WATER DISTRICT | 7317705207054 | Water | | | $ 41 |
| KIMBLE RECYCLING & DISPOSAL | Unknown | Waste | | | $ 774 |
| KLEINSCHMIDT INC. | Unknown | Telecom | | | $ 3,326 |
| KU | 300006363133 | Electricity | | | $ 221 |
| KUB | 2822910000 \| 1997510000 | Water, Sewer, Gas, Electricity | | | $ 2,467 |
| LACKAWANNA RVR BASIN SWR AUTH | 240310134 \| 240310136 | Sewer | | | $ 20 |
| LAKE HAVASU CITY | 0007757601 | Water, Sewer | | | $ 43 |
| LEVEL 3 COMMUNICATIONS LLC | Unknown | Telecom | | | $ 3,670 |
| LEXINGTON FAYETTE URBAN CO GOV | 125649300 | Sewer, Water, Storm Water | | | $ 642 |
| LIBERTY | 006012892 \| 139391767 \| 402150155 \| 584327969 \| 637301557 \| 814336186 \| 901231324 | Electricity | | | $ 2,317 |
| LIBERTY UTILITIES MIDSTATES | 7754778377152223 | Gas | | | $ 51 |
| LOS ANGELES DEPT OF WTR & PWR | 3900390000 | Sewer, Water, Electricity | $ 5,000 | | $ - |
| LVVWD | 07479278678 | Water, Sewer | | | $ 558 |
| MACON WATER AUTHORITY | 105501 | Water, Sewer, Storm Water | | | $ 57 |
| MADISON COUNTY SANITARY SEWER | 52770001 | Sewer | | | $ 38 |
| MADISON GAS & ELECTRIC | 9100106215 | Gas, Electricity | | | $ 333 |
| MAHONING COUNTY SANITARY | 0013987461039197 | Sewer | | | $ 79 |
| MALAGA COUNTY WATER DISTRICT | 11801 | Water, Sewer | | | $ 504 |
| MANITOBA HYDRO | 79683266064629 \| 79684086438922 \| 79684096438923 | Electricity, Gas | | | $ 110 |
| MARIETTA POWER WATER | 10197011945 \| 10197081170 | Sewer, Water, Electricity | | | $ 6,790 |
| MASON CITY PUBLIC UTILITIES | 184052002 | Sewer, Water, Waste | | | $ 19 |
| MCALLEN PUBLIC UTILITY | 000093250026288 | Waste, Sewer, Water, Storm Water | | | $ 349 |
| MEMPHIS LIGHT GAS & WATER DIV | 0004812561453130 \| 0004812561453142 \| 0004812561454309 | Sewer, Water, Gas, Electricity, Storm Water | | | $ 9,479 |
| MET ED | 100012677371 | Electricity | | | $ 1,343 |
| METRO WATER SERVICES | 190708300 \| 60280300 | Sewer, Water, Storm Water | | | $ 4,625 |
| METROPOLITAN ST LOUIS SWR DIST | 02075232 \| 02090108 \| 02091478 | Sewer | | | $ 360 |
| METROPOLITAN UTILITIES DIST | 112000237890 | Gas, Sewer, Water | | | $ 572 |

| Utility Provider | Account Number(s) (if known) | Service(s) | Utility Deposit Amount | Surety Bond Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| MIAMI VALLEY LIGHTING LLC | 10088646 | Electricity | | | $ 642 |
| MIDAMERICAN ENERGY CO | 2463060009 \| 5677063013 \| 5698063014 \| 1983002016 \| 0024031039 \| 4580013016 | Electricity, Gas | | | $ 3,500 |
| MIDAMERICAN ENERGY SERVICES | 472767 \| 472692 \| 472534 \| 472509 \| 472458 \| 472768 \| 472693 \| 472335 \| 472389 \| 472370 \| 472334 \| 472690 \| 472590 \| 467459 | Electricity | | | $ 20,293 |
| MIDDLESEX TOWNSHIP MUNIE AUTH | 2710 | Water, Sewer | | | $ 3,240 |
| MINNESOTA ENERGY RESOURCES | 050664619500001 | Gas | | | $ 70 |
| MISSOURI AMERICAN WATER | 1017210015292837 | Water | | | $ 10 |
