## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | Re: Docket No. 12 |

**SECOND
INTERIM ORDER
(I) AUTHORIZING DEBTORS
TO PAY PREPETITION CLAIMS OF CERTAIN
CRITICAL VENDORS, 503(b)(9) CLAIMANTS, LIEN CLAIMANTS,
AND FOREIGN VENDORS (II) CONFIRMING ADMINISTRATIVE EXPENSE
PRIORITY OF OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to pay prepetition amounts owing on account of (i) Critical Vendor Claims, (ii) 503(b)(9) Claims, (iii) Lien Claims, and (iv) Foreign Vendor Claims; (b) granting administrative expense priority to all undisputed obligations on account of goods ordered by the Debtors prior to the date hereof that will not be delivered until after the Petition Date and authorizing the Debtors to satisfy such obligations; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.   The Motion is granted on an interim basis as set forth in this Interim Order.

2.   The final hearing (the "Final Hearing") on the Motion shall be held on September 18, 2023, at 2:00 p.m., prevailing Eastern Time.  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on August 31, 2023 and shall be served on:  (a) the Debtors, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.: General Counsel; (b) proposed counsel to the Debtors (i) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Patrick J. Nash Jr., P.C. (patrick.nash@kirkland.com), David Seligman P.C. (david.seligman@kirkland.com); and Whitney Fogelberg (whitney.fogelberg@kirkland.com) and (ii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com); (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street,

17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy (jane.m.leamy@usdoj.gov); and (d) any statutory committee appointed in these chapter 11 cases.

3. The Debtors are authorized, but not directed, to pay all or part of, and discharge, on a case-by-case basis, the Critical Vendor Claims in an aggregate amount not to exceed $4.3 million on an interim basis, absent further order of the Court.

4. The Debtors are authorized, but not directed, to pay all or part of, and discharge, on a case-by-case basis, the 503(b)(9) Claims.

5. The Debtors are authorized, but not directed, to pay all or part of, and discharge, on a case-by-case basis, the Lien Claims in an aggregate amount not to exceed $2.4 million on an interim basis, absent further order of the Court.

6. The Debtors are authorized, but not directed, to pay all or part of, and discharge, on a case-by-case basis, the Foreign Vendor Claims in an aggregate amount not to exceed $400,000 on an interim basis, absent further order of the Court.

7. All undisputed obligations related to the Outstanding Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

8. The Debtors are authorized, but not directed, to pay all undisputed amounts relating to the Outstanding Orders, consistent with the parties' customary practices in effect prior to the Petition Date.

9. As a condition to receiving payment hereunder, the Debtors, in their sole discretion, may require, by written agreement, the Specified Trade Claimants to continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, product mix, availability, and other programs) consistent with the parties' ordinary course practice (collectively, the "<u>Customary Trade Terms</u>"). The Debtors reserve the right to require more favorable trade terms with any party as a condition to payment of any prepetition claim.

10. If any party accepts payment hereunder for a prepetition obligation of the Debtors premised on compliance with the above, and thereafter fails to comply with the Customary Trade Terms, or other such terms as agreed to by the Debtors, then, subject to entry of a final order on the Motion from this Court: (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and, therefore, immediately recoverable in cash upon written request by the Debtors; *provided*, that such party shall be provided reasonable opportunity to contest such request; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

11. Any Specified Trade Claimant that accepts payment from the Debtors on account of all or a portion of such party's claim pursuant to this Interim Order shall be deemed to (a) agree to the terms and provisions of this Interim Order and (b) have waived, to the extent so paid, Specified Trade Claims of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties. The Debtors shall provide a copy of this Interim Order to any Specified Trade Claimant to whom a payment is made pursuant to this Interim Order.

12. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Specified Trade Claimant. The Debtors do not concede that any claims satisfied pursuant to this Interim Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection, or to seek the avoidance of all such liens or the priority, of such claims.

13. Notwithstanding the foregoing, prior to entry of an order granting the relief requested in the Motion on a final basis, the Debtors are not authorized to pay any prepetition amounts on account of Specified Trade Claims before the applicable due dates of such claims.

14. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

15. Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount,

validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

16.  The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

17.  Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

18.  The Debtors shall maintain a matrix summarizing the name of each Specified Trade Claimant paid on account of its Specified Trade Claims, and the amount paid by each Debtor to each Specified Trade Claimant on account of its Specified Trade Claim.  On a monthly basis, the Debtors shall deliver an updated copy of the matrix to the United States Trustee and any statutory committee appointed in these chapter 11 cases.

19. The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

20. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due.

21. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

22. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

23. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

24. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: August 21st, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**