IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> YELLOW CORPORATION, et al., <br><br> Debtors.[1] | Chapter 11 <br><br> Case No.  23-11069 (CTG) <br><br> **Objection Deadline: September 7, 2023 at 4:00 p.m. (ET)** <br> **Hearing date: September 18, 2023 at 2:00 p.m. (ET)** |

**MOTION OF BRETT GROVES FOR RELIEF FROM THE AUTOMATIC
STAY TO THE EXTENT OF LIABILITY INSURANCE PROCEEDS**

Brett Groves ("Movant"), by and through his undersigned counsel, hereby moves this honorable Court (the "Motion"), pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, for an order lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code for the purpose of pursuing his claims against the debtors and proceeding to collect any award against any available insurance proceeds related to Movant's pending personal injury action. In support of this Motion, the Movant respectfully states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §§ 1408 and 1409.

2.  This is a core proceeding within the meaning of 28 U.S.C. §§ 157 (b).

3.  The legal predicate for the relief requested herein is 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Bankruptcy Rule 4001.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

**FACTS**

4. On November 18, 2021, Movant, while employed by Doors22 was horrifically injured while at the premises of Doors22. He sustained catastrophic injuries while in the course and scope of his employment while he was assisting in the loading of heavy glass doors (the "Doors") into a truck. Specifically, prior to his injury Movant was physically able to support his wife and family and now is a 45 year old quadriplegic father who requires the use of a motorized wheelchair and full time nursing assistance. Debtor Yellow Logistics, Inc. d/b/a YRC Freight ("Debtor") had contracted with Capo Logic for the transportation of the Doors, which were loaded in a dangerous manner and not secured to properly ensure that the Doors did not shift or fall on workers loading the Doors inside the truck.

5. On March 14, 2023 Movant filed his First Amended Complaint in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida styled *Brett Groves vs. Bobby Benson Kimuhu, Christopher Davidson Michael, Dakota Financial, LLC, Capo Logic LLC, Yellow Logistics, Inc. d/b/a YRC Freight and the Glass Door Company, Inc. d/b/a Doors22*, Case No. 2023-000463-CA-01 (the "State Court Action"). A copy of the Amended Complaint is attached hereto as Exhibit "A".

6. A scheduling order has been entered in the State Court Action and Movant has been able to resolve his claim with a number of the defendants named in the State Court Action. The Debtor is the sole remaining defendant in the State Court Action and trial is set for July 14, 2024. Moreover, Movant has been in direct contact and engaged in communications regarding negotiations with the Debtor's defense counsel in Florida. Upon information and belief, this process was moving forward efficiently prior to the bankruptcy filing.

7. On August 6, 2023 and continuing on August 7, 2023 (the "Petition Date"), the Debtor and its affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"), and these cases were jointly administered. Upon information and belief, as of the Petition Date, the Debtors had ceased all operations and have begun the process liquidating their assets.

8. Prosecution and liquidation of the State Court Action has been stayed with respect to the Debtor as a consequence of the automatic stay provisions set forth in 11 U.S.C. § 362(a).

9. Upon information and belief, the Debtor is covered by insurance policies applicable to the Movant's personal injury claim.

## RELIEF REQUESTED

10. Through this Motion, Movant seeks the entry of an order pursuant to section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting so that he may prosecute his claims against the Debtor to judgment and satisfy any award or other resolution they may obtain against the Debtor from proceeds of any applicable insurance proceeds.

## BASIS FOR RELIEF REQUESTED

11. Upon information and belief, Movant's claim is insured. Movant seeks recovery from the Debtor only from applicable insurance.

12. Further, the claims at issue arises under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.

13. Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

14. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of

3

>this section, such as by terminating, annulling, modifying, or condition such stay…(1) for cause, including the lack of adequate protection of an interesting property for such party interest.

11 U.S.C. § 362(d)(1). The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 547, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often…examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

15. At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtor's equity in property. *See In re Domestic Fuel Corp.,* 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987): 11 U.S.C. § 362(g). If the creditor seeking relief from the automatic stay makes a prima facie case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In re 234-6 West 22nd Street Corp.,* 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

16. Courts regularly follow the logic of the intent behind § 362(d) which is that it is often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009)(quoting legislative history of § 362(d)) (internal citations omitted).

17. Courts also generally lift the stay to allow personal injury actions to proceed to state court where the Debtor has liability coverage for defense costs and any resulting judgment. See *Matter of Holtkamp* (7th Cr. 1982 669 F.2d. 505, 508). In *Holtkamp* the court held that allowing a personal injury action against the debtor to proceed did not bar the debtor where the debtor's insurance company had "assumed full financial responsibility for defending that litigation." See

4

also, *Foust v. Munson S.S. Lines,* (1936) 229 U.S. 77, 87-88, in which the court allowed a wrongful death action against a bankrupt defendant to proceed despite the stay, stating that plaintiff was "entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy." See also, *In re Adolf Gobel, Inc.,* 89 F.2d 171 (2d Cir.1937); *In re Winterland,* 101 B.R. 547 (C.D. Ill 1988); *In re Honosky,* 6 B.R. 667, 669 (Bankr.S.D.W.Va.1980).

18. Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

> (1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;
>
> (2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and
>
> (3) the creditor's probability of success on the merits.

*See In re Tribune.,* 418 B.R. at 126

19. Here, the facts weigh in Movant's favor on each of these three prongs. First, the Debtor will not suffer prejudice should the stay be lifted because Movant's personal injury action will proceed in state court where the Debtor has liability coverage for defense costs and any resulting judgment.

20. Furthermore, to the extent the Debtor's liability to the Movant is covered by insurance policies, any recovery by Movant will not affect or in any way prejudice the Debtor's estate. *See In re 15375 Memorial corp.,* 382 B.R. 652 687 (Bankr. D. Del 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("[W]hen a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate," (quoting *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del. 2004) (ownership by a bankruptcy estate is not

necessarily determinative of the ownership of the proceeds of that policy). "[W]hen the debtor has no legally cognizable claims to the insurance proceeds, those proceeds are not the property of the estate." *In re Edgeworth,* 993 F.2d 51,55-56 (5th Circ. 1993).

21. Second, the Movant will face substantial hardship if the stay is not lifted. The Movant is a resident of Florida and the events which form the basis of Movant's claim occurred exclusively in Florida. If the Movant is forced to litigate his claims in Delaware, he would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources." *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990). Here, judicial economy would be served by lifting the automatic stay and allowing Movant's claims to be liquidated in the forum where they are presently postured to be adjudicated quickly. Moreover, the Debtor will not suffer any hardship if the Movant's claim is allowed to proceed. Movant's claim is a garden variety personal injury claim which does not present any factual or legal issues which will impact or distract the Debtor(s) from their reorganizing process.

22. Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.*, 152 B.R. 420,426 (D. Del. 1993). This prong also weighs heavily in Movant's favor.

23. When weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute his claims against the Debtor to judgment in state court and to satisfy any award or other resolution he may obtain against the Debtor from the proceeds of any applicable insurance policies.

## CONCLUSION

WHEREFORE, Movant respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit B, and for such further additional relief as may be just and proper under the circumstances.

Dated:  August 24, 2023                    **GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Charles J. Brown III*
Charles J. Brown III (DE 3368)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Ph:  302.425.5813
Fax: 302.425.5814
cbrown@gsbblaw.com

*Counsel for Movant*