# EXHIBIT A

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT, IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

BRETT GROVES,

CASE NO.: 2023-000463-CA-01

      Plaintiff,

vs.

BOBBY BENSON KIMUHU,
CHRISTOPHER DAVIDSON MICHAEL,
DAKOTA FINANCIAL, LLC, a Delaware Corporation,
CAPO LOGIC LLC, A Texas Corporation
Authorized to do Business in the State of Florida,
YELLOW LOGISTICS, INC., a Delaware
Corporation Authorized to do Business in the
State of Florida, and d/b/a YRC FREIGHT, and
THE GLASS DOOR COMPANY, INC. a Florida
Corporation d/b/a DOORS22,
      Defendants.

_____/

## FIRST AMENDED COMPLAINT

COMES NOW, the Plaintiff, BRETT GROVES, by and through the undersigned

attorneys, and sues the Defendants, BOBBY BENSON KIMUHU (hereinafter referred to

as "BOBBY KIMUHU"), CHRISTOPHER DAVIDSON MICHAEL (hereinafter referred to as

"CHRISTOPHER MICHAEL"), DAKOTA FINANCIAL, LLC, a Delaware Corporation,

(hereinafter referred to as "DAKOTA FINANCIAL"), CAPO LOGIC LLC, a Texas

corporation authorized to do business in the State of Florida  (hereinafter referred to as

"CAPO LOGIC"), YELLOW LOGISTICS, INC.,  a Delaware corporation authorized to do

business in the State of Florida d/b/a YRC FREIGHT (hereinafter referred to as "YELLOW

LOGISTICS"), and THE GLASS DOOR COMPANY, INC., a Florida Corporation d/b/a

DOORS22 (hereinafter referred to as "DOORS22"), and as grounds therefore would state:

## GENERAL ALLEGATIONS

1.      That this is an action for damages in excess of the jurisdictional limits of this Court and this Court has jurisdiction over the subject matter.

2.      At all times material hereto, the Plaintiff, BRETT GROVES, was and is a resident of Broward County, Florida.

3.      At all times material hereto, the Defendant, BOBBY KIMUHU, was and is a resident of the State of Texas.

4.      At all times material hereto, the Defendant, CHRISTOPHER MICHAEL, was and is a resident of the State of Texas.

5.      At all times material hereto, the Defendant, DAKOTA FINANCIAL, was a Delaware Corporation, with its principal business location in the State of Texas.

6.      At all times material hereto, the Defendant, CAPO LOGIC, was a Texas Corporation, operating as a motor carrier transportation company, authorized and qualified to transport property by motor vehicle in interstate and foreign commerce operating under Motor Carrier Number MC1142948 and was in fact doing business in Miami-Dade County, Florida, and employed, hired, and/or contracted with co-Defendant, YELLOW LOGISTICS, and co-Defendant CAPO LOGIC, and co-Defendant BOBBY KIMUHU, as the motor carrier and the driver to transport the goods for co-Defendant DOORS22 which YELLOW had been contracted for pay and profit to transport from Florida to Texas.

7.      At all times material hereto, the Defendant, YELLOW LOGISTICS, d/b/a YRC FREIGHT, was a Delaware Corporation, operating as a nationwide freight transportation company engaged in the transportation of freight in interstate and foreign commerce was authorized to do business and, in fact, doing business in Miami-Dade

County, Florida.

    8.    At all times material hereto, the Defendant, THE GLASS DOOR COMPANY, INC., owned, operated, and maintained premises known as DOORS22, with an office in Miami-Dade County, Florida.

    9.    At all times material hereto, the Defendant, DOORS22, was a Florida Corporation, authorized to do business and, in fact, doing business in Miami-Dade County, Florida, and was the employer of the Plaintiff, BRETT GROVES.

    10.    On or about November 18, 2021, the Plaintiff, BRETT GROVES, while employed by DOORS22 and actively engaged as their employee was horrifically injured in Miami-Dade County, Florida while at the premises of DOORS22 located at 19920 NE15th Court, Miami, Florida.  He sustained catastrophic injuries while in the course and scope of his employment while he was assisting in the loading of heavy glass doors into a 2014 Freightliner TT bearing Texas Plate# R542286 and VIN 3ALACWDT5EDFR0415 (hereinafter "the subject truck"). At all times material to each and every one of the events giving rise to this matter, the subject truck was owned by, operated by, maintained by, and under the custody, control, possession, and responsibility of any one, any combination of, and/or all of the Defendants named herein, and Plaintiff BRETT GROVES was so injured as a direct and proximate result of any one, any combination of, and/or all of the acts and/or omissions of any one, any combination of, and/or all of the Defendants named herein and their failures to meet their respective duties owed to Plaintiff.

