UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE (DELAWARE)
------------------------------------------------------------X

                                                    MOTION TO REMOVE STAY

In Re:

        YRC INC.,

                                                    Case No.: 23-11069-CTG

------------------------------------------------------------X

S I R S :

        PLEASE TAKE NOTICE that upon the annexed affirmation of JONATHAN D.
MANDELL, dated the        day of August, 2023 a motion pursuant to 11 U.S.C. 362 (d) will be
made as set forth below:

JUDGE:

RETURN DATE OF MOTION:          September 28, 2023

COURTHOUSE:                     United States Bankruptcy Court
                                824 N. Market Street, #500
                                Wilmington, Delaware 19801

RELIEF SOUGHT:                  For an Order pursuant to 11 U.S.C. 362
                                (d) lifting and/or modifying the
                                automatic stay in this matter so as to
                                permit the litigation and case entitled
                                MYRIAM BINETTE V. YRC INC., FRANTZ
                                BARON, JESSENIA M. TORRES and ALICIA
                                M. ZAGELBAUM which is currently pending
                                in the Supreme Court of the State of New York
                                712769/2020 to proceed and for such other and
                                and further relief as this Court may seem just
                                and proper.

Dated: Lynbrook, New York
        August 28, 2023

                                Yours, etc.,
                                LAW OFFICES OF JONATHAN D. MANDELL
                                Attorneys for MYRIAM BINETTE
                                29 Broadway
                                Lynbrook, New York 11563
                                516-599-8833
                                BY:_____
                                        JONATHAN D. MANDELL

TO:     Debtor - YRC INC.
        11500 Outlook Street, Suite 400
        Overland Park, KS 66211

        U.S. Trustee
        Office of the United State Trustee
        J. Caleb Boggs Federal Building
        844 King Street, Suite 2207
        Lockbox 35
        Wilmington, DE 19801

        Claims Agent – Epiq Corporate Restructuring, LLC
        777 Third Avenue, 12th Floor
        New York, New York 10017

        LESTER SCHWAB KATZ & DWYER, LLP
        Attorneys for Defendants
        YRC INC. and FRANTZ BARON
        100 Wall Street
        New York, New York 10005
        212-964-6611

        FERRO & STENZ
        Attorneys for Defendants
        ALICIA M. ZAGELBAUM and JESSENIA TORRES
        875 Merrick Avenue
        Westbury, New York 1590
        516-229-4288

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE (DELAWARE)
--------------------------------------------------------X

In Re:

           YRC INC.,

--------------------------------------------------------X

                  **AFFIRMATION**

                  Case No.: 23-11069 CTG

JONATHAN D. MANDELL, an attorney duly admitted to practice law in the State of New York hereby affirms the following under penalty of perjury:

That I am associated with the law firm of LAW OFFICES OF JONATHAN D. MANDELL and I respectfully submit this affirmation in support of the instant motion seeking to lift and/or modify the stay of litigation against YRC INC., pursuant to 11 U.S.C. 362 (d) upon the grounds set forth below:

My law firm represents MYRIAM BINETTE, the plaintiff in the following action pending in New York State Courts:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------X
MYRIAM BINETTE,

                      Plaintiff,

    -against-

YRC INC., FRANTZ BARON, JESSINIA M.         Index No.: 712769/2020
TORRES and ALICIA M. ZAGELBAUM,

                    Defendants.
--------------------------------------------------------------------X

A copy of the plaintiff's Summons and Complaint is annexed hereto as Exhibit "1".

The above-entitled State Court action herein referred to as the BINETTE action is presently being litigated in the New York State Court and plaintiff is ready to proceed but cannot do so due to the Chapter 7 filing of YRC INC.

Your affirmant has been informed by CUSTARD INSURANCE ADJUSTERS that it is the insurance representative for YRC INC. A copy of the Notice of Representation of YRC INC. is annexed hereto as Exhibit "2".

Upon information and belief, said carrier is required by virtue of its insurance policy covering YRC INC. to defend and indemnify YRC INC. for any liability and damages incurred as a result of the incident complained of in the BINETTE action. Upon information and belief, a defense will be provided to the complaint by the carrier's attorney if the automatic stay is lifted. (Exhibit "2").

The BINETTE action is one for severe and serious personal injuries sustained by the plaintiff MYRIAM BINETTE on November 9, 2018 at approximately 8:46 p.m. which was caused by negligence of the defendants, YRC INC., FRANTZ BARON, JESSINIA M. TORRES and ALICIA M. ZAGELBAUM at Page Place at or near its intersection with Grand Avenue, in the County of Queens, City and State of New York when a motor vehicle owned by defendant, YRC INC. and operated by defendant, FRANTZ BARON collided with a motor vehicle owned by defendant, ALICIA M. ZAGELBAUM and operated by plaintiff, JESSENIA M. TORRES which plaintiff was a passenger in.

As a result of the said collision, the plaintiff, MYRIAM BINETTE suffered severe back

injury including herniated nucleus pulposis at L5-S1 requiring surgery including hemilaminotomy with decompression nerve root including foraminotomy, and placement of rods.

