# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Yellow Corporation aka YRC Worldwide Inc.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 23-11069-CTG<br><br>Jointly administered<br><br>**Hearing: September 15, 2023 at 11:30 am**<br><br>**Obj. deadline: September 8, 2023 at 4:00 pm** |

## NOTICE OF MOTION OF PEAPACK CAPITAL CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that Peapack Capital Corporation ("PCC"), by and through its attorneys, in the above-captioned, jointly administered cases filed the *Motion for Relief from the Automatic Stay* (the "Motion"), which seeks relief from the automatic stay imposed under section 362 of title 11 of the United States Code. You are being served with a copy of the Motion in conjunction with this Notice.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on September 15, 2023 at 11:30 am prevailing Eastern Time at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware 19801 (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be made in writing, filed with the Bankruptcy Court, and served upon, so as to be actually received on or before September 8, 2023 at 4:00 p.m. prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the response upon counsel to PCC at the address provided below.

>Kate Roggio Buck
>McCarter & English, LLP
>405 N. King Street, 8th Floor
>Wilmington, DE 19801
>Phone: (302) 984-6300
>Fax:    (302) 984-6399
>Email: kbuck@mccarter.com

**PLEASE TAKE FURTHER NOTICE** that the hearing date specified above may be a preliminary hearing or may be consolidated with the final hearing, as determined by the Court.

**PLEASE TAKE FURTHER NOTICE** that if no objection or other response to the Motion is filed, the Bankruptcy Court may grant the relief sought in the Motion without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the attorneys for the parties shall confer with respect to the issues raised by the Motion in advance for the purpose of determining whether a consent judgment may be entered and/or for the purpose of stipulating to relevant facts.

| | |
|---|---|
| Date:  August 28, 2023<br>Wilmington, DE | **McCARTER & ENGLISH LLP**<br><br>*/s/ Kate Roggio Buck*<br>Kate Roggio Buck (DE #5140)<br>405 North King Street, 8th Floor<br>Wilmington, DE 19801<br>Telephone:  (302) 984-6300<br>Facsimile:   (302) 984-6399<br>Email: kbuck@mccarter.com<br><br>*Attorneys for Peapack Capital Corporation* |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Yellow Corporation aka YRC Worldwide Inc.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 23-11069-CTG<br><br>Jointly administered<br><br>**Hearing: September 15, 2023 at 11:30 am**<br><br>**Obj. deadline: September 8, 2023 at 4:00 pm** |

## MOTION OF PEAPACK CAPITAL CORPORATION FOR
## RELIEF FROM THE AUTOMATIC STAY

Peapack Capital Corporation ("PCC") hereby moves (the "Motion") for the entry of an order granting relief from the automatic stay pursuant to Sections 362 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001 and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 4001-1 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), in order to allow PCC to repossess certain property. In support of the Motion, and along with the Affidavit of John O'Gorman ("O'Gorman Affidavit") attached hereto as **Exhibit 1**, PCC states as follows:

### JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to Title 28, Sections 157 and 1334 of the United States Code.

2. This proceeding is a core proceeding pursuant to Title 28, Section 157 of the United States Code.

3. Venue is proper in this Court under Title 28, Section 1408 of the United States Code.

4. The statutory predicate for the relief sought herein is Sections 362 and 363 of the Bankruptcy Code, Bankruptcy Rules 4001 and 9013 and Local Rules 4001-1 and 9013-1.

## BACKGROUND

5. On or about August 6, 2023 and continuing on August 7, 2023 (collectively the "Petition Date"), Yellow Corporation and twenty three (23) affiliated companies (collectively, the "Debtors") filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code.

### The Master Lease

6. As set forth in the Master Lease[1] entered into by and between PCC and YRC Enterprise Services Inc. ("Enterprise"), and the related equipment Schedules (with the Master Lease each a "Lease" or collectively, the "Leases"), PCC is the owner and lessor of 950 trailers (the "Equipment") that it leases to YRC Inc. d/b/a YRC Freight ("YRC Inc.") and USF Reddaway Inc. ("Reddaway" collectively with Enterprise and YRC Inc., the Debtor-Lessees). *O'Gorman Affidavit* at 1.

7. Each Lease constitutes a separate agreement between PCC as Lessor and the specified Lessee Affiliate as Lessee. *O'Gorman Affidavit* at 3.

8. The Leases provide that upon termination and as long as there has occurred no Event of Default, the Lessee may exercise an option to extend the lease term, return the equipment to PCC or purchase the equipment under a formula established in the applicable Schedule. *O'Gorman Affidavit* at 4.

9. As agreed by the parties, the Leases are true leases and not intended as security for a loan. *O'Gorman Affidavit* at 4.

