# **EXHIBIT A**

COMMONWEALTH OF KENTUCKY
TAYLOR CIRCUIT COURT
CIVIL ACTION NO.: 22-CI-_____
DIVISION _____
*Electronically Filed*

PAUL CLARK & JEAN CLARK      PLAINTIFFS

v.

CHARLES SPEARS
    **Serve via Certified Mail**:
    Charles Spears
    6837 Burkesville Rd.
    Glasgow, KY 42141

and

YRC, INC. d/b/a YRC FREIGHT
    **Serve via Certified Mail:**
    CT Corporation System, registered agent
    306 W. Main St., Ste. 512
    Frankfort, KY 40601

and

KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY      DEFENDANTS
    **Serve via Certified Mail:**
    L. Gregory Kosse
    9201 Bunsen Parkway
    Louisville, KY 40220

---

**COMPLAINT**

---

Plaintiffs, Paul Clark and Jean Clark, for their Complaint against Defendants, Charles Spears, YRC, Inc. and Kentucky Farm Bureau Mutual Insurance Company, state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Paul Clark, is a citizen and resident of the Commonwealth of Kentucky, residing at 1113 Buckner Hill Rd., Greensburg, KY 42743.

1

2. Plaintiff, Jean Clark, is a citizen and resident of the Commonwealth of Kentucky, residing at 1149 Buckner Hill Rd., Greensburg, KY 42743.

3. At all relevant times, Defendant, Charles Spears ("Defendant Spears"), is a citizen and resident of the Commonwealth of Kentucky, residing at 6837 Burkesville Rd., Glasgow, KY 42141, and can receive service at that address through Certified Mail.

4. At all relevant times, Defendant, YRC, Inc. ("Defendant YRC"), is a Kansas corporation incorporated and existing under the laws of the State of Kansas, with its principal place of business located at 10990 Roe Ave., Overland Park, KS 66211.

5. Upon information and belief, Defendant YRC has designated CT Corporation System as its registered agent of process, who can receive service at 306 W. Main St., Ste 512, Frankfort, KY 40601.

6. At all relevant times, Defendant Spears, was the employee, agent, servant, and/or statutory employee for Defendant YRC, operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant YRC. Accordingly, Defendant YRC is vicariously liable for the acts of Defendant Spears.

7. Upon information and belief, Defendant, Kentucky Farm Bureau Mutual Insurance Company ("Defendant Kentucky Farm Bureau"), is an insurance company formed under the laws of the Commonwealth of Kentucky and is an authorized insurer in the Commonwealth of Kentucky holding a Kentucky Insurance Certificate of Authority with a principal office address of 9201 Bunsen Parkway, Louisville, KY 40220, and has designated L. Gregory Kosse as its registered agent for service of process in the Commonwealth of Kentucky.

8. On or about July 13, 2021, Defendant Kentucky Farm Bureau insured the Plaintiff with a policy of Underinsured Motorist Coverage insurance, Policy Number 0020513818 (the "Policy"), which was in full force and effect on the date of the collision.

9. The amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court.

10. Venue is appropriate because the tractor-trailer collision giving rise to this lawsuit occurred in Campbellsville, Taylor County, Kentucky, on July 13, 2021.

### COUNT I – COMMON LAW NEGLIGENCE
### AGAINST DEFENDANTS SPEARS AND YRC

11. On or about July 13, 2021, in Campbellsville, Taylor County, Kentucky, Defendant Spears was operating a 2002 Volvo VNM, and was traveling eastbound on East Broadway St. approaching the intersection at London Dr.

12. Upon information and belief, the 2002 Volvo VNM was operated by Defendant Spears on behalf of her employer, Defendant YRC.

13. As Defendant Spears was traveling eastbound on East Broadway St. approaching the intersection at London Dr., he failed to stop at the red stoplight at the intersection and proceeded into the intersection, striking a 2015 Subaru Legacy, in which Plaintiff Paul Clark was the restrained operator and Plaintiff Jean Clark was the restrained passenger, that had entered the interaction on a green light from northbound London Drive.

14. Defendant Spears operated the 2002 Volvo VNM in a negligent, careless, and reckless manner, causing serious injuries to Plaintiffs, for which Defendant YRC vicariously liable.

15. As a direct and proximate result of the gross negligence and carelessness of Defendants Spears and YRC, the Plaintiff, Paul Clark, sustained temporary and permanent injuries to his body, causing great physical and mental pain and anguish, including the loss of enjoyment of life

3

and impairment of earning capacity, and Plaintiff, Paul Clark, will continue to suffer such damages in the future, as his injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of his injuries.

16. As a direct and proximate result of the gross negligence and carelessness of Defendants Spears and YRC, the Plaintiff, Jean Clark, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Jean Clark, will continue to suffer such damages in the future, as her injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of her injuries.

**COUNT II – NEGLIGENCE *PER SE*
AGAINST DEFENDANTS SPEARS AND YRC**

17. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

18. Defendant Spears violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.330, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which Defendant YRC is vicariously liable.

19. The injuries sustained by Plaintiffs are of the type which these statutes seek to prevent and that such injuries were proximately caused by Defendant Spears' violation of these statutes, for which Defendant YRC is vicariously liable.

