# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**MOTION OF
DEBTORS SEEKING ENTRY
OF AN ORDER (I) EXTENDING TIME TO
FILE SCHEDULES OF ASSETS AND LIABILITIES,
SCHEDULES OF CURRENT INCOME AND EXPENDITURES,
SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND
STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") for a total of thirty-six (36) days from the Petition Date (as defined herein), to

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"). Capitalized terms used but not immediately defined in this motion have the meanings ascribed to them later in this motion or in the First Day Declaration, as applicable.

and including September 11, 2023, without prejudice to the Debtors' ability to request additional extensions for cause shown, and (b) granting related relief.

## Jurisdiction and Venue

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1007-1(b).

## Background

5. On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169]. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

### Basis for Relief

6. The requirements of section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c) normally require debtors to file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs within fourteen days after their petition date. Local Rule 1007-1(b), however, extends the filing deadline for such schedules and statements to twenty-eight days after the Petition Date if the bankruptcy petition is accompanied by a list of all of the debtor's creditors and their addresses, pursuant to Local Rule 1007-2, and if the total number of creditors in a debtor's case or, in the case of jointly administered cases, the debtors' cases, exceeds 200. The Debtors have filed a list of creditors in accordance with Local Rule 1007-2 that reflects that the total number of their creditors exceeds 200.[3]

7. The Court has the authority to grant the requested extension under Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-l(b). Bankruptcy Rules 1007(c) and 9006(b) allow the Court to extend the filing deadline for the Schedules and Statements "for cause shown." Similarly, Local Rule 1007-l(b) provides that such an extension may be granted for cause. Showing "cause" merely requires that a debtor "demonstrate some justification for the issuance of the order," and bankruptcy courts will normally grant such extensions "in the absence of bad faith or prejudice to the adverse party." *See, e.g.*, *Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007).

---

[3] *See Certification of Debtors' Consolidated Creditor Matrix* [Docket No. 8].

8. Good and sufficient cause exists for granting an extension of time to file the Schedules and Statements. The current deadline for the Debtors to file Schedules and Statements is September 5, 2023.[4] When the Debtors were operating prior to the Petition Date, the Debtors maintained voluminous books, records, and utilized complex accounting systems. To prepare the Schedules and Statements, the Debtors must compile information from those books and records and from documents relating to the claims of their creditors, assets, and contracts. This information is extensive. Collecting the necessary information requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term.

9. In the days leading up to the Petition Date, the Debtors' primary focus was to effectuate an organized wind down of its business, secure postpetition financing, and prepare for the chapter 11 filing as expeditiously and efficiently as possible. Although the Debtors have commenced the process to prepare and finalize what will be voluminous Schedules and Statements and are making every effort to file their Schedules and Statements expeditiously, out of an abundance of caution, the Debtors seek this modest extension in the event that they may require up to six additional days, to and including September 11, 2023, to complete and file the Schedules and Statements. The size of the Debtors' former business, the amount of information that must be assembled and compiled, and the voluminous hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time. No party in interest will be prejudiced by the extension requested herein because the Debtors intend

---

[4] Pursuant to Local Rule 1007-1(b), the time period within which the Debtor shall file its Schedules and Statements was extended to twenty-eight (28) days from the Petition Date, which is Sunday, September 3, 2023. However, by operation of Bankruptcy Rule 9006(a), the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Monday, September 4, 2023, is Labor Day, a legal holiday. Accordingly, the current deadline for the Debtors to file their Schedules and Statements pursuant to the Local Rules and Bankruptcy Rules is September 5, 2023.

to progress these chapter 11 cases as expeditiously as possible.  The Debtors therefore request that the Court extend the twenty-eight-day period for an additional six days, without prejudice to the Debtors' right to request further extensions for cause shown.  Moreover, an extension will not prejudice creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements well in advance of any deadline for filing proofs of claim in these chapter 11 cases.

10. Accordingly, the Debtors submit that the requested extension of time to file the Schedules and Statements, without prejudice to their ability to request additional extensions, is appropriate and warranted under the circumstances.  Courts in this district have granted similar relief to that requested herein in a number of cases.  *See, e.g.*, *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (granting the debtors a total of fifty-eight days from the petition date to file their schedules and statements); *In re Allegiance Coal USA Ltd.*, No. 23-10234 (Bankr. D. Del. May 8, 2023) (granting the debtors a total of sixty-six days from the petition date to file their schedules and statements); *In re CBC Restaurant Corp.*, No. 23-10245 (KBO) (Bankr. D. Del. Apr. 24, 2023) (granting the debtors a total of sixty-five days from the petition date to file Schedule G and fifty-one days from the petition date to file all other schedules and statements); *In re Stanadyne LLC*, No. 23-10207 (TMH) (Bankr. D. Del. Mar. 31, 2023) (granting the debtors a total of sixty days from the petition date to file their schedules and statements); *In re PWM Prop. Mgmt LLC*, No. 21-11445 (MFW) (Bankr. D. Del. Dec. 1, 2021) (granting the debtors a total of eighty-eight days from the petition date to file their schedules and statements).[5]

---

[5] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

**Reservation of Rights**

11. Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

**Notice**

12. The Debtors will provide notice of this motion to:  (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as proposed counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto;(i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto;

(l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent, and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury;  (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

13. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: August 29, 2023
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | Whitney Fogelberg (admitted *pro hac vice*) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |
| Wilmington, Delaware 19801 | Telephone:  (312) 862-2000 |
| Telephone:  (302) 652-4100 | Facsimile:  (312) 862-2200 |
| Facsimile:  (302) 652-4400 | Email:  patrick.nash@kirkland.com |
| Email:  ljones@pszjlaw.com | david.seligman@kirkland.com |
| tcairns@pszjlaw.com | whitney.fogelberg@kirkland.com |
| pkeane@pszjlaw.com | |
| ecorma@pszjlaw.com | -and- |
| | |
| | Allyson B. Smith (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone:  (212) 446-4800 |
| | Facsimile:  (212) 446-4900 |
| | Email:  allyson.smith@kirkland.com |

*Proposed Co-Counsel for the Debtors and Debtors in Possession*