**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**APPLICATION OF**
**DEBTORS FOR ENTRY OF AN ORDER**
**AUTHORIZING RETENTION AND EMPLOYMENT**
**OF GOODMANS LLP AS CANADIAN RESTRUCTURING**
**COUNSEL EFFECTIVE AS OF AUGUST 6, 2023 PURSUANT TO**
**SECTION 327(e), 328(a), 330, AND 363(b)(1) OF THE BANKRUPTCY CODE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

as follows in support of this application:[2]

**Relief Requested**

1.      Pursuant to sections 327(e), 328(a), 330, and 363(b)(1) of the Bankruptcy Code and

Bankruptcy Rules 2014(a), 2016, and 5002, the Debtors seek entry of an order, substantially in the

form attached hereto as **Exhibit A** (the "Order"), authorizing them to retain and employ the law

firm of Goodmans LLP ("Goodmans" or the "Firm") as Canadian restructuring counsel

("Canadian Restructuring Counsel"), effective as of August 6, 2023 (the "Petition Date") and in

accordance with the terms and conditions set forth in the engagement letter dated July 25, 2023

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]     A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Applications* [Docket No. 14] (the "First Day Declaration").  Capitalized terms used but not immediately defined in this Application have the meanings ascribed to them later in this Application or in the First Day Declaration, as applicable.

(the "Engagement Letter"), a copy of which is attached as Exhibit 1 to **Exhibit B** hereto. In support of this Application, the Debtors submit the *Declaration of Robert J. Chadwick in Support of Debtors' Application for Entry of an Order Authorizing Retention and Employment of Goodmans as Canadian Restructuring Counsel Effective as of August 6, 2023 Pursuant to Sections 327(e), 328(a), 330, and 363(b)(1) of the Bankruptcy Code* (the "Chadwick Declaration"), which is attached hereto as **Exhibit B** and incorporated herein by reference and the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of Debtors' Application for Entry of an Order Authorizing Retention and Employment of Goodmans as Canadian Bankruptcy Counsel Effective as of August , 2023 Pursuant to Sections 327(e), 328(a), 330, and 363(b)(1) of the Bankruptcy Code* (the "Doheny Declaration"), attached hereto as **Exhibit C** and incorporated herein by reference.

## **Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(e), 328(a), 330, and 363(b)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014(a), 2016, and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-1.

## Background

5. On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169]. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

## Basis for Relief

6. Section 327(e) of the Bankruptcy Code provides that the debtor in possession, "with the Court's approval, may employ for a specified special purpose . . . an attorney that has represented the debtor if it is in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

7. Section 363(b)(1) of the Bankruptcy Code provides that the trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

3

8.     Shortly following the Petition Date, Yellow Corporation, in its capacity as proposed foreign representative in respect of these chapter 11 cases, filed an application for recognition of these chapter 11 cases in a Canadian insolvency proceeding commenced under Canada's *Companies' Creditors Arrangement Act* (the "Canadian Recognition Proceedings"). As set forth in the Doheny Declaration and the Chadwick Declaration, Goodmans has represented Debtors in preparing for and in connection with the Canadian Recognition Proceedings since July 25, 2023.

9.     The Debtors believe that Goodmans is well qualified to represent the Debtors in connection with the Canadian Recognition Proceedings, and that the retention of Goodmans is necessary and in the best interests of the Debtors and their estates. It is anticipated that Goodmans will provide services in connection the Canadian Recognition Proceedings and as described in the Engagement Letter.

10.     Goodmans has indicated its willingness to act in these cases as Canadian Restructuring Counsel and to render the foregoing services.

## **Nature of Goodmans' Retention**

11.     Goodmans will provide services to the Debtors in connection with the Canadian Recognition Proceedings.

12.     The Debtors respectfully submit that it is necessary and appropriate for them to employ and retain Goodmans as its Canadian Restructuring Counsel to, among other things:

a.     Advise the Debtors in connection with the Canadian Recognition Proceedings, including enforcement of the Bankruptcy Court's orders in Canada, application of comity, and coordination of cross-border issues;

b.     Appear before the Ontario Superior Court of Justice (Commercial List) (the "Canadian Court"), in connection with the Canadian Recognition Proceedings, on behalf of the

Debtors;

c.  Assist with any Canadian claims analysis, including advising on claims based on Canadian legal principles;

d.  Evaluate, analyze and report on any litigation in Canada and any related applications;

e.  Prepare on behalf of the Debtors necessary Canadian applications, motions, memoranda, orders, reports and other legal papers, if any;

f.  Assist with any sale process advanced by the Debtors with respect to the Debtors' Canadian business and assets, and advise on Canadian legal issues in respect of same;

g.  Evaluate any Canadian issues that may arise in connection with evaluation, negotiation or implementation of any plan of reorganization or sale transaction(s);

h.  Advise in respect of the intersection of Canadian insolvency, corporate law, or other Canadian legal issues on cross-border matters; and

i.  Provide such other Canadian legal services as the Debtors or general bankruptcy counsel Kirkland & Ellis LLP ("Kirkland") may request.

13.    In all these activities, Goodmans will work closely with Kirkland, and other professionals as may be retained by the Debtors in connection with these chapter 11 cases, so as to protect the legal rights of the Debtors and ensure that there is no unnecessary duplication or services performed or charged to the Debtors' estates.

