**Exhibit C**

Declaration of Matthew A. Doheny

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF MATTHEW A. DOHENY, CHIEF RESTRUCTURING OFFICER OF YELLOW CORPORATION, IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF GOODMANS LLP AS CANADIAN RESTRUCTURING COUNSEL EFFECTIVE AS OF AUGUST 6, 2023 PURSUANT TO SECTIONS 327(e), 328(a), 330, AND 363(b)(1) OF THE BANKRUPTCY CODE**

I, Matthew A. Doheny, hereby declare under penalty of perjury:

1. I am the Chief Restructuring Officer of Yellow Corporation (together with its affiliated debtors and debtors-in-possession, the "Debtors"). I submit this declaration (the "Declaration") in connection with the application of the Debtors in the above-captioned case to retain Goodmans LLP ("Goodmans" or the "Firm") as Canadian Restructuring Counsel[2] to advise the Debtors with respect to certain matters in these chapter 11 cases and to provide the disclosures required under section 329 of title 11 of the United States Code (the "Bankruptcy Code"), the rules of this Court, and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In my capacity, I am familiar with all aspects of the Debtors' decision to retain and employ Goodmans as Canadian Restructuring Counsel and,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the *Application of Debtors For Entry of an Order Authorizing Retention and Employment Of Goodmans LLP As Canadian Restructuring Counsel Effective As Of August 6, 2023 Pursuant To Section 327(e), 328(a), 330, And 363(b)(1) Of The Bankruptcy Code.*

except as otherwise noted, I have personal knowledge of the matters set forth herein.

### The Debtors' Selection of Goodmans as Co-Counsel

1. The Debtors have selected Goodmans to serve as Canadian Restructuring Counsel, with Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland") as general restructuring counsel.

2. The Debtors recognize that a comprehensive review process is necessary when selecting and managing foreign restructuring counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

3. To that end, the review process used by the Debtors here assessed potential Canadian counsel based on their expertise with the relevant legal issues and in similar proceedings. Using this review process, the Debtors selected Goodmans to serve as Canadian Restructuring Counsel with Kirkland, particularly given Goodmans' experience in Canadian restructuring matters.

4. Ultimately, the Debtors retained Goodmans because of its extensive experience in Canadian restructurings. Thus, I believe that Goodmans is well-qualified to represent the Debtors in the Canadian Recognition Proceedings.

### Rate Structure

5. I am responsible for supervising expenditures to outside counsel retained by the Debtors in the ordinary course of business. Goodmans has informed the Debtors that its rates are consistent between bankruptcy representations, including related transactional and litigation services. Goodmans has informed the Debtors that its current hourly rates apply to non-bankruptcy services, if any, provided by the Firm, unless a contingent fee, mixed contingent

fee, flat fee, or blended rate arrangement is agreed upon. As discussed below, I am also responsible for reviewing the invoices regularly submitted by Goodmans and can confirm that the rates Goodmans charged the Debtors in the prepetition period are the same as the rates Goodmans charged the Debtors in the postpetition period. Goodmans has informed the Debtors that the Firm's standard hourly rates are subject to periodic adjustment in accordance with the Firm's practice.

### Cost Supervision

6. The Debtors and Goodmans expect to develop a prospective budget and staffing plan for the postpetition period, recognizing that in the course of these large chapter 11 cases there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and Goodmans. The Debtors recognize that it is their responsibility to monitor closely the billing practices of their Canadian Restructuring Counsel to ensure that the fees and expenses paid by the Debtors' estates remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases and the Canadian Recognition Proceedings. The Debtors will continue to review in a timely fashion the invoices that Goodmans regularly submits, and, together with Goodmans and Kirkland, periodically amend the budget and staffing plans as the cases develop.

7. The Debtors will continue to bring discipline, predictability, client involvement, and accountability to the Canadian Restructuring Counsel fees and expenses reimbursement process. While every chapter 11 case is unique, the budgets will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.

8. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

| | |
|---|---|
| Dated: August 30, 2023<br>Wilmington, Delaware | */s/ Matthew A. Doheny*<br>Name:  Matthew A. Doheny<br>Title:  Chief Restructuring Officer, Yellow Corporation |