**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. __** |

**ORDER (I) AUTHORIZING**
**AND APPROVING PROCEDURES TO REJECT EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing and approving procedures (as described in the Motion, the "Rejection Procedures") for rejecting executory contracts and unexpired leases (each, a "Contract," and collectively, the "Contracts") and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

other parties in interest; and this Court having found that the Debtors' notice of the Motion and

opportunity for a hearing on the Motion were appropriate and no other notice need be provided;

and this Court having reviewed the Motion and having heard the statements in support of the relief

requested therein at a hearing before this Court (the "Hearing"); and this Court having determined

that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

the relief granted herein; and upon all of the proceedings had before this Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The following procedures (the "Rejection Procedures") are approved in connection

with rejecting Contracts:

    a.    ***Rejection Notice***.  The Debtors shall file one or more notices, substantially in the form attached hereto as **Exhibit 1** (each, a "Rejection Notice"), to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice(s) shall set forth, among other things, with respect to each Contract listed on the Rejection Notice:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contract; (iv) the proposed effective date of the rejection for such Contract (the "Rejection Date"); and (v) if such Contract is a lease, the location and summary description of personal property to be abandoned, if any (the "Abandoned Property").  The Rejection Notice shall also set forth the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). Each Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on any one Rejection Notice shall be limited to no more than 100.  To the extent reasonably practical, the Debtors shall provide the professionals for the Committee, the Junior DIP Lender, the B-2 Lenders, the Prepetition ABL Agent, and the United States Department of the Treasury (collectively, the "Consultation Parties"), with advance notice before filing any Rejection Notice.  For the avoidance of doubt, the Debtors may serve multiple Rejection Notices, as long as the counterparties listed on each notice are limited to no more than 100.

    b.    ***Service of Rejection Notices***.  The Debtors will cause each Rejection Notice to be served (i) via email, if available, and by overnight delivery service upon (a) the Contract counterparties affected by such Rejection Notice

(each, a "Rejection Counterparty") at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known) and (b) all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax upon: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as proposed counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto; (i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c.   ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection[3] so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) calendar days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline"):  (i) the Debtors, Yellow Corporation, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.:  General Counsel; (ii) proposed counsel to the Debtors, (A) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.:  Whitney Fogelberg (whitney.fogelberg@kirkland.com) and Rob Jacobson (rob.jacobson@kirkland.com) and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.:  Allyson B. Smith (allyson.smith@kirkland.com) and (B) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn.:  Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.:  Jane Leamy (jane.m.leamy@usdoj.gov) and Richard Shepacarter (richard.shepacarter@usdoj.gov); (iv) proposed counsel to the Committee, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745 US, Attn.:  Philip C. Dublin (pdublin@akingump.com), Meredith A. Lahaie (mlahaie@akingump.com), and Kevin Zuzolo (kzuzolo@akingump.com) and (B) proposed co-counsel

---

[3]   An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

to the Committee, Benesch Friedlander Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE, 19801, Attn.: Jennifer R. Hoover (jhoover@beneschlaw.com) and Kevin M. Capuzzi (kcapuzzi@beneschlaw.com); (v) counsel to the Junior DIP Lender, (A) Quinn Emmanuel Urquhart & Sullivan, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017, Attn.: Eric Winston (ericwinston @quinnemanuel.com) and 51 Madison Avenue, 22nd Floor, New York, NY 10010, Attn.: Susheel Kirplani (susheelkirpalani@quinnemanuel.com) and (B) Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, IL 60606, Attn.: Lucas S. Smith (Luke.Smith@ropesgray.com) and 1211 Avenue of the Americas, New York, NY 10036, Attn.: Natasha S. Hwangpo (Natasha.Hwangpo@ropesgray.com); (vi) counsel to the Junior DIP Agent, Holland & Knight LLP, 50 N. Riverside Plaza, Suite 2700, Chicago, IL 60606, Attn.: Joshua M. Spencer (Joshua.Spencer@hklaw.com) and Phillip W. Nelson (Phillip.Nelson@hklaw.com); (vii) counsel to the B-2 Lenders, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020 Attn.: Scott Greissman (sgreissman@whitecase.com), Elizabeth Feld (efeld@whitecase.com), and Andrew Zatz (azatz@whitecase.com); (viii) counsel to the Prepetition ABL Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn.: Kevin Simard (ksimard@choate.com) and Hampton Foushee (hfoushee@choate.com); (ix) counsel to the B-2 Agent, Holland & Knight LLP, 50 N. Riverside Plaza, Suite 2700, Chicago IL 60606, Attn.: Joshua M. Spencer (Joshua.Spencer@hklaw.com) and Phillip W. Nelson (Phillip.Nelson @hklaw.com); (x) counsel to the Prepetition UST Tranche A Agent, Hogan Lovells US LLP, 390 Madison Avenue, New York, New York 10017, Attn.: Ronald J. Silverman and Christopher R. Bryant; (xi) counsel to the Prepetition UST Tranche B Agent, Hogan Lovells US LLP, 390 Madison Avenue, New York, NY 10017, Attn.: Ronald J. Silverman (ronald.silverman@hoganlovells.com) and Christopher R. Bryant (chris.bryant@hoganlovells.com); (xii) counsel to the United States Department of the Treasury, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602, Attn.: Michael Messersmith (michael.messersmith@arnoldporter.com), 250 West 55th Street, New York, NY 10019, Attn.: Benjamin Mintz (benjamin.mintz@arnoldporter.com), and 601 Massachusetts Ave., N.W., Washington, DC 20001, Attn.: Rosa Evergreen (rosa.evergreen @arnoldporter.com); and (xiv) the United States Department of Justice, 1100 L St NW Rm 7102, Washington, DC 20005-4035, Attn.: I-Heng.Hsu (I-Heng.Hsu@usdoj.gov) and Crystal Geise (Crystal.Geise@usdoj.gov).

