## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## MOTION OF DEBTORS SEEKING ENTRY OF AN ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9) REQUESTS, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

### Relief Requested

1.      The Debtors seek entry of order, substantially in the form attached hereto as **Exhibit A** (the "Bar Date Order"):  (a) establishing October 31, 2023 at 11:59 p.m. (prevailing Eastern Time) as the last date and time for each entity[3] (including, without limitation, individuals,

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]    A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").  Capitalized terms used but not immediately defined in this motion have the meanings ascribed to them later in this motion or in the First Day Declaration, as applicable.

[3]    Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

partnerships, corporations, joint ventures, and trusts) to file proofs of claim based on prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code against any Debtor (the "General Bar Date"); (b) solely as to governmental units, establishing February 5, 2024 at 11:59 p.m. (prevailing Eastern Time) as the last date and time for each such governmental unit to file proofs of claim against any Debtor (the "Governmental Bar Date"); (c) establishing the deadline by which any entity asserting a claim arising from the Debtors' amendment of the Debtors' Schedules must file proofs of claim against any Debtor (the "Amended Schedules Bar Date"); (d) establishing the deadline by which any entity asserting a claim arising from the Debtors' rejection of an executory contract or unexpired lease must file proofs of claim against any Debtor (the "Rejection Damages Bar Date," and together with the General Bar Date, Governmental Bar Date, and Amended Schedules Bar Date, the "Bar Date" or "Bar Dates," as may be applicable); (e) approving the proposed proof of claim form, substantially in the form attached to the Bar Date Order as Exhibit 1 (the "Proof of Claim Form"); (f) approving the proposed form and manner of bar date notice, substantially in the form attached to the Bar Date Order as Exhibit 2 (the "Bar Date Notice"); and (g) approving the proposed form and manner of publication notice, substantially in the form attached to the Bar Date Order as Exhibit 3 (the "Publication Notice").

## Jurisdiction and Venue

2.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

2

District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection

with this motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 501, 502 and

1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"),

Rules 2002(a)(7), (f), (1), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Local Rules 1009-2, 2002-1, and 3003-1(a).

## Background

5.      On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b) [Docket No. 169].  The Debtors are managing their businesses and their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee")

appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee").

No trustee or examiner has been appointed in these chapter 11 cases.

## The Bar Dates

### I.     Summary

6.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which

proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code.

Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the

Debtors that arose before the Petition Date and whose claim is not scheduled in the Debtors'

3

schedules of assets and liabilities, schedules of executory contracts and unexpired leases, or statements of financial affairs (collectively, the "Schedules") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated must file a proof of claim.  As set forth below, the Debtors propose that the bar date to file any such claims will be at least thirty days following the service of the Bar Date Notice.  Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim.  The Debtors anticipate that their Schedules will be filed by September 11, 2023, allowing the Bar Date Notice to be sent shortly after entry of the Bar Date Order.  The proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

## II.    Bar Dates

7.    Each entity that asserts a claim against the Debtors that arose before the Petition Date, shall be required to file an original proof of claim, substantially in the form attached to the Bar Date Order as Exhibit 1 or Official Form 410.[4]  More specifically, the Debtors propose the following deadlines:

a.    ***General Bar Date***.    The Debtors request that the Court establish ***October 31, 2023 at 11:59 p.m.*** prevailing Eastern Time, as the General Bar Date.  The General Bar Date would be the date and time by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, **including requests for payment under section 503(b)(9)**, so that such proofs of claim are actually received by the Debtors' notice and claims agent, Epiq Corporate Restructuring, LLC ("Epiq") by the General Bar Date, unless such entity's claim falls within one of the exceptions set forth in this Motion.  Subject to these exceptions, the General Bar Date would apply to all claims against the Debtors that arose or are

---

[4]    The Debtors' claims and noticing agent maintains an Online Portal (as defined below) allowing potential claimholders to submit a proof of claim (in substantially the same form as any hard copy version) and electronically sign and submit such proof of claim.  The Online Portal provides a secure, simple portal for creditors to participate in the chapter 11 cases while tracking original e-signatures.  This also eases the administrative burden on and costs to the Debtors estates associated with processing hard-copy proofs of claim.  The Debtors intend to accept proofs of claim through the Online Portal under "Case Actions" and by clicking on "File a Claim," as further described below and subject to the same limitations and requirements of all other proofs of claim.

