**<u>EXHIBIT A</u>**

**Proposed Bar Date Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. __** |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS**
**OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER**
**SECTION 503(B)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR**
**DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF**
**AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(B)(9)**
**REQUESTS, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order"), (a) establishing deadlines for

filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy

Code, in these chapter 11 cases, (b) establishing the Amended Schedules Bar Date and the

Rejection Damages Bar Date, (c) approving the form of and manner for filing proofs of claim,

including any section 503(b)(9) requests for payment, and (d) approving the form and manner of

notice of the Bar Dates all as more fully set forth in the Motion; and the district court having

jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157

pursuant to the *Amended Standing Order* of Reference from the United States District Court for

the District of Delaware, dated February 29, 2012; and this Court having found that this is a core

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal
place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400,
Overland Park, Kansas 66211.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may

enter a final order consistent with Article III of the United States Constitution; and this Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this

Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the

Motion were appropriate and no other notice need be provided; and this Court having reviewed

the Motion and having heard the statements in support of the relief requested therein at a hearing

before this Court (the "Hearing"); and this Court having determined that the legal and factual bases

set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and

upon all of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

**I.      The Proof of Claim Form**

2.      The Proof of Claim Form, substantially in the form attached hereto as **Exhibit 1**, is

approved. The Debtors may accept the Proof of Claim Form or Official Form 410 via either

hardcopy or the Online Portal, subject only to limitations set forth in this Order.

**II.     The Bar Dates and Procedures for Filing Proofs of Claim**

3.      Each entity[3] that asserts a claim against the Debtors that arose before the

Petition Date shall be required to file an original, proof of claim, substantially in the form attached

---

[3]     Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall
have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim"
has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given
to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in
section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41)
of the Bankruptcy Code.

hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]  Specifically, the following

bar dates ("Bar Date" or "Bar Dates," as applicable) are established:

a.      Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, must be filed so that they are ***actually received*** **on or before** ***October 31, 2023 at 11:59 p.m.***, prevailing Eastern Time (the "General Bar Date"), at the addresses and in the form set forth herein.  The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases, except for claims specifically exempt from complying with the applicable Bar Dates as set forth in the Motion or this Order.

b.      All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such proofs of claim so they are ***actually received*** **on or before** ***February 5, 2024 at 11:59 p.m.***, prevailing Eastern Time (the "Governmental Bar Date"), at the addresses and in the form set forth herein.

c.      If the Debtors amend or supplement the Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (b) 11:59 p.m. prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

---

[4]   Copies of Official Form 410 may be obtained by:  (a) visiting Epiq's secure online portal at https://dm.epiq11.com/YellowCorporation; (b) calling the Debtors' restructuring hotline at:  866-641-1076 (U.S. & Canada) or 1-503-461-4134 (International); or (c) writing (i) via first class mail, to Yellow Corporation Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076, or (ii) via email to: YellowCorporationInfo@epiqglobal.com with a reference to "Yellow Corporation" in the subject line; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

      d.      Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (i) the General Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date").

4.      All proofs of claim must be filed so as to be actually received by Epiq Corporate Restructuring, LLC ("Epiq"), the notice and claims agent retained in these chapter 11 cases, on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein). If proofs of claim are not received by Epiq on or before the Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

## III.  Parties Required to File Proofs of Claim

5.      Except as otherwise set forth herein, the following entities holding claims against the Debtors arising before the Petition Date are required to file proofs of claim on or before the applicable Bar Date:

      a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

      b.      any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

      c.      any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.      any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## IV.    Parties Exempted from the Bar Date

6.      The following entities whose claims otherwise would be subject to the General Bar Date need not file proofs of claim:

a.      any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 410;

b.      any entity whose claim is listed on the Schedules if:  (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any entity whose claim has previously been allowed by order of the Court;

d.      any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.      any Debtor having a claim against another Debtor;

f.      any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.      any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[5]

h.      a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a

---

[5] The Debtors reserve all rights regarding any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.      any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.      any entity holding a claim for which a separate deadline is fixed by this Court;

k.      any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

l.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 cases, including, without limitation, (i) the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 302] and any final order approving postpetition financing (collectively, the "DIP Orders") and (ii) the *Interim UST Cash Collateral and Adequate Protection Order (I) Authorizing the Debtors to (A) Use UST Cash Collateral and All Other Prepetition UST Collateral, (II ) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 303] and any final order approving the use of cash collateral (collectively, the "UST Cash Collateral Orders").

