# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | ) | **CASE NO. 23-11069-CTG** |
| | ) | |
| | ) | **(Jointly Administered)** |
| **YELLOW CORPORATION, et al.,** | ) | |
| | ) | **CHAPTER 11** |
| Debtors. | ) | |
| | ) | |
| | ) | |

## MOTION FOR RELIEF FROM STAY

Now comes the Petitioner, Derrick Drew, by and through counsel, and hereby respectfully moves this Court, pursuant to Rules 4001(a)(1) and 9013 Federal Rules of Bankruptcy Procedure (FRBP) for an Order for Relief from Automatic Stay granted to the Debtors pursuant to 11 U.S.C. §362. The reasons for granting relief from stay are more fully set forth in the accompanying memorandum attached hereto.

                 Respectfully submitted:

                 **JACOBS & CRUMPLAR, P.A.**

                 /s/ Raeann Warner
                 Raeann Warner, Esq. (DE 4931)
                 750 Shipyard Drive, Suite 200
                 Wilmington, DE  19801
                 (t) (302) 656-5445
                 *Attorney for Plaintiff*

**MEMORANDUM**

**FACTS RELEVANT TO THE WITHIN MOTION**

On May 3, 2021, Petitioner Derrick Drew drove a 1985 Chevrolet Caprice westbound on 75th Street in Kansas City, Missouri. Simultaneously, Andrewson Belcher drove a 2000 Volvo DL Tractor-Trailer also traveling westbound on 75th Street near Petitioner. As Belcher, who was in the left lane, entered a green light intersection he attempted to turn right across traffic but struck Petitioner's vehicle which was properly traveling in the right lane of 75th Street.

Mr. Belcher was in the course and scope of his employment and/or agency with YRC Inc. d/b/a YRC Freight at the time of the subject collision. Mr. Belcher failed to exercise the highest degree of care in operating the YRC Tractor-Trailer and was negligent in a number of respects. Most notably, by making a right turn from an improper lane and striking Petitioner's vehicle. Not only is YRC vicariously liable for the negligence of Mr. Belcher, but it also failed to use ordinary care in its training of Mr. Belcher and/or its allowing of Mr. Belcher to operate a Tractor-Trailer on its behalf.

On March 29, 2023, Petitioner commenced an action in the District Court of Wyandotte County, Kansas therein captioned *Derrick Drew v. YRC Inc. d/b/a YRC Freight and Andrewson Belcher*, Case No.2023-CV-000215 (see Petition Attached as Exhibit A). Petitioner prayed for compensatory damages in excess of $75,000.

On or around August 7, 2023, counsel for Plaintiff in the Kansas case found out that Yellow Corporation had filed for bankruptcy along with many of its subsidiaries, including YRC Inc. Debtors moved for joint administration of Yellow Corporation's bankruptcy with many of its subsidiaries, including YRC Inc. This was confirmed when on August 17, 2023, counsel for YRC Inc. filed a suggestion of bankruptcy in Case No.2023-CV-000215.

Petitioner now comes before this Court requesting relief from the automatic stay protections of 11 U.S.C. §362 such that his claims against the Debtors in Case No. 2023-CV-000215 might proceed

forward. Through discovery in Case No. 2023-CV-000215, YRC Inc. has represented that it has liability insurance of at least $6,000,000.00 through Old Republic Insurance Company that is applicable to Petitioner's claims against YRC Inc. and Mr. Belcher in Case No. 2023-CV-000215. This $6,000,000.00 is represented to be the first layer of coverage applicable to Petitioner's claims and any umbrella or excess policies have not yet been disclosed. Permitting Petitioner's State Court civil lawsuit for injuries to proceed forward, where the Debtors' insurer(ers) is required to defend and indemnify the Debtors, will in no way affect or cause detriment to the Debtors' bankruptcy estate for which the protections of 11 U.S.C. §362 apply. The Petitioner represents to the Court that any recovery from Case No. 2023-CV-000215 will be limited to the amount of available insurance proceeds, including not just the first $6,000,000.00 layer of coverage disclosed so far, but also any applicable excess, umbrella, or other policies that are identified subsequently through discovery or other means.

Under 11 U.S.C. §362(d)(1), the automatic stay imposed after filing for bankruptcy can be lifted, so long as an interested party can demonstrate "cause."

A bankruptcy court must decide what constitutes "cause" to lift the automatic stay on a case by case basis. *In the Matter of Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) ("*Rexene Products*"). This Court relies upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation: (1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and (3) the creditor's probability of success on the merits. *See In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009). To establish cause, Movants must show that the "balance of hardships from not obtaining relief tips significantly in [their] favor." *Atl. Marine, Inc. v. Am. Classic Voyages, Co.* (*In re Am. Classic Voyages, Co.*), 298 B.R. 222, 225 (D. Del. 2003)

(internal citation omitted). Here, the facts weigh heavily in Movant's favor on each of these three prongs.

In the instant petition, civil suit for injuries was initiated <u>prior</u> to the Debtors seeking bankruptcy protection and the automatic stay of §362. Currently, Petitioner's state court action for injuries and damages as to these Debtors has been stayed.

As mentioned above, YRC Inc. represented in discovery for Case No. 2023-CV-000215 that it has liability insurance of at least $6,000,000.00 applicable to Petitioner's claims against it and Mr. Belcher with potentially even more coverage than that. Upon reasonable belief and information, the Debtors' liability insurer(ers) will defend, pay court costs and indemnify Petitioner's claims and the Debtors' bankruptcy estate assets will in no way be pursued or dissipated by permitting the subject state court civil claim to proceed.

From the foregoing reasons, Petitioner respectfully moves this Court to grant his request for relief from stay such that Petitioner's state court action against the Debtors may be permitted to continue forward with the lifting of the automatic stay of 11 U.S.C. §362.

Date: <u>September 1, 2023</u>                                          Respectfully submitted:

                                                      **JACOBS & CRUMPLAR, P.A.**

                                                      <u>/s/ Raeann Warner</u>
Raeann Warner, Esq. (DE 4931)
750 Shipyard Drive, Suite 200
Wilmington, DE 19801
(t) (302) 656-5445
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2023 a copy of the foregoing Motion for Relief from Stay was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties can access this document through the Court's system.

**JACOBS & CRUMPLAR, P.A.**

　/s/ Raeann Warner
Raeann Warner, Esq. (DE 4931)
750 Shipyard Drive, Suite 200
Wilmington, DE  19801
(t) (302) 656-5445
*Attorney for Plaintiff*