**EXHIBIT A**

**Third Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket Nos. 20, 173, 309 |

**THIRD INTERIM ORDER
(I) AUTHORIZING THE DEBTORS TO
(A) PAY PREPETITION WAGES, SALARIES, OTHER
COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) pay all prepetition wages, salaries, other compensation, and Reimbursable Expenses on account of the Compensation and Benefits Programs and (ii) continue to administer the Compensation and Benefits Programs in the ordinary course, including payment of prepetition obligations related thereto on an interim basis; (b) scheduling a final hearing to consider approval of the Motion on a final basis; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on September 15, 2023, at 11:30 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on August 31, 2023 and shall be served on: (a) the Debtors, Yellow Corporation, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.: General Counsel; (b) proposed counsel to the Debtors (i) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Whitney Fogelberg (whitney.fogelberg@kirkland.com) (ii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com); and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma

(ecorma@pszjlaw.com); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy (jane.m.leamy@usdoj.gov) and Richard Shepacarter (richard.shepacarter); and (d) proposed counsel to the Committee (i) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745 US, Attn: Philip C. Dublin (pdublin@akingump.com), Meredith A. Lahaie (mlahaie@akingump.com), and Kevin Zuzolo (kzuzolo@akingump.com) and (ii) proposed co-counsel to the Committee, Benesch Friedlander Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE, 19801, Attn: Jennifer R. Hoover (jhoover@beneschlaw.com) and Kevin M. Capuzzi (kcapuzzi@beneschlaw.com).

3. The Debtors are authorized, but not directed, to continue, modify, change, and discontinue the Compensation and Benefits Programs in the ordinary course during these chapter 11 cases and without the need for further Court approval, subject to applicable law, *provided* that the Debtors shall seek Court approval, upon a motion and notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code, *provided*, *further*, that except as expressly provided for otherwise herein, nothing in this Interim Order shall, without prior court approval, authorize the Debtors to (a) pay any amounts to insiders on account of any bonus, retention, severance, or incentive programs, or (b) pay any amounts on account of the Compensation and Benefits Programs outside the ordinary course.

4. The Debtors are authorized, but not directed, to pay and honor prepetition amounts outstanding under or related to the Compensation and Benefits Programs in the ordinary course not to exceed the amounts for the programs set forth in the table following this paragraph, pursuant to this Interim Order; *provided* that, pending entry of the Final Order, the Debtors shall not honor

any obligations on account of the Compensation and Benefits Programs obligations that exceed the Priority Claim Amount, if any; *provided*, *further*, that the Debtors are not authorized to pay any amounts accrued prepetition on account of the Non-Employee Director Fees or U.S. Severance Programs pursuant to this Interim Order, except as provided in paragraph 5 with respect to the U.S. Severance Programs.

| Prepetition Employee-Related Obligations | Amount Requested |
|---|---|
| **Compensation** | |
| Wages | $8,725,000 |
| Temporary Workers Fees | $450,000 |
| Deductions and Withholdings | $6,225,000 |
| Reimbursable Expenses | $375,000 |
| Collections Program | $55,000 |
| **Subtotal** | **$15,830,000** |
| **Benefits** | |
| Health Plans and Additional Employee Benefits | $8,680,000 |
| Paid Time Off and Other Leaves of Absence | - |
| **Subtotal** | **$8,680,000** |
| **Compensation and Benefits** | **$24,510,000** |

5. Notwithstanding anything to the contrary in this Interim Order, and in addition to the amounts set forth in the table above, the Debtors are authorized, but not directed, to: (a) pay, or remit with respect to applicable Withholding and Deduction Obligations, approximately $1,100,000 in the aggregate on account of the U.S. Severance Programs and Canadian Termination Obligations with respect to non-insider Employees terminated after the Petition Date; (b) pay approximately $800,000 on account of earned but unused PTO accrued prior to and after the Petition Date with respect to non-insider Employees terminated after the Petition Date; and (c) remit approximately $35,000 on account of the Withholding and Deduction Obligations for prepetition amounts withheld from Employees and Former Employees wages related to the cancelled employee stock purchase plan.

6. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Withholding and Deduction Obligations to the appropriate third-party recipients or taxing authorities in accordance with the Debtors' prepetition policies and practices.

7. The Debtors are authorized, but not directed, to (a) continue the Health Plans in the ordinary course, (b) continue making contributions to the Health Plans, and (c) pay any prepetition amounts related thereto, including on account of any premiums, claim amounts, and administration fees to the extent that they remain unpaid as of the Petition Date.

8. The Debtors are authorized, but not directed, to pay in the ordinary course any costs and expenses incidental to payment of the Compensation and Benefits Programs obligations, including the Unpaid Payroll Processing Fees and all administrative and processing costs in connection therewith.

9. The Debtors are authorized, but not directed, to: (a) make ordinary course postpetition payments, including any related fees, to Employees terminated after the Petition Date on behalf of obligations accrued postpetition, in connection with WARN Obligations, the COBRA Benefits, and Canadian Termination Obligations, as applicable; and (b) make postpetition payments, including any related fees, on account of obligations, if any, that accrued prepetition in connection with the COBRA Benefits, WARN Obligations, or Canadian Termination Obligations, in each case to the extent required pursuant to applicable law; *provided*, *however*, for the avoidance of doubt, that the WARN Obligations only encompass the noticing costs and administrative costs to be paid by the Debtors in connection therewith and not the payment of any amounts which may be owed to Employees or Former Employees.

10. The Debtors are authorized, but not directed, to continue to honor and pay PTO to Employees in the ordinary course on a postpetition basis, but until entry of the Final Order shall

not make any cash-out payments of Employees' earned but unused PTO with respect to Employees terminated after the Petition Date, except pursuant to paragraph 5 of this Interim Order, unless required by applicable non-bankruptcy law.

11. Nothing herein shall be deemed to authorize the payment of any amounts that violate or implicate section 503(c) of the Bankruptcy Code; *provided* that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code by separate motion at a later time.

12. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits Programs obligations.

13. Nothing contained in the Motion or this Interim Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Interim Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Interim Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

14. Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

15. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

16. The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

17. Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

18. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

21. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

22. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.