IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' APPLICATION PURSUANT TO SECTIONS
327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE FOR ENTRY
OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF KASOWITZ BENSON TORRES LLP, AS SPECIAL LITIGATION COUNSEL
TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors," and each, a "Debtor") hereby file this application (the "Application") for the entry of an order substantially in the form annexed hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 327(e), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to retain and employ Kasowitz Benson Torres LLP (the "Firm"), as special litigation counsel to the Debtors effective as of the Petition Date. In support of the Application, the Debtors rely upon and incorporate by reference the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure* (the "Statement"), attached hereto as **Exhibit B**, and the declaration of Marc E. Kasowitz (the "Kasowitz Declaration"), a copy of which is attached

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

hereto as **Exhibit C**.  In further support of the Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4. On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169].  The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S.

Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee").  No trustee or examiner has been appointed in these chapter 11 cases.

## RELIEF REQUESTED

5. By this Application, the Debtors seek the entry of the Proposed Order pursuant to sections 327(e), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, (a) authorizing the Debtors to employ and retain the Firm as special litigation counsel to the Debtors, effective as of the Petition Date, and (b) approving the terms and conditions under which the Debtors will retain and compensate the Firm for its services.

## BASIS FOR RELIEF

6. Section 327(e) of the Bankruptcy Code authorizes a debtor, with court approval, to retain "for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).  Clarifying this, section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."  11 U.S.C. § 1107(b).

7. Accordingly, retention of special counsel is permissible so long as: (a) the appointment is in the best interest of the debtor's estate, (b) counsel does not hold or represent an interest adverse to the estate with respect to the subject matter of its retention, and (c) the engagement does not amount to conducting the bankruptcy case for the debtor in possession. The Firm's retention as special litigation counsel falls squarely within the scope of section 327(e)

of the Bankruptcy Code. *See*, *e.g.*, *In re Enjoy Technology Inc.*, Case No. 22-10580 (JKS) (Bankr. D. Del. Aug. 9, 2022) (authorizing retention of special counsel under section 327(e) of the Bankruptcy Code); *In re Stimwave Technologies Incorporated.*, Case No. 22-10541 (KBO) (Bankr. D. Del. June 13, 2022) (same).

## SERVICES TO BE PROVIDED

**A.     The IBT Action**

8.     Most recently, and most critically, the Debtors employed and retained the Firm in connection with the International Brotherhood of Teamsters' (the "IBT" or the "Union") egregious breaches of Debtor Yellow Corporation's, and its direct and indirect subsidiaries' (collectively, "Yellow"), collective bargaining agreement, designed to block Yellow from completing "One Yellow."[2] (First Day Decl., ¶ 2.).  One Yellow was a vital strategic initiative that the IBT's general president Sean O'Brien and other Union senior leadership knew and understood was absolutely critical to Yellow's survival and future success (*Id.*)

9.     Accordingly, the Debtors engaged the Firm to prosecute a lawsuit against the IBT, its negotiating committee ("TNFINC"), and several local unions (the "Local Unions," and together with the IBT and TNFINC, the "IBT Defendants") for breaches of contract.  On June 27, 2023, the Firm commenced an action in the United States District Court for the District of Kansas (the "Kansas Court") against the IBT Defendants, on behalf of the following Debtors: Yellow Corporation, YRC Inc. (d/b/a YRC Freight), USF Holland LLC, New Penn Motor Express LLC, and USF Reddaway Inc. (collectively, the "IBT Plaintiffs"),

---

[2]     A more detailed description of the events leading to the commencement of the chapter 11 cases is provided in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions*, dated August 7, 2023 [Docket No. 14] (the "First Day Declaration," or "First Day Decl.").

Case No. 6:23-cv-01131-JAR-ADM (the "IBT Action"). All of the IBT Plaintiffs are Debtors in these chapter 11 cases.

10. The IBT Action is discussed in detail in the First Day Declaration. (*See* First Day Decl., ¶¶ 2-18, 88.) The IBT Plaintiffs believe they are entitled to a judgment against the IBT Defendants in the amount of at least $137.3 million, plus interest, costs, attorneys' fees and punitive damages. The IBT Plaintiffs' recovery would inure to the benefit of the Debtors' estates, which the Debtors expect to substantively consolidate.

11. Since commencing the IBT Action almost two months ago, the Firm has rendered substantial legal services to the IBT Plaintiffs in connection therewith. On July 19, 2023, the Firm filed the IBT Plaintiffs' first amended complaint, and sought a temporary restraining order and preliminary injunction (a) directing IBT and TNFINC to resume the mandatory grievance procedures of the collective bargaining agreement for One Yellow's "Phase 2" change of operations, and (b) enjoining the IBT Defendants from engaging in a strike, work stoppage, slow down, or interruption of work, until the mandatory grievance procedures had been given full play. On July 20, 2023, the IBT Defendants moved to dismiss the IBT Action. The next day, they objected to the IBT Plaintiffs' proposed injunctive relief, and the Kansas Court denied the relief. Thus, on July 23, 2023, the IBT Plaintiffs appealed to the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit"). On August 8, 2023, the Tenth Circuit dismissed the appeal. Briefing on the IBT Defendants' motions to dismiss the IBT Action has been stayed by the Kansas Court until it decides the IBT Plaintiffs' motion for an extension of time. The extension motion asked that briefing on the motions to dismiss be held in abeyance until the Kansas Court decides the IBT Plaintiffs' motion to transfer the IBT Action to the United States

District Court for the District of Delaware for automatic referral to this Court. The Firm has substantially completed the IBT Plaintiffs' briefs on the motions to dismiss.

