# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | CASE NO. 23-11069-CTG |
| | ) | |
| | ) | (Jointly Administered) |
| YELLOW CORPORATION, et al., | ) | |
| | ) | CHAPTER 11 |
| Debtors. | ) | |
| | ) | |
| | ) | |

## MOTION FOR RELIEF FROM STAY

Now comes the Petitioner, Dariun Wright, by and through counsel, and hereby respectfully moves this Court, pursuant to Rules 4001(a)(1) and 9013 Federal Rules of Bankruptcy Procedure (FRBP) for an Order for Relief from Automatic Stay granted to the Debtors pursuant to 11 U.S.C. §362. The reasons for granting relief from stay are more fully set forth in the accompanying memorandum attached hereto.

Respectfully submitted:

JACOBS & CRUMPLAR, P.A.

 /s/ Raeann Warner
Raeann Warner, Esq. (DE 4931)
750 Shipyard Drive, Suite 200
Wilmington, DE  19801
(t) (302) 656-5445
*Attorney for Plaintiff*

**MEMORANDUM**

**FACTS RELEVANT TO THE WITHIN MOTION**

On or about May 5, 2022, Michael Oliver, a manager of the YRC Freight facility located at 3310 Gill Road, Memphis, Tennessee, contacted the Memphis Police Department to report a theft of two computers from the YRC Freight facility. When the Officers arrived on the scene, Mr. Oliver accused Mr. Wright of the theft based solely on security footage of Mr. Wright leaving the facility with a bag, which was never proven to contain the allegedly stolen computers. The Officers arrested Mr. Wright based on these accusations and Mr. Wright was charged with "Theft of Property $2,500 to $10,000." YRC Freight subsequently terminated Mr. Wright based on Mr. Oliver's false and erroneous allegations of theft. Mr. Wright found it difficult to find employment elsewhere, as many employers did not want to hire an alleged thief. Approximately five months after his arrest, Mr. Wright's name was finally cleared when the Shelby County General Sessions Criminal Court dismissed the charges. Upon information and belief, YRC freight subsequently located the allegedly stolen computers after the criminal charges had been filed against Mr. Wright.

On November 8, 2022, Petitioner commenced an action in the Circuit Court of Shelby County, Tennessee, captioned *Dariun Wright v. YRC, Inc. a/k/a YRC Freight f/k/a Roadway Express, Inc. & Michael Oliver*, Case No. CT-4527-22 (See Petition Attached as Exhibit A). Petitioner prayed for compensatory damages in excess of $75,000. On December 14, 2022, YRC Inc. removed that action to federal district court for the Western District of Tennessee, captioned *Dariun Wright v. YRC, Inc. a/k/a YRC Freight f/k/a Roadway Express, Inc. & Michael Oliver*, Case No. 2:22-cv-02851-atc (See Petition Attached as Exhibit B).

On or around August 7, 2023, counsel for Plaintiff in the Tennessee case learned that Yellow Corporation had filed for bankruptcy along with many of its subsidiaries, including YRC Inc. Debtors moved for joint administration of Yellow Corporation's bankruptcy with many of its subsidiaries,

including YRC Inc. This was confirmed on August 30, 2023, when counsel for YRC Inc. filed a suggestion of bankruptcy in Case No. 2:22-cv-02851-atc.

Petitioner now comes before this Court requesting relief from the automatic stay protections of 11 U.S.C. § 362 such that his claims against the Debtors in Case No. 2:22-cv-02851-atc might proceed forward. Upon information and belief, YRC, Inc. has sufficient insurance to cover the damages sought by Petitioner. Permitting Petitioner's civil lawsuit for injuries to proceed forward, where the Debtors' insurer(ers) is required to defend and indemnify the Debtors, will in no way affect or cause detriment to the Debtors' bankruptcy estate for which the protections of 11 U.S.C. § 362 apply. The Petitioner represents to the Court that any recovery from Case No. 2:22-cv-02851-atc will be limited to the amount of available insurance proceeds. Petitioner does separately reserve any objections to discharge that he may be able to assert separately.

Under 11 U.S.C. § 362(d)(1), the automatic stay imposed after filing for bankruptcy can be lifted, so long as an interested party can demonstrate "cause."

A bankruptcy court must decide what constitutes "cause" to lift the automatic stay on a case by case basis. *In the Matter of Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) ("*Rexene Products*"). This Court relies upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation: (1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; (2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and (3) the creditor's probability of success on the merits. *See In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009). To establish cause, Movants must show that the "balance of hardships from not obtaining relief tips significantly in [their] favor." *Atl. Marine, Inc. v. Am. Classic Voyages, Co.* (*In re Am. Classic Voyages, Co.*), 298 B.R. 222, 225 (D. Del. 2003)

(internal citation omitted). Here, the facts weigh heavily in Movant's favor on each of these three prongs.

In the instant petition, civil suit for injuries was initiated <u>prior</u> to the Debtors seeking bankruptcy protection and the automatic stay of § 362. Currently, Petitioner's federal court action for injuries and damages as to these Debtors has been stayed.

As mentioned above, Petitioner believes that YRC Inc. has liability insurance that would cover Petitioner's claims against it. Upon reasonable belief and information, the Debtors' liability insurer(ers) will defend, pay court costs and indemnify Petitioner's claims and the Debtors' bankruptcy estate assets will in no way be pursued or dissipated by permitting the subject federal court civil claim to proceed.

From the foregoing reasons, Petitioner respectfully moves this Court to grant his request for relief from stay such that Petitioner's federal court action against the Debtors may be permitted to continue forward with the lifting of the automatic stay of 11 U.S.C. § 362.

Date: <u>September 8, 2023</u>

Respectfully submitted:
**JACOBS & CRUMPLAR, P.A.**

  /s/ Raeann Warner
Raeann Warner, Esq. (DE 4931)
750 Shipyard Drive, Suite 200
Wilmington, DE  19801
(t) (302) 656-5445
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2023 a copy of the foregoing Motion for Relief from Stay was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties can access this document through the Court's system.

**JACOBS & CRUMPLAR, P.A.**

 /s/ Raeann Warner
Raeann Warner, Esq. (DE 4931)
750 Shipyard Drive, Suite 200
Wilmington, DE 19801
(t) (302) 656-5445
*Attorney for Plaintiff*