# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*[1] | Case No. 23-11069 (CTG) |
| Debtors | (Jointly Administered) |
| | Objection Deadline: September 8, 2023 at 4:00 p.m. (ET)<br>Hearing Date: September 15, 2023 at 11:30 a.m. (ET) |
| | Related Docket No.: 360 |

## VALLEY NATIONAL BANK'S RESERVATION OF RIGHTS AND RESPONSE TO DEBTORS' MOTION TO APPROVE PROCEDURES FOR DE MINIMIS ASSET TRANSACTIONS AND ABANDONMENT OF DE MINIMIS ASSETS

Valley National Bank ("VNB"), the current owner and lessor of certain Rolling Stock that is leased to the above-captioned Debtors, by and through its undersigned counsel, hereby files this *Reservation of Rights and Response* (this "Reservation of Rights") to the *Motion of Debtors to Approve Procedures for De Minimis Asset Transactions and Abandonment of De Minimis Assets* [Docket No. 360] (the "Motion").[2]  In support of this Reservation of Rights, VNB respectfully states as follows:

## RELEVANT FACTUAL BACKGROUND

1. VNB owns 438 trailers (the "VNB Leased Trailers") that are leased to the Debtors pursuant to various lease and assignment agreements (generally, the "Lease Documents").

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

2.      By and through the Motion, the Debtors, *inter alia*, seek entry of an order approving procedures for the sale and/or abandonment of De Minimis Assets, as described in more detail therein (hereinafter, the "De Minimis Asset Transaction Procedures"), without the need for further court approval.

3.      Per the Motion, notice of any De Minimis Assets will be provided by way of a Transaction Notice to certain Transaction Notice Parties (as defined in the Motion at pp. 5-6. ¶ 10(a)(iii)).

4.      The Transaction Notice Parties include: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as proposed counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto; (i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; and **(o) any known affected creditor(s)** (including their counsel, if known) **asserting a Lien on the relevant De Minimis Assets**, if known (each, a "Transaction Notice Party" and collectively, the "Transaction Notice Parties"). Motion at pp. 5-6, ¶ 10(a)(iii) (emphasis added).

5.      The Motion states:

> For the avoidance of doubt, **De Minimis Assets shall not include, without the prior approval of the Committee, the Junior DIP Lender, the B-2 Lenders, the Prepetition ABL Agent, and the United States Department of the Treasury (collectively, the**

> **"Consultation Parties"),** (i) any owned or leased real estate **or (ii) any owned or leased vehicles, tractors, trucks, trailers, tank trailer and other trailers, or similar vehicles and trailers, railroad cars, locomotives, stacktrains, and other rolling stock (the "Rolling Stock");** *provided* **that the De Minimis Assets may include damaged or obsolete Rolling Stock that is to be sold as scrap and that Rolling Stock does not include accessories (including superstructures and racks), fork lifts, pallet jacks, dollies, or other such equipment.**

Motion at p. 2, ¶1 (emphasis added).

6. Based on the foregoing, it is possible that some or all of the VNB Leased Trailers, all of which constitute Rolling Stock, could be deemed De Minimis Assets and sold and/or abandoned by the Debtors pursuant to the proposed De Minimis Asset Transaction Procedures. Yet, non-Debtor owners of Rolling Stock that lease said Rolling Stock to the Debtors are not included within the definition of "Transaction Notice Parties." [3]

## RESPONSE AND RESERVATION OF RIGHTS

7. As highlighted in the *Joinder of Valley National Bank to PACCAR Financial Corp.'s (I) Reservation of Rights and Response to Debtors' Motion for Approval of Contract and Lease Rejection Procedures, and (II) Reservation of Rights and Response to Debtors' Motion for Approval of Proposed Bidding Procedures* filed concurrently herewith, the VNB Leased Trailers may not be deemed or otherwise included as part of the Debtors' assets and/or sold with the Debtors' assets unless expressly agreed to by VNB. For the avoidance of doubt, absent the Debtors' purchase of the VNB Leased Trailers or a separate and further agreement reached with VNB, (i) the VNB Leased Trailers are not assets available for sale by the Debtors, and (ii) the

---

[3] VNB has no reason to believe that the Debtors intentionally omitted owners and lessors of Rolling Stock from the definition of Transaction Notice Parties and that notice of any such sale would not be provided to VNB if applicable. Nonetheless, VNB is filing this Reservation of Rights out of an abundance of caution and to avoid waiving any of its rights with respect to the VNB Leased Trailers or Lease Documents (as both terms are defined herein).

Lease Documents are subject to potential assumption and assignment assuming compliance with all Bankruptcy Code requirements, including the requirements set forth in section 365 of the Bankruptcy Code.

8. That said, in the event some or all of the VNB Leased Trailers are going to be the subject of a De Minimis Asset Transaction, VNB must be designated as a Transaction Notice Party.

9. Nothing in this Limited Objection is intended to be, nor shall be, a waiver or release of any of VNB's rights, remedies, claims, defenses or interests, whether at law, in equity, pursuant to the Lease Documents or otherwise, all of which are hereby expressly reserved and preserved.

10. Based on the foregoing, VNB respectfully submits that any order granting the Motion should: (i) expressly include owners and lessors of Rolling Stock subject to a De Minimis Asset Transaction as Transaction Notice Parties; and (ii) require the Debtors to provide Transaction Notices and an opportunity to object to the owners and lessors of Rolling Stock that might be the subject of a De Minimis Asset Transaction.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, VNB respectfully requests that any order the Court enters granting the Motion be modified consistent with this Reservation of Rights.

Dated: September 8, 2023

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Sommer L. Ross*
Sommer L. Ross, Esq.
DUANE MORRIS LLP
1201 N. Market Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 657-4951
Facsimile: (302) 657-4901
Email: slross@duanemorris.com

*Counsel for Valley National Bank*