# **EXHIBIT A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER APPROVING THE JOINT
STIPULATION BY AND AMONG THE DEBTORS
AND MERCEDES-BENZ VEHICLE TRUST SUCCESSOR
BY MERGER TO DAIMLER TRUST (I) GRANTING RELIEF FROM
THE AUTOMATIC STAY AND (II) REJECTING CERTAIN LEASE AGREEMENTS**

The *Certification of Counsel Regarding Joint Stipulation By and Among the Debtors and Mercedes-Benz Vehicle Trust Successor By Merger to Daimler Trust (I) Granting Relief from the Automatic Stay and (II) Rejecting Certain Lease Agreements* (the "Certification of Counsel") and the *Joint Stipulation By and Among the Debtors and Mercedes-Benz Vehicle Trust Successor By Merger to Daimler Trust (I) Granting Relief from the Automatic Stay and (II) Rejecting Certain Lease Agreements* (the "Stipulation"),[2] by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Mercedes-Benz Vehicle Trust Successor By Merger to Daimler Trust ("DT" or the "Lessor," and together with the Debtors, the "Parties"), attached to this order (this "Order") as **Exhibit 1**; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation.

5

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Stipulation; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Stipulation shall be effective immediately upon entry of this Order.

3. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting DT, its agents or assigns to take possession of the Leased Vehicles from the Debtors' premises, any other location owned or leased by the Debtors, or any other location where the Leased Vehicles may be located, to dispose of the Leased Vehicles, and to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court.

4. To the extent necessary, the Lease Agreement is hereby deemed to be rejected as of the date of entry of this Order.

5. Any claim for rejection damages by DT shall constitute a prepetition general unsecured claim in the Debtors' chapter 11 cases and DT shall be required to file a proof of claim by the date set forth in an applicable order by the Court setting forth a bar date for the filing of proofs of claim or as otherwise set forth in a confirmed plan of reorganization.

6. DT shall not seek to recover costs, fees, expenses or charges associated with taking possession of the Leased Vehicles or otherwise performing under the Stipulation, from the Debtors or their estates as an administrative claim. Notwithstanding anything contained in the Stipulation or this Order, DT's rights to seek reimbursement of such costs as a component of its rejection damages in DT's general unsecured rejection damages proof of claim shall not be waived.

7. DT shall not seek an administrative claim for costs and attorneys' fees incurred in connection with entering into and performing under the Stipulation or this Order. Notwithstanding anything contained in the Stipulation or this Order, DT's rights to seek reimbursement of attorney's fees and costs as a component of its general unsecured rejection damages proof of claim shall not be waived.

8. Notwithstanding Bankruptcy Rule 4001(a)(3), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Stipulation.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

# Exhibit 1

## Stipulation

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |

**JOINT STIPULATION
BY AND AMONG THE DEBTORS AND
MERCEDES-BENZ VEHICLE TRUST SUCCESSOR
BY MERGER TO DAIMLER TRUST (I) GRANTING RELIEF FROM
THE AUTOMATIC STAY AND (II) REJECTING CERTAIN LEASE AGREEMENTS**

This joint stipulation ("Stipulation") is made and entered into by and among (a) USF Holland Inc. and the other debtors in possession in the above-captioned chapter 11 cases (the "Debtors")[2], and (b) Mercedes-Benz Vehicle Trust Successor by Merger to Daimler Trust ("DT" or the "Lessor," and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, on August 6, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").

9

in the United States Bankruptcy Court for the District of Delaware (the "Court").  The Debtors' chapter 11 cases are being jointly administered for procedural purposes.  The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, Debtor USF Holland Inc. and DT entered into a master Lease Agreement, dated March 21, 2013 (the "Master Lease"), as well as seventeen (17) related Lease Schedules, dated October 4, 2019 through and including January 7, 2020 (collectively, the "Lease Schedules", and, together with the Master Lease, the "Lease Agreement") for Debtor's lease of 135 Freightliner trucks from DT (the "Leased Vehicles").

