# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 302 & 303** |

**EAST WEST BANK'S OMNIBUS OBJECTION TO INTERIM DIP ORDER [DKT. NO. 302] AND INTERIM UST CASH COLLATERAL ORDER [DKT. NO. 303]**

East West Bank ("East West"), a lessor of trailers and other mobile equipment (the "Equipment") to the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its omnibus objection and reservation of rights (this "Objection") to final approval of (a) the *Interim Order (I) Authorizing The Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "Interim DIP Order") [Dkt. No. 302] and (b) the *Interim UST Cash Collateral and Adequate Protection Order (I) Authorizing the Debtors to (A) Use UST Cash Collateral and All Other Prepetition UST Collateral, (II) Granting Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* (the "Interim UST Cash Collateral Order") [Dkt. No. 303]. In support thereof, East West respectfully states as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

4854-6734-5534.2

## OBJECTION AND RESERVATION OF RIGHTS

1.     East West, as lessor, leases not less than 104 trailers to the Debtors (the "Equipment") pursuant to the terms and conditions of that certain *Master Lease Agreement*, dated as of August 17, 2016 (as amended and together with all schedules thereto, the "MLA").[2]

2.     In accordance with the terms and conditions of the MLA, East West, as lessor retains the title for all of the Equipment. Additionally, the MLA expressly provides that the Debtors, as lessees, have only a leasehold interest in the Equipment. As is common in leasing agreements like the MLA, out of an abundance of caution, East West is also a security interest in the Equipment should the MLA be determined to be a financing arrangement rather than true lease (which East West disputes).

3.     The Interim DIP Order provides, in relevant part, that the Junior DIP Agent, for the benefit of the Junior DIP Secured Parties, and the Postpetition B-2 Agent, for the benefit of the Post-Petition B-2 Secured Parties, are granted valid, enforceable, non-avoidable and automatically perfected liens (the "DIP Liens") in all of the "DIP Collateral." Interim DIP Order ¶ 8. "DIP Collateral" is defined by the Interim Order to specifically exclude, in relevant part, "any lease, license or agreement or any property to the extent a grant of a security interest therein would violate or invalidate such lease, license or agreement or similar arrangement or create a right of termination in favor of any other party thereto . . ." Interim DIP Order at 4, n. 7. The MLA contains such provisions.

4.     The Interim DIP Order and the Interim UST Cash Collateral Order also request authorization to grant certain fully perfected replacement liens to certain of the Debtors'

---

[2]    Additional details regarding the MLA and the Debtors' prepetition business relationship with East West is set forth in greater detail in *East West Bank's (I) Omnibus Objection Regarding (A) The Rejection Procedures Motion [Dkt. No. 391] and (B) The First Omnibus Rejection Motion [Dkt. No. 394] and (II) Reservation of Rights Regarding the Bidding Procedures Motion [Dkt. No. 22]* (the "Omnibus Rejection Objection") [Dkt. No. 430].

prepetition lenders. The Debtors propose to grant the "ABL Adequate Protection Liens" to the secured parties pursuant to that certain [ABL Agreement]. Likewise, the Debtors propose to grant the "B-2 Adequate Protection Liens" to the secured parties pursuant to that certain [B-2 Credit Agreement]. Both the ABL Adequate Protection Liens and the B-2 Adequate Protection Liens are secured by liens in the "Prepetition Collateral."

5. "Prepetition Collateral" is defined by the Interim DIP Order to encompass: (i) the Prepetition ABL Collateral,[3] (ii) the Prepetition B-2 Collateral,[4] (iii) the Prepetition UST Tranche A Collateral,[5] and (iv) the Prepetition UST Tranche B Collateral.[6] These definitions, in turn, provide that under each of the Debtors' four prepetition credit facilities, they pledged, among other things, substantially all of their respective assets and property other than "Excluded Assets."

