## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## GLOBAL NOTES AND
## STATEMENT OF LIMITATIONS, METHODOLOGY,
## AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
## OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (collectively, the "Schedules") and the Statements of Financial Affairs (collectively, the "Statements," and, together with the Schedules, the "Schedules and Statements"), filed by the above-captioned debtors and debtors in possession (collectively, the Debtors), were prepared, pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), by management of the Debtors, with the assistance of the Debtors' advisors. The Schedules and Statements are unaudited.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in, and comprise an integral part of, all the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

The Schedules and Statements have been signed by Daniel L. Olivier, Chief Financial Officer of Debtor Yellow Corporation. Daniel L. Olivier is an authorized signatory for each of the Debtors.

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]    These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of an individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate. Capitalized terms not defined herein shall have the meanings ascribed to such terms in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, In Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14].

In reviewing and signing the Schedules and Statements, Daniel L. Olivier relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors. Daniel L. Olivier has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors reserve all of their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.

The Debtors and their agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein or the Schedules and Statements. In no event shall the Debtors or their agents, attorneys, and advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and advisors are advised of the possibility of such damages. The Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or recategorized, except as required by applicable law or order of the Bankruptcy Court.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview of Methodology

1.  **Description of the Cases**. On August 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the Bankruptcy Court). These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169]. The chapter 11 cases are being jointly administered under Case No. 23-11069 (CTG). The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

2.  **Global Notes Control**.  These Global Notes pertain to and comprise an integral part of each of the Debtors' Schedules and Statements and should be referenced in connection with any review thereof.  In the event that the Schedules and Statements differ from the Global Notes, the Global Notes shall control.

3.  **"As Of" Information Date**.  To the best of the Debtors' knowledge and except as otherwise noted herein, the asset information provided herein represents the asset data of the Debtors as of July 31, 2023, and the liability information herein represents the liability data of the Debtors as of August 6, 2023, the date by which the Debtors had ceased substantially all operations.  Amounts ultimately realized may vary from net book value (or the applicable value ascribed herein) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts showing for total liabilities exclude items identified as "unknown," "disputed," "contingent," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

4.  **Reservations and Limitations**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

   1.  **No Admission.**  Nothing contained in the Schedules and Statements is intended as, or should be construed as, an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

   2.  **Recharacterization**.  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, designated or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

   3.  **Classifications.**  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as

"executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

4.     **Claims Description**.  Any failure to designate a claim in the Schedules and Statements as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim or amount is not "contingent," "unliquidated," or "disputed." The Debtors reserve all of their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed." Moreover, the Debtors reserve all of their rights to amend their Schedules and Statements as necessary and appropriate, including but not limited to, with respect to claim descriptions and designations.  Listing a claim does not constitute an admission of liability by the Debtor against whom the claim is listed or by any of the other Debtors.

5.     **Estimates and Assumptions**.  To prepare and file the Schedules and Statements in accordance with the deadline ordered by the Bankruptcy Court in these chapter 11 cases, management was required to make reasonable estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

6.     **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment, and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

7.     **Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other

transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

8.    **Insiders**. In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities whom the Debtors believe would be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Parties listed as "insiders" have been included for informational purposes only, and such information may not be used for: (i) the purposes of determining (a) control of the Debtors; (b) the extent of which any party exercised management responsibilities or functions; (c) corporate decision making authority over the Debtors; or (d) whether the Debtors or any such insider could successfully argue that such party is not an "insider" under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability; or (e) for any other purpose.

5.    **Methodology**.

1.    **Basis of Presentation**. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. For financial reporting purposes, prior to the Petition Date, the Debtors and their non-Debtor affiliate ordinarily prepared consolidated financial statements. These Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP or any other generally accepted accounting principles of foreign jurisdictions, as applicable, nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Accordingly, the totals listed in the Schedules will likely differ, at times materially, from the consolidated financial reports prepared by the Debtors for financial reporting purposes or otherwise.

Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis. Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature

of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time prior to the Petition Date.

2.  **Confidential or Sensitive Information**.  There may be instances in which the Debtors deemed it necessary and appropriate to redact certain information due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or concerns for the privacy of an individual. The alterations are limited to only what is necessary to protect the Debtor or third party and are consistent with the relief granted under the Creditor Matrix Order.

3.  **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

4.  **Umbrella or Master Agreements**.  Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.  Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.  Additionally, by listing an umbrella or master agreement in these Schedules and Statements, the Debtors make no representation as to the severability of such agreements and their related contracts and leases, including any subleases, and the Debtors reserve any and all rights with respect to any arguments or claims it may have in regard to the severability of such agreements.

5.  **Executory Contracts**.  Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of diligent efforts to identify such documents.  In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired

nature) of the contract or lease, or an admission as to the existence or validity of any claims held by any counterparty to such contract or lease.

