## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | Chapter 11 |
| YELLOW CORPORATION, et al.,[1] | Case No. 23-11069 (CTG)<br>(Jointly Administered) |
| Debtors.<br>_____/ | Related to Docket No. 16 |

**WORLD FUEL SERVICES, INC.'S LIMITED OBJECTION TO MOTION OF DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN POSTPETITION FINANCING AND (B) UTILIZE CASH COLLATERAL, (II) GRANTING LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS, (III) MODIFYING THE AUTOMATIC STAY, (IV) AUTHORIZING THE DEBTORS TO US UST CASH COLLATERAL, (V) GRANTING ADEQUATE PROTECTION, (VI) SCHEDULING A FINAL HEARING AND (VII) GRANTING RELATED RELIEF**

World Fuel Services, Inc., ("WFS"), by and through undersigned counsel, files this limited objection to the Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Modifying the Automatic Stay, (IV) Authorizing the Debtors to Use UST Cash Collateral, (V) Granting Adequate Protection, (VI) Scheduling a Final Hearing and (VII) Granting Related Relief [the "Motion," ECF No. 16], as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

**BACKGROUND**

1.      Effective June 1, 2019, WFS entered into a fuel supply agreement ("Agreement") with YRC Enterprise Services, Inc. ("YRC"), as agent for participating Affiliates, including USF Reddaway, Inc. **Ex. 1**.

2.      On June 25, 2020, WFS and YRC entered into a first amendment to the Agreement by which YRC agreed to pay WFS a business risk deposit of $200,000. **Ex. 2**.

3.      On July 23, 2020, YRC paid the $200,000 deposit (the "Deposit") to WFS. **Ex. 3**.

4.      On August 6, 2023, (the "Petition Date"), Yellow Corp. and various of its affiliates, including YRC, (collectively, the "Debtors"), filed voluntary Chapter 11 bankruptcy petitions in this Court.

5.      As of the Petition Date, the total amount owed by YRC to WFS under the Agreement was $569,255.88. **Ex. 4**.

6.      On August 7, 2023, the Debtors filed the Motion, by which the Debtors seek authority to enter into a $142.5 million (or $644 million with the Roll-Up Amount[2]) with the DIP Lenders, and to use the Cash Collateral of the Prepetition Secured Parties and the Prepetition UST Secured Parties. As collateral for the DIP Facility, the Debtors propose to provide the DIP Lenders with extensive collateral that includes a first lien on all previously unencumbered assets of the Debtors and a priming lien on certain Prepetition Collateral. The Motion also proposes to provide certain adequate protection to the Prepetition Secured Parties and Prepetition UST Secured Parties[3]

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[3] For purposes of this objection, WFS refers to the DIP Lenders/Prepetition B-2 Lenders, the Prepetition Secured Parties, the Prepetition UST Secured Parties, and any other of the Debtors' secured lenders given rights under the Motion, as the "Secured Lenders."

2

in connection with both the DIP Facility and in exchange for the Debtors' use of their Cash Collateral.[4]

## ARGUMENT

7. By this limited objection, WFS seeks to preserve its rights in the Deposit in the same priority and to the same extent that existed as of the Petition Date.

8. WFS asserts that it has a priority right to the Deposit under several alternative theories. Among other things, (a) to the extent the doctrine of recoupment applies, inasmuch as YRC's right to recover the Deposit from WFS arises out of the same Agreement that gives rise to WFS' claim against YRC, WFS's right to recoup the Deposit is superior to the rights of the Debtors' Secured Lenders, *see, e.g. In re Flagstaff Realty Assocs.*, 60 F.3d 1031, 1035 (3d Cir. 1995) ("[a] claim subject to recoupment avoids the usual bankruptcy channels and thus, in essence, is given priority over other creditor's claims"); *In re Commc'n Dynamics, Inc.*, 300 B.R. 220, 227 (Bankr. D. Del. 2003) ("[a] right of recoupment, because it is a defense to sums due by the creditor, is not subordinate to the security interest that a lender may have in the debtor's inventory"); (b) WFS holds the rights of a transferee of the Deposit superior to the rights of the Debtors' Secured Lenders, *see, e.g.,* Kan. Stat. Ann. § 84-9-332 (2021)("[a] transferee of money takes the money free of a security interest unless the transferee acts in collusion with the debtor in violating the rights of the secured party"); (c) Article 9 of the UCC does not apply to the Deposit because it is treated as a loan by YRC to WFS, and while YRC may have a receivable against which it can grant a security interest, contingent on YRC's right to recover the Deposit, it cannot grant a security interest in the Deposit itself, *see, e.g., Pers. Fin. Servs., Inc. v. Gen. Motors Acceptance Corp.*, 169

---

[4] A more detailed description of the DIP Facility, use of Cash Collateral, and the collateral and adequate protection rights provided to the Secured Lenders is set out in the Motion. This limited objection is intended to apply to all rights in the Deposit that the Debtors seek to provide to the Secured Lenders under the Motion.

