5

**<u>Exhibit B</u>**

**Redline**

DOCS_DE:244732.2 96859/001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: Docket Nos. 20, 173, 309, 422** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO (A) PAY PREPETITION WAGES, SALARIES, OTHER
COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing the Debtors to (i) pay all prepetition wages, salaries, other compensation, and Reimbursable Expenses on account of the Compensation and Benefits Programs and (ii) continue to administer the Compensation and Benefits Programs in the ordinary course, including payment of prepetition obligations related thereto; and (b) granting related relief, in each case in the ordinary course, including payment of certain undisputed prepetition obligations related thereto, all as more fully set forth in the Motion; and upon the First Day Declaration; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion ~~and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing")~~; and this Court having determined that the legal and factual bases set forth in the Motion ~~and at the Hearing~~ establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Motion is granted on a final basis as set forth herein.

    2.    The Debtors are authorized, but not directed, to continue, modify, change, and discontinue the Compensation and Benefits Programs in the ordinary course during these chapter 11 cases and without the need for further Court approval, subject to applicable law, *provided* that the Debtors shall seek Court approval, upon a motion and notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code, *provided*, *further*, that except as expressly provided for otherwise herein, nothing in this Final Order shall, without prior court approval, authorize the Debtors to (a) pay any amounts to insiders on account of any bonus, retention, severance, or incentive programs, or (b) pay any amounts on account of the Compensation and Benefits Programs outside the ordinary course.

3. The Debtors are authorized, but not directed, to pay and honor prepetition amounts outstanding under or related to the Compensation and Benefits Programs in the ordinary course ~~in an aggregate amount not to exceed the total amount reflected in the table following this paragraph,~~ pursuant to this Final Order.

| ~~Prepetition Employee-Related Obligations~~ | ~~Amount Requested~~ |
|---|---|
| ~~**Compensation**~~ | |
| ~~Wages~~ | ~~$8,725,000~~ |
| ~~Temporary Workers Fees~~ | ~~$600,000~~ |
| ~~Deductions and Withholdings~~ | ~~$6,225,000~~ |
| ~~Reimbursable Expenses~~ | ~~$375,000~~ |
| ~~Collections Program~~ | ~~$55,000~~ |
| ~~Subtotal~~ | ~~$15,980,000~~ |
| ~~**Benefits**~~ | |
| ~~Health Plans and Additional Employee Benefits~~ | ~~TBD~~ |
| ~~Paid Time Off and Other Leaves of Absence~~ | ~~$92,900,000~~ |
| ~~Subtotal~~ | ~~TBD~~ |
| ~~Compensation and Benefits~~ | ~~TBD~~ |

4. The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Withholding and Deduction Obligations to the appropriate third-party recipients or taxing authorities in ~~the ordinary course~~ accordance with the Debtors' prepetition policies and practices.

5. The Debtors are authorized, but not directed, to: (a) continue the Health Plans in the ordinary course; (b) continue making contributions to the Health Plans; and (c) pay any prepetition amounts related thereto, including on account of any premiums, claim amounts, and administration fees to the extent that they remain unpaid as of the Petition Date.

6. The Debtors are authorized, but not directed, to pay in the ordinary course any costs and expenses incidental to payment of the Compensation and Benefits Programs obligations, including the Unpaid Payroll Processing Fees, and all administrative and processing costs~~, and necessary payments to outside professionals~~ in connection therewith.

7. The Debtors are authorized, but not directed, to: (a) make ordinary course postpetition payments ~~on behalf of obligations~~, including any related fees, accrued postpetition, in connection U.S. Severance Programs, WARN Obligations, the COBRA Benefits, and Canadian Termination Obligations, as applicable; and (b) make postpetition payments, including any related fees, on account of obligations, if any, that accrued prepetition in connection with the COBRA Benefits, WARN Obligations, or Canadian Termination Obligations, in each case to the extent required pursuant to applicable law; *provided*, *however*, for the avoidance of doubt, that the WARN Obligations only encompass the noticing costs and administrative costs to be paid by the Debtors in connection therewith and not the payment of any amounts which may be owed to Employees or Former Employees; *provided*, *further*, that nothing in this paragraph shall be deemed to authorize the Debtors to pay any amounts to insiders on account of severance.

8. The Debtors are authorized, but not directed, to continue to honor and pay PTO in the ordinary course on a postpetition basis, including making any cash-out payments of Employees' ~~or Former Employees'~~ earned but unused PTO, which accrued prepetition, regardless of any limitations under section 503(c)(2) of the Bankruptcy Code; *provided* that the Debtors ~~shall not~~are not authorized, under this Final Order, to make any such cash-out payments to Former Employees or named executive officers as that term is used in the Debtors' publicly filed proxy statements on account of PTO ~~until~~; *provided*, *further*, that upon the payment in full of the Debtors' secured debt obligations~~.~~, nothing herein shall prejudice the Debtors' ability to seek approval for authority to make any cash-out payments to Former Employees and/or named executive officers on account of earned but unused PTO by separate motion at a later time.

9. The Debtors are authorized, but not directed, to pay in the ordinary course any postpetition Non-Employee Director Fees.

4

10. Nothing herein shall be deemed to authorize the payment of any amounts that violates or implicates section 503(c) of the Bankruptcy Code; provided that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code by separate motion at a later time.

11. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits Programs obligations.

12. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

13. Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases

5

14. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized, ~~but not directed,~~ to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

| | |
|---|---|
| **Summary report:** <br> **Litera Compare for Word 11.3.1.3 Document comparison done on 9/12/2023 6:20:01 PM** | |
| **Style name:** Color (Kirkland Default) | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Yellow - Wages Motion [As Filed].DOCX | |
| **Modified DMS:** iw://DMS.KIRKLAND.COM/LEGAL/99395430/10 | |
| **Changes:** | |
| Add | 25 |
| Delete | 26 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 52 |