## Exhibit B

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (——CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket ~~No~~Nos. ~~6~~, 174, 311 |

**FINAL ORDER (I) AUTHORIZING
THE DEBTORS TO (A) MAINTAIN
INSURANCE COVERAGE ENTERED INTO
PREPETITION AND PAY RELATED PREPETITION
~~PREPETITION~~ OBLIGATIONS AND (B) RENEW, SUPPLEMENT, MODIFY, OR
PURCHASE INSURANCE COVERAGE, (II) APPROVING CONTINUATION ~~OF~~
OF THE SURETY BOND PROGRAM, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of this final order (this "Final Order"), (a) authorizing, but not directing, the Debtors to (i) maintain coverage under the Insurance Policies ~~(as defined herein)~~ [3] and pay any related prepetition or postpetition amounts or obligations related hereto and (ii) renew, supplement, modify, or purchase insurance coverage in the ordinary course, (b) approving continuation of the Surety Bond Program, and (c) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' ~~proposed~~ claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3]   For the avoidance of doubt, the term Insurance Policies shall include all insurance policies issued or providing any coverage at any time to the Debtors or their predecessors, whether expired, current, or prospective, and any agreements related thereto, whether or not listed on Exhibit C to this Final Order, including, without limitation, the Workers' Compensation Programs.

~~this~~the district ~~C~~court having jurisdiction ~~over this matter pursuant to~~under 28 U.S.C. §~~§ 157 and 1334 and~~ 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion ~~and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing")~~; and this Court having determined that the legal and factual bases set forth in the Motion ~~and at the Hearing~~ establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors shall serve a copy of the Motion and this Final Order on each Insurance Carrier[4] listed in Exhibit C attached to this Final Order and each surety listed in Exhibit D attached to ~~the Motion~~this Final Order within two business days after entry of this Final Order.

---

[4]     For the avoidance of doubt, the term Insurance Carrier shall include all insurance carriers and third-party administrators that issued or entered into the Insurance Policies, whether or not such Insurance Carriers are identified on Exhibit C to this Final Order.

3.    The Debtors are authorized, but not directed, to:  (a) continue and maintain the Insurance Policies[2], including without limitation the Workers' Compensation Programs,[5] and the Surety Bonds and pay any and all related prepetition or postpetition amounts or obligations in the ordinary course, including, without limitation, all premiums (including insurance premiums and audit premiums), all deductibles (including funded or corridor deductibles), all self-insured retentions (including corridor self-insured retentions), expenses, assessments, surcharges, service fees, broker fees, and all other amounts (including any collateral) arising under or in connection with the Insurance Policies and any amounts or obligations that may be owed to the Broker; *provided* that the Debtors shall provide seven (7) calendar days' notice to the U.S. Trustee, the Official Committee of Unsecured Creditors (the "Committee"), the United States Department of the Treasury (the "Treasury"), the Junior DIP Lender, the Junior DIP Agent, the B-2 Lenders, the B-2 Agent, the ABL Lenders, the ABL Agent, the Prepetition UST Tranche A Agent, and the Prepetition UST Tranche B Agent prior to posting any additional collateral; and (b) renew, amend, supplement, extend, orendorse, modify, purchase, and/or enter into new Insurance Policies and Surety Bonds, in each case, to the extent that the Debtors determine that such action is in the best interest of their estates.; *provided* that the Debtors shall provide notice of any such modifications to, or cancellation of, their existing insurance coverage to the U.S. Trustee, the Committee, the Treasury, the Junior DIP Lender, the Junior DIP Agent, the B-2 Lenders, the B-2 Agent, the ABL Lenders, the ABL Agent, the Prepetition UST Tranche A Agent, and the

---

[2]  For the avoidance of doubt, the term Insurance Policies shall include all insurance policies issued or providing coverage at any time to the Debtors or their predecessors and any agreements related thereto, whether or not listed on Exhibit C attached to the Motion.

[5]  For the avoidance of doubt, the term Workers' Compensation Programs shall include all workers' compensation policies and all workers' compensation excess policies issued or providing coverage at any time to the Debtors or their predecessors, whether expired, current or prospective, and any agreements related thereto, whether or not listed on Exhibit C attached to this Final Order.

