# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket Nos. 12, 176, 310 |

## FINAL ORDER
## (I) AUTHORIZING DEBTORS
## TO PAY PREPETITION CLAIMS OF CERTAIN
## CRITICAL VENDORS, 503(b)(9) CLAIMANTS, LIEN CLAIMANTS,
## AND FOREIGN VENDORS (II) CONFIRMING ADMINISTRATIVE EXPENSE
## PRIORITY OF OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (a) authorizing the Debtors to pay prepetition amounts owing on account of (i) Critical Vendor Claims, (ii) 503(b)(9) Claims, (iii) Lien Claims, and (iv) Foreign Vendor Claims; (b) granting administrative expense priority to all undisputed obligations on account of goods ordered by the Debtors prior to the date hereof that will not be delivered until after the Petition Date and authorizing the Debtors to satisfy such obligations; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay all or part of, and discharge, on a case-by-case basis, the Specified Trade Claims on a final basis, absent further order of the Court; *provided*, *however*, that the Debtors shall provide the advisors to the Committee with three (3) business days' advance notice of any proposed payments of the Specified Trade Claims and, to the extent three (3) business days' advance notice is not reasonably practicable under the circumstances, as much advance notice as is possible under the circumstances.

3. All undisputed obligations related to the Outstanding Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

4. The Debtors are authorized, but not directed, to pay all undisputed amounts relating to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

5. As a condition to receiving payment hereunder, the Debtors shall use commercially reasonable efforts to require, by written agreement, such parties to continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, product mix, availability, and other programs) consistent with the parties' ordinary course practice (collectively, the "Customary Trade Terms").  The Debtors reserve the right to require more favorable trade terms with any party as a condition to payment of any prepetition claim.

6. If any party accepts payment hereunder for a prepetition obligation of the Debtors premised on compliance with the above, and thereafter fails to comply with the Customary Trade Terms, or other such terms as agreed to by the Debtors, then:  (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and, therefore, immediately recoverable in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

7. Any Specified Trade Claimant that accepts payment from the Debtors on account of all or a portion of such party's claim pursuant to this Final Order shall be deemed to (a) agree to the terms and provisions of this Final Order and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties. The Debtors shall provide a copy of this Final Order to any Specified Trade Claimant to whom a payment is made pursuant to this Final Order.

8. Nothing herein shall impair or prejudice the Debtors' or any other party-in-interest's ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Specified Trade Claimant. The Debtors do not concede that any claims satisfied pursuant to this Final Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection, or to seek the avoidance of all such liens or the priority, of such claims.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

10. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim;

(d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

11. Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

12. The Debtors shall maintain a matrix summarizing the name of each Specified Trade Claimant paid on account of its Specified Trade Claims, and the amount paid by each Debtor to each Specified Trade Claimant on account of its Specified Trade Claim. Upon reasonable request, but no less than on a monthly basis, the Debtors shall deliver an updated copy of the matrix to the United States Trustee, counsel to the Committee, counsel to the Junior DIP Lender, counsel to the Junior DIP Agent, counsel to the Treasury, counsel to the B-2 Lenders, and counsel to the ABL Agent.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

14. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

18. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: September 13th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**