**Exhibit B**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. __ |

### ORDER (I) APPROVING THE DEBTORS' SELECTION OF A STALKING HORSE BIDDER, (II) APPROVING BID PROTECTIONS IN CONNECTION THEREWITH, (III) AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) approving Estes Express Lines as the stalking horse bidder (the "Real Estate Stalking Horse Bidder") for the sale of the Acquired Assets (as defined in the Real Estate Stalking Horse APA) and (b) approving the Estes Bid Protections in connection therewith, and (c) granting related relief all as more fully set forth in the Motion; and upon the First Day Declaration; and upon the Stalking Horse Declaration; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**FOUND, CONCLUDED AND DETERMINED THAT:[3]**

A. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested in the Motion are Bankruptcy Code sections 105, 363, 365, 503, and 507. Such relief is also warranted pursuant to Bankruptcy Rules 2002, 6004, 6006(a), and 9014.

B. The relief granted herein is in the best interests of the Debtors, their estates and other parties in interest.

C. The Debtors have articulated good and sufficient business reasons for the Court to (i) approve the Real Estate Stalking Horse Bidder as the highest and otherwise best offer currently available for the Acquired Assets (as defined in the Real Estate Stalking Horse APA) and (ii)

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

approve the payment of the Breakup Fee and Expense Reimbursement (each as defined in the Real Estate Stalking Horse APA, collectively, the "Estes Bid Protections") to the Real Estate Stalking Horse Bidder in accordance with the Real Estate Stalking Horse APA.

        D.      The Debtors have demonstrated that the Estes Bid Protections are actual and necessary costs and expenses of preserving the Debtors' estates, within the meaning of section 503(b) of the Bankruptcy Code, and commensurate to the real and substantial benefits conferred upon the Debtors' estates by the Real Estate Stalking Horse Bidder by inducing the Real Estate Stalking Horse Bidder's Bid for the Acquired Assets, which has established a bid standard or minimum for other bidders for the Acquired Assets, thereby ensuring that during the Auction, if any, the Debtors receive the highest or best Bid possible for the Acquired Assets. The Debtors have also demonstrated that the Real Estate Stalking Horse Bidder required the Estes Bid Protections set forth in the Motion and the Real Estate Stalking Horse APA as a condition to agreeing to be the Real Estate Stalking Horse Bidder for the Acquired Assets, such Estes Bid Protections are reasonable and appropriate in light of the size and nature of the proposed sale and comparable transactions, the commitments and accommodations of the Real Estate Stalking Horse Bidder that have been made for the benefit of the Debtors' estates, and the efforts that have been and will be expended by the Real Estate Stalking Horse Bidder.  The Real Estate Stalking Horse Bidder has thus provided a material benefit to the Debtors, their estates and creditors by increasing the likelihood that the best possible purchase price for the Acquired Assets will be realized. Accordingly, the Estes Bid Protections are fair, reasonable and appropriate, and necessary to facilitate a competitive, value-maximizing sale for the benefit of the Debtors' estates.

E. Due, sufficient, and adequate notice of the hearing on the Motion and the relief requested in the Motion and the relief granted herein has been given in light of the circumstances and the nature of the relief requested, and no other or further notice thereof is or shall be required.

F. The Estes Bid Protections (i) shall be deemed an actual and necessary cost of preserving the Debtors' estates within the meaning of section 503(b) of the Bankruptcy Code; (ii) are of substantial benefit to the Debtors' estates; (iii) are reasonable and appropriate, including in light of the size and nature of the proposed Transaction under the Real Estate Stalking Horse APA and the efforts expended by the Real Estate Stalking Horse Bidder in negotiating and ultimately offering the Real Estate Stalking Horse APA; and (iv) enable the Debtors to promote a sale or sales of the Acquired Assets with the greatest benefit, and proceeds for the Acquired Assets, to the estate.

G. The Estes Bid Protections were negotiated by the Debtors and the Real Estate Stalking Horse Bidder in good faith and at arms-length.

H. The Real Estate Stalking Horse Bidder is not an "insider" or "affiliate" of any of the Debtors, as those terms are defined in section 101 of the Bankruptcy Code, and no common identity of directors, officers or controlling stockholders exists among the Real Estate Stalking Horse Bidder and the Debtors. The Real Estate Stalking Horse Bidder and its counsel and advisors have acted in "good faith" within the meaning of section 363(m) of the Bankruptcy Code in connection with the Real Estate Stalking Horse Bidder's negotiations of the Estes Bid Protections and the Bidding Procedures and entry into the Real Estate Stalking Horse APA.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Any objections filed in response to the Motion and the relief granted herein, to the extent not resolved as set forth herein or at the hearing on the Motion, are hereby overruled.

3. Notwithstanding any procedure set forth in the Bidding Procedures Order, Estes Express Lines (the "Estes") shall be the Real Estate Stalking Horse Bidder for the Acquired Assets.

4. The Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to enter into and perform under the Real Estate Stalking Horse APA, subject to higher and/or better Bids regarding the Acquired Assets in accordance with the Bidding Procedures.

5. The Debtors are authorized to perform all obligations of the Debtors set forth in the Real Estate Stalking Horse APA that are intended to be performed prior to the applicable Sale Hearing for the Acquired Assets and prior to the entry of the applicable Sale Order for the Acquired Assets, subject to the terms of the Bidding Procedures.

6. Notwithstanding anything in the Bidding Procedures Order to the contrary, pursuant to Bankruptcy Code sections 105, 363 and 503, the Estes Bid Protections are hereby approved and the Debtors are hereby authorized to pay the Estes Bid Protections to the Stalking Horse Bidder pursuant to the terms of the Real Estate Stalking Horse APA. The obligation to pay the Estes Bid Protections to the Real Estate Stalking Horse Bidder (i) shall be entitled to administrative expense claim status under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code; (ii) shall not be subordinate to any other administrative expense claim against the Debtors' estates, (iii) shall not be altered, amended, discharged, or affected by any chapter 11 plan proposed or confirmed in these Chapter 11 Cases without the prior written consent of the Real Estate Stalking Horse Bidder, (iv) shall not be subject to any bar date in these Chapter 11 Cases or any requirement to file any request for allowance of an administrative expense claim or proof of claim;

and (v) the Debtors' obligation to pay the Estes Bid Protections, including the Breakup Fee and Expense Reimbursement, shall survive termination of the Real Estate Stalking Horse APA and dismissal or conversion of these Chapter 11 Cases.

7. Notwithstanding anything to the contrary in the Bidding Procedures Order: (i) the Real Estate Stalking Horse Bidder shall be deemed a Qualified Bidder and the Real Estate Stalking Horse Bidder's Bid as set forth in the Real Estate Stalking Horse APA is a Qualified Bid under the Bidding Procedures and (ii) if the Debtors furnish to any Acceptable Bidder for the Acquired Assets any material information related to the Debtors not theretofore given to the Real Estate Stalking Horse Bidder, then the Debtors shall as promptly as practicable provide the Real Estate Stalking Horse Bidder any such information.

8. Except with respect to the rights and claims of the Real Estate Stalking Horse Bidder as set forth in the Real Estate Stalking Horse APA, including without limitation the Estes Bid Protections, nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors'

estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

9. The Debtors are hereby authorized and empowered to take such actions as may be necessary to implement and effect the terms and requirements established by this Order.

10. This Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.  To the extent there is any conflict between the terms of this Order and the terms of the Bidding Procedures Order, the terms of this Order shall control.