**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Proposed Hearing Date:  On or before September 22, 2023, (subject to Court availability)** |
| | **Objection Deadline:  4:00 p.m. (ET) two business days prior to the Hearing** |

**DEBTORS' MOTION FOR ENTRY**
**OF AN ORDER (I) SHORTENING THE**
**NOTICE AND OBJECTION PERIOD FOR THE DEBTORS'**
**REAL ESTATE STALKING HORSE MOTION AND**
**(II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")
respectfully state the following in support of this motion (this "<u>Motion</u>"):[2]

## **Relief Requested**

1.    The Debtors seek entry of an order (the "<u>Order</u>"), substantially in the form attached
hereto:  (a) shortening the notice and objection periods for the *Debtors' Motion for Entry of an
Order (I) Approving the Debtors' Selection of a Real Estate Stalking Horse Bidder, (II) Approving
Bid Protections In Connection Therewith, and (III) Granting Related Relief* (the "<u>Real Estate</u>

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of Debtors' principal place
of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400,
Overland Park, Kansas 66211.

[2]    A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to
the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer
of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14]
(the "<u>First Day Declaration</u>").  Capitalized terms used but not immediately defined in this Motion have the
meanings ascribed to them in the Bidding Procedures, the Bidding Procedures Order, or in the First Day
Declaration, as applicable.

<u>Stalking Horse Motion</u>"),[3] filed contemporaneously herewith, setting the hearing to consider entry of an order approving the Real Estate Stalking Horse Motion (the "<u>Real Estate Stalking Horse Order</u>") **on or before September 22, 2023** (as scheduled, subject to Court availability, the "<u>Hearing</u>") and setting the objection deadline to the entry of the Real Estate Stalking Horse Order to **4:00 p.m. (ET) on the date that is two (2) business days prior to the Hearing**, and (b) granting related relief.

### <u>Jurisdiction and Venue</u>

2.      The United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "<u>Amended Standing Order</u>").  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Local Rules</u>"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3]    Capitalized terms used but not defined herein have the meanings given to them in the Real Estate Stalking Horse Motion or the Real Estate Stalking Horse APA (attached as <u>Exhibit A</u> thereto), as applicable.  Any inconsistency between this Motion and the Real Estate Stalking Horse APA shall be resolved by reference to the Real Estate Stalking Horse APA.

4.      The statutory bases for the relief requested herein are sections 102(1) and 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 9006(c).

5.      On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169].

6.      The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee").  No trustee or examiner has been appointed in these chapter 11 cases.

7.      On August 7, 2023, the Debtors filed the *Debtors' Motion Seeking Entry of an Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling an Auction and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Therefore; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 22] (the "Sale Motion").

8.      Substantially contemporaneously herewith, the Debtors filed the Real Estate Stalking Horse Motion.  In addition, on September 11, 2023, the Debtors filed a notice with a revised proposed bidding procedures order and related revised Bidding Procedures [Docket No.

444] in advance of the September 15, 2023 hearing to consider approval of the bidding procedures relief in the Sale Motion.

**Basis for Relief**

9. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

10. Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom, and the form and matter in which, notice shall be given; this includes the authority to determine appropriate notice for conducting a hearing on the matters presented by the Real Estate Stalking Horse Motion. Bankruptcy Rule 9006(c) further provides that the Court "for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions given the accelerated time frame of bankruptcy proceedings); *see also Hester v. NCNB Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

11. Bankruptcy Local Rule 6004-1(c) provides, in pertinent part, as follows:

4

> The Court will only schedule a hearing to consider approval of bidding and sale procedures in accordance with the notice procedures set forth in Del. Bankr. L.R. 9006-1, unless the requesting party files a motion to shorten notice which may be heard at the first hearing in the case and presents evidence at that hearing of compelling circumstances.

Del. Bankr. L.R. 6004-l(c).

