IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket Nos. 19 & 177 |

**FINAL ORDER (I) AUTHORIZING
THE DEBTORS TO CONSENT TO LIMITED RELIEF FROM
THE AUTOMATIC STAY TO PERMIT SETOFF OF CERTAIN CUSTOMER
CLAIMS AGAINST THE DEBTORS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"): (a) authorizing the Debtors to consent to limited relief from the automatic stay solely to permit modifying the automatic stay to setoff certain customer claims against the Debtors and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth in this Final Order.

2. The Debtors are authorized, but not directed, to continue to administer Customer Programs and honor any undisputed prepetition obligations related to the Customer Programs in the ordinary course of business, on a final basis consistent with prepetition practices and in accordance with this Final Order.

3. The Debtors shall use commercially reasonable efforts, to enter into the Setoff Agreement as a condition to offset wherever practical, substantially in the form attached to this Final Order as **Exhibit 1**, that provides for an offset right in exchange for the Customer promptly remitting all amounts outstanding to the Debtors; *provided, however,* the Debtors shall obtain the consent of the Official Committee of Unsecured Creditors (the "Committee") prior to providing any setoff, offset, or recoupment in an amount of $200,000 or greater to any single Customer (whether by a single setoff or by aggregating any prior setoffs provided to a Customer since the entry of this Final Order).

4. Subject to paragraph 5, to the extent necessary, the automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to allow the Debtors or Customers to setoff and/or recoup mutual debts to the extent set forth in an executed Setoff Agreement or, where entry

into a Setoff Agreement is not practical, such other agreement as made between the Debtors and the customer, provided that all such setoff and recoupment shall be performed consistent with the terms of the applicable Customer Contract, Setoff Agreement, or such other agreement as made between the Debtors and the customer.

5. The Debtors are authorized, but not directed, in their sole discretion, to consent to the modification of the automatic stay, solely for the purpose of conducting a setoff of amounts owed to the Debtors pursuant to such Setoff Agreement or other arrangement to the extent a Setoff Agreement is not obtained.

6. If any party accepts payment hereunder for a prepetition obligation of the Debtors premised on compliance with the above, and thereafter fails to remit payment to the Debtors, then: (a) any payment or setoff on account of a prepetition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and, therefore, immediately recoverable in cash upon written request by the Debtors; *provided*, that such party shall be provided reasonable opportunity to contest such request; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such Customer will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

7. The Debtors shall maintain records of all reductions to accounts receivable in their accounting system in the ordinary course of business and provide reports by customer showing reductions in receivables upon reasonable request and on a monthly basis to the financial advisor

to the Committee, counsel to the Junior DIP Lender, counsel to the Junior DIP Agent, counsel to the Treasury, counsel to the B-2 Lenders, counsel to the B-2 Agent, counsel to the UST Tranche A Agent, counsel to the UST Tranche B Agent, and counsel to the ABL Agent.

8. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: September 13th, 2023
Wilmington, Delaware

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**