IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 23-11069 (CTG) *et seq.*<br><br>(Jointly Administered)<br><br>Hearing Date: September 15, 2023 at 11:30 a.m.<br>Re: Docket Nos. 22, 302, 303, 391, 412, 413, 432 and 442. |

**JOINDER OF WINTRUST COMMERCIAL FINANCE IN PACCAR FINANCIAL CORP.'S (I) RESERVATION OF RIGHTS AND RESPONSE TO DEBTORS' MOTION FOR APPROVAL OF CONTRACT AND LEASE REJECTION PROCEDURES [DKT. NO. 391]; AND (II) RESERVATION OF RIGHTS AND RESPONSE TO DEBTORS' MOTION FOR APPROVAL OF PROPOSED BIDDING PROCEDURES [DKT. NO. 22] AND JOINDER BY VALLEY NATIONAL BANK [DKT. NO. 432] AND EAST WEST BANK'S OMNIBUS OBJECTION TO INTERIM DIP ORDER AND INTERIM CASH COLLATERAL ORDER [DKT. NO. 442] AND RESERVATION OF RIGHTS**

Wintrust Commercial Finance, a division of Wintrust Asset Finance Inc. ("Wintrust"), owner and lessor of 203 Wabash National pup trailers, hereby joins (the "Joinder") in PACCAR Financial Corp.'s (i) *Reservation of Rights and Response to Debtors' Motion for Approval of Contract and Lease Rejection Procedures* [Dkt. No. 391] [Docket No. 413] (the "PACCAR Rejection

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

Procedures ROR"), which was filed in response to the Debtors' *Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 391] (the "Contract and Lease Rejection Procedures Motion"); and (ii) *Reservation of Rights and Response to Debtors' Motion for Approval of Proposed Bidding Procedures* [Docket No. 22] [Docket No. 412] (the "PACCAR Bidding Procedures ROR," and together with the PACCAR Rejection Procedures ROR, the "PACCAR ROR"), which was filed in response to the Debtors' *Motion for Entry of an Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets, (B) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (C) Approving Assumption and Assignment Procedures, (D) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 22] (the "Bidding Procedures Motion"), including the Joinder by Valley National Bank ("VBN") [Docket No. 432] (the "VNB Joinder") and *East West Bank's Omnibus Objection to Interim DIP Order and Interim Cash Collateral*

*Order* [Docket No. 303] ("EWB Omnibus Objection") [Docket No. 442] and states as follows:

1. Debtor, YRC Enterprise Services, Inc. and Wintrust, as assignee of PNC Bank, N.A., successor-in-interest to PNC Equipment Finance, LLC, are parties to that certain Master Lease Agreement No. 137542 dated as of March 16, 2016 (the "Master Lease") under which Wintrust agreed to lease to Debtor, YRC, Inc., certain Wabash National 28' pup trailers and related parts, accessories, attachments equipment (collectively, the "Wintrust Rolling Stock") described in four schedules to the Master Lease (the "Wintrust Lease Schedules"). The Master Lease, the Wintrust Lease Schedules and the other related transaction documents are collectively referred to herein as the "Wintrust Lease Documents."

**JOINDER TO PACCAR ROR AND VBN JOINDER MOTION**

2. Wintrust joins in the PACCAR ROR and the VNB Joinder Motion because, like PACCAR and VNB's assets, the Wintrust Rolling Stock are or may be located at properties subject to Real Property Leases that, in turn, could be rejected under the rejection procedures proposed in the Contract and Lease Rejection Procedures Motion. The rejection of such Real Property Leases (and the Debtors' corresponding vacation of the subject premises) could have an

3

adverse impact on Wintrust and its ability to access and retrieve the Wintrust Rolling Stock located at these sites, if necessary.

3. Further, Wintrust agrees that, to the extent that the Debtors seek authority to abandon personal property located at premises subject to Real Property Leases (including, potentially, the Wintrust Rolling Stock), any order granting such authority (and any related rejection notice) should make clear that no Rolling Stock owned by a third party, such as Wintrust, will be deemed abandoned to a property owner as a result of the rejection of any contract or lease, including Real Property Leases.

