# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| FLUID MARKET INC., *et al.*,[1] | ) Case No. 24-12363 (CTG) |
| Debtors. | ) (Jointly Administered) |
| | ) Ref. Docket No. __ |

**ORDER CONVERTING CASES FROM CHAPTER 11 TO CHAPTER 7 OF THE BANKRUPTCY CODE AND GRANTING RELATED RELIEF**

Upon consideration of the motion of the above-captioned debtors and debtors in possession (the "Debtors")[2] to convert the above-captioned cases from chapter 11 to chapter 7 of the Bankruptcy Code (the "Motion"); and upon the record in these cases; and notice of the Motion and the hearing thereon having been provided as set forth in the Motion; and following a hearing on the Motion, and good and sufficient cause appearing therefore; it is hereby

**FOUND AND DETERMINED THAT:**

  A. Notice of the Motion and the hearing thereon was due and sufficient under the circumstances.

  B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

  C. This is a core proceeding under 11 U.S.C. § 157(b).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Fluid Market Inc. (1365) and Fluid Fleet Services, LLC (5994). The Debtors' service address is 3827 Lafayette St., Suite #149, Denver, CO 80205.

[2] Capitalized terms not defined herein shall have the meanings used in the Motion.

D.     The Debtors, prior to the granting of the relief pursuant to this Order, were debtors and debtors in possession in these cases pending under chapter 11 of the Bankruptcy Code.

E.     The Debtors' chapter 11 cases were not originally commenced as involuntary cases.

F.     The above-captioned cases were not previously converted to cases under chapter 11 of the Bankruptcy Code.

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is GRANTED as set forth herein.

2.     As of fourteen (14) calendar days from the date that is the later of (i) the entry of this Order, and (ii) the entry of an order disposing of or otherwise resolving the Motion to Extend (the "<u>Conversion Effective Date</u>"), pursuant to section 1112(a) of the Bankruptcy Code, the Debtors' chapter 11 cases are converted to cases under chapter 7 of the Bankruptcy Code.

3.     Epiq Corporate Restructuring, LLC, the Debtors' retained notice and claims agent, is hereby discharged from its engagement upon the Conversion Effective Date.

4.     Prior to the Conversion Effective Date, provided that there is sufficient cash available in the estate, the Debtor shall pay all allowed and unpaid fees and expenses due to Estate Professionals.

5.     Upon the Conversion Effective Date, the Debtors shall:

        a.        Forthwith turn over to the chapter 7 trustee all records and property of the estates under its custody and control as required by Bankruptcy Rule 1019(4);

        b.        Within 14 days of the Conversion Effective Date, file a schedule of unpaid debts incurred after the Petition Date of the superseded case including the name and address of each creditor, as required by Bankruptcy Rule 1019(5); and

        c.        Within 30 days from the Conversion Effective Date file and transmit to the U.S. Trustee a final report and account as required by Bankruptcy Rule 1019(5)(A).

6.        A representative of the Debtors and, if requested by the chapter 7 trustee, counsel to the Debtors in these chapter 11 cases, shall appear at the first meeting of creditors after conversion of the Debtors' cases to chapter 7 pursuant to sections 341(a) and 343 of the Bankruptcy Code, and such representative shall be available to testify at such meeting.

7.        The Court retains jurisdiction to interpret and enforce the terms of this Order.