**<u>Exhibit A</u>**

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 360** |

### ORDER APPROVING PROCEDURES FOR DE MINIMIS ASSET
### TRANSACTIONS AND ABANDONMENT OF DE MINIMIS ASSETS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") approving expedited procedures: (a) to sell or transfer certain assets, collections of assets, or business lines, including any rights or interests therein (collectively, the "De Minimis Assets") in any individual transaction or series of related transactions (each, a "De Minimis Asset Transaction") to a single buyer or group of related buyers with an aggregate sale price equal to or less than $5 million as calculated within the Debtors' reasonable discretion, free and clear of all liens, claims, interests, and encumbrances (collectively, the "Liens"), without the need for further Court approval and with Liens attaching to the proceeds of such sale or transfer with the same validity, extent, and priority as had attached to the De Minimis Assets immediately prior to the sale or transfer; (b) abandon a De Minimis Asset to the extent the cost of continuing to maintain, relocate, and/or store such De Minimis Assets outweighs any potential recovery from a future sale, as determined by the Debtors in exercise of their reasonable business judgment; (c) to pay those reasonable and necessary fees and expenses

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(if any) incurred in connection with the sale, transfer, or abandonment of De Minimis Assets, including, but not limited to, commission fees to agents, brokers, auctioneers, and liquidators with the amount of proposed commission fees to be paid to be disclosed in the Transaction Notice (as defined herein); and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to sell or transfer De Minimis Assets outside the ordinary course of business, without further order of the Court in accordance with the following De Minimis Asset Transaction Procedures:

      a.      With regard to the sales or transfers of De Minimis Assets in any individual transaction or series of related transactions to or from a single buyer or seller

or group of related buyers or sellers with a total transaction value as calculated within the Debtors' reasonable discretion, less than or equal to $5 million:

i.     the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment and after consultation with the Committee, the Junior DIP Lender, the B-2 Lenders, the Prepetition ABL Agent, and the United States Department of the Treasury (collectively, the "<u>Consultation Parties</u>") that such transactions are in the best interest of the estates, without further order of the Court, subject to the procedures set forth herein;

ii.     any such transactions shall be, without need for any action by any party, final and fully authorized by the Court and may be, as provided in the documentation governing the applicable transaction, final and free and clear of all Liens with such Liens attaching only to the proceeds of such transactions with the same validity, extent, and priority as immediately prior to the transaction;

iii.     the Debtors shall file with the Court a notice of the sale or transfer and give written notice of such transaction substantially in the form attached hereto as **<u>Exhibit B</u>** (each notice, a "<u>Transaction Notice</u>") to (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as proposed counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto; (i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; (o) any known affected creditor(s) (including their counsel, if known) asserting a Lien on the relevant De Minimis Assets, if known; and (p) to the extent there are De Minimis Assets to be sold that are located on a third-party landlord's premises, such landlord (each, a "<u>Transaction Notice Party</u>" and collectively, the "<u>Transaction Notice Parties</u>"), after which the Transaction Notice Parties shall have seven (7) calendar days to object to such sale (the "<u>Initial Objection Period</u>");

iv.     the content of the notice sent to the Transaction Notice Parties for the applicable sale of De Minimis Assets shall consist of, as may be

applicable and to the extent such information is readily available: (a) identification of the De Minimis Assets being sold or transferred; (b) identification of the serial number and VIN for the De Minimis Assets being sold or transferred; (c) identification of the Debtor entity selling the De Minimis Assets; (d) identification of the purchaser of the De Minimis Assets; (e) the purchase price; (f) the estimated book value and appraised value for the De Minimis Assets being sold or transferred as reflected in the Debtors' books and records;[3] (g) the marketing or sales process, including any commissions to be paid to third parties in connection with the sale, if applicable; and (h) any other significant terms of the sale or transfer;[4]

v.      if the terms of a proposed sale or transfer are materially amended after transmittal of the Transaction Notice but prior to the applicable deadline of any Transaction Notice Parties' right to object to such sale of the De Minimis Assets, the Debtors will send a revised Transaction Notice (the "Amended Transaction Notice") to the Transaction Notice Parties, after which the Transaction Notice Parties shall have (a) the number of days remaining in the Initial Objection Period plus (b) an additional three (3) business days, to object to such sale (the "Amended Objection Period");

vi.     any objections to any such transaction must (a) be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the objection and the specific grounds therefor; (d) be filed electronically with the Court; and (e) be served on (i) the Debtors, Yellow Corporation, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.: General Counsel; (ii) proposed counsel to the Debtors, (A) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Whitney Fogelberg (whitney.fogelberg@kirkland.com) and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com) and (B) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (iii) the Office of United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35,

