# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) ) | (Jointly Administered) Re: Docket No. 394 |

## ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES EFFECTIVE AS OF DATES SPECIFIED HEREIN AND (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to (i) reject the Contracts set forth on the Rejected Contracts List[3] attached hereto as **Annex 1** effective as the Contract Rejection Date, (ii) reject the Leases set forth on the Rejected Leases List[4] attached hereto as **Annex 2** effective as of the Lease Rejection Date, and (iii) abandon Personal Property that may be located at the Premises, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the district court having jurisdiction

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

[3] The Debtors reserve the right to remove any Contract or to amend any Rejection Date set forth on the Rejected Contracts List attached hereto as **Annex 1** at any time prior to the later of the Rejection Date or the date of entry of an order of the Court approving the rejection.

[4] The Debtors reserve the right to remove any Lease or to amend any Rejection Date set forth on the Rejected Leases List attached hereto as **Annex 2** at any time prior to the later of the Rejection Date or the date of entry of an order of the Court approving the rejection.

under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided, as set forth herein; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Each of the Contracts identified on Rejected Contracts List is rejected under section 365 of the Bankruptcy Code effective as of the as of the rejection date listed for each Contract on the Rejected Contracts List attached hereto as **Annex 1**.

3. Each of the Leases identified on Rejected Leases List is rejected under section 365 of the Bankruptcy Code effective as of the earlier of (a) August 31, 2023, as listed for each Lease on the Rejected Lease List attached hereto as **Annex 2**, or (b) the date the Debtors have surrendered the Premises to the landlord via delivery of the keys, key codes, or alarm codes to the premises, as applicable, to the applicable lease counterparty, or, if not delivering such keys or codes, providing notice that the landlord may re-let the premises.

4. The Debtors are authorized, but not directed, to abandon any Personal Property located at the Premises identified on the Rejected Leases List and all such property is deemed abandoned as of the Lease Rejection Date. The applicable counterparty to each Lease may, to the extent consistent with due process, utilize or dispose of such Personal Property without liability to any third parties and without further notice to any party claiming an interest in such abandoned Personal Property. The automatic stay, to the extent applicable, is modified to allow for such utilization or disposition.

5. Claims arising out of the rejection of the Contracts and/or Leases, if any, must be filed on or before the later of (i) the applicable deadline for filing proofs of claim established in these chapter 11 cases, and (ii) thirty (30) days after the later of (A) the effective rejection date listed on Annex 1 and Annex 2 hereto and (b) the date the Debtors surrender control of the premises to the landlord via delivery of the keys, key codes or alarm codes to the premises, as applicable to the applicable lease counterparty, or, if not delivering such keys or codes, providing notice that the landlord may re-let the premises.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) other than as set forth herein and on the Rejected Contracts List and Rejected Leases Lists, a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any

other applicable law; or (g) a concession by the Debtors or any other party in interest's that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

7. The numerosity requirements of Bankruptcy Rule 6006(f)(6) are waived for the Motion and the rejection of the Contracts and Leases authorized by this Order complies with the requirements of Bankruptcy Rule 6006(f).

8. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption of any contract pursuant to section 365 of the Bankruptcy Code.

9. Notice of the Motion as set forth therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 14th, 2023
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE