# **EXHIBIT A**

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

JAMES CHARLES HOWARD,

        Plaintiff,

v.

DAN LARKIN BOZEMAN and
YRC INC., d/b/a YRC FREIGHT,

        Defendant(s).

2022-192335-NI

Case No. 2022-_____-NI

Hon.: JUDGE PHYLLIS C. MCMILLEN

_____/

LEE STEINBERG LAW FIRM, P.C.
REBECCA H. FILIATRAUT (P46443)
Attorney for Plaintiff
29777 Telegraph Road, Suite 1555
Southfield, Michigan 48034
(248) 352-7777/Fax: (248) 352-6254
rebecca@leefree.net
erin@leefree.net

_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

*/s/ Rebecca H. Filiatraut*

Rebecca H. Filiatraut P-46443

NOW COMES Plaintiff, JAMES CHARLES HOWARD, by and through his attorneys, LEE STEINBERG LAW FIRM, P.C., by REBECCA H. FILIATRAUT, and for his Complaint against the above-named Defendants, DAN LARKIN BOZEMAN and YRC INC., d/b/a YRC FREIGHT, states as follows:

FILED  Received for Filing  Oakland County Clerk  2/1/2022 1:57 PM

1

## PARTIES AND VENUE

1.  Plaintiff, JAMES CHARLES HOWARD, was at all times pertinent hereto, a resident of the City of Bloomfield Hills, County of Oakland, State of Michigan.

2.  Upon information and belief, Defendant, DAN LARKIN BOZEMAN, was at all times pertinent hereto a resident of the City of Ypsilanti, County of Wayne, State of Michigan.

3.  YRC INC., d/b/a YRC FREIGHT (hereinafter YRC) was at all times relevant hereto a foreign profit corporation, incorporated in the State of Delaware, doing business in the City of Troy, County of Oakland, State of Michigan.

4.  The complained of events occurred in the City of Troy, County of Oakland, State of Michigan.

5.  The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of costs, interest, and attorney fees, and is otherwise within the jurisdiction of this Court.

## COMMON FACTUAL ALLEGATIONS

6.  That the Plaintiff reincorporates and realleges paragraphs one (1) through five (5) of this Complaint as though same were repeated fully and in their entirety herein, word for word and paragraph by paragraph.

7.  That on or about November 18, 2019, Plaintiff, JAMES CHARLES HOWARD, was the driver of a 2018 Jeep Compass, bearing Michigan license plate CEJ2221 and was traveling northbound on Coolidge Highway near its intersection with Industrial Row, in the City of Troy, County of Oakland and State of Michigan.

8.  That on November 18, 2019, Defendant, Dan Larkin Bozeman was the driver of a semi-tractor trailer bearing Michigan license plate AC89881 southbound on Coolidge Highway at

or near its intersection with Industrial Row in the City of Troy, County of Oakland, State of Michigan.

## COUNT I – NEGLIGENCE OF DEFENDANT
## DAN LARKIN BOZEMAN

9. That the Plaintiff reincorporates and realleges paragraphs one (1) through eight (8) of this Complaint as though same were repeated fully and in their entirety herein, word for word and paragraph by paragraph.

10. That on the aforesaid date, Defendant, DAN LARKIN BOZEMAN, negligently, carelessly, recklessly and without warning, failed to yield the right of way, disregarded a stop sign and proceeded to make the turn from the median turnaround to go northbound on Coolidge Highway, violently striking the left drivers side of the vehicle being driven by Plaintiff, JAMES CHARLES HOWARD, which was lawfully traveling northbound on Coolidge Highway, thereby causing the Plaintiff to suffer serious injuries as hereinafter set forth.

11. That the sole, direct and proximate cause of the aforesaid accident was due to the Defendant, DAN LARKIN BOZEMAN, who operating the aforesaid vehicle in a negligent, careless and reckless manner, contrary to the Motor Vehicle Act of the State of Michigan, specifically among other things, as follows:

    a. Driving without due care and caution and in such a manner as to endanger the Plaintiff;

    b. Failing to drive said vehicle upon the highway at a careful and prudent speed, in violation of Mich. Comp. Laws Ann. Section 257.627 (Supp. 1982-83);

    c. Failing to drive said vehicle upon the highway at a speed not greater than would permit said defendant driver to bring said vehicle to a stop within the assured clear distance ahead, in violation of Mich. Comp. Laws Ann. Section 257.627 (Supp. 1982-83);

    d. Driving said vehicle upon a highway or other place open to the public

       including any area designated for the parking of motor vehicles, within the state, in a carelessly, heedlessly, willful, wanton and reckless manner without due regard to the plaintiff and her property in violation of Mich. Comp. Laws Ann. Section 257.626 (1977);

e.    Failing to have said motor vehicle equipped with brakes adequate to control the movement of, and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels, in violation of Mich. Comp. Laws Ann. Section 257.705 (1977);

f.    Failing to use the available brakes that the car was equipped with;

g.    Failing to drive at a careful and prudent speed, having due regard to the traffic, surface, and width of the highway, and other existing conditions, in violation of Mich. Comp. Laws Ann. Section 257.627 (1977);

h.    Driving said vehicle on a highway or other area open to the general public in willful or wanton disregard for the safety of persons or property. Mich. Comp. Laws Ann. Section 257.626 (1977);

i.    Failing to yield the right of way to oncoming traffic;

j.    Disregarding a traffic control device, specifically a stop sign;

k.    Failing to keep proper lookout in violation of Mich. Comp. Laws Ann. Section 257.627 (1977); and

l.    Failing to pay proper attention to the roadway conditions.

