## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*, [1] | Case No. 23-11069 (CTG) (Jointly Administered) |
| Debtors. | **Re: Docket No. 545** |
| | **Hearing Date:  N/A** **Objection Deadline:  N/A** |

### MOTION OF AFCO CREDIT CORPORATION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING PURSUANT TO DEL. BANKR. L.R. 9006-1(e) REGARDING ITS MOTION FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) AND BANKRUPTCY RULE 4001(a)

AFCO Credit Corporation ("AFCO"), by and through its undersigned counsel, respectfully moves this Court, pursuant to Rule 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order shortening notice and scheduling an expedited hearing (the "Motion to Shorten") regarding the *Motion of AFCO Credit Corporation for an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001(a)* (the "Stay Relief Motion")[D.I. 545][2] filed contemporaneously herewith.  Pursuant to the Stay Relief Motion, AFCO seeks an order terminating the automatic stay so that it may cancel certain insurance policies *nunc pro tunc* to September 1, 2023.  The unearned insurance premiums (the "Unearned Premiums") with respect to the subject insurance policies secure loans made by AFCO to Yellow

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms not defined in this Motion to Shorten have the meanings ascribed to such terms in the Stay Relief Motion.

Corporation ("<u>Yellow</u>") for payment of such insurance policies.  In support of this Motion to Shorten, AFCO respectfully states as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction over these cases and this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      Pursuant to Local Rule 9013-1(f), AFCO consents to the entry of a final judgment or order with respect to the Motion to Shorten if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

4.      The predicates for the relief sought by this Motion to Shorten are Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Local Rules 9006-1(c) and 9006-1(e).

<u>**BACKGROUND**</u>

5.      On August 6, 2023 (the "<u>Petition Date</u>"), Yellow and certain of its affiliates (collectively, the "<u>Debtors</u>" and each, a "<u>Debtor</u>") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "<u>Bankruptcy Case</u>").

6.      Prior to the Petition Date, Yellow entered into two (2) Commercial Insurance Premium Finance Agreement – Promissory Notes:  the first, dated March 30, 2023 (the "<u>First Finance Agreement</u>") with AFCO for its extra liability, property, and flood policies (collectively, the "<u>First Financed Policies</u>"); and, the second, dated June 23, 2023 (the "<u>Second Finance</u>

Agreement" and, together with the First Finance Agreement, the "<u>Finance Agreements</u>") with AFCO for additional extra liability policies (the "<u>Second Financed Policies</u>" and, together with the First Financed Policies, the "<u>Financed Policies</u>").

7.      On September 14, 2023, AFCO filed the Stay Relief Motion due to the Debtors' failure to make its September 2023 monthly payments under the Second Finance Agreement to AFCO.  As of the date of the filing of the Stay Relief Motion, the total indebtedness under the Second Finance Agreement owed to AFCO is $16,432,150.24 and the Unearned Premiums securing that amount is not more than $12,309,132.73 and continue to depreciate at a rate of more than $50,000 each day.

## RELIEF REQUESTED

8.      Pursuant to Local Rule 9006-1(e), AFCO respectfully requests that this Court enter an order, substantially in the form attached to this Motion to Shorten as **Exhibit A**, (a) shortening the notice and objection periods with respect to the relief requested in the Stay Relief Motion; (b) setting an expedited hearing on the relief sought by the Stay Relief Motion no later than **September 22, 2023**; (c) providing that responses or objections, if any, to the relief sought by the Stay Relief Motion may be presented at the hearing on the Stay Relief Motion; and (d) granting such other and further relief to AFCO as is appropriate.

## BASIS FOR RELIEF REQUESTED

9.      Pursuant to Local Rule 9006-1(e), "[n]o motion will be scheduled on less notice than required by these rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice.  The Court will rule on such motion promptly without need for hearing."

10.     Although fourteen (14) days is the standard notice period for a motion seeking relief from the automatic stay, *see* Fed. R. Bankr. P. 4001(a), AFCO submits that there is ample cause to grant this Motion to Shorten and that the Stay Relief Motion should be heard on shortened notice and an expedited hearing scheduled.

11.     AFCO is a secured creditor with a first priority security interest in the Unearned Premiums, which it perfected upon entering into the Finance Agreements and funding the Financed Policies.  Although the Debtors were authorized and approved by this Court to make monthly payments to AFCO under the Finance Agreement to maintain the Financed Policies, the Debtors have failed to make their September 2023 monthly payment under the Second Finance Agreement, resulting in $16,432,150.24 in indebtedness.  AFCO lacks adequate protection for its security interest in the Unearned Premiums under Section 362(d)(1) because the Unearned Premium balance is, on information belief, no more than  $12,309,132.73 and decreasing at a rate of more than $50,000 each day as funds are applied by the insurers to premiums of the Financed Policies as they become due.  Accordingly, the value of AFCO's interest in its collateral—the Unearned Premiums—is decreasing ***every day*** due to the use of the Unearned Premiums on the Debtors' behalf.

12.     Because AFCO is already undersecured and the value of AFCO's collateral is decreasing every day, AFCO would be prejudiced by a delay in hearing the Stay Relief Motion. Furthermore, AFCO submits that hearing the Stay Relief Motion on shortened notice will not prejudice any party in interest.

13.     Accordingly, pursuant to Bankruptcy Rules 9006(c)(1), 9007 and 2002(m), AFCO respectfully requests that this Court schedule an expedited hearing on the Stay Relief Motion and shorten the notice period for the hearing on the Stay Relief Motion.

## NOTICE

14.     Copies of this Motion to Shorten have been served on the following:  (i) counsel to the Debtors; (ii) the Office of the United States Trustee for the District of Delaware; (iii) counsel to the Official Committee of Unsecured Creditors; and (iv) those parties entitled to receive notice pursuant to Bankruptcy Rule 2002.  AFCO submits that no other or further notice is necessary or required.

## STATEMENT PURSUANT TO LOCAL RULE 9006-1(e)

15.     Pursuant to Del. Bankr. LR. 9006-1(e), AFCO has made a reasonable effort to notify the required parties regarding the relief requested in this Motion to Shorten and the Stay Relief Motion.  Counsel to the Committee advised it was not prepared to consent to the relief requested in the Stay Relief Motion, but did not indicate any objection to the Motion to Shorten. Similarly, Counsel to the Debtors did not indicate whether the Stay Relief Motion should be heard on an expedited basis.  At the time this Motion to Shorten was filed, the United States Trustee had not yet responded to the undersigned's inquiry as to its consent for an expedited hearing on the Stay Relief Motion.

WHEREFORE, AFCO respectfully requests that this Court enter an Order, substantially in the form attached as **Exhibit A,** (a) shortening the notice and objection periods with respect to the relief requested by the Stay Relief Motion; (b) setting an expedited hearing on the relief sought by the Stay Relief Motion no later than **September 22, 2023**; (c) providing that responses or objections, if any, to the relief sought by the Stay Relief Motion may be presented at the hearing on the Stay Relief Motion; and (d) granting such other and further relief to AFCO as is appropriate.

Dated:  September 14, 2023
   Wilmington, Delaware

Respectfully submitted,

**REED SMITH LLP**

By: <u>/s/ *Mark W. Eckard*   </u>
  Mark W. Eckard (No. 4542)
  1201 North Market Street, Suite 1500
  Wilmington, DE 19801
  Telephone:  (302) 778-7500
  Facsimile:  (302) 778-7575
  E-mail:  <u>meckard@reedsmith.com</u>
  *Counsel to AFCO Credit Corporation*