**EXHIBIT 4**

**Cure Notice**

DOCS_DE:244843.1 96859/001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**NOTICE OF POTENTIAL ASSUMPTION OR
ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES**

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

On September [●], 2023, United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I)(A) Approving the Bidding Procedures For the Sale or Sales of the Debtors' Assets, (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. [●]] (the "Order"),[2] by which the Court approved procedures for the assumption or assumption and assignment of executory contracts and unexpired leases and granted related relief, as set forth in the Order.

Pursuant to the Order and by this notice (this "Cure Notice"), the Debtors hereby notify you that they have determined, in the exercise of their reasonable business judgment, that each executory contract or unexpired lease set forth on **Schedule 1** attached hereto (the "Potential Assumption List") may be assumed (and, if applicable, assigned) effective as of the date (the "Assumption Date") set forth in **Schedule 1** or such other date as the Debtors and the counterparty or counterparties to such executory contracts or unexpired leases may agree.

The Debtors believe that the party to which each applicable executory contract or unexpired lease may be assigned has the financial wherewithal to meet all future obligations under such contract or lease and the Debtors will, at the request of the applicable counterparty, use commercially reasonable efforts to provide evidence thereof to such applicable counterparty (and their counsel, if known) thereby demonstrating that the assignee of the contract or lease has the ability to comply with the requirements of adequate assurance of future performance.

Parties objecting to the proposed assumption and assignment (including a Winning Bidder's proposed form of adequate assurance of future performance) must file and serve a written objection (each, a "Cure Objection") so that such objection is filed with the Court and **actually received by the following**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Order or the Motion, as applicable.

**parties no later than [●], 2023, at 5:00 p.m. (prevailing Eastern Time)** with respect to the Auction for the Bids (the "Cure Objection Deadline"): (a) the Debtors, Yellow Corporation, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.: General Counsel; (b) proposed counsel to the Debtors (i) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois, 60654, Attn.: Whitney Fogelberg (whitney.fogelberg@kirkland.com) (ii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com) and Aaron Metviner (aaron.metviner@kirkland.com); and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy (jane.m.leamy@usdoj.gov) and Richard Schepacarter (richard.schepacarter); (d) counsel to the Creditors' Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745 US, Attn: Philip C. Dublin (pdublin@akingump.com), Meredith A. Lahaie (mlahaie@akingump.com), Stephen B. Kuhn (skuhn@akingump.com), and Kevin Zuzolo (kzuzolo@akingump.com); (e) counsel to the Junior DIP Lender, Quinn Emmanuel Urquhart & Sullivan, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017, Attn: Eric Winston (ericwinston@quinnemanuel.com); 51 Madison Avenue, 22nd Floor, New York, NY 10010, Attn: Susheel Kirplani (susheelkirpalani@quinnemanuel.com); Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, IL 60606, Attn: Lucas S. Smith (Luke.Smith@ropesgray.com); 1211 Avenue of the Americas, New York, NY 10036, Attn: Natasha S. Hwangpo (Natasha.Hwangpo@ropesgray.com); (f) counsel to the Junior DIP Agent, Holland & Knight LLP, 50 N. Riverside Plaza, Suite 2700, Chicago IL 60606, Attn. Joshua M. Spencer (Joshua.Spencer@hklaw.com) and Phillip W. Nelson (Phillip.Nelson@hklaw.com); (g) counsel to the B-2 Lenders, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020 Attn: Scott Greissman (sgreissman@whitecase.com), Elizabeth Feld (efeld@whitecase.com), and Andrew Zatz (azatz@whitecase.com); (h) counsel to the Prepetition ABL Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Kevin Simard (ksimard@choate.com) and Hampton Foushee (hfoushee@choate.com); (i) counsel to the B-2 Agent, Holland & Knight LLP, 50 N. Riverside Plaza, Suite 2700, Chicago IL 60606, Attn. Joshua M. Spencer (Joshua.Spencer@hklaw.com) and Phillip W. Nelson (Phillip.Nelson@hklaw.com); (j) counsel to the Prepetition UST Tranche A Agent, Hogan Lovells US LLP, 390 Madison Avenue, New York, New York 10017, Attn: Ronald J. Silverman and Christopher R. Bryant; (k) counsel to the Prepetition UST Tranche B Agent, Hogan Lovells US LLP, 390 Madison Avenue, New York, New York 10017, Attn: Ronald J. Silverman (ronald.silverman@hoganlovells.com) and Christopher R. Bryant (chris.bryant@hoganlovells.com); and (l) counsel to the United States Department of the Treasury, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, Illinois 60602, Attn: Michael Messersmith (michael.messersmith@arnoldporter.com), 250 West 55th Street, New York, New York 10019, Attn: Benjamin Mintz (benjamin.mintz@arnoldporter.com), and 601 Massachusetts Ave., N.W., Washington, DC 20001, Attn: Rosa Evergreen (rosa.evergreen@arnoldporter.com).

Absent a Cure Objection being timely filed, the assumption of each executory contract or unexpired lease may become effective on the Assumption Date set forth in **Schedule 1**, or such other date as the Debtors and the counterparty or counterparties to such executory contract or unexpired lease may agree.

If an objection is timely filed and not withdrawn or resolved, such objection will be heard at the Sale Hearing or such other date and time as agreed to by the Debtors and the objecting party or ordered by the Court. If such objection is overruled or withdrawn, the applicable executory contract or unexpired lease shall be assumed as of the Assumption Date set forth in **Schedule 1** or such other date as the Debtors and the counterparty or counterparties to such executory contract unexpired lease may agree.

## Schedule I

**Potential Assumption List**