# EXHIBIT 3

SCHEDULE

SCHEDULE NO. 137542-029

SCHEDULE NO. 137542-029 dated December 28, 2018 (the "Schedule") between Wabash National Financial (the "Lessor") and YRC Inc., d/b/a YRC Freight (the "Lessee") incorporates by reference the terms and conditions of Master Lease Agreement dated March 16, 2016 between Lessor and YRC Enterprise Services, Inc. (the "Master Agreement") and constitutes a separate lease between Lessor and Lessee. The Schedule and Master Agreement are incorporated therein are hereinafter referred to collectively, as the "Lease" All capitalized terms used herein but not defined herein shall have the same meanings ascribed to them in the Master Agreement

1. Equipment: Thirty Six (36) 2019 Wabash National 28' pup trailers together with all present and future additions, parts, spare parts, accessories, attachments, substitutions repairs, upgrades improvements and replacements thereof or thereto, and all products and cash or non-cash proceeds (including insurance proceeds) per Schedule A

   The Equipment shall be more fully and completely described in a Delivery and Acceptance Certificate, which shall later be executed by Lessee in connection with the Schedule Upon Lessee's execution thereof, this section shall be automatically amended to include all equipment and property described in the Delivery and Acceptance Certificate

2. Equipment Location  1415 South Olive Street, South Bend, IN 46619

   Upon Lessee's execution of a Delivery and Acceptance Certificate in connection with this Schedule, this section shall be automatically amended to include any additional locations specified in the Delivery and Acceptance Certificate

3. Total Equipment Cost  $ 772,764 80

4. Base Term  60 Months

5. Base Monthly Rental:  $10,779 30  (plus applicable sales/use tax)

6. Deposit:  $ 10,779 30 applied to the last Base Monthly Rental (plus applicable sales/use tax). Lessee shall pay the *last* Base Monthly Rental in advance upon the execution of this Schedule Lessee acknowledges and agrees that notwithstanding anything to the contrary herein, this payment is non-refundable to Lessee under any circumstances, including, without limitation, any termination of this Lease for any reason prior to the end of its scheduled term This payment shall be deemed earned by Lessor, and upon receipt by Lessor, shall immediately be applied to satisfy Lessee's obligation to make the last Base Monthly Rental

7. Base Lease Rate Factor.  .013949

8. Stipulated Loss Value  The "Stipulated Loss Value" will start at 106% of Lessor's Total Equipment Cost and shall decline by 1.100% per month during the Base Term and shall remain fixed thereafter.

9. TRAC Amount:  $309 105 92

10. Special Terms

    a  Authorization for Electronic Payments Lessee hereby agrees to originate base monthly lease payments to Lessor or its assigns via Automated Clearinghouse (ACH) from Lessee's account maintained with its financial institution Lessor may charge a fee of $50 00 for any payment returned due to non-sufficient funds or if less, the maximum amount permitted by law.

    b. Guaranty Notwithstanding anything to the contrary herein, the parties acknowledge and agree that this Lease is guaranteed by YRC Worldwide, Inc

    c  Titled Equipment The Equipment contains one or more titled vehicles or trailers ("Titled Equipment"). The Titled Equipment shall be used in Lessee's business in accordance with all applicable governmental and insurer titling requirements and limitations Title to the Titled Equipment shall at all times remain in Lessor, or Lessor's assigns In the event Lessor elects to title the Titled Equipment Lessee hereby grants to Lessor a power of attorney in Lessee's name, to apply for a certificate of title for any Equipment that is required to be titled under the laws of any jurisdiction where the Equipment is or may be used and/or to transfer title thereto upon the exercise by Lessor of its remedies upon an Event of Default by Lessee under the Lease Lessee hereby agrees to provide a Power of Attorney in a form satisfactory to Lessor, upon Lessor's request. If Lessee fails to perform or comply with any of its agreements with respect to titling of Equipment, Lessor may perform or comply with such agreements in its own name or in Lessee's name as attorney-in-fact and the amount of any payments and expenses of Lessor incurred in connection with such performance or compliance together with interest thereon at the rate of 1 5% per

- 1 -

month from the date Lessor made such payments or payments or incurred such expenses until payment is received by Lessor, or if such rate shall exceed the maximum rate of interest allowed by law, then at such maximum rate, shall be deemed rent payable by Lessee upon demand.

