IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) **Re: Docket No. 373** |

### ORDER AUTHORIZING DEBTORS TO RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISORS TO DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 327(A) AND 328 OF THE BANKRUPTCY CODE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to retain Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M") as financial advisors, effective as of the date of the filing of these chapter 11 cases (the "Petition Date") on the terms set forth in the engagement letter (the "Engagement Letter") attached to the Application as Exhibit A, all as more fully set forth in the Application; and upon the Declaration of Brian Whittman in support of the Application attached thereto as Exhibit B; and the Court being satisfied that A&M is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and the district court having jurisdiction

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M as financial advisors to the Debtors, effective as of the Petition Date on the terms set forth in the Engagement Letter.

4. The terms of the Engagement Letter, as modified by this Order, including without limitation, the compensation provisions and the indemnification provisions, as modified by the

Application, are reasonable terms and conditions of employment and are hereby approved, *provided*, *however*, that the rights of the U.S. Trustee and all parties in interest to object to any aspect of compensation sought in any fee application filed by A&M are preserved.

5. A&M shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules with respect to each of A&M's monthly, interim, and final fee applications, including but not limited to all time keeping requirements of Local Rule 2016-2 and with such other procedures as may be fixed by order of this Court, including an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief (the "Interim Compensation Order").

6. The indemnification provisions included in the Engagement Letter are approved, subject, during the pendency of the Debtors' chapter 11 cases, to the following:

    (a)    A&M[3] shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by this Court;

    (b)    the Debtors shall have no obligation to indemnify A&M, or provide contribution or reimbursement to A&M, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from A&M's gross negligence, willful misconduct, or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of A&M's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which A&M should

---

[3] For purposes of this paragraph 6 only, the term "A&M" shall include all Indemnified Parties, as that term is defined in the Engagement Letter.

    not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and

  (c)  if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, A&M believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation, the advancement of defense costs, A&M must file an application therefor in this Court, and the Debtors may not pay any such amounts to A&M before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, A&M. All parties in interest shall retain the right to object to any demand by A&M for indemnification, contribution, and/or reimbursement.

7.  In the event A&M seeks reimbursement from the Debtors for attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in A&M's own fee applications, both interim and final, and such invoices and time records shall be in compliance with Rule 2016-2 (f) of the Local Rules, and shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code; *provided*, *however*, that A&M shall not seek reimbursement of any fees incurred defending any of A&M's fee applications in these chapter 11 cases.

8.  For services rendered during these chapter 11 cases, the following language in the indemnification and limitation on liability agreement ("Indemnity Agreement") attached to the Engagement Letter shall be of no force and effect: (1) in clause (A) of the Indemnity Agreement:

4

"in no event will any Indemnified Party have any liability to the Company for special, consequential, incidental or exemplary damages or loss (nor any lost profits, savings or business opportunity)" and (2) in clause (D) of the Indemnity Agreement:  "; and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities, and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnification Parties pursuant to the Agreement."

9. During the course of these chapter 11 cases, any provision in the Engagement Letter requiring the payment of a percentage of fees to cover any type of cost or expense shall have no force or effect.  A&M shall be entitled to request reimbursement of only its actual expenses incurred, and all such requests shall comply with Local Rule 2016-2(e).

10. During the course of these Chapter 11 Cases, the following sentence set forth in Paragraph 8 of the Engagement Letter shall have no force or effect: "The Firm will not be prevented or restricted by virtue of providing the Services from providing services to other entities or individuals, including entities or individuals whose interests may be in competition or conflict with the Company's, provided the Firm makes appropriate arrangements to ensure that the confidentiality of information is maintained."

11. To the extent that A&M uses the services of subcontractors (collectively, the "Contractors") in these cases, A&M shall:  (i) pass through the cost of such Contractors to the Debtors at the same rate that A&M pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for A&M; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014(a) with respect to such Contractors.

12. To the extent there is inconsistency between the terms of the Application, the Engagement Letter, and this Order, the terms of this Order shall govern.

13. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the chapter 11 cases to cases under chapter 7.

14. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Engagement Letter to the contrary, during the pendency of these chapter 11 cases, this Court shall have exclusive jurisdiction over all aspects of the Debtors' engagement of A&M.

**Dated: September 18th, 2023**
**Wilmington, Delaware**

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE