**EXHIBIT A**

Proposed Order

(Attached)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |

**ORDER APPROVING JOINT STIPULATION**
**AMONG THE DEBTORS AND AFCO CREDIT CORPORATION**
**(I) GRANTING AFCO CREDIT CORPORATION RELIEF FROM THE**
**AUTOMATIC STAY AND (II) REJECTING CERTAIN FINANCE AGREEMENTS**

The *Certification of Counsel Regarding Joint Stipulation By and Among the Debtors and AFCO Credit Corporation (I) Granting Relief from the Automatic Stay and (II) Rejecting Certain Finance Agreements* (the "Certification of Counsel") and the *Joint Stipulation By and Among the Debtors and AFCO Credit Corporation (I) Granting Relief from the Automatic Stay and (II) Rejecting Certain Finance Agreements* (the "Stipulation"),[2] by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and AFCO Credit Corporation ("AFCO" and together with the Debtors, the "Parties"), attached to this order (this "Order") as **Exhibit 1**; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation.

venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Stipulation; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1. The Stipulation is **APPROVED** and the Parties are authorized to enter into the Stipulation.

2. The Stipulation shall be effective immediately upon entry of this Order.

3. The hearing on the Stay Relief Motion is cancelled.

4. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting AFCO to pursue its non-bankruptcy rights and remedies as to the Second Finance Agreement only, including: (a) cancellation of the Second Financed Policies by the insurers as of September 1, 2023; (b) collection of the Unearned Premiums thereunder; and (c) application of the Unearned Premiums to the amounts due and owing under the Second Finance Agreement.

5. To the extent necessary, the Second Finance Agreement is hereby deemed to be rejected and the policies financed thereunder cancelled as of September 1, 2023.

6. The Parties reserve all rights as to the allowance of any claim asserted by AFCO, including an administrative expense claim, arising from the cancellation of the Finance Agreements.

7. Notwithstanding Bankruptcy Rule 4001(a)(3), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Stipulation.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of the Stipulation or this Order.

**EXHIBIT 1**

<u>Stipulation</u>

(Attached)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) (Jointly Administered) |
| Debtors. | |

### JOINT STIPULATION BY AND AMONG THE DEBTORS AND AFCO CREDIT CORPORATION (I) GRANTING RELIEF FROM THE AUTOMATIC STAY AND (II) REJECTING CERTAIN FINANCE AGREEMENTS

This joint stipulation (the "Stipulation") is made and entered into by and among (a) the above-captioned debtors and debtors in possession the (the "Debtors") and (b) AFCO Credit Corporation ("AFCO" and, together with the Debtors, the "Parties"). The Parties, by and through their respective counsel, hereby stipulate and agree as follows:

### RECITALS

**WHEREAS**, on August 6, 2023 (the "Petition Date"),

each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, prior to the Petition Date, Yellow entered into two (2) Commercial Insurance Premium Finance Agreement – Promissory Notes: the first, dated March 30, 2023 (the "First

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

Finance Agreement") with AFCO for its excess liability, property, and flood policies (collectively, the "First Financed Policies"); and, the second, dated June 23, 2023 (the "Second Finance Agreement" and, together with the First Finance Agreement, the "Finance Agreements") with AFCO for additional excess liability policies (the "Second Financed Policies" and, together with the First Financed Policies, the "Financed Policies").

**WHEREAS**, under the First Finance Agreement, a true and correct copy of which is attached as **Exhibit A**, AFCO made a loan to Yellow in the total amount of $2,781,906.00 to pay the insurance premiums for the following Financed Policies: Policy Nos. B080121224U21; KTJ-CMB-1T61970; and NHD930526;

**WHEREAS**, pursuant to the First Finance Agreement, Yellow was required to make eleven (11) monthly payments in the amount of $260,357.84 to AFCO, commencing April 1, 2023, and a final eleventh (11th) payment in the amount of $260,357.84 on March 1, 2024;

