**Exhibit A**

DOCS_DE:244891.1 96859/001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) **Re: Docket No. 376** |

**ORDER AUTHORIZING RETENTION AND EMPLOYMENT
OF GOODMANS LLP AS CANADIAN RESTRUCTURING
COUNSEL EFFECTIVE AS OF AUGUST 6, 2023 PURSUANT TO
SECTIONS 327(e), 328(a), 330, AND 363(b)(1) OF THE BANKRUPTCY CODE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to retain and employ Goodmans as Canadian Restructuring Counsel, effective as of August 6, 2023, pursuant to sections 327(e), 328(a), 330, 363(b)(1) of the Bankruptcy Code and Bankruptcy Rules 2014(a), 2016, and 5002, all as more fully set forth in the Application, the Doheny Declaration, and the Chadwick Declaration; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order* of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

2

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted effective as of August 6, 2023 as set forth herein.

2. The Debtors are authorized to employ Goodmans as Canadian Restructuring Counsel pursuant to sections 327(e), 328(a), 330, and 363(b)(1) of the Bankruptcy Code in connection with the Debtors cases and Canadian Recognition Proceedings in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached to the Chadwick Declaration as Exhibit 1 to **Exhibit B.**

3. Goodmans shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 328, 330, and 331 of the Bankruptcy Code (as applicable) and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Goodmans also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective as of November 1, 2013,* both in connection with

the Application and the interim and final fee applications to be filed by Goodmans in these chapter 11 cases.

4. Notwithstanding anything in the Engagement Letter to the contrary, Goodmans shall apply any remaining amounts of its prepetition retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Goodmans.  Goodmans is authorized without further order of the Court to reserve and apply amounts from the prepetition retainers that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Goodmans for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

5. Goodmans shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Goodmans to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

6. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declaration attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Goodmans' fee applications under the Bankruptcy Code are not approved.

7. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, any provisions regarding the ability of the Debtors to object to fees and expenses of Goodmans previously paid by the Debtors and as

provided under the Engagement Letter are not approved.

8. Notwithstanding anything to the contrary in the Application, any order entered in connection therewith, or any agreement entered into in connection with the Debtors' retention of Goodmans, Goodmans shall not seek reimbursement of expenses for office supplies.

9. Goodmans shall provide ten business days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

10. Goodmans shall use its reasonable best efforts to avoid duplication of services provided to any of the Debtors' other retained professionals in these chapter 11 cases.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

13. To the extent the Application, the Chadwick Declaration, or the Engagement Letter (as defined in the Chadwick Declaration) are inconsistent with this Order, the terms of this Order shall govern.

14. Nothing contained in the Application or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or

priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Application or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.