## Exhibit B

**Redline**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re:  Docket No. 392** |

## ORDER (I) AUTHORIZING THE DEBTORS TO
## RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE
## ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing, but not directing, the Debtors to retain and compensate professionals utilized in the ordinary course of business and (b) granting related relief, all as more fully set forth in the Motion; the United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and

no other notice need be provided; and this Court having reviewed the Motion and having heard

the statements in support of the relief requested therein at a hearing before this Court (the

"Hearing"); and this Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth in this Order.

2.      The Debtors are authorized, but not directed, to retain and compensate the

professionals identified on the OCP List (collectively, the "OCPs"), attached as **Exhibit 2**, in the

ordinary course of business pursuant to the following OCP Procedures:

     a.  Within thirty days after the later of (i) the date of entry of the Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall file, or cause to be filed, a declaration of disinterestedness, substantially in the form attached hereto as **Exhibit 1** (each, a "Declaration of Disinterestedness"), with the Court and served upon:  (a) the Debtors, Yellow Corporation, 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211, Attn.: General Counsel; (b) proposed counsel to the Debtors (i) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654, Attn.:  Whitney Fogelberg (whitney.fogelberg@kirkland.com) (ii) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022, Attn.: Allyson B. Smith (allyson.smith@kirkland.com); and (iii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, PO Box 8705, Wilmington, Delaware 19801, Attn: Laura Davis Jones (ljones@pszjlaw.com), Timothy P. Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Jane Leamy (jane.m.leamy@usdoj.gov) and Richard Schepacarter (richard.schepacarter@usdoj.gov); (d) proposed counsel to the Committee (i)   Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036-6745 US, Attn:

Philip C. Dublin (pdublin@akingump.com), Meredith A. Lahaie (mlahaie@akingump.com), and Kevin Zuzolo (kzuzolo@akingump.com) and (ii) proposed co-counsel to the Committee, Benesch Friedlander Coplan & Aronoff LLP, 1313 North Market Street, Suite 1201, Wilmington, DE 19801, Attn: Jennifer R. Hoover (jhoover@beneschlaw.com) and Kevin M. Capuzzi (kcapuzzi@beneschlaw.com); (e) counsel to the Junior DIP Lender, (i) Quinn Emmanuel Urquhart & Sullivan, 865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017, Attn: Eric Winston (ericwinston@quinnemanuel.com) and 51 Madison Avenue, 22nd Floor, New York, NY 10010, Attn: Susheel Kirpalani (susheelkirpalani@quinnemanuel.com), and (ii) Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, IL 60606, Attn: Lucas S. Smith (Luke.Smith@ropesgray.com) and 1211 Avenue of the Americas, New York, NY 10036, Attn: Natasha S. Hwangpo (Natasha.Hwangpo@ropesgray.com); (f) counsel to the Junior DIP Agent, Holland & Knight LLP, 50 N. Riverside Plaza, Suite 2700, Chicago IL 60606, Attn. Joshua M. Spencer (Joshua.Spencer@hklaw.com) and Phillip W. Nelson (Phillip.Nelson@hklaw.com); (g) counsel to the B-2 Lenders, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020 Attn: Scott Greissman (sgreissman@whitecase.com), Elizabeth Feld (efeld@whitecase.com), and Andrew Zatz (azatz@whitecase.com); (h) counsel to the Prepetition ABL Agent, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Kevin Simard (ksimard@choate.com) and Hampton Foushee (hfoushee@choate.com); (i) counsel to the B-2 Agent, Holland & Knight LLP, 50 N. Riverside Plaza, Suite 2700, Chicago IL 60606, Attn. Joshua M. Spencer (Joshua.Spencer@hklaw.com) and Phillip W. Nelson (Phillip.Nelson@hklaw.com); (j) counsel to the Prepetition UST Tranche A Agent, Hogan Lovells US LLP, 390 Madison Avenue, New York, NY 10017, Attn: Ronald J. Silverman and Christopher R. Bryant; (k) counsel to the Prepetition UST Tranche B Agent, Hogan Lovells US LLP, 390 Madison Avenue, New York, NY 10017, Attn: Ronald J. Silverman (ronald.silverman@hoganlovells.com) and Christopher R. Bryant (chris.bryant@hoganlovells.com); (l) counsel to the United States Department of the Treasury, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602, Attn: Michael Messersmith (michael.messersmith@arnoldporter.com), 250 West 55th Street, New York, NY 10019, Attn: Benjamin Mintz (benjamin.mintz@arnoldporter.com), and 601 Massachusetts Ave., N.W., Washington, DC 20001, Attn: Rosa Evergreen (rosa.evergreen@arnoldporter.com); and (m) the United States Department of Justice, 1100 L St NW Rm 7102, Washington, DC 20005-4035, Attn: I-Heng.Hsu (I-Heng.Hsu@usdoj.gov) and Crystal Geise (Crystal.Geise@usdoj.gov) (collectively, the "Notice Parties").

