**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 372** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as co-counsel for the Debtors; and upon: (i) the Rule 2016 Statement; (ii) the Jones Declaration; and (iii) the Doheny Declaration, which were submitted concurrently with the Application; and the Court being satisfied, based on the representations made in the Application, the Rule 2016 Statement, the Jones Declaration, and the Doheny Declaration that PSZ&J does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, that PSZ&J is disinterested as that term is defined under section 101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code, and that the employment of PSZ&J is necessary and in the best interests of the Debtors and the Debtors' estates; and the United States District Court

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to employ and retain PSZ&J as co-counsel, effective as of the Petition Date, on the terms set forth in the Application, the Rule 2016 Statement, the Jones Declaration, and the Doheny Declaration.

3. PSZ&J shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. PSZ&J shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*

*Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and any interim and final fee application to be filed by PSZ&J in the Chapter 11 Cases.

4. To the extent that there may be any inconsistency between the terms of the Application, the Jones Declaration, the Doheny Declaration and this Order, the terms of this Order shall govern.

5. PSZ&J shall provide ten business days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or any agreement entered into in connection with the Debtors' retention of PSZ&J are implemented and shall file such notice with the Court, provided, however, that in the event that the PSZ&J attorneys responsible for this matter do not have sufficient advance notice of such rate increases, PSZ&J shall provide notice to the Debtors, the U.S. Trustee, and the Committee as soon as practicable after the information regarding rate increases becomes available to the PSZ&J attorneys responsible for this matter. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. Notwithstanding anything in the Application to the contrary, PSZ&J shall (i) to the extent that PSZ&J uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases, pass through the cost of such Contractors at the same rate that PSZ&J pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for PSZ&J; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

7. The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: September 19th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**