## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
|  | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) **Hearing Date: October 23, 2023 at 10:00 am (ET)** |
|  | ) **Obj. Deadline: October 3, 2023 at 4:00 pm (ET)** |

## MOTION OF GARY W. GIBBY FOR
## RELIEF FROM THE AUTOMATIC STAY

Gary W. Gibby ("Gibby" or "Movant"), by and through his undersigned counsel, respectfully moves this Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), granting relief from the automatic stay to allow Movant to (a) prosecute the Gibby Lawsuit (and enforce any judgment obtained on account of the same) against debtor YRC, Inc. ("YRC"); and (b) recover any final judgment or settlement against YRC solely from proceeds of the Insurance Policy, if any, and not from the Debtors, their estates, or their successors, and subject to any applicable limit, self-insured retention, or deductible in the Insurance Policy. In support of this Motion, Movant respectfully states as follows:

---

[1] A complete list of each of the debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference* from the United States District Court for the District

of Delaware dated as of February 29, 2012. Pursuant to Local Rule 9013-1(f), Movant consents to

the entry of a final order by the Court in connection with this Motion[2] to the extent that it is later

determined that the Court, absent consent of the parties, cannot enter final orders or judgments in

connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1410.

3.      The statutory and legal predicates for the relief requested herein are Bankruptcy

Code section 362(d), Bankruptcy Rule 4001(a), and Local Rule 4001-1.

## BACKGROUND

4.      On March 7, 2019, Movant was operating a commercial forklift moving pallets from

his employer's warehouse to a trailer connected to a commercial truck that was docked at the

warehouse.  An employee or agent of YRC—the owner of the truck—had driven the trailer to the

warehouse so that it could be loaded with materials for transport.  However, the trailer had been so

poorly maintained that the support system for the trailer floor had significantly deteriorated.  When

Movant drove the forklift onto the trailer to load it with materials, the flooring support system failed

and Movant and the forklift fell through the floor of the trailer.  As a result, Movant sustained

substantial bodily injuries. The deteriorated flooring was neither visible nor apparent to Movant,

and at no time did YRC or its employee warn Movant of any danger.

5.      On September 10, 2021, Movant filed a complaint against YRC (and other

defendants) in the Court of Common Pleas of York County, South Carolina titled: *Gary W. Gibby*

---

[2] Gibby does not consent to jurisdiction of this court to enter a final order for any purpose other than the resolution of this Motion.

*v. Greif, Inc. et al.*, No. 2021CP 46 02790. On December 22, 2021, counsel for YRC filed a Notice

of Removal pursuant to 28 U.S.C. §§ 1332,1441,1446 and that case was subsequently removed to

United District Court for the District of South Carolina – Rock Hill Division and assigned Civil

Action No, 2021-cv-04129 ("Gibby Lawsuit").   The Gibby Lawsuit alleges that YRC (and other

defendants) had negligently caused his injuries.

6.      On August 6, 2023 (the "Petition Date"), Yellow Corporation and twenty-three (23)

affiliated companies, including YRC, (collectively, the "Debtors") each filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code. The Debtors also filed a motion requesting

procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy

Rule 1015(b).

7.      On August 9, 2023, YRC filed a suggestion of bankruptcy in the Gibby Lawsuit

informing the United District Court for the District of South Carolina – Rock Hill Division that

YRC had filed for bankruptcy. Thereafter, on August 15, 2023, the United District Court for the

District of South Carolina – Rock Hill Division issued an order staying the Gibby Lawsuit in its

entirety pending resolution of Defendant YRC's bankruptcy proceeding.

8.      As of the Petition Date, the automatic stay pursuant to section 362 of the Bankruptcy

Code precludes Gibby from litigating the Gibby Claims against the YRC.

9.      Upon information and belief, certain of the Debtors' insurance policies may be

applicable to the Gibby Lawsuit (collectively, the "Insurance Policy").

10.     The Movant intends to proceed with the Gibby Lawsuit to attempt to execute, levy,

and collect upon any judgment as may be obtained in such lawsuit against YRC from proceeds of

the Insurance Policy only, if any, and not from any of the Debtors or their estates.

**RELIEF REQUESTED**

11.     By this Motion, Movant respectfully requests that this Court enter the Proposed Order to allow Movant to (a) prosecute the Gibby Lawsuit (and enforce any judgment obtained on account of the same) against YRC; and (b) recover any final judgment or settlement against the YRC solely from proceeds of the Insurance Policy, if any, and not from the Debtors, their estates, or their successors, and subject to any applicable limit, self-insured retention, or deductible in the Policy.

**BASIS FOR RELIEF**

12.     Section 362(d) of the Bankruptcy Code provides, in relevant part, as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection
(a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]
(2) with respect to a stay of an act against property under subsection (a) of this section, if—

> (A) the debtor does not have an equity in such property; and

> (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d)(1)–(2).

