# EXHIBIT A

# Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )|
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) ) (Jointly Administered) )|
| Debtors. | ) **Re: Docket No. _____** ) |

**ORDER GRANTING MOTION OF GARY W. GIBBY FOR**
**RELIEF FROM THE AUTOMATIC STAY**

Upon consideration of the Motion of Gary W. Gibby ("Movant") for entry of an order pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and after due deliberation and for the reasons set forth in the Motion, the Court finds that "cause" exists to lift the automatic stay under section 362 of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Motion is hereby GRANTED as set forth herein.

2. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay of section 362(a) of the Bankruptcy Code is hereby lifted to allow Movant to (a) file and prosecute the a lawsuit (and enforce any judgment obtained on account of the same) against the debtor YRC, Inc.;

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation.The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

2

and (b) recover any final judgment or settlement against the Debtors solely from proceeds of the Insurance Policy, if any, and not from the Debtors, their estates, or their successors, and subject to any applicable limit, self-insured retention, or deductible in the Policy.

3. Nothing herein shall prevent or otherwise limit Movant from recovering from any non-Debtor entities or individuals in connection with her claims.

4. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

_____
THE HONORABLE CRAIG T. GOLDBLATT
United States Bankruptcy Judge