## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) <br> ) <br> YELLOW CORPORATION, et al, ) <br> ) <br> ) <br> Debtor. ) <br> ) | Chapter 11 <br><br> Case No. 23-11069(CTG) <br><br><br> Objections Due: October 4, 2023 at 4:00 pm (ET) <br> Hearing Date:  October 23, 2023 at 10:00 am (ET) |

### MOTION OF AMER NASSER AND OMEIRA ULLOQUE
### FOR RELIEF FROM THE AUTOMATIC STAY

Amer Nasser ("*Nasser*") and Omeira Ulloque ("*Ulloque*") (collectively the "*Movants*"), by and through their undersigned counsel, hereby move this Honorable Court for Relief from the Automatic Stay to assert and prosecute personal injury claims against the Debtors, and in support thereof, states as follows:

### JURISDICTION AND VENUE

1. On August 6, 2023 (the "*Petition Date*"), the Debtors filed Voluntary Petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware.

2. This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1408 and 1409.

4. The statutory predicates for the relief sought are section 362(d)(1) of the Bankruptcy Code, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 4001-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*").

**STATEMENT OF FACTS - RELEF REQUESTED**

5.      Debtor, YRC, Inc., is a Delaware corporation that conducts continuous business in Miami-Dade County, Florida and owned, leased or was in possession of a 2001 Mack truck bearing Florida license plate number GEXW41 and VIN number 1M1AA08Y41W023078 (the "*Subject Vehicle*").

6.      Prior to the Petition Date, Movants filed a complaint asserting a cause of action against YRC, Inc. and Walfrido Miguel Valdes, in the Circuit Court of the 11th Judicial Circuit in Miami-Dade County, Florida, Case No. 2022-008729-CA-01 (the "*State Court Action*") arising from injuries sustained by Movants from a collision between the Subject Vehicle operated by an agent, employee and/or servant of YRC and a vehicle operated by Movant Ulloque and in which Movant Nasser was a passenger.

7.      Movants have asserted claims with the insurance carrier for Debtors under Policy No. MWML 18562 with Old Republic Insurance Company (the "*Policy*").

8.      On or about August 9, 2023, Debtors filed its Suggestion of Bankruptcy in the State Court Action advising the Court of this bankruptcy case filed by Debtors.

9.      Accordingly, Movants file this Motion and request that this Honorable Court lift the automatic stay to allow Movants to continue asserting claims against the Policy and to allow Movants to liquidate their claims in the State Court Action. Movants are not seeking the right to execute upon any judgments he may obtain against the Debtors other than rights to collection against applicable insurance carriers and liquidation of the claims for purposes of proofs of claim to be allowed as general unsecured creditors under any confirmed Plan of Reorganization should a self retention or similar limitation impair Movants' ability to collect any settlement or judgment from the Debtors' insurance carrier.

## BASIS FOR RELIEF

10. Bankruptcy Code section 362(d)(1) provides that a "court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause." 11 U.S.C. § 362(d)(1).

11. There is no definition of "cause" in the Bankruptcy Code. Therefore, "cause" must be determined on a case-by-case basis. International Business Machines v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.), 938 F.2d 731, 735 (7th Cir. 1991) (citing In re Tuscon Estates, 912 F.2d 1162, 1166 (9th Cir. 1990)); Izzarelli v. Rexene Products Co. (In re Rexene Products Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992).

12. In determining whether "cause" exists to lift the stay to permit a party to continue litigating an action in a non-bankruptcy court, courts in the Third Circuit apply the following three factor test:

  (1) Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; and

  (2) Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

  (3) The probability of the creditor prevailing on the merits.

Rexene Products, 141 B.R. at 576; see also American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.), 152 B.R. 420, 424 (D. Del. 1993); Levitz Furniture Inc. v. T. Rowe Price Recovery Fund, L.P. (In re Levitz Furniture Inc.), 2000 Bankr. LEXIS 1322, *15 (Bankr. D. Del. 2000); Save Power Limited v. Pursuit Athletic Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.), 193 B.R. 713, 718 (Bankr. D. Del. 1996).

