**<u>Exhibit 1</u>**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*[1] | ) ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**JOINT STIPULATION**
**BY AND AMONG THE DEBTORS AND**
**PEAPACK CAPITAL CORPORATION (I) GRANTING RELIEF FROM**
**THE AUTOMATIC STAY AND (II) REJECTING CERTAIN LEASE AGREEMENTS**

This joint stipulation ("Stipulation") is made and entered into by and among (a) YRC Enterprise Services Inc. and the other debtors in possession in the above-captioned chapter 11 cases (the "Debtors")[2], and (b) Peapack Capital Corporation ("PCC" and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, on August 6, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes. The Debtors are

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").

5

managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on August 28, 2023, PCC filed the *Motion of Peapack Capital Corporation for Relief from the Automatic Stay* [Docket No. 351].

WHEREAS, Debtor YRC Enterprise Services Inc. and PCC entered into a master lease agreement, dated August 25, 2017 (the "Master Lease"), as well as four (4) related schedules, dated October 26, 2017 through and including November 13, 2018 (collectively, the "Lease Schedules", and, together with the Master Lease, the "Lease Agreement") for Debtor's lease of 991 trailers from PCC (the "Equipment").

WHEREAS, each of the aforementioned Lease Schedules will expire in approximately two to four months;

WHEREAS, the Debtors have notified PCC that the Debtors do not intend to assume or assign the Lease Agreement in connection with the Debtors' chapter 11 cases;

WHEREAS, PCC has indicated to the Debtors its desire to take possession of and dispose of the Equipment;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to permit PCC to take possession of the Equipment, effective as of the date of entry of an Order of this Court approving this Stipulation;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to reject the Lease Agreement, effective as of the date of entry of an Order of this Court approving this Stipulation, to the extent necessary;

WHEREAS, PCC has agreed to such rejections, to the extent necessary; and

WHEREAS, the Debtors consent to lift the automatic stay imposed by section 362 of the Bankruptcy Code on the terms and conditions set forth in this Stipulation for the exclusive

purposes of allowing PCC to take possession of the Equipment, to dispose of the Equipment, and to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED as follows:

1.  The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2.  The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting PCC, its agents or assigns to take possession of the Equipment from the Debtors' premises, any other location owned or leased by the Debtors, or any other location where the Equipment may be located, to dispose of the Equipment, and, to the extent required by the Lease Agreement or applicable law, to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court. Nothing herein shall be construed to require PCC to take possession of any equipment which, in its discretion, PCC deems to be damaged, destroyed or inoperable.  If PCC exercises its discretion not to take possession of any such equipment it deems to be damaged, destroyed or inoperable, PCC will release the title certificate(s) to said equipment to Debtor.

3.  Each of the Parties shall use commercially reasonable efforts to cooperate and coordinate with respect to the logistics of PCC's repossession of the Equipment, including to facilitate access to any properties where the Equipment is located, whether or not Debtors own or control such property. Additionally, the Debtors shall continue to properly secure and insure the Equipment until such time as PCC takes possession or declines to do so pursuant to paragraph two (2) above.

4.  To the extent necessary, the Lease Agreement is hereby deemed to be rejected as of the date of entry of an Order of this Court approving this Stipulation, and PCC consents to such rejection. Any claim for rejection damages by PCC shall constitute a prepetition general unsecured claim in the Debtors' chapter 11 cases and PCC shall be required to file a proof of claim by the date set forth in an applicable order of the Court setting a bar date for the filing of proofs of claim or as otherwise set forth in a confirmed plan of reorganization.

5.  Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

6.  PCC may incur costs, fees, expenses, or charges associated with taking possession of the Equipment or otherwise performing under this Stipulation, including but not limited to towing, storage, repairs, or disposal costs, and PCC shall not seek to recover such costs from the Debtors or their estates as an administrative claim. Nothing herein shall be construed as a waiver of PCC's rights to seek reimbursement of such costs as a component of its rejection damages in PCC's general unsecured rejection damages proof of claim.

7.  PCC shall not seek an administrative claim for costs and attorneys' fees incurred in connection with entering into and performing under this Stipulation. Nothing herein shall be construed as a waiver of PCC's rights to seek reimbursement of attorney's fees and costs as a component of its general unsecured rejection damages proof of claim.

8.  Neither this Stipulation, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith, or (c) to prove that the automatic stay has been modified in accordance with the terms of this Stipulation.

9. This Stipulation is subject to the approval of the Court and shall be effective upon entry of an order approving this Stipulation by the Court (the "<u>Order</u>"). The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

10. The Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.