IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br>                  Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>Hearing Date: September 22, 2023 at 9:30 a.m. (ET)<br>Objection Deadline: September 20, 2023 at 4:00 p.m. (ET)<br><br>Re: Docket No. 518 |

**RESERVATION OF RIGHTS OF THE CHUBB COMPANIES WITH RESPECT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE DEBTORS' SELECTION OF A REAL ESTATE STALKING HORSE BIDDER, (II) APPROVING BID PROTECTIONS IN CONNECTION THEREWITH, AND (III) GRANTING RELATED RELIEF**

ACE American Insurance Company, ACE Property and Casualty Insurance Company, Bankers Standard Insurance Company, Illinois Union Insurance Company, Indemnity Insurance Company of North America, Insurance Company of North America, Westchester Surplus Lines Insurance Company, Federal Insurance Company, ESIS, Inc., and each of their respective U.S.-based affiliates and successors (collectively, and solely in their capacities as insurers and/or third party administrators of one or more of the above-captioned debtors, the "Chubb Companies"), by and through their undersigned counsel, hereby file this Reservation of Rights (the "Reservation of Rights") with respect to the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Selection of a Real Estate Stalking Horse Bidder, (II) Approving Bid Protections in Connection*

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

*Therewith, and (III) Granting Related Relief* [Docket No. 518] (the "Motion")[2] and in support of the Reservation of Rights, the Chubb Companies respectfully state as follows:

## BACKGROUND

### A. The Bankruptcy Case

1. On August 6, 2023 (the "Petition Date"), Yellow Corporation and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On August 7, 2023, the Debtors filed the *Motion of the Debtors for Entry of an Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling an Auction and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 22] (the "Sale Motion"), seeking entry of (a) an order approving, *inter alia*, the Bidding Procedures and the Assumption and Assignment Procedures; and (b) one or more separate orders authorizing and approving, *inter alia*, one or more Sale Transactions to sell or otherwise transfer all or substantially all of the Debtors' assets to a Stalking Horse Bidder, if any, and/or other Winning Bidder(s).

---

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion, the Sale Motion, and/or the Chubb Sale ROR (each as defined herein), as applicable.

3. The Sale Motion did not identify any proposed Stalking Horse Bidder or include any proposed form of an asset purchase agreement.

4. On September 7, 2023, the Chubb Companies filed the *Reservation of Rights of the Chubb Companies with Respect to the Motion of the Debtors for Entry of an Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling an Auction and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 417] (the "<u>Chubb Insurance Sale ROR</u>"), reserving all of the Chubb Companies' rights with respect to the Insurance Programs, the Sale Motion, any proposed Sale Transaction in connection therewith, and/or any documents relating thereto.

5. On September 15, 2023, the Court entered the *Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 575] (the "<u>Bid Order</u>"), which, *inter alia*, approved the Bidding Procedures and the Assumption and Assignment Procedures.

B. <u>The Motion</u>

6. On September 13, 2023, the Debtors filed the Motion.

7.  Pursuant to the Motion, the Debtors seek entry of an order, *inter alia*, approving Estes Express Lines as the Real Estate Stalking Horse Bidder for the Acquired Assets and authorizing the Debtors to enter into and perform under the Real Estate Stalking Horse APA, subject to higher and/or better Bids regarding the Acquired Assets in accordance with the Bidding Procedures.

8.  The proposed Real Estate Stalking Horse APA is attached as Exhibit A to the Motion.

9.  The Real Estate Stalking Horse APA provides that the Acquired Assets include "the Contracts set forth on Schedule 1.1(b)," which schedule is not attached to the Real Estate Stalking Horse APA. *See* Real Estate Stalking Horse APA at Art. I § 1.1(b).

10. The Real Estate Stalking Horse APA also appears to purport to provide for the assignment or transfer of certain of the Debtors' rights and/or benefits under certain of their insurance policies. For example, the Real Estate Stalking Horse APA provides:

> From and after the Closing Date, Purchaser shall have the right to make claims and the right to any proceeds with respect to any matter solely to the extent related to the Acquired Assets or Assumed Liabilities under any insurance policies for occurrence-based claims inuring to the benefit of Sellers or any of their Affiliates for periods prior to the Closing, and Sellers shall use reasonable efforts to seek recovery or allow Purchaser to seek recovery under such insurance policies, and Seller shall cooperate with Purchaser's reasonable requests if it seeks recovery, with respect to such matters and shall remit (or, at Purchaser's request, direct any such insurer to pay directly to Purchaser), any insurance proceeds actually obtained therefrom (net of Sellers reasonable and documented out-of-pocket costs and expenses of seeking such recovery, to the extent not otherwise paid or reimbursed by Purchaser) to Purchaser or its designee.

