**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MOM CA Investco LLC, *et al.*,[1] | ) Case No. 25-10321 (BLS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 583 |
| | ) |
| | ) Hearing Date: July 1, 2025 |
| | )                          11:00 a.m. (ET) |
| | ) Obj. Deadline: n/a |

**STATEMENT OF BANC OF CALIFORNIA WITH RESPECT TO**
**DIP MOTION AND DISMISSAL MOTION**

Banc of California files this statement ("Statement") with respect to the Debtors' motion to amend the DIP credit agreement ("DIP Motion") and the motion to dismiss or convert ("Dismissal Motion") filed by the Honarkar Parties (the "Motions")[2].

**I.    THERE IS NO JUSTIFICATION FOR AN EMERGENCY HEARING ON EITHER THE DIP MOTION OR THE DISMISSAL MOTION**

1.    BOC understands that the Debtors can survive without the DIP facility for another week, and there is no emergency whatsoever that justifies the Dismissal Motion being heard tomorrow. The hearing on those motions should be continued until July 8, 2025, which will allow the 5 secured creditors, the primary constituents of this case, to determine if they can come

---

[1]   The Debtors in these chapter 11 proceedings, together with the last four digits of each Debtor's federal tax identification number, are: MOM CA Investco LLC [6263], MOM AS Investco LLC [6049], MOM BS Investco LLC [6180], Retreat at Laguna Villas, LLC [2046], Sunset Cove Villas, LLC [9178], Duplex at Sleepy Hollow, LLC [9237], Cliff Drive Properties DE, LLC [0893], 694 NCH Apartments, LLC [0318], Heisler Laguna, LLC [4709], Laguna Festival Center, LLC [4073], 891 Laguna Canyon Road, LLC [0647], 777 AT Laguna, LLC [8715], Laguna Art District Complex, LLC [8316], Tesoro Redlands DE, LLC [2764], Aryabhata Group LLC [7332], Hotel Laguna, LLC [9580], 4110 West 3rd Street DE, LLC [8641], 314 S. Harvard DE, LLC [2057], Laguna HI, LLC [6408], Laguna HW, LLC [9470], The Masters Building, LLC [6134], and 837 Park Avenue, LLC [3229]. The Debtors' headquarters are located at 520 Newport Center Drive, Suite 480, Newport Beach, CA 92660.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motions.

4922-9360-8018.1 07997.00001

to an agreement with the DIP Lender.  Substantial progress has been made between the DIP lender and the lenders, but more time is needed.  The lenders should also have right to have more time to consider the protections needed upon a dismissal or conversion.  For instance, the lenders have no doubt that one or both of the warring insiders will do anything they can to fight the lenders upon a dismissal, whether through newly filed chapter 11 petitions, seeking an equity receivership in California, or fighting state law receiverships.   Having been held hostage for 4 months by the warring parties, the lenders should be able to determine first whether a DIP is possible, and if not, either because this Court dismisses or converts these cases, or a DIP is just not workable, how to deal with issues, such as Bankruptcy Rule 1014(b).  Moreover, there will be serious issues to consider as to the corporate governance of these cases if they are dismissed, including who will be in charge of running these entities.

2. These cases were filed just over 4 months ago.  At that time, the cases were in complete chaos given the background of these cases.  However, after 4 months, theses chapter 11 cases have reached a point where there is a light at the end of the tunnel.  Hilco and Atlas Mortgage are now in the midst of a robust marketing campaign to sell the properties, and have received substantial interest from numerous potential and very qualified buyers of the properties   Bids are now due on July 30, 2025, and Hilco is anticipating auctions as of mid-August.

3. Had these chapter 11 cases been dismissed immediately after the filing of the petitions, the lenders would have already foreclosed by now and started to conduct sales of the properties.  But the cases were not dismissed, and BOC, as well as other lenders, tried to work with the Debtors to get the cases on track and to have the Debtors sell the properties, which is ultimately what the lenders want to happen under the right circumstances.

4. The lenders are the primary constituents of these cases. There are no meaningful unsecured creditors, and no creditors' committee has been formed. The only meaningful potential unsecured creditors will be lenders whose collateral may well be undersecured. The insiders of these cases have only speculative economic interests depending upon the overall equity in the properties, and no showing has been made that there is any value for the insiders.

5. The Honarkar Parties filed a trustee motion on March 13, 2025, which motion the Honarkar Parties eventually dismissed. Since that time Mo Honarkar has argued on various occasions that the cases should be dismissed, but only filed the Dismissal Motion this past Friday, June 27, and obtained an order shortening time for a hearing on Monday morning, June 30, which is now continued for 1 day. Nothing new has occurred in these cases that would justify the Dismissal Motion being heard on an emergency basis, except that the cases are now in a much better posture. If Honarkar tries to stop the sales by filing appeals of the sale orders, he will face motions for relief from stay by the lenders to foreclose, which will give Honarkar the choice of either stopping the sales or allowing the foreclosures on such properties.

6. There is a very good reason Honarkar dismissed his trustee motion and waited 4 months to file the Dismissal Motion. Honarkar needed all the benefits of these chapter 11 cases to keep the lenders from foreclosing while he looked for financing to file a plan of reorganization, or to refinance the secured debt. He failed completely. But now that there is a potential new replacement DIP facility in the DIP Motion, along with an ongoing robust sale process, Honarkar finally decided to file the Dismissal Motion on an emergency basis, allowing virtually no time for the primary constituents of the case to oppose it, especially while trying to see if there was a pathway to settle their differences with the DIP lender.

7.  If BOC and the lenders cannot reach an agreement with the DIP lender, then BOC and the other lenders will join in Honarkar Parties' Dismissal Motion. If this case is dismissed, BOC and the other lenders will request that the Court not close these cases for some period of time in the event that either of the warring parties file new chapter 11 cases to prevent the lenders from foreclosing. The lenders do agree that in the event the Court is inclined to grant the Dismissal Motion, that dismissal is a far better alternative than a conversion to chapter 7, where there will be no funding for a chapter 7 trustee to do anything.

8.  BOC believes that a revised DIP Order needs to be filed by end of day on July 3, with a hearing on Tuesday, July 8 to give the parties and the Court sufficient time to consider any revised DIP order and the Dismissal Motion. The present timetable is fundamentally unfair when these cases have been pending for 4 months and nothing has occurred overriding the basic due process rights of the creditors. The lenders are the primary constituents of these cases and, under Section 1112 of the Bankruptcy Code, it is the creditors whose rights must be specifically protected, and not the interests of equity holders, particularly when they may very well be out-of-the money.

Dated: June 30, 2025

/s/James E. O'Neill
PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski (admitted *pro hac vice*)
Ira D. Kharasch (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
       ikharasch@pszjlaw.com
       joneill@pszjlaw.com
       ecorma@pszjlaw.com

*Counsel for Banc of California*

4922-9360-8018.1 07997.00001