IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11069 (CTG)<br>(Jointly Administered)<br><br>Hearing Date: October 23, 2023 at 10:00 a.m.<br>Objection Deadline: October 10, 2023 at 4:00 p.m. |

**MOTION OF CORPORATE LODGING CONSULTANTS INC. AND COMDATA, INC., PURSUANT TO BANKRUPTCY CODE SECTION 362(d), BANKRUPTCY RULE 4001, AND LOCAL RULE 4001-1, FOR RELIEF FROM THE AUTOMATIC STAY TO EFFECTUATE SETOFF OF SECURITY DEPOSIT**

Corporate Lodging Consultants Inc. ("CLC") and Comdata, Inc. ("Comdata" and, together with CLC, the "Movants"), by and through its undersigned counsel, move for entry of an order, pursuant to section 362(d)(1) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001(a) of Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), lifting the automatic stay to permit the Movants to effectuate a right of setoff pursuant to section 553(a) of the Bankruptcy Code. In support of this motion, the Movants respectfully represent as follows:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction to consider the requested relief pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

2.      The Movants consent to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3.      The statutory bases for the relief requested are sections 362(d) and 553(a) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 4001-1.

## RELEVANT BACKGROUND

4.      On August 6, 2023 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the Bankruptcy Code in this Court. Upon information and belief, the Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Comdata is a payment processor and issuer of fleet fuel cards, corporate spend cards, paperless payroll cards, virtual payments, and trucking permits. CLC is a corporate travel management provider. Together, the Movants work with companies to assist in travel and transportation services for companies' employees and contractors. Comdata and CLC are both owned by Fleetcor Technologies, Inc.

6.      Prior to the Petition Date, Movants provided various services to the Debtors pursuant to different agreements, including that certain Master Services Agreement between CLC and Debtor YRC, Inc. dated July 1, 2019.

7.      Also prior to the Petition Date, Comdata entered into that certain Master Services Agreement and Security Deposit Agreement, both dated July 11, 2023, with Debtor YRC Enterprises, Inc. Pursuant to the Security Deposit Agreement (a copy of which is attached hereto as Exhibit 1), the Debtors agreed to provide the Movants with a deposit of $2,000,000.00 (the "Security Deposit") to secure the Debtors' obligations to make payment to the Movants for

services provided to the Debtors. Movants continue to hold such deposit and have not applied any portion of it to past due invoices. *See* Docket No. 473 at p. 30.

8. Pursuant to the Security Deposit Agreement, the Movants are authorized to apply the security deposit to past due invoices that are more than 30 days' past due. The Debtors currently owe the Movants $689,890.48 due to invoices that are at least 30 days' past due.[2]

## RELIEF REQUESTED

9. Pursuant to Bankruptcy Code sections 362(d)(1) and 553(a), and Bankruptcy Rule 4001(a), Movants respectfully request entry of an order lifting the automatic stay to permit the Movants to set off the Security Deposit against the prepetition amounts described above. **The Movants are not seeking to set off the Security Deposit against any post-petition or administrative claims.** The Movants reserve all rights in law and equity to seek allowance and payment of any and all post-petition and administrative claims.

## BASIS FOR RELIEF REQUESTED

A. **Overview of Movant's Secured Claim and Right to Setoff Against Security Deposit**

10. As of the Petition Date, the Movants hold the Security Deposit in the amount of $2,000,000.00. Under section 506(a) of the Bankruptcy Code, by virtue of holding the Security Deposit, Movants are secured to the extent of their claims against the Debtor, up to the amount of the Security Deposit. Section 506(a) provides that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to . . . the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

---

[2] Movants intend to file proofs of claim prior to the relevant deadline for doing so. In the interim, the Movants will provide copies of the invoices that substantiate the amount due upon request of a party in interest.

11 U.S.C. § 506(a).  In *Solow v. PPI Enters.(U.S.) (In re PPI Enters.(U.S.))*, 324 F.3d 197, 208 (3d Cir. 2003), the Third Circuit cited to *In re Atlantic Container Corp.*, 133 B.R. 980, 989 (Bankr. N.D. Ill. 1991) for the proposition that a "***landlord is a secured creditor to the extent of any security deposit it holds***. As a secured or partially secured creditor, the landlord must satisfy its claim against the lessee out of the security it holds before asserting a claim against the lessee's general assets." *Id.*  (emphasis added).

11. Courts in the Third Circuit and elsewhere have held that parties holding a security deposit should be permitted to set off prepetition claims (including past due amounts and rejection damages) from a security deposit.  *See CDI Trust v. U.S. Elec., Inc. (In re Commun. Dynamics, Inc.),* 382 B.R. 219, 233 (D. Del. 2008) ("[R]ejection damages claim is a pre-petition claim for purposes of setoff under section 553 of the Bankruptcy Code."); *see also In re Leather Factory Inc.,* 475 B.R. 710, 718 (Bankr. C. D. Cal. 2012) ("Precedent under both § 365(d)(3) and § 553 overwhelmingly holds that pre-petition security deposits may be applied against pre-petition claims, whether arrearages or rejection damages . . .").

12. Here, the Movants hold allowed prepetition claims which far exceed the amount of the Security Deposit.

B. **Cause Exists to Lift the Automatic Stay Under Section 362(d)(1)**

13. Section 362(a)(6) provides that the filing of a petition stays "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the Debtor . . . ."  11 U.S.C. § 362(a)(6).  Section 362(d) of the Bankruptcy Code provides that:

>> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>>
>>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>>
>>> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>>>
>>>> (A) the debtor does not have an equity in such property; and
>>>>
>>>> (B) such property is not necessary to an effective reorganization;

11 U.S.C. § 362(d). The burden of proof on a motion to lift the automatic stay is a shifting one. "The movant has the initial burden of proof to put forth a *prima facie* case for cause before the debtor must then rebut the case." *In re Scarborough St. James Corp.*, 535 B.R. 60, 68 (Bankr. D. Del. 2015); *see* also 11 U.S.C. § 362(g)(1).

