## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | Jointly Administered |
| | **Hearing Date: October 23, 2023 at 10:00 a.m. (ET)** <br> **Objection Deadline: October 12, 2023 at 4:00 p.m. (ET)** |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Tena J. Spence ("**Movant**"), by and through undersigned counsel, hereby moves this Honorable Court for Relief from the Automatic Stay to assert and prosecute personal injury claims against the Debtors, and in support thereof, states as follows:

## JURISDICTION AND VENUE

1. On August 6, 2023 ("**Petition Date**"), Debtors filed Voluntarily Petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware.

2. This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought herein are Section 362(d)(1) of the Bankruptcy Code, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure and Rule 4001-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 511500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

{01943576;v1 }

## STATEMENT OF FACTS – RELIEF REQUESTED

5. Debtor USF Reddaway, Inc. ("**USF**"), an Oregon corporation did business in Maricopa County, Arizona.

6. Ms. Spence asserts that USF is liable for all acts and omissions of its agents and employees acting within the course and scope of their employment, including its drivers, including Robert Gibbs ("**Mr. Gibbs**"). Mr. Gibbs is also a resident of Maricopa County, Arizona and for all times relevant to the relief sought in this Motion, was employed by USF and acting within the course and scope of his employment.

7. On November 18, 2021, Ms. Spence filed an action against USF and Mr. Gibbs in the Superior Court of the State of Arizona, in and for the County of Maricopa at case number CV2021-017849 ("**State Court**") asserting damages from a motor vehicle accident.

8. As more fully outlined in the Complaint attached hereto as **Exhibit A**, Ms. Spence asserts Mr. Gibbs, while employed for USF and operating a vehicle for USF, caused a motor vehicle accident that resulted in significant injuries to Ms. Spence.

9. Ms. Spence has asserted claims with the insurance carrier for Debtors under policy number MWML 18562 with Old Republic Insurance Company ("**Policy**").

10. On May 2, 2023, USF filed a *Notice of Settlement* in the State Court indicating "that the parties have reached a settlement…" and the parties would be filing a stipulation to dismiss. Attached hereto as **Exhibit B** is a copy of the *Notice of Settlement*.

11. On or around July 31, 2023, Ms. Spence executed a confidential *Settlement Agreement and Release* ("**Settlement Agreement**") releasing USF and Mr. Gibbs in exchange for a settlement sum[1].

---

[1] A copy of the *Settlement Agreement and Release* is available upon request to Ms. Spence's counsel, Adam B. Nach.

12. After the execution of the Settlement Agreements, Debtors filed bankruptcy and thereafter filed a Notice of Bankruptcy in the State Court.

13. Accordingly, Ms. Spence files this Motion and requests that this Honorable Court lift the automatic stay to allow Ms. Spence to continue asserting claims against the Policy and to allow Ms. Spence to liquidate her claims in State Court.

14. Ms. Spence is not seeking the right to execute upon any judgment she may obtain against the Debtors, other than the rights to collection against applicable insurance carriers and liquidation of the claims for purposes of filing a proof of claim.

## BASIS FOR RELIEF

15. Bankruptcy Code section 362(d)(l) provides that a "court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause." 11 U.S.C. § 362(d)(l).

16. There is no definition of "cause" in the Bankruptcy Code. Therefore, "cause" must be determined on a case-by-case basis. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991) citing *In re Tucson Estates*, 912 F.2d 1162, 1166 (9th Cir. 1990)); *In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. I 992).

17. In determining whether "cause" exists to lift the stay to permit a party to continue litigating an action in a non-bankruptcy court, courts in the Third Circuit apply the following three factor test:

   a. Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit; and

   b. Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

   c. The probability of the creditor prevailing on the merits.

*Rexene Products*, 141 B.R. at 576; *see In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993 ); *In re Levitz Furniture Inc.*,, 2000 Bankr. LEXIS; *In re Pursuit Athletic Footwear, Inc.*. 193 B.R. 713, 718 (Bankr. D. Del. 1996).

  18. Further, courts are directed to consider the following legislative history: It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. *Rexene Products*, 141 B.R. at 576; *In re Wilson*, 85 B.R. 722, 728-29 (Bankr. E.D. Pa. 1988) (citing S. Rep. No. 989, 95th Cong., 2d. Sess. 50, reprinted in [1978] U.S. Code Cong. & Ad. News 5836).

  19. This Court, in the *Continental Airlines* decision referred to above, set forth the following framework for analyzing motions for relief from the automatic stay:

> There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. Rather, in resolving motions for relief for "cause" from the automatic stay courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant. In balancing the competing interests of the debtor and the movant, Courts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted. See Int'l Business Machines v. Fernstrom Storage & Van Co. (*In re Fernstrom Storage & Van Co.*) 938 F. 2d 731. 734-37 (7th Cir. 1991).

