# **Exhibit A**

Clerk of the Superior Court
*** Electronically Filed ***
C. Cuellar, Deputy
11/18/2021 12:13:37 PM
Filing ID 13625977

Joel B. Robbins (011065)
Anne E. Findling (010871)
Jesse M. Showalter (026628)
Lauren E. Channell (033484)
**ROBBINS & CURTIN, P.L.L.C.**
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012-0001
Telephone: (602) 285-0100
Facsimile: (602) 265-0267
reception@robbinsandcurtin.com

*Attorneys for Plaintiff, Tena J. Spence*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **TENA J. SPENCE**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**USF REDDAWAY, INC.,** an Oregon corporation; and **ROBERT GIBBS,** an individual, on his own behalf and on behalf of his marital community,<br><br>Defendants. | Case No. CV2021-017849<br><br>**COMPLAINT**<br><br>Tort Motor Vehicle<br><br>Jury Trial Demanded<br><br>*(Rule 26.2 Discovery Tier III)* |

For her complaint against Defendants, Plaintiff Tena J. Spence alleges as follows:

**PARTIES**

1. Plaintiff Tena J. Spence is an adult individual residing in Maricopa County, Arizona.

2. Defendant USF Reddaway, Inc. (hereinafter referred to as "Reddaway" is an Oregon corporation doing business in Maricopa County, Arizona. Under the doctrine of *respondeat superior*, Defendant Reddaway is liable for all acts and omissions of its agents and employees acting within the course and scope of their employment, including its drivers such as Defendant Robert Gibbs.

3. Defendant Robert Gibbs (hereinafter referred to as "Gibbs"), is a resident of Maricopa County, Arizona. At all times relevant to this complaint, Defendant Gibbs was acting within the course and scope of his authority or employment as a driver for Defendant Reddaway.

## JURISDICTION AND VENUE

4. The amount in controversy exceeds the jurisdictional threshold for this Court.

5. The events that form the basis of this lawsuit occurred in Maricopa County, Arizona. Therefore, venue is proper in the Superior Court in and for Maricopa County.

## RULE 26.2 TIER DESIGNATION

6. Pursuant to Arizona Rules of Civil Procedure, Rule 26.2 (c) (3), the Court should assign my case to the following tier based on the amount of damages I request.

[ ]   Tier 1 = Actions claiming $50,000 or less in damages.

**[ ]**   Tier 2 = Actions claiming more than $50,000 and less than $300,000 in damages,

OR   Actions claiming nonmonetary relief.

[**X**]   Tier 3 = Actions claiming $300,000 or more in damages.

## DEMAND FOR JURY TRIAL

7. Plaintiff demands a jury trial as to all triable issues.

## FACTUAL BACKGROUND

8. On December 13, 2019, at approximately 4:00 p.m., Plaintiff Tena J. Spence was driving southbound in the curb lane on North Black Canyon Access Road near West Grover Avenue in Phoenix, Arizona.

9. At the same time, Defendant Robert Gibbs was driving a leased Penske truck for Defendant USF Reddaway, Inc.

10. Defendant Gibbs was acting within the course and scope of his authority or employment with Defendant Reddaway.

11. Defendant Gibbs was driving eastbound on a private drive and made a wide right turn onto southbound North Black Canyon Access Road, crossing Plaintiff's lane of travel and entering the inside lane.

12. Defendant Gibbs then abruptly and without warning made a wide right turn into the very next private drive off of the Access Road, crossing over the curb lane and entering Plaintiff's lane of travel directly in front of her.

13. In response to Defendant Gibbs' negligent, careless, and reckless action and inaction, Plaintiff was unable to avoid a collision and collided with the right side fuel tank of the Penske truck.

Case 23-11069-CTG    Doc 684-2    Filed 09/28/23    Page 5 of 7



14.    The investigating officer determined that Defendant Gibbs had made a wide right turn and cited him for an improper turn under A.R.S. § 28-754(A):

> A. A person shall not turn a vehicle at an intersection unless the vehicle is in proper position on the roadway as required in section 28-751, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left on a roadway unless and until the movement can be made with reasonable safety. A person shall not so turn any vehicle without giving an appropriate signal in the manner provided by this article in the event any other traffic may be affected by the movement.

Defendant Gibbs was also in violation of A.R.S. § 28-754(B):

> B. A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning.

Page 4 of 6

15. As a direct and proximate result of Defendants' negligence, Plaintiff suffered severe personal injuries and economic and non-economic losses, including medical expenses, pain and suffering, and loss of enjoyment of life.

## COUNT ONE
### Negligence *Per Se* (A.R.S. § 28-754)

16. Plaintiff incorporates all foregoing paragraphs as if fully set forth herein.

17. Defendant Gibbs owed a duty to exercise reasonable care while driving.

18. Defendant Gibbs was negligent as a matter of law when he made an improper right-hand turn in violation of A.R.S. § 28-754(A)(B).

19. Said breaches constitute negligence and negligence *per se* and proximately caused the subject crash and personal injuries to Plaintiff.

20. At the time of the incident, Defendant Gibbs was within the course and scope of his authority or employment as a driver for Defendant Reddaway.

21. As a direct and proximate result of the negligent and negligent *per se* acts of Defendant Gibbs, Plaintiff suffered severe personal injuries and economic and non-economic losses, including medical expenses, pain and suffering, and loss of enjoyment of life.

## COUNT TWO
### Negligence

22. Plaintiff incorporates all foregoing paragraphs as if fully set forth herein.

23. Defendant Gibbs owed a duty to exercise reasonable care while driving.

24. Defendant Gibbs was negligent in at least the following ways:

    a. Failing failing to keep a proper lookout for other motorists;

    b. Failing to keep a proper distance from other motorists;

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

  c. Failing to remain in his lane of travel; and

  d. Failing to make a proper turn.

25. At the time of the incident, Defendant Gibbs was within the course and scope of his authority or employment as a driver for Defendant Reddaway.

26. As a direct and proximate result of the negligent acts of Defendant Gibbs, Plaintiff suffered severe personal injuries and economic and non-economic losses, including medical expenses, pain and suffering, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendants:

A. For special damages in an amount to be proven at trial, including but not limited to medical expenses and loss of income;

B. For general damages in an amount to be proven at trial, including but not limited to pain and suffering, emotional distress, and loss of enjoyment of life;

C. For Plaintiff's taxable costs incurred herein;

D. For pre- and post-judgment interest; and

E. And for such other further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED**: November 18, 2021

     **ROBBINS & CURTIN, p.l.l.c.**

     By: /s/Joel B. Robbins
       Joel B. Robbins
       Anne E. Findling
       Jesse M. Showalter
       Lauren E. Channell
       301 E. Bethany Home Road, Suite B-100
       Phoenix, Arizona 85012
       *Attorneys for Plaintiff, Tena J. Spence*