# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| YELLOW CORPORATION, *et al.,* ) | Case No. 23-11069 (CTG) |
| ) | (Jointly Administered) |
| Debtors. ) | **Objection Deadline: October 16 @ 4:00 p.m. (ET)** |
| ) | **Hearing Date: October 23, 2023 @ 10:00 a.m.** |

## MOTION OF JESSE ISREAL NEWTON FOR RELIEF FROM THE AUTOMATIC STAY

Jesse Isreal Newton ("Newton" or "Movant"), by and through his undersigned counsel, hereby files this Motion, pursuant to section 362(d) of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure and Local Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, for an entry of an order which relieves Newton from the automatic stay to allow a pending action, defined below as the Newton Action, to proceed against the Debtors and to collect any award against any available insurance proceeds related to Movant's pending personal injury action. In support of the Motion, Movant respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Motion in this district is proper pursuant to 28 U.S.C.

§§1408 and 1409.  This Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

## BACKGROUND

**A. Newton Action**

2. On March 19, 2023  Newton filed a lawsuit against Gaytan Indalecio Jr. and YRC Inc. d/b/a YRC Freight (the "Newton Action")[1].  The Newton Action is venued in Orange County, Florida and the case number is 2023-CA-003368-O.

3. The Newton Action arose after Newton was injured in a car accident on August 23, 2021.  The other vehicle involved in the accident was a company vehicle driven by an agent, servant, or employee of the Debtors.

4. In the Newton Action, Newton seeks compensation for, but not limited to,  his injuries and pain sustained in the accident.

**B. Bankruptcy Action**

5. On August 6, 2023 and August 7, 2023 (the "Petition Date"), Debtor and its affiliates commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

6. On the Petition Date, the automatic stay imposed by section 362 of the Bankruptcy Code came into effect and stayed certain actions against the Debtors.

---

[1] *See* Ex. 1 - The State Court Action Complaint.

7.	Upon information and belief, the Debtor possesses by insurance policies applicable to Movant's personal injury claims.

## RELIEF REQUESTED

8.	Through this Motion, Movant seeks the entry of an order pursuant to pursuant to Section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting so that he may pursue his claims against the Debtor to judgment and satisfy any award or other resolution he may obtain against the Debtor from proceeds of any applicable insurance proceeds.

## BASIS FOR RELIEF REQUESTED

9.	Newton is entitled to relief from the stay under section 362(d) of the Bankruptcy Code. It provides for relief from the injunction if a creditor can show cause, or establish that the debtor has no equity in the property and that the property is not necessary for an effective reorganization. *See, e.g., Nazareth National Bank v. Trina-Dee, Inc.*, 731 F.2d 170, 171 (3rd Cir. 1984). Therefore, relief from stay is appropriate under section 362(d)(1) of the Bankruptcy Code.

**Newton is Entitled to Relief from the Stay Under Section 362(d) of the Bankruptcy Code**

10.	Newton is entitled to relief from the stayunder section 362(d)(1) of the Bankruptcy Code. Subsection (d)(1) of section 362 provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of

>   this section, such as by terminating, annulling, modifying, or conditioning such stay...
>   (1) for cause, including lack of adequate protection of an interest in property of such party in interest

11.     The Bankruptcy Code does not define what constitutes "cause". Instead, cause is determined by the courts on a case-by-case basis. *In re Rexene Products Co.*, 141 B.F. 574, 576 (Bankr. D. Del. 1992) ("*Rexene*") (citing *In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)). The Third Circuit has said that courts should consider the "totality of the circumstances" to determine whether cause exists for relief from the stay. *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997).

12.     Under the totality of the circumstances analysis, courts consider the hardship or prejudice to the non-debtor when determining whether to lift the stay. *See Atlantic Marine, Inc. v. American Classic Voyages, Co.*, 298 B.R.222, 225 (D. Del. 2003); *Matter of Pursuit Athletic Footwear, Inc.*, 193 B.R. 713,718 (Bankt. D. Del. 1996); *In re Block Laundry Machine, Co.,* 37 B.R. 564,566 (Bankt. N.D. Ohio 1984) ("Courts have developed a balancing test, whereby the interest of the estate are weighed against the hardships that will be incurred by the creditor-plaintiff").

13.     Here, "cause" exists to grant Newton relief from stay. Granting such relief to Newton will not prejudice the Debtor given that Newton can recover portions, if not all of his relief, from insurance held by the Debtor.

14.     If the requested relief were not granted, Newton would be

4

prejudiced. Newton requires compensation to cover the out-of-pocket expenses, past medical expenses, and future medical expenses as a result of his personal injuries.

15. Newton believes that relief from the stay is appropriate given that all or some of the compensation for his personal injuries can be paid to him through the Debtors' insurance coverage.

**WHEREFORE**, for the forgoing reasons, Movant respectfully requests the entry of an order, substantially in the form of the proposed order attached hereto, lifting the stay imposed by section of the Bankruptcy Code to allow Movant to continue the prosecution of the Newton Action to final judgment and granting such other and further relief as this Court deems just and proper.

Date: October 3, 2023  THE POWELL FIRM, LLC

/s/ Jason C. Powell
JASON C. POWELL, ESQUIRE (No. 3768)
THOMAS REICHERT, ESQUIRE (No. 6220)
1813 N. Franklin Street
P.O. Box 289
Wilmington, DE 19899
(302)650-1572
jpowell@delawarefirm.com
treichert@delawarefirm.com