IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**APPLICATION OF THE DEBTORS TO RETAIN
KPMG LLP TO PROVIDE AUDIT SERVICES TO DEBTORS
AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 327(A) AND
328 OF THE BANKRUPTCY CODE EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this application:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit C** (the "Order"), authorizing, but not directing the Debtors to retain KPMG LLP ("KPMG") to provide audit services to the Debtors, effective as of the Petition Date.

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"). Capitalized terms used but not immediately defined in this application have the meanings ascribed to them later in this application or in the First Day Declaration, as applicable.

*Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 327(a), 328(a), and 1107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2014-1 and 2016-2.

## Background

5. On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169]. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

## Retention of KPMG

6. The Debtors have selected KPMG to provide audit, services in these chapter 11 cases because of KPMG's diverse experience, history with the Debtors, extensive

knowledge, and widely recognized reputation for excellence in the fields of accounting, taxation, and operational controls for large, sophisticated companies both in and out of chapter 11.

7. The Debtors have employed KPMG since 2002 providing certain audit services and, in this capacity, KPMG has become generally familiar with the Debtors' businesses. As such, KPMG is both prepared and qualified to continue to provide audit services to the Debtors during these chapter 11 cases, thereby avoiding the additional time and expense that otherwise would be incurred by retaining another professional that would need to familiarize itself with the Debtors' businesses.

8. KPMG has extensive experience in delivering audit services in chapter 11 cases, including *In re Lordstown Motors Corp.*, Case No. 23-10831 (MFW) (Bankr. D. Del. Aug. 15, 2023); *In re Virgin Orbit Holdings, Inc.*, Case No. 23-10405 (KBO) (Bankr. D. Del. May 24, 2023); *In re Revlon, Inc.*, Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y. Aug. 23, 2023); *In re Nordic Aviation Cap. Designated Activity Co.*, Case No. 21-33693 (KRH) (Bankr. E.D. Va. May 4, 2022); *In re Intelsat S.A.*, Case No. 20-32299 (KLP) (Bankr. E.D. VA. July 1, 2020); and many others. The Debtors understand that KPMG enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

9. The Debtors believe that the services of KPMG are necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully. KPMG is well qualified and able to represent the Debtors in a cost-effective, efficient, and timely manner.

**Scope of Services**

10. Subject to the Court's approval, and as set forth more fully in the Engagement Letter attached hereto as **Exhibit A**, in consideration for the compensation contemplated therein, KPMG has and will continue rendering a broad range of audit services in

3

connection with the chapter 11 cases (the "Audit Services"), on behalf of the Debtors. Specifically, KPMG will continue to perform, to the extent the Debtors request, Audit Services including (but not limited to):[3]

      i.    Audit of the consolidated balance sheet (going-concern basis of accounting) and statement of net assets in liquidation (liquidation basis of accounting) of the Company as of December 31, 2023 and 2022, respectively, the related consolidated statements of operations, shareholders' deficit and comprehensive income (loss), and cash flows for years ended December 31, 2021 and December 31, 2022 and year to date period ended August 6, 2023 (all under the going-concern basis of accounting) and statement of changes in net assets for the period from August 6, 2023 through December 31, 2023 (liquidation basis of accounting), and the related notes to the financial statements.

      ii.    Quarterly Review Services:

          a.  Quarter ended March 31, 2023

          b.  Quarter ended June 30, 2023

          c.  Quarter ended September 30, 2023

11. In addition to the foregoing, KPMG will provide such other consulting, advice, research, planning, and analysis regarding audit services as may be necessary, desirable, or requested from time to time.

## No Duplication of Services

12. The Debtors intend that the services of KPMG will complement and not duplicate the services rendered by any other professional retained in these chapter 11 cases. KPMG understands that the Debtors have retained and may retain additional professionals during the term of their engagement, and KPMG agrees to work cooperatively with such professionals to seek to avoid duplicative work conducted by the professionals on behalf of the Debtors.

---

[3] To the extent that this Application is inconsistent with the terms of the Engagement Letter, the terms of the Engagement Letter shall control.

