**Exhibit C**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| Yellow Corporation, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| Debtors. | ) (Jointly Administered) |

**ORDER TO RETAIN KPMG LLP TO PROVIDE AUDIT SERVICES TO DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 327(A) AND 328 OF THE BANKRUPTCY CODE EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), authorizing them to retain and employ KPMG LLP ("KPMG") to provide audit services to the Debtors in the above-captioned chapter 11 cases, (collectively, the "Chapter 11 Cases") effective as of the Petition Date;[2] and upon the Declaration of Michael S. Ensz, a Certified Public Accountant and principal at KPMG (the "Declaration") in support thereof; and the Court being satisfied based on the representations made in the Application and in the Declaration that KPMG represents no

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Application.

interest adverse to the Debtors' estates with respect to the matters upon which they are to be engaged, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that their employment is necessary and in the best interests of the Debtors' estates; the terms of the Engagement Letter are reasonable terms for the purposes of section 328(a) of the Bankruptcy Code; and this Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>") and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefore, it is hereby:

1. The Application is granted as modified herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014, the Debtors are authorized to retain and employ KPMG to provide audit services to the Debtors on the terms set forth in the Application and the Engagement Letter, as modified by this Order.

3. KPMG shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, this Order, the Interim Compensation Order and any other applicable orders of this Court.

4. The terms and conditions of the Engagement Letter, as modified by this Order, are approved.

5. KPMG will file monthly, interim, and final fee applications for allowance of its compensation and expenses in accordance with the procedures set forth in section 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of this Court and consistent with the proposed compensation set forth in the Engagement Letter, as modified by this Order and consistent with the proposed compensation set forth in the Engagement Letter.

6. To the extent the Debtors and KPMG enter into any additional engagement letter(s), the Debtors will file such engagement letter(s) with the Court and serve such engagement letter(s) upon the United States Trustee and any official committee. To the extent any of such parties object, within 10 days of such new engagement letter(s) being filed and served, to the additional services to be provided by KPMG, the Debtors will promptly schedule a hearing before the Court. All additional services will be subject to the provisions of this Order.

7. Prior to any increases in KPMG's rates for any individual retained by KPMG and providing services in these cases, KPMG shall file a supplemental declaration with this Court and provide 10 business days' notice to the Debtors and the United States Trustee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including the reasonableness standard provided for in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by this Court.

8. Notwithstanding anything in the Application or the Engagement Letter to the contrary, KPMG shall (i) to the extent that KPMG uses the services of independent contractors, subcontractors, or employees of foreign or domestic affiliates or subsidiaries (collectively, the

"Contractors") in these cases, KPMG shall pass-through the cost of such Contractors to the Debtors at the same rate that KPMG pays the Contractors, (ii) seek reimbursement for actual costs only, (iii) ensure that the Contractors are subject to the same conflict checks as required for KPMG, and (iv) file with the Court such disclosures required by Bankruptcy Rule 2014.

9. The Debtors and KPMG are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

11. Notwithstanding anything in the Application or the Engagement Letter to the contrary, during the pendency of the Chapter 11 Cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to KPMG's engagement until such jurisdiction is relinquished.

12. During the pendency of the Chapter 11 Cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.