IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Yellow Corporation, *et al*.<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>Jointly Administered<br><br>**Hearing Date: October 23, 2023 at 10 am (ET)**<br>**Objection Deadline: October 16, 2023 at 4 pm (ET)** |

**MOTION OF JIMMIE AND JANEL HUBERT FOR RELIEF FROM THE
AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 (D)**

Jimmie and Janel Hubert (the "Movants"), by and through their counsel, respectfully submit this Motion for Relief from the Automatic Stay (the "Motion"), pursuant to 11 U.S.C. §362(d), and in support thereof, aver as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

4. Movants, Jimmie and Janel Hubert, are a married couple, currently residing at W2348 Davis Road, West Salem, La Crosse County, Wisconsin.

5. Debtor USF Holland, LLC (hereinafter "USF Holland") is a Michigan limited liability company qualified to do business in the State of Wisconsin, and actively doing business at 700 S. Waverly Rd., Holland, Michigan 49423..

1

6. On or about August 23, 2021, as Mr. Hubert was operating his vehicle in the city of La Crosse, Wisconsin, a vehicle owned and operated by USF Holland (and driven by USF Holland's agent and employee, Jordan Walber) struck and collided with the rear of Mr. Hubert's vehicle (the "Collision").

7. Due to the Collision, Mr. Huber sustained significant and severe injuries to his neck, back, and rest of his body. These injuries necessitated medical care and treatment and caused Mr. Hubert to have pain, suffering, and disability, which the Movants believe are permanent.

8. On January 9, 2023. Movants filed a two-count personal injury complaint (the "Complaint" a copy of which is attached hereto as **Exhibit A**) against the driver Jordan Walber, Penske Leasing and Rental Company, Old Republic Insurance Company, and ABC Insurance Company (a fictitious, placeholder insurance entity). This personal injury action was filed in the Wisconsin Circuit Court of La Crosse County and styled as *Jimmie Hubert, et al. v. Jordan Walber, et al.*, Case No. 2023CV000008 (the "Wisconsin Action").

9. On April 18, 2023, Movants obtained an Order for Proper Party Name (the "Party Order" a copy of which is attached hereto as **Exhibit B**) via stipulation substituting USF Holland, LLC as the proper party in place of Penske Leasing and Rental Company.

10. The Wisconsin Action alleges negligence and loss of consortium claims against USF Holland and its agent/employee Walber and seeks compensatory damages, costs, and fees, accordingly.

11. On August 6, 2023 and continuing on August 7, 2023 (the "Petition Date"), Yellow Corporation and twenty three (23) affiliated companies (including Debtor USF Holland, LLC) each filed petitions in the United States Bankruptcy Court for the District of Delaware seeking relief under chapter 11 of the United States Bankruptcy Code.

12. Effective on the Petition Date, the prosecution and liquidation of the Wisconsin Action has been stayed with respect to USF Holland as a consequence of the automatic stay provisions set forth in 11 U.S.C. § 362(a).

13. Upon information and belief, USF Holland is covered by insurance policies applicable to the Huberts' personal injury claims. According to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance Coverage Entered Into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, (II) Approving Continuation of the Surety Bond Program, and (III) Granting Related Relief* ["the "Insurance Motion") [D.I. 6] the Debtors maintain current automobile and general liability insurance coverage with Old Republic General Insurance Corporation under which the Debtors have a $6 million deductible per occurrence.

14. On October 4, 2023, Mr. and Mrs. Hubert filed a proof of claim against USF Holland for an unliquidated amount (the "Hubert POC"). The Hubert POC was assigned claim number 0000012504.

**RELIEF REQUESTED AND BASIS THEREFOR**

15. Movants seek relief from the automatic stay to continue to pursue the Wisconsin Action against USF Holland and to recover damages from USF Holland's insurer. Movants are thus seeking to proceed against USF Holland solely to the extent of any available proceeds under any insurance policy applicable to the Debtors, or against any non-debtor third party.

