IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 597** |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF YELLOW CORPORATION, *ET AL.* TO
RETAIN AND EMPLOY AKIN GUMP STRAUSS HAUER & FELD LLP
AS LEAD CO-COUNSEL, *NUNC PRO TUNC* TO AUGUST 18, 2023**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Yellow Corporation, *et al.* (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to retain and employ Akin Gump Strauss Hauer & Feld LLP ("Akin") as its lead co-counsel in connection with the Debtors' chapter 11 cases (the "Chapter 11 Cases"), *nunc pro tunc* to August 18, 2023, and upon the declaration and the supplemental declaration of Philip C. Dublin, a partner of Akin (the "Dublin Declarations"), and the declaration of Brad Berliner, not in his individual capacity but solely on behalf of Central States, Southeast and Southwest Areas Pension Fund, in its capacity as chair of

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

the Committee (together with the Dublin Declarations, the "Declarations"); and it appearing that the attorneys of Akin who will perform services on behalf of the Committee in these Chapter 11 Cases are duly qualified to practice before this Court; and the Court finding, based on the representations made in the Application and the Declarations, that Akin does not represent any interest adverse to the Committee and/or the Debtors' estates with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), that its employment is necessary and appropriate and in the best interests of the Committee and the Debtors' estates; and finding that adequate notice of the Application having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT**:

1. The relief requested in the Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103(a) and Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Committee is hereby authorized and empowered to retain and employ Akin as its lead co-counsel, *nunc pro tunc* to August 18, 2023, to represent it in these Chapter 11 Cases on the terms set forth in the Application and the Declarations.

3. Akin shall be compensated in accordance with the procedures set forth in Bankruptcy Code sections 328, 330 and 331, the applicable Bankruptcy Rules and Local Rules as may then be applicable from time to time, and such procedures as may be fixed by order of this Court.

4. Akin shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications*

*for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, in connection with any interim or final fee applications, as applicable, it files in these Chapter 11 Cases.

5. Akin shall provide ten (10) business days' notice to the Committee, the Debtors and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file a notice setting forth any such increases with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

6. Notwithstanding anything in the Application to the contrary, Akin shall: (i) to the extent that Akin uses the services of contract attorneys, independent contractors or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, pass through the cost of such Contractors at the same rate that Akin pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Akin; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

7. To the extent that there may be any inconsistency among the terms of the Application, the Declarations and this Order, the terms of this Order shall govern.

8. The Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: October 4th, 2023**
**Wilmington, Delaware**

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE