IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 600** |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF YELLOW CORPORATION, *ET AL.* TO
RETAIN AND EMPLOY HURON CONSULTING SERVICES LLC
AS FINANCIAL ADVISOR, *NUNC PRO TUNC* TO AUGUST 21, 2023**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and retention of Huron Consulting Services LLC ("Huron"), as financial advisor to the Committee, *nunc pro tunc* to August 21, 2023; and upon consideration of the Marcero Declaration in support of the Application and the supplemental declaration of Laura Marcero in support of the Application (together with the Marcero Declaration, the "Marcero Declarations"); and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that Huron does not represent any adverse interest in connection with these Chapter 11 Cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; it is hereby ORDERED that:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

1. The Application is granted to the extent set forth herein.

2. In accordance with Bankruptcy Code sections 328 and 1103, the Committee is authorized to employ and retain Huron, *nunc pro tunc* to August 21, 2023, as its financial advisor on the terms set forth in the Application, as modified by this Order, without the need for any further action on the part of Huron or the Committee to document such retention.

3. The indemnification provisions included in the Application are approved, subject to the following:

   a. Huron[3] shall not be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services rendered during the Chapter 11 Cases, unless such services and the indemnification, contribution or reimbursement therefore are approved by the Court;

   b. The Debtors shall have no obligation to indemnify Huron, or provide contribution or reimbursement to Huron, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Huron's gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors alleges the breach of Huron's contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination of the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing to be a claim or expense for which Huron should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Huron believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including without limitation the advancement of defense costs, Huron must file an application therefore in this Court, and the Debtors may not pay any such amounts to Huron

---

[3] For purposes of paragraph 3 only, the term "Huron" shall include all persons or entities entitled to indemnification under the Indemnification Provisions in the Engagement Letter.

        before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Huron for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Huron. All parties in interest shall retain the right to object to any demand by Huron for indemnification, contribution or reimbursement.

4. During the course of these Chapter 11 Cases, the limitation of liability provisions in the Engagement Letter (including paragraph 9(b) of the General Business Terms) shall have no force or effect.

5. Huron shall not receive payment of attorney fees or expenses for defending its fee applications in these Chapter 11 Cases.

6. Notwithstanding anything to the contrary in the Application or the Engagement Letter, during the course of these Chapter 11 Cases, Huron shall not unilaterally terminate its engagement under the Engagement Letter absent prior approval of the Court.

7. Notwithstanding anything to the contrary in the Application or the Engagement Letter, during the course of these Chapter 11 Cases, Huron shall have whatever fiduciary duty is imposed upon it by applicable law.

8. Huron shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable and any applicable orders and procedures of this Court, including all information and time keeping requirements.

9. Huron shall provide ten (10) business days' notice to the Committee, the Debtors and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file a notice setting forth any such increases with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth

in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

10. To the extent that any services are to be performed by any affiliate of Huron, that affiliate shall promptly file appropriate disclosures regarding any connections they may have with parties in interest in these Chapter 11 Cases, as well as disclosure regarding their disinterestedness. To the extent that Huron uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, Huron shall: (i) pass through the cost of such Contractors to the Debtors at the same rate that Huron pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Huron; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014(a) with respect to such Contractors.

11. The Committee and Huron are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

12. If there is any inconsistency between the terms of the Application, the Engagement Letter, the Marcero Declarations and this Order, this Order shall govern.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. During the pendency of these Chapter 11 Cases, the Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: October 4th, 2023
Wilmington, Delaware

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**