# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| | (Jointly Administered) |
| Debtors. | **Re: Docket No. 599** |

### ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YELLOW CORPORATION, *ET AL.* TO RETAIN AND EMPLOY MILLER BUCKFIRE AS INVESTMENT BANKER, *NUNC PRO TUNC* TO AUGUST 21, 2023

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"), authorizing the Committee to retain and Miller Buckfire as its investment banker, *nunc pro tunc* to August 21, 2023; and upon consideration of the declaration of John D'Amico in support of the Application (the "D'Amico Declaration"); and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §1334; and the Court having found that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that the terms and conditions of Miller Buckfire's employment, including but not limited to the Fee and Expense Structure set forth in the engagement letter, attached to this Order as **Exhibit 1** (the "Engagement Letter") and summarized in the Application, are reasonable as required by Bankruptcy Code section 328(a); and the Court being satisfied that notice of the Application and the opportunity for a hearing on the Application was appropriate under the particular circumstances and no further or other notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court being satisfied, based on the representations made in the Application and the D'Amico Declaration, that Miller Buckfire does not represent or hold any interest adverse to the Committee, the Debtors or their estates concerning the matters upon which Miller Buckfire has been and is to be employed, and that Miller Buckfire is a "disinterested person" as such term is defined in Bankruptcy Code sections 101(14) and 328(c); and the Court having found that the employment and retention of Miller Buckfire is necessary and appropriate and in the best interests of the Committee and the Debtors' estates; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is granted to the extent set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103(a), Bankruptcy Rule 2014 and Local Rule 2014-1, the Committee is authorized to retain and employ Miller Buckfire as its investment banker, *nunc pro tunc* to August 21, 2023, on

the terms and conditions set forth in the Application, the Engagement Letter and the D'Amico Declaration, except as limited or modified herein.

3. The terms of the Engagement Letter are approved in all respects except as limited or modified herein.

4. None of the fees payable to Miller Buckfire shall constitute a "bonus" or fee enhancement under applicable law.

5. The fees and expenses payable to Miller Buckfire pursuant to the Engagement Letter, together with the indemnification, reimbursement of expenses, and contribution obligations owed to Miller Buckfire, shall be subject to review only pursuant to the standard of review set forth in Bankruptcy Code section 328(a) and shall not be subject to the standard of review set forth in Bankruptcy Code section 330 or any other standard of review.

6. Miller Buckfire shall file interim and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court; *provided, however,* that Miller Buckfire shall be compensated and reimbursed pursuant to Bankruptcy Code section 328(a) and that Miller Buckfire's fees and expenses shall not be evaluated under the standard set forth in Bankruptcy Code section 330.  Notwithstanding any provision to the contrary in this Order, the U.S. Trustee shall have the right to object to Miller Buckfire's request(s) for interim and final compensation and reimbursement based on the reasonableness standard provided in Bankruptcy Code section 330, not Bankruptcy Code section 328(a).  This Order and the record relating to the Court's consideration of the

Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Miller Buckfire's fees under the standard set forth in the preceding sentence.  Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Miller Buckfire's fees.

7. The Debtors are authorized to compensate and reimburse Miller Buckfire pursuant to the terms set forth in the Application and the Engagement Letter, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court.

8. Notwithstanding anything in the Application to the contrary, Miller Buckfire shall, to the extent that Miller Buckfire uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, (i) pass through the cost of such Contractors to the Debtors at the same rate that Miller Buckfire pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to substantially similar conflicts checks as required for Miller Buckfire; and (iv) file with this Court any disclosures required by Bankruptcy Rule 2014.

9. In light of the services to be provided by Miller Buckfire and the compensation structure set forth in the Application and the Engagement Letter, Miller Buckfire and its professionals shall be excused from: (i) any requirement to maintain or provide detailed time records in accordance with Bankruptcy Rule 2016(a), the *General Order in the Matter of Procedures for Complex Chapter 11 Cases* and the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under*

*11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* and (ii) conforming with a schedule of hourly rates for its professionals. Instead, notwithstanding that Miller Buckfire does not charge for its services on an hourly basis, Miller Buckfire will nonetheless maintain reasonably detailed time records in 0.5 hour increments containing descriptions of those services rendered for the Committee, and the individuals who provided those services, and will present such records together with its fee applications filed with the Court.

10. The Debtors shall be bound by the indemnification, contribution, reimbursement, exculpation and other provisions of the Engagement Letter and will indemnify and hold harmless Miller Buckfire and the other Indemnified Parties, pursuant to the Engagement Letter, subject, during the pendency of these Chapter 11 Cases, to the following:

    a. No Indemnified Person shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court;

    b. The Debtors shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from such Indemnified Person gross negligence, fraud, willful misconduct, breach of fiduciary duty, if any, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege the breach of Miller Buckfire's contractual obligations, unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnity, contribution or reimbursement under the terms of the Engagement Letter as modified by this Order; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Miller Buckfire must file an application therefor in this Court, and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Miller Buckfire and the other Indemnified Persons for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution or reimbursement.

  11. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the D'Amico Declaration, during the course of this bankruptcy case, Miller Buckfire shall have the fiduciary duties (if any) imposed upon it by applicable law.

  12. The "Indemnification Provisions" of the Engagement Letter are modified by deleting the following clause from the third paragraph: "provided however, that in any event the aggregate contribution of all Indemnified Persons, including Miller Buckfire, to all losses, claims, damages, liabilities and expenses with respect to which contribution is available hereunder will not exceed the amount of fees actually received by Miller Buckfire from the Company pursuant to Miller Buckfire's engagement referred to above."

  13. In the event that, during the pendency of these Chapter 11 Cases, Miller Buckfire seeks reimbursement for any attorneys' fees and expenses, the invoices and supporting time records from such attorneys shall be included in Miller Buckfire's fee

applications and shall be in compliance with Local Rule 2016-1, and shall be subject to the guidelines of the U.S. Trustee and approval of the Bankruptcy Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327 and without regard to whether such attorney's services satisfy Bankruptcy Code section 330(a)(3)(C); *provided, however,* that Miller Buckfire shall only be reimbursed for any legal fees incurred in connection with these Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

14. Miller Buckfire shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 Cases.

15. Miller Buckfire will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Miller Buckfire will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

16. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these Chapter 11 Cases to cases under chapter 7.

17. The Debtors, the Committee and Miller Buckfire are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

18. If there is any inconsistency between the terms of the Application, the Engagement Letter, the D'Amico Declaration and this Order, this Order shall govern.

19. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20. During the pendency of these Chapter 11 Cases, the Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

**Dated: October 4th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**