# Exhibit 1

## Stipulation

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| YELLOW CORPORATION, *et al.*[1] | ) Case No. 23-11069 (CTG) |
| Debtors. | ) (Jointly Administered) |

### JOINT STIPULATION
### BY AND AMONG THE DEBTORS AND
### WINTRUST COMMERCIAL FINANCE (I) GRANTING RELIEF FROM
### THE AUTOMATIC STAY AND (II) REJECTING CERTAIN LEASE AGREEMENTS

This joint stipulation ("Stipulation") is made and entered into by and among (a) YRC, Inc. and the other debtors in possession in the above-captioned chapter 11 cases (the "Debtors")[2], and (b) Wintrust Commercial Finance, a division of Wintrust Asset Finance Inc. ("Wintrust" or the "Lessor," and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, on August 6, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes. The Debtors are

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").

managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, Debtor YRC Enterprise Services, Inc. and Wintrust, as assignee of PNC Bank, N.A., successor-in-interest to PNC Equipment Finance, LLC, entered into a master Lease Agreement, dated March 16, 2016 (the "Master Lease") under which Wintrust agreed to lease to the Debtors 204 Wasbash National 28' pup trailers and related parts, accessories and attachments equipment (collectively, the "Equipment")[3] described in four schedules (nos. 137542-033, 137542-034, 137542-035 and 137542-036) to the Master Lease (the "Lease Schedules," and together with the Master Lease, the "Lease Agreement").

WHEREAS, the Debtors have notified Wintrust that the Debtors do not intend to assume or assign the Lease Agreement in connection with the Debtors' chapter 11 cases;

WHEREAS, Wintrust has indicated to the Debtors its desire to take possession of and dispose of the Equipment;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to permit Wintrust to take possession of the Equipment, effective as of the date of entry of an Order of this Court approving this Stipulation;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to reject the Lease Agreement, effective as of the date of entry of an Order of this Court approving this Stipulation, to the extent necessary;

WHEREAS, Wintrust has agreed to such rejections, to the extent necessary; and

WHEREAS, the Debtors consent to lift the automatic stay imposed by section 362 of the Bankruptcy Code on the terms and conditions set forth in this Stipulation for the exclusive

---

[3] Wintrust has released its rights with respect to one of the leased trailers (VIN 1JJV281D2LL203191).  As used herein, the term "Equipment" does not include the foregoing trailer.

2

purposes of allowing Wintrust to take possession of the Equipment, to cancel the Lease Agreement and terminate the Debtors' right to use and possess the Equipment, to dispose of the Equipment, and to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED as follows:

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting Wintrust, its agents or assigns to take possession of the Equipment from the Debtors' premises, any other location owned or leased by the Debtors, or any other location where the Equipment may be located, to cancel the Lease Agreement and terminate the Debtors' right to use and possess the Equipment, to exercise its various rights and remedies with respect to the Equipment under the Lease Agreement and applicable law, to dispose of the Equipment, and to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court. Nothing herein shall be construed to require Wintrust to take possession of any Equipment which, in its discretion, Wintrust deems to be damaged, destroyed or inoperable. If Wintrust elects to abandon any item of Equipment it deems to be damaged, destroyed or inoperable and exercises its discretion not to take possession of such item of Equipment, Wintrust will release the title certificate(s) to said Equipment to the Debtors.

3. Each of the Parties shall use commercially reasonable efforts to cooperate and coordinate with respect to the logistics of Wintrust's repossession of the Equipment.

4. The Lease Agreement is hereby deemed to be rejected as of the date of entry of an Order of this Court approving this Stipulation, and Wintrust consents to such rejection. Any claim for rejection damages by Wintrust shall constitute a prepetition general unsecured claim in the Debtors' chapter 11 cases and Wintrust shall be required to file a proof of claim by the date set forth in an applicable order of the Court setting a bar date for the filing of proofs of claim or as otherwise set forth in a confirmed chapter 11 plan.

5. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

6. Wintrust may incur costs, fees, expenses, or charges associated with taking possession of the Equipment or otherwise performing under this Stipulation, including but not limited to towing, storage, repairs, or disposal costs, and Wintrust shall not seek to recover such costs from the Debtors or their estates as an administrative claim. Nothing herein shall be construed as a waiver of Wintrust's rights to seek reimbursement of such costs as a component of its rejection damages in Wintrust's general unsecured rejection damages proof of claim.

7. Wintrust shall not seek an administrative claim for costs and attorneys' fees incurred in connection with entering into and performing under this Stipulation. Nothing herein shall be construed as a waiver of (a) Wintrust's rights to seek reimbursement of attorney's fees and costs as a component of its general unsecured rejection damages proof of claim, or (b) any party in interest's right to object to any rejection damages claim asserted by Wintrust.

8. Neither this Stipulation, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith, or (c) to prove that the automatic stay has been modified in accordance with the terms of this Stipulation.

4

9. This Stipulation is subject to the approval of the Court and shall be effective upon entry of an order approving this Stipulation by the Court (the "Order"). The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

10. The Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

**STIPULATED AND AGREED TO THIS 4TH DAY OF OCTOBER 2023:**

Dated: October 4, 2023
Wilmington, Delaware

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:   (302) 652-4100
Facsimile:   (302) 652-4400
Email:   ljones@pszjlaw.com
    tcairns@pszjlaw.com
    pkeane@pszjlaw.com
    ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   patrick.nash@kirkland.com
    david.seligman@kirkland.com
    whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

*/s/ Adam Hiller*
Adam Hiller (DE No. 4105)
**HILLER LAW LLC**
300 Delaware Avenue, Suite 210, #227
Wilmington, Delaware 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com

*Counsel to Lessor*