IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>Jointly Administered |

## **DECLARATION OF CHARLES E. DORR**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I am an attorney at law, duly admitted to practice in the United States District Court for the Northern District of Georgia.

2. I am counsel for Plaintiffs in *Daugherty, et al. v. YRC INC.*, Civil Action File No. 1:22-cv-01777-SEG, presently pending in The United States District Court for The Northern District of Georgia, Atlanta Division (hereafter, "the current action," or "the case").

3. This declaration is based upon my personal knowledge.

4. The facts of the current action as they appear in the record are as follows:

On March 25, 2020, at approximately 3:20 PM YRC employee Larry Ingram crashed a loaded YRC tandem tractor trailer rig into the rear of Norman Eugene Daugherty's stopped Toyota Corolla in rush hour traffic on US Interstate Highway 85 North, in Gwinnett County, Georgia. In the seconds leading up to the collision, YRC's driver was tailgating a vehicle in front of him and accelerating blindly at 100% throttle. Traffic ahead of the accelerating tandem rig had come to a stop. The vehicle in front of the YRC rig moved to the left and avoided the stopped traffic. The YRC truck crashed into Mr. Daugherty's stationary car. The

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

{00036890. }

force of the collision destroyed Mr. Daugherty's vehicle, set off a chain reaction and scattered cars across the interstate highway. Mr. Daugherty was fatally injured in the collision and died of his injuries on April 12, 2020 (Plaintiffs' Brief, Exhibit B[2]).

5. On April 24, 2020, I filed a civil action in the State Court of Gwinnett County, Georgia seeking damages for the wrongful death of Mr. Daugherty (Complaint, Exhibit C). After filing the complaint, I conducted extensive discovery by means of interrogatories, requests for production of documents, requests for admissions of fact and by numerous depositions of fact witnesses and experts in several states. On March 24, 2022, after conducting discovery in the State Court of Gwinnett County, and after prevailing on YRC's Motion for Summary Judgment, I voluntarily dismissed the complaint (Voluntary Dismissal, Exhibit D).

6. On March 29, 2022, I filed the current action in the Superior Court of Gwinnett County, Georgia with a demand for trial by jury (Complaint, Exhibit E). On May 5, 2022, YRC filed a notice of removal to the United States District Court for the Northern District of Georgia, where the current action is pending (Notice of Removal, Exhibit F).

7. On July 7, 2023, after the close of discovery, I voluntarily dismissed co-defendant Luis Burgos from the case, leaving YRC as sole defendant (Clerk's entry of dismissal, Exhibit G[3]).

8. The deadline for completion of discovery in the current action ended on January 7, 2023 (Order extending discovery, Exhibit H). All *Daubert* and other dispositive motions have been filed and briefed, and the case is ready for trial (Docket, Exhibit I).

---

[2] Exhibits to the brief are omitted.
[3] Luis Burgos had apparently left the country and could not be located by Plaintiffs

{00036890. }                                                       2

9. On August 10, 2023, YRC filed a Notice of Automatic Stay Due to Bankruptcy in the current action (Notice, Exhibit J). Pursuant to that notice, the current action is administratively dismissed pending further action in this court (Order, Exhibit K).

10. YRC's employees who were deposed in the case, and who have been identified by the parties as witnesses are either truck drivers or their supervisor. The highest-level YRC employee deposed in the case was a former truck driver who was a supervisor in the Nashville, Tennessee office of YRC. No executive-level or upper management employee has been deposed or identified as a potential witness in the case. I do not expect to require live testimony from any of YRC's current employees at the trial of the case.

11. YRC's motion practice and my research thus far indicates that YRC has multiple levels of insurance coverage with which to cover Plaintiffs' claims in the case, including $6 million in primary liability insurance and layers of additional liability insurance and umbrella coverage (YRC, Inc. Certificate of Insurance and Screenshot, Exhibit L; Doc 6, Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance Coverage Entered into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, (II) Approving Continuation of the Surety Bond Program, and (III) Granting Related Relief.

12. Upon this court's granting Plaintiffs' Motion to Modify the Automatic Stay to Allow Continuation of the Prepetition Litigation, Plaintiffs stand ready to proceed to trial.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 5, 2023.

_____
Charles E. Dorr

{00036890. }    3