**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: November 13, 2023 at 10 a.m. (ET)**<br>**Objection Deadline: October 20, 2023 at 4 p.m. (ET)** |

**MOTION OF SUSAN DEGENKOLB
FOR RELIEF FROM THE AUTOMATIC STAY
PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE**

Susan Degenkolb ("Ms. Degenkolb" or "Movant") by and through his undersigned counsel, hereby moves this Court (the "Motion"), pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order lifting the automatic stay imposed by Section 362(a) of the Bankruptcy Code in order to permit Ms. Degenkolb to prosecute a personal injury lawsuit against debtor YRC, Inc. d/b/a YRC Freight (together with the above-captioned co-debtors, the "Debtors"), and to proceed to collect any award against the Debtors and/or the Debtors' applicable insurance policies.  In support of this Motion, Ms. Degenkolb respectfully represents as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §§1408 and 1409.

2.    This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

1

3. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Bankruptcy Rule 4001.

## FACTS

4. On August 6, 2023, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' cases are being jointly administered.

5. Prior to the Petition Date, on or about November 15, 2021, Ms. Degenkolb, while driving a vehicle on Van Ness Road in Pierceton, Indiana, was seriously and permanently injured as a result of an auto accident caused by David Gerber ("Mr. Gerber"). Upon information and belief, at the time of this accident, Mr. Gerber was an employee and/or agent of debtor YRC, Inc. and was operating a vehicle owned by debtor YRC, Inc.

6. As a result of the injuries sustained by Ms. Degenkolb and the Debtors' negligence, Ms. Degenkolb commenced a lawsuit in the State of Indiana, Kosciusko Circuit Court, against debtor YRC, Inc., its insurer and other responsible parties (the "State Court Action").

7. The filing, prosecution and liquidation of Ms. Degenkolb's claims in the State Court Action have been delayed as a consequence of the Debtors' chapter 11 filings and the automatic stay provisions set forth in 11 U.S.C. §362(a).

8. Upon information and belief, the Debtors are covered by insurance policies through Allstate Property and Casualty Insurance Company d/b/a Allstate and/or other policies applicable to Ms. Degenkolb's claims.

## RELIEF REQUESTED

9. Through this Motion, Ms. Degenkolb seeks the entry of an order pursuant to § 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay so that she may file and prosecute her claims to judgment in the State

Court Action and satisfy any award or other resolution she may obtain against the Debtors, the Debtors' applicable insurance policies and any other responsible individual or entity.

## BASIS FOR RELIEF REQUESTED

10. Ms. Degenkolb is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

11. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay….

11 U.S.C. §362(d)(1).

12. The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often…examine the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

13. At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtors' equity in property. *See In re Domestic Fuel Corp.,* 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987); 11 U.S.C. §362(g). If a creditor seeking relief from the automatic say makes a *prima facie* case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In re 234-6 West 22nd Street Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

14. Courts often follow the logic of the intent behind §362(d) which is that it is most often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court

3

from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d)) (internal citations omitted).

15. Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

(1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and

(3) The creditor's probability of success on the merits.

*See In re Tribune Co.,* 418 B.R. at 126.

16. Here, the facts weigh in Ms. Degenkolb's favor on each of these three prongs. First, the Debtors will not suffer prejudice should the stay be lifted because Ms. Degenkolb's claims must eventually be liquidated before she can recover from the bankruptcy estate. Further, because her claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. 11 U.S.C. § 157(b)(5) ("personal injury tort…claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose…"). Furthermore, Ms. Degenkolb has demanded and is entitled to a jury trial in the State Court Action and a jury trial is not available in this Court.

17. Upon information and belief, the Debtors' liability in this matter is covered by insurance policies through Allstate Property and Casualty Insurance Company d/b/a Allstate and/or other policies. As such, any recovery by Ms. Degenkolb will not greatly impact the Debtors' estates. *See In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate"

(quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy. "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993).

18. Second, Ms. Degenkolb will face substantial hardship if the stay is not lifted. She has suffered serious injuries and has incurred significant medical expenses as a result of the Debtors' negligence. She will be prejudiced by the continued delay resulting from the automatic stay due to the possibility of witnesses moving to unknown locations, witnesses who may pass away and the memory of events becoming less clear. Further, Ms. Degenkolb resides in the State of Indiana and the events which form the basis of her claims occurred exclusively in Indiana. If Ms. Degenkolb is forced to litigate his claims in Delaware, she would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to conserve economic judicial resources." *In re Peterson,* 116 B.R. 247, 250 (D. Colo. 1990). Here, judicial economy would be served by lifting the automatic stay and allowing Ms. Degenkolb's claims to be liquidated in the forum where they are presently postured to be adjudicated quickly.

19. The Debtors will not suffer any hardship if Ms. Degenkolb's claims in the State Court Action are allowed to proceed. Her claims are personal injury claims which do not present any factual or legal issues which will impact or distract the Debtors from their reorganization or liquidation process.

20. Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re*

*Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs in Ms. Degenkolb's favor. The facts regarding the Debtors' negligence set forth in the State Court Action speak for themselves. No defenses, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where…the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

21. When weighing the above factors, the Court should lift the automatic stay to permit Ms. Degenkolb to prosecute her claims against the Debtors and any other responsible individual or entity to judgment in the State Court Action and satisfy any award or other resolution she may obtain against the Debtors, the Debtors' applicable insurance policies and any other individuals or entities that are responsible for the injuries sustained.

**WHEREFORE,** Ms. Degenkolb respectfully request that the Court enter an Order lifting the automatic stay, substantially in the form attached hereto, and for such further and additional relief as may be just and proper under the circumstances.

Dated: October 6, 2023

/*s/ Michael J. Joyce*
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street
Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*Counsel to Susan Degenkolb*