IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Objection Deadline: October 16, 2023 at 4:00 p.m. |
| | ) Hearing Date: October 23, 2023 at 10:00 a.m. |
| _____ | ) |

## MOTION OF ANTHONY MARTINO
## FOR ORDERS GRANTING RELIEF FROM THE AUTOMATIC STAY

Anthony Martino ("Movant"), by and through undersigned counsel, hereby moves this Court, (the "Motion"), pursuant to section 362(d) of title 11 of the United States Code, for entry of an order modifying the automatic stay of 11 U.S.C. §362(a) to allow (the "Primary Relief") Movant to continue to prosecute its claims against Debtors YRC, Inc. and YRC Worldwide, Inc. (the "YRC Defendants") in existing litigation in the United States District Court for the Northern District of Illinois Eastern Division (the "Illinois Federal Action") and to collect any award against any available insurance proceeds; and/or as interim and/or alternative relief (the "Interim/Alternative Relief") to allow the parties to the Illinois Federal Action to refile pleadings related to the parties' competing motions for summary judgment and allow the Illinois District Court to rule on the parties' competing summary judgment motions. In support of this Motion, the Movant respectfully states as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

1

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. The statutory predicates for the relief requested herein are Sections 362 of the Bankruptcy Code and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5. On May 12, 2020, Movant filed the "Illinois Federal Action" in the United States District Court for the Northern District of Illinois Eastern Division (the "Illinois District Court") against Debtor YRC, Inc. alleging *inter alia*, fraud, negligent supervision and personal injury (defamation).

6. Subsequently, the parties engaged in discovery and Movant amended the complaint twice, through which Debtor YRC Worldwide, Inc. was added as a defendant. A copy of Movant's Second Amended Complaint is attached hereto as Exhibit C.

7. All parties filed and fully briefed competing motions for summary judgment. The last filing thereon took place on October 29, 2021. Thus, prior to the Petition Date (Defined below), the Illinois Federal Action had been in the court system for more than three years, all discovery was closed in accordance with the Illinois District Court's scheduling deadlines, and the parties were waiting nearly two year for a ruling on their competing motions for summary judgment.

8. On August 6, 2023 and continuing on August 7, 2023 (the "Petition Date"), Yellow Corporation and twenty three (23) affiliated companies (including YRC, Inc. and YRC Worldwide, Inc.) each filed petitions in the United States Bankruptcy Court for the District of Delaware seeking relief under chapter 11 of the United States Bankruptcy Code.

9. As of the Petition Date, the Illinois Federal Action was automatically stayed by virtue of Section 362(d) of the United States Bankruptcy Code (the "Automatic Stay").

10. In or about August 2023, Movant contacted Debtors' counsel seeking relief, and on August 31, 2023, Movant's counsel first contacted Debtors' counsel regarding the requested relief.

11. On September 6, 2023, the YRC Defendants filed a Suggestion of Bankruptcy in the Illinois Federal Action.

12. On September 7, the Illinois District Court entered a docket entry formally staying the Illinois Federal Action and administratively terminating the YRC Defendants' pending summary judgment motion without prejudice to refiling after the stay has been lifted or further order of the Court, and further requiring a status report on the YRC Defendants' bankruptcy proceedings, due December 8, 2023. See Exhibit D.

13. Upon information and belief, based on prior communications and directives during the course of the Illinois Federal Action, re-filing of documents does not permit further editing, and thus a party is to resubmit the previously submitted documents through an electronic filing portal. It is expected to be a minimal burden to the YRC Defendants. Also, it is unlikely that oral argument would be permitted on the competing motions for summary judgment if the automatic stay were modified, as suggested by the prevailing judge's procedures, stated on his website.[2]

14. Movant understands that the YRC Defendants will not incur expenses as a result of granting Movant relief because the YRC Defendants' litigation expense and exposure are

---

[2] Judge Tharp's Motion Procedures
The Court no longer requires motions to be noticed for presentment. Motions that are agreed will generally be granted without further briefing or hearing. Contested motions should, if possible, include an agreed briefing schedule; in the absence of an agreed briefing schedule, the Court will assess whether a response is required and, if so, set a briefing schedule. The Court will generally rule on the briefs without a hearing; to the extent the Court concludes a hearing is needed, the Court will set a hearing date and time.
*See* https://www.ilnd.uscourts.gov/judge-info.aspx?79eF+7uiX7ewBj/ITKrjoA==

covered by insurance policies applicable to the parties' claims in the Illinois Federal Action.[3] Movant notes that there appear to be coverage discrepancies with respect to multiple other parties seeking relief from the automatic stay. As also alleged by some of those moving parties, Movant was led to believe during the course of litigation that his claims are covered by insurance. In mandatory Responses to Initial Discovery in the Illinois Federal Action, the YRC Defendants disclosed an Old Republic Commercial General Liability Policy # MWML18562. There is no logical reason why the Debtors would have misstated coverage in the Illinois Federal Action or in pre-petition litigation involving other moving parties.

