**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 23-11069 (CTG) |
| YELLOW CORPORATION, *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Hearing Date: October 23, 2023 at 10:00 a.m. (ET)** |
| | **Objection Deadline: October 16, 2023 at 4:00 p.m. (ET)** |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF YELLOW CORPORATION, *ET AL.,* FOR ENTRY OF AN ORDER CLARIFYING
THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL OR
PRIVILEGED INFORMATION AND APPROVING A PROTOCOL
<u>REGARDING CREDITOR REQUESTS FOR INFORMATION</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the chapter 11 cases (the "<u>Chapter 11 Cases</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), by and through its undersigned counsel, hereby files this motion (the "<u>Motion</u>") for entry of an order (the "<u>Proposed Order</u>") pursuant to sections 105(a), 107(b) and 1102(b)(3)(A) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "<u>Bankruptcy Code</u>") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), substantially in the form attached hereto as **<u>Exhibit A</u>**: (i) clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors; (ii) approving a protocol regarding creditor requests for information; and (iii) authorizing the establishment of a website to provide creditors with access to important information. In support of the Motion, the Committee respectfully states as follows.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 511500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

## PRELIMINARY STATEMENT

1.      As the fiduciary for all unsecured creditors, the Committee and its professionals take seriously their obligation to ensure that such creditors have access to clear and comprehensive information regarding the status of and key developments in the Chapter 11 Cases, as well as designated points of contact and vehicles for creditors to raise and discuss specific questions and concerns.  Open communications among creditors are essential to achieving the Committee's goals in these cases, including, among other things, maximizing the value of the Debtors' estates for the benefit of all unsecured creditors.

2.      By this Motion, and in furtherance of these objectives, the Committee seeks authority to establish and implement a protocol that will enable the Committee to satisfy its obligation to ensure that all unsecured creditors have access to the information to which they are entitled, while at the same time protecting the confidentiality of information received from the Debtors and other non-Debtor parties as necessary to facilitate the Chapter 11 Cases.

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1337 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Committee hereby confirms its consent to entry of a final order by this Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      The legal bases for the relief requested herein are sections 105(a), 107(b) and 1102(b)(3)(A) and (B) of the Bankruptcy Code, as supplemented by Bankruptcy Rule 9018.

**BACKGROUND**

6.      On August 6, 2023 and continuing on August 7, 2023 (together, the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On August 16, 2023 (the "Committee Formation Date"), the United States Trustee for Region 3 (the "U.S. Trustee") appointed nine unsecured creditors to serve on the Committee in these Chapter 11 Cases pursuant to Bankruptcy Code section 1102(a)(1).  *See Notice of Appointment of Committee of Unsecured* [ECF No. 269].  The Committee currently comprises the following members:  (i) BNSF Railway; (ii) Central States, Southeast and Southwest Areas Pension Fund; (iii) Daimler Trucks, N.A.; (iv) International Brotherhood of Teamsters; (v) Michelin North America, Inc.; (vi) New York State Teamsters Pension and Health Funds; (vii) Pension Benefit Guaranty Corporation; (viii) Armando Rivera; and (ix) RFT Logistics LLC.

8.      On August 18, 2023, the Committee selected Akin Gump Strauss Hauer & Feld, LLP ("Akin") to serve as lead co-counsel to the Committee.  On August 21, 2023, the Committee selected Benesch, Friedlander, Coplan & Aronoff LLP ("Benesch") to serve as Delaware co-counsel, Miller Buckfire & Co., LLC ("Miller Buckfire) to serve as investment banker and Huron Consulting Group Inc. ("Huron") to serve as financial advisor.[3]

---

[3] Akin, Benesch, Miller Buckfire and Huron are referred to collectively herein as the "Committee Professionals."

9.      The Committee has adopted bylaws that contain provisions regarding, among other things, the protection of confidential information, materials and communications produced by or related to the Committee, its members and/or its professionals, as well as privileged information (collectively, "Confidential Committee Information").   Confidential Committee Information includes any and all written and oral correspondence, reports and memoranda prepared by the Committee Professionals for the benefit of the Committee as well as all related communications received by any members of the Committee, including reports disseminated by Committee members among themselves and/or the Committee Professionals.  The Committee's bylaws also contain provisions regarding the Committee's use and disclosure of non-public information provided to the Committee by or on behalf of the Debtors ("Confidential Debtor Information").

