**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> YELLOW CORPORATION, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-11069 (CTG) <br><br> (Jointly Administered) <br><br> **Re: Docket No. __** |

**ORDER CLARIFYING THE REQUIREMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION**

Upon the motion (the "Motion")[2] of the Official Committee of Unsecured Creditors (the "Committee") for entry of an order (this "Order"), pursuant to Bankruptcy Code sections 105(a), 107(b) and 1102(b)(3)(A) and (B) and Bankruptcy Rule 9018, clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding creditor requests for information; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest;

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 511500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The relief requested in the Motion is granted, effective *nunc pro tunc* to the Committee Formation Date, as set forth herein.

2. The Committee shall implement the following Creditor Information Protocol in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B):

    a. Privileged and Confidential Information:  The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall have the meaning as defined in Bankruptcy Code section 101(15)) (i) without further order of the Court, Confidential Information or (ii) Privileged Information.  In addition, the Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

    b. Information Obtained through Discovery:  Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation shall not be governed by this Order but, rather, by any order governing such discovery.  Nothing herein shall obligate the Committee to provide any such information that the Committee obtains from third parties.

    c. Creditor Information Requests:  If a creditor (a "Requesting Creditor") submits a written request to the Committee or the Committee Professionals for the Committee to disclose information (an "Information Request"), pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "Response"), including by providing access to the information requested or stating the reason(s) why the Committee cannot disclose the information requested by such Information Request.  If the Response is to deny the Information Request because the Committee believes that the Information Request implicates Confidential Information or Privileged Information that need not be disclosed, including, but not limited to, (i) pursuant to the terms of

    this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law or contains Privileged Information, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential or is otherwise Confidential Information, or (iv) because the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee (which may include the Committee Professionals) regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion to compel shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion to compel shall be noticed and scheduled, and any party may object to such motion.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Committee provide the Requesting Creditor with a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.  Further, nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Court conduct an *in camera* review of the information that the Committee sets forth in the Response that it cannot share subject to the Information Request.

d. <u>Release of Confidential Information of Third Parties</u>:  The Committee shall not provide Confidential Debtor Information to individual creditors or their advisors without the written consent of the Debtors or an order of the Bankruptcy Court following the process described below.  If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee, in consultation with the Debtors with respect to Confidential Debtor Information, believes that such request should be satisfied, or if the Committee, in consultation with the Debtors with respect to Confidential Debtor Information, without a third party request wishes to disclose such Confidential Information to creditors, the Committee may request such disclosure (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed, and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed.  If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion, including on the basis that any information provided to creditors should only be done pursuant to an order of the Court requiring that such information remain confidential. Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: Patrick J. Nash, Jr., P.C. (patrick.nash@kirkland.com), David Seligman, P.C. (david.seligman@kirkland.com), Whitney C. Fogelberg

    (whitney.fogelberg@kirkland.com), Allyson B. Smith (allyson.smith@kirkland.com), Laura Davis Jones (ljones@pszjlaw.com), Timothy Cairns (tcairns@pszjlaw.com), Peter J. Keane (pkeane@pszjlaw.com), and Edward Corma (ecorma@pszjlaw.com). The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such other party, as applicable, or further order of the Court. For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above.

  e. The Committee (or its members and representatives) will not be precluded from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Chapter 11 Cases and/or its advisor(s) that have signed a confidentiality agreement with the Debtors governing such Confidential Information (or such analyses or other documents generated by the Committee as applicable); provided that, for the avoidance of doubt, nothing herein modifies or otherwise alters the terms of any confidentiality agreement between the Debtors and any applicable party. The approved disclosure of Confidential Information shared pursuant to a confidentiality agreement does not waive any applicable privileges, work product, or other protections against disclosure to non-parties.

3. The Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information or Confidential Committee Information to any party so long as (a) such Privileged Information or Confidential Committee Information does not include any Confidential Debtor Information or Confidential Non-Debtor Information and (b) any relevant privilege is held and controlled solely by the Committee.

4. Nothing in this Order shall diminish or modify any rights or obligations of the Committee or its members and representatives with respect to the protection of Confidential Information under the Committee's bylaws or any confidentiality agreement or protective order entered into in connection with the Chapter 11 Cases (including the Committee's or its members' and representatives' rights to disclose Confidential Information as permitted under the foregoing),

which rights or obligations shall remain in full force and effect notwithstanding any provision of this Order.

5. None of the Debtors, the Committee or any of their respective directors, officers, employees, members, attorneys, consultants, advisors or agents (acting in such capacity) (collectively, the "Exculpated Parties"), shall have to incur any liability to any entity (including the Debtors or their affiliates) for any act taken or omitted to be taken pursuant to the Creditor Information Protocol set forth herein; *provided*, *however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted gross negligence or willful misconduct. Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

6. The Committee is hereby authorized to establish and maintain the Unsecured Creditors Website as described in the Motion.

7. The Committee is further authorized to engage the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC ("Epiq"), in connection with such website for the benefit of creditors and for noticing or other similar administrative tasks. Any costs, expenses or fees charged by Epiq on account of such services will be included in the invoices submitted by Epiq to the Debtors pursuant to the *Order (I) Authorizing and Approving the Appointment of Epiq Corporate Restructuring, LLC as Claims and Noticing Agent and (II) Granting Related Relief* [ECF No. 170] and shall be paid according to the procedures therein.

8. Nothing in this Order shall expand, restrict, affirm or deny the right or obligation, if any, of the Committee to provide access or not provide access to any information of the Debtors to any party except as explicitly provided herein.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.