# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION , *et. al.*, | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**MOTION OF KAVIR MOONILAL-SINGH FROM THE AUTOMATIC STAY**

Kavir Moonilal-Singh ("Kavir" or "Movant") by and through undersigned counsel, respectfully moves this Court (the "Motion") for entry of an order, in the form attached hereto as Exhibit A (the "Proposed Order") pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), granting relief from the automatic stay to allow Movant to (a) prosecute the Kavir Lawsuit (and enforce any judgment obtained on account of the same) against the Debtors ("Debtors"); and (b) recover any final judgment or settlement against the Debtors solely from proceeds of the Insurance Policy, if any, and not from the Debtors, their estates, or their successors, and subject to any applicable limit, self-insured retention, or deductible in the Insurance Policy.  In support of this Motion, Movant respectfully states as follows:

## Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to 25 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).

2.      Venue in this district is proper pursuant to 25 U.S.C. §§ 1408 and 1409.  The statutory predicate for the relief sought herein in section 362(d) of the Bankruptcy Code.

**Introduction and Background Facts**

3.      On December 19, 2019 Movant was the operator of a motor vehicle on Interstate 495 westbound on Long Island Expressway at or near Junction Boulevard in The County of Queens and State of New York.  Roger Morris, an employee of NEW PENN MOTOR EXPRESS, LLC was operating a tractor trailer owned by NEW PENN MOTOR EXPRESS, LLC.  Movant was caused to slow down due to a vehicle in front of him slowing down due to a large pothole.  Both vehicles were able to slow down and stop safely when the tractor trailer operated by Roger Morris violently struck Movant's vehicle in the rear causing Movant's vehicle to strike the vehicle in front of him. As a result, Movant sustained serious and permanent bodily injuries.  Roger Morris admitted that just before the accident, he was looking to the left to watch for traffic and didn't realize the vehicles in front of him were stopping/stopped.

4.      On November 30, 2021, Movant filed a complaint against NEW PENN MOTOR EXPRESS, LLC, YRC INC. (and other defendants) in the Supreme Court State of New York, County of Bronx titled: *Kavir Moonilal-Singh v. YRC INC. et. Al.* Index No.: 816309/21E.  (the "Movant's Lawsuit").   This lawsuit alleges that YRC INC. and NEW PENN MOTOR EXPRESS, LLC (and other defendants) had negligently caused his injuries.

5.      As of the Petition Date, the automatic stay pursuant to section 362 of the Bankruptcy Code precludes the Movant from litigating the Movant's Claims against the Debtors.

6.      Upon information and belief, certain of the Debtors' insurance policies may be applicable to the Movant's Lawsuit (collectively, the "Insurance Policy").

7.      The Movant intends to proceed with the Movant's Lawsuit to attempt to execute, levy, and collect upon any judgment as may be obtained in such lawsuit against the Debtors from proceeds of the Insurance Policy only, if any, and not from any of the Debtors or their estates.

**Relief Requested**

8.      Through this Motion, Movant respectfully requests that the Court enter an order pursuant to section 362(d)(1) of the Bankruptcy Code modifying the automatic stay in order to allow Movant to proceed with the Movant's Lawsuit.

9.      The automatic stay set forth in section 362(a) of the Bankruptcy Code is "not meant to be indefinite or absolute," and this Court has the power to grant relief from the automatic stay under appropriate circumstances. *In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

10.      Relief from the automatic stay can be granted pursuant to Section 362(d) of the Bankruptcy Code "(1) for cause, …." The term "cause," however, is not defined in the Bankruptcy Code; rather, whether such relief should be granted should be determined according to the facts of each case. *In re Rexene*, 141 B.R. at 576 (citation omitted). This Court has held that a single factor, such as "'a desire to permit an action to proceed in another tribunal,' or lack of any connection with or interference with the pending bankruptcy case,'" may establish sufficient cause for relief. *Id.* (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)). Indeed, in *Rexene*, this Court referenced an opinion by the Bankruptcy Court for the Southern District of New York that cited several instances of cause sufficient to warrant modification of the stay, including, in particular, permitting litigation in another forum for the liquidation of claims. *Id.* (citing *Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n.8 (Bankr. S.D.N.Y. 1990)). In deciding whether sufficient cause exists to lift the stay based upon litigation pending in another forum, this Court has traditionally employed a three-part balancing test, which considers:

(a)      Whether any great prejudice to either the bankrupt estate or debtor will result from allowing the civil suit to continue;

(b)      Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and

(c)      Whether it is probable that the creditor will prevail on the merits.

*Id.* (citation omitted).  In the instant case, the foregoing factors weigh in favor of granting Movant relief from the automatic stay for "cause."

**Cause Exists to Grant Movant Relief from the Automatic Stay**

11.     Movant will be prejudiced if the automatic stay is not lifted because the Debtors' are a necessary party to the Movant's Lawsuit and the matter needs to be liquidated.

12.     Further, lifting the automatic stay will not prejudice the Debtors, their estates, their successors, including any purchaser of the Debtors' assets or equity.  Movant is seeking to liquidate its claim against the Debtors' applicable insurance policies.

**Notice**

13.     Movant will provide notice of this Motion via email (where available) to interested parties. In light of the nature of the relief requested, Movant requests that this Court find that no further notice is required.

WHEREFORE, for the foregoing reasons, Movant hereby respectfully requests that this Court enter an order pursuant to section 362(d) of the Bankruptcy Code granting Movant the following relief against the Debtors:

(a)  Lift the automatic stay to allow Movant to proceed with Movant's Lawsuit; and

(b)  Grant such other and further relief as the Court deems just and appropriate.


Date: October 11, 2023              */s/ Garvan F. McDaniel*
                                    Garvan F. McDaniel, Esq. (#4167)
                                    **HOGAN MCDANIEL**
                                    1311 Delaware Avenue
                                    Wilmington, DE 19806
                                    Telephone (302) 656-7540
                                    Facsimile (302) 656-7599
                                    gfmcdaniel@dkhogan.com