**EXHIBIT A**

Proposed Order

3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | |
| | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER APPROVING THE JOINT**
**STIPULATION BY AND AMONG THE DEBTORS**
**AND VALLEY NATIONAL BANK (I) GRANTING RELIEF FROM**
**THE AUTOMATIC STAY AND (II) REJECTING CERTAIN LEASE AGREEMENTS**

The *Certification of Counsel Regarding Joint Stipulation By and Among the Debtors and Valley National Bank (I) Granting Relief from the Automatic Stay and (II) Rejecting Certain Lease Agreements* (the "Certification of Counsel") and the *Joint Stipulation By and Among the Debtors and Valley National Bank (I) Granting Relief from the Automatic Stay and (II) Rejecting Certain Lease Agreements* (the "Stipulation"),[2] by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and Valley National Bank ("VNB" or the "Lessor," and together with the Debtors, the "Parties"), attached to this order (this "Order") as **Exhibit 1**; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation.

4

DOCS_DE:245299.1 96859/001

enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Stipulation; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Stipulation is approved.

2.      The Stipulation shall be effective immediately upon entry of this Order.

3.      The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting VNB, its agents or assigns to take possession of the Equipment from the Debtors' premises, any other location owned or leased by the Debtors, or any other location where the Equipment may be located, to dispose of the Equipment, and, to the extent required by the Lease Agreement or applicable law, to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court.

4.      To the extent necessary, the Lease Agreement is hereby deemed to be rejected as of the date of entry of this Order.

5.      Any claim for rejection damages by VNB shall constitute a prepetition general unsecured claim in the Debtors' chapter 11 cases and VNB shall be required to file a proof of claim by the date set forth in an applicable order by the Court setting forth a bar date for the filing of proofs of claim or as otherwise set forth in a confirmed chapter 11 plan.

6.      VNB shall not seek to recover costs, fees, expenses or charges associated with taking possession of the Equipment or otherwise performing under the Stipulation, from the Debtors or their estates as an administrative claim.  Notwithstanding anything contained in the

DOCS_DE:245299.1 96859/001

Stipulation or this Order, VNB's rights to seek reimbursement of such costs as a component of its rejection damages in VNB's general unsecured rejection damages proof of claim shall not be waived.

7.      VNB shall not seek an administrative claim for costs and attorneys' fees incurred in connection with entering into and performing under the Stipulation or this Order. Notwithstanding anything contained in the Stipulation or this Order, VNB's rights to seek reimbursement of attorney's fees and costs as a component of its general unsecured rejection damages proof of claim shall not be waived. Further, nothing shall be construed as a waiver of VNB's rights to seek an administrative claim for unpaid post-petition rent due and owing under the Lease Agreement for the period from the Petition Date through and including the date rejection of the Lease Agreement is effective.   The Debtors and other parties in interest shall have the right to oppose such administrative claim.

8.      Notwithstanding Bankruptcy Rule 4001(a)(3), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Stipulation.

10.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

DOCS_DE:245299.1 96859/001

## Exhibit 1

### Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION**
**BY AND AMONG THE DEBTORS AND**
**VALLEY NATIONAL BANK (I) GRANTING RELIEF FROM**
**THE AUTOMATIC STAY AND (II) REJECTING CERTAIN LEASE AGREEMENTS**

This joint stipulation ("Stipulation") is made and entered into by and among (a) YRC, Inc. and the other debtors in possession in the above-captioned chapter 11 cases (the "Debtors")[2], and (b) Valley National Bank ("VNB" or the "Lessor," and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, on August 6, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes. The Debtors are managing

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").

their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, Debtor YRC Enterprise Services, Inc. and VNB, as successor in interest to PNC Bank, N.A., as successor in interest to Wabash National Financial Services d/b/a PNC Equipment Finance, LLC, as successor in interest to Element Financial Corp., are parties to that certain Master Lease Agreement, dated March 16, 2016 (the "Master Lease") and the following equipment schedules (collectively, the "Lease Schedules" and, together with the Master Lease, the "Lease Agreement"), pursuant to which VNB leases to the Debtors 438 trailers and related parts, accessories and attachments (collectively, the "Equipment"), as described in detail in the respective Lease Schedules:

1. Equipment Schedule No. 137542-031 dated January 30, 2019;
2. Equipment Schedule No. 137542-032 dated January 30, 2019;
3. Equipment Schedule No. 137542-038 dated April 30, 2019;
4. Equipment Schedule No. 137542-042 dated May 31, 2019;
5. Equipment Schedule No. 137542-043 dated June 28, 2019; and
6. Equipment Schedule No. 137542-044 dated July 30, 2019;

