IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

ORDER APPROVING THE JOINT
STIPULATION BY AND AMONG THE DEBTORS
AND LENDINGCLUB BANK, N.A. (I) GRANTING RELIEF FROM
THE AUTOMATIC STAY AND (II) REJECTING CERTAIN LEASE AGREEMENTS

The *Certification of Counsel Regarding Joint Stipulation By and Among the Debtors and LendingClub Bank, N.A. (I) Granting Relief from the Automatic Stay and (II) Rejecting Certain Lease Agreements* (the "Certification of Counsel") and the *Joint Stipulation By and Among the Debtors and LendingClub Bank, N.A. (I) Granting Relief from the Automatic Stay and (II) Rejecting Certain Lease Agreements* (the "Stipulation"),[2] by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and LendingClub Bank, N.A. as successor in interest to Radius Bank f/k/a First Trade Union Bank ("LendingClub" or the "Lessor," and together with the Debtors, the "Parties"), attached to this order (this "Order") as **Exhibit 1**; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation.

1

enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Stipulation; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Stipulation shall be effective immediately upon entry of this Order.

3. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting LendingClub, its agents or assigns to take possession of the Equipment from the Debtors' premises, any other location owned or leased by the Debtors, or any other location where the Equipment may be located, to dispose of the Equipment, and to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court.

4. To the extent necessary, the Lease Agreement is hereby deemed to be rejected as of the date of entry of this Order.

5. Any claim for rejection damages by LendingClub shall constitute a prepetition general unsecured claim in the Debtors' chapter 11 cases and LendingClub shall be required to file a proof of claim by the date set forth in an applicable order by the Court setting forth a bar date for the filing of proofs of claim or as otherwise set forth in a confirmed chapter 11 plan.

6. LendingClub shall not seek to recover costs, fees, expenses or charges associated with taking possession of the Equipment or otherwise performing under the Stipulation, from the Debtors or their estates as an administrative claim. Notwithstanding anything contained in the

Stipulation or this Order, LendingClub's rights to seek reimbursement of such costs as a component of its rejection damages in LendingClub's general unsecured rejection damages proof of claim shall not be waived.

7. LendingClub shall not seek an administrative claim for costs and attorneys' fees incurred in connection with entering into and performing under the Stipulation or this Order. Notwithstanding anything contained in the Stipulation or this Order, LendingClub's rights to seek reimbursement of attorney's fees and costs as a component of its general unsecured rejection damages proof of claim shall not be waived.

8. Notwithstanding Bankruptcy Rule 4001(a)(3), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate the Stipulation.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

**Dated: October 12th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**