# Exhibit 1

## Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 23-11069 (CTG)<br>)<br>) (Jointly Administered)<br>) |

**JOINT STIPULATION
BY AND AMONG THE DEBTORS AND
LENDINGCLUB BANK, N.A. (I) GRANTING RELIEF FROM
THE AUTOMATIC STAY AND (II) REJECTING CERTAIN LEASE AGREEMENTS**

This joint stipulation ("Stipulation") is made and entered into by and among (a) YRC, Inc. and the other debtors in possession in the above-captioned chapter 11 cases (the "Debtors")[2], and (b) LendingClub Bank, N.A. as successor in interest to Radius Bank f/k/a First Trade Union Bank ("LendingClub" or the "Lessor," and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, on August 6, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes. The Debtors are managing

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").

1

their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, Debtor YRC Enterprise Services, Inc. and LendingClub (as successor), entered into that certain master lease agreement, dated March 16, 2015 (the "Master Lease") under which LendingClub agreed to lease to the Debtors 175 trailers (collectively, the "Equipment") as described in that certain Schedule No. 6 to the Master Lease, dated December 6, 2018 (the "Lease Schedule," and together with the Master Lease, the "Lease Agreement").

WHEREAS, the Debtors have notified LendingClub that the Debtors do not intend to assume or assign the Lease Agreement in connection with the Debtors' chapter 11 cases;

WHEREAS, LendingClub has indicated to the Debtors its desire to take possession and dispose of the Equipment;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to permit LendingClub to take possession of the Equipment, effective as of the date of entry of an Order of this Court approving this Stipulation;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to reject the Lease Agreement, effective as of the date of entry of an Order of this Court approving this Stipulation, to the extent necessary;

WHEREAS, LendingClub has agreed to such rejections, to the extent necessary; and

WHEREAS, the Debtors consent to lift the automatic stay imposed by section 362 of the Bankruptcy Code on the terms and conditions set forth in this Stipulation for the exclusive purposes of allowing LendingClub to take possession of the Equipment, to dispose of the Equipment, and to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED as follows:

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting LendingClub, its agents or assigns to take possession of the Equipment from the Debtors' premises, any other location owned or leased by the Debtors, or any other location where the Equipment may be located, to dispose of the Equipment, and to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court. Nothing herein shall be construed to require LendingClub to take possession of any Equipment which, in its discretion, LendingClub deems to be damaged, destroyed or inoperable. If LendingClub exercises its discretion not to take possession of any such Equipment it deems to be damaged, destroyed or inoperable, LendingClub will release the title certificate(s) to said Equipment the Debtors.

3. Each of the Parties shall use commercially reasonable efforts to cooperate and coordinate with respect to the logistics of LendingClub's repossession of the Equipment, including to facilitate access to any properties where the Equipment is located, whether or not Debtors own or control such property. Additionally, the Debtors shall continue to properly secure and insure the Equipment until such time as LendingClub takes possession or declines to do so pursuant to paragraph 2.

4. The Debtors shall allow authorized third parties who have purchased or are seeking to purchase the Equipment from LendingClub to access any property where the Equipment is located, whether or not the Debtors own or control such property.

5. To the extent necessary, the Lease Agreement is hereby deemed to be rejected as of the date of entry of an Order of this Court approving this Stipulation, and LendingClub consents to such rejection. Any claim for rejection damages by LendingClub shall constitute a prepetition general unsecured claim in the Debtors' chapter 11 cases and LendingClub shall be required to file a proof of claim by the date set forth in an applicable order of the Court setting a bar date for the filing of proofs of claim or as otherwise set forth in a confirmed chapter 11 plan.

6. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

7. LendingClub may incur costs, fees, expenses, or charges associated with taking possession of the Equipment or otherwise performing under this Stipulation, including but not limited to towing, storage, repairs, or disposal costs, and LendingClub shall not seek to recover such costs from the Debtors or their estates as an administrative claim. Nothing herein shall be construed as a waiver of (a) LendingClub's rights to seek reimbursement of such costs as a component of its rejection damages in LendingClub's general unsecured rejection damages proof of claim, or (b) any party in interest's rights to object to any rejection damages claim asserted by LendingClub.

8. LendingClub shall not seek an administrative claim for costs and attorneys' fees incurred in connection with entering into and performing under this Stipulation. Nothing herein shall be construed as a waiver of LendingClub's rights to seek reimbursement of attorney's fees and costs as a component of its general unsecured rejection damages proof of claim.

9. Neither this Stipulation, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation, (b) to seek damages or

injunctive relief in connection therewith, or (c) to prove that the automatic stay has been modified in accordance with the terms of this Stipulation.

10.     This Stipulation is subject to the approval of the Court and shall be effective upon entry of an order approving this Stipulation by the Court (the "Order").  The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

11.     The Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

**STIPULATED AND AGREED TO THIS 11th DAY OF OCTOBER 2023:**

Dated: October 11, 2023
Wilmington, Delaware

| | |
|---|---|
| */s/    Laura Davis Jones* | |
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | Whitney Fogelberg (admitted *pro hac vice*) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |
| Wilmington, Delaware 19801 | Telephone:    (312) 862-2000 |
| Telephone:    (302) 652-4100 | Facsimile:    (312) 862-2200 |
| Facsimile:    (302) 652-4400 | Email:    patrick.nash@kirkland.com |
| Email:    ljones@pszjlaw.com |           david.seligman@kirkland.com |
|           tcairns@pszjlaw.com |           whitney.fogelberg@kirkland.com |
|           pkeane@pszjlaw.com | |
|           ecorma@pszjlaw.com | -and- |
| | |
| | Allyson B. Smith (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone:    (212) 446-4800 |
| | Facsimile:    (212) 446-4900 |
| | Email:    allyson.smith@kirkland.com |
| | |
| | *Co-Counsel for the Debtors and Debtors in Possession* |

*/s/    Jonathan M. Hixon*
Jonathan M. Hixon, Esq.
**HACKETT FEINBERG P.C.**
155 Federal Street, 9th Floor
Boston, MA  02110
O: (617) 422-0200
C: (508) 641-2159
jmh@bostonbusinesslaw.com

*Counsel to Lessor*

DOCS_DE:245286.1 96859/001