## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION., et al., [1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: October 12, 2023, at 4:00 p.m. (ET)** |
| | **Hearing Date: October 23, 2023, at 10:00 a.m. (ET)** |

**OMNIBUS OBJECTION AND RESERVATION OF RIGHTS OF CREDITOR OLD REPUBLIC INSURANCE COMPANY TO MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT OF INSURANCE PROCEEDS**

Old Republic Insurance Company ("ORIC") hereby files this omnibus objection (the "Objection") to the *Motions for Relief from Stay* (the "Motions") filed by Myriam Binette [D.I. 334], Paul and Jean Clark [D.I. 358], Dariun Wright [D.I. 423], Brett Groves [D.I. 427], James Charles Howard [D.I. 553], Gary W. Gibby [D.I. 608], Amer Nasser and Omeira Ulloque [D.I. 615], Emily Louro [D.I. 650], Lawrence Nowicki [D.I. 659], Tena J. Spence [D.I. 684], Jesse Isreal Newton [D.I. 741], Jimmie and Janel Hubert [D.I. 758], Donna Lee Daugherty [D.I. 770], Susan Degenkolb [D.I. 783], Anthony Martino [D.I. 789], and Kavir Moonilal-Singh [D.I. 812] (the "Movants") and, through their undersigned counsel, respectfully represent: [2]

## PRELIMINARY STATEMENT

1.      The Debtors' insurance policies are fully fronting motor carrier's indemnity policies issued by ORIC where the retention is equal to the policy limits. ORIC has no duty to

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address is these chapter 11 cases is: 11500 Outlook Street, Suite 400 Overland Park, Kansas 66211.

[2] All capitalized terms used herein shall have the meaning as set forth in the Motion unless otherwise defined in this Objection.

defend under such policies. None of the Movants have shown a right to payment under those policies. Therefore, the Motions should be denied at this time.

## BACKGROUND

2.      ORIC issued workers' compensation policies (the "WC Policies") and motor carrier's indemnity policies (the "Motor Carrier's Indemnity Policies") from March 1, 2004 – September 1, 2023, and excess liability insurance (the "Excess Policy") from March 1, 2004 – February 28, 2005 to certain of the Debtors[3] (the WC Policies, the Motor Carrier's Indemnity Policies and the Excess Policy, collectively referred to herein as the "Policies").

3.      Debtor Yellow Corporation and ORIC executed a Program Agreement relating to the Policies (the "Program Agreement", together with the Policies, the "Insurance Program" ). The Program Agreement provides that the Debtors, all of the named insureds under the Policies, and their affiliates are jointly and severally liable for all amounts owed to ORIC under the Program Agreement or in connection with the Policies.

4.      Under the Policies and the Program Agreement, the Debtors are obligated to pay premiums. The Debtors are also obligated to reimburse ORIC for any payments ORIC makes on claims up to the retention level for each occurrence, to the extent such payments occur under fully fronting indemnity policies. Furthermore, under the Policies and the Program Agreement, the Debtors may owe other amounts to ORIC arising from or in connection with the Policies, the Program Agreement and any other agreements relating to the Policies. As security for the Debtors' obligations to it, prior to the filing, ORIC held four letters of credit totaling $231,020,627 (the "Letters of Credit"). ORIC drew on the Letters of Credit post-petition and is

---

[3] Any capitalized term the "Debtor" or "Debtors" refers to any Debtor that qualifies as a named insured or additional insured under the Policies.

holding the proceeds of such draws, as reduced by liquidated amounts owed to it by the Debtors (the "LOC Proceeds").

**OBJECTION**

5.      The Movants have sought relief from the automatic stay in order to prosecute their claims against the Debtors in order to recover proceeds of the Debtors' insurance. The Motions seek stay relief on the false premises that: (i) the Debtors will not be prejudiced because the Debtors have liability coverage for defense costs and any resulting judgments, and (ii) because any recovery by the Movants will not affect or in any way prejudice the Debtors' estates.

6.      The Debtors maintained fully fronted indemnity-only Motor Carrier's Indemnity Policies.  The Motor Carrier's Indemnity Policies contain three distinct features that distinguishes them from typical auto liability insurance.  First, ORIC has no duty to defend lawsuits covered by the Policies.  Second, for each of the policies, the Motor Carrier's Indemnity Policies' limits of $6 million are equal to the Debtors' retention of $6 million.  Lastly, under the policies, the retention reduces the applicable limits of coverage, thereby extinguishing the policy limits once the Debtors' pay the first $6 million of any losses under the Motor Carrier's Indemnity Policies.  Since the policy limits under the Motor Carrier's Indemnity Policies are equal to the Debtors' retention, all amounts up to the policy limits are the Debtors' responsibility.  Any amounts ORIC spends defending lawsuits, despite having no duty to defend, or paying claims under the Motor Carrier's Indemnity Policies will either: (i) reduce the LOC Proceeds, and/or (iii) significantly increase the amount of ORIC's unsecured claims against the Estate.

