UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, et al.,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |

---

### NOTICE OF DEBTORS' ENVIRONMENTAL OBLIGATIONS

The New York State Department of Environmental Conservation ("DEC"), by and through its undersigned counsel, Letitia James, the Attorney General of the State of New York, hereby notifies this Court, the Debtors, and any interested parties, of Debtors' environmental obligations to DEC and the State of New York imposed under the laws of the State of New York, and makes known any permits, licenses, registrations, and administrative orders (collectively "regulatory instruments") issued by DEC pursuant to state and federal environmental laws, as listed herein.

DEC reserves its right to assert claims, including claims for administrative expenses, and/or pursue all other legal means to protect and enforce its legal rights pursuant to its regulatory authority, including but not limited to, the regulatory instruments listed below.

**Debtor Regulatory Instruments Containing Environmental Obligations**

1. DEC oversees compliance with and enforces state and federal environmental laws designed to control and prevent pollution, and contain and remediate spills and discharges. Those laws include Articles 17 and 27 of the New York State Environmental Conservation Law

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 511500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

("ECL") governing water pollution and solid waste management, respectively, and any regulations promulgated thereunder.

2. Pursuant to this responsibility, DEC has issued regulatory instruments to Debtor at its business sites in New York. These include, but are not limited to, instruments contained in the annexed Declaration by David Keehn. That Declaration lists sites where Debtor maintains regulated facilities within the State.

3. Any injunctive obligations set forth in these regulatory instruments and under state and federal laws remain in full force and effect and are unaffected by Debtors' bankruptcy. The State's authority to enforce these regulatory instruments pursuant to its police and regulatory authority is excepted from the automatic stay. *See* 11 U.S.C. § 362(b)(4).

4. Debtors are responsible for complying with all requirements imposed by the Environmental Conservation Law and regulatory instruments governing proper containment and closure of installations, facilities, storage tanks, and equipment that are no longer in use. This includes properly disposing of waste generated from its business activities and remediating contamination from any operations, storage, spills, or discharges.

5. The State is authorized by law to seek penalties, enforce Debtors' regulatory obligations, and obtain equitable and injunctive relief against Debtors as prescribed by federal and state laws. Pursuant to New York common law, the State may also enjoin nuisances created and maintained by the Debtors. *See New York v. Shore Realty*, 759 F.2d 1032, 1051 (2d Cir. 1985).

6. The State reserves its rights elsewhere to enforce Debtors' compliance with regulatory instruments, and to exercise its police and regulatory authority in connection with those instruments and the laws of New York. Nothing in this Notice, in the Declaration of Mr.

Keehn filed herewith, nor in DEC's Proofs of Claim constitutes a waiver of any rights that may be exercised by the State, and nothing set forth in either is intended to affect the State's rights to pursue other remedies. Moreover, the State reserves its right to amend, modify or change this Notice and the Declaration filed herewith.

## Conclusion

By filing this Notice, DEC seeks to assure Debtors' compliance with state and federal environmental laws, and that DEC's interests are otherwise addressed, should Debtors' obligations constitute "claims" or administrative expenses.

DEC has not yet filed its administrative claims but reserves the right to do so, and further reserves its rights to alter or amend this Notice based on unknown circumstances or other appropriate reasons.

Dated: Albany, New York
October 13, 2023

    Hon. Letitia James
    Attorney General of the
    State of New York

By: */s/ Steve H. Nguyen*
    Steve H. Nguyen
    Assistant Attorney General, of Counsel
    New York State Office of the Attorney General
    Environmental Protection Bureau
    The Capitol
    Albany, New York 12224
    Tel: (518) 776-2710
    Email: Steve. Nguyen@ag.ny.gov