UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, et al.,[1] <br> Debtors. | Case No. 23-11069 (CTG) <br> (Jointly Administered) |

Pursuant to 28 U.S.C. § 1746(1), **David Keehn** declares under penalty of perjury that the following is true and correct:

1. I am not a party to this action.

2. I am employed by the New York State Department of Environmental Conservation ("DEC").

3. Since 1990, I have served as an attorney for DEC.

4. I submit this Declaration in support of DEC's Notice of Environmental Obligations.

5. The statements herein are based upon personal knowledge, discussions with DEC staff, and my review of records relevant to Debtors' business operations in New York.

6. As an attorney for DEC, I am familiar with and administer provisions of the New York State Environmental Law ("ECL") and New York Codes, Rules and Regulations ("NYCRR"), including but not limited to:

    i. ECL Article 17, Title 8 – State Pollutant Discharge Elimination System;

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

1

      ii.      ECL Article 27, Title 7 – Solid Waste Management and Resource Recovery Facilities;

      iii.      6 NYCRR Part 370 *et seq.* – Hazardous Waste Management System; and

      iv.      6 NYCRR Part 750 *et seq.* – State Pollutant Discharge Elimination System (SPDES) Permits.

7. ECL Article 27, Title 7 and 6 NYCRR Part 370 *et seq.* are the statutory and regulatory provisions constituting DEC's hazardous waste management plan pursuant to the Resource Conservation and Recovery Act ("RCRA"). Pursuant to those provisions, DEC adopts and enforces regulations, issues permits, conducts inspections, provides technical assistance, and gathers and processes data concerning hazardous waste within New York.

8. ECL Article 17, Title 8 and 6 NYCRR Part 750 *et seq.* are the statutory and regulatory provisions constituting DEC's SPDES Permit Program, which is designed to minimize pollution of New York waters and maintain the highest quality of water possible.

9. From my review of information gathered by DEC staff, Debtors are in violation of RCRA and have ongoing obligations pursuant to the SPDES program.

**RCRA Violations**

10. On October 5, 2023, I received an email from Yuanquan Cai, an Engineer employed by DEC.

11. Mr. Cai relayed that on August 22, 2023, he inspected two (2) RCRA-regulated facilities owned and operated by Debtors New Penn Motor Express ("New Penn") and Roadway Express International Inc. ("Roadway").

12. New Penn's facility is located at 58-60 Page Place in Maspeth, New York 11378.

13. Based upon Mr. Cai's findings, New Penn is in violation of at least eight (8) RCRA regulations:

    i. 6 NYCRR 372.2(a)(2): Failure to make a hazardous waste determination.

    ii. 6 NYCRR 374-2.3(c)(2)(i)/ 6 NYCRR Part 613-1.9(g): Failure to ensure that the current Petroleum Bulk Storage (PBS) registration certificate is displayed at all times in a conspicuous location at the facility.

    iii. 6 NYCRR 374-2.3(c)(2)(i)/ 6 NYCRR Part 613-4.3(e): Failure to demonstrate that the Aboveground Storage Tank (AST) monthly inspection records are maintained for at least three years.

    iv. 6 NYCRR 374-2.3(c)(4)(i): Failure to ensure that the Aboveground Storage Tank (AST) is clearly labeled or marked with its design and working capacities and the words "Used Oil".

    v. 6 NYCRR 374-3.2(d)(4)(i): Failure to ensure that used fluorescent lamps are managed in containers or packages that are structurally sound, adequate to prevent breakage and compatible with the contents of the lamps.

    vi. 6 NYCRR 374-3.2(e)(5): Failure to ensure that each lamp or container containing lamps are clearly labeled or marked with either "Universal Waste – Lamp(s)" or "Waste Lamp(s)" or "Used Lamp(s)".

    vii. 6 NYCRR 374-3.2(f)(3): Failure to demonstrate the length of time that the universal waste has been accumulated by marking the date, maintaining an inventory, or other method.

    viii.    6 NYCRR 374-3.2(i)(1)(i): Failure to demonstrate that the handler has sent the universal waste to another universal waste handler, a destination facility, or a foreign destination.

14. For these violations, New Penn must submit to DEC clear documentation showing that the violations have been corrected. Failure to timely and completely correct the observed violations will lead to additional enforcement actions including the possible assessment of monetary penalties.

15. Mr. Cai also inspected Roadway's facility is located at 1313 Grand Street in Brooklyn, New York 11201.

16. Based upon Mr. Cai's findings, Roadway is in violation of at least four (4) RCRA regulations:

    i.    6 NYCRR 372.2(a)(2): Failure to make a hazardous waste determination for the used fluorescent lamps that were observed at the facility.

    ii.    6 NYCRR 374-2.3(c)(2)(i)/ 6 NYCRR Part 613-1.9(g): Failure to ensure that the current Petroleum Bulk Storage (PBS) registration certificate is displayed at all times in a conspicuous location at the facility.

    iii.    6 NYCRR 374-2.3(c)(2)(i)/ 6 NYCRR Part 613-4.3(e): Failure to demonstrate that the Aboveground Storage Tank (AST) monthly inspection records are maintained for at least three years.

    iv.    6 NYCRR 374-2.3(c)(4)(i): Failure to ensure that used oil storage labeling requirements were met.

17. For these violations, Roadway must submit to DEC clear documentation showing that the violations have been corrected. Failure to timely and completely correct the observed

violations will lead to additional enforcement actions including the possible assessment of monetary penalties.

## SPDES Permit

18. Since April 1, 1994, Debtor YCR, Inc. (dba YRC Freight) has held SPDES permit number is NY0108472 for its facility at 1000 Homestead Ave in the Village of Maybrook, New York, 12543. The permit requires that YRC regularly monitor its stormwater and hydrostatic tank test discharges at the outfalls from their facility for certain pollutants.

19. On August 23, 2023, GEOS Environmental, Inc., a consultant for YRC, asked DEC to terminate its SPDES permit. GEOS submitted a follow-up request on September 2.

20. Given the instant proceeding, however, DEC cannot act on these requests without affecting the value of Debtors' assets.

21. Potential purchasers, for instance, may wish to continue operations at YRC's Maybrook facility. In that case, an active but transferrable permit is far more valuable, as it would spare any purchasers the time and resources necessary to obtain a new SPDES permit.

22. Accordingly, DEC finds that, despite its requests to terminate, YRC must still perform its environmental obligations under the SPDES program.

Dated: October 11, 2023
      Albany, New York

_____
DAVID KEEHN