# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-11069 (CTG) |
|  | ) ) | (Jointly Administered) |
| Debtors. | ) ) ) | **Proposed Hearing Date:** October 23, 2023 at 10:00 a.m. (prevailing Eastern Time) |
|  | ) ) ) | **Proposed Objection Deadline:** October 23, 2023 at 8:00 a.m. (prevailing Eastern Time) |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER SHORTENING NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING AGENCY AGREEMENT WITH NATIONS CAPITAL, LLC, RITCHIE BROS. AUCTIONEERS (AMERICA) INC., IRONPLANET, INC., RITCHIE BROS. AUCTIONEERS (CANADA) LTD., AND IRONPLANET CANADA LTD. EFFECTIVE AS OF OCTOBER 16, 2023; (II) AUTHORIZING THE SALE OF ROLLING STOCK ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):[2]

### Relief Requested

1.  The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto **Exhibit A**, shortening notice of the *Motion of Debtors for Entry of an Order (I) Approving Agency Agreement with Nations Capital, LLC, Ritchie Bros. Auctioneers (America) Inc., IronPlanet, Inc., Ritchie Bros. Auctioneers (Canada) Ltd., and IronPlanet Canada Ltd. Effective*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not immediately defined in this Motion have the meanings ascribed to them in the Agency Agreement Motion, the Agency Agreement, or the Bidding Procedures Order, as applicable.

*as of October 16, 2023; (II) Authorizing the Sale of Rolling Stock Assets Free and Clear of Liens, Claims, Interests and Encumbrances; and (III) Granting Related Relief* (the "Agency Agreement Motion"), filed contemporaneously herewith, setting the hearing to consider entry of an order approving the Agency Agreement Motion (the "Agency Agreement Order") **on October 23, 2023 at 10:00 a.m. (prevailing Eastern Time)** (as scheduled, subject to Court availability, the "Hearing") and setting the objection deadline to the entry of the Agency Agreement Order to **October 23, 2023 at 8:00 a.m. (prevailing Eastern Time)**, and (b) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 102(1) and 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 9006(c).

5.     On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169].  The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee").  No trustee or examiner has been appointed in these chapter 11 cases.

7.     On September 15, 2023, the Court entered the *Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale or Sales of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 575] (the "Bidding Procedures Order").

8.     On October 16, 2023, the Debtors and the Agent entered into the Agency Agreement (attached as Exhibit 1 to the Agency Agreement Order), the terms and provisions of which are described in the Agency Agreement Motion.  Pursuant to the Agency Agreement, the Agent will act as the Debtors' exclusive marketer, broker, and auctioneer of the Rolling Stock Assets, in addition to performing other related tasks, including reasonable refurbishment of the Rolling Stock Assets, removal of the Rolling Stock Assets from the Company Properties, and

transportation of the Rolling Stock Assets to, and storage of the Rolling Stock Assets at, Agent Properties.

**Basis for Relief**

9.  Local Rule 9006-1 requires that "[r]etention motions filed pursuant to Local Rule 2014-1 [and] Sale Procedure Motions filed pursuant to Local Rule 6004-1(c) . . . be filed at least twenty-one (21) days prior to the hearing date . . . except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." *See* Del. Bankr. L.R. 9006-1(c)(i); Del. Bankr. L.R. 9006-1(e) (stating also: "The Court will rule on such motion for shortened notice promptly without need for a hearing").

10.  Local Rule 6004-1(c) provides, in pertinent part, that the twenty-one (21) day notice period for Sale Procedures Motions may be shortened by order of the Court if "the requesting party files a motion to shorten notice . . . and presents evidence of compelling circumstances [to shorten notice]." *See* Del. Bankr. L.R. 6004-1(c). Pursuant to Bankruptcy Rule 9006(c), the Court "for cause shown may in its discretion with or without motion or notice order the [notice] period reduced." Fed. R. Bankr. P. 9006(c)(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

11.  In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions given the accelerated time frame of bankruptcy proceedings); *see also Hester v. NCNB Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

12. For the reasons set forth below, the Debtors respectfully submit that sufficient cause exists to shorten the notice period with respect to the Agency Agreement Motion and the relief requested therein.  Should the Court grant this Motion to Shorten, the Debtors request that the Court consider the Agency Agreement Motion at the Court's next scheduled omnibus hearing date: **October 23, 2023 at 10:00 a.m. (prevailing Eastern Time)**, or otherwise at the Court's earliest convenience, with objections to the relief requested in the Agency Agreement Motion to be due and filed by **October 23, 2023 at 8:00 a.m. (prevailing Eastern Time)**.

13. Here, there is ample cause to grant this Motion to Shorten.

14. *First*, under the Agency Agreement, the Agent will begin performing certain critical functions when the Agency Agreement Order is entered by the Court.  The Agent's responsibilities include, among others: (i) reasonably refurbishing Rolling Stock Assets in need of refurbishment; (ii) removing the Rolling Stock Assets from the Company Properties and delivering them to purchasers or transporting them to Agent Properties; and (iii) marketing the Rolling Stock Assets for value-maximizing sales.  Pursuant to the Agency Agreement, the Agent will be on the front lines of the Debtors' marketing and sale efforts for the Rolling Stock Assets.  Further, certain of the Rolling Stock Assets may be in need of refurbishment; the Agent should begin assessing (and, if needed, reasonably refurbishing) these Rolling Stock Assets as soon as possible to preserve and maximize their value.  Thus, critical to the Debtors' value-maximizing liquidation efforts is to have the Agent begin its work as soon as possible.

