**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE
DEBTORS TO (I) REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL
COMMERCIAL INFORMATION IN CONNECTION WITH THE DEBTORS' AGENCY
AGREEMENT MOTION AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state

as follows in support of this motion:[2]

**<u>Relief Requested</u>**

1.     The Debtors seek entry of an order, substantially in the form attached hereto

as **<u>Exhibit A</u>** (the "<u>Order</u>"), authorizing the Debtors to redact certain confidential and

commercially sensitive information contained in the *Motion of Debtors for Entry of an Order (I)*

*Approving Agency Agreement with Nations Capital, LLC, Ritchie Bros. Auctioneers (America)*

*Inc., IronPlanet, Inc., Ritchie Bros. Auctioneers (Canada) Ltd., and IronPlanet Canada Ltd.*

*Effective as of October 16, 2023; (II) Authorizing the Sale of Rolling Stock Assets Free and Clear*

*of Liens, Claims, Interests and Encumbrances; and (III) Granting Related Relief*, filed

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal
place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400,
Overland Park, Kansas 66211.

[2]     A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to
the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer
of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14]
(the "<u>First Day Declaration</u>").  Capitalized terms used but not immediately defined in this Motion have the
meanings ascribed to them later in this Motion, the Agency Agreement Motion or the Bidding Procedures Order
(as defined below), as applicable.

contemporaneously herewith (the "Agency Agreement Motion"), specifically regarding certain economic terms set forth in the Agency Agreement (*i.e.*, the Agent's commission structure under the Agency Agreement) and for the reasons set forth below.

## Jurisdiction and Venue

2.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1(b).

## Background

5.     On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169].  The Debtors are managing their businesses and

2

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

6.      On September 15, 2023, the Court entered the *Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale or Sales of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 575] (the "Bidding Procedures Order").

7.      On October 13, 2023, the Debtors filed that certain *Notice of Rescheduled Bid Deadline, Auction, and Hearing to Approve the Rolling Stock Winning Bidder* [Docket No. 834], notifying parties in interest that each of the Bid Deadline, the Auction, and the hearing to approve the Winning Bidder(s) with respect to the Rolling Stock Assets were in each case rescheduled to dates and times to be determined. Contemporaneously herewith, the Debtors have filed that certain *Notice of Cancellation of Rolling Stock Auction* to notify interested parties that the foregoing have each been cancelled in light of the Debtors' filing, contemporaneously herewith, of the Agency Agreement Motion.

8.      On October 16, 2023, the Debtors and the Agent entered into the Agency Agreement. Pursuant to the Agency Agreement, the Agent will act as the Debtors' exclusive marketer, broker, and auctioneer of the Rolling Stock Assets, in addition to performing other

related tasks, including reasonable refurbishment of the Rolling Stock Assets, removal of the Rolling Stock Assets from the Company Properties, and transportation of the Rolling Stock Assets to, and storage of the Rolling Stock Assets at, Agent Properties.

9.    Contemporaneously herewith, the Debtors have filed the Agency Agreement Motion (defined above), the *Motion of Debtors for Entry of an Order Shortening Notice of Debtors' Motion for Entry of an Order (I) Approving Agency Agreement with Nations Capital, LLC, Ritchie Bros. Auctioneers (America) Inc., IronPlanet, Inc., Ritchie Bros. Auctioneers (Canada) Ltd., and IronPlanet Canada Ltd. Effective as of October 16, 2023; (II) Authorizing the Sale of Rolling Stock Assets Free and Clear of Liens, Claims, Interests and Encumbrances; and (III) Granting Related Relief* (the "Motion to Shorten"), the *Declaration of Cody Leung Kaldenberg in Support of Motion of Debtors for Entry of an Order (i) Approving Agency Agreement with Nations Capital, LLC, Ritchie Bros. Auctioneers (America) Inc., IronPlanet, Inc., Ritchie Bros. Auctioneers (Canada) Ltd. and IronPlanet Canada Ltd. Effective as of October 16, 2023; (II) Authorizing the Sale of Rolling Stock Assets Free and Clear of Liens, Claims, Interests and Encumbrances; and (III) Granting Related Relief* (the "Kaldenberg Declaration"); and (iv) the *Declaration of Disinterestedness of Nations Capital, LLC, Ritchie Bros. Auctioneers (America) Inc., IronPlanet, Inc., Ritchie Bros. Auctioneers (Canada) Ltd., and IronPlanet Canada Ltd.* (the "Agent Declaration").

