# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION[1], et al.,<br><br>Debtors | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered) |

## EMILY LOURO'S REPLY IN SUPPORT OF HER
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The movant hereby submits this Reply in support of *Emily Louro's Motion for Relief From Automatic Stay* ("Louro Motion") (Doc. No. 650). For the reasons set forth herein, the Motion should be granted.[2]

1. On October 11, 2022, prior to the Petition Date, Emily Louro ("Movant") filed a personal injury action against the Debtors, as further described in the Louro Motion, ("Personal Injury Case").

2. Debtor's Objection asserts there are at least two available insurance policies that could be applicable to the Personal Injury Case. These policies are the (1) "Motor Carrier's Indemnity Insurance Policy (the "Auto Policy") with Old Republic Insurance Company

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Ave, Overland Park, KS 66211.

[2] Unless otherwise defined, capitalized terms used herein shall have the meaning as set forth in Debtors' Omnibus Objection to Personal Injury Claimant Motion for Relief From The Automatic Stay Under Section 362 of the Bankruptcy Code ("Debtor's Objection") (Doc. 827).

1

("ORIC") and (2) any other potentially applicable insurance policy on account of personal injury or wrongful death claims….." *Debtor's Objection,* pg. 2, Doc No. 827.

3. This is in addition to the information provided in the March 6, 2023 discovery responses in the Personal Injury Case (the "PI Discovery"), wherein the Debtor indicated that when the motor vehicle accident occurred, policies for liability insurance in the amount of one million ($1,000,000) dollars ("Liability Policy") and excess liability insurance in the amount of six million ($6,000,000) dollars ("Excess Policy") were in effect. It was further represented in discovery responses (pre-bankruptcy) that neither the carrier for the underlying Liability Policy nor the Excess Policy had disclaimed coverage nor reserved the duty to indemnify any insured or person protected by their respective policies.

4. However, in its Omnibus Objection and Reservation of Rights (Doc. 823), ORIC asserts that it has no duty to defend under the Debtor's "Policies" (as defined therein) and that, due to a retention and certain policy limits, any amount ORIC spends defending lawsuits would reduce LOC Proceeds currently being held by ORIC or increase the amount of ORIC's unsecured claims.

5. In light of the foregoing, it remains unclear which policy applies to the Personal Injury Action; the "Auto Policy" with ORIC or perhaps some other available insurance policy. While Movant is not in a position to sort through the dispute between the Debtor and ORIC, it is nonetheless entitled to stay relief based upon the currently available information.

### *Cause Exists Under 11 U.S.C. § 362(D)(1) to Lift the Automatic Stay for the Limited Purpose of Allowing the Personal Injury Action to Proceed to Judgment*

6. Relief from the automatic stay is proper when cause exists. *11 U.S.C. § 362(d)(1).*

7. While the existence of "cause" is left to the courts to determine on a case-by-case basis, taking into account the totality of the circumstances[,]" the "[l]egislative history informs

us . . . that a desire to permit an action to proceed to completion in another tribunal may provide . . . cause." *Hunt v. Rite Aid Hdqtrs. Corp.*, 2016 U.S. Dist. LEXIS 139438, at *11 (M.D. Pa. Oct. 7, 2016) (internal citations omitted) (granting stay relief in part on the basis that state court actions "must be tried; whether they are tried in bankruptcy court or state court do not gravely impact the costs and expenses Hunt may incur in doing so.").

8. Given Movant's prima facie showing of "cause" the burden going forward is on the Debtor as the party opposing the motion. *11 U.S.C. § 362(g)*.

9. The Debtors assert that cause does not exist because the Debtors are in the midst of "negotiating with parties in interest and conducting an efficient and value maximizing sale process." *Debtors' Objection, ¶* 11. However, the Debtors, themselves, are unable to decipher which insurance policy applies to the Movant.

10. Here, the Debtors have not met their burden. The Debtors have not shown this Court that allowing the Personal Injury Action to proceed will cause any harm to the Debtors bankruptcy estate. Rather the Debtors admit "the burden of defending such Claims [such as this Personal Injury Case], if they were allowed to proceed, **_may_** fall to the Debtors…." *Debtors' Objection, ¶* 11 (emphasis added). The possibility that the Debtors "may" have to bear the burden of defending this Personal Injury Case is simply not enough to defeat cause under the *Rexene* Factors.

11. Specifically, as for any prejudice to Debtors, maintaining the stay is simply delaying the inevitable as the Movant's claims must eventually be liquidated and such liquidation must take place outside the Bankruptcy Court. To the contrary, a delay for Movant will cause significant hardship in light of ongoing medical expenses and lasting injuries. Lastly, Movant has a high likelihood of success in the Personal Injury Case as it does not appear the

Debtor has any strong defenses (if any at all). *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990) ("Only strong defenses to state court proceedings can prevent a bankruptcy from granting relief from the stay . . . where the decision-making process should be relegated to [other] bodies . . ..").

12. Accordingly, stay relief is warranted.

### *Alternatively, Limited Discovery is Appropriate*

13. To the extent this Court is not inclined to grant stay relief at this time to allow the Personal Injury Case to proceed to judgment, this Court should allow the Movant to proceed with limited discovery to determine and identify the insurance policy or policies applicable to the Personal Injury Case. With such information, both the Debtors and the Movant could ascertain whether the policies at play would affect the Debtors.

### CONCLUSION

For these reasons, Movant respectfully requests that the Court enter an Order: granting stay relief for the limited purpose of allowing the Personal Injury Action to proceed to judgment or alternatively grant the Movant limited stay relief to proceed with discovery to determine the applicability of certain insurance policies and the potential resulting impact on the Debtor.

October 18, 2023                                  **McCARTER & ENGLISH, LLP**

/s/ Kate Buck
Kate Buck, Esq.
DE Bar No. 5140
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
 (302) 984-6323
kbuck@mccarter.com

ME1 46386583v.1