IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>YELLOW CORPORATION, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case Nos. 23-11069 (CTG), *et seq.*<br>(jointly administered)<br><br>Hearing date: November 13, 2023, 10:00 a.m.<br>Objection deadline: November 6, 2023 |

**JOSE EMILIO RONDEROS'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Jose Emilio Ronderos ("Movant"), by his undersigned counsel, files this Motion for Relief From The Automatic Stay (the "Motion"), and in support hereof states as follows:

BACKGROUND

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. § 362.

2. On August 6, 2023 (the "Petition Date"), the debtors in each of the above-captioned jointly administered cases (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs and remained in possession of their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Prior to the Petition Date, on or about June 28, 2019, Movant, a Line Haul Manager for one or more of the Debtors, was wrongfully terminated from his employment following an adverse medical diagnosis that required him to seek immediate medical attention, time off for doctor visits, and a medical leave of absence. The Debtors discriminated against him by wrongfully terminating his employment based on his age, his disability and/or medical condition, and need for medical leave. As a result, Movant believes that he has claims against the Debtors arising from various employment-related laws of the United States and the State of California. Movant may also be entitled to recover his attorneys' fees and costs, as well as punitive damages.

4. On February 1, 2021 (the "Complaint Filing Date"), Movant filed a complaint (the "Complaint") in the Superior Court of California for San Bernadino County (the "State Court") against two of the Debtors, USF Reddaway Inc. and YRC Worldwide Inc. ("Defendants"), commencing the case styled as *Jose Emilio Ronderos v. USF Reddaway, Inc. et at.,* Case No. CIVSB2100967 (the "State Court Case"), sounding in discrimination, retaliation, and the violations of various state and federal statutes, among other things.

5. On April 9, 2021, Defendants removed the State Court Case to the United States District Court for the Central District of California (the "District Court"), docketed as Case No. 5:21-cv-00639-MWF-KK (the "District Court Case").

      6.      On June 2, 2021, the District Court denied Defendants' Motion to Compel Arbitration.

      7.      On June 28, 2021, Defendants filed a Notice of Appeal, appealing to the United States Court of Appeals for the Ninth Circuit (the "Court of Appeals") from the District Court's Order Denying Defendants' Motion to Compel Arbitration, docketed as Case No. 21-55685.

      8.      On July 11, 2022, the Parties argued the appeal before the Court of Appeals. Before the Court of Appeals issued its ruling on the appeal, and before any adjudication of Movant's claims and rights under the Complaint, the Debtors filed their Chapter 11 petitions in this Court, thus staying the State Court Case pursuant to 11 U.S.C. § 362(a).

## ARGUMENT

      9.      Section 362(d) of the Bankruptcy Code states, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)    with respect to a stay of an act against property under subsection (a) of this section, if–
>     (A)    the debtor does not have equity in such property; and

    (B) such property is not necessary to an effective reorganization

10. Because the automatic stay is not meant to be indefinite or absolute, the Court has authority to grant relief from the stay in appropriate circumstances. *In re Rexene Prods., Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992). Section 362(d)(1) provides that the automatic stay may be lifted where "cause" exists. After a *prima facia* showing by a movant, the debtor has the burden of proving that a movant is not entitled to relief from the stay. *Id.* at 577; 11 U.S.C. § 362(g).

11. "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *IBM v. Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). Most courts employ an equitable balancing test to determine "cause." *Rexene Prods., Co.*, 141 B.R. at 576. According to the *Rexene Prods.* case, this balancing test requires the Court to determine whether:

  a. any great prejudice to either the bankruptcy estate or the debtor will result,

  b. the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor, and

  c. the movant has a probability of prevailing on the merits.

*Id.* at 576.

12. Cause exists in this case to grant Movant relief from the automatic stay. First, there will be no prejudice to the Debtors or their bankruptcy estates. To the extent that Movant is seeking a recovery from third parties and is not attempting to

execute directly on assets of the Debtors' estates, the Debtors' assets will remain available for whatever disposition may ultimately be sought by the Debtors and/or ordered by the Court.

13. Further, the hardship that will be suffered by Movant far outweighs any potential hardship to the Debtors if Movant is not granted relief from the automatic stay. The Debtors' conduct resulted in Movant's loss of employment at a time when employment was needed most. Movant has suffered substantial injury and impairment as a result of the Debtors' prepetition conduct and his case had already been in litigation for over two years when the Debtors filed their bankruptcy cases. Denying or delaying Movant access to available insurance proceeds and claims against other third parties would cause very severe hardship.

14. Regarding the third *Rexene* factor, Movant need only prove this prong with a showing that is "very slight." *Rexene Prods.*, 141 B.R. at 578. The federal and state statutes governing Movant's claims against the Debtors exist to protect the exact kind of harm that Movant suffered when his employment was improperly terminated.

15. When weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute his claims against the Debtors and any other responsible individual or entity to judgment in the State Court Case and satisfy any award or other resolution they may obtain against the Debtors, the Debtors' applicable

insurance policies and any other individuals or entities that are responsible for the injuries sustained.

16. Movant believes that relief granted in connection with this Motion will be consensual and will have no meaningful effect on the administration of these cases and the Debtors' assets. Therefore, Movant respectfully submits that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed.R.Bankr.P. 4001(a)(3).

WHEREFORE, Movant requests that this Court enter an order, substantially in the form appended hereto, lifting and modifying the stay set forth in 11 U.S.C. § 362(a); and grant Movant such further relief as this Court deems just and proper.

Dated: October 19, 2023
       Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC

 /s/ Adam Hiller
Adam Hiller (DE No. 4105)
300 Delaware Avenue, Suite 210, #227
Wilmington, Delaware 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com

-and-

Azad M. Marvazy, Esquire
Light Law Group, APC
1875 Century Park East, Suite 1750
Los Angeles, California 90067
(424) 241-3422 telephone
Azad@LightLawGroup.com

*Attorneys for Movant, Jose Emilio Ronderos*