IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>YELLOW CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case Nos. 23-11069 (CTG), *et seq.*<br>(jointly administered)<br><br>**Hearing date: November 13, 2023, 10:00 a.m.**<br>**Objection deadline: November 6, 2023** |

### JACOB BAZAROV AND TAMARA PEIROVA'S
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Jacob Bazarov and Tamara Peirova ("Movants"), by their undersigned counsel, files this Motion for Relief From The Automatic Stay (the "Motion"), and in support hereof states as follows:

### BACKGROUND

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. § 1409(a).  The statutory basis for the relief requested in this motion is 11 U.S.C. § 362.

2.      On August 6, 2023 (the "Petition Date"), the debtors in each of the above-captioned jointly administered cases (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs and remained in possession of their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.      Prior to the Petition Date, on or about December 15, 2021, movant Jacob Bazarov—at that time a minor—became involved in an accident with a vehicle owned and/or operated by one or more of the Debtors on Lefferts Boulevard at or near its intersection with Abingdon Road, in the County of Queens and State of New York (the "Accident"), in which he sustained serious personal injury, great physical pain, and mental anguish. At that time, movant Tamara Peirova was Mr. Bazarov's lawful mother and natural guardian, entitled to the society, services, and consortium of Mr. Bazarov.

4.      On May 9, 2022 (the "Complaint Filing Date"), Movants filed a complaint (the "Complaint") in the Supreme Court of New York for Queens County against two of the Debtors and the driver of the vehicle, commencing the case styled as *J.B. et al., v. YRC Inc. et al.,* Index No. 709909/2022, sounding in negligence, loss of consortium, and other claims. The Debtors removed the Civil Case to the United States District Court for the Eastern District of New York (the "District Court") on June 2, 2022, where it was docketed as Case No. 1:22-cv-03252-ENV-VMS (the "Civil Case").

5.      Before the District Court could adjudicate Movants' claims and rights under the Complaint, Movants reached a settlement with the Debtors. However, before the Debtors completed and paid the settlement funds to Movants, the Debtors filed

their Chapter 11 petitions in this Court, thus staying the District Court Case pursuant to 11 U.S.C. § 362(a).

## ARGUMENT

6.     Section 362(d) of the Bankruptcy Code states, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)    with respect to a stay of an act against property under subsection (a) of this section, if–
> (A)    the debtor does not have equity in such property; and
> (B)    such property is not necessary to an effective reorganization

7.     Because the automatic stay is not meant to be indefinite or absolute, the Court has authority to grant relief from the stay in appropriate circumstances. *In re Rexene Prods., Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992). Section 362(d)(1) provides that the automatic stay may be lifted where "cause" exists. After a *prima facia* showing by a Movants, the debtor has the burden of proving that a Movants is not entitled to relief from the stay. *Id.* at 577; 11 U.S.C. § 362(g).

8.     "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *IBM v. Fernstrom Storage & Van Co.*, 938 F.2d 731, 735

(7th Cir. 1991). Most courts employ an equitable balancing test to determine "cause." *Rexene Prods., Co.*, 141 B.R. at 576. According to the *Rexene Prods.* case, this balancing test requires the Court to determine whether:

     a.    any great prejudice to either the bankruptcy estate or the debtor will result,

     b.    the hardship to the Movants by maintenance of the stay considerably outweighs the hardship to the debtor, and

     c.    the Movants has a probability of prevailing on the merits.

*Id.* at 576.

     9.    Cause exists in this case to grant Movant relief from the automatic stay. First, there will be no prejudice to the Debtors, their bankruptcy estates, or the Trustee. To the extent that Movants are seeking a recovery from third parties and are not attempting to execute directly on assets of the Debtors' estates, the Debtors' assets will remain available for whatever disposition may ultimately be sought by the Debtors and/or ordered by the Court.

     10.    Further, the hardship that will be suffered by Movants far outweighs any potential hardship to the Debtors if Movants are not granted relief from the automatic stay. Mr. Bazarov has suffered substantial injury and impairment as a result of the Debtors' prepetition conduct and negligence, as asserted in the Complaint. Denying or delaying Movants access to available insurance proceeds and claims against other third parties would cause very severe hardship.

11.    Regarding the third *Rexene* factor, Movants need only prove this prong
with a showing that is "very slight." *Rexene Prods.*, 141 B.R. at 578. The facts set
forth in the Complaint provide sufficient probability to support a damages award in
favor of Movants. In addition, this Court has broad jurisdiction to supervise the
administration of claims, but claims arising from personal injury are expressly
excluded. 28 U.S.C. § 157(b)(5). Therefore, the usual purpose of providing a "central
forum to adjudicate claims against the Debtors," *see, e.g., 15375 Memorial Corp. v.
Bepco, LP (In re 15375 Memorial Corp.),* 589 F.3d 605, 622 (3rd Cir. 2009), does not
apply to Movants' claims.

12.    When weighing the above factors, the Court should lift the automatic stay
to permit Movants to prosecute their claims against the Debtors and any other
responsible individual or entity to judgment in the District Court Case and satisfy any
award or other resolution they may obtain against the Debtors, the Debtors' applicable
insurance policies and any other individuals or entities that are responsible for the
injuries sustained.

13.    Movants believe that relief granted in connection with this Motion will be
consensual and will have no meaningful effect on the administration of these cases
and the Debtors' assets. Therefore, Movants respectfully submit that any order
granting this Motion should be effective immediately upon its entry, notwithstanding
the fourteen (14) day stay contemplated in Fed.R.Bankr.P. 4001(a)(3).

WHEREFORE, Movants request that this Court enter an order, substantially in the form appended hereto, lifting and modifying the stay set forth in 11 U.S.C. § 362(a); and grant Movants such further relief as this Court deems just and proper.

Dated:  October 19, 2023
      Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC

 **/s/ Adam Hiller**
Adam Hiller (DE No. 4105)
300 Delaware Avenue, Suite 210, #227
Wilmington, Delaware 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com

-and-

Nissim Abaev, Esquire
ABAEV LAW FIRM, PLLC
108-01 Queens Blvd., Suite 204
Forest Hills, NY 11375
(718) 207-7671
nabaev@thenewyorklawfirm.com

*Attorneys for Movants, Jacob Bazarov and Tamara Peirova*