IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>YELLOW CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case Nos. 23-11069 (CTG), *et seq.*<br>(jointly administered)<br><br>Hearing date: November 13, 2023, 10:00 a.m.<br>Objection deadline: October 28, 2023 |

### SOPIA L. GOODMAN'S
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Sopia L. Goodman ("Movant"), by her undersigned counsel, files this Motion for Relief From The Automatic Stay (the "Motion"), and in support hereof states as follows:

### BACKGROUND

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. § 362.

2. On August 6, 2023 (the "Petition Date"), the debtors in each of the above-captioned jointly administered cases (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs and remained in possession of their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Prior to the Petition Date, on or about January 18, 2023, Movant became involved in an accident with a vehicle owned and/or operated by one or more of the Debtors at the intersection of University Boulevard West and Richardson Street in Jacksonville, Duval County, Florida (the "Accident"), in which he sustained serious personal injury, great physical pain, and mental anguish.

4. On March 29, 2023 (the "Complaint Filing Date"), Movant filed a complaint (the "State Court Complaint") in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida (the "State Court") against debtor YRC, Inc. and the driver of the vehicle, commencing the case styled as *Sopia L. Goodman v. Grover A. Walls, et al.,* Case No. 16-2023-CA-007009, Division CV-E (the "State Court Case"), sounding in negligence and employer liability, among other things.

5. Before the State Court could adjudicate Movant's claims and rights under the State Court Complaint, the Debtors filed their Chapter 11 petitions in this Court, thus staying the State Court Case pursuant to 11 U.S.C. § 362(a).

## ARGUMENT

6. Section 362(d) of the Bankruptcy Code states, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

    (2) with respect to a stay of an act against property under subsection (a) of this section, if–
      (A) the debtor does not have equity in such property; and
      (B) such property is not necessary to an effective reorganization

  7. Because the automatic stay is not meant to be indefinite or absolute, the Court has authority to grant relief from the stay in appropriate circumstances. *In re Rexene Prods., Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992). Section 362(d)(1) provides that the automatic stay may be lifted where "cause" exists. After a *prima facia* showing by a movant, the debtor has the burden of proving that a movant is not entitled to relief from the stay. *Id.* at 577; 11 U.S.C. § 362(g).

  8. "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *IBM v. Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). Most courts employ an equitable balancing test to determine "cause." *Rexene Prods., Co.*, 141 B.R. at 576. According to the *Rexene Prods.* case, this balancing test requires the Court to determine whether:

    a. any great prejudice to either the bankruptcy estate or the debtor will result,

    b. the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor, and

    c. the movant has a probability of prevailing on the merits.

*Id.* at 576.

  9. Cause exists in this case to grant Movant relief from the automatic stay. First, there will be no prejudice to the Debtors or their bankruptcy estates. To the extent

that Movant is seeking a recovery from third parties and is not attempting to execute directly on assets of the Debtors' estates, the Debtors' assets will remain available for whatever disposition may ultimately be sought by the Debtors and/or ordered by the Court.

10. Further, the hardship that will be suffered by Movant far outweighs any potential hardship to the Debtors if Movant is not granted relief from the automatic stay. Movant has suffered substantial injury and impairment as a result of the Debtors' prepetition conduct and negligence, as asserted in the State Court Complaint. Denying or delaying Movant access to available insurance proceeds and claims against other third parties would cause very severe hardship.

11. Regarding the third *Rexene* factor, Movant need only prove this prong with a showing that is "very slight." *Rexene Prods.*, 141 B.R. at 578. The facts set forth in the Complaint provide sufficient probability to support a damages award in favor of Movant. In addition, this Court has broad jurisdiction to supervise the administration of claims, but claims arising from personal injury are expressly excluded. 28 U.S.C. § 157(b)(5). Therefore, the usual purpose of providing a "central forum to adjudicate claims against the Debtors," *see, e.g., 15375 Memorial Corp. v. Bepco, LP (In re 15375 Memorial Corp.),* 589 F.3d 605, 622 (3rd Cir. 2009), does not apply to Movant's claims.

12. When weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute her claims against the Debtors and any other responsible

individual or entity to judgment in the State Court Case and satisfy any award or other resolution she may obtain against the Debtors' applicable insurance policies and any other individuals or entities that are responsible for the injuries sustained.

13. Movant believes that relief granted in connection with this Motion will be consensual and will have no meaningful effect on the administration of these cases and the Debtors' assets. Therefore, Movant respectfully submits that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed.R.Bankr.P. 4001(a)(3).

WHEREFORE, Movant requests that this Court enter an order, substantially in the form appended hereto, lifting and modifying the stay set forth in 11 U.S.C. § 362(a); and grant Movant such further relief as this Court deems just and proper.

Dated:  October 19, 2023  
        Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC

 /s/ Adam Hiller  
Adam Hiller (DE No. 4105)  
300 Delaware Avenue, Suite 210, #227  
Wilmington, Delaware 19801  
(302) 442-7677 telephone  
ahiller@adamhillerlaw.com

-and-

Seth A. Pajcic, Esquire
PAJCIC & PAJCIC, P.A.
One Independent Drive, Suite 1900
Jacksonville, Florida 32202
Telephone: (904) 358-8881
Telefax: (904) 354-1180
seth@pajcic.com
monica@pajcic.com

*Attorneys for Movant, Sopia L. Goodman*