# IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>**Objection Deadline: November 6, 2023 at 4 p.m. (ET)**<br>**Hearing date: November 13, 2023 at 10 a.m. (ET)** |

## MOTION OF JAMES ALEXANDER AND LISA ALEXANDER FOR RELIEF FROM THE AUTOMATIC STAY

James Alexander and Lisa Alexander ("Movants"), by and through his undersigned counsel, hereby moves this Honorable Court (the "Motion") pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, for an order lifting the automatic stay imposed by Section 362(a) of the Bankruptcy Code in order to permit Movants to prosecute their personal injury lawsuit against the Debtors and proceed to collect any award or settlement against any applicable insurance proceeds. In support of this Motion, the Movants respectfully state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding within the meaning of 28 U.S.C. §§ 157 (b).

3. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 362(d)(1)

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

and 362(d)(2) and Bankruptcy Rule 4001.

## FACTS

4. On August 6, 2023 (the "Petition Date"), the Debtor and its affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' cases are being jointly administered.

5. Prior to the Petition Date, on or about January 30, 2019, Movant James Alexander was seriously and permanently injured as the result of a motor vehicle accident on Interstate 74 in Shelby, North Carolina, that was caused in full or in part by the negligence of the Debtors and James Terry Catlin ("Mr. Catlin").

6. Upon information and belief, at the time of this accident, Mr. Catlin was an employee of Debtor YRC, Inc.[2] and was operating a vehicle within the scope of his employment. Upon information and belief, at the time of the January 30, 2019 accident, Debtor YRC, Inc. owned the tractor trailer being operated by Mr. Catlin which was covered by liability insurance.

7. On December 16, 2021, Movants filed their Complaint in the Buncombe County Superior Court in North Carolina, styled *James Alexander and Lisa Alexander vs. James Terry Catlin, YRC, Inc., YRC Enterprise Services, Inc., YRC Worldwide, Inc., Yellow Corporation, and USF Holland, LLC*, Case No. 21-CV-04945 (the "State Court Action"). As more fully outlined in the Complaint, attached hereto as Exhibit A, Movants asserts Mr. Catlin and Debtor YRC, Inc. caused the motor vehicle accident that resulted in significant injuries to Movants. The January 30, 2019 motor vehicle accident resulted in multiple serious injuries to

---

[2] YRC, Inc., YRC Enterprise Services, Inc., YRC Worldwide, Inc. Yellow Corporation and USF Holland, LLC ("YCR entities") have all had some common element or ownership and management at all relevant times.

{C1286337.2}                                                2

Movant James Alexander, including but not limited to, injuries to his cervical and lumbar spine and a traumatic brain injury.

8. Upon information and belief, the State Court Action was moving forward efficiently prior to the Debtors' bankruptcy filings. As of the Petition Date, prosecution and liquidation of the State Court Action has been stayed with respect to the Debtors as a consequence of the automatic stay provisions set forth in 11 U.S.C. § 362(a).

9. The Movants wish to proceed with the State Court Action, only to the extent of the limit of the Debtors' applicable insurance policies and any applicable underinsured motorist limits available to them. Movants seek an Order of this Court modifying the Stay and allowing them to pursue their claims against the Debtors, only to the extent of the applicable limits of liability or underinsured motorist insurance policies available in their cause.

**RELIEF REQUESTED**

10. Through this Motion, Movants seek the entry of an order pursuant to Section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay so that they may prosecute their claims to judgment in the State Court Action and satisfy any award or other resolution they may obtain against the Debtors, the Debtors' applicable insurance policies and any other responsible individual or entity.

**BASIS FOR RELIEF REQUESTED**

11. Upon information and belief, Movants' claims are insured.

12. Further, the claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the non-bankruptcy forum.

13. Movants are therefore entitled to relief from the automatic stay pursuant to 11

U.S.C. § 362(d)(1).

14. The automatic stay set forth in section 362(a) of the Bankruptcy Code is "not meant to be indefinite or absolute," and this Court has the power to grant relief from the automatic stay under the appropriate circumstances. *In re Rexene Products Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).

15. Bankruptcy Code Section 362(d)(1) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay…(1) for cause, including the lack of adequate protection of an interesting property for such party interest.

11 U.S.C. § 362(d)(1).

16. There is no definition for the term "cause" in the Bankruptcy Code. Therefore, "cause" must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. at 576 (internal citations and quotations omitted). "Cause is a flexible concept and courts often…examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

17. For a determination of whether "cause" exists to lift the stay, Third Circuit Courts apply a three-pronged balancing test:

    a. Whether prejudice to either the bankrupt estate or the debtors will result from continuation of the civil suit;

    b. Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtors' hardship; and

    c. The creditor's probability of success on the merits.

*Id.* at 126. *In Re Rexene Products*, 141 B.R. at 576; See, *In re Continental Airlines, Inc.*, 152

B.R. 420, 424 (D. Del.1993 ); *In re Pursuit Athletic Footwear, Inc*. 193 B.R. 713, 718 (Bankr. D. Del. 1996).

18.     This Court has found that a single factor, such as "'a desire to permit an action to proceed in another tribunal,' or lack of any connection with or interference with the pending bankruptcy case,'" may be sufficient cause for relief. *In Re Rexene Products*, 141 B.R. at 576 (internal citations omitted).

19.     Moreover, courts will often permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. *Id.*; *In re Wilson*, 85 B.R. 722, 728-29 (Bankr. E.D. Pa. 1988) (internal citations omitted).

20.     Furthermore, to the extent the Debtors' liability to the Movants is covered by insurance policies, any recovery by Movants will not impact or in any way prejudice the Debtor's estate. See, *In re 15375 Memorial Corp.*, 382 B.R. 652 687 (Bankr. D. Del 2008); See also, *In re Allied Digital Tech Corp.*, 306 B.R. 505, 510 (Bankr. D. Del. 2004).

21.     In the instant matter, the foregoing facts weigh in Movants' favor on each of the above referenced three-prongs. Further, Movants respectfully submit that the administration and reorganization of Debtors and their estates will not be prejudiced by allowing Movants to proceed with their State Court Action. In contrast, the Movants will face substantial hardship if the stay is not lifted. When weighing the above factors, the Court should lift the automatic stay to permit Movants to prosecute their claims against the Debtors in state court and to satisfy any award or other resolution they may obtain against the Debtors from the proceeds of any applicable insurance policies.

## **CONCLUSION**

WHEREFORE, Movants respectfully request that the Court enter an Order, substantially in the form attached hereto, and for such further additional relief as may be just and proper under the circumstances.

| | |
|---|---|
| Dated: October 23, 2023 | **CAMPBELL & LEVINE, LLC**<br><br>*/s/ Katherine L. Hemming*<br>Katherine L. Hemming (No. 5496)<br>222 Delaware Ave, Suite 1620<br>Wilmington, DE 19801<br>(302) 426-1900<br>khemming@camlev.com<br><br>*Counsel for Movants James and Lisa Alexander* |