# EXHIBIT A

| | | |
|---|---|---|
| NORTH CAROLINA | FILED | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| BUNCOMBE COUNTY 21 DEC 16 AM 11: 16 BUNCOMBE COUNTY, C.S.C. | | 21 CV 21CV 04945 |

JAMES ALEXANDER and LISA ALEXANDER, BY _____ )
)
    Plaintiffs, )
)
v. )    COMPLAINT
)
JAMES TERRY CATLIN, YRC INC., )
YRC ENTERPRISE SERVICES, INC., )
YRC WORLDWIDE, INC., )
YELLOW CORPORATION, and )
USF HOLLAND LLC, )
)
    Defendants. )

NOW COME Plaintiffs, James Alexander and Lisa Alexander, by and through counsel, complaining of Defendants, James Terry Catlin, YRC, Inc., YRC Enterprise Services, Inc., YRC Worldwide, Inc., Yellow Corporation, and USF Holland, LLC, and say as follows:

1. Plaintiff James Clifford Alexander is a competent adult citizen and resident of Buncombe County, North Carolina.

2. Plaintiff Lisa Alexander is a competent adult citizen and resident of Buncombe County, North Carolina. Plaintiffs are spouses.

3. Defendant James Terry Catlin is, upon information and belief, a competent adult citizen and resident of Cleveland County, North Carolina.

4. Defendant, YRC, Inc., is a domesticated corporation with its principal place of business in Kansas.

5. Defendant YRC Enterprise Services, Inc. is a domesticated corporation with its principal place of business in Kansas.

6. Upon information and belief, YRC Worldwide, Inc. is a Delaware corporation doing business in North Carolina with its principal place of business in Kansas.

7. Upon information and belief, Yellow Corporation is a Delaware corporation doing business in North Carolina with its principal place of business in Kansas.

8. Defendant, USF Holland, LLC is a domesticated corporation with its principal place of business in Kansas.

9. This Court has jurisdiction over the subject matter of, and parties to, this action, and venue is proper in this Court.

10. Upon information and belief, Defendant YRC, Inc., YRC Enterprise Services, Inc., YRC Worldwide, Inc., Yellow Corporation, and USF Holland, LLC ("the YRC Defendants") all have, and at all relevant times have had, some element of common ownership and management.

11. On the 30th day of January 2019, at around 7:30 PM, Plaintiff James Alexander was driving his 2012 Mazda automobile in a westerly direction on Interstate 74 in Shelby, North Carolina.

12. On January 30, 2019, at around 7:30 PM, Defendant Catlin was driving a 2019 Volvo tractor trailer also in a westerly direction on Interstate 74 in Shelby, North Carolina.

13. Upon information and belief, the tractor-trailer unit Defendant Catlin was operating at that time was owned by Defendant YRC, Inc.

14. Upon information and belief, Defendant Catlin was an employee or agent of Defendants YRC., Inc. and the YRC Defendants at that time.

15. Upon information and belief, one or more of the YRC Defendants owned, maintained, or controlled the tractor-trailer unit Defendant Catlin was hauling on January 30, 2019, at around 7:30 PM.

16. Upon information and belief, Defendant Catlin was driving that tractor trailer with the knowledge and consent of Defendants YRC, Inc. and the YRC Defendants at that time.

17. At approximately 7:30 PM on January 30, 2019, a tire and wheel on the YRC tractor trailer Defendant Catlin was operating came loose from the vehicle and came to rest on Interstate 74.

18. Plaintiff James Alexander was unable to avoid the obstacle in the roadway. He collided with the wheel and tire.

19. The collision with the tire and wheel caused Plaintiff James Alexander's vehicle to go airborne.

20. Plaintiff James Alexander's vehicle slammed down and came to a violent rest, causing Plaintiff James Alexander serious, painful, and permanent injuries.

21. Defendant Catlin, Defendants, YRC., Inc., and the YRC Defendants each had a duty to maintain and to ensure that the tractor trailer being operated on the public highways of North Carolina was in a safe, reasonable, and lawful condition.

22. Defendant Catlin, Defendant YRC., Inc., and the YRC Defendants each had a duty to ensure that the tractor trailer unit in question received proper, prudent, and necessary maintenance and upkeep, to keep said commercial motor vehicle in a safe condition for operation on roads and highways, including but not limited to Interstate 74.

23. Defendant Catlin, Defendants YRC., Inc., and the YRC Defendants each had a duty to ensure that the tractor trailer in question received a proper, prudent, and necessary pre-trip inspection, to ensure that said commercial motor vehicle was in a safe condition for operation on roads and highways, including but not limited to Interstate 74 on January 30, 2019.

