## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| YELLOW CORPORATION, *et al,* | : | Case No: 23-11069 (CTG) |
| | : | |
| | : | Jointly Administered |
| | : | |
| Debtors.[1] | : | **Hearing Date: Oct. 27, 2023 at 12:00 p.m.** |
| | : | **Objection Deadline: Oct. 27, 2023 at 9:00 a.m.** |

**THE UNITED STATES TRUSTEE'S OBJECTION TO THE DEBTORS' MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING AGENCY AGREEMENT WITH NATIONS CAPITAL, LLC, RITCHIE BROS. AUCTIONEERS (AMERICA) INC., IRONPLANET, INC., RITCHIE BROS. AUCTIONEERS (CANADA) LTD., AND IRONPLANET CANADA LTD. EFFECTIVE AS OF OCTOBER 16, 2023; (II) AUTHORIZING THE SALE OF ROLLING STOCK ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF (D.I. 852, 856).**

Andrew R. Vara, the United States Trustee for Region 3 ("U. S. Trustee"), by and through his undersigned counsel, hereby files this objection (the "Objection") to the *Debtors' Motion for Entry of an Order (I) Approving Agency Agreement with Nations Capital, LLC, Ritchie Bros. Auctioneers (America) Inc., IronPlanet, Inc., Ritchie Bros. Auctioneers (Canada) Ltd., and IronPlanet Canada Ltd.* (collectively, the "Agent") *Effective as of October 16, 2023; (II) Authorizing the Sale of Rolling Stock Assets Free and Clear of Liens, Claims, Interests and Encumbrances; and (III) Granting Related Relief* (the "Motion")[2] and in support thereof states:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

[2] Capitalized terms set forth in this objection are the same as those ascribed to capitalized terms as set forth in the so-referenced relevant pleading.

## PRELIMINARY STATEMENT

The Debtors seek to retain the Agent under section 327(a) of the Bankruptcy Code.  But the retention of any professional requires compliance with the United States Bankruptcy Code, controlling case law, and the Federal Rules of Bankruptcy Procedure.  In this case, the U.S. Trustee objects to the Motion because the Agent failed to perform an appropriate search of its connections in compliance with Federal Rule of Bankruptcy Procedure 2014(a) ("Rule 2014(a)").  In particular, no disclosure is made of the relationship between and among the entities that compromise the Agent or their relationship to Gordon Brothers Group, LLC, the majority owner of Nations Capital, LLC.  Apparently, none of the Agent's affiliates or Gordon Brothers' affiliates were searched to identify connections, and the Agent fails to provide sufficient detail regarding the methods used to search for its own connections.  The Agent's lack of full and complete disclosure falls short of compliance with Rule 2014(a). The Agent's failure to identify all connections and provide necessary information regarding its search methodology prevents the Court, the U.S. Trustee, and all other parties in interest from determining whether the Agent (i) is a disinterested person, (ii) holds or represents an interest adverse to the Debtors' estates, and (iii) otherwise meets the qualifications for employment under section 327(a) of the Bankruptcy Code.  Absent sufficient additional disclosures, the Motion should be denied.

## JURISDICTION AND STANDING

1.      This Court has jurisdiction to hear and determine the Motion and the Objection.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to title 11 of the United States Bankruptcy Code.  This

duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3.      Pursuant to 11 U.S.C. § 307, the U.S. Trustee has standing to be heard with regard to the Motion.

## RELEVANT FACTS AND BACKGROUND

4.      On August 6, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) [D.I. 169].  To date, the Debtors continue to manage their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On August 16, 2023, the U.S. Trustee appointed an official committee of unsecured creditors [D.I. 269]. No trustee or examiner has been appointed in these chapter 11 cases.

6.      On September 15, 2023, the Court entered the *Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale or Sales of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment and*

*Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief*
[D.I. 575] (the "Bidding Procedures Order").

7.      On September 21, 2023, the Court entered the *Order (I) Approving the Debtors'*
*Selection of a Stalking Horse Bidder, (II) Approving Bid Protections in Connection Therewith,*
*(III) and Granting Related Relief* [D.I. 624].

8.      On October 16, 2023, the Debtors and the Agent entered into the Agency
Agreement whereby the Debtors seek to retain the Agent pursuant to section 327(a) of the
Bankruptcy Code.  Mot. ¶¶ 18-21.

