IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| YELLOW CORPORATION., *et al.* [1] | § | Case No. 23-11069 (CTG) |
| | § | |
| Debtors. | § | |
| | § | |

**BNSF RAILWAY COMPANY'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING AGENCY AGREEMENT WITH NATIONS CAPITAL, LLC, RITCHIE BROS. AUCTIONEERS (AMERICA) INC., IRONPLANET, INC., RITCHIE BROS. AUCTIONEERS (CANADA) LTD., AND IRONPLANET CANADA LTD. EFFECTIVE AS OF OCTOBER 16, 2023; (II) AUTHORIZING THE SALE OF ROLLING STOCK ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (III) GRANTING RELATED RELIEF**

BNSF Railway Company ("BNSF") files this limited objection and reservation of rights (the "Limited Objection") to the Debtors' motion seeking authority to sell the Rolling Stock Assets free and clear of liens, claims, interests, and encumbrances [Docket No. 852] (the "Rolling Stock Sale Motion").[2] In support of the Limited Objection, BNSF respectfully represents as follows:

1.  BNSF and Debtor YRC Enterprise Services, Inc. are parties to a services agreement entitled YRC Worldwide Enterprise Service, Inc./BNSF Rail Contract BNSF Agreement #L55 (as amended and modified from time to time, the "Yellow/BNSF Contract"). Pursuant to the terms and conditions of the Yellow/BNSF Contract, BNSF provides services to the Debtors, including rail transportation, shipping, and storage services for certain of the Rolling Stock Assets identified in the Debtors' Rolling Stock Sale Motion.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined in this Limited Objection shall have the meanings set forth in the Rolling Stock Sale Motion.

1

2. The Yellow/BNSF Contract outlines the Debtors' payment obligations, including the Debtors' obligation to pay BNSF for fees related to storing certain Rolling Stock Assets. There are approximately $144,340.00 in prepetition storage fees owed, and approximately $2,076,824.00 in postpetition storage fees incurred to date (collectively, the "Storage Fees"). The postpetition Storage Fees continue to accrue daily for the Debtors' units stored at BNSF's intermodal storage facilities, including the Rolling Stock Assets stored in California and Illinois.

3. Pursuant to the applicable state statutes in California and Illinois, BNSF maintains carrier's liens perfected by possession on (i) certain Rolling Stock Assets covered by the BNSF bills of lading or (ii) on the proceeds thereof for charges incurred after the date of BNSF's receipt of certain Rolling Stock Assets for storage and/or transportation (the "BNSF Lien"). 810 ILCS 5/7–307; CAL. COMM. CODE. § 7307.

4. Illinois originally recognized a lien for common carriers, which is a lien on goods delivered for carrier. *Shumacher v. Chicago & N.W. Ry. Co.*, 69 N.E. 825 (Ill. 1904); *Gregg v. Illinois Cent. R.R. Co.*, 35 N.E. 343 (Ill. 1893). Chapter 819 Section 5/7–307 of the Illinois Code codified the carrier's lien, adopting language from Section 7–307 of the Uniform Commercial Code. The Illinois statute provides the following:

> (1) A carrier has a lien on the goods covered by a bill of lading for charges subsequent to the date of its receipt of the goods for storage or transportation (including demurrage and terminal charges) and for expenses necessary for preservation of the goods incident to their transportation or reasonable incurred in their sale pursuant to law.

10 ILCS § 5/7–307(1). The Illinois carrier's lien is effective against the consignor or any person entitled to the goods unless the carrier had notice that the consignor lacked authority to subject to the goods to such charges and expenses. *Id.* at § 5/7–307(2). The lien is lost when the carrier voluntarily delivers the goods or unjustifiably refuses to do so (such as for

2

the purpose of maintaining the lien). *See id*. at § 7–307(3); *see also Navistar Fin. Corp. v. Allen's Corner Garage*, 505 N.E. 2d 1321, 1325 (Ill. Ct. App. 1987) (denying carrier's lien for storage charges because the carrier retained and stored the vehicle for *no reason other than to be able to insist on its lien rights*).

5. Similarly, Section 7307 of the California Commercial Code provides for the following carrier's lien:

(a) A carrier has a lien on the goods covered by a bill of lading or on the proceeds thereof in its possession for charges after the date of the carrier's receipt of the goods for storage or transportation, including demurrage and terminal charges, and for expenses necessary for preservation of the goods incident to their transportation or reasonably incurred in their sale pursuant to law. However, against a purchaser for value of a negotiable bill of lading, a carrier's lien is limited to charges stated in the bill or the applicable tariffs or, if no charges are stated, a reasonable charge.

(b) A lien for charges and expenses under subdivision (a) on goods that the carrier was required by law to receive for transportation is effective against the consignor or any person entitled to the goods unless the carrier had notice that the consignor lacked authority to subject the goods to those charges and expenses. Any other lien under subdivision (a) is effective against the consignor and any person that permitted the bailor to have control or possession of the goods unless the carrier had notice that the bailor lacked authority.

