# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Hearing Date: November 13, 2023 at 10:00 a.m. EST |
| _____ | ) Objection Deadline: November 6, 2023 at 4:00 p.m. EST |

## MOTION OF SEUNG CHUNG FOR ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Seung Chung ("Movant"), by and through undersigned counsel, hereby moves this Court, (the "Motion"), pursuant to section 362(d) of title 11 of the United States Code, for entry of an order modifying the automatic stay of 11 U.S.C. §362(a) to allow Movant to prosecute his claims against Debtors YRC, Inc. and/or Yellow Corporation and/or USF Holland[2] to judgment outside bankruptcy court and satisfy any award or other resolution he may obtain against the Debtors' applicable insurance policies and any other responsible individual or entity.

In support of this Motion, the Movant respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

[2] YRC, Inc. was listed as the owner of the vehicle, but a claims adjustor who contacted Movant prior to the petition date identified the insured as "YRC Worldwide - USF Holland"  See Exhibit A.  USF Holland listed Movant's claim on its schedules.

1

4.    The statutory predicates for the relief requested herein are Sections 362 of the Bankruptcy Code and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5.    Prior to the Petition Date, on or about April 17, 2023, Movant became involved in an accident with a vehicle owned and/or operated by one or more of the Debtors on Willow Road near the intersection of Greenwood Road in Northbrook, Illinois, in which Movant incurred property damage, serious personal injury, great physical pain, and mental anguish. The opposing vehicle involved in the accident was driven by Curtis Turner, owned by Debtor YRC Inc. and insured by Old Republic Insurance Company. See Exhibit A.

6.    On August 6, 2023 and continuing on August 7, 2023 (the "Petition Date"), Yellow Corporation and twenty three (23) affiliated companies (including YRC, Inc., Yellow Corporation and USF Holland) each filed petitions in the United States Bankruptcy Court for the District of Delaware seeking relief under chapter 11 of the United States Bankruptcy Code.

7.    Movant understands that the Debtors will not incur expenses as a result of granting Movant relief because the Debtors' litigation expense and exposure are covered by applicable insurance policies. The Illinois Traffic Crash Report lists YRC Inc. as the vehicle owner and Old Republic Insurance Company as the insurer. See Exhibit A.

## BASIS FOR RELIEF REQUESTED

8.    Through this Motion, Movant seeks the entry of an order pursuant to section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief so that he may prosecute his claims to judgment outside bankruptcy court and satisfy any award or

other resolution they may obtain against the Debtors' applicable insurance policies and any other responsible individual or entity.

9. Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay….
>
>> (1) For cause, including lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1). The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 547, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often...examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

10. Courts regularly follow the logic of the intent behind § 362(d), which is that it is often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009)(quoting legislative history of § 362(d)) (internal citations omitted).

11. As this Court has explained:

> The legislative history indicates that cause may be established by a single factor such as "a desire to permit an action to proceed in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case."
>
> The legislative history to Section 362(d)(1) emphasizes the section's applicability to proceedings in another tribunal. "It will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere."

*Rexene Prods..* 141 B.R. at 576 (*quoting* H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)).

12. Courts also generally lift the stay to allow personal injury actions to proceed to state court where the Debtor has liability coverage for defense costs and any resulting judgment. See *Matter of Holtkamp* (7th Cr. 1982 669 F.2d. 505, 508). In *Holtkamp* the court held that allowing a personal injury action against the debtor to proceed did not bar the debtor where the debtor's insurance company had "assumed full financial responsibility for defending that litigation." See also, *Foust v. Munson S.S. Lines,* (1936) 229 U.S. 77, 87-88, in which the court allowed a wrongful death action against a bankrupt defendant to proceed despite the stay, stating that plaintiff was "entitled to maintain an action against the insurer for the amount of his judgment but not exceeding the amount of insurer's liability to the debtor under the policy." See also, *In re Adolf Gobel, Inc.,* 89 F.2d 171 (2d Cir.1937); *In re Winterland,* 101 B.R. 547 (C.D. Ill 1988); *In re Honosky,* 6 B.R. 667, 669 (Bankr.S.D.W.Va.1980).

13. Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

(1) prejudice to the estate or the debtor, (2) hardship to the moving party resulting from maintenance of the stay weighed against hardship to the debtor, and (3) probability of success of the moving party on the merits. *Trump Entm't Resorts, Inc.*, 526 B.R. 116, 120-21 (Bankr. D. Del. 2015) (citing *Izzrelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992)).

14. Here, the facts weigh in Movant's favor on each of these three prongs. First, the Debtors will not suffer prejudice should the stay be lifted because Movants' personal injury action will proceed outside of bankruptcy court where the Debtors have liability coverage for defense costs and any resulting judgment.

Furthermore, to the extent the Debtors' liability to the Movants is covered by insurance policies, any recovery by Movants will not affect or in any way prejudice the Debtor's estate. See *In re 15375 Memorial Corp.,* 382 B.R. 652 687 (Bankr. D. Del 2008), rev'd on other grounds, 400 B.R. 420 (D. Del. 2009) ("[W]hen a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate," (quoting In re Edgeworth, 993 F.2d 51, 55-56 (5th Cir. 1993)); see also In re Allied Digital Tech Corp., 306 B.R. 505, 510 (Bankr. D. Del. 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy). "[W]hen the debtor has no legally cognizable claims to the insurance proceeds, those proceeds are not the property of the estate." *In re Edgeworth,* 993 F.2d 51,55-56 (5th Circ. 1993).

15. Second, the Movants will face substantial hardship if the stay is not lifted. The Movant is a resident of Illinois and the events which form the basis of Movants' claims occurred exclusively in Illinois. If the Movant is forced to litigate his claims in Delaware, he would incur the increased expense of bringing himself, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources." *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990). Here, judicial economy would be served by lifting the automatic stay and allowing Movant's claims to be liquidated in the forum where they are presently postured to be adjudicated quickly. Moreover, the Debtors will not suffer any hardship if the Movants' claims are allowed to proceed. Movants' claim are a garden variety personal injury claim which does not present any factual or legal issues which will impact or distract the Debtors from their reorganizing process.

21. Third, the likelihood of success on the merits prong is satisfied, as "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re*

*Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs heavily in Movant's favor. In addition, this Court has broad jurisdiction to supervise the administration of claims, but claims arising from personal injury are expressly excluded. 28 U.S.C. § 157(b)(5). Therefore, the usual purpose of providing a "central forum to adjudicate claims against the Debtors," see, e.g., 15375 *Memorial Corp. v. Bepco, LP* (*In re 15375 Memorial Corp.*), 589 F.3d 605, 622 (3rd Cir. 2009), does not apply to Movants' claims.

22. When weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute his claims against the Debtor(s) to judgment in state court and to satisfy any award or other resolution he may obtain against the Debtor(s) from the proceeds of any applicable insurance policies.

23. Movant believes that relief granted in connection with this Motion will have no meaningful effect on the administration of these cases and Movant respectfully submits that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed.R.Bankr.P. 4001(a)(3).

## CONCLUSION

**WHEREFORE**, the Movant respectfully requests entry of an Order in substantially the form attached as Exhibit A, and for such further additional relief as may be just and proper under the circumstances.

DATED: October 27, 2023    BY:   /s/ *James Tobia*
James Tobia (#3798)
*The Law Office of James Tobia, LLC*
1716 Wawaset Street
Wilmington, DE  19806
(302) 655-5303
*Attorney for Movant Seung Chung*