# **EXHIBIT A**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
|  | (Jointly Administered) |
| Debtors. | Ref. Docket No. __ |

**ORDER APPROVING THE JOINT
STIPULATION BY AND AMONG THE DEBTORS
AND EAST WEST BANK (I) GRANTING RELIEF FROM
THE AUTOMATIC STAY AND (II) REJECTING CERTAIN LEASE AGREEMENTS**

Upon consideration of the filed *Certification of Counsel Regarding Joint Stipulation By and Among the Debtors and East West Bank (I) Granting Relief from the Automatic Stay and (II) Rejecting Certain Lease Agreements* (the "Certification of Counsel") and the *Joint Stipulation By and Among the Debtors and East West Bank (I) Granting Relief from the Automatic Stay and (II) Rejecting Certain Lease Agreements* (the "Stipulation"),[2] by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors") and East West Bank ("East West," and together with the Debtors, the "Parties"), attached to this order (this "Order") as **Exhibit 1**; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution;

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation.

5

and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Stipulation; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Stipulation shall be effective immediately upon entry of this Order.

3. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting but not requiring East West, its agents or assigns to take possession of the Equipment from the Debtors' premises, any other location owned or leased by the Debtors, or any other location where the Equipment may be located, to dispose of the Equipment, to otherwise exercise its rights and remedies under the Lease Agreement, and to apply the proceeds of said disposition to the Debtors' indebtedness under the Lease Agreement, all without further notice or order of the Court.

4. To the extent necessary, the Lease Agreement (including the Master Lease and all related Schedules) is hereby deemed to be rejected as of the date of entry of this Order.

5. Any claim for rejection damages by East West shall constitute a prepetition general unsecured claim in the Debtors' chapter 11 cases and East West shall be required to file a proof of claim by the date set forth in any applicable order by the Court setting forth a bar date for the filing of proofs of claim or as otherwise set forth in a confirmed chapter 11 plan.

6. Neither East West nor the Debtors shall seek to recover from each other any costs, fees, expenses or charges associated with the transfer of possession of the Equipment or otherwise

performing under the Stipulation or any amounts relating to the subsequent disposition or deconstruction of the Equipment thereafter and neither party shall have any further obligation to the other under the Lease Agreement except as set forth herein.  Notwithstanding anything contained in the Stipulation or this Order, East West's right to seek reimbursement of such fees and costs as a component of any general unsecured claim are fully preserved.  The Debtors and other parties in interest shall have the right to oppose any such general unsecured claim.

7. East West shall not seek an administrative expense claim for costs and attorneys' fees incurred in connection with taking possession of the Equipment or otherwise entering into and performing under the Stipulation or this Order, and each side shall bear its own legal fees and expenses in connection with such performance.  Notwithstanding anything contained in the Stipulation or this Order, East West's rights to seek reimbursement of such fees and costs as a component of its general unsecured rejection damages claim shall not be waived.  The Debtors and other parties in interest shall have the right to oppose any such rejection damages claim.

8. Notwithstanding anything contained in this Stipulation or Order, East West shall have the right to assert an administrative expense claim for any loss or damage which has occurred to the Equipment post-petition and while in the care and custody of the Debtors, if any, excepting any damage which may be caused by East West and its agents during the recovery of the Equipment.  The Debtors and other parties in interest shall have the right to oppose any such administrative claim.

9. Notwithstanding Bankruptcy Rule 4001(a)(3), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors and East West are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate and implement the terms and provisions of the Stipulation.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

**Exhibit 1**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |

### JOINT STIPULATION
### BY AND AMONG THE DEBTORS AND
### EAST WEST BANK (I) GRANTING RELIEF FROM
### THE AUTOMATIC STAY AND (II) REJECTING CERTAIN LEASE AGREEMENTS

This joint stipulation ("Stipulation") is made and entered into by and among (a) YRC Enterprise Services, Inc. and the other debtors in possession in the above-captioned chapter 11 cases (the "Debtors")[2], and (b) East West Bank ("East West" or the "Lessor," and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

### RECITALS

WHEREAS, on August 6, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes. The Debtors are managing

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").

10

their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on or about August 17, 2016, East West, as lessor, and Debtor YRC Enterprise Services, Inc. ("YRC"), as lessee, entered into that certain *Master Lease Agreement* (as the same has been amended, restated, amended and restated, supplemented, revised, and otherwise modified from time to time, and together with all schedules and attachments thereto, the "Master Lease"), pursuant to which certain equipment was leased by East West to YRC;

WHEREAS, in connection with the execution of the Master Lease, Debtor YRC Worldwide, Inc. (n/k/a Debtor Yellow Corporation), executed a *Guaranty*, dated as of August 17, 2016, in favor of East West with respect to YRC's obligations under the Master Lease (the "Guaranty");

WHEREAS, thereafter, as provided by the terms and conditions of the Master Lease, East West, as lessor, entered into multiple leases and related schedules with YRC and certain of its affiliates, including that certain schedule dated as of December 28, 2018 between and among Debtor USF Reddaway Inc. and East West (the "Schedule" and together with the Master Lease and the Guaranty, the "Lease Agreement"), pursuant to which East West agreed to lease to the Debtors not less than 104 trailers and 30 lift gates (collectively, the "Equipment");

