**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Yellow Corporation, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |
| | ) | Hearing Date:  November 13, 2023 at 10:00 a.m. |
| | ) | Objection Deadline: November 6, 2023 at 4:00 p.m. |

**AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND**
**INDUSTRY PENSION FUND AND THE AUTOMOBILE MECHANICS' LOCAL 701**
**UNION AND INDUSTRY WELFARE FUND'S ROUTINE MOTION**
**FOR RULE 2004 EXAMINATION OF THE DEBTORS**

NOW COME the Movants, the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund ("Pension Fund") and the Automobile Mechanics' Local 701 Union and Industry Welfare Fund ("Welfare Fund") (collectively the "Trust Funds" or "Movants"), by and through their undersigned counsel, and pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 2004") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), move this Honorable Court for entry of an Order, substantially in the form attached hereto as **Exhibit 1**, directing the Debtors, Yellow Corporation ("Yellow"), and its subsidiaries YRC, Inc. ("YRC") and USF Holland, LLC ("USF") (collectively, the "Debtors") to produce documents in response to the Rule 2004 Requests (as defined herein). In support of this Motion, the Movants respectfully state as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157, and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). In accordance with Local Rule 9013-1(f), the Movants confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Bankruptcy Rule 2004 and Local Rule 2004-1.

## BACKGROUND

4. On August 6, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court (this "Chapter 11 Case"). The Debtors continue to operate their businesses and manage their properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtors cases are being jointly administered, including the cases of YRC (Case No. 23-11087) and USF (Case No. 23-11079).

6. YRC and USF are bound to the Collective Bargaining Agreement ("CBA") with the Automobile Mechanics Union, Local No. 701, International Association of Machinists & Aerospace Workers, AFL-CIO.

7. Pursuant to 29 U.S.C. § 1059(a)(1), YRC and USF are obligated to maintain books and records that are sufficient to determine the amount of contributions that are due the Movants.

8.      Through the CBA, YRC and USF agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (the "Trust Agreements").

9.      Pursuant to the provisions of the CBA and the Trust Agreements, YRC and USF are required to (i) make monthly reports of the number of weeks worked by its bargaining unit employees and (ii) pay contributions to the Trust Funds for each week that a signatory employee performs any work at the negotiated rate set forth in the CBA. The monthly reports and contributions during all relevant times were due on or before the 10th day of the calendar month following the calendar month during which the work was performed.

10.     Pursuant to Part I, Article VI, Section 5 of the Pension Fund's Trust Agreement, the Trust Funds' Trustees have the right to "at any time have an audit made by an independent accountant or its representatives of the payroll of any Employer in connection with the said contributions and/or reports." (A copy of the Pension Fund's Trust Agreement is attached as **Exhibit 2**).

11.     The Trust Funds' independent auditor contacted both YRC and USF via U.S. First Class Mail on September 18, 2023 notifying them of their obligation to undergo the payroll compliance audit, along with the specific records requested. (Copies of the letters sent by the Trust Funds' Auditor to the Debtors are attached as **Exhibit 3**).

**RELIEF REQUESTED**

12.     By this Motion, the Movants request entry of an order pursuant to Bankruptcy Rule 2004, in the form attached hereto as **Exhibit 1**, directing the Debtor to produce documents in response to the Rule 2004 Requests (attached as *Exhibit A* to **Exhibit 1**).

**BASIS FOR RELIEF REQUESTED**

13. Bankruptcy Rule 2004 grants the Court broad authority to order examinations and the production of documents. The examination of an entity may permissibly relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

14. Rule 2004(c) of the Federal Rules of Bankruptcy Procedure further provides "…that the production of documentary evidence may be compelled in the manner provided in Rule 9016." Fed. R. Bankr. P. 2004.

15. Rule 2004(a) of the Federal Rules of Bankruptcy Procedure permits a party in interest, such as the Movants, to move the Court for an Order of examination of the Debtor. Fed. R. Bankr. P. 2004.

16. The scope of Bankruptcy Rule 2004 "has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct. Bankruptcy Rule 2004 examinations are "broad and unfettered, and ha[ve] been likened to a fishing expedition or an inquisition." The primary purpose of Bankruptcy Rule 2004 discovery is to show the estate's condition and extent, thus preserving and maximizing the rights and recoveries of creditors. A party seeking authority to use Bankruptcy Rule 2004 must establish good cause for the relief requested.

17. In this Chapter 11 Case, there exists good cause to conduct a Bankruptcy Rule 2004 examination. Specifically, the Trustees of the Trust Funds have a fiduciary obligation to conduct a payroll compliance audit of YRC and USF's payroll books and records to ensure that YRC and

4

USF have properly remitted contributions to the Trust Funds on behalf of their employees, and the employees duly receive the benefits they are entitled to.

18. USF has not reported the weeks worked by its employees during the month of July 2023. Furthermore, the Trust Funds need to review the requested records so they can determine the full extent of the Debtors' liabilities to the Trust Funds, and file a proof of claim in the bankruptcy proceedings.

19. The Rule 2004 Requests are narrowly tailored and are appropriate in scope. The Movants' inquiry falls squarely within the permissible scope of discovery under Bankruptcy Rule 2004 and should be authorized. The Movants reserve the right to seek a further order of the Court in the event that the Movants subsequently determine that additional information is required.

## RESERVATION OF RIGHTS

20. The Movants reserve all rights to bring claims, causes of action, to assert any defenses, and pursue any and all remedies against the Debtor, under all available legal and equitable theories, and nothing herein shall be construed as any waiver of any such claims, causes of actions, defenses, or remedies.

## CERTIFICATION OF COUNSEL

21. Pursuant to Local Rule 2004-1(b), undersigned counsel certifies that, prior to filing this Motion, the Movants, through counsel, attempted to obtain the discovery sought herein on a consensual basis. After submitting letters identifying the information requested on September 18, 2023, the Trust Funds' counsel conferred with the Debtors' counsel about scheduling an audit. While the Debtors' counsel indicated that the Debtors intend to cooperate with the payroll audit, it has been almost 30 days and Debtors have not provided a date certain when any of the records requested will be provided, thus necessitating the filing of this Motion.

## NOTICE

22. The Movants will provide notice of this Motion to the following parties: (i) Debtor's counsel; (ii) the U.S. Trustee; and (iii) all parties appearing in this Chapter 11 Case who have consented to service of notice via the Court's CM/ECF system.

## CONCLUSION

**WHEREFORE**, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, the Movants respectfully requests that this Honorable Court:

A. Grant the Motion and enter an order requiring the Debtor to produce documents responsive to the Rule 2004 Requests; and

B. Grant any other relief this Court deems just and equitable.

Dated: October 30, 2023
Wilmington, DE

**SULLIVAN • HAZELTINE • ALLINSON LLC**

 /s/ William D. Sullivan
William D. Sullivan (No. 2820)
919 North Market Street, Suite 420
Wilmington, DE  19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: bsullivan@sha-llc.com

and

Jeffrey A. Krol, Esq.
**JOHNSON & KROL, LLC**
311 S. Wacker Dr., Suite 1050
Chicago, Illinois 60606
(312) 757-5465
krol@johnsonkrol.com

*Counsel for the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund and the Automobile Mechanics' Local 701 Union and Industry Welfare Fund*