# Exhibit 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Yellow Corporation, *et al.*, | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors | ) | (Jointly Administered) |

**ORDER DIRECTING DEBTORS TO**
**PRODUCE DOCUMENTS IN RESPONSE TO RULE 2004 REQUESTS**

Upon the Motion for Leave to Conduct a Rule 2004 Examination (the "Motion") and for entry of an order pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 directing the Debtors YRC and USF produce documents in response to the Rule 2004 Requests filed by the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund and the Automobile Mechanics' Local 701 Union and Industry Welfare Fund (collectively the "Trust Funds" or "Movants"), and this Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and upon consideration of the Motion; and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and finding that adequate notice of the Motion having been given; and it appearing that no other or further notice need be given; and the Court finding that Bankruptcy Rule 2004 examination of the Debtor is appropriate for the reasons set forth in the Motion, and that the time for compliance with the Rule 2004 Requests is reasonable; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

    1.    The Motion is GRANTED to the extent set forth herein.

2. The Debtor shall respond to the Rule 2004 Requests (attached here to as **Exhibit A**) and produce the requested documents to the Trust Funds' auditors on or before thirty (30) days after the date of this Order.

3. The Trust Funds' auditors' contact information is below:

> Mr. Kevin Perna
> MacNell Accounting & Consulting, LLP
> 1153 S. Lee St., Unit 137
> Des Plaines, Illinois 60016
> (630) 989-8926
> kperna@macnell.cpa

4. The Movants are authorized and empowered to take any and all actions necessary to implement the terms of this Order.

5. The Movant's rights are reserved to request of the Debtor additional discovery and/or examination, including, without limitation, requests based on any information that may be revealed as a result of the discovery authorized pursuant to this Order.

6. This Order is without prejudice to the right of Movant to seek further discovery of any other entity.

7. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2023

_____
THE HONORABLE CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Yellow Corporation, *et al.*, ) | |
| ) | Case No. 23-11069 (CTG) |
| Debtors. ) | |
| ) | (Jointly Administered) |

### MOVANTS' RULE 2004 REQUESTS FOR PRODUCTION
### OF DOCUMENTS TO THE DEBTORS

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 2004-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware ("Local Rules"), the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund and the Automobile Mechanics' Local 701 Union And Industry Welfare Fund (the "Trust Funds") propounds the following document requests upon the Debtor, requesting that it produce and make available for inspection and duplication, in response to each numbered paragraph, all documents specified herein which are in its possession, custody, or control. The Debtor is requested to make such production within thirty (30) days of service by delivering all such responsive materials to the undersigned counsel, or at such other time and place as may be agreed upon by counsel.

### DEFINITIONS

1. "Affiliate" has the meaning set forth in 11 U.S.C. § 101(2), and also includes all non-debtor Affiliates of **Yellow Corporation**, along with its subsidiaries **YRC, Inc**. and **USF Holland, LLC**, as well as any other Person that directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, such Person. For purposes of this definition, the term "control" (including the terms "controlled by" and "under common control with") means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a Person, whether through the ownership of voting securities, by contract, or otherwise.
2. "Chapter 11 Case" means the chapter 11 case styled as those certain jointly administered chapter 11 cases styled as [*In re* **Yellow Corporation, et al.**] Bankr. D. Del.) pending in the United States Bankruptcy Court for the District of Delaware.

**EXHIBIT A**

3. "Document" shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, and includes items written by hand, printed, recorded, generated, or reproduced by any mechanical or electronic process, including but not limited to electronically stored information.
4. "**Yellow**" shall mean **Yellow Corporation** and its Affiliates, subsidiaries, officers, representatives, agents, advisors, and attorneys.
5. "**YRC**" shall mean **YRC, Inc.** and its Affiliates, subsidiaries, officers, representatives, agents, advisors, and attorneys.
6. "**USF**" shall mean **USF Holland, LLC** and its Affiliates, subsidiaries, officers, representatives, agents, advisors, and attorneys.
7. "Including" means including without limitation.
8. "Mentioning, evidencing, relating or referring to" includes in whole or in part, directly or indirectly, analyzing, containing, supporting, concerned with, connected with, dealing with, constituting, describing, relevant to or pertaining to the identified Person, Document or subject matter.
9. "Person" or "Entity" includes any natural person or entity, including but not limited to any corporation, partnership, limited liability company, joint venture, firm, association, proprietorship, governmental agency, business, organization, and any employee, owner, or agent of the foregoing.
10. "Regarding" is used in its broadest sense to mean and include referring to, relating to, concerning, constituting, summarizing, reflecting, containing, evidencing, mentioning, stating, showing, discussing, including, involving, and commenting upon.
11. Whenever appropriate to bring within the scope of these Requests information and Documents that would lead to the discovery of relevant evidence, (i) the singular form of a word shall also mean the plural, and vice versa; and (ii) a verb in any tense shall be construed as the use of the verb in all other tenses.
12. The word "all" includes "any;" the word "any" includes "all."
13. "And" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these Requests any information, including Documents, which might otherwise be construed to be outside their scope.
14. "Anyone" and "everyone" mean natural persons, as well as business entities of any sort, including but not limited to corporations, limited liability companies, companies, partnerships, joint ventures, sole proprietorships, firms, associations, governmental agencies, businesses, organizations, profit and nonprofit organizations, and the employees, owners, or agents of the foregoing.

