# Exhibit 2

AGREEMENT AND DECLARATION OF TRUST

OF

AUTOMOBILE MECHANICS' LOCAL NO. 701

UNION AND INDUSTRY PENSION FUND

| EFFECTIVE: | FEBRUARY 1, 1958 |
| RESTATED: | DECEMBER 1, 1995 |
| RESTATED: | OCTOBER 1, 1986 |
| RESTATED: | JUNE 1, 1999 |
| RESTATED: | MARCH 3, 2006 |

Attached Amendments:

| 3/3/2006 | Part II Article I Section 2<br>Part II Article IV Section 2 | **Acceptance of Trusteeship**<br>**Vacancies** |
| 10/2006 | Part II Article I Section 1 | **Central States Motor Carrier Association** |
| 6/24/2008 | Part II Article I Section 1<br>Part II Article IV Section 2<br>Part II Article IV Section 4 | **Appointment of Trustees**<br>**Vacancies**<br>**Form of Notification or Removal** |
| 5/8/2009 | Part II Article I Section 1<br>Part II Article II Section 1 | **Appointment of Trustees**<br>**Meetings of Trustees** |

## PART I
## CREATION AND PURPOSE

### ARTICLE I
### NAME AND EFFECTIVE DATE

Section 1. The Trust Fund created February 1, 1958, administered by the Trustees named herein shall be known as the Automobile Mechanics' Local No. 701 Union and Industry Pension Fund.

Section 2. The Agreement and Declaration of Trust, established February 1, 1958 and restated December 1, 1975, October 1, 1986, and June 1, 1999, is now restated, effective the 3rd day of March, 2006.

### ARTICLE II
### DEFINITIONS

Section 1.   As used in this Agreement and Declaration of Trust, the following terms shall have such meaning as hereinafter set forth:

UNION:  The term "Union" shall mean the AUTOMOBILE MECHANICS' LOCAL NO. 701.

EMPLOYEE:  The term "Employee" as used herein shall mean any of the following persons without regard to race, color, creed, national origin or union membership:

A. Any person covered by a collective bargaining agreement between an Employer and the Union who is engaged in employment with respect to which the Employer is obligated by the collective bargaining agreement to make contributions to the Pension Fund; or

B. Any person employed by an Employer who performs work within the jurisdiction of the Union as said jurisdiction is set forth in any applicable collective bargaining agreement or by any custom or practice in the geographic area within which the Employer operates and his Employees perform work; or

1

C. Any person on whose behalf an Employer has made contributions to the Pension Fund and has reported same on a standard report form which contains a provision binding said Employer to the provisions of this Trust Agreement or otherwise evidencing said Employer's intent to be so bound; or

D. Any person employed by an Employer who has signed any memorandum of understanding incorporating by reference the provisions of any applicable collective bargaining agreement or the provisions of this Trust Agreement where such person is covered by such agreement or incorporated by reference or both; or

E. Any person in a certified or recognized collective bargaining unit represented by the Union; or

F. Any person who is not covered by a collective bargaining agreement but on whose behalf his Employer is otherwise obligated to make contributions to the Fund in accordance with the provisions of this Trust Agreement who performs work which would be work performed by members of a bargaining union recognized by the Employer or certified by the National Labor Relations Board if said person's Employer were a party to any of the standard collective bargaining agreements by and between the Union and the aforementioned Employer Association; or

G. Any Employee who is part of a group of non-bargaining unit Employees which meets the eligibility requirements for participation in the Fund and the Plan as established by the Trustees, which has been accepted for participation by the Trustees, and concerning whom a Written Agreement for contributions has been entered; or

The term "Employee" shall also mean all eligible persons employed by the Union on whose behalf the Union shall make payments to the Trust at the times and at the rate of payment equal to that made by any other Employer who is a party to the Trust, in accordance with a written Agreement and where their participation would not violate any legal provision governing this Plan or establishing its qualification under ERISA and the Internal Revenue Code.

The term "Employee" shall also mean all eligible persons employed by the Trust or other Auto Mechanics' 701 Trust, on whose behalf the Board of Trustees shall make payments to the Trust at the times and at the rate of payment equal to that made by any other Employer who is a party to the Trust, and where their participation would not violate, in accordance with a written Agreement, any legal provision governing this Plan or establishing its qualification under ERISA and the Internal Revenue Code.

EMPLOYER: The term "Employer", as used herein, shall mean any Employer who, now or

2

hereafter:

A. Is a party to a collective bargaining agreement with the Union, requiring periodic contributions to the Pension Fund created by this Trust Agreement or who in the past has been a party to such collective bargaining agreement; or

B. Is a party to any memorandum of agreement or other similar instrument with the Union, which by its terms incorporates by reference a collective bargaining agreement requiring the parties hereto to make contributions to the Pension Fund; or

C. Is a party to any written instrument which evidences an agreement to be bound by the terms and provisions of this Trust Agreement, including but not limited to, contribution report forms listing the Employees on whose behalf contributions are remitted, and encompassing provisions which expressly bind such Employer to this Trust Agreement or which otherwise evidence such Employers' intention to be bound by the making of such contributions to the Pension Fund; or

D. In writing adopts and agrees to be bound by the terms and provisions of this Trust Agreement as the same may be amended or modified from time to time; or

E. By any course of conduct, including but not limited to, oral representations to Employees, representatives of the Union, Trustees, attorneys or other persons, ratifies or accepts the provisions of any collective bargaining agreement which requires contributions to the Fund created hereby, or of this Trust Agreement itself, or of any other written instrument which binds such Employer to make contributions to the Fund, or is estopped to deny such obligation; or

F.   Is a member of any of the Employer Associations collectively entering a bargaining agreement with the Union, or hereafter becomes a member of any of said Associations, or who was a member at any time when representatives of said Associations commenced negotiations of the current collective bargaining agreement on behalf of its members, whether or not said membership is held current at all times; or

G. Is a member of any other multi-Employer bargaining unit, or hereafter becomes a member of any of said multi-Employer units, which has a collective bargaining agreement with the Union, whether formalized or existing solely as a matter of custom and practice.

The term "Employer" shall also mean the Union, for the purpose of providing benefits hereunder for the eligible Employees of the Union for whom the Union is obligated to contribute to the Pension Fund, in accordance with a written Agreement.

The term "Employer" shall also mean the Board of Trustees of this Fund or another

3

Automobile Mechanics Local No. 701 Fund, for the purpose of providing benefits hereunder for the eligible Employees of the Trust for whom the Trust shall make contributions to the Pension Fund, in accordance with a written Agreement.

TRUSTEES: The Board of Trustees, consisting of Employee Trustees and Employer Trustees, collectively appointed to act hereunder, as the same shall be from time to time constituted.

EMPLOYEE TRUSTEE: The term "Employee Trustee" or "Union Trustee" shall mean the Trustees appointed by the Automobile Mechanics' Local No. 701, on behalf of the Union, as hereinafter provided, and such Trustees shall represent all Employees as defined herein and their families and dependents, as appropriate according to provisions of the Plan.

EMPLOYER TRUSTEE: The term "Employer Trustee" shall mean the Trustees appointed by Employers in accordance with the provisions of this Agreement and Declaration of Trust and such trustees shall represent all Employers as defined herein. All Employers bound to this Agreement ratify and confirm the appointment of the Employer Trustees and their successors.

EMPLOYER CONTRIBUTIONS: Payments required to be made by Employers to the Trust Fund in accordance with applicable collective bargaining agreements, or such other Written Agreements requiring the making of such payments.

AGREEMENT AND DECLARATION OF TRUST: The Agreement and Declaration of Trust set forth in this Instrument amending and restating the Agreement and Declaration of Trust established February 1, 1958 and since restated, and all amendments and modifications hereto as shall be hereafter made.

TRUST FUND OR TRUST OR PENSION FUND OR FUND: The entire trust estate of the Trust Fund created pursuant to this Agreement as it may, from time to time, be constituted, including, but not limited to all funds received by the Trustees in the form of "Employer Contributions," together with all contracts (including dividends, interest, refunds and other funds payable under such contracts), all investments made and held by the Trustees, and all income, increments, earnings and profits therefrom, and any and all other funds or property received and held by the Trustees by reason of their acceptance of this Agreement and Declaration of Trust.

PENSION PLAN OR PLAN: The plan, program, method, rules and procedures, for the payment of benefits from the Trust Fund, and the amendments thereto, which have been established and adopted by the Trustees.

ERISA: The "Employee Retirement Income Security Act" of 1974, as amended.

WRITTEN AGREEMENT: The term "Written Agreement" shall mean any agreement in

4

writing which specifies the detailed basis on which contributions shall be made to the Fund together with any modification, amendment or renewals thereof, including but not limited to collective bargaining agreements, memoranda of understanding which incorporate by reference collective bargaining agreements or this Trust Agreement, report forms in accordance with which contributions are made and which obligate the Employer to the provisions of this Trust Agreement, non-bargaining unit employee participation agreements or any other agreement obligating the Employer signatory thereto to participate in or be bound by this Trust Agreement and/or the Plan established pursuant hereto.

ADMINISTRATOR: The Administrator of the Fund as that term is used in ERISA shall be the Trustees collectively.

PLAN MANAGER: The person, firm or corporation employed by the Trustees, charged with record keeping, reporting and disclosure, processing of applications for benefits and related ministerial functions attendant to the administration of the Trust Fund and the Pension Plan.

PARTICIPANT: The term "Participant" shall mean any Employee or former Employee who is or may become eligible to receive benefits under the Plan, or whose beneficiaries may become eligible to receive such benefits.

FIDUCIARY AND NAMED FIDUCIARIES: The term "fiduciary" and "named fiduciaries" shall mean those persons or entities who are so designated and/or defined by the Employee Retirement Income Security Act or interpretations as so defined by the Employee Retirement Income Security Act or have contracted with the Trust to either act as fiduciary or to comply with the standards of a fiduciary as defined by applicable statutes of the United States or have contracted to conduct themselves to the standards of a fiduciary.

## ARTICLE III
## CREATION OF THE TRUST FUND

Section 1. The Automobile Mechanics' Local 701 Union and Industry Pension Fund is established pursuant to collective bargaining, and shall on or after the effective date be governed by this Agreement and Declaration of Trust, established February 1, 1958 and since restated, and now restated, effective the 3rd day of March, 2006.

The Union, the Association and all Employers required to make Employer Contributions to the Trust Fund, shall be deemed parties hereto, and shall be bound by the terms and provisions in

5

this Agreement and Declaration of Trust set forth.

