**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Objection Deadline: November 6, 2023 at 4:00 p.m. (ET)**
**Hearing Date: November 13, 2023 at 10:00 a.m. (ET)**

**DEBTORS' MOTION FOR ENTRY**
**OF AN ORDER, PURSUANT TO SECTION 365(d)(4) OF**
**THE BANKRUPTCY CODE, EXTENDING TIME TO ASSUME**
**OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

## Relief Requested

1.     The Debtors seek entry of an order (the "Order") pursuant to section 365(d)(4) of the Bankruptcy Code (as defined herein), substantially in the form attached hereto as **Exhibit A** (the "Order"), extending the time by which the Debtors must decide to assume or reject certain unexpired leases of nonresidential real property (collectively, the "Unexpired Leases") by 90 days, from December 4, 2023, through and including March 4, 2024, without prejudice to the right of

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]     A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").  Capitalized terms used but not immediately defined in this motion have the meanings ascribed to them later in this motion or in the First Day Declaration, as applicable.

the Debtors to seek further extensions with the consent of the affected counterparties to the Unexpired Leases.

## Jurisdiction and Venue

2.       The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The statutory basis for the relief requested herein is section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

## Background

5.       On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") [Docket No. 169].  The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On August 16, 2023, the United States Trustee

DOCS_DE:245590.1 96859/001

for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee").  No trustee or examiner has been appointed in these chapter 11 cases.

6.      On August 31, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 391] (the "Rejection Procedures Motion").

7.      On August 31, 2023, the Debtors filed the *Omnibus Motion of Debtors Seeking Entry of an Order (I) Authorizing (A) Rejection of Certain Executory Contracts and Unexpired Leases Effective as of Dates Specified Herein and (B) Abandonment of Certain Personal Property, if any, and (II) Granting Related Relief* [Docket No. 394] (the "Omnibus Rejection Motion").

8.      On September 14, 2023, the Court authorized the relief requested in the Omnibus Rejection Motion [Docket No. 548].  On September 14, 2023, the Court also granted the relief requested in the Rejection Procedures Motion [Docket No. 550].

**The Debtors' Unexpired Leases**

9.      The Debtors are party to multiple contracts and Unexpired Leases related to the Debtors' businesses, including leases with respect to real and personal property.  Some of these contracts include nonresidential real property leases subject to section 365(d)(4) of the Bankruptcy Code, under which such leases will be deemed rejected unless they are assumed within 120 days from the Petition Date absent agreement with the non-Debtor counterparty.

10.     Pending their decision to assume or reject any additional Unexpired Leases, the Debtors intend to perform all of their undisputed obligations arising from and after the Petition Date, in a timely fashion, to the extent required by section 365(d)(4) of the Bankruptcy Code, including the payment of postpetition rent obligations.  The Debtors, however, continue to conduct

DOCS_DE:245590.1 96859/001

a sale process for substantially all their assets pursuant to the Bidding Procedures Order [Docket No. 575] and believe it is premature to assume (or reject) Unexpired Leases at this time. The Bidding Procedures Order includes a contract and lease designation process pursuant to which ultimate purchasers of the Debtors' assets may designate which executory contracts and unexpired leases are to be assumed by the Debtors and assigned to the purchaser. Accordingly, the Debtors seek additional time under section 365(d)(4) of the Bankruptcy Code to permit ultimate purchasers of the Debtors' assets the time to make such decisions.

11.     More specifically, the Debtors' decision regarding whether to assume or reject any particular Unexpired Lease depends on a number of different factors, including an assessment as to whether the terms of such Unexpired Lease are commensurate with the local market and are consistent with their overall sale objectives. The Debtors, in consultation with their advisors, have been working diligently to review and analyze the remaining Unexpired Leases in an effort to determine which are burdensome to the estates. Due to the ongoing sale process, the Debtors require more time to determine which Unexpired Leases are valuable to their estates and that may ultimately be sold to the purchaser. To ensure that the Debtors maintain flexibility with respect to the Unexpired Leases as sale negotiations continue, the Debtors seek a 90-day extension of the December 4, 2023 deadline to assume or reject the Unexpired Leases, through and including March 4, 2024.

**Basis for Relief**

**I.   Extension of Debtors' Time to Assume or Reject Unexpired Leases is Appropriate.**

12.     Section 365(d)(4) of the Bankruptcy Code provides as follows:

(A)     Subject to subparagraph (B), an unexpired lease of nonresidential property under which the debtor is the lessee shall be deemed rejected and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee

DOCS_DE:245590.1 96859/001

does not assume or reject the unexpired lease by the earlier of 11 U.S.C. § 365(d)(4).

