IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| Debtors. | ) (Jointly Administered) |

**Objection Deadline: November 6, 2023 at 4:00 p.m. (ET)**
**Hearing Date: November 13, 2023 at 10:00 a.m. (ET)**

**MOTION OF DEBTORS FOR ENTRY
OF AN ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE
DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) enlarging the period of time (the "Removal Period") set forth in rule 9027(a)(2)(A) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") during which the Debtors may seek removal of actions (collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 by 120 days, up to and including March 2, 2024, without prejudice to the Debtors' right to seek additional extensions of the Removal Period; and (b) granting related relief.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"). Capitalized terms used but not immediately defined in this motion have the meanings ascribed to them later in this motion or in the First Day Declaration, as applicable.

**Jurisdiction and Venue**

2.  The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are section 1452 of title 28 of the United States Code, 28 U.S.C. §§ 1452, Bankruptcy Rules 9006 and 9027 and Local Rule 9006-2.

**Background**

5.  On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169]. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

**The Actions**

6.  The Debtors are currently involved in certain civil actions commenced prepetition in various fora. The Debtors continue to review their books and records and are in the process of determining whether to remove any Actions pursuant to 28 U.S.C. § 1452. Since the Petition Date, the Debtors have worked diligently on a number of critical matters and have not yet decided which, if any, of the Actions they will seek to remove. Specifically, the Debtors and their professionals have been focused on, among other things:

- obtaining entry of first and second day orders to facilitate a smooth landing into chapter 11;

- obtaining entry of interim and final orders approving debtor-in-possession financing [Docket Nos. 302, 571] and consensual use of cash collateral [Docket Nos. 181, 302, 303, 570, 571];

- winding down the Debtors' business operations to maximize the value of the Debtors' estates;

- obtaining entry of bidding procedures [Docket No. 575] to facilitate sale processes for both the Debtors' rolling stock and non-rolling stock assets, and securing a stalking horse bidder for sale of the Debtors' real estate assets [Docket No. 518];

- preparing and filing the Debtors' schedules of assets and liabilities and statements of financial affairs;

- addressing numerous questions raised by employees, former employees, vendors, customers, and other parties in interest; and

- coordinating with the U.S. Trustee and the Committee to provide requested information on a variety of issues and comply with the reporting requirements under the Bankruptcy Code.

7.  As a result of the Debtors' focus on other matters associated with their restructuring, the Debtors are not yet in a position to undertake a thorough analysis of the Actions or develop a strategy with respect to whether they should remove certain Actions.

8.  It is also possible that the Debtors may become aware of Actions following their review of proofs of claim, at which point the Debtors will need to analyze such potential Actions

3

to determine whether to remove any such Actions.  Consequently, the Debtors are seeking an extension of the Removal Period to provide them with time to decide whether to remove any such Actions.

### Basis for Relief

9. Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases.  Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

10. Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action.  Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

11. Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027.  Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Fed. R. Bankr. P. 9006(b)(1).

12. It is well-settled that the Court is authorized to enlarge the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), overruled on other grounds by *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134-35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D.W. Va. 2000) (explaining that Bankruptcy Rule 9006(b) provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (holding the period in which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (explaining the United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a), pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (holding an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

13. The Debtors are seeking to extend the Bankruptcy Rule 9027(a)(2)(A) deadline, which in isolation would expire on November 3, 2023,[3] to ensure the Debtors' right to remove is preserved and that creditors are on notice of such extended removal deadline. The Debtors believe they have additional time to remove the Actions under Bankruptcy Rule 9027(a)(2)(C)

---

[3] The hearing to consider approval of this Motion is scheduled for a date after the expiration of the current deadline for the Removal Period. Nevertheless, Local Rule 9006-2 provides that "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Accordingly, under such circumstances, Local Rule 9006-2 would automatically extend the Removal Period pending the Court's hearing to consider the relief requested by this Motion.

and, to the extent such Actions are subject to the automatic stay, Bankruptcy Rule 9027(a)(2)(B), but nevertheless seek entry of this Motion out of an abundance of caution.

14. The Debtors' decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the expeditious resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with the winddown process, the chapter 11 plan, the claims allowance process, and the asset sale processes; and (e) the progress made to date in the Action. To make the appropriate determination, the Debtors must analyze each Action (if any) in light of such factors.

15. To date, the Debtors' review of their books and records to determine whether any Actions exist remains ongoing. Since the commencement of these chapter 11 cases, the Debtors have been focused on addressing time critical matters including, among other things, obtaining entry of first and second day orders, obtaining approval of the terms of their DIP financing, winding down their business operations, obtaining entry of bidding procedures for the sale of their assets and securing a stalking horse bidder for the sale of their real estate assets, preparing and filing the schedules of assets and liabilities and statements of financial affairs, and addressing numerous questions raised by parties in interest. The general bar date for prepetition claims is set for November 13, 2023,[4] and it is possible that the Debtors may become aware of Actions in connection with proofs of claim that are filed in these chapter 11 cases. If so, the

---

[4] *See Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 521].

Debtors will require an opportunity to make the appropriate determinations concerning such Actions' removal. The Debtors believe that the extension requested herein will provide the Debtors with the ability to make fully informed decisions concerning the removal of any such Actions and will ensure that the Debtors' rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner. Alternately, if such an extension is not granted, the Debtors may not become aware of Actions until after the Removal Period expires. Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Debtors' requested extension of the Removal Period. If the Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b). Accordingly, the Debtors submit that cause exists for the relief requested herein.

16. Further, the rights of any party to the Actions will not be unduly prejudiced by the Debtors' requested extension. Inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their respective courts during these chapter 11 cases, even absent the relief requested herein.

17. Courts in this district have regularly granted the relief requested herein in other large chapter 11 cases. *See, e.g., In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. Sept. 13, 2023) (granting a 120-day extension, without prejudice to the debtors' ability to seek further extensions); *In re Town Sports Int'l, LLC*, No. 20-12168 (CSS) (Bankr. D. Del. Dec. 16, 2021) (same)*; In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. Sept. 20, 2021) (same); *In re Bluestem Brands, Inc.*, No. 20-10566 (MFW) (Bankr. D. Del. June 23, 2020) (same). The 120-day extension requested herein is consistent with the extensions granted by this and other courts in this district under similar circumstances. Accordingly, the Debtors' requested extension is reasonable.

**Notice**

18. The Debtors will provide notice of this motion to: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto;(i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent, and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

19. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: October 30, 2023
Wilmington, Delaware

/s/ *Peter J. Keane*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (*admitted pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (*admitted pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | Whitney Fogelberg (*admitted pro hac vice*) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |
| Wilmington, Delaware 19801 | Telephone: (312) 862-2000 |
| Telephone: (302) 652-4100 | Facsimile: (312) 862-2200 |
| Facsimile: (302) 652-4400 | Email: patrick.nash@kirkland.com |
| Email: ljones@pszjlaw.com | david.seligman@kirkland.com |
| tcairns@pszjlaw.com | whitney.fogelberg@kirkland.com |
| pkeane@pszjlaw.com | |
| ecorma@pszjlaw.com | -and- |
| | |
| | Allyson B. Smith (*admitted pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: allyson.smith@kirkland.com |
| | |
| | *Co-Counsel for the Debtors and Debtors in Possession* |