## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**Objection Deadline: November 6, 2023 at 4:00 p.m. (ET)**
**Hearing Date: November 13, 2023 at 10:00 a.m. (ET)**

**MOTION OF DEBTORS FOR ENTRY
OF AN ORDER (I) EXTENDING THE DEBTORS'
EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121
OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion:[2]

### Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"), (a) extending the deadline by which the Debtors have the exclusive right to (i) file a chapter 11 plan by ninety (90) days through and including March 4, 2024

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]   A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "<u>First Day Declaration</u>"). Capitalized terms used but not immediately defined in this motion have the meanings ascribed to them later in this motion, the *Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignments of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 575] (the "<u>Bidding Procedures Order</u>"), or in the First Day Declaration, as applicable.

(the "<u>Filing Exclusivity Period</u>"), and (ii) solicit votes thereon by ninety (90) days through and including May 2, 2024 (the "<u>Solicitation Exclusivity Period</u>" and, together with the Filing Exclusivity Period, the "<u>Exclusivity Periods</u>"), without prejudice to the Debtors' rights to seek further extensions of the Exclusivity Periods, and (b) granting related relief.  Absent the relief requested herein, the Filing Exclusivity Period will expire on December 4, 2023, and the Solicitation Exclusivity Period will expire on February 2, 2024.

<u>**Preliminary Statement**</u>

2.      Fewer than three months from the Petition Date, the Debtors have made substantial progress towards achieving their chapter 11 goals of consummating a value maximizing sale and implementing an orderly wind-down, but significant work remains to be done.  The Debtors therefore seek an extension of the Exclusivity Periods to permit the Debtors to continue the ongoing marketing and sale of all or substantially all of the Debtors' real estate and Rolling Stock, amongst other assets, pursuant to the Bidding Procedures Order.

3.      The Debtors have worked collaboratively with their relevant stakeholders to progress the marketing process for the Debtors' assets.  Despite the Debtors' efforts and substantial progress, more work remains.  The Debtors find themselves at a critical juncture that makes it premature for the Debtors to develop or negotiate a chapter 11 plan.  Pursuant to the Bidding Procedures Order, the deadline for submitting qualified bids for the Debtors' Non-Rolling Stock Assets is November 9, 2023, and an auction for the sale of those assets is currently scheduled for November 28, 2023.  Because the Filing Exclusivity Period is currently set to expire only days after the Non-Rolling Stock auction, and because the outcome of the sale process will drive the development of the Debtors' ultimate chapter 11 plan, the Debtors request a reasonable extension of the Exclusivity Periods.

4.    Furthermore, the Debtors have taken a number of key steps in these chapter 11 cases, including, among other things:

- obtaining relief that has enabled the Debtors to continue to facilitate the cost-effective wind-down of their operations and administration of these chapter 11 cases, including obtaining approval of "first day" motions, "second day" motions, and retention applications;

- negotiating and obtaining final approval for the Debtors' debtor-in-possession financing facility and use of cash collateral to address the Debtors' liquidity needs in chapter 11;

- addressing questions, concerns, and issues raised by employees, vendors, utility companies, and other parties in interest;

- obtaining entry of the order setting the claims bar date to facilitate the timely administration of their claims pool and beginning the process of reconciling claims and interests as promptly and efficiently as possible;

- promptly completing and filing their schedules of assets and liabilities and statements of financial affairs on September 12, 2023;

- obtaining entry of the contract rejection procedures order [Docket No. 550] and rejecting numerous onerous executory contracts and unexpired leases [Docket No. 548];

- returning thousands of pieces of equipment to various lessors through multiple consensual stipulations;

- commencing and continuing an extensive marketing process to identify, develop, and, subject to Court approval, consummate value-maximizing transactions for the Debtors' assets;

- responding to diligence requests from the Committee and other key stakeholder groups; and

- continuing significant negotiations with key stakeholders regarding the terms of a consensual resolution to these chapter 11 cases.

