**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket No. __ |

**ORDER AUTHORIZING PARTIES, INCLUDING THE DEBTORS' EXCLUSIVE BROKER AND AUCTIONEER OF ROLLING STOCK ASSETS, TO FILE UNDER SEAL THE NAMES OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST IN CONNECTION WITH THE ROLLING STOCK SALE PROCESS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Agent to redact and file under seal the names of the Confidential Parties consistent with their obligations under certain executed confidentiality agreements in connection with sale processes and/or for the other reasons set forth in the Motion and in the Agent Redaction Declaration, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration, the Motion, the Agent Declarations, and the Agent Redaction Declaration; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors and the Agent, as applicable, are authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, (a) to file the Agent Declarations, Schedules, and any documents related thereto or to the Rolling Stock Assets sale process with the names and identities of the Confidential Parties under seal, and to (b) file the unredacted versions of such documents under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Bankruptcy Local Rule 9018-1.

3. The names and identities of the Confidential Parties shall remain confidential, shall remain under seal, and shall not be made available to anyone except that the Debtors and Agent are authorized to cause the unredacted versions of the Agent Declarations and any documents related thereto (including the Schedules) to be served on and made available, on a confidential basis, to: (a) the Court; (b) the U.S. Trustee; (c) the Committee; (d) any other statutorily formed

committees; and (e) any other party as may be ordered by the Court or agreed to in writing by the Debtors or the Agent, as applicable, in each case under appropriate confidentiality agreements satisfactory to the Debtors or the Agent, as applicable, that preserve the confidentiality of the names of the Confidential Parties (and any information derived therefrom).

4. The names of the Confidential Parties, as applicable, shall be made publicly available in any Notice of Winning Bidder or Notice of Back-Up Bidder with respect to the Real Estate Assets sale process to the extent required by the Bidding Procedures Order (the foregoing not applicable to the Agent with respect to the Rolling Stock Assets sale process). The Agent shall be required to file the Final Report as required by and in the manner set forth in the Agency Agreement Order.

5. The Debtors and the Agent and any party authorized to receive the unredacted versions of the Schedules shall be authorized and directed, subject to Bankruptcy Local Rule 9018-1, to redact specific references to the names and identities of the Confidential Parties set forth therein from pleadings filed on the public docket maintained in these chapter 11 cases.

6. Any party who receives the identities of the Confidential Parties in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity, including in response to a request under the Freedom of Information Act.

7. The requirements set forth in Bankruptcy Local Rule 9018-1 are satisfied by the contents of the Motion.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

9. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors and the Agent are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.