## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**Objection Deadline: November 6, 2023 at 4:00 p.m. (ET)**
**Hearing Date: November 13, 2023 at 10:00 a.m. (ET)**

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) MODIFYING THE APPLICATION OF LOCAL RULE 3007-1(f) AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion (this "<u>Motion</u>"):[2]

### Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), (a) modifying the application of rule 3007-1(f)(i) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and (b) granting the related relief set forth herein.

### Jurisdiction and Venue

2.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]      A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "<u>First Day Declaration</u>").  Capitalized terms used but not immediately defined in this motion have the meanings ascribed to them later in this Motion or in the First Day Declaration, as applicable.

Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a) and 502(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1, 3007-1, and 3007-2.

### Background

5.      On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169]. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

6.      On September 11 and 12, 2023, each of the Debtors filed its respective Schedule of Assets and Liabilities and Statement of Financial Affairs, as each may have been amended from time to time [Docket Nos. 446, 448, 450, 452, 454, 457, 460, 463, 466, 468, 471, 478–79, 482–92, 502].

2

7.      On September 13, 2023, by entry of the *Order Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 521], the Court established the following deadlines: (i) November 13, 2023, as the deadline for filing proofs of claim (the "General Bar Date"); and (ii) February 4, 2024, as the deadline for claims asserted by governmental units (the "Governmental Bar Date" and together with the General Bar Date, the "Bar Dates").

8.      More than 673,000 entities and individuals have been served with a *Notice of Deadlines for the Filing of Proofs of Claim, Including Requests for Payment Pursuant to Section 503(B)(9) of the Bankruptcy Code* [Docket No. 556].  Furthermore, as of the filing date of this Motion, more than 1,900 proofs of claim have been filed, asserting more than $1.17 billion in liabilities, on the official claims register maintained by the Debtors' claims and noticing agent, Epiq Global (the "Claims Agent").  The Debtors expect the number of claims and value of putative liabilities to increase substantially before the Bar Dates.

9.      The Debtors and their advisors have been working diligently to review the claims, including any supporting documentation filed therewith.  Based on their review, the Debtors have determined that a meaningful portion of the claims have been filed with fatal flaws— substantive and non-substantive, alike—including asserting incorrect priorities or amounts, and asserting administrative status for claims for services rather than goods.  Implementation of objection procedures will assist the Debtors to complete the claim reconciliation process, address disputed claims, make distributions to creditors in an efficient and cost-effective manner, and

3

complete an orderly and expeditious winddown of their operations in a process that preserves the value of the estates.

### Basis for Relief

**I.    Modification of Local Rule 3007-1(f)(i) to Allow the Debtors to Submit up to Four Substantive Omnibus Claims Objections Per Month and up to Five Hundred Claims Per Omnibus Objection.**

10.    Local Rule 3007-1(f)(i) provides that each substantive omnibus objection to proofs of claim may contain no more than one hundred claims, and no more than three substantive omnibus objections may be filed each calendar month.  Local Rule 3007-1(f)(i). Bankruptcy Rule 1001 provides that the Bankruptcy Rules "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding."  Fed. R. Bankr. P. 1001.  Local Rule 1001-1(c) provides that "[t]he application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice."  Local Rule 1001(c).  Finally, Local Rule 3007-1(f)(ii) provides that "[l]eave from the requirements of subsection (f) (i) [of Local Rule 3007-1] may be sought for cause . . . ."  Local Rule 3007-1(f)(ii).

11.    The Debtors respectfully submit that the one hundred-claim and three-objections-per-month limitations imposed by Local Rule 3007-1(f)(i) are unnecessarily restrictive in these cases because of (a) the overwhelming volume of similar claims asserted against the Debtors' estates; (b) the mandate Bankruptcy Rule 1001 imposes to proceed timely and efficiently, and (c) the best interests of all stakeholders in these proceedings in the face of a value-maximizing winddown.  In response to the numerous claims, the Debtors and their professionals have assembled specialized teams to review and reconcile the various categories of claims.  The Debtors intend to object to numerous claims filed in these cases in a series of omnibus objections seeking, *inter alia*, reduction, reclassification, and disallowance of such claims (the "Disputed

4

Claims"). Given the extensive number of claims filed in these chapter 11 cases, strict compliance with Local Rule 3007-1(f)(i) may result in the claims reconciliation process requiring a prohibitive amount of time to complete, delaying the Debtors' wind-down and efficient disposition of the estates, and unnecessarily burdening the Court's ability to administer the Debtors' chapter 11 cases. Especially, given the lengthy time requirements effectively imposed by Local Rule 3007-1(f)(i). By allowing the Debtors to file up to four substantive omnibus claims objections per month, each containing up to five hundred claims, the Court will be relieved of the burden of waiting for undue periods of time to review substantially similar omnibus objections.

