**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Related D.I.: 998, 981** |

**DECLARATION OF AGENT IN SUPPORT OF DEBTORS' MOTION FOR AN ORDER**
**AUTHORIZING PARTIES, INCLUDING THE DEBTOR'S EXCLUSIVE BROKER**
**AND AUCTIONEER OF ROLLING STOCK ASSETS, TO FILE UNDER SEAL THE**
**NAMES OF CERTAIN CONFIDENTIAL PARTIES IN CONNECTION WITH**
**THE ROLLING STOCK SALE PROCESS**

Each of the undersigned declares under penalty of perjury:

1.      Jim Burke is the Executive Vice President of Nations Capital, LLC, and

Jake Lawson is the President - North America Sales of Richie Bros. Auctioneers (America) Inc.,

IronPlanet, Inc., Ritchie Bros. Auctioneers (Canada) Ltd., and IronPlanet Canada Ltd.

(collectively, the "Agent").  Together we have nearly forty years of collective experience selling

commercial, industrial and rolling stock assets and have organized and overseen thousands of

auctions of such assets.

2.      On October 30, 2023, the Debtors[2] filed the *Debtors' Motion for Entry of an Order*

*Authorizing Parties, Including the Debtors' Exclusive Broker and Auctioneer of Rolling Stock*

*Assets, to File Under Seal the Names of Certain Confidential Parties in Interest in Connection*

*with the Rolling Stock Sale Process* [Dkt. No. 998] (the "Motion to Seal"), which seeks authority

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place
of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400,
Overland Park, Kansas 66211.

[2]      Capitalized terms used but not defined herein shall be defined as set forth in the Motion to Seal.

for parties, including the Agent and the Debtors, to redact and file under seal the names and identities of the Confidential Parties for the reasons described therein.  We submit this declaration (the "Declaration") in support of the Motion to Seal.

3.        In order to protect the Agent's commercially sensitive, trade secret and proprietary information, while providing the necessary disclosures required under the Bankruptcy Code and the Bankruptcy Rules, the Agent disclosed in the Agent Declarations and the accompanying Schedules (without disclosing the names and identities of such entities) its relationships with the Confidential Parties, some of whom are or may become potential bidders and potential sale counterparties in the Rolling Stock Assets sale process being conducted by the Agent in these chapter 11 cases.

4.        The Debtors are engaged in an active and ongoing marketing process among numerous potential transaction counterparties, including certain of the Confidential Parties, for the sale of the Debtors' extensive portfolio of assets, including a marketing and sale process conducted by the Agent, on the Debtors' behalf, for the Rolling Stock Assets.  The Agent is serving as the Debtors' exclusive marketer, broker, and auctioneer for the Rolling Stock Assets.  The Rolling Stock Assets comprise over sixty thousand truck tractors, trailers and related rolling stock assets and represent significant estate value.

5.        Due to the inherently competitive nature of the Agent's marketing, bidding, and sale process for the Rolling Stock Assets—as well as the significant value of the Rolling Stock Assets and the fact that the potential counterparties' identities are required by NDA (or other confidentiality obligations of the Agent) to be kept private—we believe that revealing the identities of the Confidential Parties could breach or otherwise be in breach of the Agent's obligations of privacy.

6.      Based on our experience, we believe that disclosure of the bidders or potential bidders could chill or otherwise negatively affect the marketing and bidding process for the Rolling Stock Assets.  *First*, disclosure of the Confidential Parties' identities could cause Confidential Parties either to withdraw from ongoing negotiations and interest regarding Rolling Stock Assets or to choose not to participate in the Rolling Stock Assets sale process altogether. *Second*, publicizing the names and identities of the Confidential Parties, in breach of existing confidentiality agreements, privacy policies or arrangements, could jeopardize the Agent's commercial relationships to the detriment of both the Rolling Stock Sale process (and potentially the Debtors' recovery) and potential future dealings between the Agent and Confidential Parties who have a legal and commercial expectation of privacy.  *Third*, to maximize value of the sale proceeds of the Rolling Stock Assets, bidder names should be kept confidential to foreclose the possibility of Confidential Parties discussing bidding strategy and approach.  In sum, we believe that disclosing the names and the identities of the Confidential Parties could be detrimental to competitive bidding, the values to be obtained for the Rolling Stock Assets and, ultimately, creditor recoveries.

7.      The identities of the Confidential Parties have been redacted from the Schedules— and we believe they should remain redacted—because the confidentiality agreements between the Agent and certain of those parties require that such parties' identities remain confidential.  Further, the Agent's potential counterparties contained in the Confidential Parties' lists in the Schedules (*i.e.*, entities with whom the Agent has historical business dealings and who may have interest in the Rolling Stock Assets but have not yet entered into a non-disclosure agreement) have not consented to the Agent's disclosure of their identities.  Historically and typically, these counterparties, in their dealings with the Agent, expect the Agent to keep private their involvement

3

in such transactions.  We believe that public disclosure of such parties' identities could discourage such parties from participating in the Rolling Stock Assets sale process and compromise the Agent's business relationships with these entities in this process and in future dealings with us.

8.      We believe that, in order to best maximize value of the Rolling Stock Assets, potential bidders of the Rolling Stock Assets should not have access to the names and identities of other potential bidders.  Such disclosure of names and identities could cause industry peers, however unlikely, to discuss individual approaches and strategies regarding bidding on the Rolling Stock Assets, to the detriment of purely competitive bidding.  Out of an abundance of caution, we believe that the names and identities of the Confidential Parties should be and remain confidential to preserve the anonymity and competitiveness of the Rolling Stock Assets sale process.

9.      Importantly, as noted in the Agent Declarations, the Agent has not represented and will not represent the Confidential Parties in connection with any matter in these chapter 11 cases or which bears in any way on the Debtors or the Rolling Stock Assets sale process.  Should any representation or conflict arise in the future that may bear on the Agent's disinterestedness with respect to the foregoing, the Agent will promptly notify the Debtors (and the Debtors to the Consultation Parties) and the U.S. Trustee by supplemental declaration attesting to the same.

DOCS_DE:245613.1 96859/001

Pursuant to 28 U.S.C. § 1746, each of the undersigned declares under penalty of perjury that the foregoing is true and correct.

Date: October 31, 2023

**RITCHIE BROS. AUCTIONEERS (AMERICA) INC.**
**IRONPLANET, INC.**
**RITCHIE BROS. AUCTIONEERS (CANADA) LTD.**
**IRONPLANET CANADA, LTD.**

/s/ Jake Lawson
By: Jake Lawson
Title: Authorized Signatory

Date: October 31, 2023

**NATIONS CAPITAL, LLC**

/s/ Jim Burke
By: Jim Burke
Title: Authorized Signatory

5