**<u>Exhibit 1</u>**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |

**JOINT STIPULATION**
**BY AND AMONG THE DEBTORS AND**
**TSC EQUIPMENT FINANCE, LLC (I) GRANTING RELIEF FROM**
**THE AUTOMATIC STAY AND (II) REJECTING CERTAIN LEASE AGREEMENTS**

This joint stipulation ("Stipulation") is made and entered into by and among (a) YRC, Inc. and the other debtors in possession in the above-captioned chapter 11 cases (the "Debtors")[2], and (b) TSC Equipment Finance, LLC ("TSCEF" or the "Lessor," and together with the Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, on August 6, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes. The Debtors are managing

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration").

1

their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, Debtor YRC, Inc. ("Debtor") and Element Financial Corp. (the "Original Lessor"), entered into that certain Master Lease Agreement, dated March 16, 2016 (the "Master Lease") under which Original Lessor agreed to lease to the Debtor certain Wabash Duraplate Pup trailers (collectively, the "Trailers").  Under the Master Lease, *inter alia*, the Debtor entered into two lease schedules, denominated as schedules 26 and 29 (collectively, the "Lease Schedules," and together with the Master Lease, the "Lease Agreement")[1] pursuant to which a total of 249 Trailers were leased to the Debtor (collectively, the "Leased Equipment").  TSCEF is the successor by assignment to the Original Lessee with respect to the Lease Agreement and is the owner of the Leased Equipment.

WHEREAS, the Debtors have notified TSCEF that the Debtors do not intend to assume or assign the Lease Agreement in connection with the Debtors' chapter 11 cases;

WHEREAS, TSCEF has indicated to the Debtors its desire to take possession and liquidate the Leased Equipment and apply any security or other deposits in TSCEF's possession, custody, or control to the amounts owed TSCEF;

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to permit TSCEF to take possession of the Leased Equipment and apply the proceeds of disposition and any security or other deposits in TSCEF's possession, custody, or control to the amounts owed TSCEF under the Lease Agreement, effective as of the date of entry of an Order of this Court approving this Stipulation;

---

[1] For the avoidance of doubt, the term "Lease Agreement" as used in this Stipulation is limited to TSCEF's rights and interests under the Master Lease and Schedules 26 and 29 and does not extend to any other portion of the Master Lease or schedules which have not been assigned to TSCEF.

WHEREAS, the Debtors have determined that it is in the best interests of their estates and creditors to reject the Lease Agreement, effective as of the date of entry of an Order of this Court approving this Stipulation, to the extent necessary;

WHEREAS, TSCEF has agreed to such rejections, to the extent necessary; and

WHEREAS, the Debtors consent to lift the automatic stay imposed by section 362 of the Bankruptcy Code on the terms and conditions set forth in this Stipulation for the exclusive purposes of allowing TSCEF to take possession of the Leased Equipment, to liquidate the Leased Equipment, , and to apply the proceeds of said disposition and any security deposits held with TSCEF to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED as follows:

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting TSCEF, its agents or assigns to take possession of the Leased Equipment from the Debtors' premises, any other location owned or leased by the Debtors, or any other location where the Leased Equipment may be located, to liquidate or otherwise dispose of the Leased Equipment, , and to apply the proceeds of said disposition and to offset all funds on deposit to Debtors' indebtedness under the Lease Agreement without further notice or order of the Court. Nothing herein shall be construed to require TSCEF to take possession of any Leased Equipment which, in its discretion, TSCEF deems to be damaged, destroyed or inoperable. If TSCEF exercises its discretion not to take possession of any such Leased Equipment

3

it deems to be damaged, destroyed or inoperable, TSCEF will release the title certificate(s) to said Leased Equipment to and upon the written request of the Debtors.

3. Each of the Parties shall use commercially reasonable efforts to cooperate and coordinate with respect to the logistics of TSCEF's repossession of the Leased Equipment. Debtors shall identify and designate one or more individual(s) (and provide the name, telephone number, email address, and any other relevant contact information to TSCEF as soon as possible) with whom TSCEF may contact to coordinate the logistics of repossession of the Leased Equipment, who shall remain available to TSCEF throughout the repossession and liquidation process and shall provide the name, address, telephone number, and email address for such individuals as soon as possible.

4. The Debtors represent and warrant that the location reports provided to TSCEF to date are true and accurate to the best of their knowledge, information, and belief. To the extent the Debtors relocate all or any portion of the Leased Equipment, the Debtors shall notify TSCEF of same. To the extent the locations of all of the Leased Equipment have not yet been provided, Debtors shall use commercially reasonable efforts to locate same and disclose said location to TSCEF.

5. To the extent necessary, the Lease Agreement is hereby deemed to be rejected as of the date of entry of an Order of this Court approving this Stipulation, and TSCEF consents to such rejection. Any claim for rejection damages by TSCEF shall constitute a prepetition general unsecured claim in the Debtors' chapter 11 cases and TSECF shall be required to file a proof of claim by the date set forth in any applicable order of the Court setting a bar date for the filing of proofs of claim or as otherwise set forth in a confirmed chapter 11 plan.

6. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

7. TSCEF expressly reserves the right to assert other or additional claims against the Debtors in addition to a rejection damages claim, including, without limitation, seeking the allowance and payment of administrative claims arising in connection with the Lease Agreement, the Lease Schedules, the Leased Equipment and/or these bankruptcy cases. All rights, claims, objections and defenses of the Debtors and any other party in interst with respect to any claim asserted by TSCEF are expressly reserved. Nothing contained in this Stipulation shall constitute a waiver or release of any such rights, claims, objections and defenses of the Parties or any other party in interest.

8. Neither this Stipulation, nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith, or (c) to prove that the automatic stay has been modified in accordance with the terms of this Stipulation.

9. This Stipulation is subject to the approval of the Court and shall be effective upon entry of an order approving this Stipulation by the Court (the "<u>Order</u>"). The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation. To the extent applicable, the 14-day stay of enforcement under Rule 4001(a)(3) is hereby waived.

10. The Court retains exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

**STIPULATED AND AGREED TO THIS 31st DAY OF OCTOBER 2023:**

Dated: October 31, 2023
Wilmington, Delaware

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:     ljones@pszjlaw.com
     tcairns@pszjlaw.com
     pkeane@pszjlaw.com
     ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:     patrick.nash@kirkland.com
     david.seligman@kirkland.com
     whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:     allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

*/s/ Geoffrey Grivner*
Geoffrey Grivner
**BUCHANAN INGERSOLL & ROONEY PC**
500 Delaware Avenue, Suite 720
Wilmington, Delaware 19801-7407
Telephone:  (302) 562-4207
Email:  geoffrey.grivner@bipc.com

*Counsel to TSC Equipment Finance, LLC*