## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.,*[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: December 5, 2023 at 4:00 p.m.**<br>**Hearing Date: December 12, 2023 at 10:00 a.m.** |

## MOTION OF EDGAR CANCINO FOR
## RELIEF FROM THE AUTOMATIC STAY

Edgar Cancino ("**Movant**"), by and through his undersigned counsel, hereby moves this Court (the "**Motion**") pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, for an order lifting the automatic stay imposed by Section 362(a) of the Bankruptcy Code in order to permit Movant to prosecute a personal injury lawsuit against the Debtors and proceed to collect any award or settlement against applicable insurance proceeds. In support of this Motion, Movant respectfully states as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). For purposes of Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Movant consents to entry of a final order pursuant to Article III of the United States Constitution on the sole issue of whether cause exists to justify granting relief from the automatic stay. Venue of this Motion is proper pursuant to 28 U.S.C. § 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a) and 362(d) of the Bankruptcy Code, Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 4001-1.

### FACTS

3.      On August 6, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtors' cases are being jointly administered.

4.      Prior to the Petition Date, on or about May 3, 2021, Movant Edgar Cancino was seriously and permanently injured as a result of a motor vehicle accident on Interstate 85 South in Gwinnett County, Georgia, that was caused in full or in part by the negligence of the Debtors and Ryan Keith Harris ("**Mr. Harris**").

5.      Upon information and belief, at the time of this accident, Mr. Harris was acting within the course and scope of his employment with, and for the benefit of, Debtor USF Holland, LLC. Upon information and belief, at the time of the May 3, 2021 accident, one or more of the Debtors owned the tractor trailer being operated by Mr. Harris which was covered by liability insurance.

6.      Upon information and belief, at the time of the accident, Old Republic Insurance Company ("**Old Republic**") was the insurer for USF Holland, LLC and issued a policy of liability insurance to comply with Georgia law.

91844196.2

7.      On December 29, 2022, Movant filed his Complaint in the State Court of Clayton County, Georgia, styled *Edgar Cancino vs. Ryan Keith Harris, USF Holland, LLC and Old Republic Insurance Co.*, Civil Action File No. 2022CV02897 (the "**State Court Action**"). As more fully outlined in the Complaint, attached hereto as Exhibit B, Movant asserts Mr. Harris and Debtor USF Holland, LLC caused the motor vehicle accident that resulted in Movant's injuries. As a result of the May 3, 2021 motor vehicle accident, Movant has suffered severe and permanent bodily injuries and mental and emotional distress.

8.      Upon information and belief, the State Court Action was moving forward efficiently prior to the Debtors' bankruptcy filings. As of the Petition Date, prosecution and liquidation of the State Court Action has been stayed with respect to the Debtors as a consequence of the automatic stay provisions set forth in 11 U.S.C. § 362(a).

9.      Movant wishes to proceed with the State Court Action, only to the extent of the limit of the Debtors' applicable insurance policies and any applicable underinsured motorist limits available to them. Accordingly, Movant seeks entry of an Order of this Court modifying the Stay and allowing Movant to pursue his claims against the Debtors, only to the extent of the applicable limits of available liability or underinsured motorist insurance policies.

## **RELIEF REQUESTED**

10.      By this Motion, Movant seeks entry of an order pursuant to Section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting limited relief from the automatic stay so that Movant may prosecute his claims to judgment in the State Court Action and satisfy any award or other resolution that may be obtained against the Debtors, the Debtors' applicable insurance policies, and any other responsible individual or entity.

91844196.2

3

## BASIS FOR RELIEF REQUESTED

11.     Upon information and belief, Movant's claims are insured.

12.     Further, the claims at issue arise under non-bankruptcy law and can be most expeditiously resolved in the applicable non-bankruptcy forum.

13.     Movant is therefore entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

14.     The automatic stay set forth in section 362(a) of the Bankruptcy Code is "not meant to be indefinite or absolute," and this Court has the power to grant relief from the automatic stay under the appropriate circumstances. *In re Rexene Products Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (citing *Wedgewood Inv. Fund, Ltd. v. Wedgewood Realty Group, Ltd.*, 878 F.2d 693, 697 (3d Cir. 1989)).

15.     Bankruptcy Code Section 362(d)(1) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay... (1) for cause, including the lack of adequate protection of an interest in property of such party in interest

11 U.S.C. § 362(d)(1).

16.     There is no definition for the term "cause" in the Bankruptcy Code. Therefore, "cause" must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. at 576 (internal citations and quotations omitted). "Cause is a flexible concept and courts often...examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

17.     For a determination of whether "cause" exists to lift the stay, Third Circuit Courts apply a three-pronged balancing test:

a.    Whether prejudice to either the bankrupt estate or the debtors will result from continuation of the civil suit;

b.    Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtors' hardship; and

c.    The creditor's probability of success on the merits.

*Id.* at 126; *In Re Rexene Products*, 141 B.R. at 576; *see also In re Pursuit Athletic Footwear, Inc.,* 193 B.R. 713, 718 (Bankr. D. Del. 1996);  *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. De1. 1993 ).

