## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] ) | |
| ) | Case No. 23-11069 (CTG) |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | **Objection Deadline: November 9, 2023 at 4:00 p.m.** |
| ) | Related Docket No. 968 |

## OBJECTION AND RESERVATION OF RIGHTS
## TO THE DEBTORS' NOTICE OF POTENTIAL ASSUMPTION OR
## ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS
## OR LEASES ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS

Estes Express Lines, Estes Terminals LLC, Commerce Road Terminals LLC, and G.I. Trucking Company (together, "Estes"), by and through undersigned counsel, hereby file this objection and reservation of rights (the "Objection") to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated With the Non-Rolling Stock Assets* [Docket No. 968] (the "Notice of Assumption") on the grounds that the Notice of Assumption fails to cure all pre- and post-petition amounts owed to Estes pursuant to 11 U.S.C. §§ 365(b)(1), 503(b)(1), and 365(d)(5). In support of its Objection, Estes respectfully states as follows:

1.  On August 6, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their businesses and maintaining their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/case/yellowcorporation/info. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

2.　　Prior to the Petition Date, the Debtors and Estes entered into certain real property leases (the "Leases") for fourteen separate properties identified on **Exhibit A** hereto (the "Properties").[2]

3.　　As of the date of this Objection, the Debtors are in default under the Leases due to their failure to make those certain rent, real estate tax, and late fee payments identified on Exhibit A in the total amount of $682,614.32.

4.　　Additionally, the Leases require the Debtors to perform various maintenance obligations with respect to the Properties. As a representative example, Section 6 of the lease dated June 26, 2009 between Estes and YRC, Inc. for real property located at 11010 Reames Road, Charlotte, North Carolina requires that "Lessee shall at its own expense make all necessary repairs, replacements and maintenance to the leased premises."

5.　　Based upon recent inspections of the Properties by Estes, the Debtors have failed to fulfill myriad maintenance and repair obligations that Estes estimates will cost <u>in excess of $27 million to remedy</u>. Among many other issues, the inspection reports show significant damage to several of the Properties' roofs. At the Property located in Kearny, New Jersey, Estes' inspectors discovered failed and separated roof flashing, roof membranes unadhering from the building structure, and a broken roof drain that are permitting water to enter the building. Of the eight roof sections at the Kearny property, seven sections received an inspection grade of "F" and the eighth section received a "C." An "F" grade means that the system requires "immediate replacement." Estes' inspector estimates that the roof replacement alone will cost approximately $750,000.00. *See* **Exhibit C**.

---

[2] Copies of the Leases are in the Debtors' possession and thus are not attached hereto. Estes will provide copies of the Leases to the Committee, Office of the United States Trustee, and other appropriate parties in interest upon request.

6. Additionally, Estes discovered severe damage to many of the Properties' asphalt parking areas. A representative photograph of the damaged parking area at the Property located in Joliet, Illinois, is attached as **Exhibit D**. The cost of repairing these parking areas will be significant. Estes estimates that the cost of repairing the damage to the asphalt in Joliet will cost nearly $3 million. *See* **Exhibit E-1**. The Property located in South Bend, Indiana similarly will require approximately $2.9 million in repairs to its parking surfaces. *See* **Exhibit E-3**. Parking areas at several other properties also require maintenance that will cost in excess of $1 million each.

7. Among the worst of the Properties is the Debtors' Charlotte, North Carolina location, where Estes' inspectors reported rusting metal structures, cracked concrete floors and loading dock aprons, damaged asphalt paving, and major interior damage and deterioration that the inspectors estimate will cost approximately $9.9 million to fix. *See* **Exhibit E-6**.

8. In all, Estes estimates that the cost of fulfilling the Debtors' contractual obligations to repair the Properties as required by the Leases totals no less than $27,277,885.67. A breakdown of this total repair cost by individual property is included in Exhibit A, and an itemized repair estimate and roof inspection report cost summary for each of the Properties is attached hereto as **Exhibits E-1 to E-14**.

