IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Yellow Corporation, *et al*.<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>Jointly Administered<br><br>**Hearing Date: December 12, 2023 at 10 am (ET)**<br>**Obj. Deadline: November 20, 2023 at 4 pm (ET)** |

### MOTION OF ALEXIS MCCULLY FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362 (D)

Alexis McCully (the "Movant"), by and through her counsel, respectfully submit this Motion for Relief from the Automatic Stay (the "Motion"), pursuant to 11 U.S.C. §362(d), and in support thereof, aver as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

4. Movant, Alexis McCully, is an individual currently attending college with a permanent residence in Grand Rapids, Michigan.

5. Debtor USF Holland, LLC (hereinafter "USF Holland") is a Michigan limited liability company qualified to do business in the State of Wisconsin, and actively doing business at 700 S. Waverly Rd., Holland, Michigan 49423.

1

6. On or about March 24, 2022, in Jefferson County, Missouri, Movant was the passenger in a motor vehicle when a tractor trailer operated by Timothy Paul Nevels attempted to cross the northbound lanes of highway US 67 into the southbound lanes of 67 from a stop sign at a cross street causing a collision (the "Collision").

7. The police report marked "failed to yield" for the tractor trailer as a probable contributing circumstance for the crash. The motor carrier identification number (US DOT No. 75806, MC No. 59206) registered to the tractor trailer was USF Holland LLC, 700 S Waverly, Holland, MI 49423. The insurance carrier for the tractor trailer is recorded in the police report at Old Republic Insurance.

8. Due to the Collision, Movant was caused to suffer injury to her left hand, right leg, right hip, right ankle, and right foot, requiring medical care and treatment for which she incurred medical expenses.

9. No action regarding the Collision has been filed. Movant intends to assert claims in Jefferson County, Missouri (the "Missouri Action") for personal injuries including pain, suffering, loss of enjoyment of life, and medical expenses. While currently unliquidated, the estimated value of her claim is $250,000.

10. On August 6, 2023 and continuing on August 7, 2023 (the "Petition Date"), Yellow Corporation and twenty three (23) affiliated companies (including Debtor USF Holland, LLC) each filed petitions in the United States Bankruptcy Court for the District of Delaware seeking relief under chapter 11 of the United States Bankruptcy Code.

11. Effective on the Petition Date, the filing, prosecution, and liquidation of the Missouri Action has been stayed with respect to USF Holland as a consequence of the automatic stay provisions set forth in 11 U.S.C. § 362(a).

12. Upon information and belief, USF Holland is covered by insurance policies applicable to the Movant's personal injury claim. According to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance Coverage Entered Into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, (II) Approving Continuation of the Surety Bond Program, and (III) Granting Related Relief* ["the "Insurance Motion") [D.I. 6] the Debtors maintain current automobile and general liability insurance coverage with Old Republic General Insurance Corporation under which the Debtors have a $6 million deductible per occurrence.

13. Further, according to the *Omnibus Objection and Reservation of Rights of Creditor Old Republic Insurance Company to Motion for Relief From the Automatic Stay to the Extent of Insurance Proceeds* (the "ORIC Objection") [D.I. 823] the applicable insurance policy has an MCS-90 endorsement upon which Movant may be entitled recover.

14. On October 27, 2023, Movant filed a proof of claim against USF Holland for an unliquidated amount (the "McCully POC"). The McCully POC was assigned claim number 0000015050.

## RELIEF REQUESTED AND BASIS THEREFOR

15. Movant seeks relief from the automatic stay to file and pursue the Missouri Action against USF Holland and to recover damages from USF Holland's insurer. Movant is thus seeking to proceed against USF Holland solely to the extent of any available proceeds under any insurance policy applicable to the Debtors, including any rights under the MSC-90 endorsement, or against any non-debtor third party.

16. Section 362 (d) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a)

of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause ...

17.     Pursuant to 11 U.S.C. §362 (d)(1), this Court shall grant relief from the automatic stay for "cause."  Cause is not defined by the Bankruptcy Code.  Consequently, a Bankruptcy Court must decide what constituted "cause" to lift the stay on a case-by-case basis.  *In re Rexene Products Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992).  "The legislative history indicates that the cause may be established by a single factor such as 'a desire to permit an action to proceed ... in another tribunal,' or 'lack of any connection with or interference with the pending bankruptcy case.'"  *Id.* (*citing* H.R. Rep. No. 95-595, 95th Cong. 1st Sess., 343-344 (1977)).

