# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: November 17, 2023 at 4:00 p.m. (ET)**<br>**Hearing Date: December 12, 2023 at 10:00 a.m. (ET)** |

### PHILLIP B. DETERDING'S
### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Phillip B. Deterding ("Mr. Deterding" or "Movant"), by his undersigned counsel, files this *Motion for Relief from the Automatic Stay* (the "Motion") for relief from the automatic stay to allow Movant to resume and prosecute to conclusion the civil action against Debtor USF Reddaway Inc. ("Reddaway") and other defendants in the Washington state court action styled as *Phillip B. Deterding v. USF Reddaway Inc. et al.,* No. 23-2-08729-7 (the "Washington Action"), pursuant to an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"). In support hereof, Movant states as follows:

### VENUE AND JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. § 362.

### BACKGROUND

2. On August 25, 2023 (the "Petition Date"), the above-captioned debtors

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

16373436/2

(collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. Prior to the Petition Date, on or about September 25, 2020, Washington Action defendant Larry J. Cook ("Mr. Cook") was operating a commercial semi-truck with tractor trailer in the parking lot of "Thurman Supply" in Washington. *See Complaint for Damages*, dated August 3, 2023 (the "Complaint") attached hereto as **Exhibit 1**. Mr. Cook's vehicle was owned by defendant-debtor Reddaway, and Mr. Cook was an employee and/or agent of Reddaway.

4. Mr. Cook attempted to park the semi-truck with tractor trailer in the parking lot of Thurman Supply. Shortly thereafter, Mr. Deterding parked his vehicle in the same parking lot and exited his vehicle. When Mr. Cook exited the semi-truck, he failed to engage the parking mechanism(s) and entered the tractor trailer. While inside the tractor trailer, the semi-truck began to roll forward toward Mr. Deterding, his truck, and a building named "Okasan Japanese Restaurant." *Id.* at ¶¶ 2.2–2.5.

5. Mr. Deterding was outside of his truck when Mr. Cook's semi-truck struck Mr. Deterding's truck, causing it to rotate into and onto Mr. Deterding. Mr. Deterding's right leg became lodged in the rear differential of the truck and his left foot became lodged in the rear tire, in an everted fashion. He sustained serious bodily injuries and other damages as a result of the collision. The semi-truck and tractor trailer continued its uncontrolled roll and slammed into the sidewall of the Okasan Japanese Restaurant. *Id.* at ¶¶ 2.7–2.12.

6. Shortly after the incident, Custard Insurance Adjusters on behalf of Reddaway began investigating the circumstances of the incident. A copy of the claim investigation letter is attached hereto as **Exhibit 2**.

7. In or around November 2020, counsel to Movant requested business information

on Reddaway's insurance provider, to which Sedgwick Claim Management responded on November 12, 2020. A copy of the response is attached hereto as **Exhibit 3**.

8.  Following attempts to settle the matter, on August 3, 2023, Mr. Deterding filed the Complaint against Mr. Cook, his wife Jane Doe Cook, and Reddaway, alleging negligence, negligent supervision and entrustment, and vicarious liability claims against defendants.

9.  Shortly thereafter, Mr. Deterding served discovery requests on defendants and met and conferred with defendants' counsel on, among other things, the Debtors' bankruptcy proceedings and self-insured retention limits under Reddaway's policy. A copy of the email exchange is attached hereto as **Exhibit 4**. To date, Movant's Washington Action counsel has not received a response on these issues.

## ARGUMENT

10. Section 362(d) of the Bankruptcy Code states, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) With respect to a stay of an act against property under subsection (a) of this section, if –
>
>> (A) the debtor does not have equity in such property; and
>>
>> (B) such property is not necessary to be effective reorganization . . . .

11 U.S.C § 362(d).

11. Because the automatic stay is not meant to be indefinite or absolute, the Court has authority to grant relief from the stay in appropriate circumstances. *In re Rexene Prods., Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992). In circumstances such as those here, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).

12. Section 362(d)(1) provides that the automatic stay may be lifted where "cause" exists. After a *prima facie* showing by a movant, the debtor has the burden of proving that a movant is not entitled to relief from the stay. *In re Rexene Prods., Co.*, 141 B.R. at 577; 11 U.S.C. § 362(g).

