# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: December 12, 2023 @ 10:00 a.m.<br>Related Docket Nos. 22 and 968 |

## LIMITED OBJECTION OF UNION PACIFIC RAILROAD COMPANY
## TO APPROVAL OF DEBTORS' SALE MOTION

Union Pacific Railroad Company ("UPRR"), by and through its undersigned counsel, hereby files this limited objection (the "Objection") to the *Motion of the Debtors for Entry of an Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling an Auction and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II) (A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (II) Granting Related Relief* [D.I. 22] (the "Sale Motion"). In support of its Objection, UPRR respectfully states as follows:

### BACKGROUND

1. On August 7, 2023 (the "Petition Date"), the above-captioned Debtors (the "Debtors") commenced these bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. UPRR owns a parcel of real property that sits adjacent to the Debtor's facility

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

{01954457;v1 }                                                                 1

located at 18298 Slover Avenue, Bloomington, California (the "Slover Avenue Terminal"). UPRR understands that Debtor YRC Inc. leases (the "Lease") the Slover Avenue Terminal from NATMI LPF Bloomington, LP. (*See* D.I. 968). At the Slover Avenue Terminal, the Debtors have erected a fence that is physically located on the property owned by UPRR. A depiction of the encroachment is attached hereto as "Exhibit A".

3. Under applicable state law, the Debtors' fence constitutes a continuing nuisance or trespass. *Madani v. Rabinowitz*, 45 Cal.App.5th 602 (2020) (finding encroaching fence constituted a continuing trespass). As such, "[e]very repetition of a continuing nuisance is a separate wrong for which the person injured may bring successive actions for damages until the nuisance is abated, even though an action based on the original wrong may be barred." *Phillips v. City of Pasadena*, 27 Cal.2d 104, 107-08 (1945) (finding locked gate constituted a continuing nuisance). Thus, while UPRR currently holds claims for trespass against the Debtors, UPRR will also hold similar claims against any assignee of the Lease immediately following the assignment of the Lease unless the fence is first removed.

4. UPRR submits that the Debtors should be required to remove the fence and repair UPRR's property as a form of "cure" under section 365 of the Bankruptcy Code as a condition to any assumption and assignment of the Lease. In any event, UPRR reserves all rights, claims and defenses with respect to this matter as to the Debtors and any ultimate assignee of the Lease.[2] Furthermore, UPRR respectfully requests that the following language be included in any order entered approving the assignment of the Lease:

> Notwithstanding entry of this Order, nothing herein shall in any way prejudice the

---

[2] Pursuant to Rule 9013-l (f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), UPRC does not consent to the entry of a final order or judgment by the Court of any rights, claims or defenses that UPRC may have as against any assignee of the Lease if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

rights, claims or defenses, if any, held by Union Pacific Railroad Company ("UPRR") concerning the placement of a fence on UPRR's owned property that is adjacent to the Debtors' leased facility located at 18298 Slover Avenue, Bloomington, California.

5.  UPRR objects to approval of the Sale Motion to the extent it purports to transfer the Slover Avenue Terminal and/or assign the Lease free and clear of UPRR's claims for nuisance and/or trespass as described herein, all of which UPRR fully reserves. UPRR further reserves its right to supplement this Objection as may be appropriate prior to the final sale hearing.

**WHEREFORE**, UPRR respectfully requests that the Court condition approval of the Sale Motion and/or the assignment of the Lease as requested herein, and for such other relief as the Court may deem just and appropriate.

Dated: November 6, 2023
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Gregory A. Taylor*
Gregory A. Taylor (DE Bar No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
Tel: (302) 654-1888
Email: gtaylor@ashbygeddes.com

*Counsel to Union Pacific Railroad Company*