IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) ) (Jointly Administered) |
| Debtors. | ) ) **Re: D.I. 608, 823, 827** ) |

### REPLY IN FURTHER SUPPORT OF MOTION OF GARY W. GIBBY FOR RELIEF FROM THE AUTOMATIC STAY

Gary W. Gibby ("Gibby" or "Movant"), by and through his undersigned counsel, submits this reply in further support of his motion for relief from the automatic stay ("Motion") [D.I. 608]; and in response to the Omnibus Objection to Personal Injury Claimants' Motion for Relief from the Automatic Stay filed by Debtors ("Debtors Objection") [D.I. 827], and the Omnibus Objection and Reservation of Rights filed by creditor Old Republic Insurance Company ("ORIC") ("ORIC Objection") [D.I. 823] and respectfully states as follows:

### BACKGROUND

1. On September 10, 2021, Movant filed a personal injury lawsuit against debtor YRC, Inc. ("YRC") (and other defendants) in the Court of Common Pleas of York County, South Carolina titled: *Gary W. Gibby v. Greif, Inc. et al.*, No. 2021CP 46 02790. On December 22, 2021, counsel for YRC filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332,1441,1446 and that case was subsequently removed to United District Court for the District of South Carolina – Rock Hill Division and assigned Civil Action No, 2021-cv-04129 ("Gibby Lawsuit"). The Gibby

---

[1] A complete list of each of the debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation.The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

Lawsuit alleges that YRC (and other defendants) had negligently caused Movant to be physically injured.

2. On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169].

3. On August 9, 2023, YRC filed a suggestion of bankruptcy in the Gibby Lawsuit informing the United District Court for the District of South Carolina – Rock Hill Division that YRC had filed for bankruptcy. Thereafter, on August 15, 2023, the United District Court for the District of South Carolina – Rock Hill Division issued an order staying the Gibby Lawsuit in its entirety pending resolution of Defendant YRC's bankruptcy proceeding.

4. On September 19, 2023, Movant filed his Motion pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking an order granting relief from the automatic stay to allow Movant to (a) prosecute the Gibby Lawsuit (and enforce any judgment obtained on account of the same) against YRC; and (b) recover any final judgment or settlement against YRC solely from proceeds of an applicable insurance policy, if any, and not from the Debtors, their estates, or their successors, and subject to any applicable limit, self-insured retention, or deductible in the applicable insurance policy.

5. The objection deadline for the Motion was October 3, 2023 at 4:00 pm (ET).

6. On October 2, 2023, undersigned counsel and counsel for the Debtors filed *Certification of Counsel Regarding Joint Stipulation By and Among the Debtors and Gary W. Gibby to (I) Extend the Deadline to Respond to Motion to Lift the Automatic Stay and (II) Extend the Hearing Date Related Thereto* ("First Joint Stipulation") to extend the Response Deadline to October 12, 2023 at 4:00 pm (ET) [D.I. 739].

7. On October 3, 2023, this Court enter an order approving the First Joint Stipulation and extended the Response Deadline to October 12, 2023 at 4:00 pm (ET) ("Amended Response Deadline") [D.I. 747].

8. On October 12, 2023, Debtors filed *Debtors' Omnibus Objection to Personal Injury Claimants' Motion for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code* [D.I. 827] ("Debtors' Objection"); and ORIC filed the *Omnibus Objection and Reservation of Rights of Creditor Old Republic Insurance Company to Motions for Relief from the Automatic Stay to the Extent of Insurance Proceeds* [D.I. 823] ("ORIC's Objection" and together with Debtors' Objection, the "Omnibus Objections");

9. In the Omnibus Objections, Debtors and ORIC assert that ORIC issued workers' compensation policies (the "WC Policies") and motor carrier's indemnity policies (the "Motor Carrier's Indemnity Policies") from March 1, 2004 – September 1, 2023, and excess liability insurance (the "Excess Policy") from March 1, 2004 – February 28, 2005 to certain of the Debtors (collectively, "Policies").

10. Debtors and ORIC allege that the Motor Carrier's Indemnity Policies are fully fronted indemnity-only policies that do not provide coverage for the personal injury claimant's claims. However, neither party has presented admissible evidence supporting this claim.

**ARGUMENT**

    **A.    Cause Exists to Grant Movant Relief from the Automatic Stay**

11.    Relief from the automatic stay is proper when cause exists. 11 U.S.C. § 362(d)(1).

12.    In his Motion, Movant made a prima facie showing of "cause" the burden going forward is on the Debtor as the party opposing the motion. 11 U.S.C. § 362(g).

