# **EXHIBIT A**

LYNN C. HARRIS (1382)
JONES WALDO HOLBROOK & MCDONOUGH, P.C.
3325 N. University Ave., Suite 200
Provo, Utah 84604
Telephone: (801)375-9801
Facsimile: (801) 377-1149
lharris@joneswaldo.com

*Attorney for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
IN AND FOR SALT LAKE COUNTY
STATE OF UTAH

| | |
|---|---|
| JILL NAPIWOCKI<br><br>Plaintiff,<br><br>vs.<br><br>YRC INC. AND YRC INC. dba YRC FREIGHT,<br><br>Defendants. | COMPLAINT AND JURY DEMAND<br><br>Case No.:   210900903<br><br>JUDGE:   Robert Faust<br><br>TIER 3 |

COMES NOW the above-named Plaintiff, by and through counsel, and for cause of action alleges as against the above named Defendants as follows:

**I.   PARTIES AND JURISDICTION**

1. At all times relevant to this action the Plaintiff was a resident of Carbondale, Colorado.

2. At all times relevant to this action, the above named Defendants, YRC, INC. and YRC INC. dba YRC FREIGHT [hereinafter

'YRC'] was an foreign corporation located at 10990 Roe Avenue, Overland Park, KS, and doing business in the State of Utah, and was registered with the State of Utah Department of Corporations. The registered agent for service is CT Corporation System at 1108 E. South Union Ave, Midvale, Utah 84047.

3. All of the facts and circumstances of this action relevant to the conduct and negligence of the Defendants and their employee driver took place in Grand County, State of Utah.

4. Pursuant to UCA 78B-3-307(3) venue in this case is established by the location of the County in which the Plaintiff files the action. Venue is proper in the Third Judicial District Court of the State of Utah.

5. At all times relevant to this action Karhan Peoples was an employee of and a driver for the Defendants YRC and was at all times relevant to the facts and circumstances of this action in the course and scope of his employment for YRC.

6. All of the facts and circumstances of this action relevant to the conduct and negligence of the Defendant's administration, owners and supervisors took place at the above noted business location of the above named Defendants.

7. The events complained of involving this injury incident to the Plaintiff occurred in Grand County, Utah.

**II.   FACTS COMMON TO ALL CAUSES OF ACTION**

8. At all times relevant to this action Jill Napiwocki was driving her vehicle with one passenger, specifically, Emily White.

9. On November 4, 2018, at about 11:30 military time, the following series of events occurred according to the investigating UHP officer's report and the attached witness statements:

a. Plaintiff Jill Napiwocki was operating her Honda vehicle eastbound on I-70 near Thompson Springs, Utah, near mile post 193, in the right hand/outside lane #2 of traffic at the reduced speed of 45 mph, due to a prior flat tire and a 'donut' tire placed to operate the vehicle until she arrived in the next city inside Colorado to remove the donut and replace it with another tire. (herein, referred to as UHP report "Vehicle #2). The Honda's hazard/emergency lights were on at all times relevant to this action.

b. Karhan Peoples, employed by the Defendants YRC, was driving a large semi-tractor/trailer owned by the Defendants YRC, in the same general location, (herein, referred to in the UHP report as "Vehicle #1" or "YRC"). At all times relevant to this injury incident, the Defendants' employee was was driving eastbound on I-70 in the right hand/outside lane of traffic and was fast approaching the slower moving vehicle #2 at a speed of at least 65 mph within the 80 mph speed limit zone of this area of I-70.

c. Thereafter, the Defendants' YRC vehicle rear-ended and crashed into the rear of Napiwocki vehicle at full speed and without

3

braking, at a speed of at least 65 mph. This violent collision occurred while both vehicles were in lane #2, the outside lane of traffic.

    d.    The Defendants' large semi-tractor and trailer violently forced the Honda vehicle off to the right side shoulder of lane #2, and causing the Honda vehicle to violently crash into a concrete roadside barrier. Immediately thereafter, the Honda vehicle spun 180 degrees and thereafter rolled-over twice - and finally coming to a rest on the passenger side of the Honda.

