## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Cure Objection Deadline:  November 9, 2023, at 5:00 p.m. (Eastern Time)** |
| | **Related Docket Nos. 575 and 968** |

## OBJECTION OF MG FISHERSVILLE I, LLC TO NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSINGMENT OF CERTAIN CONTRACTS OR LEASES ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS

MG Fishersville I, LLC ("MG"), by counsel, hereby files its objection (the "Objection") to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* (Dkt. No. 968) (the "Cure Notice") filed by the above-captioned debtors (the "Debtors"), and in support thereof states as follows:

## BACKGROUND

**A.  MG's Lease**

1.      On or about July 1, 2012, MG and YRC Inc., a Delaware corporation, d/b/a YRC Freight ("YRC") entered into that certain Commercial Lease (as amended by an "Amendment No. 1 to Commercial Lease Agreement" dated April 21, 2017, and "Second Amendment to Commercial Lease" dated March 21, 2022, the "Lease"), pursuant to which MG leased to YRC real property located at 53 Expo Road, Fishersville, Virginia 22939 (the "Premises").  A true and accurate copy of the Lease is attached hereto as **Exhibit A**.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

2.      On August 6, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court").    The Debtors' cases have been consolidated for procedural purposes and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3.      Prior to the Petition Date, YRC defaulted on its pre-petition obligations under the Lease by, *inter alia*, failing to pay rent and other obligations as they came due.  Specifically, YRC failed to make payments of rent for August 2023 in the amount of $9,180.00, and insurance reimbursement in the amount of $2,542.00, for a total of $11,722.00.  A true and accurate aging detail report showing the pre-petition rent and insurance charges is attached hereto as **Exhibit B**.

4.      Since the Petition Date, YRC has also failed to pay post-petition rent for the months of October and November 2023 in the total amount of $18,360.00 and real estate taxes for the second half of 2023 in the amount of $1,772.50.  A true and accurate copy of a Real Estate Tax Bill Detail for the Premises is attached hereto as **Exhibit C**.

5.      As a result of YRC's default and nonperformance under the Lease, MG has incurred reasonable attorneys' fees and costs totaling not less than $7,008.50 through November 6, 2023.[2] The Lease provides as follows:

> If Landlord at any time, by reason of any such nonperformance by Tenant, is compelled to pay or elects to pay any sum of money, including court costs and reasonable attorneys' fees in instituting, prosecuting, or defending any action or proceeding, or suffers any loss, then all such costs will be deemed to be additional rent under this Lease, and Tenant will pay such amount to Landlord immediately on demand, including the sum paid by Landlord with interest at the rate of eighteen percent (18%) per year (or such lower rate as will be the maximum lawful rate of interest payable by Tenant), and all costs and damages.

(Lease, Clause 21) (emphasis added)

6.      MG continues to accrue attorneys' fees and therefore reserves its right to

---

[2] MG will provide a statement detailing its attorneys' fees upon request.

2

supplement this objection at the time of any assumption or assumption and assignment of the Lease with the current amount of its accrued attorneys' fees.

7.      Additionally, YRC has failed to maintain the Premises as required by the Lease. Clause 9 of the Lease provides as follows:

> . . . Tenant, at its sole cost and expense, during the Term of this Lease, shall keep the Premises in as good a condition as existed on the Commencement Date (such condition shall include any repairs made by the Con-Way Transportation Services, Inc. or its subtenants as part of the termination of the lease for the Premises existing immediately prior to this Lease), clean and orderly condition, including all exposed mechanical and utility systems serving the Premises.  Without limitation, Tenant shall also bear the cost to replace light bulbs, ballasts, furnace filters, belts, A/C refrigerant, fuses, circuit breakers, broken glass, window and door hardware and shall perform similar tasks of routine maintenance and repair . . . .

8.      At or about the time the Lease commenced in 2012, the Premises were inspected and found to be in satisfactory condition, with few exceptions (the "2012 Report").  A true and accurate copy of the 2012 Report is attached hereto as **Exhibit D**.

9.      However, subsequent to the Petition Date, MG obtained an inspection of the Premises performed by Colliers International (the "2023 Report").  The 2023 Report shows that YRC has defaulted substantially on its obligation to keep the Premises in the condition required by the Lease.  The Premises is now largely in unacceptable condition and requires significant repairs, replacements, cleaning, and other work to put it in the condition required by the Lease.  A true and accurate copy of the 2023 Report is attached hereto as **Exhibit E**.

10.      MG has obtained a contractor's estimate dated October 27, 2023, of the cost to perform the necessary repairs, replacements, and other work to the Premises, which totals $325,000.00 (the "Estimate").  A true and accurate copy of the Estimate (which includes an itemization of the various categories of necessary repairs, replacements, and other work) is attached hereto as **Exhibit F**.

11.     YRC's defaults in its obligations to pay rent, insurance, and taxes and to keep the Premises in the condition required by the Lease have resulted in damage to MG and a total balance due under the Lease of not less than $363,864.00 (which includes the Estimate of $325,000.00). A true and accurate ledger of amounts owed under the Lease is attached hereto as **Exhibit G**.

