IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*, | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 968** |

**OBJECTION OF 1313 GRAND STREET REALTY, LLC TO NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS**

1313 Grand Street Realty, LLC ("1313 Grand"), by its undersigned attorneys, respectfully submits this objection with respect to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* [Docket No. 968] (the "Cure Notice"), and states as follows:

**Background**

1. On August 6 and 7, 2023 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the District of Delaware (the "Court").

2. As of the Petition Date, 1313 Grand and YRC Inc., d/b/a YRC Freight, one of the Debtors, were parties to that certain Lease Agreement dated as of January 30, 2009 concerning real property located at 1313 Grand Street, Brooklyn, New York 11211, as amended (the "Lease").[1]

---

[1] The Lease was originally entered into between NATMI Truck Terminals, LLC ("NATMI") and, by Assignment of Lease dated January 24, 2013, NATMI assigned its rights under the Lease to 1313 Grand.

3. On September 15, 2023, the Court entered the *Order (I)(A) Approving the Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 575] (the "Bidding Procedures Order"), which approved, among other things, the procedures by which the Debtors may solicit and pursue one or more sales of the Debtors' assets pursuant to 11 U.S.C. § 363.

4. In furtherance of the Bidding Procedures Order, the Debtors filed the Cure Notice and a schedule listing the cure amount for the Lease as $95,202, which represents the unpaid rent for the month of August 2023. The cure amount identified in the Cure Notice is incorrect and 1313 Grand hereby objects to the Cure Notice.

**Objection**

5. Section 365(b) of the Bankruptcy Code requires a debtor to fully cure all defaults existing at the time of assumption before assuming an executory contract and provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("In order for a debtor to assume a contract under § 365(b)(1), it must: (1) cure existing defaults or provide adequate assurance that cure will promptly occur, 365(b)(1)(A); (2) compensate any party to the agreement that has suffered actual pecuniary loss as a result of default, or provide adequate assurance of prompt compensation to the injured party, § 365(b)(1)(B); and (3) provide adequate assurance of future performance under the agreement before assumption will be permitted, § 365(b)(1)(c).")

6.      "Cure is a critical component of assumption." *In re Thane International, Inc.*, 586 B.R. 540, 549 (Bankr. D. Del. 2018).  This includes both prepetition and post-petition defaults. *See In re* Burger *Boys*, 94 F.3d 755, 763 (2d Cir. 1996); *In re Handy Andy Home Improvement Centers, Inc.*, 196 B.R. 87, 93 (Bankr. N.D. Ill. 1996) (debtor must cure pre- and post-petition defaults prior to assumption).

7.      As of the date of this Objection, the cure amount on the Lease is no less than $300,846.40 ("Cure Amount"), which is determined as follows:

| | |
|---|---|
| Rent Due as of the Petition Date | $95,202.20 |
| Late Payment Charge (5%) | $4,760.11[2] |
| Interest Due on Past Due Rent (18% per annum) | $4,284.09[3] |
| Cost to Repair Sidewalk and Driveway | $171,600[4] |
| Attorneys' Fees (estimated) | $25,000[5] |
| **Total Cure Amount:** | **$300,846.40** |

8.      In addition to the unpaid August rent, 1313 is entitled to interest, fees and other charges as set forth above and required under the Lease.  Bankruptcy Courts consistently hold that lessors are entitled to recover interest, charges and reasonable attorney fees under section 365(b)(1)(B) as a condition of assumption of a lease, if those fees would be allowed under the lease and state law.  *See In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001); *see also Three Sisters Partners, LLC v. Harden* (*In re Shangra-La, Incorporated*), 167 F.3d 843, 849 (4th Cir. 1999); *In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 756 (Bankr. S.D.N.Y. 1986) (cases consistently recognize that an express contractual provision for attorneys' fees gives rise

---

[2]  Section 27 of the Lease requires the Debtors to pay a 5% late fee on any rent payment that is not received when due.

[3]  Pursuant to Section 27 of the Lease, such interest shall continue to accrue at the rate of 18% per annum until paid.

[4]  *See* Section 10 of the Lease.

[5]  *See* Section 25 of the Lease.

to a right to obtain those fees as part of curing the default and in compensation for actual pecuniary loss).

9. Furthermore, section 10 of the Lease obligates the Debtors to maintain and pay for repair costs and, in certain instances, reimburse 1313 Grand for costs it incurs in repairing the premises. 1313 Grand was recently notified by its insurance carrier that certain portions of the sidewalk and the driveway require substantial repairs before insurance for property coverage would be issued. 1313 Grand obtained estimates for those repairs, which amount to $171,600. Copies of the estimates are available upon request to the undersigned counsel.

10. Further, in connection with any assignment of the Lease, the Debtors are required to provide adequate assurance of future performance of the Lease as required pursuant to 11 U.S.C. § 365(f)(2)(B). To date, no assignee has been identified and no proof of adequate assurance has been provided to 1313 Grand. Therefore, 1313 Grand reserves its rights to supplement this Objection and to object to any potential assignment based on the failure to provide adequate assurance if an assignee is identified and the Lease is identified for assumption and assignment.

### Reservation of Rights

11. 1313 Grand reserves its right to amend, supplement, and/or otherwise modify this Objection and its cure claim, and to raise other and further objections to the assumption and assignment or cure amounts for the Lease.

**WHEREFORE**, 1313 Grand requests that the Court issue an order (i) denying the assumption and the assignment of the Lease until such time as the Cure Amount is paid to 1313 Grand in full and the Debtors and/or any successful bidder provide adequate assurance of future

performance under the Lease, and (ii) granting to 1313 Grand such other and further relief as is just and equitable.

| | |
|---|---|
| Dated: November 8, 2023 | **ARCHER & GREINER, P.C.** |
| | */s/ Alan M. Root* |
| | Alan M. Root (No. 5427) |
| | 300 Delaware Avenue, Suite 1100 |
| | Wilmington, DE 19801 |
| | Tel: (302) 777-4350 |
| | Fax: (302) 777-4352 |
| | E-mail: aroot@archerlaw.com |
| | |
| | -and- |
| | |
| | Gerard DiConza |
| | 1211 Avenue of the Americas |
| | New York, NY 10036 |
| | Tel: (212) 682-4940 |
| | Email: gdiconza@archerlaw.com |
| | |
| | *Counsel for 1313 Grand Street Realty, LLC* |