# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) ) ) ) | (Jointly Administered) **Re: Docket No. 968** |

Terreno Clawiter LLC and Terreno Dell LLC (collectively the Terreno Landlord) respectfully presents its Cure Objection, Response, Reservation of Rights and Joinder as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

1.      On or about August 6, 2023 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169]. Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a)

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269]. No trustee or examiner has been appointed in these chapter 11 cases.

3. On August 30, 2023, Debtors filed their Sale Procedures Motion as part of "a full-scale wind-down of their business operations." Debtors seek the authority to sell substantially all of Debtors' Assets (including leasehold interests) to potential high bidders, to be identified after a bidding and auction process, pursuant to Bidding Procedures, and to assume and assign nonresidential leases in connection therewith.

4. The Terreno Landlord, as landlord, and co-debtor YRC Inc. as tenant ("Tenant"), are parties to the following:

    a. Terreno Clawiter LLC, as landlord, and co-debtor YRC Inc, as tenant, are parties to a certain lease dated December 22, 2009 (as amended or modified from time to time, the "Clawiter Lease"), covering certain premises located at 25555 Clawiter Road, Hayward, CA 94545 (the "Clawiter Premises"), on the terms and conditions set forth therein.

    b. Terreno Dell LLC, as landlord, and co-debtor YRC Inc., as tenant are parties to a certain lease dated February 13, 2009 (as amended or modified from time to time, the "Dell Lease"), covering certain premises located at 700 Dell Road, Carlstadt, NJ 07072 (the "Dell Premises"), on the terms and conditions set forth therein.

5. On September 15, 2023, the Court entered the *Order (I)(A) Approving the Bidding Procedures For the Sale or Sales of the Debtors' Assets, (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear*

*of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 575] (the "Order"), by which the Court approved procedures for the assumption or assumption and assignment of executory contracts and unexpired leases and granted related relief, as set forth in the Order.

6. On September 21, 2023, the Court entered its *Order (I) Approving the Debtors' Selection of a Stalking Horse Bidder, (II) Approving Bid Protections in Connection Therewith, (IIII) and Granting Related Relief* [Docket No. 624] which selected Estes Express Lines as the Real Estate Stalking Horse Bidder ("Estes") and approved its Asset Purchase Agreement.

7. On October 26, 2023, the Debtor filed and served its *Notice Of Potential Assumption Or Assumption And Assignment Of Certain Contracts Or Leases Associated With The Non Rolling Stock Assets* [Docket 968] (the "Notice"). The Notice provided that the Clawiter Lease and the Dell Lease (collectively, the "Terreno Leases") might be assumed or assumed and assigned pursuant to the Order. The Notice asserted that the Cure Amount for the Clawiter Lease is $68,762 and the Cure Amount for the Dell Lease is $69,712 (collectively, "Yellow's Cure Amounts").

## II.    CURE OBJECTION

8. In the event that the Terreno Leases are assumed, the Debtor shall be required to, among other things, cure all defaults under the Terreno Leases and compensate the Terreno Landlords for actual pecuniary loss as a result of such defaults. 11 U.S.C. § 365(b).

9. As of November 9, 2023, but exclusive of (i) any amounts that may become outstanding after November 9, 2023, (ii) interest, and (iii) attorneys' fees, the proper 11 U.S.C. § 365(b) "cure" amounts for each of the Terreno Leases is as set forth in detail on the attached Exhibit

1 (the "Terreno Cure Amounts").  Terreno prays that the Court determine that the correct Cure Amounts for the Terreno Leases are the Terreno Cure Amounts and not the Yellow Cure Amounts.

10. In addition to the Terreno Cure Amounts set forth on Exhibit 1, pursuant to the terms of the Terreno Leases and 11 U.S.C. § 365(b), the Court should award the Terreno Landlords interest and a reasonable amount for attorneys' fees actually incurred as a result of the Debtor's bankruptcy case through the entry of the Order(s) assuming the Terreno Leases (the "Total Terreno Cure Amounts"). See, e.g., *Travelers Cas. & Su. Co. of Am. v. Pacific Gas and El. C*o., 127 S. Ct. 1199, 1203 (2007) (holding that a party is entitled to be reimbursed for its attorneys' fees when there exists an "enforceable contract allocating attorneys' fees"); *In re Fresh-G Rest. Intermediate Holding, LLC*, 580 B.R. 103, 114 n.53 (Bankr. D. Del. 2017) ("landlord entitled to attorney's fees when the lease allows such fees"; citing authorities); *In re Entertainment, Inc.*, 223 B.R. 141, 151-154 (Bankr. E.D. Ill. 1998) (interest and attorneys' fees must be paid as provided for in the assumed lease).

**III.        RESPONSE**

   *A.        Assumption and Assignment Must Be Cum Onere*

11. The Terreno Landlords object to any attempt by the Debtor to assume or assume and assign the Terreno Leases free and clear of ***any*** of the Debtor's indemnity obligations under the respective Leases; rather, the Terreno Leases must be assumed or assumed and assigned *cum onere*.

