# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| YELLOW CORPORATION, *et al.*, | : | Case No. 23-11069 (CTG) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Related to Docket No. 968** |

**OBJECTION OF FAZIO TV, LLC, MARY A. FAZIO LIMITED PARTNERSHIP I, AND FAZIO FALOMA PROPERTIES LLC TO NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS**

Fazio TV, LLC, an Oregon limited liability company, Mary A. Fazio Limited Partnership I, an Oregon limited partnership, and Fazio Faloma Properties LLC, and Oregon limited liability company (collectively "Fazio") hereby object to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* ("Notice of Assumption") [Docket No. 968]. In support of this Objection, Fazio respectfully represents as follows:

**Background**

1. On or about August 6, 2023, ("Petition Date"), the above-captioned debtors and debtors-in-possession ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Court").

2. Prior to the Petition Date, Fazio, and its predecessors, and the Debtors entered into a Lease dated November 1, 1984, as modified and last amended by a Lease Amendment Agreement dated January 15, 2015 (collectively, the "Lease"), concerning a certain building and real property located at 10730 N Vancouver Way, Portland, Multnomah Oregon.

3. Both prior and subsequent to the Petition Date, the Debtors defaulted under multiple provisions of the Lease, including, but not limited to, Section 6 of the Lease by failing to pay the rent payment due August 1, 2023 and Section 7 of the Lease by failing to pay the property taxes for 2023. In addition, Fazio is entitled to attorneys' fees and expenses pursuant to the Lease. Additional details concerning the defaults and related cure amounts are attached hereto as Exhibit A.

4. On September 15, 2023, the Court entered an Order (I)(A) Approving the Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interest and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief [Docket No. 575] (the "Bidding Procedures Order"), which approved, among other things, the procedures by which the Debtors may pursue one or more sales of the Debtors' assets pursuant to 11 U.S.C. § 363.

5. In connection with the Bidding Procedures Order, the Debtors filed the Notice of Potential Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets ("Notice of Assumption"). Schedule 1 to the Notice of Assumption identifies a real property lease ("Lease") Fazio has with the Debtors.

6. The cure amount for the Lease is listed on Schedule 1 of the Notice of Assumption as $28,454.00.

**Objection**

7. The cure amount identified by the Debtors in the Notice of Assumption is incorrect. Section 365(b) of the Bankruptcy Code requires a debtor to fully cure all defaults existing at the time of assumption before assuming an executory contract and provide adequate assurance of future performance under the contract. 11 U.S.C. §365(b)(1); In re Carlisle Homes, Inc., 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("In order for a debtor to assume a contract under §365(b)(1), it must: (1) cure existing default or provide adequate assurance that cure will promptly occur, 365(b)(1)(A); (2) compensate any party to the agreement that has suffered actual pecuniary loss as a result of default, or provide adequate assurance of prompt compensation to the injured party, §365(b)(1(B); and (3) provide adequate assurance of future performance under the agreement before assumption will be permitted, §365(b)(1)(c).").

8. The actual cure amount due under the Lease is $127,384.87 ("Cure Amount"). The entire Cure Amount owed to Fazio must be paid in full for the Lease to be assumed and assigned. Therefore, Fazio objects to the Notice of Assumption.

9. Attached hereto as Exhibit A is a breakdown and calculation of the Cure Amount.

10. Further, in connection with any assignment of the Lease, the Debtors are required to provide adequate assurance of future performance of the Lease as required pursuant to 11 U.S.C. §365(f)(2)(B). To date, no assignee has been identified and no proof of adequate assurance has been provided to Fazio. Therefore, Fazio reserves its rights to supplement this Objection and to object to any potential assignment based on the failure to provide adequate assurance if an assignee is identified and the Lease is identified for assumption and assignment.

**Reservation of Rights**

11. Fazio reserves all of its rights under the Lease and applicable law, including without limitation the right to supplement or amend this Objection to assert any additional amounts due and owing under the Lease or to assert any further objection related to the proposed assumption or assumption and assignment of the Lease.

**Conclusion**

WHEREFORE, Fazio requests that the court issue an order (i) denying the assumption and the assignment of the Lease until such time as the Cure Amount is paid to Fazio in full and the Debtors and/or any successful bidder provide adequate assurance of future performance under the Lease, and (ii) granting to Fazio such other and further relief as is just and equitable.

Dated: November 9, 2023             GELLERT SCALI BUSENKELL & BROWN LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3393)
1201 N Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Email: mbusenkell@gsbblaw.com


BLACK HELTERLINE LLP
Britta E. Warren, Admitted *Pro Hac Vice pending*.
805 SW Broadway, Suite 1900
Portland, OR 97205
Telephone: (503) 224-5560
Email: britta.warren@bhlaw.com

*Attorneys for Fazio TV, LLC, Mary A. Fazio Limited Partnership I, and Fazio Faloma Properties LLC*