## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| YELLOW CORPORATION, *et al.*, | : | Case No. 23-11069 (CTG) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | **Related to Docket No. 968** |

### OBJECTION OF KESTREL CROSSDOCK, LLC TO NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS

Kestrel Crossdock, LLC ("Kestrel") hereby objects to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* ("Cure Notice") [Docket No. 968]. In support of this Objection, Kestrel respectfully represents as follows:

**Background**

1. On or about August 6, 2023, ("Petition Date"), the above-captioned debtors and debtors-in-possession ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Court").

2. Prior to the Petition Date, Kestrel and the Debtors entered into a Lease Agreement dated August 13, 2010 ("Lease"), concerning a premises located at 7180 Kestrel Drive, Missoula, Montana.

3. Both prior and subsequent to the Petition Date, the Debtors defaulted under multiple provisions of the Lease, including, but not limited to, Section 3 of the Lease by failing to pay the rent payment due August 1, 2023; Section 4 of the Lease by failing to pay property taxes; and Section 10 of the Lease by failing to properly maintain and repair the building, asphalt and yard.

In addition, Kestrel is entitled to attorneys' fees and expenses pursuant to Section 25 of the Lease. Additional details concerning the defaults and related cure amounts are attached hereto as Exhibit A.

4. On September 15, 2023, the Court entered an *Order (I)(A) Approving the Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 575] (the "Bidding Procedures Order"), which approved, among other things, the procedures by which the Debtors may solicit and pursue one or more sales of the Debtors' assets pursuant to 11 U.S.C. § 363.

5. In connection with the Bidding Procedures Order, the Debtors filed the Cure Notice. Schedule 1 to the Cure Notice identifies a Real Property Lease – Terminal, Kestrel has with the Debtors.

6. The cure amount for the Lease is listed on Schedule 1 of the Cure Notice as $20,150.00.

**Objection**

7. The cure amount identified by the Debtors is incorrect. Kestrel hereby objects to the Cure Notice. "Cure is a critical component of assumption." *In re Thane International, Inc.*, 586 B.R. 540, 549 (Bankr. D. Del. 2018). Section 365(b) of the Bankruptcy Code requires a debtor to fully cure all defaults existing at the time of assumption before assuming an executory contract and provide adequate assurance of future performance under the contract. 11 U.S.C. §365(b)(1);

*In re Carlisle Homes, Inc.*, 103 B.R. 524, 538 (Bankr. D.N.J. 1988) ("In order for a debtor to assume a contract under § 365(b)(1), it must: (1) cure existing default or provide adequate assurance that cure will promptly occur, 365(b)(1)(A); (2) compensate any party to the agreement that has suffered actual pecuniary loss as a result of default, or provide adequate assurance of prompt compensation to the injured party, § 365(b)(1)(B); and (3) provide adequate assurance of future performance under the agreement before assumption will be permitted, § 365(b)(1)(c)."). This includes both prepetition and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996).

8.  As of the filing of this Objection, the actual cure amount on the Lease is **$215,956.80** ("Actual Cure Amount"). The Debtors must also cure any additional defaults that may occur under the Lease and cure additional accrued amounts between the date of this Objection and the date the Lease is assumed and assigned by the Debtors. The entire Actual Cure Amount owed to Kestrel as of the date the Lease is assumed and assigned must be paid in full for the Lease to be assumed and assigned by the Debtors.

9.  Attached hereto as Exhibit A is a breakdown and calculation of the Actual Cure Amount.

10. Further, in connection with any assignment of the Lease, the Debtors are required to provide adequate assurance of future performance of the Lease as required pursuant to 11 U.S.C. § 365(f)(2)(B). To date, no assignee has been identified and no proof of adequate assurance has been provided to Kestrel. Therefore, Kestrel reserves its rights to supplement this Objection and to object to any potential assignment based on the failure to provide adequate assurance if an assignee is identified and the Lease is identified for assumption and assignment.

**Reservation of Rights**

11.     Kestrel reserves the right to amend, supplement, and/or otherwise modify this objection and its cure claim, and to raise other and further objections to the assumption and assignment or cure amounts with respect to the Lease between Kestrel and the Debtors.

**Conclusion**

WHEREFORE, Kestrel requests that the court issue an order (i) denying the assumption and the assignment of the Lease until such time as the Actual Cure Amount is paid to Kestrel in full and the Debtors and/or any successful bidder provide adequate assurance of future performance under the Lease, and (ii) granting to Kestrel such other and further relief as is just and equitable.

Dated: November 9, 2023

**MONTGOMERY McCRACKEN WALKER & RHOADS LLP**

*/s/ Marc J. Phillips*
Marc J. Phillips (No. 4445)
1105 North Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 504-7823
Email: mphillips@mmwr.com

*Attorneys for Kestrel Crossdock, LLC*