IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>Re: D.I. 968 |

**HAWKEY TRANSPORTATION, INC.'S OBJECTION TO PROPOSED CURE AMOUNT IN NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS**

Hawkey Transportation, Inc. ("Hawkey"), creditor of certain of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, respectfully submits this objection (the "Objection") to the proposed cure amounts set forth in the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* [Docket No. 968] (the "Assumption Notice"). In support of this Objection, Hawkey submits the declarations of Mike Hawkey (the "Hawkey Decl.") and Garrett S. Eggen (the "Eggen Decl."). In further support of this Objection, Hawkey respectfully represents as follows:

The Assumption Notice understates the amounts by which Debtor USF Reddaway Inc. ("USF") is in default under its unexpired lease of certain real estate located at 19899 and 2065 Alexander Avenue, Anderson, Shasta County, California, dated October 1, 2021, by and between Hawkey, as landlord, and USF, as tenant (the "Lease")[2]. In particular, the Assumption Notice provides for a proposed cure amount of $6,000. While this amount accurately provides for USF's unpaid rent for the month of August 2023, USF has also incurred additional charges under the lease that it has not paid to

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

[2] A copy of the Lease is attached as Exhibit A to the Hawkey Decl.

25956042.2

Hawkey. These unpaid charges include utilities and attorneys' fees that USF must pay under the Lease. *See* Lease, at Sections 6, 37. According to Hawkey's records, USF's unpaid charges under the Lease include the following (collectively, the "Cure Amounts"):

a. August Rent - $6,000

b. Utilities for April 13, 2023 to July 12, 2023 - $2,366.51

c. Utilities for July 13, 2023 to August 10, 2023 - $1,324.00

d. Utilities for September 12, 2023 to October 11, 2023 - $631.00

e. Attorneys' fees of $1,846 as of November 8, 2023[3]

*See* Hawkey Decl., at ¶ 4, Exhibit B; Eggen Decl., at Exhibit A.

Pursuant to the Section 365(b)(1) of the Bankruptcy Code, USF must pay all unpaid amounts under the Lease in order to assume the Lease. *See* 11 U.S.C. § 365(b)(1) (a debtor "may not assume [a defaulted] contract or lease unless, at the time of assumption . . . the trustee cures, or provides adequate assurance that the trustee will promptly cure, such default[.]"); *see also In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005) ("when a contract is assumed under section 365, ***all unpaid amounts due under the agreement must be paid***.") (emphasis added). Per above, Debtors propose to assume the Lease without curing all defaults thereunder. The Lease provides that USF must reimburse Hawkey for the cost of USF's utility usage on the premises. *See* Lease, at Section 6. USF has missed several utility reimbursement payments under the Lease and owes Hawkey no less than $4,321.51 for such utility charges. *See* Hawkey Decl., at ¶ 4, Exhibit B.

Furthermore, Hawkey is entitled to its attorneys' fees in the prosecution of this Objection to enforce its rights under the Lease. This Court has awarded attorneys' fees as part of a cure claim where (a) the applicable lease provided for such fees and (b) the landlord was enforcing its rights under its lease with the debtor in a manner consistent with Bankruptcy Code Section 365. *See In re Crown Books Corp.*, 269 B.R. 12, 15-17 (Bankr. D. Del. 2001). In *Crown Books*, the debtor's landlord objected to the debtor's motion to assume and assign certain leases on the grounds that the debtor had failed to include, among

---

[3] Hawkey reserves the right to update the outstanding amounts owed under the Lease as this proceeding continues.
25956042.2

other things, attorneys' fees as part of its cure claim. *Id.* at 15. The parties' lease provided that:

> In the event either party hereto brings or commences legal proceedings to enforce any of the terms of this Lease or to assert any rights thereunder, the successful party in such action shall be entitled to receive and shall receive from the other party hereto, a reasonable sum as attorney's fees and costs[.]

*Id.* at 15-16. In analyzing this provision, the Court found that the landlord was entitled to attorneys' fees under the lease because it had commenced a "legal proceeding" by objecting to the debtor's motion to assume and assign the landlord's lease and was the "prevailing party" in getting an order directing the full payment of the defaults under the lease. *Id.* at 15-16. Further, the Court held that the landlord was enforcing its rights under the lease in a manner consistent with Bankruptcy Code Section 365(b) because the landlord was enforcing its rights to collect sums due under the lease and such rights were expressly preserved by the Bankruptcy Code. *Id.* at 18. Accordingly, the Court awarded the landlord its attorneys' fees as part of its cure claim under Bankruptcy Code Section 365(b).

Similar to the lease in *Crown Books*, Hawkey and USF's Lease provides that "[t]he prevailing party in any action or proceeding arising out of or to enforce any provision of this Lease will be awarded reasonable attorneys' fees and costs incurred in that action or proceeding[.]" *See* Lease, at Section 37. The Objection is also a "proceeding" brought by Hawkey to enforce the provisions of the Lease and Hawkey would be the "prevailing party" if the Objection is fully litigated because the Assumption Notice does not provide for the outstanding utility charges due under the Lease as part of Hawkey's cure claim. Finally, Hawkey is enforcing its rights under the Lease in a manner consistent with Bankruptcy Code Section 365 because the Objection seeks cure amounts expressly provided for under the Bankruptcy Code. Accordingly, Hawkey is entitled to its attorneys' fees as part of its cure claim under Bankruptcy Code Section 365 and as provided for in the Lease.

**WHEREFORE**, for the reasons set forth herein, USF respectfully requests that the Court require USF to pay no less than $12,167.51 to cure its defaults under, and ultimately assume or assume and assign, the Lease.

| | |
|---|---|
| Dated: November 9, 2023<br>Wilmington, Delaware | **PASHMAN STEIN WALDER HAYDEN, P.**C<br><br>*/s/ Joseph C. Barsalona II*<br>Joseph C. Barsalona II (DE Bar No. 6102)<br>1007 North Orange Street, 4th Floor, #183,<br>Wilmington, DE 19801<br>Telephone: (302) 592-6497<br>Facsimile: (201) 488-5556<br>Email:  jbarsalona@pashmanstein.com<br><br>-and-<br><br>**SUSSMAN SHANK LLP**<br>Garrett S. Eggen (DE Bar No. 6655)<br>1000 SW Broadway, Suite 1400<br>Portland, OR 97205<br>Telephone: (503) 227-1111<br>Email: geggen@sussmanshank.com<br><br>*Counsel to Hawkey Transportation, Inc.* |

25956042.2