# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>Obj. Deadline: 11/9/23 @ 4:00pm (ET)    Re: D.I. 968 |

**LIMITED OBJECTION OF 181 W. JOHNSON HOLDING LLC AND 181 W. JOHNSON HOLDING II LLC TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS**

181 W. Johnson Holding LLC and 181 W. Johnson Holding II LLC (together, the "Landlord"),[2] by and through their undersigned counsel, submit this limited objection (the "Objection") to the *Debtors' Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated With the Non-Rolling Stock Assets* [D.I. 968] (the "Cure Notice") filed by the above-captioned Debtors (collectively, the "Debtors"). In support of this Objection, Landlord respectfully states as follows:

## RELEVANT BACKGROUND

1. Landlord (as assignee of G&I Cheshire LLC) and Debtor YRC Inc. ("YRC"), as tenant, are parties to certain *Lease Agreement* dated July 28, 2005 (as amended, the "Lease") for a premise located on approximately 74,554 square feet of space on the ground floor in the building

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] The Landlord's name is incorrectly listed on the Cure Notice as "181 W Johnson Operating LLC."

{00037207.2 }

commonly known as 181 West Johnson Avenue, Cheshire, Connecticut (the "Premises").[3] A copy of the Lease, including amendments thereto, is attached hereto as **Exhibit A**.

2. The Lease provides that YRC shall pay Landlord, *inter alia*, the following amounts:

    (i) Monthly Minimum Rent, *see* Lease at § 4.3;

    (ii) Common Facilities Charge as Additional Rent, *id.* at § 4.4;

    (iii) Utility Service Charges as Additional Rent, *id.* at § 4.6;

    (iv) Taxes as Additional Rent, *id.* at § 4.7;

    (v) Interest and late fee on Past Due Rent as Additional Rent, *id.* at § 27.14;

    (vi) Trailer Parking Expense as Additional Rent, *see Fifth Amendment* to Lease at § 2; and

    (vii) Attorneys' fees as Additional Rent, Lease at § 22.1.[4]

Moreover, the Lease provides that "all costs, expenses and obligations of every kind and nature whatsoever relating to the Demised Premises shall by paid by Tenant [YRC] and **shall be deemed to be and shall become Additional Rent** hereunder whether or not the same be designated as such and landlord shall have the same remedies for failure to pay same as for a non-payment of rent." *Id.* at § 4.5 (**emphasis** added).

3. YRC defaulted pre-petition on its obligations under the Lease by, *inter alia*, failing to make the rent payment due on August 1, 2023 as well as other Additional Rents due under the Lease. As of the date hereof, the total amount of unpaid obligations, including attorneys' fees, is

---

[3] The address of the Premises was incorrectly listed on the Cure Notice as 177 W Johnson Avenue, Cheshire, CT 06410-4402.

[4] Section 22.1 of the Lease provides, in pertinent part: "In the event of any action taken by Landlord to enforce or interpret, or to pursue its rights or remedies under, this Lease against Tenant, whether or not suit be brought, Tenant shall be responsible for and shall pay upon demand by Landlord all of Landlord's costs and expenses paid or incurred in connection therewith, including without limitation, Landlord's attorneys' fees and disbursements."

{00037207.2 }

not less than $105,833.89. A spreadsheet setting forth the cure amounts to date is attached hereto as **Exhibit B**.

## CURE OBJECTION

4. The Bankruptcy Code requires all payments due and owing under the Lease be cured prior to assumption of the Lease. Accordingly, any Order establishing a cure amount in connection with the assumption or assumption and assignment of the Lease must expressly provide for payment in full of all amounts due and owing under the Lease at the time of assumption, as well as the cure of any nonmonetary defaults, to the extent they can be cured.

5. Landlord objects to the Proposed Cure Amount because it does not reflect the correct dollar amount necessary to cure the defaults under the Lease. To date, the total liquidated amount of all obligations due and owing necessary to cure pecuniary defaults under the Lease is not less than $95,183.47 (not including attorneys' fees), as set forth in **Exhibit B**.

6. In addition, the Proposed Cure Amount does not reflect Debtors' continuing obligations to pay post-petition rent and other Lease obligations that will accrue under the Lease through the effective date of assumption of the Lease, that are not yet fixed or due.

7. The Proposed Cure Amount also does not take into account Landlord's attorneys' fees relating to its efforts to protect its rights and interests under the Lease, which are provided for under the Lease and applicable law. *See In re Crown Books Co.,* 269 B.R. 12, 15 (Bankr. D. Del. 2001) (attorneys' fees are recoverable as part of a cure claim if the lease specifically so provides); *Elkton Assocs. v. Shelco, Inc.*, 107 B.R. 483, 487 (Bankr. Del. 1989). As of the date of filing this Objection, attorneys' fees in the amount of $7,577.80 have been incurred on behalf of Landlord with regard to this matter.

{00037207.2 }

**RESERVATION OF RIGHTS**

8. Landlord expressly reserves the right to update the asserted cure amount, together with other Lease obligations (including attorneys' fees and cost to the extent provided in the Lease) that will accrue or be incurred under the Lease that are not yet fixed or due, through the effective date of any assumption or assumption and assignment of the Lease (as updated, the "Correct Cure Amount").

9. Landlord also reserves all rights to object, upon the selection of the winning bidder, on the grounds that any assumption and assignment of the Lease must be conditioned on Landlord receiving adequate assurance of future performance by the prevailing bidder. To the extent not inconsistent with the arguments raised herein, Landlord joins in the objections of other landlords to the Cure Notice and the Sale.

**WHEREFORE**, Landlord respectfully requests that the Court enter an order (i) denying the proposed assumption or assumption and assignment of the Lease absent payment in full of the Correct Cure Amount and (ii) grant Landlord such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

Dated: November 9, 2023
Wilmington, Delaware

**THE ROSNER LAW GROUP LLC**

*/s/ Zhao Liu*
Frederick B. Rosner (DE #3995)
Zhao (Ruby) Liu (DE #6436)
824 Market Street, Suite 810
Wilmington, DE 19801
Telephone: (302) 777-1111
rosner@teamrosner.com
liu@teamrosner.com

*Attorneys for Landlord*

{00037207.2 }