**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Re: Dkt. 968** |

**OBJECTION OF LINK LOGISTICS REAL ESTATE MANAGEMENT LLC, BREIT INDUSTRIAL CANYON GA1B01 LLC, GPT ELKRIDGE TERMINAL OWNER LLC, GPT DEER PARK TERMINAL OWNER LLC, AND GPT ORLANDO TERMINAL OWNER LLC, TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS**

Link Logistics Real Estate Management LLC and its affiliates GPT Orlando Terminal Owner LLC, GPT Elkridge Terminal Owner LLC, GPT Deer Park Terminal Owner LLC, and BREIT Industrial Canyon GA1B01 LLC (collectively, "**Link Logistics**") hereby object to the Debtors' *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* ("**Cure Notice**") [Dkt. 968],[2] and respectfully state as follows.

**PRELIMINARY STATEMENT**

1. Link Logistics owns and/or manages the four (4) real property locations described on the attached **Exhibit A**, which are terminals leased by the Debtors pursuant to written agreements (the "**Leases**"). The Cure Notice identifies each of the Leases as potentially being

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used and not defined herein have the meaning ascribed in the Cure Notice.

10070891.2

assumed and assigned in connection with the Debtors' pending sale process, subject among other things to payment of the corresponding amount set forth therein (the "**Debtor Cure Amounts**").

2. Link Logistics does not dispute two of the Debtor Cure Amounts, but the other two do not identify the correct amounts outstanding under such Leases. The undisputed and/or correct amounts currently due and owing for each Lease (the "**Lessor Cure Amounts**") are identified on Exhibit A. The Debtors continue to accrue or incur additional charges under each Lease, including but not limited to rent, taxes, common area maintenance, and other costs, and any such outstanding charges must be satisfied in full in connection with any assumption or assignment of such Lease. More broadly, any defaults and resulting actual pecuniary losses must be cured before the Leases can be assumed and assigned.

3. Finally, notwithstanding the statement in the Cure Notice to the contrary, the deadline for parties to object to adequate assurance of future performance is December 8, 2023. As the winning or backup bidders have not yet been identified and have not provided any adequate assurance, Link Logistics reserves all of its rights with respect thereto.

## **BACKGROUND**

4. On August 6, 2023, the Debtors commenced these chapter 11 cases, and have since continued to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Leases were entered into by certain of the Debtors prior to the commencement of these cases. The Debtors have paid all post-petition amounts that have become due and owing on the Leases during these cases, although they generally have not done so timely under the Leases as required the Bankruptcy Code.

6.  On September 15, 2023, the Court entered an order approving procedures for a sale of the Debtors' assets including real property leases [Dkt. 575] (the "**Sale Process Order**"). As set forth therein, the deadline for parties to object to adequate assurance of future performance in connection with the proposed assumption or assignment of any executory contract or unexpired lease is December 8, 2023. Sale Process Order ¶¶ 25, 30, 39(b).

7.  On October 26, 2023, the Debtors filed the Cure Notice, identifying the Leases, with the corresponding Debtor Cure Amounts, as potentially subject to assumption and assignment to the winning bidder in the Debtors' ongoing sale process.

8.  As of the date hereof, the Debtors have not identified any winning bidder (or back-up bidder) and have provided no adequate assurance of future performance under the Leases.

## OBJECTION

### A.  The Proposed Cures Are Not Correct

9.  The Bankruptcy Code generally requires the cure, or adequate assurance of cure, of all prepetition and post-petition defaults as a condition to assumption for any executory contract or unexpired lease. *See* 11 U.S.C. § 365(b)(1). In accordance with the Sale Process Order, this objection identifies the undisputed and/or correct amounts currently owing on the Leases, which are the Lessor Cure Amounts identified on Exhibit A. These amounts must be paid in full before the assumption and assignment of the Leases.

10. In addition, any other amounts that are not now but become owing under any Lease must also be paid in full before the assumption and assignment of such Lease. Link Logistics reserves the right to supplement this objection and the required cure for additional amounts that accrue or are incurred, for the cure of any default, including with respect to repair obligations, and/or for related pecuniary losses, including attorneys' fees, that arise and/or become known prior to assumption and assignment.

11. Further, the Leases may only be assumed and assigned in their entirety. *See In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003) (assumption of an executory contract or unexpired lease is "an all-or-nothing proposition" that requires the entire agreement be assumed or rejected). Accordingly, payment of all then-outstanding amounts, and cure of all then-existing defaults, does not thereby allow the assignment of the Leases free and clear of other obligations arising prior to the assignment date. Rather, the assignee must also assume all obligations of the Debtors to Link Logistics under the Leases, including but not limited to obligations to indemnify Link Logistics for prior events that may not yet be known, such as for damages to the leased property, outstanding maintenance or cleanup requirements, or personal injuries occurring at the leased properties.

## **RESERVATION OF RIGHTS**

12. Link Logistics reserves the right to amend and/or supplement this objection and its cure claims, and to raise other and further objections to the assumption and assignment or cures with respect to the Leases, including without limitation with respect to adequate assurance of future performance.

*[ remainder of page intentionally left blank ]*

**CONCLUSION**

WHEREFORE, Link Logistics respectfully requests that the Court enter an order conditioning the assumption and assignment of the Leases on payment of the applicable Lessor Cure Amounts, on the payment of any other amounts that accrue or are incurred prior to such assumption and assignment, on the cure (or adequate assurance of cure) of any defaults and related pecuniary losses, on the assumption by the assignee of all obligations of the Debtors under the Leases whenever arising, and on adequate assurance of future performance from the assignee to Link Logistics, and granting such other and further relief to Link Logistics as is just and proper.

Dated: November 9, 2023                    **GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Michael Van Gorder*
Michael Van Gorder (DE 6214)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone (302) 425-5800
mvangorder@gsbblaw.com

**RAINES FELDMAN LITTRELL LLP**
David S. Forsh, Esq. (*pro hac vice* pending)
1350 Avenue of the Americas, 22nd Fl
New York, NY 10019
Telephone (917) 790-7109
dforsh@raineslaw.com

*Attorneys for Link Logistics*