**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br>(Jointly Administered)<br><br>Re: D.I. 968 |

**OBJECTION AND RESERVATION OF RIGHTS TO
DEBTORS' NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION
AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES
ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS**

R.L.R. Investments, L.L.C. ("RLR") and R.L. Roberts, L.L.C. ("RL Roberts" and together with RLR, "R+L"), by and through undersigned counsel, hereby file this objection and reservation of rights ("Objection") to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated With the Non-Rolling Stock Assets* [D.I. 968] ("Cure Notice") on the grounds that the Cure Notice fails to cure all pre- and post-petition amounts owed to R+L pursuant to 11 U.S.C. §§ 365(b)(1), 503(b)(1), and 365(d)(5). In support of its Objection, R+L respectfully states as follows:

**BACKGROUND**

1. On August 6, 2023 ("Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). *See* [D.I. 169]. The Debtors are operating their businesses and maintaining their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.      Prior to the Petition Date, the Debtors and R+L entered into certain real property leases (collectively, the "Leases") for five separate properties identified below (collectively, the "Properties"):

- 2843 County Road II, Neenah, WI 54956
- 1892 Airport Industrial Park Drive, Marietta, GA 30060
- 2100 Rochester Drive, Montgomery, IL 60538
- 1212 O'Neil Highway, Dunmore, PA 18512-1708
- 3901 East Broadway, Spokane, WA 99202

3.      As of the date of this Objection, the Debtors are in default under the Leases due to their failure to make those certain rent, real estate tax, and late fee payments, listed by property as follows:

| Property | August 2023 Base Rent | August 2023 Real Estate Taxes | 2022 Real Estate Taxes True Up | Late Fee (5%) | Interest | Total |
|---|---|---|---|---|---|---|
| Neenah, WI | $46,123.75 | $5,500.00 | $0.00 | $2,581.19 | $2,101.00 | $56,305.93 |
| Marietta, GA | $115,295.65 | $9,100.00 | $0.00 | $6,219.78 | $5,251.86 | $135,867.30 |
| Montgomery, IL | $64,861.53 | $5,000.00 | $2,699.48 | $3,628.05 | $2,954.53 | $79,143.59 |
| Dunmore, PA | $28,827.35 | $9,000.00 | $0.00 | $1,891.37 | $1,313.12 | $41,031.84 |
| Spokane, WA | $26,091.52 | $2,550.10 | $0.00 | $1,432.08 | $1,188.50 | $31,262.20 |
| | | | | | Total | $343,610.86 |

4.      Additionally, the Leases require the Debtors to perform various maintenance obligations with respect to the Properties. In particular, Section 9 of the Leases[1] provides in pertinent part:

> Tenant at its cost shall maintain, and repair in a good and safe operating condition, all portions of the Leased Premises including, but not limited to, repair of the building structure, roof, yard, fence and underground utilities, windows, doors, dock doors, dock levelers, entrances and vestibules, and all electrical, mechanical, HVAC, plumbing and other fixtures and systems located within the Leased Premises, including the sprinkler system servicing the Leased Premises. At the expiration of the Term of this Lease, or upon prior termination, Tenant shall surrender the Leased Premises to Landlord in the same condition as received, normal wear and tear and damage by casualty and condemnation excepted.

5.      Further, Section 22 of the Leases provides in pertinent part:

---

[1] Comparable language appears in Section 10 of the Lease related to the Spokane, WA Property.

2

> It shall be the obligation of Tenant, at its sole cost and expense, to have required annual maintenance performed on the Fuel Tank (and provide Landlord evidence thereof) and keep the Fuel Tank in good state and condition of repair, free from leaks and in compliance in all materials respects with applicable Laws.

6. Additionally, the Leases provide that the Debtors are responsible for environmental remediation for the Properties. In particular, Section 21 of the Leases[2] provides in pertinent part:

> Except to the extent arising from Landlord's gross negligence or willful misconduct . . . Tenant shall indemnify, protect, defend and hold Landlord and Landlord's mortgagees from time to time harmless from all claims, demands, liabilities, damages, fines, encumbrances, liens, losses, costs and expenses, including reasonable attorney's fees and disbursements, and costs and expenses of investigations and remedial action, arising from or related to the existence of Hazardous Substances in or on the Leased Premises, or any adjacent or nearby properties or buildings, as a result of the acts or omissions of Tenant, its employees, agents, contractors, customers, visitors, invitees, or licensees, subtenants or those for whom in law the Tenant is responsible, and Tenant shall be responsible for any remediation of environmental contamination required by applicable orders, directives, laws, statues, ordinances, rules or regulations of local, state, provincial, federal or other governmental or quasigovernmental authorities with respect thereto arising prior to or during the Term of this Lease. The obligations contained in this Section 21 shall survive the expiration or earlier termination of this Lease.

