**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*, | Case No.23-11069 (CTG) |
| Debtor, | (Jointly Administered) |
| _____) | |

**OBJECTION AND RESERVATION OF RIGHTS OF FIFTY SECOND AVENUE ASSOCIATES, INC. TO THE NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS [D.E. 968]**

Creditor, Fifty Second Avenue Associates, Inc. ("Fifty Second Avenue"), by its undersigned counsel, hereby files this *Objection and Reservation of Rights of Fifty Second Avenue Associates, Inc. to the Notice of Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* ("Objection") in connection with the Debtor's *Notice of Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* [D.E. 968] ("Notice"). In support of this Objection, Fifty Second Avenue states:

**BACKGROUND**

1. On August 6, 2023 ("Petition Date"), the above-captioned Debtor ("Debtor") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Court").

    **A.    The Fifty Second Avenue Lease Agreement**

2. Fifty Second Avenue and the Debtor are parties to an original lease dated November 6, 2001, as amended by a on April 17, 2007, and then further amended on October 22, 2020 (collectively the "Fifty Second Avenue Lease Agreements" pursuant to which Fifty Second Avenue supplies goods and services to the Debtor.

1

3. On November 28, 2022, Fifty Second Avenue timely and properly filed a proof of claim for remaining amounts due and owing under the Fifty Second Avenue Agreement. Specifically, Fifty Second Avenue filed a claim, identified as Claim No. 54, asserting $7,865.00 as the aggregate amount remaining due and owing under the Agreement.

4. As of September 15, 2023, the Debtor owe Fifty Second Avenue an amount not less than $7,865.00 under the Fifty Second Avenue Agreements (the "Fifty Second Avenue Cure Amount"). Based on information and belief, the Fifty Second Avenue Cure Amount has been provided to the Debtor in the ordinary course of business between the Debtor and Fifty Second Avenue.

B.  **The Debtor's Sale Process**

5. On September 15, 2023, the Court entered its *Order (I) Approving Bidding Procedures, Authorizing the Debtor to Provide Bid Protections, and (III) Granting Related Relief* (Docket No. 968) (the "Bidding Procedures Order") which, among other things, authorized and approved procedures for the assumption and assignment certain executory contracts and leases, as part of a potential sale (or sales) of the Debtor's assets (the "Proposed Sale").

6. On October 26, 2023, the Debtor filed the Notices, which identify certain executory contracts and leases the Debtor propose to assume and assign as part of the Proposed Sale. The Notices identify $7,865.00 as the amount necessary to cure all monetary defaults owed to Fifty Second Avenue under the Fifty Second Avenue Agreement (and $7,865.00) as the amount necessary to cure all monetary defaults owed to Fifty Second Avenue under the Critical Vendor Agreement) in connection with the Proposed Sale.

7. As provided by the Notices, the deadline to file a Cure Objection or an Adequate Assurance Objection is November 9, 2023 at 4:00 p.m. Prevailing Eastern Time.

**OBJECTION**

8.      While Fifty Second Avenue does not generally oppose the assumption and assignment of the Fifty Second Avenue Agreement to a financially viable assignee, the Fifty Second Avenue objects to the assignment of the Fifty Second Avenue Agreement by the Debtor as currently proposed. The proposed assumption and assignment of the Fifty Second Avenue Agreement fails to strictly comply with the requirements of section 365 of the Bankruptcy Code and the terms and conditions of Fifty Second Avenue Agreement. The proposed assignment of the Fifty Second Avenue Agreement by the Debtor must be conditioned on, among other things: (i) the payment of all amounts due and owing under the Fifty Second Avenue Agreement through the effective date of the assignment of the Fifty Second Avenue Agreement; and (ii) the Debtor satisfying their burden under the Bankruptcy Code of demonstrating adequate assurance of future performance under the Fifty Second Avenue Agreement by the Prospective Bidder.

