UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case Nos. 23-11069 (CTG), *et seq.*<br>(Jointly Administered) |

**ALOHA DWELL WISE, LLC, DWELL
WISE LP, AND DWELL BEST, LLC'S LIMITED
OBJECTION TO NOTICE OF POTENTIAL ASSUMPTION OR
ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS
OR LEASES ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS**
*(relates to Docket No. 968)*

Aloha Dwell Wise, LLC, Dwell Wise LP, and Dwell Best, LLC (collectively, "Landlord"), by their undersigned attorney, file this objection (the "Objection") to the Notice Of Potential Assumption Or Assumption And Assignment Of Certain Contracts Or Leases Associated With The Non-Rolling Stock Assets (the "Cure Notice") (Docket No. 968) and to the sale of assets pursuant to the Motion Of The Debtors For Entry Of An Order (i)(A) Approving Bidding Procedures For The  Sale Or Sales Of The Debtors' Assets; (B) Scheduling  An Auction And Approving The Form And Manner Of Notice Thereof; (C) Approving Assumption And Assignment Procedures, (D) Scheduling A Sale Hearing And Approving The Form And Manner Of Notice Thereof; (ii)(A) Approving The Sale Of The Debtors' Assets Free And Clear Of Liens, Claims,

Interests And Encumbrances And (B) Approving The Assumption And Assignment Of Executory Contracts And Unexpired Leases; And (iii) Granting Related Relief (Docket No. 22) filed by the above-captioned debtors and debtors in possession (collectively, "Debtors"). In support of its Objection, Landlord states as follows:

## BACKGROUND

1. On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Landlord is the landlord of certain real property located at 700 Waverly Road, Holland, MI 49423 and adjacent parking (collectively, the "Leased Premises") upon which one of the Debtors, USF Holland LLC (the "Debtor") is the tenant pursuant to that certain lease agreement dated September 22, 2014 (the "Lease Agreement"). Before the Petition Date, the Debtor operated office space on the Leased Premises and continues to enjoy quiet possession of the Leased Premises.

3. Pursuant to the Lease Agreement, the Debtor is required to make regular monthly payments of base rent as well as payments as they come due of additional rent which is defined in the Lease Agreement to include all

operating charges such as real estate taxes, utilities, insurance, maintenance, and other charges.

4. The Lease Agreement is an unexpired lease of non-residential real property as that term is used in 11 U.S.C. § 365.

5. On August 7, 2023, the Debtors filed the Sale Motion seeking, among other things, authority to sell substantially all of their assets free and clear of liens, claims, and other encumbrances. As part of that proposed sale, the Debtors also seek to assume and assign certain unexpired leases.

6. On September 15, 2023, the Court entered the Order (I)(A) Approving the Bidding Procedures For the Sale or Sales of the Debtors' Assets, (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief (Docket No. 575) (the "Bidding Procedures Order"), by which the Court approved procedures for the assumption or assumption and assignment of executory contracts and unexpired leases and granted related relief, including but not limited to the service of a notice of proposed cure amounts.

7.    On October 26, 2023, the Debtors filed and served the Cure Notice purporting to identify, among other things, certain unexpired leases that the Debtors may seek to assume and assign to the successful buyer as part of the proposed sale. Exhibit A of the Cure Notice lists an agreement with Landlord for which the proposed "Cure Amount" is $52,397.00.

### OBJECTION TO NOTICE OF CURE COSTS

8.    Provided that the requirements of the Bankruptcy Code are satisfied, Landlord does not object to, but rather supports, the assignment and assumption of the Lease Agreement and desires to work with the Debtors and any proposed assignee on such assignment. Landlord objects to the proposed cure amount, however, and instead asserts that the actual amount due should be $296,388.90 as of the October 26, 2023 effective date of the Cure Notice,[1] as calculated on **Exhibit A** hereto.

9.    Landlord understands that the Debtors intend for any buyer to rely upon the cure amounts listed in the Cure Notice, as may be modified by the Debtors or the Court. Landlord therefore notes that the actual cure amount stated above does not include: (i) defaults occurring after October 26, 2023, through and

---

[1] The Cure Notice does not state the date for which the Debtors propose the cure amount, so Landlord presumes that they intend the date the Notice was filed with the Court (*i.e.,* October 26, 2023). Landlord reserves the right to assess additional amounts due, including but not limited to defaults, arising after that date and condition assumption and assignment of the Lease upon payment of those amounts.

including the time of assumption and assignment,[2] (ii) additional rent amounts due for operating charges, real estate taxes, insurance, utilities, and other charges on account of periods before October 26, 2023 but that did not yet become payable as of October 26, 2023, and (iii) any payments made by the Debtors to Landlord after October 26, 2023 for amounts due on or before that date.

10. The Bankruptcy Code requires the Debtor to cure all defaults under an unexpired lease as of the date of assumption. Section 365(b)(1) of the Bankruptcy Code provides:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;
>
> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

---

[2] To illustrate, Exhibit A demonstrates certain known defaults that will have occurred by November 15, 2023 in the amount of $19,210.59.

