# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § § § | Chapter 11 |
| | | Case No. 23-11069 (CTG) |
| YELLOW CORPORATION, *et al.*,[1] | § § § § § § | Jointly Administered |
| Debtors. | § | RE: Docket No. 968 |

## OBJECTION AND RESERVATION OF RIGHTS OF
## FINLAYSON LOGISTICS ASSETS LLC

Finlayson Logistics Assets LLC ("Finlayson"), by its undersigned counsel, files its *Objection and Reservation of Rights* (the "Objection") to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* (the "Cure Notice") [Docket No. 968] filed by the Debtors, and in support thereof would respectfully show as follows:

## I.
## OBJECTION

1.  On or about May 21, 2009, NATMI Truck Terminals, LLC, predecessor-in-interest to Finlayson, entered into that certain Lease Agreement (the "Lease Agreement") with the Debtor YRC Inc. as tenant for the lease of certain premises constituting a motor freight terminal located in Maricopa County, Arizona as more particularly described on Exhibit "A" to the Lease (the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

"Premises"). The Lease Agreement and any amendments and modifications thereto are referred to collectively herein as the "Lease."

2. On or about August 6, 2023 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

3. On October 26, 2023, the Debtors filed the Cure Notice. In the Cure Notice, the Debtors list an incorrect cure amount for Finlayson of $80,230.00.

4. Finlayson objects to the cure amount set forth in the Cure Notice as not encompassing all cure obligations under the Lease. Currently, the Debtors are in monetary default to Finlayson in at least the amount of $91,639.35.

5. The amount necessary to cure monetary defaults under the Lease may increase prior to the actual assumption of the Lease if the Debtors do not pay all amounts that accrue prior to assumption of the Lease. Any assumption and assignment of the Lease must be conditioned upon full compliance with section 365 of the Bankruptcy Code, including, but not limited to, the payment to Finlayson of all amounts due and owing under the Lease through the effective date of the assumption of the Lease.

6. In addition, the Cure Notice also does not address amounts that are not currently due and payable but that may become due and payable post-assumption and assignment which relate back to the pre-assumption and assignment time period. There are additional amounts that have and may accrue under the Lease between now and a future date of assumption that must be

paid or reserved for by Bankruptcy Court order as part of any cure, assumption and/or assignment of the Lease.

7.      The Lease provides that the tenant shall indemnify and hold Finlayson harmless with respect to certain claims which may not become known until after the assumption of the Lease, examples of which may include claims for personal injuries or damage to the Premises by the tenant or its agents and environmental damage or cleanup.  Any assumption and assignment of the Lease must be pursuant to the terms of the Lease, including the assumption of all indemnification obligations, regardless of when they arose.

8.      Any order approving the sale and assumption and assignment of the Lease must provide that the proposed assignee is liable as part of the cure for the following pursuant to the terms of the Lease regardless of when the charges accrued: (i) pre-petition and post-petition rent and other charges due under the Lease, (ii) amounts due and owing under the Lease which may be unbilled as of the date of assumption, including, but not limited to, year-end adjustments for common area maintenance expenses, taxes and similar charges, (iii) any regular or periodic adjustments under the Lease which were not due or had not been determined as of the date of this Objection, (iv) any non-monetary defaults, (v) insurance and indemnification obligations under the Lease, and (vi) deferred maintenance.

9.      The Lease provides for the payment of attorneys' fees by tenant under certain circumstances.  Finlayson's attorneys' fees should be paid as part of any cure.

10.     To date no assignee for the Lease has been identified and no proof of adequate assurance has been provided to Finlayson.  Therefore, Finlayson is unable to determine whether any proposed assignee will comply with all requirements of section 365 of the Bankruptcy Code,

including with regard to providing adequate assurance of future performance, and reserves the right to object to any potential assignment.

## II.
## RESERVATION OF RIGHTS

11. Finlayson reserves the right to assert additional amounts, true-ups, year-end adjustments, and reconciliations that have not yet come due, but that may come due and have to be calculated.

12. Finlayson reserves the right to amend and/or supplement this Objection, including, without limitation, adding and supplementing objections to the Cure Notice, or amending and/or supplementing the cure amounts.

WHEREFORE, Finlayson respectfully requests that the Bankruptcy Court sustain its objections to the Cure Notice, require that the full amount asserted herein is paid contemporaneously with any assumption, require that any additional amounts asserted by Finlayson be paid prior to any assumption, and for such other and further relief to which Finlayson may show itself to be justly entitled at law or in equity.

4861-5485-4798v.1

| | |
|---|---|
| Dated: November 9, 2023<br>Wilmington, Delaware | **MONTGOMERY McCRACKEN WALKER &<br>RHOADS LLP**<br><br>*/s/ Gregory T. Donilon*<br>Gregory T. Donilon (No. 4244)<br>1105 North Market Street, 15th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 504-7800<br>Facsimile: (215) 731-3740<br>Email: gdonilon@mmwr.com<br><br>-and-<br><br>**MUNSCH HARDT KOPF & HARR, PC**<br>Deborah M. Perry, Esq. (*pro hac vice* motion to be filed)<br>Texas Bar No. 24002755<br>500 N. Akard Street, Suite 3800<br>Dallas, Texas 75201-6659<br>Telephone: (214) 855-7500<br>Facsimile: (214) 855-7584<br>E-mail: dperry@munsch.com<br><br>*ATTORNEYS FOR FINLAYSON LOGISTICS ASSETS LLC* |

4861-5485-4798v.1