IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>Jointly Administered<br><br>**Ref. Docket No. 968** |

**OBJECTION OF CONTINUITY OF OPERATION PLANNING, LLC TO DEBTORS' NOTICE OF POTENTIAL ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS**

Continuity of Operation Planning, LLC (dba Cavern Technologies), a subsidiary of LightEdge Solutions ("Objector" or "LightEdge"), by its undersigned counsel, files this objection (the "Objection") to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* (the "Cure Notice") [Docket No. 968] filed by the above-captioned debtors and debtors in possession (collectively, "Debtors"). In support of its Objection, Objector states as follows:

## BACKGROUND

1. On August 6 and 7, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, LightEdge and YRC International Investments, Inc. (the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

"Debtor") entered into that certain Master Data Services Agreement dated as of August 5, 2021 (the "Services Agreement"), pursuant to which LightEdge provided certain data services. Attached hereto as **Exhibit A**.

3.  Pursuant to the Services Agreement, the Debtor is required to make regular monthly payments of fees for all services at the times and in the amounts set forth in the applicable Statement of Work. Services Agreement par. 4.1. The Debtor is obligated to pay a late charge of one percent per month or the maximum rate permitted by applicable law whichever is less, on any unpaid amount for each calendar month. *Id.* The Objector is also entitled to any reasonable expenses incurred in collecting any amounts due pursuant to this service Agreement. *Id.*

5.  On August 7, 2023, the Debtors filed the Sale Motion seeking, among other things, authority to sell substantially all of their assets free and clear of liens, claims, and other encumbrances. As part of that proposed sale, the Debtors also seek to assume and assign certain executory contracts.

6.  On September 15, 2023, the Court entered the *Order (I)(A) Approving the Bidding Procedures For the Sale or Sales of the Debtors' Assets, (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 575] (the "Bidding Procedures Order"), by which the Court approved procedures for the assumption or assumption and assignment of executory contracts and granted related relief, including but not limited to the service of a notice of proposed cure amounts.

7. On October 26, 2023, the Debtors filed and served the Cure Notice purporting to identify, among other things, certain executory contracts that the Debtors may seek to assume and assign to the successful buyer as part of the proposed sale. Exhibit A of the Cure Notice lists an agreement with LightEdge for which the proposed "Cure Amount" is $0.

## OBJECTION TO NOTICE OF CURE COSTS

8. Provided that the requirements of the Bankruptcy Code are satisfied, LightEdge desires to work with the Debtor on any proposed assignee on such assignment. LightEdge objects to the proposed cure amount, however, and instead asserts that the actual amount due should be $52,486.17 as of the October 26, 2023 effective date of the Cure Notice, as calculated on **Exhibit B** hereto.

9. LightEdge understands that the Debtors intend for any buyer to rely upon the cure amounts listed in the Cure Notice, as may be modified by the Debtors or the Court. LightEdge therefore notes that the actual cure amount stated above does not include: (i) the Debtors' obligation to pay a late charge of one percent per month or the maximum rate permitted by applicable law whichever is less, on any unpaid amount for each calendar month; and (ii) reasonable expenses incurred in collecting any amounts due under the Services Agreement.

10. The Bankruptcy Code requires the Debtor to cure all defaults under an executory contract as of the date of assumption. Section 365(b)(1) of the Bankruptcy Code provides:

(b)(1)  If there has been a default in an executory contract . . . the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract . . . 11 U.S.C. § 365(b)(1).

12. In addition, LightEdge is entitled to recover its attorneys' fees and costs incurred in the enforcement of the covenants and obligations of the Services Agreement. *See In re Revco D.S., Inc.*, 109 B.R. 264, 273 (Bankr. N.D.Ohio 1989); *In re Senior Care Ctr., LLC*, 607 B.R. 580, 592 (Bankr. N.D.Tex. 2019). LightEdge requires payment of these amounts as a condition of the assumption and assignment of the Services Agreement, and to the extent additional amounts come due after the assumption and assignment of the Services Agreement, LightEdge objects to any request by the Debtors or any assignee to limit LightEdge's recovery or deem a waiver of them by failure to identify them before they come due.

13. LightEdge reserves the rights (i) to condition assumption and assignment of the Service Agreement by curing all defaults that arose after October 26, 2023, (ii) to recover from the buyer or assignee all amounts that were not in default as of the closing date of the assignment even though they might have been due, and (iii) to recover the full amounts of all obligations that may come due after the assignment. LightEdge also reserves the right to enforce any continuing non- monetary defaults against the buyer, even if the conditions around such defaults began prior to the assumption and assignment.

14. LightEdge objects to entry of any order approving a sale and assignment of the Services Agreement that does not (a) require that the full amount of the cure cost under the Services Agreement be paid at or prior to assumption and assignment, and (b) provide that any and all Unliquidated Obligations shall be cured at or prior to assumption and assignment or survive the assumption and assignment, and that any assignee shall take the Services Agreement subject to all of its respective terms and undertake to satisfy all monetary and non-monetary

obligations under the Services Agreement, regardless of whether such obligations could be argued to have existed, occurred, or accrued prior to the assumption and assignment of the Services Agreement.

16.     Finally, LightEdge reserves the right to require that the Debtors provide information to establish any proposed purchaser's ability to perform under the Services Agreement, and LightEdge objects to the approval of any assignment thereof absent such information.

## RESERVATION OF RIGHTS

17.     Nothing in this Objection is intended to be, or should be construed as, a waiver by LightEdge of any of its rights under the Services Agreement, the Bankruptcy Code, or applicable law. LightEdge expressly reserves all such rights including, without limitation, the right to: (a) supplement and/or amend this Objection to assert any additional objections with respect to the Sale Motion, the Cure Notice, and/or any proposed assumption and assignment of the Services Agreement; (b) amend the cure costs under the Services Agreement; (c) assert any additional unliquidated obligations and/or nonmonetary defaults under the Services Agreement; (d) object to the assumption and assignment of the Services Agreement to any proposed purchaser with providing adequate assurance of future performance; (e) assert a claim for allowance of administrative expenses under § 503 of the Bankruptcy Code; and (f) demand immediate payment of all amounts due under, and full compliance with, the Services Agreement to the extent required under § 365(d)(5).

WHEREFORE, LightEdge respectfully requests that this Honorable Court: (A) Condition the Debtors' request for assumption (including the assumption and assignment) of the Services Agreement upon (i) payment of the correct cure cost, including attorneys' fees and expenses, on

or before closing, (ii) curing all Unliquidated Obligations prior to closing, or providing for the survival of such Unliquidated Obligations after the assumption and assignment, and (iii) the Debtors' providing of adequate assurance of future performance under the Services Agreement by any proposed assignee thereof; and (B) grant LightEdge such further relief as this Court deems just and proper.

Dated: November 15, 2023　　　　　　　　**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Matthew P. Ward*
Matthew P. Ward (Del. Bar No. 4471)
Elazar A. Kosman (Del. Bar No. 7077)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com
Email: elazar.kosman@wbd-us.com

*Counsel to Continuity of Operation Planning, LLC (dba Cavern Technologies)*