# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, et al., | Case No. 23-11069(CTG) (Jointly Administered) |
| Debtors.[1] | **Hearing: December 12, 2023 at 10:00 a.m.** |
| | **Obj. Deadline: December 1, 2023 at 5:00 p.m.** |

## MOTION OF NATIONS FUND I, LLC FOR (I) RELIEF FROM THE AUTOMATIC STAY TO TERMINATE LEASE AND RECOVER TRAILERS; (II) ADEQUATE PROTECTION;  AND (III) ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Nations Fund I, LLC ("Nations Fund"), by and through its undersigned counsel, hereby moves for entry of an order: (i) granting it relief from the automatic stay pursuant to Section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001 and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 4001-1 and 9013-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), in order to allow Nations Fund to terminate its unexpired lease agreements with the debtor USF Holland, LLC ("USF Holland") and guaranteed by the debtor, Yellow Corporation ("Yellow") and recover 160 Stoughton trailers; (ii) providing for adequate protection; and (iii) providing for the allowance and payment of administrative expense claim.  In support of the Motion, and as reflected in the Declaration of Eric Grant[2], filed simultaneously herewith and attached hereto as **Exhibit A**, Nations Fund avers as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] References to the Declaration of Eric Grant will hereafter be referenced as "Grant Decl. at ¶___").

4

## JURISDICTION

1.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O).

3.      Venue it proper in this district pursuant to 28 U.S.C. §1409(a).

4.      The statutory predicates for the relief requested in this Motion are Sections 361, 362, 363, 365, 1106 and 1007 of the Bankruptcy Code, Bankruptcy Rules 4001 and 9013 and Local Rules 4001-1 and 9013-1.

## FACTUAL BACKGROUND

### A.  The Leases

5.      On or about March 16, 2012, Nations Fund and USF Holland entered into that certain Master Lease Agreement (the "Master Lease Agreement" together with the Schedules (defined below) and all other documents executed in connection with the transactions, the "Lease Documents"), pursuant to which Nations Fund agreed to lease certain equipment to USF Holland.  (Grant Decl. at ¶3).

6.      Also on March 16, 2012, Yellow Corporation f/k/a YRC Worldwide, Inc. executed that certain Master Lease Guaranty (the "Guaranty") in favor of Nations Fund pursuant to which it guaranteed all of the obligations of USF Holland under the Master Lease Agreement. (Grant Decl. at ¶5).

7.      Prior to the Petition Date and in accordance with the Master Lease Agreement, USF Holland executed and delivered in favor of Nations Fund, (a)  Equipment Schedule No. UHL-0007 to the Master Lease Agreement, dated January 31, 2018 for the leased equipment consisting of twenty (20) Stoughton 53' trailers together with Rider No.1, Rider No. 2 and Rider

5

No. 3 ("Schedule UHL-0007"); (b) Equipment Schedule No. UHL-0008 to the Master Lease

Agreement, dated January 31, 2018, for the leased equipment consisting of sixty (60) Stoughton

48' trailers together with Rider No.1, Rider No. 2 and Rider No. 3 ("Schedule UHL-0008");  (c)

Equipment Schedule No. UHL-0009 to the Master Lease Agreement, dated February 28, 2018,

for the leased equipment consisting of ten (10) Stoughton 53' trailers together with Rider No.1,

Rider No. 2 and Rider No. 3 ("Schedule UHL-0009"); and (d) Equipment Schedule No. UHL-

0010 to the Master Lease Agreement, dated February 28, 2018, for the leased equipment

consisting of seventy (70) Stoughton 48' trailers together with Rider No.1, Rider No. 2 and Rider

No. 3 ("Schedule UHL-0010"); (Schedule UHL-0007, Schedule UHL-0008, Schedule UHL-

0009 together with Schedule UHL-0010, collectively, the "Equipment Schedules"). (Grant Decl.

at ¶6).

      8.      On May 1, 2020, USF Holland and Nations Fund entered into separate

amendments with respect to each of the Equipment Schedules (the "Amendments").  (Grant

Decl. at ¶8).

      9.      On or about January 24, 2023, Nations Fund, USF Holland, and Yellow entered

into that certain Omnibus Amendment of Equipment Schedules and Rider No. 1 (the

"Amendment Agreement") pursuant to which the lease term was extended through February 1,

2024 and amending the monthly rent amount and stipulated loss values for each of the

Schedules. (Grant Decl. at ¶9).

      10.      On or about April 26, 2023, Nations Fund, USF Holland, and Yellow entered into

that certain Second Omnibus Amendment of Equipment Schedules and Rider No. 1 (the "Second

Amendment Agreement") pursuant to which the lease term was extended through February 1,

2025 and amending the monthly rent amount and stipulated loss values for each of the

Schedules. (Grant Decl. at ¶10).

