IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | (Chapter 11) |
| | § | |
| YELLOW CORPORATION, *et al.*, | § | Case No. 23-11069 (CTG) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |
| | § | Re: Docket No. 968 |

**OBJECTION AND RESERVATION OF RIGHTS TO
THE DEBTORS' NOTICE OF POTENTIAL ASSUMPTION
OR ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS
OR LEASES ASSOCIATED WITH THE NON-ROLLING STOCK ASSETS**

The landlords identified in **Exhibit A** hereto (collectively, the "***Landlords***") file this objection and reservation of rights (the "***Objection***") to the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* [Docket No. 968] (the "***Assumption Notice***") on the grounds that the proposed cure amounts set forth on the Assumption Notice fail to cure all pre- and post-petition amounts owed to the Landlords.  In support of the Objection, the Landlords respectfully state as follows:

**BACKGROUND**

1.      On August 6, 2023 (the "***Petition Date***"), the Debtors commenced the above-captioned jointly administered voluntary cases (the "***Chapter 11 Cases***") under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***").  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11/com/YellowCorporation.  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 511500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

2.   Prior to the Petition Date, and as more fully set forth on **Exhibit A** hereto, the Landlords and certain of the Debtors entered into certain real property leases (each, a "*Lease*" and collectively, the "*Leases*").

3.   On October 26, 2023, the Debtors filed the Assumption Notice identifying (i) those executory contracts and unexpired leases that they may seek to be assumed by the Debtors and assigned to third parties in connection with a proposed sale of the Debtors' Non-Rolling Stock Assets and (ii) the amounts that the Debtors assert must be paid to cure any defaults under each of the Leases (the "*Proposed Cure Costs*"). A breakdown of the Proposed Cure Costs by Lease is set forth on **Exhibit A** hereto.

4.   The Debtors included in the Assumption Notice, among other Leases, the Lease for the property located at 3934 Thurman Road, Conley, Georgia (the "*Conley, GA Lease*"), which is set to expire by its own terms on November 30, 2023.

5.   The Debtors extended the Landlords' deadline to object to the Assumption Notice through November 16, 2023.

6.   As of the date of this Objection, the Debtors are in default under the respective Leases due to their failure to satisfy certain pre- and post-petition obligations, including, among other things, payments for monthly rent, late fees and interest, operating expenses, maintenance, repair and replacement obligations (such maintenance, repair and replacement obligations, the "*Deferred Maintenance*"), legal compliance obligations, environmental compliance obligations, and reimbursements or other fee obligations, as applicable. In addition, as a result of the Debtors' defaults under the Leases, the Landlords have incurred reimbursable professionals' fees in an aggregate amount of at least $99,253.35 as of the date of filing this Objection, the allocation of which is in process. The Landlords continue to accrue professionals fees and therefore reserve

their right to supplement this objection with the current and additional amount of their accrued professionals fees.

## OBJECTION

7.  The Proposed Cure Costs identified by the Debtors on the Assumption Notice are insufficient to cure all payment defaults under the Leases. The Landlords hereby object to the Assumption Notice and the Proposed Cure Costs set forth therein and assert the amounts necessary to cure all payment defaults under each of the Leases is equal to at least the amounts identified in the column labeled "Minimum Actual Cure Costs" set forth on **Exhibit A** hereto (such amounts, the "*Minimum Actual Cure Costs*"). An itemized breakdown of the Minimum Actual Cure Costs is set forth in **Exhibit B** hereto.

8.  Moreover, to the extent the Debtors seek to assume the Conley, GA Lease, the Landlord thereto requests that the Debtors comply with the obligations of the Conley, GA Lease upon expiration of the term thereunder, including, among other things, with respect to tenant maintenance and repairs and surrender of the premises in good repair, in each case in accordance with the terms of the Conley, GA Lease.

