IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>YELLOW CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case Nos. 23-11069 (CTG), *et seq.*<br>(jointly administered)<br><br>Re: Docket No(s). |

### ORDER GRANTING PAUL EDWARD FOWLER'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PURSUE NON-BANKRUPTCY LITIGATION

UPON CONSIDERATION of the Motion for Relief From The Automatic Stay (the "Motion") filed by Paul Edward Fowler ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157; (B) this is a core proceeding pursuant to 28 U.S.C. § 157; (C) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant the relief requested in the Motion; it is hereby ORDERED as follows:

1.  The Motion is GRANTED, as set forth herein. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion.

2.  The automatic stay set forth in 11 U.S.C. § 362(a) is hereby lifted and modified to permit Movant to prosecute the claims arising from a certain accident

between with a vehicle owned and/or operated by one or more of the Debtors on the southbound side of I-285 at its intersection with Mile Marker 11 in the State of Georgia (the "Accident"), including but not limited to the claims, in his complaint (the "Complaint"), as may be amended from time to time, pending before the State Court of Fulton County, Georgia (the "State Court"), in the case styled as *Paul Edward Fowler v. Johnnie Henderson et al.,* Case No. 22EV006644 (the "State Court Case"), including any appeals; provided that he shall enforce such claims only against third-party non-debtors, including but not limited to the Debtors' applicable insurance carriers. Without limiting the foregoing, any insurance carrier is authorized to pay any judgment, award or settlement from the Debtors' applicable insurance policies and any proceeds thereof. Except as otherwise set forth herein, the automatic stay pursuant to § 362 of the Bankruptcy Code shall otherwise remain in full effect.

3. Nothing in this order shall limit or affect Movant's right to file one or more proofs of claim evidencing the claims set forth in the State Court Complaint and to receive any distribution available to similarly situated creditors in these Chapter 11 cases.

4. Movant represents and warrants that Movant has not sold, assigned, pledged, or otherwise transferred any claims that they might have against the Debtors and their estates.

-3-

5. No stay of this Order shall be in effect, including but not limited to any stay contemplated under Fed.R.Bankr.P. 4001(a)(3).

6. The Court retains jurisdiction to interpret and enforce the terms of this order.