IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: December 12, 2023 at 10 a.m. (ET)**<br>**Objection Deadline: December 4, 2023 at 4 p.m. (ET)** |

**MOTION OF DELORES JONES**
**FOR RELIEF FROM THE AUTOMATIC STAY**
**PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE**

Delores Jones ("Ms. Jones" or "Movant") by and through his undersigned counsel, hereby moves this Court (the "Motion"), pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order lifting the automatic stay imposed by Section 362(a) of the Bankruptcy Code in order to permit Ms. Jones to prosecute a personal injury lawsuit against debtor YRC, Inc. (together with the above-captioned co-debtors, the "Debtors"), and to proceed to collect any award against the Debtors and/or the Debtors' applicable insurance policies. In support of this Motion, Ms. Jones respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §1408 and 1409.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Bankruptcy Rule 4001.

1

## FACTS

4. On August 6, 2023, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' cases are being jointly administered.

5. Prior to the Petition Date, on or about January 20, 2022, Ms. Jones was involved in an automobile accident caused by Ernesto Alcala ("Mr. Alcala"). Ms. Jones was injured as a result of this accident. At the time of this accident, Mr. Alcala was an employee of debtor YRC, Inc. and was operating a vehicle owed by debtor YRC, Inc. within the scope of his employment with YRC, Inc.

6. As a result of the injuries sustained by Ms. Jones and the Debtors' negligence, on September 13, 2022, Ms. Jones commenced a lawsuit in the Circuit Court of Cook County, Illinois, County Department against debtor YRC, Inc. and Mr. Alcala (the "State Court Action").

7. The filing, prosecution and liquidation of Ms. Jones' claims in the State Court Action have been delayed as a consequence of the Debtors' chapter 11 filings and the automatic stay provisions set forth in 11 U.S.C. §362(a).

8. Upon information and belief, the Debtors are covered by insurance policies applicable to Ms. Jones claims. Indeed, according to the *Motion of Debtors for Entry of Interim and Final Orders (I)Authorizing the Debtors to (A) Maintain Insurance Coverage Entered Into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, (II) Approving Continuation of the Surety Bond Program, and (III) Granting Related Relief* (the "Insurance Motion") [D.I. 6] the Debtors represent they maintain current automobile and general liability insurance coverage with Old Republic Insurance Company.

## RELIEF REQUESTED

9. Through this Motion, Ms. Jones seeks the entry of an order pursuant to § 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay so that she may prosecute her claims to judgment in the State Court Action and satisfy any award or other resolution he may obtain against the Debtors, the Debtors' applicable insurance policies and any other responsible individual or entity.

## BASIS FOR RELIEF REQUESTED

10. Ms. Jones is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

11. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay….

11 U.S.C. §362(d)(1).

12. The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted). "Cause is a flexible concept and courts often…examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.,* 395 B.R. 852, 856 (Bankr. D. Del. 2007).

13. At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtors' equity in property. *See In re Domestic Fuel Corp.,* 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987); 11 U.S.C. §362(g). If a creditor seeking relief from the automatic say makes a *prima facie* case of "cause" for

lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In re 234-6 West 22nd Street Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

14. Courts often follow the logic of the intent behind §362(d) which is that it is most often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d)) (internal citations omitted).

15. Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

(1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;

(2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and

(3) The creditor's probability of success on the merits.

*See In re Tribune Co.,* 418 B.R. at 126.

16. Here, the facts weigh in Ms. Jones favor on each of these three prongs. First, the Debtors will not suffer prejudice should the stay be lifted because Mr. Jones' claims must eventually be liquidated before he can recover from the bankruptcy estate. Further, because her claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. 11 U.S.C. §157(b)(5) ("personal injury tort…claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose…"). Furthermore, Ms. Jones has demanded and is entitled to a jury trial in the State Court Action and a jury trial is not available in this Court.

17. To the extent the Debtors' liability in this matter is covered by insurance, any recovery by Ms. Jones will not greatly impact the Debtors' estates. *See In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds,* 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy. "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth,* 993 F.2d 51, 55-56 (5th Cir. 1993).

18. Second, Ms. Jones will face substantial hardship if the stay is not lifted. She has suffered injuries and has incurred medical expenses as a result of the Debtors' negligence. She will be prejudiced by the continued delay resulting from the automatic stay due to the possibility of witnesses moving to unknown locations, witnesses who may pass away and the memory of events becoming less clear. Further, Ms. Joes resides in State of Illinois and the events which form the basis of her claims occurred exclusively in Illinois. If Ms. Jones is forced to litigate her claims in Delaware, she would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to conserve economic judicial resources." *In re Peterson,* 116 B.R. 247, 250 (D. Colo. 1990). Here, judicial economy would be served by lifting the automatic stay and allowing Ms. Jones' claims to be liquidated in the forum where they are presently postured to be adjudicated quickly.

19.     The Debtors will not suffer any hardship if Ms. Jones' claims in the State Court Action are allowed to proceed. Her claims are personal injury claims which do not present any factual or legal issues which will impact or distract the Debtors from their liquidation process.

20.     Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re Continental Airlines, Inc.,* 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs in Ms. Jones favor. The facts regarding the Debtors' negligence set forth in the State Court Action speak for themselves. No defenses, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where…the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority,* 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

21.     When weighing the above factors, the Court should lift the automatic stay to permit Ms. Jones to prosecute her claims against the Debtors and any other responsible individual or entity to judgment in the State Court Action and satisfy any award or other resolution they may obtain against the Debtors, the Debtors' applicable insurance policies and any other individuals or entities that are responsible for the injuries sustained.

{*Signature Page to Follow*}

WHEREFORE, Ms. Jones respectfully requests that the Court enter an Order lifting the automatic stay, substantially in the form attached hereto, and for such further additional relief as may be just and proper under the circumstances.

Dated: November 20, 2023

/s/ Michael J. Joyce
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street
Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*Counsel to Delores Jones*