IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline: December 11, 2023 at 4:00 p.m.
Hearing Date: Scheduled only if Necessary

# FIRST MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM AUGUST 6, 2023 THROUGH AUGUST 31, 2023

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of August 6, 2023 by order signed September 19, 2023 |
| Period for which Compensation and Reimbursement is Sought: | August 6, 2023 through August 31, 2023[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $248,845.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 59,133.50 |

This is a:    ☐ monthly    ☒ interim    ☐ final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | | | | | |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,745.00 | 63.70 | $111,156.50 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar 2002-2014; 2017-Present | $1,125.00 | 3.80 | $ 4,275.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $1,025.00 | 107.80 | $110,495.00 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 725.00 | 18.00 | $ 13,050.00 |
| Karina K. Yee | Paralegal | $ 545.00 | 1.20 | $ 654.00 |
| Patricia E. Cuniff | Paralegal | $ 545.00 | 8.40 | $ 4,578.00 |
| Ian Densmore | Paralegal | $ 545.00 | 0.10 | $ 54.50 |
| Cheryl A. Knotts | Paralegal | $ 495.00 | 0.50 | $ 247.50 |
| Andrea R. Paul | Case Management Assistant | $ 425.00 | 8.20 | $ 3,485.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 425.00 | 2.00 | $ 850.00 |

**Grand Total:** $248,845.50
**Total Hours:** 213.70
**Blended Rate:** $1,164.46

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 12.70 | $ 16,755.50 |
| Bankruptcy Litigation | 117.60 | $138,273.00 |
| Case Administration | 9.70 | $ 4,740.50 |
| Claims Administration and Objections | 16.00 | $ 24,066.00 |
| Employee Benefit/Pension and KEIP/KERP | 4.20 | $ 6,945.00 |
| Contract and Lease Matters | 2.00 | $ 1,960.00 |
| Financial Filings | 8.60 | $ 9,943.00 |
| Financing/Cash Collateral/Cash Management | 22.40 | $ 26,386.00 |
| Insurance Coverage | 0.20 | $ 109.00 |
| Meeting of and Communication with Creditors | 1.90 | $ 1,917.50 |
| Operations | 1.20 | $ 1,134.00 |
| PSZJ Retention | 9.20 | $ 8,446.00 |
| Other Professional Retention | 8.00 | $ 8,170.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Bloomberg | | $ 40.00 |
| Delivery/Courier Service | Advita | $ 761.25 |
| Court Fees | USBC; USDC | $55,995.00 |
| Lexis/Nexis – Legal Research | | $ 154.46 |
| Pacer - Court Research | | $ 37.96 |
| Reproduction Expense | | $ 1,325.58 |
| Transcript | Reliable Companies | $ 819.25 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Objection Deadline:  November 30, 2023 at 4:00 p.m.
Hearing Date:  Scheduled only if Necessary

**FIRST MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL
FOR THE DEBTORS AND DEBTORS IN POSSESSION,
FOR THE PERIOD FROM AUGUST 6, 2023 THROUGH AUGUST 31, 2023**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief," signed on or about September 13, 2023 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), co-counsel for the debtors and debtors in possession ("Debtors"), hereby submits its First Monthly Application for Compensation and for Reimbursement of Expenses for the Period from August 6, 2023 through August 31, 2023 (the "Application").

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

DE:4880-1917-4799.2 96859.001

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $248,845.50 and actual and necessary expenses in the amount of $59,133.50 for a total allowance of $307,979.00 and payment of $199,076.40 (80% of the allowed fees) and reimbursement of $59,133.50 (100% of the allowed expenses) for a total payment of $258,209.90 for the period August 6, 2023 through August 31, 2023 (the "Interim Period").  In support of this Application, PSZ&J respectfully represents as follows:

## Background

1. On August 6, 2023, the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about September 13, 2023, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein.  The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.

Beginning with the period ending on October 31, 2023 and at three-month intervals thereafter, each of the Professionals may file and serve an interim fee application for compensation and reimbursement of expenses sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of PSZ&J, as co-counsel for the Debtors, was approved effective as of August 6, 2023 by this Court's "Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Effective as of the Petition Date," signed on or about September 19, 2023 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**PSZ&J's APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Source**

5. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors.

6. PSZ&J, and any partner, of counsel, or associate thereof, have received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than among the partners, of counsel, or associates of PSZ&J for the sharing of compensation to be received for services rendered in these cases. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $191,712.00, in

connection with the preparation of initial documents and its prepetition representation of the Debtors. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to PSZ&J was credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

8. A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9. PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12. The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each category.

### A. Asset Disposition

15. This category relates to work regarding the sale or other disposition of assets. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed bid procedures issues; (2) performed work regarding a *de minimis* assets sale procedures motion, notice and order; (3) attended to scheduling issues; (4) reviewed and analyzed stalking horse issues; and (5) corresponded regarding sale issues.

Fees: $16,755.50;    Hours: 12.70

### B. Bankruptcy Litigation

16. This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) performed work regarding First Day motions and orders; (2) performed work regarding Hearing Binders and Agenda Notices; (3) attended to scheduling issues; (4) prepared for and attended a hearing on August 9, 2023 regarding First Day motions; (5) prepared for and attended a hearing on August 11, 2023; (6) reviewed and analyzed issues regarding Wheels Up; (7) reviewed and analyzed union issues; (8) performed work regarding a stipulation relating to Wheels Up; (9) reviewed and analyzed a Warn Act complaint; (10) performed work regarding notice issues; (11) performed work regarding Second Day motions and orders; (12) reviewed and

analyzed net operating loss issues; (13) attended to issues regarding foreign representatives; and (14) corresponded and conferred regarding bankruptcy litigation issues.

