# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Re: Docket No. 863, 981** |

**SUPPLEMENTAL ORDER REGARDING AGENCY AGREEMENT WITH NATIONS CAPITAL, LLC, RITCHIE BROS. AUCTIONEERS (AMERICA) INC., IRONPLANET, INC., RITCHIE BROS. AUCTIONEERS (CANADA) LTD., AND IRONPLANET CANADA LTD. EFFECTIVE AS OF OCTOBER 16, 2023; (I) AUTHORIZING AND DIRECTING THE REATTACHMENT OF LIENS ON ROLLING STOCK ASSETS UNDER CERTAIN CIRCUMSTANCES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of that certain *Order (I) Approving Agency Agreement with Nations Capital, LLC, Ritchie Bros. Auctioneers (America) Inc., IronPlanet, Inc., Ritchie Bros. Auctioneers (Canada) Ltd. and IronPlanet Canada Ltd Effective as of October 16, 2023; (II) Authorizing the Sale of Rolling Stock Assets Free and Clear of Liens, Claims, Interests and Encumbrances; and (III) Granting Related Relief* [Docket No. 981] (the "Agency Agreement Order") (a) authorizing the Debtors to enter into the Agency Agreement with the Agent, (b) authorizing the sale by the Agent (acting on behalf of the Debtors) of the Rolling Stock Assets free and clear of any liens, claims, interests and encumbrances (effective upon the sale thereof), and (c) granting related relief, all as more fully set forth in the Motion; and upon

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion, the Agency Agreement, or the Agency Agreement Order, as applicable.

the Kaldenberg Declaration and the Agent Declaration (including all filed supplements to the Agent Declaration); and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion and set forth herein (as described in the Supplemental Order Certification of Counsel (defined below)) is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion and all relief requested therein were appropriate, adequate, and sufficient, with all parties having been afforded due process and an opportunity to be heard with respect to the Motion and all relief requested therein, and no other or further notice, including with respect to this Order, need be provided; and this Court having reviewed and considered the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (including any subsequent hearings and/or status conferences relating to the relief sought in the Motion, the "Hearing"); and this Court having entered the Agency Agreement Order on October 27, 2023; and no appeal or motion for reconsideration or reargument respecting the Agency Agreement Order having been filed; and this Court having reviewed the *Certification of Counsel Regarding Supplemental Order Regarding Agency Agreement with Nations Capital, LLC, Ritchie Bros. Auctioneers (America) Inc., IronPlanet, Inc., Ritchie Bros. Auctioneers (Canada)*

*Ltd. and IronPlanet Canada Ltd Effective as of October 16, 2023 (I) Authorizing and Directing the Reattachment of Liens on Rolling Stock Assets Under Certain Circumstances and (II) Granting Related Relief* (the "Supplemental Order Certification of Counsel"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, and the record made at the Hearing, and the representations set forth in the Supplemental Order Certification of Counsel, and upon the consent of the Debtors and the Agent, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. Except as expressly modified by this Order, the Agency Agreement Order and the Agency Agreement shall remain in full force and effect.

2. VINtek, Inc. ("VINtek") shall be authorized and directed, to release the notation of liens, claims, encumbrances, and interests held by the Secured Parties on the certificates of title in respect of the Rolling Stock Assets (the "Rolling Stock Certificates of Title") upon the entry of this Order, for purposes of the Agent fulfilling its obligations under the Agency Agreement, including to (x) promptly transfer Rolling Stock Certificates of Title to purchasers of Rolling Stock Assets pursuant to sales and dispositions under the Agency Agreement free and clear and without any lien, claim, encumbrance or interest of the Secured Parties notated thereon (each, an "Agent Sale") and (y) to take any and all actions, including the execution and delivery of instructions (whether by notice or otherwise), on behalf of the Debtors and Secured Parties, to the applicable governmental or regulatory entity or office in any jurisdiction in respect of removing the notation of the Rolling Stock Liens (as defined below) on the Rolling Stock Certificates of Title; *provided* that, notwithstanding such release: (a) the liens,

