# Exhibit 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **Delaware**

In re    **Yellow Corporation, et al.**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No.    **23-11069 (CTG)**

Chapter    **11**

Adv. Proc. No.    _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    **Old Republic Insurance Compay**
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE  FisherBroyles, LLP, Attn: Maura L. Burke, CSC Station, 112 S. French Street, Wilmington, DE 19801 | DATE AND TIME  December 11, 2023  10:00 am ET |
|---|---|

[ ] *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    **November 22, 2023**
_____

CLERK OF COURT

OR

_____                *Maura L. Burke*
Signature of Clerk or Deputy Clerk                _____
                                                  *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | )  Case No. 23-11069 (CTG) |
| YELLOW CORPORATION, *et al.*,[1] | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) |

**SCHEDULE A**

**DEFINITIONS**

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1.      The term "**any**" includes "all."

2.      The terms "**concerning**," "**regarding**" and "**relating to**," in addition to their customary and usual meanings, shall mean: about, alluding to, analyzing, assessing, characterizing, commenting on, concerning, comprising, connected with, constituting, containing an implicit reference to, describing, discussing, embodying, evidencing, explaining, in respect of, mentioning, pertaining to, recording, referring to, reflecting, regarding, responding to, resulting from, setting forth, showing, summarizing, supporting, touching upon, with respect to or having any logical factual connection with the subject matter in question.

3.      "**Cases**" means the above-captioned chapter 11 bankruptcy cases.

4.      "**Complaint**" means the Complaint, as well as allegations and injuries alleged therein, filed by Plaintiff, initiating the action styled *Gibby v. YRC Inc., et al*, *Civil Action No.: 0:21-cv-4129-MGL, U.S. District Court, District of South Carolina, Rock Hill Division*.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation.The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

5.      As used herein, "**Debtors**" or "**YRC Inc.**" means debtors in the above-captioned case.

6.      "**Describe In Detail**," "**State The Factual Bas**is," "**Describe The Basis**," "**State All Facts**," "**State Your Understanding**," or similar phrases with respect to an allegation, contention or other reference, shall mean to state in detail those facts:

    a.   to the extent of your present knowledge, whatever the source;

    b.   which you can ascertain by a diligent search; OR

    c.   whose probable existence is known to you although you have not yet fully apprised yourself of the truth.

7.      As used herein, "**Document**" means and includes all written, recorded, transcribed or graphic matter of every nature, type and kind, however and by whoever produced, reproduced, disseminated, including but not limited to any writings, recordings, or photograph, whether original or duplicate, as defined in Federal Rule of Evidence 1001, Federal Rule of Civil Procedure 34(a), and Bankruptcy Rule 7034, inclusively, including (but not limited to) inter-office memorandum, general credit policy(ies) regarding ORIC's account, notes to file, facsimile transmissions between the Debtors and ORIC (irrespective of sender), email correspondence and texts between the Debtors and ORIC (irrespective of sender) and information regarding ORIC obtained from outside reporting services, UCC searches, legal searches and through discussions at industry trade group meetings.

8.      "**ESI**" means Electronically Stored Information; i.e. information stored in an electronic medium that is retrievable in a perceivable form, such as computer-based information.

9.      "**Estate**" means Debtor's bankruptcy estate as defined by section 541 of the Bankruptcy Code.

10.      As used herein, "**identify**" when used in reference to a person, means to set forth:

    a.   the person's name;

    b.   The person's present or last know business address, email, and telephone number;

    c.   The person's present employer and position; and

d.  The person is employed by you and holds or held the position of executive, management or supervisory responsibilities for any kind of commercial or financial activity, each position that person has held with you and the period of time during which such position was held from four (4) years prior to the Petition Date through present.

11.     As used herein, the term "**identify**" when used in reference to a Document, means to set forth:

a.  its date and approximate date of preparation;

b.  its title, if any;

c.  the type of Document (e.g., letter, memorandum);

d.  its substance;

e.  the present or last known location and custodian of it and of any copies; and

f.  the identity of each person who was its author and/or signatory, along with all of the information specified in paragraph 12 above concerning such person(s).

12.     "**Incident**" means the underlying incident, which occurred on March 7, 2019, involving Gary W. Gibby (Plaintiff) and YRC (Debtor), at the Hartmann, USA, plant (where Plaintiff was employed at the time and where he alleges to have sustained injuries as a result of YRC's actions/inactions) that is located in York County, South Carolina, of which is the subject matter of Gary W. Gibby's claims in *Gibby v. YRC Inc., et al, C/A No.: 0:21-cv-4129-MGL, U.S. District Court, District of South Carolina, Rock Hill Division*.

13.     The term "**or**" includes "and."

14.     "**Motion**" means the certain Motion by Gary W. Gibby, for an Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1, Modifying the Automatic Stay in this Case [**D.I. 608**].

