# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*, | ) Case No. 23-11069 (CTG) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Objection deadline: December 20, 2023 at 4:00 pm (ET)** |
| | ) **Hearing date: January 22, 2024 at 2:00 pm (ET)** |

## MOTION OF STEVEN HENSLEY FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE

Steven Hensley ("Movant"), by and through his undersigned counsel, hereby moves this Honorable Court (the "Motion"), pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 for an order lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code for the purpose of pursuing his claims against USF Holland, one of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), and (ii) to proceed to collect any award against any available insurance proceeds under any applicable policy. In support of this Motion, the Movant respectfully shows the Court as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. The statutory predicate for the relief requested herein is 11 U.S.C. §§ 362(d)(1) and 362(d)(2) and Bankruptcy Rule 4001.

4. The Movant does not consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that

the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## FACTS

### I.     Chapter 11 Background

5.     On August 6, 2023 (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     The Debtors' cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

### II.    Movant's Claims

7.     On April 6, 2020, Movant was injured within the scope and course of employment with Debtors when as he was helping to unload a truck with a pallet jack when one of the pins broke, and he was pinned against the wall of the truck injuring his right shoulder, arm and hand. At the time of his injury, Movant was employed as a CDL driver.  Movant has suffered permanent injuries and is no longer able to work as a CDL driver.

8.     As a result of the injuries, Movant asserts claims for workers compensation against the Debtors (the "Claims").  The Debtors are required by law to provide workers compensation benefits, which benefits are designed to ensure that employees such as Movant do not suffer an undue financial hardship as a result of a loss in income from a workplace injury.

9.     The prosecution and liquidation of Movant's claim in a state administrative forum has been stayed with respect to the Debtors as a consequence of the automatic stay provisions set

forth in 11 U.S.C. § 362(a). The Movant and Debtor were in the process of litigating Movant's claim as of the Petition date.  A copy of the Movant's claim is attached hereto as Exhibit A.

## RELIEF REQUESTED

10. Through this Motion, Movant seeks the entry of an order pursuant to section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting so that she may prosecute his claims against the Debtors to judgment and satisfy any award or other resolution she may obtain against the Debtors.

## BASIS FOR RELIEF REQUESTED

11. Movant is entitled to relief from the automatic stay and/or discharge injunction pursuant to 11 U.S.C. § 362(d)(1).

12. The Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . (1) for cause, including the lack of adequate protection of an interesting property for such party interest

11 U.S.C. § 362(d)(1).  The term "cause" is not defined in the Code, but rather must be determined on a case-by-case basis. *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (internal citations and quotations omitted).  "Cause is a flexible concept and courts often . . . examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

13. At a hearing for relief from automatic stay under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtor's equity in property. *See In re Domestic Fuel Corp.*, 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987); 11 U.S.C. § 362(g).  If a creditor seeking relief from the automatic stay makes a prima facie case of "cause"

for listing the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). *See In Re 234-6 West 22nd Street Corp.*, 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

14. Courts often follow the logic of the intent behind § 362(d) which is that it is often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).

15. Courts in this District rely upon a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

> (1) Whether prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;
>
> (2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtor's hardship; and
>
> (3) the creditor's probability of success on the merits.

*See In re Tribune Co.*, 418 B.R. at 126.

16. Here, the facts weigh in Movant's favor on each of these three prongs. First, the Debtors will not suffer prejudice should the stay be lifted because the Movant's claims must eventually be liquidated before Movant can recover from the bankruptcy estate. To the extent Movant's claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. U.S.C. § 157(b)(5) ("personal injury tort . . . claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose . . . .").

17. Furthermore, to the extent that the Debtors' liability to the Movant is covered by insurance policies, any recovery by Movant will not affect the Debtors' estates. *See In re 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); *see also In re Allied Digital Tech Corp.*, 306 B.R. 505, 510 (Bankr. D. Del. 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy). "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993).

18. Second, the Movant will face substantial hardship if the stay is not lifted. The Movant is a resident of Kentucky and the events which form the basis of Movant's claims occurred exclusively in Kentucky. If the Movant is forced to litigate his claims in Delaware, he would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources." *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990). Here judicial economy would be served by lifting the automatic stay and allowing Movant's claims to be liquidated in the forum where they are presently postured to be adjudicated quickly.

19. The Debtors will not suffer any hardship if the Movant's claims are allowed to proceed. Movant's claims are garden variety personal injury which do not present any factual or legal issues which will impact or distract the Debtors from their reorganization process.

20. Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." *In re*

*Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993). This prong also weighs in Movant's favor. No defenses, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where ... the decision-making process should be relegated to bodies other than [the bankruptcy] court." *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

21. When weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute his Claims against the Debtors to judgment and satisfy any award or other resolution he may obtain against the Debtors from the proceeds of any applicable insurance policies.

**CONCLUSION**

WHEREFORE, Steven Hensley respectfully requests that the Court enter an Order, substantially in the form attached hereto and for such further additional relief as may be just and proper under the circumstances.

Date: December 6, 2023
Wilmington, Delaware

Respectfully submitted,

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Charles J. Brown*
Charles J. Brown (DE 3368)
1201 N. Orange Street, 3rd Floor
Wilmington, DE 19801
Telephone: (302) 425-5813
Facsimile: (302) 425-5814
cbrown@gsbblaw.com

*Attorneys for Steven Hensley*