# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DECLARATION OF BRIAN WHITTMAN
IN SUPPORT OF ENTRY OF ORDER (I) APPROVING
CERTAIN ASSET PURCHASE AGREEMENTS; (II) AUTHORIZING AND
APPROVING SALES OF CERTAIN REAL PROPERTY ASSETS OF THE DEBTORS
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, IN
EACH CASE PURSUANT TO THE APPLICABLE ASSET PURCHASE AGREEMENT;
(III) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION
THEREWITH, IN EACH CASE AS APPLICABLE PURSUANT TO THE APPLICABLE
ASSET PURCHASE AGREEMENT; AND (IV) GRANTING RELATED RELIEF**

I, Brian Whittman, hereby declare under penalty of perjury as follows:

1. I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), a limited liability corporation, which has served as financial and restructuring advisor to the above-captioned debtors and debtors in possession (collectively, the "Debtors") prior to and throughout these chapter 11 cases. I have more than twenty-five years of experience serving as a financial advisor in distressed situations and providing restructuring and performance improvement services to corporations, various creditor classes, equity owners, and directors of financially distressed companies. For the past twenty-five years, I have advised companies requiring performance improvement or financial restructuring across a wide range of industries, including automotive, communications, distribution, manufacturing, media, mining, and retail.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

I have also led complex engagements for companies, secured lenders, and creditors, serving in both interim management and advisory roles. I am a Certified Insolvency and Restructuring Advisor and a Certified Public Accountant.

2. I have served as a Managing Director in A&M's Restructuring & Turnaround group since 2008 and as the group's co-head of the Midwest region since 2019. During my tenure at A&M, among other engagements, I served as interim chief financial officer of Horizon Global in 2018–19, chief restructuring officer of UCI International in 2016, and interim chief financial officer of PSAV, Inc. in 2014. In addition, my recent company-side restructuring engagements include, among others, Virgin Orbit Holdings, Fast Radius, Boy Scouts of America, and Paddock Enterprises. Prior to joining A&M in 2002, I spent seven years working as a director in the restructuring practice at a "Big Five" accounting firm.

3. A&M's practice consists of senior financial, management consulting, accounting, and other professionals who specialize in providing financial, business, and strategic assistance, typically in distressed business and restructuring settings and situations. A&M serves distressed companies, debtors, secured and unsecured creditors, equity holders, and other parties in both in-court and out-of-court restructuring engagements. A&M has been managing the Debtors' liquidity, forecasting, and budgeting, as well as generally assisting in financial planning and analysis, which includes developing cash flow forecasts.

4. I submit this declaration (this "Declaration") in support of the proposed *Order (I) Approving Certain Asset Purchase Agreements; (II) Authorizing and Approving Sales of Certain Real Property Assets of the Debtors Free and Clear of Liens, Claims, Interests, and Encumbrances, In Each Case Pursuant to the Applicable Asset Purchase Agreement; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired*

*Leases in Connection Therewith, In Each Case Pursuant to the Applicable Asset Purchase Agreement; and (IV) Granting Related Relief* [Docket No. 1285] (the "Sale Order"), including the Court's entry of the Sale Order on the date of, or as soon as practicable following, the December 12, 2023 Sale Hearing for the reasons set forth below.[2]

5.   Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' employees, operations, and finances, information learned from my review of relevant documents, information supplied to me by other members of the Debtors' management and their advisors (including A&M employees working under my supervision), or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations, financial affairs, and restructuring and liquidity-management initiatives. I am over the age of eighteen and am authorized to submit this Declaration on behalf of the Debtors. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

**Entry of the Sale Order and Proceeding To Closings of the Initial Sales As Soon As Practicable is in the Best Interests of the Debtors' Estates**

6.   As stated more fully in the *Declaration of Cody Leung Kaldenberg in Support of Entry of an Order (I) Approving Certain Asset Purchase Agreements; (II) Authorizing and Approving Sales of Certain Real Property Assets of the Debtors Free and Clear of Liens, Claims, Interests, and Encumbrances, In Each Case Pursuant to the Applicable Asset Purchase*

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignments of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 575] (the "Bidding Procedures Order"), the proposed Sale Order, the Kaldenberg Declaration, or the Notice of Winning Bidders, as applicable.

