# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **YELLOW CORPORATION,** *et al.*, | **Case No. 23-11069 (CTG)** |
| Debtors.[1] | **(Jointly Administered)** |
| | Re: Docket Nos. 22, 575, 1285 |

## LIMITED OBJECTON OF MID-AMERICAN CONSTRUCTORS, LLC TO THE DEBTORS' SALE MOTION AND ORDER

Mid-American Constructors, LLC ("MAC"), a creditor and party-in-interest in the chapter 11 bankruptcy cases (the "Bankruptcy Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), hereby submits this Objection (the "Objection") to the Sale Motion and Proposed Sale Order (as defined below). In support of this Objection MAC respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Objection and the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-l(f) of the Local Rules, the Debtor consents to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

---

[1] A complete list of each of the Debtors in these Chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, KS 66211.

1

**BACKGROUND**

2. On August 6 and 7, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. On August 7, 2023 the Debtors filed the *Motion of the Debtors for Entry of an Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling an Auction and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption And Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [D.I. 22] (the "Sale Motion")

4. On December 4, 2023, the Debtor filed the *Notice of Winning Bidders and, If Applicable, Back-up Bidders With Respect to Certain of the Debtors' Real Property Assets* [D.I. 1268] (the "Notice of Winning Bidder") which set forth the winning and back up bidders for 128 of its Owned Properties.

5. On December 6, 2023, the Debtors filed the *Notice of Filing of Proposed Order (I) Approving Certain Asset Purchase Agreements; (II) Authorizing and Approving Sales of Certain Real Property Assets of the Debtors Free and Clear of Liens, Claims, Interests, and Encumbrances, in Each Case Pursuant to the Applicable Asset Purchase Agreement; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, in Each Case as Applicable Pursuant to the Applicable Asset Purchase Agreement; and (IV) Granting Related Relief* [D.I. 1285] (the "Proposed Sale Order").

**A.    MAC's Relationship With The Debtor.**

6.    Prior to the Petition Date, pursuant to several construction contracts, MAC provided construction services, material, and/or equipment to the Debtors at certain of the Debtors' Owned Properties (as defined in the Finalized Bidding Procedures).

7.    Specifically, MAC provided services to the Debtors at the following properties that are included in the Notice of Winning Bidder (collectively, the "Construction Properties"):

| Debtor Site # | Address | City | St | Zip |
|---|---|---|---|---|
| H337 | 72 Eastgate Drive | Danville | IL | 61832 |
| Y371 | 3700 78th Avenue West | Rock Island | IL | 61201 |
| H328 | 3705 Highway 321 | West Columbia | SC | 29172 |
| H395 | 500 Oak Bluff Lane | Goodlettsville | TN | 37072 |
| H262 | 27411 Wick Road | Romulus | MI | 48174 |
| Y531 | 8000 SW 15th St | Oklahoma City | OK | 73128 |
| H548 | 2702 Newman Road | Joplin | MO | 64801 |
| Y245 | 460 Transport Court | Lexington | KY | 40511 |

8.    MAC is owed a total $1,803,636.00 for its work relating to the Construction Properties.

9.    As a result of its work on the Construction Properties, MAC recorded and served contractor's liens (the "Contractor's Liens") in the states where the Construction Properties are located.

10.    The amount of each Contractor's Lien by property is as follows:

| Debtor Site # | Property | City | St | Zip | Contractor's Lien Amount |
|---|---|---|---|---|---|
| H337 | 72 Eastgate Drive | Danville | IL | 61832 | $ 204,000.00 |
| Y371 | 3700 78th Avenue West | Rock Island | IL | 61201 | $ 239,000.00 |
| H328 | 3705 Highway 321 | West Columbia | SC | 29172 | $ 15,900.00 |
| H395 | 500 Oak Bluff Lane | Goodlettsville | TN | 37072 | $ 58,200.00 |
| H262 | 27411 Wick Road | Romulus | MI | 48174 | $ 6,140.00 |
| Y531 | 8000 SW 15th St | Oklahoma City | OK | 73128 | $ 31,200.00 |
| H548 | 2702 Newman Road | Joplin | MO | 64801 | $ 864,836.00 |
| Y245 | 460 Transport Court | Lexington | KY | 40511 | $ 384,360.00 |

