## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*, | Case No.  23-11069 (CTG)<br>(Jointly Administered) |
| Debtors.[1] | **Objection deadline: December 29, 2023 at 4:00 pm (ET)**<br>**Hearing date: January 22, 2024 at 2:00 pm (ET)** |

## MOTION OF TRANE TECHNOLOGIES COMPANY, LLC FOR RELIEF FROM THE AUTOMATIC STAY TO THE EXTENT OF AVAILABLE INSURANCE PROCEEDS

Trane Technologies Company, LLC ("Trane" or "Movant"), by its undersigned counsel, hereby moves (the "Motion") pursuant to section 362(d) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, for an order lifting the automatic stay imposed by section 362(a) of the Bankruptcy Code for the purpose of pursuing its claims against the debtors and proceeding to collect any award against any available insurance proceeds related to Movant's claims.  In support of this Motion, the Movant respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.      The statutory predicate for the relief sought herein is section 362(d) of the Bankruptcy Code.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

## **FACTS**

4.     On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court").   The Debtors' cases are being jointly administered.

5.     Prior to the Petition Date, certain of the Debtors including YRC Inc. (RDWY), Yellow Corporation, USF Reddaway Inc., USF Holland LLC provided ground transportation services to Trane as "carriers" as that term is defined in 49 U.S.C. § 13102.  As carriers, each of the responsible Debtors is liable to Trane for any damages incurred during the course of such ground transportation services.

6.     While providing ground transportation services to Trane, YRC Inc. (RDWY) lost, damaged, and/or destroyed certain shipments or parts thereof.  Consequently, Trane timely and properly filed claims against YRC Inc. (RDWY) for such damages.  The claims against YRC Inc. (RDWY) represent damages in the total amount of $222,419.51 (the "YRC Claims").  The YRC Claims are more fully reflected in the chart attached hereto as **Exhibit A**.

7.     While providing ground transportation services to Trane, Yellow Corporation lost, damaged, and/or destroyed certain shipments or parts thereof.  Consequently, Trane timely and properly filed claims against Yellow Corporation for such damages.  The claims against Yellow Corporation represent damages in the total amount of $10,033.62 (the "Yellow Claims"). The Yellow Claims are more fully reflected in the chart attached hereto as **Exhibit B**.

8.     While providing ground transportation services to Trane, USF Reddaway Inc. lost, damaged, and/or destroyed certain shipments or parts thereof.  Consequently, Trane timely and properly filed claims against USF Reddaway Inc. for such damages.  The claims against

USF Reddaway Inc. represent damages in the total amount of $110,028.02 (the "USF Reddaway Claims"). The USF Reddaway Claims are more fully reflected int the chart attached hereto as **Exhibit C**.

9. While providing ground transportation services to Trane, USF Holland LLC lost, damaged, and/or destroyed certain shipments or parts thereof. Consequently, Trane timely and properly filed claims against USF Holland LLC for such damages. The claims against USF Holland represent damages in the total amount of $244,982.72 (the "USF Holland Claims" and together with the YRC Claims, Yellow Claims, and USF Reddaway Claims, the "Claims"). The USF Holland Claims are more fully reflected in the chart attached hereto as **Exhibit D**.

10. To date, the responsible Debtors have neither paid nor disallowed the Claims. Pursuant to 49 U.S.C. § 14706, the parties' agreements, and other contracts, the responsible Debtors are liable to Trane for the Claims.

11. Upon information and belief, at the time that the Claims were incurred, the responsible Debtors were covered by insurance applicable to Trane's Claims. Indeed, according to the Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Insurance Coverage Entered into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, (II) Approving Continuation of the surety Bond Program, and (III) Granting Related Relief (the "Insurance Motion") [D.I. 6], the Debtors represent that they "maintain 82 insurance policies administered by multiple third-party insurance carriers" that "provide coverage for, among other things, automobile liability, general liability, . . . commercial umbrella and excess liability, . . . , shipper's interest, legal liability, . . . consumer-generated cargo liability, [and] cargo legal liability. . . ."

## RELIEF REQUESTED

12.     Through this Motion, Trane seeks the entry of an order pursuant to section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting Trane relief from stay so it may pursue its Claims against the responsible Debtors, only to the extent of the applicable of the Debtors' applicable insurance.

## BASIS FOR RELIEF REQUESTED

13.     Trane is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).  Section 362(d) of the Bankruptcy Code provides, in relevant part:

> on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . .  (1) for cause, including lack of adequate protection of an interest in property.

11 U.S.C. § 362(d).

14.     The Bankruptcy Code does not define "cause," and courts have held that this determination is to be made on a case-by-case basis.  *See In re Rexene Products Co.*, 141 B.R. 574 (Bankr. D. Del. 1992).  "Cause is a flexible concept and courts often . . . examin[e] the totality of the circumstances to determine whether sufficient cause exists to lift the automatic stay." *In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).  Courts have found that cause for lifting or modifying the automatic stay exists in order to permit litigation in another forum to liquidate a claim.  See, e.g., In re Rexene 141 B.R. 576 (noting that the legislative history of section 362(d) shows that cause may be established by a single factor such as "a desire to permit an action to proceed . . . in another tribunal.").

