UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No. 968** |
|  | ) |  |

### RESERVATION OF RIGHTS

### REGARDING CONDUCT OF AUCTION

Terreno Dell LLC (the Terreno Landlord) respectfully presents its Reservation of Rights Regarding the Conduct of Auction as follows:

**I.        FACTUAL AND PROCEDURAL BACKGROUND**

1. On or about August 6, 2023 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

2. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169]. Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269]. No trustee or examiner has been appointed in these chapter 11 cases.

3. On August 30, 2023, Debtors filed their Sale Procedures Motion as part of "a full-scale wind-down of their business operations." Debtors seek the authority to sell substantially all of Debtors' Assets (including leasehold interests) to potential high bidders, to be identified after a bidding and auction process, pursuant to Bidding Procedures, and to assume and assign nonresidential leases in connection therewith.

4. The Terreno Landlord, as landlord, and co-debtor YRC Inc., as tenant are parties to a certain lease dated February 13, 2009 (as amended or modified from time to time, the "<u>Dell Lease</u>"), covering certain premises located at 700 Dell Road, Carlstadt, NJ 07072 (the "<u>Dell Premises</u>"), on the terms and conditions set forth therein.

5. On September 15, 2023, the Court entered the *Order (I)(A) Approving the Bidding Procedures For the Sale or Sales of the Debtors' Assets, (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 575] (the "Auction Order"), by which the Court approved procedures for the conduct of an auction and the assumption or assumption and assignment of executory contracts and unexpired leases and

granted related relief, as set forth in the Order.  The Auction Order contemplates that the Debtor would begin the auction with the Baseline Bid, announce the minimum increment over the Baseline Bid, and allow other parties to Overbid.  Subsequent rounds would begin with the Prevailing Highest Bid, with the Debtor announcing the minimum increment to exceed the Prevailing Highest Bid.

6.      On October 26, 2023, the Debtor filed and served its *Notice Of Potential Assumption Or Assumption And Assignment Of Certain Contracts Or Leases Associated With The Non Rolling Stock Assets* [Docket 968] (the "Notice").  The Notice provided that the Dell Lease would be sold at an Auction consistent with the Auction Order.

7.      The Terreno Landlord submitted a bid to purchase the Dell Lease for $14.6 million and a waiver of its Cure Demand (the "Terreno Bid").  The Debtor has confirmed that the Terreno Bid was the highest bid for the Dell Lease and would have represented the "Baseline Bid" as that term is used in the Auction Order.

**II.      OBJECTION TO THE CONDUCT OF AUCTION**

8.      The Auction for the Dell Lease was continued to December 19, 2023.  Through an email on December 15, 2023, the Debtor advised that the auction of the Dell Lease would not be conducted as contemplated by the Auction Order, but instead would be conducted under new procedures (the "New Auction Procedures").  The Debtor's email presenting the New Auction Procedures is attached hereto.

9.      The purported justification for the New Auction Procedures is Paragraph 16 of the Auction Order, which permits the Debtor to supply "*additional* customary terms and conditions" and to make modifications such as to change the date or time of the auction; Paragraph 16 does

not authorize the Debtor to reject the Auction Order's auction procedures entirely, as is done by the New Auction Procedures.

10. The New Auction Procedures are not consistent with, and are a material departure from, the Auction Order. Specifically:

    a. Although the Auction Order provided for an auction in person or by zoom, under the New Auction Procedures the auction would be conducted exclusively through bi-lateral email exchanges between the Debtor and unknown and unidentified bidders.

    b. Although Local Rule 6004-1(c)(ii)(C) provides that "the auction will be conducted openly and all creditors will be permitted to attend," under the New Auction Procedures the auction would be conducted entirely in secret and no bidder would be permitted to observe it.

    c. Although the Auction Order contemplated that bidders would present bids at the auction, under the New Auction Procedures only the Debtor would bid at the auction: the Debtor would state a price in an email, and "bidders" could agree to accept it or not. The "winning bidder" would be the first to accept the Debtor's bid.

11. The Terreno Landlord submits that the Debtor's New Auction Procedures are unauthorized and a sale premised on those procedures should not be approved by the Court.

Date: December 18, 2023
      Wilmington, Delaware

                                            /s/ Garvan F. McDaniel, Esq.
                                            Garvan F. McDaniel, Esq.
                                            **HOGAN MCDANIEL**
                                            Attorneys at Law
                                            1311 Delaware Avenue
                                            Wilmington, DE 19806
                                            Telephone (302) 656-7596
                                            Facsimile (302) 656-7599