**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Objections Due:  December 26, 2023 at 4:00 pm**<br>**Hearing Date:  January 22, 2024 at 2:00 pm** |

**OBJECTION OF AARON MISQUEZ TO THE MOTION OF DEBTORS TO ESTABLISH ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR RESOLUTION OF CERTAIN LITIGATION CLAIMS AND FOR RELATED RELIEF**

Aaron Misquez ("Misquez"), by and through his undersigned attorneys, asserts the following objections to the *Motion of Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Certain Litigation Claims and for Related Relief* (the "ADR Motion") [D.I. 1329].

**BACKGROUND**

1.      On or about December 12, 2021, an employee of Debtors, Steven Rykbos ("Rykbos") was operating a vehicle owned by Debtors and acting within the scope of his employment when he collided with Misquez (the "Collision").  Misquez sustained personal injuries, including multiple traumatic injuries, right humerus fracture, blunt chest and abdominal trauma, multiple rib fractures, L2-L3 vertebral fractures, bladder rupture, respiratory failure, among others, and damages as a result of the Collision.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

2. On March 22, 2022, Misquez filed a lawsuit against Rykbos and YRC, Inc., in the San Bernardino Superior Court, Case No. CIVSB2206594 (the "State Court Action") arising out of the Collision.

3. On or about August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. At that time, an automatic stay by Section 362 of the Bankruptcy Code came into effect and stayed the State Court Action against the Debtors. Misquez intends to file a motion to have the automatic stay lifted so he can proceed with his State Court Action.

4. On December 11, 2023, the Debtors filed the ADR Motion seeking to establish alternate dispute resolution procedures that would have the inconceivable and unjust result of releasing the Debtors and their estates from liability related to all personal injury and/or wrongful death claims.

**OBJECTION**

5. While Misquez questions the procedural posture and legal support underlying the ADR Motion, his primary objection to the ADR Motion revolves around the practical effect of the ADR Procedures[2]—the extinguishment of his rights.

**A.  The ADR Procedures Seek to Improperly Extinguish Litigation Claims Against the Debtors**

6. The ADR Motion does not merely seek to streamline consideration and resolution of Litigation Claims,[3] rather it seeks to extinguish all such claims against the Debtors and the

---

[2] ADR Motion, Ex. 1 (the "ADR Procedures").

[3] "[A] claim arising before August 8, 2023 for personal injury and/or wrongful death, or for property damage, and any related claims, against the Debtors or any of the Indemnitees[.]" ADR Procedures at Section I.

Indemnitees[4] and limit all those holding Litigation Claims (the "Claimants")—such as Misquez—to pursuing and collecting from the Debtors' insurers.

7.  This is evidenced by the fact that there is no path under the ADR Procedures by which a Claimant can pursue the Debtors or even seek to have their Litigation Claim paid as part of the ordinary claims process.

8.  If a Claimant refuses to participate in the ADR Procedures by simply ignoring the ADR Notice[5] that is received, then the claimant "may have its Litigation Claim disallowed[.]" ADR Procedures at Section V.A.2; *see also* ADR Notice. The ADR Notice itself does not contain an opt out, leaving the only options immediate disallowance of the Litigation Claim or participation in the ADR Procedures.

9.  Once a Claimant is part of the ADR Procedures, there are only two possible results: settlement or return to the tort system. Yet neither option allows the Claimant to pursue or collect from the Debtors or the Indemnitees.

10. If a Claimant opts not to settle and instead litigate their Litigation Claim, they are still unable to proceed against the Debtors under the ADR Procedures: "the Claimant shall have the right to seek relief from the ADR Injunction by filing a motion with the Bankruptcy Court; ***provided, however, that such Claimant shall waive and release any and all claims against the Debtors, the Indemnitees, and the Debtors' estates, and may pursue such Litigation Claim(s) with the Debtors identified solely as nominal parties, solely to the extent of insurance proceeds, if any.***" ADR Procedures at Section V.E.1.a (emphasis added).

---

[4] "[N]on-debtor third parties as to which the Debtors believe [Litigation Claims] are covered, in whole or in part, by the Debtors' insurance policies or for which the Debtors retain ultimate liability pursuant to contract, corporate by-laws, or insurance policies and related agreements (such non-debtor third parties, collectively, the "Indemnitees")." ADR Motion ¶ 1.

[5] ADR Procedures, Ex. B (the "ADR Notice").

11. There are real and practical risks in a forced and permanent waiver of rights against the Debtors. These include but are not limited to the risk that the insurance is exhausted or that the Litigation Claim is not covered by the insurance. Indeed, the ADR Procedures implicitly recognize this risk while doing nothing to mitigate it: "Claimant shall waive and release any and all claims against the Debtors, the Indemnitees, and the Debtors' estates, and may pursue such Litigation Claim(s) with the Debtors identified solely as nominal parties, solely to the extent of insurance proceeds, *if any*." ADR Procedures at Section V.E.1.a (emphasis added).

