**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11069 (CTG)<br>(Jointly Administered)<br><br>**RE: D.I. 1329** |

**LIMITED OBJECTION OF CREDITORS HAGOP KOULOUJIAN, ARAM KOULOUJIAN AND DANIELA GAITO TO THE MOTION OF DEBTORS TO ESTABLISH ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR RESOLUTION OF CERTAIN LITIGATION CLAIMS AND EQUITABLE RELIEF**

Creditors Hagop Kouloujian, Aram Kouloujian and Daniela Gaito (collectively "Kouloujian Creditors") assert the following limited objections to the *Motion of Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Certain Litigation Claims and for Related Relief* (the "ADR Motion") [D.I. 1329].

## BACKGROUND

1. Hagop Kouloujian contracted to purchase flooring with third-party Home Depot U.S.A., Inc. ("Home Depot") The agreement also set forth that Home Depot would deliver the flooring to plaintiffs' residence. Home Depot then entered into an agreement with USF Reddaway, Inc. (Debtor) to deliver the flooring to plaintiffs' residence. On March 19, 2021 USF Reddaway's driver essentially dropped 2,000 pounds of flooring on plaintiff Hagop Kouloujian causing him to suffer life-threatening and life-altering injuries, including but not limited to, traumatic brain injuries, permanent hearing loss and permanent facial nerve injuries.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

1

2. On October 13, 2021, plaintiffs filed a complaint in the State of California, County of Los Angeles, seeking compensation for personal injuries in the County of Los Angeles against Home Depot, USF Reddaway, Inc. and driver Carlos Paz.

### **LIMITED OBJECTION**

3. The Kouloujian creditors object to the ADR Motion for the following reasons:

a) The manner in which the ADR Motion defines "Indemnitees" and "Third-Party Payors" potentially prevents the Kouloujian Creditors from pursuing their claims against Home Depot should the ADR procedures be unsuccessful. Section IV ADR INJUNCTION of within the proposed order of the ADR Motion (p. 4) and throughout the ADR Motion states that, "If the ADR Injunction is lifted, the Claimants may proceed against the Debtors and the Indemnitees in forums outside the Bankruptcy Court, *provided that the Claimants waive and release any and all claims against the Debtors, their chapter 11 estates, and the Indemnitees and their personal assets, and agree to proceed solely against insurance proceeds.'* [Emphasis added.]

b) The "Indemnitees" are defined as "(b) any person indemnified by the Debtors; any person or entity listed as an additional insured under the Debtors' insurance policies (including, but not limited to, the ORIC Policies);. . .(f) any other entity or individual sharing coverage with the Debtors." Defendant Home Depot is likely being indemnified by Debtors for the claims at-issue in the underlying lawsuit. However, Home Depot also has its own insurance and also owed an independent duty to plaintiffs under California Law. However, the ADR Motion, as framed, could essentially prevent the claimants from pursuing its claims against Home Depot in the near future based on the proposed stay extending to Third-Party Payors, and possibly ever, based on the language used to define "Indemnitee" in the ADR Motion.

Such a result would be entirely inequitable to the Kouloujian Creditors and would give a free pass to a party to a lawsuit that has no formal relationship to the debtors here other than Home Depot hired the debtors to deliver the flooring materials.

4. Moreover, as a Third-Party payor and/or an Indemnitee, the Kouloujian Claimants should not be forced to wait to pursue its claims against unrelated Third-Party Home Depot, that has its own separate insurance coverage and its own assets, until such time as it goes through this ADR process with the Debtors. Home Depot is not a Debtor in these proceedings and should not be given the benefits of bankruptcy protection, including the automatic stay. In addition, any possibility that Home Depot may be receiving some form of a Third-Party release, that is highly objectionable and clearly impermissible, especially at this stage of the proceedings. Home Depot has its own assets and its own insurance that would potentially cover these claims. It is entirely unfair to claimants to force them to wait months or years to pursue a third-party based on these procedures.

## RESERVATION OF RIGHTS

The Kouloujian Creditors expressly reserve all rights to present other bases for objection to the ADR Motion.

Date:   December 26, 2023             GELLERT SCALI BUSENKELL& BROWN, LLC

By: /s/ Ronald S. Gellert
Ronald S. Gellert (DE 4259)
1201 N. Orange St., Ste. 300
Wilmington, Delaware 19801
Telephone: (302) 425-5800
Facsimile:  (302) 425-5814
rgellert@gsbblaw.com

SLATER SLATER SCHULMAN LLP
James W. Lewis *(pro hac vice in process)*
8383 WILSHIRE BLVD.
SUITE 255
BEVERLY HILLS, CA 90211
(310) 341-2086
jlewis@sssfirm.com