**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, et al., | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors.[1] | ) Jointly Administered |
| | ) |
| | ) **Re: D.I. 1329 & 1486** |

**JOINDER OF ANNE-CELESTE OPENSHAW TO OBJECTION OF AARON MISQUEZ TO THE MOTION OF DEBTORS TO ESTABLISH ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR RESOLUTION OF CERTAIN LITIGATION CLAIMS AND FOR RELATED RELIEF**

Anne-Celeste Openshaw ("Ms. Openshaw") hereby files this joinder (the "Joinder") to the *Objection of Aaron Misquez to the Motion of Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Certain Litigation Claims and for Related Relief* [D.I. 1486] (the "Objection"). In support of this Joinder, Ms. Openshaw respectfully states as follows.

**JOINDER AND LIMITED OBJECTION**

1.      Ms. Openshaw expressly joins, adopts, and incorporates the arguments set forth in the Objection and reserves all rights to fully participate in any hearings and resolutions concerning matters raised in the Objection.

2.      Additionally, Ms. Openshaw objects to the *Motion of Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Certain Litigation Claims and for Related Relief* [D.I. 1329] (the "ADR Motion") because the ADR Motion establishes a process

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

by which claims are disallowed without the protections afforded objections to claims in rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Rules") and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  Claimants are not expecting substantive rights with respect to their claims to be impacted by a motion filed in the bankruptcy case, which does not (i) explicitly state that substantive rights may be affected and (ii) identify the claimants that are impacted.  *See e.g.*,  ADR Procedures § V.A.1[Ex. 1 to Ex. A of the Motion] (if a claimant does not respond to the second ADR Notice[2] and Immediate Claim Settlement Offer by the Second Claimant Response Deadline, there is deemed consent to the settlement offer and the claimant's claim is deemed satisfied); ADR Procedures § VI (provides that failure to comply or cooperate with the ADR Procedures may be a basis to disallow claims).

3.      Ms. Openshaw further objects to the ADR Motion because it establishes a process whereby settlements are negotiated and agreed to that may never be funded by the insurers.  It is Ms. Openshaw's understanding that certain of the insurance policies require large deductibles or self-insured retention amounts (including one that has a $6,000,000 deductible) before the insurance company has any obligation to provide insurance coverage.  Further, under these policies, the bankruptcy of the insured does not require the insurance company to drop down to replace the deductible or to assume any obligations associated with the deductible. Under the ADR Procedures, "[a]ny amount of a Litigation Claim resolved by these ADR Procedures shall be paid in accordance with the terms, provisions, conditions and exclusions of Debtors' insurance policies . . . ."  *See* ADR Procedures § II.  The ADR Procedures further reserve all insurers' rights, including expressly providing that it does not modify or otherwise

---

[2]      Capitalized terms used herein, but not defined herein have the meaning ascribed such terms in the ADR Motion.

alter the conditions or exclusions of any insurance policy or modify the Debtors' obligations to pay retentions or deductibles. *Id.* at § III. Accordingly, the ADR Procedures seem to establish a process whereby settlements are offered or negotiated that may not be paid by the insurers. The ADR Procedures should be modified to reflect that to the extent a settlement is reached, ORIC and any Third-Party Payors are deemed to waive any policy provisions that would allow the insurance companies to avoid making the settlement payment.

### **RESERVATION OF RIGHTS**

4.      Ms. Openshaw reserves her right to amend, supplement, and/or otherwise modify this Joinder and to raise further objections as may be necessary.

### **CONCLUSION**

WHEREFORE, Ms. Openshaw requests that the Court (i) deny or modify the ADR Procedures and (ii) grant Ms. Openshaw such further relief as is just and proper.


Dated:  December 26, 2023
        Wilmington, Delaware

                                        BAYARD, P.A.

                                        */s/ Ericka F. Johnson*
                                        Ericka F. Johnson (Del. Bar No. 5024)
                                        600 N. King Street, Suite 400
                                        P.O. Box 25130
                                        Wilmington, Delaware 19899
                                        Tel: (302) 429-4275
                                        Email: ejohnson@bayardlaw.com

                                        *Counsel to Anne-Celeste Openshaw*