## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Obj. Due:  Jan. 11, 2024 at 4:00 pm EST**<br>**Hearing Date: Jan. 22, 2024 at 2:00 pm EST** |

## MOTION OF AARON MISQUEZ FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE

Aaron Misquez ("Misquez" or "Movant"), by and through his undersigned counsel, hereby moves this Court, pursuant to section 362(d) of the United States Code, 11 U.S.C. Sections 101-1532 (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure and Local Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), relieving Misquez from the automatic stay to permit Misquez to prosecute a personal injury lawsuit against the above-captioned debtors and debtors in possession (collectively, the "Debtors"), and to collect any award against Debtors' applicable insurance policies.  In support of the Motion, Movant states as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Sections 157 and 1334.  Venue in this district is proper pursuant to 28 U.S.C. Sections 1408 and 1409.  This Motion is a core proceeding pursuant to 28 U.S.C. Section 157(b).

2.      The statutory predicate for the Motion is 11 U.S.C. Section 362(d).

## BACKGROUND

3.      This Motion is necessitated by an automobile collision on or about December 12, 2021 caused by an employee of Debtors, Steven Rykbos ("Rykbos"), while Rykbos was operating a vehicle owned by Debtors and acting within the scope of his employment (the "Collision"). Misquez sustained personal injuries, including multiple traumatic injuries, right humerus fracture, blunt chest and abdominal trauma, multiple rib fractures, L2-L3 vetebral fractures, bladder rupture, respiratory failure, among others and damages as a result of the Collision.

4.      On March 22, 2022, Misquez filed a lawsuit against Rykbos and YRC, Inc., in the San Bernardino Superior Court, Case No. CIVSB2206594 (the "State Court Action") asserting a cause of action for negligence.  The complaint filed in the State Court Action (the "Complaint") is attached hereto as Exhibit 1.  In the State Court Action, Misquez seeks special and general damages including compensation for his injuries, both past and future economic loss, and pain and suffering caused by the Collision.  While Movant named YRC, Inc. as a defendant, Debtor Yellow Corp. answered the Complaint (noting it was erroneously sued as YRC, Inc.) on or about May 17, 2022.

5.      On or about August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  At that time, an automatic stay by Section 362 of the Bankruptcy Code came into effect and stayed the State Court Action against the Debtors.

6.     The Movant has a good faith belief that the Debtors are covered by insurance policies applicable to the Misquez claims.  According to verified discovery responses, Debtors have a motor carrier indemnity policy with Old Republic Insurance that was in force and effect at the time of the loss.   The indemnity policy provides for Old Republic Insurance to pay first dollar and seek reimbursement from the insured for any amounts paid.  Further, the policy gives Old Republic Insurance the option to handle the administration of the claim or litigation, including handling any defense of the claim.   As litigation was pending in this matter before the Petition date, Old Republic Insurance Company may have already assumed the defense of the claim..

## RELIEF REQUESTED

7.     Through this Motion, Movant seeks the entry of an order, substantially in the form of the Proposed Order, granting relief from the automatic stay so that he may pursue his claims against the Debtors to judgment in the State Court Action and satisfy any award or other resolution he may obtain against the Debtors from the proceeds of any applicable insurance policies.[2]

## BASIS FOR RELIEF REQUESTED

8.     Pursuant to 11 U.S.C. Section 362(d)(1), good cause exists to grant Movant relief from stay to proceed with the State Court Action in the non-bankruptcy forum. Bankruptcy Code Section 362(d)(1) provides that the Court shall grant relief from the stay "for cause[.]" 11 U.S.C. § 362(d)(1).  "Cause" is not defined in the Bankruptcy Code, rather courts will often "conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay."  *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing See *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997)).

---

[2] In the event the applicable insurance policies do not provide sufficient funds to satisfy Movant's claim, Movant reserves the right to pursue the balance of his judgement against the Debtors as part of the ordinary claims process.

9.      Section 362(d)(1) is particularly applicable to "permit[ing] proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Rexene Products Company*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) 576 (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess., 341 (1977); *see also SCO Grp.*, 395 B.R. at 856 (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess., 341 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6297).

10.      Courts in the District of Delaware use a three-pronged balancing test in determining whether "cause" exists for granting relief from the automatic stay to continue litigation:

(1) Whether any great prejudice to either the bankrupt estate or the debtor will result from the continuance of the civil suit;

(2) Whether the hardship to the non-bankrupt party by maintenance of the stay outweighs the debtors' hardship; and

(3) The creditor has a probability of success on the merits.

*In re Tribune Co.* 418 B.R. 116, 126 (Bankr. D. Del 2009); *see also Rexene Prods.*, 141 B.R. at 576.  In evaluating these prongs, Courts often follow the logic of the intent behind § 362(d) in determining whether cause exists to lift the stay—that it is often appropriate to allow litigation to proceed, if no prejudice befalls the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." *Tribune,* 418 B.R. at 126 (quoting legislative history of § 362(d)) (internal citations omitted)).

11.      While the Movant bears the initial burden to provide a *prima facie* case of "cause" for lifting the stay, the ultimate burden rests with the Debtors as the party opposing stay relief. 11 U.S.C. § 362(g) and *Rexene Prods.*, 141 B.R. at 577; *see also In re 234-6 West 22nd Street Corp.,*

214 B.R. 751, 756 (Bankr. S.D. N.Y. 1997). The Movant has met its burden to provide an initial showing of "cause" to lift the stay.

