# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> YELLOW CORPORATION, *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 23-11069 (CTG) <br> (Jointly Administered) <br><br> **RE: D.I. 1329** |

### JOINDER AND OBJECTION OF BRETT GROVES TO DEBTORS' MOTION TO ESTABLISH ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR RESOLUTION OF CERTAIN LITIGATION CLAIMS AND FOR RELATED RELIEF

Brett Groves ("Movant"), by and through his undersigned counsel, hereby submits his objection (the "Objection") to the to the Motion of Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Certain Litigation Claims and for Related Relief Filed by Yellow Corporation. [D.I. 1329] (the "Motion to Establish ADR") and joins in similarly filed objections and in support of this Objection, the Movant respectfully states as follows:

1. On November 18, 2021, Movant, while employed by Doors22 was horrifically injured while at the premises of Doors22. He sustained catastrophic injuries while in the course and scope of his employment while he was assisting in the loading of heavy glass doors (the "Doors") into a truck. Specifically, prior to his injury Movant was physically able to support his wife and family and now is a 45 year old quadriplegic father who requires the use of a motorized wheelchair and full time nursing assistance. Debtor Yellow Logistics, Inc. d/b/a YRC Freight ("Debtor") had contracted with Capo Logic for the transportation of the Doors, which were loaded

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

in a dangerous manner and not secured to properly ensure that the Doors did not shift or fall on workers loading the Doors inside the truck.

2. On March 14, 2023 Movant filed his First Amended Complaint in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida styled *Brett Groves vs. Bobby Benson Kimuhu, Christopher Davidson Michael, Dakota Financial, LLC, Capo Logic LLC, Yellow Logistics, Inc. d/b/a YRC Freight and the Glass Door Company, Inc. d/b/a Doors22*, Case No. 2023-000463-CA-01.

3. On or about August 24, 2023, Movant filed a Motion for Relief from Stay.

4. On or about October 12, 2023, the Debtors filed their objection to the Motion for Relief from Stay, asserting, among other things, that Old Republic Insurance Company ("ORIC") was denying insurance coverage. ORIC also filed an objection to Motion for Relief from Stay suggesting that there was not insurance coverage. The purported denial by ORIC that there is insurance coverage is troubling in light of the facts that: (1) in a bankruptcy proceeding, a debtor is typically required to carry appropriate insurance and the failure to do so will often result in the case converting to a Chapter 7; (2) the Debtors were statutorily required to carry insurance for a minimum amount of $750,000.00 to operate motor vehicles; (3) a certificate was filed with the U.S. Department of Transportation representing that ORIC was providing insurance coverage in connection with the operation of motor vehicles; (4) the Debtors have reported that ORIC drew down on approximately $231 million in letters of credit; and (5) it appears that the ORIC was providing what is characterized as fronting policy for any claim in excess of $750,000.00 and ORIC, in its own publication, appears to concede that it is ORIC that bears the risk of an insured's insolvency. See article issued by ORIC entitled "*Fronted Policies – When It Makes Sense*" attached hereto as Exhibit A.

5. The Debtors and ORIC filed a MCS-90 endorsement with the U.S. Department of Transportation representing that ORIC was providing $750,000.00 in coverage. Accordingly, there is no coverage question for the minimum required limits of $750,000. This is primary insurance coverage that is required to be in place under the Motor Carrier Act of 1990. As to any claim that would exceed $750,000.00, that aspect of the claim should also be covered by insurance under a fronting policy. Fronting is the use of a licensed, admitted insurer to issue an insurance policy on behalf of a self-insured organization or captive insurer without the intention of transferring any risk. The risk of loss is retained by the self-insured or captive insurer through an indemnity or reinsurance agreement. However, the fronting company (insurer) would be required to honor the obligations imposed by the policy if the self-insurer or captive failed to indemnify it. Therefore, the fronting company is subject to credit risk as a result of the arrangement, and fronting companies charge a fee for this service. Fronting arrangements allow captives to comply with financial responsibility laws imposed by many states that require evidence of coverage written by an admitted insurer, such as for auto liability and workers compensation insurance. Fronting arrangements may also be used when business contracts with other organizations, such as leases and service contracts, require evidence of coverage through an admitted insurer. The insured may face a contractual requirement that stipulates the use of insurers that meet a minimum financial rating to issue the insurance policy for a particular risk. By utilizing a fronting insurer, the certificates of insurance, as well as the policies, would be issued utilizing the name/paper of the fronting company, thereby meeting the contract's requirements. Since it faces a credit risk from the arrangement, the fronting company will also require that the captive secure its obligation by using some type of collateral, which in this case appear to be letters of credit totaling approximately $231 million.

6.      Movant, at the request of the Debtors, had agreed to continue his Motion for Relief from Stay to allow the Debtors to negotiate with ORIC and to file proposed ADR procedures to address claims such as those asserted by Movant on a global basis.

7.      On or about December 11, 2023, Debtors filed the Motion to Establish ADR. See D.I. 1329. The objection deadline was set for December 26, 2023, and the Debtors agreed to extend the objection for Movant to January 4, 2024.

8.      Movant objects to the Motion to Establish ADR because there are provisions in that Motion that are grossly unfair and one sided. Some of the specific provisions that are objectionable is the one-sided default provision if there is a failure to timely respond to a request from the Debtors or ORIC. While Movant has no objection to participating in ADR and indeed welcomes the opportunity to do so, only claimants are subject to a default sanction. Also, in the Motion to Establish ADR, it appears that ORIC maintains the right to deny coverage. Movant should not be compelled to participate in ADR until there is some clarity regarding ORIC's apparent continued denial of insurance coverage and the Debtors' apparent acquiescence in this even after ORIC drew down on an approximately $321 million letter(s) of credit. The Debtors also appear to be seeking a waiver of claims against the estate. If Movant participates in ADR in good faith, Movant should not be required to waive claims or release claims against the Debtors to obtain relief from stay and pursue her claim especially when ORIC appears to deny coverage notwithstanding drawing down on $231 million in collateral.

### JOINDER IN THE ARGUMENTS OF OTHER CLAIMANTS OBJECTING TO THE MOTION TO ESTABLISH ADR

9. Movant joins in the arguments raised by other similarly situated claimants that have objected to the Motion to Establish ADR and incorporate by reference those arguments herein.

WHEREFORE, Movant respectfully requests that the Court deny the Debtors' Motion to Establish ADR until the ADR procedures are modified to adequately address the concerns of Movant and other claimants and that Movant be awarded such further additional relief as may be just and proper under the circumstances.

Dated:  January 3, 2024

**GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Charles J. Brown III*
Charles J. Brown III (DE 3368)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Ph:  302.425.5813
Fax: 302.425.5814
cbrown@gsbblaw.com

*Counsel for Movant*