# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| Honorable | Eugene R. Wedoff | Hearing Date | December 30, 2005 |
| Bankruptcy Case No. | 02 B 48191 | Adversary No. | |
| Title of Case | UAL Corporation, et al. | | |

Brief Statement of Motion: Motion of PBGC for partial summary judgment (Docket entry no. 13442)

Names and Addresses of moving counsel:

Representing:

## ORDER

It is hereby ordered that the above-stated motion, being treated as a motion in limine, is granted for the reasons stated on the record on December 16, 2005.

/s/ Eugene R. Wedoff

```
                    12_16_05 United Omnibus Hearing Transcript.txt
21           THE COURT:  Well, if you can give ten days
22   notice, you would do it electronically, pursuant to
23   the case management order.
24           MR. LIPKE:  We will.
25           THE COURT:  I would expect that would
0074
 1   probably be enough.  If someone opposes the
 2   diminution of the time, I will hear the objection.
 3   But I would expect that won't be objected to and
 4   we'll be able to go ahead.
 5           MR. LIPKE:  Understood, Your Honor.
 6           THE COURT:  Okay.
 7           MR. LIPKE:  Thank you.  Have a good day.
 8           MR. CIMINO:  Your Honor, can I hand these
 9   up?
10           THE COURT:  If you'd like.
11               (Document tendered.)
12           THE COURT:  Okay.  The next items on the
13   agenda are items 22 through 24, having to do with
14   the creditors committee's objection to the PBGC
15   claim.
16           MR. ABBOTT:  Your Honor, David Abbott from
17   General Foods Credit Corp.  I'd just like to
18   interrupt for a moment.  You had skipped item number
19   18.
20           THE COURT:  Oh, excuse me.
21           MR. ABBOTT:  And we can certainly come back
22   to it after you continue with where you are.  But
23   the --
24           THE COURT:  Oh, I didn't skip it.  That's
25   the omnibus objection.
0075
 1           MR. ABBOTT:  No, the -- that was item
 2   number 17, the duplicative issue.  General Foods
 3   Credit Corp. does not have that duplicative issue.
 4   And we're prepared to proceed on that argument.
 5           THE COURT:  Okay.  Well, I'm not prepared.
 6   We're going to continue that for status until the
 7   30th of December.
 8           MR. ABBOTT:  Okay.  Thank you, Your Honor.
 9           THE COURT:  Okay.  Again then, items 22
10   through 24 dealing with the creditors committee's
11   objection to the PBGC claim.
12           MR. SELIGMAN:  Good morning, Your Honor.
13   David Seligman on behalf of the debtors.
14           MR. PRINCE:  Good morning, Your Honor.
15   Christopher Prince of Sonnenschein Nath & Rosenthal
16   for the committee.
17           MR. BOYLE:  Good morning, Your Honor.  Joe
18   Boyle from Kelley Drye & Warren on behalf of PBGC.
19           MS. CECCOTTI:  Good morning, Your Honor.
20   Babette Ceccotti for the Air Line Pilots
21   Association.
22           MS. HEERMANS:  And, Your Honor, Nancy
23   Heermans and Shannon Novey here for PBGC on the
24   phone.
25           THE COURT:  Okay.  Thank you, Ms. Heermans.
0076
 1               Anyone else want to enter an
 2   appearance?
 3               (No response.)
 4           THE COURT:  All right.  This matter, as I
 5   said, is before the court on the creditors
 6   committee's objection to the claim of the PBGC, but
```

```
                    12_16_05 United Omnibus Hearing Transcript.txt
  7     this claim is subject to a motion for what's called
  8     partial summary judgment.  I think it's more
  9     properly considered as a motion in limine.  There is
 10     some authority for the proposition that summary
 11     judgment is inappropriate unless it completely
 12     disposes of a claim, and this does not completely
 13     dispose of a claim.  But, either way, as we had
 14     discussed at the last omnibus, this motion is part
 15     of an effort to potentially narrow the issues that
 16     would have to be determined at a trial.  And so it
 17     is of real significance in advancing the resolution
 18     of the dispute and the reorganization in general.
 19                  There is a number 24, a motion of the
 20     creditors committee to exceed the page limit, and
 21     that will be granted.
 22                  As to the motion for summary judgment,
 23     the PBGC seeks a determination that its claim should
 24     be valued according to a regulation that it has
 25     adopted for such valuation.  The applicable
0077
  1     bankruptcy law is found in Section 502(b) of the
  2     Bankruptcy Code which states --
  3                  The parties may want to sit down.
  4     This isn't as long as some of the other ones I've
  5     had to read, but still long enough that you might be
  6     more comfortable sitting.
  7                  Section 502(b) states that claims are
  8     to be allowed, quote, "as of the date of the filing
  9     of the petition," close quote, and then quoting
 10     again, "except to the extent," close quote, that
 11     they are subject to disallowance under one of the
 12     grounds specified in the nine paragraphs set out in
 13     Section 502(b).
 14                  Allowance under Section 502(b)
