## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **RE: D.I. 1329** |
| _____ | ) |

### JOINDER AND OBJECTION OF ANTHONY MARTINO
### TO DEBTORS' MOTION TO ESTABLISH ALTERNATIVE DISPUTE RESOLUTION
### PROCEDURES FOR RESOLUTION OF CERTAIN LITIGATION CLAIMS AND FOR
### RELATED RELIEF

Anthony Martino ("Movant" or "Objector"), by and through undersigned counsel, hereby submits his objection (the "Objection") to the Motion of Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Certain Litigation Claims and for Related Relief Filed by Yellow Corporation. [D.I. 1329] (the "Motion to Establish ADR") and joins in similarly filed objections and in support of this Objection, the Movant respectfully states as follows:

1.      The ADR Procedures as proposed are severely flawed.  The fundamental problem with the Motion to Establish ADR and the proposed ADR Procedures is that Debtors are championing this proposed solution to avoid taking on the coverage dispute initiated by ORIC (and potentially others), despite the fact that Debtors do not agree with ORIC's coverage position.  Debtors have not presented the specifics of that dispute.  Is it such that Debtor's believe that ORIC's position is untenable and/or actionable and Debtors understandably merely

---

[1]      A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

wish to avoid that fight?  Nonetheless, the proposed ADR Procedures attempt to help insulate ORIC as well as Debtors and potentially others at the expense of personal injury victims, putting those victims in the position of continuing to fight undetermined coverage issues with parties potentially taking unreasonable coverage positions, so that Debtors can avoid having to confront that situation or face direct liability.

2.    Indeed, the proposed ADR Procedure is set up to limit Debtors involvement, despite Debtors' conclusion whether ORIC's position is unreasonable, and nonetheless, essentially absolving ORIC of objective good faith in the process – for example, allowing mediation to take place without the participation of Debtors and/or the Creditors' Committee. To make it worse, Debtors propose an ADR process that would severely limit rights of personal injury victims if mediation is not productive.

3.    Movant suffered bodily injury as the result of an altercation that occurred between Movant and multiple employees of Debtors while on YRC Freight's premises in Wheeling, Illinois per YRC Freight's invitation in March of 2020. In addition, Movant suffered personal injury in the form of defamation by Debtors employees.

4.    On May 12, 2020, Movant filed the "Illinois Federal Action" in the United States District Court for the Northern District of Illinois Eastern Division (the "Illinois District Court") against Debtor YRC, Inc. alleging *inter alia*, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, defamation *per se*, and personal injury.

5.    Subsequently, the parties engaged in discovery and Movant amended the complaint twice to add additional legal theories including negligent supervision, negligent infliction of emotional distress, and defamation per quod. Debtor YRC Worldwide, Inc. was also added as a second defendant.

6.      All parties filed and fully briefed competing motions for summary judgment. The last filing thereon took place on October 29, 2021. Thus, prior to the Petition Date (Defined below), the Illinois Federal Action had been in the court system for more than three years, all discovery was closed in accordance with the Illinois District Court's scheduling deadlines, Movant's medical expert written report had been disclosed to Debtors in accordance with the Illinois District Court's scheduling deadlines, and the parties had been waiting nearly two years for a ruling on their competing motions for summary judgment.

7.      On or about October 7, 2023, Movant filed his Motion of Anthony Martino for Orders Granting Relief from the Automatic Stay [D.I. 789] (the "Motion for Relief from Stay.") Movant sought:  Entry of an order modifying the automatic stay of 11 U.S.C. §362(a) to allow (the "Primary Relief") Movant to continue to prosecute its claims against Debtors YRC, Inc. and YRC Worldwide, Inc. (the "YRC Defendants") in existing litigation in the United States District Court for the Northern District of Illinois Eastern Division (the "Illinois Federal Action") and to collect any award against any available insurance proceeds; and/or as interim and/or alternative relief (the "Interim/Alternative Relief") to allow the parties to the Illinois Federal Action to refile pleadings, if necessary, related to the parties' competing motions for summary judgment and allow the Illinois District Court to rule on the parties' competing summary judgment motions. The proposed Interim/Alternative Relief specifically would not fully resolve the Motion for Relief from Stay and would not waive the Primary Relief sought therein. In full disclosure, but maintaining adherence to Federal Rule of Evidence 408, Movant understands that the relief Movant sought as Interim/Alternative Relief would trigger the unacceptable waiver and exclusions under the ADR Procedures as originally proposed, which was not intended when the Motion for Relief

from stay was filed three months ago on October 7, 2023, and therefore is difficult to assess with the current faulty version of the proposed ADR Procedures pending.

8.      On or about December 6, 2023, the Debtors filed their objection to the Motion for Relief from Stay, asserting, among other things, that Old Republic Insurance Company ("ORIC") was denying insurance coverage.

9.      Movant, at the request of the Debtors, had agreed multiple times to continue his Motion for Relief from Stay to allow the Debtors to negotiate with ORIC and to file proposed ADR procedures to address claims such as those asserted by Movant on a global basis.

