IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*, | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | Re: D.I. No. 1329 |

**JOINDER AND OBJECTION
OF PAUL WYSZYNSKI, SUSAN DEGENKOLB, WILLIAM LITTRAL, SHANE AND CARLA MARIA SNIDER AND DELORES JONES TO DEBTORS' MOTION TO ESTABLISH ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR RESOLUTION OF CERTAIN LITIGATION CLAIMS AND FOR RELATED RELIEF**

Paul Wyszynski, Susan Degenkolb, William Littral, Shane and Carla Maria Snider and Delores Jones (collectively, the "Movants") by and through undersigned counsel, hereby submit their objection (the "Objection") to the to the *Motion of Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Certain Litigation Claims and for Related Relief* [D.I. 1329] (the "Procedures Motion") and joinder in similarly filed objections and in support of this Objection, the Movants respectfully state as follows:

## BACKGROUND

1. On August 6, 2023, (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' cases are being jointly administered.

2. Movants are personal injury and worker's compensation Plaintiffs with pending prepetition lawsuits (collectively, the "State Court Actions") against one or more of the Debtors. Each of the Movants have filed Motions seeking relief from the automatic stay in the Debtors' cases.

1

3. On December 11, 2023, the Debtors filed the Procedures Motion.

4. Movant William Littral's State Court Action is pending in the state of Kentucky. Upon information and belief, Kentucky is a "direct action state." As such, Littral understands his claims are "Excepted Claims" not subject to the Procedures Motion.

5. Movant's Shane and Carla Snider's State Court Action is workman's compensation *and* personal injury action against the Debtors *and* a third-party defendant, is pending in the State of Mississippi. The Sniders understand their workman's compensation claims are "Excepted Claims" not subject to the Procedures Motion. The Procedures Motion is silent with respect to the resolution of direct claims and third party and personal injury claims in a workman's compensation setting.

**OBJECTION**

6. As a general matter, Movants object to the Procedures Motion on the grounds that, based on the coverage information provided by the Debtors to date, entry of the procedures is prejudicial to both the Movants *and* to the Debtors' estates. Indeed, it is unclear why the Debtors would incur the time and expense in setting forth proposed procedures that appear designed primarily to benefit its insurer – Old Republic Insurance Company ("ORIC") while, at the same time, ORIC is apparently denying coverage *and* has drawn down on $321 million of the Debtors' collateral. It seems the Debtors and their estates would be better served by commencing a coverage action against ORIC. To the extent the Debtors are unwilling to do so, such coverage actions should be assigned to the stay relief movants.

7. With respect to prejudice to the Movants, and as set forth in other objections to the Procedures Motion, the proposed procedures contain unnecessary and onerous provisions that benefit the Debtors and ORIC at the expense of Movants, including:

Movants would be required to waive their direct claims against the Debtors while ORIC is apparently denying coverage;

The procedures provide a mechanism to expunge Movants' claims despite the fact the court has no jurisdiction to adjudicate personal injury claims;

Movants would be required to waive their rights to formal discovery, whereas ORIC and any participating Third-Party Payors would be permitted to request additional information from injured victims in connection with the offer and exchange procedure;

If ADR is unsuccessful, in order to return to the tort system, the Movants would be required to petition the Court for stay and injunctive relief (rather than having it granted automatically); and

Third-Party Payors and the Indemnities would not even be required to participate in the ADR process, thus potentially exposing the Movants pursue supplemental proceedings, incur the attendant costs in doing so, and risk being saddled with inconsistent or contradictory outcomes.

8. Movants Shane and Carla Snider (workman's compensation combined with personal injury claims) and William Littral (direct action state) further object to the Procedures Motion in that it is, at best, confusing with respect to the process the Debtors propose to lift the stay, if applicable to Movants' claims, and to liquidate such claims.

## **JOINDER**

9. The Movants hereby join in the arguments made other stay relief movants' objections to the Procedures Motion, to the extent applicable to Movants.

[*Signature Page to Follow*]

**WHEREFORE**, the Movants respectfully requests that this Court: (i) deny the Procedures Motin; and (ii) grant such other further relief as this Court deems just and proper.

Dated: January 8, 2024

/s/ Michael J. Joyce
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street
Suite 800
Wilmington, DE 19801
Telephone: 302-388-1944
mjoyce@mjlawoffices.com

*Counsel to Paul Wyszynski, Susan Degenkolb, William Littral, Shane and Carla Maria Snider and Delores Jones*