CHANG & LEE
GRACE LEA CHANG, SB #151564
JOSEPH H. LEE, SB #277982
301 E. COLORADO BLVD., SUITE 325
PASADENA, CA 91101
(626)557-3500
(626)792-6886 FAX

Attorney for Creditors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>YELLOW CORPORATION, et al. | Case No.:  **23-11069 (CTG), et seq.**<br>**23-11081 (CTG)**<br><br>**ALEJANDRO VIZCAINO'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 USC § 362(d); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: January 22, 2024<br>Time: 2:00PM<br>Judge: Hon. Craig T. Goldblatt |

**ALEJANDRO VIZCAINO'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**UNDER 11 U.S.C. § 362(d) OF THE BANKRUPTCY CODE**

Alejandro Vizcaino, ("Creditor" and/or "Movant"), by and through his undersigned counsel, hereby move this court (the "Motion") pursuant to Section 362(d) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an Order granting relief from the automatic stay imposed by Section 362(a) of the Bankruptcy Code in order to permit Movant to proceed with the personal injury action in the Los Angeles County Superior Court in the State of California against debtor USF Reddaway, Inc. (with the above-captioned co-debtors, the "Debtors") and to proceed to collection any award against the Debtors' and/or the Debtors' applicable insurance policies. In support of this Motion, Movant respectfully states as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this judicial district is proper under 28 U.S.C. §1408 and 1409.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d)(1) and § 365(d)(2), Bankruptcy Rule 4001, and Local Bankruptcy Rule 4001-1.

## NOTICE

4. Pursuant to Local Rule 4001-(a), notice of this Motion has been provided to: (i) counsel for the Debtors; (ii) counsel for the Official Committee of Unsecured Creditors; (iii) counsel for the debtor-in-possession financing lenders; (iv) the Office of the United States Trustee; and the Chapter 7 Trustee. The Movant submits that no other or further notice need be provided.

## RELIEF REQUESTED

5. Through this Motion, Movant seeks the entry of an Order pursuant to §362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay so that he may proceed with his claims to judgment in the State Court Action and satisfy any award or other resolution he may obtain against the Debtors/Reddaway, the Debtors' applicable insurance policies any other responsible individual (LEGGETT and SIMON) or entity.

## FACTS

6. On February 2, 2021, Alejandro Vizcaino ("Movant") filed a complaint against USF Reddaway, Inc., Leggett Mitchell, and Simon Scott in Los Angeles Superior Court Case No. 21STCV04177 alleging nine(9) causes of action for 1) Assault; 2) Battery; 3) False Imprisonment; 4) Negligence; 5) Intentional Infliction of Emotional Distress; 6) Negligent Infliction of Emotional Distress; 7) Negligent Hiring, Supervision, And Retention Of Employee; 8) Wrongful Termination; 9) Wrongful Termination in Violation of Public Policy ("State Court Action").

7. The case proceeded and answers were filed. Debtor/Reddaway's counsel also represents SIMON in this matter. LEGGETT is pro per.

8. The parties conducted written discovery and Defendant USF Reddaway took the deposition of Movant.

9. Trial was continued and set for December 6, 2023.

10. Movant noticed the depositions of Defendants USF Reddaway, Inc., Simon Scott, and Leggett Mitchell for August 2023.

11. On July 13, 2023, Defendant USF Reddaway filed a Motion for Summary Judgment which was to be heard on September 28, 2023.

12. On July 18, 2023, Movant filed a Motion for Summary Judgment which was to be heard on October 3, 2023

13. On August 8, 2023 (the "Petition Date"), each of the Debtors (Yellow Corporation and USF Reddaway, Inc. a subsidiary) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' have requested join administration of their bankruptcy cases.

14. Movant Alejandro Vizcaino was employed by USF REDDAWAY from 2016 to 2019. Defendants Leggett Mitchell and Simon Scott were co-workers and acquaintances. Plaintiff and LEGGETT had a history of not getting along. Defendant LEGGETT is a physically large individual, with a height of 6'3" and over 250lbs with an intimidating presence.

