# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, et al.,[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**DEBTORS' FIRST SET OF REQUESTS FOR PRODUCTION**
**TO CENTRAL STATES PENSION FUND**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the above captioned debtors and debtors in possession (the "**Debtors**"), by and through their undersigned counsel, serve their First Set of Requests for Production of Documents (collectively, the "**Requests**," and each, a "**Request**,") to Central States Pension Fund ("**CSPF**").

CSPF shall produce the documents and electronically stored information requested to counsel for the Debtors at the offices of Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Michael Slade, or at another mutually agreeable location, on a rolling basis, with such production to be completed on or before January 8, 2024, or such other time as the parties may agree or the Court may order. These Requests shall be continuing in nature, and any additional information subsequently discovered should be provided as soon as the same becomes available.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

## DEFINITIONS

The following definitions shall apply to each Request and be construed in the broadest sense permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, or any other applicable law or rules.

1.     "**2014 Letter**" shall mean the "Guarantee of Continued Participation" dated January 29, 2014, that is attached to Proofs of Claim No. 4336- 4352, as Attachment 4.

2.     "**ARPA**" shall mean the American Rescue Plan Act of 2021.

3.     "**CDA**" shall mean the Contribution Deferral Agreement, dated June 17, 2009, between You and YRC Inc., USF Holland, Inc., New Penn Motor Express Inc., USF Reddaway Inc., and any and all amendments, schedules, or exhibits thereto.

4.     "**Communication**" or "**Communications**" shall mean the transmittal of information of any kind, in any form, and by any means, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of Documents.  All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memoranda, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, forecasts, emails, text messages, and instant messages.  A Request for Documents concerning any Communication among or between specified parties includes a request for any Communication among or between such parties, whether or not such Communication included or was directed to any other person.

5.     "**Concerning**" shall mean, in addition to its usual and customary meaning, relating to, discussing, mentioning, evidencing, identifying, embodying, constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, or reflecting the matter specified in the Request.

6.      "**CSPF**," "**You**," or "**Your**" shall mean Central States Pension Fund, Central States, Southeast and Southwest Areas Pension Fund, and Central States, Southeast and Southwest Areas Health and Welfare Fund, as well as any of their present or former agents, affiliates, controlled subsidiaries, officers, directors, managers, principals, members, employees, independent contractors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such, affiliates, divisions, professionals, and all other persons acting or purporting to act on their behalf.

7.      "**Debtors**" shall mean the above-captioned debtors and debtors in possession.

8.      "**Document**" or "**Documents**" shall have the meaning ascribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication, or representation has been recorded by any means, including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic, or digital recording or information storage of any kind, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including, but not limited to, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, and all other writings and recordings of every kind that are in your actual or constructive possession, custody, or control.

9.      "**Including**," shall mean "including, but not limited to" and "including, without limitation."

10.      "**Person**" or "**Persons**" shall mean all individuals and entities and include, without limitation, natural persons, partnerships, associations, groups, organizations, joint ventures, corporations, government agencies (federal, state, or local), and any other business or legal entities.

11.      "**POCs**" shall mean (a) any and all proofs of claim You filed in this Bankruptcy Case; (b) any exhibits or attachments to any such proof of claim; and (c) any underlying contracts, agreements, transactions, or other documents alleged to give rise to the claim asserted in the POCs.

12.      "**Special Financial Assistance**" shall mean the special financial assistance authorized by and available to multiemployer pension plans under ARPA.

13.      "**Unfunded Vested Benefits**" shall have the meaning set forth in Section 4213(c) of the Employee Retirement Income Security Act of 1974.

## **INSTRUCTIONS**

1.      You are required to search for all documents within your possession, custody, or control, wherever located, including, without limitation, any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his/her residence or place(s) of business), in order to fully respond to these Requests.

2.      All Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents.  You are to produce the original and all non-identical copies, including all drafts of each document requested. If You are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts.

3.      In accordance with Rule 34(b) of the Federal Rules, as incorporated by Rules 7034 and 9014 of the Bankruptcy Rules, as applicable, documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspondence with the categories in each Request.  The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file shall be set forth.  All documents requested herein shall be produced electronically as tagged image file format ("**TIFF**") or portable document format ("**PDF**") files, except that all spreadsheets and accounting and financial data, including those created with Excel software, shall be produced in a fully functional native form (*i.e.*, in a linked format).

