# EXHIBIT B

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

Case 23-11069-CTG    Doc 1665-3    Filed 01/08/24    Page 2 of 11

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Yellow Corporation, et al.__
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. __23-11069 CTG__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Pension Benefit Guaranty Corporation, c/o Andrew Walker and Stephanie Thomas__
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: __See Exhibit A__

| PLACE | DATE AND TIME |
|---|---|
| Kirkland & Ellis, LLP, 300 North LaSalle, Chicago, IL 60654 | 01/08/24    5:00 pm |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __12/22/23__

CLERK OF COURT

_____                OR         _____
Signature of Clerk or Deputy Clerk                         Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Yellow Corporation__, who issues or requests this subpoena, are:
Michael Slade, michael.slade@kirkland.com, 300 North LaSalle, Chicago, IL 60654, (312) 862-3348

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

Case 23-11069-CTG    Doc 1665-3    Filed 01/08/24    Page 3 of 11

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

Case 23-11069-CTG    Doc 1665-3    Filed 01/08/24    Page 4 of 11

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

The following definitions shall apply to each Request and be construed in the broadest sense permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, or any other applicable law or rules.

1. "**ARPA**" shall mean the American Rescue Plan Act of 2021.

2. "**Bankruptcy Case**" shall mean Case No. 23-11069, currently pending in the United States Bankruptcy Court for the District of Delaware.

3. "**Communication**" or "**Communications**" shall mean the transmittal of information of any kind, in any form, and by any means, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of Documents. All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memoranda, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, forecasts, emails, text messages, and instant messages. A Request for Documents concerning any Communication among or between specified parties includes a request for any Communication among or between such parties, whether or not such Communication included or was directed to any other person.

4. "**Concerning**" shall mean, in addition to its usual and customary meaning, relating to, discussing, mentioning, evidencing, identifying, embodying, constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, or reflecting the matter specified in the Request.

5. "**CSPF**," shall mean Central States Pension Fund, Central States, Southeast and Southwest Areas Pension Fund, and Central States, Southeast and Southwest Areas Health and Welfare Fund.

6. "**Debtors**" shall mean Yellow Corporation and the other debtors and debtors in possession set forth at https://dm.epiq11.com/YellowCorporation.

7. "**Debtors' Objection**" shall mean the Debtors' Objection to the POCs filed by CSPF and available at Docket No. 1322 in the Bankruptcy Case.

8. "**Document**" or "**Documents**" shall have the meaning ascribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication, or representation has been recorded by any means, including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic, or digital recording or information storage of any kind, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including, but not limited to, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, and all other writings and recordings of every kind that are in your actual or constructive possession, custody, or control.

9. "**Including**," shall mean "including, but not limited to" and "including, without limitation."

10. **"PBGC," "You,"** or **"Your"** shall mean Pension Benefit Guaranty Corporation, as well as any of its present or former agents, affiliates, controlled subsidiaries, officers, directors, managers, principals, members, employees, independent contractors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such, affiliates, divisions, professionals, and all other persons acting or purporting to act on its behalf.

11. **"Person"** or **"Persons"** shall mean all individuals and entities and include, without limitation, natural persons, partnerships, associations, groups, organizations, joint ventures, corporations, government agencies (federal, state, or local), and any other business or legal entities.

12. **"POCs"** shall mean any and all proofs of claim CSPF filed in this Bankruptcy Case.

13. **"Special Financial Assistance"** shall mean the special financial assistance authorized by and available to multiemployer pension plans under ARPA.

14. **"Unfunded Vested Benefits"** shall have the meaning set forth in Section 4213(c) of the Employee Retirement Income Security Act of 1974.

## INSTRUCTIONS

1. You are required to search for all documents within your possession, custody, or control, wherever located, including, without limitation, any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his/her residence or place(s) of business), in order to fully respond to these Requests.

2. All Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the documents. You are to produce the original and all non-identical copies, including all drafts of each document requested.

If You are not able to produce the original of any document, please produce the best available copy and all non-identical copies, including drafts.

3. Documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspondence with the categories in each Request. The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file shall be set forth. All documents requested herein shall be produced electronically as tagged image file format ("**TIFF**") or portable document format ("**PDF**") files, except that all spreadsheets and accounting and financial data, including those created with Excel software, shall be produced in a fully functional native form (*i.e.*, in a linked format).

