# Exhibit 1

## Stipulation

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | § | **(Chapter 11)** |
| | § | |
| **YELLOW CORPORATION,** *et al.*, | § | **Case No. 23-11069 (CTG)** |
| | § | |
| Debtors.[1] | § | **(Jointly Administered)** |

**JOINT STIPULATION BY AND
AMONG THE DEBTORS AND 1460 E KEARNEY OWNER LP
(I) AUTHORIZING (A) SETOFF OF OBLIGATIONS, (B) ALLOWANCE
AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM, (C) RELIEF
FROM THE AUTOMATIC STAY, AND (II) GRANTING RELATED RELIEF**

This joint stipulation (the "***Stipulation***") is made and entered into by and among (a) the debtors in possession in the above-captioned chapter 11 cases (the "***Debtors***"), and (b) 1460 E Kearney Owner LP (the "***Landlord***" and together with the Debtors, the "***Parties***"). The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, on August 6, 2023, each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Court***"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11/com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 511500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

**WHEREAS**, the Landlord, as assignee of RGA Dalfen East Dallas LP pursuant to that certain *Assignment of Leases, Contracts, Intangible Property and Bill of Sale*, entered into as of March 10, 2022, and Yellow Logistics, Inc., f/k/a HNRY Logistics, Inc. ("**Yellow Logistics**"), are parties to that certain *Lease Agreement*, entered into as of June 21, 2021 (collectively, the "**Lease**"), pursuant to which the Landlord leases to the Debtors the premises located at 1460 E. Kearney Street, Mesquite, Texas 75149 (the "**Premises**");

**WHEREAS**, in connection with the execution of the Lease, Yellow Corporation ("**Yellow Corp.**") executed a *Guaranty*, dated as of June 18, 2021 (the "**Guaranty**"), in favor of the Landlord with respect to Yellow Logistics' obligations under the Lease;

**WHEREAS**, on November 1, 2023, the Debtors filed their *Second Notice of Rejection of Certain Executory Contracts and Unexpired Leases* [Docket No. 1018] (the "**Second Rejection Notice**"), pursuant to which the Debtors rejected the Lease;

**WHEREAS**, on November 3, 2023, the Debtors surrendered the keys to the Premises;

**WHEREAS**, the Debtors agree that the Lease was rejected effective as of November 3, 2023;

**WHEREAS**, on November 13, 2023, the Landlord filed Proofs of Claim Nos. 18431 and 18474, which assert claims against Yellow Logistics and Yellow Corp. in an amount equal to at least $1,118,253.00, of which $84,988.49 is secured on account of a security deposit under the Lease (such security deposit, the "**Security Deposit**");

and

**WHEREAS**, the Debtors have determined that it is in the best interests of their estates and creditors to agree to this Stipulation.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION BY ENTRY OF THE ORDER, IT IS SO ORDERED as follows:**

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth herein.

2. The Premises were surrendered and the Lease is rejected effective as of November 3, 2023.

3. The Debtors shall within 10 days following entry of the Order provide the Landlord with a written schedule describing any property remaining on the Premises that is owned by a non-debtor third party (such property, the "***Third-Party Property***") and shall identify such third parties as to such Third-Party Property.

4. To the extent that Third-Party Property remains on the Premises, the Landlord shall be authorized, but not directed, to coordinate with such owners of Third-Party Property and to dispose of any such Third-Party Property as determined by such owners and/or by the Landlord in accordance with applicable law, without further notice to the Debtors or other interested parties or order of the Court.

5. The Debtors shall within 10 days following entry of the Order provide a written schedule describing any property remaining on the Premises that is owned by the Debtors, other than the property of the Debtors at the Premises which has been abandoned by the Debtors as indicated in the Second Rejection Notice, that being the Debtors' furniture, fixtures, IT equipment, and other miscellaneous de minimis items, (such property remaining and such property already abandoned, collectively, the "***Abandoned Property***").

6. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified and lifted to permit and authorize, but not require, the Landlord to remove and dispose of any Abandoned Property as determined by the Landlord, and without further notice to the Debtors or other interested parties or order of the Court, and Landlord reserves it rights as to any claims or costs arising on account of same.

7. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified and lifted to permit and authorize, but not require, the Landlord to terminate the Lease as determined by the Landlord.

8. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified and lifted to permit and authorize, but not require, the Landlord to apply the Security Deposit (in an amount equal to $84,988.49) against any claims of the Landlord under the Lease as determined by the Landlord.

9. All rights, claims, objections and defenses of the Debtors and any other party in interest with respect to any claim asserted by Landlord are expressly reserved. Nothing contained in this Stipulation shall constitute a waiver or release of any such rights, claims, objections and defenses of the Debtors or any other party in interest.

10. The Parties are authorized to take all actions necessary to effectuate the relief granted in the Order to consummate the Stipulation.

11. Neither this Stipulation nor any terms contained herein shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith, or (c) to prove that the automatic stay has been lifted in accordance with the terms of this Stipulation.

12. This Stipulation is subject to the approval of the Court and shall be effective upon entry of the Order approving this Stipulation.

13. The Parties hereby consent to the entry of the Order and waive any right to notice or hearing on the approval of the Stipulation.

14. This Stipulation shall be binding upon the Parties, their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

15. The Parties represent and warrant that they have full authority to execute this Stipulation.

16. The Court shall retain exclusive jurisdiction with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

**STIPULATED AND AGREED TO THIS 12th DAY OF JANUARY, 2024:**

/s/ *Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:   (302) 652-4100
Facsimile:   (302) 652-4400
Email:   ljones@pszjlaw.com
   tcairns@pszjlaw.com
   pkeane@pszjlaw.com
   ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Whitney Fogelberg (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   patrick.nash@kirkland.com
   david.seligman@kirkland.com
   whitney.fogelberg@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

/s/ *Ericka Johnson*
Ericka Johnson (DE Bar No. 5024)
**BAYARD P.A.**
600 N. King Street, Suite 400
P.O. Box 25130
Wilmington DE 19899
Telephone:   (302) 429-4275
Facsimile:   (302) 658-6395
Email:   ejohnson@bayardlaw.com

-and-

William L. Wallander (TX 20780750)
Sara E. Zoglman (TX 24121600)
**VINSON & ELKINS LLP**
2001 Ross Avenue, Suite 3900
Dallas, Texas 75201
Tel:  214.220.7700
Fax:  214.220.7716
Email:  bwallander@velaw.com;
szoglman@velaw.com

*Co-Counsel to 1460 E Kearney Owner LP*