# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*[1] | ) | Case No.  23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **RE: D.I. 829, 1273** |
| _____ | ) | |

## REPLY IN FURTHER SUPPORT OF MOTION OF JASON E. ELLIS FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) OF THE BANKRUPTCY CODE

Jason E. Ellis, ("Creditor" and/or "Movant"), by and through his undersigned counsel, submits this reply in further support of his motion for relief from the automatic stay ("Motion") [D.I. 829]; and in response to the Omnibus Objection/Debtors' Amended and Restated Omnibus Objection to Personal Injury Claimant Motions for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code filed by Debtors ("Debtors Objection") [D.I. 1273] and respectfully states as follows:

## BACKGROUND

1.     On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "Court"). The Debtors' have requested joint administration of their bankruptcy cases. [Docket No. 169].

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

2. Prior to the Petition Date, on or about February 8, 2023, Movant was seriously and permanently injured as a result of a motor vehicle collision in McMinn County, Tennessee, that was caused in full or in part by the negligence of Debtor, USF, Holland, LLC, and its employee, Brian Schoepflin. Plaintiff suffered a serious injury which requires surgical correction.

3. Upon information and belief, at the time of the February 8, 2023 collision, Debtor, USF Holland, LLC, was covered by a liability insurance policy with Old Republic Insurance Company ("ORIC") with coverage limits sufficient to cover Movant's claims.

4. Movant wishes to pursue his claims against USF Holland, LLC in an action to be commenced in the McMinn County Circuit Court in the State of Tennessee (the "State Court Action"), only to the extent of the limit of the Debtors' applicable insurance policies and any applicable underinsured motorist limits available to him.

5. On October 13, 2023, Movant filed his Motion pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking an order granting relief from the automatic stay to allow Movant to (a) commence and prosecute the State Court Action (and enforce any judgment obtained on account of the same) against Debtor(s); and (b) recover any final judgment or settlement against Debtor(s) solely from proceeds of an applicable insurance policy, if any, and not from the Debtors, their estates, or their successors, and subject to any applicable limit, self-insured retention, or deductible in the applicable insurance policy.

6. The original objection deadline for the Motion was October 30, 2023 at 5:00 pm (ET), but was thereafter extended by agreement with counsel for the Debtors to November 9, 2023;

and again to December 5, 2023.

7. On December 5, 2023, Debtors filed *Debtors' Omnibus Objection /Debtors' Amended and Restated Omnibus Objection to Personal Injury Claimant Motions for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code* [D.I. 1273] ("Debtors' Objection").

8. It should be noted that no objection was filed by Creditor ORIC to the Motion.

9. In the Debtors' Objection, Debtors assert that ORIC issued workers' compensation policies (the "WC Policies") and motor carrier's indemnity policies (the "Motor Carrier's Indemnity Policies") from March 1, 2004 – September 1, 2023, and excess liability insurance (the "Excess Policy") from March 1, 2004 – February 28, 2005 to certain of the Debtors (collectively, "Policies").

10. In its original Objection [D.I. 1273], Debtors alleged that the Motor Carrier's Indemnity Policies are fully fronted indemnity-only policies that do not provide coverage for the personal injury claimant's claims. However, Debtors presented no admissible evidence supporting this claim. It its most recent Second Amended Objection [D.I. 1730], Debtor asserts that coverage is available through ORIC policies, but that ORIC has denied coverage for the Debor – a position which Debtor now disputes. [D.I. 1730, at para 2.]

11. Due to specific provisions of Tennessee law applicable to Ellis' claim, Mr. Ellis will irrevocably lose his right to pursue his claim if this motion is not granted. The Tennessee statute of limitations is one year and is expiring on February 8, 2024. If ORIC is correct and no insurance is available for Mr. Ellis' claim, then he has a claim against uninsured motorist coverage available to him. However, in order to access that coverage, Tennessee law requires him to file suit against the tortfeasor (Debtor) within the SOL. Thus, Mr. Ellis will be severely prejudiced if he is not permitted to initiate the lawsuit against debtor, thereby preserving either his tort claim (to

the extent of available insurance) or his UM claim (if ORIC is correct and no liability insurance is available for the claim against the Debtor). This matter presents "extraordinary circumstances" entitling Mr. Ellis to relief.

