IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:** |
| | ) | **February 14, 2024 at 10:00 a.m. (ET)** |
| | ) | **Response Deadline:** |
| | ) | **February 7, 2024 at 4:00 p.m. (ET)** |
| | ) | |

**DEBTORS' FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B)
AND 503(B), BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

**PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW
SCHEDULES 1–2 TO THE PROPOSED ORDER TO DETERMINE
IF THEIR CLAIM IS SUBJECT TO THIS OBJECTION.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), respectfully state as follows in support of this first omnibus objection to claims (this "Objection").[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):

    (a) disallowing and expunging each proof of claim identified on Schedule 1 to the Order in the column titled "Claims to be Disallowed" because each proof of claim has been amended and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"). Capitalized terms used but not immediately defined in this motion have the meanings ascribed to them later in this motion or in the First Day Declaration, as applicable.

superseded by a subsequently filed claim, as identified on Schedule 1 to the Order in the column titled "Remaining Claims" (the "Amended Claims"); and

(b) disallowing and expunging each proof of claim identified on Schedule 2 to the Order in the column titled "Claims to be Disallowed" because each proof of claim is an exact duplicate of another proof of claim filed by the same claimant in respect of the same liabilities (the "Duplicate Claims," and together with the Amended Claims, the "Disputed Claims").

2. In support of this Objection, the Debtors submit the *Declaration of Jay Herriman in Support of the Debtors' First Omnibus (Non-Substantive) Objection to Claims Pursuant to Bankruptcy Code Sections 502(b) and 503(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007*-1 (the "Herriman Declaration"), attached hereto as **Exhibit B**. This Objection complies in all respects with rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Jurisdiction

3. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Local Rules, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

**Background**

6. On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169]. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

7. On August 9, 2023, the Court entered an order [Docket No. 170] authorizing the retention of Epiq Corporate Restructuring, LLC as claims and noticing agent (the "Claims Agent"). As such, Epiq Corporate Restructuring, LLC is to, among other things, receive, maintain, docket, and otherwise administer proofs of claim filed in the Debtors' chapter 11 cases.

8. On September 13, 2023, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner For Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 521] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in these chapter 11 cases. Among other things, the bar date established: (a) November 13, 2023

(the "Claims Bar Date"), as the final date and time for all persons and entities holding claims against the Debtors, (except in the cases of governmental units and certain other exceptions explicitly set forth in the Bar Date Order) that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in these chapter 11 cases (except for claims specifically exempt from complying with the applicable bar dates as set forth in the Bar Date Order) for: (i) requests for payment under section 503(b)(9) of the Bankruptcy Code (ii) secured claims, (iii) unsecured priority claims, (iv) unsecured non-priority claims, (v) contingent claims, (vi) unliquidated claims, (vii) disputed claims, and (viii) rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases;[3] and (b) February 5, 2024 (the "Governmental Bar Date") as the final date and time for all governmental units (as defined in section 101(27) of the Bankruptcy Code) holding claims (whether secured, unsecured priority, or unsecured non-priority) against the Debtors that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in these chapter 11 cases.[4]

9. Notice of the Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

---

[3] Pursuant to the Bar Date Order, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors is the later of, (i) the Claims Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date"). For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to unexpired leases of nonresidential real property shall not be required to file prepetition claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

[4] Pursuant to the Bar Date Order, if the Debtors amend or supplement the Schedules (as defined herein) to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (b) 11:59 p.m. prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

10. On September 11, 2023, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and, together with the Schedules, as amended, modified, or supplemented, the "Schedules and Statements") [Docket Nos. 445–481]. On September 12, 2023, the Debtors filed corrected versions of certain of the Statements [Docket No. 501].

11. In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date. As part of these chapter 11 cases, the Debtors filed their Schedules and Statements reflecting the obligations owed to their creditors as of the Petition Date. To date, approximately 15,010 Proofs of Claim have been filed. The Debtors, together with their advisors, have been engaging in a systematic review of the Proofs of Claim, working diligently to review, compare, and reconcile the Proofs of Claim against the Debtors' Books and Records.

