## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.,*[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: January 30, 2024 at 4:00 p.m. (ET)** |
| | **Hearing Date: February 14, 2024 at 10:00 a.m. (ET)** |

## ROBERT MOSS AND KELLY CREPEAULT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO SEND LETTERS TO CALIFORNIA LABOR WORKFORCE DEVELOPMENT AGENCY

Creditors Robert Moss ("Moss") and Kelly Crepeault ("Crepeault" and, together with Movants Moss and Crepeault, the "Movants"), by and through their undersigned counsel, file this *Motion for Relief from the Automatic Stay* (the "Motion") to allow Movants to send the California Labor and Workforce Development Agency ("LWDA") letters substantially in the form annexed as Exhibits "A" and "B") hereto (the "PAGA Letters"). The probable result of the Movants sending the PAGA Letters will be the Movants' authorization by LWDA to seek penalties under the California Private Attorneys General Act, Calif. Labor Code §2699 *et seq.* ("PAGA") from Debtors USF Reddaway, Inc. ("USF") and YRC Inc. ("YRC", and collectively with USF, the "Debtor Defendants") on behalf of the State of California and certain aggrieved California former employees.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211

**THE PARTIES**

1.      Moss is a California resident who worked for USF for 31 years until he was terminated from his employment with USF on July 30, 2023 as part of USF's shutdown.  Crepeault is a California resident who worked for YRC for 19 years until he was terminated from his employment with YRC on July 30, 2023 as part of USF's shutdown. On July 30, 2023, USF and YRC terminated all of its employees nationwide as part of their permanent shutdown and failed to pay all accrued PTO and/or sick pay to their employees.

2.      In sending the PAGA Letters, Movants seek to represent the state of California, themselves, and all other former employees of either Debtor Defendant in California who worked for either Debtor Defendant as of July 2023 and suffered injuries of the sort described in the PAGA Letters ("Aggrieved Employees").

3.      USF is an Oregon Corporation doing business nationwide. YRC is a Delaware Corporation doing business nationwide. Defendants operated trucking companies throughout the United States.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1331, 1334, and 1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

6.      The Movants consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

16495777/3

## **BACKGROUND**

7.      On August 6, 2023 (the "Petition Date"), the above-captioned debtors (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      The Debtors cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

9.      Prior to the Petition Date, effective July 30, 2023, the Debtor Defendants permanently shut down operations and terminated all employees, including Movants and the Aggrieved Employees. With this, the Defendants failed to pay all accrued PTO and/or sick pay owed to Movants and the Aggrieved Employees upon their termination. Accordingly, the Debtor Defendants owe all accrued PTO pay and/or sick pay to the Aggrieved Employees pursuant to California law.

10.     As set forth in the Declaration in Support of First Day Motions of Matthew Doheny (D.I. 14), the Debtor Defendants, along with other Debtors, permanently terminated most of their employees, including in California, on or about July 30, 2023.

11.     Upon information and belief, as supplemented by the declarations set forth as Exhibits "C" and "D" hereto, the Debtor Defendants failed to timely make certain payments to which the aforesaid Aggrieved Employees were entitled under the California Labor Code §§ 201, 202, 203, 227.3, and 1194, including all PTO pay and/or sick pay owed to the Aggrieved Employees, as well as waiting time penalties associated with the Debtor Defendants failure to pay all PTO pay and/or sick pay.

16495777/3

12.     As a result of Defendants' failure to pay all accrued PTO pay and/or sick pay due to the Aggrieved Employees as part of the Debtor Defendants' July 30, 2023 shutdown, Debtor Defendants are in violation of Labor Code sections 1194, 227.3, and 201-203.   Under Labor Code § 1194, "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." Under Labor Code § 227.3, "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination." Labor Code § 201(a) expressly requires that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code § 203 expressly requires that "If an employer willfully fails to pay…any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty…" for up to 30 days.

**RELIEF REQUESTED**

13.     Through this Motion, Movants seek the entry of an order pursuant to section 362(d) of the Bankruptcy Code and 4001 of the Federal Rules of Bankruptcy Procedure, granting relief from the automatic stay so that Movants may prosecute their PAGA claims against the Debtor Defendants on behalf of themselves, the State of California, and the Aggrieved Employees.

## BASIS FOR RELIEF REQUESTED

14.    Section 362(d) of the Bankruptcy Code states, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) For cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) With respect to a stay of an act against property under subsection (a) of this section, if –
>
> > (A)   the debtor does not have equity in such property; and
> > (B)   such property is not necessary to be effective reorganization . . . .

11  U.S.C § 362(d).

15.    The automatic stay is not meant to be indefinite or absolute, and the Court has authority to grant relief from the stay in appropriate circumstances. *In re Rexene Prods., Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992). Furthermore, as this Court has noted, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." *In re Tribune Co.*, 418 B.R. 116, 126 (Bankr. D. Del. 2009) (quoting legislative history of § 362(d)) (internal citations omitted).

16.    Section 362(d)(1) provides that the automatic stay may be lifted where "cause" exists. After a prima facie showing by a movant, the debtor has the burden of proving that a movant is not entitled to relief from the stay. *In re Rexene Prods., Co*., 141 B.R. at 577; 11 U.S.C. § 362 (g).

16495777/3

17.    "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *IBM v. Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). Most courts employ an equitable balancing test to determine "cause." *Rexene Prods., Co.*, 141 B.R. at 576.

18.    Courts in this District rely upon Rexene's three-pronged balancing test to determine whether "cause" exists for granting relief from the automatic stay to continue litigation:

a.    any great prejudice to either the bankruptcy estate or the debtor will result,

b.    the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor, and

c.    the movant has a probability of prevailing on the merits.

