# EXHIBIT B



315 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone 310-277-0614
Facsimile 310-277-0635
Email cja@ackermanntilajef.com
Web www.ackermanntilajef.com

**August 11, 2023**

**Filed Via LWDA's PAGA Claim Notice Online Form**

**Copies Sent Via Certified Mail to:**

| | |
|---|---|
| Amanda Garcia | Gladys Aguilera |
| Gabriela Sanchez | Vivian Imperial |
| Daisy Montenegro | Carlos Paz |
| Beatrice Casarez-Barrientez | Alberto Damonte |
| Jessie Gastelum | Peter Cayetano |
| John Montijo | Elsa Montanez |
| Diania Ruiz | Xenia Perez |
| Sarai Marin | Yesenia Carpenter |
| Emanuel Jacobo | Jaquieline Mejia |

Registered Agents for YRC Inc.
330 North Brand Blvd.
Glendale, CA 91203
Palmdale, CA 93550

Human Resources
YRC Inc.
11500 Outlook Street, Suite 400
Overland Park, KS 66211

    Re:    *Kelly Crepeault v. YRC Inc dba YRC Freight*;
            California Labor Code §2699.3; Notice of Intent to File Suit

Dear Gentlepersons:

    Our firm, Ackermann & Tilajef, P.C., represents Kelly Crepeault ("Plaintiff") in connection with his individual, class, and PAGA representative action claims against YRC Inc. dba YRC Freight ("Defendant" or "YRC") based on:

1. Defendant's failure to pay all accrued vacation pay and/or sick pay (Cal. Labor Code §§ 1194, 218.5, 227.3);
2. Defendant's failure to pay all wages upon separation of employment (Cal. Labor Code §§ 201, 202, 203); and
3. Penalties based on the foregoing pursuant to the Private Attorneys General Act ("PAGA") (Labor Code sections 2698 *et seq.*).

   Plaintiff intends to pursue civil penalties under PAGA in the pending bankruptcy proceedings based on Defendant's failure to pay all accrued vacation pay and/or sick pay and all final wages owed to Defendant's former employees upon separation of employment in a class and PAGA representative action, to be filed in bankruptcy court (the "Action").

   In connection with the forthcoming PAGA claim, Plaintiff seeks to represent the State of California's LWDA and the following group of individuals: *Plaintiff and all other individuals who were employed by Defendant YRC Inc. and whose employment with Defendant was terminated July 30, 2023* (the "Aggrieved Employees"). All such Aggrieved Employees were subject to Defendant's unlawful compensation and final pay practices, as described in further detail below.

   The PAGA claims asserted herein will be brought on behalf of the Aggrieved Employees of Defendant who worked for YRC Inc. and were terminated as part of Defendant's shutdown on July 30, 2023.

### **Defendant's Failure to Pay Accrued Vacation Pay and/or Sick Pay**

   Under Labor Code § 1194, "[n]otwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

   Under Labor Code § 227.3, "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination."

   Defendant permanently shut down operations and terminated all employees, including Plaintiff and the Aggrieved Employees effective July 30, 2023. Further, Defendant failed to pay all accrued vacation pay and/or sick pay owed to Plaintiff and the Aggrieved Employees upon their termination. Accordingly, Defendant owe all accrued vacation pay and/or sick pay to and the Aggrieved Employees pursuant to California law.

### **Defendant's Failure to Pay Final Wages**

   Due to Defendant's failure to pay all vacation pay and/or sick pay due to terminated employees as part of Defendant's July 30, 2023 shutdown immediately, Defendant failed to pay all accrued vacation pay and/or sick pay in violation of Labor Code sections 201-203. Labor Code § 201(a) expressly requires that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Labor Code § 203 expressly requires that "If an employer willfully fails to pay…any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty…" for up to 30 days.

August 11, 2023
Page 3 of 3

_____

## **Conclusion**

In conclusion, pursuant to Labor Code § 2699.3, we write to inform you and the Labor and Workforce Development Agency of our intent to pursue a PAGA representative action against Defendant (in the bankruptcy proceeding) for civil penalties under Labor Code § 2699, to be brought by the Plaintiff, individually and on behalf of the Aggrieved Employees.

If you have any questions, please do not hesitate to call.

Very truly yours,

Craig Ackermann