**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Yellow Corporation, *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No.  23-11069 (CTG)<br><br>Jointly Administered<br><br>**Hearing Date: January 22, 2024 at 2 pm (ET)**<br>**RE D.I. Nos. 758, 1730, and 823** |

**REPLY OF JIMMIE AND JANEL HUBERT IN SUPPORT OF RELIEF FROM THE AUTOMATIC STAY**

Jimmie and Janel Hubert (the "Movants"), by and through their counsel, respectfully submit this Reply in Support of the Huberts' Motion for Relief from the Automatic Stay (the "Hubert Motion") [D.I. 758] and in response to (1) the *Debtors' Second Amended and Restated Omnibus Objection to Personal Injury Claimant Motions for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code* [D.I. 1730](the "Debtors' Objection") and the *Omnibus Objection and Reservation of Rights of Creditor Old Republic Insurance Company to Motions for Relief from the Automatic Stay to the Extent of Insurance Proceeds* [D.I. 823] (the "ORIC Objection" together with the Debtors' Objection, the "Stay Objections"), and in support thereof, further state as follows:

## BACKGROUND

1. Movants, Jimmie and Janel Hubert, are a married couple, currently residing at W2348 Davis Road, West Salem, La Crosse County, Wisconsin.

2. Debtor USF Holland, LLC (hereinafter "USF Holland") is a Michigan limited liability company qualified to do business in the State of Wisconsin, and actively doing business at 700 S. Waverly Rd., Holland, Michigan 49423.

1

3. Old Republic Insurance Company ("ORIC") is an insurance company based out of Chicago, Illinois. ORIC issued the Debtors motor carrier's indemnity policies (the "Policies") from March 1, 2004 –September 1, 2023.

4. On or about August 23, 2021, as Mr. Hubert was operating his vehicle in the city of La Crosse, Wisconsin, a vehicle owned and operated by USF Holland (and driven by USF Holland's agent and employee, Jordan Walber) struck and collided with the rear of Mr. Hubert's vehicle (the "Collision").

5. Due to the Collision, Mr. Huber sustained significant and severe injuries to his neck, back, and rest of his body. These injuries necessitated medical care and treatment and caused Mr. Hubert to have pain, suffering, and disability, which the Movants believe are permanent.

6. On January 9, 2023. Movants filed a two-count personal injury complaint (the "Complaint" a copy of which is attached to the Hubert Motion as **Exhibit A**) against the driver Jordan Walber, Penske Leasing and Rental Company, Old Republic Insurance Company, and ABC Insurance Company (a fictitious, placeholder insurance entity). This personal injury action was filed in the Wisconsin Circuit Court of La Crosse County (the "Wisconsin Court") and styled as *Jimmie Hubert, et al. v. Jordan Walber, et al.*, Case No. 2023CV000008 (the "Wisconsin Action").

7. On April 18, 2023, Movants obtained an Order for Proper Party Name (the "Party Order" a copy of which is attached to the Hubert Motion as **Exhibit B**) via stipulation substituting USF Holland, LLC as the proper party in place of Penske Leasing and Rental Company.

8. The Wisconsin Action alleges negligence and loss of consortium claims against USF Holland and its agent/employee Walber and seeks compensatory damages, costs, and fees, accordingly.

9. On August 6, 2023 and continuing on August 7, 2023 (the "Petition Date"), Yellow Corporation and twenty three (23) affiliated companies (including Debtor USF Holland, LLC) each filed petitions in the United States Bankruptcy Court for the District of Delaware seeking relief under chapter 11 of the United States Bankruptcy Code.

10. Effective on the Petition Date, the prosecution and liquidation of the Wisconsin Action has been stayed with respect to USF Holland as a consequence of the automatic stay provisions set forth in 11 U.S.C. § 362(a).

11. On September 13, 2023, this Court entered its *Final Order (I) Authorizing the Debtors to (A) Maintain Insurance Coverage Entered Into Prepetition and Pay Related Prepetition Obligations and (B) Renew, Supplement, Modify, or Purchase Insurance Coverage, (II) Approving Continuation of the Surety Bond Program, and (III) Granting Related Relief* [D.I. 523] (the "Insurance Order").

