# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>Hearing Date: January 22, 2024 at 2:00 p.m. (ET)<br><br>**Re: Docket Nos. 1329, 1486, 1487, 1489, 1490, 1492, 1505, 1554, 1580, 1581, 1582, 1583, 1611, 1612, 1613, 1614, 1631, 1632, 1635, 1718** |

### REPLY OF THE CHUBB COMPANIES TO OBJECTIONS TO MOTION OF THE DEBTORS TO ESTABLISH ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR RESOLUTION OF CERTAIN LITIGATION CLAIMS AND FOR RELATED RELIEF

ACE American Insurance Company, ACE Property and Casualty Insurance Company, Bankers Standard Insurance Company, Illinois Union Insurance Company, Indemnity Insurance Company of North America, Insurance Company of North America, Westchester Surplus Lines Insurance Company, Federal Insurance Company, and each of their respective U.S.-based affiliates and successors (collectively, and solely in their capacities as insurers of one or more of the above-captioned debtors, the "Chubb Companies"), by and through their undersigned counsel, hereby file this Reply (the "Reply") in response to the objections and joinders to the objections filed by various alleged personal injury claimants at Docket Nos. 1486, 1487, 1489, 1490, 1492, 1505, 1554, 1580, 1581, 1582, 1583, 1611, 1612, 1613, 1614, 1631, 1632, 1635 and 1718 (collectively, the "ADR Procedures Objections") to the *Motion of the Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Certain Litigation Claims and for Related Relief* [Docket

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

No. 1329] (the "ADR Procedures Motion")[2] and, in support of the Reply, the Chubb Companies respectfully state as follows:

## BACKGROUND

### A. The Bankruptcy Case

1. On August 6, 2023 and August 7, 2023 (collectively, the "Petition Date"), Yellow Corporation and certain of its affiliates (collectively, the "Debtors") each filed a voluntary petition for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On December 11, 2023, the Debtors filed the ADR Procedures Motion.

3. Pursuant to the ADR Procedures Motion, the Debtors seek entry of an order approving, *inter alia*, the proposed ADR Procedures, which, if approved, will govern the potential resolution of the Litigation Claims. The proposed ADR Procedures are attached as Exhibit 1 to the Proposed Order attached as Exhibit A to the ADR Procedures Motion.

4. Between December 26, 2023 and January 10, 2024, the ADR Procedures Objections were filed.

5. The ADR Procedures Objections make various arguments in opposition to the approval of the ADR Procedures. Among other things, certain of the ADR Procedures Objections assert that "the ADR Procedures should be modified to reflect that to the extent a settlement is reached, ORIC and any Third-Party Payors are deemed to waive any policy provisions that would allow the insurance companies to avoid making the settlement payment." *See, e.g.*, Docket No. 1489. Certain of the ADR Procedures Objections also argue that it is "objectionable" that the

---

[2] Capitalized terms used but not defined herein shall have the same meaning ascribed to them in the ADR Procedures Motion.

"Third-Party Payors … would not even be required to participate in the ADR Process." *See, e.g.*, Docket No. 1554.

6. Accordingly, it appears that at least certain of the ADR Procedures Objections contend that the Court should not approve the proposed ADR Procedures unless, among other things, insurers' coverage defenses are waived and insurers are required to participate in the ADR Procedures.

### B. The Insurance Programs

7. Prior to the Petition Date, the Chubb Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, collectively, the "Policies") to the Debtors as named insureds.

8. Prior to the Petition Date, the Chubb Companies and the Debtors also entered into certain written agreements in connection with the Policies (as renewed, amended, modified, endorsed or supplemented from time to time, and including any exhibit or addenda thereto, collectively, the "Insurance Agreements").

9. Pursuant to certain Policies and Insurance Agreements (the "ACE Insurance Program"), ACE American Insurance Company, ACE Property and Casualty Insurance Company, Bankers Standard Insurance Company, Illinois Union Insurance Company, Indemnity Insurance Company of North America, Insurance Company of North America, and Westchester Surplus Lines Insurance Company, and/or certain of their U.S.-based affiliates provide, *inter alia*, certain workers' compensation, workers' compensation excess, international, directors' and officers' liability, inland marine, marine cargo, cargo, international advantage, umbrella, environmental, fiduciary liability, umbrella excess, excess, commercial marine, and other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein, and the insureds, including one or more of the Debtors, are

required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the ACE Insurance Program (collectively, the "ACE Program Obligations").

10. Pursuant to certain other Policies and Insurance Agreements (collectively, the "Federal Insurance Program," and together with the ACE Insurance Program, the "Insurance Programs"),[3] Federal Insurance Company and/or certain of its U.S.-based affiliates provides, *inter alia*, certain crime, directors' and officers' liability, directors' and officers' liability excess, fiduciary liability, fiduciary liability excess, employment practices liability, excess, export package, package, hull, general liability, inland marine, workers' compensation, WorldNet, special coverage, and other insurance for specified policy periods subject to certain limits, deductibles, retentions, exclusions, terms and conditions, as more particularly described therein, and the insureds, including one or more of the Debtors, are required to pay to the Chubb Companies certain amounts including, but not limited to, insurance premiums (including audit premiums), deductibles, funded deductibles, expenses, taxes, assessments and surcharges, as more particularly described in the Federal Insurance Program (collectively, the "Federal Program Obligations," and together with the ACE Program Obligations, collectively, the "Obligations").[4]

11. The Obligations are payable over an extended period of time and are subject to future audits and adjustments.

---

[3] The descriptions of the Insurance Programs set forth herein are not intended to, and shall not be deemed to amend, modify or waive, any of the terms or conditions of the Insurance Programs. Reference is made to the Insurance Programs for a complete description of their terms and conditions.

