IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: Docket No. 1329** |

### NOTICE OF (1) FILING OF REVISED INTERIM PROPOSED ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR RESOLUTION OF CERTAIN LITIGATION CLAIMS AND GRANTING RELATED RELIEF; AND (2) CONTINUANCE OF HEARING ON ADR PROCEDURES TO FEBRUARY 14, 2024

**PLEASE TAKE NOTICE** that, on December 11, 2023, the Debtors filed the *Motion of Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Certain Litigation Claims and for Related Relief* [Docket No. 1329] (the "ADR Procedures Motion").[2] The ADR Procedures Motion included **Exhibit A**, the Proposed ADR Procedures Order, and the Proposed ADR Procedures.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have received various informal comments and objections to the Proposed ADR Procedures in addition to the formal objections filed on the docket of these chapter 11 cases. The Debtors appreciate the perspective of various Claimants and have proposed edits to the Proposed ADR Procedures to address those comments that were helpful.

**PLEASE NOTE** that the Debtors proposed the ADR Procedures *in an effort to resolve claims* and the alternative is that the automatic stay remains in place while the Debtors move their chapter 11 cases forward. For the reasons stated in the Debtors' objections to the lift stay motions, the Debtors believe there is no basis whatsoever for relief from the stay at this time, and that the motions seeking such relief do not come remotely close to satisfying the legal standard for lifting the stay. The Debtors are *not* seeking to alter any Claimant's substantive rights, but only to create a procedure to *resolve claims* in the only way that is possible for the Debtors to do at this point in these cases.

Accordingly, the Debtors, with the support of ORIC and the Committee, have revised the Proposed ADR Procedures to address the key concerns raised by claimants and incorporate helpful suggestions that are central to the purpose of the ADR Procedures—expediting the resolution of claims while preserving the substantive rights of the Claimants and participants in the ADR process.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used in this notice but not defined herein shall have the meanings ascribed to them in the ADR Procedures Motion.

DE:4863-1243-6894.1 96859.001

**PLEASE TAKE FURTHER NOTICE** that, attached hereto as **Exhibit A** is a set of Amended Proposed ADR Procedures (or "Procedures"). Attached as **Exhibit B** is a redline comparison of the Amended Proposed ADR Procedures showing changes against the original Proposed ADR Procedures (the "Redline").

**PLEASE TAKE FURTER NOTICE** that the Debtors, ORIC, and the Committee continue to discuss issues related to property damage and personal injury claims potentially covered by ORIC policies filed by individuals or entities who did not file Proofs of Claim with the Bankruptcy Court. The Debtors, ORIC, and the Committee require additional time to work through those issues.[3]

**PLEASE TAKE FURTHER NOTICE** that, as a result of the above, the Debtors are continuing the hearing to consider approval of the ADR Procedures Motion to the omnibus hearing on **February 14, 2024 at 10:00 a.m. (ET)** before the Honorable Craig T. Goldblatt, United States Bankruptcy Court Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Courtroom No. 7, Wilmington, Delaware 19801.

The following is a high-level summary of the **key revisions** that the Debtors made to the proposed procedures in an effort to generate consensus:

- The Debtors emphasized and clarified that if and when a settlement is reached to resolve a Claimant's claim pursuant to the Amended Proposed ADR Procedures, ORIC and any participating Third-Party Payors will be obligated to and will actually pay the agreed-upon settlement;

- For purposes of assisting the Claimant in the negotiation process, the Debtors included a provision making clear that ORIC and the Debtors will, upon request, provide the Claimants with copies of all potentially applicable insurance policies relevant to their Claims;[4]

- The Debtors removed the provisions from the Proposed ADR Procedures which, in an effort to encourage participation in good faith, had stated that a Claimant's failure to timely respond to the Immediate Claim Settlement Offer would be deemed acceptance of the Immediate Claim Settlement Offer. Instead, under the revised proposed procedures, a Claimant's failure to timely respond still allows ORIC discretion to continue the Procedures despite the Claimant's untimely response;

- The Debtors removed the provisions from the Proposed ADR Procedures which, in an effort to encourage participation in good faith, had proposed to give the Bankruptcy Court authority to disallow a claim for failure to participate in the process in good faith. Instead, the Amended Proposed ADR Procedures provide that the Court has the discretion to consider a Claimant's failure to comply with the Amended Proposed ADR Procedures (or any other party's conduct during the process) in deciding whether to grant relief from the ADR Injunction and Automatic Stay (which discretion the Debtors believe the Court already possesses);

---

[3] ORIC has advised that absent agreement with the Debtors and the Committee on appropriate procedure to address these claims, it will not consent to the Proposed ADR Procedures.

[4] In fact, in between the filing of the Proposed ADR Procedures and these revisions, the Debtors provided the potentially applicable policies to all claimants who requested them, and the Debtors will continue to do so because their goal is to resolve the claims.

- The Debtors, in response to the requests for additional time, increased all Claimants' response deadlines by 10 days in response to feedback that the previous deadlines may be inadequate;

- The Debtors added references to Local Bankruptcy Rule 9019-5(c)(iii)(B) governing conduct in mediation procedures applicable to all parties involved in the ADR process, including the Debtors and ORIC, and modified the procedures to provide that a Claimant shall not be required to bear any costs of the mediator;

- The Debtors have removed the provision providing that, to seek relief from the ADR Injunction after compliance with the Proposed ADR Procedures, the Claimant must waive claims against the estates and agree to proceed solely against insurance. The Debtors and all parties in interest reserve all rights with respect to the terms on which relief from the automatic stay or the ADR Injunction may be granted after compliance with the Proposed ADR Procedures.

**PLEASE TAKE FURTHER NOTICE** that the Debtors intend to present the Revised Proposed ADR Procedures Order and Amended Proposed ADR Procedures at the Hearing. If Claimants would like to continue engaging with the Debtors in advance of the hearing to resolve any remaining objections, Claimants should reach out to the Debtors' counsel. The Debtors look forward to amicably resolving as many claims as possible pursuant to the Amended Proposed ADR Procedures.

Dated: January 18, 2024
Wilmington, Delaware

*/s/ Peter J. Keane*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 300 North LaSalle |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |
| P.O. Box 8705 | Telephone:   (212) 446-4800 |
| Wilmington, Delaware 19801 | Facsimile:   (212) 446-4900 |
| Telephone:   (302) 652-4100 | Email:   patrick.nash@kirkland.com |
| Facsimile:   (302) 652-4400 |        david.seligman@kirkland.com |
| Email:   ljones@pszjlaw.com | |
|        tcairns@pszjlaw.com | -and- |
|        pkeane@pszjlaw.com | |
|        ecorma@pszjlaw.com | Allyson B. Smith (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone:   (212) 446-4800 |
| | Facsimile:   (212) 446-4900 |
| | Email:   allyson.smith@kirkland.com |

*Co-Counsel for the Debtors and Debtors in Possession*