**<u>EXHIBIT B</u>**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**[PROPOSED] AMENDED ALTERNATIVE DISPUTE RESOLUTION**
**PROCEDURES FOR CERTAIN LITIGATION CLAIMS**

These alternative dispute resolution procedures (the "ADR Procedures") are designed to promote the efficient resolution, by settlement discussions or mediation, of certain disputed claims against the above-captioned debtors and debtors in possession (collectively, the "Debtors"), which Litigation Claims (as defined herein) may be covered under the Debtors' Motor Carrier's Indemnity Insurance Policies (the "ORIC Policies") issued by Old Republic Insurance Company (collectively with its affiliates, "ORIC"). The ADR Procedures will be implemented, administered, and coordinated by ORIC in consultation with the Debtors, the Committee, and any participating Third-Party Payors (as hereinafter defined) if applicable. For the avoidance of doubt, and notwithstanding any other part of these ADR Procedures, the Debtors and the Committee, in their sole discretion, may choose their level of participation in the process, including whether or not the Debtors and the Committee choose to participate in the resolution of negotiations regarding any claim. Pursuant to the ADR Order (as defined herein), ORIC, together with the Debtors, the Committee, and the Third-Party Payors, if applicable, are authorized to evaluate, settle, or otherwise resolve all claims that are potentially covered under the ORIC Policies and/or by the Third-Party Payors, without further order of the Bankruptcy Court.

**I.    CLAIMS SUBJECT TO ADR PROCEDURES**

Other than the Excepted Claims (as defined herein), the ADR Procedures apply to any individual or entity (the "Claimant") holding a claim arising before August 8, 2023 for personal injury and/or wrongful death, or for property damage, and any related claims, against the Debtors or any of the Indemnitees (as hereinafter defined) (the "Litigation Claims"),[2] including any claim

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]    A preliminary list of Claimants holding Litigation Claims that ORIC and the Debtors seek to liquidate through the ADR Procedures (the "Litigation Claims List") is annexed hereto as **Exhibit A**. If ORIC becomes aware of any additional Claimant(s) (including by notification (email being sufficient) from the Debtors, the Committee, or any Third-Party Payor (as defined below)), an amended list will be filed with the Bankruptcy Court and an ADR Notice will be served on such additional Claimant(s) no later than 30 days following ORIC becoming aware of such Claimant(s).

that is related thereto by way of, without limitation, subrogation, contribution, or indemnification. Litigation Claims include claims against non-debtor third parties, which claims are covered in whole, or in part, by the Debtors' insurance policies or for which the Debtors retain ultimate liability pursuant to contract, corporate by-laws and/or insurance policies and related agreements (such non-debtor third parties are collectively referred to as the "Indemnitees" and individually, as an "Indemnitee"). Indemnitees shall include, but are not limited to: (a) any of the Debtors' or their predecessor in interest's current or former agents, representatives, drivers, or employees; (b) any person indemnified by the Debtors; (c) any person or entity listed as an additional insured under any of the Debtors' insurance policies (including, but not limited to, the ORIC Policies); (d) any current or former direct or indirect parent corporation, affiliates or subsidiaries of the Debtors; (e) the officers, directors, and or employees of the Debtors or of any such parent, affiliate or subsidiary; and (f) any other entity or individual sharing coverage with the Debtors.

The following claims shall *not* be subject to the ADR Procedures and shall not be Litigation Claims (collectively, the "Excepted Claims"): (a) workers' compensation claims; (b) claims arising under a real property lease against the Debtors or any of the Indemnitees for damages to the leased premises or other property covered by such lease; (c) direct claims against the Debtors' insurers arising out of claims for bodily injury and/or wrongful death  in those states allowing direct actions against insurers; (cd) claims (if any) where the automatic stay has been lifted during the chapter 11 cases and which are being actively litigated in a nonbankruptcy forum; (de) any claims or actions relating to any claims between the Debtors' insurers, on one hand, and the Debtors, on the other, including, but not limited to, any action relating to the claims of the insurers and any actions relating to any irrevocable standby letters of credit or other collateral provided by or for the benefit of the Debtors to the insurers, including any letters of credit that were drawn down by ORIC or any Third-Party Payor (as defined herein) prior to or after commencement of the chapter 11 cases (collectively, the "Insurers' LOC Proceeds/Collateral"); and (ef) any declaratory judgment actions regarding insurance coverage issues.

A preliminary list of Claimants holding Litigation Claims that ORIC and the Debtors seek to liquidate through the ADR Procedures (the "Litigation Claims List") is annexed hereto as **Exhibit A**.  If ORIC, any Third-Party Payor, or the Debtors become aware of an additional Claimant with a claim that was omitted from the Litigation Claims List, ORIC and the Debtors may classify such claim as an "Additional Litigation Claim," by filing notice with the Bankruptcy Court and serving such notice on the holder of the Additional Litigation Claim.  Any Additional Litigation Claims shall be deemed included in the definition of "Litigation Claims" unless determined not to be a Litigation Claim by order of the Bankruptcy Court.

**A Claimant need not have commenced any litigation, lawsuit, or any other proceeding against one or more Debtors or their insurers to have a Litigation Claim.**

## II.    THIRD-PARTY PAYORS

ORIC shall provide the Debtors' other insurers, including excess liability insurers, and any other third-party payors (collectively, the "Third Party Third-Party Payors"), to the extent such insurers or payors are known to ORIC, and the Committee notice of any Potential

Third-Party Payor Litigation Claim (as hereinafter defined).    Potential Third-Party Payor Litigation Claims are Litigation Claims for which (i) the demand in a proof of claim or in the Claimant's Demand (as defined herein) exceeds the limits of any potentially applicable ORIC Policy, (ii) the information in a Claimant's proof of claim or Claimant's Demand reasonably indicates that a Third-Party Payor may be responsible for payment, in whole or in part, of the claim and/or (iii) a Third -Party Payor has been named as a party in a suit or similar action or a demand or claim has been tendered against the Third-Party Payor directly (the "Potential Third-Party Payor Litigation Claims").

The applicable Third-Party Payor shall have the right, but not the obligation (except as may be provided in the applicable policy), to participate in any discussions, negotiations, dispute resolutions, mediations, and litigation (the "Proceedings").  The failure of the applicable Third-Party Payor to respond to such notice or to decline to participate in the Proceedings at any time (i) shall not be construed as a waiver of the right to participate in the Proceedings, and (ii) shall not preclude the applicable Third-Party Payor from intervening or participating, in any way, in the Proceedings at any time.  If the applicable Third-Party Payor(s) elect(s) to participate in any applicable stage of the ADR Procedures, ORIC (to the extent ORIC is aware of such Third-Party Payor(s)) will send all relevant communications to the applicable Third-Party Payor(s).  Further details regarding the notice provided to the Third-Party Payors and any election to participate are set forth in Section V below.

Any amount of a Litigation Claim resolved by these ADR Procedures shall be paid in accordance with the terms, provisions, conditions, and exclusions of Debtors' insurance policies (including, but not limited to, the ORIC Policies) by ORIC and/or the Third-Party Payor, who may then exercise any right to reimbursement they may have under such policies and related agreements against the Insurers' LOC Proceeds/Collateral.  For the avoidance of doubt, if a settlement is reached pursuant to these ADR Procedures, ORIC and the Third-Party Payor (if applicable) **will be obligated to and will actually pay** the agreed-upon settlement amount(s) directly to or on behalf of the Claimant.   If the Insurers' LOC Proceeds/Collateral has been exhausted, then ORIC or the Third-Party Payor may assert a general unsecured claim for the reimbursement of any such amount(s) paid by ORIC or the Third-Party Payor to resolve a Litigation Claim resolved by these ADR Procedures, subject to the right of all parties (including the Debtors and the Committee) to object, and, if allowed, such claim shall be treated and satisfied in accordance with the chapter 11 plan to be filed by the Debtors (the "Plan").  Any settlement of a Litigation Claim shall include a waiver and release of all claims against the Debtors, their chapter 11 estates, the Indemnitees, and ORIC (and the Third-Party Payor, if applicable), unless the Debtors and the Committee consent otherwise.

