# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| Debtors. | ) (Jointly Administered) |

**ORDER APPROVING**
**THE JOINT STIPULATION BY AND AMONG**
**THE DEBTORS, ORIC, AND CERTAIN CLAIMANTS**
**HOLDING SETTLED PERSONAL INJURY CLAIMS (I) GRANTING**
**RELIEF FROM THE AUTOMATIC STAY AND (II) EXPUNGING CLAIMS**

Upon consideration of the filed *Certification of Counsel Regarding Joint Stipulation By and Among the Debtors, ORIC, and Certain Claimants Holding Settled Personal Injury Claims (I) Granting Relief from the Automatic Stay and (II) Expunging Claims* (the "Certification of Counsel") and of the *Joint Stipulation By and Among the Debtors and Certain Claimants Holding Settled Personal Injury Claims (I) Granting Relief from the Automatic Stay and (II) Expunging Claims* (the "Stipulation"),[2] by and between the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Tena J. Spence, Jacob Bazarov, Tamara Peirova, and Octavio Fernandez Viera (collectively, the "Settled Claim Holders"), and Old Republic Insurance Company ("ORIC," and together with the Settled Claim Holders and the Debtors, the "Parties"), attached to this order (this "Order") as **Exhibit 1**; and the district court having jurisdiction under

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Stipulation.

28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having reviewed the Stipulation; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Stipulation is approved.

2. The Stipulation shall be effective immediately upon entry of this Order.

3. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified solely for the purpose of permitting ORIC, or its agents or assigns, to pay the settlement amounts in the respective settlement agreements executed and entered into between the Debtors and the respective Settled Claim Holders prior to the Petition Date (each, a "Settlement Agreement," and collectively, the "Settlement Agreements").

4. Any proof of claim filed by a Settled Claim Holder in these chapter 11 cases shall be expunged as paid in full upon ORIC's payment of the amount agreed to in the applicable Settlement Agreement to such Settled Claim Holder (each such amount, the "Settlement Amount").

5. ORIC shall pay each Settlement Amount out of the proceeds of the letters of credit or other collateral provided to ORIC by, or for the benefit of, the Debtors, in full and complete satisfaction of the applicable claim(s) of the Settled Claim Holders.

6. No Settled Claim Holder receiving the Settlement Amount shall seek to recover as an administrative claim or general unsecured claim in these cases any costs, fees (including attorneys' fees), expenses, or charges associated with the Settlement Agreements or otherwise entering into and performing under the Stipulation or this Order.

7. Notwithstanding Bankruptcy Rule 4001(a)(3), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Parties are authorized to take all actions necessary to effectuate the relief granted in this Order and to consummate and implement the terms and provisions of the Stipulation.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Stipulation.

**Dated: January 22nd, 2024**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**