# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| Debtors. | ) (Jointly Administered) |
| | ) Re:  Docket No. 617 |

**DECLARATION OF DISINTERESTEDNESS
OF SNOW, CHRISTENSEN & MARTINEAU PURSUANT TO THE ORDER
AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, David L. Pinkston, declare under penalty of perjury:

1. I am an attorney and shareholder with the firm of Snow Christensen & Martineau, located at 10 Exchange Place, Floor 11, Salt Lake City, Utah 84111 (the "Firm").

2. Yellow Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide legal services to the Debtors in connection with personal injury litigation against the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm does not, however, perform services for any such person relating to these chapter 11 cases, or have any relationship with any

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain is a relative of the United States Bankruptcy Judge assigned to these chapter 11 cases, and the Firm does not have a connection with the United States Bankruptcy Judge that would render the Firm's retention in these chapter 11 cases improper. Further, the Firm does not have any connection with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), or any persons employed by the U.S. Trustee.

6. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. The Debtors owe the Firm at least $57,800.80 for prepetition services and expenses, the payment of which is subject to the limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532.

9. As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm was not party to an agreement for indemnification with certain of the Debtors. I have reviewed the OCP Order and Procedures and understand that the indemnification

provisions set forth in the Agreement are subject, during the pendency of the Debtors' chapter 11 cases, to the modifications set forth in the OCP Order and Procedures.

10. The Firm has read the OCP Order and Procedures and understands the limitation on compensation and reimbursement of expenses thereunder.  Specifically, the Firm understands that in the event it exceeds the applicable cap, the Firm will be required to file with the Court a fee application for the amount of its fees and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable order of the Court.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date:  January 22, 2024

David L. Pinkston

4884-2505-4878, v. 1