# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| Debtors. | ) (Jointly Administered) |

Hearing Date: March 6, 2024 at 2:00 p.m. (ET)
Response Deadline: February 9, 2024 at 4:00 p.m. (ET)

## LIMITED RESPONSE OF THE PENSION BENEFIT GUARANTY CORPORATION TO DEBTORS' SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO PROOFS OF CLAIM FOR WITHDRAWAL LIABILITY

1. On December 8, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed their *Objection to the Proofs of Claim Filed by the Central States Pension Fund* (Docket. No. 1322) (the "CSPF Objection").

2. The CSPF Objection disputed claims arising from Yellow Corp.'s withdrawal from the Central States Pension Fund, a multiemployer pension plan. In the CSPF Objection, Debtors sought to convince the Court to disregard a pivotal provision of a Pension Benefit Guaranty Corporation (the "PBGC") regulation (the "PBGC Regulation"),[2] which Congress authorized PBGC to enact to implement the Special Financial Assistance program.[3]

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Special Financial Assistance by PBGC, 88 Fed. Reg. 4900, (Jan. 26, 2023) (codified at 29 C.F.R. § 4262).

[3] 29 U.S.C. § 1432(m)(1).

1

3. On January 8, 2024, the PBGC filed the *Limited Response of the Pension Benefit Guaranty Corporation to Objection of the Debtors to the Proofs of Claim Filed by the Central States Pension Fund* (Docket No. 1630) (the "PBGC Limited Response"). In the PBGC Limited Response, PBGC argued that the PBGC Regulation may not be disregarded in these bankruptcy proceedings.

4. On January 26, 2024, Debtors filed *Debtors' Second Omnibus (Substantive) Objection to Proofs of Claim for Withdrawal Liability* (Docket No. 1962) (the "Second Omnibus Objection"). In the Second Omnibus Objection, Debtors dispute various claims arising from Yellow Corp.'s withdrawal from ten other multiemployer pension plans. In that objection, Debtors argued that the Court should disregard the PBGC Regulation, using arguments and language that are substantively identical to the same arguments found in the CSPF Objection.

5. PBGC files this response to the Second Omnibus Objection to reiterate that the PBGC Regulation may not be disregarded in these bankruptcy proceedings and to state that all arguments raised in the PBGC Limited Response also apply to the Second Omnibus Objection. As PBGC has argued in the PBGC Limited Response, underlying substantive law, such as the PBGC Regulation, may not be disregarded unless it conflicts with a specific provision of the Bankruptcy Code, which the Debtors have not alleged. To the extent Debtors seek to invalidate the PBGC Regulation, they have not requested such relief, they lack standing, and they cannot do so in these bankruptcy proceedings.

6. Therefore, for the reasons set forward more fully in the PBGC Limited Response, the Court must also deny the Second Omnibus Objection, insofar as it seeks to ignore or invalidate the PBGC Regulation or any other PBGC regulation.

7. Pursuant to Local Rule 9013-1(h), PBGC does not consent to the entry of a final order or judgment by the Bankruptcy Court regarding the validity of the PBGC Regulation if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

| | |
|---|---|
| Dated: February 9, 2024<br>Washington, D.C. | Respectfully submitted,<br><br>/s/ Andrew Philip Walker<br>KAREN L. MORRIS<br>General Counsel<br>KARTAR S. KHALSA<br>DANIEL S. LIEBMAN<br>Deputy General Counsels<br>PAULA J. CONNELLY<br>STEPHANIE THOMAS<br>JOHN HOLLAND GINSBERG<br>Assistant General Counsels<br>ANDREW PHILIP WALKER<br>REBECCA L. STARK<br>BENJAMIN KELLY<br>EMILY JEAN ALLENDER<br>Attorneys<br>Office of the General Counsel<br>**PENSION BENEFIT GUARANTY CORPORATION**<br>445 12th Street, SW<br>Washington, D.C. 20024<br>Telephone: (202) 229-6863<br>Emails: Walker.Andrew@pbgc.gov and efile@pbgc.gov |