# EXHIBIT A

| | |
|---|---|
| **From:** | DANIEL SULLIVAN (Leg) |
| **To:** | Slade, Michael B.; BRAD BERLINER (Leg) |
| **Cc:** | Esser, Michael P.; Christian, John; Lehavi, Michael David; ANDREW HERINK (Leg); Sullivan, Bill |
| **Subject:** | RE: Michael B. Slade"s Zoom Meeting [send unencrypted] |
| **Date:** | Wednesday, December 20, 2023 5:39:09 PM |
| **Attachments:** | Yellow Bankruptcy -- CSPF Proposed Draft Schedule 12-20-23 (REDLINE v. Kirkland Draft of 12.19.23).pdf |
| | Yellow Bankruptcy -- CSPF Proposed Draft Schedule 12-20-23 (clean).docx |
| | image001.png |
| | image002.png |

Michael,

We do not agree with the Debtors' proposed schedule. Please see attached for Central States' proposed schedule, as well as a redline against the document you circulated yesterday.

Thanks,
Dan

**Daniel E. Sullivan | Attorney, Law Department | TeamCare / Central States Funds**
8647 W. Higgins Road, Chicago, IL 60631 | Office: (847) 582-5078 | Mobile: (516) 587-1907 | Fax: (847) 518-9797
dsulliva@centralstatesfunds.org

**From:** Slade, Michael B. <mslade@kirkland.com>
**Sent:** Tuesday, December 19, 2023 3:49 PM
**To:** BRAD BERLINER (Leg) <BBERLINE@centralstatesfunds.org>
**Cc:** DANIEL SULLIVAN (Leg) <dsulliva@centralstatesfunds.org>; Esser, Michael P. <michael.esser@kirkland.com>; Christian, John <john.christian@kirkland.com>; Lehavi, Michael David <michael.lehavi@kirkland.com>
**Subject:** RE: Michael B. Slade's Zoom Meeting

<mark>HIGH ALERT: EXTERNAL EMAIL. CLICKING LINKS OR ATTACHMENTS MAY RESULT IN PHISHING ATTACKS</mark>

Brad:  I told you I'd send you a proposed schedule today, and that's what I'm doing here.  Attached is a proposed schedule in the form of a proposed agreed scheduling order.
Per this proposal, we are willing to extend Central States Pension Fund's response deadline to January 8.
As I mentioned on our call, we would like to get your written responses (and any objections) to our discovery requests on January 8 so that we can see if there are disputes over discovery we need to bring to the Court's attention.  We understand that the actual document production (which should begin on a rolling basis ASAP) will lag past January 8, as provided for in the proposed schedule.
Feel free to call me if you'd like to discuss and thank you.

**Michael B. Slade**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3348
**F** +1 312 862 2200
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

michael.slade@kirkland.com

---

**From:** BRAD BERLINER (Leg) <BBERLINE@centralstatesfunds.org>
**Sent:** Tuesday, December 19, 2023 3:27 PM
**To:** Slade, Michael B. <mslade@kirkland.com>
**Cc:** DANIEL SULLIVAN (Leg) <dsulliva@centralstatesfunds.org>
**Subject:** RE: Michael B. Slade's Zoom Meeting

Hi Michael –

I am following up on our meeting yesterday, pursuant to which I was expecting to have already received proposed dates, including for filing a formal response to the claim objection (and confirmation that no response to the claim objection will be due this Friday) and responding to your discovery requests. Can you please provide me with those suggested dates. Thank you,

Brad



**Brad R. Berliner | Deputy General Counsel, Law Department|**

TeamCare / Central States Funds
8647 W. Higgins Road, Chicago, IL 60631
(847) 939-2478 - Office
(773) 415-1140 - Mobile
bberliner@centralstatesfunds.org

