# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> YELLOW CORPORATION, et al.,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-11069 (CTG) <br> (Jointly Administered) <br><br> Re: Docket No. 2157 |

### CROWN ENTERPRISES, LLC'S AND ACHERON LAND HOLDINGS, ULC'S OBJECTION TO DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO ASSUME CERTAIN UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Crown Enterprises, LLC and Acheron Land Holdings, ULC (f/k/a Dauntless ULC and a/k/a Crown Enterprises) (collectively, "Crown Enterprises"), through counsel, for their Objection to *Debtors' Omnibus Motion For Entry Of An Order (I) Authorizing The Debtors To Assume Certain Unexpired Leases And (II) Granting Related Relief* (the "Motion") [Docket No. 2157] state:

1. Crown Enterprises and Debtors are parties to two lease terminal agreements that Debtors seek to assume under the Motion: (i) 70 Graham Street, McKees Rocks, PA 15136 between Crown Enterprises, LLC and Debtor YRC, Inc.; and (ii) 6130 Netherhart Road, Mississauga, ON, Canada L5T 1B7 between Acheron Land Holdings, ULC (f/k/a Dauntless ULC and a/k/a Crown Enterprises) and Debtor YRC Freight Canada Company. Debtors do not presently operate from either the Mississauga, ON, Canada or McKees Rocks, PA location.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

2. The cure costs identified by Debtors in the Motion regarding the two leased locations are inaccurate.

3. Regarding McKees Rocks, PA, Debtors identify a cure amount of $49,036, but the actual cure amount is $169,487.44.

4. Regarding Mississauga, ON, Canada, Debtors identify a cure amount of $225,750, but the actual amount of unpaid rent is $168,915.45. Notwithstanding the foregoing, there are additional amounts owed for on-going maintenance obligations and potential move-out obligations that Debtors do not account for.

5. Crown Enterprises has engaged a third-party to evaluate the present condition of the Mississauga, ON, Canada facility and anticipates that the third-party's report will be completed in the next few weeks. Given Crown Enterprises' present knowledge of the condition of the leased premises, Crown Enterprises conservatively estimates that there are unpaid maintenance obligations at Mississauga, ON, Canada that may exceed $1 million, which amounts must be added to any cure payable to Crown Enterprises.

6. This amount does not include potential move-out obligations, under which Debtors are responsible for delivering the premises in the condition that it was received. Given the substantial modifications performed by Debtors' sub-tenant at the Mississauga, ON, Canada location, Crown Enterprises conservatively estimates that restoration of the leased premises to its original state could exceed $1 million.

7. Debtors' purported evidence of adequate assurance states that Debtors have considered items such as monthly rent increases and purport to have cash on hand to cover lease obligations for a period of two years, but it is unclear that Debtors have considered items such as continued maintenance or move-out obligations. These unconsidered obligations likely total

millions of dollars, which undercuts Debtors' assertion that it can demonstrate adequate assurance of future performance under the leases that Debtors seek to assume.

## OBJECTION

8. Section 365(b) of the Bankruptcy Code requires a debtor to fully cure all defaults existing at the time of assumption before assuming an executory contract and to provide adequate assurance of future performance under the contract. *See* 11 U.S.C. §365(b)(1); *In re DBSI, Inc.*, 405 B.R. 698, 704 (Bankr. D. Del. 2009) ("Pursuant to 11 U.S.C. § 365(b)(1), if there has been a default under an unexpired lease of a debtor and the debtor wants to assume and assign the lease, the debtor must: (A) cure the default, or provide adequate assurance that it will promptly cure the default; (B) compensate, or provide adequate assurance the it will promptly compensate, the non-debtor party to the lease for any actual pecuniary loss resulting from the debtor's default; and (C) provide adequate assurance of future performance under the lease. The purpose of § 365(b)(1) is 'to restore the 'debtor-creditor relationship . . . to pre-default conditions,' bringing the [loan] back into compliance with its terms.") (citations omitted).

