IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |

Hearing Date: March 6, 2024 at 2:00 p.m. (ET)
Response Deadline: February 28, 2024 at 4:00 p.m. (ET)

**THE PENSION BENEFIT GUARANTY CORPORATION'S MOTION FOR DENIAL OR DISMISSAL OF DEBTORS' CHALLENGE TO PBGC'S REGULATION CONTAINED IN DEBTORS' OBJECTIONS TO THE PROOFS OF CLAIM FILED BY CERTAIN MULTIEMPLOYER PENSION PLANS**

1. The Pension Benefit Guaranty Corporation ("PBGC") files this motion for denial or dismissal (the "Motion") of Debtors' challenge to PBGC's Regulation (as defined below) contained in the *Debtors' Objection to the Proofs of Claim Filed by the Central States Pension Fund* (Dkt. No. 1322, the "CSPF Claims Objection") and the *Debtors' Second Omnibus (Substantive) Objection to Proofs of Claim for Withdrawal Liability* (Dkt No. 1962, the "Second Omnibus Objection"), for the reasons set forth in the *Limited Response of the Pension Benefit Guaranty Corporation to Objection of the Debtors to the Proofs of Claim Filed by the Central States Pension Fund* (Dkt No. 1630, the "PBGC Limited Response"), attached as Exhibit A. All arguments set forth in the PBGC Limited Response are incorporated herein by reference.

2. On December 8, 2023, the above-captioned debtors (collectively, the "Debtors") filed the CSPF Claims Objection.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

3.      The CSPF Claims Objection challenged the claims arising from the Debtors' withdrawal from the Central States Pension Fund, a multiemployer pension plan. In the CSPF Claims Objection, the Debtors seek to convince the Court to invalidate 29 C.F.R. § 4262 (the "PBGC Regulation"), claiming that they would "demonstrate at trial that 29 C.F.R. § 4262.16(g)(2) . . . cannot be enforced, as it is inconsistent with ERISA and federal law more generally." (Dkt. No. 1322 at 59).

4.      On January 8, 2024, PBGC filed the PBGC Limited Response. PBGC argued *inter alia* that the Debtors cannot invalidate a duly promulgated federal government regulation in a claims objection under the Bankruptcy Code, because the Administrative Procedure Act ("APA") governs requests for relief from agency action. The Debtors have failed to challenge the Regulation according to the requirements of the APA. For these reasons and the others identified in the PBGC Limited Response, the Debtors cannot challenge the PBGC Regulation in the context of a bankruptcy claims objection.

5.      On January 26, 2024, Debtors filed the Second Omnibus Objection. In the Second Omnibus Objection, Debtors dispute various claims arising from Yellow Corp.'s withdrawal from ten other multiemployer pension plans. In that objection, the Debtors again argued that the Court should disregard the PBGC Regulation, using arguments and language that are substantively identical to the arguments found in the CSPF Claims Objection.

6.      On February 9, 2024, PBGC filed the *Limited Response of the Pension Benefit Guaranty Corporation to Debtors' Second Omnibus (Substantive) Objection to Proofs of Claim for Withdrawal Liability* (Dkt No. 2128, the "Second Limited Response"). In the Second Limited Response, PBGC reiterated that all arguments raised in the PBGC Limited Response also apply to the Second Omnibus Objection.

7. On February 9, 2024, Debtors filed *Debtors' Reply in Support of their Objection to the Proofs of Claim Filed by the Central States Pension Fund* (Dkt. No. 2130, the "<u>Debtors' Reply</u>"), in which they make further arguments against application of the PBGC Regulation. The Debtors did not file a reply to the PBGC's Limited Response and did not address the substance of PBGC's arguments.

8. On February 13, 2024, PBGC contacted Debtors' counsel to resolve certain issues. Debtors' counsel refused to schedule a hearing on the APA issues raised in the PBGC Limited Response and suggested that PBGC file a motion for affirmative relief. PBGC is filing this motion to ensure that the issues raised in the PBGC Limited Response will be heard at the omnibus hearing on March 6, 2024.

9. PBGC reserves all rights to be heard on the issues set forth more fully in the PBGC Limited Response.

## CONCLUSION

For the reasons stated fully in the PBGC Limited Response, insofar as the CSPF Claims Objection and the Second Omnibus Objection seek to invalidate 29 C.F.R. § 4262.16, the PBGC Regulation, or any other PBGC regulation, PBGC moves the Court to dismiss or deny the CSPF Claims Objection and the Second Omnibus Objection, or to grant any other appropriate relief.

Dated: February 21, 2024
Washington, D.C.

Respectfully submitted,

/s/ Rebecca L. Stark
KAREN L. MORRIS
General Counsel
KARTAR S. KHALSA
Deputy General Counsel
STEPHANIE THOMAS
Assistant General Counsel
ANDREW PHILIP WALKER

        REBECCA L. STARK
        Attorneys
        Office of the General Counsel
        **PENSION BENEFIT GUARANTY CORPORATION**
        445 12th Street, SW
        Washington, D.C. 20024
        Telephone: (202) 229-6863
        Fax: (202) 229-6092
        Emails: Stark.Rebecca@pbgc.gov *and*
                efile@pbgc.gov