# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| YELLOW CORPORATION, et al., ) | |
| ) | Case No. 23-11069 (CTG) |
| Debtors. ) | (Jointly Administered) |
| ) | Hearing Date: March 6, 2024 at 2 pm |

### MOTION FOR LEAVE TO FILE THE REPLY IN SUPPORT OF THE FUNDS' MOTION JOINT MOTION TO COMPEL ARBITRATION OF WITHDRAWAL LIABILITY DISPUTES, OR ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY TO INITIATE ARBITRATION

The Funds,[1] by and through their undersigned counsel, hereby move this Honorable Court (the "Motion for Leave") for entry of an order permitting the Movants to file their Reply in Support of their *Motion to Compel Arbitration of Withdrawal Liability Disputes, or Alternatively, for Relief form the Automatic Stay to Initiate Arbitration* (the "Motion") [Docket No. 2180] out of time. In support of their Motion for Leave, the Movants respectfully state as follows:

1. The Movants filed the Motion on February 13, 2024. The deadline to file objections to the Motion was February 28, 2024 at 4:00 p.m. (the "Objection Deadline"). The Debtors filed an objection to the Motion ("Objection", D.I. 2438) and MFN Partners, LP ("MFN Parterns") filed a joinder to the Debtor's objection ("Joinder", D.I. 2440) on February 28, 2024.

2. Pursuant to Del. Bankr. L.R. 9006-1(d), the Movants were permitted to file a

---

[1] The "Funds" are ten multiemployer pension plans: New York State Teamsters Conference Pension and Retirement Fund, Road Carriers Local 707 Pension Fund, Teamsters Local 641 Pension Plan, Western Pennsylvania Teamsters and Employers Pension Fund, Management Labor Pension Fund Local 1730, International Association of Machinists Motor City Pension Fund, Mid-Jersey Trucking Industry & Teamsters Local 701 Pension and Annuity Fund, Teamsters Local 617 Pension Fund, Trucking Employees of North Jersey Pension Fund, and Freight Drivers and Helpers 557 Pension Fund.

1

reply in support of the Motion by 4:00 p.m. one day prior to the date that the agenda for the hearing on the Motion must be filed. Assuming that the filing of a reply is required on a day the Court is open, the deadline of Friday March 1, 2024, at 4 p.m. did not afford the Movants adequate time to fully reply to the arguments raised by the Debtors and MFN Partners, in part due to the efforts involved with coordinating the preparation of a single response with the ten different Funds that filed the Motion.

## RELIEF REQUESTED

3.      By this Motion for Leave, the Movants seek post-filing authority under Local Rule 9006-1(d) to file and serve the Reply in order to adequately address the objections to the Motion in advance of the hearing scheduled on the Motion for March 6, 2024, at 2:00 p.m. The Reply has been filed by the Movants as Docket No. ____. It was filed on the docket by 4 p.m. on March 3, 2024, the calendar day (but not the business day) before the day the agenda is due, the deadline set by Local Rule 9006-1(d). The Debtors do not oppose the relief requested.

## BASIS FOR RELIEF REQUESTED

4.      Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." *See* Del. Bankr. L.R. 9006-1(d). Pursuant to Local Rule 9006-1(d), the deadline to file the Reply (excluding filings on days the Court is not open) was 4:00 p.m. on March 1, 2024 (the "Reply Deadline"). Accordingly, if Local Rule 9006-1(d) is interpreted to require the filing of a reply on a business day when the Court is open, absent leave of the Court, the Movants would be unable to file and serve the Reply and the Court would be denied the opportunity to review the Reply in advance of the hearing on the Motion.

5.      The Movants submit that cause exists to grant the relief requested by this Motion

for Leave under Local Rule 9006-1(d). The Motion to Compel relates to the Funds' response to the Second Omnibus Claims Objection filed by the Debtors in these cases, in which the Debtors seek to disallow the substantial withdrawal liability claims asserted by the Funds. The Debtors have identified the resolution of these claims as an important issue for their bankruptcy cases. The Funds submit that the Reply will aid the Court in fully considering the issues raised by the Motion and the Objection and Joinder filed in response to it.

6. The Funds have worked diligently in preparing the Reply and believe that the filing of a singly reply on behalf of all ten Funds is more efficient for the Court and the Parties. However, the preparation of a joint reply on behalf of the ten Funds requires significant coordination, and the Funds required the additional time beyond Friday March 1 at 4 pm to complete those efforts.

7. The Funds conferred with the Debtors on the timing of their reply to the Objection, and the Debtors had no objection to the Funds filing the Reply on Sunday March 3, 2024, at 4 p.m.

8. Accordingly, the Movants submit that the relief requested herein is reasonable under the circumstances and should be approved.

**CONCLUSION**

**WHEREFORE**, for the reasons set forth herein, the Movants respectfully request entry of an order substantially in the form attached hereto as Exhibit B granting the relief requested in the Motion for Leave and such other and further relief as is just and proper.

Date:   March 3, 2024
        Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
      whazeltine@sha-llc.com

GROOM LAW GROUP, CHARTERED
Edward J. Meehan (*pro hac vice*)
Samuel I. Levin (*pro hac vice*)
Tel: (202) 857-0620
Email: emeehan@groom.com
      slevin@groom.com

*Special Counsel for the Funds*