UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Yellow Corporation, *et al.,* | Chapter: 11 |
| Debtors. | Case No: 23-11069 (CTG) |

STATE OF WISCONSIN, DEPARTMENT OF WORKFORCE DEVELOPMENT'S RESPONSE TO DEBTORS' OBJECTION TO PROOFS OF CLAIM FOR WARN LIABILITY [Dkt. 2576]

The State of Wisconsin, for its Department of Workforce Development ("Wisconsin DWD") by its attorneys of record herein, responds to the Debtors' Objection to Proofs of Claim for Warn Liability (Dkt. 2576), as follows.

1. Wisconsin DWD is an executive branch agency of the State of Wisconsin. It is responsible for, among other things, investigating violations of Wisconsin state labor and employment laws.

2. On February 5, 2024, Wisconsin DWD three contingent, unliquidated proofs of claim against three affiliated Debtors for potential violations of Wisconsin's business closure notification law, Wis. Stat. § 109.07. (Claim Nos. 19413, 19415, and 19416.) This state law is similar to the federal Worker Adjustment and Retraining Act (WARN), 29 USC §§ 2101 et seq.

3. On March 12, 2024, Debtor filed an omnibus objection to all claims asserting WARN-like violations, including Wisconsin DWD's claims. (Dkt. 2576.) In support of its objection, Debtor conceded that it ceased business

Michael D. Morris, AAG
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: 608-266-3936
Fax: 608-294-2907
morrismd@doj.state.wi.us

operations and terminated employees without providing the statutorily required 60-days advance notice, a facial violation of Wis. Stat. § 109.07. Nevertheless, Debtor argued that it is not a covered "employer" under the law, that, even if it is, it meets two exceptions to the notice requirement, and, alternatively, that the Court can equitably reduce its liability for any WARN violations because it acted in good faith. (Dkt. 2576.) Each of these defenses is fact-intensive.

4. Wisconsin DWD is still investigating Yellow's potential liability for violating Wis. Stat. § 109.07, which will turn on whether the Debtor's claimed statutory exemptions are meritorious under the facts of the case. As such, Wisconsin DWD's claims are, at this stage, valid contingent and unliquidated claims that require further investigation and factual discovery.

5. To resolve this contested case, Wisconsin DWD requests that the Court enter a scheduling order that provides a reasonable opportunity for the parties to conduct discovery, motion practice, and a trial date, if necessary.

Dated: March 25, 2024

> JOSHUA L. KAUL
> Wisconsin Attorney General
>
> s/ Michael D. Morris
> MICHAEL D. MORRIS
> Assistant Attorney General
> State Bar #1112934
> Attorneys for State of Wisconsin

## CERTIFICATE OF SERVICE

I certify that on the below date I caused to be served via the ECF system a copy of this State of Wisconsin, Department of Workforce Development's Response to Debtor's Objection to Proofs of Claim For Warn Liability [Dkt. 2576] on the parties who are registered to receive ECF notification in this case.

Dated:  March 25, 2024

                                          s/Michael D. Morris
                                          MICHAEL D. MORRIS
                                          Assistant Attorney General