## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' EIGHTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B) AND 503(B), BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

**(Substantive Duplicate Claims and Substantive Duplicate Claims with Invalid Priority)**

> **Substantive rights may be affected by this Objection to claims and by any further objection that may be filed. Claimants receiving this Objection should locate their names and claims on the exhibits attached to this Objection to learn the grounds for the Objection pertaining to their claims and the relief being sought by the Debtors.**
>
> **Please be aware that if you filed a proof of claim against the Debtors that is identified on Schedule 1 or Schedule 2 attached to Exhibit A of this Objection, the Debtors have objected to that claim through this Objection.**
>
> **If you have filed more than one proof of claim against the Debtors, each such claim may be objected to on the same schedule to this Objection. This Objection thus directly affects your rights, and your claim may be reclassified, reduced, modified, disallowed, expunged, or eliminated by the relief sought by the Debtors in this Objection or any further objection that may be filed.**
>
> **The relief sought herein is without prejudice to the Debtors' or any party in interests' rights to pursue further objections against the claims listed on the exhibits attached to this Objection.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this eighth omnibus objection to claims (this "Objection").[2]

**Relief Requested**

1. The Debtors respectfully request entry of an order substantially in the form attached hereto as **Exhibit A**:

    (a) disallowing and expunging each proof of claim identified on Schedule 1 to **Exhibit A** in the column titled "Claims to be Disallowed" because each proof of claim is duplicative of another proof of claim filed by, or on behalf of, the same claimant in respect of the same liabilities (the "Substantive Duplicate Claims"); and

    (b) disallowing and expunging each proof of claim identified on Schedule 2 to **Exhibit A** in the column titled "Claims to be Disallowed" because each proof of claim is duplicative of another proof of claim filed by, or on behalf of, the same claimant in respect of the same liabilities, and each proof of claim seeks allowed, priority claims under section 503(b)(9) of title 11 of the United States Code (the "Bankruptcy Code") in an amount or priority not permitted or authorized by applicable law (the "Invalid Priority Duplicate Claims," and together with the Substantive Duplicate Claims, the "Disputed Claims").

2. In support of this Objection, the Debtors submit the *Declaration of Jay Herriman in Support of the Debtors' Eighth Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Sections 502(b) and 503(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Herriman Declaration"), attached hereto as **Exhibit B**. This Objection complies in all respects with rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**Jurisdiction**

3. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy

---

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"). Capitalized terms used but not immediately defined in this Objection have the meanings ascribed to them in this Objection or in the First Day Declaration, as applicable.

Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

**Background**

6. On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169]. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

7. On August 9, 2023, the Court entered an order [Docket No. 170] authorizing the retention of Epiq Corporate Restructuring, LLC as claims and noticing agent (the "Claims Agent").

As such, Epiq Corporate Restructuring, LLC is to, among other things, receive, maintain, docket, and otherwise administer proofs of claim filed in the Debtors' chapter 11 cases.

8. On September 13, 2023, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner For Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 521] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in these chapter 11 cases. Among other things, the bar date established: (a) November 13, 2023 (the "Claims Bar Date"), as the final date and time for all persons and entities holding claims against the Debtors, (except in the cases of governmental units and certain other exceptions explicitly set forth in the Bar Date Order) that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in these chapter 11 cases (except for claims specifically exempt from complying with the applicable bar dates as set forth in the Bar Date Order) for: (i) requests for payment under section 503(b)(9) of the Bankruptcy Code (ii) secured claims; (iii) unsecured priority claims; (iv) unsecured non-priority claims; (v) contingent claims, (vi) unliquidated claims; (vii) disputed claims; and (viii) rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases;[3] and (b) February 5, 2024 (the "Governmental Bar Date") as the final date and

---

[3] Pursuant to the Bar Date Order, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors is the later of, (i) the Claims Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date"). For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to unexpired leases of nonresidential real property shall not be required to file prepetition claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

time for all governmental units (as defined in section 101(27) of the Bankruptcy Code) holding claims (whether secured, unsecured priority, or unsecured non-priority) against the Debtors that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in these chapter 11 cases.[4]

9. On September 11, 2023, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and, together with the Schedules, collectively, as amended, modified, or supplemented, the "Schedules and Statements") [Docket Nos. 445–492]. On September 12, 2023, the Debtors filed corrected versions of certain of the Statements [Docket Nos. 501–502].

