**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' TENTH OMNIBUS (SUBSTANTIVE) OBJECTION
TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTIONS 502(B)
AND 503(B), BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

**(Incorrect Debtor and Modify Amount, Incorrect Debtor and Modify Priority, Incorrect
Debtor, Modify Amount and Priority, and Fully Satisfied Claims)**

> **Substantive rights may be affected by this Objection to claims and by any further
> objection that may be filed. Claimants receiving this Objection should locate their
> names and claims on the exhibits attached to this Objection to learn the grounds for
> the Objection pertaining to their claims and the relief being sought by the Debtors.**
>
> **Please be aware that if you filed a proof of claim against the Debtors that is identified
> on Schedules 1-4 attached to Exhibit A of this Objection, the Debtors have objected to
> that claim through this Objection.**
>
> **If you have filed more than one proof of claim against the Debtors, each such claim may
> be objected to on the same schedule to this Objection. This Objection thus directly
> affects your rights, and your claim may be reclassified, reduced, modified, disallowed,
> expunged, or eliminated by the relief sought by the Debtors in this Objection or any
> further objection that may be filed.**
>
> **The relief sought herein is without prejudice to the Debtors' or any party in interests'
> rights to pursue further objections against the claims listed on the exhibits attached to
> this Objection.**

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal
place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400,
Overland Park, Kansas 66211.

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), state

as follows in support of this tenth omnibus objection to claims (this "Objection").[2]

## Relief Requested

1.      The Debtors respectfully request entry of an order substantially in the form attached

hereto as **Exhibit A** (the "Order"):

- modifying each of the twenty-three claims identified on Schedule 1 to **Exhibit A** (i) as to the amount of each claim because such claims do not accurately reflect amounts owed by the Debtors and (ii) to cause each claim to be asserted against another Debtor identified on Schedule 1 (the "Incorrect Debtor and Modify Amounts Claims");

- modifying each of the thirty-eight claims identified on Schedule 2 to **Exhibit A** (i) as to the priority status of each claim because such claims do not accurately reflect the priority status of amounts owed by the Debtors and (ii) to cause each claim to be asserted against another Debtor identified on Schedule 2 (the "Incorrect Debtor and Modify Priority Claims");

- modifying each of the twenty-three claims identified on Schedule 3 to **Exhibit A** (i) as to the amount of each claim because such claims do not accurately reflect amounts owed by the Debtors, (ii) as to the priority status of each claim because such claims to not accurately reflect the priority status of amounts owed by the Debtors, and (iii) to cause each claim to be asserted against another Debtor identified on Schedule 3 (the "Incorrect Debtor, Modify Amount and Priority Claims"); and

- disallowing and expunging the four claims identified on Schedule 4 to **Exhibit A** because such claims have previously been paid or otherwise satisfied prior to these chapter 11 cases (the "Fully Satisfied Claims", and collectively with the Incorrect Debtor and Modify Amounts Claims, the Incorrect Debtor and Modify Priority Claims, and the Incorrect Debtor, Modify Amount and Priority Claims, the "Disputed Claims").

2.      In support of this Objection, the Debtors submit the *Declaration of Jay Herriman*

*in Support of the Debtors' Tenth Omnibus (Substantive) Objection to Claims Pursuant to*

---

[2]   A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"). Capitalized terms used but not immediately defined in this Objection have the meanings ascribed to them later in this Objection or in the First Day Declaration, as applicable.

*Bankruptcy Code Sections 502(b) and 503(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007*-1 (the "Herriman Declaration"), attached hereto as **Exhibit B**. This Objection complies in all respects with rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

### Jurisdiction

3.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief sought herein are sections 502(b) and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 3007-1.

### Background

6.      On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169]. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

7.      On August 9, 2023, the Court entered an order [Docket No. 170] authorizing the retention of Epiq Corporate Restructuring, LLC as claims and noticing agent (the "Claims Agent"). As such, Epiq Corporate Restructuring, LLC is to, among other things, receive, maintain, docket, and otherwise administer Proofs of Claim filed in the Debtors' chapter 11 cases.

