**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| YELLOW CORPORATION, et al., | ) Case No. 23-11069 (CTG) |
| Debtors. | ) **Related Docket No. 2576** |

**RESPONSE OF INTERNATIONAL ASSOCIATION OF MACHINISTS MOTOR CITY HEALTH AND WELFARE FUND TO DEBTORS' THIRD OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIMS FOR WARN LIABILITY CLAIM NOS. 16914 AND 16918**

The International Association of Machinists Motor City Health And Welfare Fund (Motor City HWF), by and through their undersigned counsel, asks the Court to deny Debtors' objections to portions of its proofs of claim nos. 16914 (USF Holland), and 16918 (Roadway) as they relate to benefit fund contributions owed as damages under the Workers Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §2101, *et seq*.

1.  To the extent Debtors' Objections state conclusions of law, no response is required. To the extent a response may be required, Motor City HWF maintains that despite its lack of standing to *independently* sue to enforce the WARN Act, employers that violate the WARN Act are liable to their employees for back pay and *benefits* for each day notice is not provided, up to a maximum of 60 days. 29 U.S.C. § 2104. *In re APA Transport Corp. Consol. Litig.*, 541 F.3d 233, 240 (3d Cir. 2008), as amended (Oct. 27, 2008). Here, the exclusive manner in which employees are credited with health plan benefits is based on contributions their employers pay (or should have paid) to the Motor City HWF.

2.  Debtors' liability for health plan contributions claimed by Motor City HWF as WARN Act damages derives from common issues of law and fact which will be determined

through litigation or stipulation binding on Debtors in connection with Claim Nos. 16914 and 16918 submitted by the International Association of Machinists and Aerospace Workers, and union representatives of employees who were covered by the Motor City HWP.

3. Further, insofar as contributions are owed to the Motor City HWP as a beneficiary of collective bargaining agreements between the Debtors and International Association of Machinists and Aerospace Workers, or by reference to any participation agreements entered into directly between debtors and the Motor City HWP, there is a contractual basis upon which the Motor City HWP claims contributions owed to it arising out of unpaid WARN Act compensation.

4. Debtors did not issue WARN Act notices to employees covered by the Motor City Pension Fund not later than 60 days prior to their termination, which according to Debtors' final reports of covered employments was during the week of July 29, 2023. Hawkins Declaration [ECF No. 2582], ¶ 108.

5. The Motor City HWF relies on the final contribution reports submitted by Debtors in calculating its claim, which will be detailed on attachments to its claims for 9 weeks of contributions – the equivalent of 60 days, and reserves the right to amend and supplement those calculated amounts as discovery in the case warrants.

6. To the extent Debtors' Objections assert facts in support of non-liability based on the "unforeseeable business circumstances," "faltering company," and "liquidating fiduciary" exceptions set forth in the WARN Act, such factual allegations are denied.

## CONCLUSION

7. For the reasons set forth above, the Court should deny Debtors' objections and allow the Motor City Machinsists HWF's claims in their entirety.

Dated: April 4, 2024
       Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

/s/ William D. Sullivan
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
       whazeltine@sha-llc.com

and

Paul M. Newcomer (St. Bar of MI P44501)
Novara, Tesija, Catenacci, McDonald, & Baas PLLC
888 W. Big Beaver Rd., 6th Floor
Troy, MI 48094
Tele: (248) 354 0380
Email: pmn@novaralaw.com

*Counsel to the International Association of Machinists Motor City Pension Fund*