IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| YELLOW CORPORATION, *et al.*, | ) |
| | ) Case No. 23-11069 (CTG) |
| Debtors. | ) |
| | ) **Related Docket No. 2576** |

**AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND AND AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND LIMITED RESPONSE TO DEBTORS' THIRD OMNIBUS OBJECTION TO PROOFS OF CLAIM FOR WARN LIABILITY**

Automobile Mechanics' Local No. 701 Union and Industry Pension Fund ("Pension Fund") and Automobile Mechanics' Local No. 701 Union and Industry Welfare Fund ("Welfare Fund") (collectively the "Funds"), by and through their undersigned counsel, request that this Court reject Debtors' Third Omnibus Objection (Substantive) to Proofs of Claims for WARN Liability (the "Third WARN Act Objection," Dkt. No. 2576) to the extent that the Third WARN Act Objection challenges the standing of the Funds to collect—or otherwise challenges the Funds' right to—contributions based on compensation owed to Debtors' former employees under the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101–2109 (the "WARN Act"). (*See* Third WARN Act Objection, Dkt. No. 2576, at ¶¶ 111–13.) In support of their response in opposition to Debtors' Third WARN Act Objection, the Funds state as follows:

**BACKGROUND**

1.  On August 6, 2023, the Debtor, Yellow Corporation, Inc., filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the Court (this "Chapter 11 Case").

2.  The Debtor continues to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor has many subsidiary organizations that also have associated cases with the pending bankruptcy matter, including YRC Inc. ("YRC") and USF Holland LLC ("USF").

4. The Funds are multiemployer employee benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

5. Debtors YRC USF are bound to a Collective Bargaining Agreement ("CBA") with the Automobile Mechanics Union, Local No. 701, International Association of Machinists & Aerospace Workers, AFL-CIO, which requires YRC and USF to pay weekly contributions to the Funds. (A copy of the CBA in effect from April 1, 2020 through March 31, 2025 is attached as **Exhibit 1**).

6. In addition, YRC and USF entered into Participation Agreements with the Funds. (Copies of the Participation Agreements are attached as **Exhibit 2**).

7. On November 13, 2023, the Funds filed claims in the bankruptcy proceeding as follows:

| Fund: | Company: | Claim No.: |
|---|---|---|
| Pension Fund | USF Holland LLC | 17722 |
| Welfare Fund | USF Holland LLC | 17730 |
| Pension Fund | YRC Inc. | 17819 |
| Welfare Fund | YRC Inc. | 17741 |

8. Following completion of a payroll compliance audit, the Funds filed amended claims on February 29, 2024, in the bankruptcy proceeding as follows:

| Fund: | Company: | Amended Claim No.: |
|---|---|---|
| Pension Fund | USF Holland LLC | 19531 |
| Welfare Fund | USF Holland LLC | 19532 |
| Pension Fund | YRC Inc. | 19533 |
| Welfare Fund | YRC Inc. | 19534 |

9. The amounts identified in each of the above-listed claims (including both the original claims and the amended claims) identified dollar amounts owed for contributions

attributable to work performed in July 2023 for which YRC and USF failed to pay. Through Debtors' Third WARN Act Objection, Debtors do not object to the Funds' claims with respect to these contributions.

10. However, each of the above-listed claims (including both the original claims and the amended claims) contain the following language: "Additionally, if an arbiter determines that [USF / YRC] violated the WARN Act (or any other similar law) and it is obligated to pay back pay and benefits, then [USF / YRC] will owe additional contributions to the [Pension Fund / Welfare Fund]." Debtors' Third WARN Act Objection takes issue with this aspect of the Funds' claims.

## RESPONSE TO DEBTORS' STANDING OBJECTIONS

11. Debtors' Third WARN Act Objections misstates the basis for the Funds' claims when arguing that the Funds lack standing. (*See* Third WARN Act Objection, Dkt. No. 2576, at ¶¶ 111–13.) Specifically, Debtors mistakenly focus on the Third Circuit's limited holding that "Funds are not 'person[s]' that may enforce the WARN Act." (*Id.* at ¶ 112 (citing *In re APA Transp. Corp. Consol. Litig.*, 541 F.3d 233, 240-42 (3d Cir. 2008)). However, the Funds do not seek to enforce the WARN Act in connection with their contribution claims. Rather, the Funds seek to preserve their rights under ERISA, the CBA, and the respective Participation Agreements in the event that this Court finds that the Funds' participants are entitled to any "back pay" for Debtors' WARN Act violations.

