IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | )    Chapter 11 |
| YELLOW CORPORATION, et al., | ) |
| | )    Case No. 23-11069 (CTG) |
| Debtors. | ) |
| | )    **Related Docket No. 2576** |

**CENTRAL STATES HEALTH FUND'S LIMITED RESPONSE TO DEBTORS' THIRD OMNIBUS OBJECTION TO PROOFS OF CLAIM FOR WARN LIABILITY**

Central States, Southeast and Southwest Areas Health and Welfare Fund ("Central States Health Fund"), by and through its undersigned counsel, requests that this Court overrule *Debtors' Third Omnibus Objection (Substantive) to Proofs of Claims for WARN Liability* (the "Third WARN Act Objection," Dkt. No. 2576) to the extent that the Third WARN Act Objection challenges the standing of Central States Health Fund to collect—or otherwise challenges Central States Health Fund's right to—contributions based on compensation owed to Debtors' former employees under the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101–2109 (the "WARN Act"). (*See* Third WARN Act Objection, Dkt. No. 2576, at ¶¶ 111–13.) In support of its response to Debtors' Third WARN Act Objection, Central States Health Fund sets forth the following.

INTRODUCTION

1.    In arguing that Central States Health Fund lacks standing to collect contributions in connection with any WARN Act compensation owed to Debtors' former employees, Debtors misconstrue Central States Health Fund's claims. (*See* Third Omnibus Objection to WARN Act Claims, Dkt. No. 2576, at ¶¶ 111–13.) Specifically, Central States Health Fund's claims do not directly rely upon 29 U.S.C. § 2104(a), but rather derive from existing contracts which require

contributions to be made for every period for which compensation is owed to covered employees, including periods after termination for which Debtors owe wages under the WARN Act.

2. Indeed, and as discussed in more detail below, Debtors YRC Inc. ("YRC") and USF Holland LLC ("USFH") have each agreed to contribute to Central States Health Fund whenever a qualified covered employee is entitled to receive any compensation, including (as here) compensation owed for periods after termination. Accordingly, because WARN Act claimants who participated in Central States Health Fund are owed compensation under 29 U.S.C. § 2104(a)(1)(A) for the 60-day period following their termination, Debtors' preexisting contractual obligations to make contributions for that period have been triggered.

## BACKGROUND

3. Central States Health Fund is a multiemployer health and welfare plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). Central States Health Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of Central States Health Fund and paying the Central States Health Fund's administrative expenses.

4. There are approximately 900 employers that participate in Central States Health Fund, representing more than 210,000 active participants.

5. Central States Health Fund provided health and welfare credit to thousands of IBT-covered employees of Debtors YRC Inc. ("YRC") and USF Holland LLC ("USFH"), both being wholly owned subsidiaries of Yellow Corporation ("Yellow"). Under collective bargaining agreements and participation agreements applicable to Debtors YRC and USFH, YRC and USFH's

obligations to Central States Health Fund included regular payments of health and welfare contributions on behalf of covered employees.

6. Central States Health Fund relies on contributing employers (like YRC and USFH) to self-report the work history of the employees for whom health and welfare contributions are owed. Central States Health Fund then calculates the contributions owed from such employers based on the work history that those employers submit (as well as any audits conducted).

7. Central States Health Fund filed two Proofs of Claim for contributions in this matter. Claim No. 4304 asserts contributions owed by USFH in the total amount of $40,446,877.35 (which amount includes but is not limited to Central States Health Fund's estimate of owed WARN Act compensation) and Claim No. 4306 asserts contributions owed by YRC in the total amount of $77,663,359.63 (which amount includes but is not limited to Central States Health Fund's estimate of owed WARN Act compensation).[1]

**ARGUMENT**

8. Debtors' Third WARN Act Objections misstates the basis for Central States Health Fund's claims in arguing that Central States Health Fund lacks standing. (*See* Third WARN Act Objection, Dkt. No. 2576, at ¶¶ 111–13.) Specifically, Debtors mistakenly focus on the Third Circuit's limited holding that "Funds are not 'person[s]' that may enforce the WARN Act." (*Id.* at ¶ 112 (citing *In re APA Transp. Corp. Consol. Litig.*, 541 F.3d 233, 240-42 (3d Cir. 2008)). But Debtors' argument that Central States Health Fund lacks standing is based on a faulty assumption—Central States Health Fund does not seek to enforce the WARN Act in connection with its contributions claims, but rather seeks to vindicate its rights under ERISA and under pre-

---

[1] Central States Health Fund reserves the right to amend these claim amounts, including amendments based on work history information obtained from Debtors after the date that the two proofs of claim were filed. Such information has been requested in discovery.

petition participation agreements. Specifically, and as explained below, YRC and USFH are required by contract to pay contributions whenever they are obligated to pay compensation to their covered employees, and it is this contractual mechanism that gives rise to Central States Health Fund's claims for contributions arising from the required WARN Act compensation.

