**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| YELLOW CORPORATION, et al., | ) Case No. 23-11069 (CTG) <br> ) |
| Debtors. | ) **Related Docket No. 2576** <br> ) |

**RESPONSE OF EMPLOYMENT PARTNERS BENEFITS FUND TO DEBTORS'**
**THIRD OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIMS**
**FOR WARN LIABILITY CLAIM NOS. 16487 AND 16253**

The Employment Partners Benefits Fund (EPB Fund), by and through their undersigned counsel, asks the Court to deny Debtors' objections to portions of its proofs of claim nos. 16487 (YRC, Inc.) and 16253 (New Penn), as they relate to health and welfare contributions owed as damages under the Workers Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §2101, *et seq*.

1. To the extent Debtors' Objections state conclusions of law, no response is required. To the extent a response may be required, EPB Fund maintains that despite Debtors' cite to *In re APA Transport Corp. Consol. Litig.*, 541 F.3d 233, 240 (3d Cir. 2008), as amended (Oct. 27, 2008), and while the holding might be read to deny benefit plans a right to independly sue to enforce the WARN Act, clear statutory language establishes that employers who violate the WARN Act are liable to their employees for back pay <u>and benefits</u> for each day notice is not provided, up to a maximum of 60 days. 29 U.S.C. § 2104. The well understood method in which employers provide benefits to employees covered under multiemployer ERISA benefit plans is through contribution paid to the plans.

2. Debtors' liability for health and welfare contributions claimed by EPB Fund as WARN Act damages derives from common issues of law and fact which will be determined

through litigation or stipulation binding on Debtors in connection with Claim Nos. 17248, 17253 and 17261 submitted by the International Brotherhood of Teamsters, the Teamsters National Freight Industry Negotiating Committee, and union representatives of employees who were covered by the EPB Fund.

3. Debtors did not issue WARN Act notices to employees covered by EBP Fund 60 days prior to their termination, which according to Debtors' final reports of covered employments was during the week of July 29, 2023. *Hawkins Declaration* [ECF No. 2582], ¶ 108.

4. EBP Fund relies on the final contribution reports submitted by Debtors in calculating its claim, as detailed on attachments to its claims for 2 months of contributions – the equivalent of 60 days. *Contribution Reports,* attached to claims 16487 and 16253.

5. To the extent Debtors' Objections assert facts in support of non-liability based on the "unforeseeable business circumstances," "faltering company," and "liquidating fiduciary" exceptions set forth in the WARN Act, such factual allegations are denied.

## CONCLUSION

6. For the reasons set forth above, the Court should deny Debtors' objections and allow the EBP Fund's claims in their entirety.

Dated: April 4, 2024
       Wilmington, Delaware                      **SULLIVAN · HAZELTINE · ALLINSON LLC**

                                                  */s/ William D. Sullivan*
                                                  William D. Sullivan (No. 2820)
                                                  William A. Hazeltine (No. 3294)
                                                  919 North Market Street, Suite 420
                                                  Wilmington, DE 19801
                                                  Tel: (302) 428-8191
                                                  Email: bsullivan@sha-llc.com
                                                                  whazeltine@sha-llc.com

                                                  and

/s/ Vincent P. Szeligo
Vincent P. Szeligo (PaID# 28967)
EMPLOYMENT PARTNERS BENEFITS FUND
50 Abele Road, Suite 1005
Bridgeville, PA 15017
Tele: 412-363-2700 (Main)
724-638-9536 (direct)
412-559-1403(mobile)
Email: vszeligo@EPBFund.com

*Counsel to Employment Partners Benefits Fund*