UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, et al., | ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) | **Related Docket No. 2576** |

**RESPONSE OF WESTERN PENNSYLVANIA TEAMSTERS AND EMPLOYERS
PENSION FUND TO DEBTORS' THIRD OMNIBUS CLAIMS
TO PROOFS OF CLAIMS FOR WARN LIABILITY
CLAIM NOS. 17750, 17771 AND 17789**

The Western Pennsylvania Teamsters and Employers Pension Fund (WPa Pension Fund), by and through their undersigned counsel, asks the Court to deny Debtors' objections to portions of its proofs of claim nos. 17750 (USF Holland), 17771 (New Penn), and 17789 (YRC Inc.), as they relate to pension contributions owed as damages under the Workers Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. §2101, *et seq*.

1.      To the extent Debtors' Objections state conclusions of law, no response is required. To the extent a response may be required, WPa Pension Fund maintains that despite Debtors' cite to *In re APA Transport Corp. Consol. Litig.*, 541 F.3d 233, 240 (3d Cir. 2008), as amended (Oct. 27, 2008), and while the holding might be read to deny benefit plans a right to indepndly sue to enforce the WARN Act, clear statutory language establishes that employers who violate the WARN Act are liable to their employees for back pay <u>and benefits</u> for each day notice is not provided, up to a maximum of 60 days. 29 U.S.C. § 2104. The well understood method in which employers provide benefits to employees covered under multiemployer ERISA benefit plans is through contribution paid to the plans.

2.      Debtors' liability for pension contributions claimed by WPa Pension Fund as WARN Act damages derives from common issues of law and fact which will be determined through litigation or stipulation binding on Debtors in connection with Claim Nos. 17248, 17253 and 17261 submitted by the International Brotherhood of Teamsters, the Teamsters National Freight Industry Negotiating Committee, and union representatives of employees who were covered by the WPa Pension Fund.

3.      Debtors did not issue WARN Act notices to employees covered by WPa Pension Fund 60 days prior to their termination, which according to Debtors' final reports of covered employments was during the week of July 29, 2023. *Hawkins Declaration* [ECF No. 2582], ¶ 108.

4.      WPa Pension Fund relies on the final contribution reports submitted by Debtors in calculating its claim, as detailed on attachments to its claims for 9 weeks of contributions – the equivalent of 60 days. *Contribution Reports,* attached to claims 17750, 17771 and 17789

5.      To the extent Debtors' Objections assert facts in support of non-liability based on the "unforeseeable business circumstances," "faltering company," and "liquidating fiduciary" exceptions set forth in the WARN Act, such factual allegations are denied.

## CONCLUSION

For the reasons set forth above, the Court should deny Debtors' objections and allow the WPa Pension Fund's claims in their entirety.

Dated: April 4, 2024
      Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
      whazeltine@sha-llc.com

and

*/s/ Vincent P. Szeligo*
Vincent P. Szeligo (PaID# 28967)
WESTERN PENNSYLVANIA TEAMSTERS & EMPLOYERS PENSION FUND
50 Abele Road, Suite 1005
Bridgeville, PA 15017
Tele: 412-363-2700 (Main)
724-638-9536 (direct)
412-559-1403 (mobile)
Email: vszeligo@EPBFund.com

*Counsel to Western Pennsylvania Teamsters & Employers Pension Fund*