**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | |
| **YELLOW CORPORATION,** *et al[1]*. | **Chapter 11** |
| | **Case No. 23-11069 (CTG)** |
| | **(Jointly Administered** |
| **Debtors.** | |

-------------------------------------------------------------------

**WARN REPRESENTATIVES' JOINDER IN SUPPORT OF STATEMENT OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND TEAMSTERS NATIONAL FREIGHT INDUSTRY NEGOTIATING COMMITTEE AND INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS TO COUGHLEN WARN PLAINTIFFS' RESPONSE TO DEBTORS' THIRD, FOURTH, AND FIFTH OMNIBUS (SUBSTANTIVE) OBJECTIONS TO PROOFS OF CLAIM FOR WARN LIABILITY (D.I. 2896)**

Vidal Torres, Miguel Martinez, Alexis Green and Gregory Hall ("Plaintiffs"), on behalf of themselves and the proposed Class they seek to represent file this joinder in support of the Statement of the International Brotherhood of Teamsters and Teamsters National Freight Industry Negotiating Committee and International Association of Machinists and Aerospace Workers to Coughlen WARN Plaintiffs' Response to Debtors' Third, Fourth, and Fifth Omnibus (Substantive) Objections to Proofs of Claim for WARN Liability (D.I. 2896)

When administering both its docket and Rule 23 cases, the Court must consider the elevated interests of equity and due process along with practicalities of judicial economy and case manageability.  These interests come to bear when deciding what to do about a tag-along filing that duplicates an on-going WARN Act class action. Courts applying them have routinely

---

1 A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 511500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

dismissed the duplicate action, to preserve due process and fairness on one level and control the case and conserve resources on the other.  Here, the posture of the Coughlen Plaintiffs' case (Adv. Proc. No. 23-11069-CTG) undermines all of those interests. It underscores the propriety of such a dismissal at this juncture.

### A.    The Court Should Dismiss the Coughlen Adversary Proceeding.

A federal court has the general power to administer its docket. Bankruptcy Courts are no different. When a creditor files a claim it subjects itself to the equity power of the Bankruptcy Court. *Moreno-Cuevas v. Town Sports Int'l, LLC (In re Town Sports Int'l)*, 2023 U.S. Dist. LEXIS 227402 at *21-22, 2023 WL 8827193 (D. Del. December 21, 2023).   The Court's equitable powers under 11 U.S.C. § 105 "surely enable it to control its own docket." *In re Am. Capital Equip., LLC*, 688 F.3d 145, 154 (3d Cir. Pa. July 25, 2012).

When exercising this control, a Court may stay or dismiss a suit that is duplicative of another federal court suit. *Noble v. United States*, 855 F. App'x 816, 819 (3d Cir. 2021) (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)); see *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "Suits are considered duplicative 'if [it] involve[s] the same parties, rights, and relief prayed for, founded upon the same facts and essential basis for relief.'" *See Tara M. v. City of Phila.*, Civ. A. No. 97-1041, 1998 U.S. Dist. LEXIS 12184, 1998 WL 464910 at *2 (E. D. Pa. Aug. 6, 1998).  "'A later-filed action is generally found duplicative of an earlier-filed suit if the claims, parties, and available relief do not significantly differ between the two actions.'"(cases omitted). *Aquino v. Subaru of Am., Inc.*, 2024 U.S. Dist. LEXIS 6310, 2024 WL 124627 at *12-13 (D.N.J. January 11, 2024). This exercise calls for consideration of the equities and the interests of judicial economy. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

Rule 23's procedures charge the Court with "safeguarding class members' procedural due process rights, to fulfill its role as the guardian of the interests of the class." *Deja Vu Servs.*, 2:16-cv-10877, 2017 U.S. Dist. LEXIS 16661, 2017 WL 490157 at *1 (citing 2 *Newberg on Class Actions*, § 11.25 *et seq.*); *Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 620, 2020 U.S. Dist. LEXIS 8233 at *10, 2020 WL 255768 ( E.D. Mich. January 17, 2020).

Rule 23's requirements expect the Court to "assure, to the greatest extent possible, that the actions are prosecuted on behalf of the actual class members in a way that makes it fair to bind their interests." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995).

