IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, et al.,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | **Related Docket No. 2595** |

**IAM NATIONAL PENSION FUND'S
RESPONSE TO DEBTORS' SEVENTH OMNIBUS OBJECTION**

Creditor IAM National Pension Fund ("IAM National"), by and through its undersigned counsel, hereby responds to Debtors' Seventh Omnibus Objection ("Omnibus Objection"), Dkt. 2595. IAM National requests that the Court allows its proof of claim for withdrawal liability of $22.8 million in full. In support of its response to the Omnibus Objection, IAM National sets forth the following.

1. The Omnibus Objection raise similar issues to Debtors' challenges to the withdrawal liability proofs of claims of other multiemployer pension plans, including as set forth in Debtors' Second Omnibus Objection, Dkt. 1962. To the extent applicable, IAM National incorporates the positions and responses set forth in the multiemployer funds' Response to Debtors' Second Omnibus Objection ("Second Response"), Dkt. 2224.

2. IAM National further states that because the payment schedule set forth in its proof of claim is for less than 20 years, and, in any event, Debtors are in default and the full outstanding amount of the withdrawal liability is due and owing in a lump sum, no adjustment to the withdrawal liability assessment to reflect a discount to net present value is required. *See* Omnibus Objection, ¶¶ 29-31; Proof of Claim No. 18620 at 9; Dkt. 2224, Second Response, ¶ 36.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

1

3. IAM National further states that the discount rate its actuary used to calculate withdrawal liability was "similar to the interest rate the plan uses in determining liabilities for funding purposes." *See* Omnibus Objection, ¶ 20; Proof of Claim No. 18620 at 10; *United Mine Workers of Am. 1974 Pension Plan v. Energy W. Mining Co.,* 39 F.4th 730, 742 (D.C. Cir. 2022) (rejecting as, dissimilar, discount rates which "diverge[d] by nearly five hundred basis points"). In any event, Debtors' authority imposing a substantive test for withdrawal liability assumptions beyond the statutory requirement that they be "reasonable" is inconsistent with the text of the Multiemployer Pension Plan Amendments Act, as courts in the Third Circuit have recognized. *See Manhattan Ford Lincoln, Inc. v. UAW Loc. 259 Pension Fund*, 331 F. Supp. 3d 365, 396 (D.N.J. 2018). *See also Miller & Son Paving, Inc. v. Teamsters Pension Tr. Fund of Philadelphia*, No. CV 15-4869, 2016 WL 4802752, at *6 (E.D. Pa. Sept. 14, 2016).

## CONCLUSION

4. For the reasons set forth above and in the Second Response, the Court should deny the Debtors' Objection and allow the IAM National's withdrawal liability claim in its entirety.

Date: April 18, 2024    **SULLIVAN · HAZELTINE · ALLINSON LLC**
Wilmington, Delaware

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
        whazeltine@sha-llc.com

and

GROOM LAW GROUP, CHARTERED
Edward J. Meehan (*pro hac vice*)
Samuel I. Levin (*pro hac vice*)
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-5811
Tel: (202) 857-0620
Fax: (202) 659-4503
Email: emeehan@groom.com
       slevin@groom.com

*Special Counsel for the IAM National Pension Fund*