IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date:** |
| | ) | **June 3, 2024 at 10:00 a.m. (ET)** |
| | ) | **Response Deadline:** |
| | ) | **May 28, 2024 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE
ABANDONMENT AND DESTRUCTION OF CERTAIN DIGITAL RECORDS**

The Debtors state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing, but not requiring, the Debtors to destroy, cause to be destroyed, approximately 6,100 Microsoft Corporation ("Microsoft") electronic mailboxes (the "Mailboxes") previously assigned to employees no longer employed by the Debtors pursuant to 11 U.S.C. §§ 105(a) and 554(a) and Federal Rule of Bankruptcy Procedure 6007(a). To the best of the Debtors' knowledge, the Debtors have no use for such Mailboxes, and further retaining them would cause the Debtors to incur significant expenses that cannot be justified, reducing distributions to

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Matthew A. Doheny, Chief Restructuring Officer of Yellow Corporation, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 14] (the "First Day Declaration"). Capitalized terms used but not immediately defined in this motion have the meanings ascribed to them later in this motion or in the First Day Declaration, as applicable.

creditors. To ensure they have authority and advise all potentially interested parties, the Debtors are filing this Motion and seeking entry of the Order.

## Jurisdiction and Venue

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory basis for the relief requested herein are sections 105(a) and 554(a) of the Bankruptcy Code and rule 6007(a) of the Bankruptcy Rules.

## Background

5. On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") [Docket No. 169]. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee

for the District of Delaware appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

6. On January 19, 2024, the Court entered the *Order (I) Authorizing Assumption of the Microsoft Enrollments and (II) Granting Related Relief* [Docket No. 2144] (the "Microsoft Assumption Order") authorizing the Debtors to assume the Enrollment[3] entered into by and among Debtor YRC Enterprise Services, Inc. and Microsoft for volume licensing of certain Microsoft software product licenses. Under the terms of the Enrollment, the Debtors may annually reduce, or "true down," the number of subscription licenses that the Debtors maintain related to each product accessible under the Enrollment in return for a reduced annual fee commensurate with the reduction in services and licenses (the "True-Down"). Pursuant to terms of the Enrollment, given the shut-down of the Debtors' businesses, Microsoft agreed to effectuate a True-Down to reduce and right size the number of licenses that Microsoft provides to the Debtors to more cost-effectively allow the Debtors to administer their estates for the benefit of all stakeholders.

### The Debtors' Digital Records

7. Approximately 6,100 Microsoft user accounts ("Accounts") were disabled in the year 2023 after the Petition Date. The Mailboxes associated with each of these accounts were used by former employees of the Company to conduct company business and contain digital data ("Digital Data"), including confidential business information and employee records that may contain Personally Identifiable Information ("PII") and other personal information of employees.

8. In accordance with the Microsoft Assumption Order and the terms of the Enrollment, the Debtors and Microsoft have agreed to True-Down the Debtors' Microsoft license enrollment and use and, in turn, reduce annual cost under the Enrollment from $2,900,000 to

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Microsoft Assumption Motion, as applicable.

$300,000. If the Mailboxes associated with the Accounts are not deleted, the Debtors will be liable for $2,900,000 annual fee for the associated licenses billed by Microsoft pursuant to the original Enrollment.

9.    In order to reduce costs to the estate, Debtors seek to destroy Mailboxes (i) not on legal hold; (ii) of previous employees below the status of Vice President; (iii) in which the active directory account is disabled; (iv) that were not used in the year 2024; and (v) that are not shared with any current employee. The Debtors have identified approximately 6,100 Mailboxes that meet these criteria for destruction. If necessary, Mailboxes can be restored within a thirty-day period after destruction.

10.    The Debtors have no reason to believe that the Mailboxes, or the Digital Data contained therein, are needed any longer. The Digital Data is not necessary for the Debtors to complete the sales and wind down the Debtors are currently pursuing through these chapter 11 cases. And the Debtors have no reason to believe that the Digital Data is germane to any pending litigation and/or to any of the proofs of claim that have been filed with the Court.

11.    In sum, the costs of maintaining the Mailboxes and the associated licenses exceed their value, and the Debtors thus seek authority to destroy, or cause to be destroyed, the Mailboxes. With this Court's authorization, the Debtors internal IT department will coordinate the destruction of the Mailboxes. But the Debtors see no need to retain the Mailboxes and thus seek authority to destroy them.[4]

---

[4] To avoid any confusion, a list of the users whose data will be destroyed pursuant to this Motion, if approved by the Court, is attached as Schedule 1 to the Proposed Order.

**Basis for Relief**

12. Courts routinely find that there is just cause to destroy property of the estate pursuant to the standards for abandonment under section 554 of the Bankruptcy Code. *See, e.g., In re Motors Liquidation Co.,* 625 B.R. 605, 613 (Bankr. S.D.N.Y. 2021) (authorizing a post-confirmation trustee to destroy a debtor's books and records under Bankruptcy Code section 554(a)); *In re Great Atl. & Pac. Tea Co., Inc.,* No. 15-23007 (RDD), 2021 WL 5863393, at *13 (Bankr. S.D.N.Y. May 13, 2021) (authorizing the abandonment or destruction of debtors' books and records pursuant to sections 105(a) and 554 of the Bankruptcy Code); *In re Syntax-Brillian Corp.,* No. 08-11407 (KJC), 2018 WL 3491758, at *15 (Bankr. D. Del. July 18, 2018) (authorizing a trustee to destroy books and records following an analysis under section 554).

