**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>Hearing Date: June 3, 2024, at 10:00 a.m. (ET)<br>Objections Due: At the Hearing |

**MOTION TO FILE UNDER SEAL AND REDACT PORTIONS OF (A) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF, (B) DECLARATION OF JOHN C. DIDONATO IN SUPPORT THEREOF, AND (C) DECLARATION OF JOHN D'AMICO IN SUPPORT THEREOF**

The Official Committee of Unsecured Creditors (the "Committee"), appointed in the above-captioned chapter 11 cases of the above-captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this motion (the "Sealing Motion") to file redacted and sealed versions of the following submissions:

(i) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF (the "Exclusivity Objection");

(ii) DECLARATION OF JOHN C. DIDONATO IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

*ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF* (the "DiDonato Declaration"); and

*(iii) DECLARATION OF JOHN D'AMICO IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF* (the "D'Amico Declaration").

In support hereof, the Committee respectfully states as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1. The United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the Unites States Code (the "Bankruptcy Code"), Bankruptcy Rule 9018, and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

2. Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order by the Court in connection with this Sealing Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**RELIEF REQUESTED**

3.      By this Sealing Motion, the Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to file under seal and redact portions of the Exclusivity Objection, DiDonato Declaration, and D'Amico Declaration.

4.      The Exclusivity Objection, DiDonato Declaration, and D'Amico Declaration contain certain information that was provided by the Debtors to the Committee that was either designated as "confidential information" or provided on a "professional eyes only" basis (the "<u>Confidential Information</u>").  Accordingly, the Committee submits that the Confidential Information constitutes "commercial information" and should be subject to the protections of section 107(b) of the Bankruptcy Code.

**BASIS FOR RELIEF REQUESTED**

5.      Sections 105(a) and 107(b) of the Bankruptcy Code allow the Court to authorize the Committee to file the Exclusivity Objection, DiDonato Declaration, and D'Amico Declaration in redacted form and under seal.  Pursuant to section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).  Section 107(b) of the Bankruptcy Code enables the Court to issue orders that protect parties from the potential harm that could result from disclosing confidential information:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

6.      Bankruptcy Rule 9018 sets forth the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

7. Local Rule 9018-1(d) further provides, in relevant part, that "[a]ny entity seeking to file a document . . . under seal must file a motion requesting such relief . . . .". Del. Bankr. L.R. 9018-1(d)(i).

8. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *accord In re Alterra Healthcare Corp.*, 353 B.R. 66, 75–76 (Bankr. D. Del. 2006) (citing *Orion Pictures*); *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the Court must grant the requested relief (or such other relief that protects the moving party).").

9. This Court has defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them with information as to the commercial operations of [an entity].'" *Alterra,* 353 B.R. at 75 (citing *Orion Pictures*, 21 F.3d at 27-28). The term "confidential commercial information" should not be narrowly construed. *See Orion Pictures,* 21 F.3d at 27-28 ("[Section] 107(b) is carefully drafted to avoid merging 'trade secrets' with 'confidential commercial information'").

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Orion Pictures*, 21 F.3d at 28; *Phar-Mor, Inc. v. Defendants Named Under*

4

*Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995).  Indeed, if the material sought to be protected satisfies one of the categories identified in section 107(b), the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing Ltd*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

11. Here, the Debtors provided the Confidential Information that the Committee seeks to seal on a confidential or "professional eyes only" basis.  As a result, the Committee is required to maintain the confidentiality of the redacted information.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)(iv)

12. Undersigned counsel certifies that counsel conferred with counsel for the Debtors concerning the information to be sealed and is required to protect the redacted information for the benefit of the Debtors.

### NOTICE

13. Notice of this Sealing Motion has been provided to counsel for: (i) the Debtors; (ii) the U.S. Trustee; (iii) the United States Attorney's Office for the District of Delaware; and (iv) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002.  The Committee submits that no other or further notice is required.

### NO PRIOR REQUEST

14. No prior request for the relief sought in this Sealing Motion has been made to this or any other court.

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (i) granting the relief requested herein, and (ii) granting such other and further relief as is just and proper.

Date: May 31, 2024
Wilmington, Delaware

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

*/s/ John C. Gentile*
Jennifer R. Hoover (DE No. 5111)
Kevin M. Capuzzi (DE No. 5462)
John C. Gentile (DE No. 6159)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile:  (302) 442-7012
E-mail:   jhoover@beneschlaw.com
              kcapuzzi@beneschlaw.com
              jgentile@beneschlaw.com

-and-

AKIN GUMP STRAUSS HAUER & FELD LLP
Philip C. Dublin (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
Kevin Zuzolo (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: pdublin@akingump.com
          mlahaie@akingump.com
          kzuzolo@akingump.com

*Counsel to the Official Committee
of Unsecured Creditors of Yellow Corporation, et al.*