| MITCHELL COMMUNICATIONS INC | Unknown | Telecom | | | $ 161 |
| MITCHELL PUBLIC WATER DISTRICT | 2000024000008 | Water | | | $ 173 |
| MOBILE AREA WATER & SEWER SYS | 0107213300 | Water, Sewer | | | $ 58 |
| MODERN DISPOSAL SERVICES, INC. | Unknown | Waste | | | $ 204 |
| MONONGAHELA POWER | 110082642221 \| 110088588618 | Electricity | | | $ 232 |
| MONROE COUNTY WATER AUTHORITY | 155864 \| 391576 | Water | | | $ 34 |
| MONTANA DAKOTA UTILITIES CO | 21798010001 \| 50298110003 | Gas | | | $ 155 |
| MONTGOMERY COUNTY | 162603613202 \| 162597613196 | Water, Sewer | | | $ 221 |
| MONTGOMERY WATER WRKS & SEWER | 3640323300 | Water | | | $ 77 |
| MORTON UTILITIES | 4274347500 | Sewer, Gas, Water, Storm Water | | | $ 198 |
| MOUNTAINEER GAS COMPANY | 183794205309 | Gas | | | $ 53 |
| MP SERVICES UTAH LLC | Unknown | Waste | | | $ 304 |
| MUHLENBERG TOWNSHIP AUTHORITY | G301017 \| G400105 | Sewer, Water | | | $ 159 |
| MUKILTEO WATER & WASTWTR DIST | 008194000 \| 010274000 | Water, Sewer | | | $ 117 |
| NARRAGANSETT BAY COMMISSION | 0176449085162 | Sewer | | | $ 220 |
| NASHVILLE ELECTRIC SERVICE | 04101100401134 \| 00617030060940 \| 00617040060941 | Electricity | | | $ 9,927 |
| NATIONAL FUEL | 608908011 \| 594818406 \| 533919903 \| 339600308 \| 373407610 | Gas | | | $ 2,658 |
| NATIONAL GRID | 0179018038 \| 5067494138 \| 2683617158 \| 4167487134 \| 9527496134 \| 0892005510 \| 3876848004 \| 4562817680 \| 4562819150 \| 6579113005 \| 4531619000 \| 4531622030 \| 0487032002 \| 0392689002 \| 0073582740 \| 1222448107 \| 2767546101 \| 3240083106 \| 3403785109 | Gas, Electricity | | | $ 11,954 |
| NEBRASKA PUBLIC POWER DIST | 211010069223 \| 211010056747 | Electricity | | | $ 397 |
| NEVILLE TOWNSHIP | 48644864 | Sewer, Water | | | $ 78 |
| NEW CASTLE COUNTY | 1002400002 | Sewer, Water | | | $ 51 |
| NEW HAVEN UTILITIES | 246660800 | Storm Water | | | $ 129 |
| NEW JERSEY AMERICAN WATER | 1018210026160923 \| 1018210026236066 \| 1018220003702925 \| 1018220004849278 | Water | | | $ 364 |
| NEW MEXICO GAS CO | 0625900130650289 | Gas | | | $ 1,538 |
| NEW YORK STATE ELEC & GAS CORP | 10011283271 \| 10011402178 \| 10011402186 \| 10037077616 \| 10037077624 | Electricity | $ 200 | | $ 1,068 |
| NEXTEL COMMUNICATIONS, INC. | Unknown | Telecom | | | $ 1,108 |
| NICOR GAS | 53193020004 \| 87940800003 \| 26812700008 \| 31665400003 \| 83594020006 \| 93594020005 \| 20727872747 \| 13926031546 \| 53274510006 \| 91714510004 \| 43442434981 | Gas | $ 299 | | $ 30,696 |
| NIPSCO | 8303600013 \| 1754780007 \| 3681450081 \| 7018670040 \| 7039960045 \| 9491450098 | Gas, Electricity | | | $ 1,500 |
| NOR CAL WASTE SERVICES | Unknown | Waste | | | $ 266 |
| NORTH GEORGIA EMC | 25452703001 | Electricity | | | $ 2,454 |
| NORTHCENTRAL ELECTRIC COOP | 54726001 | Electricity | | | $ 1,337 |
| NORTHEAST OHIO REGION SWR DIST | 4303100008 \| 1347317077 | Sewer, Storm Water | | | $ 1,802 |