## COUNT I
## NEGLIGENCE OF BOBBY BENSON KIMUHU

Plaintiff, BRETT GROVES re-alleges paragraphs 1 through 10 and further alleges:

11.    On or about November 18, 2021, the Defendant, BOBBY KIMUHU, was the driver assigned to pick up a load of heavy glass doors from co-Defendant, DOORS22 in Miami-Dade County, Florida and transport this load of heavy glass doors from Miami, Florida to Deer Park, Texas, pursuant to his employment and/or other contractual agreement with any one, any combination of, and/or all of the Defendants except DOORS22.

12.    At said time and place, Defendant, BOBBY KIMUHU, as the driver and operator of the subject truck being utilized for the transportation of the subject load of heavy glass doors from Miami-Dade County, Florida to Texas, was responsible to ensure that all freight being picked up and transported by him from Florida to Texas was loaded in a proper, safe, and not dangerous and hazardous manner on to the subject truck, and that the subject truck was properly equipped to safely and securely store the subject load of heavy glass doors and that all of this was done in a reasonably safe manner, consistent with federal, state, local laws and ordinances, as well as all applicable industry standards so as to avoid injuries to persons and damage to property.

13.    At said time and place, Defendant, BOBBY KIMUHU, negligently and carelessly controlled, watched, maintained, supervised, and/or secured the subject truck and its cargo during the loading process, so as to permit a dangerous and hazardous condition to exist, to wit: allowing the cargo to be loaded in a dangerous and hazardous manner and not securing the cargo properly to ensure that the cargo did not shift or fall

4

on workers loading cargo inside the truck when, as the truck operator and freight transporter, he either knew or should have known such a dangerous and hazardous condition existed had he acted reasonably and in furtherance of the duty owed to Plaintiff, BRETT GROVES, as a worker loading cargo onto his freight truck.

14.   The Defendant, BOBBY KIMUHU, knew or should have known that the dangerous and hazardous condition existed during the loading of cargo onto his truck, and that such dangerous and hazardous conditions presented a reasonably foreseeable and unreasonable danger or risk of harm to workers such as the Plaintiff, BRETT GROVES.

15.   Defendant, BOBBY KIMUHU, with actual and/or constructive knowledge of the dangerous and hazardous condition allowed it to exist without warning Plaintiff, BRETT GROVES, of the danger.

16.   As a direct, proximate, and foreseeable result of the negligence of the Defendant's acts and/or omissions, ie, its negligence as herein described, the Plaintiff, BRETT GROVES suffered the following damages:

   a.  bodily injury;

   b.  pain and suffering;

   c.  disability;

   d.  physical impairment;

   e.  disfigurement;

   f.  mental anguish;

   g.  inconvenience;

   h.  loss of capacity for the enjoyment of life experienced in the past and present;

    i.  loss of capacity for the enjoyment of life to be experienced in the future;

    j.  aggravation of an existing disease or physical defect or aggravation of any such latent condition resulting from the negligence;

    k.  past, present and future medical, nursing and rehabilitative care and expenses;

    l.  loss of earnings in the past;

    m. loss of earnings in the present;

    n.  loss of earning capacity in the future.

All losses have been suffered in the past, are suffered presently, and will continue to be suffered in the future.

**WHEREFORE,** Plaintiff, BRETT GROVES, hereby demands judgment for all damages allowed by law including compensatory damages, and costs against the Defendant, BOBBY KIMUHU, and demands a trial by jury of all issues so triable as a matter of right.

### COUNT II
### VICARIOUS LIABILITY CLAIM AGAINST DEFENDANT
### CHRISTOPHER DAVIDSON MICHAEL – DANGEROUS INSTRUMENTALITY

Plaintiff, BRETT GROVES, realleges and reavers paragraphs 1 – 16 above as if fully set forth herein and would further state as follows:

17.    At all times material hereto, the Defendant, CHRISTOPHER MICHAEL, was and is the lawful owner of the subject truck specifically described in the paragraphs above.

18.    At all times material hereto, including on the date, time, and location of the subject incident, Defendant, CHRISTOPHER MICHAEL, owned and had the right to control the subject truck and gave consent, permission, and authorization, to Defendant,

6

BOBBY KIMUHU, to operate the subject truck on the public roads in the State of Florida.