Additionally, plaintiff, MYRIAM BINETTE sustained injury to her left knee, left ankle, lumbar and cervical spine.

A copy of plaintiff's bill of particulars is annexed hereto as Exhibit "3" and a copy of plaintiff's supplementary bill of particulars is annexed hereto as Exhibit "4".

It is evident that YRC INC. is an indispensable party to the BINETTE action. It is presently pending. However, the plaintiff MYRAM BINETTE is unable to proceed with this action due to the filing by YRC INC. of a Chapter 7 Petition. As a result thereof, MYRIAM BINETTE has now been severely prejudiced by the filing of a Chapter 7 Petition by YRC INC.

As a result of the fact that YRC INC.is insured by CUSTARD INSURANCE ADJUSTERS and will be provided a defense by said carrier for the BINETTE action if the automatic stay is lifted there will be no damage or prejudice to YRC INC. to its creditors or to his estate if the stay is lifted to permit the BINETTE action to go forward to the limits of the policy.

No prior application has been made for the relief herein.

WHEREFORE, it is respectfully requested that this Honorable Court lift and/or modify the stay in this action pursuant to 11 U.S.C. 362(d) and permit YRC INC. to proceed in litigation in the BINETTE action for the events complained of in the action pending in the New York State action, and for such other and further relief as this Court deems just and proper.

JONATHAN D. MANDELL

Affirmed this 28th day of August, 2023

# EXHIBIT "1"

Case 23-11069-CTC    Doc 344    Filed 08/28/23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Date Filed:

-----------------------------------------------------------------X

MYRIAM BINETTE,

Plaintiff,

-against-

**SUMMONS**

YRC INC., FRANTZ BARON, JESSENIA M.
TORRES and ALICIA M. ZAGELBAUM,

The bass of the vehicle designated is:
Location of Occurrence

Defendants.

-----------------------------------------------------------------X

*To the above named defendants:*

**You Are Hereby Summoned** to answer the complaint in this action and to serve a copy

of your answer, or, if the complaint is not served with this summons, to serve a notice of

appearance, on the plaintiff's attorney within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of

your failure to appear or answer, judgment will be taken against you by default for the

relief demanded in the complaint.

Dated: Lynbrook, New York
        August 12, 2020

*Stephanie Schachter*

STEPHANIE SCHACHTER
LAW OFFICES OF JONATHAN D. MANDELL
Attorney for Plaintiff MYRIAM BINETTE
29 Broadway
Lynbrook, New York 11563
(516) 599-8833

**Defendants' Address:**

YRC INC.
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

FRANTZ BARON
119-03 204th Street
New York, New York 11412

JESSENIA M. TORRES
215-13 106th Avenue
New York, New York 11429

ALICA M. ZAGELBAUM
59-40 Queens Boulevard
Apt. 16F
Queens, New York 11377

**Plaintiff's Address:**

MYRIAM BINETTE
581 Jefferson Street
Westbury, New York 11590

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
MYRIAM BINETTE,                                             Index No.:

                              Plaintiff,

              -against-
                                                           **VERIFIED**
                                                           **COMPLAINT**
YRC INC., FRANTZ BARON, JESSENIA M.
TORRES and ALICIA M. ZAGELBAUM,

                              Defendants.
-------------------------------------------------------------------X

Plaintiff, complaining by her attorneys, LAW OFFIES OF JONATHAN D.

MANDELL, does hereby allege as follows:

FIRST:                        That at all the times mentioned herein, the plaintiff,

MYRIAM BINETTE was and still is a resident of the County of Nassau and State of

New York.

SECOND:                       That at all times mentioned herein, the defendant,

YRC INC., was and still is a domestic corporation duly licensed and operating under the

laws of the laws of the State of New York.

THIRD:                        That at all times mentioned herein, the defendant,

YRC INC., was and still is a foreign corporation duly licensed and operating under the laws

of the laws of the State of New York.

FOURTH:                       That at all the times hereinafter mentioned, upon

information and belief the defendant, YRC INC. was the owner of a certain vehicle,

license plate number 2459243 for the State of Indiana for the year 2018.

FIFTH:                    That at all the times hereinafter mentioned, upon information and belief the defendant, FRANTZ BARON, was the operator of the aforesaid motor vehicle

SIXTH:                    That at all the times hereinafter mentioned, upon information and belief the defendant, FRANTZ BARON, was the operator of the aforesaid motor vehicle with the consent and permission of the owner.

SEVENTH:                    That at all the times hereinafter mentioned, upon information and belief the defendant, FRANTZ BARON, was the operator of the aforesaid motor vehicle with the consent and permission of the owner, YRC INC.

EIGHTH:                    That at all the times mentioned herein, upon information and belief, the defendant, YRC INC., maintained the aforesaid vehicle.

NINTH:                    That at all the times mentioned herein, upon information and belief, the defendant, FRANTZ BARON, maintained the aforesaid vehicle

TENTH:                    That at all the times mentioned herein, upon information and belief, the defendant, YRC INC., controlled the aforesaid vehicle.