---

[1] Capitalized terms used herein shall have the meaning given in the O'Gorman Affidavit except as otherwise specified.

2

### The Schedules

10. All of the Schedules are set to expire in approximately 2-4 months. *O'Gorman Affidavit* at 8, 10, 12, 14.

11. Amended Schedule 1, which has a current expiration date of October 26, 2023 reflects a Total Equipment Cost of $9,173,516.80 and requires monthly payments of $110,839.23 each by the 26th day of each month. *O'Gorman Affidavit* at 8.

12. Amended Schedule 2, which has a current expiration date of November 21, 2023, reflects a Total Equipment Cost of $9,088,181.76 and requires monthly payments of $109,949.46 each by the 21st day of each month. *O'Gorman Affidavit* at 10.

13. Schedule 4, which has a current expiration date of November 13, 2023, reflects a Total Equipment Cost of $1,242,520.38 and requires monthly payments of $15,775.50 each by the 13th day of each month. *O'Gorman Affidavit* at 12.

14. Schedule 5, which has a current expiration date of December 27, 2023, reflects a Total Equipment Cost of $1,100,600.50 and requires monthly payments of $13,884.82 each by the 27th day of each month. *O'Gorman Affidavit* at 14.

15. PCC is the owner of the Equipment and holds the physical titles to same. *O'Gorman Affidavit* at 15.

### The Guaranties

16. YRC Worldwide Inc. ("Worldwide") executed a Guaranty made and effective as of August 25, 2017 (the "2017 Guaranty") under which Worldwide guaranteed all of the respective Lessee Affiliates' obligations under the Schedules. *O'Gorman Affidavit* at 16.

17. Yellow Corporation ("Yellow"; together with Worldwide, the "Guarantor") executed a Guaranty made and effective as of February 4, 2021 (the "2021 Guaranty") under which Yellow guaranteed all of the respective Lessee Affiliates' obligations under the Schedules. *O'Gorman Affidavit* at 17.

## Defaults

18. As of the date of this Affidavit, YRC Inc. and Reddaway failed to make timely monthly payments due under their respective Schedules and the Master Lease as follows: (a) beginning on July 26, 2023 under Schedule 1; for August 21, 2023 for Schedule 2; for August 13, 2023 for Schedule 4; and beginning July 27, 2023 for Schedule 5. In addition, the filing of these bankruptcy proceedings on August 6, 2023 is an event of default under the Schedules and Master Lease. *O'Gorman Affidavit* at 18.

19. In addition, PCC is unaware if the Debtor is honoring their contractual duties related to use, maintenance and repair of the Equipment, including the obligation to keep the Equipment in Debtor's sole possession and control and in good working order. *See* Master Lease at 6(b) and 7(a).

20. According to Debtor's initial filings and statements made on the record, the Debtors are winding-down operations rather than reorganizing or otherwise seeking to continue as a going concern. *See e.g.* Affidavit/Declaration in Support of First Day Motion Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions at D.I. 14.

## Remedies

21. YRC Inc. and Reddaway are in default under the Schedules and the Master Lease (collectively with the Schedules, the "Agreement") for, among other things, non-payment and the commencement of these bankruptcy proceedings. The filing of this Motion constitutes any required notice to these Lessees and the Guarantor of the defaults. *O'Gorman Affidavit* at 20.

22. Upon an Event of Default, PCC's remedies include, without limitation, taking possession of the leased equipment. In addition, PCC is entitled to collect from the Lessee any outstanding monthly base rent plus, as liquidated damages, the Stipulated Loss Value as defined

4

in each Schedule, attorney's fees and costs, and any other sums due under the Leases, subject to any adjustments and additional deficiencies. *See* Master Lease at Section 16(b).

23. Accordingly, PCC seeks relief from the automatic stay to exercise its rights under the Leases to retrieve its Equipment. In furtherance of this relief, PCC seeks (a) confirmation that insurance is in place on the Equipment, (b) a designated representative of the Debtors to coordinate with PCC for delivery of the Equipment, and (c) the Debtors' performance of its post-termination obligations of identifying the locations of the Equipment and assembling same for retrieval by PCC or its agent.

24. PCC does not consent to the sale of its Equipment as part of the Debtors' proposed liquidation of assets. To the extent the Debtors seek to assume (and presumably assign) any of the Leases, PPC reserves all rights to protect its interests in the connection with same.

## RELIEF REQUESTED

25. PCC requests that the Court grant relief from the automatic stay, for cause pursuant to § 362(d), and permit PCC to recover its Equipment pursuant to the Agreement. Additionally, PCC requests that the Court expressly order the Debtor to (a) confirm that insurance is in place on the Equipment, (b) designate a representative of the Debtors to coordinate with PCC for delivery of the Equipment, and (c) perform its post-termination obligations of identifying the locations of the Equipment and assembling same for retrieval by PCC or its agent.