4

20. As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Spears and YRC, the Plaintiff, Paul Clark, sustained temporary and permanent injuries to his body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Jean Clark, will continue to suffer such damages in the future, as his injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of his injuries.

21. As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Spears and YRC, the Plaintiff, Jean Clark, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Jean Clark, will continue to suffer such damages in the future, as her injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of her injuries.

### COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISING AND ENTRUSTMENT AGAINST DEFENDANT YRC

22. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

23. Defendant YRC had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Spears, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

24. Defendant YRC had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

25. Defendant YRC was negligent, careless and reckless with regard to the duties set forth above, causing serious injury to Plaintiffs, for which it is directly liable.

26. Defendant YRC violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiffs, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

27. As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Spears and YRC, the Plaintiff, Paul Clark, sustained temporary and permanent injuries to his body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Paul Clark, will continue to suffer such damages in the future, as his injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of his injuries.

28. As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Spears and YRC, the Plaintiff, Jean Clark, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Jean Clark, will continue to suffer such damages in the future, as her injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of her injuries.

### COUNT IV – PUNITIVE DAMAGES AGAINST DEFENDANT SPEARS AND DEFENDANT YRC

29. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

30. Defendant YRC and Defendant Spears acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiffs, warranting the imposition of punitive damages pursuant to KRS 411.184 and 411.186. Furthermore, punitive damages are supported by Kentucky's declaration that tractor-trailers endanger the lives and safety of the traveling public, which includes Plaintiffs, pursuant to KRS 189.670, which states:

> It is hereby declared to be the public policy of this state that heavy motor trucks, alone or in combination with other vehicles, increase the cost of highway construction and maintenance, interfere with and limit the use of highways for normal traffic thereon, and endanger the safety and lives of the traveling public, and that the regulations embodied in this chapter with respect to motor trucks, semitrailer trucks and semitrailers are necessary to achieve economy in highway costs, and to permit the highways to be used freely and safely by the traveling public.

31. Defendant YRC and Defendant Spears acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions, as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiffs, as set forth above, so as to warrant the imposition of punitive damages.

32. The imposition of punitive damages is necessary to serve as a deterrent effect to Defendants YRC and Spears, and all others similarly situated.

### COUNT V – UNDERINSURED MOTORIST BENEFITS CLAIM AGAINST DEFENDANT KENTUCKY FARM BUREAU

33. Plaintiffs adopt and reiterate each and every allegation above, as if set out fully in this paragraph.

34. The collision referred to in Paragraphs 11-15 was the result of the negligence and negligence *per se* of Defendants Spears and YRC.

35. As a result of the negligence and negligence *per se* of Defendants Spears and YRC, the Plaintiffs suffered severe and permanent injuries.

7

36. As a result of Plaintiffs' severe and permanent injuries as a result of the July 13, 2021 collision, they have incurred reasonable and necessary medical and related expenses, and in the future will incur additional reasonable and necessary medical expenses, have lost time from work, have endured physical pain and mental suffering, and in the future will endure additional physical pain and mental suffering, and their ability to earn money have been impaired, all to their damage in amounts in excess of the minimal jurisdictional amount of this Court.

37. On or about July 13, 2021, Defendant, Kentucky Farm Bureau insured the Plaintiffs with a policy of Underinsured Motorist Coverage insurance, Policy Number 0020513818 (the "Policy"), which was in full force and effect on the date of the collision.

38. Pursuant to the terms of the insurance policy referred to in Paragraph 37, Plaintiffs are entitled to Underinsured Motorist Coverage ("UIM").

39. Defendant Kentucky Farm Bureau has in its custody and control a copy of the insurance policy and, therefore, it is not attached to the Complaint.

40. Defendant Kentucky Farm Bureau provided UIM coverage to Plaintiffs, which applies to the above-referenced collision of July 13, 2021.

41. Defendant Spears was an underinsured motorist.

42. Upon information and belief, Plaintiffs' injuries and damages exceed the limits available under Defendant YRC's insurance policy.

43. Plaintiff is entitled to UIM benefits from Defendant Kentucky Farm Bureau to the extent provided by the Policy and by operation of law, arising out of the injuries and damages suffered as a result of the above-referenced collision.

**WHEREFORE**, Plaintiffs, Paul Clark and Jean Clark, demand judgment against Defendants Charles Spears, YRC Inc., and Kentucky Farm Bureau Mutual Insurance Company as follows:

A. A trial by jury on all issues of fact herein;

B. For actual, special, punitive, and compensatory damages permitted by law, in an amount greater than the jurisdictional minimum of this Court;

C. For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

D. For Plaintiffs' costs herein expended; and

E. For any and all other relief to which the Plaintiff is entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiffs as a result of this action.

The parties notified are as follows:

Anthem BCBS
ATTN: Medicare Supplement Subrogation Department
P.O. Box 659940
San Antonio, TX 78265

NGHP
ATTN: Subrogation Department
P.O. Box 13832
Oklahoma City, OK 73113

RESPECTFULLY submitted this 17th day of May, 2022:

*/s/ Shea W. Conley*
SHEA W. CONLEY
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8364
Facsimile: (859) 899-8108
sconley@forthepeople.com
*Counsel for Plaintiff*