## Terms of Retention

14.    Goodmans' hourly rates range from CDN$800 - CDN$1,450 for partners and CDN$500 - CDN$775 for associates.  The rates for contract law clerks and non-lawyer staff such as paralegals, litigation support, and research personnel are set according to their experience and/or skill sets and also will be reflected on Goodmans' statements.  Goodmans charges for time devoted

to the representation, including travel time, and it adjusts its hourly rates annually. Goodmans charges for reimbursement of out-of-pocket expenses including the costs of travel, local counsel, investigators, accountants, consultants, expert witnesses, litigation support vendors, technology providers, court reporting services, messengers, copying, printing as a substitute for copying, telephone and video conferencing, court costs, filing fees, working meals, and data storage requirements. The full terms of Goodmans' engagement are set forth in the firm's Engagement Letter, attached as Exhibit 1 to **Exhibit B** hereto.

15. During the ninety (90) days prior to the Petition Date, Goodmans received $50,000 from the Debtors pursuant to the Engagement Letter, which is being held in the Firm's accounts. In addition, on August 4, 2023, Goodmans received from the Debtors a payment of $188,331.40, which was applied to cover a portion of the fees and expenses incurred prior to and including August 6, 2023.

16. If retained, Goodmans will apply to the Court from time to time for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court by submitting fee applications on appropriate notice on a monthly basis.

17. Goodmans has agreed to convert its monthly accounts to U.S. dollars at the prevailing Bank of Canada exchange rate.

18. In light of privilege and confidentiality considerations, however, Goodmans reserves the right to redact its time and expense records and to seek authority from the Court to file such time and expense records under seal.

**Goodmans Has No Conflicts on the Matters for Which It Is To Be Retained**

19.     To the best of the Debtors' knowledge and except as set forth in the Chadwick Declaration:

20.     As required by section 327(e) of the Bankruptcy Code, neither Goodmans nor any attorney at the Firm holds or represents an interest adverse to the Debtors or the estates with respect to the matters on which Goodmans is to be retained.

21.     Neither Goodmans nor any attorney at the Firm is or was a creditor or an insider of the Debtors as such terms are respectively defined in section 101(10) and (31) of the Bankruptcy Code.

22.     Neither Goodmans nor any attorney at the Firm is or was, within three years before the filing of the Debtors' chapter 11 cases, an investment banker of the Debtors, or an attorney for an investment banker of the Debtors, in connection with the offer, sale, or issuance of any security of the Debtors.

23.     Neither Goodmans nor any attorney at the Firm is or was, within two years before the Petition Date, a director, officer, or employee of the Debtors or of an investment banker of the Debtors.

24.     Goodmans does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtors or an investment banker specified in the foregoing paragraphs, including with respect to the matters on which Goodmans is to be retained. If retained, Goodmans intends to work closely with other law firms engaged by Debtors to ensure that there is no unnecessary duplication of services performed for or charged to the Debtors' estate.

25.     No attorney at Goodmans is related to any United States District Judge or U.S. Bankruptcy Judge for the District of Delaware or to the U.S. Trustee for such district or to any known employee of the office thereof.

26.     As set forth in the Chadwick Declaration, Goodmans previously represented, or currently represents, various creditors of one or more of the Debtors and other parties who are, or may be, parties-in-interest in the Debtors' cases, in matters that are substantially unrelated to the Debtors' cases.

27.     To the best of the Debtors' knowledge, information, and belief, Goodmans: (i) does not hold or represent any interest which is adverse to the Debtors' estates with respect to the matters on which Goodmans is to be retained, and (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code for the purpose of the representation described.

28.     The Debtors believe that Goodmans is well-qualified to represent the Debtors in connection with the Canadian Recognition Proceedings and that its retention is in the best interest of the Debtors and their estates.

29.     The Debtors request that Goodmans' retention be approved effective as of July 25, 2023.  The decision to approve the employment of professionals on a n*unc pro tunc* basis is well within the discretion of this Court.  *In re F/S Airlease, II, Inc.*, 844 F.2d 99, 103 (3d Cir.), cert. denied, 488 U.S. 852 (1988).  Retroactive approval of Goodmans' retention is appropriate under the circumstances.  Specifically, the preparation and presentation of this Application on a *nunc pro tunc* basis has not been occasioned by any action or omission of Goodmans or its personnel, but was the result of, among other things, the complexity of the Debtors' cases and the Canadian Recognition Proceedings, the very limited scope of Goodmans' retention, and the number of creditors and parties-in-interest in the Debtors' cases, which lengthened the amount of

time that Goodmans needed to address potential conflict issues.  Accordingly, it is respectfully submitted that good cause exists justifying the *nunc pro tunc* retention requested herein.  *See In re Arkansas Co., Inc.*, 798 F.2d 645, 548 (3d Cir. 1986).

30.    As described above, the Debtors believe that the retention of Goodmans as Canadian Restructuring Counsel is in the best interests of the estate and, for the reasons described herein and in the Chadwick Declaration, the Debtors respectfully submit that they have demonstrated a "good business reason" for the requested relief. *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application.").  *See also In re Enron Corp.*, 335 B.R. 22 (S.D.N.Y. 2005) (approving an application to retain Canadian Restructuring Counsel under section 363(b)(1) of the Bankruptcy Code where the retention was in the debtors' best interest).

<u>**Notice**</u>

31.    The Debtors will provide notice of this motion to:  (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as proposed counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto;(i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent, and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury;  and (o) any

party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

32.     No prior request for the relief sought in this Application has been made to this or any other court.

33.     WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 30, 2023                          Respectfully submitted,

                                                 Yellow Corporation, *et al.*,
                                                 Debtors and Debtors-in-Possession

                                                 */s/ Matthew A. Doheny*
                                                 Matthew A. Doheny
                                                 Chief Restructuring Officer