d.   ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, each Contract listed in the applicable Rejection Notice shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the counterparty or counterparties to such Contract(s) agree; *provided* that the effective date of a rejection of a nonresidential real property lease shall not occur until the later of (i) the

date the Debtors file and serve a Rejection Notice for such lease, (ii) the Rejection Date set forth in the Rejection Notice, and (iii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

e.      *Unresolved Timely Objections*.  If one or more objections to the rejection of any Contract(s) listed in the applicable Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the rejection of the Contract(s) implicated by such objection(s) and shall provide at least seven (7) days' notice of such hearing to each objecting party and the Objection Service Parties.  If any such objection is overruled or withdrawn, the Contract(s) that are the subject of such objection shall be rejected as of the Rejection Date set forth in the Rejection Notice or such other date as agreed by the parties or determined by the Court as set forth in any order overruling such objection.

f.      *No Application of Security Deposits*.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not setoff, recoup, or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree; *provided* that the Debtors shall provide not less than two (2) business days' notice to the professionals to the Consultation Parties prior to consenting to a setoff or recoupment with respect to any single deposit of more than $50,000.

g.      *Abandoned Property*.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon, at their option, any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract and is (a) of minimal or no material value or benefit to the Debtors' estates and/or (b) burdensome insofar as the costs and expenses of removal and storage of such property are likely to exceed the net proceeds realizable from their sale.  The Debtors shall generally describe the Abandoned Property in the applicable Rejection Notice and their intent to abandon such property. Absent a timely objection, any and all property located on the Debtors' lease premises on the Rejection Date of an applicable lease of nonresidential real property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Contract counterparty or counterparties may, in their sole discretion and without further order of this Court, utilize

and/or dispose of such property without liability to the Debtors and, to the extent applicable, the automatic stay is modified to allow such disposition.

h.    ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the applicable deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty (30) days after the later of (A) the effective Rejection Date and (B) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

i.    ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to any Rejection Notice after consultation with the Consultation Parties at any time prior to the later of the Rejection Date or the date of entry of an order of the Court approving the rejection.

3.    Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject a Contract by separate motion.

4.    To the extent of any conflict between this Order and the De Minimis Asset Order, the De Minimis Asset Order shall control.

5.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and

the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.  Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

6.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

7.     Notice of the Motion as provided therein constitutes good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **EXHIBIT 1**

**Rejection Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

### NOTICE OF REJECTION OF [A]
### CERTAIN EXECUTORY CONTRACT[S] [AND/OR UNEXPIRED LEASES]

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON EXHIBIT 1 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on [_____], 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors"), approving procedures for the rejection of executory contracts and unexpired leases and granting related relief [Docket No. _____] (the "Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Exhibit 1** attached hereto is hereby rejected effective as of the date set forth in **Exhibit 1** (the "Rejection Date"), or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is ***actually received*** by the following parties no later than fourteen (14) calendar days after the date that the Debtors served this Notice: (i) the Debtors, Yellow Corporation, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.:  General Counsel; (ii) proposed counsel to the Debtors, (A) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Whitney Fogelberg (whitney.fogelberg@kirkland.com) and Rob Jacobson (rob.jacobson@kirkland.com) and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.:  Allyson B. Smith (allyson.smith@kirkland.com) and (B) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn.:  Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.:  Jane Leamy (jane.m.leamy@usdoj.gov) and Richard Shepacarter (richard.shepacarter@usdoj.gov);  (iv) proposed counsel to the Committee, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745 US, Attn.: Philip C. Dublin (pdublin@akingump.com), Meredith A. Lahaie (mlahaie@akingump.com), and Kevin Zuzolo (kzuzolo@akingump.com) and (B) proposed co-counsel to the Committee, Benesch Friedlander Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE, 19801, Attn.: Jennifer R. Hoover (jhoover@beneschlaw.com) and Kevin M. Capuzzi (kcapuzzi@beneschlaw.com); (v) counsel to the Junior DIP Lender, (A) Quinn Emmanuel Urquhart & Sullivan, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017, Attn.:

Eric                              Winston                              (ericwinston

@quinnemanuel.com) and 51 Madison Avenue, 22nd Floor, New York, NY 10010, Attn.: Susheel

Kirplani (susheelkirpalani@quinnemanuel.com) and (B) Ropes & Gray LLP, 191 North Wacker

Drive, 32nd Floor, Chicago, IL 60606, Attn.: Lucas S. Smith (Luke.Smith@ropesgray.com) and

1211 Avenue of the Americas, New York, NY 10036, Attn.: Natasha S. Hwangpo

(Natasha.Hwangpo@ropesgray.com); (vi) counsel to the Junior DIP Agent, Holland & Knight

LLP, 50 N. Riverside Plaza, Suite 2700, Chicago, IL 60606, Attn.: Joshua M. Spencer

(Joshua.Spencer@hklaw.com) and Phillip W. Nelson (Phillip.Nelson@hklaw.com); (vii) counsel

to the B-2 Lenders, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020

Attn.: Scott Greissman (sgreissman@whitecase.com), Elizabeth Feld (efeld@whitecase.com), and

Andrew Zatz (azatz@whitecase.com); (viii) counsel to the Prepetition ABL Agent, Choate, Hall

& Stewart LLP, Two International Place, Boston, MA 02110, Attn.: Kevin Simard

(ksimard@choate.com) and Hampton Foushee (hfoushee@choate.com); (ix) counsel to the B-2

Agent, Holland & Knight LLP, 50 N. Riverside Plaza, Suite 2700, Chicago IL 60606, Attn.: Joshua

M. Spencer (Joshua.Spencer@hklaw.com) and Phillip W. Nelson (Phillip.Nelson

@hklaw.com); (x) counsel to the Prepetition UST Tranche A Agent, Hogan Lovells US LLP, 390

Madison Avenue, New York, New York 10017, Attn.: Ronald J. Silverman and Christopher R.

Bryant; (xi) counsel to the Prepetition UST Tranche B Agent, Hogan Lovells US LLP, 390

Madison Avenue, New York, NY 10017, Attn.: Ronald J. Silverman

(ronald.silverman@hoganlovells.com) and Christopher R. Bryant

(chris.bryant@hoganlovells.com); (xii) counsel to the United States Department of the Treasury,

Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602,

Attn.: Michael Messersmith (michael.messersmith@arnoldporter.com), 250 West 55th Street,

New York, NY 10019, Attn.: Benjamin Mintz (benjamin.mintz@arnoldporter.com), and 601 Massachusetts Ave., N.W., Washington, DC 20001, Attn.: Rosa Evergreen (rosa.evergreen @arnoldporter.com); and (xiv) the United States Department of Justice, 1100 L St NW Rm 7102, Washington, DC 20005-4035, Attn.: I-Heng.Hsu (I-Heng.Hsu@usdoj.gov) and Crystal Geise (Crystal.Geise@usdoj.gov).  Only those responses that are timely filed, served, and received will be considered at any hearing.

       **PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the Rejection Date set forth in **<u>Exhibit 1</u>**, or such other date as the Debtors and the counterparty or counterparties to such Contract agree.[3]

       **PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the Rejection Date set forth in **<u>Exhibit 1</u>** or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.

       **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

---

[3]    An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **<u>Exhibit 1</u>** shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the applicable deadline for filing proofs of claim established in these chapter 11 cases and (b) thirty (30) days after the later of (i) the effective Rejection Date and (ii) the date the Debtors relinquish control of the premises by notifying you in writing of the Debtors' surrender of the premises.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

*[Remainder of page intentionally left blank]*

Dated:  [●], 2023
Wilmington, Delaware

/s/ DRAFT
_____

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:            ljones@pszjlaw.com
                    tcairns@pszjlaw.com
                    pkeane@pszjlaw.com
                    ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                    david.seligman@kirkland.com
                    whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:            allyson.smith@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## EXHIBIT 1

### Rejected Contracts

| Counterparty | Debtor Counterparty | Description of Contract[1] | Abandoned Personal Property, if Applicable | Rejection Date |
|---|---|---|---|---|
| | | | | |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

DOCS_DE:244538.1 96859/001