deemed to have arisen before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

b.  ***Governmental Bar Date***.  Pursuant to section 502(b)(9) of the Bankruptcy Code, the Debtors request that ***February 5, 2024 at 11:59 p.m.***, prevailing Eastern Time, be established as the Governmental Bar Date in these chapter 11 cases.  The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose before the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods, or prepetition transactions to which the Debtors were a party.  All governmental units holding such claims against the Debtors would be required to file proofs of claim so that such proofs of claim are actually received by Epiq by the Governmental Bar Date.

c.  ***Amended Schedules Bar Date***.  If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, is required to file a proof of claim or amend any previously filed proof of claim regarding the amended scheduled claim on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment to the Schedules.

d.  ***Rejection Damages Bar Date***.  In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the Debtors propose that the Court establish the later of (i) the General Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.  All entities holding such claims against the Debtors would be required to file proofs of claim so that such proofs are actually received by Epiq by the applicable Rejection Damages Bar Date.

**Procedures for Filing Proofs of Claim**

## I.    Parties Required to File Proofs of Claim

8.    Except as otherwise set forth herein, the Debtors propose that the following entities holding claims against the Debtors arising before the Petition Date be required to file proofs of claim on or before the applicable Bar Date:

a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.    any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## II.    Parties Exempted from the Bar Date

9.    The Debtors propose that the following entities whose claims otherwise would be subject to the General Bar Date need not file proofs of claim:

a.    any entity that already has filed a signed proof of claim against the applicable Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 410;

b.    any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any entity whose claim has previously been allowed by order of the Court;

6

d.      any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.      any Debtor having a claim against another Debtor;

f.      any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.      any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[5]

h.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.      any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.      any entity holding a claim for which a separate deadline is fixed by this Court;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

l.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 cases, including, without limitation, (i) the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the*

---

[5]    The Debtors reserve all rights with respect to any such claims, including to, *inter alia*, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

7

*Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 302] and any final order approving postpetition financing (collectively, the "DIP Orders") and (ii) the *Interim UST Cash Collateral and Adequate Protection Order (I) Authorizing the Debtors to (A) Use UST Cash Collateral and All Other Prepetition UST Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 303] and any final order approving the use of cash collateral (collectively, the "UST Cash Collateral Orders").

## III.    The Proof of Claim Form

10.    The Debtors have prepared and request that the Court approve the Proof of Claim Form substantially in the form attached to the Bar Date Order as Exhibit 1, which, although based on Official Form 410, has been modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code.  In addition, with the assistance of Epiq, the Debtors propose to provide each of the creditors listed on the Debtors' Schedules with a "personalized" Proof of Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

11.    If a creditor disagrees with the information set forth on the "personalized" Proof of Claim Form, the creditor is required to file a proof of claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim.  Additionally, creditors may choose not to use the personalized Proof of Claim Form and instead submit proofs of claim on Official Form 410.  So long as a creditor otherwise complies in all respects with the Bar Date Order, the creditor can submit their proof of claim by hard copy or through Epiq's secure online portal, available at:  https://dm.epiq11.com/YellowCorporation (the "Online Portal").

## IV.    Requirements for Preparing and Filing Proofs of Claim

12.    With respect to preparing and filing a proof of claim, the Debtors propose that each

proof of claim be required to be consistent with the following:

a.    <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.    <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.    <u>Original Signatures Required</u>.  Only *original* proofs of claim (whether submitted by hard copy or through the Online Portal at https://dm.epiq11.com/YellowCorporation) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.    <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Yellow Corporation.

e.    <u>Claim Against Multiple Debtor Entities</u>.  Except as otherwise provided in the DIP Orders and the UST Cash Collateral Orders, each proof of claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.    <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such

9

supporting documentation to Debtors' counsel upon request no later than ten days from the date of such request.

g.    <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***<u>actually</u> <u>received</u>*** by Epiq on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by: (i) electronically through the Online Portal at https://dm.epiq11.com/YellowCorporation under "Case Actions" and by clicking on "File a claim," or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail to:**

**Yellow Corporation Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4421**
**Beaverton, OR 97076-4421**

**If by Overnight Courier or Hand Delivery:**

**Yellow Corporation Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

h.    <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii) a self-addressed, stamped envelope.