## V.    Substantive Requirements of Proofs of Claim

7.      The following requirements shall apply with respect to filing and preparing each

proof of claim:

a.      Contents.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be

signed by the claimant or by an authorized agent or legal representative of the claimant.

b.  <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days before the Petition Date;  (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.  <u>Original Signatures Required</u>.  Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal available at https://dm.epiq11.com/YellowCorporation) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.  <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Yellow Corporation.

e.  <u>Claim Against Multiple Debtor Entities</u>.  Except as otherwise provided in the DIP Orders and the UST Cash Collateral Orders, each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.  <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than ten days from the date of such request.

g.  <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***actually*** ***received*** by Epiq on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by: (i) electronically through the Online Portal at https://dm.epiq11.com/YellowCorporation under "Case Actions" and by clicking on "File a claim," or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail to:**

**Yellow Corporation Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4421**
**Beaverton, OR 97076-4421**

**If by Overnight Courier or Hand Delivery:**

**Yellow Corporation Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h. <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii) a self-addressed, stamped envelope.

## VI.    Identification of Known Creditors

8.    The Debtors shall mail notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

## VII.    Procedures for Providing Notice of the Bar Date

### A.    Mailing of Bar Date Notices

9.    The Bar Date Notice, substantially in the form attached hereto as **Exhibit 2** is approved.

10.    No later than five (5) business days after the later of (i) the date the Debtors file their Schedules with this Court or (ii) entry of the Bar Date Order, the Debtors shall cause the Bar Date Notice and the Proof of Claim Form (collectively, the "<u>Bar Date Package</u>") to be mailed via first class mail to the following entities:

a.      the U.S. Trustee;

b.      the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis);

c.      counsel to the Committee;

d.      counsel to the Junior DIP Lender;

e.      counsel to the Junior DIP Agent;

f.      counsel to the B-2 Lenders;

g.      counsel to the B-2 Agent;

h.      counsel to the Prepetition ABL Agent;

i.      counsel to the administrative and collateral agents under the UST Credit Agreements;

j.      the United States Department of Justice;

k.      counsel to the United States Department of the Treasury;

l.      all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

m.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

n.      all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

o.      all known non-Debtor equity and interest holders of the Debtors as of the date of the Bar Date Order;

p.      all entities that are party to executory contracts and unexpired leases with the Debtors;

q.      all entities that are party to litigation with the Debtors;

r.      all current employees and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

s.      the U.S. Attorney's Office for the District of Delaware;

t.      the office of the attorney general for each state in which the Debtors maintain or conduct business;

u.      the Internal Revenue Service;

v.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

w.      the U.S. Securities and Exchange Commission.

11.     The Debtors shall, to the extent able, provide all known creditors listed in the Debtors' Schedules with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules, including, without limitation: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  Additionally, any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 410.

12.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion and after consultation with the Committee, make supplemental mailings of notices or packages, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**B.**    **Publication of Bar Date Notice**

13.    The Publication Notice, substantially in the form attached hereto as **Exhibit 3**, is approved.

14.    The Debtors shall cause the Publication Notice to be published on one occasion in *USA Today* and *Transport Topics,* on or before twenty-one days before the General Bar Date. The Debtors are also authorized, but not directed, to publish the Bar Date Notice at such times and in such local publications of general circulation in certain areas where the Debtors have conducted operations, as the Debtors shall determine in their sole discretion.  For the avoidance of doubt, the Debtors are authorized, but not directed, to post the Publication Notice to their official company websites and social media platforms, as the Debtors shall determine in their sole discretion.

15.    The Publication Notice shall satisfy the notice requirements for creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.

**VIII.    Consequences of Failure to File a Proof of Claim**

16.    Any entity who is required, but fails, to file a proof of claim pursuant to the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, and will not receive further notices regarding such claim.