**B.**     **Peak v. Yellow Corporation**

12.    On November 17, 2021, Jack Peak commenced an action in Ohio state court, which was later removed to the United States District Court for the Northern District of Ohio (*Jack Peak v. Yellow Corporation f/k/a YRC Worldwide, Inc.*, Case No.: 1:21-CV-02367) (the "Peak Action"). Peak's complaint alleges breach of contract, fraudulent inducement, and promissory estoppel against Yellow Corporation.

13.    In January 2022, the Firm began representing Yellow Corporation in this matter. On February 14, 2022, Jack Peak amended his complaint to add a claim for gender discrimination. On March 2, 2023, Yellow Corporation filed a motion to transfer venue to the United States District Court for the District of Kansas (Case No. 2:22-cv-02278), and on July 15, 2022, the court granted that motion. Discovery is ongoing. The parties exchanged rebuttal expert disclosures on August 4, 2023. Upcoming key dates and deadlines include: a mediation deadline of November 17, 2023; close of discovery on December 1, 2023; the pretrial order due on December 8, 2023; the final pretrial conference set for December 15, 2023; and the deadline for all dispositive motions on January 12, 2024.

**C.**     **Additional Pre-Petition Litigation**

14.    Additionally, prior to the Petition Date, the Firm served as counsel to certain Debtors in connection with numerous defensive litigation actions (collectively, the "Defensive Actions"), which are currently stayed by these chapter 11 cases as against the Debtors. The Firm will continue to represent the applicable defendant-Debtors in connection with the Defensive Actions, if and when they proceed.

\*\*\*

15. By this Application, the Debtors seek authority to retain the Firm to continue prosecuting the foregoing disputes, to wit: the IBT Action, Peak Action, and the other Defensive Actions (collectively, the "Pre-Petition Litigation") and any related issues that arise in connection therewith. The Debtors further seek authority to retain the Firm to represent them in such other discrete matters that they determine is appropriate and to the extent such matters arise during the pendency of the chapter 11 cases. It is the intention of the Debtors that the services to be performed by the Firm will not be duplicative of other professionals retained by the Debtors, but rather will ensure the most economic and effective means for the Debtors to prosecute the Pre-Petition Litigation. Specifically, Pachulski Stang Ziehl & Jones LLP, and Kirkland & Ellis LLP and Kirkland & Ellis International LLP, will serve as the Debtors' section 327(a) counsel, Goodmans LLP will serve as Canadian restructuring counsel, and the Firm will serve as litigation counsel. The Firm has discussed this division of responsibilities and believes it will avoid duplication of services.

16. The Firm has stated its desire and willingness to continue to act as special litigation counsel to the Debtors, and to render the necessary professional services required in connection therewith. Importantly, the retention and employment of the Firm as special litigation counsel would prevent the Debtors' estates from incurring the unnecessary cost of employing a new firm to prosecute the IBT Action, with which the Firm is already intimately familiar. Accordingly, the employment and retention of the Firm as special litigation counsel is in the best interest of the Debtors and their estates and creditors, and should be approved.

**PROFESSIONAL COMPENSATION**

17. The Firm intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines promulgated by the United States Trustee for the District of Delaware (the "U.S. Trustee"), including the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases*, dated June 11, 2013 (collectively, the "U.S. Trustee Guidelines"), and pursuant to any additional procedures that have been or may be established by the Court in these chapter 11 cases. The Firm's fees for professional services are based upon its hourly rates, which are periodically adjusted. The Firm's current range of standard hourly rates are: (a) $1,155 to $2,300 for partners, (b) $1,150 to $2,000 for special counsel, (c) $625 to $1,150 for associates, (d) $425 to $715 for staff attorneys, and (e) $310 to $595 for paralegals and legal staff. The current rates charged by the Firm are the same rates that the Firm charged for services immediately prior to the Petition Date. Additionally, prior to the Petition Date, the Firm provided the Debtors with a 15% discount on its rates. The Firm will continue such discount throughout the pendency of the chapter 11 cases.

18. The Firm will maintain records in support of any actual and necessary costs and expenses incurred in connection with the rendering of its services in these chapter 11 cases. Subject to application for and allowance by the Court, the Firm will receive reimbursement for reasonable and documented out-of-pocket expenses incurred in connection with the services rendered to the Debtors.

19. The Firm's hourly billing rates are subject to periodic adjustments to reflect economic and other conditions and generally are adjusted in January of each year. The Firm will

file a notice with the Court prior to any adjustment of its billing rates. For the avoidance of doubt, and as indicated above, the Firm will maintain the 15% discount that was in effect prior to the Petition Date.