WHEREAS, certain of the aforementioned Lease Schedules have already expired and the remainder of said Lease Schedules will expire on or around June 6, 2024;

WHEREAS, the Debtors have notified DT that the Debtors do not intend to assume or assign the Lease Agreement in connection with the Debtors' chapter 11 cases;

WHEREAS, DT has indicated to the Debtors its desire to take possession of and dispose of the Leased Vehicles;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to permit DT to take possession of the Leased Vehicles, effective as of the date of entry of an Order of this Court approving this Stipulation;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to reject the Lease Agreements, effective as of the date of entry of an Order of this Court approving this Stipulation, to the extent necessary;

WHEREAS, DT has agreed to such rejections, to the extent necessary; and

WHEREAS, the Debtors consent to lift the automatic stay imposed by section 362 of the Bankruptcy Code on the terms and conditions set forth in this Stipulation for the exclusive

purposes of allowing DT to take possession of the Leased Vehicles, to dispose of the Leased Vehicles, and to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED as follows:

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting DT, its agents or assigns to take possession of the Leased Vehicles from the Debtors' premises, any other location owned or leased by the Debtors, or any other location where the Leased Vehicles may be located, to dispose of the Leased Vehicles, and to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court. Nothing herein shall be construed to require DT to take possession of any vehicle which, in its discretion, DT deems to be damaged, destroyed or inoperable. If DT exercises its discretion not to take possession of any such vehicle(s) it deems to be damaged, destroyed or inoperable, DT will release the title certificate(s) to said vehicle(s) to Debtor.

3. Each of the Parties shall use commercially reasonable efforts to cooperate and coordinate with respect to the logistics of DT's repossession of the Leased Vehicles.

4. To the extent necessary, the Lease Agreement is hereby deemed to be rejected as of the date of entry of an Order of this Court approving this Stipulation, and DT consents to such rejection. Any claim for rejection damages by DT shall constitute a prepetition general unsecured claim in the Debtors' chapter 11 cases and DT shall be required to file a proof of claim by the date

set forth in an applicable order of the Court setting a bar date for the filing of proofs of claim or as otherwise set forth in a confirmed plan of reorganization.

5. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

6. DT may incur costs, fees, expenses, or charges associated with taking possession of the Leased Vehicles or otherwise performing under this Stipulation, including but not limited to towing, storage, repairs, or disposal costs, and DT shall not seek to recover such costs from the Debtors or their estates as an administrative claim. Nothing herein shall be construed as a waiver of DT's rights to seek reimbursement of such costs as a component of its rejection damages in DT's general unsecured rejection damages proof of claim.

7. DT shall not seek an administrative claim for costs and attorneys' fees incurred in connection with entering into and performing under this Stipulation. Nothing herein shall be construed as a waiver of DT's rights to seek reimbursement of attorney's fees and costs as a component of its general unsecured rejection damages proof of claim.

8. Neither this Stipulation, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith, or (c) to prove that the automatic stay has been modified in accordance with the terms of this Stipulation.

9. This Stipulation is subject to the approval of the Court and shall be effective upon entry of an order approving this Stipulation by the Court (the "Order"). The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

10. The Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

12

**STIPULATED AND AGREED TO THIS 8TH DAY OF SEPTEMBER, 2023:**

Dated: September 8, 2023
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | Whitney Fogelberg (admitted *pro hac vice*) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |
| Wilmington, Delaware 19801 | Telephone: (312) 862-2000 |
| Telephone: (302) 652-4100 | Facsimile: (312) 862-2200 |
| Facsimile: (302) 652-4400 | Email: patrick.nash@kirkland.com |
| Email: ljones@pszjlaw.com | david.seligman@kirkland.com |
| tcairns@pszjlaw.com | whitney.fogelberg@kirkland.com |
| pkeane@pszjlaw.com | |
| ecorma@pszjlaw.com | -and- |

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:         allyson.smith@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

*/s/ Kim Gage*
Kim Gage (admitted *pro hac vice*)
**COOKSEY, TOOLEN, GAGE, DUFFY & WOOG**
535 Anton Boulevard, Suite 1000
Costa Mesa, CA 92626
(714) 431-1000
kgage@cookseylaw.com

*Counsel to Lessor*