6. Based on the information currently available to it, East West believes that both the MLA and any Equipment leased pursuant thereto should fall within the above-cited exception from the definition of "DIP Collateral." East West is unable, however, to determine whether the Debtors pledged any of their leasehold interests in the Equipment in connection with any of these

---

[3] "Prepetition ABL Collateral" is defined by the Interim Cash Collateral Order as substantially all of the respective assets and property (other than "Excluded Assets") of the Prepetition ABL Loan Parties. Interim DIP Order ¶ G(viii). The "Prepetition ABL Loan Parties" are Yellow Corp., as administrative borrower, together with the other borrowers and guarantors under that certain Prepetition ABL Credit Agreement, dated as of February 13, 2014. *See* Interim DIP Order ¶ G(ii).

[4] "Prepetition B-2 Collateral" is defined as substantially all of the respective assets and property (other than "Excluded Assets") of the Prepetition B-2 Loan Parties. Interim DIP Order ¶ G(vii). The "Prepetition B-2 Loan Parties" are Yellow Corp. and the guarantors party to that certain B-2 Credit Agreement, dated as of September 11, 2014. *See* Interim DIP Order. Interim DIP Order ¶ G(iv).

[5] "Prepetition UST Tranche A Collateral" is defined as substantially all of the respective assets and property of the Prepetition UST Tranche A Loan Parties. Interim UST Cash Collateral Order ¶ G(vii) [D.I. 303] The Prepetition UST Tranche A Loan Parties are Yellow Corp., as borrower, and the guarantors party to that certain Prepetition Tranche A Term Loan Credit Agreement, dated as of July 7, 2020. *See* Interim UST Cash Collateral Order, ¶ G(i).

[6] "Prepetition UST Tranche B Collateral" is defined as substantially all of the respective assets and property of the Prepetition UST Tranche B Loan Parties. Interim UST Cash Collateral Order ¶ G(viii). The Prepetition UST Tranche B Loan Parties are Yellow Corp., as borrower, and the guarantors party to that certain Prepetition Tranche B Term Loan Credit Agreement, dated as of July 7, 2020. Interim UST Cash Collateral Order ¶ G(ii).

prepetition financings such that the underlying MLA or could now be understood to fall within the definition of "Prepetition Collateral" and thus be subject to either or both of the ABL Adequate Protection Liens or the B-2 Adequate Protection Liens.

7.  Consequently, East West files this Objection to preserve its rights and request that any ambiguity be resolved through the inclusion of the following paragraph in the final versions of the Interim DIP Order and Interim UST Cash Collateral Order:

> *Provision Regarding East West Bank.* Notwithstanding anything to the contrary set forth in this Order, to the extent that the leases (the "EWB Leases") held by East West Bank ("EWB") are subsequently found to be financing arrangements rather than true leases (which EWB disputes), nothing contained in this Order shall (x) result in the granting of any liens that would prime or be *pari passu* with any liens of EWB on the equipment subject to the EWB Leases or (y) otherwise alter or impair the rights of EWB with respect to such equipment or the EWB Leases, all of which are expressly reserved.

8.  East West does not waive and expressly reserves all rights, claims, remedies and defenses and interests available under the MLA, and otherwise under applicable law. East West further reserves its right to object to any proposed sale or assumption and assignment of the MLA.

WHEREFORE, East West respectfully requests that the proposed final orders related to the Interim DIP Order and Interim UST Cash Collateral Order be consistent with the above and reserves all rights with respect thereto.

Dated: September 11, 2023  
Wilmington, Delaware

**WILSON SONSINI GOODRICH & ROSATI, P.C.**

*/s/ Erin R. Fay*  
Erin R. Fay (No. 5268)  
Catherine C. Lyons (No. 6854)  
222 Delaware Avenue, Suite 800  
Wilmington, Delaware 19801  
Telephone: (302) 304-7600  
E-mail:  efay@wsgr.com  
           clyons@wsgr.com  

*Counsel for East West Bank*