6.  **Unexpired Leases**.  The Debtors have not included in the Schedules and Statements the future obligations of any capital or operating leases.  To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F.

7.  **Valuation**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets.  Accordingly, unless otherwise indicated, net book values of the Debtors' assets as of July 31, 2023, are reflected on the Schedules and Statements. Exceptions to this include operating cash and certain other assets.  Operating cash is presented at bank balance as of August 6, 2023.  Certain other assets, such as investments in the non-Debtor affiliates and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.  Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Debtors' Schedules and Statements shall be, or shall be deemed to be an admission that any Debtor was solvent or insolvent as of the Petition Date.

8.  **Property and Equipment**.  Unless otherwise indicated, owned property and equipment are stated at net book value.  The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors.  Any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease, including whether any lease is a true lease or a financing arrangement, and the Debtors reserve all of their rights with respect thereto.

9.  **Contingent Assets**.  The Debtors believe that they may possess certain claims and causes of action against various parties.  Additionally, the Debtors may possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws.  The Debtors are continuing to review potential causes of action, and accordingly, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements.  The Debtors

reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

10. **Undetermined Amounts.** Claim amounts that could not be quantified by the Debtors are scheduled as "Undetermined". The description of an amount as "Undetermined" is not intended to reflect upon the materiality of such amount.

11. **Totals**. All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are undetermined amounts, the actual total may be different than the listed total. The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules and Statements are inclusive of each Debtor's guarantor obligations.

12. **Allocation of Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements as they deem appropriate in this regard.

The liabilities listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's claim.

13. **Paid Claims.** Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases (collectively, the "First Day Orders"), the Debtors were authorized to pay, among other things, certain prepetition claims of employees, lien claimants, foreign claimants, critical vendors, claimants under section 503(b)(9) of the Bankruptcy Code, and taxing authorities. Accordingly, these liabilities may have been or may be satisfied in accordance with such First Day Orders. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements.

14. **Other Paid Claims.** To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Debtors' Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements

pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements and take such other actions, including the filing of claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

15. **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed at the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

16. **Intercompany Claims**.  Receivables and payables among and between Debtors and (i) other Debtors and (ii) the non-Debtor affiliates are reported on Statement 4, Schedule A/B-77, and Schedule E/F, respectively, per the Debtors' books and records as of July 31, 2023. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise or an admission as to the validity of such receivables and payables. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including, but not limited to, with respect to the characterization of intercompany claims, loans, and notes. Without limiting the generality of the foregoing, certain intercompany receivables and payables among and between the Debtors have been consolidated and netted in the Debtors' books and records. Such treatment is not, and should not be construed as, an admission of the amount and/or validity of any such intercompany receivables and payables or the validity of any netting or offset per the Debtors' books and records. The Debtors take no position in these Schedules and Statements as to whether any such amounts would be allowed as a claim or an interest, or not all allowed at all. The listing of these amounts is not necessarily indicative of the ultimate recovery, if any, on any intercompany asset account or the impairment or claim status of any intercompany liability account. The Debtors reserve all rights to later change the amounts, characterization, classification, categorization or designation of intercompany accounts reported in the Schedules and Statements.

Prior to the Petition Date, the Debtors routinely engaged in intercompany transactions (collectively, "Intercompany Transactions") resulting in intercompany payables and receivables (the "Intercompany Claims").  Pursuant to the *Interim Order (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management Systems, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 178] (the "Interim Cash Management Order"), the Debtors received the authority to continue to collect, concentrate and disburse cash in accordance with the Cash Management System (as defined in the Interim Cash Management Order), including Intercompany Transactions between Debtors and other Debtors or non-Debtor affiliates.  To the extent that an

Intercompany Claim has been satisfied pursuant to the Interim Cash Management Order, such Intercompany Claim is excluded from Schedule AB and Schedule E/F.

In addition, certain of the Debtors act on behalf of other Debtors. Reasonable efforts have been made to indicate the ultimate beneficiary of a payment or obligation. Whether a particular payment or obligation was incurred by the entity actually making the payment or incurring the obligation is a complex question of applicable non-bankruptcy law, and nothing herein constitutes an admission that any Debtor entity is an obligor with respect to any such payment. The Debtors reserve all rights to reclassify any payment or obligation as attributable to another entity and all rights with respect to the proper accounting and treatment of such payments and liabilities.

17.    **Guarantees and Other Secondary Liability Claims**.  The Debtors have exercised reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "<u>Guarantees</u>") in their executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements.  Where such Guarantees have been identified, they have been included on Schedule H for the affected Debtor or Debtors.  However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  The Debtors reserve all of their rights to amend, supplement, and otherwise modify the Schedules to the extent that additional Guarantees are identified.