F. Supp. 2d 49, 53 (D. Conn. 2001) ("[a]bsent more specific legislative regulation, and given the weight of common law and scholarly comment, a lessee maintains only an expectation that his security deposit is a debt that will be repaid") (citations omitted); *Levinson v. Shapiro,* 238 A.D. 158, 263 N.Y.S. 585 (1933) (holding that a security deposit is in essence a "loan by the lessee to the lessor, to be returned to the latter, either by applying the amount so deposited on the rent ... [or in] satisfaction of claims for damages from breaches of other covenants ... or by repaying, at the end of the term, the amount deposited"; and (d) if the Court determines that the WFS holds a security interest in the $200,000, the security interest has been perfected by possession or control, and WFS has priority because, among other things, it is unclear what, if any, interest the Secured Lenders have in the money, *see, e.g.,* Kan. Stat. Ann. §§ 84-9-313, 84-9-327 (2021).[5]

9.     Although it is not clear from the Motion if the Debtors and the Secured Lenders seek to impose a lien or security interest on the Deposit, or otherwise implicate WFS' rights to the Deposit, WFS proposes that the Court include the following language in the Motion to preserve WFS's rights:[6]

> "World Fuel Services, Inc. is in possession of a $200,000 business risk deposit ("Deposit") provided in connection with a fuel supply contract that it entered into,

---

[5] To the extent WFS' rights are protected based on a right of recoupment, the rights of a transferee under Kan. Stat. Ann. § 84-9-332 (2021), or because the transfer of the Deposit to WFS gave rise to a debt from WFS to YRC for a return of the money, the Deposit is not property of the estate subject to the grant of a security interest, and thus, would fall outside the purview of the Motion. To the extent the Deposit is property of the estate, and WFS holds a priority security interest in it, WFS is entitled to adequate protection pursuant to 11 U.S.C. §364(d)(1)(B). While the Secured Lenders have consented to the DIP Facility and use of their Cash Collateral, presumably because they are confident in the appraisal of the Debtors' assets as described in the Motion, WFS does not have such familiarity with or confidence in the appraisal, and the language proposed by WFS herein to preserve its rights to the Deposit is a reasonable resolution of this objection. Furthermore, given the size of the Deposit ($200,000) relative to the size of the DIP Facility ($142.5 Million), preserving WFS's rights to the Deposit would not have a material impact on the collateral rights provided to the DIP Lenders or to the adequate protection rights provided to the Secured Lenders as proposed by the Motion.

[6] On September 6, 2023, WFS provided Debtors' counsel with similar proposed language. Debtors' counsel circulated the proposed language to counsel for the Lenders. Presumably in light of the limited time frame to consider the language and the size of the Deposit relative to the size of the DIP Facility, Debtors' counsel has not confirmed whether the proposed language is acceptable to the Debtors and the Lenders. Furthermore, in the hopes of avoiding the filing of this objection, Debtors' counsel consented to a one day extension for WFS to file it.

effective June 1, 2019, as amended on June 25, 2020, with Debtor YRC Enterprise Services, Inc., as agent for participating Affiliates, including Debtor USF Reddaway, Inc. Notwithstanding anything herein to the contrary, WFS shall retain all of its rights to the Deposit to the same extent and in the same priority that existed pre-petition."

**WHEREFORE**, WFS respectfully requests that the Court include the proposed language set forth herein in any order granting the Motion, and for such other and further relief as the Court deems just.

Dated: September 12, 2023

Respectfully submitted,

**GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange St., Ste. 300
Wilmington, Delaware 19801
Telephone: (302) 425-5812
Facsimile: (302) 425-5814
mbusenkell@gsbblaw.com

and

**LEÓN COSGROVE JIMÉNEZ, LLP**
Andrew D. Zaron (Florida Bar No. 965790)
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (305) 740-1975
Facsimile: (305) 351-4059
azaron@leoncosgrove.com

*Counsel for World Fuel Services, Inc.*