Prepetition UST Tranche B Agent within seven (7) calendar days of the effective date of such modification or cancellation.

4.      The automatic stay of section 362(a) of the Bankruptcy Code, if and to the extent applicable, is hereby lifted without further order of the Court to permit (a) claimants to proceed with any claims (whether arising before or after the Petition Date) covered by the Workers' Compensation Programs or direct action claims in the appropriate judicial or administrative forum; (b) Insurance Carriers and the sureties under the Surety Bonds (the "Sureties") to handle, administer, defend, settle and/or pay workers' compensation claims and direct action claims; and (c) Insurance Carriers providing coverage (whether primary or excess coverage) for or handling any workers' compensation claims or direct action claims and the Sureties to draw on and apply any and all of their respective collateral provided by or on behalf of the Debtors therefor, including letters of credit and the proceeds thereof,  without further order of the Court, and with respect to the Insurance Carriers only, if and when the Debtors fail to pay and/or reimburse the Insurance Carriers for any amounts in relation thereto, and with respect to the Sureties, in accordance with the Sureties' indemnity agreements, Surety Bonds, collateral and/or other agreements (collectively, the "Surety Documents").

5.      4. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

6.    Nothing in this Final Order or the Motion (a) alters, amends or modifies the terms and conditions of any of the Insurance Policies, including, but not limited to, (i) the obligation, if any, of any Insurance Carrier to pay defense costs and any amounts within a deductible and the right, if any, of any Insurance Carrier to seek reimbursement from the Debtors therefor, (ii) the obligation, if any, of the Debtors to reimburse any Insurance Carrier for defense costs and any amounts that are within a deductible and/or any amounts that such Insurance Carrier advances or otherwise pays on behalf of the Debtors, (iii) the right, if any, of any Insurance Carrier to cancel or otherwise alter or modify any Insurance Policies or any portion thereof, (iv) the right, if any, of any Insurance Carrier to require the Debtors to post or provide additional and/or substitute forms and/or amounts of collateral, and (v) the right, if any, of any Insurance Carrier to draw on and apply any collateral to any and all obligations under the Insurance Policies to the extent that the Debtors fail to pay and/or reimburse the Insurance Carrier therefor (and, if and to the extent applicable, the automatic stay of section 362 of the Bankruptcy Code is hereby modified to permit such); (b) relieves the Debtors of any of their obligations under the Insurance Policies; (c) creates or permits a direct right of action against an Insurance Carrier; (d) precludes or limits, in any way, the rights of any Insurance Carrier to contest and/or litigate the existence, primacy and/or scope of available coverage under any of the Insurance Policies and/or to deny coverage under any of the Insurance Policies; or (e) waives any Insurance Carrier's claims or rights against the Debtors, any of the Debtors' subsidiaries or affiliates, or any other person, entity, property or parties liable to such Insurance Carrier (whether under the Insurance Policies or otherwise).

7.    5. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

8.    Nothing contained in the Motion or this Final Order shall alter, limit, modify, or impair the rights or defenses of the Sureties under any of the Surety Documents, or otherwise, and all such rights and interests are reserved and preserved.

9.    6. Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

10.    7. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests

that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

11.    8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.    9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13.    10. The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

14.    11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Exhibit C**

**Insurance Policies**

## Exhibit C

## Insurance Policies

| Insurance Carrier | Policy Type | Policy No. | Expiration Date | Annual Premium |
|---|---|---|---|---|

## Exhibit D

**Surety Bonds**

## **Exhibit D**

### **Surety Bonds**

| Principal | Bond No. | Obligee | Nature of Bond | Expiration Date | Bond Amount |
|-----------|----------|---------|----------------|-----------------|-------------|

| Summary report:<br>Litera Compare for Word 11.3.1.3 Document comparison done on<br>9/12/2023 10:15:55 PM | |
|---|---|
| **Style name:** Color (Kirkland Default) | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://dms.kirkland.com/LEGAL/99394034/1 | |
| **Modified DMS:** iw://dms.kirkland.com/LEGAL/99394034/8 | |
| **Changes:** | |
| Add | 47 |
| Delete | 27 |
| Move From | 3 |
| Move To | 3 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 80 |