12.    Bankruptcy Local Rule 9006-l requires "all motion papers shall be filed and served . . . at least fourteen (14) days prior to the hearing date."  According to Local Rule 9006-1(e), however, the notice period may be shortened "by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).  Further, the Court may rule on such motion for shortened notice promptly without need for a hearing.  *Id.*

13.    As described in the Real Estate Stalking Horse Motion, approval of the Real Estate Stalking Horse APA will provide numerous benefits to the Debtors' estates.  The Purchase Price ($1.525 billion) for the Debtors' Owned Properties (a) exceeds the value of the Debtors' entire outstanding prepetition secured capital structure, (b) establishes a substantial price floor for the Debtors' Owned Properties in the aggregate, and (c) will be subject to further competitive bidding under the Debtors' proposed Bidding Procedures.

14.    Under the Real Estate Stalking Horse APA, which was negotiated at arms' length and in good faith between the Debtors and the Real Estate Stalking Horse Bidder over the course of several hard-fought weeks, the Real Estate Stalking Horse Bidder may terminate the Real Estate Stalking Horse APA "if for any reason the SH Approval Date has not occurred on or prior to September 22, 2023."  *See* Real Estate Stalking Horse APA at § 8.1(k) ("Termination of Agreement").  The SH Approval Date is defined under the Real Estate Stalking Horse APA as the date of "entry by the Bankruptcy Court of an Order . . . (i) approving Purchaser as the Stalking

Horse Bidder . . . and (ii) approving the Breakup Fee and Expense Reimbursement . . . ." Accordingly, the Debtors respectfully request that the Real Estate Stalking Horse Order be entered on or prior to September 22, 2023 (which is ten (10) calendar days from the filing of this Motion) to prevent the risk of the Real Estate Stalking Horse Bidder terminating the Real Estate Stalking Horse APA in accordance with its terms.  If such a scenario were to occur, the benefits of the Real Estate Stalking Horse APA would be lost upon the Debtors, their estates, and their stakeholders.

15.     The Debtors recognize that, if the relief requested in this Motion is granted, the Real Estate Stalking Horse Motion would be heard on a compressed timeline.  However, the Debtors believe that having the Real Estate Stalking Horse Bidder in place is important to maximizing the value of the proceeds to be generated from the Sale (or Sales) of the Debtors' Owned Properties pursuant to the proposed Bidding Procedures.  Further, and importantly, the Hearing on the Real Estate Stalking Horse Motion will only address the designation of Estes as the Real Estate Stalking Horse Bidder, the Estes Bid Protections (customary in transactions of this type and purpose), and related relief, and will *not* address the ultimate approval of the Sale (or Sales) of the Debtors' Assets, including the Acquired Assets under the Real Estate Stalking Horse APA.  Further, as mentioned above, the Debtors believe it is important that the Hearing be set for before the SH Approval Date to avoid the risk of the Real Estate Stalking Horse Bidder withdrawing the Real Estate Stalking Horse APA.

16.     As set forth in the Real Estate Stalking Horse Motion and the Real Estate Stalking Horse Declaration, the Debtors, with the assistance of their advisors, including Ducera, are working diligently to secure the highest or otherwise best Bid (or Bids) for their Assets, and will continue to do so over the coming months pursuant to the proposed Bidding Procedures.  The Debtors' selection of Estes as the Real Estate Stalking Horse Bidder is an instrumental step in the

Debtors' sale process and will set a minimum (and significant) price for the Debtors' Owned Properties (taken in the aggregate) prior to the commencement of the Auction (if necessary), which is scheduled to commence on November 27, 2023 at 2:30 p.m. (ET) under the proposed Bidding Procedures.

17.    Additionally, as set forth in the Real Estate Stalking Horse Declaration, providing the Estes Bid Protections to the Real Estate Stalking Horse Bidder is necessary to induce the Real Estate Stalking Horse Bidder to subject its offer to other Bids for the Acquired Assets (including combinations of Bids, if applicable) and are consistent with (if not significantly below) current market standards.  The Debtors are not prejudicing any party with above-market bid protections that would direct value away from the estates to a stalking horse bidder.  To the contrary, the Debtors submit that the Estes Bid Protections are a reasonable and worthwhile cost to yield the many benefits provided to the Debtors' estates by the Real Estate Stalking Horse Bidder. Accordingly, the Debtors respectfully request that the Hearing be held on shortened notice to lock in these benefits while avoiding the risk of triggering the Real Estate Stalking Horse Bidder's termination right under the Real Estate Stalking Horse APA.