4. Wintrust joins in the PACCAR ROR and VNB Joinder with respect to the Bidding Procedures Motion to ensure that the Wintrust Rolling Stock is not deemed or otherwise included as part of the Debtors' assets and/or sold with the Debtors' assets unless expressly agreed to by Wintrust. For the avoidance of doubt, absent the Debtors' purchase of the Wintrust Rolling Stock or a separate and further agreement reached with Wintrust, (i) the Wintrust Rolling Stock are not assets available for sale by the Debtors in the proposed sale process, and (ii) the Wintrust Lease Documents are subject to potential assumption and assignment assuming compliance with all Bankruptcy Code requirements, including the requirements set forth in section 365 of the Bankruptcy Code.

5. Accordingly, for all the reasons set forth in the PACCAR ROR, the VNB Joinder, and herein, Wintrust joins in the PACCAR ROR and supports the relief sought therein.

## JOINDER IN EWB OMNIBUS OBJECTION

6. Wintrust joins in the EWB Omnibus Objection because, like EWB, Wintrust believes there is an ambiguity relating to the Interim DIP Order [Docket No. 302] and the Interim Cash Collateral Order [Docket No. 303].

7. The Interim DIP Order provides, in relevant part, that the Junior DIP Agent, for the benefit of the Junior DIP Secured Parties, and the Post-Petition B-2 Agent, for the benefit of the Post-Petition B-2 Secured Parties, are granted valid, enforceable, non-avoidable and automatically perfected liens (the "DIP Liens") in all of the "DIP Collateral." Interim DIP Order ¶ 8. "DIP Collateral" is defined by the Interim Order to specifically exclude, in relevant part, "any lease, license or agreement or any property to the extent a grant of a security interest therein would violate or invalidate such lease, license or agreement or similar arrangement or create a right of termination in favor of any other party thereto . . ." Interim DIP Order at 4, n. 7.

8. Wintrust Agrees with East West Bank that the equipment leased pursuant to a Master Lease Agreement should fall within the above-cited

exception from the definition of "DIP Collateral." Based on the current language, Wintrust is unable to determine whether the Debtors pledged any of their leasehold interests in the Equipment in connection with any of these prepetition financings such that the underlying MLA or could now be understood to fall within the definition of "Prepetition Collateral" and thus be subject to either or both of the ABL Adequate Protection Liens or the B-2 Adequate Protection Liens.

9. Consequently, Wintrust joins the Objection of East West Bank to preserve its rights and requests that any ambiguity be resolved through the inclusion of the following paragraph in the final versions of the Interim DIP Order and Interim UST Cash Collateral Order:

> *Provision Regarding Wintrust Commercial Finance*. Notwithstanding anything to the contrary set forth in this Order, to the extent that the leases held by Wintrust Commercial Finance ("Wintrust") (as successor by assignment to PNC Equipment Finance, LLC) are subsequently found to be financing arrangements rather than true leases (which Wintrust disputes), nothing contained in this Order shall (x) result in the granting of any priming or pari passu liens on the equipment subject to such leases or (y) otherwise alter or impair the rights or claims of Wintrust with respect to such equipment or leases, all of which are expressly reserved.

10. Accordingly, for all the reasons set forth in the EWB Omnibus Objection, Wintrust joins in the EWB Omnibus Objection and supports the relief sought therein.

## RESERVATION OF RIGHTS

11. Nothing in this Joinder is intended to be, or should be construed as, a waiver by Wintrust of any of its rights under the Wintrust Lease Documents, the Bankruptcy Code, or applicable law. Wintrust expressly reserves all such rights.

**WHEREFORE,** Wintrust respectfully (i) joins the PACCAR ROR and VNB Joinder, reserves all rights with respect to the Wintrust Rolling Stock and the Wintrust Lease Documents, (ii) requests that any order the Court enters granting the Contract and Lease Rejection Procedures Motion and Bidding Procedures Motion be modified consistent with the PACCAR ROR and this Joinder, (iii) requests that the proposed final orders related to the Interim DIP Order and Interim UST Cash Collateral Order be consistent with the above and reserves all rights with respect thereto, (iv) requests that Wintrust be granted

such other and further relief as this Court deems just and proper under the circumstances.

Dated:  September 13, 2023
        Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC

 /s/ **Adam Hiller**
Adam Hiller (DE No. 4105)
300 Delaware Avenue, Suite 210, #227
Wilmington, Delaware 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com

-and-

Walter R. Kirkman, Esquire
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
100 Light Street, 19th Floor
Baltimore, Maryland 21202
(410) 862-1150 telephone
wkirkman@bakerdonelson.com

*Counsel for Wintrust Commercial Finance, a division of Wintrust Asset Finance Inc.*