---

[3]    For the avoidance of doubt, the Debtors are authorized to redact the estimated book value and appraised value for the De Minimis Assets being sold or transferred as reflected in the Debtors' books and records in any Transaction Notice filed with the Court.

[4]    The information may be provided in summary form or by attaching the applicable contract or contracts to the Transaction Notice.

Wilmington, Delaware 19801, Attn.: Jane Leamy (jane.m.leamy@usdoj.gov) and Richard Schepacarter (richard.schepacarter@usdoj.gov); and (iv) proposed counsel to the Committee, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745 US, Attn.: Philip C. Dublin (pdublin@akingump.com), Meredith A. Lahaie (mlahaie@akingump.com), and Kevin Zuzolo (kzuzolo@akingump.com) and (B) proposed co-counsel to the Committee, Benesch Friedlander Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE, 19801, Attn.: Jennifer R. Hoover (jhoover@beneschlaw.com) and Kevin M. Capuzzi (kcapuzzi@beneschlaw.com), so as to be received on or before the Initial Objection Period or the Amended Objection Period, as applicable (collectively, the "<u>Transaction Notice Period</u>");

vii.    if no written objections are filed by the Transaction Notice Parties after the expiration of the applicable Transaction Notice Period or if such objections are withdrawn, the Debtors are authorized to consummate such transaction immediately;

viii.   if a written objection is received by a Transaction Notice Party within the Transaction Notice Period that cannot be resolved, the objection will be deemed a request for a hearing on the objection at the next scheduled hearing, subject to adjournment by the Debtors, and the relevant De Minimis Asset(s) shall only be sold upon withdrawal of such written objection, submission of a consensual form of order resolving the objection as between the Debtors and the objecting party, or further order of the Court specifically approving the sale or transfer of the De Minimis Asset(s); and

ix.     good faith purchasers of assets pursuant to these De Minimis Asset Transaction Procedures shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

3.      Pursuant to section 554(a) of the Bankruptcy Code, the Debtors are authorized to abandon De Minimis Assets with a value of $250,000 or less (after taking into account the greater of net book value and appraised value (to the extent readily available)) in accordance with the following De Minimis Asset Abandonment Procedures:

a.      For De Minimis Assets that the Debtors believe, as calculated within the Debtors' reasonable discretion and after consultation with the Consultation Parties, the cost of continuing to maintain, relocate, and/or store such

De Minimis Assets outweighs any potential recovery from a future sale, subject to the following notice procedures:

i.    the Debtors shall file with the Court notice of the abandonment and give written notice of the abandonment substantially in the form attached hereto as **Exhibit C** (each notice, an "Abandonment Notice") to the Transaction Notice Parties;

ii.    the Abandonment Notice shall contain, as may be applicable and solely to the extent such information is readily available: (a) an identification and description of, in reasonable detail, the De Minimis Assets to be abandoned, including the estimated book value and appraised value of the assets being abandoned as reflected in the Debtors' books and records; (b) identification of the serial number and VIN for the De Minimis Assets being abandoned; (c) the identification of the Debtor entity that directly owns the De Minimis Assets; (d) any commissions or disposal costs to be paid to third parties in connection with the abandonment thereof; (e) acquisition cost and date; (f) the Debtors' reasons for such abandonment; and (g) any fees or similar expenses to be paid in connection with such abandonment, if applicable;[5]

iii.    any objections to the abandonment of any De Minimis Asset must: (a) be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the objection and the specific grounds therefor; (d) be filed electronically with the Court; and (e) be served on (i) the Debtors, Yellow Corporation, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.: General Counsel; (ii) proposed counsel to the Debtors, (A) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Whitney Fogelberg (whitney.fogelberg@kirkland.com) and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com) and (B) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (iii) the Office of United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy (jane.m.leamy@usdoj.gov) and Richard Schepacarter (richard.schepacarter@usdoj.gov); and (iv) proposed counsel to the Committee, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant

---

[5]   The information may be provided in summary form or by attaching the applicable contract or contracts to the Abandonment Notice.