12.    That Defendant, DAN LARKIN BOZEMAN, breached each and every one of his duties as aforesaid to Plaintiff, JAMES CHARLES HOWARD.

13.    That as a direct and proximate result of Defendant, DAN LARKIN BOZEMAN's, acts and omissions, constituting negligence, gross negligence willful, wanton and unlawful conduct, Plaintiff, JAMES CHARLES HOWARD, has suffered the following severe personal injuries constituting serious impairments of body functions and permanent serious bodily disfigurements, including, but not limited to:

a.    Head injury, neck injury, upper and lower back injury, shoulder injury, and months of painful therapy, among other injuries;

4

      b.      Pain, suffering, embarrassment, humiliation, anxiety, inconvenience and loss of enjoyment of life; and loss of employment opportunities;

      c.      Other injuries and damages presently unknown, but which will be disclosed through discovery.

14. That if it is discovered that the Plaintiff was suffering from any other medical conditions prior to this collision, then and in that event, the Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing collision.

WHEREFORE, Plaintiff, JAMES CHARLES HOWARD, requests that this Honorable Court enter judgment in his favor and against Defendant DAN LARKIN BOZEMAN in an amount in excess of $25,000.00 exclusive of costs, interest, and attorney fees. Plaintiff further requests any other relief as the Court shall deem to be just and equitable.

### COUNT II – OWNERS LIABILITY OF DEFENDANT
### YRC INC., d/b/a YRC FREIGHT

15. That the Plaintiff reincorporates and realleges paragraphs one (1) through 14 of this Complaint as though same were repeated fully and in their entirety herein, word for word and paragraph by paragraph.

16. On the aforementioned date, Defendant YRC INC., d/b/a YRC FREIGHT (hereinafter YRC) was the owner of the 2001 Volvo VN, VIN 4V4M39RF21N246139, bearing Michigan license plate number AC 89881 and US DOT Trailer number 071821.

18. Said vehicle was being operated on the aforementioned date and time by Defendant, DAN LARKIN BOZEMAN, with the express and/or implied permission of Defendant, YRC.

19. That pursuant to Michigan law, Defendant, YRC, is strictly liable for the negligent acts and/or omissions of Defendant, DAN LARKIN BOZEMAN, as described above, pursuant to the Owners Liability provisions of the Michigan Motor Vehicle Code, MCL 257.401, the

applicable local ordinances and the common law.

20. As a direct and proximate result of Defendant DAN LARKIN BOZEMAN's acts and/or omissions, constituting negligence, gross negligence, willful, wanton, and unlawful conduct, Plaintiff JAMES CHARLES HOWARD has suffered the following serious and permanent personal injuries constituting serious impairments of bodily functions and permanent serious bodily disfigurements, including, but not limited to:

    a. Head injury, neck injury, upper and lower back injury, shoulder injury, and months of painful therapy, among other injuries;

    b. Pain, suffering, embarrassment, humiliation, anxiety, inconvenience and loss of enjoyment of life; and loss of employment opportunities;

    c. Other injuries and damages presently unknown, but which will be disclosed through discovery.

21. If it is discovered that the Plaintiff was suffering from any medical conditions prior to this collision, then and in that event, the Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing collision.

WHEREFORE, Plaintiff, JAMES CHARLES HOWARD, requests that this Honorable Court enter judgment in his favor and against Defendant YRC INC., d/b/a YRC FREIGHT in an amount in excess of $25,000.00 exclusive of costs, interest, and attorney fees. Plaintiff further requests any other relief as the Court shall deem to be just and equitable.

          Respectfully submitted,

          LEE STEINBERG LAW FIRM, P.C.

          */s/ Rebecca H. Filiatraut*
          Rebecca H. Filiatraut P-46443
          Attorney for Plaintiff
          29777 Telegraph Road, Suite 1555
          Southfield, Michigan 48034
          (248) 352-7777

Dated: February 1, 2022

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

JAMES CHARLES HOWARD,

    Plaintiff,

v.

DAN LARKIN BOZEMAN, and
YRC INC., d/b/a YRC FREIGHT,

    Defendants.
_____/

2022-192335-NI

Case No. 2022-_____-NI
Hon.: JUDGE PHYLLIS C. MCMILLEN

LEE STEINBERG LAW FIRM, P.C.
REBECCA H. FILIATRAUT (P46443)
Attorney for Plaintiff
29777 Telegraph Road, Suite 1555
Southfield, Michigan 48034
(248) 352-7777/Fax: (248) 352-6254
rebecca@leefree.net
erin@leefree.net
_____/

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, JAMES CHARLES HOWARD, by and through his counsel, LEE STEINBERG LAW FIRM, P.C., by REBECCA H. FILIATRAUT, and hereby demands a trial by jury in this matter pursuant to MCR 2.508(B).

                              Respectfully submitted,

                              LEE STEINBERG LAW FIRM, P.C.

                              */s/ Rebecca H. Filiatraut*
                              Rebecca H. Filiatraut P-46443
                              Attorney for Plaintiff
                              29777 Telegraph Road, Suite 1555
                              Southfield, Michigan 48034
                              (248) 352-7777

Dated: February 1, 2022