Notwithstanding the above provisions and anything contrary contained in the Master Agreement, the following provisions shall apply to the Equipment.

1) Lessee shall, at Lessee's own expense, register, title and license the Equipment in the manner prescribed by Lessor as required by the applicable government or regulatory agency(ies). Lessee will do whatever may be necessary to have a statement of the interest of any assignee of Lessor in the Titled Equipment noted on any certificate of title relating to the Titled Equipment and will deliver said certificate to Lessor. In event Lessor registers, titles and/or licenses the Titled Equipment, Lessee shall immediately reimburse Lessor for all expenses relating thereto.

Lessee shall pay or provide for payment of all operating expenses of all Equipment, including without limitation, gasoline oil, anti-freeze, servicing, repairs, storage, towing and fine.

2) Lessee shall require any operator of the Equipment to be properly licensed, trained and able to perform the functions necessary for safe operation. Lessee hereby covenants that it shall not permit its employees, representatives or agents to use any Equipment for illegal purposes, including, without limitation, the transportation of illegal drugs, firearms or explosives.

3) Lessee shall be responsible for all fees, traffic summonses, penalties and fines that may be imposed due to the use of the Equipment.

4) Lessee shall provide to Lessor any documentation pertaining to any Equipment as Lessor may, from time to time, reasonably request, including but not limited to the location, mileage and condition of any or all Equipment.

d.  End of Base Term Options:  The following provisions shall be added to Section 19(b).
Upon the expiration of the Base Term and return of the Equipment on or before the expiration of the Base Term, a "Terminal Rent Adjustment" shall be paid in the amount of the difference between (a) the net proceeds realized by Lessor from the sale of any Equipment, after deduction of (i) the expenses of such sale, if any, and (ii) all sums due hereunder as of the expiration of the Base Term (the 'Realized Value') and (b) the TRAC Amount. If the Realized Value of such Equipment is less than the TRAC Amount, Lessee shall pay the Terminal Rent Adjustment to Lessor; provided, however, that Lessee's obligations shall not exceed 20% of the Lessor's cost for the Equipment ("Lessee's Liability Limit"). If the Realized Value of such Equipment is greater than the TRAC Amount, Lessor shall pay the Terminal Rent Adjustment to Lessee. For such Equipment not sold within thirty (30) days of the expiration of the Lease Term. Lessee shall upon receipt of Lessor's invoice pay Lessor a Terminal Rent Adjustment in the amount of Lessee's Liability Limit. Upon the sale of the Equipment at any time after the expiration of such thirty (30) day period, Lessor will apply the Realized Value first to Lessor in an amount equal to the TRAC amount less the Lessee's Liability Limit and the excess if any, to Lessee.

If any item of Equipment is not returned in the condition required in Section 11 (b) below, Lessee shall purchase the Equipment for the TRAC Amount with payment in full due on or before the expiration of the Lease Agreement.

Lessee certifies to Lessor:
1) Lessee intends that more than 50 percent of the use of the Equipment is to be in its trade or business, and
2) Lessee has been advised and agrees that LESSEE WILL NOT BE TREATED AS THE OWNER OF THE EQUIPMENT FOR FEDERAL INCOME TAX PURPOSES.

Lessee agrees to indemnify Lessor pursuant to the Indemnification provisions of the Master Lease Agreement for any claims, losses, costs, damages, and expenses, including legal fees, of whatsoever kind and nature resulting from Lessee's breach of the above representation and certification.

e.  Mobile Equipment.  Notwithstanding anything to the contrary in the Master Agreement. Lessor acknowledges that the Equipment is mobile and may be moved to additional locations in the continental United States so long as Lessee keeps the Equipment in its sole possession and control and, upon Lessor's request, shall promptly provide Lessor the then current location of the Equipment. Lessee's failure to promptly provide such location to Lessor shall also constitute an Event of Default under the Lease, for which Lessor shall be permitted to exercise any of its remedies therein. Notwithstanding the foregoing provisions. Lessee is permitted to use the Equipment on an intermittent basis in Canada. Use of the Equipment on an intermittent basis means that (a) the Equipment will not be domiciled or garaged in Canada, but will only be used in Canada for the purposes of making deliveries or pick-ups, and (b) the predominant use of each unit of Equipment will be in the United States (meaning that each unit of Equipment will be used greater than 75% of the time in any calendar year in the United States). At Lessor's request, Lessee shall provide Lessor with documentation reasonably satisfactory to Lessor evidencing Lessee's compliance with the foregoing provisions.