**WHEREAS,** under the Second Finance Agreement, a true and correct copy of which is attached as **Exhibit B**, AFCO made a loan to Yellow in the total amount of $20,805,322.40 to pay the insurance premiums for the following Financed Policies: Policy Nos. XEUG71497513005; PD12428001A; P02XC00000019011; ARCGL120462023; P-001-001165984-01; C060318004; 7033962247; G74350033001; TBA62785570; 16135386; UFP006490903; CASFO200019LO202; BM00039016LI23A; EXC10000006814; B0713NAMCA2301; NAMCA2301493; WCUC52175586; WCUC5217823; WCUC52175665; and WCUC52175768;

**WHEREAS,** pursuant to the Second Finance Agreement, Yellow made a down payment in the amount of $2,368,415.60 and was required to make nine (9) monthly payments in the amount of $2,368,415.60 to AFCO, commencing July 1, 2023, and a final ninth (9th) payment in the amount of $2,368,415.60 on April 1, 2024;

**WHEREAS,** the Finance Agreements are governed by the law of the State of Kansas. Under the terms of the Finance Agreements and applicable state law, Yellow granted AFCO a security interest in any and all Unearned Premiums that may become payable under the Financed Policies to secure the obligations of Yellow to AFCO under the First Finance Agreement. Additionally, Yellow irrevocably appointed AFCO as Attorney-in-Fact for Yellow with full authority to effect cancellation of the Financed Polices. Further, AFCO has the right to cancel the Financed Policies to obtain all of the Unearned Premiums under the Financed Policies, to retain the sums due to AFCO, and to the return any excess to Yellow;

**WHEREAS,** prior to the Petition Date, the Debtors made five (5) monthly payments to AFCO under the First Finance Agreement, each in an amount of $260,357.84 and the down payment under the Second Finance Agreement in the amount of $2,368,415.60;

**WHEREAS**, following the Petition Date, the Debtors have made one (1) of the two (2) postpetition payments owing under the Finance Agreements;

**WHEREAS,** payments on account of the Finance Agreements were authorized by this Court pursuant to the *Interim* and *Second Interim Order (I) Authorizing the Debtors to (A) maintain Insurance Coverage Entered into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, (II) Approving Continuation of the Surety Bond Program, and (III) Granting Related Relief* (together, the "Interim Insurance Payment Orders") [D.I.s 174 and 311]. Specifically, the Interim Insurance Payment Orders authorize the Debtors to pay any and all prepetition or postpetition insurance obligations. *See* Interim Insurance Payment Orders, ¶ 4;

**WHEREAS**, following entry of the Interim Insurance Payment Orders, the Debtors made the September 2023 monthly payment due and owing under the First Finance Agreement

($260,357.84) and the August 2023 monthly payment due and owing under the Second Finance Agreement ($2,368,415.60) to AFCO, in the aggregate amount of $2,628,773.44.

**WHEREAS,** a payment in the amount of $260,357.84 due and owing under the First Finance Agreement was due on September 1, 2023, that the Debtors paid on September [11], 2023;

**WHEREAS,** a payment in the amount of $2,368,415.60 due and owing under the Second Finance Agreement was due on September 1, 2023,. The Debtors do not intend to make this payment or any further payment under the Second Finance Agreement as the Debtors no longer require the coverage provided by the Second Financed Policies;

**WHEREAS**, on September 14, 2023, AFCO filed the *Motion of AFCO Credit Corporation for an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001(a)* [D.I. 545] (the "Stay Relief Motion") and the *Motion of AFCO Credit Corporation for an Order Shortening Notice and Scheduling and Expediting Hearing Pursuant to Del. Bank. L.R. 9006-1(e) Regarding Its Motion for an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001(a)* [D.I. 554] (the "Motion to Shorten");

**WHEREAS**, on September 15, 2023, the Motion to Shorten was granted [D.I. 572], and a hearing on the Stay Relief motion was set for September 22, 2023, at 9:30 a.m. (ET);