b. The Notice Parties shall have fourteen days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection

and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline.  If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties.  The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized, but not directed, to:  (i) retain such OCP as of the date such OCP commenced providing services to the Debtors and (ii) compensate such OCP as set forth below.

d.  The Debtors shall be authorized, but not directed, to pay, without formal application to the Court by any OCP, 100 percent of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to each OCP set forth on **Exhibit 2** attached hereto, excluding costs and disbursements, may not exceed $225,000 per month per OCP, calculated as an average over a rolling three-month period, while these chapter 11 cases are pending (the "Tier 1 OCP Monthly Cap"), the fees of each OCP set forth in **Exhibit 3** attached hereto, excluding costs and disbursements, may not exceed $100,000 per month per OCP, calculated as an average over a rolling three-month period, while these chapter 11 cases are pending (the "Tier 2 OCP Monthly Cap"), and the fees of each OCP set forth in **Exhibit 4** attached hereto, excluding costs and disbursements, may not exceed $25,000 per month per OCP, calculated as an average over a rolling three-month period, while these chapter 11 cases are pending (the "Tier 3 OCP Monthly Cap"); *provided*, *further*, that the total amount disbursed per quarter, for each OCP set forth on **Exhibit 2**, does not exceed $675,000 per OCP (the "Tier 1 OCP Quarterly Cap"), the total amount disbursed per quarter, for each OCP set forth on **Exhibit 3**, does not exceed $300,000 per OCP (the "Tier 2 OCP Quarterly Cap"), and the total amount disbursed per quarter, for each OCP set forth on **Exhibit 4**, does not exceed $75,000 per OCP (the "Tier 3 OCP Quarterly Cap," and together with the Tier 1 OCP Monthly Cap, Tier 1 OCP Quarterly Cap, Tier 2 OCP Monthly Cap, Tier 2 OCP Quarterly Cap, and the Tier 3 OCP Monthly Cap, the "OCP Caps").  The OCP Caps may be increased by mutual agreement between the Debtors, the U.S. Trustee, the DIP Agent, the Junior DIP Lender, the Junior DIP Agent, the B-2 Lenders, the B-2 Agent, and the Committee; *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

e.  To the extent that fees payable to any OCP exceed the applicable OCP Cap, the OCP shall file a fee application (a "<u>Fee Application</u>") with the Court for the amount in excess of the applicable OCP Cap pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the Office of the United States Trustee, and any applicable orders of the Court, unless the United States Trustee agrees otherwise.

f.  To the extent that any agreement between the Debtors and an OCP provides for the indemnification by the Debtors of such OCP in connection with the services that are the subject of the Motion (each such agreement, an "OCP Agreement"), the OCP shall attach the OCP Agreement to the OCP Declaration and, upon the retention of the OCP in accordance with the OCP Procedures, the indemnification provisions set forth in the OCP Agreement are approved, subject to the following modifications during the pendency of these chapter 11 cases:

    i.   No OCP shall be entitled to indemnification, contribution, or reimbursement for services provided under the OCP Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

    ii.  The Debtors shall have no obligation to indemnify any OCP, or provide contribution or reimbursement to any OCP, for any claim or expense to the extent it is either: (a) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the OCP's gross negligence, willful misconduct, or bad faith; (b) for a contractual dispute in which the Debtors allege breach of an OCP's contractual obligations, unless this Court determines that indemnification, contribution, or reimbursement would be permissible; or (c) settled prior to a judicial determination as to the exclusions set forth in clauses (a) and (b) above, but determined by this Court, after notice and a hearing to be a claim or expense for which the OCP should not receive indemnity, contribution, or reimbursement under the terms of the OCP Agreement, as modified by this Order.

    iii. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (b) the entry of an order closing these chapter 11 cases, an OCP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the OCP Agreement (as modified by this Order), including without limitation, the advancement of defense costs, the OCP must file an application therefor in this Court, and the Debtors may not pay any such amounts to the OCP before the entry of an order by this Court approving the payment. This subparagraph (iii) is intended only to specify the period of time under which this Court shall have

jurisdiction over any request for fees and expenses by any OCP for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the OCPs. All parties in interest shall retain the right to object to any application by any OCP for indemnification, contribution and/or reimbursement.