13.     Except for lack of adequate protection, "cause" is not defined in section 362(d)(1). This Court has held that "[c]ause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re Abeinsa Holding, Inc.*, 2016 WL 5867039, at *2 (Bankr. D. Del. Oct. 6, 2016) (citing *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007)); *see also Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997); *Am. Airlines, Inc. v. Cont'l*

*Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 152 B.R. 420, 424 (D. Del. 1993). In considering the totality of the circumstances, the Court "is accorded considerable discretion in evaluating the competing interests." *In re Bell*, 476 B.R. 168, 179 (Bankr. E.D. Pa. 2012) ("[I]n some cases, . . . the equities of freeing the creditor from the restraint of the automatic stay may outweigh the potential negative impact that such relief would have on the bankruptcy process."). *Id.*

14.    Courts in this District apply a three-factor balancing test to determine whether cause exists to lift the automatic stay, which examines whether: (i) any great prejudice to either the bankrupt estate or the debtor will result from lifting the stay; (ii) the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and (iii) the creditor has a probability of prevailing on the merits. *Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992); *see also In re Gulph Woods Corp.*, 84 B.R. 961, 972 (Bankr. E.D. Pa. 1988) (evaluating whether a secured lender received "adequate protection" from a debtor requires "a particular focus upon the value of the collateral, the likelihood that it will depreciate or appreciate over time, [and] the prospects for successful reorganization of the Debtor's affairs"). Cause may be established by a single factor, however, that weighs in favor of lifting the stay. *In re Rexene*, 141 B.R. at 576.

15.    "The movant bears the initial burden to produce evidence that cause exists to grant relief from the automatic stay; if the movant meets its burden, then the burden shifts to [the] opposing party." *In re DBSI, Inc.*, 407 B.R. 159, 166 (Bankr. D. Del. 2009) (citing *In re Rexene*, 141 B.R. at 577).

16.    All factors weigh heavily in favor of lifting the automatic stay to allow Movant.

**A.     Cause Exists to Grant Movant Relief from the Automatic Stay**

17.     First, Movant will be prejudiced if the automatic stay is not lifted because YRC is a necessary party to the Gibby Lawsuit. As discussed *supra*, Movant was injured when the forklift he was operating fell through the floor of a trailer connected to the truck that YRC owned and operated.  Upon information and belief, YRC was responsible for the condition of the trailer and truck.

18.     Second, lifting the automatic stay will not prejudice the Debtors, their estates, their successors, including any purchaser of the Debtors' assets or equity.  Movant is not requesting that the Debtors, their estates, and/or their successors, be required to fund costs associated with (a) any self-insured retention or deductible liability, (b) any obligation to post any security or deposit with any non-Debtor defendants or any insurance carrier pursuant to the terms of an applicable insurance policy, if any, or (c) any other costs of any kind, including, without limitation, attorneys' fees and expenses or amounts due for any non-debtor defendants' or insurance carriers' claims based on indemnification obligations or applicable insurance policies, if any, against the Debtors, their estates, or their successors, including any purchaser of the Debtors' assets or equity, in the Gibby Lawsuit.

19.     Third, Movant will succeed in his personal injury claim.  *See In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (Bankr. D. Del. 1993) ("Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case.").   Here, Movant was injured when the forklift he was operating fell through the floor of a trailer connected to the truck that YRC owned and operated.  Upon information and belief, YRC was responsible for the condition of the trailer and truck.

### RESERVATION OF RIGHTS

20.    Movant expressly reserves all of its rights with respect to this Motion, including the right to amend or supplement this Motion at any time prior to the final hearing thereon.

### NOTICE

21.    Movant will provide notice of this Motion via first class mail, facsimile or email (where available) to interested parties. In light of the nature of the relief requested, Movant requests that this Court find that no further notice is required.

### NO PRIOR REQUEST

22.    No prior request for the relief sought in this Motion has been made to this Court or any other court.

### CONCLUSION

WHEREFORE, Movant respectfully requests that the Court enter the Proposed Order granting relief from the automatic stay to allow Movant to (a) file and prosecute the Gibby Lawsuit (and enforce any judgment obtained on account of the same) against YRC; and (b) recover any final judgment or settlement against TRC solely from proceeds of the Insurance Policy, if any, and not from the Debtors, their estates, or their successors, and subject to any applicable limit, self-insured retention, or deductible in the Policy.

Dated:  September 19, 2023             Respectfully submitted,

                                         */s/ Carl D. Neff*
                                         Carl D. Neff (No. 4895)
                                         Maura L. Burke (No. 5313)
                                         FISHERBROYLES, LLP
                                         CSC Station
                                         112 S. French Street
                                         Wilmington, Delaware 19801
                                         Telephone: (302) 482-4244
                                         carl.neff@fisherbroyles.com
                                         mburke@fisherbroyles.com
                                         *Counsel to Movant, Gary W. Gibby*