13. Further, courts are directed to consider the following legislative history: It will often be more appropriate to permit proceedings to continue in their place of origin, where no

great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. Rexene Products, 141 B.R. at 576; In re Wilson, 85 B.R. 722, 728-29 (Bankr. E.D. Pa. 1988) (citing S. Rep. No. 989, 95th Cong., 2d. Sess. 50, reprinted in [1978] U.S. Code Cong. & Ad. News 5836).

14. This Court, in the Continental Airlines decision referred to above, set forth the following framework for analyzing motions for relief from the automatic stay:

> "There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. Rather, in resolving motions for relief for "cause" from the automatic stay courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant. In balancing the competing interests of the debtor and the movant, Courts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted. See Int'l Business Machines v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.) 938 F. 2d 731. 734-37 (7th Cir. 1991)."

Id. at 424.

15. All three factors weigh heavily in favor of modifying the automatic stay to permit Movants to proceed with their non-bankruptcy action in pursuit of his personal injury claims and against all available insurance proceeds.

16. In determining whether a debtor will endure prejudice if the automatic stay is lifted, courts examine the status of the underlying non-bankruptcy court action. In this case, Movants' counsel had been addressing these claims with the Debtors' insurance carrier but was required to cease settlement efforts as a result of the filing of the bankruptcy case. The Movants anticipate settling all claims.

17. Administration of the estate will not be delayed by granting this Motion. The bankruptcy case was recently commenced on August 6, 2023.

18. The Movants have identified applicable insurance coverage; consequently, the Debtors will not need to expend resources in the defense of these actions. There should be no inconvenience to the Debtors by allowing Movants to pursue their State Court Action.

19. Debtors will not suffer great prejudice if the stay is lifted and the Movants are permitted to proceed against the insurance and liquidate any claims he has against the Debtors.

20. The third prong of the Fernstrom test analyzes the Movants' probability of success on the underlying action. As stated by the bankruptcy court in Rexene Products, "the required showing is very slight." Rexene Products, 141 B.R at 578; see also Continental Airlines, 152 B.R. at 420 ("The third factor the Court must consider in assessing the propriety of lifting the automatic stay is whether the Movants have some probability of success on the merits in the proposed litigation."); Levitz Furniture, 2000 Bankr. LEXIS at *17 (holding that Movants only need to show "that their claim is not frivolous" to satisfy the third prong).

21. Movants have satisfied the third part of the Rexene test. Here, the Movants' claims against the Debtors are clearly not frivolous as evidenced by the fact that the Movants sustained seriously injuries caused by Debtor's negligence and breach of duty owed to Movants. Movants had been addressing these claims through Debtors' insurance carrier before the Petition Date. Granting of a Relief from Stay will allow the process to proceed, and, under any circumstances, complete the liquidation of Movants' claims.

22. Based on the foregoing, Movants respectfully submit that the Debtors' administration and reorganization endeavors will not be prejudiced by the granting of this Motion because the Movants are seeking only to liquidate their claims, pursue available insurance proceeds and preserve any rights they have under a confirmed plan of reorganization. Movants would be seriously prejudiced by any delay.

WHEREFORE, based on the foregoing reasons, Movants pray for the entry of an Order

terminating the automatic stay of 11 U.S.C. § 362(a) to proceed against insurance proceeds, to allow Movants to pursue and liquidate their claims in the State Court Action and to grant such other and further relief as the Court deems just and proper.

        OFFIT KURMAN, P.A.

By: */s/ Brian J. McLaughlin*
    Brian J. McLaughlin (DE Bar no. 2462)
    Christopher Isaac (DE Bar no. 6291)
    222 Delaware Avenue, Suite 1105
    Wilmington, DE 19801
    (302) 351-0916
    Brian.mclaughlin@offitkurman.com

*Attorneys for Movants, Amer Nasser and Omeira Ulloque*