Real Estate Stalking Horse APA at Art. VI § 6.9.

11. The Real Estate Stalking Horse APA further provides that, if any Acquired Real Property suffers damage as a result of any casualty prior to the Closing:

4

> At the Closing, Purchaser shall be assigned all interest of Sellers in and to any insurance proceeds actually received by Sellers on account of such casualty (including any proceeds of business interruption insurance for the period after the date of the Closing Date), less sums that Sellers incur before the Closing Date for the cost and expense of the repair of any of the damage that Sellers may elect, in their sole discretion, to undertake or in pursuing the collection of any such insurance proceeds.

Real Estate Stalking Horse APA at Art. X § 10.21(b).

12. Pursuant to the foregoing provisions, the Real Estate Stalking Horse Bidder seeks to acquire certain insurance rights, benefits, and/or proceeds and ostensibly some, but not all, of the Debtors' insurance policies.

13. As discussed more fully in the Chubb Insurance Sale ROR, the Chubb Companies have issued numerous Policies to the Debtors as part of the Insurance Programs.

## RESERVATION OF RIGHTS

14. The Chubb Companies file this Reservation of Rights to make it clear that the Chubb Insurance Sale ROR and the arguments set forth therein, all of which are incorporated in this Reservation of Rights as if set forth fully herein, apply to the Motion and the proposed Real Estate Stalking Horse APA.

15. Without limiting the foregoing, the Chubb Companies reserve their rights with respect to the Real Estate Stalking Horse APA to the extent that the Debtors seek to assume and assign or otherwise transfer to the Real Estate Stalking Horse Bidder or any other entity either or both of the Insurance Programs (and/or the rights, benefits, interests and proceeds thereunder).

16. As set forth more fully in the Chubb Insurance Sale ROR, the Chubb Companies assert that (i) the Insurance Programs must each be assumed and assigned, if at all, as a whole, and, in order to be entitled to any of the rights, benefits, interests and/or proceeds under the Insurance Programs, the Real Estate Stalking Horse Bidder or any other Winning Bidder must

remain liable for the Obligations thereunder; (ii) to the extent that the Debtors seek to assume and assign or otherwise transfer the Insurance Programs (and/or the rights, benefits, interests and proceeds thereunder), the Insurance Programs (and/or the rights, benefits, interests and proceeds thereunder) cannot be assigned or transferred without the consent of the Chubb Companies, which consent has not been sought or given; (iii) the Chubb Companies should not be responsible for determining which entity, as between the Debtors and the Real Estate Stalking Horse Bidder or any other Winning Bidder, is entitled to coverage and/or the rights, benefits, interests and/or proceeds under the Insurance Programs; (iv) any proposed cure amounts must be evaluated at the time of assumption; and (v) as the Chubb Companies have not been definitively advised as to whether the Real Estate Stalking Horse Bidder or any other Winning Bidder intends to seek assignment of the Insurance Programs (and/or the rights, benefits, interests and proceeds thereunder), the Chubb Companies therefore lack adequate assurance of future performance under the Insurance Programs by the Real Estate Stalking Horse Bidder or any other Winning Bidder.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Chubb Companies reserve all of their rights with respect to the Insurance Programs, the Motion, the proposed Real Estate Stalking Horse APA, the Sale Motion, any proposed Sale Transaction in connection therewith, and/or any documents relating thereto.

Dated: September 20, 2023

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Lawrence J. Kotler*
Lawrence J. Kotler, Esq. (DE 4181)
1201 North Market Street, Suite 501
Wilmington, DE 19801
Phone: (302) 657-4900
Fax: (303) 657-4901
Email: LJKotler@duanemorris.com

and

Wendy M. Simkulak, Esq.
Elisa M. Hyder, Esq.
30 South 17th Street
Philadelphia, PA 19103
Phone: (215) 979-1000
Fax: (215) 979-1020
Email: WMSimkulak@duanemorris.com
Email: EHyder@duanemorris.com

*Counsel for the Chubb Companies*