14.  "Showing cause requires the creditor to first establish its right to setoff by finding an independent right of setoff under non-bankruptcy law. It then must show that the conditions § 553 places on setoff are satisfied." *In re WL Homes LLC*, 471 B.R. 349, 352 (Bankr. D. Del. 2012. The existence of the right of setoff constitutes sufficient "cause" to grant stay relief to permit setoff of mutual prepetition and postpetition debts. *See In re Nuclear Imaging Sys., Inc.,* 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000)(terminating stay to permit party to exercise right of setoff); *see also In re Warwick,* 179 B.R. 582, 584 (Bankr. W.D. Ark. 1995)(same)

15.  Upon demonstrating a right to setoff, a creditor has established a *prima facie* showing of cause for stay relief under section 362(d)(1) of the Bankruptcy Code. *See Nuclear Imaging*, 260 B.R. at 730; *see also In re Orlinski*, 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991)("By establishing its right of setoff, the IRS has made a *prima facie* showing of 'cause' for relief from stay under § 362(d)(1)"); *In re Flanagan Bros., Inc.,* 47 B.R. 299, 303 (Bankr. D.N.J. 1985)("[T]he

5

mere existence of mutual obligations subject to set-off constitute sufficient 'cause' in the absence of countervailing factors."). Any party objecting to the lifting of the stay bears the burden to rebut the *prima facie* showing. *See Szymanski v. Wachovia Bank, N.A. (In re Szymanski)*, 413 B.R. 232, 243 (Bankr. E.D. Pa. 2009).

16. As demonstrated below, the Movants have a valid right of setoff under the Security Deposit Agreement and "cause" exists to lift the stay to permit the Movants to effectuate set off of the Security Deposit.

    a. **Movants' Setoff Rights**

17. The right of setoff allows entities that owe each other money to apply their mutual debts against each other and thereby avoid the "absurdity of making A pay B when B owed A." *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995). Setoff is "favored and encouraged by the law, to avoid circuity of action and injustice." *North Chi. Rolling Mill Co. v. St. Louis Ore & Steel Co.,* 152 U.S. 596, 616-17 (1894). "[T]here is practically a presumption in favor of allowing setoff . . . ." *Nuclear Imaging*, 260 B.R. at 738; *see also Wood v. United States HUD (In re Wood),* 993 F.3d 245, 251 (4th Cir. 2021)("[S]etoffs in bankruptcy 'have been generally favored, and a presumption in favor of their enforcement exists.'") (citing *Carolco Television Inc. v. National Broad. Co. (In re De Laurentiis Entm't Grp. Inc.),* 963 F.2d 1269, 1277 (9th Cir. 1992)).

18. The right of setoff by a creditor in a bankruptcy case is governed by section 553 of the Bankruptcy Code, which states, in relevant part, that:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that rose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.

19.     Section 553 preserves any right of setoff as it exists under applicable non-bankruptcy law. *See Official Comm. of Unsecured Creditors v. Manufacturers & Traders Tr. Co. (In re Bennett Funding Grp.),* 146 F.3d 136, 138-39 (2d Cir. 1998) ("Section 553(a) of Title 11 of the United States Code does not create a right of setoff, but rather preserves whatever right exists under applicable non-bankruptcy law.").

20.     The Security Deposit Agreement is governed by Kansas law and grants the Movants a security deposit to secure payment of all amounts due to the Movants.

21.     "The Bankruptcy Code generally allows the creditor of an estate to set off its claim against the debtor with the debtor's claim against the creditor if (1) both debts arose before the bankruptcy filing, (2) the two debts are 'mutual obligations,' and (3) the creditor has a right of setoff under nonbankruptcy law." *Masterwear Corp. v. Bernard*, 6 Misc. 3d 1006(A) (N.Y. Sup. Ct. 2004). Here, each of the factors are met.

22.     <u>First</u>, the Debtors have a valid interest in the Security Deposit which arose prepetition under the Security Deposit Agreement. <u>Second</u>, the prepetition claims asserted by the Movants arose before the Petition Date and are valid. <u>Third</u>, the Security Deposit and the prepetition claims of Movants are mutual obligations because they are held by the same parties in the same capacity. Fourth, Movants have a right of setoff under Kansas law. *See Asbury v. Mauk*, 687 P.2d 31 (Kan. App. 1984)

23.     Movants have demonstrated their right of setoff, thereby establishing "cause" for relief from the stay under section 362(d)(1) of the Bankruptcy Code. The Court should grant the Movants relief from the stay to set off the Security Deposit against the prepetition amounts set forth above.

## NOTICE

24. Notice of the Motion has been given to: (i) the Office of the United States Trustee for the District of Delaware, (ii) the Debtors, (iii) the Official Committee of Unsecured Creditors, and (iv) all parties who have requested notice in this chapter 11 case pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, Movants respectfully request entry of an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: September 26, 2023
Wilmington, Delaware

CROSS & SIMON, LLC

By: */s/ Kevin S. Mann*
Kevin S. Mann (No. 4576)
1105 N. Market Street, Suite 901
Wilmington, DE 19801
(302) 777-4200
kmann@crosslaw.com

*Counsel to Movants*