*Id.* at 424

  20. All three factors weigh heavily in favor of modifying the automatic stay to permit Ms. Spence to proceed with her non-bankruptcy State Court action in pursuit of her personal injury claims and against all available insurance proceeds.

  21. Further, the claims at issue arises under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.

22. Upon information and belief, Ms. Spence's claim is insured. Movant seeks recovery from applicable insurance coverage.

23. In determining whether a debtor will endure prejudice if the automatic stay is lifted, courts examine the status of the underlying non-bankruptcy court action. In this case, Ms. Spence's counsel had been addressing these claims with the Debtors' insurance carrier and prior to the Petition Date executed the Settlement Agreement. As a result of the bankruptcy, Ms. Spence was required to cease efforts.

24. Administration of the estate will not be delayed by granting this Motion. The bankruptcy case was recently commenced on August 6, 2023.

25. Ms. Spence has identified applicable insurance coverage; consequently, the Debtors will not need to expend resources in the defense of these actions. There should be no inconvenience to the Debtors by allowing Ms. Spence to pursue her State Court action.

26. Debtors will not suffer great prejudice if the stay is lifted and Ms. Spence is permitted to proceed against the insurance and liquidate any claims she has against the Debtors.

27. The third prong of the *Fernstrom* test analyzes the Ms. Spence's probability of success on the underlying action. As stated by the bankruptcy court in *Rexene Products*, "the required showing is very slight." *Rexene Products*, 141 B.R at 578; *see also Continental Airlines*, 15 2 B.R. at 420 ("The third factor the Court must consider in assessing the propriety of lifting the automatic stay is whether the Movants have some probability of success on the merits in the proposed litigation."); *Levitz Furniture*, 2000 Bankr. LEXIS at 17 (holding that Movants only need to show "that their claim is not frivolous" to satisfy the third prong).

28. Ms. Spence has satisfied the third part of the *Rexene* test. Here, Ms. Spence's claims against the Debtors are clearly not frivolous as evidenced by the fact that she sustained serious injuries

caused by Debtor's negligence and resolved the case. Ms. Spence was addressing these claims through Debtors' insurance carrier before the Petition Date and reached a settlement resolving all the claims. Granting of a Relief from Stay will allow the process to proceed, and, under any circumstances, complete the liquidation of Movant's claims.

29. Courts also generally lift the stay to allow personal injury actions to proceed to state court where the Debtor has liability coverage for defense costs and any resulting judgment. See *Matter of Holtkamp* (7th Cr. 1982 669 F.2d. 505, 508). In *Holtkamp* the court held that allowing a personal injury action against the debtor to proceed did not bar the debtor where the debtor's insurance company had "assumed full financial responsibility for defending that litigation." *See also*, *Foust v. Munson S.S. Lines,* (1936) 229 U.S. 77, 87-88, in which the court allowed a wrongful death action against a bankrupt defendant to proceed despite the stay, stating that plaintiff was "entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy.", *In re Adolf Gobel, Inc.,* 89 F.2d 171 (2d Cir.1937); *In re Winterland,* 101 B.R. 547 (C.D. Ill 1988); *In re Honosky,* 6 B.R. 667, 669 (Bankr.S.D.W.Va.1980).

30. Furthermore, to the extent the Debtor's liability to the Movant is covered by insurance policies, any recovery by Movant will not affect or in any way prejudice the Debtor's estate. *See In re 15375 Memorial Corp.,* 382 B.R. 652 687 (Bankr. D. Del 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("[W]hen a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate," (quoting *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del. 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy). "[W]hen the debtor has no legally

cognizable claims to the insurance proceeds, those proceeds are not the property of the estate." *In re Edgeworth,* 993 F.2d 51,55-56 (5th Circ. 1993).

31. Based on the foregoing, Ms. Spence respectfully submits that the Debtors' administration and reorganization endeavors will not be prejudiced by the granting of this Motion because Ms. Spence is seeking only to liquidate her claims, pursue available insurance proceeds, and preserve any rights she may have under a confirmed plan of reorganization. Ms. Spence would be seriously prejudiced by any delay.

WHEREFORE, based on the foregoing reasons, Movant prays for the entry of an Order in the form attached hereto as **Exhibit C** terminating the automatic stay of 11 U.S.C. § 362(a) to proceed against insurance proceeds, to allow Ms. Spence to pursue and liquidate her claims in the State Court and to grant such other and further relief as the Court deems just and proper.

Dated:  September 28, 2023

**ASHBY & GEDDES, P.A.**

*/s/ Don A. Beskrone*
Don A. Beskrone, Esq. (#4380)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899-1150
Tel: (302) 654-1888
Fax: (302) 654-2067
Email: dbeskrone@ashbygeddes.com

-and-

**LANE & NACH, P.C.**
Adam N. Nach
Lane & Nach, P.C.
2001 E. Campbell Avenue, Suite 103
Phoenix, Arizona 85016
Phone: (602) 258-6000
Email: adam.nach@lane-nach.com

*Counsel to Tena J. Spence*