### KPMG's Disinterestedness

13. To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Declaration of Michael S. Ensz (the "Ensz Declaration"), attached hereto as **Exhibit B**, KPMG: (a) has no connection with the Debtors, their creditors, other parties in interest, or the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee; (b) does not hold any interest adverse to the Debtors' estates; and (c) believes it is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

14. Accordingly, the Debtors believe that KPMG is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code.

15. In addition, as set forth in the Ensz Declaration, if any new material facts or relationships are discovered or arise, KPMG will provide the Court with a supplemental declaration.

### Terms of Retention

16. Subject to approval by the Court, the Debtors propose to employ and retain KPMG to provide audit services to the Debtors on the terms and conditions set forth in the Engagement Letter and this application.

17. <u>Compensation</u>. In accordance with the terms of the Engagement Letter, KPMG will be paid by the Company for the services of the KPMG's professionals at their customary hourly billing rates which shall be subject to the following ranges:

| Level of Audit Professional | Hourly Rate |
|---|---|
| National Office | $850 |
| Specialists | $850 |
| Accounting Advisory – audit support | $850 |
| Audit Partner & MD | $700 |
| Manager | $475 |

| Senior Associate | $275 |
| Associate | $200 |

18. In the normal course of KPMG's business, its hourly rates are subject to periodic increase. Prior to any increases in KPMG's rates for any individual retained by KPMG and providing services in these cases, KPMG shall file a supplemental declaration with this Court and provide ten (10) business days' notice to the Debtors and the United States Trustee.

19. In addition, KPMG will be reimbursed for the reasonable out-of-pocket expenses of the KPMG's professionals incurred in connection with this assignment, such as travel, lodging, third-party duplications, messenger, and telephone charges. Furthermore, KPMG shall be reimbursed for the reasonable fees and expenses of its counsel incurred in connection with the preparation and approval of this application. All fees and expenses due to KPMG will be billed in accordance with any interim compensation orders entered by this Court and the relevant sections of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

20. According to KPMG's books and records, during the 90-day period prior to the Petition Date, KPMG received $1,230,000 from the Debtors for professional services performed and expenses incurred. To the extent the Application is granted, KPMG has agreed to waive amounts owed for professional services rendered prior to the Petition Date.

21. Except as set forth in the Ensz Declaration, (a) no commitments have been made or received by KPMG with respect to compensation or payment in connection with the chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code; and (b) there is no agreement or understanding between KPMG and any other entity, other than a member, partner or regular associate of KPMG, for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

**Basis for Relief**

22. The Debtors submit that the retention of KPMG under the terms described herein is appropriate under sections 327(a), 328, and 1107(b) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers the trustee, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person who:

   (a)   is not a creditor, an equity security holder, or an insider;

   (b)   is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

   (c)   does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason. 11 U.S.C. § 101(14).

23. Further, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). KPMG's prepetition relationship with the Debtors is therefore not an impediment to KPMG's retention as the Debtors' postpetition audit service provider.

24. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer . . ." 11 U.S.C. § 328(a). The Debtors submit that the terms and conditions of KPMG's retention as described herein, including the proposed compensation, are reasonable and in line with the terms and conditions typical for engagements of this size and character. Since the Debtors will require substantial assistance with their chapter 11 process, it is reasonable for the Debtors to seek

7

to employ and retain KPMG to serve as audit service provider on the terms and conditions set forth herein.

25. Based upon the foregoing, the Debtors submit that the retention of KPMG, on the terms set forth herein and in the Engagement Letter, is essential, appropriate, and in the best interest of the Debtors' estates, creditors, and other parties in interest and should be granted.

## Notice

26. The Debtors will provide notice of this application to: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as proposed counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto;(i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

27. No prior request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit C**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  October 3, 2023                                   Respectfully submitted,

/s/ *Matthew A. Doheny*
Name: Matthew A. Doheny
Title:  Chief Restructuring Officer
           Yellow Corporation