16. Section 362 (d) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause ...

3

17. Pursuant to 11 U.S.C. §362 (d)(1), this Court shall grant relief from the automatic stay for "cause." Cause is not defined by the Bankruptcy Code. Consequently, a Bankruptcy Court must decide what constituted "cause" to lift the stay on a case-by-case basis. *In re Rexene Products Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992). "The legislative history indicates that the cause may be established by a single factor such as 'a desire to permit an action to proceed ... in another tribunal,' or 'lack of any connection with or interference with the pending bankruptcy case.'" *Id.* (*citing* H.R. Rep. No. 95-595, 95th Cong. 1st Sess., 343-344 (1977)).

18. In *Rexene*, this Court stated that relief from the automatic stay should be granted when the party seeking such relief can show the following:

    (a) the debtor or the bankruptcy estate will not be greatly prejudiced by continuing the civil suit;

    (b) the hardship to the movants by maintenance of the automatic stay considerably outweighs the hardship to the debtor; and

    (c) the movants have a reasonable chance of prevailing on the merits.

*Rexene*, 121 B.R. at 576 (internal citations omitted).

19. All three factors weigh heavily in favor of granting relief from the automatic stay to permit Movants Jimmie and Janel Hubert to proceed with the Wisconsin Action against USF Holland.

20. With respect to the first factor, where Movants Jimmie and Janel Hubert agree to limit their claims solely to the extent of available insurance proceeds, Debtors would sustain no hardship were the stay to be lifted. No additional relief is sought against Debtors or the assets of the Debtors' estates. Courts have permitted the stay to be lifted when a movant is simply seeking to establish the fact and amount of the debtor's liability and the movant has stipulated that any recovery will be sought from the debtor's insurer or a co-defendant." *In re 15375 Memorial Corp.*,

382 B.R. 652, 689 (Bankr. D. Del 2008); See *also In re Grace Indus., Inc.*, 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006) ("Where, as here, the Plaintiffs have agreed that they will not seek any recovery from the estate assets, there is no basis for continuing the automatic stay."); *In re Todd Shipyards Corp.*, 92 B.R. 600 (Bankr. D.N.J 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the Debtor's available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtor, such relief does not interfere with the bankruptcy proceedings.") Therefore, where the relief sought by Movants will not prejudice the Debtors or its bankruptcy estates, relief from the automatic stay should be granted.

21. With respect to the second factor, the hardship the Movants will suffer by not obtaining the relief sought outweighs any potential hardship to the Debtors. Movants are entitled to a jury trial to determine the liability and damages related to the Collision, and the Debtors' bankruptcy cases do not alter that right. This Court lacks subject matter jurisdiction to determine the types of claims asserted by Movants. Under 28 U.S.C. § 157(b)(2)(B) and (b)(5), this Court cannot liquidate personal injury tort claims against the Debtors. Movants submit that this prohibition alone warrants sufficient "cause" to grant the relief requested in this Motion and to allow Movants to prosecute their claims elsewhere. With no prejudice against the Debtors and the Court's lack of jurisdiction to liquidate the claims against the Debtors, it makes little sense to require Movants to delay the pursuit of their claims, the basis of which are injuries and damages that have already occurred or are ongoing.

22. Finally, Movants believe that they will prevail on the merits in the Wisconsin Action. Movants needs only prove this prong with a showing that is "very slight." *Rexene*, 141 B.R. at 578. The Collision was caused by a vehicle and employee of USF Holland, and injuries

were suffered by the Movants. Movants suggest these averments are adequate to meet their "very slight" burden.

23. The prosecution and liquidation of the Wisconsin Action in the Wisconsin Circuit Court of La Crosse County, under the circumstances, would not interfere with these bankruptcy cases and would not result in any judicial lien with respect to Debtors.

WHEREFORE, the Movants respectfully request that this Court enter an Order granting relief from the automatic stay to permit Movants to prosecute the Wisconsin Action against the Debtor USF Holland and granting Movants such other relief as the Court deems just and proper.

DATED: 10/4/2023					**COOCH AND TAYLOR, P.A.**

*/s/ R. Grant Dick IV*
R. Grant Dick IV (#5123)
The Brandywine Building
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 984-3800
Email: gdick@coochtaylor.com

*Attorney for Jimmie and Janel Hubert*