15. Because of the apparent discrepancies and confusion as to coverage and the likelihood of delayed relief as Debtors undertake further efforts to confirm insurance coverage, Movant asks for a two tiered relief: Without waiving his request to continue to prosecute his claims against the YRC Defendants and recover to the extent of insurance, Movant requests as Interim/Alternative Relief that the automatic stay be modified to allow, to the extent necessary, the parties to refile their motions for summary judgment in the Illinois Federal Action and to allow the Illinois District Court to rule on the parties' competing summary judgment motions.

**BASIS FOR RELIEF REQUESTED**

16. Through this Motion, Movant seeks the entry of an order pursuant to section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief so that it may continue to litigate against the YRC Defendants in the Illinois Federal Action.

17. Section 362(d)(1) of the Bankruptcy Code provides:

---

[3] There are two claims that may not be covered by insurance, but the Primary Relief requested would be limited to collecting upon an award only to the extent covered by insurance proceeds.

4

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay….
>
>> (1) For cause, including lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1). The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 547, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often...examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

18. Courts regularly follow the logic of the intent behind § 362(d), which is that it is often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009)(quoting legislative history of § 362(d)) (internal citations omitted).

19. As this Court has explained:

> The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case."
>
> The legislative history to Section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."
>
> *Rexene Prods..* 141 B.R. at 576 (*quoting* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977).

20. Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

(1) prejudice to the estate or the debtor, (2) hardship to the moving party resulting from maintenance of the stay weighed against hardship to the debtor, and (3) probability of success of the moving party on the merits. *Trump Entm't Resorts, Inc.*, 526 B.R. 116, 120-21 (Bankr. D. Del. 2015) (citing *Izzrelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992)).

21.     Here, the facts weigh in Movant's favor on each of these three prongs. First, if there is insurance coverage, as believed, the Debtors will not suffer prejudice should the stay be lifted because the YRC Defendants will have no cost in litigating the Illinois Federal Action and ultimately no loss from an adverse ruling. If there is coverage, recovery will be limited to insurance proceeds.

22.     If instead the Court were to grant only the Interim/Alternative relief, the YRC Defendants would <u>at most</u> incur a minimal cost associated with refiling, if necessary, some or all of the same documents they previously filed with respect to summary judgment in the Illinois Federal Action.

23.     Moreover, to the extent that Movant is otherwise entitled to assert a claim against the Debtors' estates, granting relief from the automatic stay will simply facilitate a determination of that claim. Although it would be better for the Debtors to assure that Movant's claims be paid by insurance to the extent of coverage, the allowance of any claims for Movants' benefit would not be expected to affect the distributions to other general unsecured claims meaningfully.

24.     Second, the Movants will face substantial hardship if the stay is not lifted. The Movant is a resident of Illinois. If the Movant is forced to litigate his claims in Delaware, he would incur the increased expense of bringing himself, witnesses, and physical evidence to Delaware and the parties might have to repeat multiple litigation steps, including briefing on

motions practice. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources." *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990). Here, judicial economy would be served by lifting the automatic stay and allowing Movant's claims to be liquidated in the forum where they are presently postured to be adjudicated quickly.

25. Third, the likelihood of success on the merits prong is satisfied, as "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993). Movant believes that he will prevail on the merits and is confidnt that will be accomplished through his pending motion for summary judgment.

26. Counsel for Movant has communicated with Debtors' counsel regarding the requested relief, but the parties have not yet reached agreement on the requested relief.

27. Movant believes that relief granted in connection with this Motion will have no meaningful effect on the administration of these cases and Movant respectfully submits that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed.R.Bankr.P. 4001(a)(3).

## CONCLUSION

**WHEREFORE**, the Movant respectfully requests entry of Orders: (1) in substantially the form attached as Exhibit A, granting relief from the automatic stay of 11 U.S.C. §362(a) to allow Movant to continue to prosecute the Illinois Federal Action against the YRC Defendants and to collect any award against any available insurance proceeds; and (2) in substantially the form attached as Exhibit B, granting Movant relief from the automatic stay of 11 U.S.C. §362(a) to allow the parties to the Illinois Federal Action to refile pleadings related to

the parties' competing motions for summary judgment and allow the Illinois District Court to rule on the parties' competing summary judgment motions; and (3) granting such further relief as may be appropriate.

DATED: October 7, 2023                BY:   /s/ *James Tobia*
                                            James Tobia (#3798)
                                            *The Law Office of James Tobia, LLC*
                                            1716 Wawaset Street
                                            Wilmington, DE  19806
                                            (302) 655-5303
                                            *Attorney for Movant Anthony Martino*