## RELIEF REQUESTED

10.      By this Motion, the Committee requests entry of an order authorizing the Committee to establish and implement a protocol (the "Creditor Information Protocol") in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B), effective *nunc pro tunc* to the Committee Formation Date, to facilitate the Committee's obligation to provide information to the Debtors' unsecured creditors.

11.      Additionally, to satisfy its fiduciary obligations in an efficient and effective manner, the Committee seeks express authority to maintain a website for the benefit of unsecured creditors (the "Unsecured Creditors Website"),[4] which will be maintained by Epiq Corporate Restructuring, LLC ("Epiq"), the Debtors' claims and noticing agent.  The Unsecured Creditors Website will be used to make non-confidential and non-privileged information that is not otherwise readily available accessible to unsecured creditors.  The Committee and its professionals intend to use the

---

[4] The Unsecured Creditors Website will be available at: https://dm.epiq11.com/YellowCommittee.

Unsecured Creditors Website to post information and updates in order to ensure transparency and facilitate open communication with unsecured creditors, while at the same time respecting their obligations to preserve the confidentiality of certain information in connection with the Chapter 11 Cases. Specifically, the Unsecured Creditors Website will provide, among other things: (i) general information concerning the Debtors, including links to the case docket maintained by Epiq; (ii) contact information for the Debtors, the Debtors' professionals and the Committee Professionals; (iii) information regarding the status of significant developments in the Chapter 11 Cases; (iv) a case calendar detailing upcoming hearings and other critical events; (v) access to the telephone hotline maintained by Epiq and an email address for Committee Professionals to the extent creditors would like additional information or to discuss specific concerns; and (vi) links to other relevant websites (*e.g.*, the Debtors' corporate website, the website maintained by Epiq on behalf of the Debtors and the website of the Office of the U.S. Trustee). From time to time, the Committee may also utilize the services of Epiq for noticing or other similar administrative tasks. The fees and costs for such services will be charged at the same rates charged in providing such services to the Debtors.

12. The relief requested herein will facilitate unsecured creditors' access to important information, while simultaneously ensuring that confidential, privileged, proprietary and other material non-public information will not be disseminated to the detriment of the Debtors' estates. Accordingly, such relief will encourage the exchange of information between the Debtors, the Committee and other creditors and interested parties and facilitate the Committee's performance of its statutory functions and duties pursuant to the Bankruptcy Code. The requested relief will also ensure that unsecured creditors have access to clear and organized information regarding the status of the Chapter 11 Cases and other critical issues.

## BASIS FOR RELIEF REQUESTED

13.     Bankruptcy Code section 1102(b)(3) provides, in relevant part, that a creditors' committee appointed under Bankruptcy Code section 1102(a) shall "provide access to information for creditors who—(i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A).

14.     As Bankruptcy Code section 1102(b)(3)(A) simply requires a creditors' committee to "provide access to information," yet sets forth no guidelines as to the type, kind and extent of the information to be provided, the statute could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through the exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary or material non-public information and regardless of whether disseminating such information implicates securities law disclosure requirements (where applicable). The legislative history for Bankruptcy Code section 1102 does not provide any further guidance on this point and merely reiterates the language of Bankruptcy Code section 1102(b)(3). *See* H.R. REP. NO. 109-31(I), at 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments from these creditors and, pursuant to court order, make additional reports or disclosures available to them.").

15.     The lack of specificity in Bankruptcy Code section 1102(b)(3)(A) is a potential source of confusion for creditors and creditors' committees. Here, as is typical in most chapter 11 cases, the Committee already has received and expects to continue to receive confidential, highly confidential (*i.e.*, advisors' eyes only) and other non-public proprietary information from the Debtors and other parties in interest. This information likely will be used for, among other things, analyzing potential claims and causes of action and considering proposals and bids in connection

with the Debtors' sale process. However, a creditor taking an extreme view of Bankruptcy Code section 1102(b)(3)(A) might argue that this provision requires the Committee to share another party's (including the Debtors') confidential information that such creditor would not be able to obtain otherwise. Such an interpretation has a strong potential to chill information sharing between and among the Debtors, the Committee and other creditors and parties in interest and hinder the progress of the Chapter 11 Cases to the detriment of all parties in interest.

16.     Moreover, Bankruptcy Code section 1102(b)(3)(A) also could be read to permit the disclosure of attorney-client privileged information or information protected by any other applicable privilege or doctrine. Such a reading of the statute raises the question of whether the Committee could be required to disclose another party's or its own privileged information. An obligation to disseminate privileged information or Confidential Committee Information would limit the Committee Professionals' ability to communicate effectively with and advise the Committee, thereby reducing the benefit that active Committee engagement brings to the administration of the Chapter 11 Cases.