WHEREAS, as of the date hereof, the Debtors have not remitted the rent due and owing under the Lease Agreement for August 1, 2023 and September 1, 2023;

WHEREAS, the Debtors have notified VNB that the Debtors do not intend on remitting the rent due on October 1, 2023;

WHEREAS, the Debtors have also notified VNB that the Debtors do not intend to assume or assign the Lease Agreement in connection with the Debtors' chapter 11 cases;

WHEREAS, in response, VNB has indicated to the Debtors its desire to exercise its rights and take possession and dispose of the Equipment;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to permit VNB to take possession of the Equipment, effective as of the date of entry of an Order of this Court approving this Stipulation;

9

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to reject the Lease Agreement, effective as of the date of entry of an Order of this Court approving this Stipulation, to the extent necessary;

WHEREAS, VNB has agreed to such rejections, to the extent necessary; and

WHEREAS, the Debtors consent to lift the automatic stay imposed by section 362 of the Bankruptcy Code on the terms and conditions set forth in this Stipulation for the exclusive purposes of allowing VNB to take possession of the Equipment, to dispose of the Equipment, and, to the extent required by the Lease Agreement or applicable law, to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED as follows:

1.      The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2.      The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting VNB, its agents or assigns to take possession of the Equipment from the Debtors' premises, any other location owned or leased by the Debtors, or any other location where the Equipment may be located, to dispose of the Equipment, and, to the extent required by the Lease Agreement or applicable law, to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court. Nothing herein shall be construed to require VNB to take possession of any Equipment which, in its discretion, VNB deems to be damaged, destroyed or inoperable. If VNB exercises its discretion not to take possession of any such Equipment it deems to be damaged, destroyed or inoperable, VNB will release the title certificate(s) to said Equipment to the Debtors.

10

3.      Each of the Parties shall use commercially reasonable efforts to cooperate and coordinate with respect to the logistics of VNB's repossession of the Equipment, including to facilitate access to any properties where the Equipment is located, whether or not Debtors own or control such property. Additionally, the Debtors shall continue to properly secure and insure the Equipment until such time as VNB takes possession or declines to do so pursuant to paragraph two (2) above.

4.      To the extent necessary, the Lease Agreement is hereby deemed to be rejected as of the date of entry of an Order of this Court approving this Stipulation, and VNB consents to such rejection.  Any claim for rejection damages by VNB shall constitute a prepetition general unsecured claim in the Debtors' chapter 11 cases and VNB shall be required to file a proof of claim by the date set forth in an applicable order of the Court setting a bar date for the filing of proofs of claim or as otherwise set forth in a confirmed chapter 11 plan.

5.      Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

6.      VNB may incur costs, fees, expenses, or charges associated with taking possession of the Equipment or otherwise performing under this Stipulation, including but not limited to towing, storage, repairs, or disposal costs, and VNB shall not seek to recover such costs from the Debtors or their estates as an administrative claim.  Nothing herein shall be construed as a waiver of VNB's rights to seek reimbursement of such costs as a component of its rejection damages in VNB's general unsecured rejection damages proof of claim.

7.      VNB shall not seek an administrative claim for costs and attorneys' fees incurred in connection with entering into and performing under this Stipulation.  Nothing herein shall be construed as a waiver of (a) VNB's rights to seek reimbursement of attorney's fees and costs as a component of its general unsecured rejection damages proof of claim, or (b) any party in interest's

11

right to object to any rejection damages claim asserted by VNB. Further, nothing shall be construed as a waiver of VNB's rights to seek an administrative claim for unpaid post-petition rent due and owing under the Lease Agreement for the period from the Petition Date through and including the date rejection of the Lease Agreement is effective. The Debtors and other parties in interest shall have the right to oppose such administrative claim.

8.      Neither this Stipulation, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith, or (c) to prove that the automatic stay has been modified in accordance with the terms of this Stipulation.

9.      This Stipulation is subject to the approval of the Court and shall be effective upon entry of an order approving this Stipulation by the Court (the "Order"). The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

10.     The Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

**STIPULATED AND AGREED TO THIS 11 DAY OF OCTOBER, 2023:**

Dated: October 11, 2023
Wilmington, Delaware

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com
                pkeane@pszjlaw.com
                ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                david.seligman@kirkland.com
                whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

*/s/ Sommer L. Ross*
Sommer L. Ross (DE 4598)
1201 N. Market Street, Suite 501
Wilmington, Delaware 19801
Telephone: (302) 657-4951
Email: slross@duanemorris.com

*Counsel for Valley National Bank*