7.      The Motions do not meet their burden to provide sufficient facts about their claims to demonstrate a right to payment under the fully fronted Motor Carrier's Indemnity Policies. While each of the Motor Carrier's Indemnity Policies contain a Business Auto Coverage Form/Policy, the form specifically denies any liability coverage. The insurance policies also include an MCS-90 endorsement which creates a surety obligation for only those claims that so qualify under 49 U.S.C. § 31139(b)(1) whereby the motor carrier named therein is the principal, the claimant who obtains final judgment on a claim specified under the regulations and the MCS-90 is the obligee, and ORIC is the surety.  The MCS-90 is not intended to be primary insurance coverage but rather federally mandated protection for the public in the event an interstate motor carrier does not have insurance coverage that responds to a qualifying interstate motor vehicle accident.  Importantly, none of the Motions mention the MCS-90 endorsement and no claimant has shown any entitlement to recovery under it.

8.      Under these facts, the automatic stay should not be lifted.  The Motion rests upon the flawed premise that the Debtors have "liability coverage for defense costs and any resulting judgment."  However, it is clear that ORIC owes no duty to defend under the Debtors' Motor Carrier's Indemnity Policies.  If the Debtors fail to defend the Movants' claims, ORIC might have the right to deny coverage under the policies. In addition, the Movants have not shown any colorable right to recovery under any of the Motor Carrier's Indemnity Policies.  Lifting the stay to allow the Movants to attempt to recover insurance proceeds when they have demonstrated no colorable right to payment from ORIC would not be in the best interests of the estate. Importantly, granting the Motions would have a detrimental effect on unsecured creditors by: (i) forcing the Debtors to incur defense costs defending the lawsuits, (ii) allowing the Movants to obtain default judgments and substantially increasing the unsecured claims pool if the Debtors

choose not to defend, or (iii) forcing ORIC to defend the claims thereby increasing ORIC's claim against the Debtors and reducing the LOC Proceeds. These scenarios are not in the best interests of creditors or the Debtors' estates, so the stay should be maintained.

9.      The benefit of the bankruptcy process is that it provides the debtor with a breathing spell. As a liquidating case on a tight timeline, the Debtors' will likely propose their liquidating plan in the near future. That plan might provide a solution to handling the Movants' claims that takes into account the nature of the Debtors' Motor Carrier's Indemnity Policies. Lifting the stay now could substantially decrease the amount available to pay claimants through expensive litigation with no accompanying benefits. Therefore, the stay should be maintained to provide the Debtors time to determine a value maximizing way to allow the claims to proceed to resolution.

## RESERVATION OF RIGHTS

10.     ORIC reserves its rights with respect to the applicability of the Motor Carrier's Indemnity Policies and any MCS-90 endorsement to any of the Movants' claims. Any description of the Motor Carrier's Indemnity Policies and the MCS-90 endorsement is not intended as a waiver of any term, provision, condition, definition, or exclusion which may now or hereafter apply to coverage afforded under the Policy.

11.     ORIC has issued or is in the process of issuing reservations of rights with respect to the claims asserted in the Motions. Additionally, ORIC has requested information from the Debtors about these claims to assist in ORIC's evaluation and determination of coverage.

12.     Nothing in this Objection is intended to be an admission of liability by ORIC under, including, but not limited to the Motor Carrier's Indemnity Policies, the MCS-90 endorsements, or any other document.

## CONCLUSION

13.     Wherefore, for the foregoing reasons, ORIC respectfully requests that this Court

(a) sustain this Objection; and (b) grant ORIC such further relief it deems just and proper.

Dated:  October 12, 2023

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder, Esquire (No. 5769)
Melissa M. Hartlipp, Esquire (No. 7063)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
dklauder@bk-legal.com
mhartlipp@bk-legal.com

-and-

**FOX SWIBEL LEVIN & CARROLL LLP**

Margaret M. Anderson (admitted *pro hac vice*)
Kenneth M. Thomas (admitted *pro hac vice*)
Fox Swibel Levin & Carroll LLP
200 W. Madison Street
Suite 3000
Chicago, IL  60606
Phone:  (312) 224-1200
Fax:  (312) 224-1201
panderson@foxswibel.com
kthomas@foxswibel.com

*Attorney for Old Republic Insurance Company*