15. *Second*, the Agent's obligation to remove the Rolling Stock Assets is tied, under the Agency Agreement, to the date of the Court's entry of the Agency Agreement Order (*i.e.*, all Rolling Stock Assets shall be removed from Company Properties by the Agent by no later than six (6) months following the Court's entry of the Agency Agreement Order).  The Removal Date was

a heavily negotiated provision under the Agency Agreement. The Agent requires a six (6) month period of time from when it begins its work under the Agency Agreement to comply with this obligation. Each additional day that the Rolling Stock Assets are not removed from Company Properties by the Agent (and sold to and removed by purchasers or stored at Agent Properties) will create additional rent obligations owing from the Debtors to their current landlords and to the purchaser(s) of the Debtors' Real Property Assets. Sale closings relating to the Real Property Assets are expected to occur in or around the first two months of 2024. Thus, to maximize the value of the estates and to expedite the date upon which all Rolling Stock Assets will be removed from Company Properties, the six (6) month clock toward the Removal Date (*i.e.*, the date the Agent begins its work under the Agency Agreement) should begin as soon as possible.

16.  ***Third***, scheduling the Agency Agreement Motion to be heard by the Court on shortened notice as requested herein does not prejudice any parties in interest. Importantly, as discussed in the Agency Agreement Motion, the Debtors' key creditor groups, including the Prepetition UST Secured Parties, the Prepetition Secured Parties, and the Junior DIP Lender, consent to the Agency Agreement and the relief requested in the Agency Agreement Motion and in this Motion to Shorten.[3] The Committee does not object to the relief requested in the Agency Agreement Motion and this Motion to Shorten. Additional known lienholders, including those parties that have filed mechanics liens, will receive notice of this Motion and will be given sufficient opportunity to object to the relief requested.[4] Under the circumstances, the Debtors believe that no party will experience prejudice that would outweigh the prejudice to the Debtors,

---

[3]  The U.S. Trustee has indicated to the Debtors that it objects to the shortened notice requested hereby.

[4]  *See* Docket Nos. 342, 636, 662, 743, 744, 797, 798, 799, 800.

their estates, and their creditors that would result if the Agency Agreement Motion is not heard on shortened notice.

17. Accordingly, the Debtors request that the Court schedule the Agency Agreement Motion to be heard at the Court's next scheduled omnibus hearing for these cases, **October 23, 2023 at 10:00 a.m. (prevailing Eastern Time)**, subject to the Court's availability (the "Hearing"), with any objections to the relief requested in the Agency Agreement Motion to be filed and served no later than **October 23, 2023 at 8:00 a.m. (prevailing Eastern Time)**. Pursuant to Local Rule 9006-1(e), the Debtors request that the relief requested by the Motion to Shorten be entered without a hearing.

## Conclusion

18. The Debtors submit that the relief requested in the Agency Agreement Motion will benefit all parties in interest and that shortening the notice period will not unduly prejudice any party in interest and any such parties will still be provided with an opportunity to be heard on the Agency Agreement Motion. Accordingly, the Debtors submit that, for the reasons set forth above, shortening the notice for the Hearing to enter the Agency Agreement Order is appropriate under the circumstances and is in the best interest of all parties.

## Local Rule 9006-1(e) Averment

19. No later than October 11, 2023, Debtors' counsel shared drafts of this Motion and the Agency Agreement Motion with the Office of the United States Trustee ("UST") and counsel to the Committee, among other key stakeholders. The UST has indicated that it objects to the relief requested herein. The Committee has indicated it does not object to the shortened notice requested herein.

**Notice**

20. Notice of the hearing on the relief requested in this Motion will be provided by facsimile, electronic mail (where available), overnight courier or hand delivery, to the following parties: (a) the U.S. Trustee; (b) Akin Gump Strauss Hauer & Feld LLP, as counsel to the Committee; (c) Arnold & Porter Kaye Scholer LLP and the U.S. Department of Justice, as counsel to the Prepetition UST Secured Lenders; (d) White & Case LLP, as counsel to the B-2 Lenders; (e) Quinn Emmanuel Urquhart & Sullivan, LLP, as co-counsel to the Junior DIP Lender; (f) Ropes & Gray LLP, as co-counsel to the Junior DIP Lender; (f) Choate, Hall & Stewart LLP, as counsel to the Prepetition ABL Agent; (g) Holland & Knight LLP, as counsel to the Junior DIP Agent and the B-2 Agent; (h) Hogan Lovells US LLP, as counsel to the Prepetition UST Tranche A Agent and the Prepetition UST Tranche B Agent; (i) Whiteford, Taylor & Preston LLP, as counsel to the Real Estate Stalking Horse Purchaser; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

21. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, respectively, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated:  October 16, 2023
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | Whitney Fogelberg (admitted *pro hac vice*) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |
| Wilmington, Delaware 19801 | Telephone:     (312) 862-2000 |
| Telephone:     (302) 652-4100 | Facsimile:      (312) 862-2200 |
| Facsimile:      (302) 652-4400 | Email:            patrick.nash@kirkland.com |
| Email:            ljones@pszjlaw.com | david.seligman@kirkland.com |
|                       tcairns@pszjlaw.com | whitney.fogelberg@kirkland.com |
|                       pkeane@pszjlaw.com | |
|                       ecorma@pszjlaw.com | -and- |

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:            allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*