### Basis for Relief

10.    Sections 105(a) and 107(b) of the Bankruptcy Code provide bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of confidential commercial information.  Pursuant to section 105(a) of the Bankruptcy Code, bankruptcy courts have the inherent equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11

U.S.C. § 105(a).  In addition, section 107(b) provides bankruptcy courts with the power to protect

parties in interest from potentially harmful disclosures, providing, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1)    protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

11.    Rule 9018 of the Bankruptcy Rules provides the procedure by which a party

in interest may obtain a protective order authorizing the filing of a document under seal under

section 107(b) of the Bankruptcy Code.  Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

12.    Local Rule 9018-1(d) further provides, in relevant part, that "[a]ny party

who seeks to file documents under seal must file a motion to that effect."  Del. Bankr. L.R. 9018-

1(d).

13.    If the court finds that an interested party is requesting information covered

by section 107(b) of the Bankruptcy Code "the court is required to protect a requesting party and

has no discretion to deny the application."  *In re Orion Pictures Corp.*, 21 F.3d 24, 27

(2d. Cir. 1994); *see also In re ACandS, Inc.*, 462 B.R. 88, 101 n.21 (Bankr. D. Del. 2011) (holding

that "§ 107(b) imposes . . . [a] mandatory requirement . . . [that] if the exception pertains

[to § 107(b)], the bankruptcy court must issue a protective order on a motion by the affected person

or party").

14.     Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection.  *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 757 (D. Del. 2018) (holding that section 107(b) applies to, among other protectable information, "confidential commercial information"). Delaware courts have defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"  *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d at 27–28); *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

15.     Furthermore, the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *In re ACandS, Inc.*, 462 B.R. at 102 n. 22 (citing *In re Orion Pictures Corp.,* 21 F.3d at 28). Nor does such require a finding of "extraordinary circumstances or compelling need." *In re Orion Pictures Corp.* 21 F.3d at 27. Once established that the subject information qualifies as "commercial information" under section 107(b)(1), the Bankruptcy Code mandates that this information be protected from disclosure. *See In re ACandS, Inc.*, 462 B.R. at 101 n.21.

16.     The Debtors submit that sufficient cause exists for the Court to grant the relief requested herein.  The Agency Agreement (including summaries thereof in the Agency Agreement Motion) includes certain commercially sensitive economic terms.  Specifically, the Agency Agreement entitles the Agent to receive commissions—*i.e.*, a percentage of Gross

Proceeds generated by the Agent's efforts under the Agency Agreement to refurbish, market, and sell the Rolling Stock Assets, and fees—*i.e.*, a fee charged to purchasers for Rolling Stock Assets sold at Agent-run auctions. These commission percentages and fees (the "Commission Percentages and Fees") were highly negotiated between the Debtors and the Agent at arms'-length and are commercially reasonable, as described in the Kaldenberg Declaration. However, disclosure of the same would harm the Agent and the Debtors.

17. The Agent operates in a highly competitive field whereby it regularly competes for company mandates such as the one set forth in the Agency Agreement. In each case, the Agent's economic terms (*i.e.*, the Commission Percentages and Fees here) are highly negotiated and reflect the peculiarities and demands of each particular case. Disclosure of the Commission Percentages and Fees would compromise the Agent's bargaining position in future negotiations as well as reveal confidential economic terms to its competitors and future counterparties. Accordingly, the Commission Percentages and Fees constitute the Agent's "commercial information" which, if disclosed, could cause commercial damage to the Agent. Thus, the Commission Percentages and Fees should be subject to the protections of section 107(b) of the Bankruptcy Code and redacted from public view in the Debtors' filings.

18. The Debtors have provided unredacted copies of the Agency Agreement to the U.S. Trustee, the Secured Parties (as defined in the Agency Agreement Motion), and the Committee. Financial advisors to both the Committee and the Prepetition UST Secured Parties (the latter holding first-priority liens on a significant amount of the Rolling Stock Assets subject to the Agency Agreement) participated in the negotiations of the Agency Agreement and support the relief sought in the Agency Agreement Motion. Additionally, as described in the Kaldenberg Declaration, the Debtors and their advisors believe that the terms and provisions of the Agency

Agreement (including the Commission Percentages and Fees) are fair and commercially reasonable.

19.     For the foregoing reasons, the Debtors respectfully request that the Court permit the Debtors to redact and file certain portions of the Agency Agreement and the Agency Agreement Motion under seal.

### Compliance with Local Rule 9018-1(d)

20.     To the best of the knowledge, information and belief of the undersigned counsel to the Debtors, the Agency Agreement Motion does not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

### Notice

21.     The Debtors will provide notice of this motion to: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto;(i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent, and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").   In light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

22.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  October 16, 2023
Wilmington, Delaware

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com
                pkeane@pszjlaw.com
                ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                david.seligman@kirkland.com
                whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*