24. Defendants, as driver and owner of the tractor trailer, breached their duty of care by failing to maintain and inspect said tractor trailer as required by the duty of reasonable care as well as the Federal Motor Carrier Safety Regulations, other federal law, and North Carolina law.

25. As a direct result of the breach of Defendants' duty of care to maintain and inspect the 2019 Volvo tractor trailer, a tire and wheel on the tractor trailer commercial motor vehicle came loose and collided with Plaintiff James Alexander's vehicle, causing a crash involving considerable force and causing Plaintiff James Alexander to sustain serious injuries.

26. As a proximate result of the above-referenced crash, Plaintiff James Alexander suffered multiple and permanent injuries, which caused and continue to cause Plaintiff James Alexander considerable pain, suffering, ongoing impairment, and other injuries as well as economic and non-economic damages.

**FIRST CAUSE OF ACTION – NEGLIGENCE AND AGENCY**

27. Plaintiffs incorporate by reference each of the preceding paragraphs as if fully restated and realleged herein.

28. At all times relevant to this action, Defendant Catlin owed a duty of care to all motorists and passengers on and around public roadways.

29. At all times relevant to this action, Defendants, both as a driver and a motor carrier, owed a duty of care to comply with all Federal Motor Carrier Regulations.

30. On January 30, 2019, Defendant, James Terry Catlin, who operated Defendant YRC., Inc.'s vehicle upon a public highway, breached his duty of care to Plaintiff James Alexander, and was negligent in the following respects:

a. He operated the vehicle upon a public street without due caution or circumspection so as to endanger, or that was likely to endanger, persons or property, all in violation of North Carolina General Statute § 20-140;

b. He operated the vehicle upon a public street carelessly and heedlessly in willful and wanton disregard of the rights and safety of others, in violation of North Carolina General Statute § 20-140;

c. He violated the Federal Motor Carrier Safety Regulations, including but not limited to 49 CFR §§ 396.13 (failure of driver to perform an adequate pre-trip inspection); 392.7 (failure of driver to inspect tires, wheels, and other devices before operating vehicle); and otherwise to be proven at trial;

d. He failed to exercise that degree of care which a careful and reasonably prudent person would have exercised under the same or similar circumstances;

e. He failed to ensure that the vehicle he was operating was equipped with safe tires, in violation of North Carolina General Statute § 20-122.1;

f. He failed to ensure that the trailer he was towing was kept in good and safe condition, in violation of North Carolina General Statute § 20-123;

g. He failed to ensure the trailer had operational lights on while parked on the side of the highway and failed to put out flares, markers, cones, or other warnings that the tire was in the roadway, in violation of North Carolina General Statutes §§ 20-134, 20-161 and 49 CFR § 392.22;

 h. He violated North Carolina truck and vehicle restrictions by improperly driving a tandem or double trailer, with three or more axles on a restricted roadway that North Carolina and Federal regulations prohibited; and

 i. He was careless, negligent, and grossly negligent in other respects to be proven at trial.

31. The negligence of Defendant Catlin, as detailed herein, was a direct and proximate cause of the collision and injuries complained of by Plaintiff James Alexander in this action.

32. As a result of the motor-vehicle collision referenced herein, Plaintiff James Alexander suffered severe and painful bodily injuries.

33. As a result of the injuries referenced herein, Plaintiff James Alexander has sustained various damages, including medical expenses, lost income, pain, suffering, permanent injury and impairment, and other related issues to be proven at the trial of this matter.

34. Pursuant to North Carolina General Statute §20-71.1, Defendant Catlin operated the vehicle owned by Defendants YRC, Inc., as the agent for, and with the authority, consent, and knowledge of Defendants YRC, Inc., because at the time of the incident referenced herein Defendants YRC., Inc., was the owner of the vehicle driven by Defendant Catlin.

35. The negligence of Defendant Catlin is further imputable to Defendants YRC, Inc., as owner of said vehicle as he was acting as the agent for, on behalf of, and with the authority, consent, and knowledge of Defendants YRC., Inc., at the time of the incident referenced herein.

36. Upon information and belief, Defendant Catlin was acting as an employee or agent of not only Defendant YRC, Inc., but also one or more of the YRC Defendants on January 30, 2019, during his operation of the commercial motor vehicle in question, and at all times relevant to this action.

37. Plaintiff James Alexander is entitled to recover an amount in excess of $25,000.00 from Defendants, jointly and severally as damages for the negligence described herein.