9.       The Agency Agreement provides, as further described below and subject in all
respects to the terms of the Agency Agreement, that the Debtors will engage the Agent to ready
the Debtors' Rolling Stock Assets for sale and to dispose of the Rolling Stock Assets through
private treaty, online, webcast, or unreserved public auctions to maximize the value of the
Rolling Stock Assets. The Agency Agreement also provides that the Agent may sell the Rolling
Stock Assets from Company Properties, and will remove the remaining Rolling Stock Assets
from Company Properties by no later than six (6) months from the entry of the Order and
transport the Rolling Stock Assets to Agent Properties, at which locations the Agent may
conduct further sales of the Rolling Stock Assets. Mot. ¶ 9.

10.      In addition to the Motion, the Debtors sought to shorten the time for hearing the
Motion[3] [D.I.853] and filed (i) the declaration of Cody Leung Kaldenberg in support of the

---

[3] On October 18, 2023, the Court entered the *Order Shortening the Notice and Objection Period for the*
*Debtors' Motion for Entry of an Order (I) Approving Agency Agreement with Nations Capital, LLC,*
*Ritchie Bros. Auctioneers (America) Inc., IronPlanet, Inc., Ritchie Bros. Auctioneers (Canada) Ltd.*

Motion [D.I. 855] and (ii) the *Notice of Cancellation of Rolling Stock Bid Deadline and Rolling Stock Auction*, by which the Debtors, in light of the entry into the Agency Agreement, elected to cancel the Rolling Stock Bid Deadline and the Rolling Stock Bid Auction. [D.I. 857].

11.     The Debtors also filed the *Declaration of Disinterestedness of Nations Capital LLC, Ritchie Bros. Auctioneers (America) Inc., IronPlanet, Inc., Ritchie Bros. Auctioneers (Canada) Ltd., and IronPlanet Canada Ltd.* [D.I. 856] (the "Agent Declaration").

12.     The Agent Declaration was executed by Jake Lawson on behalf of (i) Ritchie Bros. Auctioneers (America) Inc., (ii) IronPlanet, Inc., (iii) Ritchie Bros. Auctioneers (Canada) Ltd. and (iv) IronPlanet Canada, Ltd., while Jim Burke executed the Agent Declaration on behalf of Nations Capital, LLC (collectively, the "Declarants").

13.     In particular, the Declarants state that Nations Capital, LLC is majority-owned by Gordon Brothers Group, LLC, a large organization with subsidiaries which, in the ordinary course of business, engages in a wide range of activities and transactions, including asset dispositions, appraisals, real estate brokerage and investments. Agent Decl. ¶ 4.

14.     In order to check potential connections with the Debtors and other parties in interest in these chapter 11 cases, the Declarants reviewed the list of parties in interest which the Debtors provided to Agent and its counsel (the "Potential Parties in Interest") to determine whether Agent had any material relationships with the entities identified by the Debtors and its representatives. Agent Decl. ¶ 5.

---

*and IronPlanet Canada Ltd Effective as of October 16, 2023; (II) Authorizing the Sale of Rolling Stock Assets Free and Clear of Liens, Claims, Interests and Encumbrances; and (III) Granting Related Relief.* [D.I. 864].

15.     The Declarants further state that to the extent their inquiry revealed any material connections to certain Potential Parties in Interest, those connections were listed on and described in an attached list labeled "Schedule 1".[4]  Agent Decl. ¶ 5.

16.     The Declarants further assert that, except as otherwise set forth therein, and to the best of each of their knowledge, information, and belief, neither the Agent nor any entity comprising Agent or any employee of each such entity (i) is a creditor, equity security holder or an insider of the Debtors or (ii) is or was, within two years before the Petition Date, a director, officer, or employee of any of the Debtors. In addition, none of the Agent professionals expected to assist the Debtors in these chapter 11 cases is related or connected to any United States Bankruptcy Judge for the District of Delaware, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.  Agent Decl. ¶ 6.