(c) A carrier loses its lien on any goods that it voluntarily delivers or unjustifiably refuses to deliver.

CAL. COMM. CODE § 7307 (current through Ch. 888 of 2023 Reg. Sess.); s*ee also Olsen v. Santa Barbara's Gracious Living, Inc.*, 103 Cal. App. 4th 1377, 1382–83 (Cal. Ct. App. [2d Dist. Div. 6] 2022) (explaining carrier's liens under California law and holding carrier had a lien for unpaid transport and storage fees).

## LIMITED OBJECTION

6. BNSF files this Limited Objection to protect its rights in connection with the BNSF Lien on the Debtors' Rolling Stock Assets that are the subject of the Rolling Stock Sale Motion.

The Debtors and BNSF have been engaged in ongoing discussions, and are actively working to reach a consensual resolution of the issues raised in this Limited Objection prior to the hearing on the Rolling Stock Sale Motion.

7. Section 363(e) of the Bankruptcy Code provides, "[n]otwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property …proposed to be…sold…the court, with or without a hearing, shall prohibit or condition such…sale…as is necessary to provide adequate protection of such interest. The modifications to any order granting the Rolling Stock Sale Motion requested by BNSF pursuant to this Limited Objection are necessary to provide adequate protection of BNSF's interest in the applicable Rolling Stock Assets.

8. Among other issues that may be raised by BNSF at the hearing on the Rolling Stock Sale Motion, BNSF hereby requests that any order granting the Rolling Stock Sale Motion be modified to provide or clarify that: (i) BNSF's possessory lien rights are not extinguished by virtue of the Debtors' removing Rolling Stock Assets from BNSF's storage locations in connection with the proposed sales; (ii) BNSF should either be paid outstanding Storage Fees in full or the BNSF Lien should attach to the proceeds of the sales of applicable Rolling Stock Assets; and (iii) BNSF should be allowed a reasonable opportunity to exercise rights, if necessary, with respect to the BNSF Lien prior to such proceeds being paid to the Debtors' secured lenders.

## RESERVATION OF RIGHTS

9. BNSF expressly reserves, and does not waive, any objections, claims, defenses, or other rights of any kind, relating to the Rolling Stock Sale Motion or the form and substance of the proposed order granting the Rolling Stock Sale Motion. BNSF further reserves the right to payment of postpetition portion of the Storage Fees as an administrative expense claim. *See* 11

U.S.C. § 503(b)(1)(A); *see also In re Patient Educ. Media, Inc.*, 221 B.R. 97 (Bankr. S.D.N.Y. 1998) (holding claimant entitled to administrative expense priority where debtor knowingly and willingly uses claimant's property during the postpetition period to store estate assets); *In re MTE Holdings LLC, et al.*, Case No. 19-12269 (CTG) (Bankr. D. Del. June 2, 2021) [Docket No. 2202] (explaining that the "benefit to the estate" component of administrative expense priority entitlement requires the potential for enhanced value or other estate benefit, not an actual increase in the debtor's profit, revenue, or competitive position).

**NOTICE**

10.     Notice of this Limited Objection will be provided via electronic mail to counsel to the Debtors and the Office of the United States Trustee, and via CM/ECF to all parties authorized to receive electronic notices in these cases.

**CONCLUSION**

WHEREFORE, BNSF respectfully requests that this Court modify the form of any order granting the Rolling Stock Sale Motion to provide or clarify that: (i) BNSF's possessory lien rights are not extinguished by virtue of the Debtors' removing Rolling Stock Assets from BNSF's storage locations in connection with the proposed sales; (ii) BNSF should either be paid outstanding Storage Fees in full or the BNSF Lien should attach to the proceeds of the sales of applicable Rolling Stock Assets; and (iii) BNSF should be allowed a reasonable opportunity to exercise rights, if necessary, with respect to the BNSF Lien prior to such proceeds being paid to the Debtors' secured lenders. BNSF respectfully requests any such other and further relief to which the Court determines it is entitled to at law or in equity.

ME1 46507738v.1

Dated: October 26, 2023
Wilmington, DE

**MCCARTER & ENGLISH, LLP**

By: /s/ *Kate R. Buck*
Kate R. Buck (#5140)
The Renaissance Centre
405 North King Street, 8th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6300
Facsimile: (302) 984-6399
Email: kbuck@mccarter.com

**-and-**

Ian T. Peck
State Bar No. 24013306 (TX)
Davi L. Staab (*pro hac vice* pending)
State Bar No. 24093194 (TX)
Jordan Chavez
State Bar No. 24109883 (TX)
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Telephone: 214.651.5000
Facsimile: 214.651.5940
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com
Email: jordan.chavez@haynesboone.com

*Attorneys For BNSF Railway Company*