WHEREAS, the Debtors have notified East West that the Debtors do not intend to assume or assign the Lease Agreement in connection with the Debtors' chapter 11 cases;

WHEREAS, East West has indicated to the Debtors its desire to retrieve and take possession of the Equipment;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to permit East West to retrieve and take possession of the Equipment, effective as of the date of entry of an Order of this Court approving this Stipulation;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to reject the Lease Agreement, effective as of the date of entry of an Order of this Court approving this Stipulation, to the extent necessary;

WHEREAS, East West has agreed to such rejections, to the extent necessary; and

WHEREAS, the Debtors consent to lift the automatic stay imposed by section 362 of the Bankruptcy Code on the terms and conditions set forth in this Stipulation for the exclusive purposes of allowing East West to take possession of the Equipment, to dispose of the Equipment, and to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement, all without further notice or order of the Court.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED as follows:

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting but not requiring East West, its agents or assigns to take possession of the Equipment from the Debtors' premises, any other location owned or leased by the Debtors, or any other location where the Equipment may be located, to dispose of the Equipment, to otherwise exercise its rights and remedies under the Lease Agreement, and to apply the proceeds of said disposition to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court. Nothing herein shall be construed to require East West to take possession of any Equipment which, in its discretion, East West deems to be damaged, destroyed or inoperable. If East West exercises its discretion not to take possession of any such Equipment it deems to be damaged, destroyed or inoperable, East West will release the title certificate(s) to said Equipment to the Debtors.

3. Each of the Parties shall use commercially reasonable efforts to cooperate and coordinate with respect to the logistics of East West's repossession of the Equipment.

4. To the extent necessary, the Lease Agreement is hereby deemed to be rejected as of the date of entry of an Order of this Court approving this Stipulation, and East West consents to such rejection. Any claim for rejection damages by East West shall constitute a prepetition general unsecured claim in the Debtors' chapter 11 cases and East West shall be required to file a proof of claim by the date set forth in any applicable order of the Court setting a bar date for the filing of proofs of claim or as otherwise set forth in a confirmed chapter 11 plan.

5. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

6. Neither East West nor the Debtors shall seek to recover from each other any costs, fees, expenses, or charges associated with the transfer of possession of the Equipment or otherwise performing under this Stipulation or any amounts relating to the subsequent disposition or deconstruction of the Equipment thereafter and neither party shall have any further obligation to the other under the Lease Agreement except as set forth herein. Notwithstanding anything contained in this Stipulation or the Order (as defined below), East West's right to seek reimbursement of such fees and costs as a component of any general unsecured claim are fully preserved. The Debtors and other parties in interest shall have the right to oppose any such general unsecured claim.

7. East West shall not seek an administrative expense claim for costs and attorneys' fees incurred in connection with taking possession of the Equipment or otherwise entering into and performing under this Stipulation or the Order (as defined below), and each side shall bear its own legal fees and expenses in connection with such performance. Notwithstanding anything contained in this Stipulation or the Order, East West's rights to seek reimbursement of such fees

and costs as a component of its general unsecured rejection damages claim shall not be waived. The Debtors and other parties in interest shall have the right to oppose any such rejection damages claim.

8. Notwithstanding anything contained in this Stipulation or the Order, East West shall have the right to assert an administrative expense claim for any loss or damage which has occurred to the Equipment post-petition and while in the care and custody of the Debtors, if any, excepting any damage which may be caused by East West and its agents during the recovery of the Equipment. The Debtors and other parties in interest shall have the right to oppose any such administrative claim.

9. Neither this Stipulation, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith, or (c) to prove that the automatic stay has been modified in accordance with the terms of this Stipulation.

10. This Stipulation is subject to the approval of the Court and shall be effective upon entry of an order approving this Stipulation by the Court (the "<u>Order</u>").  The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

11. The Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

**STIPULATED AND AGREED TO THIS 30th DAY OF OCTOBER 2023:**

Dated: October 30, 2023
Wilmington, Delaware

*/s/    Laura Davis Jones*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | Whitney Fogelberg (admitted *pro hac vice*) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |
| Wilmington, Delaware 19801 | Telephone:    (312) 862-2000 |
| Telephone:    (302) 652-4100 | Facsimile:    (312) 862-2200 |
| Facsimile:    (302) 652-4400 | Email:    patrick.nash@kirkland.com |
| Email:    ljones@pszjlaw.com | david.seligman@kirkland.com |
| tcairns@pszjlaw.com | whitney.fogelberg@kirkland.com |
| pkeane@pszjlaw.com | |
| ecorma@pszjlaw.com | -and- |

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

*/s/    Erin R. Fay*

Erin R. Fay (DE Bar No. 5268)
Catherine C. Lyons (DE Bar No. 6854)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
222 Delaware Avenue, Suite 800
Wilmington, Delaware 19801
Telephone: (302) 304-7600
Emails: efay@wsgr.com
            clyons@wsgr.com

*Counsel to East West Bank*