**INSTRUCTIONS**

1. Documents are to be produced in full and complete form, along with any attachments, drafts, and non-identical copies, including copies that differ due to handwritten notes or other notes or markings.
2. Each Request herein extends to all Documents in the possession, custody, or control of both **YRC** and **USF** or anyone acting on **Yellow's**, **USF's**, and/or **YRC's** behalf, including, but not limited to debtor's counsel, Kirkland & Ellis, LLP, and debtor's financial advisors, Alvarez & Marsal North America, LLC.

**EXHIBIT A**

3. If any Document called for by these Requests is withheld in whole or in part because you claim that it is privileged, constitutes attorney work product, or is otherwise exempt from discovery, set forth the grounds for withholding such Document, its present location custodian, and additional information sufficient to identify the Document and your reasons for withholding, including, but not limited to: the type of Document, its date, author(s), recipient(s), general subject matter, the type of privilege asserted or reason for withholding, and the basis for asserting privilege.
4. These Requests shall not be deemed to call for identical copies of Documents. A Document with handwritten notes, editing marks, or any other mark that differentiates the Document shall not be deemed identical to one without such modifications, additions or deletions.
5. If you object to any Request, please state with specificity all grounds for the objection so that the parties may meet and confer.
6. Whenever a requested Document or group of Documents is kept or found in a file, produce the Document or Documents along with the file in which they are contained. Whenever a requested Document or file or group of Documents or files are kept or are found in a file drawer, file box or other place, before the same is produced, attach thereto a copy of the label, number or title on the file drawer, file box or other place from which the Document or file was found or removed.
7. No Document or file requested should be altered, changed or modified in any respect. No Document or file requested should be disposed of or destroyed.
8. If any Document(s) responsive to any Request has (have) been lost, misplaced or destroyed, then so state and identify each such Document, identifying the specific Request to which each such Document would have been responsive.
9. If there are no Documents in your possession, custody or control that are responsive to a particular Request, so state, identifying such Request.
10. These Requests are continuing. Promptly supplement your responses when and if you become aware of additional responsive materials.

**REQUESTS FOR DOCUMENTS**

A. **REQUESTS TO USF FOR THE DOCUMENTS LISTED BELOW FOR THE PERIOD OF JANUARY 1, 2022 THROUGH PRESENT:**

1. USF's payroll registers, earning cards and timecards for the period of January 1, 2022 through present;
2. USF's Quarterly Federal (Form 941) and Illinois (Form IL-941) payroll tax returns, as well as any other states reported to, for the period of January 1, 2022 through present;
3. USF's Quarterly Illinois (Form UC-3/40) and annual Federal (Form 940) unemployment tax returns for the period of January 1, 2022 through present;
4. Forms W-2 and W-3 issued by USF during the period of January 1, 2022 through present;
5. Forms 1099 and 1096 issued by USF during the period of January 1, 2022 through present;
6. USF's cash disbursements journals or check register for the period of January 1, 2022 through present;
7. A general ledger of USF's accounting records for the period of January 1, 2022 through present;

**EXHIBIT A**

8. USF's federal income tax returns – Forms 1120 or 1120S (Corporation) 1065 (Partnership) 1040, Schedule C (Sole Proprietorship) – for the period of January 1, 2022 through present;
9. Invoices, cancelled checks, receipts and other support for selected cash disbursements made by USF during the period of January 1, 2022 through present;
10. Other union benefit fund reporting reports prepared by USF during for the period of January 1, 2022 through present; and
11. A list of all of USF's employees by job classification for the period of January 1, 2022 through present.

B.  **REQUESTS TO YRC FOR THE DOCUMENTS LISTED BELOW FOR THE PERIOD OF JANUARY 1, 2020 THROUGH PRESENT:**

1. YRC's payroll registers, earning cards and timecards for the period of January 1, 2020 through present;
2. YRC's Quarterly Federal (Form 941) and Illinois (Form IL-941) payroll tax returns, as well as any other states reported to, for the period of January 1, 2020 through present;
3. YRC's Quarterly Illinois (Form UC-3/40) and annual Federal (Form 940) unemployment tax returns for the period of January 1, 2020 through present;
4. Forms W-2 and W-3 issued by YRC during the period of January 1, 2020 through present;
5. Forms 1099 and 1096 issued by YRC during the period of January 1, 2020 through present;
6. YRC's cash disbursements journals or check register for the period of January 1, 2020 through present;
7. A general ledger of YRC's accounting records for the period of January 1, 2020 through present;
8. YRC's federal income tax returns – Forms 1120 or 1120S (Corporation) 1065 (Partnership) 1040, Schedule C (Sole Proprietorship) – for the period of January 1, 2020 through present;
9. Invoices, cancelled checks, receipts and other support for selected cash disbursements made by YRC during the period of January 1, 2020 through present;
10. Other union benefit fund reporting reports prepared by YRC during for the period of January 1, 2020 through present; and
11. A list of all of YRC's employees by job classification for the period of January 1, 2020 through present.