Section 2. Whenever hereafter a collective bargaining agreement shall be entered or another Written Agreement entered requiring Employer Contributions to be made to the Automobile Mechanics' Local 701 Union and Industry Pension Fund, the Union, and all Employers bound thereby shall be considered to have adopted this Agreement and Declaration of Trust, to be bound by all the terms and conditions herein set forth, and deemed to be a party hereby.

## ARTICLE IV
## PURPOSE AND APPLICATION
## OF THE TRUST FUND

Section 1. The Trust Fund is created, established, and maintained, and the Trustees agree to receive, hold and administer it for the exclusive purpose of providing benefits for the Employees, Retired Employees, Participants, their dependents and Beneficiaries, as authorized under applicable provisions of the Labor-Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974, all in accordance with the Pension Plan.

Section 2. The Trustees shall have power and authority to use and apply the Trust Fund as set forth below:

A.    To pay or provide for the payment of benefits to Employees, Retired Employees, and their dependents, when found eligible to receive the same in accordance with the provisions of the Pension Plan.

B.    To pay or provide for the payment:

    (1)    Of reasonable and necessary expenses, costs and fees having to do with the installation of the Trust Fund;

    (2)    To the Trustees for reimbursement of reasonable expenses incurred under specific authority granted by resolution of the Trustees, such expenses being specifically itemized;

6

(3)     Of reasonable education expenses of Trustees, Plan Manager, the attorneys and accountants, properly actually incurred, or to be properly actually incurred in the immediate future, such expenses to be properly accounted for;

(4)     Of proper administration costs of the Trust Fund, including employment of actuarial, legal, professional and clerical assistance, as the Trustees, in their discretion, deem necessary and appropriate in the performance of their duties;

(5)     Of expenses of collection of Employer Contributions and of other monies or property to which the Trust Fund may be entitled; and

(6)     Of expenses incurred in the purchase or lease of such premises, materials, supplies and equipment, and for such acts as Trustees, in their sole discretion, find necessary or appropriate in the performance of their duties hereunder provided, however, that no part of the Trust Fund shall be used for personal expenses.

C.     To pay or provide for the payment of all real and personal property taxes, and other taxes or assessments of any and all kinds levied or assessed under existing or future laws upon or in respect to the Trust Fund, or any money or property forming a part thereof.

D.     To maintain such reserves as are appropriate.

E.     To make deposits and payments under any contracts referred to in Section 3, Article VIII, of this Part I providing benefits contemplated herein.

F.     To make any deposit to a bank or trust company which through agreement with the Trustees has been empowered to make benefit payments to eligible Employees, Retired Employees, or their dependents.

## ARTICLE V
## LIMITATION OF RIGHTS
## TO THE TRUST FUND

Section 1. The following limitations shall apply to the rights or interests or use of the Trust

Fund:

A.     Neither the Union, the Employers or the Employees, nor any other person, association

7

or corporation shall have any right, title or interest in or to the Trust Fund except as specifically provided by the Pension Plan and the applicable rules and regulations thereunder. It is the intention of the parties hereto that this Paragraph A shall not disqualify contributions due from any Employer from being a priority claim in the event of bankruptcy of any such Employer, to the extent such priority may be allowed by law.

B. Anything contained in this Agreement and Declaration of Trust to the contrary notwithstanding, no part of the corpus or income of the Trust Fund shall be used for or diverted to purposes other than for the exclusive benefit of Employees, Retired Employees, or their dependents, or for the purposes and applications of the Trust Fund as in this Agreement and Declaration of Trust set forth.

C. All funds received by the Trustees hereunder, as a part of the Trust Fund, shall be deposited by them in such bank or banks or trust company or trust companies as the Trustees may designate for that purpose, and all withdrawals of such funds shall be made by the Trustees, pursuant to the authorization provided in Article III, Part II, of this Agreement and Declaration of Trust.

## ARTICLE VI

## CONTRIBUTIONS TO THE TRUST FUND

Section 1. BASIS OF CONTRIBUTIONS TO PLAN. In order to effectuate the purposes hereof, each Employer shall contribute to the Fund the amount required by any Written Agreement, as defined herein, between the Union or the Trust and the Employer. The rate of contributions shall at all times be governed by the applicable Written Agreement then in force and effect, together with any amendments, supplements or modifications. It shall not be a defense to any claim by the Trustees or an Employee for delinquent contributions from an Employer that such Employer had entered into an agreement with any Employee or any party other than the Union or the Trustees purporting to waive the Employee's rights to strict compliance with the provisions of the applicable Collective Bargaining Agreement or other written agreement. With respect to the amount of contributions required thereby, no Employee

8

or other party shall be permitted to contract or otherwise agree with or permit any Employer to provide wage or benefit payments which do not conform to the terms of the applicable Collective Bargaining Agreement or other written Agreement.

Section 2. EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made effective as required by the applicable collective bargaining agreement or other written Agreement and shall continue to be paid so long as the Employer is so obligated.

Section 3. MODE OF PAYMENT. All contributions shall be due and payable on the date set forth in the applicable collective bargaining agreement or other written Agreement. The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed sixty (60) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA. If such contributions are not received within the period as so extended, said obligations shall be conclusively deemed to include interest computed from the original due date as defined above.

Section 4. DEFAULT IN PAYMENT. The Trustees shall immediately notify the Union and the Association if any contributing Employer is delinquent in the payment of any monies due to the Fund and shall also so notify the delinquent Employer. Nonpayment by an Employer of any contributions when due shall not relieve any other Employer of his obligations to make payments. The Trustees may take any action necessary to enforce payment of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

The Trustees are authorized to establish a reasonable and lawful grace period within which contributions must be received; contributions not received before the expiration of said period shall be assessed liquidated damages of at least ten percent (10%) of the monies due per

9

month.    All Employers who are parties to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to deter administrative costs arising by reason of said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, the Employers acknowledge these costs to be at a minimum of ten percent (10%), waiving the necessity of any additional proof thereof. The Trustees may, in their sole discretion, increase the amount of liquidated damages imposed on any delinquent Employer to an amount which is not more than 20% of the contributions found to be due. Among the factors to be considered by the Trustees in exercising this discretion shall be the extent of the collection activity required, the amount of the contributions due, the willfulness of the Employer's failure to make contributions, and other relevant factors.

In addition, the delinquent contributions shall bear interest up to the prime rate of interest charged by the First National Bank of Chicago or such other lawful amount as determined by the Trustees from the due date until totally satisfied.

In the event that an Employer who is a party to this Trust Agreement or otherwise bound thereby becomes delinquent in his contributions and the Trustees place the account in the hands of legal counsel for collection, said delinquent Employer shall be liable for reasonable attorney's fees and for all reasonable costs incurred in the collection process, including court costs, audit fees, litigation expenses, etc. "Reasonable attorney's fees" as used herein shall mean:  All reasonable attorney's fees in the amounts for which the Trustees become legally obligated, including recovery of liquidated damages, audit costs, court costs and any other expenses incurred by the Trustees.

The Trustees are hereby given the power and authority, in their discretion, to require any

10

Employer to deposit with the Trustees, in advance, as a guarantee for the payment of monthly contributions, an amount equal to three (3) times the monthly contributions of such Employer or shall furnish the Trustees in lieu of any cash deposit a bond in an amount not less than Five Thousand ($5,000.00) Dollars, nor more than Fifteen Thousand ($15,000.00) Dollars or an amount equal to three (3) times the monthly contributions of such Employer as estimated by the Trustees, whichever is greater, secured by a corporate surety.

The Trustees may allocate to two Trustees, one of whom shall be a Union Trustee and one an Employer Trustee, or to the Plan Manager, the authority to settle such collection actions on such terms and for such amounts as they consider reasonable, prudent and appropriate under the circumstances. Any such settlement shall be binding and conclusive on the Trustees, Trust Fund, Union, Employers and their beneficiaries.

The above procedures are not exclusive, and are without prejudice to the rights of the Union and to take whatever steps are deemed necessary.

Section 5.   REPORT ON CONTRIBUTIONS AND PRODUCTION OF RECORDS. The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its Employees, their social security numbers, the hours worked by each Employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust. The Trustees may at any time have an audit made by an independent accountant or its representatives of the payroll of any Employer in connection with the said contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Plan Manager, from the beginning of such Employer's

11

participation in the Fund forward unless given written authorization by the Trustees upon request to destroy said records. The Trustees shall require that the Employer designate the classification of all of his Employees and the location of work performed by them, and if the Employer fails to do so, the Trustees shall conduct an investigation for the purpose of determining the classification of such Employees and the location of their work and the results of said investigation shall be conclusive.

Where an audit discloses a difference between hours actually worked by an employee and hours reported to the trust by his Employer and where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. Nothing herein shall prevent a personal liability for owners or partners who are not otherwise incorporated.

Section 6. CONTRIBUTIONS FOR WORK IN OTHER JURISDICTIONS. If, upon audit or otherwise, it is determined that an Employer has failed to pay contributions due for work performed by Employees covered by any bargaining agreement with the Union in the jurisdiction of another local union, then contributions shall be paid, for all hours worked by such Employees, to this Fund.

Section 7. COSTS, EXPENSES AND ATTORNEYS' FEES. Employers shall be liable to the Trustees for all costs, expenses and attorneys' fees, as defined in Section 4, above, incurred by them in enforcing any obligation of Employers created by this Trust Agreement or any

12

bargaining agreement, including, without limitation, the duty to furnish records to the Trustees to determine the Employer's compliance with said obligations.

Section 8. NO SET-OFF OR COUNTERCLAIM. The obligation of the Employers to make the required Employer contributions, as herein specified, shall be absolute and not subject to any set-off or counterclaim the Employer may have, or claim to have for any liability of the Union or an Employee or the Trust.

Section 9. CONTRIBUTIONS MADE BY MISTAKE OF FACT OR LAW. In no event shall an Employer, directly or indirectly, receive any refunds of contributions made to the Trust, except in cases of bona fide mistake, and as to which contributions are returned within one year after payment of the contributions, nor directly or indirectly participate in the disposition of the Trust Fund or receive any benefits from the Trust Fund.

In those instances where refunds are claimed and allowed, the Trustees shall first determine as to whether or not such payments have been allowed as pension benefits for persons who have obtained a distribution or have caused an employee to change circumstances which would cause the refund to do injury to the Employee.

The Trustees must also determine whether or not the actuary of the Plan would advise the Trustees to make such a refund considering the overall status of the Plan.

Nothing herein shall be construed as extending or allowing a refund for a period longer than is provided herein.

Any refund shall be subject to the Trustees' discretion to determine whether or not a mistake of fact or law exists which would allow a refund. It shall not be construed as allowing litigation against the Trust and under no circumstances shall it be allowed as a counterclaim for

13

contributions or benefits for contributions or a refund of payments for delinquent contributions or overpayment of benefits or for any other purpose.