> (i)    the date that is 120 days after the date of the order for relief; or
>
> (ii)   the date of the entry of an order confirming the plan.

(B)   (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

> (ii)   If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

13.    Pursuant to section 365(d)(4) of the Bankruptcy Code, the Debtors have 120 days from the Petition Date to assume or reject the Unexpired Leases, unless this deadline is extended for up to an additional 90 days by order of the Court, or longer by consent of the applicable lessors. The 120-day period established by section 365(d)(4)(A) of the Bankruptcy Code expires on December 4, 2023, subject to extension by the Court, to assume or reject leases of non-residential real property (the "Assumption/Rejection Deadline").

14.    Section 365(d)(4) of the Bankruptcy Code authorizes a court to "extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessee for cause." 11 U.S.C. § 365(d)(4)(B)(i).

15.    Courts consider the following non-exclusive factors to determine whether "cause" exists for purposes of section 365(d)(4) of the Bankruptcy Code:

> (a)   whether the leases are an important asset of the estate such that the decision to assume or reject would be central to a chapter 11 plan;
>
> (b)   whether the debtor has had insufficient time to intelligently appraise each lease's value to the chapter 11 plan;
>
> (c)   whether the cases are exceptionally complex and involve a large number of leases;
>
> (d)   whether the lessor continues to receive monthly rental payments;

(e)     whether there is a need for judicial determination of whether a lease exists; and

(f)     whether the existence of any other facts indicate the lack of a reasonable time to decide whether to assume or reject.

*In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987); *see also South St. Seaport L. P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760–61 (2d Cir. 1996) (considering whether the lease was important to the estate, whether the debtor had sufficient time to formulate a chapter 11 plan, whether the debtor was paying for the use of the property, whether the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code, the complexity of the case facing the debtor, the number of leases the debtor needed to evaluate, and the need for judicial determination of whether a lease existed); *Channel Home Ctrs., Inc. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993), cert. denied, 510 U.S. 865 (1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing *Wedtech*, 72 B.R. at 471–72).

16.     Courts in this district have consistently recognized the benefits of granting additional time for a debtor to assume or reject leases of nonresidential real property under section 365(d)(4) of the Bankruptcy Code.  *See, e.g., Channel Home Ctrs.*, 989 F.2d at 687–88; *In re GST Telecom Inc.*, 2001 WL 686971 (D. Del. June 8, 2001); *In re Rickel Home Centers*, 1997 WL 538785 (D. Del. Aug. 13, 1997).  As the United States Court of Appeals for the Third Circuit has stated, "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan…that it is attempting to develop." *Channel Home Ctrs.*, 989 F.2d at 689; *see also Coleman Oil Co. v. Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904, 909 n.5 (9th Cir. 1997),

6

cert. *denied*, 118 S. Ct. 1166 (1998) (noting that bankruptcy courts often grant debtors' requests

for extensions).

17.     Cause exists to extend the time within which the Debtors may assume or reject the

Unexpired Leases.  A number of factors weigh in favor of granting the requested extension.

18.     ***First,*** pending the Debtors' decision to assume or reject the Unexpired Leases, the

Debtors intend to perform all of their undisputed obligations arising from and after the Petition

Date in a timely fashion to the extent required by section 365(d)(3) of the Bankruptcy Code.  The

Debtors are currently paying and will continue to pay the postpetition rent obligations that arise

under the Unexpired Leases in the ordinary course.  As such, the Debtors' requested extension of

time to assume or reject the Unexpired Leases will not prejudice or otherwise affect the substantive

rights of the lessors under the Unexpired Leases.  *See, e.g., In re Am. Healthcare Mgmt., Inc.*, 900

F.2d 827, 832 (5th Cir. 1990) ("[A]n order extending the time for a debtor to assume or reject a

lease merely preserves the status quo") (quoting *In re Victoria Station Inc.*, 875 F.2d 1380, 1386

(9th Cir. 1989)); *In re Bon Ton Rest. & Pastry Shop, Inc.*, 52 B.R. 850, 854–55 (Bankr. N.D. Ill.

1985) (concluding that a lessor who received continuing monthly rent payments was not prejudiced

by an extension of the section 365(d)(4) deadline).