5.    Based on the current posture of these chapter 11 cases, the Debtors believe sufficient cause exists to warrant an extension of the Exclusivity Periods.  Given the complexities

of these chapter 11 cases and the Debtors' ability to continue moving these chapter 11 cases forward, the Debtors' liquidation process would be seriously disrupted if another party were permitted to file a plan.  An extension of the Exclusivity Periods is in the best interests of the Debtors, their estates, and all stakeholders, as it will allow the Debtors to procure the best recovery for their creditors and help to ensure a successful conclusion to these chapter 11 cases.

6.     Accordingly, the Debtors seek a modest 90-day extension of the Exclusivity Periods so they have the exclusive right to file a plan until March 4, 2024 and solicit votes thereon until May 2, 2024.  For all of the foregoing reasons and those set forth below, the Debtors respectfully submit that a 90-day extension of exclusivity and solicit acceptances is appropriate in these circumstances, and request that the Court approve extension of the Exclusivity Periods.

## Jurisdiction and Venue

7.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      The statutory bases for the relief requested herein are sections 1121 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002, 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1 and 9013-1.

## Background

10.      On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169].  The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

## Basis for Relief

11.      Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here.   Specifically, section 1121(d) of the Bankruptcy Code provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d).  Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "in order to allow the debtor to reach an agreement."  H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 533-534 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to promote maximum flexibility") (quoting *In re Lake in the Woods*, 10 B.R. 338, 340, 345 (E.D. Mich. 1981)).  Simply

put, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors.  *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

12.    Courts within the Third Circuit and in other jurisdictions have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case.  *See, e.g.*, *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987). In particular, courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the Exclusivity Periods.  These factors include the following:

(a)    the size and complexity of the case;

(b)    the existence of good-faith progress;

(c)    the necessity of sufficient time to negotiate and prepare adequate information to allow a creditor to determine whether to accept such chapter 11 plan;

(d)    whether the debtor is paying its debts as they become due;

(e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f)    whether the debtor has made progress negotiating with creditors;

(g)    the length of time a case had been pending;

(h)    whether the debtor is seeking an extension to pressure creditors; and

(i)    whether or not unresolved contingencies exist.

*See In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*, 208 B.R. at 664–65 (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended); *In re Friedman's Inc.*, 336 B.R. 884, 888 (Bankr. D. Ga. 2005) (same).

13.     Not all of these factors are relevant to every case, and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g.*, *Express One*, 194 B.R. at 100 (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two of the factors in holding that cause existed to extend exclusivity). For example, both Congress and courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances of such a plan. H.R. No. 95-595, at 231-232, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek…[relief]…under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); *see also Texaco*, 76 B.R. at 326 ("The large size of the debtor and the consequent difficulty in formulating a plan…for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

14.     As set forth below, the Debtors' chapter 11 cases satisfy the relevant factors and, thus, sufficient "cause" exists to extend the Exclusivity Periods as provided herein. There is ample precedent in this district and others for an initial extension of exclusivity as the Debtors seek here.

*See, e.g.*, *In re PGX Holdings, Inc.*, No. 23-40718 (CTG) (Bankr. D. Del. Sept. 25, 2023) (granting an initial extension of approximately ninety days); *In re Akorn, Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. Sept. 17, 2020) (granting an initial extension of approximately ninety days); *In re Bluestem Brands, Inc.,* No. 20-10566 (MFW) (Bankr. D. Del. Aug. 25, 2020) (same); *In re Dura Auto. Sys., LLC*, No. 19-12378 (KBO) (Bankr. D. Del. Mar. 18, 2020) (granting an initial extension of approximately seventy-five days); *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Feb. 18, 2020) (granting an initial extension of approximately ninety days).[3]

## I.     The Debtors' Chapter 11 Cases Are Large and Complex.

15.     Having once been the third largest LTL freight carrier and the fifth largest transportation company in North America, these chapter 11 cases involve 24 Debtor-affiliate entities, which had, at the outset of these cases, approximately 1,650 employees as compared to employing over 30,000 people prior to the Petition Date.  The Debtors currently are winding down operations of numerous service terminals spanning 300 communities across the United States and Canada. As of the Petition Date, the Debtors had approximately $1.2 billion in funded-debt obligations.