12.     Relief from the one-hundred claim restriction imposed by Local Rule 3007-1(f)(i) is commonplace and granted routinely in large chapter 11 cases in this District when modification streamlines the claims process. *See, e.g.*, *In re Samson Res. Corp.*, Case No. 15-11934 (BLS) (Bankr. D. Del. Feb. 28, 2017) (permitting the debtors to file omnibus objections containing up to 500 claims); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. Nov. 19, 2014) (permitting the debtors to file omnibus objections containing up to 500 claims); *In re Overseas Shipholding Group, Inc.*, Case No. 12-20000 (PJW) (Bankr. D. Del. May 29, 2013) (permitting the debtors to file omnibus objections containing up to 500 claims); *In re Orleans Homebuilders, Inc.*, Case No. 10-10684 (PJW) (Bankr. D. Del. Apr. 20, 2011) (permitting the debtors to file omnibus objections containing up to 400 claims).

13.     Moreover, relief from the three-objections-per-month restriction imposed by Local Rule 3007-1(f)(i) is commonplace and granted routinely in large chapter 11 cases in this District. *See, e.g., In re GUE Liquidation Cos.*, Case No. 19-11240 (LSS) (Bankr. D. Del. Feb.

3, 2020) (permitting the debtors to file up to four substantive omnibus objections per calendar month); *In re Forever 21, Inc.*, Case No. 19-12122 (MFW) (Bankr. D. Del. Jan. 9, 2020) (permitting the debtors to file up to four substantive omnibus objections per calendar month); *In re PES Holdings, LLC*, Case. No. 19-11626 (LSS) (Bankr. D. Del. Dec. 9, 2019) (permitting the debtors to file up to four substantive omnibus objections per calendar month); *In re Samson Res. Corp.*, Case No. 15-11934 (BLS) (Bankr. D. Del. Feb. 28, 2017) (permitting the debtors to file more than two omnibus objections per calendar month); *In re Orleans Homebuilders, Inc.*, Case No. 10-10684 (PJW) (Bankr. D. Del. Apr. 20, 2011) (permitting the debtors to file up to five omnibus objections per calendar month).

14.    Accordingly, the Debtors respectfully request that the Court modify Local Rule 3007-1(f)(i) to permit the Debtors to submit up to four substantive omnibus claims objections per calendar month, each containing up to five hundred claims.  The relief sought in this Motion will allow the claims resolution and winddown processes to conclude in a timely, efficient, and cost-effective manner by avoiding the expense and delay of preparing and filing hundreds of individualized objections based on the same or similar underlying grounds.  The relief sought could ultimately take **months** off of the claims resolution and winddown processes, reducing administrative costs associated therewith, and allowing all stakeholders a greater recovery.

## II.    Modification of Notice Procedures to Streamline the Claims Administration Process.

15.    Bankruptcy Rule 3007 provides, in pertinent part:

> An objection to the allowance of a claim shall filed at least 30 days before any scheduled hearing on the objection or any deadline for the claimant to request a hearing.

Fed. R. Bankr. P. 3007(a).

DOCS_DE:245600.1 96859/001

16.     Additionally, Local Rule 3007-1(e) states that "[e]xhibit(s) of claims to which the Objection relates . . . must be attached to the Objection . . . ." Local Rule 3007-1(e)(i)(D).

17.     Local Rule 3007-2 provides, in pertinent part, that:

> In lieu of serving a copy of the entire claim objection . . . on all parties having filed a request for service of notices under Bankruptcy Rule 2002(i), the objecting party may, in its discretion, elect to serve on any party in interest that has filed a request for service of notices under Bankruptcy Rule 2002(i) and that is not (i) the holder of a claim that is objected to in the claim objection, (ii) the debtor or debtor-in-possession, (iii) any statutory trustee, (iv) any official committee, or (v) the U.S. Trustee (the "Core Objection Service Parties"), only the exhibits to the claim objection in the form required by Local Rule 3007-1(e)(iii) and the notice in the form required by Local Rule 3007-1(e)(v).