18.    This Court has found that a single factor, such as "'a desire to permit an action to proceed . . . in another tribunal,' or 'lack of any connection with or interference with the pending bankruptcy case,'" may be sufficient cause for relief. *In Re Rexene Products,* 141 B.R. at 576 (internal citations omitted).

19.    Moreover, courts will often permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere. *Id.; In re Wilson,* 85 B.R. 722, 728-29 (Bankr. E.D. Pa. 1988) (internal citations omitted).

20.    Furthermore, to the extent the Debtors' liability to Movant is covered by insurance policies, any recovery by Movant will not impact or in any way prejudice the Debtor's estate. *See In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del 2008); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del. 2004).

21.    In the instant matter, the foregoing facts weigh in favor of Movant on each of the above-referenced prongs. First, the Debtors will not suffer prejudice should the stay be lifted because Movant's claims must eventually be liquidated before he can recover from the bankruptcy

91844196.2

estate. Further, because his claims involve personal injury, they must be liquidated in a forum

outside the Bankruptcy Court pursuant to 11 U.S.C. §157(b)(5). Furthermore, Movant has

demanded and is entitled to a jury trial in the State Court Action and a jury trial is not available in

this Court.

22.     Second, Movant will face substantial hardship if limited relief from the automatic

stay is not granted. He has suffered serious injuries and has incurred significant medical expenses

as a result of the Debtors' negligence. He will be irreparably prejudiced by the continued delay

resulting from the automatic stay due to the likelihood of evidence and witness memories

becoming less easily attainable as a result of any prolonged postponement of the State Court

Action. Accordingly, judicial economy would be best served by modifying the automatic stay and

allowing Movant's claims to be liquidated in the forum where they are presently postured to be

adjudicated quickly. Moreover, the Debtors will not suffer any hardship if the State Court Action

is allowed to proceed. Movant's claims are personal injury claims which do not present any factual

or legal issues that stand to significantly impact or distract the Debtors from the administration of

these Chapter 11 cases.

23.     Lastly, the likelihood of success on the merits prong is satisfied by "even a slight

probability of success on the merits." *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del.

1993). This prong also weighs in Movant's favor. The facts regarding the Debtors' negligence set

forth in the State Court Action are relatively straightforward. Movant does not believe that any

material defenses, much less strong defenses, appear to apply to the facts of the State Court Action.

"Only strong defenses to state court proceedings can prevent a bankruptcy court from granting

relief from the stay in cases where...the decision-making process should be relegated to bodies

other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

24.     Weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute his claims against the Debtors in state court and to satisfy any award or other resolution that may be obtained against the Debtors from the proceeds of any applicable insurance policies.

## WAIVER OF BANKRUPTCY RULE 4001(a)(3)

25.     Although Bankruptcy Rule 4001(a)(3) provides that an order granting a motion for relief from the automatic stay is stayed until the expiration of fourteen (14) days after entry of the order, the Court may order otherwise. Movant submits that the immediate modification of the automatic stay to allow him to resume the State Court Action via the limited relief requested herein is warranted. The Court should grant the Movant relief from the automatic stay effective immediately upon the entry of its order. The State Court Action has been stayed since the Petition Date and the automatic stay has prohibited the Movant from proceeding with prosecution of the State Court Action. Granting immediate relief from the automatic stay will not prejudice any party and will allow the Movant to proceed as requested herein.

## RESERVATION OF RIGHTS

26.     Movant hereby reserves the right to file such other and further motions or objections as may be appropriate and does not waive and hereby expressly preserves all other rights, remedies, and arguments afforded to Claimant by the Bankruptcy Code, the Bankruptcy Rules, and any applicable state and Federal statutes.

91844196.2

**NOTICE**

27.     Contemporaneously with the filing of the Motion, the Movant shall serve: (a) counsel for the Debtors; (b) counsel for the Official Committee of Unsecured Creditors; (c) the Office of the United States Trustee for the District of Delaware; (d) counsel to the Junior DIP Lender; (e) counsel to the Junior DIP Agent; (f) counsel to the B-2 Lenders; and (g) counsel for USF Holland, LLC in the State Court Action. In light of the nature of the relief requested herein, Movant submits that no other or further notice is necessary.

**NO PRIOR REQUEST**

28.     No prior application or motion for relief requested herein has been made to this or any other court.

**WHEREFORE**, Movant respectfully requests that the Court enter an Order, substantially in the form attached hereto, and grant such further additional relief as may be just and proper under the circumstances.

[remainder of page intentionally left blank]

91844196.2

Dated: November 2, 2023
     Wilmington, Delaware

Respectfully submitted,


**POLSINELLI PC**
*/s/ Michael V. DiPietro*
Christopher A. Ward (Del. Bar No. 3877)
Michael V. DiPietro (Del. Bar No. 6781)
222 Delaware Avenue, Suite 1101
Wilmington, Delaware 19801
Telephone: (302) 252-0920
Facsimile: (302) 252-0921
cward@polsinelli.com
mdipietro@polsinelli.com

-and-

**William Tinkler, Jr. Attorney at Law, PC**
William Tinkler, Jr.
P.O. Box 237
Suches, GA 30572
Telephone: (706) 747-1021
Facsimile: (404) 506-9264
wpt@tinkler.com

*Counsel for Edgar Cancino*

91844196.2