9. Accordingly, when the cost of repairing the Properties is added to the Debtors' other payment defaults, Estes asserts that the amount necessary to cure all defaults under the Leases totals no less than $27,960,499.99, listed by property as follows:

| Lessor | Debtor | Property City | State | Total Cure Cost |
|---|---|---|---|---|
| Estes Terminals LLC | USF Holland LLC | Joliet | IL | $3,813,903.21 |
| Estes Terminals LLC | USF Holland LLC | Rockford | IL | $2,536,208.98 |
| Commerce Road Terminals LLC | USF Holland LLC | South Bend | IN | $3,105,370.49 |
| Commerce Road Terminals LLC | YRC Inc. | Wichita | KS | $269,630.87 |
| Estes Express Lines | USF Holland LLC | Coon Rapids | MN | $482,130.70 |

| Estes Express Lines | YRC Inc. | Charlotte | NC | $9,900,108.05 |
|---|---|---|---|---|
| Commerce Road Terminals LLC | YRC Inc. | Durham | NC | $72,127.44 |
| Estes Express Lines | YRC Inc. | Kearny | NJ | $1,966,403.56 |
| Estes Terminals LLC | YRC Inc. | Sparks | NV | $614,087.15 |
| Commerce Road Terminals LLC | USF Reddaway Inc. | Eugene | OR | $709,306.38 |
| Commerce Road Terminals LLC | USF Reddaway Inc. | Redmond | OR | $105,822.03 |
| Estes Express Lines | USF Reddaway Inc. | Tacoma | WA | $577,544.73 |
| Estes Express Lines | USF Holland LLC | Milwaukee | WI | $2,589,690.71 |
| Estes Express Lines | USF Holland LLC | Tomah | WI | $1,218,165.69 |
|  |  |  | **Totals:** | **$27,960,499.99** |

10. On October 26, 2023, the Debtors filed the Notice of Assumption identifying those executory contracts and unexpired leases that may be assumed by the Debtors and assigned to third-parties pursuant to Section 365 of the Bankruptcy Code and the amounts that the Debtors assert must be paid to cure any defaults under each of the Leases (the "Cure Costs"). The Notice of Assumption lists Cure Costs with respect to Estes' Leases in the aggregate amount of $652,284.00. A breakdown of the Cure Costs by individual property is attached as **Exhibit B**.

11. Further, Estes recently learned that the Debtors have subleased certain of the Properties in violation of the terms of the applicable Leases. Based upon information made available to Estes, it appears that the Debtors entered into three separate month-to-month parking subleases for the Property located in Tacoma, Washington with Castle Tire Disposal LLC, Mitchell Bros. Trucking, and Hermann Brothers Logging & Construction (the "Tacoma Subleases"). It also appears that the Debtors entered into a parking sublease for the Property located in Kearny, New Jersey with Port Kearny Security (the "Kearney Sublease," and with the Tacoma Subleases, the "Subleases"). A summary of the Subleases is below:

4

| Type of Lease | AP Code | Income | Term | Name | City | State | Lessee |
|---|---|---|---|---|---|---|---|
| Parking | R880 | $936.00 | MTM | Tacoma | Tacoma | WA | Castle Tire Disposal LLC |
| Parking | R880 | $4,900.00 | MTM | Tacoma | Tacoma | WA | Mitchell Bros. Trucking |
| Parking | R880 | $2,127.15 | MTM | Tacoma | Tacoma | WA | Hermann Brothers Logging & Construction |
| Parking | Y111 | $32,955.00 | MTM | Kearny | Kearny | NJ | Port Kearny Security |

12. Section 10 of the Lease Agreement for the Tacoma, Washington Property states:

Except as provided in this Section, this lease shall not be assigned, mortgaged, pledged, encumbered or in any other manner transferred by the Lessee, voluntarily or involuntarily, by operation of law, merger or otherwise, nor shall the leased premises or any part thereof be sublet, licensed, granted to a concessionaire or used or occupied by anyone other than Lessee without the prior written consent of Lessor which consent shall not be unreasonably withheld (except that if [Estes affiliate] G. I. Trucking Company is still the Lessor, such consent may be withheld or conditioned by Lessor in its sole discretion).

Section 10 of the Lease Agreement for the Kearney, New Jersey Property contains the same lease term.

13. Estes was not informed of the Subleases and did not consent to such Subleases as required by the applicable Leases. The Subleases therefore constitute defaults under Section 10 of the respective Leases for the Tacoma and Kearny Properties.

**OBJECTION**

**I.  The Debtors' proposed Cure Costs fail to cure all monetary defaults under the Leases.**

14. The Leases cannot be assumed unless the Debtors cure all defaults under such Leases, including the Debtors' unperformed maintenance obligations. Section 365(b)(1)(A) of the Bankruptcy Code requires that a debtor must either "cure" existing defaults under the agreement

5

or provide "adequate assurance" that it will "promptly cure" existing defaults as a condition to the assumption of an executory contract or unexpired lease. *See* 11 U.S.C. § 365(b)(1)(A).