18.     In *Rexene*, this Court stated that relief from the automatic stay should be granted when the party seeking such relief can show the following:

>   (a)     the debtor or the bankruptcy estate will not be greatly prejudiced by continuing the civil suit;
>
>   (b)     the hardship to the movants by maintenance of the automatic stay considerably outweighs the hardship to the debtor; and
>
>   (c)     the movants have a reasonable chance of prevailing on the merits.

*Rexene*, 121 B.R. at 576 (internal citations omitted).

19.     All three factors weigh heavily in favor of granting relief from the automatic stay to permit Movant to proceed with the Missouri Action against USF Holland.

20.     With respect to the first factor, where Movant agrees to limit her claims solely to the extent of available insurance proceeds, Debtors would sustain no hardship were the stay to be lifted.  No additional relief is sought against Debtors or the assets of the Debtors' estates. Courts have permitted the stay to be lifted when a movant is simply seeking to establish the fact and amount of the debtor's liability and the movant has stipulated that any recovery will be sought

from the debtor's insurer or a co-defendant." *In re 15375 Memorial Corp.*, 382 B.R. 652, 689 (Bankr. D. Del 2008); See *also In re Grace Indus., Inc.*, 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006) ("Where, as here, the Plaintiffs have agreed that they will not seek any recovery from the estate assets, there is no basis for continuing the automatic stay."); *In re Todd Shipyards Corp.*, 92 B.R. 600 (Bankr. D.N.J 1988) ("Since the Movants only seek to litigate their claims and obtain proceeds through the Debtor's available insurance coverage and do not seek relief from the stay in order to attach the property of the Debtor, such relief does not interfere with the bankruptcy proceedings.") Therefore, where the relief sought by Movant will not prejudice the Debtors or its bankruptcy estates, relief from the automatic stay should be granted.[1]

21. With respect to the second factor, the hardship the Movant will suffer by not obtaining the relief sought outweighs any potential hardship to the Debtors. Movant is entitled to a jury trial to determine the liability and damages related to the Collision, and the Debtors' bankruptcy cases do not alter that right. This Court lacks subject matter jurisdiction to determine the types of claims asserted by Movant. Under 28 U.S.C. § 157(b)(2)(B) and (b)(5), this Court cannot liquidate personal injury tort claims against the Debtors. Movant submits that this prohibition alone warrants sufficient "cause" to grant the relief requested in this Motion and to allow Movant to prosecute her claims elsewhere. With no prejudice against the Debtors and the Court's lack of jurisdiction to liquidate the claims against the Debtors, it makes little sense to require Movant to delay the pursuit of her claims, the basis of which are injuries and damages that have already occurred or are ongoing.

---

[1] Movant understands from the ORIC Objection that post-petition ORIC drew down on four letters of credit in the amount of $231,020,627 which were held as security for the Debtors' obligations under the ORIC policies. Any dispute or proposed resolution between ORIC and the Debtors as to the letters of credit or the funds related thereto should not impact the Court's analysis as to Movant's motion.

22. Finally, Movant believes that they will prevail on the merits in the Missouri Action. Movant need only prove this prong with a showing that is "very slight." *Rexene*, 141 B.R. at 578. The Collision was caused by a vehicle and employee of USF Holland, and injuries were suffered by the Movant. Movant suggests these averments are adequate to meet their "very slight" burden.

23. The prosecution and liquidation of the Missouri Action in Jefferson County, Missouri, under the circumstances, would not interfere with these bankruptcy cases and would not result in any judicial lien with respect to Debtors.

WHEREFORE, the Movant respectfully requests that this Court enter an Order granting relief from the automatic stay to permit Movant to prosecute the Missouri Action against the Debtor USF Holland and granting Movant such other relief as the Court deems just and proper.

DATED:  November 3, 2023                **COOCH AND TAYLOR, P.A.**

*/s/ R. Grant Dick IV*
R. Grant Dick IV (#5123)
The Brandywine Building
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 984-3800
Email: gdick@coochtaylor.com

*Attorney for Alexis McCully*