13. "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *IBM v. Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). Most courts employ an equitable balancing test to determine "cause." *Rexene Prods., Co.*, 141 B.R. at 576.

14. Courts in this District rely upon *Rexene*'s three-pronged balancing test to determine whether "cause" exists for granting relief from the automatic stay to continue litigation:

    a. any great prejudice to either the bankruptcy estate or the debtor will result,

    b. the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor, and

    c. the movant has a probability of prevailing on the merits.

*See In re Tribune Co.*, 418 B.R. at 126 (citing *Rexene Prods. Co.*, 141 B.R. at 576).

15. Cause exists in this case to grant Movant relief from the automatic stay. First, there will be no prejudice to the Debtors or their bankruptcy estates. To the extent that Movant is seeking a recovery from third parties and is not attempting to execute directly on assets of the Debtors, those assets will remain available for whatever disposition may ultimately be sought by the Debtors or ordered by the Court.

16. Further, the hardship that will be suffered by Movant far outweighs any potential hardship to the Debtors if Movant is not granted relief from the automatic stay. Movant suffered the following damages:

| Past Medical Expense: | $30,918.91 |
| Future Medical Expense (presumption): | $150,000.00 |
| Past and Future Non-economic damages: pain and suffering, both physical and mental; loss of enjoyment of life; inconvenience; | $600,000.00 |
| **Total Special and General Damages** | **$777,749.91** |

17. Movant has paid, and will continue to pay, an appreciable price, physically and emotionally, as direct result of the injuries he sustained in this collision. Although the Washington Action commenced shortly before the Petition Date, the parties have been investigating the collision and have been in settlement discussion with counsel since that time. Further, formal discovery is pending against Debtor Reddaway since the imposition of the automatic stay. Given the injuries sustained and the advanced nature of the proceedings, failure to litigate the Washington Action to conclusion may result in Movant not having an adequate remedy at law.

18. Movant need only prove the third *Rexene* prong with a showing that is "very slight," *Rexene Prods.*, 141 B.R. at 578. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where . . . the decision-making process should be relegated to bodies other than this court." *Id*. (quoting *Fonseca v. Philadelphia Housing*

5

16373436/2

*Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990)). The facts set forth in the Complaint provide sufficient probability to support a damages award in favor of Movant. Washington law provides that the drivers on the road have the duty to exercise ordinary care and avoid causing a collision. *See* RCW 46.61.445 and Washington Pattern Jury Instruction (WPI) 70.01. Further, the Federal Motor Carrier Safety Administration requires that drivers inspect and ensure components of their commercial vehicle be in working order prior to operation of the same, including the parking brake. See 49 CFR 392.7(a). Mr. Deterding neither did anything to contribute to the cause of the incident nor could do anything to avoid it. By contrast, Mr. Cook either failed to set the brakes or did not set them properly, causing the collision. Thus, no "strong defense" exists concerning liability in the matter. Accordingly, Movant submits the *Rexene* factors have been met, warranting relief from the automatic stay.

19. In addition, this Court has broad jurisdiction to supervise the administration of claims but claims arising from personal injury are expressly excluded. 28 U.S.C. § 157(b)(5). Therefore, the usual purpose of providing a "central forum to adjudicate claims against the Debtors," *see*, *e.g.*, *15375 Memorial Corp. v. Bepco, LP* (*in re 15375 Memorial Corp.*), 589 F.3d 605, 622 (3rd Cir. 2009), does not apply to Movant's claims.

20. Movant believes that relief granted in connection with this Motion will be consensual and will have no meaningful effect on the administration of these cases and the Debtors' assets. Therefore, Movant respectfully submits that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed. R. Bankr. P. 4001(a)(3).

16373436/2

**WHEREFORE**, Movant requests that this Court enter an order, substantially in the form appended hereto, lifting and modifying the automatic stay set forth in 11 U.S.C. § 362(a); and grant Movant such further relief as this Court deems just and proper.

Dated:  November 3, 2023    **MORRIS JAMES LLP**

*/s/ Tara C. Pakrouh*
Jeffrey R. Waxman (DE Bar No. 4159)
Tara C. Pakrouh (DE Bar No. 6192)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: jwaxman@morrisjames.com
E-mail: tpakrouh@morrisjames.com

*Counsel for Phillip B. Deterding*