13.    However, the Debtors have not met their burden. The Debtors have not shown this Court that allowing the Gibby Lawsuit to proceed will cause any harm to the Debtors' bankruptcy estate. Rather the Debtors admit "the burden of defending such Claims [such as the Gibby Lawsuit], if they were allowed to proceed, ***may*** fall to the Debtors…." *Debtors' Objection,* ¶ 11 (emphasis added). The possibility that the Debtors "may" have to bear the burden of defending this Gibby Lawsuit is simply not enough to defeat cause.

14.    Moreover, the Omnibus Objections fail to address the specific merits and underlying facts of Movant's request to lift the automatic stay. Section 362(d)(1) of the Bankruptcy Code permits a court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362. "The term "cause" as used in section 362(d) has no obvious definition and is determined on a case-by-case basis." *See In re Integrated Health Servs., Inc.*, 2000 WL 33712483, at *1 (Bankr. D. Del. Aug. 11, 2000); *In re Lincoln*, 264 B.R 370, 372 (Bankr. E.D. Pa. 2001) ("Each request for relief for 'cause' under [section] 362(d)(1) must be considered on its own facts.").

15.    Rather than address the merits of Movant's Motion, Debtors and ORIC instead asserted blanket objections to all the personal injury claimants' requests for stay relief arguing that there is no insurance coverage for such claims. These blanket objections improperly conflate each of the personal injury claimants and ignore the merits of each request for stay relief.

16. With respect to Movant's Motion, Debtors and ORIC have failed to provide evidence supporting their claim that the Policies do not provide coverage for Movant's claim.

17. In connection with the Gibby Lawsuit (which is pending in the United States District Court for the District of South Carolina Rock Hill Division), YRC disclosed the existence of an applicable liability insurance policy (ORIC Policy No.: MWML18562) that would provide coverage for Movant's personal injury claims as part of their initial "Rule 26(a)(1) Disclosures" (see attached Exhibit A).

18. Nearly two (2) years of litigation has taken place in the Gibby Lawsuit, leading up to YRC's filing for Bankruptcy protection with this Court. During this entire time ORIC has defended YRC pursuant to the terms of the liability policy at hand (ORIC policy no.: MWML18562). In fact, just prior to YRC's bankruptcy filing, mediation was in the process of being scheduled (as it had to be completed by August 30, 2023) and the parties had a date for their trial by jury already in place (which was on or after March 29, 2024), pursuant to the Scheduling Order in effect at the time in the Gibby lawsuit.

19. At no point in time in the Gibby Lawsuit has ORIC, nor YRC, asserted that there are 'possible issues with coverage' under the ORIC policy. No reservation of rights letters were ever issued, nothing in discovery revealed that as a possibility, nor has YRC ever amended any filings with the South Carolina Court relating to insurance coverage (such as in the attached Exhibit A). The first-time a possible issue with coverage was ever raised was in ORIC's Objection. [D.I. 823]. YRC then mentioned coverage for the first time in the Debtors' Objection. [D.I. 827]. However, these objections are self-serving, and certainly not in accordance with the terms of said policy nor South Carolina's jurisprudence concerning insurance coverage under this ORIC policy.

20. According to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance Coverage Entered Into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, (II) Approving Continuation of the Surety Bond Program, and (III) Granting Related Relief* (the "Insurance Motion") [D.I. 6] the Debtors maintain current automobile and general liability insurance coverage with ORIC. Further, there may be an MCS-90 endorsement upon which Movant may be entitled to recover in connection with his claim asserted herein.

21. Recently, Movant filed a proof of claim against YRC for "an unliquidated amount, but that said shall not exceed $5,999,999.00" and was assigned claim number 15392.

22. Movant is not sure of the exact basis for ORIC and YRC's contention that there "may be possible coverage issues" here, as they have not provided many details, so there may be a need for discovery to be conducted into such and/or a need for a declaratory judgment action to be filed regarding coverage under said policy. Movant disputes ORIC and YRC's assertions relating to coverage, namely due to the following, non-exhaustive, reasons:

A) As mentioned above, ORIC and YRC never raised issues of coverage, nor filed anything stating as much with the South Carolina Court, prior to this Bankruptcy filing;

B) An earlier Order of this Court already addressed some of the concerns relating to the "funding/payments" in connection with said insurance policy of ORIC (*see Final Order (I) Authorizing the Debtors to (A) Maintain Insurance Coverage Entered Into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, (II) Approving Continuation of the Surety Bond Program, and (III) Granting Related Relief* [D.I. 523] at pp. 2-3);