    10.    As a result of this series of violent impacts and rollovers, the Plaintiff suffered serious physical injuries to her body, including but not limited to a traumatic brain injury causing her significant brain and cognitive injury and dysfunction.

### III. NEGLIGENCE CAUSES OF ACTION AGAINST YRC

    11.    The Plaintiff hereby incorporates paragraphs 1-10 into this cause of action.

    12.    Plaintiff alleges that at all times relevant to this action that the Defendants YRC's driver was careless and negligent in the operation of the semi-tractor and trailer, both in the violation of existing traffic statutes and in violation of the existing standard of care applicable to a professional driver's operation of the large semi-tractor and trailer on a busy interstate highway.

    13.    Plaintiff alleges that at all times relevant to this action that Karhan Peoples was an employee of YRC Defendants, and at all times

relevant to this action was in the scope and course of his employment with the Defendants.

14. Plaintiff submits that the Defendant's driver was negligent in the operation of the semi-tractor trailer in the following particulars:

a. The Defendant's driver was operating the Defendant's semi-tractor and trailer without maintaining a proper lookout as to the existing traffic directly in front of his vehicle.

b. The Defendant's driver was operating the semi-tractor and trailer in such a manner as he failed to adequately and safely control the vehicle.

c. The Defendant's driver was driving upon a highway without due caution and circumspection required of all semi-tractor and trailers.

d. The Defendant driver was driving the Defendant's vehicle upon a highway and failed to safely slow and safely execute a left lane change maneuver to pass the slower Honda vehicle.

e. The Defendant driver was driving the Defendant's vehicle upon a highway and failed to yield the right of way to the existing traffic that was well-established in the outside lane of traffic and who was flashing the vehicles hazard/warning lights.

5

15. On information and belief, the Plaintiff also submits that the Defendant's administrators, managers and supervisors were negligent in the hiring, training, testing, and retention of the driver(s) employed by the Defendants, including the driver involved in the subject incident of this action.

16. As a direct and proximate result of the acts and omissions of the Defendants' owners, administrators, managers and supervisors, as well as from the acts of the Defendants' driver, the Plaintiff has suffered special damages and general damages in a sum subject to proof at trial.

## IV. DAMAGES

17. As a direct and proximate result of the acts and omissions of the Defendants' owners, administrators, managers and supervisors, as well as from the negligent acts of their driver, the Plaintiff has suffered damages, including but not limited to severe, permanent, physical, neurological, cognitive and emotional injuries, which have radically changed her individual life and life-style on a permanent basis. As a consequence of these injuries, the Plaintiff is entitled to recover from the Defendant the following damages:

    a. Medical expenses incurred in the past in an amount subject to proof at trial.

    b.    Medical expenses, which the Plaintiff can reasonably expect to incur in the future, in an amount subject to proof at trial.

    c.    Loss of wages and earning capacity in the past and future in an amount subject to proof at trial.

    d.    Past and future pain, suffering, emotional distress and the loss of use of her body amounting to a permanent disability and loss of employment in an amount subject to proof at trial.

    e.    Loss of enjoyment of life, past and future, in an amount subject to proof at trial.

    f.    The costs of this action, and all such other and further relief as the Court deems equitable and proper.

18.    This civil action is filed as a Tier 3 personal injury action under the provisions of the URCP.

WHEREFORE, the Plaintiff Jill Napiwocki prays for judgments as against the above named Defendants as follows:

    1.    Special damages in a sum subject to proof at trial, and interest thereon pursuant to the statutes of the State of Utah.

2. General damages in a sum subject to proof at trial.

3. For the costs of this action and such other and further relief that the Court deems just and proper.

DATED this 17th day of February 2021.

LYNN C. HARRIS
JONES WALDO HOLBROOK AND MCDONOUGH
3325 North University Avenue
Suite 200
Provo, Utah 84604
*Attorneys for Plaintiff*

**JURY DEMAND**

The above named Plaintiff hereby requests that this matter be heard and decided by a jury.

DATED this 17th day of February 2021.

LYNN C. HARRIS
JONES WALDO HOLBROOK AND MCDONOUGH
3325 North University Avenue
Suite 200
Provo, Utah 84604
*Attorneys for Plaintiff*