**B.  Proposed Assumption or Assumption and Assignment of the Lease**

12.     On September 15, 2023, the Court entered its *Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (Dkt. No. 575) (the "Bidding Procedures Order"), pursuant to which the Court approved, *inter alia*, procedures for the assumption or assumption and assignment of executory contracts and unexpired leases.

13.     Pursuant to the Bidding Procedures Order, on October 26, 2023, the Debtors filed their Cure Notice, which identifies the Lease as an unexpired lease that may be assumed and indicates that the cure amount under the Lease is $9,180.00 (the "Proposed Cure Amount").

### OBJECTION

14.     Section 356(a) of the Bankruptcy Code provides that a chapter 11 debtor may assume or reject an unexpired lease or executory contract subject to the Court's approval. Section 365(b)(1) conditions the assumption of such unexpired leases or executory contracts as follows:

> **(1)** If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

**(A)** cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

**(B)** compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

**(C)** provides adequate assurance of future performance under such contract or lease.

### A. YRC Must Cure Existing Defaults and Compensate for MG's Pecuniary Loss.

15.     MG objects to the Proposed Cure Amount as it does not reflect the correct amount currently necessary to cure all defaults under the Lease and to compensate MG for all pecuniary loss resulting from such defaults.

16.     As set forth above, MG has reviewed its accounts and records and determined that YRC is in default of the Lease for, *inter alia*, nonpayment of rent, insurance, tax payments, and charges due and owing and for failing to perform its maintenance obligations under the terms of the Lease.

17.     Further, MG has incurred attorneys' fees related to the assumption or assumption and assignment of the Lease, which constitute "pecuniary loss" under section 365(b)(1)(B).  *See In re Crown Books Corp.*, 269 B.R. 12 (Bankr. D. Del. 2001); *In re Williams*, No. 10-11108 BLS, 2011 Bankr. LEXIS 2463 (Bankr. D. Del. June 24, 2011).

18.     As of the filing of this Objection, a total of no less than $363,864.00 remains due and owing under the Lease for past due rent, insurance, taxes, attorneys' fees, and damages to the Premises.

19.     Rent and other charges continue to accrue under the terms of the Lease, and MG continues to accrue attorneys' fees related to the assumption or assumption and assignment of the Lease.  MG reserves its right to supplement this Objection at the time of any assumption or assumption and assignment of the Lease with the current amount of rent, charges, accrued attorneys' fees, and other damages due under the terms of the Lease.

20.     To the extent the Lease provides for the payment by YRC of any adjustments, reconciliations, or other charges that accrue under the Lease but are billed at a later date, including after the assumption or assumption and assignment of the Lease, the Cure Notice fails to provide for such charges.  Any sale order or asset purchase agreement with respect to the Premises must provide for the payment of any adjustments, reconciliations, or other charges under the Lease that are related in whole or in part to the period of time prior to closing but are not billed until after closing in order to fully cure the defaults under the Lease.

21.     The Proposed Cure Amount also does not include YRC's contractual obligations to indemnify MG for events occurring prior to any assumption or assumption and assignment of the Lease.  The Lease obligates YRC to indemnify and hold MG harmless from and against various claims, liabilities, and expenses.  Any assignee must assume liability for such obligations.

**B.  YRC Must Provide Adequate Assurance of Future Performance.**

22.     Before assuming or assuming and assigning the Lease, YRC must provide adequate assurance of future performance under the Lease pursuant to section 365(b)(1)(C).  MG requires that YRC or any assignee of the Lease provide sufficient evidence of their ability to perform their obligations under the terms of the Lease.

23.     Further, all of the above-stated obligations of YRC under the Lease should be assumed by YRC and/or any assignee as part of any assumption or assumption and assignment of the Lease.  MG reserves its right to object to any proposed assumption or assumption and

6

assignment of the Lease absent strict compliance with the requirements of section 365(b)(1)(C).

## RESERVATION OF RIGHTS

24.    MG reserves all of its rights under the Lease and applicable law, including without limitation the right to supplement or amend this Objection to assert any additional amounts due and owing under the Lease or to assert any further objection related to the proposed assumption or assumption and assignment of the Lease.

WHEREFORE, MG respectfully requests that this Court enter an Order (1) denying the Debtors' proposed assumption or assumption and assignment of the Lease; (2) requiring YRC to pay all amounts due under the Lease and provide adequate assurance of future performance by the reorganized Debtors or any assignee; and (3) granting such other relief the Court deems just and proper.

Dated: November 8, 2023
Wilmington, Delaware

**ASHBY & GEDDES, P.A.**

*/s/ Gregory A. Taylor*
Gregory A. Taylor (DE Bar No. 4008)
500 Delaware Avenue, 8th Floor
Wilmington, Delaware 19899-1150
Tel: (302) 654-1888
Email: gtaylor@ashbygeddes.com

-and-

**SPOTTS FAIN PC**
Neil E. McCullagh, Esq.
411 E. Franklin Street, Suite 600
Richmond, VA 23219
Tel: (804) 697-2064
Email: nmccullagh@spottsfain.com

*Counsel to MG Fishersville I, LLC*