12. The "Indemnity Obligations" include, but are not limited to, the following:

   c.        Real Estate Taxes and Insurance.  See,  ¶4 and ¶14 of the Clawiter Lease; ¶4 and ¶14 of the Dell Lease.

   d.  Restore premises to original condition at end of lease. See, ¶8 of the Clawiter Lease; ¶8 of the Dell Lease.

   e.  Indemnify for penalties, damages and charges. See, ¶9 of the Clawiter Lease; ¶9 of the Dell Lease.

   f.  Maintenance and repair of the leased premises. See, ¶10 of the Clawiter Lease; ¶10 of the Dell Lease.

   g.  Disposing of all personal property at the end of the lease term. See, ¶11 of the Clawiter Lease; ¶11 of the Dell Lease.

   h.  General claim indemnity. See, ¶16 of the Clawiter Lease; ¶16 of the Dell Lease.

   i.  All-encompassing indemnity of all environmental issues including claims, damages, remediation and attorney's fees, including claims arising out of the presence of Hazardous Materials on the premises. See, ¶22 of the Clawiter Lease; ¶22 of the Dell Lease.

   j.  Indemnification for maintenance, repair and claims relating to two fuel tanks on site at the Clawiter Premises and one fuel tank on the Dell Premises. See, ¶23 of the Clawiter Lease; ¶23 of the Dell Lease.

13.  The Indemnity Obligations apply regardless of whether or not the matter for which indemnity is due occurred before or after the lease assumption or assumption and assignment.

14.  The Terreno Leases must be assumed without modification, *cum onere,* with all of their benefits and burdens, as expressly provided in 11 U.S.C. §365(b)(3)(C).

> The trustee, however, may not blow hot and cold. If he accepts the contract he accepts it *cum onere*. If he receives the benefits he must adopt the burdens. He cannot accept one and reject the other.

*In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951); see also, *In re Fleming*, 499 F.3d 300, 308 (3d Cir. 2007) ("Section 365(f) requires a debtor to assume a contract subject to the benefits and burdens thereunder."); *In re Dewalt*, 107 B.R. 719, 727 (B.A.P. 9th Cir. 1989) *rev'd on other grounds* 961 F.2d 848, 851 (9th Cir. 1992) ("The courts have unanimously held that the debtor must assume the detriments as well as the benefits of such contracts."); *Schokbeton Inds. v. Schokbeton Products Corp.*, 466 F.2d 171, 175 (5th Cir. 1972) ("the universally recognized rule that a trustee cannot accept the benefits of an executory contract without accepting the burdens as well."); *Matter of Steelship Corp.*, 576 F.2d 128, 132 (8th Cir. 1978) ("It is well settled that the trustee cannot accept the benefits of an executory contract without assuming its burdens as well."); *In re Airlift Intern., Inc.*, 761 F.2d 1503, 1512 (11th Cir. 1985) ("It is well-settled that when the debtor or trustee enters into a post-petition agreement he is bound by the terms of such agreement, and if he receives the benefits he must adopt the burdens."); *Matter of Chicago, Rock Island and Pac. R. Co.*, 860 F.2d 267, 272 (7th Cir. 1988) ("A trustee in bankruptcy takes the debtor's contracts *cum onere,* that is, subject to existing burdens. '[A] trustee cannot accept the benefits of an executory contract without accepting the burdens as well.'"); *In re ANC Rental Corp.*, 277 B.R. 226, 238-39 (Bankr. D. Del. 2002) (same).

    **B.**     *Adequate Assurances of Future Performance*

15. Pursuant to section 365(f)(2) of the Bankruptcy Code, a trustee or debtor-in-possession may assign an unexpired lease of the debtor only if:

> (A)     the trustee assumes such contract or lease in accordance with the provisions of this section; and

> (B)     adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2). *In re Sun TV and Appliances, Inc.*, 234 B.R. 356, 370 (Bankr. D. Del. 1999). This provision "was primarily designed to protect landlords." *In re Sanshoe Worldwide Corp.*, 139 B.R. 585, 592 (S.D.N.Y. 1992).

16. The initial burden of presentation as to adequate assurance falls upon the debtor. *Sea Harvest Corp. v. Riviera Land Co.*, 868 F.2d 1077, 1079 (9th Cir. 1989). The *Sea Harvest* court rejected the debtor's bald statement that it "recognizes the ongoing obligation to maintain such Leases and pay all obligations with regard thereto," stating that "Sea Harvest's empty declaration does not provide the compensation and assurances required by section 365(b)(1)." *Sea Harvest*, 868 F.2d at 1080. Adequate assurance requires a foundation that is nonspeculative and sufficiently substantive so as to assure that a landlord will receive the bargained-for performance. *In re World Skating Center, Inc.*, 100 B.R. 147, 148-49 (Bankr. D. Conn. 1989). Indeed, courts have required a *specific factual showing* through competent evidence to determine whether adequate assurance of future performance has been provided. *See, e.g.*, *Matter of Haute Cuisine, Inc.*, 58 B.R. 390, 393-94 (Bankr. M.D. Fla. 1986); *In the Matter of CM Systems, Inc.*, 64 B.R. 363, 364-65 (Bankr. M.D. Fla. 1986).