7. Based upon recent inspections of the Properties by R+L, the Debtors failed to fulfill myriad maintenance and repair obligations that R+L estimates will cost in excess of $2,100,000.00 to remedy, including without limitation various necessary repairs to roofing, lighting, and loading docks. The estimated cost of repairing the Properties is as follows:[3]

| Lessor | Debtor | Property Address | Est. Repair Cost |
|---|---|---|---|
| RLR | USF Holland Inc. | Neenah, WI | $0.00 |
| RLR | YRC Inc. | Marietta, GA | $1,750,000.00 |
| RL Roberts | YRC Inc. | Montgomery, IL | $350,000.00 |
| RL Roberts | New Penn Motor Express, Inc. | Dunmore, PA | $0.00 |
| RLR | USF Reddaway Inc. | Spokane, WA | $0.00 |
|  |  | Total | $2,100,000.00 |

---

[2] Comparable language appears in Section 22 of the Lease related to the Spokane, WA Property.
[3] R+L reserves the right to assert additional repair costs associated with the Properties as its assessment and investigation continues.

8. Based upon recent Phase I inspections of the Properties by R+L, the Debtors caused or failed to prevent numerous environmental hazard issues on four of the five Properties that R+L estimates will cost in excess of $2,215,000.00 to remedy. R+L also determined that Phase II inspections of these Properties are also necessary. The estimated cost of remediating the Properties is as follows:[4]

| Lessor | Debtor | Property Address | Remediation Cost |
|---|---|---|---|
| RLR | USF Holland Inc. | Neenah, WI | $25,000.00 |
| RLR | YRC Inc. | Marietta, GA | $2,050,000.00 |
| RL Roberts | YRC Inc. | Montgomery, IL | $0.00 |
| RL Roberts | New Penn Motor Express, Inc. | Dunmore, PA | $100,000.00 |
| RLR | USF Reddaway Inc. | Spokane, WA | $45,000.00 |
| | | Total | $2,220,000.00 |

9. On October 26, 2023, the Debtors filed the Cure Notice identifying those executory contracts and unexpired leases that may be assumed by the Debtors and assigned to third-parties pursuant to Section 365 of the Bankruptcy Code and the amounts that the Debtors assert must be paid to cure any defaults under each of the Leases ("Cure Costs"). The Cure Notice lists Cure Costs with respect to the Leases as follows:

| Lessor | Debtor | Property Address | Proposed Cure Cost |
|---|---|---|---|
| RLR | USF Holland Inc. | Neenah, WI | $51,624.00 |
| RLR | YRC Inc. | Marietta, GA | $124,396.00 |
| RL Roberts | YRC Inc. | Montgomery, IL | $69,862.00 |
| RL Roberts | New Penn Motor Express, Inc. | Dunmore, PA | $37,827.00 |
| RLR | USF Reddaway Inc. | Spokane, WA | $28,642.00 |
| | | Total | $312,351.00 |

10. Based upon the above additional amounts due under the Leases, the total Cure Cost for the Properties are at least as follows:

| Lessor | Debtor | Property Address | Total Cure Cost |
|---|---|---|---|
| RLR | USF Holland Inc. | Neenah, WI | $81,305.93 |
| RLR | YRC Inc. | Marietta, GA | $3,935,867.30 |

---

[4] R+L reserves the right to assert additional remediation costs associated with the Properties as its assessment and investigation continues.

| RL Roberts | YRC Inc. | Montgomery, IL | $429,143.59 |
| RL Roberts | New Penn Motor Express, Inc. | Dunmore, PA | $141,031.84 |
| RLR | USF Reddaway Inc. | Spokane, WA | $76,262.20 |
| | | Total | $4,663,610.86 |

## OBJECTION

### I. The Debtors' proposed Cure Costs fail to cure all monetary defaults under the Leases.

11. The Leases cannot be assumed unless the Debtors cure all defaults under such Leases, including the Debtors' unperformed maintenance and environmental remediation obligations. Section 365(b)(1)(A) of the Bankruptcy Code requires that a debtor must either "cure" existing defaults under the agreement or provide "adequate assurance" that it will "promptly cure" existing defaults as a condition to the assumption of an executory contract or unexpired lease. *See* 11 U.S.C. § 365(b)(1)(A).