**I.      The Cure Amounts**

9.      The Debtor's proposed assignment of the Fifty Second Avenue Agreement must be conditioned on all defaults under the Fifty Second Avenue Agreement being cured by the Debtor as of the effective date of the assumption and assignment of the Fifty Second Avenue Agreement. As of September 15, 2023 the aggregate cure amount due and owing under the Fifty Second Avenue Agreement is in an amount not less than $7,865.00 (*i.e.*, the "Fifty Second Avenue Cure Amount"), although amounts due and owing under the Fifty Second Avenue Agreements continue to accrue from and after September 15, 2023.

10.     The Fifty Second Avenue Cure Amount represent known amounts that are currently due and owing to Fifty Second Avenue under the Agreement, exclusive of any sums which have become due or have been paid after September 15, 2023. The Fifty Second Avenue Cure Amounts

may increase prior to any actual date of assignment of the Fifty Second Avenue Agreement if the Debtor do not timely and properly pay all amounts that accrue after the date of this Objection (as required by the Bankruptcy Code), including attorneys' fees pursuant to the Fifty Second Avenue Agreement and other amounts that may come due pursuant to the terms of the Fifty Second Avenue Agreement and regardless of when those amounts accrued.

## II.     Real Property Taxes Due and Owing

The Debtor's proposed assignment of the Fifty Second Avenue Agreement must be conditioned on all defaults under the Fifty Second Avenue Agreement being cured by the Debtor as of the effective date of the assumption and assignment of the Fifty Second Avenue Agreement. Debtor failed to pay the 2023 Ad Valorem Taxes and Non-Ad Valorem Assessments in the amount of $12,860.94, which Fifty Second Avenue Associates Inc. paid in full on November 7, 2023.

## III.    Damages to the Property Not Remediated

11.     The Debtor's proposed assignment of the Fifty Second Avenue Agreement must be conditioned on all defaults under the Fifty Second Avenue Agreement being cured by the Debtor as of the effective date of the assumption and assignment of the Fifty Second Avenue Agreement. The Debtor is responsible for the upkeep of the property and there is damage to the property in the beyond that of normal wear and tear, that is owed by the Debtor.  The damages are subject to additional amounts due and owed by the Debtor.

12.     Accordingly, Fifty Second Avenue expressly reserves its right to amend or supplement this Objection and the Fifty Second Avenue Cure Amount from time to time and at any time, and requests that the Debtor remain liable for, among other things: (a) all post-petition charges under the Fifty Second Avenue Agreement; (b) all amounts accruing under the Fifty Second Avenue Agreement which may be unbilled as of September 15, 2023; (c) any regular or periodic adjustment of charges under the Fifty Second Avenue Agreement which were not due or

had not been determined as of the date of September 15, 2023; (d) any non-monetary defaults; and/or (e) other contractual obligations under the Fifty Second Avenue Agreement.

13. As part of the proposed assumption and assignment of the Fifty Second Avenue Agreement, the Debtor must assume and assign the Agreement in its entirety. This obligation requires the Debtor to assume and assign all terms, conditions, covenants, and obligations under the Fifty Second Avenue Agreement, whether monetary or non-monetary, for which the Debtor is responsible pursuant to the Fifty Second Avenue Agreement. Any order entered by this Court approving the assumption and assignment of the terms and conditions should provide for the same.

14. Consistent with the foregoing, Fifty Second Avenue respectfully requests that any order approving the assumption and assignment of the Fifty Second Avenue Agreement provide, among other things, that the Debtor or any proposed assignee of the Fifty Second Avenue Agreement, including the Prospective Bidder, pay to Fifty Second Avenue, on the effective date of the assignment, all amounts due and owing under the Fifty Second Avenue Agreement through the effective date of assignment of the Fifty Second Avenue Agreement (*i.e.*, the Fifty Second Avenue Cure Amount, as the same may increase). In addition, Fifty Second Avenue respectfully request that any order approving the assumption and assignment of the Fifty Second Avenue Agreement specifically provide that any proposed assignee of the Fifty Second Avenue Agreement, including the Prospective Bidder, will be responsible for paying the following charges when they become due, regardless of whether these obligations and charges accrue prior to or after the effective date of assumption and/or assignment of the Fifty Second Avenue Agreement:

a) all accruing but unbilled charges under the Fifty Second Avenue Agreement;
b) all regular or periodic adjustment of charges under the Fifty Second Avenue Agreement which were not due or had not been determined as of March 30, 2023; and
c) all other obligations under the Fifty Second Avenue Agreement.