11. The Debtors are also required to cure all nonmonetary and/or unliquidated obligations under the Lease Agreement including, without limitation, repair and maintenance and tax indemnification obligations under the Lease Agreement. *See* 11 U.S.C. § 365(b)(2); *In re Akron Thermal, L.P.*, No. 07-51884, 2008 WL 1886171, *17 (Bankr. N.D.Ohio Apr. 25, 2008; *In re Fleming Cos., Inc.*, No. 03-10945, 2004 WL 385517, *5 (Bankr. D.Del. Feb. 27, 2004).

12. In addition, Landlord is entitled to recover its attorneys' fees and costs incurred in the enforcement of the covenants and obligations of the Lease Agreement. *See In re Revco D.S., Inc.*, 109 B.R. 264, 273 (Bankr. N.D.Ohio 1989); *In re Senior Care Ctr., LLC*, 607 B.R. 580, 592 (Bankr. N.D.Tex. 2019). Landlord requires payment of these amounts as a condition of the assumption and assignment of the Lease Agreement, and to the extent additional amounts come due after the assumption and assignment of the Lease Agreement, Landlord objects to any request by the Debtors or any assignee to limit Landlord's recovery or deem a waiver of them by failure to identify them before they come due. Other than those already reflected on Exhibit A, these amounts came due after October 26, 2023 so they are not included in the actual amount due listed above, and Landlord estimates them at $3,500.00 at this time (assuming that this Objection is not opposed).

13. Moreover, section 365 requires the curing of "defaults" as a condition to assumption and assignment of an unexpired lease but does not refer to amounts owed under the lease that are not yet in default or that have not yet matured for payment ("Unliquidated Obligations"). The exhibit to the Cure Notice lists "Cure Amount" but does not define the scope of what is proposed to be cured. Landlord reserves the rights (i) to condition assumption and assignment of the Lease Agreement by curing all defaults that arose after October 26, 2023, (ii) to recover from the buyer or assignee all amounts that were not in default as of the closing date of the assignment even though they might have been due, and (iii) to recover the full amounts of all obligations that may come due after the assignment even if they may be amortized to include pre-assignment time periods (*e.g.,* property taxes that come due after the assignment but that might relate to periods that include pre-assignment time). Landlord also reserves the right to enforce any continuing non-monetary defaults against the buyer, even if the conditions around such defaults began prior to the assumption and assignment (*e.g.,* the obligation to keep climate control system in good repair).

14. Landlord objects to entry of any order approving a sale and assignment of the Lease Agreement that does not (a) require that the full amount of the cure cost under the Lease Agreement be paid at or prior to assumption and assignment, and (b) provide that any and all Unliquidated Obligations shall be

cured at or prior to assumption and assignment or survive the assumption and assignment, and that any assignee shall take the Lease Agreement subject to all of its respective terms and undertake to satisfy all monetary and non-monetary obligations under the Lease Agreement, regardless of whether such obligations could be argued to have existed, occurred, or accrued prior to the assumption and assignment of the Lease Agreement.

15. Landlord also notes that it is holding a security deposit in the amount of $350,000.00 in accordance with the Lease Agreement (the "Security Deposit"). Landlord does not consent to the proposed assumption and assignment of its lease that requires Landlord to refund any part of the Security Deposit to the Debtors unless and until the buyer or assignee conveys a Security Deposit in the same amount. Landlord reserves the right to require additional security from any buyer or assignee to the extent permitted under the Lease Agreement.

16. Finally, Landlord reserves the right to require that the Debtors provide information to establish any proposed purchaser's ability to perform under the Lease Agreement, and Landlord objects to the approval of any assignment thereof absent such information.

## **RESERVATION OF RIGHTS**

17. Nothing in this Objection is intended to be, or should be construed as, a waiver by Landlord of any of its rights under the Lease Agreement, the Bankruptcy Code, or applicable law. Landlord expressly reserves all such rights including, without limitation, the right to: (a) supplement and/or amend this Objection to assert any additional objections with respect to the Sale Motion, the Cure Notice, and/or any proposed assumption and assignment of the Lease Agreement; (b) amend the cure costs under the Lease Agreement; (c) assert any additional unliquidated obligations and/or nonmonetary defaults under the Lease Agreement; (d) object to the assumption and assignment of the Lease Agreement to any proposed purchaser with providing adequate assurance of future performance; (e) assert a claim for allowance of administrative expenses under § 503 of the Bankruptcy Code; and (f) demand immediate payment of all amounts due under, and full compliance with, the Lease Agreement to the extent required under § 365(d)(5).

WHEREFORE, Landlord respectfully requests that this Honorable Court:

(A) Condition the Debtors' request for assumption (including the assumption and assignment) of the Lease Agreement upon (i) payment of the correct cure cost, including attorneys' fees and expenses, on or before closing, (ii) curing all Unliquidated Obligations prior to closing, or providing for the survival

of such Unliquidated Obligations after the assumption and assignment, and (iii) the Debtors' providing of adequate assurance of future performance under the Lease Agreement by any proposed assignee thereof; and

    (B)    Grant Landlord such further relief as this Court deems just and proper.

| | |
|---|---|
| Dated:   November 9, 2023<br>              Wilmington, Delaware | Respectfully submitted,<br><br>HILLER LAW, LLC<br><br>**/s/ Adam Hiller**<br>Adam Hiller (DE No. 4105)<br>300 Delaware Avenue, Suite 210, #227<br>Wilmington, Delaware 19801<br>(302) 442-7677 telephone<br>ahiller@adamhillerlaw.com<br><br>*Attorney for Landlord* |