11. Pursuant to § 10 of the Master Lease Agreement, USF Holland granted Nations Fund a first priority security interest in and lien upon all equipment leased to USF Holland notwithstanding the parties' agreement that each Schedule constitutes a "true lease." (Grant Decl. at ¶4).

12. Each of the trailers is titled in the name of Nations Fund. (Grant Decl. at ¶7).

**B. The Pre-Petition Defaults**

13. USF Holland defaulted on its obligations under the Master Lease Agreement by reason of, among other things, its failure to make payments when due. (Grant Decl. at ¶16).

14. Pursuant to the Second Amendment Agreement, the monthly rent for Schedule UHL-0007 is $7,994.56 per month due and payable on the first day of each month. (Grant Decl. at ¶11).

15. Pursuant to the Second Amendment Agreement, the monthly rent for Schedule UHL-0008 is $23,227.86 per month due and payable on the first day of each month. (Grant Decl. at ¶12).

16. Pursuant to the Second Amendment Agreement, the monthly rent for Schedule UHL-0009 is $4,010.78 per month due and payable on the first day of each month. (Grant Decl. at ¶13).

17. Pursuant to the Second Amendment Agreement, the monthly rent for Schedule UHL-0010 is $26,872.06 per month due and payable on the first day of each month. (Grant Decl. at ¶14).

18. The total monthly rent due and owing Nations Fund with respect to the Equipment Schedules is $62,105.26. (Grant Decl. at ¶15).

19.    USF Holland failed to make the monthly rent payments with respect to the

Equipment Schedules on August 1, 2023 as required by the Second Amended Agreement and

consequently, were in default as of that date.  (Grant Decl. at ¶16).

20.    In accordance with the Lease Documents, upon an Event of Default, Nations Fund

is entitled to, *inter alia*, take possession of the leased equipment.  (Grant Decl. at ¶18).

**C.    The Debtors' Bankruptcy Filing**

21.    On August 6, 2023 (the "Petition Date"), Yellow and twenty-three (23) of its

corporate affiliates, including USF Holland, filed for relief under Chapter 11 of Title 11 of the

United States Code (the "Bankruptcy Code").  These chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

1015(b).

22.    Debtors are managing their businesses and their properties as debtors-in-

possession pursuant to Section 1107(a) and 1108 of the Bankruptcy Code.  On August 16, 2023,

the United States Trustee for the District of Delaware appointed an Official Committee of

Unsecured Creditors.  No trustee or examiner has been appointed in these Chapter 11 cases.

23.    On August 7, 2023, the Debtors filed their Motion of the Debtors for Entry of an

Order  (I)(a) Approving the Bidding Procedures For the Sale or Sales of the Debtors' Assets, (B)

Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Scheduling

Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the

Sale of the Debtors' Assets Free and clear of Liens, Claims, Interests and Encumbrances and (B)

Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and

(III) Granting Related Relief (the "Bidding Procedures Motion") [ECF 22].  Pursuant to the

Bidding Procedures Motion, the Debtors sought an order, among other things, approving certain

bidding procedures in connection with the sale or sales of substantially all of the Debtors' assets,

and authorizing procedures to facilitate the assumption and assignment of certain executory contracts and unexpired leases of the Debtors (the "Assumption and Assignment Procedures").

24.    On September 15, 2023, the Bankruptcy Court entered that certain order (the "Bid Procedures Order") granting the Bidding Procedures Motion [ECF 575].

25.    On October 11, 2023, the Debtors filed the Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Rolling Stock (the "Rolling Stock Cure Notice") [ECF 819] which identifies on Schedule I each executory contract or unexpired lease that may be assumed by the Debtors and the proposed cure amount with respect to each executory contract or unexpired lease.

26.    The Debtors have included on Schedule I, the four (4) Equipment Schedules (i.e., leases) with Nations Fund covering all 160 Stoughton trailers.

27.    On October 12, 2023, the Debtors filed the Amended Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Rolling Stock (the "Amended Rolling Stock Cure Notice") [ECF 824] that similarly includes the four (4) leases between USF Holland and Nations Fund.

28.    Pursuant to the Amended Rolling Stock Cure Notice, the Debtors propose to cure their obligations under the Nations Fund leases by paying the rent due through October 1, 2023.

29.    On October 25, 2023, Nations Fund filed a limited objection to the Rolling Stock Cure Notice, as amended [ECF 945].

30.    To date, the Debtors have not moved to assume or reject the Equipment Schedules pursuant to Section 365 of the Bankruptcy Code.

31.    Nor have the Debtors made any lease payments to Nations Fund notwithstanding their obligations to commence making lease payments on October 6, 2023 pursuant to Section

9

365(d)(5).  As such, the Debtors now indisputably owe Nations Fund more than $120,000.00 in

unpaid post-petition rent for the months of October and November, 2023.