9.  Section 365(b)(1) of the Bankruptcy Code provides that if a debtor is in default under an executory contract or unexpired lease, the debtor may not assume it unless the debtor, *inter alia*, (i) "cures, or provides adequate assurance that the [debtor] will promptly cure" defaults under the executory agreement, (ii) "compensates or provides adequate assurance that the [debtor] will promptly compensate" a counterparty to the executory contract "for any pecuniary loss to such party resulting from such default," and (iii) "provides adequate assurance of future performance under such contract or lease." 11 U.S.C.§ 365(b)(1); *see also In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 298 (3d Cir. 2000) ("Because executory contracts and unexpired leases involve a

continuing relationship between the debtor and other parties, section 365 gives special treatment to rights and liabilities flowing from these contracts and leases. If there has been a default in an executory contract or unexpired lease, the trustee may not assume it until the trustee: (1) cures or provides adequate assurance that it will promptly cure the default; (2) compensates or provides adequate assurance of prompt future compensation for actual pecuniary loss resulting from the default; and (3) provides adequate assurance of future performance under the contract or lease.") (internal quotations omitted); *In re Superior Toy Mfg. Co., Inc.*, 78 F.3d 1169, 1174 (7th Cir. 1996) ("The language of § 365(b)(1) is unequivocal. A party to an executory contract must be paid all amounts due him under the contract before the contract may be assumed."); *see also In re DBSI, Inc.*, 405 B.R. 698,705 (Bankr. D. Del. 2009) ("Under § 365(b)(1)(B), a non-debtor party to a lease is entitled to any element of actual pecuniary loss resulting from the debtor's default that it is able to prove, that is authorized by the parties' agreement, and that is reasonable.").

10. Here, the Proposed Cure Costs are insufficient and understate the amounts necessary to cure all payment defaults under each Lease. The Proposed Cure Costs fail to include any amounts whatsoever due on account of reimbursable professionals fees, late fees and interest, operating expenses, Deferred Maintenance, legal compliance obligations, environmental compliance obligations, and reimbursements or other fee obligations, as applicable. The Minimum Actual Cure Costs necessary to cure all known defaults under each Lease is no less than the amounts set forth on **Exhibit A**. The Debtors may not assume and assign the Leases unless and until the Minimum Actual Cure Costs owed under each Lease is paid. The Landlords are willing to work with the Debtors to reach a resolution as to the amounts necessary to cure the defaults under the Leases.

11.     Further, in connection with any assignment of the Leases, the Debtors are required to provide adequate assurance of future performance of the Leases pursuant to section 365(f)(2)(B) of the Bankruptcy Code, which provides that a debtor may assign an executory contract or unexpired leases only where adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease. 11 U.S.C. § 365(f)(2)(B); *see also In re Fleming Cos.*, 499 F.3d 300, 305 (3d Cir. 2007) ("The statutory requirement of 'adequate assurance of future performance by the assignee' affords 'need protection to the non-debtor party because the assignment relieves the trustee and the bankruptcy estate from liability for breaches arising after the assignment.'") (citing *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001)).

12.     To date, no assignee of the Leases has been identified and no proof of adequate assurance has been provided. In fact, the identity of any such assignee will not be known until the conclusion of the auction (if any) of the Debtors' Non-Rolling Stock Assets. Therefore, the Landlords reserve all rights to supplement this Objection and to object to any potential assignment based on failure to provide adequate assurance in accordance with section 365 of the Bankruptcy Code.

13.     Finally, Section 365(b) of the Bankruptcy Code requires any assumption or assumption and assignment to remain subject to all provisions of the Leases, including those provisions regarding operating expenses, Deferred Maintenance, legal compliance obligations, environmental compliance obligations, and reimbursements or other fee obligations, as applicable. Landlords currently have no reason to believe that the assignee of the Leases intends to use the premises other than as they presently have been used or that it will not perform the obligations under the Leases as and when they come due. Nonetheless, to the extent that any assignee does

not intend to comply with use or other provisions of the Leases, Landlords reserve their rights to object to any such issues at any hearing on the assumption or assumption and assignment of the Leases.