        Fees: $138,273.00;   Hours: 117.60

### C. Case Administration

17. This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things: (1) maintained a memorandum of critical dates; (2) maintained document control; and (3) performed work regarding a notice of commencement.

        Fees: $4,740.50;   Hours: 9.70

### D. Claims Administration and Objections

18. This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things, responded to creditor inquiries, and performed work regarding a bar date motion.

        Fees: $24,066.00;   Hours: 16.00

### E. Employee Benefits/Pensions and KEIP/KERP

19. This category relates to issues regarding employee benefits and pension plans, and other employee issues. During the Interim Period, the Firm, among other things, performed work regarding an employee wage motion and order, and reviewed and analyzed workers' compensation issues.

        Fees: $6,945.00;   Hours: 4.20

F.   **Contracts and Lease Matters**

20.   This category relates to issues regarding executory contracts and unexpired leases of real property. During the Interim Period, the Firm, among other things, performed work regarding a lease rejection procedures motion.

Fees: $1,960.00;   Hours: 2.00

G.   **Financial Filings**

21.   This category relates to issues regarding compliance with reporting requirements. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed Initial Debtor Interview issues; (2) prepared for and attended an Initial Debtor Interview on August 23, 2023; (3) performed work regarding a motion to extend the time to file Schedules and Statements; and (4) corresponded regarding financial filings issues.

Fees: $9,943.00;   Hours: 8.60

H.   **Financing/Cash Collateral/Cash Management**

22.   This category relates to issues regarding Debtor in Possession ("DIP") financing and use of cash collateral. During the Interim Period, the Firm, among other things: (1) performed work regarding a DIP financing motion; (2) prepared for and attended a DIP financing hearing on August 11, 2023; (3) reviewed and analyzed United States Trustee comments regarding cash collateral issues; (4) performed work regarding a DIP financing term sheet; (5) performed work regarding interim cash collateral and DIP financing orders; (6) reviewed and analyzed budget issues; (7) performed work regarding notice issues;

(8) performed work regarding a final DIP financing order; and (9) corresponded and conferred regarding financing issues.

        Fees: $26,386.00;    Hours: 22.40

### I. Insurance Coverage

23. This category relates to insurance coverage issues. During the Interim Period, the Firm, among other things, performed work regarding an insurance motion and order.

        Fees: $109.00;    Hours: 0.20

### J. Meetings of and Communications with Creditors

24. This category relates to meetings of creditors and communications with creditor issues. During the Interim Period, the Firm, among other things, performed work regarding notice of a Section 341 meeting of creditors, and responded to creditor inquiries.

        Fees: $1,917.50;    Hours: 1.90

### K. Operations

25. This category relates to issues regarding operations. During the Interim Period, the Firm, among other things, performed work regarding a critical vendor motion and order, and performed work regarding a collections motion and order.

        Fees: $1,134.00;    Hours: 1.20

### L. PSZJ Retention

26. This category relates to issues regarding retention of the Firm. During the Interim Period, the Firm, among other things, performed work regarding the Firm's retention application and order.

        Fees: $8,446.00;    Hours: 9.20

    **M.**    **Other Professional Retention**

    27.    This category relates to issues regarding the retention of professionals, other than the Firm. During the Interim Period, the Firm, among other things: (1) performed work regarding the Kirkland Ellis, Ducera, Epiq, Goodmans, Alvarez Marsal, and Ernst Young retention applications; (2) performed work regarding an Ordinary Course Professionals motion and order; and (3) corresponded and conferred regarding retention issues.

    Fees: $8,170.00;    Hours: 8.00

### Valuation of Services

    28.    Attorneys and paraprofessionals of PSZ&J expended a total 213.70 hours in connection with their representation of the Debtors during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,745.00 | 63.70 | $111,156.50 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar 2002-2014; 2017-Present | $1,125.00 | 3.80 | $ 4,275.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $1,025.00 | 107.80 | $110,495.00 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 725.00 | 18.00 | $ 13,050.00 |
| Karina K. Yee | Paralegal | $ 545.00 | 1.20 | $ 654.00 |
| Patricia E. Cuniff | Paralegal | $ 545.00 | 8.40 | $ 4,578.00 |
| Ian Densmore | Paralegal | $ 545.00 | 0.10 | $ 54.50 |
| Cheryl A. Knotts | Paralegal | $ 495.00 | 0.50 | $ 247.50 |
| Andrea R. Paul | Case Management Assistant | $ 425.00 | 8.20 | $ 3,485.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 425.00 | 2.00 | $ 850.00 |

**Grand Total:** $248,845.50
**Total Hours:** 213.70
**Blended Rate:** $1,164.46

29. The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $248,845.50.

30. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period August 6, 2023 through August 31, 2023, an interim allowance be made to PSZ&J for compensation in the amount of $248,845.50 and actual and necessary expenses in the amount of $59,133.50 for a total allowance of $307,979.00 and payment of $199,076.40 (80% of the allowed fees) and reimbursement of $59,133.50 (100% of the allowed expenses) be authorized for a total payment of $258,209.90, and for such other and further relief as this Court may deem just and proper.

Dated: November 20, 2023         PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com

*Co-Counsel for the Debtors and Debtors in Possession*

## **DECLARATION**

STATE OF DELAWARE    :
                                     :
COUNTY OF NEW CASTLE  :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the debtors and debtors in possession by the lawyers and paraprofessionals of PSZ&J.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about September 13, 2023, and submit that the Application substantially complies with such Rule and Order.

                                                          */s/ Laura Davis Jones*
                                                          Laura Davis Jones