claims, encumbrances, and interests held by the Secured Parties on the Rolling Stock Assets (the "Rolling Stock Liens"), as applicable, shall: (i) remain valid, enforceable, and perfected pursuant to, and with the priority set forth in, the Final DIP Order and the Final UST Cash Collateral Order (and subject in all respects to the Challenge Period in the Final DIP Order and the UST Challenge Period in the Final UST Cash Collateral Order, as each may be extended in accordance with the terms thereof), until the time of the consummation of the applicable Agent Sale, and (ii) attach to the applicable Net Proceeds and the Client Account following the consummation of any applicable Agent Sale (as set forth in the Agency Agreement Order) with the priority as set forth in the Final DIP Order and the Final UST Cash Collateral Order and (b) the Secured Parties shall be entitled to notate their applicable lien on the applicable Rolling Stock Certificates of Title (each, a "Subsequent Notation") if either (i) no Agent Sale is consummated for the applicable Rolling Stock Assets within the Term (as may be extended in accordance with the Agency Agreement Order) or (ii) the Chapter 11 Cases are (or will imminently be) dismissed or converted prior to an applicable Agent Sale or the conclusion of the Term (the foregoing (b)(i) and (b)(ii), in each case triggering a Subsequent Notation only if and to the extent that the applicable Secured Party has not yet been paid in full, a "Subsequent Notation Event"); *provided further* that, for the avoidance of doubt, in the event of such a Subsequent Notation Event, the Rolling Stock Liens shall remain valid, enforceable, and perfected pursuant to the terms of the Final DIP Order and the Final UST Cash Collateral Order as applicable to such Rolling Stock Assets Assets (and subject in all respects to the Challenge Period in the Final DIP Order and UST Challenge Period in the Final UST Cash Collateral Order, as each may be extended in accordance with the terms thereof), notwithstanding the

dismissal or conversion of the Chapter 11 Cases and whether or not a Subsequent Notation is completed as to such Rolling Stock Assets.

3.  Both VINtek and the Agent are hereby authorized and directed, upon a Subsequent Notation Event, and without any further order of this Court, to take any and all actions (including, without limitation, promptly returning and delivering Rolling Stock Certificates of Title then in VINtek's or the Agent's possession, as applicable, to the applicable Secured Party (or, if reasonably practicable and appropriate, to the Company (as defined in the VINtek Custodial Agreement[3]) on the applicable Secured Party's behalf), and at the Debtors' expense to enter into, execute, file, and/or record any and all documents or instruments necessary or requested by the Debtors (in consultation with the Consultation Parties) or the Secured Parties, and/or required by law or any governmental or regulatory entity or office in any jurisdiction, to document and effectuate any applicable Subsequent Notation.

4.  Delivery of this entered Order (together with a list of the Rolling Stock Assets) by the Company (as defined in the VINtek Custodial Agreement) requesting release of the notations of liens as described in paragraph 2 herein shall constitute delivery of a Delivery Letter (as defined in the VINtek Custodial Agreement) and approval thereof by each other party to the VINtek Custodial Agreement.

5.  VINtek shall be entitled to an allowed administrative expense claim for its reasonable fees and expenses (including, without limitation, expenses relating to third party vendors) which shall be noticed to and preauthorized by the Debtors in advance of their

---

[3] The "VINtek Custodial Agreement" means that certain Amended and Restated Custodial Administration Agreement dated as of July 9, 2020 by and among YRC Worldwide Inc., VINtek, the Term Loan Representative, the ABL Representative, the UST Tranche A Representative, and the UST Tranche B Representative (each as defined therein).

incurrence and paid by the Debtors in the ordinary course of business without the need for VINtek to file a motion for administrative expense in these cases.

6. This Order shall be the sole and sufficient evidence of authority to release the notation of liens, claims, encumbrances, and interests held by the Secured Parties on the certificates of title in respect of the Rolling Stock Assets, and the transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such release of liens and shall rely upon this Order in consummating any such release.

7. To the extent of any inconsistency between the provisions of this Order, the Agency Agreement Order, and the Agency Agreement, the provisions contained in this Order shall govern.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: November 21st, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**