15.     "**Objection by Debtors**" means that certain Objection by Debtors, Debtors' Omnibus Objection to Personal Injury Claimant Motions for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code dated October 12, 2023, filed in this Case [**D.I. 827**].

16.     "**Objection by ORIC**" means the Omnibus Objection and Reservation of Rights of Creditor Old Republic Insurance Company to Motions for Relief from the Automatic Stay to the Extent of Insurance Proceeds filed by Old Republic Insurance Company on October 12, 2023 [**D.I. 823**], as well as the most recent one filed by Old Republic Insurance Company on November 09, 2023, in this case [**D.I. 1106**].

17.     "**ORIC**" means Old Republic Insurance Company.

18.     As used herein, "**persons**" means any natural person or entity, including without limitation individuals, partnerships, firms, associations, joint ventures, corporations, or other entities, whether real or fictitious.

19.     "**Stay**" means the automatic stay imposed by 11 U.S.C. § 362(a).

20.     As used herein, "**Petition Date**" means the date petitions were filed commencing the Debtor's bankruptcy case.

21.     As used herein, "**you**" and "**your**" or "ORIC" means Old Republic Insurance Company, and other persons acting or purporting to act in the ORIC's name.

22.     The use of either the singular or plural shall not be deemed a limitation and the use of the singular should be considered to include the plural and vice versa.

## INSTRUCTIONS

1.     These requests shall be deemed to include any Document now or at any time in Old Republic Insurance Company's possession, custody, or control.

2.     Each request for the production of Documents shall be deemed to be continuing in nature.  If at any time additional, responsive Documents come into Old Republic Insurance Company's possession, custody or control, then the responses to these requests shall be promptly supplemented.

3.      Documents shall be produced in the manner in which they are maintained in the ordinary course of business or shall be organized and labeled to correspond with the categories in this request.

4.      All responsive electronically stored information ("ESI") shall be produced along with any and all associated metadata and any and all associated files, including but not limited to attachments or hyperlinked files, in such a way to as to permit the receiving party to reasonably review, sort, and search such documents and observe the dates such documents were created, received, modified, or sent. Plaintiff expressly reserves the right to request production of any documents in a different format to facilitate its review, including native format.

5.      Any Document or portion of any Document withheld from production based on a claim of privilege shall be identified by a list detailing: (a) the type(s) of Documents withheld, (b) the general subject matter of such Document(s), (c) the basis of withholding the Document(s), and (d) the number of Documents withheld under each basis.  Notwithstanding the assertion of any objection, any requested Document that contains non-objectionable information responsive to this request should be produced, but that portion of the Document for which the objection is asserted may be redacted, provided that the redacted portion is identified and described consistently according to the requirements listed herein.

6.      Objections to any part of these requests shall be stated in full.

7.      Each request for Documents seeks production of the Document in its entirety, without abbreviation, modification, or redaction, including but not limited to, all attachments, actual, proposed or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures, or other matters affixed hereto.

8.      A request for Documents shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, in addition to the Document itself.

9.      Any Document that cannot be produced in full shall be produced to the fullest extent possible.

10.     Whenever necessary to bring within the scope of a request Documents that might otherwise be construed to be outside its scope:

   a.   the use of a verb in any tense shall be construed as the use of that verb in all other tenses; and

   b.   the use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa.

11.     Each paragraph, subparagraph, clause and word herein should be construed independently and not by reference to any other paragraph, subparagraph, clause or word herein for purposes of limitation.

### DUTY TO SUPPLEMENT

Pursuant to Rule 26(e)(1) of the Federal Rules, you are requested to seasonably supplement your responses to these discovery requests if you learn that a response is in some material respect incorrect and if the additional or corrective material had not otherwise been made known to Plaintiff during the discovery process or in writing.

### DOCUMENT REQUESTS TO OLD REPUBLIC INSURANCE COMPANY

**REQUEST FOR PRODUCTION NO. 1**:  All Documents concerning any available insurance with respect to the allegations in the Complaint including full copies of all: policies of insurance, riders, endorsements, forms, program agreement (also any exhibits/schedules/addendums/amendments applicable thereto), statements of collateral requirements, allocated loss adjustment expense reports, and all letters of credit and draws on said letters of credit.

**REQUEST FOR PRODUCTION NO. 2**:  All Documents you intend to introduce into evidence as exhibits or to otherwise utilize at, or in connection with, the hearing on the Motion or any evidentiary hearing in this matter.

**REQUEST FOR PRODUCTION NO. 3**:  All reservation of rights letters from Old Republic Insurance Company, in whatever form preserved, which relate to insurance coverage for Debtors (YRC), for claims arising out of the Plaintiff's underlying Incident.

**REQUEST FOR PRODUCTION NO. 4**:  All records, in whatever form preserved, which record expenses of litigation paid by Old Republic Insurance Company, in *Gibby v. YRC Inc., et al*, *C/A No.: 0:21-cv-4129-MGL, U.S. District Court, District of South Carolina, Rock Hill Division*.