*Agreement; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, In Each Case Pursuant to the Applicable Asset Purchase Agreement; and (IV) Granting Related Relief* [Docket No. 1303] (the "Kaldenberg Declaration"), filed substantially contemporaneously herewith, the Debtors commenced the Real Estate Auction on November 28, 2023 at 9:00 a.m. (E.T.). As described in the Kaldenberg Declaration, following competitive property-by-property bidding over the course of four days for the Initial Properties, the Debtors, after consultation with their advisors and the Consultation Parties, filed the Notice of Winning Bidders to announce the Winning Bidders for the Initial Properties: twenty-one (21) Asset Purchase Agreements across one hundred and twenty-eight (128) Owned Properties and two (2) Leased Properties for an aggregate purchase price of $1,882,637,655.

7. With approximately three weeks remaining in this calendar year, I respectfully submit to the Court, for the reasons set forth below, that the Closings of these Sale Transactions, if possible, should start to occur prior to year-end and conclude as soon thereafter as possible, and accordingly, that the Court should enter the proposed Sale Order as soon as practicable following the Sale Hearing scheduled for December 12, 2023 at 10:00 a.m. (E.T.) to permit the parties to swiftly proceed to the applicable Closings. In my opinion, it is imperative for the Debtors to complete the Closing of some, although not all, of the transactions under the Sale Order in 2023; otherwise, the Debtors will lose significant potential federal income tax savings (as well as interest expense savings), to the detriment of their estates and creditor recoveries.

8. Based upon discussions with the Debtors' senior management team and the Debtors' other advisors, including their tax advisors, as well as my review of information concerning the Debtors that is available to me, I understand that closing at least a portion of the

Sale Transactions under the proposed Sale Order in 2023 will afford the Debtors' estates a federal tax savings of approximately $37 million (the "Time Dependent Tax Savings").  The Time Dependent Tax Savings will be realized if, at minimum, the Closing Date under the XPO Asset Purchase Agreement [Docket No. 1286] occurs on or prior to December 31, 2023.  In the alternative, the Debtors could consummate Closings of four or five other of the next largest (by expected proceeds) Sale Transactions under the proposed Sale Order by December 31, 2023 to achieve the Time Dependent Tax Savings.  Accordingly, entry of the Sale Order in the immediate-to-near term will significantly aid the Debtors in achieving the Time Dependent Tax Savings, which will materially benefit creditor recoveries.  Closing in 2023 is unlikely unless the Sale Order is entered, and the parties can begin preparing for Closing promptly following the Sale Hearing.

9. In addition, closing the Sale Transactions of the Initial Properties as soon as possible will lessen the Debtors' interest expense burden under their Prepetition Loan Documents (as defined in the DIP Orders) (collectively, the "Time Dependent Interest Expense Savings").  The expected proceeds from these Sale Transactions will pay down the Prepetition Secured Parties and the Prepetition UST Secured Parties.  The Debtors intend to initiate distributions of these proceeds to these parties without delay following the applicable Closing Dates to save interest expense.  Considering just the Prepetition B-2 Credit Agreement (as defined in the DIP Orders), which bears an interest rate of 17.0%, the savings is roughly $230,000 per day.  Accordingly, the Debtors respectfully ask the Court to enter the Sale Order as soon as practicable to allow (a) the Debtors and the applicable Asset Purchase Agreement counterparties to proceed to Closings as soon as possible, including some by the end of 2023, (b) the Debtors to pay down the Prepetition Secured Parties and the Prepetition UST Secured Parties without delay thereafter, and

(c) the Debtors and their estates to, in turn, obtain the Time Dependent Interest Expense Savings for the benefit of creditor recoveries.

10. For the reasons set forth above, I respectfully submit that the Court should enter the proposed Sale Order on or as soon as practicable following the date of the Sale Hearing, so that the Debtors may be able to obtain the Time Dependent Tax Savings and the Time Dependent Interest Expense Savings, each of which will materially benefit the creditors of these estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: December 8, 2023

*/s/ Brian Whittman*
Brian Whittman
Managing Director
Alvarez & Marsal, LLC