11. In accordance with the Bankruptcy Code, MAC filed notices of perfection and continuation of the Contractor's Liens pursuant to Bankruptcy Code section 546(b) to apprise the Debtors and all other parties claiming an interest in the Construction Properties (including in all removables, improvements, proceeds, cash collateral, replacements, accessions, products, rents, and profits of the Property) of MAC's intent to continue, maintain, and/or enforce its liens, rights, and interests and to comply with any and all present and/or future notice, perfection, maintenance, and enforcement requirements under the Bankruptcy Code, and applicable state law. *See* D.I. 636, 744, 798, 799, 953, 954, 955, 956.

### B.  **The Debtor's Sale Motion.**

12. Pursuant the Sale Motion and Sale Order, the Debtors propose to sell several of the Debtors' Owned Properties including the Construction Properties, to various purchasers as set forth in the Sale Order, the Notice of Winning Bidder and associated Asset Purchase Agreements.

13. Under the terms of the proposed sales, the winning bidders will purchase the Acquired Assets "free and clear" of Adverse Interests, which include both statutory and mechanics' liens. Upon closing of the sales, the Debtors are authorized to "transfer all of their right, title and interest in and to the Acquired Assets free and clear of any and all claims. . . [including] statutory liens [and] mechanics' liens." *See* D.I. 1285, ¶ W.

14. The Proposed Sale Order further provides:

> Except as otherwise expressly provided in each Asset Purchase Agreement or this Order, such Adverse Interests on the applicable Acquired Assets shall attach to the proceeds for such Acquired Assets allocated to the Debtors in the order of their priority, with the same validity, force and effect which they have against the applicable Acquired Assets immediately prior to the applicable Closing, subject to any claims and defenses the Debtors may possess with respect to such Adverse Interests.

Adverse Interest holders who do not object to the Sale Motion or applicable Asset Purchase Agreement, are deemed to consent to the sale transactions and are forever barred from asserting their claims or interests.

15. If the holder of an Adverse Interest objects to the Sale Motion, their Adverse Interest will attach to the proceeds of the applicable Sale and be placed in a separate account for the benefit of the holders of Adverse Interests (the "Proceeds Account"). The Debtors then propose to pay the Adverse Interest holders in full in cash "in the order of priority of such Adverse Interests under the Final DIP Order, the Final UST Cash Collateral Order, and the Prepetition Intercreditor Agreement and with the same validity, force, and effect which such Adverse Interests had against the applicable Acquired Assets prior to the entry of this Order."

## OBJECTIONS TO THE SALE MOTION

16. Although MAC does not generally object to the sale of the Construction Properties to the winning bidders, it objects to any transfer or sale of the Construction Properties that does not fully preserve the Construction Liens. MAC further objects to any of the Sale documents including all applicable Asset Purchase Agreements to the extent that they diminish or extinguish the existence or priority of the Construction Liens. MAC believes these issues could be resolved with additional and clarifying language specifying MAC's interests, the proposed amounts to be deposited into the separate account for each Construction Property and the procedures the Debtors will employ to remove and distribute funds from the separate account.

17. Specification of MAC's interests. Under 11 U.S.C. § 363(f), the Debtor may not permissibly sell and transfer its interests in the Construction Properties without satisfying MAC's lien rights, except to the extent that such rights can be satisfied monetarily. To that extent, MAC objects to any sale of the Construction Properties unless MAC's liens attach to the proceeds of the

5

sale and the Sale Order specifically and clearly reflects that attachment with respect to MAC. Accordingly, MAC requests additional language in the Sale Order that states MAC is an Adverse Interest holder and its Construction Liens are preserved and attach to the proceeds of each applicable sale, notwithstanding any language in the applicable Asset Purchase Agreements to the contrary.

18.     <u>Deposit Amounts for the Proceeds Account</u>. MAC also requests specificity from the Debtors as to the amounts they will be depositing into the separate account on behalf of the Construction Properties. In the Notice of Winning Bidder, the Debtors broke down total sale amounts by winning bidder, and not by property. Accordingly, MAC cannot determine the final sale prices of the Construction Properties and thus the amount that should be separated for the Construction Properties.