15.     If a creditor seeking relief from the automatic stay makes a *prima facie* case of "cause" for lifting the stay, the burden of going forward shifts to the trustee pursuant to Bankruptcy Code section 362(g).  *See In re 234-6 West 22nd Street Corp.*, 214 B.R. 751, 756

4

(Bankr. S.D.N.Y. 1997); *but see In re Abeinsa Holding, Inc.*, No. 16-10790 (KJC), 2016 WL 5867039, at *3 (Bankr. D. Del. Oct. 6, 2016) (noting that where the debtor's equity in property is not at issue, "the burden to resist lifting of the stay rests entirely with the [d]ebtor.").

16.    Courts often follow the logic of the intent behind section 362(d) which is that it is most often appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of section 362(d) (internal citations omitted).

17.    "[C]ourts in this jurisdiction have traditionally looked to a three-part balancing test to determine whether cause exists." *In re AP Orangevale, LLC*, No. 23-10687 (CTG), 2023 WL 5093819, at *7 (Bankr. D. Del. Aug. 8, 2023). The test "focuses on whether relief from stay would prejudice the estate, the balance of hardships if relief is granted, and the movant's likelihood of success on the merits in the non-bankruptcy forum." *Id*.

18.    Here, the facts weigh heavily in Trane's favor on each of these three prongs. First, the Debtors will not suffer prejudice because Trane's Claims against the responsible Debtors are carrier liability claims which do not present any factual or legal issues that will impact or distract the Debtors from their reorganization or liquidation process. The Claims represent the actual loss or injury to Trane's property caused by the responsible Debtors and, pursuant to 49 U.S.C. § 14706 Trane is entitled to bring a civil action in a United States district court or in a State court. Indeed, Trane's Claims "***must*** be brought in a United States district court or in a State court." 49 U.S.C. § 14706(d)(3) (emphasis added).

19.     Furthermore, upon information and belief, the Debtors have insurance coverage for defense costs and any resulting liability.  To the extent the responsible Debtors' liability to Trane is covered by insurance policies, any recovery by Trane will not affect or in any way prejudice the Debtors' estate.  *See In re 15375 Memorial Corp.*, 382 B.R. 652, 687 (Bankr. D. Del. 2008), *rev'd on other grounds*, 400 B.R. 420 (D. Del. 2009); *see also In re Allied Digital Tech Corp.*, 306 B.R. 505, 510 (Bankr. D. Del. 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy).

20.     Trane agrees that it is not seeking immediate recovery against the Debtors' or the Debtors' estates for any amount owed to Trane that is not covered by the Debtors' insurance as a result of any settlement or judgment of the Claims.

21.     Second, Trane will suffer substantial hardship if the stay is not lifted.  Trane will be prejudiced by continued delay resulting from the automatic stay due to the possibility of witnesses moving to unknown locations or who may pass away and the retention and recovery of the large amount of documentation in the possession of the Debtors reflecting the Claims and their validity.

22.     Lastly, the likelihood of success on the merits prong is satisfied as "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay.  *In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993).  The facts regarding the Claims are straightforward and speak for themselves - the responsible Debtors served as carriers for Trane, while transporting Trane's property, actual damage and injury was incurred, Trane timely and properly submitted claims as required under 49 U.S.C. §14706, and the responsible Debtors are and remain liable for the Claims.

23.     Based on the above factors, the Court should lift the automatic stay to permit Trane to pursue its Claims against the Debtors and any other responsible individual or entity to judgment or resolution and satisfy the same from the Debtors' applicable insurance policies.

## NOTICE

24.     Pursuant to Local Rule 4001-(a), notice of this Motion has been provided to: (i) counsel for the Debtors; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) counsel for the debtor-in-possession financing lenders; (iv) the Office of the United States Trustee; and the Chapter 7 Trustee.  Trane submits that no other or further notice need be provided.

WHEREFORE, the Trane respectfully requests that the Court enter an order, substantially in the form attached hereto, (a) lifting the automatic stay for cause to allow Trane to pursue the Claims; (b) permitting Trane to liquidate and satisfy the Claims from applicable insurance coverage available to the Debtors; (c) directing that relief from the automatic stay shall be effective immediately upon entry of an order granting this Motion and that the 14 day stay provided in Bankruptcy Rule 4001(a)(3) shall not apply; and (d) for such further additional relief as may be just and proper under the circumstances.

Dated:  December 15, 2023                    **GELLERT SCALI BUSENKELL & BROWN, LLC**

                                             */s/ Michael Busenkell*
                                             Michael Busenkell (DE 3393)
                                             1201 N. Orange Street, Suite 300
                                             Wilmington, DE 19801
                                             Telephone: (302) 425-5812
                                             Facsimile:  (302) 425-5814
                                             mbusenkell@gsbblaw.com

                                             -and-

7

**PARKER POE ADAMS & BERNSTEIN, LLP**
Ashley A. Edwards, Esq.
Phillip M. Fajgenbaum, Esq.
620 South Tryon Street, Suite 800
Charlotte, NC 28202
Telephone: (704) 372-9000
ashleyedwards@parkerpoe.com
phillipfajgenbaum@parkerpoe.com

*Counsel for Movant*