12. If the ADR Motion is approved with the ADR Procedures intact, then all Claimants will effectively lose their rights against the Debtors.[6]

**B.    The ADR Motion Lacks Legal and Factual Support**

13. In addition to the substantive deficiencies in the ADR Procedures, the ADR Motion also has several legal and factual deficiencies.

14. Most notably, the Debtors' legal support for inclusion of a permanent waiver of claims against the estate is inapplicable to these ADR Procedures. The Debtors provide a string cite for this proposition to various ADR procedures, but each procedure cited by the Debtors contains a mechanism by which a claimant could proceed against a debtor or its estate. *See* ADR Motion ¶ 31 n. 21. Indeed, the first case the Debtors cite specifically undercuts the Debtors' position: "if a Damages Claim becomes an Allowed Claim it shall then be satisfied first from third-party sources . . . Nevertheless, *to the extent the third-party sources ultimately prove insufficient, any deficiency will receive treatment to the same extent as an Allowed Unsecured Claim against*

---

[6] The Debtors have yet to identify a single claimant that is expressly subject to the ADR Procedures, *see ADR Procedures, Ex. A*, and therefore would have been given express notice of the ADR Motion pursuant to ADR Motion ¶ 38(p) prior to the objection deadline. Rather, all holders of Litigation Claims—including Misquez—will be likely first receive individual notice of the ADR Procedures after they have already been approved and there is no longer a chance to object.

*the appropriate Debtor.*" *In re Eagle Bus Mgf., Inc.*, 134 B.R. 584, 591 (Bankr. S.D. Tex. 1991) (emphasis added).

15. Likewise, the Debtors' arguments surrounding the issuance of the ADR Injunction[7] do not save them on the permanent waiver of claims issue. First, their cited authority involves extending protection to third-parties, not increasing debtor protection as the permanent waiver seeks to do. Second, the ADR Procedures seek to establish a permanent injunction, yet the entirety of the Debtors' argument and authority is focused on the injunction created by the automatic stay or on a preliminary injunction, both of which are simply inapplicable to the permanent injunction created by the ADR Procedures. *See* ADR Motion ¶¶ 33–36.

16. Further, the Debtors state that they "are not currently in a position to defend the Litigation Claims in another forum if the stay were to be lifted[,]" *ADR Motion* at ¶ 3, but this fails to account for the terms of the motors carrier indemnity policy under which Old Republic Insurance Company ("<u>ORIC</u>") has the option of assuming the administration of litigation. This undercuts the argument that the ADR Procedures are necessary. Nor do the Debtors explain how the ADR Procedures would alleviate the "need to initiate coverage litigation against ORIC immediately." ADR Motion at ¶ 20. Misquez's State Court Action has been pending for over twenty-one (21) months and it is unlikely decisions regarding ORIC's assumption of the State Court Action or coverage obligations are still undecided.

17. Finally, the ADR Procedures seek to set unreasonably short response periods for Claimants which, if not met, may provide for the disallowance of the applicable Litigation Claims. ADR Motion ¶ 22.

---

[7] *See* ADR Procedures at Section IV.

18. In short, the Debtors seek to create a process through which they can unilaterally eliminate the threat and liability of Litigation Claims without allowing the affected Claimants any opportunity to opt-out.

## RESERVATION OF RIGHTS

19. Misquez reserves his right to amend, supplement, and/or otherwise modify this objection, and to raise other and further objections as may be necessary.

**WHEREFORE**, Misquez requests that the Court (i) deny or modify the ADR Procedures and (ii) grant Misquez such other and further relief as is just and proper.

Dated: December 26, 2023
Wilmington, Delaware

Respectfully submitted,

**ROBINSON & COLE LLP**

*/s/ Katherine S. Dute*
Jamie L. Edmonson (No. 4247)
Katherine S. Dute (No. 6788)
1201 North Market Street, Suite 1406
Wilmington, Delaware 19801
Telephone: (302) 516-1700
Facsimile: (302) 516-1699
Email: jedmonson@rc.com
kdute@rc.com

-and-

**JACOBY & MEYERS LLP**

Shane Hapuarachy (*pro hac vice* pending)
Alicia Curran (*pro hac vice* pending)
10900 Wilshire Blvd. 15th Floor
Los Angeles, CA 90024
Email: shapuarachy@jacobyandmeyers.com
acurran@jacobyandmeyers.com
Telephone: (310) 312-3300
Facsimile: (310) 715-8331