     **A.**     **Relief from Stay Will Not Prejudice the Debtors or Their Estates.**

     12.     As to the first prong, there is no prejudice to the bankruptcy estate or to the Debtors if the State Court Action is allowed to continue. Any award, judgment, or resolution that Misquez obtains in the State Court Action will be satisfied with proceeds from the applicable insurance policies. While insurance policies are frequently considered estate property, the proceeds of such policies are generally not considered estate property. *See In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del 2008), rev'd on other grounds, 400 B.R. 420 (D. Del. 2009) (citing *Houston v. Edgeworth (In re Edgeworth*, 993 F2d. 51, 55 (5th Cir. 1993) (holding that proceeds of typical liability insurance policies are not estate property). "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *Edgeworth*, 993 F.2d at 56. The court in *15375 Memorial* went on to note that the Third Circuit was likely to follow the reasoning of *Edgeworth*. *See 15375 Memorial Corp.,* 382 B.R. at 688; *see also In re Allied Digital Tech Corp.*, 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership of an insurance policy by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy).

     13.     Because the Movant is, at this time, seeking only to proceed against non-estate assets, the Debtors will not be prejudiced in any way. Indeed, lifting the stay will ultimately assist the Debtors' reorganization efforts by providing a mechanism to liquidate Movant's claims.

     **B.**     **The Hardship the Debtor May Face by Relief From the Stay Does Not Considerably Outweigh the Hardship Movant Will Face by Continued Maintenance of the Stay.**

     14.     As to the second prong, the balance of harms favors lifting the automatic stay. Misquez will face substantial hardship if the stay is not lifted. As a result of the Debtors'

negligence, Misquez has suffered serious personal injuries, incurred medical expenses, and lost earnings.  Continued delay in prosecuting the State Court Action will result in prejudice to Misquez as he is forced to wait for compensation and risks evidence becoming stale.  Further, the State Court Action is pending in the San Bernardino Superior Court, the jurisdiction where the Collision occurred.  If forced to liquidate his case in Delaware, Misquez would be prejudiced with the increased expense of bringing attorneys, witnesses, and physical evidence across the country and may be further prejudiced by the geographical limits of the court's subpoena power.

15.     In contrast, the Debtors will not suffer any hardship if Misquez's claims in the State Court Action are allowed to proceed.  The Debtors scheduled the Movant as holding an unliquidated and disputed personal injury claim and Movant has filed a claim for not less than $12,000,000.  This is a significant claim that the Debtors must ultimately liquidate.  Because his claims are grounded in personal injury, this court lacks the jurisdiction to liquidate Misquez's claims. 11 U.S.C. § 157(b)(2).

16.     The Debtors will suffer no cognizable harm by allowing the Movant to proceed to judgment and collect against the Debtors' insurance proceeds.  Misquez, on the other hand, suffers greatly as a result of having his personal injury claims delayed indefinitely.

  **C.**  **The Movant's State Court Action Exceeds the "Slight Probability" of Success of the Merits Threshold.**

17.     As to the third prong, probability for success on the merits, Courts require only a "very slight" showing of probability of success.  *Rexene Prods.*, 141 B.R. at 578 (citing *In re Peterson,* 116 B.R. 247, 250 (D. Colo 1990).  "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where, as here, we believe the decision-making process should be relegated to bodies other than [the bankruptcy] court." *Id*.

(quoting *Fonseca v. Philadelphia Housing Authority (In re Fonseca)*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990).

18.    Given the facts of the Collision, Misquez indisputably has a "slight probability" of success on the merits.

19.    When weighing the above factors, good cause exists for lifting the automatic stay imposed by Section 362 of the Bankruptcy Code and permitting Misquez to proceed with the State Court Action.

**WHEREFORE**, for the forgoing reasons, Movant respectfully requests entry of an order, substantially in the form of the Proposed Order (1) lifting the automatic stay, (2) permitting Misquez to proceed with the State Court Action, (3) permitting Misquez to prosecute his claims against the Debtors and any other responsible individual or entity to judgment in the State Court Action, (4) permitting Misquez to satisfy any award or other resolution he may obtain against the Debtors through the Debtors' applicable insurance policies, and (5) granting such other and further relief as this Court deems just and proper.

Dated: December 28, 2023
Wilmington, Delaware

Respectfully submitted,

**ROBINSON & COLE LLP**

*/s/ Katherine S. Dute*
Jamie L. Edmonson (No. 4247)
Katherine S. Dute (No. 6788)
1201 North Market Street, Suite 1406
Wilmington, Delaware 19801
Email:      jedmonson@rc.com
            kdute@rc.com
Telephone: (302) 516-1700
Facsimile: (302) 516-1699

-and-

**JACOBY & MEYERS LLP**
Shane Hapuarachy (*pro hac vice* pending)
Alicia Curran (*pro hac vice* pending)
10900 Wilshire Blvd. 15th Floor
Los Angeles, CA 90024
Email:    shapuarachy@jacobyandmeyers.com
             acurran@jacobyandmeyers.com
Telephone: (310) 312-3300
Facsimile: (310) 715-8331