 15     necessarily involves the amount of the claim in
 16     addition to its validity, since many of the grounds
 17     set out in Section 502(b) deal only with the amount
 18     of the claim.  For example, see Section 502(b)(4)
 19     which disallows a claim for services of an insider
 20     or an attorney of the debtor to the extent that the
 21     claim exceeds the reasonable value of the services
 22     rendered.  Thus -- or I should say the question of
 23     payment is distinct from allowance.  Allowed claims
 24     may be separately classified by the debtor or they
 25     may be subject to equitable subordination.  But
0078
  1     allowance under 502(b) is in the amount that would
  2     be applicable under nonbankruptcy law except to the
  3     extent that one of the provisions of Section 502(b)
  4     applies.  There is no general equitable power in
  5     bankruptcy courts to disallow claims since that
  6     would conflict with Section 502(b).  See Raleigh
  7     versus Illinois Department of Revenue, 503 U.S. 15,
  8     a 2000 decision of the United States Supreme Court.
  9                  The amount of a valid claim must
 10     therefore be determined as of the petition date
 11     according to applicable nonbankruptcy law unless one
 12     of the grounds in the nine paragraphs of Section
 13     502(b) applies.
 14                  Now, the governing nonbankruptcy law
 15     here provides that upon an involuntary termination
 16     of a pension plan covered by ERISA, the sponsoring
 17     employer and each member of its control group are
 18     liable to the PBGC in the amount of, quote,
                                Page 32
```

```
                    12_16_05 United Omnibus Hearing Transcript.txt
19     "unfunded benefit liabilities," close quote, 29
20     U.S.C. Section 1362(a) and (b).
21                    Under Section 1362(b)(1)(A), the
22     amount of the unfunded benefit liabilities is to be,
23     quote, "calculated from the termination date in
24     accordance with regulations proscribed by the PBGC."
25     Under Section 1301(a)(18), the, quote, "amount of
0079
 1     unfunded benefit liabilities," close quote, means
 2     the excess of the benefit liabilities under the plan
 3     determined on the basis of assumptions prescribed by
 4     the PBGC for purposes of Section 1344 of this title
 5     over the current value of the assets of the plan.
 6                    The PBGC has adopted regulations under
 7     Section 1334 for calculating the amount of unfunded
 8     benefit liabilities, 29 CFR 4044.52 to 4044.75, and
 9     neither the committee nor ALPA have argued that the
10     regulations are inapplicable or would not be used to
11     determine the amount of United's unfunded benefit
12     liabilities under applicable nonbankruptcy law.
13     Thus, they are binding here in determining PBGC's
14     claim.
15                    In reviewing the precedent on this
16     question, the reasoning that I've outlined is
17     consistent with the decision in In re US Airways
18     Group, Inc., 303 BR 784, Bankruptcy Court for the
19     Eastern District of Virginia, 2003.  The contrary
20     decisions in In re CF&I Fabricators of Utah, Inc.,
21     150 F.3d 1293, 10th Circuit, 1998, and In re CSC
22     Industries, Inc., 232 F.3d 505, Sixth Circuit, 2000,
23     are based on holdings that bankruptcy courts do have
24     an equitable power to determine the amount of claims
25     in a manner different than what applicable
0080
 1     nonbankruptcy law would require.  Those holdings do
 2     not accurately reflect the provisions of the code
 3     that I outlined earlier and so cannot be followed.
 4                    On that basis then, the PBGC's motion,
 5     treated as a motion in limine, would be granted.
 6     And we need to discuss what remaining steps should
 7     take place to determine the amount of that claim,
 8     including the need to determine the claim as of the
 9     petition date.
10               MR. SELIGMAN:  Your Honor, if I could
11     perhaps just make a suggestion on behalf of the
12     debtors?  Obviously this narrows the issues.  I
13     think we had said before that we thought that the
14     relative -- you know, the relevant actuaries with
15     this ruling could probably get together and figure
16     out the amounts.  So I would suggest that perhaps we
17     continue this for a short period of time.  I don't
18     even think next -- maybe we can do it in two weeks
19     when there is going to be already the hearing on --
20               THE COURT:  Well, I was going to say as
21     long as the parties are going -- some of the parties
22     are going to be present on the 30th.  If that works,
23     I would be happy to have you come in on the 30th and
24     tell me where things stand.
25               MR. PRINCE:  Your Honor, I think you've
0081
 1     properly characterized it as a motion in limine.
 2     And in that connection, I'm not sure that it narrows
 3     the issues as much as is presented.  And this was an
 4     issue raised in our opposition, the 1362(b)(2)(B),
                              Page 33
```