10.     On or about December 11, 2023, Debtors filed the Motion to Establish ADR. See D.I. 1329. The objection deadline was set for December 26, 2023, and the Debtors agreed to extend the formal objection deadline for Movant to January 8, 2024, although Debtors continued to require an informal statement of bases for objection no later than the day after Christmas, which Movant provided on December 21, 2023.

11.     Movant objects to the Motion to Establish ADR because there are provisions in that Motion that are grossly unfair and one sided. Some of the specific provisions that are objectionable are:

      a.   Before this Court enters any order approving ADR Procedures, hopefully with modification, there simply must be sufficient disclosures to permit further more detailed objection.  Movant has sought the insurance policy at issue since at least September, 2023.  While other objectors appear to possess more information about relevant policies, Movant merely knows for sure that coverage has been admitted, as the Debtor Defendants in the Illinois federal litigation disclosed a commercial general liability policy with Old Republic Insurance Company (Policy #MWML18562) that is

4

applicable to Movant's claims and no argument was raised in the Illinois District Court that his claims were not covered for any reason.

      b.   Further, the ADR Motion raises potential coverage by other third parties defined as Third-Party Payors, without further explanation.  It is certainly not forthcoming of Debtors, after months of denying parties relief from stay on the basis that ORIC denies coverage, to nonchalantly mention that there may be third parties with coverage and/or payment obligations.

      c.   The Debtors also appear to be seeking a waiver of claims against the estate.  If Movant participates in ADR in good faith, Movant should not be required to waive claims or release claims against the Debtors to obtain relief from stay.  If a Litigation Claim has not been resolved, the ADR Procedures would require Movant, who has already filed his Motion for Relief from Stay to file a new Motion for Relief from ADR Injunction.  In such case, Movant, like all personal injury victims, would be deemed to "waive and release any and all claims against the Debtors, the Indemnitees, and the Debtors' estates, and may pursue such Litigation Claim(s) with the Debtors identified solely as nominal parties, solely to the extent of insurance proceeds, if any," without knowing what is in those policies and any possible exclusions insurer(s) may assert.

      d.   Non-dischargeable debt specifically should be excluded from the proposed waiver, if any, addressed above. The ADR process cannot be permitted to extinguish any rights to object to a plan, to challenge discharge to pursue recovery of non-dischargeable debt and/or take any other related action to recover for personal injury.

e.    In the Motion to Establish ADR, it appears that ORIC and/or Third-Party Payors maintain the right to deny coverage including based on unknown exclusions in Debtors' insurance policies. Movant should not be compelled to participate in ADR until there is some clarity regarding ORIC's apparent continued denial of insurance coverage and the Debtors' apparent acquiescence.  As addressed above, Movant lacks sufficient information without the relevant policy and therefore cannot even evaluate what potential exclusions ORIC and/or any unidentified Third Party Payor might assert as additional paths to try to avoid coverage.

f.    As proposed, the ADR Procedures would not require Debtors or the Creditors' Committee to be involved in mediation.  ORIC and/or any unidentified Third Party Payor cannot be permitted to participate alone, if at all, in any part of an ADR Process.   Good faith of ORIC and/or any unidentified Third Party Payor (and thus the Debtors) need to be defined, such that they do not negotiate based on coverage issues which Debtors even dispute.  For avoidance of doubt, to negotiate based on a denial of coverage, especially because Debtors do not share agreement, should not be considered good faith.

### JOINDER IN THE ARGUMENTS OF OTHER CLAIMANTS OBJECTING TO THE MOTION TO ESTABLISH ADR

12.    On December 26, 2023, December 27, 2023, January 3, 2024, and January 5, 2006, multiple Objections to the Motion to Establish ADR and Joinders to the Objections were filed. See D.I. 1486, 1489, 1490, 1492, 1554, 1581, 1582, 1583, 1585, 1613, 1614, 1622, 1623, and 1626.

13.    Additional objections and joinders are expected to be filed by other similarly situated personal injury plaintiffs.

14.     Movant joins in the arguments raised by other similarly situated claimants that have objected to or will object to the Motion to Establish ADR (together, the "Objections"), and incorporate by reference those arguments herein.

15.     Movant hereby joins in and incorporates as his own the legal and factual arguments made in the Objections.

16.     Movant reserves the right to supplement or amend this Objection and Joinder, or raise additional objections. Movant further reserves the right to participate in any hearing on the Objections, including to present argument and examine witnesses.

17.     Movant reserves the right to supplement this objection or otherwise further object to any revisions to the proposed ADR procedures.

WHEREFORE, Movant respectfully requests that the Court deny the Debtors' Motion to Establish ADR until the ADR procedures are modified to adequately address the concerns of Movant and other claimants and that Movant be awarded such further additional relief as may be just and proper under the circumstances.

DATED: January 8, 2024             BY:  _/s/ James Tobia_____
                                                James Tobia (#3798)
                                                *The Law Office of James Tobia, LLC*
                                                1716 Wawaset Street
                                                Wilmington, DE  19806
                                                (302) 655-5303
                                                *Attorney for Anthony Martino*