15. Prior to the Petition Date, on or about September 26, 2019, Movant was seriously and permanently injured as a result of being beaten by two co-workers, Leggett Mitchell (hereinafter "LEGGETT") and Simon Scott (hereinafter "SIMON"), also the Movant's union representative.This beating following two years of physical, mental, and harassment by LEGGETT and SIMON. The harassment, physical, and mental abuse was reported to Movant's employer, USF Reddaway, however USF Reddaway did not prevent the continued harassment and abusive behavior.

16. On September 26, 2019, at approximately 9:00 PM, just after Movant completed his shift he headed to the employee lounge to use the restroom before driving home. As the Movant entered the employee lounge he noticed LEGGETT talking with several other USF Reddaway

employees. LEGGETT give Movant a very intimidating stare, like so many times before. Movant was worried but because other USF Reddaway employees were present, he didn't believe LEGGETT would attempt anything at the time.

17. The Movant developed a concern that something might happen so he turned on his phone's video camera and placed it in a belt holster. As Movant began to urinate, he heard the bathroom door swing open. The Movant did not look at who came into the restroom but all of a sudden LEGGETT struck Movant on the head and placed him in a headlock from behind. LEGGETT then whispered to Movant that he was "going to kill" him and "all of his kids." LEGGETT proceed to place Movant in a headlock and punching him at the same time. The headlock caused Movant to lose consciousness.

18. When Movant regained consciousness, LEGGETT was on top of him with both hands around his neck. Movant fought and struggled to break free and did break free. Once free, Movant got up, headed to, reached for, and pulled the bathroom door. At that moment, LEGGETT grabbed Movant and threw him to the ground. LEGGETT then closed and locked the door deadbolt. Movant screamed for help and for LEGGETT to stop.

19. The beating and punching continued. Again, Movant reached for the door and to unlock it but was unable to because LEGGETT started to bear hug him. At that moment Movant felt helpless, his vision darkening and his eyes popping. LEGGETT held Movant for almost 5 minutes. Movant then remembered his phone was recording everything and informed LEGGETT. LEGFETT's focus shifted to destroying the phone. Movant broke free and grab the phone and headed toward the door. Again, LEGGETT grabbed Movant and they wrestled. LEGGETT finally became tired, and Movant got free. Immediately, Movant exited the bathroom and headed to his car in the yard to go home.

20. This was the culmination of several years of bullying and harassing by LEGGETT and SCOTT. LEGGETT regularly verbally and physically harassed Movant while working for Debtors in 2016. The incidents began Movant's started first week of work at Debtors/REDDAWAY in 2016 and continued regularly until September 26, 2019. LEGGETT harassed and bullied several other co-workers during this time.

21. Movant report each incident he was harassed or bullied by LEGGETT to his employer (Debtors/Reddaway). In addition, Movant lodged complaints with the Union representatives. However, Debtors/Reddaway management/human resources failed to do anything to prevent the continued harassment and bullying. The Debtors management/human resources team failed to prevent LEGGETT from his increasing aggressive behavior, harassment, and bullying toward Movant.

22. The union representative, SIMON, also failed to do anything to prevent and protect Plaintiff or take action to reprimand stop LEGGETT's behavior. Instead, Defendant SIMON joined in with LEGGETT to harass and bully, even instigating physical fights with Movant.

23. LEGGETT and SIMON both remain employed by Debtor/Reddaway.

24. Upon information and belief, at the time of the September 26, 2019 beating, Debtor/Reddaway was covered by a liability insurance policy with coverage limits sufficient to cover Movant's claims.

25. Movant wishes to continue to pursue his claims against Debtor/Reddaway to the extent of the limit of the Debtors' applicable insurance policies available and to continue to pursue his claims against the individuals LEGGETT and SIMON.

26. Movant seeks an Order of this Court modifying the Stay and allowing him to pursue his claims against Debtors/Reddaway, only to the extent of the applicable limits of liability.

27. The Movant's claims have been delayed as a consequence of the Debtors' chapter 11 filings and the automatic stay provisions set forth in 11 U.S.C. §362(a).

28. Accordingly, Creditor seeks relief from the stay to liquidate the amount of his claims against the Debtors in an action which has already been commenced in the "State Court Action".

29. In addition, Movant wishes to pursue his claims in the nonbankruptcy forum against LEGGETT and SIMON as they have not filed bankruptcy.