4.      If the meaning of any term in any Request herein is unclear to You, without waiving of the right to seek a full and complete response to the Request, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

5.      In accordance with Rule 34(b) of the Federal Rules, as incorporated by Rules 7034 and 9014 of the Bankruptcy Rules, as applicable, objections to any part of these Requests shall be stated in full and with specificity.  In the event You interpose an objection to a Request, You must produce the documents to which objection is not made or provide testimony or information not objected to, as the case may be.

6.      Each Request shall be deemed continuing so as to require prompt supplementation if You obtain, generate, or discover additional documents or information.  If, after responding, You obtain or become aware of any additional documents or information responsive to these Requests, production of such additional documents or information shall be made forthwith as

required by Rule 26 of the Federal Rules, as incorporated by Rules 7026 and 9014 of the Bankruptcy Rules, as applicable.

7.      Unless a different time period is specified, the period covered by these discovery requests is from January 1, 2022, to the present.

8.      If you claim that any Document or Communication responsive to any of the Requests herein is privileged or otherwise immune from discovery as work product, You shall respond to the Request to the extent to which it is not objected and explain the grounds upon which the objection is based by providing the full identification of the withheld documents, thing or portion thereof, including:

     a.    its date;

     b.    the identity of all persons who prepared, signed and/or were involved with the Document or Communication;

     c.    the general nature of the Document or Communication (e.g., letter, photograph, etc.);

     d.    a summary of its contents or its general subject matter;

     e.    the identities of all persons to whom the Document, Communication, or any copies thereof were circulated or its contents communicated; and

     f.    the specific grounds for not responding in full, including the nature of the privilege (e.g., attorney client privilege, work product) or other rule of law relied upon to withhold the Document or Communication, and the facts supporting those grounds.

9.      Any purportedly privileged document containing non-privileged matter must be produced, with the purportedly privileged portion redacted.

10.     If You are aware of any Document or Communication requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production for any reason whatsoever, You shall provide:

    a.    a full identification of each such Document or Communication, including its author, addressee, recipient, date, and general type (e.g., letter, report)

    b.    a summary of its contents or general subject matter;

    c.    the identities of all persons who participated in preparing and/or signing the Document or Communication;

    d.    the date and manner of disposal;

    e.    the reason for disposal;

    f.    the identity of any person who has possession, custody, or control of a partial or complete copy of such Document or Communication; and

    g.    the identity of all persons who participated in and/or authorized the destruction or discarding or who have knowledge of the date and circumstances surrounding the destruction or discarding.

11.    Whenever necessary to bring within the scope of a Request any documents or information that might otherwise be construed as outside its scope:

    a.    The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

    b.    The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

    c.    The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa;

    d.    The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive;

    e.    The use of terms "and," "or," or "and/or" shall be construed as encompassing "and," "or," and "and/or,"; and

    f.    The terms "all," "each," and "all/each" shall be construed as all, each, and any.

## DOCUMENTS REQUESTED

1.      All Documents and Communications Concerning Your decision to deem the Debtors' participation in CSPF terminated as of July 23, 2023.[2]

2.      All Documents and Communications Concerning the impact of the Debtors' chapter 11 filing (if any) on CSPF.

3.      All Documents and internal Communications Concerning each of Your POCs.

4.      All Communications between You and any third party regarding any of Your POCs.

5.      All Documents and Communications Concerning Your calculation of each of Your POCs.

6.      Documents sufficient to show, for any disputes You identify in response to Interrogatory No. 10, served contemporaneously herewith, the outcome of each such dispute, Including any arbitration awards, judgments, orders, or other findings issued by the judge, arbitrator, or factfinder.

7.      All Documents and Communications Concerning the presence or absence of Unfunded Vested Benefits at CSPF following CSPF's receipt of Special Financial Assistance.

8.      Documents sufficient to show when CSPF received Special Financial Assistance.

9.      Documents sufficient to show what CSPF has done with the funds received as Special Financial Assistance and what CSPF plans to do with the funds received as Special Financial Assistance.