4. If the meaning of any term in any Request herein is unclear to You, without waiving of the right to seek a full and complete response to the Request, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

5. Each Request shall be deemed continuing so as to require prompt supplementation if You obtain, generate, or discover additional documents or information. If, after responding, You obtain or become aware of any additional documents or information responsive to these Requests, production of such additional documents or information shall be made forthwith as required by Rule 26 of the Federal Rules, as incorporated by Rules 7026 and 9014 of the Bankruptcy Rules, as applicable.

6. Unless a different time period is specified, the period covered by these discovery requests is from January 1, 2022, to the present.

7. If you claim that any Document or Communication responsive to any Request is privileged or otherwise immune from discovery as work product, You shall respond to the Request to the extent to which it is not objected and explain the grounds upon which the objection is based by providing a full identification of the withheld documents or portion thereof, including:

    a. its date;

    b. the identity of all persons who prepared, signed and/or were involved with the Document or Communication;

    c. the nature of the Document or Communication (e.g., letter, photo, etc.);

    d. a summary of its contents or its general subject matter;

    e. the identities of all persons to whom the Document, Communication, or any copies thereof were circulated or its contents communicated; and

    f. the specific grounds for not responding in full, including the nature of the privilege (e.g., attorney client privilege, work product) or other rule of law relied upon to withhold the Document or Communication, and the facts supporting those grounds.

8. Any purportedly privileged document containing non-privileged matter must be produced, with the purportedly privileged portion redacted.

9. If You are aware of any Document or Communication requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production for any reason whatsoever, You shall provide:

    a. a full identification of each such Document or Communication, including its author, addressee, recipient, date, and general type (e.g., letter, report)

    b. a summary of its contents or general subject matter;

    c. the identities of all persons who participated in preparing and/or signing the Document or Communication;

    d. the date and manner of disposal and the reason for disposal;

    e. the identity of any person who has possession, custody, or control of a partial or complete copy of such Document or Communication; and

   f. the identity of all persons who participated in and/or authorized the destruction or discarding or who have knowledge of the date and circumstances surrounding the destruction or discarding.

  10. Whenever necessary to bring within the scope of a Request any documents or information that might otherwise be construed as outside its scope:

   a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses;

   b. The use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

   c. The use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa;

   d. The use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive;

   e. The use of terms "and," "or," or "and/or" shall be construed as encompassing "and," "or," and "and/or,"; and

   f. The terms "all," "each," and "all/each" shall be construed as all, each, and any.

## DOCUMENTS REQUESTED

  1. All Documents and Communications (internal to CSPF or with third parties) Concerning either of CSPF's applications for Special Financial Assistance under ARPA[1] or any drafts thereof.

  2. All Documents and Communications Concerning the representation in CSPF's Special Financial Assistance application that "any withdrawal liability collection [from the Debtors] would be de minimis" or Your review, evaluation, or analysis of the same.

---

[1] *See* https://www.pbgc.gov/sites/default/files/documents/central-states-sfa-app.pdf; and https://www.pbgc.gov/sites/default/files/documents/central-states-sfa-revised.pdf

3. All Documents and Communications Concerning the representation in CSPF's Special Financial Assistance application that there would be ""[z]ero future withdrawal liability payments . . . for [Debtors]" or Your review, evaluation, or analysis of the same.

4. All Documents and Communications Concerning the presence or absence of Unfunded Vested Benefits at CSPF following CSPF's receipt of Special Financial Assistance.

5. All Documents and Communications Concerning what the $35.8 billion in Special Financial Assistance awarded to CSPF was intended to cover.

6. All Documents and Communications Concerning CSPF's projected solvency and/or ability to satisfy CSPF's projected benefit payments and expenses.

7. All Documents and Communications since January 1, 2021, Concerning the Debtors' participation in CSPF; any actual or potential withdrawal liability of the Debtors; or CSPF's decision to deem the Debtors' participation in CSPF terminated as of July 23, 2023.[2]

8. All Documents and Communications (internal within PBGC or with any third parties) Concerning 87 FR 40968, including, without limitation, all Documents and Communications Concerning Your decision to request phased recognition of Special Financial Assistance in a plan's determination of withdrawal liability.

9. All Communications between You and CSPF regarding: (a) the Debtors' chapter 11 cases; (b) any of CSFP's POCs; or (c) the Debtors' Objection to CSPF's POCs.

10. All Communications (internal within PBGC or with any third parties) regarding (a) the Debtors' chapter 11 cases; (b) any of CSFP's POCs; or (c) the Debtors' Objection to CSPF's POCs.

---

[2] https://mycentralstatespension.org/yrc-inc-and-usf-holland-llc-faqs#:~:text=As%20notified%20previously%2C%20Yellow's%20participation,for%20maintaining%20future%20pension%20coverage.