## **ARGUMENT**

### A. Cause Exists to Grant Movant Relief from the Automatic Stay

12.     Relief from the automatic stay is proper when cause exists. 11 U.S.C. § 362(d)(1).

13.     In his Motion, Movant made a prima facie showing of "cause" the burden going forward is on the Debtor as the party opposing the motion. 11 U.S.C. § 362(g).

14.     However, the Debtors have not met their burden. The Debtors have not shown this Court that allowing the State Court Action to proceed will cause any harm to the Debtors' bankruptcy estate. Rather the Debtors admit "the burden of defending such Claims [such as the State Court Action], if they were allowed to proceed, may fall to the Debtors…." Debtors' Objection, ¶ 11 (emphasis added). The possibility that the Debtors "may" have to bear the burden of defending the State Court Action is simply not enough to defeat cause.

15.     Moreover, the Debtors' Objection fails to address the specific merits and underlying facts of Movant's request to lift the automatic stay. Section 362(d)(1) of the Bankruptcy Code permits a court to grant relief from the automatic stay "for cause." 11 U.S.C. § 362. "The term "cause" as used in section 362(d) has no obvious definition and is determined on a case-by-case basis." *See In re Integrated Health Servs., Inc.*, 2000 WL 33712483, at *1 (Bankr. D. Del. Aug. 11, 2000); *In re Lincoln*, 264 B.R 370, 372 (Bankr. E.D. Pa. 2001) ("Each request for relief for 'cause' under [section] 362(d)(1) must be considered on its own facts.").

16.     Rather than address the merits of Movant's Motion, Debtors instead asserted blanket objections to all the personal injury claimants' requests for stay relief arguing that there is

no insurance coverage for such claims and then arguing that there is a disputed coverage denial as to such insurance. These blanket objections improperly conflate each of the personal injury claimants and ignore the merits of each request for stay relief.

17. With respect to Movant's Motion, Debtors have failed to provide evidence supporting their claim that the Policies do not provide coverage for Movant's claim. Even ORIC's denial of coverage is deemed to be proper, Movant must be permitted to proceed with his suit to avoid the prohibitions of the applicable statute of limitations and thereby preserve his underinsured motorist claim.

18. There is uninsured / underinsured motorist coverage applicable to Movant's State Court Action in sufficient amount that he can be made whole. But, under Tennessee law, <u>Movant can only recover those funds by initiating a timely lawsuit against the debtor</u>. According to T.C.A. § 56-7-1206 and the precedent set forth in *Webster v. Harris*, 727 S.W.2d 248, 251 (Tenn. Ct. App. 1987) and *Hooper v. State Farm Mut. Auto. Ins. Co.*, 1984, 682 S.W.2d 505, In regular circumstances, direct legal action against the uninsured motorist insurance company is typically not permissible. Tennessee Code Annotated 56-7-1206 provides a pathway for an insured to pursue action against Uninsured Insurance Coverage as the sole defendant, but this is allowable only when the identity of the tortfeasor is unknown, accompanied by additional procedural steps. In the present case, the exceptions outlined in Tenn. Code Ann. § 56-7-1206 are inapplicable as the responsible party is identifiable, albeit potentially underinsured. Consequently, the appropriate course of action necessitates initiating legal proceedings against the (potentially) uninsured motorist, followed by serving notice on the insured's uninsured motorist carrier.

19. Importantly, the uninsured motorist carrier's right to subrogate would not prejudice or reduce the bankruptcy estate or the rights of other creditors in this action. Pursuant to Tenn.