**Basis for Objection**

12. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process. As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted]. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to

> produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . .  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted).  Once the *prima facie* validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *Id.* at 173.  The burden of persuasion is always on the claimant.  *Id.*

**I.    Amended Claims.**

13.    Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 388 Amended Claims listed on Schedule 1 annexed to **Exhibit A**, in the aggregate claimed amount of approximately $148 million.  The Amended Claims have each been amended and superseded by a subsequently filed Proof of Claim, as reflected in the column labeled "Remaining Claims" (each, a "Remaining Claim").  The Amended Claims remain on the claims register only as a technicality and may be eliminated without affecting such claimants' underlying claims.

14.    Failure to disallow and expunge the Amended Claims could potentially result in these claimants receiving an unwarranted double recovery on both the Amended Claim and the Remaining Claim, to the detriment of other creditors and parties in interest.  Accordingly, the Debtors request entry of an order disallowing and expunging the Amended Claims in their entirety.  Such relief will not prejudice these claimants because they will continue to hold their Remaining Claim, subject to the Debtors' rights to object to each of the Remaining Claims on any other grounds that the Debtors discover or elect to pursue.

**II.     Duplicate Claims.**

15.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified 43 Duplicate Claims listed on <u>Schedule 2</u> annexed to **Exhibit A**, in the aggregate claimed amount of approximately $3.7 billion.  The Duplicate Claims are exact duplicates of other Proofs of Claim filed by or on behalf of the same claimant in respect of the same alleged liabilities.  Failure to disallow the Duplicate Claims will result in double recoveries to the claimants on the same alleged obligation or debt.  Moreover, disallowance of these claims will enable the claims register to reflect more accurately the Proofs of Claim asserted against the Debtors.  Accordingly, the Debtors seek an order disallowing and expunging each of the Duplicate Claims in their entirety.

16.     Any disallowance or expungement of the Duplicate Claims will not affect the Proofs of Claim set forth under the column heading "Remaining Claims," which will remain on the claims register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Debtors' right to object to each of the Proofs of Claim on any other grounds that the Debtors discover or elect to pursue.

<b><u>Separate Contested Matters</u></b>

17.     To the extent that a response is filed regarding any Disputed Claim identified in this Objection and listed on <u>Schedule 1</u> or <u>Schedule 2</u> annexed to **Exhibit A** and the Debtors are unable to resolve the response, the objection by the Debtor to each such Disputed Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each such Disputed Claim.

**Reservation of Rights**

18. Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

19. The Debtors hereby reserve their right to amend, modify, and supplement this Objection, including to object to any of the Disputed Claims listed on Schedule 1 and Schedule 2 annexed to **Exhibit A**, on any additional grounds, prior to the hearing before the Court on this Objection, if any; *provided, however*, that nothing in this Objection shall affect the Debtors' right to object to the Disputed Claims or any other Proofs of Claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or in the order.

**Statement of Compliance with Local Rule 3007-1**

20. Counsel for the Debtors has reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with such Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

**Notice**

21. The Debtors will provide notice of this motion to: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the Junior DIP Lender and counsel thereto; (h) the Junior DIP Agent and counsel thereto; (i) White & Case LLP, as counsel to the B-2 Lenders; (j) the Prepetition ABL Agent and counsel thereto; (k) the B-2 Agent and counsel thereto; (l) the Prepetition UST Tranche A Agent and counsel thereto; (m) the Prepetition UST Tranche B Agent, and counsel thereto; (n) the United States Department of Justice and Arnold & Porter Kaye Scholer LLP as counsel to the United States Department of the Treasury; (o) all claimants identified on Schedule 1 and Schedule 2 attached to **Exhibit A**; and (p) any party that requests service pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required or necessary.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  January 12, 2024
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | Whitney Fogelberg (admitted *pro hac vice*) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |
| Wilmington, Delaware 19801 | Telephone:   (312) 862-2000 |
| Telephone:   (302) 652-4100 | Facsimile:   (312) 862-2200 |
| Facsimile:   (302) 652-4400 | Email:   patrick.nash@kirkland.com |
| Email:   ljones@pszjlaw.com | david.seligman@kirkland.com |
| tcairns@pszjlaw.com | whitney.fogelberg@kirkland.com |
| pkeane@pszjlaw.com | |
| ecorma@pszjlaw.com | -and- |

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900
Email:   allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*