*See In re Tribune Co.*, 418 B.R. at 126 (citing *Rexene Prods. Co.*, 141 B.R. at 576).

19.    Cause exists in this case to grant Movants relief from the automatic stay.  First, there will be no prejudice to the Debtors or their bankruptcy estates if the Movants are able to send the PAGA Letters.  To the extent that steps are sought to be taken after the PAGA Letters are sent, Movants will seek additional relief from the automatic stay at that time.  As noted by the Movants, the sole purpose of the relief sought in this Motion is to send the PAGA Letters.

20.    Further, the hardship that will be suffered by the Movants far outweighs any potential hardship to the Debtors if Movants are not granted relief from the automatic stay. Movants have been denied their rights under California labor laws and continue to suffer the repercussions of being denied earned wages.

21.    Specifically, under Labor Code § 1194, "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance

6

16495777/3

of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

22.     In addition, under Labor Code § 227.3, "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination."

23.     Labor Code § 201(a) expressly requires that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code § 203 expressly requires that "If an employer willfully fails to pay…any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty…" for up to 30 days.

24.     Pursuant to PAGA §§ 2699(f)(2) and 2699.5, Movants assert the aforesaid failures entitle the State of California to seek for itself and Aggrieved Employees penalties of $100 per pay period per employee.

25.     PAGA penalties as a general matter are initiated by a letter such as the PAGA Letters, whereupon the LWDA has a 66-day period in which to decide to seek penalties itself, and whereafter (in absence of that decision) the letter writer's client (a "PAGA Representative") becomes authorized to seek those penalties on behalf of the state and the aggrieved employees. Penalties (net of attorney fees, if not separately paid) sought and received by a PAGA Representative are by statute allocated 75% to the state and 25% to aggrieved employees.

16495777/3

26.     Movant need only prove the third *Rexene* prong with a showing that is "very slight," *Rexene Prods., Co.*, 141 B.R. at 578.  "Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases where . . . the decision-making process should be relegated to bodies other than this court." *Id.* (quoting *Fonseca v. Philadelphia Housing Authority*, 110 B.R. 191, 196 (Bankr. E.D. Pa. 1990)).

27.     Because these Chapter 11 Cases commenced within days of the alleged violations, Movants had no pre-petition opportunity to send the PAGA Letters.  Movants are advised by counsel that the automatic stay, if unmodified, likely prohibits the sending of the PAGA Letters, a prerequisite to seeking PAGA penalties.

28.     Movants respectfully submit that they have met their burden and modification of the automatic stay is justified:

    a.      There is colorable evidence supporting the underlying California Labor Code violations;

    b.      Movants cannot seek PAGA penalties without filing the PAGA Letters.

    c.      Proofs of claim seeking PAGA penalties are routinely filed and allowed as general unsecured claims in Chapter 11 cases in this District.  *In re Pac. Sunwear of California, Inc.*, No. 16-10882 (LSS), 2016 WL 3564484, at *1 (Bankr. D. Del. June 22, 2016) (establishing the principle that that PAGA penalties may be sought, and on a representative basis without leave of the Bankruptcy Court as might be required in the case of class claims), *see*, *e.g., In re The Hertz Corp.,* 20-11218 (MFW) (Bankr. D. Del. 2020) Docket Nos. 3863, 3865, 4205, 4206; *Rental Car Intermediate Holdings, LLC*, 20-11247 (MFW) (Bankr. D. Del. 2020) Docket No. 592; *In re MRRC Hold Co.,* 20-12689 (MFW) (Bankr. D. Del. 2020) Docket No. 203; and *In re Pancake & Pies,*

*LLC*, 19-11743 (Bankr. D. Del. 2019) Docket Nos. 728, 727 (examples of allowed PAGA representative claims).

d.      Depriving Aggrieved Employees and the State of California of the opportunity to seek allowance of proof(s) of claim arising from PAGA violations is inequitable.

29.     In addition, this Court has broad jurisdiction to supervise the administration of claims but claims arising from personal injury are expressly excluded. 28 U.S.C. § 157(b)(5). Therefore, the usual purpose of providing a "central forum to adjudicate claims against the Debtors," *see*, *e.g.*, *15375 Memorial Corp. v. Bepco, LP* (*in re 15375 Memorial Corp.*), 589 F.3d 605, 622 (3rd Cir. 2009), does not apply to Movants' claims.

30.     Movants believe that relief granted in connection with this Motion will be consensual and will have no meaningful effect on the administration of these cases and the Debtors' assets. Therefore, Movant respectfully submits that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed. R. Bankr. P. 4001(a)(3).

                    [*Remainder of Page Intentionally Left Blank*]

16495777/3

**WHEREFORE**, Movants request the entry of an order, substantially as set forth as Exhibit "E" hereto, lifting and modifying the automatic stay set forth in 11 U.S.C. § 362(a); to permit Movants to send the PAGA Letters.

Dated: January 16, 2024

Respectfully submitted,

**MORRIS JAMES LLP**

*/s/ Eric J. Monzo*
Eric J. Monzo (DE Bar No. 5214)
Siena B. Cerra (DE Bar No. 7290)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: emonzo@morrisjames.com
E-mail: scerra@morrisjames.com

and

**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann, Esquire
Avi Kreitenberg, Esquire
315 South Beverly Drive, Suite 504
Beverly Hills, CA 90212
Telephone: (310) 277-0614
Facsimile: (310) 277-0635
cja@ackermanntilajef.com
ak@ackermanntilajef.com

*Attorneys for Movants*

16495777/3