12. On October 4, 2023, Movants filed the Hubert Motion. That same day, Mr. and Mrs. Hubert filed a proof of claim against USF Holland for an unliquidated amount (the "Hubert POC"). The Hubert POC was assigned claim number 0000012504.

13. On October 12, 2023, the Debtors filed their first omnibus objection to the various personal injury claimants' stay relief motions [D.I. 827]. On December 5, 2023, the Debtors filed an amended omnibus objection [D.I. 1273] and on January 11, 2024, the Debtors filed the current Debtors' Objection [D.I. 1730].

14. On October 12, 2023, ORIC filed the ORIC Objection [D.I. 823].

15. Subsequent to the Hubert Motion and the Stay Objections, the Movants learned of language in the Insurance Order that to the extent the stay applies to direct action claims against

3

an insurer the automatic stay was lifted without further order of this Court. Paragraph 4 of the Insurance Order states:

> The automatic stay of section 362(a) of the Bankruptcy Code, if and to the extent applicable, is hereby lifted without further order of the Court to permit (a) claimants to proceed with any claims (whether arising before or after the Petition Date) covered by the Workers' Compensation Programs or **direct action claims** in the appropriate judicial or administrative forum; (b) Insurance Carriers and the sureties under the Surety Bonds (the "Sureties") to handle, administer, defend, settle and/or pay workers' compensation claims and **direct action claims**; and (c) Insurance Carriers providing coverage (whether primary or excess coverage) for or handling any workers' compensation claims or **direct action claims** and the Sureties to draw on and apply any and all of their respective collateral provided by or on behalf of the Debtors therefor, including letters of credit and the proceeds thereof, without further order of the Court, and with respect to the Insurance Carriers only, if and when the Debtors fail to pay and/or reimburse the Insurance Carriers for any amounts in relation thereto, and with respect to the Sureties, in accordance with the Sureties' indemnity agreements, Surety Bonds, collateral and/or other agreements (collectively, the "Surety Documents"). (emphasis added).

Insurance Order, ¶ 4 [D.I. 523.]

16. Pursuant to Wisconsin Statute 632.24, Wisconsin is a "direct action state" that permits actions directly against an insurer to the extent of the policy proceeds:

> **[d]irect action against insurer.** Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.".

Wis Stat. § 632.24.

17. On November 6, 2023, in light of the Insurance Order and the fact that ORIC is named as a defendant in the Wisconsin Action, Movants reached out to Debtors' counsel to

confirm that the Huberts were entitled to proceed against ORIC (but not the Debtors) without further order of the Court.

18. While the Debtors at that time seemed to agree with the Huberts' interpretation, the Movants were advised of forthcoming ADR procedures that may better serve the various parties, or at the very least provide an alternative to the pursuit of the direct action claims in the Wisconsin Action.

19. On December 11, 2023, the Debtors filed their *Motion of Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Certain Litigation Claims and for Related Relief* [D.I. 1329] (the "ADR Procedures").

20. As set forth in the **Exhibit 1** to the ADR Procedures, direct action claims are "Excepted Claims" from the proposed procedures and are not subject to the ADR proposal. Nor is there an "opt-in" provision for direct action claimants that might find the ADR Procedures appealing. [D.I. 1329.][1]

21. Subsequent to the filing of the ADR Procedures, counsel to the Huberts revisited with the Debtors regarding simply submitting the Insurance Order in the Wisconsin Action and proceeding with the Wisconsin Action as a direct action claim against ORIC. Movants also consulted cCounsel to ORIC to ensure that any disputes as to process would be handled prior to any filings with the Wisconsin Court.

22. It was at this time that the Debtors suggested that the stay applies and that the Movants need to dismiss Debtor USF Holland from the Wisconsin Action in order to proceed with the direct action claim against ORIC.