[4] The Obligations include both monetary and non-monetary obligations that the insureds, including one or more of the Debtors, may have.

12. Certain of the Obligations are secured by certain collateral, including letters of credit. The Obligations may also be secured by other letters of credit, trusts, escrows, surety bonds, cash collateral, other paid loss deposit funds, or other amounts.

## **REPLY**

13. The Chubb Companies do not endorse the proposed ADR Procedures nor do they take any position with respect to many of the arguments made in the ADR Procedures Objections. However, because the Insurance Programs may provide coverage for certain Litigation Claims,[5] subject to all of the terms and conditions of the Insurance Programs, the Chubb Companies submit this Reply solely to address the arguments raised by the ADR Procedures Objections that the ADR Procedures, if approved, should (i) waive insurers' coverage defenses and (ii) require Third-Party Payors to participate in the ADR Procedures.

14. To the extent that this Court is inclined to permit the Debtors to enter into any alternative dispute resolution process, the ADR Procedures must be consistent with the Insurance Programs and applicable law.

15. It is well-established that courts cannot alter terms of contracts, and must instead enforce them as written. *See, e.g.*, *Wilson v. Career Educ. Corp.*, 729 F.3d 665, 679 (7th Cir. 2013) ("A court may not rewrite a contract to suit one of the parties but must enforce the terms as written.") (citation omitted); *In re Coupon Clearing Serv., Inc.*, 113 F.3d 1091 (9th Cir. 1997) (noting that a debtor's estate has "no greater rights in property than those held by the debtor prior to the bankruptcy"); *Trustmark Ins. Co. v. Transamerica Occidental Life Ins. Co.*, 484 F. Supp. 2d

---

[5] The Chubb Companies understand the ADR Procedures to provide that the Litigation Claims exclude, among other types of claims, direct action claims and that direct action claims are not proposed to be stayed or enjoined by the ADR Procedures, including pursuant to the ADR Injunction. To the extent this understanding is incorrect, the Chubb Companies reserve all rights.

850, 853 (N.D. Ill. 2007) (stating a "court cannot alter, change or modify the existing terms of a contract or add new terms or conditions to which the parties do not appear to have assented, write into the contract something which the parties have omitted or take away something which the parties have included") (citation omitted); *In re Lloyd E. Mitchell, Inc.*, 06-13250-NVA, 2012 Bankr. LEXIS 5531 (Bankr. D. Md. Nov. 29, 2012) (noting that "insurance contracts cannot be re-written by th[e] Court"); *In re Best Mfg. Grp. LLC*, 2012 WL 589643, at *6 (Bankr. D.N.J. 2012) ("Where the terms of a contract are clear and unambiguous there is no room for interpretation or construction and the courts must enforce those terms as written."); *In re Enterprise Lighting Inc.*, 1994 Bankr. LEXIS 1307 at *7 (Bankr. E.D. Va. Jan. 21, 1994) (the generally broad equitable powers of a bankruptcy court "have not been interpreted to go so far as to allow the Court to rewrite contracts or create new contractual rights between the Debtor and a third party").

16. Accordingly, the ADR Procedures cannot waive or otherwise preclude the Chubb Companies from asserting, to the extent they elect to participate in the ADR Procedures, any of their rights or defenses, including coverage defenses, under the Insurance Programs. For the ADR Procedures to provide otherwise would be an improper modification of the terms and conditions of the Insurance Programs.

17. Furthermore, the ADR Procedures cannot require the Chubb Companies to participate in the ADR Procedures or purport to bind the Chubb Companies by any settlements, deals or any other results of any stage of the ADR Procedures without the Chubb Companies' prior consent thereto. For the ADR Procedures to provide otherwise would again be an improper modification of the terms and conditions of the Insurance Programs and the Chubb Companies' rights thereunder.

WHEREFORE, the Chubb Companies reserve and preserve all of their rights with respect to the ADR Procedures Motion, the proposed ADR Procedures, the ADR Procedures Objections, and any further or additional responses, objections, and/or replies by any claimants, the Debtors or any other party in interest and assert that no order on the ADR Procedures Motion can alter the terms and conditions of the Insurance Programs and/or the Chubb Companies' rights and defenses thereunder including, without limitation, coverage defenses and the right not to participate in the ADR Procedures and/or to consent to any settlements.

Dated: January 17, 2024

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Lawrence J. Kotler*
Lawrence J. Kotler, Esq. (DE 4181)
1201 North Market Street, Suite 501
Wilmington, DE 19801
Phone: (302) 657-4900
Fax: (303) 657-4901
Email: LJKotler@duanemorris.com

and

Wendy M. Simkulak, Esq.
Elisa M. Hyder, Esq.
30 South 17th Street
Philadelphia, PA 19103
Phone: (215) 979-1000
Fax: (215) 979-1020
Email: WMSimkulak@duanemorris.com
Email: EHyder@duanemorris.com

*Counsel for the Chubb Companies*