## III.    RESERVATION OF RIGHTS

Nothing in these ADR Procedures shall: (i) modify, alter, or amend the terms, provisions, conditions or exclusions of any insurance policies issued or providing coverage to the Debtors or of any related agreements; (ii) modify the Debtors and/or their estates' obligations (if any) to pay any retentions or to pay (or reimburse an insurer for) any deductibles; (iii) release ORIC or the Debtors and/or their estates of any of their obligations (if any) under any insurance policies and related agreements; (iv) create or permit a direct right of action by any Litigation Claimant against any insurers of any of the Debtors and/or of any non-Debtors; (v) preclude or limit, in any

way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under any allegedly applicable insurance policy or to otherwise assert any defenses to coverage; or (vi) constitute a finding, admission or determination as to the existence of coverage or the applicability of any insurance policy and its respective terms, provisions, conditions or exclusions, with respect to any Litigation Claims. Notwithstanding anything in these ADR Procedures, the administration of any Litigation Claim pursuant to these ADR Procedures shall not give rise to any administrative claim against the Debtors or their estates.

By participating in these ADR Procedures, ORIC and the Third-Party Payors do not waive any coverage defenses they might have, including the right to deny coverage, and do not waive any claims they might have against the Debtors or any other person or entity. ORIC and the Third-Party Payors reserve all of their rights to seek to apply any of the terms, provisions, conditions or exclusions set forth in the insurance policies issued to the Debtors (including, but not limited to, the ORIC Policies) and to review and reevaluate coverage determinations as facts and circumstances may warrant. The Debtors and all parties in interest reserve all rights, claims, and defenses related to any coverage disputes related to these ADR Procedures or any of the insurance policies issued to the Debtors. Further, the Debtors and all parties in interest reserve all rights, objections, and defenses with respect to any general unsecured claims asserted against the Debtors pursuant to these ADR Procedures.

Nothing in these ADR Procedures shall modify or alter any requirement for a Claimant to file a proof of claim in the Debtors' chapter 11 cases by the applicable deadlines established by the Bankruptcy Court. The Debtors and all parties in interest reserve all rights, claims, and defenses with respect to any proof of claim related to a Litigation Claim or the lack of a timely filed proof of claim related to a Litigation Claim. [For the avoidance of doubt, ORIC shall not settle any Litigation Claim with a Claimant who has not filed a timely proof of claim, without the prior written consent of the Debtors and the Committee (such consent not to be unreasonably withheld).]

## IV.    ADR INJUNCTION

Upon entry of the order of the United States Bankruptcy Court for the District of Delaware entered in the above-captioned cases establishing the ADR Procedures (the "ADR Order"), all of the Claimants (and any other persons or entities asserting an interest in the relevant Litigation Claim) shall be and shall continue to be, as applicable, enjoined from commencing or continuing any action or proceeding in any manner or any place, including the Bankruptcy Court, seeking to establish, liquidate, collect or otherwise enforce any Litigation Claim against any Debtor other than through the ADR Procedures described herein (or as otherwise agreed by the Debtors and the Committee) (collectively, the "ADR Injunction"). The ADR Injunction shall be in addition to, and cumulative with, the injunction applicable to the Litigation Claims and the Claimants, including the automatic stay, any other injunctions under the Bankruptcy Code, or as set forth in any chapter 11 plan of the Debtors (the "Plan Injunction").

In addition, the ADR Injunction shall enjoin the Claimants to the fullest extent permitted by applicable law from proceeding against (i) the Indemnitees and (ii) ORIC and all Third-Party Payors, in each case solely with respect to the Litigation Claims, and with the exception of the

Excepted Claims. If the ADR Injunction is lifted by order of the Bankruptcy Court, the Claimants may proceed ~~against the Debtors and the Indemnitees in forums outside the Bankruptcy Court, provided that the Claimants waive and release any and all claims against the Debtors, their chapter 11 estates, and the Indemnitees and their personal assets, and agree to proceed solely against insurance proceeds.~~ with their Litigation Claims in accordance with the terms of any such order.

The ADR Injunction shall expire with respect to a Litigation Claim only after (i) the ADR Procedures have been completed with respect to such Litigation Claim, and (ii) only as provided for herein.

## V.    ADR PROCEDURES

Prior to sending the ADR Notice (as defined herein) to the Claimant(s), ORIC, to the extent it is aware of such Third-Party Payors, shall provide notice to any known applicable Third-Party Payors and the Committee (the "Advance Notice") of any Potential Third-Party Payor Litigation Claim. If applicable, the Advance Notice may also include any Immediate Claim Settlement Offer (as defined herein) that ORIC and the Debtors propose to make to a Claimant.

Within 10 days of service of the Advance Notice, the Third-Party Payor must advise ORIC and the Debtors in writing (electronic mail being sufficient) if it elects to participate in the Offer Exchange Procedures (as defined herein) as to that particular Litigation Claim. If the Third-Party Payor does not respond within 10 days of service of the Advance Notice, ORIC and the Debtors may proceed to engage in the Offer Exchange Procedures; provided, however, that ORIC and the Debtors shall not make or accept any settlement offers without the prior written consent of the Third-Party Payor unless such settlement offers do not require any payment by such Third- Party Payor.

ORIC shall pay all fees and costs related to the administration of these ADR Procedures and the subsequent defense of the Litigation Claims, including with respect to the defense of the Debtors or any of the Indemnitees, from the Insurers' LOC Proceeds/Collateral. To the extent the Insurers' LOC Proceeds/Collateral has been exhausted, then ORIC may assert a general unsecured claim for the reimbursement of any such fees or costs, which shall be treated and satisfied in accordance with the Plan.

Any payments under any of the Debtors' insurance policies in excess of $500,000 (or, to the extent that the Insurers' LOC Proceeds/Collateral have been exhausted, $250,000) with respect a Litigation Claim shall require the Debtors' and the Committee's written consent (not to be unreasonably withheld); which consent shall be deemed given if the Debtors and the Committee do not respond to ORIC's request for consent within twenty-four hours if the offer is made outside an in-person mediation and within three hours if the offer is made during the course of a formal in-person mediation (including an ongoing Zoom mediation). **As further explained above and otherwise in Section V.I, for any settlement reached pursuant to the ADR Procedures, ORIC (and/or any Third-Party Payor, if applicable) will be obligated to and will actually pay the agreed-upon settlement directly to or on behalf of the Claimant.**

~~If, after conclusion of the ADR Procedures, any Claimant wishes to lift the ADR Injunction to continue to pursue Litigation Claims, then such Claimant shall be required to waive any and all claims against the Debtors, the Debtors estates, and the Indemnitees and may then pursue such Litigation Claims solely to the extent of insurance proceeds (if any).~~

**A.    Stage 1: ADR Notice**

~~Within 30 days of the~~ <u>As soon as reasonably practicable, but no later than 60 days following</u> entry of an order approving the ADR Procedures and the date the Advance Notice is served, ORIC and the Debtors (if they exercise their discretion to participate) will serve a notice (the "ADR Notice"), <u>substantially</u> in the form annexed hereto as **Exhibit B**, to the holders of Litigation Claims and the Committee.  The ADR Notice will inform the Claimants that the Litigation Claim is included in the ADR Procedures and<u>,</u> either (i) make the Immediate Claim Settlement Offer (as is hereinafter defined), or (ii) require the Claimant to return the ADR Notice with the Claim Information and Settlement Demand Form (as hereinafter defined) and provide supporting claim information.  <u>Upon the Claimant's request, ORIC and the Debtors will also provide copies of the applicable insurance policy or policies relevant to a particular Litigation Claim.</u>

~~Within 30 days after they become aware of any Additional Litigation Claim, ORIC and the Debtors (if they exercise their discretion to participate) shall also serve the ADR Notice to such Claimant.~~

The ADR Notice shall require the Claimant to respond to the ADR Notice so that ORIC and the Debtors will actually receive the response no later than ~~3~~<u>4</u>0 days after the date on which the ADR Notice is served (the "<u>Claimant Response Deadline</u>").