---

**From:** Slade, Michael B. <mslade@kirkland.com>
**Sent:** Monday, December 18, 2023 1:16 PM
**To:** BRAD BERLINER (Leg) <BBERLINE@centralstatesfunds.org>
**Cc:** DANIEL SULLIVAN (Leg) <dsulliva@centralstatesfunds.org>
**Subject:** RE: Michael B. Slade's Zoom Meeting

<mark>HIGH ALERT: EXTERNAL EMAIL. CLICKING LINKS OR ATTACHMENTS MAY RESULT IN PHISHING ATTACKS</mark>

Sure, done

**Michael B. Slade**

**KIRKLAND & ELLIS LLP**
300 North LaSalle, Chicago, IL 60654
**T** +1 312 862 3348
**F** +1 312 862 2200

--------------------------------------------------------

michael.slade@kirkland.com

---

**From:** BRAD BERLINER (Leg) <BBERLINE@centralstatesfunds.org>
**Sent:** Monday, December 18, 2023 1:07 PM
**To:** Slade, Michael B. <mslade@kirkland.com>
**Cc:** DANIEL SULLIVAN (Leg) <dsulliva@centralstatesfunds.org>
**Subject:** RE: Michael B. Slade's Zoom Meeting

Michael –

Would you also please invite my colleague, Dan Sullivan (copied here). Thanks,

Brad



**Brad R. Berliner | Deputy General Counsel, Law Department|**

TeamCare / Central States Funds
8647 W. Higgins Road, Chicago, IL 60631
(847) 939-2478 - Office
(773) 415-1140 - Mobile
bberliner@centralstatesfunds.org

-----Original Appointment-----
**From:** Slade, Michael B. <mslade@kirkland.com>
**Sent:** Thursday, December 14, 2023 11:43 AM
**To:** Slade, Michael B.; BRAD BERLINER (Leg)
**Subject:** Michael B. Slade's Zoom Meeting
**When:** Monday, December 18, 2023 1:30 PM-2:00 PM (UTC-06:00) Central Time (US & Canada).
**Where:** https://kirkland.zoom.us/j/99265161974?pwd=TnplRW9hMlRCdkNlNitHMVFvQkhiZz09

HIGH ALERT: EXTERNAL EMAIL. CLICKING LINKS OR ATTACHMENTS MAY RESULT IN PHISHING ATTACKS

Michael B. Slade is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting

https://protect.checkpoint.com/v2/___https://kirkland.zoom.us/j/99265161974?
pwd=TnplRW9hMlRCdkNlNitHMVFvQkhiZz09___.YzJ1OmNlbnRyYWxzdGF0ZXNmdW5kczpjOm86NG
JlNzY2MTQxOTcxMTg2NGJiYmQ0OGMzNjA5Njg0ZDk6NjpiYjUxOmVjODkyNjg4MjVhOTRjZWQyMzhjY
mNjN2U4Njc1NTlkMWZkYjQ1OGMxMTZjNmYyZTZmNDFhODc1YThjYzNkMGY6dDpU

Meeting ID: 992 6516 1974
Passcode: 551123
One tap mobile
+16465588656,,99265161974#,,,,,,0#,,551123# US (New York)
+16469313860,,99265161974#,,,,,,0#,,551123# US

Dial by your location
        +1 646 558 8656 US (New York)
        +1 646 931 3860 US
        +1 309 205 3325 US
        +1 312 626 6799 US (Chicago)
        +1 301 715 8592 US (Washington DC)
        +1 305 224 1968 US
        +1 253 205 0468 US
        +1 253 215 8782 US (Tacoma)
        +1 346 248 7799 US (Houston)
        +1 360 209 5623 US
        +1 386 347 5053 US
        +1 507 473 4847 US
        +1 564 217 2000 US
        +1 669 444 9171 US
        +1 669 900 6833 US (San Jose)
        +1 689 278 1000 US
        +1 719 359 4580 US
        +44 203 481 5237 United Kingdom
        +44 203 481 5240 United Kingdom
        +44 203 901 7895 United Kingdom
        +44 208 080 6591 United Kingdom
        +44 208 080 6592 United Kingdom
        +44 330 088 5830 United Kingdom
        +44 131 460 1196 United Kingdom
        +32 2 788 0172 Belgium
        +32 2 788 0173 Belgium
        +32 1579 5132 Belgium
        +32 2 290 9360 Belgium
        +32 2 585 5574 Belgium
        +32 2 588 4188 Belgium
        +49 695 050 2596 Germany
        +49 69 7104 9922 Germany
        +49 69 3807 9883 Germany