9. Cure includes both pre-petition and post-petition defaults. *See In re Burger Boys*, 94 F.3d 755, 763 (2d Cir. 1996).

10. While adequate assurance of future performance falls short of an absolute guaranty of performance, there must be "evidence satisfactory to the Court that [Debtors] possess[] the financial wherewithal to perform all of the obligations under the agreement at issue." *See In re RS Legacy Corp.*, Nos. 15-10197 (BLS), 1947, 2414, 2015 Bankr. LEXIS 2206, at *2 (Bankr. D. Del. June 25, 2015).

11. As discussed above, the cure amounts regarding the McKees Rocks, PA and Mississauga, ON, Canada locations are inaccurate. Debtors must promptly cure all lease payment delinquencies that are owing before assuming the leases.

12. In addition to the rent obligations, there are additional monetary obligations of the Debtors under the Mississauga, ON, Canada lease that must be cured before any assumption is permitted.

13. By way of example and not limitation, Debtors agreed under Section 11.1 of the lease[2] to pay all costs and expenses of every kind with respect to repair, replacement, management, and administration regarding the leased premises. Debtors do not presently operate from the Mississauga, ON, Canada location and Crown Enterprises' present knowledge of the condition of the property suggests that the location was not kept in a "first class condition and repair" by Debtors as required by lease.

14. Crown Enterprises has engaged a third-party to evaluate the present condition of the premises and anticipates that the third-party's report to be completed in the next few weeks. Based on Crown Enterprises' present knowledge of the condition of the premises, it conservatively estimates that there are unpaid maintenance obligations at Mississauga, ON, Canada that may exceed $1 million. The amount of any unpaid maintenance obligations must be added to the cure amount that is presently owed. Crown Enterprises reserves the right to supplement this objection once the report is received.

15. Further, Debtors sublet the Mississauga, ON, Canada premises and the obligation to return the premises to its original condition and remove subtenant improvements is an obligation of Debtors and Debtors' sub-tenant. This obligation, which would arise at termination

---

[2] The Debtors are in possession of copies of the relevant leases.

or expiration of the lease, is conservatively estimated by Crown Enterprises to exceed $1 million given the extensive improvements that Debtors' tenant performed at the leased premises.

16. Debtors' Declarations submitted in support of the Motion [ECF Nos. 2201 and 2202] are silent on the issue of unpaid maintenance obligations and move-out restoration costs that may arise under Crown Enterprises' leases (or any of the leases that Debtors seek to assume). Additionally, while Debtors have stated the amount of cash on hand, that amount is only relevant in light of Debtors' aggregate liabilities under the leases. Debtors have not provided any evidence of the aggregate exposure to Debtors' estates of assuming 75 leases, in addition to the cost of continuing to maintain Debtors' owned real properties. Crown Enterprises respectfully submits that Debtors have not demonstrated adequate assurance of future performance and that the Motion should be denied.

17. Additionally, Crown Enterprises objects to ¶ 8 of the proposed order to the extent that it purports to eliminate the requirements of § 363(f) that must be satisfied before any assignment and/or attempts to modify or alter any terms of the leases. Any assignment must comply with § 363(f) and, other than anti-assignment clauses rendered unenforceable by the Bankruptcy Code, Debtors must assume and assign the leases *cum onere* and may not modify or alter any of the existing lease terms.

18. Crown Enterprises reserves the right to amend, supplement, or otherwise modify this Objection, and to raise further objections to the assumption, adequate assurance, or cure amounts with respect to any contract between Debtors and Crown Enterprises.

WHEREFORE, Crown Enterprises requests that the Court sustain this Objection and grant Crown Enterprises such additional relief that is just and equitable.

Dated: February 20, 2024

**CROSS & SIMON, LLC**

/s/ Kevin S. Mann
Kevin S. Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
(302) 777-4200
kmann@crosslaw.com

*Counsel for Crown Enterprises, LLC and Acheron Land Holdings, ULC*