10. In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date. As part of these chapter 11 cases, the Debtors filed their Schedules and Statements reflecting the obligations owed to their creditors as of the Petition Date. To date, approximately 15,592 Proofs of Claim have been filed. The Debtors, together with their advisors, have been engaging in a systematic review of the Proofs of Claim, working diligently to review, compare, and reconcile the Proofs of Claim against the Debtors' Books and Records.

---

[4] Pursuant to the Bar Date Order, if the Debtors amend or supplement the Schedules (as defined herein) to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (b) 11:59 p.m. prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

**Basis for Objection**

11. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process. As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted]. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted). Once the *prima facie* validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 173. The burden of persuasion is always on the claimant. *Id.*

12. For an administrative claim, "[t]he claimant bears the ultimate burden of establishing a valid administrative expense claim, including a claim under Section 503(b)(9) of the Bankruptcy Code, by a preponderance of the evidence." *In re SRC Liquidation, LLC*, 573 B.R. 537, 540 (Bankr. D. Del. 2017) (citing *In re Allegheny Int'l Inc.,* 954 F.2d 167, 173–74 (3d Cir. 1992)).

**I.     Substantive Duplicate Claims**

13.     Upon review of the Proofs of Claim filed against the Debtors in these chapter 11 cases, the Debtors have identified and object to 230 Substantive Duplicate Claims listed on Schedule 1 to **Exhibit A**, in the aggregate claimed amount of $16,444,008. The Substantive Duplicate Claims are duplicative of other Proofs of Claim filed by, or on behalf of, the same claimant in respect of the same liabilities, but with certain differences, set forth on Schedule 1 to **Exhibit A**. Failure to disallow the Substantive Duplicate Claims will result in double recoveries to the claimants on the same obligation or debt. Moreover, disallowance of these claims will enable the claims register to reflect more accurately the Proofs of Claim asserted against the Debtors. Accordingly, the Debtors seek an order disallowing and expunging each of the Substantive Duplicate Claims in their entirety in order to prevent a double recovery.

14.     Any disallowance or expungement of the Substantive Duplicate Claims will not affect the Proofs of Claim set forth under the column heading "Remaining Claims," which will remain on the claims register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Debtors' right to object to each of the Proofs of Claim on any other grounds that the Debtors discover or elect to pursue.

**II.    Invalid Priority Duplicate Claims**

15.     Section 503(b)(9) of the Bankruptcy Code grants an administrative priority claim for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). In order to establish entitlement to a section 503(b)(9) claim, a claimant must prove by a preponderance of the evidence that "(1) the vendor sold 'goods' to the debtor; (2) the goods were received by the debtor within

7

twenty days [before the bankruptcy] filing; and (3) the goods were sold . . . in the ordinary course of business." *In re World Imports, Ltd.*, 862 F.3d 338, 341 (3d Cir. 2017) (quoting *In re Goody's Fam. Clothing, Inc.*, 401 B.R. 131, 133 (Bankr. D. Del. 2009)).

16. Upon review of the Proofs of Claim filed against the Debtors and the supporting documentation attached thereto, if any, the Debtors have identified six Invalid Priority Duplicate Claims listed on Schedule 2 to **Exhibit A**, in the aggregate claimed amount of $60,062, that (i) are duplicative of other Proofs of Claim filed by, or on behalf of, the same claimant in respect of the same liabilities and (ii) should not be entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code. In addition to being substantively duplicative, as described in the preceding section, the Invalid Priority Duplicate Claims do not satisfy the requirements of section 503(b)(9) of the Bankruptcy Code. **First**, certain of the Invalid Priority Duplicate Claims request payment for services, rather than goods. *See Goody's Family Clothing*, 401 B.R. at 135 (holding that section 503(b)(9) of the Bankruptcy Code only encompasses claims for the delivery of goods, and that services provided during the relevant period cannot form the basis for an administrative priority claim under section 503(b)(9) of the Bankruptcy Code). **Second**, certain of the Invalid Priority Duplicate Claims request payment for goods that were not received by the Debtors within the 20 days prior to the Petition Date. *See World Imports*, 862 F. 3d at 341–42 (explaining that a debtor has "received" goods for purposes of section 503(b)(9) of the Bankruptcy Code when it takes actual, physical possession of such goods, rather than the date the goods are shipped). **Third**, certain of the Invalid Priority Duplicate Claims fail to provide sufficient evidence to meet the claimant's burden of demonstrating, by a preponderance of the evidence, that the relevant goods were received by the Debtors within the 20 days prior to the Petition Date. *See SRC Liquidation*, 573 B.R. at 540 (explaining that the claimant bears the burden of providing sufficient evidence to