8.      On September 13, 2023, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner For Filing Proofs of Claim, Including Section 503(B)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 521] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in these chapter 11 cases. Among other things, the bar date established: (a) November 13, 2023 (the "Claims Bar Date"), as the final date and time for all persons and entities holding claims against the Debtors, (except in the cases of governmental units and certain other exceptions explicitly set forth in the Bar Date Order) that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in these chapter 11 cases (except for claims specifically exempt from complying with the applicable bar dates as set forth in the Bar Date Order) for: (i) requests for payment under section 503(b)(9) of the Bankruptcy Code (ii) secured claims,

(iii) unsecured priority claims, (iv) unsecured non-priority claims, (v) contingent claims, (vi) unliquidated claims, (vii) disputed claims, and (viii) rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases;[3] and (b) February 5, 2024 (the "Governmental Bar Date") as the final date and time for all governmental units (as defined in section 101(27) of the Bankruptcy Code) holding claims (whether secured, unsecured priority, or unsecured non-priority) against the Debtors that arose or are deemed to have arisen prior to the Petition Date, to file Proofs of Claim in these chapter 11 cases.[4]

9.    Notice of the Claims Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

10.    On September 11, 2023, the Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and, together with the Schedules, collectively, as amended, modified, or supplemented, the "Schedules and Statements") [Docket Nos. 445–481]. On September 12, 2023, the Debtors filed corrected versions of certain of the Statements [Docket Nos. 501].

---

[3]    Pursuant to the Bar Date Order, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors is the later of, (i) the Claims Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is thirty days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date"). For the avoidance of doubt and notwithstanding anything to the contrary herein, counterparties to unexpired leases of nonresidential real property shall not be required to file prepetition claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

[4]    Pursuant to the Bar Date Order, if the Debtors amend or supplement the Schedules (as defined herein) to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (b) 11:59 p.m. prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

11.     In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors as of the Petition Date.  As part of these chapter 11 cases, the Debtors filed their Schedules and Statements reflecting the obligations owed to their creditors as of the Petition Date.  To date, approximately 15,592 Proofs of Claim have been filed.  The Debtors, together with their advisors, have been engaging in a systematic review of the Proofs of Claim, working diligently to review, compare, and reconcile the Proofs of Claim against the Debtors' Books and Records.

## Objection

### I.     Incorrect Debtor and Modify Amount Claims.

12.     As more fully explained on Schedule 1, the Debtors object to the twenty-three Incorrect Debtor and Modify Amount Claims.  Based on their review of the Proofs of Claim and the supporting documentation attached thereto, if any, the Debtors have determined that the Incorrect Debtor and Modify Amount Claims, as filed, do not accurately reflect amounts owed by the Debtors according to their Books and Records.  Instead, the Debtors assert that the amounts listed in the column labeled "Modified Claims" on Schedule 1 are the accurate amounts owed to the claimants listed therein.  Additionally, the Debtors have determined that each Incorrect Debtor and Modify Amount Claim is asserted against the incorrect Debtor.

13.     As a result, the Debtors are seeking an order (i) modifying the amount of the claims listed on Schedule 1 such that the claims are reduced to the amounts listed in the column labeled "Modified Claims" on Schedule 1 and (ii) transferring the Incorrect Debtor and Modify Amount Claims from the Debtor listed in the column labeled "Asserted Claims" to the Debtor listed in the column labeled "Modified Claims" on Schedule 1.

## II.     Incorrect Debtor and Modify Priority Claims.

14.     As more fully explained on <u>Schedule 2</u>, the Debtors object to the thirty-eight Incorrect Debtor and Modify Priority Claims.  The Incorrect Debtor and Modify Priority Claims allege entitlement to priority status under section 503(b) or 507(a) of the Bankruptcy Code or inappropriately allege secured status.  However, upon review of the relevant Proofs of Claim and the supporting documentation attached thereto, if any, the Debtors have determined that the Incorrect Debtor and Modify Priority Claims, as filed, do not accurately reflect the priority status of amounts owed by the Debtors according to their Books and Records. Additionally, the Debtors have determined that each Incorrect Debtor and Modify Priority Claim is asserted against the incorrect Debtor.  Instead, the Debtors assert that the appropriate priority status of each Incorrect Debtor and Modify Priority Claim, and Debtor against which such claim should be asserted, is listed in the column labeled "Modified Claims" on <u>Schedule 2</u>.