12. The WARN Act describes the liability of the employer under 29 U.S.C. § 2104(a)(1)(A) as "back pay." As the court explained, WARN Act claims thus have a "compensatory nature" "in the nature of wages" and must be treated as wage claims. *In re Powermate Holding Corp.*, 394 B.R. 765, 771 (Bankr. D. Del. 2008) (citations and quotation

marks omitted).

13. Should the Court determine that compensation is owed for the 60-day WARN Act period, the Funds would be entitled to contributions under the CBA.

14. Specifically, Section 11.2.D of the CBA provides that the "[t]he obligation to make the above contribution shall continue during periods when the collective bargaining Agreement is being negotiated and during periods when the employee is not performing a direct service for the Employer due to fringes outlined in this Agreement, such as, vacations, military leave as outlined in USERRA and 'Military Duty' as outlined in Article 12 Section 10 of this Agreement, etc." (CBA, § 11.2.D, p. 19 | **Exhibit 1**).

15. Likewise, Section 13.2.A (*sic*)[1] of the CBA provides that "[t]he obligation to make the above contribution shall continue during periods when the collective bargaining Agreement is being negotiated and during periods when the employee is not performing a direct service for the Employer due to fringes outlined in this Agreement, such as, vacations." (CBA, § 13.2.A, p. 23 | **Exhibit 1**).

16. Accordingly, YRC and USF are obligated to contribute to the Funds on behalf of their mechanic employees during periods when the employee is not performing a direct service, including in connection with any compensation that may be owed for the 60-day period following termination as provided by the WARN Act.

17. This result comports with the text and purpose of the WARN Act. In fact, 29 U.S.C. § 2104 does not purport to eliminate causes of action based on contract or ERISA, and 29 U.S.C. § 2105 provides that "[t]he rights and remedies provided to employees by this chapter are in addition to, and not in lieu of, any other contractual or statutory rights and remedies of the

---

[1] The CBA mislabels this last subparagraph of Section 13.2 as subparagraph "A" when it should have been labeled as subparagraph "D".

employees, and are not intended to alter or affect such rights and remedies." As one district court has explained, "Congress clearly did not intend to have the WARN Act displace pre-existing contract rights." *Knudsen v. Queenstake Resources U.S.A., Inc.*, Case No. 09-cv-00385, 2010 WL 11571247, at *12 (D. Nev. May 24, 2010). Courts have also held that the WARN Act does not preempt claims arising from ERISA, plan documents, or other labor contracts. *See, e.g., Deppenbrook v. Pension Ben. Guar. Corp.*, 950 F. Supp. 2d 68, 77 n.5 (D.D.C. 2013) ("[T]he WARN Act, by its very terms, does not purport to alter the plaintiffs' rights under the ERISA or under the Hourly Pension Plan"), *aff'd* 778 F.3d 166 (D.C. Cir. 2015). Accordingly, Debtors are mistaken when they argue that the Funds lack standing to seek contributions stemming from WARN Act compensation this Court may award, because such claims arise from the CBA and ERISA, and are not preempted by the WARN Act.

## **CONCLUSION**

YRC and USF are obligated to make contributions to the Funds for the 60-day period following termination to the Funds' participants because YRC and USF's obligation to contribute under the CBA continues during periods when the employee is not performing a direct service and compensation is owed under the WARN Act. In addition to the arguments raised above, the Funds adopt and incorporate the responses and legal arguments raised by the twenty-five (25) other multiemployer health and welfare funds and the eleven (11) other multiemployer pension funds. Therefore, this Court should overrule Debtors' Third WARN Act Objection (Dkt. No. 2576) to the extent that said objection challenges the Funds' contributions claims for that period.

| | |
|---|---|
| Dated: April 4, 2024<br>Wilmington, DE | **SULLIVAN · HAZELTINE · ALLINSON LLC**<br><br>*/s/ William D. Sullivan*<br>William D. Sullivan (No. 2820)<br>William A. Hazeltine (No. 3294)<br>919 North Market Street, Suite 420<br>Wilmington, DE 19801<br>Tel: (302) 428-8191<br>Fax: (302) 428-8195<br>Email: bsullivan@sha-llc.com<br>       whazeltine@sha-llc.com<br><br>and<br><br>**Johnson & Krol, LLC**<br><br>*/s/ Jeffrey A. Krol*<br>Jeffrey A. Krol (admitted pro hac vice)<br>311 S. Wacker Dr., Suite 1050<br>Chicago, Illinois 60606<br>Tel: (312) 757-5465<br>Email: krol@johnsonkrol.com<br><br>*Attorneys for Automobile Mechanics' Local No. 701 Union and Industry Pension Fund and Automobile Mechanics' Local No. 701 Union and Industry Welfare Fund* |