9. As an initial matter, any payment on the WARN Act claims would effectively be payment of wages for the 60-day period for which proper notice was not given. Pursuant to 29 U.S.C. § 2104(a)(1)(A), YRC and USFH are required to pay compensation to their covered employees for the 60 days following the asserted plant closings/mass layoffs because YRC and USFH failed to provide any notice required by 29 U.S.C. § 2102(a). The WARN Act describes the liability of the employer under 29 U.S.C. § 2104(a)(1)(A) as "back pay." As the bankruptcy court explained, WARN Act claims thus have a "compensatory nature" "in the nature of wages" and must be treated as wage claims. *In re Powermate Holding Corp.*, 394 B.R. 765, 771 (Bankr. D. Del. 2008) (citations and quotation marks omitted).

10. The fact that compensation is owed for the 60-day WARN Act period gives rise to a claim for contributions under YRC and USFH's participation agreements. Participation agreements such as these generally provide, among other things, that the employer and local union are bound by the terms of Central States Health Fund's Trust Agreement, plan document, and other rules. (*See, e.g.,* USFH 2021 Participation Agreement, **Exhibit A**, at ¶ 1.) Although these participation agreements refer to pre-existing collective bargaining agreements ("CBAs") that obligate employers to remit contributions, the participation agreements themselves also require employers to contribute on behalf of their covered employees whenever compensation is owed. *See, e.g., Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.,* 870 F.2d 1148, 1150 (7th Cir. 1989). Specifically, in various participation agreements with local unions affiliated

with the IBT, YRC and USFH each repeatedly agreed "to remit contributions on behalf of each Covered Employee for any period he/she receives, or is entitled to receive, compensation (regardless of whether the employment relationship is terminated), including . . . layoff/severance pay . . . or the payment of wages which are the result of any . . . legal proceeding or settlement." (*See, e.g.,* USFH 2021 Participation Agreement, **Exhibit A**, at ¶ 8; *see also* YRC 2019 Participation Agreement, **Exhibit B**, at ¶ 8; *and see* YRCW Southern Region Supplement to the National Master Freight Agreement, **Exhibit C**, Art. 50 at 219 (requiring contributions for "each week in which a regular employee . . . is compensated [for] at least three (3) days . . . .").)

11. Accordingly, YRC and USFH were and are obligated to contribute to Central States Health Fund on behalf of covered employees for any period for which compensation is owed, including in connection with the compensation owed for the 60-day period following termination as provided by the WARN Act.

12. This result comports with text and purpose of the WARN Act. Indeed, 29 U.S.C. § 2104 does not purport to eliminate causes of action based on contract or ERISA, and 29 U.S.C. § 2105 provides that "[t]he rights and remedies provided to employees by this chapter are in addition to, and not in lieu of, any other contractual or statutory rights and remedies of the employees, and are not intended to alter or affect such rights and remedies." As one district court has explained, "Congress clearly did not intend to have the WARN Act displace pre-existing contract rights." *Knudsen v. Queenstake Resources U.S.A., Inc.*, Case No. 09-cv-00385, 2010 WL 11571247, at *12 (D. Nev. May 24, 2010). Courts have also held that the WARN Act does not preempt claims arising from ERISA, plan documents, or other labor contracts. *See, e.g., Deppenbrook v. Pension Ben. Guar. Corp.*, 950 F. Supp. 2d 68, 77 n.5 (D.D.C. 2013) ("[T]he WARN Act, by its very terms, does not purport to alter the plaintiffs' rights under the ERISA or

under the Hourly Pension Plan"), *aff'd* 778 F.3d 166 (D.C. Cir. 2015). Accordingly, Debtors are mistaken when they argue that Central States Health Fund lacks standing to seek contributions stemming from the required WARN Act compensation, because such claims arise from contract and ERISA and are not preempted by the WARN Act.

**[Remainder of Page Intentionally Left Blank]**

## CONCLUSION

Because YRC and USFH's obligation to contribute under the participation agreements discussed above is triggered by any period for which compensation is owed and because compensation is owed under the WARN Act for the 60-day period following termination to former employees who participated in Central States Health Fund, YRC and USFH are obligated to make contributions to Central States Health Fund for said period. As such, the Court should overrule Debtors' Third WARN Act Objection (Dkt. No. 2576) to the extent that said objection challenges (on standing grounds and/or other grounds) Central States Health Fund's contributions claims for that period.

Dated: April 4, 2024
      Wilmington, DE

**SULLIVAN · HAZELTINE · ALLINSON LLC**

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: bsullivan@sha-llc.com
       whazeltine@sha-llc.com

and

Brad R. Berliner, Esq.
Andrew J. Herink, Esq.
Daniel Sullivan, Esq.
Central States Funds
8647 W. Higgins Road
Chicago, IL 60631
(847) 939-2478 - Office
bberliner@centralstatesfunds.org
aherink@centralstatesfunds.org
dsulliva@centralstatesfunds.org

*Attorneys for Central States, Southeast and Southwest Areas Health and Welfare Fund*