Paired with Rule 23's due process concerns are its goals of judicial economy and manageability. *In re Modafinil Antitrust Litig.*, 837 F.3d 238 (3d Cir. 2016)("While all factors are relevant …. both judicial economy and the ability to litigate as joined parties are of primary importance.  As we have held, judicial economy is one of the purposes behind Rule 23(a)(1) and class actions in general.") "Superiority" under Rule 23(b)(3) requires the Court to consider the "likely difficulties in managing a class action.**"**  *Hansen v. PGX Holdings, Inc.*,  et al., No. 23-50396 (CTG) , 2023 Bankr. LEXIS 2601 at *13, 2023 WL 7008977 (Bankr. D. Del. October 24, 2023).

A challenge arises when a promptly filed class action is followed by a substantively identical one.  Typically, the Courts evaluate them side by side under the parameters of Rule 23 to determine which is best able to represent the class at the interim class counsel stage (filling the void before class certification motions are filed – and having no impact on certification itself).  In their analysis, Courts have considered not only Rule 23's concerns of due process

and judicial economy, but on their inherent power to control their dockets equitably and in the interests of the prudent administration of the case. As a consequence, Courts have frequently dismissed the tagalong WARN complaint.

In *In re Digital Domain Media Group, Inc.*, No. 12–12568 (BLS), 2012 Bankr. LEXIS 5756, 2012 WL 6135353 (Bankr. D. Del. December 7, 2012), this Court allowed the complaint filed by the firm appointed as interim class counsel to proceed while dismissing the other complaint as duplicative. *Id. at *2.* It found the underlying facts of the dueling actions to be identical" (although not yet fully developed), as well as the types of parties and claims. Further, it found "equitable concerns and the interests of judicial economy will be served by dismissal." Given the thin estate, it found that "[n[o] party to this case — especially not the former employees — will be better served by involving five firms in the representation of class plaintiffs in multiple WARN Act proceedings." *Id*. at *7.

The same result was reached simultaneously in *In re MF Global Holdings, Ltd.*, 464 B.R. at 624 (dismissing duplicative WARN complaint in the interest of the parties and judicial economy because "[t]he Thielmann Action and the Greene Action present the identical issue: Did the Debtors provide sufficient notice to employees prior to termination under the WARN Act?").

Wary of the problems and drawbacks of consolidation, the Court in *In re TransCare Corp.* dismissed the duplicative Pena WARN Act suit although its belated complaint was well-crafted, finding that "there is no benefit to consolidating the Pena Proceeding with the Ien Proceeding instead of dismissing it, and there is a downside to the former course." 552 B.R. 69, 78 (Bankr.S.D.N.Y. 2016). In the chapter 7 case of ITT Technical Institute, with 7,000 WARN-affected employees, the Court weighed the Rule 23(g) briefing of a combined bloc of three

4

major class action firms against that of counsel representing Rivera here.  It ruled, after asking

each counsel how many WARN cases they had prosecuted, appointing the firm with by far the

most (Rivera counsel), and staying the rest until dismissing them at the end. *In re ITT*

*Educational Services, Inc.*, 16-7207-JMC-7A (Bankr.D.Ind., Jan. 20, 2017)(Adv. D.I. 981).

These cases went down Rule 23's well-trod path. But here, where the track has not been

followed, the same principles should apply with more force.

In this litigation, the Moore and Rivera parties filed competing adversaries one day

apart in the first week of August 2023, just after the layoffs. (D.I. 25) (Adv. Proc. No. 23-

50457, Adv. D.I. 1)(Adv. Proc. No. 23-80456, Adv. D.I. 1). Given the Debtors' stated goal of

moving through Chapter 11 swiftly, Moore/Rivera counsel abstained from jockeying and

joined forces.  When it was evident that International Brotherhood of Teamsters ("IBT") was

assuming its statutory role as WARN representative for their members (at no charge),

Moore/Rivera ceded that part of the litigation to IBT.

Focused on their non-union constituents, Moore/Rivera observed the imperative of Rule

23(c)  - that the Court "must" decide certification motions "as soon as practicable," Fed. R.Civ.

P. 23(c)(1)(A).  Driving that rule is case management but also the rights and interests of the

claimants. The fear is "that a party could use the ill-founded threat of a class action to control

negotiations or the possibility that absentees' interests could be unfairly bound. *In re GMC*

*Pick-Up Truck Fuel Tank Prods. Liab. Litig*., 55 F.3d at 785.  Given Rule 23's mandate, the

Moore/Rivera Plaintiffs consolidated their adversary complaints and moved for Rule 23 class

certification of the non-union employees.  (Adv. Proc. No. 23-50457, Adv. D.I. 26) They also

secured the voluntary dismissal of another duplicative WARN adversary class action, brought

by a member who had not realized his interests were being represented by the IBT at no cost.