13. 11 U.S.C. § 554(a) allows a trustee to abandon property of the estate if (i) "burdensome to the estate" or (ii) "of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). A trustee is given broad discretion when determining the propriety of abandonment. *In re Wilton Armetale, Inc.,* 618 B.R. 424, 433 (Bankr. E.D. Pa. 2020); *see Midlantic Nat'l Bank v. N.J. Dep't of Env't Prot.,* 474 U.S. 494, 507 n.9 (1986) (noting that a trustee's power to abandon property is broad); *First Nat'l Bank v. Lasater,* 196 U.S. 115, 118-19 (1905) ("[T]rustees in bankruptcy are not bound to accept property of an onerous or unprofitable character . . . .").

14. A trustee's business judgment is given deference unless an objecting party meets its burden to show that the potentially-abandoned property provides a benefit to the debtor's estate. *In re Slack,* 290 B.R. 282, 284 (Bankr. D.N.J. 2003) ("The trustee's power to abandon property is discretionary. Courts defer to the trustee's judgement and place the burden on the party opposing the abandonment to prove a benefit to the estate and an abuse of the trustee's discretion.") (citations omitted), *aff'd,* 112 F. App'x 868 (3d Cir. 2004); *In re Cult Awareness Network, Inc.,* 205 B.R.

575, 579 (Bankr. N.D. Ill. 1997) (The trustee has "substantial discretion" when determining "that assets of the state should be abandoned . . . . The [t]rustee [ ] need only demonstrate that he has exercised sound business judgment in making the determination to abandon."); *In re Interpictures, Inc.*, 168 B.R. 526, 535 (Bankr. E.D.N.Y. 1994) ("From the beginning of modern bankruptcy law, the courts have uniformly held that a trustee's power to abandon property is discretionary. By adopting a policy of adherence to a trustee's decision, the courts have placed the burden of proving an abuse of discretion of the trustee's action or inaction on abandonment on the party seeking to make the trustee act.") (citations omitted). Any party disputing the propriety of abandonment must "show some likely benefit to the estate; mere speculation about possible scenarios in which there might be a benefit is not sufficient." *In re Apex Long Term Acute Care - Katy, L.P.,* 599 B.R. 314, 323 (Bankr. S.D. Tex. 2019); *see also In re Wilton Armetale, Inc.*, 618 B.R. at 433 (same).

15. Section 105(a) of the Bankruptcy Code also provides that the Court may issue any necessary or appropriate order to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). The purpose of section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (Richard Levin & Henry J. Sommer eds., 16th ed.).

16. The Debtors' proposed destruction of the Mailboxes is warranted under sections 105(a) and 554(a) of the Bankruptcy Code. The Debtors have determined in their reasonable business judgment that the Mailboxes they seek authority to destroy are not necessary and are not valuable to the Debtors' estates. Absent the authority to destroy the Mailboxes, the Debtors will be forced to incur additional and unnecessary expenses paying Microsoft for licenses needed to maintain and store the Mailboxes, reducing the value of the Debtors' estates and the resulting distribution to creditors.

17. As noted above, certain of the Mailboxes may contain confidential business information and/or PII of the Debtors' former employees as well as other confidential commercial or personal information. The Debtors intend to use commercially reasonable efforts to destroy the Mailboxes containing such confidential information by appropriate means.

18. For the foregoing reasons, the Debtors submit that their decision to destroy the Mailboxes is the product of their sound business judgment and should be approved.

## Reservation of Rights

19. Nothing contained in this motion or any order granting the relief requested in this motion, and no action taken by the Debtors pursuant to the relief requested or granted (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, priority, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

**Limitation of Notice**

20. Bankruptcy Rule 6007(a) provides that a trustee, unless otherwise directed by the court, "shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees, and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code." Fed. R. Bankr. P. 6007(a). Parties in interest that object to such abandonment are entitled to a hearing on their objection. *Id*.

21. The Debtors will provide notice of this motion to: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) and any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

22. No prior request for the relief sought herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: May 20, 2024
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333 West Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |
| P.O. Box 8705 | Telephone: (312) 862-2000 |
| Wilmington, Delaware 19801 | Facsimile: (312) 862-2200 |
| Telephone: (302) 652-4100 | Email: patrick.nash@kirkland.com |
| Facsimile: (302) 652-4400 | david.seligman@kirkland.com |
| Email: ljones@pszjlaw.com | |
| tcairns@pszjlaw.com | -and- |
| pkeane@pszjlaw.com | |
| ecorma@pszjlaw.com | Allyson B. Smith (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: allyson.smith@kirkland.com |

*Co-Counsel for the Debtors and Debtors in Possession*