| NORTHWESTERN ENERGY | 02213718 \| 03624863 \| 08525453 \| 02093755 \| 06051361 \| 26751339 | Electricity, Gas | | | $ 2,027 |
| NORTHWESTERN WATER & SWR DIST | 02028241 | Sewer, Water | | | $ 157 |
| NV ENERGY | 1000034167803556881 \| 1000034167801971843 \| 3000126882420235332 \| 1000025046902592941 | Electricity, Gas | | | $ 3,015 |
| NW NATURAL | 22594733 \| 22594774 \| 3361110 | Gas | | | $ 1,557 |
| NYC WATER BOARD | 0000574912001 \| 9000316974001 | Sewer, Water | | | $ 87 |
| NYSEG | 10010211638 \| 10010211646 \| 10010211653 \| 10010211661 | Electricity | $ 285 | | $ 4,352 |

| Utility Provider | Account Number(s) (if known) | Service(s) | Utility Deposit Amount | Surety Bond Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| OAK CREEK WATER & SEWER | 7339000700000 | Sewer, Water | | | $ 155 |
| OAKDALE ELECTRIC COOP | 29423001 \| 29423002 \| 29423003 \| 29423004 | Electricity | | | $ 909 |
| OCWRC | 7956801 \| 7956901 | Sewer, Water | | | $ 213 |
| OGE | 12024394 | Electricity | | | $ 3,483 |
| OHIO EDISON | 110008969005 \| 110056672071 \| 110057458983 \| 110008572486 \| 110016712397 \| 110007970921 | Electricity | | | $ 9,444 |
| OKLAHOMA NATURAL GAS | 211356531203220382 \| 211356531253220382 \| 211089135177645600 | Gas | | | $ 1,524 |
| OMAHA PUBLIC POWER DIST | 4885200090 | Electricity | | | $ 751 |
| OPENTEXT INC. | Unknown | Telecom | | | $ 3,936 |
| OREGON TRAIL ELECTRIC COOP | 68294001 | Electricity | | | $ 117 |
| ORLANDO UTILITIES COMMISSION | 6164510001 | Sewer, Water | | | $ 222 |
| OWATONNA PUBLIC UTILITIES | 714215 | Storm Water, Sewer, Electricity, Water, Gas | | | $ 1,328 |
| PACIFIC POWER | 14714421001 \| 14714421005 \| 14714421003 \| 40758450001 \| 40758450002 \| 49728351001 \| 25121531001 | Electricity | | | $ 4,713 |
| PADUCAH POWER SYSTEM | 13586001 | Electricity | | | $ 488 |
| PADUCAH WATER | 045345000 | Water, Sewer, Waste | | | $ 190 |
| PECO ENERGY | 0812700109 \| 7083501101 \| 8928700409 | Electricity | | | $ 1,948 |
| PECO PAYMENT PROCESSING | 5526002105 | Gas | | | $ 256 |
| PENELEC | 100009700996 \| 100101770087 \| 100004411276 | Electricity | | | $ 631 |
| PENNSYLVANIA AMERICAN WATER | 1024210032130477 \| 1024210035436815 \| 1024210034151029 \| 1024210035181474 \| 1024210035814156 | Water | | | $ 870 |
| PEOPLES | 200001820667 | Gas | | | $ 77 |
| PG&E | 9127442186 \| 3871769082 \| 7972202301 \| 2105822301 \| 5425047486 \| 5838991596 \| 6286915535 \| 1340330722 \| 4973888144 \| 9879446432 \| 3660466367 \| 6855500000 | Gas, Electricity | $ 34,925 | $ 20,920 | $ - |
| PHOENIX WATER AND WASTEWATER OPERATIONS | Unknown | Sewer | | | $ 1,455 |
| PIEDMONT NATURAL GAS | 7001519432001 \| 7001519432002 \| 9001467017001 \| 9001467017002 \| 0000603824001 \| 5000603825001 \| 5001001365001 \| 6000603823001 \| 9000603826001 \| 8000169001001 \| 0000475787001 \| 3000393579001 \| 7003751571001 | Gas | | | $ 9,861 |