19.     By virtue of Florida's dangerous instrumentality law, as well as the vicarious liability of Defendant, CHRISTOPHER MICHAEL, by the acts and/or omissions of the Defendant, BOBBY KIMUHU, which directly and proximately caused harm to the Plaintiff, BRETT GROVES in the State of Florida, Defendant, CHRISTOPHER MICHAEL, is vicariously liable and therefore responsible for each and every element of Plaintiff, BRETT GROVES', damages which were directly and proximately caused by Defendant, BOBBY KIMUHU'S acts/or omissions as described in Count I which said Count is incorporated within this Count.

**WHEREFORE,** Plaintiff, BRETT GROVES, hereby demands judgment for all damages allowed by law including compensatory damages, and costs against the Defendant, CHRISTOPHER MICHAEL, and demands a trial by jury of all issues so triable as a matter of right.

### COUNT III
### VICARIOUS LIABILITY CLAIM AGAINST DEFENDANT
### DAKOTA FINANCIAL, LLC – DANGEROUS INSTRUMENTALITY

Plaintiff, BRETT GROVES, realleges and reavers paragraphs 1 – 16 above as if fully set forth herein and would further state as follows:

20.     At all times material hereto, the Defendant, DAKOTA FINANCIAL, was and is the lawful owner of the subject truck specifically described in the paragraphs above.

21.     At all times material hereto, including on the date, time, and location of the subject incident, Defendant, DAKOTA FINANCIAL, owned and had the right to control the subject truck and gave consent, permission, and authorization, to Defendant, BOBBY KIMUHU, to operate the subject truck on the public roads in the State of Florida.

22.     By virtue of Florida's dangerous instrumentality law, as well as the vicarious liability of Defendant, DAKOTA FINANCIAL, by the acts and/or omissions of the Defendant, BOBBY KIMUHU, which directly and proximately caused harm to the Plaintiff, BRETT GROVES, Defendant, DAKOTA FINANCIAL, is vicariously liable and therefore responsible for each and every element of Plaintiff, BRETT GROVES', damages which were directly and proximately caused by Defendant, BOBBY KIMUHU'S acts/or omissions as described in Count I which said Count is incorporated within this Count.

**WHEREFORE,** Plaintiff, BRETT GROVES, hereby demands judgment for all damages allowed by law including compensatory damages, and costs against the Defendant, DAKOTA FINANCIAL, and demands a trial by jury of all issues so triable as a matter of right.

## COUNT IV
## NEGLIGENCE OF CAPO LOGIC LLC

Plaintiff, BRETT GROVES re-alleges paragraphs 1 through 16 and further alleges:

23.     On or about November 18, 2021, Defendant, CAPO LOGIC, entered into a contract with co-Defendant, YELLOW LOGISTICS, for the transportation of a load of doors from co-Defendant, DOORS22, in Miami, Florida, to a location in Texas, which contract is attached hereto as ***Exhibit "A."***

24.     At all times material hereto, Defendant, CAPO LOGIC, employed or entered into an agreement with co-Defendant, BOBBY KIMUHU, to serve as the driver for the transportation of this cargo, pursuant to his employment, or contractual agreement, with co-Defendant, CAPO LOGIC.

25.     At all times material hereto, Defendant, CAPO LOGIC, had a duty to

employ a driver qualified to transport a large cargo load, safely operate the subject truck utilized in the transportation, as well as control and supervise the loading and unloading of said cargo, such as that being transported from co-Defendant, DOORS22, from Miami, Florida, to Texas, consistent with accepted industry standards.

26.    At said time and place, co-Defendant, BOBBY KIMUHU, negligently and carelessly controlled, maintained, supervised, and/or secured the subject freight truck and its cargo during the loading process, so as to permit a dangerous condition to exist, to wit: allowing the cargo to be loaded in a dangerous manner and not securing the cargo properly to ensure that the cargo did not shift or fall on workers loading cargo inside the truck when, as the truck operator and freight transporter, he either knew or should have known such a dangerous condition existed had co-Defendant, BOBBY KIMUHU, acted reasonably and in furtherance of the duty owed to Plaintiff, as a worker loading cargo onto his freight truck.

27.    The Defendant, CAPO LOGIC, knew or should have known that co-Defendant, BOBBY KIMUHU, was not qualified to control and supervise the loading of the subject cargo to ensure the safety of workers such as the Plaintiff, BRETT GROVES, and that employing co-Defendant, BOBBY KIMUHU, presented a foreseeable and unreasonable danger or risk of harm to workers such as the Plaintiff, BRETT GROVES.

28.    Defendant, CAPO LOGIC, with actual and/or constructive knowledge of the dangerous condition allowed it to exist without warning Plaintiff, BRETT GROVES, of the danger.