ELEVENTH:                    That at all the times mentioned herein, upon information and belief, the defendant, FRANTZ BARON, controlled the aforesaid vehicle

TWELFTH:                    That at all the times hereinafter mentioned, upon information and belief the defendant, ALICIA M. ZAGELBAUM was the owner of a certain vehicle, license plate number BMV8519 for the State of New York for the year 2018.

THIRTEENTH:              That at all the times hereinafter mentioned, upon information and belief the defendant, JESSENIA M. TORRES, was the operator of the aforesaid motor vehicle

FOURTEENTH:              That at all the times hereinafter mentioned, upon information and belief the defendant, JESSENIA M. TORRES, was the operator of the aforesaid motor vehicle with the consent and permission of the owner.

FIFTEENTH:              That at all the times hereinafter mentioned, upon information and belief the defendant, JESSENIA M. TORRES, was the operator of the aforesaid motor vehicle with the consent and permission of the owner, ALICIA M. ZAGELBAUM.

SIXTEENTH:              That at all the times mentioned herein, upon information and belief, the defendant, ALICIA M. ZAGELBAUM, maintained the aforesaid vehicle.

SEVENTEENTH:              That at all the times mentioned herein, upon information and belief, the defendant, JESSENIA M. TORRES, maintained the aforesaid vehicle.

EIGHTEENTH:              That at all the times mentioned herein, upon information and belief, the defendant, ALICIA M. ZAGELBAUM, controlled the aforesaid vehicle.

NINETEENTH:              That at all the times mentioned herein, upon information and belief, the defendant, JESSENIA M. TORRES, controlled the aforesaid vehicle

TWENTIETH:    That at all the times mentioned herein, upon information and belief, Page Place at or near its intersection with Grand Avenue, in the County of Queens, City and State of New York, was and still is a much traveled thoroughfare in said County, City and State.

TWENTY-FIRST:    That on or about November 9, 2018, at approximately 8:46 p.m., the respective defendants' vehicles were being operated at the aforesaid location.

TWENTY-SECOND:    That at all times mentioned herein, plaintiff, MYRIAM BINETTE was lawfully and properly a passenger in the motor vehicle owned by defendant, ALICIA M. ZAGELBAUM and operated by defendant, JESSENIA M. TORRES.

TWENTY-THIRD:    That at the aforesaid date, time and place, immediately prior to the impact between the respective vehicles, defendant, FRANTZ BARON, did observe the vehicle of defendants, JESSENIA M. TORRES and ALICIA M. ZAGELBAUM on the public way.

TWENTY-FOURTH:    That at the aforesaid date, time and place, immediately prior to the impact between the respective vehicles, defendants, JESSENIA M. TORRES, did observe the vehicle of the defendants, FRANTZ BARON and YRC INC. on the public way.

TWENTY-FIFTH:    That at the aforesaid date, time and place, the respective defendants' vehicles came into contact.

TWENTY-SIXTH:          That the respective defendants were negligent, reckless and careless in the ownership, maintenance, operation and control of their vehicles resulting in the occurrence complained of.

TWENTY-SEVENTH:          That as a result of same, this plaintiff was caused to sustain severe and permanent injuries, all of which was wholly and solely as a result of the negligence of the respective defendants, their agents, servants and/or employees without any contributory negligence on the part of the plaintiff herein.

TWENTY-EIGHTH:          That by reason of the negligence of the respective defendants as aforesaid, this plaintiff became sick, sore, lame and disabled, suffered and still suffers from severe and permanent injuries and will continue to suffer same, was caused to sustain long periods of medical care and will continue to sustain same.

TWENTY-NINTH:          That this plaintiff has sustained a serious injury as defined in subsection (d) of Section 5102 of the Insurance Law or an economic loss greater than basic economic loss as defined in subsection (a) of Section 5102 of the Insurance Law.

THIRTIETH:          That the instant matter is not subject to Article 16 of the CPLR being an exception thereto.

THIRTY-FIRST:          That due to the negligence of the respective defendants as aforesaid, the plaintiff, MYRIAM BINETTE, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, plaintiff, MYRIAM BINETTE, demands judgment against the respective defendants in an amount which exceeds the jurisdictional limits of all lower

INDEX NO. 712769/2020
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 08/12/2020

courts which would otherwise have jurisdiction of this action, together with the costs and

disbursements of this action.

Dated: Lynbrook, New York
August 12, 2020

Yours, etc.

*Stephanie Schachter*
STEPHANIE SCHACHTER
LAW OFFICES OF JONATHAN D. MANDELL
Attorney for Plaintiff MYRIAM BINETTE
29 Broadway
Lynbrook, New York 11563
(516) 599-8833

CLIENT VERIFICATION

STATE OF NEW YORK }
                  } SS.:
COUNTY OF NASSAU }

I, MYRIAM BINETTE, being duly sworn deposes and says

That I am the plaintiff in the within action.