## LEGAL ARGUMENT

26. Section 362 of the Bankruptcy Code automatically stays certain actions against the Debtors upon the commencement of a bankruptcy proceeding. 11 U.S.C. § 362. However, "the [automatic] stay is not meant to be indefinite or absolute, and in appropriate instances, relief may be granted." *Matter of Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. Del. 1992). *See also*, *Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd. (In re Wedgewood)*, 878 F.2d 693, 697 (3d Cir. 1989).

27. Specifically, the Court may grant relief from the automatic stay "for cause" as set forth in 11 U.S.C. § 362(d)(1). Or, pursuant to 11 U.S.C. § 362(d)(2), relief from the automatic stay may be granted when the debtor does not have any equity in the property; and such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d); *In re Indian Palms Assocs.*, 61 F.3d 197, 208 (3d Cir. 1995).

28. As the Bankruptcy Code does not define the term "cause", Bankruptcy Courts are given "wide latitude" to balance the equities when granting relief from an automatic stay. *In re Myers*, 491 F.3d 120, 124 (3d Cir. 2007). Generally, Bankruptcy Courts apply a totality of the circumstances test based upon the specific facts of each case to determine whether the automatic stay should be lifted "for cause." *In re Fairchild Corp.*, 2009 Bankr. LEXIS 3815, 23 (Bankr. D. Del. Dec. 1, 2009) (citing *Bandolino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997)). "Section 362(d)(1) does not define "cause," leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *Bandolino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997)).

29. Cause is an intentionally broad concept designed to permit the bankruptcy court, as a court of equity, power to respond to inherently fact-sensitive situations. *In re Texas State Optical, Inc.*, 188 B.R. 552 (Bankr. E.D. Tex. 1995); see also *In re Spencer*, 115 B.R. 471 (D. Del. 1990) ("Cause" encompasses many situations and is not limited to situations involving lack of adequate protection).

30. Here, cause exists to grant PCC relief from the automatic stay since (1) the Equipment will continue to depreciate as a result of delay, (2) Debtor and its affiliates have ceased operations, (3) the Debtor has no equity or ownership interest in the Equipment, and (4) one or more of the Leases (possibly all) will expire and significant payments will come due prior to the conclusion of any potential assumption and assignment of the Leases or a proposed sale of the Equipment.

31. Termination and repossession will relieve the Debtors of continuing obligations and prevent PCC from suffering prejudice related to the potential depreciation of the equipment (potentially exacerbated by a failure to maintain) and potential loss of valuable, bargained-for rights.

32. PCC asserts that, in this case, the foregoing constitutes "cause" justifying relief from the automatic stay. Without relief, PCC will be prejudiced by further delay.

33. No prior request for the relief sought in this Motion has been made to this or any other court.

34. Nothing herein shall be deemed a waiver of or otherwise prejudice any of PCC's claims and rights, whether legal or equitable.

## CONCLUSION

WHEREFORE, based upon the foregoing, PCC respectfully requests that the Court enter an Order in substantially the form attached hereto and granting such other and further relief as the Court deems just and proper.

Dated: August 28, 2023
Wilmington, Delaware

**MCCARTER & ENGLISH LLP**

*/s/ Kate R. Buck*
Kate Roggio Buck (DE #5140)
405 North King Street, 8th Floor
Wilmington, DE 19801
Telephone: (302) 984-6300
Facsimile: (302) 984-6399
Email: kbuck@mccarter.com

*Attorneys for Peapack Capital Corporation*

# **<u>PROPOSED FORM OF ORDER</u>**

ME1 45778725v.1

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Yellow Corporation aka YRC Worldwide Inc.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 23-11069-CTG<br><br>Jointly administered<br><br>Re: _____ |

## ORDER GRANTING MOTION OF PEAPACK CAPITAL CORPORATION FOR RELIEF FROM THE AUTOMATIC STAY

Upon review and consideration of the Motion of Peapack Capital Corporation ("PCC") for Relief from the Automatic Stay (the "Motion"), and any responses thereto; and sufficient cause appearing therefor; it is hereby

ORDERED, that the automatic stay under 11 U.S.C. §362 is hereby lifted for cause in order to permit PCC to recover its Equipment pursuant to the Lease; and

ORDERED, that within five (5) days of the entry of this order the Debtor (a) provide to PPC documentation sufficient to confirm that insurance is in place on the Equipment; (b) designate a representative of the Debtors to coordinate with PCC for delivery of the Equipment, and (c) perform its post-termination obligations of identifying the locations of the Equipment; and

ORDERED, that within ten (10) days of the entry of this order the Debtor assemble the Equipment for retrieval by PCC or its agent.

ME1 45778725v.1