**<u>Consequences of Failure to File a Proof of Claim</u>**

13.    Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity who is required, but fails, to file a proof of claim pursuant to the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

**Procedures for Providing Notice of the Bar Dates**

14.    The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

**V.    Mailing of Bar Date Notices.**

15.    Pursuant to Bankruptcy Rule 2002(a)(7), no later than five (5) business days after the later of (i) the date the Debtors file their Schedules with this Court or (ii) entry of the Bar Date Order, the Debtors propose to cause the Bar Date Notice and a Proof of Claim Form, (collectively, the "Bar Date Package") to be mailed via first class mail to the following entities:

    a.    the U.S. Trustee;

    b.    the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis);

    c.    counsel to the Committee;

    d.    counsel to the Junior DIP Lender;

    e.    counsel to the Junior DIP Agent;

    f.    counsel to the B-2 Lenders;

    g.    counsel to the B-2 Agent;

    h.    counsel to the Prepetition ABL Agent;

    i.    counsel to the administrative and collateral agents under the UST Credit Agreements;

    j.    the United States Department of Justice;

    k.    counsel to the United States Department of the Treasury;

    l.    all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

    m.    all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

n.     all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

o.     all known non-Debtor equity and interest holders of the Debtors as of the date of the Bar Date Order;

p.     all entities that are party to executory contracts and unexpired leases with the Debtors;

q.     all entities that are party to litigation with the Debtors;

r.     all current employees and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

s.     the U.S. Attorney's Office for the District of Delaware;

t.     the office of the attorney general for each state in which the Debtors maintain or conduct business;

u.     the Internal Revenue Service;

v.     all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

w.     the U.S. Securities and Exchange Commission.

16.     The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a proof of claim, the procedures for filing a proof of claim, and the consequences of failure to timely file a proof of claim.  The Debtors request the Court approve the use of the Bar Date Notice.

**VI.     Supplemental Mailings.**

17.     After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[6] (b) certain parties acting on behalf of

---

[6]     However, if notices are returned as "return to sender" without a forwarding address, the Debtors request that they should not be required to mail additional notices to such creditors.

parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date noticing process. In this regard, the Debtors request that the Court permit it to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

## VII.   Publication Notice.

18.     In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication. Pursuant to Bankruptcy Rule 2002(*l*) and in satisfaction of the requirements of Bankruptcy Rule 2002(a)(7), the Debtors propose to publish the Publication Notice on one occasion in the *USA Today* and *Transport Topics*, at least twenty-one days before the General Bar Date. In addition, the Debtors may, in their sole discretion, publish the Publication Notice at such times and in such local publications of general circulation in certain areas where the Debtors have conducted operations. The Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website at which creditors may obtain a copy of a Proof of Claim Form, and information concerning the procedures and appropriate deadlines for filing a proof of claim.

## Basis for Relief

## VIII.   The Court Should Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in These Chapter 11 Cases.

19.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr.

P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that the clerk must give all parties in interest a minimum of twenty-one days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

20.     It is well recognized that a claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors.  *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).  A claims bar date allows the Debtors and parties in interest to expeditiously determine and evaluate the liabilities of the estates.  The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by the Debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate."  *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

21.     The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing proofs of claim and achieve administrative and judicial efficiency.  Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

22.     In addition, the Debtors request the court to allow submission of proofs of claim via the Online Portal as well as by paper forms, to ensure an accessible and simple process.  Indeed, courts in this district routinely allow electronic submission of proofs of claim.  *See, e.g.*, *In re PGX Holdings, Inc.*, Case No. 23-10718 (CTG) (Bankr. D. Del. Jun. 4, 2023); *In re Lannett Co., Inc.*,

14

Case No. 23-10559 (JKS) (Bankr. D. Del. May 2, 2023); *In re SiO2 Medical Prods. Inc.*, Case No. 23-10366 (JTD) (Bankr. D. Del. Mar. 29, 2023); *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr D. Del. June 9, 2021); *In re Town Sports Int'l, LLC*, No. 20-12168 (CSS) (Bankr D. Del. Sept. 14, 2020).[7]

23.     Moreover, the Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim that would cause expense and delay in the claims process for all parties.  Additionally, the proposed use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to whether and how their claims are reflected in the Debtors' Schedules. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases (such as in the event of contract rejections).

## IX.     The Proposed Notice Procedures Are Reasonable and Appropriate.

24.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Additionally, Bankruptcy Rule 2002(*l*) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice.  Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

---

[7]     Because of the voluminous nature of the orders cited herein, individual orders have not been attached to this motion.  Copies of these orders are available upon request to the Debtors' proposed counsel.