17.    Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice to known and unknown creditors of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## IX.    Miscellaneous

18.    The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order in accordance with the Motion.

19.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

20.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

21.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

# EXHIBIT 1

**Proof of Claim Form**

## United States Bankruptcy Court, District of Delaware

| Fill in this information to identify the case (Select only one Debtor per claim form): | | |
|---|---|---|
| ☐ Yellow Corporation (Case No. 23-11069) | ☐ 1105481 Ontario Inc. (Case No. 23-11070) | ☐ Express Lane Services, Inc. (Case No. 23-11071) |
| ☐ New Penn Motor Express LLC (Case No. 23-11072) | ☐ Roadway Express International, Inc. (Case No. 23-11073) | ☐ Roadway LLC (Case No. 23-11074) |
| ☐ Roadway Next Day Corporation (Case No. 23-11075) | ☐ USF Bestway Inc. (Case No. 23-11076) | ☐ USF Dugan Inc. (Case No. 23-11077) |
| ☐ USF Holland International Sales Corporation (Case No. 23-11078) | ☐ USF Holland LLC (Case No. 23-11079) | ☐ USF RedStar LLC (Case No. 23-11080) |
| ☐ USF Reddaway Inc. (Case No. 23-11081) | ☐ Yellow Freight Corporation (Case No. 23-11082) | ☐ Yellow Logistics, Inc. (Case No. 23-11083) |
| ☐ YRC Association Solutions, Inc. (Case No. 23-11084) | ☐ YRC Enterprise Services, Inc. (Case No. 23-11085) | ☐ YRC Freight Canada Company (Case No. 23-11086) |
| ☐ YRC Inc. (Case No. 23-11087) | ☐ YRC International Investments, Inc. (Case No. 23-11088) | ☐ YRC Logistics Inc. (Case No. 23-11089) |
| ☐ YRC Logistics Services, Inc. (Case No. 23-11090) | ☐ YRC Mortgages, LLC (Case No. 23-11091) | ☐ YRC Regional Transportation, Inc. (Case No. 23-11092) |

**United States Bankruptcy Court for the District of Delaware**
**Yellow Corporation Claims Processing Center**
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To submit your form online please go to
https://epiqworkflow.com/cases/YRC

| | |
|---|---|
| ☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below. | **For Court Use Only** |

# Proof of Claim (Modified Official Form 410)

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**   ☐ No   ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) | **4. Does this claim amend one already filed?** |
|---|---|---|
| _____<br>Name | _____<br>Name | ☐ No<br><br>☐ Yes.   Claim number on court claims register (if known) _____<br><br>Filed on _____<br>      MM  / DD  / YYYY |
| _____<br>Number      Street | _____<br>Number      Street | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
| _____<br>City            State        ZIP Code | _____<br>City            State        ZIP Code | ☐ No<br><br>☐ Yes.  Who made the earlier filing? |
| Country (if International): _____ | Country (if International): _____ | |
| Contact phone: _____ | Contact phone: _____ | _____ |
| Contact email: _____ | Contact email: _____ | |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| **6. Do you have any number you use to identify the debtor?** | **7. How much is the claim?** | **8. What is the basis of the claim?** |
|---|---|---|
| ☐ No<br><br>☐ Yes.<br>Last 4 digits of the debtor's account or any number you use to identify the debtor:<br><br>____ ____ ____ ____ | $_____ .<br><br>**Does this amount include interest or other charges?**<br><br>☐ No<br><br>☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                     $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed   ☐ Variable

---

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

---

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes.  Identify the property:

_____

---

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

*  Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes

**Indicate the amount of your claim arising from the value of any goods received by the Debtors within 20 days before the date of commencement of the above case, where the goods have been sold to the Debtors in the ordinary course of its business. Attach documentation supporting such claim.**