20. The Firm's hourly billing rates for professionals are not intended to cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, the Firm regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including, *inter alia*, word processing, telecommunications, photocopying, postage and package delivery charges, court fees, transcript costs, travel expenses, expenses for "working meals" and computer-aided research. The Firm will abide by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and all other rules and regulations that have been or may be adopted by this Court in connection with all services provided and expenses incurred.

21. The Debtors submit that the foregoing rates and charges are fair and reasonable in light of (a) industry practice, (b) market rates charged for comparable services both in and out of bankruptcy, and (c) the Firm's experience with respect to these services.

**QUALIFICATIONS**

22. The Debtors seek to retain the Firm as special litigation counsel because of the Firm's extensive experience and reputation of its professionals in complex commercial litigation matters, including those in this Court, as well as labor and employment disputes.

23. The Firm is a law firm with over 250 attorneys with its principal office in New York, New York; and other offices in Atlanta, Georgia; Denver, Colorado; Houston, Texas; Los Angeles, California; Miami, Florida; Newark, New Jersey; Redwood Shores, California; San Francisco, California; and Washington, D.C.

24. Attorneys at the Firm have served as counsel and litigation counsel to debtors, trustees, creditors' committees, creditors, and equity interest holders in many of the country's largest bankruptcy proceedings including, but not limited to: *In re Wesco Aircraft Holdings, Inc.*, Case No. 23-90611 (DRJ) (Bankr. S.D. Tex. 2023); *In re Party City Holdco Inc.*, Case No. 23-90005 (DRJ) (Bankr. S.D. Tex. 2023); *In re PWM Property Management, LLC*, Case No. 21-11445 (MFW) (Bankr. D. Del. 2021); *In re MatlinPatterson Global Opportunities Partners II L.P.*, Case No. 21-11255 (DSJ) (Bankr. S.D.N.Y. 2021); *In re Garrett Motion Inc.*, Case No. 20-12212 (MEW) (Bankr. S.D.N.Y. 2020); *In re Fieldwood Energy, LLC*, Case No. 20-33948 (MI) (Bankr. S.D. Tex. 2020); *In re Quorum Health Corp.*, Case No. 20-10766 (BLS) (Bankr. D. Del. 2020); *In re MTE Holdings LLC*, Case No. 19-12269 (CTG) (Bankr. D. Del. 2019); *In re Toys "R" Us, Inc.*, Case No. 17-34665 (KLP) (Bankr. E.D. Va. 2017); *In re Hercules Offshore, Inc.*, Case No. 16-11385 (KJC) (Bankr. D. Del. 2016); *In re Caesars Entertainment Operating Co., Inc.*, Case No. 15-01145 (ABG) (Bankr. N.D. Ill. 2015); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. 2014), and as special litigation counsel in, *inter alia*, *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. 2018); *In re National Events Holdings, LLC*, Case No. 17-11556 (JLG) (Bankr. S.D.N.Y. 2017); and *In re Relativity Fashion, LLC*, Case No. 15-11989 (MEW) (Bankr. S.D.N.Y. 2015).

25. Accordingly, the Debtors believe that the Firm is well-qualified and has the necessary legal expertise to represent the Debtors on the matters set forth herein in an effective, efficient and timely manner.

**DISINTERESTEDNESS AND DISCLOSURE OF CONNECTIONS**

26.     No commitment has been made or received by the Firm, nor any member thereof, as to compensation or payment in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code and orders of the Court, and as set forth in this Application.  Further, the Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these chapter 11 cases.

27.     To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Kasowitz Declaration or in this Application, the Firm: (a) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee; and (b) does not represent or hold any interest adverse to the Debtors or to their estates with respect to the matters on which the Firm is to be employed.

28.     The Debtors believe that the Firm does not represent or hold any interest adverse to the Debtors or to their estates with respect to the matters on which the Firm is to be employed – specifically, the Pre-Petition Litigation.  None of the Firm's active representations have any connection with the Debtors, their respective estates, or these chapter 11 cases.  Indeed, "adverse interests that would disqualify an attorney from being retained under § 327(a) are distinguishable from adverse interests that would disqualify an attorney from being retained under § 327(e). Under § 327(e), the attorney being retained only needs to be disinterested with respect to the matter on which such attorney is to be employed." *In re Core Communs., Inc.*, 2017 Bankr. LEXIS 3846, at *7 (Bankr. D.D.C. Nov. 5, 2017) (quoting *Giuliano v. Young (In re RIH Acquisitions NJ, LLC)*, 551 B.R. 563, 569 (Bankr. D. N.J. 2016)).

29. The Firm will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise in such review, the Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit, as required by Bankruptcy Rule 2014(a).

## NOTICE

30. The Debtors will provide notice of this motion to: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as proposed counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto; (i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent, and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

31. No prior request for the relief sought in the Application has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request the entry of the Proposed Order granting the relief requested and any other relief as is just and proper.

Dated: September 7, 2023                              Respectfully submitted,

                                                                            /s/      Matthew A. Doheny
                                                                            Matthew A. Doheny
                                                                            Chief Restructuring Officer
                                                                            Yellow Corporation, *et al.*