18.    **Claims of Third-Party Related Entities**.  While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations thereto.  Therefore, to the extent that the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered as disputed, whether or not they are designated as such.

19.    **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries, employee benefit accruals and accrued accounts payable.  The Debtors have also excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist.  In addition, the Debtors may have excluded amounts for which the Debtors have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Bankruptcy Court. Certain immaterial assets and liabilities may have been excluded.

20.    **Liens**.  The inventories, property, and equipment listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, shippers', or similar liens that may attach, or have attached, to such inventories, property, and equipment.

21.    **Currency**. All amounts are reflected in U.S. dollars, which the Company uses as its reporting currency. Unless otherwise noted, the Debtors used conversion rates provided by WSJ Markets as of the Petition Date. One significant exception is the value of prepetition transfers, which were valued using the conversion rates as of the date of such transfer.

22.    **Setoffs**. The Debtors routinely incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes, including but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or other disputes between the Debtors and their customers or vendors. These setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for and, as such, are or may not be included separately in the Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

6.    <u>**Specific Schedules Disclosures.**</u>

**Schedule A/B-3 – Checking, savings, or other financial accounts, CDs, etc.** Schedule A/B-3 lists closing bank balances as of August 6, 2023. The Debtors have excluded bank accounts with no balance.

**Schedule A/B-11 – Accounts receivable**. This item excludes intercompany receivables and certain non-operating accounts receivables. Please see Global Notes regarding Intercompany Items.

Certain AR accounts including, but not limited to, overpayments in suspense, re-rates, etc. are not netted against amounts listed in AB 11.

**Schedule A/B-15 – Stock and interests in incorporated and unincorporated businesses**. See Schedule Exhibit A/B-15 for additional businesses each applicable Debtor was a parent of or owned a significant interest in. Ownership interests in subsidiaries have been listed in an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

**Schedules A/B, Part 10, Items 59-66 – Intangibles and intellectual property**. The Debtors' patents and trademarks are listed in undetermined amounts. These assets are also part of an ongoing marketing effort and thus are currently being valued in connection with possible sale transactions.

**Schedules A/B-74 and 75 – Causes of action against third parties (whether or not a lawsuit has been filed) and other contingent and unliquidated claims or causes**

**of action of every nature, including counterclaims of the debtors and rights to set off claims**. The Debtors attempted to list known causes of action and other claims. Potential preference actions and/or fraudulent transfer action were not listed because the Debtors have not completed an analysis of such potential claims. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

**Executory Contracts**. The Debtors have not attached such agreements on Schedule A/B. Instead, the Debtors have only listed such agreements on Schedule G.

**Schedule D – Creditors Who Have Claims Secured by Property**. Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtor's Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors. No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

Schedule D does not include beneficiaries of letters of credit. Although the claims of these parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof, and not to the beneficiaries thereof.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, (IV) Authorizing the Debtors to Use UST Cash Collateral, (V) Granting Adequate Protection, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief*

[Docket No. 16] (the "DIP Motion").  The secured debt is jointly and severally the responsibility of multiple Debtors, as such the liability has been listed on each Debtor who is an obligor or guarantor of such debt.  Only the principal amount is listed on Scheduled D; however, other amounts might be due to the creditors.

In response to "Describe debtor's property that is subject to lien", any description of the creditor's liens or their priority herein is qualified in its entirety by reference to the operative documents, agreements, schedules, any amendments and exhibits to the preceding and any documents evidencing perfection of such lien. The Debtor is taking no position on the extent or priority of a particular creditor's lien in this document.

The Debtors have indicated that multiple creditors have an interest in the same property when, among other things, inchoate statutory liens may exist with respect to such property.  The Debtors take no position in these Schedules and Statements regarding the validity of any such liens or the extent or validity of a particular creditor's lien, including other creditors listed in Schedule D, and the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected on any such property.

**Schedule E/F – Creditors Who Hold Unsecured Claims**

***Part 1 – Creditors with Priority Unsecured Claims***.  The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.  The Debtors reserve all of their rights to dispute the amount and the priority status of any claim on any basis at any time.

Pursuant to the *Interim Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 276] (the "Interim Taxes Order"), the Debtors have been granted the authority to pay certain tax liabilities that accrued prepetition.  Accordingly, unsecured priority tax claims may have been paid or may be paid pursuant to the Interim Taxes Order or pursuant to further Bankruptcy Court order.   Therefore, the Debtors have listed certain taxing authorities with an undetermined amount.