18.    There is no feasible alternative to the shortened notice period  without risking losing the benefits of the Real Estate Stalking Horse APA.  As mentioned, the Real Estate Stalking Horse APA provides the Real Estate Stalking Horse Bidder with a termination right on September 22, 2023.  Moreover, the Debtors have signaled on the record (and, in turn, publicly to the market) that a stalking horse bid for the Owned Properties in the range of the Purchase Price was being pursued.  Indeed, the Debtors spent several weeks negotiating with both Old Dominion and Estes regarding a stalking horse bid for the Acquired Assets before  determining to pursue the Real Estate Stalking Horse APA.  Proceeding to the Auction without the Real Estate Stalking Horse APA in

hand would almost certainly send a negative message to the market and other potential bidders regarding the value of the Debtors' Owned Properties, to the detriment of the Debtors' estates and to potential recoveries.

19.    The notice period prior to a hearing on approval of a stalking horse and the provision of bid protections has been shortened by courts in this jurisdiction under similar exigent circumstances.  *See, e.g.*, *In re Promise Healthcare Group, LLC*, No. 18-12491 (CSS) (Bankr. D. Del. Feb. 11, 2019) (hearing notice period shortened to three days); *In re Cal Dive International, Inc.*, No. 15-10458 (CSS) (Bankr. D. Del. June 17, 2015) (hearing notice period shortened to five days); *In re Dendreon Corporation*, No. 14-12515 (LSS) (Bankr. D. Del. Jan. 29, 2015) (hearing notice period shortened to six days); *In re Delta Petroleum Corporation*, No. 11-14006 (KJC) (Bankr. D. Del. Mar. 16, 2012) (hearing notice period shortened to six days).[4]

## Conclusion

20.    The Debtors submit that the relief requested in the Stalking Horse Motion will benefit all parties in interest and that shortening the notice period will not unduly prejudice any party in interest and any such parties will still be provided with an opportunity to be heard on the Real Estate Stalking Horse Motion.  Accordingly, the Debtors submit that, for the reasons set forth above, shortening the notice for the Hearing to enter the Real Estate Stalking Horse Order is appropriate in this instance and is in the best interest of all parties.

## Local Rule 9006-1(e) Averment

21.    On September 12, 2023, Debtors' counsel shared drafts of this Motion and the Real Estate Stalking Horse Motion with the Office of the United States Trustee ("UST") and counsel to

---

[4]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

the Committee, among other key stakeholders.  Neither the UST nor the Committee has taken a position on the request to shorten notice as of the filing of this Motion.

### Notice

22.     Notice of the hearing on the relief requested in this Motion will be provided by facsimile, electronic mail (where available), overnight courier or hand delivery, to the following parties, or in lieu thereof, their counsel, if known:  (a) the U.S. Trustee for the District of Delaware; (b) the Committee; (c) the Prepetition Secured Parties and counsel thereto; (d) the Prepetition UST Secured Parties and counsel thereto; (e) the Real Estate Stalking Horse Bidder and counsel thereto; (f) the Junior DIP Secured Parties and counsel thereto; (g) the Postpetition B-2 Secured Parties and counsel thereto; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

23.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, respectively, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  September 13, 2023
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | Whitney Fogelberg (admitted *pro hac vice*) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |

Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Facsimile:     (302) 652-4400
Email:          ljones@pszjlaw.com
                    tcairns@pszjlaw.com
                    pkeane@pszjlaw.com
                    ecorma@pszjlaw.com

Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200
Email:          patrick.nash@kirkland.com
                    david.seligman@kirkland.com
                    whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900
Email:          allyson.smith@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*