Park, Bank of America Tower, New York, NY 10036-6745 US, Attn.: Philip C. Dublin (pdublin@akingump.com), Meredith A. Lahaie (mlahaie@akingump.com), and Kevin Zuzolo (kzuzolo@akingump.com) and (B) proposed co-counsel to the Committee, Benesch Friedlander Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE, 19801, Attn.: Jennifer R. Hoover (jhoover@beneschlaw.com) and Kevin M. Capuzzi (kcapuzzi@beneschlaw.com), so as to be received on or before 4:00 p.m., prevailing Eastern Time on the seventh (7th) calendar day after receipt of such Abandonment Notice (the "Abandonment Objection Deadline");

iv.    if no written objections from any of the Transaction Notice Parties are filed with the Court on or before the Abandonment Objection Deadline, then the Debtors are authorized to immediately proceed with the abandonment; and

v.    if a written objection from any Transaction Notice Party is filed with the Court on or before the Abandonment Objection Deadline, the objection will be deemed a request for a hearing on the objection at the next scheduled hearing, subject to adjournment by the Debtors, and the relevant De Minimis Asset(s) shall only be abandoned upon withdrawal of such written objection, submission of a consensual form of order resolving the objection as between the Debtors, or further order of the Court specifically approving the abandonment or transfer of the De Minimis Asset(s).

4.    Sales to "insiders," as that term is defined in section 101(31) of the Bankruptcy Code, are excluded from this Order.

5.    The De Minimis Assets shall not include, without the prior approval of the Consultation Parties, (i) any owned real estate or (ii) any owned vehicles, tractors, trucks, trailers, tank trailer and other trailers, or similar vehicles and trailers, railroad cars, locomotives, stacktrains, and other rolling stock (the "Rolling Stock"); *provided* that the De Minimis Assets may include damaged or obsolete Rolling Stock that is to be sold as scrap and that Rolling Stock does not include accessories (including superstructures and racks), fork lifts, pallet jacks, dollies, or other such equipment.

6.      The De Minimis Asset Transaction Procedures shall not apply to any De Minimis Assets in which the Debtors have any joint ownership interest with a non-Debtor party.

7.      The De Minimis Asset Transaction Procedures shall not apply to any transaction that involves the assumption or the assumption and assignment of (a) executory contracts, (b) unexpired leases of personal property, or (c) unexpired leases of nonresidential real property for which a Debtor is not the landlord pursuant to section 365 of the Bankruptcy Code.

8.      Notwithstanding anything to the contrary in this Order or the De Minimis Asset Transaction Procedures, none of the Debtors' insurance policies and/or any related agreements shall be sold, assigned, or otherwise transferred pursuant to any De Minimis Asset Transaction except in compliance with the terms of such insurance policies, any related agreements, and/or applicable nonbankruptcy law.

9.      Notwithstanding anything to the contrary herein, nothing in this Order is deemed to authorize the Debtors to sell any assets in the Debtors' possession, custody, or control which are owned by Suburban Propane, L.P., Exel Transportation Services, Inc. (and any of its customers or affiliates), and such assets to be returned or made available for retrieval within seven (7) days of the date of this Order.

10.     Any party that does not timely object to the relief requested in the Motion and does not timely object to the sale or transfer of De Minimis Assets in accordance with the terms of this Order shall be deemed to "consent" to such sale or transfer within the meaning of section 363(f)(2) of the Bankruptcy Code.