- 2 -

11  Without limiting the obligations of Lessee under the Lease, Lessee shall at its expense do the following.

a    Lessee shall ensure that all Vehicles and their operations conform to all applicable local state, and federal laws, health and safety guidelines. No Equipment shall be used to transport hazardous waste except in appropriate containers and in full compliance with applicable laws and regulations. Upon return, the Equipment will be complete and operational with all components as originally supplied and will have passed U S Department of Transportation or appropriate regulatory agency requirements for operation If applicable, an inspection sticker or certificate will be furnished to Lessor verifying compliance with any regulatory requirements Lessee shall satisfy all legal and regulatory conditions necessary for Lessor to sell or lease the Equipment to a third party Lessee will keep all licenses and operating certificates required for operation of the Equipment current during the Lease Term.

b.   Upon return, the Equipment and its components shall meet all of their applicable manufacturer's specifications for performance under full rated loads In addition, the Equipment must be maintained throughout the Lease Term and returned upon the expiration or termination thereof in accordance with all of the following conditions

   i    Tires  All tires shall be matched on each item of the Equipment by the same type and tread design, original size, and manufacturer, and have a minimum of 12/32 inch of remaining tread depth All front tires shall be original casings, rear tires may be either casings or recapped casings All tires shall be free of flat or bald spots, cupping, dry rot cuts and exposed cords.

   ii   General Condition  The Equipment must be able to pass Federal Highway Administration inspection. The Equipment shall be structurally sound with no material structural or mechanical damage in good overall appearance, clean with no missing or damaged parts, ordinary wear and tear excepted The Equipment shall be free of any material rust and corrosion No glass shall be broken or cracked, no upholstery shall have any cuts or burns and there shall be no physical damage to exterior or interior materials, other than from normal use that exceeds $250 in the aggregate to repair and no physical damage from accidents Upon return, Equipment shall be wind and water tight and doors shall operate properly without excessive force Upon return, the Equipment shall be completely de-identified, including but not limited to all commercial logos, advertising, graffiti, Lessee insignia and lettering. The de-identified surfaces shall be repaired and refinished in such a way that the area blends in with the remainder of the item's overall appearance. Manufacturer's identity plates and markings shall not be removed or obscured

   iii  Documents and Records  Written records of scheduled and other maintenance and repair work done shall be kept, dated, and signed by the appropriate authority A service history or log will be maintained during the Lease Term, in English, and a copy provided to Lessor upon request during the Lease Term, or at the expiration or other termination (by acceleration or otherwise) of the Lease All maintenance records, maintenance record jackets, repair jackets, repair orders, license plates registration certificates and all other similar documents, in their entirety, must be returned to Lessor.

   iv   Brakes  Brake drums and linings shall not be cracked and shall not exceed manufacturer's recommended wear limits. Brake linings shall have a minimum of 3/8 inch of remaining wear on each lining

   v    Maintenance  Lessee shall follow the manufacturer's recommended maintenance and service schedule to the extent required to validate any warranty, at Lessee's sole cost and expense Any maintenance or repair work shall comply with the guidelines and procedures as specified by the manufacturer of the Equipment or each component of the Equipment Lessee will use only original manufacturer's approved replacement parts and components in the performance of any maintenance and repair of the Equipment Lessee will at all times maintain the Equipment in good operational condition and appearance, and shall not discriminate in such maintenance between owned or leased Equipment.

   vi.  During the Lease term and until the Equipment has been returned to, and accepted by, Lessor in the condition required by the Lease, Lessee shall procure and maintain insurance in such amounts and with such coverage's, and upon such terms and with such companies as Lessor may approve, at Lessee's expense Notwithstanding the foregoing, Lessee may self-insure as to any all risk property insurance required under this Lease (including the Master Agreement) pursuant to Lessee's standard self-insurance program. The Equipment shall at all times be insured as required under the applicable State law

All other terms and conditions of the Master Agreement shall remain in full force and effect without change

The undersigned Lessee acknowledges that this Schedule authorizes the Lessor or its agents or assignee(s) to sign, execute and file on its behalf any and all necessary documents, including UCC financing statements and other filings and recordings, to make public this lease transaction. The parties intend this transaction to be a true lease, but if any court or tribunal, having power to bind the parties, should conclude that all or part of this Schedule is not a true lease but is in the nature of a sale, consignment, or other transaction, the parties intend and the Lessee hereby grants a continuing security interest in the Equipment from the date of this Schedule to secure the payment of all Lessee's indebtedness to Lessor.