**WHEREAS**, the Debtors have determined that it is in the best interests of their estates and creditors to permit AFCO to take cancel the Second Financed Policies, effective as of September 1, 2023;

**WHEREAS**, the Debtors have determined that it is in the best interests of their estates and creditors to reject the Second Finance Agreement, to the extent necessary, effective as of September 1, 2023;

**WHEREAS**, AFCO has agreed to such rejection, to the extent necessary; and

**WHEREAS**, the Parties have agreed that AFCO is entitled to relief from the automatic stay imposed by section 362 of the Bankruptcy Code *nunc pro tunc* to September 1, 2023—the date of the missed payment under the Second Finance Agreement—on the terms and conditions set forth in this Stipulation for the exclusive purposes of allowing AFCO to pursue its non-bankruptcy rights and remedies as to the Second Finance Agreement only.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties, through their respective undersigned counsel and subject to the Court's approval, as follows:

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. Upon filing of this Stipulation, AFCO will withdraw the Stay Relief Motion.

3. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified *nunc pro tunc* to September 1, 2023 solely for the purpose of permitting AFCO to pursue its non-bankruptcy rights and remedies as to the Second Finance Agreement only, including: (a) cancellation of the Second Financed Policies by the insurers as of September 1, 2023; (b) collection of the Unearned Premiums thereunder; and (c) application of the Unearned Premiums to the amounts due and owing under the Second Finance Agreement.

4. To the extent necessary, the Second Finance Agreement is hereby deemed to be rejected and the policies financed thereunder cancelled as of September 1, 2023.

5.      The Parties reserve all rights as to the allowance of any claim asserted by AFCO, including an administrative expense claim, arising from the cancellation of the Finance Agreements.

6.      The Debtors will continue to make payments pursuant to the terms of the First Finance Agreement, which payments are due on the first of each month in the amount of $260,357.84 (the "Monthly Payment").

7.      If the Debtor fails to make any of the payments in accordance with the terms of this Stipulation, AFCO shall provide written notice to the Debtors' counsel by e-mail notifying the Debtors of the specific default.

8.      The Debtors shall have four (4) business days from the date of the written notice to cure such default.  Should the Debtors fail to cure the default within the four (4) business day cure period, then AFCO shall have limited relief from stay to pursue its non-bankruptcy rights including to immediately cancel the First Financed Policies as of the date of the missed Monthly Payment without further order of this Court or notice to the Debtors in order to apply the Unearned Premiums to the balance owed to AFCO under the First Finance Agreement.

9.      Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

10.     Neither this Stipulation, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith, or (c) to prove that the automatic stay has been modified in accordance with the terms of this Stipulation.

11. This Stipulation is subject to the approval of the Court and shall be effective upon entry of an order approving this Stipulation by the Court (the "Order"). The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

12. This Stipulation may be executed by facsimile and in any number of counterparts, each of which when so executed shall be deemed an original, but all such counterparts shall constitute but one and the same Stipulation.

13. The Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

*[The remainder of this page was intentionally left blank.]*

Dated: September 18, 2023
       Wilmington, Delaware

By: */s/ Peter J. Keane*
**PACHULSKI STANG ZIEHL & JONES LLP**
Laura Davis Jones (No. 2436)
Timothy P. Cairns (No. 4228)
Peter J. Keane (No. 5503)
Edward Corma (No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-6400
Email:  ljones@pszjlaw.com
       tcairns@pszjlaw.com
       pkeane@pszjlaw.com
       ecorma@pszjlaw.com

By: */s/ Mark W. Eckard*
**REED SMITH LLP**
Mark W. Eckard (No. 4542)
1201 N. Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575
Email: meckard@reedsmith.com

*Counsel to AFCO Credit Corporation*

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 652-2200
Email:  patrick.nash@kirkland.com
       david.seligman@kirkland.com
       whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
601 Lexington Ave.
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: Allyson.smith@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*