g.   f.  Beginning on the quarter ending September 30, 2023, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within thirty days thereof, file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement").  Each Quarterly Statement shall include:  (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

h.   g.  The Debtors reserve the right to retain, in consultation with the Committee, additional OCPs from time to time during these chapter 11 cases by including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties and having such OCPs comply with the OCP Procedures.

i.   No OCP shall be paid any amounts for invoiced fees or expenses until its Declaration of Disinterestedness has been properly filed and served and the Objection Deadline has passed without the filing of an objection, or if an objection is timely filed and served by the Objection Deadline, after the parties resolve such objection or the Court enters an order overruling such objection. If an OCP must file a Fee Application, no amounts shall be paid to the OCP until the applicable deadlines have expired.

3.      The Debtors are authorized, but not directed, to supplement the OCP List as necessary to add or remove OCPs, from time to time and after consultation with the Committee, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs, *provided* that the fees paid to any additional OCPs do not exceed the OCP Caps.  The Debtors shall file any amended OCP List with this Court and serve such list on the Notice Parties.  Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures.  If no objections are filed within fourteen days to any such additional OCP's

Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4.      Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Caps, subject to the rights of any party in interest to oppose any such request.

5.      This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.      Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

7.    Notwithstanding anything to the contrary in this Order, any payment made, or authorization contained, hereunder, shall be subject to the "Approved Budget" as defined in the order of the Court approving the debtor-in-possession financing in these chapter 11 cases.

8.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit 1**

**Form of Declaration of Disinterestedness**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. __** |

**DECLARATION OF DISINTERESTEDNESS**
**OF [ENTITY] PURSUANT TO THE ORDER**
**AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [NAME], declare under penalty of perjury:

1.    I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2.    Yellow Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3.    The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm does not, however, perform services for any such person relating to these chapter 11 cases, or have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

4.    As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.    Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain is a relative of the United States Bankruptcy Judge assigned to these chapter 11 cases, and the Firm does not have a connection with the United States Bankruptcy Judge that would render the Firm's retention in these chapter 11 cases improper. Further, the Firm does not have any connection with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), or any persons employed by the U.S. Trustee.

6.    5. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7.    6. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8.    7. [The Debtors owe the Firm $[●] for prepetition services, the payment of which is subject to the limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.] [For non-legal firms: The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.]

9.    8. As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.] I have reviewed the OCP Order and Procedures and understand that the indemnification provisions set forth in the Agreement are subject, during the pendency of the Debtors' chapter 11 cases, to the modifications set forth in the OCP Order and Procedures.

10.    The Firm has read the OCP Order and Procedures and understands the limitation on compensation and reimbursement of expenses thereunder.  Specifically, the Firm understands that in the event it exceeds the applicable cap, the Firm will be required to file with the Court a fee application for the amount of its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable order of the Court.

11.    9. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2023

_____

_____
[**DECLARANT'S NAME**]

**Exhibit 2**

**Tier 1 OCP List**

| Name | Address | Service |
|---|---|---|
| Husch Blackwell LLP | 4801 MAIN ST<br>Kansas City, MO 64180 | Legal - Real Estate |
| ~~KPMG LLP~~ | ~~DEPT 0522, PO BOX 120522~~<br>~~DALLAS, TX 75312~~ | ~~Auditors~~ |
| McDermott, Will & Emery LLP | 444 WEST LAKE STREET SUITE 4000<br>Chicago, IL 60606 | Legal - Workers Compensation |
| Morgan, Lewis & Bockius LLP | COUNSELORS AT LAW, PO BOX 8500 S-6050<br>PHILADELPHIA, PA 19178 | Legal - Employment |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | PO BOX 89<br>COLUMBIA, SC 29202 | Legal - Employment |
| Proskauer Rose LLP | 11 TIMES SQUARE<br>New York, NY 10036 | Legal - Labor |
| Willis Towers Watson US LLC | 1079 SOLUTIONS CENTER<br>CHICAGO, IL 60677 | Actuarial Services |