17.     The Committee seeks to avoid the foregoing issues as well as any other potential issues that could arise by implementing the following Creditor Information Protocol, as set forth in the Proposed Order:

> a.  Privileged and Confidential Information:  The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall have the meaning as defined in Bankruptcy Code section 101(15)) (i) without further order of the Court, Confidential Debtor Information, Confidential Committee Information or confidential or non-public proprietary information from other parties ("Confidential Non-Debtor Information," and collectively with Confidential Debtor Information and Confidential Committee Information, "Confidential Information") or (ii) any information subject to attorney-client or some other state, federal or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party ("Privileged Information").  In addition, the Committee shall not be required to provide access

to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

b.    <u>Information Obtained through Discovery</u>:  Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery.  Nothing herein shall obligate the Committee to provide any such information that the Committee obtains from third parties.

c.    <u>Creditor Information Requests</u>:  If a creditor (a "<u>Requesting Creditor</u>") submits a written request to the Committee or the Committee Professionals for the Committee to disclose information (an "<u>Information Request</u>"), pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "<u>Response</u>"), including by providing access to the information requested or stating the reason(s) why the Committee cannot disclose the information requested by such Information Request.  If the Response is to deny the Information Request because the Committee believes that the Information Request implicates Confidential Information or Privileged Information that need not be disclosed, including, but not limited to, (i) pursuant to the terms of the Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential or is otherwise Confidential Information, or (iv) because the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee (which may include the Committee Professionals) regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion to compel shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion to compel shall be noticed and scheduled, and any party may object to such motion. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Committee provide the Requesting Creditor with a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.  Further, nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Court conduct an *in camera* review of the information that the Committee sets forth in the Response that it cannot share subject to the Information Request.

d.    <u>Release of Confidential Information of Third Parties</u>:  The Committee shall not provide Confidential Debtor Information to individual creditors or their advisors

without the written consent of the Debtors or an order of the Bankruptcy Court following the process described below.  If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee, in consultation with the Debtors with respect to Confidential Debtor Information, believes that such request should be satisfied, or if the Committee, in consultation with the Debtors with respect to Confidential Debtor Information, without a third party request wishes to disclose such Confidential Information to creditors, the Committee may request such disclosure (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed, and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed.  If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion, including on the  basis that any information provided to creditors should only be done pursuant to an order of the Court requiring that such information remain confidential.  Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Patrick J. Nash, Jr., P.C. (patrick.nash@kirkland.com), David Seligman, P.C. (david.seligman@kirkland.com), Whitney C. Fogelberg (whitney.fogelberg@kirkland.com), Allyson B. Smith (allyson.smith@kirkland.com), Laura Davis Jones (ljones@pszjlaw.com), Timothy Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com).  The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such other party, as applicable, or further order of the Court.  For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above.

e.  The Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Chapter 11 Cases and/or its advisor(s) that have signed a confidentiality agreement with the Debtors governing such Confidential Information (or such analyses or other documents generated by the Committee as applicable); provided that, for the avoidance of doubt, nothing herein modifies or otherwise alters the terms of any confidentiality agreement between the Debtors and any applicable party. The approved disclosure of Confidential Information shared pursuant to a confidentiality agreement does not waive any applicable privileges, work product, or other protections against disclosure to non-parties.

18.     The Proposed Order would also permit, but not require, the Committee to provide access to Privileged Information to any party so long as the relevant privilege is held and controlled solely by the Committee and does not include Confidential Debtor Information or Confidential Non-Debtor Information.

19.     The Committee believes that granting the relief requested herein will ensure efficient administration of the Chapter 11 Cases and active Committee engagement.  Moreover, it is consistent with the language of the Bankruptcy Code.  Congress did not intend for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party, as that would result in Bankruptcy Code section 1102(b)(3) frustrating other provisions of the Bankruptcy Code and Bankruptcy Rules, including Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.  Moreover, the requested relief will ensure that unsecured creditors have access, through the Unsecured Creditors Website, to important information regarding the Chapter 11 Cases.

20.     Bankruptcy Code section 107(b)(1) provides that, "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development or commercial information."  11 U.S.C. § 107(b)(1).  The language of Bankruptcy Code section 107(b)(1) is mandatory, not permissive.  *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request).  The plain language of this section of the Bankruptcy Code mandates that confidential information be protected.