## SECOND CAUSE OF ACTION—DIRECT NEGLIGENCE

38. Plaintiffs incorporate by reference each of the preceding paragraphs as if fully restated and realleged herein.

39. Defendant Catlin, upon information and belief, at all relevant times was a professional and commercial driver, with a commercial driver's license, and as such, had a duty of care to Plaintiff James Alexander and other motorists on the public highways, to make certain that the vehicle which he drove complied with the Federal Motor Carrier Regulations.

40. In addition, Defendant YRC., Inc. (which owned the vehicle which was involved in the crash described herein) had a duty of care to Plaintiff James Alexander and other motorists on the public highways, to ensure that the vehicle was in compliance with the Federal Motor Carrier Regulations.

41. In addition, to the extent that any of the other YRC Defendants cooperated with Defendant YRC, Inc. in the ownership, maintenance, inspection, and/or operation of said vehicle, those Defendants had a duty of care to Plaintiff James Alexander and other motorists on the public highways, to ensure that the vehicle was in compliance with the Federal Motor Carrier Regulations.

42. All such Defendants breached their duty of care to Plaintiff James Alexander in that they did not ensure that the vehicle was in compliance with the Federal Motor Vehicle Regulations.

43. Specifically, the Defendants were negligent in that they failed to comply with the Federal Motor Carrier Regulations as follows:

(a) Failed to require adherence to the FMCSRs, in violation of 49 CFR § 390.11

(b) Failed to ensure that the wheels of the vehicle were safe and in compliance with 49 CFR § 393.205;

(c) Failed to ensure that the suspension systems were safe and in compliance with 49 CFR § 393.207;

(d) Failed to ensure that the suspension systems were safe and in compliance with 49 CFR § 396.13;

(e) Failed to ensure that the vehicle was properly inspected, repaired and maintained, in compliance with 49 CFR § 396.3;

(f) Operated a vehicle upon the highways in such a condition as to likely cause an accident, all in violation of 49 CFR § 396.7;

(g) Failed to ensure that the tires were safe and in compliance with 49 CFR § 393.75;

(h) Otherwise failed to exercise its duties as a motor carrier as proscribed by the FMCSRs as well as reasonable and prudent industry standards; and

(i) Otherwise was careless, negligent, and grossly negligent in other respects to be proven at trial.

44. The Defendants were also negligent in that they:

    (a) Failed to properly and adequately repair the tires, wheels, axles, and trailer;

    (b) Failed to ensure that the trailer, wheels, axles, and tires were properly repaired;

    (c) Failed to properly and adequately secure their load;

    (d) Failed to properly and adequately inspect, maintain, or repair the tires on the trailer;

    (e) Failed to properly and adequately secure the trailer;

(f) Failed to properly and adequately inspect and ensure that the proper torque was applied to nuts securing the tires to the trailer;

(g) Failed to properly and adequately consult or heed warnings or instructions or procedures concerning repair of the trailer, tires, wheels, or axles;

(h) Failed to properly and adequately consult or heed warnings or instructions or procedures concerning repair of the trailer, tires, wheels, or axles;

(i) Failed to consult or follow proper bolt/nut torque procedures;

(j) Failed to properly and adequately follow regulations regarding the repair of the trailer and tires;

(k) Failed to properly and adequately perform inspection, maintenance, and repairs on the tires and trailer in a good and workmanlike manner;

(l) Failed to keep proper logs, records, and maintenance records;

(m) Allowed the driver to violate North Carolina truck and vehicle restrictions by improperly driving a tandem or double trailer, with three or more axles on a restricted roadway that North Carolina and Federal regulations prohibited; and

(n) Were otherwise negligent, careless, grossly negligent, and reckless under the circumstances then existing, in a manner to be proven at a trial of this case.

45. The breach of the duty of care by the Defendants was the proximate cause of the wreck which occurred and is the subject matter of this lawsuit.

46. As a proximate cause of the wreck, Plaintiff James Alexander suffered multiple, serious, and permanent injuries.

47. As a result of the injuries referenced herein, Plaintiff James Alexander has sustained various damages, including medical expenses, lost income, pain, suffering, permanent injury and

impairment, and other related issues to be proven at the trial of this matter.

48. Plaintiff James Alexander is entitled to recover an amount in excess of $25,000.00 from Defendants, jointly and severally as damages for the negligence described herein.

### THIRD CAUSE OF ACTION – GROSS NEGLIGENCE

49. Plaintiffs incorporate by reference each of the preceding paragraphs as if fully restated and realleged herein.

50. Plaintiff James Alexander specifically avers that the negligence of Defendant Catlin, Defendant YRC, Inc., and any of the other YRC Defendants involved in the ownership, maintenance, inspection, and/or operation of the subject 2019 Volvo commercial motor vehicle, were grossly, willfully, and wantonly negligent in connection with causing Plaintiff James Alexander's injuries and damages.