17.     The Declarants further state that as part of its diverse global activities, (i) the Agent may be involved in numerous cases, proceedings, and transactions involving many different entities, attorneys, accountants, investment bankers, financial consultants, or other professionals, some of whom may be or represent claimants and parties in interest in these chapter 11 cases, that (ii) the Agent may have in the past, and may in the future, advised and/or have been represented by several attorneys, law firms, and other professionals, some of whom may be involved in these chapter 11 cases, and that (iii) the Agent may currently, have in the past, and will likely in the future, be working with or against Potential Parties in Interest

---

[4] Schedule 1 listed only six parties.

6

involved in these chapter 11 cases in matters wholly unrelated to these chapter 11 cases.  Agent Decl. ¶ 7.

18.     The Declarants also state that, based upon their current knowledge of the Potential Parties in Interest involved in these chapter 11 cases, and to the best of their knowledge, none of these "business relationships" constitute interests adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders in matters upon which Agent is to be employed, and none are in connection with these chapter 11 cases.  Agent Decl. ¶ 7.

19.     Lastly, the Declarants state that, although reasonable effort has been made to discover the Agent's material connections with the Potential Parties in Interest, they are unable to state with certainty whether every material relationship or connection has been identified and disclosed and whether any of its customers or an affiliated entity of a customer holds a claim or otherwise is a party in interest in these chapter 11 cases.  Agent Decl. ¶ 8.[5]

## LAW, ANALYSIS AND ARGUMENT

20.     This court should deny the Motion because the U.S. Trustee cannot determine whether the Agent has disclosed all connections with the debtor, creditors, and any other party in interest.  Rule 2014(a) provides:

> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter

---

[5] The Declarants state that, to the extent that any new relevant facts or relationships bearing on the matters described herein during the period of the Agent's retention are discovered or arise, the Agent will use reasonable efforts to promptly disclose such facts or relationships by filing a supplemental disclosure with the Court. Agent Decl. ¶ 9.

9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge*, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee*. The application shall be accompanied by a *verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.*

Fed. R. Bankr. P. 2014(a) (emphasis added).

21.     Under Rule 2014(a), a professional seeking to be employed pursuant to sections 327, 1103 or 1114 of the Bankruptcy Code must disclose certain relationships: "The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."  Under Del. Bankr. LR 2014-1(a), the duty of disclosure imposed by Rule 2014(a) is a continuing duty.  "[T]he Bankruptcy Code and Rules impose strict disclosure requirements on professionals seeking to represent debtors and committees."  *In re NNN 400 Cap. Ctr. 16, LLC*, 619 B.R. 802, 809 (Bankr. D. Del. 2020).  "The standards of Rule 2014 are strict standards that demand full compliance and the failure to comply warrants sanctions."  *Id.* at 809.

22.     Section 328(c) of the Bankruptcy Code provides a tool for enforcement of Rule 2014(a)'s continuing duty of disclosure.  Thus, in *In re Leslie Fay Companies*, 175 B.R. 525

(Bankr. S.D.N.Y. 1994), where the debtor's counsel failed to disclose to the court its ongoing

representation of the Audit Committee and its members, the court reduced counsel's

compensation, holding that:

> All facts that may have any bearing on the disinterestedness of a
> professional must be disclosed.  Consistent with the duty placed on the
> professional, it is the responsibility of the professional, not of the court, to
> make sure that all relevant connections have been brought to light.
> [citations omitted].  So important is the duty of disclosure that the failure
> to disclose relevant connections is an independent basis for the
> disallowance of fees or even disqualification. [citations omitted].

175 B.R. at 533.

23.     The court and parties in interest police conflicts through mandatory disclosure of

relationships under Rule 2014(a).  The scope of disclosure is broader than the question of

disqualification; the applicant and the professional must disclose, without exception, all

connections and not merely those that rise to the level of conflicts.  *In re Granite Partners, L.P.*,

219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998).

24.     "Disclosure 'goes to the heart of the integrity of the bankruptcy system.'" *In re

eToys, Inc.*, 331 B.R. 176, 189 (Bankr. D. Del. 2005) (quoting *In re B.E.S. Concrete Prods., Inc.*,

93 B.R. 228, 236 (Bankr. E.D. Cal. 1988)).

25.     In *In re Enron Corp.,* No. 02 Civ. 5638 (BSJ), 2003 WL 223455 at *4 (S.D.N.Y.

2003), the court observed: "The purpose of Rule 2014(a) is to provide the court and the United

States trustee with information to determine whether the professional's employment is in the best

interests of the estate."  For that reason, the duty of disclosure is not merely critical, it is

sacrosanct.  *eToys,* 331 B.R. at 189.