Section 10. TRUSTEES' RIGHT TO REFUSE CONTRIBUTIONS. The Trustees may demand that any Employer who establishes a pension Plan, profit sharing plan, or savings plan submit a copy of any plan document to the Trustees, and the Trustees may have the document reviewed by a consultant or actuary to determine whether the plan will or might compete with or create adverse selection against the Fund or might affect the contributions or benefits which can be made to the Fund under governing law. If it is determined, in the Trustees' discretion, that the Fund would be adversely affected, or if the Employer refuses to submit a copy of any plan document to the Trustees, the Trustees may remove the Employer from the Plan. If an Employer is removed from the Plan, contributions to the Fund will no longer be accepted from that Employer. In addition, an Employer who is removed from the Plan pursuant to this Section will be considered a Terminated Employer under Section 7.4 of the Pension Plan document or may be subject to any of the provisions of the Trust or rules or regulations of the Plan pertaining to withdrawing or terminating

Employers.

# ARTICLE VII

## **PLAN OF BENEFITS**

Section 1. BENEFITS.

A. Trustees. The Trustees, as named fiduciaries, are authorized to determine all questions arising in the administration, interpretation and application of the Pension Plan,

14

including questions of eligibility of Employees, the status of the participants and their beneficiaries, and any other person thereunder. Unless otherwise provided in this Agreement and Declaration of Trust, or in the Pension Plan, determination made by the Trustees, as the "named fiduciaries," in the determination, interpretation and application of the Pension Plan shall be binding on all persons.

B. <u>Trustee Administration of Benefits.</u> In the administration of the Pension Plan the Trustees, consistent with the purposes of the Trust Fund, shall have power and authority to decide all questions or controversies arising in any manner or between any parties or persons in connection with the Trust Fund or the operation thereof, whether as to any claim for benefits made by any Employees, or any person, or whether as to the construction of the language or meaning of the Plan of Benefits or rules and regulations adopted by the Trustees or established by this instrument, or as to any writing, decisions, instrument, or account or otherwise, and the decisions of the Trustees, if made in good faith, shall be binding upon all persons dealing with the Trust Fund and claiming any benefits thereunder.

All provisions of this document shall be subject to Trustee discretion as provided in this Section 1, Paragraphs A and B, Section 3 of this Article and Part III, Article III, Section F.

Section 2. <u>RECIPIENTS OF BENEFITS.</u> Benefits may be provided in accordance with Section 1 of this Article only for any Participants as defined in Article II of this Agreement, and their beneficiaries.

Section 3. <u>ELIGIBILITY REQUIREMENTS FOR BENEFITS.</u> The Trustees shall have full authority to determine eligibility requirements for benefits and to adopt rules and regulations setting forth same which shall be binding on the Employees, Participants and their beneficiaries,

15

except to the extent such authority has been retained by any insurance company with which the Trustees have contracted.

Section 4. BASIS OF PROVIDING BENEFITS. Benefits shall be provided and maintained by means of direct payments by the Trust or means of insurance policies maintained by the Trust for the purpose of providing such benefits to Participants of the Plan or other beneficiaries in such amounts and in such manner as the Trustees shall in their sole discretion determine in accordance with Section 1 of this Article and all applicable laws and regulations.

Section 5. WRITTEN PLAN OF BENEFITS. The detailed basis on which payment of benefits is to be made pursuant to this Agreement shall be specified in writing by appropriate action of the Trustees subject, however, to such changes or modifications as shall similarly be specified in writing by appropriate resolutions of the Trustees.

Section 6. TREASURY APPROVAL. The Pension Plan adopted by the Trustees shall be such as will qualify for approval by the Internal Revenue Service, and as will continue as a qualified Plan, so as to insure that the Employer contributions to the Pension Fund are proper deductions for income tax purposes. The Trustees are authorized to make whatever applications are necessary with the Internal Revenue Service to receive and maintain approval of the Pension Plan. In the event of failure of the Agreement and Declaration of Trust and the Pension Plan to receive or retain approval as a qualified Agreement and Declaration of Trust and Pension Plan under such provisions of Federal Law as are now in effect or as subsequently amended or legislated, or if such approval or any ruling in connection therewith shall result in the Employer Contributions constituting taxable income to Employees or if any ruling in connection therewith shall fail to secure the authorization for the deduction of the Employer Contributions as a

16

business expense to the Employer, the Pension Trustees shall make such changes as necessary to receive or retain such approval or authority for Employers to deduct payments to the Trust Fund as a business expense without reporting such payments as taxable income to Employees. However, the Trustees shall not be responsible for ensuring that an Employer does not exceed the limitations the Internal Revenue Code places upon the amount of contributions for an Employee which an Employer may deduct as a business expense.

Section 7. AMENDMENT OF PLAN. The Plan may be amended by the Trustees from time to time provided that such amendments comply with the applicable sections of the then applicable Internal Revenue Code, ERISA, all applicable rules and regulations promulgated pursuant to said Statutes, the contract articles creating the Fund, and the purposes as set forth in this Agreement. A copy of each amendment of the Plan shall be adopted and filed by the Board of Trustees as part of the records and minutes of the Board.

## ARTICLE VIII

### ESTABLISHMENT AND ACCEPTANCE
### OF THE PENSION PLAN

Section 1. There has been established and adopted a plan to provide for an eligible Participant, retirement pension benefits, disability pension benefits, non-forfeitable benefits, and to provide death benefits in the event of the death of an eligible Participant.

The Trustees shall use the Trust Fund to provide such benefits for eligible Participants, and may, from time to time, provide such additional benefits as may be feasible. The Plan shall, at all times, conform to the requirements of ERISA, and the applicable sections of the Internal Revenue Code for purposes of maintaining it as a "Qualified" and "Exempt" Plan, and be

17

maintained in accordance with the provisions of, and for the purposes of this Agreement and Declaration of Trust.

Section 2. The Trustees are agreed to and shall provide the active administration of the Pension Plan so established and adopted, which sets forth the benefits to be provided from the Trust Fund, the conditions of eligibility for such benefits, the terms of payment, and such other provisions deemed necessary, by the Trustees, to be included therein.

Section 3.    In the administration of the Pension Plan, the Trustees are authorized and empowered:

A.        To administer the Pension Plan.

B.        To enter into an agreement with insurance companies licensed to do business in the State of Illinois for the purpose of providing benefits granted under the terms of the Pension Plan.

C.        To enter into an agreement with a bank or trust company selected by the Trustees or the purpose of providing benefits granted under the terms of the Pension Plan.

## ARTICLE IX

## FAMILY AND MEDICAL LEAVE ACT OF 1993

A leave taken pursuant to the Family and Medical Leave Act of 1993 will not constitute a break in service under the Plan.

18

## PART II

## THE TRUSTEES

### ARTICLE I
### DESIGNATION OF TRUSTEES

Section 1.  **Appointment of Trustees.**  The Trust Fund shall be administered by Trustees, even in number, one-half of whom shall be representatives of the Employers and one-half of whom shall be representatives of the Employees.  A total of four (4) Employee Trustees shall be appointed by the Automobile Mechanics Local No. 701, and shall act as representatives of all of the employees for whose benefit the Pension Plan is maintained.  A total of four (4) Employer Trustees shall be appointed in the following manner and shall act as the representatives of all of the Employers required to make Employer Contributions to the Trust Fund.  One (1) Employer Trustee shall be appointed by the Central States Motor Carriers Association. One (1) Employer Trustee shall be appointed by the Chicago Automobile Dealers Association.  One (1) Employer Trustee shall be appointed by the Aggregate Ready Mix Concrete and Building Material Producers and one (1) Employer Trustee shall be appointed by the Truck Dealers, Leasing and Rental Industries.  Where an Association does not exist or fails to make an appointment, employers will be chosen from that industry at large in order to obtain the best available person.

Section 2.    Each of the Trustees shall be deemed to accept the Trust governed hereby,

19

to consent to continue to act as Trustee, and to agree to administer the Trust Fund as herein provided.

In the case of any Successor-Trustee, upon acceptance of the Trusteeship, in writing, filed with the Trustees, he shall be deemed to accept the Trust governed hereby, to consent to act as Trustee, and to agree to administer the Trust Fund as herein provided.

Section 3.    The Trustees shall elect from their number a Chairman and a Secretary to serve until their successors shall have been elected.    Whenever one of such offices shall be filled by a Trustee designated as an Employee Trustee, the other shall be filled by one Trustee designated as an Employer Trustee.

## ARTICLE II
## MEETINGS OF THE TRUSTEES

Section 1. A Regular Meeting of Trustees shall be held at least once in each quarter year at a date fixed by the Trustees the latest of such meetings to be the Annual Meeting. The Chairman or Secretary upon the written request of any two (2) Trustees, may call a special meeting of the Trustees. The request for such meeting to the Chairman or Secretary shall be made at least ten (10) days before such meeting is to be held, stating therein the time, place and date of such meeting. Upon receipt of such written request, the Secretary shall notify all Trustees, in writing, at least seven (7) days before such meeting is to take place.

Notice of a meeting may be delivered in person, by mail, or by telegram. Meetings of the Trustees may also be held at any time without notice if all the Trustees consent thereto. In the event that the Trustees shall unanimously concur in writing upon any proposition, no meeting thereon needs to be held by the Trustees. The vote of the Trustees may be cast by them in person or may be evidenced by written instrument signed by them.

Section 2. At any meeting of the Trustees, the attendance of four (4) Trustees consisting of two (2) Employer Trustees and two (2) Union Trustees shall be required for the transaction of business.

Section 3. On unanimous approval of the Board of Trustees, the number of Trustees may be increased in multiples of two, it being understood that at all times the Trustees representation shall be equal. Provided, however, that for each two Trustees added, the number hereinbefore required for a quorum shall be increased by one.

Section 4. In the event there shall be a vacancy on the Board of Trustees, or whenever a member is absent, if such

21

vacancy or absence is among the Employer Trustees, then the vote or votes represented by such vacancy or absence shall be divided equally among the remaining Employer Trustees, each of whom shall be entitled to vote the fractional or whole vote so allocated to him; if such vacancy or absence is among the Employee Trustees, then the vote or votes represented by such vacancy shall be divided equally among the remaining Employee Trustees, each of whom shall be entitled to vote the fractional or whole vote so allocated to him.

## ARTICLE III
## EXECUTION OF DOCUMENTS

Section 1.   The Trustees shall authorize by resolution the Chairman and Secretary to execute any documents, in writing, on behalf of the Trustees and all persons, partnerships, and corporations may rely thereupon that such document has been duly authorized.   Trustees may, in their discretion, designate an authorized person employed by the Trustees to make withdrawals upon specified and separate bank accounts as Trustees may from time to time designate for such purposes.