19.     ***Second***, the Unexpired Leases are important assets from which the Debtors are

seeking to extract value for the benefit of all stakeholders.  The Debtors are considering all options

with respect to their Unexpired Leases, including the ability to renegotiate certain agreements to

improve their terms and enhance their value to the estates (if they are to be assumed and ultimately

assigned to a purchaser).  The Debtors are engaged in a process of selling substantially all of their

assets and the decision to assume or reject each Unexpired Lease will depend on the outcome of

the sale process.  The Unexpired Leases are, therefore, some of the most important assets of the

Debtors' estates and are subject to the contract designation rights of the buyers in accordance with the approved sale transactions. *See* Docket No. 575. The Debtors' successful administration of these chapter 11 cases requires a careful analysis of the Unexpired Leases to determine if value can be extracted through a transfer to a prospective purchaser. The requested 90-day extension will accordingly enable the Debtors to make a fully informed decision regarding this crucial facet of their wind-down process.

20. ***Third***, the Unexpired Leases may interrelate with the Debtors' other contractual agreements and legal obligations, and it is imperative that the Debtors have sufficient time to fully evaluate each of their Unexpired Leases. In the period since the Petition Date, the Debtors have diligently pursued the sale of substantially all of their assets in an efficient and timely manner. Given the number of Unexpired Leases and the other activities that have occupied the Debtors' time during the initial period of these cases, the Debtors have not had the opportunity to assess fully their renegotiation, assumption, and rejection options with respect to their entire pool of Unexpired Leases.

21. Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g., PGX Holdings, Inc.* No. 23-10718 (CTG) (Bankr. D. Del. Sept. 13, 2023) (granting the debtor an extension of time to accept or reject unexpired leases of nonresidential real property); *In re Bluestem Brands, Inc.,* No. 20-10566 (MFW) (Bankr. D. Del. Jun. 4, 2020) (same)*; In re Dura Auto. Sys., LLC, No. 19-12378* (KBO) (Bankr. D. Del. Feb. 26, 2020) (same)*; In re Forever 21, Inc.* No. 19-12122 (KG) (Bankr. Dist. Del. Oct. 28, 2019) (same)*; In re PES Holdings, LLC,* No.

8

19-11626 (KG) (Bankr. D. Del. Nov. 4, 2019) (same). The Debtors submit that similar relief is warranted in these chapter 11 cases.[3]

22.     The Debtors' decision whether to assume or reject the Unexpired Leases is critical to the Debtors' efforts to maximize the value of their estates.  If the Debtors were compelled at this time to make a premature decision, they might be forced to assume the Unexpired Leases, which could lead to unnecessary administrative claims if the Unexpired Leases were ultimately terminated.  Conversely, if the Debtors precipitously reject the Unexpired Leases, they may forego the significant value the Unexpired Leases may have, in addition to creating large unwarranted rejection damage claims in these cases.

23.     Accordingly, the Debtors submit that cause exists for the Court to extend the Assumption/Rejection Deadline an additional 90 days, through and including March 4, 2024.

**Reservation of Rights**

24.     Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:  as (a) an assumption or rejection of any of the Unexpired Leases under section 365(a) of the Bankruptcy Code; (b) an admission by the Debtors that a particular instrument is or is not a true lease (c) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (d) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (e) a promise or requirement to pay any particular claim; (f) an implication, admission or finding

---

[3]     Because of the voluminous nature of the orders cited herein, such orders are not attached to this motion.  Copies of these orders are available upon request of the Debtors' counsel.

that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (g) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (h) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (i) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law. If the Court grants the relief sought herein, any and all of the Debtors' rights, claims, and defenses with respect to the characterization of the Unexpired Leases pursuant to sections 365(d)(3) and 365(d)(4) of the Bankruptcy Code or otherwise are expressly reserved.

**Notice**

25.    The Debtors will provide notice of this motion to: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto;(i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent, and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury;  (o) counterparties to Unexpired Leases; (p) all parties the Debtors reasonably believe constitute counterparties to Unexpired Leases; and (q) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively,

DOCS_DE:245590.1 96859/001

the "Notice Parties").  In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

26.    No prior request for the relief sought herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

11

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  October 30, 2023
Wilmington, Delaware

/s/ Peter J. Keane
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com
                pkeane@pszjlaw.com
                ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                david.seligman@kirkland.com
                whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

DOCS_DE:245590.1 96859/001