16.     Moreover, the Debtors have a wide variety of parties in interest, from various vendors and contractual and litigation counterparties to local, state, and federal agencies—many of whom have been active in these chapter 11 cases.  Various unions, such as the International Brotherhood of Teamsters, are active in these chapter 11 cases since the Debtors were once an employer of approximately 22,000 union-employees.  The Debtors also have a myriad of reporting

---

[3]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' counsel.

obligations with respect to local, state, and federal taxing and regulatory agencies that the Debtors have continued to comply with, to the extent required by the Bankruptcy Code.

17.     Accordingly, the size and complexity of these chapter 11 cases weigh in favor of extending the Exclusivity Periods.

## II.     The Debtors Have Made Good-Faith Progress Towards Conclusion of these Chapter 11 Cases.

18.     During their short time in chapter 11, the Debtors have made significant progress in negotiating with their stakeholders and administering these chapter 11 cases.  The Debtors commenced these chapter 11 cases with extremely limited liquidity and have achieved approval of the Bidding Procedures in approximately six weeks.  The Debtors have moved as expeditiously as possible through these chapter 11 cases and are actively engaged in a comprehensive marketing process to maximize the value of their estates for the benefit of all stakeholders.

19.     In the weeks ahead, the Debtors will continue to engage with their stakeholders to consummate the Sales and to develop and negotiate a chapter 11 plan.  The Debtors' substantial progress administering these chapter 11 cases weighs in favor of an extension of the Exclusivity Periods.

## III.     The Debtors Are Paying Their Bills as They Come Due.

20.     Since the Petition Date, the Debtors have paid their postpetition debts in the ordinary course or as otherwise provided by Court order.

## IV.     These Cases Are Fewer Than Four Months Old.

21.     The Debtors' request for an extension of the Exclusivity Periods is the Debtors' first such request and comes fewer than four months after the Petition Date.  As discussed above, during this short time, the Debtors have accomplished a great deal, including approval of the Bidding Procedures Order, addressing questions, concerns, and issues raised by employees,

vendors, utility companies, and other parties in interest, and negotiating and obtaining final approval for the Debtors' debtor in possession financing facility and use of cash collateral to address the Debtors' liquidity needs, and the Debtors will continue to work diligently with all stakeholders to negotiate and consummate a plan.  The fact that this is the Debtors' first request for an extension supports granting the requested extension.

**V.      An Extension of the Exclusivity Periods Will Not Pressure Creditors.**

22.    The Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders.  The Debtors have been diligently moving these chapter 11 cases forward.  Accordingly, the relief requested herein is without prejudice to the Debtors' creditors and will benefit the Debtors' estates, their creditors, and all other key parties in interest.

23.    An objective analysis of the relevant factors demonstrates that the Debtors are doing everything that they should be doing as chapter 11 debtors to facilitate a successful conclusion to these chapter 11 cases.  Accordingly, sufficient cause exists to extend the Exclusivity Periods as provided herein.

<u>**Notice**</u>

24.    The Debtors will provide notice of this motion to:  (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto;(i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent,

and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached

hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as

the Court deems appropriate under the circumstances.

Dated:  October 30, 2023
Wilmington, Delaware

*/s/ Peter J. Keane*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | Whitney Fogelberg (admitted *pro hac vice*) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:            ljones@pszjlaw.com
                      tcairns@pszjlaw.com
                      pkeane@pszjlaw.com
                      ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:            patrick.nash@kirkland.com
                      david.seligman@kirkland.com
                      whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:            allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in
Possession*