Local Rule 3007-2.

18.     Reading these rules together, it appears that the Debtors would need to provide every claimant with *all* of the exhibits to an omnibus objection in which the claimants' respective Disputed Claims are listed, including exhibits bearing no relation to that claimant's proof of claim.

19.     Bankruptcy Rule 1001, however, provides that the Bankruptcy Rules "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding."     Additionally, Local Rule 1001-1(c) states that "[t]he application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice."  Local Rule. 1001-1(c).

20.     The Debtors respectfully submit that, in these cases, the delivery of all of the exhibits to each omnibus objection to every claimant is unnecessarily burdensome to the claimants and the Debtors and unnecessarily costly to the Debtors' estates in light of the Bankruptcy Rules' and Local Rules' focus on efficiency and cost reduction.  Therefore, the Debtors     seek     a     limited     modification     of     Bankruptcy     Rule 3007(a)     and     Local

7

Rules 3007-1(e)(i)(D) and 3007-2 to allow the Debtors to provide each claimant with a custom notice detailing the information pertinent to the claimant's Disputed Claim that would otherwise be found in the relevant portion of the exhibit to the omnibus objection.  Providing each claimant with this custom notice instead of all of the exhibits to an omnibus objection will reduce the volume of irrelevant documents each claimant will receive, streamline the claims administration process, and result in savings to the Debtors' estates—resulting in a value-maximizing recovery for all stakeholders.

21.    The Debtors wish to implement an efficient and streamlined claims resolution process that does not inundate claimants with voluminous mailings containing numerous pages irrelevant to such claimants' relationships with the Debtors or such claimants' proofs of claim against the Debtors, but instead provides each claimant with the specific information pertinent to their respective proof of claim.

22.    As proposed, each claimant will receive a custom notice and an omnibus objection, without exhibits, which will provide each claimant with the substantive information required under the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.  Additionally, upon request by any claimant who is subject to an omnibus objection, Debtors will provide a supporting individualized exhibit that outlines the proposed basis of the objection.  The custom notice will be mailed to each claimant at least thirty days prior to the hearing to consider the applicable omnibus objection and will include, with respect to each claimant, (a) such claimant's proof of claim number, as listed on the claims register, (b) the claim amount associated with such proof of claim, and (c) the basis for the Debtors' objection to such claimant's proof of claim.

23.    To the extent the Debtors object to a proof of claim (a) as amended by a subsequently filed claim, (b) as an exact duplicate of another proof of claim, or (c) in any other

way for which expungement of such proof of claim leaves the respective claimant with an unaffected proof of claim, the custom notice shall also include the proof of claim number and associated claim amount for the superseding proof of claim, exact duplicate proof of claim, or other unaffected proof of claim. The Debtors believe the custom notice will allow each individual claimant to identify the basis for the Debtors' objection, but in an efficient manner, and is therefore beneficial to the claims resolution process and the Debtors' estates.

24. Notably, a copy of each exhibit filed with every omnibus objection would remain available to the public through the website maintained by the Claims Agent, https://dm.epiq11.com/case/yellowcorporation, and all the information relevant to each omnibus objection will be available through the claims register.

25. In addition to reducing the size of any mailing a claimant receives, excluding exhibits from such mailings will significantly reduce noticing costs for the Debtors.

26. Furthermore, similar relief has been previously granted by this Court. *See, e.g.*, *In re Samson Res. Corp.*, Case No. 15-11934 (BLS) (Bankr. D. Del. Feb. 28, 2017) (permitting the debtors to use a substantially similar custom notice procedure); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del. Dec. 10, 2014) (same).

27. Based on these considerations, the Debtors respectfully request that the Court grant a modification of the requirements of Bankruptcy Rule 3007 and Local Rules 3007-1 and 3007-2 as described above.

## Notice

28. The Debtors will provide notice of this motion to: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the

9

United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto;(i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (*l*) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent, and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  In light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

29.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A** (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  October 30, 2023
Wilmington, Delaware

/s/ Peter J. Keane

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | Whitney Fogelberg (admitted *pro hac vice*) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com
                pkeane@pszjlaw.com
                ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                david.seligman@kirkland.com
                whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*