15. "Cure is a critical component of assumption." *In re Thane International, Inc.*, 586 B.R. 540, 549 (Bankr. D. Del. 2018). "The language and intent behind § 365 is decisive… [and it] was clearly intended to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *Id.*; *citing In re Superior Toy & Mfg. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996). "If the trustee is to assume a contract or lease, the court will have to ensure that the trustee's performance under the contract or lease gives the other contracting party the full benefit of his bargain." *Id.* (citation to legislative history omitted). "[T]he term 'full benefit of his bargain' refers to 'the full amount due' under the contract or lease in question, as opposed to liabilities solely for future performance." *Id.*

16. Here, the Cure Costs proposed by the Debtors radically understate the amounts necessary to cure all defaults under the Leases. Specifically, the Cure Costs fail to include any amounts whatsoever due on account of the Debtors' unperformed maintenance and repair obligations, which obligations total $27,277,885.67 alone, or the late fees owed to Estes in the aggregate amount of $30,329.89. The amount necessary to cure all known defaults under the Leases totals no less than $27,960,499.99. The Debtors may not assume and assign the Leases unless and until the full cure amount owed under such Lease is paid.

II. **The Leases for the Tacoma, Washington and Kearny, New Jersey Properties may not be assumed and assigned until all unauthorized subleases are terminated.**

17. The Debtors are in default under the Leases for the Tacoma, Washington and Kearny, New Jersey Properties due to the unauthorized Subleases. The applicable Leases unequivocally require Estes' written consent prior to the leased Properties being "sublet, licensed, granted to a concessionaire, or used or occupied by anyone other than Lessee". The Debtors did not obtain Estes' consent before entering into the Subleases. The Subleases therefore constitute

defaults that must be cured, i.e. terminated, pursuant to Section 365(b)(1)(A) of the Bankruptcy Code in order for these Leases to be assumed and assigned to any party.

18. To the extent that any other Properties also have been subleased or licensed or are otherwise being used or occupied by any party other than the Debtors in violation of the Leases pursuant to arrangements that Estes is not yet aware of, such additional defaults also must be cured and any such arrangements terminated prior to the assumption and assignment of any affected Leases.

### III. The prevailing bidder for the Leases must provide Estes with adequate assurance of its future performance under the Leases.

19. Estes reserves all rights to file a supplemental objection upon the selection of the winning bidder for the Leases on the grounds that any assumption and assignment of the Leases must be conditioned on Estes receiving adequate assurance of future performance by the prevailing bidder.

20. Section 365(f)(2)(B) of the Bankruptcy Code states that a debtor may assign an executory contract or unexpired lease only where adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease. 11 U.S.C. § 365(f)(2)(B). "The statutory requirement of 'adequate assurance of future performance by the assignee' affords 'needed protection to the non-debtor party because the assignment relieves the trustee and the bankruptcy estate from liability for breaches arising after the assignment.'" *In re Fleming Cos.*, 499 F.3d 300, 305 (3d Cir. 2007) (*citing Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001)).

21. The identity of the proposed assignee of the Leases will not be known until the conclusion of the auction or the Debtors' real property and leased assets. Accordingly, to date Estes has not been provided with any information regarding potential purchasers' adequate assurance of future performance under the Leases, particularly with respect to such potential

purchasers' obligations to make the substantial repairs to the Properties discussed in Section I of this Objection. Estes therefore reserves all rights to assert a supplemental objection to the assumption and assignment of the Leases unless and until it is provided with information sufficient to satisfy the requirements of adequate assurance in accordance with section 365(b) of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

22. Nothing in this Objection is intended to be, or should be construed as, a waiver by Estes of any of its rights under the Leases, the Bankruptcy Code, or applicable law. Estes expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend the Objection and to assert any additional objections; (b) raise any and all additional obligations under the Leases that may arise in the ordinary course of business; (c) assert any rights for indemnification or contribution arising under the Leases; and (d) assert any further objections as it deems necessary or appropriate, including, but not limited to, the right to assert the failure of any prevailing bidder to provide adequate assurance of future performance.