C) Movant's claim is within the liability limits afforded under the ORIC policy (which is $6,000,000), as shown in his filed proof of claim mentioned above and Movant is not seeking to recover from any assets of the Debtors' estate in connection with this Motion for Relief from Stay, only from said proceeds from the ORIC policy;

D) The terms of said policy, the program and the MCS-90 show ORIC as being liable for payments under said policy and that "bankruptcy or insolvency of (YRC) will not relieve them from such" (*see* attached Exhibit B, at pp.12-17);

E) Also, under the controlling jurisprudence dealing with this particular type of insurance policy, it is abundantly clear that the ORIC policy is in fact a liability insurance policy and is one that requires ORIC to pay the Movant directly for the damages stemming from the Gibby lawsuit. Under South Carolina law, insurers (like ORIC) assume the risk it will have to pay a claim under a fronting policy (like the Policies) if the insured becomes insolvent. *See Croft v. Old Republic Insurance Company,* 365 S.C. 402, 414-15, 618 S.E.2d 909,915 (S.C. 2005) (*see* attached Exhibit C).

23. In *Croft*, the Supreme Court of South Carolina considered whether an insurer was required to make a meaningful offer of optional UIM coverage when selling a "fronting policy" in which the insured's deductible limits equal the liability limits. *Id.* at 408. In performing this analysis, the Court explained that:

> In a fronting policy, "the insurer functions purely as a surety for the insured's ability to pay claims, and the benefit extends only to third parties in situations in which the policy holder is unable to pay a liability owed to a third party." … Thus, Old Republic has assumed the risk -- which it presumably has found acceptable based on [the insured's] net worth and financial capacity -- **that it will have to pay a claim if Penske becomes insolvent**.

*Id.* at 415 (emphasis added); *see also id.* at 417 ("The fact [the insured] is required under the policy to subsequently reimburse Old Republic for claims paid up to the policy limits does not change

the fact that Old Republic agreed to indemnify [the insured], particularly since Old Republic has assumed the risk of [the insured's] insolvency, however slight.").

24. Accordingly, under South Carolina law, ORIC is required to provide indemnification under the Policies, and Debtors and ORIC have failed to provide any evidence as to why ORIC's fronting policy does not provide coverage for Movant's personal injury claim.

25. In addition, Debtors will not suffer any hardship if Movant's claims in the Gibby Lawsuit are allowed to proceed because Movant's claims must eventually be liquidated before they can recover from the bankruptcy estate. Further, because their claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. 11 U.S.C. § 157(b)(5) ("personal injury tort…claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose…"). The Gibby Lawsuit asserts personal injury claims which do not present any factual or legal issues which will impact or distract the Debtors from their liquidation process.

26. To the contrary, a delay for Movant will cause significant hardship in light of ongoing medical expenses and lasting, permanent injuries. Furthermore, Movant has demanded and is entitled to a jury trial in the Gibby Lawsuit and a jury trial is not available in this Court.

27. Lastly, Movant has a high likelihood of success in the Gibby Lawsuit as it does not appear the Debtors have any strong defenses (if any at all). *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990) ("Only strong defenses to state court proceedings can prevent a bankruptcy from granting relief from the stay . . . where the decision-making process should be relegated to [other] bodies . . . .).

28. When weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute his claims against the Debtors and any other responsible individual or entity

to judgment in the Gibby Lawsuit and satisfy any award or other resolution they may obtain against the Debtors, the Debtors' applicable Policies and any other individuals or entities that are responsible for the injuries sustained.

29. To the extent this Court is not inclined to grant stay relief at this time to allow the Gibby Lawsuit to proceed to judgment, this Court should allow the Movant to proceed with limited discovery to determine whether the applicable Policies at play would affect the Debtors' estates.

## CONCLUSION

WHEREFORE, Movant respectfully requests that the Court enter an Order granting stay relief for the limited purpose of allowing the Gibby Lawsuit to proceed to judgment or alternatively grant the Movant limited stay relief to proceed with discovery to determine the applicability of certain insurance policies and the potential resulting impact on the Debtors' estates.

Dated: November 8, 2023

Respectfully submitted,

/s/ *Carl D. Neff*
Carl D. Neff (No. 4895)
Maura L. Burke (No. 5313)
FISHERBROYLES, LLP
CSC Station
112 S. French Street
Wilmington, Delaware 19801
Telephone: (302) 482-4244
carl.neff@fisherbroyles.com
mburke@fisherbroyles.com

*Counsel to Movant, Gary W. Gibby*