### C. *Estes Does Not Assume the Terreno Leases Cum Onere*

17. First, Estes' Assumption and Assignment Agreement explicitly assumes only "certain obligations" under the Leases. [Docket No. 624-2, second "Whereas" paragraph.] Specifically, Estes only "assumes the obligations [under the assigned lease] *first arising from and after* the date hereof." [Docket No. 624-2, Paragraph 2 (emphasis supplied)]

18. Assume, for example, that there is a leak in one of the Fuel Tanks on the Leased Premises which causes a leakage of Hazardous Materials into the soil, but the leak has not yet been discovered. Under the Terreno Leases, when the leak is discovered, the Tenant is under an absolute

obligation to indemnify and remediate.  See,  ¶22 and ¶23 of the Clawiter Lease;  ¶22 and 23 of the Dell Lease.  The obligation to indemnify and remediate environmental damage is part of the *cum onere* obligation associated with lease assumption; *Placid Oil Co. v. Avalon Farms (In re Placid Oil Co.),* 86-33419-sgj-11 (Bankr. N. D. Tex. 2022) (debtor's assumption or ride through of lease in Chapter 11 30 years before left it liable for current environmental damages claim).  The above-quoted language of its Assumption and Assignment Agreement, however,  suggests that Estes could defend any future demand to indemnify and remediate under the assigned leases the hypothetical leakage of Hazardous Materials with the assertion that the leak likely "arose" before it assumed the lease, and therefor it is not obligated.  [Docket No. 624-2]

19. Second, if there is to be "assurance of future performance" under the Terreno Leases, Estes must be directly obligated to the Terreno Landlord.  The Assumption and Assignment Agreement [Docket No. 624-2] expressly does ***not*** include the Landlord or obligations to the Landlord: it is solely an indemnity in favor of the Debtor.  If the Landlord sues the Debtor for Estes' breaches of the Lease, Estes will defend or indemnify the Debtor.  [Docket No. 624-2] Estes undertakes ***no*** obligation to the Landlord.  [Docket No. 624-2]

20. Absent a direct contractual commitment between Estes and the Terreno Landlord to honor the Lease, Terreno is left to try to explain to some court that Estes has obligations derived from the assumption and assignment of the lease.  But the Court-approved Asset Purchase Agreement, adopted in the Assignment and Assumption Agreement [Docket No. 624-2, Paragraph 8] explicitly ***denies*** the landlord Third Party Beneficiary status.  [Docket No. 624-1, Paragraph 10.6].  Absent a binding direct commitment between the proposed Assignee and the Terreno Landlord, any "assurances of future performance" must be viewed as illusory.

21. As of this filing, the Terreno Landlord has not been offered *any* adequate assurances in connection with the Sale and potential assignment, whether for Estes or any other party (other than Estes Asset Purchase Agreement, filed with the Court) [Docket No. 624-1]. Accordingly, the Debtors cannot satisfy section 365(f)(2) of the Bankruptcy Code at this time.

22. The Terreno Landlord reserves the right to supplement or amend this Response based upon adequate assurance information received by the Terreno Landlord hereafter. Landlord further reserves the right to object to adequate assurance information when such information is made available.

### IV.      RESERVATION OF RIGHTS

23. The Terreno Landlord reserves the right to make such other and further objections to Debtors' Assumption and Assignment Motion as may be appropriate based upon any new information provided by Debtors or upon any different relief requested by Debtors and to object to the proposed assignment of its lease with Debtors following selection of a Winning Bidder.

### V.       JOINDER

24. To the extent not inconsistent with the foregoing, the Terreno Landlord joins in the Cure Objections filed by Orange Batavia, the Debtors' other landlords, the Official Committee of Unsecured Creditors, and the U.S. Trustee.

### VI.      CONCLUSION

25. Accordingly, the Terreno Landlord moves the Court for an Order conditioning the assumption or assumption and assignment of any Terreno Lease on:

   a. The payment of the Total Terreno Cure Amount;

  b. The provision by any assignee of adequate assurances of future performance, including, at a minimum, a direct contractual commitment by the assignee to the Terreno Landlord to bind itself to the Lease obligations;

  c. The assumption of the Lease by any assignee *cum onere*, specifically including, without limitation, the Indemnity Obligations whensoever incurred; and

  d. The granting of such other and further relief as may be just and proper.

Date: November 9, 2023
    Wilmington, Delaware

 /s/ Garvan F. McDaniel, Esq.
Garvan F. McDaniel, Esq. (#4167)
**HOGAN MCDANIEL**
Attorneys at Law
1311 Delaware Avenue
Wilmington, DE 19806
Telephone (302) 656-7596
Facsimile (302) 656-7599
gfmcdaniel@dkhogan.com