12. "Cure is a critical component of assumption." *In re Thane Int'l, Inc.*, 586 B.R. 540, 549 (Bankr. D. Del. 2018). "The language and intent behind § 365 is decisive . . . [and it] was clearly intended to insure that the contracting parties receive the full benefit of their bargain if they are forced to continue performance." *Id.* (citing *In re Superior Toy & Mfg. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996)). "If the trustee is to assume a contract or lease, the court will have to ensure that the trustee's performance under the contract or lease gives the other contracting party the full benefit of his bargain." *Id.* (citation omitted). "[T]he term 'full benefit of his bargain' refers to 'the full amount due' under the contract or lease in question, as opposed to liabilities solely for future performance." *Id.*

13. Here, the Cure Costs proposed by the Debtors understate the amounts necessary to cure all defaults under the Leases. Specifically, the Cure Costs fail to include any amounts due on account of the Debtors' unperformed maintenance and repair obligations, environmental liability

5

obligations, late fees, or accrued interest. The amount necessary to cure all known defaults under the Leases totals not less than $4,658,610.86. The Debtors may not assume and assign the Leases unless and until the full cure amounts owed under the Leases are paid.

**II.    The prevailing bidder for the Leases must provide R+L with adequate assurance of its future performance under the Leases.**

14.    R+L reserves all rights to file a supplemental objection upon the selection of the winning bidder for the Leases on the grounds that any assumption and assignment of the Leases must be conditioned on R+L receiving adequate assurance of future performance by the prevailing bidder.

15.    Section 365(f)(2)(B) of the Bankruptcy Code states that a debtor may assign an executory contract or unexpired lease only where adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease. 11 U.S.C. § 365(f)(2)(B). "The statutory requirement of 'adequate assurance of future performance by the assignee' affords 'needed protection to the non-debtor party because the assignment relieves the trustee and the bankruptcy estate from liability for breaches arising after the assignment.'" *In re Fleming Cos.*, 499 F.3d 300, 305 (3d Cir. 2007) (citing *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001)).

16.    The identity of the proposed assignee of the Leases will not be known until the conclusion of the auction of the Debtors' real property and leased assets. Accordingly, to date R+L has not been provided with any information regarding potential purchasers' adequate assurance of future performance under the Leases, particularly with respect to such potential purchasers' obligations to make the substantial repairs and remediation to the Properties discussed above. R+L therefore reserves all rights to assert a supplemental objection to the assumption and assignment

of the Leases unless and until it is provided with information sufficient to satisfy the requirements of adequate assurance in accordance with section 365(b) of the Bankruptcy Code.

### RESERVATION OF RIGHTS

Nothing in this Objection is intended to be, or should be construed as, a waiver by R+L of any of its rights under the Leases, the Bankruptcy Code, or applicable law. R+L expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend the Objection and to assert any additional objections; (b) raise any and all additional obligations under the Leases that may arise in the ordinary course of business; (c) assert any rights for indemnification or contribution arising under the Leases; and (d) assert any further objections as it deems necessary or appropriate, including, but not limited to, the right to assert the failure of any prevailing bidder to provide adequate assurance of future performance.

WHEREFORE, for the foregoing reasons, R+L respectfully requests that any order entered by this Court authorizing the assumption of the Leases be consistent with this Objection, require the payment of Cure Costs in the proper amount of not less than $4,658,610.86, and grant to R+L such other and further relief as the Court deems just and appropriate under the circumstances.

| | |
|---|---|
| Dated: November 9, 2023<br>Wilmington, Delaware | **CROSS & SIMON, LLC**<br><br>/s/ *Christopher P. Simon*<br>Christopher P. Simon (No. 3697)<br>1105 North Market Street, Suite 901<br>Wilmington, Delaware 19801<br>Telephone: (302) 777-4200<br>Facsimile: (302) 777-4224<br>csimon@crosslaw.com<br><br>-and- |

Sean A. Gordon (*pro hac vice* pending)
Austin B. Alexander (*pro hac vice* pending)
**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road NE, Suite 1600
Atlanta, Georgia 30326-4266
Telephone: (404) 541-2900
Facsimile: (404) 541-2905
Sean.Gordon@thompsonhine.com
Austin.Alexander@thompsonhine.com

*Attorneys for R.L.R. Investments, L.L.C. and R.L. Roberts, L.L.C.*