Such provisions are supported by the statutory requirement that the Debtor cure all arrears and that the Debtor and/or the proposed assignee of the Fifty Second Avenue Agreement, including the Prospective Bidder, provide adequate assurance of future performance under the terms of the Fifty Second Avenue Agreement. *See* 11 U.S.C.§ 365(b)(1).

15. Pursuant to section 365(f)(2)(B) of the Bankruptcy Code, the Debtor may only assign the Fifty Second Avenue Agreement if Fifty Second Avenue receives adequate assurance of future performance under the Fifty Second Avenue Agreement. Additionally, the Bidding Procedures Order requires that counterparties to Contracts and Agreement be provided with "the Prospective Bidder's financial wherewithal and willingness to perform under the Proposed Assumed Contracts and any other Contracts or Agreement that may later be designated by the Prospective Bidder." Bidding Procedures Order, ¶ 30. The Debtor bear the burden of demonstrating the Prospective Bidder's ability to provide adequate assurance of future performance under the Agreement. *In re Uniq Shoes Corp.*, 316 B.R. 748, 751 (Bankr. S.D. Fla. 2004) (the debtor bears the burden of sufficiently demonstrating adequate assurance).

16. As of the filing of this Objection, the Debtor have not provided Fifty Second Avenue with information demonstrating the Prospective Bidder's ability to satisfy all obligations (monetary and non-monetary) under the Fifty Second Avenue Agreement, when required under the Fifty Second Avenue Agreement. Fifty Second Avenue should receive sufficient adequate assurance information for the Prospective Bidder prior to the Sale Hearing in order to properly evaluate the Prospective Bidder's ability to continue operating under the Fifty Second Avenue Agreement and comply with all terms thereof. Until Fifty Second Avenue Entities receive sufficient adequate assurance information for the Prospective Bidder, Fifty Second Avenue objects to the assumption and assignment of the Fifty Second Avenue Agreement to the Prospective

Bidder.

## RESERVATION OF RIGHTS

17.     Nothing in this Objection is intended to be, or should be construed as, a waiver by Fifty Second Avenue of any of its rights under the Fifty Second Avenue Agreement, the Bankruptcy Code, or applicable law. Fifty Second Avenue expressly reserves all such rights, including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to the Fifty Second Avenue Cure Amount and any proposed assignment of the Fifty Second Avenue Agreement on any and all grounds; (b) amend the Fifty Second Avenue Cure Amount; (c) assert any nonmonetary defaults under the Fifty Second Avenue Agreement; (d) object to any proposed assignee's adequate assurance of future performance; and (e) assert any further objections as it deems necessary or appropriate.

**WHEREFORE**, Creditor, Fifty Second Avenue Associates, Inc., respectfully requests that this Court enter an order: (a) sustaining this Objection; (b) affirmatively requiring the Debtor or the Prospective Bidder to pay all amounts owing to Fifty Second Avenue under the Fifty Second Avenue Agreement through the effective date of any assignment of the Fifty Second Avenue Agreement plus attorneys' fees; (c) affirmatively requiring the assignee to comply with each and every term, condition and obligation set forth in the Fifty Second Avenue Agreement; and (d) granting Fifty Second Avenue such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

**LORIUM PLLC**
*Counsel for Creditor, Fifty Second Avenue*
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561.361.1000
Facsimile: 561.672.7581
Email: jgrant@loriumlaw.com

By:   /s/ Joe M. Grant
　　　JOE M. GRANT
　　　Florida Bar No. 137758

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of November, 2023, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.