## RELIEF REQUESTED

32.     Pursuant to this Motion, Nations Fund seeks Court approval for: (i) relief from the

automatic stay for cause pursuant to Section 362(d) of the Bankruptcy Code in order to permit

Nations Fund to recover its 160 trailers pursuant to the Lease Documents; (ii) adequate

protection; and (iii) the allowance and payment of an administrative expense claim.  In addition,

Nations Fund seeks an order from the Court requiring the Debtors to: (a) confirm that the

Debtors have adequate insurance on the trailers[3]; (b) identify a representative of the Debtor to

coordinate with Nations Fund for the delivery of the trailers; and (c) provide confirmation that

the trailers remain located at the properties previously disclosed to Nations Fund.[4]

## RELIEF FROM STAY

33.     "When a debtor files for protection under Chapter 11 of the Bankruptcy Code,

section 362(a) provides an automatic stay of most actions against the debtor's property."  *In re

Indian Palms Associates, Ltd.*, 61 F.3d 197, 206 (3d Cir. 1995).

34.     "However, the automatic stay is not meant to be absolute, and in appropriate

instances, relief may be granted."  *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del.

2007), *citing Wedgewood Inv. Fund, Ltd. V. Wedgewood Realty Group, Ltd. (In re Wedgewood)*,

878 F.2d 693, 697 (3d Cir. 1989).

35.     Section 362(d)(1) of the Bankruptcy Code provides in pertinent part,

> On request of a party in interest and after notice and a hearing, the
> court shall grant relief from the stay provided under subsection (a)

---

[3] As part of their First Day Motions, the Debtors sought permission to maintain existing insurance coverage.  To the extent that Nations Fund's trailers are included among the existing policies, Nations Fund requests copies of the policies demonstrating that the trailers are properly insured and name Nations Fund as the loss payee.
[4] The Debtors previously provided Nations Fund with a list identifying the locations of 150 of the 160 trailers and indicated that they were trying to locate the remaining 10 trailers.

123964196-1

of this section, such as by terminating, annulling, modifying or conditioning such stay

(1) For cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) With respect to a stay of an act against property under subsection (a) of this section, if –

    (a) the debtor does not have any equity in such property; and

    (b) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1) and (2).

36.    "Section 362(d)(1) does not define 'cause,' leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case." *In re Heine*, 2022 WL 883938, at *2 (3d Cir. March 24, 2022). Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay. *See Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir.1997); *In re Laguna Assocs. Ltd.*, 30 F.3d 734, 737 (6th Cir.1994); and *American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 152 B.R. 420, 424 (D.Del.1993).

37.    In the case at bar, cause exists warranting relief from stay. The Debtors have ceased all operations as of the Petition Date and are in the process of liquidating their rolling stock and real property. Moreover, while the Debtors have included the Nations Fund leases on the list of leases that may *potentially* be assumed, there is no guarantee that the leases will ultimately be assumed, and it is just as likely that the Debtors will reject the Nations Fund leases pursuant to Section 365 of the Code.

38.    Additionally, despite their clear obligations to commence making rent payments "first arising from or after 60 days after the order for relief in a case under chapter 11 of this title

11

under an unexpired lease of personal property . . . until such lease is assumed or rejected" pursuant to Section 365(d)(5), the Debtors have not made any payments to Nations Fund since the Petition Date.  It is inequitable for the Debtors to retain Nations Fund's property while not adhering to the requirements under the Bankruptcy Code, and this is an additional basis to lift the stay.  "The failure to pay post-petition rent may also serve as grounds for lifting the automatic stay."  *In re Mad Lo Lo LLC*, 2009 WL 2902567, at *4 (Bankr. S.D.N.Y. May 28, 2009).

39.    Cause also exists insofar as there is no assurance that: (i) the 160 trailers are properly insured; (ii) the trailers are actually at the physical locations previously disclosed by the Debtors; and (iii) are not being subjected to damage or theft.   Moreover, the trailers will continue to depreciate over time.  As such, Nations Fund is entitled to stay relief.

40.    Relief from the automatic stay will permit Nations Fund to repossess its property and will eliminate the Debtors' continued obligation to make post-petition rent payments.

**ADEQUATE PROTECTION**

41.    Nations Fund's Master Lease Agreement and Equipment Schedules (as amended) did not expire prepetition.  The equipment covered by this agreement are trailers belonging to Nations Fund which are, upon information and belief, located throughout the country.

42.    Pursuant to Section 365 of the Bankruptcy Code, a debtor-in-possession is required to perform under any unexpired lease until such time as the debtor has assumed or rejected the lease.  *See* 11 U.S.C. § 365(d)(3), (5).