14. Furthermore, any order approving assumption or assumption and assignment of the Leases, must preserve Landlords' ability to collect all obligations to satisfy unbilled taxes, reconciliations, percentage rent, or other year-end adjustments or unbilled charges, including operating expenses, Deferred Maintenance, legal compliance obligations, environmental compliance obligations, and reimbursements or other fee obligations, as applicable, that have accrued under the Leases prior to the assumption of the Leases and not yet due, or are accruing, but which have not yet been billed.  Debtors and/or any assignee continue to be responsible for <u>all</u> unbilled charges and obligations as they come due under the Leases and, therefore, must continue to satisfy all charges due under the Leases, including charges which have not yet been billed, reconciled and/or adjusted from pre-petition (or even post-petition) periods.  Any assumption of the Leases cannot cut off Landlords' rights to recover unbilled charges that have accrued, or are accruing, under the Leases.  This is impermissible in the context of the assumption of the Leases, and the Landlords request that any final assumption (or assumption and assignment) order ensure that their right to payment of these charges is preserved.

15. Moreover, to the extent the Leases require the Debtors to indemnify, defend and hold the Landlords harmless with respect to any claims that have accrued prior to the assignment and assumption of the Leases, which may not become known until after the assumption and assignment of the Leases, examples of which may include such claims as personal injuries at the premises and damage to the premises by the Debtors or their agents, and any final order must provide that the assumption is pursuant to the terms of the Leases, including that the assignee

continues to be responsible for all such indemnification, defense and hold harmless obligations, regardless of when they arose. In the alternative, the Debtors must establish (by insurance or otherwise) that they can satisfy the indemnification, defense and hold harmless obligations under the applicable Leases for any such claims that relate to the period prior to any assumption and assignment of the Leases. These charges and obligations must survive the assumption and assignment of the Leases, and any order should be clear that the Debtors (or any assignee) will inherit and assume the responsibility for all unbilled charges that may come due under the Leases, as well as the indemnity, defense and hold harmless obligations existing under the Leases, as applicable.

## **RESERVATION OF RIGHTS**

16. The Landlords reserve all rights to amend, supplement, and/or otherwise modify this Objection and the Minimum Actual Cure Costs, and to raise other and further objections to the assumption and assignment or cure costs, including the Proposed Cure Costs, with respect to the Leases.

17. Filing this Objection is not and shall not be deemed or construed as a waiver by the Landlords of any rights under their respective Leases, the Bankruptcy Code, or applicable law. The Landlords reserve all such rights, including, without limitation, the right to amend, supplement, and/or otherwise modify this Objection and the Minimum Actual Cure Costs, and to raise other and further objections to the assumption and assignment or cure costs, including the Proposed Cure Costs, with respect to the Leases.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**CONCLUSION**

18. The Landlords respectfully request that the Court (i) deny the assumption and assignment of the Leases pursuant to the Assumption Notice to the extent that (A) the Debtors fail to pay the Minimum Actual Cure Costs in full and (B) adequate assurance of future performance of any successful bidder is not provided, and (ii) grant such other and further relief as the Court deems just and equitable.

Dated:   November 16, 2023
             Wilmington, Delaware

/s/  *Leslie C. Heilman*
Leslie C. Heilman (DE 4716)
Laurel D. Roglen (DE 5759)
Nicholas J. Brannick (DE 5721)
Margaret Vesper (DE 6995)
**BALLARD SPAHR LLP**
919 North Market Street, 11th Floor
Wilmington, DE 19801-3034
Tel:  (302) 252-4465
Fax:  (302) 252-4466
Email:  heilmanl@ballardspahr.com
            roglenl@ballardpshar.com
            brannickn@ballardspahr.com
            vesperm@ballardspahr.com

- and -

**VINSON & ELKINS LLP**
Bradley R. Foxman (*pro hac vice* pending)
Sara E. Zoglman (pro *hac vice* pending)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel:  214.220.7700
Fax: 214.220.7716
Email:  bfoxman@velaw.com
            szoglman@velaw.com

*Counsel to the Landlords*