**REQUEST FOR PRODUCTION NO. 5**:  All records, in whatever form preserved, which record expenses of litigation paid by Old Republic Insurance Company in connection any lawsuit arising out of the underlying Incident of Plaintiff.

**REQUEST FOR PRODUCTION NO. 6**:  All records, in whatever form preserved, which record expenses of litigation paid by any person or entity, other than Old Republic Insurance Company, on behalf of YRC Inc. in connection with the Incident.

**REQUEST FOR PRODUCTION NO. 7**:  All records showing payment by Old Republic Insurance Company of any loss incurred by Debtor under Old Republic Insurance Company policy number MWML 18562, between January 1, 2019, and the present date.

**REQUEST FOR PRODUCTION NO. 8**:  All records showing payment by Old Republic Insurance Company of any monies to or on behalf of Debtor under Old Republic Insurance Company policy number MWML 18562 between January 1, 2018, and the present date.

**REQUEST FOR PRODUCTION NO. 9**:  Any document, in whatever form preserved, which was in effect on March 07, 2019, which provided security for the payment of any self-insured retention or deductible on behalf of Debtor (YRC Inc.) under any insurance policy which existed on said date and which may afford coverage in connection with the underlying Incident and Complaint of Plaintiff.

**REQUEST FOR PRODUCTION NO. 10**:  Any record, in whatever form preserved, which accurately records Debtors' (YRC Inc.'s) credit, or collateral held, toward its deductible under any self-insured retention or deductible requirement for coverage with respect to the underlying Incident.

**REQUEST FOR PRODUCTION NO. 11**:  All forms 91X, MCS-90 and MC-1690a's, or other similar forms/documents, that: a) are filed with the Federal Motor Carrier Safety Administration, by Old Republic Insurance Company, or any of its agents or representatives, for the purpose of posting insurance coverage for Debtor (YRC, Inc.) for the years 2013 through 2023 and b) concer the filing of 'uniform motor carrier bodily injury and property damage liability certificates of insurance' with the respective authorities/State Commissions in South Carolina in connection with your policy No.: MWML 18562.

**REQUEST FOR PRODUCTION NO. 12**:  Your complete insurance file for the named insured (Debtor) under your policy No.: MWML 18562, from January 1, 2018, to the present date.

**REQUEST FOR PRODUCTION NO. 13**:  Any letter of credit, guaranty agreement, surety or other form of security which provided indemnity to you for Debtors' (YRC Inc.'s) failure to perform any duty required of it under your policy MWML 18562.

**REQUEST FOR PRODUCTION NO. 14**:  All documents, in whatever form preserved, under which you have received funds related in any way to the Incident and/or the underlying Complaint.

**REQUEST FOR PRODUCTION NO. 15**:  Any document, in whatever form preserved, which discusses your interest in the Association for Cooperative Operations Research and Development (ACORD).

**REQUEST FOR PRODUCTION NO. 16**:  Any document, in whatever form preserved, under which the ACORD 25 (Certificate of Insurance) applicable to this Incident, was authorized.

**REQUEST FOR PRODUCTION NO. 17**:  Any document, in whatever form preserved which sets forth your relationship with Willis of Greater Kansas, Inc (producer of the underlying policy, No.: MWML 18562).

**REQUEST FOR PRODUCTION NO. 18**:  Any document, in whatever form preserved, which pertains to Debtors' (YRC's) submission, or your submission on Debtor's behalf, to South Carolina and/or the Federal Motor Carrier Safety Administration concerning Debtor becoming self-insured for liability insurance or other similar insurance coverages, from 2013 to present.

**REQUEST FOR PRODUCTION NO. 19**:  Any document, in whatever form preserved which authorized Willis of Greater Kansas, Inc. to issue the respective ACORD Form 25 (certificate of Insurance) on your behalf in connection with this Incident.

**REQUEST FOR PRODUCTION NO. 20**:  All non-privileged documents relating to *Gibby v. YRC Inc., et al*, *C/A No.: 0:21-cv-4129-MGL, U.S. District Court, District of South Carolina, Rock Hill Division* and those pertaining to *Gibby v. YRC Inc., et al*, *C/A No.: 0:21-cv-4129-MGL, U.S. District*

*Court, District of South Carolina, Rock Hill Division* as it concerns this matter before this Bankruptcy Court.

Dated:  November 22, 2023

FISHERBROYLES, LLP

 /s/ *Maura L. Burke*
Carl D. Neff (No. 4895)
Maura L. Burke (No. 5313)
CSC Station
112 S. French Street
Wilmington, Delaware 19801
Telephone: (302) 482-4244
carl.neff@fisherbroyles.com
maura.burke@fisherbroyles.com

*Counsel to Movant, Gary W. Gibby*