19.     <u>Distribution Procedures for the Proceeds Account</u>. Although the Proposed Sale Order properly accounts for the attachment of the Adverse Interests to the proceeds of each sale and contemplates a separate account for the benefit of the Adverse Interest holders, the proposed method of distribution of those funds is unclear. First, it is not clear under the Proposed Sale Order whether each property will have its own separate account, or whether there will be one Proceeds Account that comingles the sale proceeds from the various properties. Second, any payments made from the Proceeds Account should be in accordance with the priority order set forth in the Bankruptcy Code and any applicable court orders. Given the broad definition of Adverse Interests set forth in the Proposed Sale Order, it is possible that certain Adverse Interest holders may share the same priority under the Bankruptcy Code, but there is no information on how the Debtors intend to handle a distribution under those circumstances and no opportunity for an Adverse Interest holder to object to the Debtors' determination of priority.

20. Accordingly, MAC should have notice and an opportunity to object to any distribution from the Proceeds Account (or accounts): (a) before any distribution is made that would reduce the funds in the Proceeds Account to an amount that is lower than the amount of MAC's Constructions Liens and (b) before any distribution to any Adverse Interest holders with the same or lower priority status under the Bankruptcy Code.

## Reservation of Rights

21. MAC reserves its right to amend, supplement, and/or otherwise modify this Objection and to raise other and further objections to the Sale Order and associated applicable Asset Purchase Agreements.

WHEREFORE, MAC respectfully requests that the Court deny the Sale Motion unless and to the extent that the Sale Order fully preserves MAC's statutory lien rights as described above.

Date: December 8, 2023  
Wilmington, Delaware

**CLARK HILL PLC**

/s/ Karen M. Grivner  
Karen Grivner (Bar No. 4372)  
824 N. Market Street, Suite 710  
Wilmington, DE 19801  
Telephone: (302) 250-4750  
Facsimile: (302) 421-9439  
Email: kgrivner@clarkhill.com

-and-

Rebecca J. S. Cassell (MI Bar No. P64456)  
MYERS & MYERS, PLLC  
915 N. Michigan Avenue, Suite 200  
Howell, MI 48843  
Telephone: (517) 540-1700  
Facsimile: (517) 540-1701  
Email: rcassell@myers2law.com

*Attorneys for Mid-American Constructors, LLC*

## **CERTIFICATE OF SERVICE**

  I, Karen Grivner, hereby certify that on December 8, 2023, I caused a true and correct copy of the *Mid-American Constructors, LLC's Objection to the Debtors' Sale Motion* to be served on all parties named in the attached service list in the manner of service indicated thereon.

Date: December 8, 2023
   Wilmington, Delaware

**CLARK HILL PLC**

/s/ Karen M. Grivner
Karen Grivner (Bar No. 4372)
824 N. Market Street, Suite 710
Wilmington, DE 19801
Telephone: (302) 250-4750
Facsimile: (302) 421-9439
Email: kgrivner@clarkhill.com

-and-

Rebecca J. S. Cassell (MI Bar No. P64456)
MYERS & MYERS, PLLC
915 N. Michigan Avenue, Suite 200
Howell, MI 48843
Telephone: (517) 540-1700
Facsimile: (517) 540-1701
Email: rcassell@myers2law.com