## ARGUMENT

30. Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). Section 362(d) of the Bankruptcy Code provides in relevant part:

> "On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay… (1) for cause, including the lack of adequate protection of an interesting property for such party interest." 11 U.S.C. § 362(d).

31. As "Cause" is not defined in the Bankruptcy Code, it must be determined on a case-by-case basis. [*Int'l Bus. Machines v. Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991)]. Courts found cause for lifting or modifying the automatic stay exists in order to permit litigation in another forum to liquidate a claim. [*In re Rexene Products Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992) (noting that the legislative history of § 362(d) shows that cause may be established by a single factor such as "a desire to permit an action to proceed … in another tribunal."); *In re Holtkamp*, 669 F.2d 505 (7th Cir. 1982) (affirming the lifting of the automatic stay by the Bankruptcy Court to allow a personal injury suit against debtor to proceed to judgment)].

32. Under Section 362(d), the party opposing stay relief bears the burden of proof on all issues with the exception of the debtors' equity in property. [*In re Domestic Fuel Corp.,* 70 B.R. 455, 462-463 (Bankr. S.D.N.Y. 1987); 11 U.S.C. §362(g)]. If a creditor seeking relief from the automatic say makes a prima facie case of "cause" for lifting the stay, the burden going forward shifts to the trustee pursuant to Bankruptcy Code Section 362(g). [*In re 234-6 West 22nd Street Corp.,* 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997)].

33. Courts follow the logic of the intent behind §362(d) which is that it is appropriate to allow litigation to proceed in a non-bankruptcy forum, if there is no prejudice to the estate, "in order to leave the parties to their chosen forum and to relieve the bankruptcy court from duties that may be handled elsewhere." [*In re Tribune Co.,* 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of §362(d)) (internal citations omitted)].

34. This District relies on a three-pronged balancing test to determine whether "cause" exists for granting relief from the automatic stay to continue non-bankruptcy forum litigation: (1) Whether prejudice to either the bankrupt estate or the debtor will result from continuing the civil action; (2) Whether the non-bankrupt party hardship outweighs the debtor's hardship in maintaining the stay; and (3) The creditor's probability of success on the merits. [*In re Tribune Co.,* 418 B.R. at 126].

**ALEJANDRO VIZCAINO'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 USC § 362(d); MEMORANDUM OF POINTS AND AUTHORITIES**

35.     In this case, the facts weigh heavily in Movant's favor. First, the Debtors/Reddaway will not suffer prejudice if the stay is lifted because Movant's claims must eventually be liquidated before they can recover from the bankruptcy estate and/or any applicable insurance coverage maintained by the Debtors/Reddaway. Movant's claims against Debtors/Reddaway are negligence, personal injury, and Negligent hiring, supervision, and retention of employees claim which do not present any factual or legal issues that will impact or distract the Debtors/Reddaway from reorganization or liquidation.

36.     In addition, Movant's claims against Defendants LEGGETT and SIMON are negligence and personal injury which have no factual or legal issues that will impact or distract the Debtors/Reddaway from reorganization or liquidation.

37.     Movant's claims involve personal injury and must be liquidated in a forum outside the Bankruptcy Court. [11 U.S.C. §157(b)(5) ("personal injury tort…claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose…")]. Movant has also demanded a jury trial in the State Court Action and a jury trial is not available in the Bankruptcy Court.

38.     Upon information and belief, the Debtors' liability in this matter is covered by insurance. As such, any recovery by Movant will not affect the Debtors' estates, or to the extent the Debtors' applicable insurance policies contain any self-insured retention, any direct recovery against the Debtors by Movant would result in a prepetition claim, treated as any other prepetition claim in the Debtors' cases. Any liability over and above any self-insured retention would be borne by the Debtors' insurers. [*In re 15375 Memorial Corp.,* 382 B.R. 652, 687 (Bankr. D. Del. 2008), rev'd on other grounds, 400 B.R. 420 (D. Del. 2009) ("when a payment by an insurer cannot inure to the debtor's pecuniary interest, then that payment should neither enhance nor decrease the bankruptcy estate" (quoting *In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)); see also *In re Allied Digital Tech Corp.,* 306 B.R. 505, 510 (Bankr. D. Del 2004) (ownership by a bankruptcy estate is not necessarily determinative of the ownership of the proceeds of that policy)]. "[W]hen the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." [*In re Edgeworth*, 993 F.2d 51, 55-56 (5th Cir. 1993)].