---

[2]    https://mycentralstatespension.org/yrc-inc-and-usf-holland-llc-faqs#:~:text=As%20notified%20previously%2C%20Yellow's%20participation,for%20maintaining%20future%20pension%20coverage.

10.    All Documents and Communications Concerning the potential or actual impact of ARPA (or any other actual or potential legislation that would allocate funds to multi-employer pension funds) on You.

11.    All drafts of either of Your applications for Special Financial Assistance,[3] and all Communications related to such drafts.

12.    All Documents and Communications Concerning Your applications for Special Financial Assistance under ARPA.

13.    All Documents and Communications Concerning the effects of Special Financial Assistance on Your projected solvency and/or ability to satisfy any Unfunded Vested Benefits.

14.    All Documents and Communications Concerning how You have used, or intend to use, Special Financial Assistance funds.

15.    All Documents and Communications Concerning the representation in Your Special Financial Assistance application that "any withdrawal liability collection [from Debtors] would be de minimis."

16.    All Documents and Communications Concerning the representation in Your Special Financial Assistance application that there would be ""[z]ero future withdrawal liability payments . . . for [Debtors]."

17.    All drafts of, or Communications regarding, the responses to questions available at https://mycentralstatespension.org/-/media/Pension/PDFs/Pension-Crisis/SFA-FAQ.pdf?la=en&hash=29D68C68E854D8A7C4FFB45F17D56F477343DCB9

---

[3]    *See* https://www.pbgc.gov/sites/default/files/documents/central-states-sfa-app.pdf https://www.pbgc.gov/sites/default/files/documents/central-states-sfa-revised.pdf

18.     All inbound Communications from CSPF participants since CSPF's request for Special Financial Assistance was approved relating to: (a) the security of benefits promised to CSPF participants; (b) the solvency of CSPF; or (c) the impact of the Special Financial Assistance on CSPF, or participants' benefits.

19.     Any Communications from CSPF to any participants responsive to any of the Communications referenced in Request No. 15 above, and all drafts of and internal Communications about the same.

20.     All Documents and Communications since January 1, 2021, regarding any potential or actual withdrawal liability for the Debtors.

21.     All Documents or Communications regarding Your calculation of the Debtors' potential or actual withdrawal liability, and any withdrawal liability payment schedule that You drafted or prepared for the Debtors.

22.     All Documents and Communications related to any missed contributions by the Debtors to CSPF at any time.

23.     All Documents and Communications related to the 2014 Letter.

24.     All Communications relating to or constituting negotiations of the 2014 Letter, including all drafts.

25.     All Documents related in any way to any damages incurred by CSPF (if any) related to breach of the 2014 Letter.

26.     All Documents and Communications Concerning the CDA, including, without limitation, any amendments, supplements, side letters, or codicils thereto.

27.     All Documents that You considered or relied upon in responding to any of the Debtors' interrogatories, served contemporaneously herewith.

28.     All Documents or Communications related to what You may or will do with any

recovery that You receive on account of any of Your POCs.

Dated:  December 8, 2023

*/s/ Michael B. Slade*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:          ljones@pszjlaw.com
tcairns@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

-and-

Patrick J. Nash, P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Michael B. Slade (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:           patrick.nash@kirkland.com
                david.seligman@kirkland.com
                whitney.fogelberg@kirkland.com

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on December 8, 2023, he caused a true and correct copy of the foregoing Debtors' First Set of Requests for Production of Documents to Central States Pension Fund to be served via email and overnight mail upon counsel for Central States Pension Fund.

/s/ *Michael B. Slade*
Michael B. Slade

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, et al.,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DEBTORS' FIRST SET OF INTERROGATORIES**
**TO CENTRAL STATES PENSION FUND**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), made applicable to the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the above captioned debtors and debtors in possession (the "**Debtors**"), by and through their undersigned counsel, serve their First Set of Interrogatories (collectively, the "**Interrogatories**," and each, an "**Interrogatory**,") to Central States Pension Fund ("**CSPF**").