Code Ann. §56-7-1204, the uninsured motorist carrier is conferred with the right of subrogation of the individual plaintiff, in this case, Mr. Ellis, for any potential or actual recovery he may pursue. The subrogation provision within the uninsured motorist statute stipulates that the insurer, upon making a payment under the uninsured motorist coverage, effectively "steps into the shoes" of the recipient and is entitled to seek recovery against any party responsible for the insurer's payment. T.C.A. § 56-7-1204(a). *Sherer v. Linginfelter*, 29 S.W.3d 451, 454 (Tenn. 2000).

20. It is crucial to note that the uninsured motorist carrier's right to subrogate against Debtor is confined to the scope of his Proof of Claim. Importantly, this proposed action would not pose any prejudice to the bankruptcy estate, as the claim operates within the framework of Mr. Ellis's already-filed proof of claim, and remains consistent with other unsecured creditors' standing in the queue.

21. The relevant statute of limitations for personal injuries in Tennessee is one year, as provided for in Tenn. Code Ann. § 28–3–104(a)(1). Nevertheless, a noteworthy exception exists: if a defendant, named in a complaint filed within the limitations period, asserts that a nonparty is responsible for the injury or damage, and if the plaintiff's cause of action against that nonparty would be time-barred under the statute of limitations, the plaintiff has a 90-day window from the date of the first pleading alleging the fault of the nonparty to include the nonparty as a defendant through an amendment to the complaint. T.C.A. § 20–1–119(a)(1). *Breeding v. Edwards*, 62 S.W.3d 170, 177 (Tenn. Ct. App. 2001).

22. It is imperative to underscore that in order to preserve the right provided by Tenn. Code Ann. § 20–1–119, the lawsuit must be initiated within the confines of the applicable statute of limitations. Specifically in this case, Mr. Ellis has been informed by defense counsel for the Debtor that they intend to allege fault against a third-party company in this case. That means that

Movant's ability to collect from that non-debtor party would be cut off if the lift of stay is not granted and suit is not initiated within one year.

23. Tennessee is not a joint and several liability state, so some or all of a potential recovery in the case would be lost if fault is attributed to the third party defense counsel apparently intends to join, and suit has not been filed within the statute of limitations period. Additionally, it is important to highlight that any tolling agreement entered into will not extend the protections afforded by Tenn. Code. Ann. § 20-1-119.

24. Considering all the factors at play, it is crucial that the Motion be granted. This is essential to adequately safeguard Mr. Ellis's rights as afforded to him under Tennessee Law. Denying Movant's Motion would unfairly penalize Mr. Ellis for the actions of the Debtor. The motion to lift the stay seeks to uphold Mr. Ellis's legal rights and prevent any undue prejudice resulting from the Debtor's situation. Additionally, granting the Motion would not affect the bankruptcy estate, as Mr. Ellis would ultimately be pursuing either liability insurance through ORIC, or uninsured motorist coverage in the State Court Action. Further the uninsured motorist carriers' ability to subrogate is limited to the value of the proof of claim previously filed by Mr. Ellis.

25. In addition, Debtors will not suffer any hardship if Movant's claims in the State Court Action are allowed to proceed because Movant's claims must eventually be liquidated before they can recover from the bankruptcy estate. Further, because their claims involve personal injury, they must be liquidated in a forum outside the Bankruptcy Court. 11 U.S.C. § 157(b)(5) ("personal injury tort…claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claims arose…"). The State Court Action will assert

personal injury claims which do not present any factual or legal issues which will impact or distract the Debtors from their liquidation process.

26. To the contrary, a delay for Movant will cause significant hardship in light of the imminent statute of limitation deadline, ongoing medical expenses and lasting, permanent injuries. Furthermore, Movant has UM coverage available to him, but can only recover form it by initiating timely suit against the Debtors.

27. Lastly, Movant has a high likelihood of success in the State Court Action as it does not appear the Debtors have any strong defenses (if any at all). *In re Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990) ("Only strong defenses to state court proceedings can prevent a bankruptcy from granting relief from the stay . . . where the decision making process should be relegated to [other] bodies . . . .).