---

[1] Nor would MOvants seek to "opt-in" if such were an option

## **RELIEF REQUESTED AND BASIS THEREFOR**

### **The Insurance Order Permits a Direct Action Claim Against ORIC**

23. Movants originally sought relief from the automatic stay to continue the Wisconsin Action against USF Holland and to recover damages from USF Holland's insurer up to the extent of insurance coverage. However, pursuant to Wisconsin Statute 632.24 and in light of the Insurance Order, the Movants are, in all practical sense, already entitled to this relief and may pursue ORIC up to the limits of the insurance proceeds. Therefore, the Movants can obtain identical relief without further order of this Court through the Movants' direct action claims.

24. However, to the extent there is a dispute as to the application of the Insurance Order, including any suggested requirement that the Movants dismiss the Debtor USF Holland from the Wisconsin Action, Movants are requesting an order confirming that the Movants can proceed with the Wisconsin Action solely against ORIC but with Debtor USF Holland remaining as a defendant.

25. While the terms of the Insurance Order are clear, the parties and the Wisconsin Court may better served by a confirmatory order providing that 1) the Insurance Order applies and the automatic stay is lifted to the extent it applied to direct action claims; 2) the Movants may proceed against ORIC in the Wisconsin Action; and 3) the automatic stay remains in effect as to the claims against USF Holland.

26. The position that the Debtor must be dismissed from the Wisconsin Action is untenable. Prior case law in Wisconsin held that Wisconsin permits a direct action regardless of whether the insured is a party, but only if the insurance policy was issued or delivered in Wisconsin. *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 532 (7th Cir. 2002) (citing *Kenison v. Wellington Ins. Co.*, 218 Wis.2d 700, 582 N.W.2d 69, 73 (1998)). Otherwise, the direct action can

be maintained only if and so long as the insureds remain parties. See Wis. Stat. §§ 631.01(1), 632.24; *Kenison v. Wellington Ins. Co.*, 582 N.W.2d at 73.

27. While the underlying *Kennison* case was overturned in *Casper v. Am. Int'l S. Ins. Co.*, 800 N.W.2d 880, 902 (Wis. 2011), and it is likely that a direct action claim against an insurer can be brought without the insured as a party, there might be a gap in the application of Wisconsin law under *Casper* and the prior requirement that the insured remain a party.

28. In light of the fact that the stay has already been lifted as to the direct action claim, requiring that the Debtor defendant be dismissed is unnecessary and impractical. The Movants would still have an unasserted claim against the Debtors and while it is unclear under these circumstances whether this now-bifurcated claim would be entitled to join in the ADR Procedures, to the extent the Movants could participate it would create a parallel and duplicative process for the same claims.

29. Of course, this Court need not address the intricacies of Wisconsin direct action law or any implications vis-à-vis the ADR Procedures. The automatic stay affords protection only to debtors and does not extend to "co-tortfeasors," "joint obligors," "guarantors," "sureties," or other non-debtor "co-defendants." See *In re Am. Film Techs., Inc.*, 175 B.R. 847, 850 (Bankr. D. Del. 1994) (quoting *Maritime Electric Company v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir.1991) ("[t]he clear language of Section 362(a) indicates that it stays only proceedings against a 'debtor'—the term used by the statute itself")) See also *In re Uni-Marts, LLC*, 404 B.R. 767, 780 (Bankr. D. Del. 2009).

30. It would not be unique or unusual for litigation involving the Debtors and third parties to proceed solely against the non-debtor parties. And while it is conceivable that the Debtors (or third party defendants) could seek to extend the stay to third parties such as ORIC, the Debtors

have not done so. Such a request would also contravene the clear language of the Insurance Order that direct action claims can proceed without further order of the Court.

WHEREFORE, the Movants respectfully request that this Court enter an Order confirming that the automatic stay permits Movants to prosecute the Wisconsin Action against ORIC and granting Movants such other relief as the Court deems just and proper.

DATED: January 17, 2024     **COOCH AND TAYLOR, P.A.**

*/s/ R. Grant Dick IV*
R. Grant Dick IV (#5123)
The Brandywine Building
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 984-3800
Email: gdick@coochtaylor.com

*Attorney for Jimmie and Janel Hubert*