For purposes of the ADR Procedures, service on <u>a Claimant and any communications (including responses) to</u> a Claimant shall be deemed adequate if such service is provided to the Claimant: (i) at the email address(es) <u>of their counsel, if counsel has appeared,</u> specified in their filed proof of claim ~~and of their counsel of record in these cases~~ or in the pending litigation, if any; ~~and~~ <u>(</u>ii) <u>if Claimant does not have counsel, then at the email address(es) of Claimant, if known; and (iii)</u> by mail.  If no email address is known for the Claimant or the Claimant's counsel, ORIC and the Debtors shall serve Claimant using a regularly recognized delivery service so that Claimant receives the notice within five days of mailing.  Service on ORIC and the Debtors <u>and any communications (including responses) to ORIC and the Debtors</u> shall be deemed adequate if made by email at the email addresses set forth in the ADR Notice or if made by using a regularly recognized overnight delivery service sent to the addresses set forth in the ADR Notice.

1.    Immediate Claim Settlement Offer

~~For any Litigation Claim equal to or less than $50,000, ORIC and the Debtors (with the consent of the Committee)~~<u>ORIC</u> may, but ~~are~~<u>is</u> not required to, include in the ADR Notice an offer to pay the Litigation Claim in the amount asserted by the Claimant or any lesser or different amount <u>less than the caps set forth in Section V.B.1.b.,</u> as determined from ORIC and <u>(if they elect to participate)</u> the Debtors' reasonable review of the Litigation Claim ("<u>Immediate Claim</u>

Settlement Offer"). If an Immediate Claim Settlement Offer is included in the ADR Notice, the Claimant shall have the option to sign and return the Immediate Claim Settlement Offer without providing any additional information required by the ADR Procedures, in which case the Litigation Claim will be paid by ORIC (and/or another Third-Party Payor, if applicable) in accordance with the applicable insurance policy. If the Claimant fails to respond to the Immediate Claim Settlement Offer by the Claimant Response Deadline, ORIC and the Debtors shall re-serve the ADR Notice (the "Second ADR Notice") on the Claimant in accordance with the service requirements set forth in Section V.A above, and the Claimant will have an additional 30 days from the date of service of the Second ADR Notice to respond to the Second ADR Notice (the "Second Claimant Response Deadline").

If the Claimant elects ~~Failure to sign and return the Second ADR Notice and~~ to reject the Immediate Claim Settlement Offer ~~by~~ , the Claimant must complete and return the ADR Notice and the Claim Information and Settlement Demand Form by the Claimant Response Deadline or the Second Claimant Response Deadline ~~shall result in in the Claimant being deemed to have accepted the Immediate Claim Settlement Offer and to have agreed and consented to the proposed treatment of the Litigation Claim as set forth in the Immediate Claim Settlement Offer. Any proof of claim filed by Claimant with respect to such Litigation Claim will be deemed satisfied in full without further order of the Bankruptcy Court if Claimant is deemed to consent to the Immediate Claim Settlement Offer pursuant to this paragraph.~~, as applicable, and as otherwise set forth in Section V.A.2 below.

**Failure of the Claimant to sign and return the Second ADR Notice and Immediate Claim Settlement Offer by the Second Claimant Response Deadline will be deemed as a failure to comply with the ADR Procedures under Section VI below. The Claimant's ability to proceed with and participate further in the ADR Procedures will be at the discretion of ORIC and the Debtors and Committee (if they elect to participate), if applicable.**

2.    Claim Information and Settlement Demand Form

~~If ORIC and the Debtors elect not to make an Immediate Claim Settlement Offer, the~~The ADR Notice will include a form (the "Claim Information and Settlement Demand Form") that ~~(a)~~ requires the Claimant to (a) make a settlement demand (the "Claimant's Demand"), and (b) provide ORIC and the Debtors and (if they elect to participate) certain information and documentation that will enable ORIC and the Debtors to evaluate the Litigation Claim and the Claimant's Demand. ~~The~~ If ORIC and the Debtors elect not to make an Immediate Claim Settlement Offer, or if the Claimant elects to reject an Immediate Claim Settlement Offer, the Claimant must return the completed ADR Notice and the Claim Information and Settlement Demand Form by the Claimant Response Deadline (or, if applicable, the Second Claimant Response Deadline). The Claimant shall not be required to provide duplicative information to the extent the Claimant has already provided the requested claim information as supporting documentation attached to the relevant proof of claim.

The Claimant's Demand may not exceed the amount of, or improve the priority set forth in, the Claimant's most recent timely-filed proof of claim, if one was filed. The Claimant's Demand may liquidate any unliquidated amounts asserted in a proof of claim. The Claimant may not return the Claim Information and Settlement Demand Form with an unknown,

unliquidated, indefinite, contingent, or similar description of the Litigation Claim or the amount thereof.

**~~Any~~Failure of a Claimant ~~who does not~~to timely return the completed ADR Notice and the Claim Information and Settlement Demand Form, unless otherwise agreed to in writing by ORIC, the Debtors, and the Committee~~, (i) shall not be entitled to relief from the ADR Injunction. and (ii) may have its Litigation Claim disallowed in accordance with~~ will be deemed as a failure to comply with the ADR Procedures under Section VI below. The Claimant's ability to proceed with and participate in the ADR Procedures will be at the discretion of ORIC, and the Debtors and the Committee (if they elect to participate), if applicable.**

### B.    Stage 2: Offer Exchange Procedures

The second stage of the ADR Procedures will be the following settlement offer and exchange procedure, requiring the parties to exchange information and settlement offers and thereby providing the opportunity to resolve the Litigation Claim on a consensual basis without any further litigation (the "Offer Exchange Procedures").

If, after service of the ADR Notice, the Claimant fails to timely respond within any of the deadlines set forth in these Offer Exchange Procedures, ORIC and the Debtors (if they elect to participate) will have the option of (i) advancing resolution of the Litigation Claim to mediation by advising the Claimant that the Litigation Claim will proceed to the next stage of the ADR Procedures, or (ii) pursuing their rights under **Section VI** below.

### 1.    Response

Within ~~30~~45 days after ORIC and (if they elect to participate) the Debtors' receipt of a Claimant's Demand, ORIC and the Debtors shall serve a response on the Claimant and their counsel, if identified (the "Response"). The Response shall either: (a) accept the Claimant's Demand; (b) make an offer to settle the Litigation Claim (the "Offer"); or (c) request additional information.

If the Claimant's Demand indicates that it is a Potential Third-Party Payor Litigation Claim, ORIC and the Debtors will provide 10 days' notice to the applicable Third-Party Payor of its rights to elect to participate in the Offer Exchange Process. If the Third-Party Payor elects to participate in the Offer Exchange Process, ORIC shall not make or accept any settlement offers without the prior written consent of the Third-Party Payor; provided, however, that if the settlement amount does not require payment by such Third- Party Payor, ORIC and the Debtors may proceed to make or accept settlement offers without the consent of the Third- Party Payor.

> ~~a~~A.    Acceptance of Claim. ORIC and the Debtors (and/or the Third-Party Payor, if applicable) may accept the Litigation Claim as asserted in the Claimant's Demand. In such event, the Litigation Claim will be actually paid by ORIC (or the Third-Party Payor, if applicable)~~ in accordance with the applicable insurance policy~~.

b.    <u>Offer</u>.  ORIC and the Debtors may make a written good faith offer of settlement based upon its review of the Litigation Claim.  The Offer shall be made in consultation with the Third-Party Payors with respect to Potential Third-Party Payor Litigation Claims.  Any Offer in excess of $500,000 (or, to the extent that the Insurers' LOC Proceeds/Collateral have been exhausted, $250,000) shall require the Debtors' and the Committee's written consent (not to be unreasonably withheld), which consent shall be deemed given if not expressly withheld within twenty-four hours if the Offer is made outside an in-person mediation and within three hours if the Offer is made during an in-person mediation (including an ongoing Zoom mediation).

c.    <u>Additional Information</u>.    ORIC  and,  the Debtors, and the Committee, (and/or the Third-Party Payor, if applicable) may request a reasonable amount of supplemental information or clarification of information to assist in a good faith evaluation of any particular Litigation Claim.  The Claimant shall serve such additional reasonable information so that ORIC and the Debtors (and the Third-Party Payor, if applicable) actually receive such information within 125 days of the mailing (or e-mailing if the Claimant has counsel) of such request.  If the Clamant timely responds to such a request, the time period within which ORIC and the Debtors (and/or the Third-Part Payor, if applicable) may otherwise respond to the Claimant's Demand shall be extended until 230 days after ORIC and the Debtors (and the Third-Party Payor, if applicable) have actually received the supplemental information.  The Litigation Claim will not be processed further until the additional information requested has been provided.