+49 69 3807 9884 Germany
+49 69 5050 0951 Germany
+49 69 5050 0952 Germany
+852 5803 3731 Hong Kong SAR
+852 5808 6088 Hong Kong SAR
+852 5803 3730 Hong Kong SAR

Meeting ID: 992 6516 1974
Passcode: 551123
Find your local number:
https://protect.checkpoint.com/v2/___https://kirkland.zoom.us/u/ab9fwgRYgl___.YzJ1OmNlbnRyY
WxzdGF0ZXNmdW5kczpjOm86NGJlNzY2MTQxOTcxMTg2NGJiYmQ0OGMzNjA5Njg0ZDk6NjozMzNm
OjQxZjRjZTQ1MTQxMDhhNTcxODUxNjdkNmFhZWFmYjJiNGY3N2E4MTgzMmM0MThiZTIyNGQ2NW
U1ZGVkNGIxM2U6dDpU

Join by SIP
99265161974@zoomcrc.com

Join by H.323
162.255.37.11 (US West)
162.255.36.11 (US East)
221.122.88.195 (China)
115.114.131.7 (India Mumbai)
115.114.115.7 (India Hyderabad)
213.19.144.110 (Amsterdam Netherlands)
213.244.140.110 (Germany)
103.122.166.55 (Australia Sydney)
103.122.167.55 (Australia Melbourne)
209.9.211.110 (Hong Kong SAR)
149.137.40.110 (Singapore)
64.211.144.160 (Brazil)
149.137.68.253 (Mexico)
69.174.57.160 (Canada Toronto)
65.39.152.160 (Canada Vancouver)
207.226.132.110 (Japan Tokyo)
149.137.24.110 (Japan Osaka)
Meeting ID: 992 6516 1974
Passcode: 551123

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

**The information contained in this transmission is attorney privileged and/or confidential and is intended only for the individual(s) or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are strictly prohibited from reading, copying, using or disclosing the contents of this communication to others. Please notify the sender that you have received this e-mail in error by replying to the e-mail or by telephoning 847-939-2478, and then delete the e-mail and any copies of it. Thank you.**

DISCLAIMER:
Only the Board of Trustees is authorized to interpret the benefits plans (including those plans offered under the name of TeamCare) established by the Central States Health and Welfare Fund and the Central States Pension Fund. Any and all representations concerning benefits or benefit amounts contained in this communication are estimates or projections. These representations are not a final determination of benefits and are not a guarantee of payment. All benefits will be paid in accordance with the terms of the applicable benefit plan documents.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

DISCLAIMER:
Only the Board of Trustees is authorized to interpret the benefits plans (including those plans offered under the name of TeamCare) established by the Central States Health and Welfare Fund and the Central States Pension Fund. Any and all representations concerning benefits or benefit amounts contained in this communication are estimates or projections. These representations are not a final determination of benefits and are not a guarantee of payment. All benefits will be paid in accordance with the terms of the applicable benefit plan documents.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 CTG |
| | ) | |
| *Debtors*. | ) | (Jointly Administered) |

~~ORDER~~STIPULATION SCHEDULING ~~CERTAIN~~ DATES AND DEADLINES IN CONNECTION WITH THE DEBTORS' OBJECTIONS TO PROOFS OF CLAIM FILED BY THE
CENTRAL STATES PENSION FUND