demonstrate entitlement to an administrative expense claim under section 503(b)(9) of the Bankruptcy Code).  **Fourth**, certain of the Invalid Priority Duplicate Claims request payment for employee obligations, which do not qualify for 503(b)(9) priority because they are not goods.  *See Goody's Family Clothing*, 401 B.R. at 135 (holding that section 503(b)(9) of the Bankruptcy Code only encompasses claims for the delivery of goods).

17. Therefore, the Debtors object to the classification of the Invalid Priority Duplicate Claims as administrative claims, including under section 503(b)(9) of the Bankruptcy Code, in whole or in part.  Additionally, the Invalid Priority Duplicate Claims are duplicative of other Proofs of Claim filed by, or on behalf of, the same claimant in respect of the same liabilities, but filed without 503(b)(9) priority, as set forth on Schedule 2 annexed to **Exhibit A**.  Failure to disallow the Invalid Priority Duplicate Claims will result in double recoveries to the claimants on the same obligation or debt.  Moreover, disallowance of these claims will enable the claims register to reflect more accurately the Proofs of Claim asserted against the Debtors.

18. Accordingly, the Debtors seek an order disallowing and expunging each of the Invalid Priority Duplicate Claims in their entirety.  Any disallowance or expungement of the Invalid Priority Duplicate Claims will not affect the Proofs of Claim set forth under the column heading "Remaining Claims," which will remain on the claims register unless withdrawn by the applicable claimants or disallowed by the Court, subject to the Debtors' right to object to each of the Proofs of Claim on any other grounds that the Debtors discover or elect to pursue.

### Separate Contested Matters

19. To the extent that a response is filed regarding any Disputed Claim identified in this Objection and the Debtors are unable to resolve the response, the objection by the Debtors to each such Disputed Claim asserted herein shall constitute a separate contested matter as

contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each such Contested Disputed Claim.

### Reservation of Rights

20. The Debtors hereby reserve their right to amend, modify, and supplement this Objection, including to object to any of the Disputed Claims listed on Schedule 1 and Schedule 2 annexed to **Exhibit A** on any additional grounds, prior to the hearing before the Court on this Objection, if any; *provided, however*, that nothing in this Objection shall affect the Debtors' right to object to the Disputed Claims or any other Proofs of Claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or in the Order.

21. Nothing contained in this Objection or any order granting the relief requested in this Objection, and no action taken by the Debtors pursuant to the relief requested or granted , is intended as or shall be construed or deemed to be:  (a) an admission as to the validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights

of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

### Statement of Compliance with Local Rule 3007-1

22. Counsel for the Debtors have reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with such Local Rule. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

### Notice

23. The Debtors will provide notice of this motion to: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) all claimants identified on Schedule 1 and Schedule 2 attached to **Exhibit A**; and (h) any party that requests service pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required or necessary.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A** (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: April 1, 2024
Wilmington, Delaware

*/s/ Peter J. Keane*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 300 North LaSalle |
| P.O. Box 8705 | Chicago, Illinois 60654 |
| Wilmington, Delaware 19801 | Telephone: (312) 862-2000 |
| Telephone: (302) 652-4100 | Facsimile: (312) 862-2200 |
| Facsimile: (302) 652-4400 | Email: patrick.nash@kirkland.com |
| Email: ljones@pszjlaw.com | david.seligman@kirkland.com |
| tcairns@pszjlaw.com | |
| pkeane@pszjlaw.com | |
| ecorma@pszjlaw.com | -and- |
| | Allyson B. Smith (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: allyson.smith@kirkland.com |

*Co-Counsel for the Debtors and Debtors in Possession*