15.     Accordingly, the Debtors are seeking an order (i) reclassifying the claims listed on <u>Schedule 2</u> such that the priority status of the claims listed on <u>Schedule 2</u> are reclassified in accordance with the priority status listed in the column labeled "Modified Claims" on <u>Schedule 2</u> and (ii) transferring the Incorrect Debtor and Modify Priority Claims from the Debtor listed in the column labeled "Asserted Claims" to the Debtor listed in the column labeled "Modified Claims" on <u>Schedule 2</u>.

## III.     Incorrect Debtor, Modify Amount and Priority Claims.

16.     As more fully explained on <u>Schedule 3</u>, the Debtors object to the twenty-three Incorrect Debtor, Modify Amount and Priority Claims.  The Incorrect Debtor, Modify Amount and Priority Claims allege amounts owed by the Debtors that are partially or entirely entitled to priority status under section 503(b) or 507(a) of the Bankruptcy Code or inappropriately seek

secured status. However, based on the Debtor's review of the relevant Proofs of Claim, as filed, the Debtors have determined that the Incorrect Debtor, Modify Amount and Priority Claims do not accurately reflect the amounts owed by the Debtors and do not reflect the appropriate priority status of those amounts, according to the Debtors' Books and Records. Additionally, the Debtors have determined that each Incorrect Debtor and Modify Amount and Priority Claim is asserted against the incorrect Debtor. Instead, the Debtors assert that the appropriate amount and priority status of the Incorrect Debtor, Modify Amount and Priority Claims, and the Debtor against which such claims should be asserted, is listed in the column labeled "Modified Claims" on Schedule 3. As a result, the Debtors are seeking an order (i) reducing the Incorrect Debtor, Modify Amount and Priority Claims in accordance with the priority status and amount listed on Schedule 3 and (ii) transferring the Incorrect Debtor, Modify Amount and Priority Claims from the Debtor listed in the column labeled "Asserted Claims" to the Debtor listed in the column labeled "Modified Claims" on Schedule 3.

**IV.    Fully Satisfied Claims.**

17.    As more fully explained on Schedule 4, the Debtors object to the four Fully Satisfied Claims. Based on the Debtor's review of the relevant Proofs of Claim, as filed, the Debtors have determined that each of the Fully Satisfied Claims have been previously paid or otherwise satisfied prior to these chapter 11 cases, in accordance with the Bankruptcy Code, any applicable Bankruptcy Rules, Bankruptcy Local Rules, or Court orders, or in the ordinary course of the Debtors' business. The Debtors do not believe that they owe the amounts asserted in the Fully Satisfied Claims. Failure to disallow the Satisfied Claims would result in the applicable Claimants receiving an unwarranted, duplicate recovery against the Debtors to the detriment of other similarly situated creditors. Disallowance of the Fully Satisfied Claims will not prejudice

parties holding Fully Satisfied Claims, but will enable the Debtors to maintain a more accurate claims register.  Further, an accurate claims register will promote the efficient administration of these chapter 11 cases.

18.     Accordingly, the Debtors request that the Court enter an order disallowing the Fully Satisfied Claims identified on Schedule 4 in their entirety.

### Basis for Objection

19.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  The burden of proof for determining the validity of claims rests on different parties at different stages of the claims-objection process.  As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times.  Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted].  In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . .  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.,* 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted).  Once the *prima facie* validity of a claim is rebutted, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *Id.* at 173.  The burden of persuasion is always on the claimant.  *Id.*

20.    The Debtors have reviewed the Books and Records that the Debtors maintained in the ordinary course of business and the Proofs of Claim and believe that the Incorrect Debtor and Modify Amount Claims and the Incorrect Debtor, Modify Amount and Priority Claims (together the "Modify Amount Claims") are not enforceable against the Debtors under any agreement or applicable law in the amounts reflected on the respective Proofs of Claim.  Accordingly, the Debtors respectfully submit that Incorrect Debtor and Modify Amount and Incorrect Debtor, Modify Amount and Priority Claims are enforceable against the Debtors only in the amounts set forth in the columns labeled "Modified Claims" on Schedule 1 and Schedule 3, respectively.