Despite these events, the Coughlen adversary complaint was filed in November 2023. (Adv. Proc. No. 23-50761, Adv. D.I. 1). It resembled the Rivera and Moore adversaries, filed months earlier, without further facts or development of the claims. By this point, the time had passed for filing interim class counsel motions, or for objecting to, or competing with the Moore/Rivera class certification motion. Taking no cognizance of that, in February 2024, Coughlen filed a motion to be appointed interim class counsel, aimed at no one in particular, and with no ostensible purpose. (Adv. Proc. No. 23-50761, Adv. D.I. 6). For Coughlen, there were no warring or dueling adversaries with which to vie under Rule 23(g). Nor was there a singular role of intermediary for Coughlen counsel to play, as its plaintiffs were all represented by the IBT. Nor was there a role for Coughlen to lead the Moore/Rivera adversary case which was limited to non-union employees, none of whom were Coughlen plaintiffs. Despite the absence of any need for its advocacy, Coughlen quixotically sought to "consolidate" and lead others without a clear focus on the particulars. Tellingly, the Coughlen Plaintiffs did not give notice to the Moore/Rivera Plaintiffs of their Rule 23(g) motion, nor seek to intervene in the Moore/Rivera case. Instead, they chose to quietly operate in a no-man's land, under the radar from ordinary briefing and response by interested parties, aiming for a goal that they have yet to clearly explain to those they seek to represent.

Only by working within Rule 23's carefully designed structures, such as the opt-out procedures for Rule 23 (b)(3) certification, and selection process for class counsel, can there be any assurance that the interests of absent class members are served by the best qualified counsel, and bound fairly. Coughlen's decision to file a late, oblique Rule 23 motion defied that structure and attempts to slip past the reach of its principles. It is a disruption that undermines "any assurance that the actions are prosecuted on behalf of the **actual** class members in a way that

makes it fair to bind their interests." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d at 785 (emphasis added).

For example, Coughlen's counsel created an aura that it controls many employees when it filed a Response to Debtors' Third Fourth, and Fifth Omnibus (Substantive) objections to Proofs of Claim for WARN Liability. (Bank. D.I. 2784).  Their Exhibit A lists almost 500 names characterized as "[ce]rtain claimants and creditors … by and through their undersigned counsel" implying that these individuals retained Coughlen, but without attestation. Curiously, the list is entitled "List of Contacts" not clients.  (Bank. D.I. 2784-1)

Finding the names of eight of its own retained clients on Coughlen's list, Rivera Counsel reached out to them and connected with seven. All seven verified that they have never had any contact with Coughlen counsel and do not want to be represented for litigation purposes other than by the IBT because it comes free of fees. (*See, Declarations, filed herewith)*.  This raises the specter that the Court might, inadvertently, rule on the rights of those individuals without any assurance that they intend to be bound.

All putative class counsel are welcome to compete in Rule 23's arena.   However, an interlocutor necessarily threatens the assurance of due process and judicial economy when operating in its own lane outside of Rule 23's procedures.  Such an outlier forces the Court and parties to engage in collateral litigation to respond to and limit its distraction, obscuring the real issues at hand.  Such are the "downside[s]" for unnecessary, duplicate actions that warrant their stay or dismissal.

Dated: April 9, 2024                          Respectfully submitted,

By: /s/ James E. Huggett_____
**MARGOLIS EDELSTEIN**
James E. Huggett (#3956)
300 Delaware Avenue

Suite 800
Wilmington, DE 19801
Phone 302-888-1112
Fax 302-888-1119

**THE GARDNER FIRM, P.C.**
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
The Gardner Firm, P.C.
182 St. Francis Street, Suite 103
Mobile, AL 36602
P: (251) 433-8100
F: (251) 433-8181
molsen@thegardnerfirm.com

-and-

**RAISNER ROUPINIAN LLP**
René S. Roupinian, Esq.
Jack A. Raisner, Esq.
270 Madison Avenue, Suite 1801
New York, NY 10016
Telephone: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

-and-

**LANKENAU & MILLER, LLP**
Stuart J. Miller
Johnathan Miller
100 Church Street
8th Floor
New York, NY 10007
(212)581-5005
stuart@lankmill.com
jon@lankmill.com

*Counsel for Plaintiffs and the Putative Class*