| PLAINVIEW WATER DISTRICT | 19908900 \| 22804600 | Water | | | $ 34 |
| PNM | 0241890303134263 | Electricity | | | $ 1,519 |
| POCKETINET COMMUNICATIONS INC | Unknown | Telecom | | | $ 89 |
| PORTLAND WATER DISTRICT | 30040476 | Sewer, Water | | | $ 17 |
| POTOMAC EDISON | 110081054261 | Electricity | | | $ 2,272 |
| PPL ELECTRIC UTILITIES | 8138081006 \| 5668922008 \| 8082114018 \| 8122114003 \| 8162114001 \| 8182114001 \| 3441079002 | Electricity | | | $ 7,970 |
| PPL ELECTRIC UTILITIES CORP | 6463059016 \| 7453790001 \| 9274070002 \| 4025014022 \| 5345021020 \| 5811028033 | Electricity | | | $ 2,116 |
| PRAIRIE ROAD WATER DISTRICT | 030050000 | Water | | | $ 301 |
| PROVIDENCE WATER | 810030 \| 811716 | Water | | | $ 117 |
| PSE&G CO | 6590904405 \| 6661093609 \| 6629983300 \| 6768413902 \| 6768414704 \| 6855126502 \| 6881834403 \| 7143949418 \| 6701439802 \| 6744798103 | Electricity, Gas | | | $ 9,817 |
| PSEGLI | 00883001463 \| 05937000718 \| 05937007259 | Electricity | | | $ 2,134 |
| PUBLIC SERVICE CO OF OKLAHOMA | 95167990100 | Electricity | | | $ 513 |
| PUGET SOUND ENERGY | 200009337433 \| 200002367429 | Gas | | | $ 175 |
| PWSD NO 9 | 000562 | Water | | | $ 14 |
| RAMBONE DISPOSAL SERVICE INC | Unknown | Waste | | | $ 436 |
| READING MUNICIPAL LIGHT DEPT | 524864124864 \| 524865124865 | Electricity | | | $ 1,343 |
| REGION OF PEEL | 2713010000 | Sewer, Water, Storm Water | | | $ 1,396 |
| RELIANT | 189476682 | Electricity | | | $ 642 |
| REPUBLIC SERVICES | Unknown | Waste | | | $ 1,418 |

| Utility Provider | Account Number(s) (if known) | Service(s) | Utility Deposit Amount | Surety Bond Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| RG&E | 20013069305 \| 20015023177 | Gas, Electricity | | | $ 2,025 |
| RHODE ISLAND ENERGY | 4057406027 \| 6850835000 \| 3889393027 \| 6473476001 \| 7719775002 | Electricity, Gas | | | $ 4,821 |
| RINGCENTRAL INC | Unknown | Telecom | | | $ 89,575 |
| RIO GRANDE ELEC COOP INC | 202590000 | Electricity | | | $ 237 |
| ROANOKE GAS CO | 00774315 | Gas | | | $ 41 |
| ROCKY MTN POWER | 25121531005 \| 14714421006 \| 60609151003 \| 25791326001 \| 25791326002 \| 41116636001 | Electricity, Sewer | | | $ 6,908 |
| ROGER'S WIRELESS | Unknown | Telecom | | | $ 4,861 |
| SACRAMENTO COUNTY UTILTIES | 50000381439 | Sewer, Storm Water | | | $ 284 |
| SALT LAKE CITY PUBLIC UTILITIES | W1708058 \| W1708066 | Electricity, Water, Sewer, Storm Water | | | $ 908 |
| SAN ANTONIO WATER SYSTEM | 0003331660333167000001 | Sewer, Water, Storm Water | | | $ 241 |
| SAN DIEGO GAS & ELECTRIC | 0064953114957 \| 0094687121619 \| 007786582140 \| 009809785536 | Electricity | $ 6,324 | | $ - |
| SAN GABRIEL VALLEY WATER CO | 12105600512 \| 12902000802 | Water | | | $ 251 |
| SAN JOSE WATER COMPANY | 19214901928 \| 33176810548 \| 51626722998 | Water | | | $ 1,382 |