29.    As a direct, proximate and foreseeable result of the negligence of the

9

Defendant, CAPO LOGIC'S, acts and/or omissions, i.e., its negligence as herein described, the Plaintiff, BRETT GROVES suffered the following damages:

    a.  bodily injury;

    b.  pain and suffering;

    c.  disability;

    d.  physical impairment;

    e.  disfigurement;

    f.  mental anguish;

    g.  inconvenience;

    h.  loss of capacity for the enjoyment of life experienced in the past and present;

    i.  loss of capacity for the enjoyment of life to be experienced in the future;

    j.  aggravation of an existing disease or physical defect or aggravation of any such latent condition resulting from the negligence;

    k.  past, present and future medical, nursing and rehabilitative care and expenses;

    l.  loss of earnings in the past;

    m. loss of earnings in the present;

    n.  loss of earning capacity in the future.

All losses have been suffered in the past, are suffered presently, and will continue to be suffered in the future.

    **WHEREFORE,** Plaintiff, BRETT GROVES, hereby demands judgment for all damages allowed by law including compensatory damages, and costs against the

Defendant, BOBBY KIMUHU, and demands a trial by jury of all issues so triable as a matter of right.

### COUNT V
### NEGLIGENCE OF YELLOW LOGISTICS, INC. d/b/a YRC FREIGHT

Plaintiff, BRETT GROVES re-alleges paragraphs 1 through 16 and 23 through 29, and further alleges:

30.    On or about November 18, 2021, Defendant, YELLOW LOGISTICS, contracted with co-Defendant, CAPO LOGIC, for the transportation of a load of doors from co-Defendant, DOORS22, in Miami, Florida, to a location in Texas, which contract is attached hereto as *Exhibit "A."*

31.    At all times material hereto, Defendant, YELLOW LOGISTICS, had a duty to ensure that the co-Defendant, CAPO LOGIC, was qualified to transport a large cargo load, employ qualified drivers and other personnel to safely operate any trucks utilized in said transportation, as well as employ personnel qualified to control and supervise the loading and unloading of said cargo, such as that being transported from co-Defendant, DOORS22, from Miami, Florida, to Texas, consistent with accepted industry standards.

32.    At said time and place, co-Defendant, CAPO LOGIC, employed co-Defendant, BOBBY KIMUHU, who negligently and carelessly controlled, maintained, supervised, and/or secured the subject freight truck and its cargo during the loading process, so as to permit a dangerous condition to exist, *to wit*: allowing the cargo to be loaded in a dangerous manner and not securing the cargo properly to ensure that the cargo did not shift or fall on workers loading cargo inside the truck when, as the truck operator and freight transporter, he either knew or should have known such a dangerous condition existed had co-Defendants, CAPO LOGIC and BOBBY KIMUHU,

acted reasonably and in furtherance of the duty owed to Plaintiff, as a worker loading cargo onto the freight truck owned by and/or operated under the supervision of Defendant, CAPO LOGIC.

33.    The Defendant, YELLOW LOGISTICS, knew or should have known that co-Defendant, CAPO LOGIC, by and through its employee, co-Defendant, BOBBY KIMUHU, was not qualified to control and supervise the loading of the subject cargo to ensure the safety of workers such as the Plaintiff, BRETT GROVES, and that employing co-Defendant, CAPO LOGIC, presented a foreseeable and unreasonable danger or risk of harm to workers such as the Plaintiff, BRETT GROVES.

34.    Defendant, YELLOW LOGISTICS, with actual and/or constructive knowledge of the dangerous condition allowed it to exist without warning Plaintiff, BRETT GROVES, of the danger.

35.    As a direct, proximate and foreseeable result of the negligence of the Defendant, YELLOW LOGISTICS', acts and/or omissions, i.e., its negligence as herein described, the Plaintiff, BRETT GROVES suffered the following damages:

       a.  bodily injury;

       b.  pain and suffering;

       c.  disability;

       d.  physical impairment;

       e.  disfigurement;

       f.  mental anguish;

       g.  inconvenience;

       h.  loss of capacity for the enjoyment of life experienced in the past and

present;

i.  loss of capacity for the enjoyment of life to be experienced in the future;

j.  aggravation of an existing disease or physical defect or aggravation of any such latent condition resulting from the negligence;

k.  past, present and future medical, nursing and rehabilitative care and expenses;

l.  loss of earnings in the past;

m.  loss of earnings in the present;

n.  loss of earning capacity in the future.

All losses have been suffered in the past, are suffered presently, and will continue to be suffered in the future.