That I have read the foregoing Summons & Verified Complaint and know the contents thereof, the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

_____
MYRIAM BINETTE

Sworn to before this
19th day of May, 2020

_____
NOTARY PUBLIC

PATRICIA KRUPKA
Notary Public, State of New York
Reg. No: 4925704
Qualified in Nassau County
Commission expires April 4, 2022

INDEX NO.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

MYRIAM BINETTE,

Plaintiff,

-against-

YRC INC., FRANTZ BARON, JESSENIA M.
TORRES and ALICIA M. ZAGELBAUM,

Defendants.

### *SUMMONS & VERIFIED COMPLAINT*

**LAW OFFICES OF JONATHAN D. MANDELL**
**Attorneys for Plaintiff**
**29 Broadway**
**Lynbrook, New York 11563**
**(516) 599-8833**

EXHIBIT "2"



**CUSTARD**
**INSURANCE ADJUSTERS**

/ /

Address Reply To:

12/27/2018

Myriam Binette
581 Jefferson St.
Westbury NY 11590

Office -
55 Jericho Turnpike
Suite 101
Jericho, NY  11753
T: 516-333-2123
F: 516-333-6004
E: jericho.ny@custard.com
Adjuster -
E: jgiglietta@custard.com
C: 516-901-3212

CIA File #:        **139-011589**
Client Name:     **YRC Trucking**
Date of Loss:    **11/9/2018**

Dear Myriam Binette:

Custard Insurance Adjusters has been retained by YRC Trucking to investigate the circumstances surrounding the above-referenced loss, which occurred on 11/9/2018.

In order for us to properly review this matter, it is essential we speak with you regarding the circumstances surrounding this incident.  We will be happy to minimize any inconvenience to you as much as possible.  Given advance notice, we can be flexible in scheduling a meeting that can accommodate your preferred date and time.

Please contact me at (516) 901-3212. If I am not available, please leave your name, telephone number, our claim number and the best time to return your call.  Also, I have been unable to contact Ms. Jessenia Torres.  If possible, please provide me with her phone number or her and ask her to call me at the number below.

Sincerely,

**Custard Insurance Adjusters, Inc.**

Joe Giglietta
Adjuster
E: jgiglietta@custard.com
C: 516-901-3212

EXHIBIT "3"

Case 23-11069-CTG    Doc 344    Filed 08/28/23    Page 20 of 35

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____ X

MYRIAM BINETTE,                                 Index No.712769/2020

        Plaintiff,

       -against-

YRC INC, FRANTZ BARRON , JESSENIA M. TORRES    **VERIFIED BILL**
And ALICIA ZAGELBAUM,                          **OF PARTICULARS**

        Defendants.

_____ X

S I R S:

     PLEASE TAKE NOTICE, as and for Plaintiff's Verified Bill of particulars, it is

stated as follows:

1. Myriam Binette date of birth and social security number will be provided under
   separate cover.

2. Myriam Binette

3. n/a

4. 581 Jefferson Street Westbury, NY 11590

5. This accident occurred on 11/9/2018 at approximately 8:46 p.m

6. Location of accident: Page P1 at or near the intersection of Grand Ave County of
   Queens, State of New York.

7. That the defendant's were negligent in the premises in that  they operated their

   vehicle's at an excessive rate of speed; operated their vehicles in a dangerous

   manner; in failing to observe the conditions of traffic then and there prevailing;

   in failing to take proper control of the vehicle; in failing to keep a proper lookout

   and be reasonably alert; in operating the vehicle without regard to the traffic then

   present on the said thoroughfare; in operating the vehicle without regard to other

INDEX NO. 712769/2020
RECEIVED NYSCEF: 11/13/2020

vehicles then present on the said thoroughfare and specifically the vehicle in which plaintiff was a passenger; in failing to bring the vehicle to a proper stop so as to avoid contact with the vehicle in which she was a passenger; in failing to sound a warning of the approach or of the impending occurrence; in failing to come to a safe and proper place to stop the vehicle; in failing to give the right of way to those on the roadway entitled to same; in failing to see what was there to be seen; in failing to slow down and/or stop the vehicle in order to take cognizance of those in the roadway and to avoid contact with them; in failing to take those steps necessary to avoid striking a vehicle in which plaintiff was passenger; in violating the laws of the State of New York, in such cases made and provided and then and there in effect; in proceeding on the roadway at a fast, reckless and wanton rate of speed; in failing to keep and maintain the brakes and braking equipment and steering equipment in proper working condition and/or in failing to seasonably and reasonably apply and/or utilize same; and in striking a vehicle causing plaintiff passenger to sustain serious and severe injuries.

8. The Plaintiff sustained the following injuries

**Cervical disc bulges at C4-5; C5-6; and C6-7 internal derangement of the cervical spine**, cervical radiculopathy and spasms of the paravertebral musculature of the cervical region; significant restriction of motion of the cervical spine in all planes; pain and stiffness of the neck and upper back radiating into both shoulders, down the course of both arms to the hands; significant impairment of function of the neck; strain of the muscles and ligaments of the cervical area; straightening of the normal lordosis; the foregoing condition

was caused by the occurrence and/or was activated by the occurrence in that it is now disabling and pain producing.