25.     In conjunction with setting deadlines to file proofs of claim, the Debtors must give appropriate notice to interested parties.  The Debtors propose to mail the Bar Date Notice to their known creditors and, thus, must rely on publication to give notice to its unknown creditors.  This procedure is consistent with applicable case law and practice in this district.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346 (3d Cir. 1995).   To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  *Chemetron*, 72 F.3d at 346.  As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date.  For unknown creditors, notification by publication will generally suffice."  *Id.* (citations omitted).  A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor."  *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).  An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  *Id.* (citing *Mullane*, 339 U.S. at 317).

26.     Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim.  A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts."  *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983).   But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process."  *See Mullane*, 339 U.S. at 317–18.  Rather, the required search is limited to a debtor's "books and records."  *See, e.g.*, *Chemetron*, 72 F.3d at 347.

27.     In addition, requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a proof of claim on or before the General Bar Date

will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting section 503(b)(9) claims appropriate and adequate notice.  Moreover, this approach facilitates a more cost-effective and efficient claims process for such creditors and, by obviating the need for the Debtors to file a response to individual administrative expense requests, helps conserve estate resources to the benefit of the Debtors' creditors.[8]

28.     The Debtors submit that requiring parties to assert section 503(b)(9) claims by proof of claim on or before the General Bar Date is justified and warranted under the circumstances of these chapter 11 cases.  Indeed, courts in this district routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code.  *See, e.g.*, *In re PGX Holdings, Inc.*, Case No. 23-10718 (CTG) (Bankr. D. Del. Jun. 4, 2023); *In re SiO2 Medical Prods. Inc.*, Case No. 23-10366 (JTD) (Bankr. D. Del. Mar. 29, 2023); *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr D. Del. June 9, 2021); *In re Town Sports Int'l, LLC*, No. 20-12168 (CSS) (Bankr D. Del. Sept. 14, 2020); *In re Extraction Oil and Gas, Inc.*, No. 20-11548 (CSS) (Bankr D. Del. June 14, 2020).[9]

29.     The Debtors submit that the relief requested herein provides clear notice of the General Bar Date, the Governmental Bar Date, and other Bar Dates as set forth herein in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code.  Specifically, to the extent the General Bar Date is established as proposed, the Debtors intend to cause the Bar Date Notice to be mailed no later than five (5) business days after the later of (i) the date the Debtors file their Schedules with this Court or (ii)

---

[8]     For the avoidance of doubt, parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment pursuant to section 503(a) of the Bankruptcy Code or as otherwise specified by order of the Court.

[9]     Because of the voluminous nature of the orders cited herein, individual orders have not been attached to this motion.  Copies of these orders are available upon request to the Debtors' proposed counsel.

entry of the Bar Date Order. Additionally, the Debtors will cause the Publication Notice to be published by a date that is at least twenty-one days before the General Bar Date. Thus, by establishing the Bar Date pursuant to the provisions hereof, all claimants will have at least twenty-one days' actual or constructive notice of the Bar Date for filing its proof of claim, thereby satisfying Bankruptcy Rule 2002(a)(7). Additionally, because the Debtors expect to file their Schedules by September 11, 2023, known creditors will have ample time to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file proofs of claim, if necessary.

30.    In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no less than twenty-one days from the notice date to file proofs of claim with respect to their claims. Moreover, unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of (i) the General Bar Date, (ii) thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.

31.    The procedures and notice periods described herein afford creditors ample opportunity to review the Schedules and file proofs of claim while, at the same time, ensuring that the Debtors can achieve certainty with respect to its liabilities in a timely manner. In fact, the entry of orders granting relief similar to that requested herein is routinely approved in large chapter 11 cases in this district. *See, e.g.*, *In re PGX Holdings, Inc.*, Case No. 23-10718 (CTG) (Bankr. D. Del. Jun. 4, 2023); *In re SiO2 Medical Prods. Inc.*, Case No. 23-10366 (JTD) (Bankr. D. Del. Mar.

29, 2023);; *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr D. Del. June 9, 2021); *In re Town Sports International, LLC*, No. 20-12168 (CSS) (Bankr D. Del. Sept. 14, 2020); *In re Extraction Oil and Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. June 14, 2020).

32.    Accordingly, the Debtors submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## Notice

33.    The Debtors will provide notice of this motion to:  (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as proposed counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto; (i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent, and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

34.    No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  August 31, 2023
Wilmington, Delaware

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com
                pkeane@pszjlaw.com
                ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                david.seligman@kirkland.com
                whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          allyson.smith@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*