$_____

---

**Part 3:   Sign Below**

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____              _____

MM / DD / YYYY          Signature

**Print the name of the person who is completing and signing this claim:**

Name _____

First name          Middle name          Last name

Title _____

Company _____

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____

Number          Street

_____

City          State          ZIP Code

Contact Phone _____   Email _____

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- Fill in all of the information about the claim as of the date the case was filed.
- **Fill in the caption at the top of the form.** The full list of debtors is provided with this form and also under the Debtors section on the Claims Agent's website: https://dm.epiq11.com/YellowCorporation.
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.**  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.) Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt.  In addition to the documents, a summary may be added.  Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information.  Leave out or redact confidential information both in the claim and in the attached documents.**
- A *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.**  See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.**  For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State).*  See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (https://dm.epiq11.com/YellowCorporation) to view your filed form under the "Claims" tab.

---

### Where to File Proof of Claim Form

**First-Class Mail:**
Yellow Corporation Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
PO Box 4421
Beaverton, OR 97076-4421

**Hand Delivery or Overnight Mail:**
Yellow Corporation Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

**Electronic Filing**:
By accessing the Online Portal (e-filing) "File a Claim" link at
https://dm.epiq11.com/YellowCorporation under "Case Actions."

---

## Understand the terms used in this form

**Administrative expense**: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.  11 U.S.C. § 503.

**Claim**: A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy.  11 U.S.C. §101 (5).  A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9)**: A claim for the value of any goods that were sold to the Debtors in the ordinary course of its business **and** were received by the Debtors within 20 days before the date of commencement of the above case. Attach documentation supporting such claim.

**Creditor**: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy.  11 U.S.C. §101 (10).

**Debtor**: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection**: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy**: A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim**: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim**: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information**: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a)**: A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff**: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier**: An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim**: A claim that does not meet the requirements of a secured claim.  A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.

**<u>EXHIBIT 2</u>**

**Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF DEADLINES FOR THE FILING OF
## PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
## PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Yellow Corporation | 23-11069 |
| 1105481 Ontario Inc. | 23-11070 |
| Express Lane Services, Inc. | 23-11071 |
| New Penn Motor Express LLC | 23-11072 |
| Roadway Express International, Inc. | 23-11073 |
| Roadway LLC | 23-11074 |
| Roadway Next Day Corporation | 23-11075 |
| USF Bestway Inc. | 23-11076 |
| USF Dugan Inc. | 23-11077 |
| USF Holland International Sales Corporation | 23-11078 |
| USF Holland LLC | 23-11079 |
| USF RedStar LLC | 23-11080 |
| USF Reddaway Inc. | 23-11081 |
| Yellow Freight Corporation | 23-11082 |
| Yellow Logistics, Inc. | 23-11083 |
| Yellow Association Solutions, Inc. | 23-11084 |
| YRC Enterprise Services, Inc. | 23-11085 |
| YRC Freight Canada Company | 23-11086 |
| YRC Inc. | 23-11087 |
| YRC International Investments, Inc. | 23-11088 |
| YRC Logistics Inc. | 23-11089 |

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

| YRC Logistics Services, Inc. | 23-11090 |
| YRC Mortgages, LLC | 23-11091 |
| YRC Regional Transportation, Inc. | 23-11092 |

**PLEASE TAKE NOTICE THAT:**

On August 6, 2023 (the "Petition Date"), Yellow Corporation and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On [_____], 2023 the Court entered an order [Docket No. [__]] the ("Bar Date Order")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code.

For your convenience, enclosed with this notice (this "Bar Date Notice") is a proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and pursuant to section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**I.      THE BAR DATES**

The Bar Date Order establishes the following bar dates for filing proofs of claim in these chapter 11 cases.