**Employee PTO and Vacation Scheduled Claims**:

**All non-active U.S. Union employees and Union and Non-Union Canadian employees as of the Petition Date**.:  as part of its customary benefits programs, the Debtors allow a certain amount of accrued and unpaid vacation to carry over for Union employees in the U.S. and Union and non-Union employees in Canada. The basis for determining the dates of carryover calculations varies by benefits program. Similarly, PTO and vacation accruals are determined specific to individual benefits programs and the Debtors have used records from July 21, 2023 for purposes of calculating such carryover as part of the claims listed for each former Union employee in the U.S and Union and non-Union employee in Canada. Further, for purposes of these Schedules

and Statements, the Debtors have listed all remaining, accrued and unpaid Non-Union PTO in the U.S. and Non-Union and Union vacation pay in Canada, as of the Petition Date, in an aggregate gross liquidated claim amount, without distinguishing between priority and unsecured portions for each individual employee, to the extent a bifurcation is applicable.

All non-active Non-Union Employees in the U.S.: As part of its customary benefits programs, the Debtors allow a certain amount of accrued and unpaid PTO to carry over in accordance with the terms of each program. In addition, each employee is entitled to PTO during the current 2023 calendar year. For purposes of calculating the accruals for PTO earned in 2023 for non-Union employees in the U.S. , the Debtors multiplied the individual employee's total vacation accrual potential for 2023  by 0.8667 to determine the portion of the 2023 balance that fell within the 180-day priority window and scheduled those amounts as a priority claim. The remainder of the 2023 balance for each claimant, as applicable, is scheduled as an unsecured claim, along with the total amount of any accrued and unused carryover days.

All current Employees as of the Petition Date: all current U.S. and Non-U.S. employees, regardless of whether or not they are owed accrued and unused PTO or vacation pay, have had these liabilities omitted from the Schedules.  As of September 8, 2023, the Bankruptcy Court has entered the *Third Interim Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief* [Docket No. 422] which, among other things, authorized the Debtors to pay all accrued and unused PTO or vacation pay, as applicable, to employees severed between August 7, 2023 – September 8, 2023. In the Wage Motion [Docket No. 20] currently in front of the Court, the Debtors have requested additional final relief to pay, non-insider, current employees all outstanding PTO or vacation, as applicable, as they are severed in the course of continuing the winddown of the Debtors' business.

In addition to PTO or vacation pay, certain current or former employees may be owed amounts by the Debtor for other liabilities.  For those employees, the Debtors have listed these liabilities as a separate schedule entry.

***Part 2 – Creditors with Nonpriority Unsecured Claims***.  The liabilities identified on Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F Part 2.  The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

The Schedules generally attribute liabilities as reflected on the Debtors' books and records.

Pursuant to the First Day Orders, the Debtors received authority to pay certain prepetition claims.  Accordingly, no undisputed, prepetition unsecured claims of

non-insiders that have been paid pursuant to the First Day Orders or pursuant to further Bankruptcy Court order have been listed on Schedule E/F, Part 2. Listing a claim or failure to list a claim on Schedule E/F, Part 2 that is subject to payment pursuant to the First Day Orders does not serve as an admission by the Debtors as to the validity of such claim or as to the status of payment of such claim.

Schedule E/F, Part 2 and Statements, Part 3, Question 7, contain information regarding pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. For the avoidance of doubt, demand letters received from potential litigants that do not list a specific Debtor are listed in the Schedules for Debtor Yellow Corporation.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts or unexpired leases, if any, that may be or have been rejected in these chapter 11 cases.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained on Schedules D and E/F may be incomplete. The Debtors reserve their rights to, but undertake no obligations to, amend Schedules D and E/F if and as they receive such invoices.

Liabilities listed on Schedules E/F do not reflect any prepetition amounts paid under various authority granted by the Bankruptcy Court, including the First Day Orders, that have been issued postpetition. The Debtors expect that certain claimants may continue to receive payments for prepetition amounts paid under various authority granted by the Bankruptcy Court that would be issued postpetitition. The Debtors reserve all of their rights with respect to such payments, including the right to amend, supplement, or otherwise modify Schedule E/F, Part 2, to reflect such payments.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific Claims as of the Petition Date. The Debtors have made every effort to include as contingent, unliquidated, or disputed the Claim

of any vendor not included on the Debtors' open accounts payable that is associated with an account that has an accrual or receipt not invoiced.

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may ultimately be paid in connection with the cure costs associated with assumption or assumption and assignment of an executory contract or unexpired lease.

**Schedule G – Executory Contracts and Unexpired Leases**.  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, and unintended duplication or overinclusion of items may have occurred.

Listing a contract, lease, or agreement on Schedule G does not constitute an admission that such contract, lease, or agreement is an executory contract or unexpired lease or that such contract, lease, or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors hereby reserve all their rights, claims and Causes of Action with respect to the contracts, leases, or agreements on Schedule G, including the right to dispute the validity, status, or enforceability of, or otherwise modify any contracts, leases, or agreements set forth on Schedule G and to amend, supplement, or otherwise modify Schedule G as necessary, at any time, to remove any contracts, leases, or agreements.