11.     Sales and transfers of De Minimis Assets are, without need for any action by any party, free and clear of all Liens, with such Liens attaching to the proceeds of such sale or transfer with the same validity, extent, and priority as had attached to such De Minimis Assets immediately

prior to such sale or transfer.  The holder of any valid lien, claim, encumbrance, or interest on such De Minimis Assets shall, as of the effective date of such sale or transfer, be deemed to have waived and released such lien, claim, encumbrance, or interest, without regard to whether such holder has executed or filed any applicable release, and such lien, claim, encumbrance, or interest shall automatically, and with no further action by any party, attach to the proceeds of such sale. Notwithstanding the foregoing, any such holder of such a lien, claim, encumbrance, or interest is authorized and directed to execute and deliver any waivers, releases, or other related documentation, as reasonably requested by the Debtors.

12.     De Minimis Assets abandoned pursuant to the De Minimis Asset Abandonment Procedures are deemed abandoned pursuant to section 554 of the Bankruptcy Code.  To the extent applicable, if the De Minimis Assets abandoned are located on real property not owned by the Debtors, the owner of such real property may utilize and/or dispose of such property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

13.     Sales of De Minimis Assets shall be deemed arm's-length transactions entitled to the protections of section 363(m) of the Bankruptcy Code and purchasers and transferees of De Minimis Assets are entitled to the protections afforded to good-faith purchasers under section 363(m) of the Bankruptcy Code.

14.     The Debtors shall provide a written report to the Court, the United States Trustee, counsel to the Junior DIP Lender, counsel to the Junior DIP Agent, counsel to the United States Department of the Treasury, counsel to the B-2 Lenders, counsel to the ABL Agent, counsel to the Committee, and those parties requesting notice pursuant to Bankruptcy Rule 2002, no later than 30 days after the end of each calendar month, concerning any De Minimis Asset Transactions

consummated during the preceding calendar month pursuant hereto, including the names of the purchasing parties and the types and amounts of the transactions, and any De Minimis Assets abandoned during the preceding calendar month pursuant hereto.

15.     To the extent that the Debtors propose to abandon any Personal Property that may contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "<u>Confidential Information</u>"), the Debtors shall remove the Confidential Information from such Personal Property before such abandonment

16.     The Debtors are not authorized to abandon, and are directed to remove, any hazardous materials defined under applicable law from any nonresidential real property subject to a rejected Contract as, and to the extent they are, required to do so by applicable law.

17.     The Transaction Notice with regard to the sale or transfer of De Minimis Assets substantially in the form attached hereto as **<u>Exhibit B</u>**, is hereby authorized and approved.

18.     The Abandonment Notice with regard to the abandonment of De Minimis Assets substantially in the form attached hereto as **<u>Exhibit C</u>**, is hereby authorized and approved.

19.     Service of the Transaction Notice and Abandonment Notice, as applicable, is sufficient notice of the sale, transfer, or abandonment, as applicable, of such De Minimis Assets.

20.     With respect to all sale transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold

pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state and federal, state, and local officials, and each of such persons and entities is hereby authorized to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

21.     The Debtors are authorized to pay those reasonable and necessary fees and expenses incurred in the sale, transfer, or abandonment of De Minimis Assets, including commission fees to agents, brokers, auctioneers, and liquidators; *provided* that such agent, broker, auctioneer or liquidator, as applicable, fills out a verified statement, substantially in the form attached hereto as **Exhibit D**, to be included in the applicable Transaction Notice or Abandonment Notice.

22.     Notwithstanding anything to the contrary in this Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

23.     Notwithstanding anything to the contrary in this Order, the De Minimis Asset Transaction Procedures, and/or the De Minimis Asset Abandonment Procedures, none of the Debtors' insurance policies and/or any agreements related thereto, including, but not limited to, any claims handling service agreements, shall be abandoned, sold, assigned, or otherwise transferred pursuant to any sale(s) or abandonment of the De Minimis Assets without the express prior written consent of the applicable insurer and/or third-party administrator.

24.     Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the sale or transfer of any asset under section 363 of the Bankruptcy Code.

25.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

26.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

27.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion, subject to the recognition of this Order by the Canadian Court in the Canadian Recognition Proceedings with respect to the assets of YRC Freight Canada Company, YRC Logistics Inc., USF Holland International Sales Corporation, and 1105481 Ontario Inc.