IN THE EVENT OF ANY CONFLICT BETWEEN THE PROVISIONS OF THE DELIVERY AND ACCEPTANCE CERTIFICATE AND THIS SCHEDULE, THE DELIVERY AND ACCEPTANCE CERTIFICATE SHALL PREVAIL.

THIS SCHEDULE TOGETHER WITH THE MASTER AGREEMENT, THE DELIVERY AND ACCEPTANCE CERTIFICATE, ANY ADDITIONAL PROVISION(S) REFERRED TO IN ITEMS 8 & 9, AND ANY ADDENDA OR RIDERS EXECUTED BY LESSOR AND LESSEE WHICH REFERENCES THIS SCHEDULE CONSTITUTE THE ENTIRE AGREEMENT BETWEEN THE LESSOR AND LESSEE AS TO THE LEASE AND THE EQUIPMENT.

LESSOR: Wabash National Financial Services

By: _____

Name: _Alisa MicArelli_

Title: _SVP-OPS_

Date: _12-28-18_

LESSEE: YRC Inc., d/b/a YRC Freight

By: _____

Name: _MARK D. BOEHMER_

Title: _VICE PRESIDENT & TREASURER_

Date: _12/21/18_

- 4 -

SCHEDULE A

**Financier (Lessor/Lender): Wabash National Financial Services**
**Obligor (Lessee/Borrower):** YRC Inc., d/b/a YRC Freight
**Agreement #:** 137542-029

This schedule supplements and is hereby incorporated by reference as part of the above referenced Agreement number ("Agreement") by and between above Financier ("Lessor/Lender") and Obligor ("Lessee/Borrower")

(36) - 2019 Wabash LH PUP 28'x13'6"x102" LH Pup w Skirts

| Count | Customer Unit # | Description | Full Vin# | Equipment Cost |
|-------|-----------------|-------------|-----------|----------------|
| 1 | 139027 | 2019 Trailer DVDBHPC | 1JJV281DXKL140159 | $ 21,448.60 |
| 2 | 139174 | 2019 Trailer DVDBHPC | 1JJV281D8KL140306 | $ 21,448.60 |
| 3 | 139187 | 2019 Trailer DVDBHPC | 1JJV281D6KL140319 | $ 21,448.60 |
| 4 | 139188 | 2019 Trailer DVDBHPC | 1JJV281D2KL140320 | $ 21,448.60 |
| 5 | 139215 | 2019 Trailer DVDBHPC | 1JJV281D0KL140347 | $ 21,448.60 |
| 6 | 139216 | 2019 Trailer DVDBHPC | 1JJV281D2KL140348 | $ 21,448.60 |
| 7 | 139220 | 2019 Trailer DVDBHPC | 1JJV281D4KL140352 | $ 21,448.60 |
| 8 | 139222 | 2019 Trailer DVDBHPC | 1JJV281D8KL140354 | $ 21,448.60 |
| 9 | 139223 | 2019 Trailer DVDBHPC | 1JJV281DXKL140355 | $ 21,448.60 |
| 10 | 139224 | 2019 Trailer DVDBHPC | 1JJV281D1KL140356 | $ 21,448.60 |
| 11 | 139226 | 2019 Trailer DVDBHPC | 1JJV281D5KL140358 | $ 21,448.60 |
| 12 | 139227 | 2019 Trailer DVDBHPC | 1JJV281D7KL140359 | $ 21,448.60 |
| 13 | 139230 | 2019 Trailer DVDBHPC | 1JJV281D7KL140362 | $ 21,448.60 |
| 14 | 139231 | 2019 Trailer DVDBHPC | 1JJV281D9KL140363 | $ 21,448.60 |
| 15 | 139232 | 2019 Trailer DVDBHPC | 1JJV281D0KL140364 | $ 21,756.20 |
| 16 | 139233 | 2019 Trailer DVDBHPC | 1JJV281D2KL140365 | $ 21,756.20 |
| 17 | 139234 | 2019 Trailer DVDBHPC | 1JJV281D4KL140366 | $ 21,448.60 |
| 18 | 139235 | 2019 Trailer DVDBHPC | 1JJV281D6KL140367 | $ 21,448.60 |
| 19 | 139236 | 2019 Trailer DVDBHPC | 1JJV281D8KL140368 | $ 21,448.60 |
| 20 | 139237 | 2019 Trailer DVDBHPC | 1JJV281DXKL140369 | $ 21,448.60 |
| 21 | 139241 | 2019 Trailer DVDBHPC | 1JJV281D1KL140373 | $ 21,448.60 |
| 22 | 139242 | 2019 Trailer DVDBHPC | 1JJV281D3KL140374 | $ 21,448.60 |
| 23 | 139243 | 2019 Trailer DVDBHPC | 1JJV281D5KL140375 | $ 21,448.60 |
| 24 | 139244 | 2019 Trailer DVDBHPC | 1JJV281D7KL140376 | $ 21,448.60 |
| 25 | 139246 | 2019 Trailer DVDBHPC | 1JJV281D0KL140378 | $ 21,448.60 |
| 26 | 139247 | 2019 Trailer DVDBHPC | 1JJV281D2KL140379 | $ 21,448.60 |
| 27 | 139248 | 2019 Trailer DVDBHPC | 1JJV281D9KL140380 | $ 21,448.60 |
| 28 | 139253 | 2019 Trailer DVDBHPC | 1JJV281D8KL140385 | $ 21,448.60 |
| 29 | 139254 | 2019 Trailer DVDBHPC | 1JJV281DXKL140386 | $ 21,448.60 |
| 30 | 139255 | 2019 Trailer DVDBHPC | 1JJV281D1KL140387 | $ 21,448.60 |
| 31 | 139256 | 2019 Trailer DVDBHPC | 1JJV281D3KL140388 | $ 21,448.60 |
| 32 | 139257 | 2019 Trailer DVDBHPC | 1JJV281D5KL140389 | $ 21,448.60 |
| 33 | 139258 | 2019 Trailer DVDBHPC | 1JJV281D1KL140390 | $ 21,448.60 |