**Exhibit 3**

**Tier 2 OCP List**

| Name | Address | Service |
|---|---|---|
| Altus Group | 126 DON HILLOCK DR<br>AURORA ON L4G 0G9, CANADA | Accounting - Tax |
| Basham, Ringe y Correa, S.C. | PASEO DE LOS TAMARINDOS #100, 5TH FLOOR, BOSQUES DE LAS LOMAS, CUAJIMALPA DE MORELOS, 05120, MEXICO CITY | Legal - Mexican Counsel |
| Burns & McDonnell, Inc. | 9400 WARD PARKWAY<br>KANSAS CITY, MO 64114 | Consulting - Environmental |
| Carr, Allison, Oliver & Sisson LLP | 100 VESTAVIA PKWY<br>Birmingham, AL 35216 | Legal - Injury and Property Damage |
| Ethority (dba Equifax) | 4076 PAYSPHERE CIR<br>CHICAGO, IL 60674 | Tax and Consulting Services |
| Filion, Wakely, Thorup & Angeletti LLP | BAY ADELAIDE CENTRE, 333 BAY ST STE 2500 PO BOX 44 TORONTO ON M5H 2R2, CANADA | Legal - Canadian Counsel |
| Hemenway & Barnes LLP | 75 State St<br>Boston, MA 02109 | Legal - Taxation |
| Hunton Andrews Kurth LLP | 951 E BYRD ST<br>Richmond, VA 23219 | Legal - Taxation |
| Maher, Brannigan & Heywood PC | 11520 W 183rd St<br>Orland Park, IL 6046 | Legal - Taxation |
| Origami Risk LLC | P.O. BOX 74751<br>Chicago, IL 60694 | Consulting - Safety and Compliance |
| Ryan Law | Three Galleria Office Tower<br>13155 Noel Road, Suite 1850<br>Dallas, Texas 75240 | Legal - Taxation |
| Schroder & Strom LLP | 114 Old Country Rd # 218<br>Mineola, NY 11501 | Legal - Taxation |
| Serviam Consulting | 8700 Indian Creek Pkwy Brown and Gold Office<br>Overland Park, KS 66210 | Consulting - Information Technology |
| TekSystems | 3689 COLLECTION CENTER DRIVE<br>CHICAGO, IL 60693 | Consulting - Information Technology |

| Name | Address | Service |
|------|---------|---------|
| Thomas & Company | P. O. BOX 645555<br>Cincinnati, OH 45264 | Employment Verification Services |

**Exhibit 4**

**Tier 3 OCP List**

| Name | Address | Service |
|---|---|---|
| Amari & Locallo | 734 N WELLS ST<br>CHICAGO, IL 60654 | Legal - Taxation |
| Armanino LLP | PO BOX 206700<br>Dallas, TX 75320 | Auditors - Benefits Plan |
| Creative Planning | LOCKTON RETIREMENT SERVICES, PO BOX 952032<br>St Louis, MO 63195 | Consulting Services and Investment Management |
| Dexter Hofing LLC | 45 ROCKEFELLER PLAZA SUITE 2000<br>New York, NY 10111 | Actuarial Services |
| Gowling Lafleur Henderson LLP | P.O. BOX 466, STATION D<br>OTTAWA ON K1P 1C3, CANADA | Legal - Corporate Counsel |
| MarksNelson | 1310 E 104TH ST STE 300<br>KANSAS CITY, MO 64131 | Accounting - Tax |
| Property Tax Advisory Group | 11300 TOMAHAWK CREEK PKWY STE 320<br>Leawood, KS 66211 | Consulting - Tax |
| Scopelitis, Garvin, Light, Hanson & Feary PC | 10 W MARKET ST STE 1500<br>INDIANAPOLIS, IN 46204 | Legal - Transportation |
| Stewart, McKelvey, Sterling, Scales LLP | PURDYS WHARF TOWER ONE, 1959 UPPER WATER STREET<br>HALIFAX NS B3J 3N2, CANADA | Legal - Canadian Regulatory |
| Tax Advisors Group LLC | 12400 COIT RD STE 960<br>Dallas, TX 75251 | Consulting - Tax |
| Worsek & Vihon | 180 N LA SALLE ST # 3010<br>CHICAGO, IL 60601 | Legal - Taxation |

| Summary report: Litera Compare for Word 11.3.1.3 Document comparison done on 9/11/2023 9:08:50 PM | |
|---|---|
| **Style name:** Color (Kirkland Default) | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://dms.kirkland.com/LEGAL/99734291/1 | |
| **Modified DMS:** iw://dms.kirkland.com/LEGAL/99734291/5 | |
| **Changes:** | |
| Add | 26 |
| Delete | 7 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 1 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 35 |