21.     Bankruptcy Rule 9018 further supports an interpretation of Bankruptcy Code section 1102(b)(3) that does not require creditors' committees to disseminate confidential or privileged information or materials.  Bankruptcy Rule 9018 states, in relevant part, that "[o]n

motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018.  Bankruptcy Rule 9018 goes a step further than Bankruptcy Code section 107(b)(1); the rule expressly allows a court to act on its own initiative.

22.     Finally, Bankruptcy Code section 105(a) empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The Committee submits that the requested relief is both necessary for the Committee to fulfill its obligations as set forth under Bankruptcy Code section 1103(c) and appropriate in light of Bankruptcy Code section 107(b)(1), Bankruptcy Rule 9018 and the equitable considerations of efficient case administration.

23.     The Creditor Information Protocol sets forth narrowly tailored rules designed to protect the interests of the Debtors, the Committee and affected third parties while permitting reasonable access to information for the Debtors' unsecured creditors.  It will ensure the proper functioning of the chapter 11 process and due diligence.

24.     The Committee submits that the requested relief is appropriate and within the Court's authority.  Courts in other circuits have held that Bankruptcy Code section 1102(b)(3)(A) does not require creditors' committees to provide non-member creditors with access to confidential or privileged information.  *See, e.g., In re MF Global Holdings Ltd*., 2012 Bankr. LEXIS 898 (Bankr. S.D.N.Y. Mar. 6, 2012); *In re Refco Inc*., 336 B.R. 187, 197 (Bankr. S.D.N.Y. 2006).  In *Refco*, the court stated that "[m]aintaining confidentiality against unsecured creditors generally may be necessary to preserve the committee's attorney-client privilege."  *Refco*, 336 B.R. at 197. The *Refco* Court further noted that "one should proceed cautiously concerning the disclosure of

information that could reasonably have the effect of waiving the attorney-client or other privilege . . . notwithstanding Bankruptcy Code section 1102(b)(3)." *Id.* Moreover, bankruptcy courts in this district routinely grant relief substantially similar to the relief requested herein. *See, e.g., In re TPC Group Inc., et al.*, Case No. 22-10493 (CTG) (Bankr. D. Del. Aug. 11, 2022); *In re Mallinckrodt plc, et al.*, Case No. 20-12522 (JTD) (Bankr. D. Del. Jan. 14, 2021); *In re Mallinckrodt plc, et al.,* Case No. 20-12522 (JTD) (Bank. D. Del. Dec. 21, 2020); *In re Insys Therapeutics, Inc., et al.*, Case No. 19-11292 (KG) (Bankr. D. Del. July 24, 2019); *In re General Wireless Operations Inc. D/B/A Radioshack, et al.,* Case No. 17-10506 (BLS) (Bankr. D. Del. Mar. 8, 2017); *In re Limited Stores Company, LLC, et al*., Case No. 17-10124 (KJC) (Bankr. D. Del. March 20, 2017); *In re Fresh-G Restaurant Intermediate Holding, LLC, et al. (F/K/A Garden Fresh Intermediate Holding, LLC, et al.,)* Case No. 16-12174 (CSS) (Bankr. D. Del. Dec. 12, 2016); *In re Energy Future Holdings Corp., et al.*, Case No. 14-10979 (CSS) (Bankr. D. Del. Dec. 17, 2014); *In re Namco, LLC*, Case No. 13-10610 (Bankr. D. Del. May 22, 2013).

## **NOTICE**

25.    Notice of this Motion will be given to all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Committee submits that, under the circumstances, no other or further notice is required.


*[Remainder of Page Intentionally Left Blank]*

Dated: October 16, 2023
     Wilmington, Delaware

**BENESCH, FRIEDLANDER,**
    **COPLAN & ARONOFF LLP**

*/s/ Jennifer R. Hoover*
Jennifer R. Hoover (DE No. 5111)
Kevin M. Capuzzi (DE No. 5462)
John C. Gentile (DE No. 6159)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile:  (302) 442-7012
E-mail:   jhoover@beneschlaw.com
         kcapuzzi@beneschlaw.com
         jgentile@beneschlaw.com

- and -

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Philip C. Dublin (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
Kevin Zuzolo (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: pdublin@akingump.com
     mlahaie@akingump.com
     kzuzolo@akingump.com

*Counsel to the Official Committee of Unsecured Creditors*