51. The incident at issue herein should and could not have occurred had Defendants performed proper maintenance and inspections of the subject vehicle, as required by applicable law as well as reasonable and customary standards.

52. Upon information and belief, Defendant YRC, Inc. as well as other YRC Defendants have had a pattern and practice of having tires and/or wheels come loose off their commercial motor vehicles during the operation thereof at all times relevant to this action.

53. Upon information and belief, Defendant YRC, Inc. as well as other YRC Defendants and Defendant Catlin knew that if they failed to perform proper maintenance and inspections of the subject vehicle, as required by applicable law as well as reasonable and customary standards, it was substantially likely that people, such as Plaintiff James Alexander, would sustain injuries and damages as a result.

54.     Nonetheless, upon information and belief, Defendant YRC, Inc. as well as other YRC Defendants and Defendant Catlin, failed to perform proper maintenance and inspections of the subject vehicle, leading to the wreck of January 30, 2019 at issue herein.

55.     Plaintiff James Alexander hereby pleads and asserts that due to the willful and wanton negligence of Defendants, Plaintiff James Alexander is entitled to recover punitive damages, in accordance with Chapter 1D of the North Carolina General Statutes, in an amount to be determined by a jury.

### FOURTH CAUSE OF ACTION – RESPONDEAT SUPERIOR LIABILITY

56.     Plaintiffs incorporate by reference each of the preceding paragraphs as if fully restated and realleged herein.

57.     Upon information and belief, and at all times relevant to this action, Defendant Catlin was an employee and agent of Defendant YRC, Inc. and the other YRC Defendants.

58.     Upon information and belief, and at all times relevant to this action, Defendant Catlin was acting in the course and scope of his employment and furthering the goals of his employers, Defendant YRC, Inc. and the other YRC Defendants.

59.     Under the doctrine of respondeat superior, the negligent behavior, acts, and omissions, discussed above, of Defendant Catlin are imputed to Defendant YRC, Inc. and the other YRC Defendants.

60.     As a direct and proximate result of the negligence imputed to Defendant YRC, Inc. and the other YRC Defendants, Plaintiff James Alexander suffered multiple, serious, and permanent injuries.

61.     As a result of the injuries referenced herein, Plaintiff James Alexander has sustained various damages, including medical expenses, lost income, pain, suffering, permanent injury and

impairment, and other related issues to be proven at the trial of this matter.

62. Plaintiff James Alexander is entitled to recover an amount in excess of $25,000.00 from YRC, Inc. and the other YRC Defendants, jointly and severally as damages for the negligence described herein and imputed to them.

### FIFTH CAUSE OF ACTION – LOSS OF CONSORTIUM

63. Plaintiffs incorporate by reference each of the preceding paragraphs as if fully restated and realleged herein.

64. At all times relevant to this action, Plaintiffs have been married.

65. As a direct and proximate result of the bodily injuries that Defendants, through their negligence, inflicted on Plaintiff James Alexander, Plaintiff Lisa Alexander lost the service, companionship, gratification, affection, and society of her husband.

66. As a direct and proximate result of Defendants negligence, Plaintiff Lisa Alexander suffered the loss of consortium with her husband.

67. Plaintiff Lisa Alexander is entitled to recover and amount in excess of $25,000.00 from YRC, Inc. and the other YRC Defendants, jointly and severally as damages for the loss of consortium described herein as a result of Defendants' negligence and the negligence imputed to Defendants.

WHEREFORE, having complained of Defendants and having set forth the allegations and legal claims described herein, Plaintiffs pray this Honorable Court grants him the following relief:

1. Plaintiffs have and recover judgment against Defendants, jointly and severally, each in an amount in excess of $25,000.00;

2. Plaintiffs have and recover of Defendants, jointly and severally, all costs, interest, and attorneys' fees, as so provided by law;

3. A trial by jury be had on all issues so triable; and

4. Plaintiffs have and recover all such relief as this Honorable Court in its discretion deems just and proper.

This the _____ day of December 2021.

PINTO COATES KYRE & BOWERS, PLLC

_____
Paul D. Coates
North Carolina State Bar # 9753
Jon Ward
North Carolina State Bar # 37122
3203 Brassfield Road
Greensboro, NC 27408
Telephone: (336) 282-8848
Facsimile: (336) 282-8409


HILL, PETERSON, CARPER, BEE & DEITZLER, PLLC

_____
Doug Spencer
North Carolina State Bar # 51540
500 Tracy Way
Charleston, WV 25311-1261
Telephone: (304) 205-1810
Facsimile: (304) 345-1519


*Attorneys for Plaintiffs*

13