26.    The professional must disclose all connections; he may not pick and choose which connections to disclose and which to ignore as unimportant or trivial. *In re Jore Corporation*, 2003 WL 22048517, \*20 (Bankr. D. Mont. July 28, 2003). The reason is simple: "[t]he decision as to what facts may be relevant should not be left up to the professional, 'whose judgment may be clouded by the benefits of potential employment.'" *In re Fibermark, Inc.*, 2006 WL 723495 at \*8 (Bankr. D. Vt. March 11, 2006) (quoting *In re Lee*, 94 B.R. 172, 177 (Bankr. C.D. Cal. 1988)). The professional may not leave the court or other parties-in-interest to search the record for such relationships or otherwise to ferret them out. *See In re BH & P, Inc.*, 949 F.2d 1300, 1317-18 (3d Cir. 1991). "[C]omplete and candid disclosure . . . is indispensable to the court's discharge of its duty to assure the [professional's] eligibility for employment under section 327(a)[.]" *eToys*, 331 B.R. at 189.

27.    Disclosure must be complete; the professional cannot coyly provide some information while withholding the true nature of the potential or actual conflict. *See In re BH&P, Inc.*, 119 B.R. 35, 44 (D. N. J. 1990), *aff'd,* 949 F.2d 1300 (3d Cir. 1991) (indicating the duty to disclose requires "maximum disclosure") (quoting *In re Glenn Electric Sales Corp*., 99 B.R. 596, 600 (D. N. J. 1988)). It is the responsibility and duty of the professional, however, and not the court, to make sure all "connections" have been disclosed. *Leslie Fay Cos.,* 175 B.R. at 533. "Absent the spontaneous, timely and complete disclosure required by section 327(a) and Fed. R. Bankr. P. 2014(a), court appointed counsel proceed at their own risk." *Rome v. Braunstein,* 19 F.3d 54, 59 (1st Cir. 1994).

28.     The purpose behind Bankruptcy Rule 2014(a) is to ensure that all facts relevant to a party's professional qualification are before the court so the bankruptcy court can determine whether the connections disqualify the applicant or if further inquiry into the matter is required. "The professional's duty to disclose is self-policing." *Granite Partners,* 219 B.R. at 35.  It is not the duty of the court, the U.S. Trustee, or any other party to search beyond the Rule 2014(a) disclosures for the existence of connections that a professional seeking to be employed should have disclosed.  Full disclosure of any and all connections to a creditor or other party-in-interest is the affirmative duty of the professional seeking employment.  The duty to disclose all possible connections is so vital to the bankruptcy process that failure to do so is an independent basis for the disallowance of fees. *See In the Matter of Roger J. Au & Son, Inc.,* 71 B.R. 238, 252 (Bankr. N.D. Ohio 1986); *In re Tinley Plaza Associates, L.P.*, 142 B.R. 272, 278 (Bankr. N.D. Ill.1992).[6]

29.     In the instant cases and as discussed above, the Declarants merely reviewed the list of Potential Parties in Interest to determine whether Agent had any "material relationships" with the entities identified by the Debtors and its representatives. Agent Decl. ¶ 5.  There is no

---

[6] Although Bankruptcy Rule 2014's primary purpose is to facilitate compliance with section 327 and 1103, the rule is much broader than section 327 and 1103. "The disclosure requirements of Rule 2014(a) are broader than the rules governing disqualification, and an applicant must disclose all connections regardless of whether they are sufficient to rise to the level of a disqualifying interest under Section 327(a)." *In re Am. Int'l Ref., Inc.*, 676 F.3d 455, 465 (5th Cir. 2012) (citing *In re Cornerstone Prods., Inc.*, 416 B.R. 591, 608 (Bankr. E.D. Tex. 2008) (stating that "all" connections must be disclosed). The burden of adequate disclosure rests with Moelis & Co. LLC alone, and it is not the job of the Court, creditors, or parties in interest to wrestle this information from proposed professionals.  "Fed. R. Bankr. P. 2014 is not intended to condone a game of cat and mouse where the professional seeking appointment provides only enough disclosure to whet the appetite of the UST, the court or other parties in interest, and the burden shifts to those entities to make inquiry in an effort to expand the disclosure." *In re Matco Elec. Grp, Inc.*, 383 B.R.848, 853-54 (Bankr. N.D.N.Y. 2008).