## ARTICLE IV
## DEATH, RESIGNATION
## OR REMOVAL OF A TRUSTEE

Section 1.  **Term of Trustees.**  An Employee Trustee appointed by the Union and an Employer Trustee appointed by an Association shall continue to serve until his death, incapacity, resignation, or removal as provided herein.

Section 2. **Vacancies.** In the event any Employee Trustee shall die, become incapable of acting, resign, or be removed, a successor Employee Trustee shall immediately be designated by the Union.

In the event any Employer Trustee shall die, become incapable of acting, resign, or be removed, a successor Employer Trustee shall be designated immediately by the Association which appointed the Trustee to be replaced. If the Employer Trustee to be replaced was appointed from an industry which does not have an association, the Successor Employer Trustee shall be appointed by an impartial umpire selected by the remaining employer trustees from a list provided by the American Arbitration Association. The impartial umpire shall review candidates from the industry of the originally-appointed trustee. Candidates shall be obtained by conducting a broad-based mailing in order to recruit the best possible candidate to fill the position.

Any successor Trustee shall, immediately upon his acceptance of the Trusteeship, in writing, filed with the Trustees, become vested with all the property, rights, powers, and duties of a Trustee hereunder with the like effect as if he had been originally named as a Trustee.

Section 3. **Resignation of Trustee.** A Trustee may resign and remain fully discharged from all future duty or responsibility hereunder by giving notice, in writing, to the remaining Trustees and to the party designating him, to take effect on a specified future date, and such resignation shall take effect on the said date, unless a successor Trustee shall have been appointed at an earlier date, in which event, such resignation shall take effect as of the date of filing, by the successor, of the written acceptance provided for under "Acceptance of the Trust by the Trustees."

23

Section 4. **Form of Notification or Removal.** In case any Trustee shall be removed, replaced, or succeeded, a certificate in writing by the Secretary of the Union shall be suficient evidence of the removal or replacement of a Trustee. Such a certificate signed by the Secretary or the Executive Officer of the Association, having made an appointment of a Trustee, shall be sufficient evidence of the removal of a Trustee.

## ARTICLE V
## ACTIONS OF THE TRUSTEES

Section 1. The Trustees may adopt by-laws or regulations to govern themselves, which are not inconsistent with any provisions of this Agreement and Declaration of Trust.

Section 2. The decisions of the Trustees shall be determined by a majority vote. A deadlock shall be deemed to exist whenever a proposal, nomination, motion, or resolution made by any Trustee on a matter of Plan administration is not adopted or rejected by a majority vote. A deadlock cannot be submitted to an impartial umpire if it concerns a "settlor" issue, such as the merger or termination of the Trust and, thus, is not an issue of Plan administration. However, this prohibition shall not apply with respect to matters of Trustee selection, replacement and removal detailed in Part II, Articles I and IV, above.

In the event of such deadlock arising, the Employer Trustees and Employee Trustees shall meet for the purpose of agreeing upon an impartial umpire to break such deadlock by deciding the dispute in question. The selection of an impartial umpire shall be by a vote of a majority of the Employer Trustees and a majority of the Employee Trustees. In the event of the inability of the Employer Trustees and the Employee Trustees to agree upon the selection of such impartial umpire, then on the petition of any of the Employee Trustees or any of the Employer Trustees,

24

the District Court of the United States for the Northern District of Illinois, Eastern Division, shall be empowered to make such an appointment. Such impartial umpire shall immediately proceed to hear the dispute between the Trustees and decide such dispute, and the decision and award of such umpire shall be final and binding upon the Trustees. The reasonable compensation for such umpire shall be paid from the Fund.

Section 3. Any impartial umpire selected or designated to break a deadlock shall be required to enter his decision within the time fixed by the Trustees.

The scope of any such proceeding before such impartial umpire shall be limited to the provisions of this Agreement and Declaration of Trust and the Pension Plan established by the Trustees. The impartial umpire shall have no jurisdiction to decide any issues arising under, or involving the interpretation of any pension agreements or bargaining agreements between the Union, the Association, and other Employers, and such impartial umpire shall have no power or authority to change or modify any provisions of such pension agreements or collective bargaining agreements.

## ARTICLE VI
## LIABILITY OF TRUSTEES

Section 1. **GENERAL.** The Trustees shall discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purposes of:

A. Providing benefits to participants and their beneficiaries:

B. Defraying reasonable expenses of administering the Plan:

    1. with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like

25

aims;

2.      by diversifying the investments of the Plan so as to minimize the risk of large losses unless under the circumstances it is clearly prudent not to do so; and

3.      in accordance with this Trust Agreement and other documents and instruments covering the Plan insofar as such documents and instruments are consistent with the provisions of Title I of ERISA.

Section 2. **LIABILITY OF TRUSTEES.** Each Trustee shall use reasonable care to prevent a co-Trustee from committing a breach of fiduciary duty and the Trustees are expressly authorized by this Trust Agreement to allocate specific responsibilities, obligations or duties among Trustees, in which event a Trustee to whom certain responsibilities, obligations or duties have not been allocated shall not be liable, either individually or as a Trustee, for any loss resulting to the Plan arising from the act or omissions on the part of another Trustee to whom such responsibilities, obligations or duties have been allocated.

No Trustee shall be liable or responsible for a breach of fiduciary responsibility of another fiduciary with respect to the Plan except as such limitation of liability is not permitted by Section 404 of ERISA and except in the following circumstances:

(a)  If  he  participates  knowingly  in,  or  knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

(b)     If by his failure to comply with his obligation to discharge his duties with respect to the Plan solely in the interest of the participants and beneficiaries thereof as provided herein the administration of his specific responsibilities which gave rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or

(c)     If he has knowledge of a breach by such other fiduciary unless he makes reasonable efforts under the circumstances to remedy the breach.

If an Investment Manager or Managers have been appointed as provided herein, no Trustee shall be liable for the acts of omissions of such Investment Manager or Managers or be

26

under an obligation to invest or otherwise manage any asset of the Plan which is subject to the management of such Investment Manager.

The Trustees are also permitted, in accordance with Section 404(c) of ERISA and other governing law to choose to permit participant or beneficiary exercise of control over the assets of his account, including direction of the investment of these assets.

Nothing in this Trust Agreement shall preclude a Trustee or other fiduciary from purchasing insurance to cover liability for a breach of fiduciary responsibility from and for his own account, nor shall anything herein preclude the Association, an Employer or the Union Organization from purchasing insurance to cover potential liability of one or more persons who serve in a fiduciary capacity with respect to the Plan.

So long as the Trustees discharge their duties in accordance with the requirements of Section 1 of this Article:

(a)     The Trustees shall be fully protected in acting upon any instrument, certificate, or paper believed by them to be genuine and to be signed or presented by the proper person or persons, and shall be under no duty to make any investigation or inquiry as to any statement contained in writing, but may accept the same as conclusive evidence of the truth and accuracy of the statement therein contained.

(b)     Neither the Employers, nor the Union, shall in any way be liable in any respect for the acts, omissions or obligations of the Trustees, individually or collectively.

27

(c)     The Trustees shall not be liable in any respect for the failure to collect delinquent contributions when such failure is occasioned by an Employee's lack of timely, reasonable notice of such delinquency or failure or refusal to cooperate with the Trustees, the Administrator or legal counsel in the efforts to collect such delinquent contributions.

The Trustees may from time to time consult with the Trust's legal counsel and shall be fully protected in acting upon such advice of counsel to the Trust as respects legal questions; acting on the advice of counsel shall be prima facie evidence that the Pension Trustee or Trustees have acted in good faith.

The Trustees may employ and seek advice from a recognized actuarial consultant in connection with the delayed basis upon which pension and retirement payments may be made consistent with the sound administration, protection and maintenance of the Pension Trust, and shall be fully protected in acting and relying upon advice.

Section 3.  Nothing herein contained shall be construed to preclude purchase by the Trustees, as an expense of the Trust Fund, of insurance for the fiduciaries hereunder or for the Pension Plan to cover the liability or losses resulting from acts or omissions of a fiduciary provided such insurance permits recourse by the insurer thereunder against the fiduciary in the case of a breach of fiduciary obligation of such fiduciary.

The Trustees, or any of them may, but without expense to the Trust Fund, purchase insurance for their own account to cover liabilities for their acts or omissions hereunder.

28

## PART III

## ADMINISTRATION OF THE TRUST FUND

### ARTICLE I
### GENERAL PROVISIONS

Section 1.   The control, management and administration of the Trust Fund and the Pension Plan shall be in the Trustees appointed to act hereunder, who are hereby designated as the "Named Fiduciaries," and shall administer the same in accordance with the terms and provisions of this Agreement and Declaration of Trust, and shall have all powers necessary to carry out the provisions of the Pension Plan, established by the Trustees.

Without limiting the generality of the foregoing, the Trustees, as Named Fiduciaries, are authorized:

A.   Except as to their responsibility with respect to the control of the assets of the Trust Fund:

   (i)   to delegate specific fiduciary responsibilities to any one or more of them;

   (ii)  upon unanimous approval of all Trustees to delegate to a person, not a Trustee, a specific fiduciary responsibility, whose performance in regard thereto shall be periodically reviewed and evaluated by the Trustees.

B.   To determine all questions arising in the administration, interpretation, and application of the Pension Plan, including questions of eligibility of Employees, Retired Employees, and of any other person thereunder.

Unless otherwise in this Agreement and Declaration of Trust provided, determination made by the Trustees, as the "Named Fiduciaries," in the determination, interpretation, and application of the Pension Plan shall be binding on all persons.

29

## ARTICLE II
## ESTABLISHMENT OF FUNDING PROCEDURES

Section 1. Upon this Agreement and Declaration of Trust becoming effective, the Trustees shall develop a policy for the funding of the Pension Plan consistent with its needs and the requirements of ERISA. The policy so developed shall be reduced to writing and incorporated as a part of the records of the Trustees.

At least annually, at a meeting called for such purpose upon a date specified by the Trustees, the funding policy shall be reviewed and all actions taken thereon fully recorded in the Minutes of such meeting as a part of the records of the Trustees.

In the development of a policy for the funding of the Pension Plan, the Trustees shall consult with the accountants, actuaries, and Finance Committee designated by the Trustees, and other professional help employed by the Trustees.