WHEREFORE, for the foregoing reasons, Estes respectfully requests that any order entered by this Court authorizing the assumption of the Leases be consistent with this Objection, require the payment of Cure Costs in the proper amount of no less than $27,960,499.99, and grant to Estes such other and further relief as the Court deems just and appropriate under the circumstances.

Dated: November 3, 2023  
       Wilmington, Delaware

*/s/ Richard W. Riley*  
Richard W. Riley (No. 4052)  
WHITEFORD, TAYLOR & PRESTON LLC[3]  
600 North King Street, Suite 300  
Wilmington, Delaware 19801  
Telephone: (302) 353-4144  
Email: rriley@whitefordlaw.com

---

[3] Whiteford, Taylor & Preston LLC operates as Whiteford Taylor & Preston L.L.P. in jurisdictions outside of Delaware.

-and-

Michael J. Roeschenthaler, Esq.
(admitted *pro hac vice*)
WHITEFORD TAYLOR & PRESTON L.L.P.
11 Stanwix Street, Suite 1400
Pittsburgh, Pennsylvania 15222
Telephone: (412) 618-5800
Email: mroeschenthaler@whitefordlaw.com

-and-

David W. Gaffey, Esq.
(admitted *pro hac vice*)
WHITEFORD TAYLOR & PRESTON L.L.P.
3190 Fairview Park Drive, Suite 800
Falls Church, Virginia 22042-4510
Telephone: (703) 280-9260
Email: dgaffey@whitefordlaw.com

*Counsel to Estes Express Lines, Estes Terminals LLC, Commerce Road Terminals LLC, and G.I. Trucking Company*

# EXHIBIT A

## Estes Cure Costs

| Lessor | Debtor | Property City | State | Estimated Repairs | August 2023 Rent | August 2023 R.E. Tax | August 2023 Late Fee | R.E. Tax True Up | Total Cure Cost |
|---|---|---|---|---|---|---|---|---|---|
| Estes Terminals LLC | USF Holland LLC | Joliet | IL | $3,732,784.00 | $64,139.14 | $14,998.33 | $3,956.87 | -$1,975.13 | **$3,813,903.21** |
| Estes Terminals LLC | USF Holland LLC | Rockford | IL | $2,493,533.00 | $33,345.02 | $5,830.15 | $1,958.76 | $1,542.05 | **$2,536,208.98** |
| Commerce Road Terminals LLC | USF Holland LLC | South Bend | IN | $3,023,658.95 | $41,232.31 | $12,421.09 | $2,682.67 | $25,375.47 | **$3,105,370.49** |
| Commerce Road Terminals LLC | YRC Inc. | Wichita | KS | $255,292.00 | $10,777.69 | $2,878.38 | $682.80 | | **$269,630.87** |
| Estes Express Lines | USF Holland LLC | Coon Rapids | MN | $424,986.00 | $42,173.56 | $11,988.71 | $2,708.11 | $274.32 | **$482,130.70** |
| Estes Express Lines | YRC Inc. | Charlotte | NC | $9,831,752.00 | $58,105.79 | $6,995.21 | $3,255.05 | | **$9,900,108.05** |
| Commerce Road Terminals LLC | YRC Inc. | Durham | NC | $58,706.00 | $10,500.00 | $1,160.42 | $583.02 | $1,178.00 | **$72,127.44** |
| Estes Express Lines | YRC Inc. | Kearny | NJ | $1,869,267.36 | $70,653.99 | $19,908.57 | $4,528.13 | $2,045.51 | **$1,966,403.56** |
| Estes Terminals LLC | YRC Inc. | Sparks | NV | $557,391.00 | $46,859.51 | $3,718.35 | $2,528.89 | $3,589.40 | **$614,087.15** |
| Commerce Road Terminals LLC | USF Reddaway Inc. | Eugene | OR | $694,903.00 | $11,714.89 | $2,002.61 | $685.88 | | **$709,306.38** |
| Commerce Road Terminals LLC | USF Reddaway Inc. | Redmond | OR | $97,113.00 | $6,962.08 | $1,332.23 | $414.72 | | **$105,822.03** |
| G.I. Trucking Company[4] | USF Reddaway Inc. | Tacoma | WA | $496,289.00 | $52,482.66 | $11,897.05 | $3,218.99 | $13,657.03 | **$577,544.73** |
| Estes Express Lines | USF Holland LLC | Milwaukee | WI | $2,536,540.36 | $40,316.05 | $10,303.33 | $2,530.97 | | **$2,589,690.71** |
| Estes Express Lines | USF Holland LLC | Tomah | WI | $1,205,670.00 | $10,211.05 | $1,689.61 | $595.03 | | **$1,218,165.69** |
| | | | Totals: | $27,277,885.67 | $499,473.74 | $107,124.04 | $30,329.89 | $45,686.65 | **$27,960,499.99** |

---

[4] The Notice of Assumption incorrectly lists the lessor of the Tacoma, Washington property as Estes Express Lines. The correct lessor is G.I. Trucking Company.