43.    Here, the Debtors are required to make all payments when due if they want the Master Lease Agreement to remain in effect.  *See generally, In re Elder-Beerman Stores Corp.*, 201 B.R. 759, 762-63 (Bankr. S.D. Ohio Sept. 4, 1996).

44.    To the extent the Court finds the automatic stay applicable but is unwilling to lift the stay to allow termination of the Master Lease Agreement and Equipment Schedules, Nations

12

Fund requests that this Court order that the Debtors provide the following adequate protection pursuant to Section 363(e) of the Bankruptcy Code:

> a. The Debtors shall pay Nations Fund the sum of $124,210.52 representing the amounts due as of November 13, 2023;
>
> b. Commencing December 1, 2023, the Debtors shall pay all monthly invoices when due pursuant to the terms of the Lease Documents;
>
> c. The Debtors shall provide Nations Fund with proof of insurance on the trailers identified in this motion naming Nations Fund as loss payee within five (5) days of the entry of the order granting this Motion; and
>
> d. On or before five (5) days from the entry of the order granting this Motion, and continuing each Friday thereafter, the Debtor shall provide Nations Fund with a list, by address, of the location of each of the Nations Fund trailers.

## ADMINISTRATIVE EXPENSE PRIORITY CLAIM

45.    Section 503(b)(1) of the Bankrupt Code provides that, after notice and a hearing, "there shall be allowed administrative expenses  . . .  including . . . the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after commencement of the case."  When a debtor continues to use leased personal property prior to rejection of the lease, the debtor is liable for the rental payments accruing during the period of use, and that obligation is treated as a Section 503 post-petition administrative expense.  *In re Trans World Airlines, Inc.*, 145 F.3d 124 (3d Cir. 1998).

46.    Subsequent to the enactment of the 1994 Amendments to the Bankruptcy Code, the required performance of the debtor under an unexpired lease of personal property is bifurcated into two periods of time.  During the initial 60 days of the case, the debtor is required to pay according to its actual use and occupancy of the personal property.  *See In re Russell Cave Co., Inc.*, 247 B.R. 656, 659 (Bankr. E.D. KY 2000); *see also In re Muma Servs., Inc.*, 279 B.R. 478, 490 (Bankr. D. Del. 2002)(Section 503(b) gives lessors the right to assert an administrative

claim). It is presumed that the appropriate rate for the debtors' use and occupancy is the contract rate. *See In re Braniff Airways, Inc.*, 783 F.2d 1283, 1286 (5th Cir. 1986).

47.     During the period following the initial sixty (60) days of the filing, the debtor's obligation to pay rent at the contract rate and all other amounts due and owing under the lease is absolute. *See In re Russell Cave Co., Inc.*, 247 B.R. at 659 and *In re Muma Servs., Inc.*, 279 B.R. at 490 ("[T]o the extent that obligations arise after the sixtieth day of this case and prior to rejection of the [lease], section 365(d)(5) requires that they be paid timely.").

48.     This obligation continues until the debtor terminates its obligations under the lease either by rejection or assumption and assignment. 11 U.S.C. §365(d)(5).

49.     Since the Debtors remain in possession of the trailers, they should be required to promptly pay all post-petition amounts due to Nations Fund, including but not limited to, late charges, taxes, and attorneys' fees. *See In re Muma Servs., Inc.*, 279 B.R. at 486-489.

50.     Moreover, to the extent that the Debtors are paying administrative expense claims, they cannot discriminate and not pay certain administrative claims. *See In re Dieckhaus Stationers of King of Prussia, Inc.*, 173 B.R. 969 (Bankr. E.D. Pa. 1987).

51.     No prior request for the relief sought in this Motion has been made to this or any other court.

52.     Nothing herein shall be deemed a waiver of, or otherwise prejudice, any of Nations Fund's rights.

WHEREFORE, Nations Fund I, LLC respectfully requests that this Court enter an Order granting it relief from the automatic stay and granting such other and further relief as this Court deems necessary and just.

14

123964196-1

Dated: November 16, 2023                    DILWORTH PAXSON LLP

                                            By: /s/ Martin J. Weis
                                            Martin J. Weis (No. 4333)
                                            Dilworth Paxson, LLP
                                            704 N. King Street, Suite 500
                                            PO Box 1031
                                            Wilmington, DE 19899-1031
                                            Tel: 302-571-9800
                                            Email: mweis@dilworthlaw.com

                                            -and-

                                            Kristin B. Mayhew, Esq. (admitted *pro hac vice*)
                                            Pullman & Comley, LLC
                                            850 Main Street
                                            Bridgeport, CT 06601-7006
                                            Tel: (203) 330-2198
                                            Email: kmayhew@pullcom.com


                                            *Attorneys for Nations Fund I, LLC*