*Attorneys for Mid-American Constructors, LLC*

*VIA EMAIL:*

| | |
|---|---|
| Allyson B. Smith<br>Kirkland & Ellis LLP<br>601 Lexington Ave<br>New York, New York 10022<br>Email: allyson.smith@kirkland.com<br><br>Patrick J. Nash Jr., P.C.<br>David Seligman, P.C.<br>Whitney Fogelberg<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Email: patrick.nash@kirkland.com<br>Email: david.seligman@kirkland.com<br>Email: whitney.fogelberg@kirkland.com<br><br>*Debtors' Co-Counsel* | Laura Davis Jones<br>Timothy P. Cairns<br>Peter J. Keane<br>Edward Corma<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>PO Box 8705<br>Wilmington, Delaware 19801<br>Email: ljones@pszjlaw.com<br>Email: tcairns@pszjlaw.com<br>Email: pkeane@pszjlaw.com<br>Email: ecorma@pszjlaw.com<br><br>*Debtors' Co-Counsel* |
| Cody Kaldenberg<br>Jon Cremeans<br>Ducera Partners LLC<br>11 Times Square, 36th Floor<br>New York, New York 10036<br>Email: ckaldenberg@ducerapartners.com<br>Email: jcremeans@ducerapartners.com<br><br>*Proposed Investment Banker to the Debtors* | Jane M. Leamy<br>Richard L. Schepacarter<br>Office of the U.S. Trustee<br>J. Caleb Boggs Federal Building<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, Delaware 19801<br>Email: jane.m.leamy@usdoj.gov<br>Email: richard.schepacarter@usdoj.gov<br><br>*United States Trustee* |
| Kevin M. Capuzzi<br>John C. Gentile<br>Jennifer R. Hoover<br>Benesch Friedlander Coplan & Aronoff LLP<br>1313 North Market Street<br>Suite 1201<br>Wilmington, Delaware 19801<br>Email: kcapuzzi@beneschlaw.com<br>Email: jgentile@beneschlaw.com<br>Email: jhoover@beneschlaw.com<br><br>*Co-Counsel for the Official Committee of Unsecured Creditors* | Philip C. Dublin<br>Meredith A. Lahaie<br>Abid Qureshi<br>Joseph L. Sorkin<br>Kevin Zuzolo<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>Bank of America Tower<br>New York, New York 10036<br>Email: pdublin@akingump.com<br>Email: mlahaie@akingump.com<br>Email: aqureshi@akingump.com<br>Email: jsorkin@akingump.com<br>Email: kzuzolo@akimgump.com<br><br>*Co-Counsel for the Official Committee of Unsecured Creditors* |

M2275\474935\274773436

| | |
|---|---|
| Susheel Kirplani<br>Quinn Emmanuel Urquhart & Sullivan<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Email: susheelkirpalani@quinnemanuel.com<br><br>Eric Winston<br>Jordyn Paperny<br>Quinn Emmanuel Urquhart & Sullivan<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Email: ericwinston@quinnemanuel.com<br>Email: jordyn.paperny@quinnemanuel.com<br><br>*Co-Counsel for MFN Partners, LP* | L. Katherine Good<br>Maria Kotsiras<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Email: kgood@potteranderson.com<br>Email: mkotsiras@potteranderson.com<br><br>*Co-Counsel for MFN Partners, LP* |
| Lucas S. Smith<br>Ropes & Gray LLP<br>191 North Wacker Drive, 32nd Floor<br>Chicago, Illinois 60606<br>Email: luke.smith@ropesgray.com<br><br>Natasha S. Hwangpo<br>Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, New York 10036<br>Email: natasha.hwangpo@ropesgray.com | Joshua M. Spencer<br>Phillip W. Nelson<br>Holland & Knight LLP<br>50 N. Riverside Plaza, Suite 2700<br>Chicago, Illinois 60606<br>Email: joshua.spencer@hklaw.com<br>Email: phillip.nelson@hklaw.com |
| Scott Greissman<br>Elizabeth Feld<br>Andrew Zatz<br>White & Case LLP<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Email: sgreissman@whitecase.com<br>Email: efeld@whitecase.com<br>Email: azatz@whitecase.com<br><br>*Counsel for Citadel Advisors LLC* | Kevin Simard<br>M. Hampton Foushee<br>Choate, Hall & Stewart LLP<br>Two International Place<br>Boston, Massachusetts 02110<br>Email: ksimard@choate.com<br>Email: hfoushee@choate.com<br><br>*Counsel for Citizens Business Capital* |

M2275\474935\274773436

| | |
|---|---|
| Ronald J. Silverman<br>Christopher R. Bryant<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, New York 10017<br>Email: ronald.silverman@hoganlovells.com<br>Email: chris.bryant@hoganlovells.com<br><br>*Counsel for The Bank of New York Mellon* | Michael Messersmith<br>Arnold & Porter Kaye Scholer LLP<br>70 West Madison Street, Suite 4200<br>Chicago, Illinois 60602<br>Email: michael.messersmith@arnoldporter.com<br><br>Rosa Evergreen<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Ave., N.W.<br>Washington, DC 20001<br>Email: rosa.evergreen@arnoldporter.com<br><br>Benjamin Mintz<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019<br>Email: benjamin.mintz@arnoldporter.com |

11