ALEJANDRO VIZCAINO'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 USC § 362(d);
MEMORANDUM OF POINTS AND AUTHORITIES

CHANG & LEE
ATTORNEYS

39. Here the Movant is not seeking immediate recovery against the Debtors' or the Debtors' estate for any amount owed to them that is not covered by Debtors' insurance as a result of any settlement or judgment of the claims against the Debtors in the State Court Action. Upon information and belief, any settlement or judgment in the State Court action that results in liability of the Debtors not covered by applicable insurance would be limited in the amount of any self-insured retention, which would result in a allowed general unsecured claim against the Debtors estates, would be treated as any other allowed general unsecured claim in the Debtors' bankruptcy cases and as prescribed in any order confirming the Debtors' plan of reorganization or liquidation. Any liability over and above any self-insured retention would be borne by the Debtors' insurers. As such, relief would not prejudice the Debtors and would permit the immediate enforcement of any judgment against the Debtors' applicable insurance.

40. Additionally, Movant will face substantial hardship if the stay is not lifted. Movant's damages were caused as a result of the Debtors' negligence and Movant will be prejudiced by the continued delay resulting from the automatic stay due to the possibility of witnesses moving to unknown locations or who may pass away and the memory of events becoming less clear, especially since the events and occurrences occurred in 2021. Any further delay in permitting Movant to prosecute the State Court Action increases the likelihood that these witnesses will be lost or difficult to locate.

41. Movant resides in the State of California and the events which form the basis of their claims occurred exclusively in California. If Movant is forced to litigate his claims in Delaware, he would incur the increased expense of bringing attorneys, witnesses, and physical evidence to Delaware. "[O]ne of the primary purposes in granting relief from the say to permit claim liquidation is to conserve judicial resources." [*In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990)]. Judicial economy would be served by lifting the automatic stay and allowing Movant's claims to be liquidated in the forum where they are presently postured to be filed and adjudicated quickly.

42. Movant is entitled to a jury trial for his claims and damages and a jury trial is not available in this Court. A jury trial in the State of California is best suited to try all issues raised in

8

CHANG & LEE
ATTORNEYS

**ALEJANDRO VIZCAINO'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 USC § 362(d); MEMORANDUM OF POINTS AND AUTHORITIES**

1. the State Court Action. "It will be often be more appropriate to permit proceedings to continue in their place of origin …." [*In re Rexene*, 141 B.R. at 576. 21].

43. Lastly, the likelihood of success on the merits prong is satisfied by "even a slight probability of success on the merits may be sufficient to support lifting an automatic stay." [*In re Continental Airlines, Inc.*, 152 B.R. 420, 426 (D. Del. 1993)].

44. The facts regarding the Debtors' and the co-defendants' negligence speak for themselves as outlined in the competing Motions for Summary Judgments. Few defenses, if any, much less strong defenses, appear to exist here. "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where…the decision-making process should be relegated to bodies other than [the bankruptcy] court." [*In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990)].

45. A Court should lift the automatic stay to permit Movant to prosecute his claims against the Debtors and co-defendants to judgment in the State Court Action and satisfy any award or other resolution he may obtain against the Debtors from the Debtors' applicable insurance policies and any other individuals or entities that are responsible for the injuries sustained.

46. WHEREFORE, Movant respectfully request then entry of an order: (a) lifting the automatic stay for cause to allow the State Court Action to continue through to judgment or other resolution; (b) permitting Movant to liquidate and satisfy such judgment or other resolution granted, if any, from applicable insurance coverage available to the Debtors, to the extent insurance is available; (c) directed that relief from the automatic stay be effective immediately upon entry of an order granting this motion and that the 14 day stay provided in Bankruptcy Rule 4001(a)(3) not apply; and (d) granting such other and further relief as the Court deems appropriate.

Date: January 8, 2024

CHANG & LEE

By _____
Jason W. Lee, Attorney for Movant