CSPF shall serve verified responses to these Interrogatories, sworn under oath by a person with authority from CSPF to do so, upon counsel for the Debtors at the offices of Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Michael Slade, or at another mutually agreeable location, on or before January 8, 2024, or such other time as the parties may agree or the Court may order. These Interrogatories shall be continuing in nature, and any additional information subsequently discovered should be provided as soon as the same becomes available.

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

## **DEFINITIONS**

The following definitions shall apply to each Interrogatory and be construed in the broadest sense permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, or any other applicable law or rules.

1.      "**ARPA**" shall mean the American Rescue Plan Act of 2021.

2.      "**Bankruptcy Case**" shall mean and refer to the captioned Case No. 23-11069 filed in the District of Delaware and all related matters.

3.       "**CSPF**," "**You**," or "**Your**" shall mean Central States Pension Fund, Central States, Southeast and Southwest Areas Pension Fund, and Central States, Southeast and Southwest Areas Health and Welfare Fund, as well as any of their present or former agents, affiliates, controlled subsidiaries, officers, directors, managers, principals, members, employees, independent contractors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such, affiliates, divisions, professionals, and all other persons acting or purporting to act on their behalf.

4.      "**Including**," shall mean "including, but not limited to" and "including, without limitation."

5.      "**Person**" or "**Persons**" shall mean all individuals and entities and include, without limitation, natural persons, partnerships, associations, groups, organizations, joint ventures, corporations, government agencies (federal, state, or local), and any other business or legal entities.

6.      "**POCs**" shall mean (a) each and every proof of claim You filed in this Bankruptcy Case; (b) any exhibits or attachments to any such proof of claim; and (c) any underlying contracts, agreements, transactions, or other documents alleged to give rise to the claim asserted in the POCs.

7.      "**Special Financial Assistance**" shall mean the special financial assistance authorized by and available to multiemployer pension plans under ARPA.

8.      "**Unfunded Vested Benefits**" shall have the meaning set forth in Section 4213(c) of the Employee Retirement Income Security Act of 1974.

## INSTRUCTIONS

1.      In responding to each Interrogatory, You must provide all information available to You or subject to Your access or control, including all information in the possession or control of Your representatives, advisors, and any other person or entity acting on Your behalf, including attorneys, financial advisors, entities acting on your behalf, and persons acting on your behalf even if employed by entities other than You.

2.      Each Interrogatory shall be answered fully, in writing and under oath.  The responses to the Interrogatories are to be signed by You, and the objections are to be signed by the attorney making them.

3.      If You object to any part of any Interrogatory, You shall state fully in writing the nature of the objection.  Notwithstanding any objections, You shall respond to the Interrogatory as narrowed in a way that renders it not overbroad in Your opinion, and state the extent to which You have narrowed that Interrogatory for purposes of Your response.  You shall also respond fully to the other parts of the Interrogatory to which You are not objecting.

4.      If any privilege is claimed as a ground for not answering an Interrogatory in full, describe the basis for the claim of privilege and all information necessary for the Debtors to assess the claim of privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5)(A), made applicable by Rule 7026 of the Bankruptcy Rules

5.      These Interrogatories are continuing in nature. If after answering the Interrogatories, You obtain or become aware of any information Or answers which are responsive to these Interrogatories, supplementary responses are required.

6.      If a claim of privilege is asserted in objecting to any Interrogatory, or sub-part thereof, furnish the following information with respect to that portion of the Interrogatory as to which the claim of privilege is asserted: (a) the basis on which the privilege is claimed; (b) the type of information withheld; and (c) the general subject matter of the information withheld.

7.      The use of the singular form of any word includes the plural and vice versa.

8.      The use of the past tense of any verb includes the present tense and vice versa.

9.      If You cannot answer the following Interrogatories in full after exercising due diligence to secure the full information to do so, state an answer to the extent possible, specifying the reasons for Your inability to answer the remainder, and stating whatever information or knowledge You have concerning the unanswered portion.

## **<ins>INTERROGATORIES</ins>**

1.      Identify all Persons with knowledge of the POCs, and for each Person so identified, state his or her (i) name, (ii) position, (iii) address, and (iv) the subject matter of the Person's knowledge.