28. When weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute his claims against the Debtors and any other responsible individual or entity to judgment in State Court Action and satisfy any award or other resolution they may obtain against the Debtors' applicable Policies and any other individuals or entities that are responsible for the injuries sustained. The balance of the hardships analysis under the "*Rexene* factors" clearly weighs significantly in favor of lifting the stay to allow Mr. Ellis to proceed. *In re Pursuit Athletic Footwear, Inc*., 193 B.R. 713, 718 (Bankr. D. Del. 1996).

29. Justice and equity require a lift of stay to allow suit to be filed to preserve Movant's rights to recover from parties other than the debtor under Tennessee law, as Mr. Ellis has established cause for relief from the Stay.

## CONCLUSION

WHEREFORE, Movant respectfully requests that the Court enter an Order granting stay relief for the limited purpose of allowing the State Court Action to proceed to judgment as against available insurance or, alternatively grant the Movant limited stay relief to commence an action in the McMinn County Circuit Court in the State of Tennessee to solely preserve the statute of limitations under the dictates of Tennessee law and concurrently file a Motion to Stay the State Court Action so that the parties can determine the applicability of certain insurance policies and the potential resulting impact on the Debtors' estates.

**REGER RIZZO & DARNALL LLP**

*/s/ Louis J. Rizzo, Jr., Esquire*
Louis J. Rizzo, Jr., Esquire (#3374)
Brandywine Plaza West
1521 Concord Pike, Suite 305
Wilmington, DE 19803
(302) 477-7100
*Attorney for Movant, Jason E. Ellis*

Dated:   January 12, 2024

**CERTIFICATE OF SERVICE**

       The undersigned attorney hereby certifies on this 12th day of January 2024, that a true and correct copy of the Reply in Support of Creditor Jason E. Ellis' Motion for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code was caused to be served upon all parties required to receive notice pursuant to De. Bankr. LR 4001-1 via this Court's ECF filing system and/or by United States Mail, postage prepaid, upon the following parties:

| | |
|---|---|
| Michael Esser, Esquire<br>Kirkland & Ellis LLP<br>555 California Street<br>27th Floor<br>San Francisco, CA 94104 | Whitney C. Fogelberg, Esquire<br>Richard U.S. Howell, Esquire<br>Casey McGushin, Esquire<br>Conor P. McNamara, Esquire<br>Patrick J. Nash, Esquire<br>David Seligman, Esquire<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL 60654 |
| Laura Davis Jones, Esquire<br>Peter J. Keane, Esquire<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19801 | Jame M. Leamy, Esquire<br>Richard L. Schepacarter, Esquire<br>Office of the United States Trustee<br>844 King Street, Suite 2207<br>Wilmington, DE 19801 |
| Kevin M. Capuzzi, Esquire<br>John C. Gentile, Esquire<br>Jennifer R. Hoover, Esquire<br>Benesch Friedlander Coplan & Aronoff LLP<br>1313 North Market Street<br>Suite 1201<br>Wilmington, DE 19801-1611 | Philip C. Dublin, Esquire<br>Meredith A. Lahaie, Esquire<br>Abid Qureshi, Esquire<br>Joseph L. Sorkin, Esquire<br>Kevin Zuzolo, Esquire<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>Bank of America Tower<br>New York, NY 10036 |
| Epiq Corporate Restructuring, LLC<br>www.epiqsystems.com<br>777 Third Avenue, 12th Floor<br>New York, NY 10017 | |

**REGER RIZZO & DARNALL LLP**

*/s/ Louis J. Rizzo, Jr., Esquire*
Louis J. Rizzo, Jr., Esquire (#3374)
Brandywine Plaza West
1521 Concord Pike, Suite 305
Wilmington, DE 19803
(302) 477-7100
*Attorney for Movant, Jason E. Ellis*

Dated: January 12, 2024