2.    Claimant's Reply.

Each Claimant shall have 230 days after service of the Offer within which to reply (the "Reply Deadline").  The Claimant's reply shall be in writing and signed by the Claimant or an authorized representative.

If the Offer is accepted, the Litigation Claim shall be paid as set forth in **Section V.I** below.  If the Offer is rejected, or the Claimant does not respond by the Reply Deadline., the Litigation Claim will automatically advance to the next stage of the ADR Procedures.  If the Claimant does not respond by the Reply Deadline, ORIC and the Debtors may seek relief in accordance with **Section VI** below.

3.    Confidentiality of Offer Exchange Procedures

All offers made and communications exchanged during the Offer Exchange Procedures shall be provided to ORIC, the Debtors, and the Committee.  All such communications shall be confidential among ORIC, the Debtors, the Committee, applicable Third-Party Payors, and the relevant Claimant, and no party shall disclose the contents of such offers or communications without the prior written consent of each of the other parties.  Any and all statements and offers

made during the Offer Exchange Procedures shall be subject to Federal Rule of Evidence 408 and shall not be subject to discovery in any subsequent proceeding.

### C.    Stage 3: Informal Resolution Procedures

If a settlement is not reached as a result of the Offer Exchange Procedures outlined in **Section V.B** above, then counsel for ORIC, the Debtors (if they elect to participate), and the Third-Party Payor, if applicable, and the Claimant, or counsel for the Claimant, if represented by counsel, will meet in-person or over Zoom within seven days to negotiate further to determine if a resolution can be reached (the "Informal Resolution Procedures").

### D.    Stage 4: Mediation

If a Litigation Claim is not resolved pursuant to the Offer Exchange Procedures or the Informational Resolution Procedures set forth in **Section V.C** above, the next stage of the ADR Procedures will be mediation, in which case the following mediation procedures will apply (the "Mediation Procedures").   Any party may be represented by legal counsel, although the participation of legal counsel shall not be required to conduct the Mediation Procedures.

      1.    Mediation Notice

If a Litigation Claim is not resolved pursuant to the Offer Exchange Procedures or the Informal Resolution Procedures, ORIC shall serve a notice of mediation (the "Mediation Notice"), substantially in the form annexed hereto as **Exhibit C**, on the Litigation Claimant within 10 days after the completion of the Offer Exchange Procedures or as soon thereafter as is reasonably practicable.

With respect to any Potential Third-Party Payor Litigation Claims, ORIC will also serve the Mediation Notice on the applicable Third-Party Payor and shall give such Third-Party Payor 10 days' notice of any mediation and the opportunity to participate.   If the Third Party Payor elects to participate in the Mediation Procedures, ORIC shall not make or accept any settlement offers without the prior written consent of the Third Party Payor; provided, however, that if the settlement amount does not require the participation by such Third Party Payor in any respect, ORIC and the Debtors may proceed to make or accept settlement offers without the consent of the Third Party Payor.

      2.    Appointment of a Mediator.

ORIC and the Debtors (if they elect to participate) shall identify three experienced mediators for consideration by the Claimant.  The Claimant shall select one of the mediators from the list.

All mediators shall be impartial and neutral.  No mediator shall have any financial or personal interest in or relation to the proceedings or, except where otherwise agreed by the parties, in any related matters.

      3.    Fees and Costs of a Mediator.

-10-

The fees and costs of the mediator shall be ~~divided evenly between Claimant(s), on the one hand, and~~paid by ORIC and/or the Third-Party Payor (if applicable)~~ on the other hand; provided, however, that the Claimant's portion shall not exceed $500~~, if applicable.  The Claimant shall bear the cost and expense of its own counsel, experts, witnesses, and prosecution.

4.      Location and Scheduling of Mediation.

The Claimant~~and~~, ORIC and (if they elect to participate) the Debtors (and, if applicable, the Third-Party Payor with respect to any Potential Third-Party Payor Litigation Claims) shall reasonably confer regarding the time, duration, and location of the Mediation; provided, however, that the mediation shall occur within 60 days of appointment of the mediator.  All mediation sessions may take place virtually.

5.      Mediation Statements.

On or before 10 days prior to the scheduled mediation, the Claimant shall serve on the mediator, ORIC, and the Debtors (and/or the Third-Party Payor, if applicable) by email and no later than by 6:00 p.m. (EST), a non-confidential (as between the parties and the mediator), pre-mediation statement (the "Opening Statement"), not to exceed 10 pages, excluding any attachments, setting forth all of the Claimant's claims and identifying each and every cause of action or theory the Claimant asserts, including a short and plain statement of the facts and law upon which the Claimant relies for recovery and maintains entitle it to relief.  The Claimant shall include, as exhibits or annexes to the Opening Statement, any documents, affidavits, or other evidentiary materials on which the Claimant relies, but which are not attached to the Claimant's proof of claim.

On or before five days after service of the Opening Statement, ORIC and (if they elect to participate) the Debtors (and/or the Third-Party Payor, if applicable) shall serve on the mediator and the Claimant, by email and no later than by 6:00 p.m. (EST), a non-confidential (as between the parties and the mediator) response statement (the "Response Statement") not to exceed 10 pages, excluding attachments.

At the mediator's discretion and direction, the parties may submit additional, confidential letters or statements to the mediator only, addressing settlement amounts and such related negotiation matters as the mediator may request.

6.      Confidentiality of Mediation.

All meetings and proceedings, including any statements made and evidence introduced during the Mediation, shall be confidential among ORIC, the Debtors, the Committee, applicable Third-Party Payors, the relevant Claimant, and the mediator, and no party shall disclose the contents of such meetings and proceedings without the prior written consent of each of the other parties.  Any and all statements made and evidence introduced at these meetings and proceedings shall not be subject to discovery in any subsequent proceeding unless otherwise independently discoverable under the applicable rules, nor may the mediator serve or be called as a witness in any subsequent proceeding relating to the Litigation Claim.

7.      Conclusion of Mediation Procedures/Mediated Settlement.

The mediator will work with all parties towards reaching a settlement.  The mediator shall not have any authority to impose a settlement upon the parties.  Unless otherwise agreed to by the Claimant, ORIC, and the Debtors (and/or the Third-Party Payor, if applicable) in writing, the mediation process will terminate 30 days after the close of the initial mediation session.  A settlement reached pursuant to the Mediation Procedures shall be paid as set forth in **Section V.I** below.  If a settlement does not result from mediation and the mediator advises the Claimant, ORIC, and the Debtors (and/or the Third-Party Payor, if applicable) that the parties have participated in good faith but reached an impasse, then Stage 5, as set forth in **Section V.E** below, will follow.  **Unless otherwise agreed to by the Debtors, the Committee and ORIC, no Claimant may proceed with litigation of or otherwise initiate any process or proceeding to pursue, the Litigation Claim without having first completing the Mediation Procedures.**

8.      Duty to Participate in Mediation Procedures

The failure of any party to attend any mediation conference shall be governed by Local Bankruptcy Rule 9019-5(c)(iii)(B), and any failure to attend or lack of good faith by any party during the course of the mediation process may result in court-imposed sanctions.

**E.      Stage 5: Relief from the ADR Injunction**

1. Relief from the ADR Injunction.

Completion of the Offer Exchange Procedures and the Mediation Procedures is a prerequisite for a Claimant to obtain relief from the ADR Injunction.  Except as provided below, the ADR Injunction shall remain in effect against each Claimant until relief from the ADR Injunction is granted by the Bankruptcy Court with respect to the relevant Litigation Claim or as otherwise provided for herein.  No Claimant shall be granted relief from the ADR Injunction to commence or continue any action, suit, trial, or other process, including, but not limited to, discovery, or to pursue its Litigation Claim in any nonbankruptcy forum, until the Claimant has completed the Offer Exchange Procedures and the Mediation Procedures.