~~In relation to the Debtors' objections to the proofs of claim filed by the Central States Pension Fund [D.I. 1322] (the "Objection"), the Debtors and~~ Whereas, the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") filed claims against the Debtors in these cases, including: (i) claims against all Debtors, jointly and severally, for withdrawal liability based on the Debtors' withdrawal from the Pension Fund, in the approximate amount of $4.8 billion, (ii) claims for failure of the USF Holland LLC and YRC, Inc., debtors to make required contributions to the Pension Fund, in the approximate collective amount of $9 million, and (iii) claims for pension contributions under a guarantee agreement in the approximate amount of $917 million;

Whereas, the Debtors filed an omnibus objection~~CENTRAL STATES PENSION FUND ("CSPF" and with the Debtors, the "Parties") agree as follows:~~

~~RESPONSES TO OBJECTION~~

~~CSPF may respond~~ to the Proofs of Claim filed by the Pension Fund in these cases on December 8, 2023 (the "Omnibus Claim Objection" or "Objection~~on or before~~");

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

Whereas, the Debtors served written discovery requests relating to the Omnibus Claim Objection on the Pension Fund on December 8, 2023;

Whereas, the Pension Fund asserts and maintains that the Debtors' objection to the withdrawal liability claims constitutes a dispute reserved for arbitration under 29 U.S.C. § 1401(a);

Whereas, the Parties agree that the Court should hold a scheduling conference and enter a scheduling order governing deadlines for litigation of this contested matter;

Now therefore, the Parties hereby stipulate and agree, subject to the approval of the Court, to the application of the following deadlines in this contested matter:

### Preliminary Matters

1.      An initial scheduling conference with respect to the Omnibus Claim Objection shall be held at the omnibus hearing scheduled for January ~~8~~22, 2024.

### ~~SCHEDULING MATTERS~~

2.      The Pension Fund shall file its preliminary response to the Omnibus Claim Objection by February 7, 2024.

3.      The Pension Fund shall file its motion to compel arbitration by January 16, 2024.

### Discovery

~~2.~~4.     The following schedule shall govern discovery and related matters related to the Omnibus Claim Objection absent further agreement of the Parties or order of the Court.

~~3.~~5.     **Fact Discovery**.

   a.  ~~Wednesday, January 10~~January 31, 2024, shall be the date that the discovery issued by the Debtors on December 8, 2023 shall be deemed to have been served on the Pension Fund, for purposes of calculating the response deadline.

   ~~a.~~b. **March 1, 2024**, shall be the deadline to serve written discovery requests in connection with the Objection ("Discovery Requests").

2

b.c. ~~Friday, February 16~~March 31, **2024**, shall be the date on which all persons or entities served with discovery in connection with the Objection shall have substantially completed production of documents responding to the Discovery Requests (it being understood that the Parties will produce documents on a rolling basis).

c.d. ~~Monday, February 19~~April 7, **2024**, shall be the date on which the Parties shall provide categorical privilege logs of documents responsive to the Discovery Requests that were withheld on the basis of any claim of privilege (the "Privilege Logs").  The Privilege Logs shall provide: (1) the date range of the documents; (2) author(s)/sender(s) and recipients; (3) the general subject matter; (4) the basis for withholding the documents (e.g., attorney-client privilege or work-product doctrine); and (5) the number of documents withheld in that category.

d.e. ~~Friday, March~~ May 15, **2024**, shall be the date on which depositions of witnesses, including any third-party witnesses, must be completed.  Deposition notices must be served no later than **seven (7)** days prior to the deposition date, and any objections thereto must be served no later than **three (3)** days before the deposition date.  The Parties shall confer in good faith on the location, manner of taking depositions (*e.g.,* in person or remote), and dates convenient for the witness and counsel with respect to the scheduling of individual depositions.

e.f. ~~Friday, March 15~~May 31, **2024**, shall be the date on which all fact discovery shall be complete, including discovery from third parties.