21.    Upon review of the Proofs of Claim filed against the Debtors and the supporting documentation attached thereto, if any, the Debtors object to the Incorrect Debtor and Modify Priority Claims listed on Schedule 2 and the Incorrect Debtor, Modify Amount and Priority Claims listed on Schedule 3 (together the "Reclassifying Claims"), on the basis that the Reclassifying Claims inappropriately assert entitlement to priority status under the Bankruptcy Code.

22.    Certain of the Reclassifying Claims relate to claims asserting administrative priority under section 503(b)(9) of the Bankruptcy Code, which grants an administrative priority claim for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."  11 U.S.C. § 503(b)(9).  In order to establish entitlement to a section 503(b)(9) claim, a claimant must prove by a preponderance of the evidence that "(1) the vendor sold 'goods' to the debtor; (2) the goods were received by the debtor within twenty days [before the bankruptcy] filing; and (3) the goods were sold . . . in the ordinary course of business."  *In re World Imports, Ltd.*, 862 F.3d 338, 341 (3d Cir. 2017) (quoting *In re Goody's Fam. Clothing, Inc.*, 401 B.R. 131, 133 (Bankr. D. Del. 2009)).  However, each of the

Reclassifying Claims that assert administrative priority fail to satisfy the requirements laid out by section 503(b)(9) of the Bankruptcy Code.  For example, certain of the Reclassifying Claims request payment for services, rather than goods.  *See Goody's Family Clothing*, 401 B.R. at 135 (holding that section 503(b)(9) of the Bankruptcy Code only encompasses claims for the delivery of goods, and that services provided during the relevant period cannot form the basis for an administrative priority claim under section 503(b)(9) of the Bankruptcy Code).  Other of the Reclassifying Claims request payment for goods that were not received by the Debtors within the 20 days prior to the Petition Date.  *See World Imports*, 862 F. 3d at 341–42 (explaining that a debtor has "received" goods for purposes of section 503(b)(9) of the Bankruptcy Code when it takes actual, physical possession of such goods, rather than the date the goods are shipped).

23.     Certain of the Reclassifying Claims assert priority under section 507(a)(4) of the Bankruptcy Code.  Section 507(a)(4) of the Bankruptcy Code, by its express terms, affords priority status to "allowed unsecured claims . . . earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for – (A) wages, salaries, or commissions." 11 U.S.C. § 507(a)(4).  According to the Debtors' Books and Records, the Reclassifying Claims asserting 507(a)(4) priority are not related to wages earned within 180 days of the Petition Date and therefore do not qualify for 507(a)(4) priority status.

24.     Certain of the Reclassifying Claims assert administrative priority under section 507(a)(2) of the Bankruptcy Code.  Section 507(a)(2) of the Bankruptcy Code affords priority status to certain "administrative expenses allowed under section 503(b) of this title."  11 U.S.C. § 507(a)(2).  The claims asserting this priority status, however, do not satisfy the requirements enumerated in section 503(b) of the Bankruptcy Code.

25.    At least one Reclassifying Claims asserts priority under section 507(a)(10) of the Bankruptcy Code.  Section 507(a)(10) of the Bankruptcy Code, by its express terms, affords priority status to "allowed claims for death or personal injury resulting from the operation of a motor vehicle or vessel if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance." 11 U.S.C. § 507(a)(10).  However, such claim, according to the Debtors' Books and Records and the records affixed to the relevant Proof of Claim, is for services or other non-goods, which do not qualify for 507(a)(10) priority status.

26.    At least one Reclassifying Claim asserts priority under section 507(a)(3) of the Bankruptcy Code.  Section 507(a)(3) of the Bankruptcy Code, by its express terms, afford priority status to "unsecured claims allowed under section 502(f) of this title," which is applicable only in an involuntary case.  11 U.S.C. § 507(a)(3), § 502(f).  As this is not an involuntary case, the claim is not entitled to priority status under section 507(a)(3) of the Bankruptcy Code.