| SANDY TOWNSHIP MUNICIPAL AUTHORITY | Unknown | Water | | | $ 15 |
| SASK ENERGY | 26038000001 \| 96985000007 | Gas | | | $ 1,090 |
| SASK POWER | 500002788114 \| 500002672144 | Electricity | | | $ 837 |
| SELCO | 228653 | Electricity | | | $ 855 |
| SEMCO ENERGY GAS CO | 0188837502 | Gas | | | $ 935 |
| SEMO ELECTRIC COOP | 11637401 | Electricity | | | $ 378 |
| SEWERAGE & WTR BD NEW ORLEANS | 197475440999 | Waste, Water | | | $ 44 |
| SIOUX FALLS UTILITIES | 50744120000237655 | Water, Sewer | | | $ 65 |
| SMASH MY TRASH | Unknown | Waste | | | $ 2,864 |
| SMASH MY TRASH FOOTHILLS | Unknown | Waste | | | $ 297 |
| SMASH MY TRASH OMAHA | Unknown | Waste | | | $ 326 |
| SMASH MY TRASH SAN DIEGO | Unknown | Waste | | | $ 203 |
| SMASHACHUSETTS LLC | Unknown | Waste | | | $ 625 |
| SMUD | 3326057 | Electricity | | | $ 886 |
| SOCALGAS | 04657787216 | Gas | | | $ 1,470 |
| SOLEX | Unknown | Telecom | | | $ 249 |
| SOUTH ADAMS CO WTR & SAN DIST | 60401000 \| 60401100 | Sewer, Water | | | $ 321 |
| SOUTH BEND MUNICIPAL UTILITIES | 102508300 \| 141252300 | Water, Storm Water, Sewer | | | $ 495 |
| SOUTHERN CALIFORNIA EDISON | 700110251153 \| 700493121974 \| 700398976808 \| 700745341071 \| 700010441890 \| 700150183629 \| 700523008381 \| 700596086363 \| 700292541334 \| 700006083964 \| 700010746937 \| 700015003722 \| 700623486035 \| 700625657320 \| 700026832567 \| 700034544067 | Electricity | | $ 185,000 | $ - |
| SOUTHINGTON BOARD WATER COMM | 10996100 \| FP10996101 | Water | | | $ 44 |
| SOUTHWEST GAS | 910000366125 \| 910001709929 \| 910000117139 | Gas | | | $ 341 |
| SOUTHWEST TENNESSEE EMC | 211958111568 \| 211959111569 | Electricity | | | $ 330 |
| SOUTHWESTERN ELECTRIC POWER | 96820485710 \| 96890563024 \| 96128080007 \| 96587380005 \| 96271761106 | Electricity | $ 483 | | $ 646 |
| SPECTROTEL | Unknown | Telecom | | | $ 201 |
| SPIRE | 741555222 \| 4752151111 \| 5632032222 \| 1242020000 \| 2242020000 | Gas | $ 200 | | $ 4,097 |
| SPRINGDALE WATER UTILITIES | 210065000 | Sewer, Water | | | $ 14 |
| SPRINT | Unknown | Telecom | | | $ 1,268 |
| SRP | 454600005 \| 800400004 \| 863010005 \| 711600006 | Electricity | | | $ 4,478 |
| SRT | Unknown | Telecom | | | $ 48 |
| SUBURBAN NATURAL GAS CO | 004124801 | Gas | | | $ 229 |
| SUFFOLK COUNTY WATER AUTHORITY | 3000043442 | Water | | | $ 22 |
| SUMMIT UTILITIES ARKANSAS INC | 210100256296 | Gas | | | $ 369 |

| Utility Provider | Account Number(s) (if known) | Service(s) | Utility Deposit Amount | Surety Bond Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| TAMPA ELECTRIC | 211002139866 \| 211002210097 | Electricity | | | $ 1,126 |
| TAYLOR WASTE SERVICES, INC. | Unknown | Waste | | | $ 310 |
| TAYLOR-MONTGOMERY, LLC | Unknown | Waste | | | $ 2,097 |
| TDS TELECOM | Unknown | Telecom | | | $ 8 |