**WHEREFORE,** Plaintiff, BRETT GROVES, hereby demands judgment for all damages allowed by law including compensatory damages, and costs against the Defendant, YELLOW LOGISTICS, and demands a trial by jury of all issues so triable as a matter of right.

**COUNT VI**
**CLAIM AGAINST THE GLASS DOOR COMPANY, INC. d/b/a DOORS22**

Plaintiff, BRETT GROVES re-alleges paragraphs 1 through 10 and further alleges:

36.    On or about November 18, 2021, Defendant, DOORS22, owned, operated, and maintained a business of importing, selling, and shipping heavy glass doors from its locations in Miami, Miami-Dade County, Florida.

37.    At all times material hereto, Defendant, DOORS22, entered into an agreement with co-Defendant, YELLOW LOGISTICS, for the transportation of its

13

products to a location in or around Dallas, Texas.

38.     At all times material hereto, Defendant, DOORS22, was the employer of the Plaintiff, BRETT GROVES, and had a duty to protect him from harm.

39.     Defendant, DOORS22, through by and through its employees, agents, servants, contractors, and/or subcontractors, breached its duty owed to the Plaintiff, BRETT GROVES, by engaging in conduct that it knew, based on prior similar accidents or explicit warnings specifically identifying a known danger was virtually certain to result in injury or death to its employee, Plaintiff, BRETT GROVES, who himself was not aware of the risk because the danger was not apparent to him and his employer deliberately concealed or misrepresented the danger so as to prevent him from exercising informed judgment about whether to perform the work.

40.     More specifically, Defendant DOORS22 exposed Plaintiff BRETT GROVES to such a danger by committing any one, any combination of, and/or all of the following acts and/or omissions:

      a.     failing to contract with a company qualified to load and transport its products in a reasonably safe manner to ensure safety of its employees;

      b.     failing to properly train its employees in the safe loading of its products for shipment;

      c.     failing to supervise and oversee the loading of its products for shipment;

d.     failing to ensure that the company it contracted with employed persons qualified to load and transport its products in a reasonably safe manger to ensure the safety of its employees;

e.     failing to warn the Plaintiff of unsafe conditions existing in the loading and securing of the product load onto the truck, which the Defendant or its agents and/or its contractors and/or subcontractors, knew or should have known existed;

f.     failing to properly supervise its agents, servants, contractors, subcontractors, and employees to ensure that such persons did not endanger its employees by exposing them to hazardous conditions at the job site;

g.     failing to take adequate steps or measures to correct the unsafe conditions, which the Defendant or its agents, servants, contractors, and/or subcontractors, knew or should have known existed;

h.     knowing that additional steps could have been taken to keep Plaintiff, BRETT GROVES, safe, but failing to take them;

i.     exposing Plaintiff and others to hidden dangers.

41.     As a direct and proximate result of the gross negligence of the Defendant, DOORS22 the Plaintiff, BRETT GROVES, was directly and proximately caused to suffer the following severe and permanent personal injuries and damages:

a.     bodily injury;

b.     pain and suffering;

    c.     disability;

    d.     physical impairment;

    e.     disfigurement;

    f.     mental anguish;

    g.     inconvenience;

    h.     loss of capacity for the enjoyment of life experienced in the past and present;

    i.     loss of capacity for the enjoyment of life to be experienced in the future;

    j.     aggravation of an existing disease or physical defect or aggravation of any such latent condition resulting from the negligence;

    k.     past, present and future medical, nursing and rehabilitative care and expenses;

    l.     loss of earnings in the past;

    m.     loss of earning capacity in the future.

All losses have been suffered in the past, are suffered presently, and will continue to be suffered in the future.

    **WHEREFORE**, Plaintiff, BRETT GROVES, demands judgment for all damages allowed by law including compensatory damages, and costs against the Defendant, DOORS22, and demands a trial by jury of all issues so triable as a matter of right.

## DEMAND FOR JURY TRIAL

Plaintiff, BRETT GROVES, hereby demands trial by jury on all issues so triable as a matter of right.

Dated this 14th day of March, 2023.

**THE ELLSLEY LAW FIRM**
MASA Global Building
1250 S. Pine Island Rd. - Suite 275
Plantation, Florida 33324
Phone: (954) 888-7720
Fax: (954) 888-1775
Primary email: ellsley@ellsleylaw.com
Secondary email: becky@ellsleylaw.com
Tertiary email: pleadings@ellsleylaw.com

BY:  Eric M. Ellsley /s/
ERIC M. ELLSLEY, ESQUIRE
Florida Bar No.: 152560