**Lumbar Spine-disc herniation at L5-S1 disc bulges at L4-5:** Internal derangement of the lumbar spine with lumbar intervertebral disc syndrome; lumbar radiculopathy and spasms of the paravertebral musculature of the lumbar region; significant restriction of motion of the lumbar spine in all planes; pain and stiffness radiating from the lower back to the hip down the course of the leg; fascitis and radiculopathy of the lumbar spine; numbness of the lower extremities; traumatic lower back injury resulting in severe pain and limitation of motion; straightening of the lumbar lordosis. The foregoing condition was caused by the occurrence and/or was activated by the occurrence in that it is now disabling and pain producing

**Left knee-Diffuse inhomogeneity and sprain of the anterior and posterior cruciate ligaments with pericruciate edema; Inferior surface erosion of the posterior horn of the medial meniscus superimposed obliquely oriented tear extending to the inferior meniscal surface at the middle third of the posterior horn of the medial meniscus;** Internal derangement of the left knee with severe pain, swelling and tenderness of the left knee with restriction of motion in all planes; difficulty walking, bending and standing; inability to ambulate; inability to bear weight.

**Left ankle-** Internal derangement of the left ankle with severe pain, swelling and tenderness of the left ankle with restriction of motion in all planes; difficulty walking, bending and standing; inability to ambulate; inability to bear weight.

FILED: QUEENS COUNTY CLERK 11/13/2020 01:08 PM
Case 23-11069-CTC   Doc 344   Filed 08/28/23   Page 23 of 35
NYSCEF DOC. NO. 11

INDEX NO. 712769/2020
RECEIVED NYSCEF: 11/13/2020

Injuries to the nerves, tendons, ligaments, muscles, blood vessels, blood supply, central nervous system, muscular system, skin, skeletal system and soft tissue at or near the injured areas.

The foregoing conditions were caused by the occurrence or incited and activated a previous quiescent condition that it is now disabling and pain producing.

The foregoing injuries were caused by the occurrence or were an exacerbation of a previous injury which was non-disabling and fully resolved at the time of occurrence.

9. Plaintiff claims all of the above injuries except those of a superficial nature are permanent in nature.

10-11. Plaintiff was confined to bed and home for six months intermittently and partially and including through present time.

12. Employment: n/a

13. n/a

14. Special Damages: a-d.-Will provide authorization for NF Geico for amounts of medical expenses.

e. not applicable

f-g. not applicable

15. Plaintiff claims damages in the amount of $1,000,000.00 for past pain and suffering, $1,000,000.00 for future pain and suffering and special damages.

16. Plaintiff is NOT employed

17. Not applicable

18. not applicable as plaintiff was passenger

19. not applicable

20. not applicable

EXHIBIT "4"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------X

MYRIAM BINETTE,                                    Index No.712769/2020

        Plaintiff,

        -against-                                **SUPPLEMENTARY
VERIFIED BILL**

YRC INC, FRANTZ BARRON , JESSENIA M. TORRES
And ALICIA ZAGELBAUM,                          **OF PARTICULARS**

        Defendants.

---------------------------------------------------X

S I R S:

    PLEASE TAKE NOTICE, as and for Plaintiff's Supplementary Verified Bill of

particulars, it is stated as follows:

    8.   The Plaintiff **supplements the following** sustained injuries:

    **Lumbar Spine-disc herniation at L5-S1 disc bulges at L4-5- necessitating SURGERY**

**NYU LANGONE MEDICAL CENTER: Intra Operative Navagation; application of**

**Intervertebral biomechanical device; posterior and posterolateral technique**

**arthrodesis with left lateral transverse; posterior instrumentation across two spinal**

**segments; hemilaminotomy with decompression nerve root including foraminotomy**

**facetectomy for decompression left and right; aspiration of Iliac Crest bone marrow**

**bilateral with stem cell concentration and reimplantation; Design and templating and**

**production of custom medicrea UNID RODS;** Internal derangement of the lumbar spine

with lumbar intervertebral disc syndrome; lumbar radiculopathy and spasms of the

paravertebral musculature of the lumbar region; significant restriction of motion of the

lumbar spine in all planes; pain and stiffness radiating from the lower back to the hip down

the course of the leg; fascitis and radiculopathy of the lumbar spine; numbness of the lower

extremities; traumatic lower back injury resulting in severe pain and limitation of motion; straightening of the lumbar lordosis. The foregoing condition was caused by the occurrence and/or was activated by the occurrence in that it is now disabling and pain producing

Injuries to the nerves, tendons, ligaments, muscles, blood vessels, blood supply, central nervous system, muscular system, skin, skeletal system and soft tissue at or near the injured areas.

The foregoing conditions were caused by the occurrence or incited and activated a previous quiescent condition that it is now disabling and pain producing.

The foregoing injuries were caused by the occurrence or were an exacerbation of a previous injury which was non-disabling and fully resolved at the time of occurrence.

Dated: Lynbrook, New York
November 18, 2020

Yours, etc.