---

[2]     A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").

a.      *The General Bar Date*.  Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen before the commencement of these cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9), are required to file proofs of claim by the General Bar Date so that such proofs of claim are actually received by the Debtors' notice and claims agent, Epiq Corporate Restructuring, LLC ("Epiq") by the General Bar Date, (i.e., by *October 31, 2023 at 11:59 p.m.*, prevailing Eastern Time)**.  The General Bar Date applies to all types of claims against the Debtors that arose before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

b.      *The Governmental Bar Date*.  Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by the Governmental Bar Date (i.e., by *February 5, 2024 at 11:59 p.m.*, prevailing Eastern Time)**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors are required to file proofs of claim so that such proofs of claim are actually received by Epiq by the Governmental Bar Date.

c.      *Amended Schedules Bar Date*.  If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if so chooses, is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment to the Schedules.

d.      *Rejection Damages Bar Date*.  In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the bar date for filing a Proof of Claim based on the Debtors' rejection of such contract or lease shall be the later of (i) the General Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the

date that is thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.  All entities holding such claims against the Debtors would be required to file proofs of claim so that such proofs are actually received by Epiq by the applicable Rejection Damages Bar Date.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date **must** file proofs of claim on or before the General Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

a.    any entity whose claim against a Debtor is **not** listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.    any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file proofs of claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need **not** file proofs of claims:

a.    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Epiq in a form substantially similar to Official Form 410;

b.    any entity whose claim is listed on the Schedules if:  (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such

entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.     any entity whose claim has previously been allowed by order of the Court;

d.     any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.     any Debtor having a claim against another Debtor;

f.     any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.     any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[3]

h.     a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.     any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

j.     any entity holding a claim for which a separate deadline is fixed by this Court;

k.     any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such

---

[3]    The Debtors reserve all rights regarding any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

claims by filing a request for payment or a proof of claim on or prior to the General Bar Date; and

l.  any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 cases, including, without limitation, (i) the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 302] and any final order approving postpetition financing (collectively, the "DIP Orders") and (ii) the *Interim UST Cash Collateral and Adequate Protection Order (I) Authorizing the Debtors to (A) Use UST Cash Collateral and All Other Prepetition UST Collateral, (II ) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 303] and any final order approving the use of cash collateral (collectively, the "UST Cash Collateral Orders").

## IV.   INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

a.  Contents.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.  Section 503(b)(9) Claim.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.  Original Signatures Required.  Only *original* proofs of claim (whether submitted by hard copy or through the Online Portal available at https://dm.epiq11.com/YellowCorporation) will be deemed acceptable for purposes of claims administration.  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.   <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Yellow Corporation

e.   <u>Claim Against Multiple Debtor Entities</u>.  Except as otherwise provided in the DIP Orders and the UST Cash Collateral Orders, each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.   <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than ten days from the date of such request.

g.   <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***<u>actually</u>*** ***<u>received</u>*** by Epiq on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by (i) electronically through the Online Portal at https://dm.epiq11.com/YellowCorporation under "Case Actions" and by clicking on "File a Claim," or (ii) U.S. Mail, overnight mail, or other hand delivery system at the following address:

**By First Class Mail to:**

**Yellow Corporation Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4421**
**Beaverton, OR 97076-4421**

**If by Overnight Courier or Hand Delivery:**

**Yellow Corporation Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.    <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Epiq must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Epiq) and (ii) a self-addressed, stamped envelope.

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and pursuant to Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

a.    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

b.    YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need ***not*** file a proof of claim.  Otherwise, or if you decide to file a proof of

claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.  ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on Epiq's website at https://dm.epiq11.com/YellowCorporation.  The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq Corporate Restructuring, LLC, by calling the Debtors' restructuring hotline at:  866-641-1076 (U.S. & Canada) or 1-503-461-4134 (International), or writing (i) via first class mail, to Yellow Corporation Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421, or (ii) via email to: YellowCorporationInfo@epiqglobal.com with a reference to "Yellow Corporation" in the subject line.

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

*[Remainder of page intentionally left blank]*

**EXHIBIT 3**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF
PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENTS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