Certain contracts, leases, and agreements listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties, and obligations are not set forth separately on Schedule G.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as supplemental agreements and letter agreements, which agreements may not be set forth on Schedule G.  The Debtors reserve all of their rights to amend, supplement, or otherwise modify Schedule G to the extent that additional information regarding such agreements becomes available.  Certain executory contracts or unexpired leases may not have been memorialized and could be subject to dispute. Any executory contracts or unexpired leases that have not been reduced to writing are not included on Schedule G.

Certain of the contracts, leases, and agreements listed on Schedule G may consist of several parts, including, without limitation, purchase orders, amendments, restatements, waivers, letters, and other documents that may not be identified in Schedule G or that may be listed as a single entry.  The Debtors expressly reserve their rights to determine or challenge whether such documents constitute an executory contract or unexpired lease, a single contract, agreement or lease, or multiple, severable or separate contracts, agreements or leases.

The contracts, leases, and agreements identified in Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and

other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.

Unless otherwise specified in Schedule G, each executory contract or unexpired lease identified therein shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed therein. In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The Debtors are party to certain confidentiality agreements which may constitute executory contracts. In order to not breach any such confidentiality agreements, the Debtors have not listed such confidentiality agreements in Schedule G. Such agreements may be provided upon request to the Debtors' counsel.

Omission of a contract, lease, or agreement from Schedule G does not constitute an admission that such omitted contract, lease, or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts, leases, or agreements are not impaired by any such omission.

Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility. The guaranty obligations arising under these agreements are reflected in Schedule D only and are not listed on Schedule E/F.

In the ordinary course of business, the Debtors utilize purchase orders to obtain goods from various vendors. Due to the generally brief durations of purchase orders and the volume and frequency of these transactions, individual purchase orders that were active as of the Petition Date are not listed on Schedule G. The Debtors reserve all rights as to active purchase orders as of the Petition Date. The omission of purchase orders from Schedule G does not constitute an admission that any such purchase order is not an executory contract or unexpired lease.

**Schedule H – Co-Debtors**. For purposes of Schedule H, the Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other agreements. Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable. The disclosure of a guarantee relationship in Schedule H does not constitute an admission by the Debtors as to the effectiveness or enforceability of such guarantee.

In the ordinary course of businesses, the Debtors may become subject to pending or threatened litigation and claims arising out of the conduct of their businesses. These matters may involve multiple plaintiffs and defendants, some or all of whom may

assert cross-claims and counterclaims against other parties. The Debtors have not listed any litigation-related co-Debtors in Schedule H. Instead, all such listings to the extent known to the Debtors are listed on Schedule E/F.

7.    **Specific Statements Disclosures**.

**Statements, Part 1, Question 1 – Gross revenue from business.** Revenue for fiscal year 2023 is as of July 31, 2023, is unaudited and as such could be subject to material adjustments.

**Statements, Part 1, Question 2 – Non-business revenue**. Non-business revenue for fiscal year 2023 is as of July 31, 2023, which includes such items as interest income, foreign exchange gain, rental income on owned and leased property, gain on disposition and gain on property sales.

**Statements, Part 2, Question 3 – Certain payments or transfers to creditors within 90 days before filing this case.** Prior to the Petition Date, the Debtors maintained a centralized cash management system through which certain Debtors made payments on behalf of certain Debtor affiliates and certain non-Debtor affiliates, as further explained in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 10] (the "Cash Management Motion"). As further described in the Cash Management Motion, prior to the Petition Date, in the ordinary course of business, the Debtors engaged in intercompany transactions with one another and with their non-Debtor affiliate, which resulted in the creation of corresponding intercompany payables and receivables. Consequently, all payments to creditors listed in response to Statements, Part 2, Question 3 in each of the Debtors' Statements reflect payments made by Yellow Corporation or one of its Debtor affiliates from operating bank accounts on behalf of the corresponding Debtor, pursuant to the Debtors' Cash Management System as described in the Cash Management Motion.

Payments to insiders made in the ninety-day period before filing (and disclosed as part of the one-year period response to Statements, Part 2, Question 4) and payments related to bankruptcy in the ninety-day period before filing (and disclosed as part of the one-year period response to Statements, Part 6, Question 11) are not included in the response to Statements, Part 2, Question 3 – ninety-day payments. There is no overlap or duplication between or among the data presented in response to these disclosures.

Disbursements made on account of multiple invoices may be reflected as a single payment on Statements, Part 2, Question 3.