28.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit B

**Form of Transaction Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF TRANSACTION

**PLEASE TAKE NOTICE** that, on August 6, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approved an *Order Approving Procedures for De Minimis Asset Transactions and Abandonment of De Minimis Assets* [Docket No. [●]] (the "Transaction Procedures Order"), whereby the Bankruptcy Court authorized the Debtors to sell, transfer, or abandon certain non-core assets (collectively, the "De Minimis Assets").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, the Debtors propose to sell the De Minimis Assets set forth and described on **Exhibit A** attached hereto (the "Transaction Assets"). **Exhibit A** identifies, for each Transaction Asset, as may be applicable and to the extent such information is readily available: (a) identification of the De Minimis Assets being sold or transferred; (b) identification of the serial number and VIN for the De Minimis Assets being sold or transferred; (c) identification of the Debtor entity selling the De Minimis Assets; (d) identification of the purchaser of the De Minimis Assets; (e) the purchase price; (f) the estimated book value and appraised value for the De Minimis Assets being sold or transferred as reflected in the Debtors' books and records; (g) the marketing or sales process, including any commissions to be paid to third parties in connection with the sale, if applicable; and (h) any other significant terms of the sale or transfer.[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, if the terms of a proposed sale or transfer are materially amended after transmittal of the

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is:  11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]   All capitalized words not defined herein have the meanings ascribed to them in the *Motion of Debtors to Approve Procedures for De Minimis Asset Transactions and Abandonment of De Minimis Assets* [Docket No. [●]].

[3]   The information may be provided in summary form or by attaching the applicable contract or contracts to the Transaction Notice.

Transaction Notice but prior to the applicable deadline of any Transaction Notice Parties' right to object to such sale or acquisition, the Debtors will send a revised Transaction Notice (the "Amended Transaction Notice") to the Transaction Notice Parties, after which the Transaction Notice Parties shall have an additional three (3) business days to object to such sale or transfer prior to closing such sale or effectuating such transaction (the "Amended Objection Period").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, any recipient of this notice may object to the proposed transaction within the Initial Objection Period (as defined in the Transaction Procedures Order) or the Amended Objection Period (as defined in the Transaction Procedures Order), as applicable.  Objections:  **(a) must be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the objection and the specific grounds therefor; (d) be filed electronically with the Court, and (e) be served on** (i) the Debtors, Yellow Corporation, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.:  General Counsel; (ii) proposed counsel to the Debtors, (A) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Whitney Fogelberg (whitney.fogelberg@kirkland.com) and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.:  Allyson B. Smith (allyson.smith@kirkland.com) and (B) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn:  Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (iii) the Office of United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.:  Jane Leamy (jane.m.leamy@usdoj.gov) and Richard Schepacarter (richard.schepacarter@usdoj.gov); and (iv) proposed counsel to the Committee, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745 US, Attn.: Philip C. Dublin (pdublin@akingump.com), Meredith A. Lahaie (mlahaie@akingump.com), and Kevin Zuzolo (kzuzolo@akingump.com) and (B) proposed co-counsel to the Committee, Benesch Friedlander Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE, 19801, Attn.: Jennifer R. Hoover (jhoover@beneschlaw.com) and Kevin M. Capuzzi (kcapuzzi@beneschlaw.com), **so as to be received on or before the Initial Objection Period or the Amended Objection Period, as applicable (collectively, the "Transaction Notice Period")**.

**If you object, the Debtors may not sell or transfer the Transaction Assets unless you and the Debtors consensually resolve the objection or upon further Bankruptcy Court order approving the sale or transfer of such Transaction Assets.**