| 34 | **139259** | 2019 Trailer DVDBHPC | 1JJV281D3KL140391 | $ | 21,448.60 |
| 35 | **139271** | 2019 Trailer DVDBHPC | 1JJV281D6KL140403 | $ | 21,448.60 |
| 36 | **139273** | 2019 Trailer DVDBHPC | 1JJV281DXKL140405 | $ | 21,448.60 |

$     772,764.80

- 7 -

CERTIFICATE OF ACCEPTANCE

Lessor: Wabash National Financial Services
Lessee: YRC Inc., d/b/a YRC Freight
Agreement #: 137512-029

(36) - 2019 Wabash LH PUP 28'/13'6", LH Pup w Skirts

| Count | Customer Unit # | Description | Full Vin# | Equipment Cost |
|---|---|---|---|---|
| 1 | 139027 | 2019 Trailer DVDBHPC | 1JJV28DXKL140159 | $ 21,448.60 |
| 2 | 139174 | 2019 Trailer DVDBHPC | 1JJV28D8KL140306 | $ 21,448.60 |
| 3 | 139187 | 2019 Trailer DVDBHPC | 1JJV28D6KL140319 | $ 21,448.60 |
| 4 | 138188 | 2019 Trailer DVDBHPC | 1JJV28D2KL140320 | $ 21,448.60 |
| 5 | 139215 | 2019 Trailer DVDBHPC | 1JJV28D0KL140347 | $ 21,448.60 |
| 6 | 139216 | 2019 Trailer DVDBHPC | 1JJV28D2KL140348 | $ 21,448.60 |
| 7 | 139220 | 2019 Trailer DVDBHPC | 1JJV28D4KL140352 | $ 21,448.60 |
| 8 | 139222 | 2019 Trailer DVDBHPC | 1JJV28D8KL140354 | $ 21,448.60 |
| 9 | 139223 | 2019 Trailer DVDBHPC | 1JJV28DXKL140355 | $ 21,448.60 |
| 10 | 139224 | 2019 Trailer DVDBHPC | 1JJV28D1KL140356 | $ 21,448.60 |
| 11 | 139226 | 2019 Trailer DVDBHPC | 1JJV28D5KL140358 | $ 21,448.60 |
| 12 | 139227 | 2019 Trailer DVDBHPC | 1JJV28D7KL140359 | $ 21,448.60 |
| 13 | 139230 | 2019 Trailer DVDBHPC | 1JJV28D7KL140362 | $ 21,448.60 |
| 14 | 139231 | 2019 Trailer DVDBHPC | 1JJV28D8KL140363 | $ 21,448.60 |
| 15 | 139232 | 2019 Trailer DVDBHPC | 1JJV28D0KL140364 | $ 21,756.20 |
| 16 | 139233 | 2019 Trailer DVDBHPC | 1JJV28D2KL140365 | $ 21,756.20 |
| 17 | 139234 | 2019 Trailer DVDBHPC | 1JJV28D4KL140366 | $ 21,448.60 |
| 18 | 139235 | 2019 Trailer DVDBHPC | 1JJV28D6KL140367 | $ 21,448.60 |
| 19 | 139236 | 2019 Trailer DVDBHPC | 1JJV28D8KL140368 | $ 21,448.60 |
| 20 | 139237 | 2019 Trailer DVDBHPC | 1JJV28DXKL140369 | $ 21,448.60 |
| 21 | 139241 | 2019 Trailer DVDBHPC | 1JJV28D1KL140373 | $ 21,448.60 |
| 22 | 139242 | 2019 Trailer DVDBHPC | 1JJV28D3KL140374 | $ 21,448.60 |
| 23 | 139243 | 2019 Trailer DVDBHPC | 1JJV28D5KL140375 | $ 21,448.60 |
| 24 | 139244 | 2019 Trailer DVDBHPC | 1JJV28D7KL140376 | $ 21,448.60 |