evidence that the Declarants searched any internal records or databases of and among the several entities that comprise the Agent to ascertain if these entities and their affiliates have any connections with the Potential Parties in Interest.  There is no light shed upon the specific inquiry made, if any, by the Declarants, let alone the method(s) for conducting such an inquiry.  The lack of a detailed description regarding the scope of the Agent's searches raises the questions of whether the Declarants reviewed the Agents' collective records or databases, whether any portion of those records were omitted or excluded from the search, and whether connections of the Agent's affiliates were searched.

30.    Additionally, the Declarants' review appears by the text of the declaration(s) to be limited to their individual knowledge alone, which is insufficient given the ostensible relationships between and among the entities that comprise the Agent and their connection to Gordon Brothers Group, LLC[7], the majority owner of Nations Capital, LLC and a ". . . a large organization with subsidiaries which, in the ordinary course of business, engages in a wide range of activities and transactions, including asset dispositions, appraisals, real estate brokerage and investments". Agent Decl. ¶ 4.

31.    The Agent's structure and the tacit existence of the Agent's affiliated entities encompassing an apparent but undisclosed web of companies, affiliates, and other related entities that engage in a multitude of activities and transactions, including investments, require further explanation and disclosure.  All, some, or none of these entities may have connections that this

---

[7] See also https://www.gordonbrothers.com/about-us/.

Court, other parties in interest, and the U.S. Trustee need to know in order to make an informed decision about whether the Agent's employment is conflict-free and ultimately in the best interest of the Debtors' estates.  Conclusory statements concerning disinterestedness and a lack of any interest adverse to the Debtors' estates are not helpful in understanding the scope of the connections check conducted by the Declarants, and such blanket statements made by the Declarants are insufficient to fully comply with the "strict standards" of Rule 2014.  *See NNN Cap.,* 619 B.R. at 809.

32.     The Declarants' statements that none of the Agent's "business relationships" constitute interests adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders in matters upon which Agent is to be employed, and that none of the identified relationships are connected with these chapter 11 cases, are of questionable reliability when there is no description in the record that a comprehensive, exhaustive search was conducted to support such statements.  The Declarants admit that, although reasonable effort has been made to discover Agent's "material connections" with the Potential Parties in Interest, they are unable to state with certainty whether every material relationship or connection has been disclosed and whether any of Agent's customers (or an affiliated entity of a customer) holds a claim or otherwise is a party in interest in these chapter 11 cases.  Agent Decl. ¶ 8.

33.     Rule 2014(a) requires that the Agent disclose its connections with the debtor, creditors, any other party in interest, and others listed therein.  Simply put, it is unclear whether the Declarants have performed a fulsome search for connections the Agent entities and their

affiliates because the scope of the search(es) performed has not been described in detail.[8]  Absent a comprehensive search for connections the Agent entities and their affiliates have with potential parties in interest in these cases, it is also unclear whether the Agent qualifies for employment under section 327(a) of the Bankruptcy Code.

34.      The U.S. Trustee reserves any and all of his rights, remedies and obligations found at law, equity or otherwise, including, *inter alia*, the right to complement, supplement, augment, alter, substitute and/or modify this Objection, to file an appropriate motion, complaint or action, or to take any further action as may be required or to conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent.

---

[8] The Agent should identify the other affiliates and explain where they fit in the corporate structure to facilitate review of the disclosed connections.

WHEREFORE, for all the above-stated reasons, the United States Trustee respectfully requests that Court deny the Motion and/or grant such other relief as this Court deems fair, appropriate, and just.

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 & 9**

Dated: October 26, 2023    By:    /s/*Richard L. Schepacarter*
Richard L. Schepacarter
Jane M. Leamy (#4113)
Trial Attorneys
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 fax
Richard.Schepacarter@usdoj.gov
Jane.M.Leamy@usdoj.gov