Section 2. The Trustees may appoint one or more Investment Managers, qualified pursuant to provisions of Section 3(38)(B) of ERISA and who shall, before assuming any duties or authority hereunder, acknowledge in writing that he is a fiduciary with respect to the Pension Plan, to manage and control all or part of the Trust Fund with power to direct the acquisition and disposition of such assets. An Investment Manager shall have the responsibility to implement the policy for the funding of the Pension Plan as developed by the Trustees and communicated to the Investment Manager in writing. An Investment Manager so appointed shall serve at the pleasure of the Trustees, but may resign, by written resignation directed to the Trustees, at any

30

time.

## ARTICLE III
## DUTIES AND POWERS OF THE TRUSTEES

Section 1. In the administration of the Pension Plan, the Trustees, consistent with the

purposes of the Trust Fund shall have power and authority to:

A.    Require timely contributions to the Trust Fund by Employers in accordance with
Written Agreements between the Employer or his collective bargaining agent and
the Union.    The Trustees shall have power to demand, collect, and receive
Employer Contributions for the purpose specified herein and shall have power to
specify the time, manner, and place of payment thereof, and the right to institute,
prosecute or intervene in any proceedings at law or in equity or in bankruptcy as
may be necessary or desirable to effectuate the collection of Employer
Contributions.    The Trustees are further empowered to audit the books and
records of any Employer and to obtain all documents determined by the auditor to
be necessary to perform and complete the audit. In the event that upon audit made
by the Trustees and/or upon other evidence it is found by the Trustees that an
Employer has failed to make required Employer Contributions, the Trustees are
authorized and empowered:

(1)    To assess and receive from such Employer all costs of the audit.

(2)    To assess and receive from such Employer as liquidated damages such
amounts as may be assessed by the Trustees pursuant to Part I, Article VI,
Section 4 herein.

(3)    To impose and receive from such Employer all costs, audit expenses and
attorneys' fees incurred by the Trustees in enforcing the provisions hereof,
whether by litigation or otherwise.

(4)    To require such Employer to make weekly deposits of Employer
Contributions in an amount determined by the Trustees, based on objective
standards.

Provided that the Trustees have given such Employer reasonable notice of
such requirement for weekly deposits, the amount to be deposited, the date
such deposits are due and the basis on which the weekly deposit is
determined and required.

(5)    To assess and receive from such Employer, as prescribed in Part I, Article
VI, Section 4 herein, interest on the amount found to be delinquent or any
other amount determined by the Trustees to be in the best interest of the

32

Trust, calculated from the first of the month for which the contributions are due.

(6) To require such Employer to furnish to the Trustees a bond, with reputable surety thereon:

    (a) with the Trustees as obliges thereunder;

    (b) in an amount determined by the Trustees consistent with the anticipated future obligations of such Employer; and

    (c) with notice provisions acceptable to the Trustees consistent with the purposes of such bond.

The remedies provided herein shall be exclusive of any other remedies available to the Trustees, and shall have no effect upon such remedies.

B. Make such uniform rules and regulations as are consistent with and necessary for effectuating the provisions of this Agreement and Declaration of Trust, including but not limited to the following:

(1) To develop procedures for the establishment of eligibility of Employees, including the means of affording Employees and Employers the opportunity to object thereto, and to establish such facts conclusively.

(2) To prescribe rules and procedures governing the application for benefits by Employees, Retired Employees, their dependents, and their beneficiaries and determination of benefits to be paid. Such rules and regulations and the Pension Plan shall be published in the form of a uniform booklet. This booklet and other printed material issued by the Trustees will bear a Union Label.

(3) To make determinations which shall be final and binding upon all parties as to the rights of any Employee, Retired Employee, and their dependents, and any beneficiary to benefits, including any rights an individual may have to request a hearing with respect to any determination.

(4) To obtain and evaluate all statistical and actuarial data which may be reasonably required with respect to the administration of the Pension Plan, it being agreed that all information, records, lists of Employers and Employees, and all other data which may come into the hands of the Trustees are to be considered confidential and private records of the Trust Fund, and no information from such records, lists, or data shall be divulged by the Trustees, unless unanimously authorized by the Trustees.

33

(5)     To make reciprocal agreements with trustees administering other pension plans that have been established by unions and employers, to provide for the reciprocal transfer of credited service and/or Employer Contributions between such other pension plans and this Pension Plan in the case of employees transferring their employment to such employers.

(6)     To make such other rules and regulations as may be necessary for the administration of the Pension Plan which are not inconsistent with the purpose of this Agreement and Declaration of Trust.

C.      Exercise all rights or privileges granted by the provisions of any contract entered into by the Trustees and any insurance company, and to agree with such insurance company to any alteration, modification, amendment, or cancellation of such contract, or to take any other action respecting such contract which they in their discretion may deem necessary or advisable.

D.      Enter into agreements, contracts, and other instruments for the deposit of funds with banks, trust companies, or other institutions which accept and hold moneys on deposit, and to authorize such depository to act as custodian of the funds, whether in case of securities or other property.

E.      To exercise the fullest measure of discretion allowed under law in deciding all questions or controversies arising in any manner or between any parties or persons in connection with the Trust Fund or the operation thereof, whether as to any claim for any benefits made by any Employees, or any person, or whether as to the construction of the language or meaning of the rules and regulations adopted by the Trustees or established by this instrument, or as to any writing, decisions, instrument, or accounts or otherwise, and the decisions of the Trustees, if made in good faith, shall be binding upon all persons dealing with the Trust Fund or claiming any benefits thereunder.

F.      To establish an office for the transaction of its business, including the right to lease or construct the premises in which the same is to be located, to be made known to the parties interested in the Trust Fund. At such office, there shall be maintained books and records pertaining to the Trust Fund and its administration.

G.      To enter into an Agreement with a bank or trust company selected by the Trustees to act as depository for safekeeping of the assets of the Trust Fund.

Section 2.  In addition to such other powers as are set forth herein or conferred by law, the

Trustees shall have power and authority to:

34

A.  Invest and reinvest the Trust Fund in such securities or property, real or personal, which may include but shall not be limited to common and preferred stocks, bonds, investment only type contracts, group annuity and other insurance contracts or policies, mortgages and other evidences of indebtedness or ownership, within or without the State of Illinois, and without regard to any rule or statute of any state or sovereign body prescribing investments eligible for Trust Funds.  Provided, however, nothing herein contained shall be construed to authorize the Trustees to acquire or hold an "employer security" or "employer property" as such terms are defined in ERISA.

B.  Exercise any voting rights, conversion privilege, subscription right or other right and privilege, including agreements with reference to reorganization, consolidation, merger and dissolution, readjustment of financial structure or sale of assets of any corporation or other organization, as owners of the securities or other obligations which form a part of the Trust Fund.

C.  Collect all interest, dividends, rents, issues, income and profit arising from the Trust Fund.

D.  Keep property purchased by the Trustees registered in the name of the Trustees or in the name of a nominee or nominees, as may be determined within the discretion of the Trustees.

E.  Sell, exchange, lease, convey, or dispose of any property at the time forming part of the Trust Fund or the whole thereof upon such terms as they may deem proper and to effect and deliver any and all instruments of conveyance and transfer in connection therewith.

F.  Enter into any and all contracts and agreements for carrying out the terms of this Agreement and Declaration of Trust and for the administration of the Trust Fund, and to do all acts as they, in their discretion, may deem necessary or advisable and such contracts, agreements, and acts shall be binding and conclusive on the Union, Association, Employers, and Employees, Retired Employees, and their dependents and beneficiaries.

G.  Do all acts, whether or not expressly authorized herein, which the Trustees deem necessary or proper for the protection of the Trust Fund held hereunder and their judgment shall be final.

H.  Charge, as an expense of the Trust Fund, Employer Contributions made by the Trustees on behalf of any of their Employees pursuant to the Written Agreement entered into by them as hereinbefore provided.

I.  Choose, in accordance with Section 404(c) of ERISA and other governing law, to permit participant or beneficiary exercise of control over the assets in his account, including direction of the investment of these assets.

J   To extend the coverage of this Agreement and Trust to such other Employers and Employees as the Trustees shall agree upon, provided such Employers and Employees

35

are required to conform to the terms and conditions of the Trust.

K.      To obtain restitution from a participant, beneficiary or any other person who has been unjustly enriched as a result of any erroneous payments or overpayments of benefits under the Plan through any lawful means, including judicial proceedings. This power includes the promulgation of provisions of the Plan or Summary Plan Description governing such proceedings, including the award of attorney's fees to the plan upon collection of such amounts as restitution.

L.      The Trustees shall have the authority to enter into a contract provision authorizing the indemnification of a service provider where they determine, in their sole discretion, that such a provision is required by necessity and that entry into a contract containing such a provision would be in the interests of plan participants and beneficiaries.

Section 3. The Trustees shall keep true and accurate books of account and records of all their transactions which shall be open to the inspection of any Trustee at all times, and which shall be audited at least annually and at such other times as the Trustees shall deem advisable by a certified public accountant selected by the Trustees. Such audits shall be available at all times for inspection by the Union, Association, Employers, Employees or other interested persons at the principal office of the Trust Fund.

Section 4. Except to the extent as may have heretofore been, or may hereafter be, authorized by ERISA, the exemptions, rules and regulations promulgated thereunder, the Trustees are not authorized to lend any money or grant any extension of credit to an Employer required to make Employer Contributions to the Trust Fund.

Section 5. The Trustees may assign from time to time various administrative matters to such committees and subcommittees of Trustees, experts, or other individuals or organizations as they may deem appropriate or necessary in their sole discretion. Committees and subcommittees of Trustees shall consist of an equal number of Employer and Union Trustees. Only the Trustee

36

shall have the authority to approve, modify the terms of, or terminate any loan. The Trustees, from time to time as appropriate, shall determine any loan. The Trustees, from time to time as appropriate, shall determine and modify the loan and investment policies of the Fund, including the diversification of investments so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so.

Section 6. The Trustees may employ or contract for the services of a person to be known as "Plan Manager" who shall, under the direction or delegation by the Trustees or any appropriate committee of the Trustees, perform all or any part of these or other functions: process applications for and make initial determinations on payments of benefits; administer the office or offices of the Fund and of the Trustees; coordinate and administer the accounting bookkeeping and clerical services; provide for coordination of actuarial services; prepare or have prepared (in cooperation where appropriate with an actuary, attorney, insurance company, or accountant) all reports or other documents to be prepared, filed or disseminated by or on behalf of the Fund in accordance with the law; assist in the collection of contributions; perform such other duties or services as may be assigned, delegated or directed or contracted by or on behalf of the Trustees; and act as the custodian of all documents and other records of the Fund and of the Trustees.