# EXHIBIT B

## Debtors' Proposed Cure Costs

| Lessor | Debtor | Description of Lease | Property Address | Proposed Cure Amount |
|---|---|---|---|---|
| Estes Terminals LLC<br>3901 West Broad Street<br>Richmond, VA 23230 | USF Holland LLC | Real Property Lease - Terminal | 3801 Mound Road<br>Joliet, IL 60436 | $77,162 |
| Estes Terminals LLC<br>3901 West Broad Street<br>Richmond, VA 23230 | USF Holland LLC | Real Property Lease - Terminal | 1751 New Milford School Road<br>Rockford, IL 61109 | $40,717 |
| Commerce Road Terminals LLC<br>3901 West Broad Street<br>Richmond, VA 23230 | USF Holland LLC | Real Property Lease - Terminal | 5550 W Cleveland Road Ext<br>South Bend, IN 46628 | $79,029 |
| Commerce Road Terminals LLC<br>3901 West Broad Street<br>Richmond, VA 23230 | YRC Inc. | Real Property Lease - Terminal | 4931 South Hydraulic Avenue<br>Wichita, KS 67216 | $13,656 |
| Estes Express Lines<br>3901 West Broad Street<br>Richmond, VA 23230 | USF Holland LLC | Real Property Lease - Terminal | 11220 Xeon Street NW<br>Coon Rapids, MN 55448 | $54,437 |
| Estes Express Lines<br>3901 West Broad Street<br>Richmond, VA 23230 | YRC Inc. | Real Property Lease - Terminal | 11010 Reames Road<br>Charlotte, NC 28269 | $65,101 |
| Commerce Road Terminals LLC<br>3901 West Broad Street<br>Richmond, VA 23230 | YRC Inc. | Real Property Lease - Terminal | 3215 US Highway 70<br>Durham, NC 27703 | $12,838 |
| Estes Express Lines<br>3901 West Broad Street<br>Richmond, VA 23230 | YRC Inc. | Real Property Lease - Terminal | 72 Second Street<br>Kearny, NJ 07032 | $92,608 |

| | | | | |
|---|---|---|---|---|
| Estes Terminals LLC<br>3901 W Broad Street<br>Richmond, VA 23230 | YRC Inc. | Real Property Lease - Terminal | 1650 Kleppe Lane<br>Sparks, NV 89431-6430 | $54,167 |
| Commerce Road Terminals LLC<br>3901 W Broad Street<br>Richmond, VA 23230 | USF Reddaway Inc. | Real Property Lease - Terminal | 1701 SW First Street<br>Redmond, OR 97756 | $8,294 |
| Commerce Road Terminals LLC<br>3901 W Broad Street<br>Richmond, VA 23230 | USF Reddaway Inc. | Real Property Lease - Terminal | 3500 W First Street<br>Eugene, OR 97402 | $13,718 |
| Estes Express Lines[5]<br>3901 West Broad Street<br>Richmond, VA 23230 | USF Reddaway Inc. | Real Property Lease - Terminal | 802 E 11th Street<br>Tacoma, WA 98421 | $78,037 |
| Estes Express Lines<br>3901 West Broad Street<br>Richmond, VA 23230 | USF Holland LLC | Real Property Lease - Terminal | 6161 South 6th Street<br>Milwaukee, WI 53211 | $50,619 |
| Estes Express Lines<br>3901 West Broad Street<br>Richmond, VA 23230 | USF Holland LLC | Real Property Lease - Terminal | 400 Holland Street<br>Tomah, WI 54660 | $11,901 |
| | | | **Total Cure:** | **$652,284** |

---

[5] The Notice of Assumption incorrectly lists the lessor of the Tacoma, Washington property as Estes Express Lines. The correct lessor is G.I. Trucking Company.