2.      Identify all Persons who were involved in the preparation of the POCs, and for each such Person, state his or her (i) name, (ii) position, (iii) address, and (iv) the role that such Person played in the preparation of each POC.

3.      Identify all fact and expert witnesses that You may (i) identify as a person with factual knowledge related to any the POCs; or (ii) call as a witness at any hearing or trial regarding the allowance or disallowance of one or more of the POCs.

4.      For each person identified in response to Interrogatory No. 3, described in detail the substance of their anticipated testimony.

5.      For each POC, explain how You calculated the amounts allegedly owed and explain the connections of all such amounts to any and all of the Debtors' contractual, statutory, or any other common law obligations.

6.      Did You have Unfunded Vested Benefits as of August 7, 2023?  If so, please quantify the amount of Your Unfunded Vested Benefits as of August 7, 2023, and describe how you calculate the total sum of assets on the one hand, and liabilities on the other hand, that leads to your assertion that You had Unfunded Vested Benefits as of August 7, 2023.

7.      Did You have any Unfunded Vested Benefits, as of August 7, 2023, that was attributable to a current or former employee of the Debtors?  If so, please quantify the amount of such Unfunded Vested Benefits and describe how any such Unfunded Vested Benefits were attributable to the Debtors.

8.      If You contend that the withdrawal liability amount set forth in any POC need not be limited to the present value of the payment stream reflected in "the first 20 annual payments determined under" 29 U.S.C. § 1399(c)(1)(C), identify and explain Your bases for such contention.

9.      If You contend that the Debtors' "highest contribution rate" under 29 U.S.C. § 1399(c)(1)(C)(i)(II) should include or account for contribution rate increases required by any funding improvement or rehabilitation plans in plan years beginning after December 31, 2014, identify and explain Your bases for such contention.

10.     In any other litigation, arbitration, or dispute resolution process, have You taken the position that the "highest contribution rate" under 29 U.S.C. § 1399(c)(1)(C)(i)(II) should include or account for contribution rate increases required by any funding improvement or

rehabilitation plans in plan years beginning after December 31, 2014? If so, please describe the outcome of each such dispute, including whether the judge, arbitrator, or factfinder adopted your proposed highest contribution rate.

11.     If You contend that the withdrawal liability amount set forth in any POC need not be discounted to present value, identify and explain Your bases for such contention.

12.     Did You prepare a withdrawal liability payment schedule for any POC? If so, please set forth the payment schedule You prepared for each POC, and explain how You calculated each such schedule.

13.     If You contend that a 20-year withdrawal liability payment schedule is not necessary for any POC that asserts withdrawal liability, identify and explain Your bases for such contention.

14.     Explain what effect, if any, Your receipt of Special Financial Assistance funds has had on Your projected solvency and/or ability to satisfy any Unfunded Vested Benefits.

15.     Explain how You have used, or intend to use, Special Financial Assistance funds under ARPA.

16.     Explain how You would use any recovery that You receive on account of any of Your POCs if you otherwise have sufficient funds to pay all benefits owed to CSPF participants.

17.     You deemed the Debtors to have completely withdrawn from CSPF as of July 23, 2023.  Do You contend that the Debtors were obligated to make ongoing contributions to You following their complete withdrawal?  If so, describe in detail why.

18.     Do You contend that You suffered any actual damages when the Debtors completely withdrew from CSPF, ceasing to have participants accruing benefits payable by CSPF? If so, describe how and why You were damaged and provide a calculation of Your actual damages.

19.    Identify all Person(s) that You consulted or communicated with in forming Your responses to any Interrogatory, and for each such Person, state his or her (i) name, (ii) title, (iii) address, and (iv) the nature and subject matter of the consultation or communication.

Dated:  December 8, 2023
Wilmington, Delaware

/s/ Michael B. Slade
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
tcairns@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

-and-

Patrick J. Nash, P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Michael B. Slade (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:         patrick.nash@kirkland.com
david.seligman@kirkland.com
michael.slade@kirkland.com
whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022

Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on December 8, 2023, he caused a true and correct copy of the foregoing Debtors' First Set of Interrogatories to Central States Pension Fund to be served via email and overnight mail upon counsel for Central States Pension Fund.

/s/ *Michael B. Slade*
Michael B. Slade