The ADR Injunction may be modified by a joint stipulation executed by the Debtors, ORIC, and the Claimant (the "Stipulation"), with the consent of the Committee, to permit the liquidation of a Litigation Claim that is not resolved through the ADR Procedures.  To the extent the Claimant has completed the Offer Exchange Procedures and the Mediation Procedures, and the Debtors and Claimant do not execute a Stipulation mutually agreeing to modify the ADR Injunction, the Claimant may seek relief from the ADR Injunction subject to the following terms and conditions:

a.      When Motion for Relief from ADR Injunction May Be Heard.  If a Litigation Claim has not been resolved upon completion of the Offer Exchange Procedures and the Mediation Procedures, the Claimant shall have the right to seek relief from the ADR Injunction by filing a motion with the Bankruptcy Court; provided, however, that such Claimant shall waive and release any and all claims against the Debtors, the Indemnitees, and the Debtors'

-12-

~~estates, and may pursue such Litigation Claim(s) with the Debtors identified solely as nominal parties, solely to the extent of insurance proceeds, if any~~.  The motion shall be served upon the Debtors, ORIC, the Committee, and any applicable Third-Party Payor(s), and their counsel.  Unless otherwise sought by the Claimant, the motion and the hearing on the same shall be subject to Local Bankruptcy Rules for the District of Delaware.

b.    <u>Claimant's Certificate</u>.  A Claimant's motion seeking relief from the ADR Injunction must include as an attachment a certification signed by the Claimant or their attorney certifying that the Claimant has completed the ADR Procedures and that despite the Claimant's good faith participation in such process the Litigation Claim remains unresolved and unliquidated.  In the absence of this certification, the Bankruptcy Court may summarily deny Claimant's motion.

c.    <u>No Waiver of Defenses</u>.  The submission of any Litigation Claim to the ADR Procedures shall not constitute or serve as a waiver or release of any defenses or claims which the Debtors, on their own behalf or on behalf of their estates, ORIC, or any applicable Third-Party Payor may have with respect to a Claimant's request for modification of the ADR Injunction.  The Debtors, ORIC, any Third-Party Payor, or any other interested party, may oppose a Claimant's request for relief from the ADR Injunction on the basis that the Claimant has not participated in the ADR Procedure in good faith, or for any other appropriate reason, including, but not limited to, the applicability of any discharge of the Litigation Claim under the Bankruptcy Code.  Moreover, the submission of any Litigation Claim to the ADR Procedures shall not constitute or serve as a waiver or release of any claim or defense which may otherwise be available to the Debtors, on their own behalf or on behalf of their estates, ORIC, or any Third Party Payors, including, but not limited to, any policy condition that may exist at law or in equity and that may be asserted in defending against any Litigation Claim, or which impacts insurance coverage for any Litigation Claim, in the event that the ADR Injunction is modified by order of the Bankruptcy Court.

**F.    Duty to Negotiate in Good Faith**

During the period of these ADR Procedures, the Claimant, ORIC, ~~and the Debtors (and~~ the Third-Party Payors, <u>and the Debtors and Committee, </u>if applicable~~)~~, shall negotiate in good faith in an attempt to reach an agreement for the compromise of the Litigation Claim; <u>provided, however</u>, that any dispute as to the underlying value of the claim shall not, in and of itself, constitute bad faith.

-13-

### G.  Admissibility of ADR Proceedings

Other than as expressly provided herein, the submission of any Litigation Claim to the ADR Procedures, the positions of the parties during compliance with the ADR Procedures, and any other admissions made during the ADR Procedures, shall not be admissible for any purpose in any case, matter, or proceeding including, without limitation, trial by any party or third party, or any proceeding under 11 U.S.C. § 502, and are expressly determined by the provisions herein not to be admissions by either party.  Such positions and statements shall remain confidential among the parties and any mediator and protected by Rule 408 of the Federal Rules of Evidence.

The mediator may not be compelled to disclose to the Court or to any person outside the mediation conference any of the records, reports, summaries, notes, communications, or other documents received or made by the mediator while serving in such capacity.  The mediator may not testify or be compelled to testify regarding the mediation in connection with any arbitral, judicial or other proceeding.  The mediator will not be a necessary party in any proceedings relating to the mediation.  Nothing contained in this paragraph prevents the mediator from reporting the status, but not the substance, of the mediation effort to the Court.

### H.  Discovery

To avoid undue expense or delay, any materials, testimony, or other evidence submitted by either party during the course of the ADR Procedures, and of the kind normally available in discovery proceedings may, upon written agreement of the parties, be treated as if submitted in pretrial discovery proceedings.

### I.  Allowance and Payment of Any Settlement

**If you hold a Litigation Claim with respect to which settlement has been reached through the ADR Procedures, please read the following carefully.  Any settlement reached pursuant to the ADR Procedures will be paid by ORIC or the Third-Party Payor, if applicable.  Unless the Debtor and the Committee consent otherwise, Yyou must waive and release any and all claims against the Debtors, their chapter 11 estates, the Indemnitees and their personal assets, ORIC, and the Third-Party Payor, if applicable, to receive such payment(s).**

**For settlement agreements reached between ORIC, the Debtors (if they elect to participate), Third-Party Payor(s) (if applicable), the Committee (if applicable), and the Claimant, ORIC (and/or the Third-Party Payor) will be obligated to and will actually pay the agreed-upon settlement amounts directly to or on behalf of the Claimant.**

## VI.  FAILURE TO COMPLY WITH ADR PROCEDURES

If, absent written agreement by the Debtors and the Committee, a Claimant fails to comply with the ADR Procedures, negotiate in good faith, or cooperate with ORIC, the Debtors, or any applicable Third-Party Payor, and as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or an abandonment of or failure to prosecute the Litigation Claim, or both.  Upon such findings, theThe Bankruptcy Court may, among other things, disallow and expunge the

-14-

consider all parties' actions during the course of the ADR Procedures in deciding whether the Claimant should be granted relief from the ADR Injunction and the automatic stay to pursue their Litigation Claim~~, in whole or in part, or grant such other or further relief as the Bankruptcy Court may deem just and appropriate under the circumstances~~ and/or Lift-Stay Motion.

## VII.   MODIFICATION OF ADR PROCEDURES BY WRITTEN CONSENT

Notwithstanding anything to the contrary contained herein, the ADR Procedures, including, but not limited to, any related deadlines, may be modified or extended by the written consent of ORIC, the Debtors, the Claimant, and the Committee.

## VIII.   NOTICE

Whenever notice or service of papers is required under the ADR Procedures, it shall be given in the manner provided in the relevant section as follows:

If to the Debtors:

Yellow Corporation
11500 Outlook Street, Suite 400
Overland Park, Kansas 66211
Attention:       Legal@myyellow.com

with copies to (which copies shall not constitute notice):

Kirkland & Ellis LLP
300 N. LaSalle, 60654
Chicago, IL
Attention:       Michael B. Slade
                 Michael Esser
                 Casey McGushin
                 William T. Pruitt
                 Zak Read
                 ~~Whitney C. Fogelberg~~
Email:           michael.slade@kirkland.com
                 Michael.esser@kirkland.com
                 Casey.mcgushin@kirkland.com
                 william.pruitt@kirkland.com
                 ~~whitney.fogelberg~~zak.read@kirkland.com


and

Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Attention:       Allyson Smith
Email:           allyson.smith@kirkland.com

-15-

If to Old Republic Insurance Company:

Old Republic Risk Management
307 N. Michigan Avenue
Chicago, IL 60601
Attention:     Ozie Lewis
               Peter Waldron
Email:         olewis@orrm.com
~~and~~

~~Old Republic Risk Management~~

~~445 S. Moorland Road~~

~~Brookfield, WI 53005~~

~~Attention:~~     ~~Brandon Robison~~

~~Email:~~         ~~brobison~~pwaldron@orrm.com

If to the Committee:

Akin Gump Strauss Hauer & Feld LLP
1 Bryant Park
Bank of America Tower
New York, NY 10036
Attention:     Philip C. Dublin
               Meredith Lahaie
               Kevin Zuzolo
Email:         pdublin@akingump.com
               mlahaie@akingump.com
               kzuzolo@akingump.com

-16-

**Exhibit A**

**Litigation Claims List**

| | Claimant | Claim No(s). |
|---|---|---|
| 1. | Acevedo, Rodin, Sr | 4287 |
| 2. | Amaker, Henry | 5469 |
| 3. | Auguste, Micheline | 10265 |
| 4. | Baker, Devin | 15159 |
| 5. | Banda, Anthony | 15432 |
| 6. | Banda, Refell | 15436 |
| 7. | Basinger, James | 1377 |
| 8. | Bienvenu, Beatrice | 12484 |
| 9. | Binette, Myriam | 502 |
| 10. | Bk, Minor | 15350 |
| 11. | Boblitt, Robert E. | 13798 |
| 12. | Bowman, Janet | 12247 |
| 13. | Brown, Melissa D. (As Adm. Est. Of MD Brown) | 15297 |
| 14. | Brown, Michael Shad | 16767 |
| 15. | Bufford, Russell | 10184 |
| 16. | Buford, Virginia | 14888 |
| 17. | Canton, Andrew | 1943 |
| 18. | Carillo, Robert | 18025 |
| 19. | Charmaine, Yanto And Deleon, James Carl | 3605 |
| 20. | Childs, Dontoi | 16660 |
| 21. | Chung, Seung | 3568; 3569; 3570 |
| 22. | Clarin, Shannon | 784 |
| 23. | Clark, Jean | 4657 |
| 24. | Clark, Paul | 4656 |
| 25. | Comm. Of Ma Dept. Industrial Accidents | 16036 |
| 26. | Cook, Emily | 15068 |
| 27. | Cook, Kevin | 15389; 15390; 15391 |
| 28. | Cruz, Yeferson Deleon | 287 |
| 29. | Cuji-Usha Marvo V. | 4289 |
| 30. | Daugherty, Donna Lee | 14230 |
| 31. | Davis, Hatley | 16137 |
| 32. | Davison, Anton | 4363 |
| 33. | De La Rosa, Kimberly | 14816 |
| 34. | Degenkolb, Susan | 13616 |
| 35. | Deliyah, Rogers | 3621 |
| 36. | Deterding, Philip B. | 14439 |
| 37. | Diaz, Albery Lora | 14959 |
| 38. | Diaz, Yeudy Lora | 14961 |

|     | Claimant | Claim No(s). |
| --- | --- | --- |
| 39. | Drew, Derrick | 4651 |
| 40. | Drinkwine, Nathan | 16437 |
| 41. | Dunlap, Kelsi | 13325 |
| 42. | Dysart Taylor Mcmonigle Brumitt & Wilcox | 18710 |
| 43. | Ellis, Jason E. | 4399; 15919 |
| 44. | Elsamady, Ahmed | 4398 |
| 45. | Feliu, Alexei | 10896 |
| 46. | Fezza, James | 5468 |
| 47. | Funches, Collin Tyus | 15395 |
| 48. | Gaito, Daniela | 17247 |
| 49. | Garcia, Margarita | 10477 |
| 50. | Gatton, Molly | 1237 |
| 51. | Gibby, Gary W. | 15153; 15392 |
| 52. | Gilmore, Jimmie And Natterlene | 14689 |
| 53. | Gomez, Casey | 15439 |
| 54. | Goodman, Sopia | 16971 |
| 55. | Grant, Ariana | 15961 |
| 56. | Grant, Briana | 15964 |
| 57. | Grant, Yona W | 15956 |
| 58. | Groves, Brett | 4245 |
| 59. | Guttenplan, Alys | 10478 |
| 60. | Hage, Richard M Ver | 16347 |
| 61. | Hall, Derek | 15766 |
| 62. | Hanford, Paige | 2410 |
| 63. | Harrison, Zachary | 15087 |
| 64. | Hauser, Patrick | 18308 |
| 65. | Hershowitz, John | 16337 |
| 66. | Hill, Antonio | 17182 |
| 67. | Hobbs, Enrique | 13583 |
| 68. | Howard, James Charles | 11337 |
| 69. | Howard, James Charles | 11337 |
| 70. | Hubert, Jimmie And Janel | 12504 |
| 71. | Hucks, Novella N | 16073 |
| 72. | Hudson, Christine And Terry | 15410 |
| 73. | Immer, Mark | 14780 |
| 74. | Immer, Mark | 15218 |
| 75. | Jackson, Christopher | 5461 |
| 76. | Jackson, Leroy F | 16061 |
| 77. | Jones, Ben | 12391 |
| 78. | Jones, Dolores | 16668 |
| 79. | Kayla Melancon | 2648 |
| 80. | Kelsie, Adam S | 10990 |
| 81. | Khaira, Jarnail Singh | 10234 |

|  | Claimant | Claim No(s). |
|---|---|---|
| 82. | Kiel, Joshua | 15344 |
| 83. | Kinley Golf | 17860 |
| 84. | Kirn, Amanda | 10801 |
| 85. | Kirn, Colenan B | 10800 |
| 86. | Kitzmiller, Christie | 10671 |
| 87. | Kline, Stephen | 1855 |
| 88. | Koslow Law Llc | 15938 |
| 89. | Kouloujian, Aram | 17250 |
| 90. | Kouloujian, Hagop | 17241 |
| 91. | Kriscta Lucio As Next Friend Of | 3620 |
| 92. | Kunkle, Mathew | 10305 |
| 93. | Lambert, Ricky | 15558 |
| 94. | Lapolla, Blaise | 3389 |
| 95. | Lee, Alissa | 802 |
| 96. | Lemons, Rochelle | 16664 |
| 97. | Leung, Marina | 14980 |
| 98. | Ligons, Georgiann | 15966 |
| 99. | Littral, William | 14124 |
| 100. | Lopez-Builes, Martha | 13806 |
| 101. | Louro, Emily | 10911 |
| 102. | Luce, John | 17088 |
| 103. | Lynberg & Watkins Apc | 15072 |
| 104. | Madden, Jaylin | 14697 |
| 105. | Madden, Jaylin J | 14694 |
| 106. | Malcolm, Peter | 5497 |
| 107. | Mann, Asia | 17737 |
| 108. | Martin, Janae | 18091 |
| 109. | Maryland Plating & Servicing Inc | 12227 |
| 110. | Mata, Martin Nava | 17964 |
| 111. | Maxwell Wasmiller Guardian For | 5335 |
| 112. | Mccully, Alexis | 15050 |
| 113. | Mcghee, Derrick | 14365 |
| 114. | Mckenzie, Cecile | 562 |
| 115. | Mckinney, Damon | 2749 |
| 116. | Mencke, Charles W | 1260 |
| 117. | Meza, Ramiro | 15352 |
| 118. | Miller, Bob | 1849 |
| 119. | Mills, Destiny | 17454 |
| 120. | Mills, Jada | 17452 |
| 121. | Mills, Sky | 17455 |
| 122. | Misquez, Aaron S | 15808 |
| 123. | Mongelli, Paul L | 3625 |
| 124. | Monsalve, Ailyn Sayegh C/O Yelimar K S | 17599 |