3

4.6.    **Expert Discovery**:

    a.    ~~Friday, March 22~~June 8, **2024**, shall be the date by which the Parties must disclose the identity of any affirmative expert witness and serve opening reports for any affirmative expert witness, together with the other information required by Federal Rule 26(a)(2).

    b.    ~~Wednesday, April 10~~June 22, **2024**, shall be the deadline to disclose the identity of any rebuttal expert witness and serve rebuttal reports for any rebuttal expert witness together with the curriculum vitae of such witness.

    c.    ~~Wednesday, April 24~~July 31, **2024**, shall be the deadline to complete expert depositions.

~~5.    **Final Pretrial Deadlines.**~~

7.    ~~**Thursday, April 25**~~**Dispositive Motions.**

    ~~a.~~    **August 21, 2024**, ~~at 6:00 p.m. (prevailing Eastern Time),~~ shall be the deadline for ~~the Debtors and CSPF~~any party to ~~exchange their lists~~file a dispositive motion relating to any of ~~witnesses who will or may testify at trial.~~

    ~~b.~~a.    ~~**Thursday, April 25, 2024 at 6:00 p.m. (prevailing Eastern Time)**, shall be~~ the issues raised with respect to the ~~deadline for the Debtors and CSPF to exchange lists of exhibits that they may or will  offer at trial~~Omnibus Claim Objection.

    ~~c.~~b.    ~~**Friday, April 26, 2024 at 6:00 pm (prevailing Eastern Time)** shall be~~Following the ~~deadline by which the Parties must submit a proposed joint pretrial order ("JPTO")  per Local Bankruptcy Rule 7016-2(d).  In advance~~filing of ~~submitting such JPTO~~dispositive motions, the parties shall ~~meet and~~ confer ~~and attempt to resolve in good faith~~on an appropriate briefing schedule for any ~~disputes to the~~

~~JPTOs contents.~~such motions, and schedule a conference with the Court if they are unable to agree on a schedule.

~~6.~~8.   **Pre-Trial** ~~Briefing.   The Debtors and CSPF may submit pre-trial briefs (if they elect to do so) on or before **Monday, April 29, 2024**, at **6:00 pm (prevailing eastern time).**~~**Matters**.   The Court will hold a further scheduling conference at the first omnibus hearing following the dispositive motion deadline for additional pre-trial and trial scheduling.

~~7.   **Trial**.   The Court will conduct a trial on the Objection on **[May 2-3, 2024]**.   The trial will begin each day at **10:00 a.m. (prevailing Eastern Time)**.~~

## OTHER GOVERNING PROTOCOLS AND PROCEDURES

~~8.~~9.   **Third-Party Documents Received Pursuant to Subpoena**.   Each of the Debtors and ~~CSPF~~the Pension Fund shall produce or make available to the other all materials obtained from third parties pursuant to Fed. R. Civ. P. 45 within two days of receiving such material from a third party.

~~9.~~10.   **Expert Discovery**.   Federal Rule of Civil Procedure 26(a)(2) applies to expert disclosures.

~~10.~~11.   **Discovery Disputes**.   Any dispute with regard to discovery conducted under this Order that cannot be resolved after good-faith consultation may be presented to the Court by the party who seeks relief filing a letter with the Court and copying all parties.   Unless otherwise agreed to by the disputing parties, any response to such letter shall be made by filing a responsive letter to the Court to be filed and delivered to Chambers within two business days after service of

the initial letter submission on the applicable Party.  Without leave from the Court, no letter shall exceed three pages in length and no additional submissions will be permitted.

11.12.  **Amendments or Modifications**.  Except as otherwise ordered by the Court, this Order shall control any and all discovery in connection with the Objection; *provided, however*, that the Debtors and CSPFthe Pension Fund may amend, modify, or supplement the terms of this Order (except for the dates set forth in paragraph 67) without further order by the Court upon filing written notice of such agreed amendment or modification with the Court.