27.    Finally, certain of the Reclassifying Claims inappropriately allege secured status.  These Reclassifying Claims are asserted in relation to goods sold and services performed, which do not qualify for secured status, and fail to otherwise provide prima facie evidence to support secured status under the Bankruptcy Code.

28.    Failure to reclassify the Reclassifying Claims will result in these claimants receiving an unwarranted distribution at the expense of other claimants in violation of the priority scheme set forth in the Bankruptcy Code.  Moreover, modification of the Reclassifying Claims will result in a more accurate claims register.  Accordingly, the Debtors object to the priority status of the Reclassifying Claims in whole or in part, and request that the Incorrect Debtor and Modify Priority Claims and the Incorrect Debtor, Modify Amount and Priority Claims  be reclassified in

accordance with the priority status listed in the column labeled "Modified Claims" in <u>Schedule 2</u> and <u>Schedule 3</u>, respectively.

29.     The Debtors have thoroughly reviewed the Incorrect Debtor and Modify Amounts Claims, the Incorrect Debtor and Modify Priority Claims, and the Incorrect Debtor, Modify Amount and Priority Claims identified on <u>Schedules 1-3</u> to the Order (together, the "<u>Incorrect Debtor Claims</u>") and have determined that these claims are asserted against the incorrect Debtor. Accordingly, all Incorrect Debtor Claims should be modified as a claim against another Debtor in these cases. Failure to modify the Incorrect Debtor Claims could result in the relevant claimants receiving an unwarranted recovery against the Debtors to the detriment of other similarly situated creditors. Moreover, modification of the Incorrect Debtor Claims will streamline and enable the Debtors to maintain a more accurate claims register in these chapter 11 cases.

30.     The Debtors have thoroughly reviewed the Fully Satisfied Claims identified on <u>Schedule 4</u> to the Order and have determined that these claims were satisfied before the Petition Date in full. Under Local Rule 3007-1(e)(iii)(J), the Debtors may object to a claim "[that] has been paid or satisfied prepetition." Failure to disallow and expunge the Fully Satisfied Claims as indicated would result in the applicable claimants receiving an unwarranted recovery against the Debtors to the detriment of other similarly situated creditors.

## **Separate Contested Matters**

31.     To the extent that a response is filed regarding any Disputed Claim identified in this Objection and the Debtors are unable to resolve the response, the objection by the Debtors to each such Disputed Claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection

asserted in this Objection shall be deemed a separate order with respect to each such Disputed Claim.

## **Reservation of Rights**

32. The Debtors hereby reserve their right to amend, modify, and supplement this Objection, including to object to any of the Disputed Claims listed on Schedule 1, Schedule 2, Schedule 3, and Schedule 4 annexed to **Exhibit A** on any additional grounds, prior to the hearing before the Court on this Objection, if any; provided, *however*, that nothing in this Objection shall affect the Debtors' right to object to the Disputed Claims or any other Proofs of Claim at a future date on a basis other than as set forth in this Objection as permitted by bankruptcy or nonbankruptcy law, subject to any limitations set forth in the Local Rules or in the Order.

33. Nothing contained in this Objection or any order granting the relief requested in this Objection, and no action taken by the Debtors pursuant to the relief requested or granted , is intended as or shall be construed or deemed to be:  (a) an admission as to the validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Objection or any order granting the relief requested by this Objection; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights

of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

**Statement of Compliance with Local Rule 3007-1**

34.     Counsel for the Debtors have reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with such Local Rule.  To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Debtors believe such deviations are not material and respectfully request that any such requirement be waived.

**Notice**

35.     The Debtors will provide notice of this Objection to:  (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) all claimants identified on Schedule 1, Schedule 2, Schedule 3 and Schedule 4 attached to **Exhibit A**; and (h) any party that requests service pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required or necessary.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Debtors request entry of the order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  April 1, 2024
Wilmington, Delaware

*/s/ Peter J. Keane*
_____

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:       (302) 652-4400
Email:            ljones@pszjlaw.com
                      tcairns@pszjlaw.com
                      pkeane@pszjlaw.com
                      ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            patrick.nash@kirkland.com
                      david.seligman@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*