| THE GAS CO | 0452106824 9 \| 18591498003 \| 15530716156 \| 14114083836 \| 17268970013 \| 06311640004 | Gas | | | $ 394 |
| THE ILLUMINATING CO | 110022862392 \| 110022862533 | Electricity | | | $ 4,234 |
| THE REGIONAL MUNIE OF DURHAM | 2014900000 | Sewer, Water | | | $ 154 |
| THERMO FLUIDS INC. | Unknown | Waste | | | $ 727 |
| TIME WARNER CABLE INC. | Unknown | Telecom | | | $ 465 |
| TMOBILE | Unknown | Telecom | | | $ 115 |
| TOLEDO EDISON | 110018230760 \| 110018929320 \| 110043469508 | Electricity | | | $ 1,281 |
| TOLEDO EDISON CO | 110020285273 | Electricity | | | $ 1,658 |
| TOMAH WATER & SEWER | 285100 | Sewer, Water | | | $ 54 |
| TOMBIGBEE ELECTRIC POWER ASSN | 202184102080 | Electricity | | | $ 229 |
| TOWN OF BABYLON | 004537 | Waste | | | $ 411 |
| TOWN OF BETHLEHEM | 1963119630 \| 4323119320 | Water, Sewer | | | $ 115 |
| TOWN OF BILLERICA | 15010639 \| 15010640 \| 88841250001 \| 88841250002 \| 88841260001 | Water | | | $ 24 |
| TOWN OF DEWITT WATER DISTRICT | 31300887600 \| 41300911500 \| 31300541200 \| 31300541300 | Water | | | $ 20 |
| TOWN OF EVANSVILLE | 1200006205 | Water, Waste, Sewer | | | $ 88 |
| TOWN OF FAIRFIELD | 1113 | Sewer | | | $ 32 |
| TOWN OF HENRIETTA | 300460 | Sewer | | | $ 4 |
| TOWN OF MEDLEY WATER DEPT | 005222000 | Sewer, Water | | | $ 126 |
| TOWN OF NORTH READING | 0348300 \| 0348310 | Water | | | $ 401 |
| TOWN OF SHREWSBURY | 35006469 | Water, Storm Water | | | $ 298 |
| TOWN OF SOUTHINGTON | 10996100 | Sewer | | | $ 21 |
| TOWN OF TONAWANDA | 20700100001 \| 20700200001 | Sewer, Water | | | $ 143 |
| TOWN OF WILLISTON | 0002600789 | Water, Sewer, Storm Water | | | $ 88 |
| TRENTON WATER WORKS | 7215477300 \| 7215507301 | Water | | | $ 302 |
| TRUCKEE MEADOWS WATER AUTH | 143179300 \| 182695300 \| 169798300 | Water | | | $ 144 |
| TUCSON ELECTRIC POWER COMPANY | 5278274011 \| 5655874011 \| 5655912011 \| 6033474011 | Electricity | | | $ 609 |
| TUCSON RECYCLING & WASTE SERVICES, LLC. | Unknown | Waste | | | $ 34 |
| TUPELO WATER & LIGHT | 221001120446 | Water, Sewer | | | $ 13 |
| UGI UTILITIES INC | 411003005138 \| 411003005450 \| 411002499472 \| 411002499761 \| 411005265292 \| 411005265458 \| 411005265599 \| 411000919208 \| 411000919992 \| 411000920206 \| 411000920651 \| 411000920834 | Gas | | | $ 1,649 |
| UMATILLA ELECTRIC COOP | 6002839001 | Electricity | | | $ 76 |
| UNITED POWER INC | 8004901 \| 8083701 | Electricity | | | $ 1,411 |
| UNS ELECTRIC INC | 8905500000 \| 6757810000 | Electricity | | | $ 244 |
| UNS GAS INC | 0839950000 | Gas | | | $ 144 |
| US CELLULAR | Unknown | Telecom | | | $ 141 |
| UTILITY BILLING SERVICES | 200588820 \| 201076080 | Water, Sewer, Waste | | | $ 777 |
| VENTURA WATER | 14386300 | Water, Sewer | | | $ 45 |
| VERIZON | Unknown | Telecom | | | $ 4,246 |
| VERIZON BUSINESS | Unknown | Telecom | | | $ 3,153 |
| VERIZON COMMUNICATIONS INC. | Unknown | Telecom | | | $ 462 |