JONATHAN D. MANDELL
Attorney for Plaintiff
29 Broadway
Lynbrook, New York 11563
(516) 599-8833

FERRO & STENZ
Attorneys for Defendant
Alicia Zagelbaum and Jessenia Torres
875 Merrick Ave
Westbury NY 11590
516 229-4288
MCabasso@Geico.com

DESENA & SWEENEY
Attorneys for Defendant
YRC INC and Frantz Baron
1500 Lakeland Ave
Bohemia, NY 11716
631 360-7333

FILED: QUEENS COUNTY CLERK 02/05/2021 01:45 PM
Case 23-11069-CTG    Doc 344    Filed 08/28/23    Page 27 of 35
INDEX NO. 712769/2020

NYSCEF DOC. NO. 15
11/18/2020 9:30 AM    ADSC    Page    2 of 5
RECEIVED NYSCEF: 02/05/2021

# NYU LANGONE MEDICAL CENTER TISCH
## OPERATION SUMMARY

**Name: Binette, Myriam**
**Chart #: 12574430**

**Date of Surgery: 10/09/2020**
~~DOB: Female, 48 y.o.,~~

**Primary Surgeon: Peter G. Passias, M.D.**
**Assist: Angel Macagno, M.D., Karan Patel, M.D., PGY4**
**Anesthesia: General Endotracheal.**
**EBL: 100 ml**
**IVF: 2 L LR;**
**UOP: 250 mL**
**Complications: None**
**Intrumentation: Globus Creo Bilateral L5 7.5 by 50mm, S1 8.5 by 50, Globus Rise 10-17 mm by 10 by 26 mm cage 15 Lordotic at L5-S1, 2 Custom Globus Prebent 5.5 Hyperlordotic Titanium Rods (55/60). Cancellous 45cc, Graft: OCS , BMA 40.**
**Neuromonitoring: TcMEPs, EMG free running, SSEPs.**

**Diagnosis:**
**Foraminal and Lateral Recess Spinal Stenosis L5-S1,**
**Herniated Nucleus Pulposis Paracentral and Foraminal L5-S1,**
**Radiculopathy Bilateral L5-S1,**
**Mechanical Low Back Pain,**
**L5 and S1 Radiculopathy.**

**Operation:**
**Computer Assisted Intra-operative Navigation (61783)**
**Application of Intervertebral Biomechanical Device L5-S1, (22853),**
**Posterior and Posterolateral Technique Arthrodesis with Left Lateral Transverse L5-S1 (Through MIS Tube), (22633),**
**Posterior Instrumentation Across Two Spinal Segments (22840)**
**Hemilaminotomy with Decompression Nerve Root Including Foraminotomy, Facetectomy for Decompression, Left and Right L5-S1, (63047 Modifier 59 and 50)**
**Aspiration of Iliac Crest Bone Marrow Bilateral with Stem Cell Concentration and Reimplantaion (20939 w/ modifiers 51 & 59),**
**Unlisted Diagnostic Radiographic Procedure: Design and Templating and Production of Custom Medicrea UNID Rods (76499-26)**
**Allograft Morselized (20930),**
**Autograft Morselized (20936),**
**Autograft Collected (20937)**
**Fluoroscopy Interpretation (76000),**

**Microscope Technique (69990)**
**Computer Assisted Intra-operative Navigation (61783)**

**Procedure:**
Prior to entering the operating room informed consent was obtained and the surgical site was marked. The patient again expressed a complete understanding of the risks and benefits which were outlined in my office consent form and wished to proceed. I explained to them that multiple levels and instrumentation may be involved and the extensive nature of the procedure. All possible alternatives and options and potential outcomes were discussed. The patient again expressed clear and complete understanding of the risks and benefits that were detailed in my office consent form, including death, Pulmonary Embolisms, Myocardial Infarction, other major surgical and medical complications, worsening of symptoms, dysphagia, Gastrointestinal complications including bowel obstruction or perforation, paralysis, Foot Drop, Brachial Plexus and Peripheral Injury, infection, haematoma, need for further surgery, and others and the patient wished to proceed. All medical and surgical risks were discussed and fully explained. We also discussed non-operative options, fusion and non-fusion options and the need for future surgery. We discussed that this surgery was not a guarantee for improvement and could result in worsening. We discussed they would likely need surgery in the future for the adjacent levels. All questions were answered. We discussed that additional levels in the spine and the operative levels may need future surgery. Before making an incision a time-out was conducted. Antibiotics were administered within one hour of incision and sequential compression stockings were applied. Fire safety protocol was performed.

**Positioning:**
Following intubation the patient was placed prone onto the Jackson table with 4 posts and a chest pad. Maximum obtainable lumbar lordosis was achieved. Care was taken to position Gel padding under potential pressure points at the hips, knees and elbows making sure all peripheral nerves including the peroneal and femoral nerves were free of compression. A grounding pad was carefully positioned on the thigh and a strap around the thigh was positioned to hold the legs firmly in position. Calf length compression stockings were connected. Antibiotics were administered within 1 hour of incision.