---

**THE GENERAL BAR DATE IS OCTOBER 31, 2023 AT 11:59 P.M. (PREVAILING
EASTERN TIME)**

**THE GOVERNMENTAL BAR DATE IS FEBRUARY 5, 2024 AT 11:59 P.M.
(PREVAILING EASTERN TIME)**

**THE AMENDED SCHEDULES BAR DATE IS AS DEFINED HEREIN**

**THE REJECTION DAMAGES BAR DATE IS AS DEFINED HEREIN**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    **Deadlines for Filing Proofs of Claim**.  On [_____] 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [____]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

| DEBTOR | CASE NO. |
|---|---|
| Yellow Corporation | 23-11069 |
| 1105481 Ontario Inc. | 23-11070 |
| Express Lane Services, Inc. | 23-11071 |
| New Penn Motor Express LLC | 23-11072 |
| Roadway Express International, Inc. | 23-11073 |
| Roadway LLC | 23-11074 |
| Roadway Next Day Corporation | 23-11075 |
| USF Bestway Inc. | 23-11076 |
| USF Dugan Inc. | 23-11077 |
| USF Holland International Sales Corporation | 23-11078 |
| USF Holland LLC | 23-11079 |
| USF RedStar LLC | 23-11080 |
| USF Reddaway Inc. | 23-11081 |
| Yellow Freight Corporation | 23-11082 |
| Yellow Logistics, Inc. | 23-11083 |
| Yellow Association Solutions, Inc. | 23-11084 |
| YRC Enterprise Services, Inc. | 23-11085 |
| YRC Freight Canada Company | 23-11086 |
| YRC Inc. | 23-11087 |
| YRC International Investments, Inc. | 23-11088 |
| YRC Logistics Inc. | 23-11089 |
| YRC Logistics Services, Inc. | 23-11090 |
| YRC Mortgages, LLC | 23-11091 |
| YRC Regional Transportation, Inc. | 23-11092 |

**The Bar Dates**.  Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, estates, and trusts who have a claim or potential claim against the Debtors that arose before August 6, 2023 (the "Petition Date"), no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before *October 31, 2023 at 11:59 p.m.*, prevailing Eastern Time (the "General Bar Date").  Governmental entities who have a claim or potential claim against the Debtors that arose before the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before *February 5, 2024 at 11:59 p.m.*, prevailing Eastern Time (the "Governmental Bar Date").  All entities who have a claim or potential claim against the Debtors based on any amendment by the Debtors of their Schedules, no matter how remote or contingent such right to payment or equitable remedy may be, if they so choose, MUST FILE A PROOF OF CLAIM on the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment (the "Amended Schedules Bar Date").  All entities who have a claim or potential claim against the Debtors based on the Debtors' rejection of an executory contract or unexpired lease, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on the later of (i) the General Bar Date, (ii) thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the

Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Claim Bar Date").

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, ON OR BEFORE THE APPLICABLE BAR DATE SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

**Filing a Proof of Claim**. Each proof of claim must be filed, including supporting documentation, so as to be ***actually received*** by the Debtors' notice and claims agent, Epiq, on or before the applicable Bar Date, either: (i) electronically through the Online Portal available at https://dm.epiq11.com/YellowCorporation under "Case Actions" and by clicking on "File a Claim" or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail to:**

**Yellow Corporation Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4421**
**Beaverton, OR 97076-4421**

**If by Overnight Courier or Hand Delivery:**

**Yellow Corporation Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**10300 SW Allen Blvd.**
**Beaverton, OR 97005**

**Contents of Proofs of Claim**. Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 5:00 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) clearly identify the Debtor against which the claim is asserted (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include as attachments any and all supporting documentation on which the claim is based. ***Please note*** that each proof of claim must state a claim against only one Debtor and clearly indicate the specific Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against Yellow Corporation.

**Section 503(b)(9) Requests for Payment**. Any proof of claim and/or priority asserting a claim arising under section 503(b)(9) of the Bankruptcy Code must also (i) include the value of the goods delivered to and received by the Debtors in the twenty days before the Petition Date; (ii) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

3

**Additional Information**.  If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Epiq, by calling the Debtors' restructuring hotline at:  866-641-1076 (U.S. & Canada) or 1-503-461-4134 (International), or writing (i) via first class mail, to Yellow Corporation Claims Processing Center, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4421, Beaverton, OR 97076-4421, or (ii) via email to: YellowCorporationInfo@epiqglobal.com with a reference to "Yellow Corporation" in the subject line.  ***Please note*** that Epiq Corporate Restructuring, LLC ***cannot*** offer legal advice or advise whether you should file a proof of claim.

*[Remainder of page intentionally left blank]*