**Statements, Part 2, Question 4 – Payments or other transfers of property made within 1 year before filing this case that benefited any insider.** The listing of any

individual or entity as an insider does not constitute an admission or a final determination that any such individual or entity is or is not an insider. Distributions by the Debtors to their directors and officers are listed in the attachment to Statements, Part 2, Question 4. Certain directors and executive officers are directors and executive officers of multiple Debtor entities.

In the ordinary course of business, certain of the Debtors' eligible employees are granted awards whereby they are issued equity securities ("Equity Securities") of Yellow Corporation as part of their compensation package. The Debtors transfer such Equity Securities on the vesting date. For purposes of Statement 3, Question 4, the Debtors have listed the fair market value of the Equity Securities as of their applicable vesting date. The Debtors have not listed the value of any Equity Securities that were granted in the one-year period prior to the Petition Date that have not vested.

**Statements, Part 2, Question 6 – Setoffs**. For a discussion of setoffs and nettings incurred by the Debtors, refer to section 4(w) of the Global Notes.

**Statements, Part 5, Question 10 – Certain losses**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statements, Part 6, Question 11 – Payments related to bankruptcy**. All disbursements listed in Statements, Part 2, Question 11 were initiated and disbursed by Yellow Corporation, but were for the benefit of all Debtors.

**Statements, Part 10, Question 20 – Off-premises storage**. The locations listed for off-premises storage do not include shippers that are holding goods in-transit, including but not limited to goods on ships, in trucks, or in warehouses where they may be temporarily stored during the transport process.

**Statements, Part 11, Question 21 – Property Held for Another.** As a trucking and logistics company that provides LTL services, the Debtors are in possession of customer shipments as part of the ordinary course of running their businesses. On the petition date, the Debtors were in possession of approximately 28,000 undelivered shipments. It would be unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain the location, description, and value of every undelivered shipment in the Debtors' possession as of the Petition Date. Therefore, the Debtors did not include the details of these undelivered shipments on Part 11, Question 21 of the Statements.

**Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.** Please refer to Statements, Part 2, Question 4 regarding all payments to insiders.

**Fill in this information to identify the case:**

Debtor name  YRC Mortgages, LLC

United States Bankruptcy Court for the:    District of Delaware

Case number (If known)  23-11091 (CTG)

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1:  Income

1. **Gross revenue from business**

   ☑ None

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:** From _____ to _____ MM/DD/YYYY | ☐ Operating a business ☐ Other _____ | $ _____ |
   | **For prior year:** From _____ to _____ MM/DD/YYYY  MM/DD/YYYY | ☐ Operating a business ☐ Other _____ | $ _____ |
   | **For the year before that:** From _____ to _____ MM/DD/YYYY  MM/DD/YYYY | ☐ Operating a business ☐ Other _____ | $ _____ |

2. **Non-business revenue**

   Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ☑ None

   | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
   |---|---|---|
   | **From the beginning of the fiscal year to filing date:** From _____ to _____ MM/DD/YYYY | _____ | $ _____ |
   | **For prior year:** From _____ to _____ MM/DD/YYYY  MM/DD/YYYY | _____ | $ _____ |
   | **For the year before that:** From _____ to _____ MM/DD/YYYY  MM/DD/YYYY | _____ | $ _____ |

| Debtor | YRC Mortgages, LLC | Case number (If known) | 23-11091 (CTG) |
|---|---|---|---|
| | Name | | |

## Part 2:  List Certain Transfers Made Before Filing for Bankruptcy

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7, 575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|---|
| 3.1 | _____ <br> Street _____ <br> City      State      Zip Code | _____ | $ _____ | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other _____ |
| 3.2 | _____ <br> Street _____ <br> City      State      Zip Code | _____ | $ _____ | ☐ Secured debt <br> ☐ Unsecured loan repayments <br> ☐ Suppliers or vendors <br> ☐ Services <br> ☐ Other _____ |

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7, 575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1 | Current and former Insider disclosures, and associated payments, for all entities are listed at Yellow Corporation on the respective Statement 4a, 28 and 29, as applicable. | _____ | $ _____ | _____ <br> _____ |
| | **Relationship to debtor** <br> _____ | | | |
| 4.2 | | _____ | $ _____ | _____ <br> _____ |
| | **Relationship to debtor** <br> _____ | | | |

Debtor    YRC Mortgages, LLC                                   Case number (If known)    23-11091 (CTG)
_____    _____
          Name

**5.  Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1 _____ | _____ | _____ | $ _____ |
| Street | | | |
| _____ | _____ | | |
| City            State        Zip Code | | | |
| 5.2 _____ | _____ | _____ | $ _____ |
| Street | | | |
| _____ | _____ | | |
| City            State        Zip Code | | | |

**6.  Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |
| Street | | | |
| _____ | | | |
| City            State        Zip Code | | | |