**<u>Exhibit C</u>**

**Form of Abandonment Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF ABANDONMENT

**PLEASE TAKE NOTICE** that, on August 6, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

**PLEASE TAKE FURTHER NOTICE** that, on [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approved an *Order Approving Procedures for De Minimis Asset Transactions and Abandonment of De Minimis Assets* [Docket No. [●]] (the "Transaction Procedures Order"), whereby the Bankruptcy Court authorized the Debtors to sell, transfer, or abandon certain non-core assets (collectively, the "De Minimis Assets").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, the Debtors propose to abandon the De Minimis Assets set forth and described on **Exhibit A** attached hereto, which exhibit also sets forth, where such information is readily available: (a) an identification and description of, in reasonable detail, the De Minimis Assets to be abandoned, including the estimated book value and appraised value of the assets being abandoned as reflected in the Debtors' books and records; (b) identification of the serial number and VIN for the De Minimis Assets being abandoned; (c) the identification of the Debtor entity that directly owns the De Minimis Assets; (d) any commissions or disposal costs to be paid to third parties in connection with the abandonment thereof; (e) acquisition cost and date; (f) the Debtors' reasons for such abandonment; and (g) any fees or similar expenses to be paid in connection with such abandonment, if applicable.[3]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Transaction Procedures Order, any recipient of this notice may object to the proposed transaction within seven (7) calendar

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is:  11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]   All capitalized words not defined herein have the meanings ascribed to them in the *Motion of Debtors to Approve Procedures for De Minimis Asset Transactions and Abandonment of De Minimis Assets* [Docket No. [●]].

[3]   The information may be provided in summary form or by attaching the applicable contract or contracts to the Abandonment Notice.

days of service of this notice.  Objections:  **(a) must be in writing; (b) set forth the name of the objecting party; (c) provide the basis for the objection and the specific grounds therefor; (d) be filed electronically with the Court, and (e) be served on** (i) the Debtors, Yellow Corporation, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.:  General Counsel; (ii) proposed counsel to the Debtors, (A) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Whitney Fogelberg (whitney.fogelberg@kirkland.com) and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com) and (B) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn:   Laura   Davis   Jones   (ljones@pszjlaw.com),   Timothy   P.   Cairns (tcairns@pszjlaw.com),   Peter   J.   Keane   (pkeane@pszjlaw.com),   and   Edward   Corma (ecorma@pszjlaw.com); (iii) the Office of United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.:  Jane Leamy (jane.m.leamy@usdoj.gov) and Richard Schepacarter (richard.schepacarter@usdoj.gov); and (iv) proposed counsel to the Committee, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745 US, Attn.: Philip C. Dublin (pdublin@akingump.com), Meredith A. Lahaie (mlahaie@akingump.com), and Kevin Zuzolo (kzuzolo@akingump.com) and (B) proposed co-counsel to the Committee, Benesch Friedlander Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE, 19801, Attn.: Jennifer   R.   Hoover   (jhoover@beneschlaw.com)   and   Kevin   M.   Capuzzi (kcapuzzi@beneschlaw.com), **so as to be received on or before 4:00 p.m., prevailing Eastern Time on the seventh (7th) calendar day following service of this Abandonment notice**.

**If you object, the Debtors may not abandon the De Minimis Assets unless you and the Debtors consensually resolve the objection or upon further Bankruptcy Court order approving the abandonment of such De Minimis Assets.**

**<u>Exhibit D</u>**

**Declaration of Disinterestedness**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Re:  Docket No. [●]** |

**VERIFIED STATEMENT PURSUANT TO BANKRUPTCY RULE 2014**

I, [NAME], declare under penalty of perjury:

1.      I am a [POSITION] of [COMPANY], located at [STREET, CITY, STATE, ZIP Code] (the "<u>Company</u>").

2.      The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), have requested that the Company provide [SPECIFIC DESCRIPTION] services to the Debtors in connection with the sale of [DESCRIPTION OF ASSETS] (the "<u>Assets</u>"), and the Company has consented to provide such services.

3.      Following a successful sale of the Assets, the Company shall receive the following compensation (the "<u>Compensation</u>") in exchange for its services:    [DESCRIPTION OF COMPENSATION].

4.      The Company may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases.  The Company, however, does not perform services for any such person in connection with these chapter 11 cases, or have any

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is:  11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

5.      Neither I nor any principal, partner, director, officer, etc. of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6.      Neither I nor any principal, partner, director, officer, of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Company is to be employed.

7.      The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

*[Remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____        _____

**[DECLARANT'S NAME]**