| 25 | 139246 | 2019 Trailer DVDBHPC | 1JJV28D0KL140378 | $ 21,448.60 |
| 26 | 139247 | 2019 Trailer DVDBHPC | 1JJV28D2KL140379 | $ 21,448.60 |
| 27 | 139248 | 2019 Trailer DVDBHPC | 1JJV28D9KL140380 | $ 21,448.60 |
| 28 | 139253 | 2019 Trailer DVDBHPC | 1JJV28D8KL140385 | $ 21,448.60 |
| 29 | 139254 | 2019 Trailer DVDBHPC | 1JJV28DXKL140386 | $ 21,448.60 |
| 30 | 139255 | 2019 Trailer DVDBHPC | 1JJV28D1KL140387 | $ 21,448.60 |
| 31 | 139256 | 2019 Trailer DVDBHPC | 1JJV28D3KL140388 | $ 21,448.60 |
| 32 | 139257 | 2019 Trailer DVDBHPC | 1JJV28D5KL140389 | $ 21,448.60 |
| 33 | 139258 | 2019 Trailer DVDBHPC | 1JJV28D1KL140390 | $ 21,448.60 |
| 34 | 139259 | 2019 Trailer DVDBHPC | 1JJV28D3KL140391 | $ 21,448.60 |
| 35 | 139271 | 2019 Trailer DVDBHPC | 1JJV28D9KL140403 | $ 21,448.60 |
| 36 | 139273 | 2019 Trailer DVDBHPC | 1JJV28DXKL140405 | $ 21,448.60 |

$ 772,764.80

Obligor, through its authorized representative, hereby certifies to Financier that:

1.      The Equipment has been duly delivered to the location where it will be used, which the Equipment Location is set forth in the above described Agreement with Obligor ("Financing Agreement").

2.      All of the Equipment has been inspected and is determined to be (a) complete, (b) properly installed, (c) functioning, and (d) in good working order and in compliance with all applicable specifications.

3.      The Equipment is of a size, design, capacity and manufacture acceptable to Obligor and suitable for Obligor's purposes.

4.      Obligor acknowledges that the signature on this document (i) constitutes unconditional acceptance of the Equipment under and subject to the terms of the Financing Agreement, (ii) that such acceptance is not on a trial basis and (iii) hereby authorizes the commencement of the Financing Agreement and the date below reflects the date the equipment was accepted.

Obligor is not in default under the Financing Agreement and all of Obligor's statements and promises set forth in the Financing Agreement are true and correct.

A photocopy, facsimile, scanned copy or other electronic copy of this document shall be accepted as a legal binding agreement.

Accepted by:
Lessee: YRC Inc., d/b/a YRC Freight

By: _____
(Signature)

MARK D. BOEHMER
(Name)

VICE PRESIDENT É TREASURER
(Title)

12/21/18
(Date)