Section 7. Notwithstanding any of the foregoing or any other provision of this Agreement, in no event may the Trustees or any fiduciary of the Plan engage in "prohibited transactions" as defined by ERISA or any other transaction subsequently declared as prohibited transactions by any court or agency or competent jurisdiction or by subsequent amendments to ERISA except as specifically permitted by law.

In addition, no fiduciary of the Plan may represent an adverse party dealing with the Plan

37

nor may such fiduciary receive any consideration from any party dealing with the Plan in a Plan transaction.

Section 8. All Trustees, all directors, officers, employees or other representatives of any Employer Association or Union party to this Trust Agreement shall be required to assist and cooperate with authorized representatives of the Fund, its attorneys, auditors, or other authorized representatives in the prosecution of claims for or against the Fund.

Specifically, an Employer shall provide to the Trustees on request for inspection and copying in the course of any audit deemed necessary or advisable by the Trustees the following information:

(a)    All individual payroll records requested by the Trustees.

(b)    All time records which are the basis of the above-mentioned individual payroll records.

(c)    All State unemployment tax returns as requested by the Trustees.

(d)    All Employer contribution report forms.

(e)    All other relevant records which would tend to show the Employer's compliance with the terms of the Trust.

It is understood that the Trustees do not contemplate and shall not review employer records personally but rather the Trustees will have available to them the auditor's report which shall remain confidential as to all business matters with the one exception that they may be used for all relevant matters involving nonpayment of proper benefits. In all other respects the audit shall remain confidential.

Further, in the event no time records of hours worked are available which indicate whether such hours are straight time or overtime, all hours paid shall be deemed to have been at

38

straight time for purpose of computing contributions owed.

Section 9. Compensation and Expenses. The Employer Trustees and Union Trustees shall not be paid any compensation for their services hereunder for attendance at regular or special meetings of the Trustees; but the Trustees may be reimbursed for expenses properly and actually incurred for attending regular or special meetings of the Trustees or committees or subcommittees, or while performing specific assignments. Trustees shall be compensated only in accordance with the provisions of ERISA and any rules or regulations promulgated pursuant thereto, as the same may be interpreted and construed by any court or agency of competent jurisdiction.

Section 10. No One Is Agent Without Written Authority - No individual or person may act as agent for the Trust Fund unless specifically authorized in writing by the Trustees. No Employer or Union, or any representative of any Employer or Union in such capacity, is authorized to interpret the Pension Fund, nor can any such person act as agent of the Trustee. Only the administrator, as designated by the Board of Trustees, and the Board of Trustees, are authorized to interpret the Pension Plan within the scope of their respective authorities.

## **ARTICLE IV**

## **CLAIMS PROCEDURE**

Section 1. Each application for benefits provided under the Pension Plan received by the Trustees, shall be immediately forwarded to the Plan Manager for determination by him as to the approval or disapproval thereof. For purposes of this Article IV, Part III, the Plan Manager is designated as a "Named Fiduciary" with respect to the Pension Plan.

39

Upon approval or disapproval of an application for benefits as the case may be, the Plan Manager shall immediately notify the Trustees or the Eligibility Committee, if one is appointed, of his determination therein.

Not more than ninety (90) days after the receipt of an application for benefits, and all supplemental documents and information necessary for a proper determination thereon, the applicant shall be notified, in writing, that his application has been approved, or has been disapproved in whole or in part, unless special circumstances require an extension of time for processing the application. If such an extension of time is required, written notice of the extension shall be furnished to the Applicant prior to the expiration of the initial 90-day period. Such notice shall indicate the special circumstances requiring an extension of time and the date by which the Plan Manager expects to render the final decision. In no event shall the extension exceed a period of 90 days from the end of the initial 90-day period.

Section 2. Whenever an applicant has been notified by the Plan Manager that his application for benefits has been disapproved, in whole or in part, the Notice required under preceding Section 1 of this Article IV, Part III shall set forth therein, in plain and concise language:

A.        The specific reason or reasons for the disapproval.

B.        All pertinent provisions of this Agreement and Declaration of Trust and/or the Pension Plan.

C.        A description of such materials or information deemed necessary for the applicant to perfect his claim to benefits, together with an explanation as to the necessity thereof.

D.        A detailed explanation of the procedures of appeal described in succeeding Sections of this Article IV, Part III available to the applicant for a full and fair

review of the determination of disapproval made of his application for pension benefits.

Section 3. Each applicant whose application for benefits shall have been disapproved, in whole or in part, shall have the right to an appeal for a full and fair review of the determination so made, all in accordance with the procedures hereinafter set forth.

Section 4. Request for a full and fair review of disapproval, in whole or in part, of his application for benefits shall be made by the applicant, or by his duly authorized representative, by a plain short written statement, delivered, in person, or by registered or certified mail, to the Plan Manager within sixty (60) days of the date of receipt by the applicant of Notice of Disapproval of his claim for benefits, in whole or in part.

Upon receipt of such written request, the same shall immediately be forwarded by the Plan Manager to the Trustees or to the Eligibility Committee, if one has been appointed, together with all files, papers, documents, materials, and information relevant and pertaining to the application made for benefits, and the determination thereof.

The Trustees or Eligibility Committee, if one has been appointed, on receipt of the request for review made by the applicant, shall immediately set the same for a hearing at its next regularly scheduled meeting, unless the request for review is received within 30 days preceding the date of such meeting. In such a case, a decision shall be made no later than the date of the second meeting following the receipt of the review request. Notwithstanding the foregoing, however, if special circumstances (such as a need to hold a hearing) require a further extension of time, a decision shall be rendered not later than the third meeting following the request for review. If because of such special circumstances an extension of time is required, written notice of such shall be furnished to the applicant prior to the commencement of such extension.

41

Upon the hearing to be had, the applicant shall have the right to counsel. Prior to the hearing date, upon reasonable notice to the Trustees or the Eligibility Committee, if one has been appointed, the applicant, by himself, or by counsel, shall have the right:

A.     To review all pertinent documents, information and other materials relevant to his claim for benefits.

B.     To submit to the Trustees on the Eligibility Committee, in writing, issues and comments for its consideration.

The Trustees or Eligibility Committee, if one has been appointed, shall have the right to counsel, the services of the auditors and other professional employees retained by the Trustees to assist in the making of the full and fair review required hereunder.

Section 5. Each decision made by the Trustees or the Eligibility Committee, if one has been appointed, shall be in writing, in plain and concise language understandable by the applicant, and shall set forth therein the reason, or reasons, for the decision made and the pertinent provisions of this Agreement and Declaration of Trust and/or the Plan of Benefits, on which such decision is based.

Section 6. Notwithstanding the foregoing, if upon preliminary examination and review by the Trustees or the Eligibility Committee, if one has been appointed, of all documents, information, and materials forwarded and received, the Trustees or the Eligibility Committee, if one has been appointed, is of the opinion that it is required to reverse the determination of disapproval previously made and to grant to the applicant pension benefits in accordance with his application therefor, its opinion relating thereto, reduced to writing shall be immediately forwarded to the applicant, and the hearing thereon shall thereupon be deemed canceled. In

42

addition to Notice thereof to the applicant, the Eligibility Committee, if one has been appointed, shall forward a copy of its decision to the Trustees and shall direct the Trustees to provide for the payment of benefits in accordance with the provisions of the Pension Plan aforesaid.

Section 7.  The decision of the Trustees or the Eligibility Committee, if one has been appointed, shall be subject to a rehearing thereon for a period of thirty (30) days from the date of its rendition, and thereafter it shall be final and conclusive and binding upon the applicant and all other persons.

Section 8.  The failure of the applicant to request, within the time herein provided, review of the determination made by the Administrative Manager disapproving his application for benefits, in whole or in part, shall be considered as consent by him to the determination so made.

In the event the applicant or his representative fails to appear on the hearing date, or has failed to request a continuance prior to the hearing date as provided herein, the Trustees or the Eligibility Committee, if one has been appointed, shall proceed to review the decision based on all documents, information, and material forwarded and received.

A request for a continuance of the hearing date must be received by the Trustees or the Eligibility Committee, if one has been appointed, prior to the hearing date and shall be granted only in cases where special circumstances exist warranting such action.  In the event a new hearing date is ordered, it shall be scheduled immediately and shall permit the Trustees or the Eligibility Committee, if one has been appointed, to render a decision not later than 120 days from the date of receipt of the written request for review by the Plan Manager.

43

## ARTICLE V
## MERGER AND CONSOLIDATION

Section 1. The Trustees are authorized to cause the Pension Fund to be merged or consolidated with, or into, another multi-employer fund similarly created. Such merger or consolidation shall be effected only with the advice of counsel and based on sound actuarial data furnished to the Trustees as is required to assure that such merger or consolidation is undertaken in the best interests of the Employees, but shall, in all events, be in accordance with any limitations as may be prescribed by the Pension Benefit Guaranty Corporation created pursuant to provisions of ERISA or the Provisions of that Act, as amended. Any Trustee decision concerning merger or consolidation is a "settlor" issue which does not concern administration and which shall not be resolved by an impartial umpire appointed pursuant to this Agreement and the Labor Management Relations Act.

## PART IV
## AMENDMENTS AND TERMINATION

## ARTICLE I
## AMENDMENTS

Section 1. This Agreement and Declaration of Trust and /or the Plan Benefits adopted pursuant thereto may be amended in any respect from time to time by the Trustees, provided that each amendment shall be duly executed in writing by the Trustees and annexed hereto. As to any amendment, the Trustees, in their sole discretion, shall have full power to fix the effective date thereof.

Section 2. No amendment may be adopted which will alter the basic principles of this Agreement and Declaration of Trust, be in conflict with the Collective Bargaining Agreements with the Union as such Agreements affect contributions to the Fund created hereunder, be

44

contrary to the laws governing trust funds of this nature, or be contrary to any agreements entered into by the Trustees.

Section 3. Whenever an amendment is adopted in accordance with this Article, a copy thereof shall be distributed to all Trustees, and the Trustees shall so notify all necessary parties and shall execute any instrument of instruments necessary in connection therewith.

Section 4.  Amendments pursuant to Section 412(c)(8) of the Internal Revenue Code and Section 302(c)(8) of ERISA to be effective for a Plan year shall be adopted no later than two (2) years after the close of the Plan year, and if such amendment reduces the accrued benefit of any employee, the same shall not be effective unless approved by the Secretary of Labor, or unless the Secretary of Labor fails to take action disapproving the amendment within ninety (90) days of receipt of notice of such amendment.

## ARTICLE II
## TERMINATION OF TRUST

Section 1. This Agreement and Declaration of Trust shall cease and terminate upon the happening of any one or more of the following events:

A.   In the event there are no individuals living who can qualify as Employees hereunder.

B.   The adoption, after September 26, 1980, of a plan amendment which provides that participants will receive no credit for any purpose under the plan for service with an employer after the date specified in such amendment.