|  | Claimant | Claim No(s). |
|---|---|---|
| 125. | Monsalve, Yelimar Karina Sira | 17598 |
| 126. | Moonilal-Singh, Kavir | 12599 |
| 127. | Morgan, Angela | 17623 |
| 128. | Morgan, Krislyn | 17637 |
| 129. | Misquez, Aaron S. | 15808; 15812 |
| 130. | Monsalve, Yelimar Karina Sira | 3403; 17598; 17599 |
| 131. | Moonilal-Singh, Kavir | 13597; 13599 |
| 132. | Napiwocki, Jill | 4658 |
| 133. | Nasilai, Kalesita | 16676 |
| 134. | Nasser, Amer | 10015 |
| 135. | New Enterprise Stone & Lime Company Inc | 16940 |
| 136. | New Enterprise Stone& Lime Company Inc | 16962 |
| 137. | New York State Dept Of Transportation | 250 |
| 138. | Newport, Michael E | 1413 |
| 139. | Newton, Jesse Isreal | 16346 |
| 140. | Nextmed Reviews Llc | 16141 |
| 141. | Nibbelin, David | 10126 |
| 142. | Nowicki, Lawrence | 16187 |
| 143. | O'donnell, Richard | 16661 |
| 144. | Oncor Electric Delivery | 14209 |
| 145. | Openshaw, Anne-Celeste | 16118 |
| 146. | Ortega, Gustavo (Ocegueda) | 4703 |
| 147. | Osman, Tariq | 12893 |
| 148. | Peguero, Yency | 608 |
| 149. | Perez-Ortiz, Yuritsi | 15843 |
| 150. | Perez-Valencia, Lexington | 14563 |
| 151. | Ponce, Leonel | 17565; 17568; 17569; 17572 |
| 152. | Powell, Anthony | 15592 |
| 153. | Preciado, Maria J | 13734 |
| 154. | Prescott, Lomekina | 16674 |
| 155. | Proctor, Rockey | 15022 |
| 156. | Richardson, Erica | 15950 |
| 157. | Riley, Cherry B | 3636 |
| 158. | Rivera Romero, Leslie | 2985 |
| 159. | Rizzi, Tony | 11657 |
| 160. | Robles, Samuel | 17957 |
| 161. | Rodriguez, Ashlee | 2945 |
| 162. | Rodriguez, Raudin | 14886 |
| 163. | Ropshaw, Cade | 17755 |
| 164. | Salazar, Miranda | 12089 |
| 165. | San Diego Gas & Electric Company | 148 |
| 166. | Sanders, John And Hannah | 3716 |
| 167. | Sansom, Larry E, Sr | 1768 |

| | Claimant | Claim No(s). |
|---|---|---|
| 168. | Scheele, Walter W | 1323 |
| 169. | Schimmoller, James D | 14738 |
| 170. | Selby, Robert | 16071 |
| 171. | Session, Qusarn | 10051 |
| 172. | Shobey, James | 3327 |
| 173. | Siro-Monsalve, Yelimar | 3403 |
| 174. | Sneed, Hodges | 16012 |
| 175. | Socci, Theodore M | 13262 |
| 176. | Sosa, Juan | 10476 |
| 177. | Sousa, Nicole | 16706 |
| 178. | Stephens, Jeffrey And Jennifer | 15085 |
| 179. | Stine Llc | 11975 |
| 180. | Tav Enterprises Llc | 3676 |
| 181. | Tav Enterprises Llc | 3675 |
| 182. | Thomas & Company Lpa | 18509 |
| 183. | Tinsley, Jesstina | 10049 |
| 184. | Tk, Minor(M Kiel118 Garrett Drfolsomca) | 15347 |
| 185. | Totten, Gregory | 5460 |
| 186. | Transhield Inc | 16126 |
| 187. | Trice, Whittni L | 16064 |
| 188. | Turakulov, Damir | 15875 |
| 189. | Ulloque, Omeira | 10014 |
| 190. | Vanegas, Christopher | 13432 |
| 191. | Vannatta, Michael L | 18374 |
| 192. | Veasey, Zackary | 16283 |
| 193. | Vega, Gabriela | 12178 |
| 194. | Waters-Ocasio, Laureen | 17576 |
| 195. | Webb, Jennifer | 3379 |
| 196. | Williams, Bernard | 16068 |
| 197. | Windh, Tobias | 12840 |
| 198. | Winston, Joyce A | 2413 |
| 199. | Wyszynski, Paul | 11187 |

**Exhibit B**

**ADR Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ADR NOTICE AND DEADLINE FOR SUBMISSION OF INFORMATION

Service Date: _____

Claim No(s).:_____

Claimant: _____

Address: _____

Claimant's Attorney (if known): _____

Deadline to Respond ("Response Deadline"): _____

    You are receiving this notice (the "ADR Notice") because your claim against Yellow Corporation and its affiliated debtors (collectively, the "Debtors") or against any Indemnitees has been submitted to alternative dispute resolution pursuant to the alternative dispute resolution procedures (the "ADR Procedures") established by order of the United States Bankruptcy Court for the District of Delaware entered in the above-captioned cases on _____, 2024 [Docket No. [●]] (the "ADR Order"). The ADR Procedures will be implemented, administered, and coordinated by Old Republic Insurance Company ("ORIC"), in consultation with the Debtors and the Committee.

    A copy of the ADR Procedures, as approved by the ADR Order, is annexed hereto. Any terms not defined herein or in any subsequent notices that you may receive regarding the ADR Procedures shall have the meanings attributed to them in the ADR Procedures.

    **YOU SHOULD CONSIDER CONSULTING A LAWYER.** Your participation in these ADR Procedures may either be by you or, if applicable, by a lawyer that has filed an appearance on your behalf in the Bankruptcy Court or the court in which your previously filed lawsuit or other proceeding is pending.

    ORIC and the Debtors, in consultation with the Committee, have reviewed your claim(s) and offer the amounts set forth in the attached Immediate Claim Settlement Offer in full

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

satisfaction of your claims.  You must respond to the Immediate Claim Settlement Offer either by:

> (1)      signing this ADR Notice and completing the Immediate Claim Settlement Offer and accepting such offer; or

> (2)      by rejecting the offer and completing the attached Claim Information and Settlement Demand Form.

 If you accept the offer, you do not need to complete the Claim Information and Settlement Demand Form.  If you reject the offer, you must complete and return the Claim Information and Settlement Demand Form, which must include a settlement demand.  **If you do not return this si~~ng~~ned ADR Notice and the Immediate Claim Settlement Offer so that it is received by ORIC and the Debtors by the Response Deadline, resolution of your Claim will be governed by Section VI of the ADR Procedures. The Claimant's ability to proceed with and participate in the ADR Procedures will be at the discretion of ORIC, the Debtors (if they elect to participate) and the Committee, if applicable.   Any settlement reached pursuant to these ADR Procedures will be paid by ORIC (and/or any applicable Third-Party Payor). Unless the Debtor and the Committee consent otherwise, ~~Y~~you must waive and release any and all claims against the Debtors, their chapter 11 estates, the Indemnitees and their personal assets, and ORIC and the Third-Party Payor, if applicable, to receive such payment(s).**

**If you do not accept the Immediate Claim Settlement Offer, or if no Immediate Claim Settlement Offer was made, you are required to complete and return this ADR Notice and the attached Claims Information and Settlement Demand Form.  You must complete all sections of the Claims Information and Settlement Demand Form, including (1) the Section I Settlement Demand which is the amount you offer to settle your claim for; and (2) the Section II Claim information section, along with all supporting documentation.  The ADR Notice and the Claims Information and Settlement Demand Form must be returned to ORIC and the Debtors by the Response Deadline.  ~~If you fail to comply with this requirement, your claims may be disallowed, discharged, released, and/or waived pursuant to Section VI of~~Failure to return this ADR Notice and the Claims Information and Settlement Demand Form by the Response Deadline will be deemed as a failure to comply with the ADR Procedures~~.~~ under Section VI thereof .  The Claimant's ability to proceed with and participate in the ADR Procedures will be at the discretion of ORIC, the Debtors (if they elect to participate) and the Committee, if applicable.**

All responses must be sent to counsel to the Debtors and ORIC, as set forth in the ADR Procedures.

Pursuant to the ADR Procedures and ADR Order, your Settlement Demand may not (i) include or make an unliquidated, unknown, or similar demand; and/or (ii) exceed the amount of, or improve the priority set forth in, your most recent timely-filed proof of claim, if any. ~~Your failure to return the Claim Information and Settlement Demand Form with a Settlement Demand for an amount certain may result in the Debtors seeking disallowance, discharge, release, and/or waiver of the claim pursuant to section VI of the ADR Procedures.~~

**I HAVE READ AND UNDERSTAND THIS NOTICE.**

Date: _____

_____
Claimant Signature or Authorized Person

_____
Print Claimant or Authorized Person Name

**EACH CLAIMANT MUST SIGN THIS ADR NOTICE.  ADDITIONAL CLAIMANTS MUST SIGN AND PRINT THEIR NAME ON A SEPARATE SHEET.**

*[optional]*

**IMMEDIATE CLAIM PAYMENT OFFER**

Based on a review of documentation relating to your Claim, ORIC and the Debtors, have determined that you have asserted your Claim in the amount of $_____, and hereby offers to pay such Claim in the amount of $[_____].