12.13.  **Reservation of Rights**.  Nothing in this Order shall be deemed a waiver of any Party's rights to assert any applicable privilege or work-product protections or any other appropriate objections to disclosure available under the Federal Rules.  A Party's production of information in accordance with this Scheduling Order shall not be deemed a concession by such Party as to the relevance or use of such documents or information at trial or otherwise.

(insert Debtor's signature block here)

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/*  _____

William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
             whazeltine@sha-llc.com

**CENTRAL STATES PENSION FUND**
Brad R. Berliner, Esq.
Andrew J. Herink, Esq.
Daniel Sullivan, Esq.
8647 W. Higgins Road
Chicago, IL 60631
(847) 939-2478 - Office
bberliner@centralstatesfunds.org

6

2

aherink@centralstatesfunds.org
dsulliva@centralstatesfunds.org

*Attorneys for Central States, Southeast and*
*Southwest Areas Pension Fund,*

_____
The Honorable Craig Goldblatt
Chief United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 CTG |
| | ) |
| *Debtors.* | ) (Jointly Administered) |

**STIPULATION SCHEDULING DATES AND DEADLINES IN CONNECTION WITH**
**THE DEBTORS' OBJECTIONS TO PROOFS OF CLAIM FILED BY THE**
**CENTRAL STATES PENSION FUND**

Whereas, the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") filed claims against the Debtors in these cases, including: (i) claims against all Debtors, jointly and severally, for withdrawal liability based on the Debtors' withdrawal from the Pension Fund, in the approximate amount of $4.8 billion, (ii) claims for failure of the USF Holland LLC and YRC, Inc., debtors to make required contributions to the Pension Fund, in the approximate collective amount of $9 million, and (iii) claims for pension contributions under a guarantee agreement in the approximate amount of $917 million;

Whereas, the Debtors filed an omnibus objection to the Proofs of Claim filed by the Pension Fund in these cases on December 8, 2023 (the "Omnibus Claim Objection" or "Objection");

Whereas, the Debtors served written discovery requests relating to the Omnibus Claim Objection on the Pension Fund on December 8, 2023;

Whereas, the Pension Fund asserts and maintains that the Debtors' objection to the withdrawal liability claims constitutes a dispute reserved for arbitration under 29 U.S.C. § 1401(a);

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

Whereas, the Parties agree that the Court should hold a scheduling conference and enter a scheduling order governing deadlines for litigation of this contested matter;

Now therefore, the Parties hereby stipulate and agree, subject to the approval of the Court, to the application of the following deadlines in this contested matter:

## Preliminary Matters

1.      An initial scheduling conference with respect to the Omnibus Claim Objection shall be held at the omnibus hearing scheduled for January 22, 2024.

2.      The Pension Fund shall file its preliminary response to the Omnibus Claim Objection by February 7, 2024.

3.      The Pension Fund shall file its motion to compel arbitration by January 16, 2024.

## Discovery

4.      The following schedule shall govern discovery and related matters related to the Omnibus Claim Objection absent further agreement of the Parties or order of the Court.

5.      **Fact Discovery**.

    a.  **January 31, 2024**, shall be the date that the discovery issued by the Debtors on December 8, 2023 shall be deemed to have been served on the Pension Fund, for purposes of calculating the response deadline.

    b.  **March 1, 2024**, shall be the deadline to serve written discovery requests in connection with the Objection ("Discovery Requests").

    c.  **March 31, 2024**, shall be the date on which all persons or entities served with discovery in connection with the Objection shall have substantially completed production of documents responding to the Discovery Requests (it being understood that the Parties will produce documents on a rolling basis).

d. **April 7, 2024**, shall be the date on which the Parties shall provide categorical privilege logs of documents responsive to the Discovery Requests that were withheld on the basis of any claim of privilege (the "Privilege Logs"). The Privilege Logs shall provide: (1) the date range of the documents; (2) author(s)/sender(s) and recipients; (3) the general subject matter; (4) the basis for withholding the documents (e.g., attorney-client privilege or work-product doctrine); and (5) the number of documents withheld in that category.