| VERIZON PENNSYLVANIA INC | Unknown | Telecom | | | $ 263 |
| VERIZON WIRELESS | Unknown | Telecom | | | $ 77,780 |
| VGS | 335786 | Gas | | | $ 76 |

| Utility Provider | Account Number(s) (if known) | Service(s) | Utility Deposit Amount | Surety Bond Amount | Proposed Adequate Assurance |
|---|---|---|---|---|---|
| VILLAGE OF MAYBROOK | 5330 \| 5340 \| 8670 | Sewer, Water | | | $ 429 |
| VILLAGE OF MCCOOK | 000000097000 | Water, Sewer | | | $ 146 |
| VILLAGE OF MONTGOMERY | 1000175100 | Sewer, Water | | | $ 53 |
| VILLAGE OF SAUK VILLAGE | 8702000000 | Sewer, Water | | | $ 2,313 |
| VILLAGE OF WHEELING | 510206110000 \| 510206110300 \| 510206110400 \| 510206110600 \| 510206100000 | Storm Water, Sewer, Water | | | $ 885 |
| WARREN COUNTY WATER DISTRICT | 0945070041756 | Water | | | $ 17 |
| WARREN RURAL ELECTRIC COOP COR | 400374001 | Electricity | | | $ 203 |
| WASHINGTON GAS | 220001120462 | Gas | | | $ 76 |
| WASTE CONNECTIONS OF CANADA INC. | Unknown | Waste | | | $ 156 |
| WASTE CONNECTIONS OF FLORIDA | Unknown | Waste | | | $ 706 |
| WASTE CONNECTIONS OF TN INC | Unknown | Waste | | | $ 492 |
| WASTE HARMONICS | Unknown | Waste | | | $ 71,980 |
| WASTE MANAGEMENT | Unknown | Waste | | | $ 728 |
| WASTE MANAGEMENT NATIONAL SERVICES INC | Unknown | Waste | | | $ 148,103 |
| WASTE MANAGEMENT OF CANADA CORPORATION | Unknown | Waste | | | $ 3,704 |
| WASTE MGNT OF NEW YORK | Unknown | Waste | | | $ 63 |
| WATER DIST NO 1 OF JOHNSN CNTY | 400101318835 \| 400101318877 \| 400101318952 \| 400101318911 | Water | | | $ 1,325 |
| WATERTOWN MUNICIPAL UTILITIES | 0060001133500 | Water, Gas, Sewer, Electricity | | | $ 221 |
| WATSON WATER COMPANY INC | 107937 | Water | | | $ 284 |
| WBRP GAS & WATER SYSTEMS | 0406280000001 | Water | | | $ 675 |
| WE ENERGIES | 070928852700001 \| 070226974700001 \| 071837969600001 \| 071837969600002 \| 070248255100001 \| 070465161400001 \| 071404201100001 | Gas, Electricity | | | $ 6,844 |
| WEST VALLEY WATER DISTRICT | 0302628200 \| 0302628400 \| 0302628600 | Water, Sewer | | | $ 962 |
| WEST VIEW WATER AUTHORITY | 316001046000001 | Water | | | $ 15 |
| WEST VIRGINIA AMERICAN WATER | 1028220011211710 | Water | | | $ 100 |
| WESTERN VIRGINIA WTR AUTH | 112458526166 | Water, Sewer | | | $ 68 |
| WINDSTREAM CORPORATION | Unknown | Telecom | | | $ 7,779 |
| WISCONSIN PUBLIC SERVICE CORP | 041383553200001 \| 040588659100002 | Electricity, Gas | | | $ 1,859 |
| WOW BUSINESS | Unknown | Telecom | | | $ 55 |
| WSSC | 0197730000 \| 1929330000 | Water, Sewer | | | $ 203 |
| WVC UTILITY BILLING | 5461 | Electricity, Sewer, Storm Water | | | $ 1,162 |
| XCEL ENERGY | 5300107412823 \| 5319664716 \| 5311247726 \| 5259502044 \| 5100128339612 \| 5166334272 \| 5166932754 \| 5142814820 \| 5144636895 \| 5308118905 \| 5329373395 \| 5311425255 | Gas, Electricity | | | $ 13,679 |
| ZIPLY FIBER | Unknown | Telecom | | | $ 435 |