**Prepping and Draping:**
A time-out was performed prior to preparation. The back was prepped with a chlorhexadine solution. Standard draping of the thoracic and lumbosacral area was performed leaving access to the posterior superior iliac crests. A fire safety was performed.

**Incision and Exposure**
Two incisions were made paramedian at L5 and S1. Electrocautery was utilized to control all bleeding. We went through the subcutaneous layer exposing the lumbodorsal fascia. The subcutaneous layer was stripped off to the side to gain exposure to the fascial layers. The fascia was then opened just lateral to the midline on each side. The perimesium was then opened 2cm lateral to the midline on each side. The paravertebral muscles were separated between the longissimus and the dorsalis spinalis gaining access to the posterior elements. Cerebellar and Wetlander retractors were used to hold the soft tissues out of the way. Care was taken to avoid damage to the facet capsules of the levels not to be fused. Care was taken not to violate the inter-transverse membrane. Radiographs were taken to document levels.

**Right Iliac Crest Bone Marrow Aspirate with Stem Cell Concentration**

Case 23-11069-CTC    Doc 344    Filed 08/28/23    Page 29 of 35
11/18/2020 9:30 AM    ADSC    Page    4 of 5
INDEX NO. 712769/2020
RECEIVED NYSCEF: 02/05/2021

A separate fascial incision was made over the right iliac crest. At this point a trocar was used and bone marrow was aspirated using a syringe (for total of 60cc) and this was mixed with the allograft after being concentrated using the bone marrow concentration system.

**Computer Assisted Intra-operative Navigation (61783)**
The Screws were placed robotically. The DRB was placed via a separate incision in the right Iliac Crest. The CT scan was then merged with the operative imaging. The screws were placed robotically using sequential awl, drill, tap and screws that were modular. The tracts were then palpated to ensure a complete bony tunnel and a floor and the dimensions were determined. A preference for an anatomical insertion angle was utilized when possible. Direct screw stimulation with EMGs of all screws was performed and revealed them to be well above the safe threshold. Fluoroscopic imaging confirmed localization and orientation. The tracts were then palpated to ensure a complete bony tunnel and a floor and the dimensions were determined.

**Hemilaminotomy with Decompression Nerve Root Including Foraminotomy, Facetectomy for Decompression, Left and Right L3-L4, L4-L5, L5-S1, (63047 Modifier 59 and 50, 63048 Modifier 59 and 50 x 2)**
Using a fluted followed by a diamond burr and then Kerrison Rongeurs a portion of the lower edge of the right L5 lamina and the cephalad edge of the S1 lamina was removed. Small Kerrison rongeurs and curettes were utilized to remove the remaining lateral 1/2 of the ligamentum flavum and epidural fat. At this point approximately one-third of the right facet was removed to decompress the lateral recess. The S1-S1foramen was then palpated and a foraminotomy was performed.  At this time the table was tilted away and the contralateral left laminotomy was performed taking the ventral lamina and ligamentum and leaving the dorsal lamina partially intact. The right one-third facet was removed to decompress the lateral recess and the foramen was decompressed.  At this point using a blunt Woodson elevator the central space, lateral recess and foramina were palpated and thoroughly decompressed. The L5-S1 nerve roots were visualized and also noted to be free. This was repeated at L3-4 and L4-5.

**Application of Intervertebral Biomechanical Device L5-S1, (22851),**
**Posterior and Posterolateral Technique Arthrodesis with Left Lateral Transverse Technique L5-S1, (22633),**
A Left sided approach to the L5-S1 interspace would be performed. Using an osteotome a vertical followed by a horizontal cut was carefully made on the left side of the left hemi-lamina, with care taken to leave the pars intact. Using a curette this was separated from the ligamentum flavum which was then resected. The laminotomy was completed with Kerrison Rongeurs relieving the lateral recess stenosis and pressure on the traversing nerve root. At this point the Left L5-S1 foramen was palpated with a Woodson elevator. Leaving this in place to protect the nerve root a complete foraminotomy was performed to the level of the distal pedicle, thus exposing the disk space and nerve root. Extensive scarring was appreciated in this area from the previous surgery surrounding the nerve root. Bipolar was used to control epidural bleeding. In a TLIF fashion with the exiting and traversing nerve roots carefully protected, the disc annulotomy was performed and the disk space entered. The disk was removed entirely using pituitary rongeurs curettes and rasps, with the exception of the anterior and lateral outer annulus. The endplates of L5 and S1 were scraped until there was evidence of bleeding bone. At this point an osteotome was used to perform a partial corpectomy at the inferior portion of L5 and superior portion of S1 (less than 50%) in order to remove posterior osteophyte and maximize access to the disk space prior to trials. Trials were progressively performed. The anterior disk space was carefully packed with Iliac Crest aspirate and allograft mixture into the interspace anterior

to the cage using a funnel. A 10mm titanium cage was packed with the same mixture of allograft/BMA and inserted into the interbody space. Adequate placement was confirmed with fluoroscopy. This was expanded to a 17mm height and repeated bilaterally.