Last 4 digits of account number: XXXX - _____

---

**Part 3:       Legal Actions or Assignments**

**7.  Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☑ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1 _____ | _____ | _____ | ☐ Pending |
| | | Street | ☐ On appeal |
| Case number | | City        State        Zip Code | ☐ Concluded |
| _____ | | | |
| 7.2 _____ | _____ | _____ | ☐ Pending |
| | | Street | ☐ On appeal |
| Case number | | City        State        Zip Code | ☐ Concluded |
| _____ | | | |

---

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          Page **3**

Debtor    YRC Mortgages, LLC
Name

Case number (If known)    23-11091 (CTG)

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $ |
| Street | **Case title** | **Court name and address** |
| City        State        Zip Code | **Case number** | |
| | **Date of order or assignment** | |

---

**Part 4:    Certain Gifts and Charitable Contributions**

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1 | | | $ |
| Street | | | |
| City        State        Zip Code | | | |
| **Recipient's relationship to debtor** | | | |
| 9.2 | | | $ |
| Street | | | |
| City        State        Zip Code | | | |
| **Recipient's relationship to debtor** | | | |

---

**Part 5:    Certain Losses**

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| | | | $ |

---

Debtor    YRC Mortgages, LLC                                    Case number (If known)    23-11091 (CTG)
          Name

## Part 6:    Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 _____ | _____ | _____ | $ _____ |

**Address**

_____
Street

_____
City            State        Zip Code

**Email or website address**

_____

**Who made the payment, if not debtor?**

_____

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2 _____ | _____ | _____ | $ _____ |

**Address**

_____
Street

_____
City            State        Zip Code

**Email or website address**

_____

**Who made the payment, if not debtor?**

_____

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.

Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |

**Trustee**

_____

Official Form 207        **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**        Page 5

Debtor   YRC Mortgages, LLC
_____
Name

Case number (If known)   23-11091 (CTG)

---

**13. Transfers not already listed on this statement**

List any transfers of money or other property-by sale, trade, or any other means-made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 | | | $ |
| **Address** | | | |
| _____ Street | | | |
| City    State    Zip Code | | | |
| **Relationship to debtor** | | | |

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.2 | | | $ |
| **Address** | | | |
| _____ Street | | | |
| City    State    Zip Code | | | |
| **Relationship to debtor** | | | |

---

### Part 7:   Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of Occupancy |
|---|---|
| 14.1 _____ Street | From _____  To _____ |
| City    State    Zip Code | |
| 14.2 _____ Street | From _____  To _____ |
| City    State    Zip Code | |

---

Debtor   YRC Mortgages, LLC
         _____
         Name

Case number (If known)   23-11091 (CTG)

---

## Part 8:   Health Care Bankruptcies

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 _____ <br> Street _____ <br> _____ <br> City        State      Zip Code | _____ | _____ |
| | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. <br><br> _____ <br> _____ | **How are records kept?** <br><br> *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper |
| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| 15.2 _____ <br> Street _____ <br> _____ <br> City        State      Zip Code | _____ | _____ |
| | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. <br><br> _____ <br> _____ | **How are records kept?** <br><br> *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper |

---

## Part 9:   Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

☑ No.

☐ Yes. State the nature of the information collected and retained.   _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: _____ |

Has the plan been terminated?

☐ No

☐ Yes

---

| Debtor | YRC Mortgages, LLC | Case number (If known) | 23-11091 (CTG) |
|---|---|---|---|
| | Name | | |

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, old, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account  number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 _____<br>Street _____<br>City      State      Zip Code | XXXX-_____ | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other _____ | _____ | $ _____ |
| 18.2 _____<br>Street _____<br>City      State      Zip Code | XXXX-_____ | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other _____ | _____ | $ _____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Street _____<br>City      State      Zip Code | _____<br><br>Address<br>_____<br>_____ | _____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Street _____<br>City      State      Zip Code | _____<br><br>Address<br>_____<br>_____ | _____ | ☐ No<br>☐ Yes |

Debtor    YRC Mortgages, LLC
          Name

Case number (If known)    23-11091 (CTG)

---

## Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own

21.  **Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ |
| Street | | | |
| City          State          Zip Code | | | |

---

## Part 12:  Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

■  *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

■  *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

■  *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22.  **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐  Pending |
| **Case Number** | Street | | ☐  On appeal |
| | City          State          Zip Code | | ☐  Concluded |

23.  **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |
| Street | Street | | |
| City          State          Zip Code | City          State          Zip Code | | |

---

Debtor    YRC Mortgages, LLC
          Name

Case number (If known)    23-11091 (CTG)