C.   The withdrawal of every employer from the plan as defined in Section 4203 of ERISA or the cessation of the obligation of all employers to contribute under the plan.

45

D.  Upon action taken by the Pension Benefit Guaranty Corporation pursuant to the provisions of 4042(a) of ERISA.

E.  There is no longer in force and effect a written agreement or other obligation between any Employer and the Union or the Fund requiring contributions to the Fund.

F.  In the opinion of the Trustees the Fund is inadequate to carry out the intent and purpose of this Agreement, or to meet the payments due or to become due under this Agreement to persons already receiving benefits; provided, however, that termination for such reasons shall be in strict compliance with ERISA.

In the event termination occurs as set forth in subparagraphs A, B, C, D, E, or F above, the procedures set forth in Section 4041(A) of ERISA shall be followed.

Section 2.  This Agreement and Declaration of Trust may be terminated by an instrument in writing duly executed by the parties creating same but only in strict compliance with the provisions of ERISA, any rules or regulations promulgated pursuant thereto and any other applicable laws or regulations.

Section 3.  In the event of the termination of this Agreement and Declaration of Trust, the Trustees shall apply the Fund to pay or to provide for the payment of any and all obligations of the Fund and shall distribute and apply any remaining surplus in such manner as will in their opinion, best effectuate the purposes other than for the exclusive benefit of the employees, their families, beneficiaries, or dependents, or the administrative expenses of the Fund or for other payments in accordance with the provisions of the Fund.  Under no circumstances shall any portion of the Corpus or income of the Fund, directly or indirectly, revert or accrue to the benefit of any contributing Employer or Union.

Section 4. Upon termination of the Fund in accordance with this Article, as governed by the applicable provisions of ERISA and any rules and regulations promulgated pursuant thereto,

46

the Trustees shall forthwith notify the Union and each Employer and also all other necessary parties; and the Trustees shall continue as Trustees for the purpose of winding up the affairs of the Trust.

## PART V
## MISCELLANEOUS PROVISIONS

### ARTICLE I
### PROVISIONS RELATING TO
### THE UNION AND THE EMPLOYERS

Section 1.  Nothing in this Agreement and Declaration of Trust shall be construed as making the Union or any Employer liable for the payments required to be made by any other Employer.  Each Employer's liability shall be limited solely to the payment of the amount due under the applicable collective bargaining agreement or written agreement requiring the making of Employer Contributions to the Trust Fund, except as otherwise provided herein.

Section 2.  None of the Employers shall be liable for the failure of the Trustees to provide the benefits authorized in the Pension Plan for any Employee, Retired Employee, their dependents, or their beneficiaries, or for any default or neglect of the Trustees.

Section 3.  Each Employer shall promptly furnish to the Trustees, on demand, any and all necessary records of dates of birth, social security numbers, amount of wages paid and hours worked, any other payroll records and information including state and federal employment tax returns, that the Trustees may require in connection with the administration of the Trust Fund and for no other purposes.  The Trustees or their authorized representatives may examine the payroll books and records, including state and federal employment tax returns of each Employer, whenever such examination is deemed necessary by the Trustees in connection with the proper administration of the Trust.

Section 4.  All payments due to or from the Trust Fund shall be by check, bank draft, postal money order, or other recognized written method of transmitting money or its equivalent.

48

Section 5.   An Employer shall cease to be an Employer within the meaning of this Agreement and Declaration of Trust when he is no longer obligated, pursuant to a written agreement or other legally enforceable obligation to make contributions to this Pension Fund.

If an Employer ceases to comply with the definition of Employer, as set forth in Article I, or if an Employer is declared by the Trustees to have ceased participation in the Pension Plan by virtue of his failure to make the required contributions, it shall be deemed a termination of participation by that Employer and the following shall apply:

(a)   Employment by that Employer after termination shall not be credited as Covered Employment; and

(b)   There shall be no refund of contributions or reversions of assets to a terminated employer, directly or indirectly, or to a pension trust or annuity contract or pension plan of a terminated employer, or to a Union, or pension trust or annuity plan of a Union.

## ARTICLE II
## PROVISIONS RELATING TO TRUSTEES

Section 1.   No person, corporation or association dealing with the Trustees shall be obliged to see to the application of any funds or property of the Trust Fund, or to see that the terms of this Agreement and Declaration of Trust or of the Pension Plan have been complied with or be obliged to inquire into the necessity or expedience of any act of the Trustees. Every instrument effected by the Trustees, whether executed by all of them or in the manner specified in Article III, Part II, shall be conclusive in favor of any person, partnership, corporation or association relying thereon that:

A.   At the time of delivery of said instrument, this Agreement and Declaration of Trust was in full force and effect; and

B.   Said instrument was effected in accordance with the terms and conditions of this Agreement and Declaration of Trust; and

C.   The Trustees were duly authorized and empowered to execute such instrument.

Section 2.  The Trustees may, in their discretion, employ legal counsel concerning any legal question arising out of this Agreement and Declaration of Trust or the administration of the Pension Plan.

Section 3.  The Trustees may seek judicial protection by any action or proceeding they may deem necessary to settle their accounts, or to obtain a judicial determination or declaratory judgment as to any questions or construction of this Agreement and Declaration of Trust or instructions as to any action thereunder. Any such determination shall be binding upon all parties to or claiming under this Agreement and Declaration of Trust.

Section 4.  The cost and expenses of any action, suit or proceeding brought by or against the Trustees or any of them (including counsel fees) shall be paid from the Trust Fund, except in relation to matters as to which it shall be adjudged in such action, suit or proceedings that the acts or omissions of the Trustees constitute a breach of the fiduciary obligations of such Trustee.

Section 5.     In the event any question or dispute shall arise as to the proper person or persons to whom any payments shall be made hereunder, the Trustees may withhold such payment until an adjudication of such question or dispute, satisfactory to the Trustees, in their sole discretion, shall have been made, or the Trustees shall have been adequately indemnified against loss to their satisfaction.

50

## ARTICLE III

### PROVISIONS AS TO BONDS AND NOTICE

Section 1. All of the Trustees and each Employee employed by the Trustees who may be engaged in receiving or withdrawing of monies of the Trust Fund shall be bonded in an amount which shall not be less than ten percent (10%) of the amount of the funds handled by the Trustees, or such Employee, as the case may be. In no event shall such bond be less than One Thousand Dollars ($1,000) nor more than Five Hundred Thousand Dollars ($500,000), except that if the Secretary of Labor, pursuant to the provisions of ERISA, shall direct a bond in excess of Five Hundred Thousand Dollars ($500,000), the bond shall be in such amount as the Secretary shall direct. The cost of premiums for such bonds shall be paid out of the Trust Fund.

Section 2. Notice given to a Trustee, the Union, the Association, Employer, or Employee, or any other person, shall, unless otherwise specified herein, be sufficient if in writing and delivered to or sent by postpaid first class mail or prepaid telegram to the last address as filed with the Trustees. Except as herein otherwise provided, the delivery of any statement or documents required hereunder to be made to a Trustee, Union, Association, Employer, or Employee shall be sufficient if delivered in person or if sent by postpaid first class mail to his or its last address as filed with the Trustees.

## ARTICLE IV
## ADDITIONAL MISCELLANEOUS PROVISIONS

Section 1. VESTED RIGHTS. No Employee or any person claiming by or through such Employee, including his family, dependents, beneficiary and/or legal representative, shall have any right, title or interest in or to the Fund or any property of the Fund or any part thereof, except as may be specifically determined by the Trustees and required by ERISA or the Internal Revenue Code.

Section 2. ENCUMBRANCE OF BENEFITS. The benefit or claim shall be free from the interference and control of any creditor, and no benefit or claim shall be subject to assignment or other anticipation, nor to seizure or sale under any legal, equitable or other process, and in the event that any claim or benefit shall, because of any debt incurred by or resulting from any other claim or liability against any beneficiary, or by reason of any sale, assignment, transfer, encumbrance, anticipation or other disposition made or attempted by said beneficiary, or by reason of any seizure or sale or attempted sale under any legal, equitable or other process or in any suit or proceeding become payable, or be liable to become payable to any person other than the beneficiary for whom the same is intended, as provided herein and in any Pension Plan established hereunder, the Trustees shall have power to withhold payment of such claim or benefit to such beneficiary until such assignment, transfer, encumbrance, anticipation or other disposition, writ or legal process is canceled or withdrawn in such manner as shall be satisfactory to the Trustees. Until so canceled or withdrawn, the Trustees shall have the right to use and apply the benefit that, as to the Trustees, may seem best for the support and maintenance of such beneficiary.

Section 3. PAYMENTS TO PERSONS UNDER LEGAL DISABILITY. In case any

52

benefit payments hereunder become payable to a person under legal disability, or to a person not adjudicated incompetent but, by reason of mental or physical disability, in the opinion of the Board, is unable to administer properly such payments, then such payments may be paid out by the Board for the benefit of such person in such of the following ways as it thinks best, and the Board shall have no duty or obligation to see that the payments are used or applied for the purpose or purposes for which paid.

(a)     Directly to any such person;

(b)     To the legally appointed guardian or conservator of such person;

(c)     To any spouse, parent, brother or sister of such person for his welfare, support and maintenance;

(d)     By the Board using such payments directly for the support, maintenance and welfare of any such person.

## ARTICLE V

## SITUS AND CONSTRUCTION OF TRUST

Section 1.   SITUS.   The State of Illinois shall be deemed the situs of the Trust Fund created hereunder. All questions pertaining to validity, construction and administration shall be determined in accordance with the laws of such State, except to the extent such law is pre-empted by Federal law. Jurisdiction and venue for all litigation under federal statutes shall be in the Federal District Court for the Northern District of Illinois.

Section 2.   CONSTRUCTION OF TERMS.   Wherever any words are used in this Agreement and Declaration of Trust in the masculine gender they shall be construed as though they were also in the feminine or neuter gender in all situations where they would so apply, and wherever any words are used in this Agreement and Declaration of Trust in the singular form

53

they shall be construed as though they were also used in the plural form in all situations where they would so apply, and wherever any words are used in this Agreement and Declaration of Trust in the plural form they shall be construed as though they were also used in the singular form in all situations where they would so apply.