If you agree to payment of your ADR Claim by ORIC in the amount of $_____, please sign below and return this form to counsel to the Debtors and ORIC at the addresses set forth in the ADR Procedures.  If you accept this offer, you are not required to submit any additional documentation or information with the return of this form.  If you do not accept this offer, you must complete and return the ADR Notice and the Claims Information and Settlement Demand Form according to the instructions set forth in the ADR Notice and the ADR Procedures.

**Payment of your Claim by ORIC does not entitle you to any other cash payments from the Debtors and, if paid by ORIC, you will be deemed to have waived and released any and all claims against the Debtors, their chapter 11 estates, the Indemnitees and their personal assets, and ORIC and any applicable Third-Party Payor.**

I agree to allowance of my claim as set forth in this Immediate Claim Payment Offer

Date: _____        _____
                                      Claimant Signature or Authorized Person

                                      _____
                                      Print Claimant or Authorized Person Name

                                      _____
                                      Relationship to Claimant if Authorize Person

EACH CLAIMANT MUST SIGN THIS FORM.  ADDITIONAL CLAIMANTS MUST SIGN AND PRINT THEIR NAMES ON A SEPARATE SHEET.

SIGNATURE OF ATTORNEY

Date: _____        _____
                                      Attorney for Claimant Signature

                                      _____
                                      Print Attorney for Claimant Signature

**CLAIM INFORMATION AND SETTLEMENT DEMAND FORM[1]**

**I.    SETTLEMENT DEMAND**

YOU MUST INCLUDE AN OFFER FOR WHICH YOU WOULD SETTLE YOUR LITIGATION CLAIM. PLEASE NOTE THAT IF YOUR OFFER IS ULTIMATELY ACCEPTED BY ORIC AND THE DEBTORS, ORIC (OR OTHER THIRD-PARTY PAYORS, IF APPLICABLE) SHALL PAY SUCH LITIGATION CLAIM AND YOU WILL BE DEEMED TO HAVE WAIVED AND RELEASED ANY AND ALL CLAIMS AGAINST THE DEBTORS, THEIR CHAPTER 11 ESTATES, THE INDEMNITEES AND THEIR PERSONAL ASSETS, AND ORIC OR ANY APPLICABLE THIRD-PARTY PAYOR.

Amount for which you offer to settle the Litigation Claim: $_____.

**II.    CLAIM INFORMATION**

**CLAIMANT MUST PROVIDE THE FOLLOWING INFORMATION:**

1.    Name, address, and telephone number of counsel: _____

2.    Names, addresses, and telephone numbers
      of all Claimants:                                    _____

3.    Debtor against whom the claim is brought:       _____

4.    Your date of birth: _____

5.    Date of injury: _____

6.    Where did the incident occur? _____

      Please specify the location and address.

7.    Are you pursuing this claim against any other party?  Yes ❑ No ❑
      If yes, against whom (list the name, the addresses and counsel for each party, if known)?

---

[1]    You shall not be required to provide information duplicative of supporting documentation attached to any relevant proof of claim filed in the chapter 11 cases.

Attach additional sheets if necessary.

8.     Did you notify the Debtor(s) in writing of the incident? (If yes, attach a copy of such writing.)  Yes ❏ No ❏

9.     Is there a pending lawsuit regarding your claim? If yes, identify the court where the lawsuit is pending, the case number and the judge, if known and attach a copy of the complaint.

10.    What type of injuries or damages do you have arising from the incident? Provide a medical description of any injuries.  (Please state if the claim is based, in whole or in part, on an injury or damages to someone else.)

11.    How did the injury occur?

12.    Did you miss any work as a result of the incident? If so, how many days?

13.    Give the name and address of your employer(s) and your salary or rate of pay at the time of the incident.

14.    Was anyone else injured or did anyone else sustain damages at the time of the incident? (If yes, list the names and addresses.)

15.    List the names, addresses and phone numbers of all witnesses and people with relevant knowledge of your claim (including, but not limited to, any representatives or agents of the Debtors).

16.    Are treatments still being given for any injury?  Yes ❏ No ❏

(If yes, provide the name and address of any and all doctors that are currently treating you for such injury and the nature of the treatment).

17.    Physician Data

a.    Give the name and address of any physician, clinic or hospitals that have treated this injury.   Include treatment dates.   (Attach additional sheets if necessary)

_____
_____
_____

b.    Itemize all damages you claim, including any damages for emotional distress, loss of consortium or pain and suffering.

_____
_____
_____

c.    Give the total amount of the medical bills you incurred as a result of suffering your injury.

_____
_____
_____

d.    Itemize any other expenses you incurred as a result of the incident for which you are making a claim.

_____
_____
_____

e.    Give a list of medical expenses and amounts paid by your insurance company as a result of your injury.

_____
_____
_____

f.    Give the name, address and policy number of your insurance company.

_____
_____
_____

18.    Attach the following documents:

a.    All medical records and bills for medical services received by the Claimant as a result of the injury allegedly caused by the Debtor(s);

b.    Autopsy/Coroner report, if applicable;

c.    Death Certificate, if applicable; and

d.    Photographs, videotapes, and any other documentation you wish to be considered in the evaluation of your claim.

*[Signature Page Follows]*

NOTICE: UNDER FEDERAL LAW, CRIMINAL PENALTIES MAY BE IMPOSED FOR FILING A CLAIM CONTAINING FALSE OR MISLEADING STATEMENTS.

**I declare under penalty of perjury that the foregoing statements are correct.**

Date: _____      _____
                                    Claimant Signature or Authorized Person

                                    _____
                                    Print Claimant or Authorized Person Name

SIGNATURE OF ATTORNEY

Date: _____      _____
                                    Attorney for Claimant Signature

                                    _____

**EACH CLAIMANT MUST SIGN THIS CLAIM INFORMATION FORM. ADDITIONAL CLAIMANTS MUST SIGN AND PRINT THEIR NAMES ON A SEPARATE SHEET.**

**<u>Exhibit C</u>**

**Mediation Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MEDIATION NOTICE**

Service Date: _____

Claim No(s).:_____

Claimant: _____

Address: _____

Claimant's Attorney (if known): _____

By this Mediation Notice, Old Republic Insurance Company ("ORIC") and the debtors in the above-captioned chapter 11 cases (the "Debtors") hereby submit the above-identified claim (the "Litigation Claim") in these chapter 11 cases to mediation, pursuant to the alternative dispute resolution procedures (the "ADR Procedures") established by order of the United States Bankruptcy Court for the District of Delaware entered in the above-captioned cases on _____, 202~3~4 [Docket No.[——•]] (the "ADR Order").

ORIC and the Debtors have been unable to resolve your Litigation Claim on a consensual basis with you through the Offer Exchange Procedures or the Informal Resolution Procedures of the ADR Procedures.  As provided for in the ADR Procedures, you and counsel to ORIC and the Debtors (and any applicable Third-Party Payors) shall work in good faith to select a mediator pursuant to Section V.D of the ADR Procedures. ~The ADR Procedures require you to share the fees and costs of mediation charged by the mediator, up to a cap of $500.~

A complete copy of the ADR Procedures is enclosed for your reference.  Please refer to Section V.D of the ADR Procedures concerning mediation.

[Signature of ORIC and the Debtors]

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

34

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 1/18/2024 4:40:32 PM | |
|---|---|
| **Style name:** Color (Kirkland Default) | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** FINAL Proposed ADR Procedures 930p.docx | |
| **Modified DMS:** iw://dms.kirkland.com/LEGAL/101704313/31 | |
| **Changes:** | |
| Add | 272 |
| Delete | 194 |
| Move From | 7 |
| Move To | 7 |
| Table Insert | 161 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 641 |