e. **May 15, 2024**, shall be the date on which depositions of witnesses, including any third-party witnesses, must be completed. Deposition notices must be served no later than **seven (7)** days prior to the deposition date, and any objections thereto must be served no later than **three (3)** days before the deposition date. The Parties shall confer in good faith on the location, manner of taking depositions (*e.g.,* in person or remote), and dates convenient for the witness and counsel with respect to the scheduling of individual depositions.

f. **May 31, 2024**, shall be the date on which all fact discovery shall be complete, including discovery from third parties.

6. **Expert Discovery**:

a. **June 8, 2024**, shall be the date by which the Parties must disclose the identity of any affirmative expert witness and serve opening reports for any affirmative expert witness, together with the other information required by Federal Rule 26(a)(2).

b. **June 22, 2024**, shall be the deadline to disclose the identity of any rebuttal expert witness and serve rebuttal reports for any rebuttal expert witness together with the curriculum vitae of such witness.

    c. **July 31, 2024**, shall be the deadline to complete expert depositions.

7.     **Dispositive Motions.**

    a. **August 21, 2024**, shall be the deadline for any party to file a dispositive motion relating to any of the issues raised with respect to the Omnibus Claim Objection.

    b. Following the filing of dispositive motions, the parties shall confer on an appropriate briefing schedule for any such motions, and schedule a conference with the Court if they are unable to agree on a schedule.

8.     **Pre-Trial Matters**. The Court will hold a further scheduling conference at the first omnibus hearing following the dispositive motion deadline for additional pre-trial and trial scheduling.

## OTHER GOVERNING PROTOCOLS AND PROCEDURES

9.     **Third-Party Documents Received Pursuant to Subpoena**. Each of the Debtors and the Pension Fund shall produce or make available to the other all materials obtained from third parties pursuant to Fed. R. Civ. P. 45 within two days of receiving such material from a third party.

10.     **Expert Discovery**. Federal Rule of Civil Procedure 26(a)(2) applies to expert disclosures.

11.     **Discovery Disputes**. Any dispute with regard to discovery conducted under this Order that cannot be resolved after good-faith consultation may be presented to the Court by the party who seeks relief filing a letter with the Court and copying all parties. Unless otherwise agreed to by the disputing parties, any response to such letter shall be made by filing a responsive letter to the Court to be filed and delivered to Chambers within two business days after service of the initial letter submission on the applicable Party. Without leave from the Court, no letter shall exceed three pages in length and no additional submissions will be permitted.

12.     **<u>Amendments or Modifications</u>**.  Except as otherwise ordered by the Court, this Order shall control any and all discovery in connection with the Objection; *provided, however*, that the Debtors and the Pension Fund may amend, modify, or supplement the terms of this Order (except for the dates set forth in paragraph 7) without further order by the Court upon filing written notice of such agreed amendment or modification with the Court.

13.     **<u>Reservation of Rights</u>**.  Nothing in this Order shall be deemed a waiver of any Party's rights to assert any applicable privilege or work-product protections or any other appropriate objections to disclosure available under the Federal Rules.  A Party's production of information in accordance with this Scheduling Order shall not be deemed a concession by such Party as to the relevance or use of such documents or information at trial or otherwise.

(insert Debtor's signature block here)

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/*_____
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
          whazeltine@sha-llc.com

**CENTRAL STATES PENSION FUND**
Brad R. Berliner, Esq.
Andrew J. Herink, Esq.
Daniel Sullivan, Esq.
8647 W. Higgins Road
Chicago, IL 60631
(847) 939-2478 - Office
bberliner@centralstatesfunds.org
aherink@centralstatesfunds.org
dsulliva@centralstatesfunds.org

*Attorneys for Central States, Southeast and Southwest Areas Pension Fund,*

The Honorable Craig Goldblatt
Chief United States Bankruptcy Judge