**Posterior and Posterolateral Fusion**
**Unlisted Diagnostic Radiographic Procedure: Design and Templating and Production of Custom Medicrea UNID Rods (76499-26)**
All exposed posterior and posterolateral bone surfaces were decorticated. At this point the 2 lumbosacral rods were chosen. The 2 rods on each side were then seated in a gradual fashion to the pedicle screws. These rods had been customized using advanced software. Compression between the screws was performed. The caps were locked into the final position and thorough irrigation was performed. Radiographs were obtained to document the improvement in alignment at this point.

**Allograft Morselized (20930)**
**Autograft Morselized (20936)**
**Collected Autograft (20937),**
Following this, the previously osteotomized facet joints and lateral gutters, and that collected through a bone collector connected to suction, were packed with autologous local bone. Care was taken to avoid placement near exposed nerve roots or dura. A piece of gelfoam was placed over any exposed neurological structures additionally. The remaining allograft was placed posteriorly and laterally to supplement the fusion. Lastly, the remaining allograft bone was added. This had been previously soaked with vancomycin 1gm and gentamicin 80mg.

**Closure:**
The retractors were removed. Final x-rays were taken. The muscle was loosely approximated. 500mg of Vancomycin powder was placed on top of this layer. The perimesium was closed bilaterally with interrupted figure-8 #1 Vicryl sutures followed by a running layer. The central fascial incision was closed with interrupted figure 8 #1 Vicryl sutures followed by a running layer. Vancomycin was placed above this layer as well. The subcutaneous space between the skin and iliac crests were sutured separately. The subcutaneous layer was closed with 2-0 Vicryl. The overlying skin was closed with 2-0 nylon vertical mattress sutures. Steri-strips were applied. A sterile dressing was placed over the wound and covered with a sterile xeroform and Aquacell dressing. The patient was awoken, extubated and transferred carefully from the Jackson frame to the bed. Upon wake up the patient was intact neurologically consistent with his pre-operative examination. Examination was performed by myself and repeated in the recovery room.

The patient was transferred to the recovery room in Stable Condition. No complications were witnessed. All counts were correct. The SSEPs. and free running EMGs were stable throughout except a transient drop in SSEP in the right arm. Screw stimulation was above threshold for all screws.

Peter G. Passias, M.D.

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice before the Court of the State of New York, hereby affirms as true under the penalties of perjury that he is one of the attorneys of record for the plaintiff in the within action; that affirmant has read the foregoing **SUPPLEMENTARY BILL OF PARTICULARS** and knows the contents thereof, that the same is true to affirmant's own knowledge, except as to matters therein stated to be alleged on information and belief, and that to those matters, affirmant believes it to be true. Affirmant further states that the reason this affirmation is not made by the plaintiff is that said plaintiff is not in the county where affirmant has his office.

DATED:    Lynbrook, New York
          November 18, 2020

**JONATHAN D MANDELL**

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                    )ss.:
COUNTY OF NASSAU )

    KERRY BURNS, being duly sworn, deposes and says; that deponent is not a party to the action, is over 18 years of age and resides at Oakdale New York.

    That on the 18th day of November, 2020, deponent served the within
*SUPPLEMENTARY BILL OF PARTICULARS: on*:

FERRO & STENZ
Attorneys for Defendant
Alicia Zagelbaum and Jessenia Torres
875 Merrick Ave
Westbury NY 11590
516 229-4288
MCabasso@Geico.com

DESENA & SWEENEY
Attorneys for Defendant
YRC INC and Frantz Baron
1500 Lakeland Ave
Bohemia, NY 11716
631 360-7333

    The addressees designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service within New York State.

KERRY BURNS

Sworn to before me this
18 day of November, 2020

Notary Public

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                  ss:
COUNTY OF NASSAU    )

       PATRICIA KRUPKA, being duly sworn, deposes and says:  That your deponent is not a party to this action, is over 18 years of age and resides at Oceanside, New York.

       That on the       day of August 2023, deponent served the within: MOTION TO REMOVE STAY & AFFIRMATION on:

Debtor - YRC INC.
11500 Outlook Street, Suite 400
Overland Park, KS 66211

U.S. Trustee
Office of the United State Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801

Claims Agent – Epiq Corporate Restructuring, LLC
777 Third Avenue, 12th Floor
New York, New York 10017

LESTER SCHWAB KATZ & DWYER, LLP
Attorneys for Defendants
YRC INC. and FRANTZ BARON
100 Wall Street
New York, New York 10005
212-964-6611

FERRO & STENZ
Attorneys for Defendants
ALICIA M. ZAGELBAUM and JESSENIA TORRES
875 Merrick Avenue
Westbury, New York 1590
516-229-4288

at the address designated by said attorneys for that purpose by depositing a true copy of same enclosed in a post paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

PATRICIA KRUPKA

Sworn to before me this
28th day of August, 2023.

Notary Public

KERRY A BURNS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BU0000229
Qualified in Suffolk County
My Commission Expires February 02, 2027