---

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ Street | _____ Street | _____ | _____ |
| _____ City          State     Zip Code | _____ City          State     Zip Code | | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 _____
Street
_____
City          State     Zip Code | _____
_____ | EIN: _____
**Dates business existed**
From _____    To _____ |
| Business name and address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN. |
| 25.2 _____
Street
_____
City          State     Zip Code | _____
_____ | EIN: _____
**Dates business existed**
From _____    To _____ |
| Business name and address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN. |
| 25.3 _____
Street
_____
City          State     Zip Code | _____
_____ | EIN: _____
**Dates business existed**
From _____    To _____ |

---

Debtor    YRC Mortgages, LLC
Name

Case number (If known)    23-11091 (CTG)

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None    **See Attached Rider**

| Name and address | | Dates of service |
|---|---|---|
| 26a.1 | | From _____ To _____ |
| Street | | |
| City | State | Zip Code |

| Name and address | | Dates of service |
|---|---|---|
| 26a.2 | | From _____ To _____ |
| Street | | |
| City | State | Zip Code |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1 KPMG<br>1000 WALNUT ST<br>SUITE 1000<br>KANSAS CITY, MO 64106-2162 | From 2002    To CURRENT |
| 26b.2 | From _____ To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 CARLSON, JAMIE<br>ADDRESS ON FILE | |

Debtor    YRC Mortgages, LLC
      Name

Case number (If known)    23-11091 (CTG)

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.2  OLIVIER, DANIEL<br>ADDRESS ON FILE | _____<br>_____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None    **See Attached Rider**

| Name and address |
|---|
| 26d.1 _____<br>_____<br>Street<br>_____<br>City     State     Zip Code |

| Name and address |
|---|
| 26d.2 _____<br>_____<br>Street<br>_____<br>City     State     Zip Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1 _____<br>_____<br>Street<br>_____<br>City     State     Zip Code |

Debtor  YRC Mortgages, LLC

Name

Case number (if known)  23-11091 (CTG)

| Name of the person who supervised the taking of the inventory | | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|---|
| | | | $ |

| | Name and address of the person who has possession of inventory records |
|---|---|
| 27.2 | |
| | Street |
| | City                State                Zip Code |

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| SEE RESPONSE TO QUESTION 4.1 | | | |
| YELLOW CORPORATION | 11500 OUTLOOK STREET SUITE 400 OVERLAND PARK, KS 66211 | OWNER | 100% |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☐ Yes. Identify below. **See Response to Question 4.1**

| Name | Address | Position and nature of any interest | Period during which position or interest was held | |
|---|---|---|---|---|
| | | | From | To |
| | | | From | To |
| | | | From | To |
| | | | From | To |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 | | | |
| | | | |

| Relationship to debtor |
|---|
| |

Debtor    YRC Mortgages, LLC
_____
          Name

Case number (If known)    23-11091 (CTG)

| | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.2 | | | | |
| | _____ | | | |
| | Street | | | |
| | City        State        Zip Code | | | |
| | **Relationship to debtor** | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☒ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: |

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    09/11/2023
               _____
               MM / DD / YYYY

**X** /s/ Daniel L. Olivier                                    Printed name    Daniel L. Olivier
_____                                              _____
Signature of individual signing on behalf of the debtor

Position or relationship to debtor    Chief Financial Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
☒ Yes

Debtor Name: YRC Mortgages, LLC

Case Number: 23-11091 (CTG)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 2, Question 4:** Payments or other transfers of property made within 1 year before filing this case that benefited any insider

| Debtor | Ending Balance Description | Trading Partner | Balance - July 31 2022 Receivable (Payable) | Balance - July 31 2023 Receivable (Payable) | Net Year Activity Increase (Decrease) |
|---|---|---|---|---|---|
| YRC Mortgages, LLC | Intercompany Payable To | Yellow Corporation | ($488.40) | ($522.36) | ($33.96) |

Debtor Name:  YRC Mortgages, LLC                                                                        Case Number:  23-11091 (CTG)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name and Address | From | To |
|---|---|---|
| CARLSON, JAMIE<br>ADDRESS ON FILE | JULY 2022 | CURRENT |
| FAUGHT, JAMES<br>ADDRESS ON FILE | JULY 2017 | DECEMBER 2022 |
| OLIVIER, DANIEL<br>ADDRESS ON FILE | MAY 2008 | CURRENT |
| SWEARINGEN, JAKE<br>ADDRESS ON FILE | SEPTEMBER 2020 | JUNE 2022 |

Debtor Name:  YRC Mortgages, LLC                                                                    Case Number:  23-11091 (CTG)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issues a financial statement within 2 years before filing this case.

| Name and Address |
| --- |
|  |

The Debtors are publicly traded and their financial statements are available as a matter of public record. The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements. The Debtors do not maintain complete lists or other records tracking such disclosures. Therefore, the Debtors have not provided lists of these parties in their Responses to Statement.