Section 3. SEVERABILITY. All provisions of this Trust Agreement are intended to comply with ERISA, the Labor Management Relations Act of 1947 as amended and all other applicable laws, rules and regulations. However, should any provision of this Trust Agreement or of the Plan or rules and regulations adopted thereunder or in any collective bargaining agreement or written agreement be deemed or held to be unlawful or invalid for any reason, such fact shall not adversely affect the provisions herein and therein contained unless such illegality shall make impossible or impractical the functioning of the Trust and the Plan, and in such case the appropriate parties shall immediately adopt a new provision to take the place of the illegal and/or invalid provision.

54

## ACCEPTANCE OF TRUSTEESHIP

Pursuant to Part II, Article I, Section 2 and Part II, Article IV, Section 2 of the Agreement and Declaration of Trust of Automobile Mechanics Local No. 701 Union and Industry Pension Fund restated June 1, 1999, the undersigned, Ken Hurley, accepts Trusteeship as an Employer Trustee, accepts the Trust governed by the Agreement and Declaration of Trust, consents to act as Trustee and to administer the Trust Fund as provided in the Agreement and Declaration of Trust. The undersigned further understands that immediately upon acceptance of the Trusteeship he shall become vested with all the property, rights, powers, and duties of an Employer Trustee as if he had originally been named as a Trustee. This Acceptance of Trusteeship shall be filed with the Trustees.

DATED this 3rd day of March, 2006.

KEN HURLEY

## RESOLUTION SEATING KEN HURLEY AS EMPLOYER TRUSTEE OF THE AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION & INDUSTRY PENSION FUND

WHEREAS, the Board of Trustees of the Automobile Mechanics Local No. 701 Union and Industry Pension Fund is the sponsor of an employee Pension benefit plan known as the Automobile Mechanics Local No. 701 Union and Industry Pension Fund;

WHEREAS there is no Employer Association in the relevant industry and Ken Hurley has been selected to be an Employer Trustee on the Fund from that industry;

WHEREAS the Trustees agree to seat Ken Hurley as an Employer Trustee;

THEREFORE BE IT RESOLVED, that the Board of Trustees consent to the appointment of Ken Hurley as an Employer Trustee subject to his execution of the Acceptance of Trusteeship.

DATED this 3rd day of March, 2006.

BOARD OF TRUSTEES OF THE AUTOMOBILE MECHANICS LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND

Trustee

Trustee

Trustee

Trustee

Trustee

Trustee

Trustee

Trustee

## AMENDMENT TO AGREEMENT AND DECLARATION OF TRUST FOR THE AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION & INDUSTRY PENSION FUND

WHEREAS, the Board of Trustees of the Automobile Mechanics Local No. 701 Union and Industry Pension Fund is the sponsor of an employee pension benefit plan known as the Automobile Mechanics Local No. 701 Union and Industry Pension Fund;

WHEREAS the Restated Agreement and Declaration of Trust establishing the Pension Fund permits the Trustees to amend the Agreement;

WHEREAS the Trustees wish to amend the Restated Agreement and Declaration of Trust to change a clerical error with respect to the name of one of the employer associations;

THEREFORE BE IT RESOLVED, that the Board of Trustees of the Automobile Mechanics Local No. 701 Union and Industry Pension Fund hereby amends its Restated Agreement and Declaration of Trust, effective immediately, as follows:

Part II, Article I, Section 1 is amended to list the involved association as "Central States Motor Carrier Association."

DATED this _____ day of October, 2006.

BOARD OF TRUSTEES OF THE AUTOMOBILE MECHANICS LOCAL NO. 701
UNION AND INDUSTRY PENSION FUND

_____
Trustee

_____
Trustee

_____
Trustee

_____
Trustee

_____
Trustee

_____
Trustee

_____
Trustee

_____
Trustee

2

AMENDMENT TO AGREEMENT AND DECLARATION OF TRUST FOR THE
AUTOMOBILE MECHANICS' LOCAL NO. 701
UNION & INDUSTRY PENSION FUND

WHEREAS, the Board of Trustees of the Automobile Mechanics Local No. 701

Union and Industry Pension Fund is the sponsor of an employee pension benefit plan

known as the Automobile Mechanics Local No. 701 Union and Industry Pension Fund;

WHEREAS the Restated Agreement and Declaration of Trust establishing the

Pension Fund permits the Trustees to amend the Agreement;

WHEREAS the Trustees wish to amend the Restated Agreement and Declaration

of Trust to update the name of one of the employer associations and to clarify the

procedure for appointment of Trustees in cases where no current employer association

exists in a particular industry;

THEREFORE BE IT RESOLVED, that the Board of Trustees of the Automobile

Mechanics Local No. 701 Union and Industry Pension Fund hereby amends its Restated

Agreement and Declaration of Trust, effective June 1, 2008, as follows:

1. Part II, Article I, Section 1 is amended to add the following underscored

language:

Section 1. Appointment of Trustees. The Trust Fund shall be administered
by Trustees, even in number, one-half of whom shall be representatives of the
Employers and on-half of whom shall be representatives of the Employees. A
total of four (4) Employee Trustees shall be appointed by the Automobile
Mechanics Local No. 701, and shall act as representatives of all of the employees
for whose benefit the Pension Plan is maintained. A total of four (4) Employer
Trustees shall be appointed in the following manner and shall act as the
representatives of all of the Employers required to make Employer Contributions
to the Trust Fund. One (1) Employer Trustee shall be appointed by the Central
States Motor Carriers Association. One (1) Employer Trustee shall be appointed
by the Chicago Automobile Dealers Association. One (1) Employer Trustee may
be appointed by the Aggregate Ready Mix Concrete and Building Material
Producers and one (1) Employer Trustee may be appointed by the Truck Dealers

Leasing and Rental Industries.  Where an Association does not exist, fails to make an appointment <u>or where an appointment has traditionally been made by the remaining Employer Trustees,</u> the Employer Trustee shall be appointed, pursuant to the procedures in Part II, Article IV, Section 2 of this Agreement, from that industry at large in order to obtain the best available person.

2.  Part II, Article IV, Section 2 is amended to add the following underscored

language to the second paragraph of that section:

In the event any Employer Trustee shall die, become incapable of acting, resign, or be removed a successor Employer Trustee shall be designated immediately by the Association which appointed the Trustee to be replaced.  If the Employer Trustee to be replaced was appointed from an industry which does not have an association <u>or where an appointment has traditionally been made by the remaining Employer Trustees,</u> the Successor Employer Trustee shall be appointed by unanimous agreement of the remaining Employer Trustees and, absent such unanimous agreement, by an impartial umpire selected by the remaining employer trustees from a list provided by the American Arbitration Association.   The impartial umpire shall review candidates from the industry of the originally-appointed trustee.   Candidates shall be obtained by conducting a broad-based mailing in order to recruit the best possible candidate to fill the position.

3.  Part II, Article IV, Section 4 is amended to add the following underscored

language:

Section 4.   FORM OF NOTIFICATION OR REMOVAL.   A Trustee shall be removed in the same manner and by the same parties who appointed the Trustee. In case any Trustee shall be removed, replaced, or succeeded, a certificate in writing by the Secretary of the Union shall be sufficient evidence of the removal or replacement of a Trustee.   Such a certificate signed by the Secretary or the Executive Officer of the Association <u>or the remaining Employer Trustees,</u> having made an appointment of a Trustee, shall be sufficient evidence of the removal of a

2

Trustee.

DATED this 24th day of June, 2008.

BOARD OF TRUSTEES OF THE AUTOMOBILE MECHANICS LOCAL NO. 701
UNION AND INDUSTRY PENSION FUND

| | |
|---|---|
| _____<br>Trustee | _____<br>Trustee |
| _____<br>Trustee | _____<br>Trustee |
| _____<br>Trustee | _____<br>Trustee |
| _____<br>Trustee | _____<br>Trustee |

3

AMENDMENT TO AGREEMENT AND DECLARATION OF TRUST FOR THE
AUTOMOBILE MECHANICS' LOCAL NO. 701
UNION & INDUSTRY PENSION FUND

WHEREAS, the Board of Trustees of the Automobile Mechanics Local No. 701

Union and Industry Pension Fund is the sponsor of an employee pension benefit plan

known as the Automobile Mechanics Local No. 701 Union and Industry Pension Fund;

WHEREAS the Restated Agreement and Declaration of Trust establishing the

Pension Fund permits the Trustees to amend the Agreement;

WHEREAS the Trustees wish to amend the Restated Agreement and Declaration

of Trust to update the name of one of the employer associations and to clarify the

procedure for appointment of Trustees in cases where no current employer association

exists in a particular industry;

THEREFORE BE IT RESOLVED, that the Board of Trustees of the Automobile

Mechanics Local No. 701 Union and Industry Pension Fund hereby amends its Restated

Agreement and Declaration of Trust, effective May 1, 2009, as follows:

1. Part II, Article I, Section 1 is amended to read in its entirety as follows:

Section 1. Appointment of Trustees. The Trust Fund shall be administered
by Trustees, even in number, one-half of whom shall be representatives of the
Employers and on-half of whom shall be representatives of the Employees. A
total of three (3) Employee Trustees shall be appointed by the Automobile
Mechanics Local No. 701, and shall act as representatives of all of the employees
for whose benefit the Pension Plan is maintained. A total of three (3) Employer
Trustees shall be appointed in the following manner and shall act as the
representatives of all of the Employers required to make Employer Contributions
to the Trust Fund. No more than one (1) Employer Trustee shall be appointed by
the Central States Motor Carriers Association, no more than one (1) Employer
Trustee shall be appointed by the Chicago Automobile Dealers Association and no
more than one (1) Employer Trustee may be appointed from either the Ready Mix
Concrete and Building Material Producers or the Truck Dealers Leasing and
Rental Industries. Where an Association does not exist, fails to make an
appointment or where an appointment has traditionally been made by the

remaining Employer Trustees, the Employer Trustee shall be appointed, pursuant to the procedures in Part II, Article IV, Section 2 of this Agreement, from that industry at large in order to obtain the best available person.

   2.  Part II, Article I, Section 2 is amended to read in its entirety as follows:

At a regular meeting of the Trustees, the attendance of two (2) Trustees consisting of one (1) Employer Trustee and one (1) Union Trustee shall be required for the transaction of business. At a special meeting of the Trustees, the attendance of three (3) Trustees including at least one (1) Employer Trustee and at least one (1) Union Trustee shall be required for the transaction of business. However, if there is a written waiver agreed upon by at least two (2) Employer Trustees and two (2) Union Trustees, a special meeting can transact business with the attendance of two (2) Trustees consisting of one (1) Employer Trustee and one (1) Union Trustee.

DATED this 8th day of May, 2009.

BOARD OF TRUSTEES OF THE AUTOMOBILE MECHANICS LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND

Trustee

Trustee

Trustee

Trustee

Trustee

Trustee