## Exhibit 1

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[4] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION BY AND AMONG THE DEBTORS AND CERTAIN
LESSORS TO RESOLVE CERTAIN CURE COSTS AND ADMINISTRATIVE CLAIMS**

Yellow Corporation and its debtor affiliates as debtors and debtors in possession in the

above-captioned chapter 11 cases (collectively, the "Debtors") and the lessors identified in

**Exhibit A** hereto (collectively, the "Lessors," and, together with the Debtors, the "Parties")

respectfully submit this proposed stipulation and agreed order (this "Stipulation") and hereby

stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on August 6, 2023 and continuing into August 7, 2023 (as applicable to each

Debtor, the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11

of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the

United States Bankruptcy Court for the Southern District of Delaware (the "Court").

These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b)

[Docket No. 169].

---

[4]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of Debtors' principal place
of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400,
Overland Park, Kansas 66211.

**WHEREAS**, Yellow Corporation or one of its Debtor affiliates was party to certain prepetition leases for nonresidential real property with the Lessors regarding terminals located at: (i) 49 Thomas J Rhodes Industrial Dr, Trenton, NJ 08619 (Y112) (the "Trenton Lease"); (ii) 3934 Thurman Road, Conley, GA 30288 (Y411) (the "Conley Lease"); (iii) 2527 Broadhead Road, Bethlehem, PA 18017 (Y158) (the "Bethlehem Lease"); and (iv) 1875 Industrial Way, Sparks, NV 89431 (R760) (the "Sparks Lease" and, collectively with the Trenton Lease, Conley Lease and Bethlehem Lease, the "Leases").

**WHEREAS**, on October 26, 2023, the Debtors filed the *Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* [Docket No. 968] (the "Cure Notice"), which identified proposed cure amounts for the Leases.

**WHEREAS**, on November 13, 2023, the Court entered the *Order, Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending Time to Assume or Reject Unexpired Leases of Nonresidential Real Property* [Docket No. 1127], which extended the Debtors' deadline to assume or reject nonresidential real property leases under section 365(d)(4) of the Bankruptcy Code (the "365(d)(4) Deadline") through and including March 4, 2024.

**WHEREAS**, on November 16, 2023, the Lessors filed the *Objection and Reservation of Rights to the Debtors' Notice of Potential Assumption or Assumption and Assignment of Certain Contracts or Leases Associated with the Non-Rolling Stock Assets* [Docket No. 1161] (the "Cure Objection"), pursuant to which the Lessors objected to the proposed cure amounts in the Cure Notice.

**WHEREAS**, on November 29, 2023, the Debtors filed the *Third Notice of Rejection of Certain Executory Contracts and Unexpired Leases* [Docket No. 1247], pursuant to which the Debtors sought to reject the Conley Lease as of November 30, 2023.

**WHEREAS**, on January 12, 2024, the court entered the *Order (I) Approving Certain Asset Purchase Agreements; (II) Authorizing and Approving Sales of Certain Leased Properties of the Debtors Free and Clear of Liens, Claims, Interests, and Encumbrances, in Each Case Pursuant to the Applicable Asset Purchase Agreement; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, in Each Case as Applicable Pursuant to the Applicable Asset Purchase Agreement; (IV) Granting Related Relief* [Docket No. 1735] (the "Sale Order").

**WHEREAS**, pursuant to the Sale Order, (i) FedEx Freight, Inc. ("FedEx") entered into the *Asset Purchase Agreement dated as of January 2, 2024 by and among FedEx Freight, Inc., as Purchaser, and Yellow Corporation and its Subsidiaries Named Therein, as Sellers* [Docket No. 1562] for the assignment of the Sparks Lease to FedEx and (ii) ArcBest Property Management, LLC ("ArcBest") entered into the *Asset Purchase Agreement dated as of January 2, 2024 by and among ArcBest Property Management, LLC, as Purchaser, and Yellow Corporation and its Subsidiaries Named Therein, as Sellers* [Docket No. 1561] for the assignment of the Bethlehem Lease to ArcBest.  Pursuant to the Sale Order, any disputed cure costs were reserved pending resolution between the Debtors and the Lessors.

**WHEREAS**, on February 29, 2024, the Debtors filed the *Seventh Notice of Rejection of Certain Executory Contracts and Unexpired Leases* [Docket No. 2463] (the "Seventh Rejection Notice"), pursuant to which the Debtors sought to reject the Trenton Lease as of February 25, 2024.

**WHEREAS**, on March 8, 2024, the Lessors filed the *Objection and Reservation of Rights of Terminal Logistics II South SPE, LLC to Debtors' Third Notice of Rejection of Certain Executory Contracts and Unexpired Leases* [Docket No. 2557] (the "Terminal Objection"), pursuant to which the Lessors objected to the Debtors' rejection of the Conley Lease.

**WHEREAS**, on March 8, 2024, the Lessors filed the *Motion of Terminal Logistics II South SPE, LLC for Allowance and Payment of Administrative Expense Claim* [Docket No. 2559] (the "Terminal Motion"), pursuant to which the Lessors asserted administrative expense claims related to the Conley Lease in an amount of at least $585,934.41.

**WHEREAS**, on March 14, 2024, the Lessors filed the *Objection and Reservation of Rights of RLIF East 2 LLC to Debtors' Seventh Notice of Rejection of Certain Executory Contracts and Unexpired Lease* [Docket No. 2612] (the "RLIF Objection"), pursuant to which the Lessors objected to the rejection of the Trenton Lease.

**WHEREAS**, on March 14, 2024, the Lessors filed the *Motion of RLIF East 2 LLC for Allowance and Payment of Administrative Expense Claim* [Docket No. 2614] (the "RLIF Motion"), and on May 14, 2024 the *Supplement to Motion of RLIF East 2, LLC for Allowance and Payment of Administrative Expense Claim* [Docket No. 3369] (the "RLIF Supplement," and together with the Terminal Motion, the Terminal Objection, the RLIF Objection, the RLIF Motion, and the Cure Objection, the "Pleadings"), pursuant to which the Lessors asserted administrative expense claims related to the Trenton Lease in an amount of at least $169,251.54 and subsequently supplemented the asserted administrative expense claims related to the Trenton Lease to an amount of at least $808,780.59.

**WHEREAS**, on March 28, 2024, the Debtors filed the *Debtors' Reply in Further Support of the Debtors' Third Notice of Rejection of Certain Executory Contracts and Unexpired Leases* [Docket No. 2775].

**WHEREAS**, on April 26, 2024, the Debtors filed the *Notice of Withdrawal* [Docket No. 3187], withdrawing the Seventh Rejection Notice solely with respect to the Trenton Lease.

**WHEREAS**, on May 1, 2024, the certain of the Lessors filed the *Notice of NATMI Truck Terminals, LLC and Terminal Logistics II Mid-Atlantic SPE, LLC of Scheduling Hearing Pursuant to the Sale Order to Determine the Amount of Cure Costs Relating to Certain Leased Properties Constituting Acquired Assets* [Docket No. 3231] (the "Cure Cost Hearing"), scheduling the Cure Cost Hearing on May 22, 2024.

**WHEREAS**, on May 15, 2024, the Debtors filed the *Notice of Hearing Regarding Terminal Logistics II South SPE, LLC Objection to Debtors' Third Notice of Rejection of Certain Executory Contracts and Unexpired Leases* [Docket No. 3403] (the "Rejection Hearing" and together with the Cure Cost Hearing, the "Hearings"), scheduling the Rejection Hearing for May 22, 2024.

**WHEREAS**, on May 20, 2024, the Debtors filed the *Notice of Agenda of Matters Not Going Forward* [Docket No. 3423], which continued the Hearings until June 12, 2024.

**WHEREAS**, the Parties have engaged in negotiations to resolve their issues concerning the Pleadings and such discussions have resulted in certain agreed-to-terms, as set forth in **Exhibit A** hereto.

**WHEREAS**, the Parties desire to memorialize their agreement in this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1.      The Debtors shall pay the cure amounts and administrative expense claims to the Lessors as described in the column titled "Agreed Claim" on **Exhibit A** within 30 days of entry of the Order.  The general unsecured claims set forth in the column titled "Agreed Claim" on **Exhibit A** shall be paid in accordance with any confirmed chapter 11 plan or any other distributions made to general unsecured creditors on account of allowed unsecured claims pursuant to a Court order.

2.      The administrative expense claims and the general unsecured claims set forth on **Exhibit A** shall be allowed in all respects without setoff, subordination, defense, or counterclaim.

3.      This Stipulation and the Agreed Claims set forth on **Exhibit A** are in full and final satisfaction of any and all claims of the Lessors against the Debtors arising from or in connection with the Leases.  For the avoidance of doubt, except for the Agreed Claims, Lessors waive any and all claims relative to the Leases against the Debtors arising under the Leases or applicable law, including, but not limited to, rent charges, late fees, interest, deferred maintenance, repairs, environmental liabilities (known or unknown), operating expenses, professional fees and/or attorneys' fees, or any other amounts due and payable under the Leases, in each case, relative to the Leases.

4.      Any proofs of claims filed[5] against the Debtors related to the Leases shall be deemed satisfied upon payment of the Agreed Claims set forth on **Exhibit A** and such payments

---

[5]     On November 13, 2023, the Lessors filed proofs of claim against the applicable Debtors.  *See* Claim Nos. 18615, 18721, 18728, and 18737.

shall be Lessors' sole remedy for any obligations arising under the Leases or applicable law. The Debtors' claims agent is authorized and directed to modify the claims register in accordance with this Stipulation.

5.      Other than the Agreed Claims listed in **Exhibit A**, nothing contained in this Stipulation or any actions taken by the Debtors pursuant to relief granted herein is intended or should be construed as:  (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; or (d) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

6.      The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to and in accordance with this Stipulation.

7.      The Parties acknowledge that this Stipulation is the joint work product of the Parties, and that, accordingly, in the event of ambiguities, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

8.      This Stipulation shall be binding upon the Parties, their estates, successors, agents, assigns, including any chapter 7 or other bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

9.      The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

10.     The Court retains sole and exclusive jurisdiction to enforce the provisions of this Stipulation.

**IN WITNESS WHEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date first set forth below.

Dated:  June 14, 2024
Wilmington, Delaware

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:     (302) 652-4100
Facsimile:      (302) 652-4400
Email:           ljones@pszjlaw.com
                     tcairns@pszjlaw.com
                     pkeane@pszjlaw.com
                     ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 W Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           patrick.nash@kirkland.com
                     david.seligman@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

*/s/ Leslie C. Heilman*

Leslie C. Heilman (DE 4716)
Laurel D. Roglen (DE 5759)
Nicholas J. Brannick (DE 5721)
Margaret Vesper (DE 6995)
**BALLARD SPAHR LLP**
919 North Market Street, 11th Floor
Wilmington, DE 19801-3034
Telephone:     (302) 252-4465
Facsimile:      (302) 252-4466
Email:           heilmanl@ballardspahr.com
                     roglenl@ballardspahr.com
                     brannickn@ballardspahr.com
                     vesperm@ballardspahr.com

Bradley R. Foxman (admitted *pro hac vice*)
James J. Lee (admitted *pro hac vice*)
Matthew W. Moran (admitted *pro hac vice*)
Sara E. Zoglman (admitted *pro hac vice*)
**VINSON & ELKINS LLP**
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone:     (214) 220-7700
Facsimile:      (214) 220-7716
Email:           bfoxman@velaw.com
                     jimlee@velaw.com
                     mmoran@velaw.com
                     szoglman@velaw.com

*Co-Counsel to the Lessors*

**Exhibit A**

| Lessor | Debtor-Tenant | Lease | Property | Agreed Claim |
|---|---|---|---|---|
| RLIF East 2, LLC | YRC Inc. | Lease Agreement dated September 5, 2017 | 49 Thomas J Rhodes Industrial Dr., Trenton, NJ 08619 | $84,625.75 to be allowed and paid as an administrative claim.<br><br>$1,485,285.90 to be an allowed general unsecured claim. |
| Terminal Logistics II South SPE, LLC | YRC Inc. | Lease Agreement dated May 20, 2016 | 3934 Thurman Road, Conley, GA 30288 | $292,967.21 to be allowed and paid as an administrative claim.<br><br>$508,931.65 to be an allowed general unsecured claim. |
| Terminal Logistics II Mid-Atlantic SPE, LLC | YRC Inc. | Lease Agreement dated May 30, 2006, as amended to date | 2527 Broadhead Road, Bethlehem, PA 18017 | $526,440.22 to be paid as a cure amount. |
| NATMI Truck Terminals, LLC | USF Reddaway Inc. | Lease Agreement dated January 30, 2009 | 1875 Industrial Way, Sparks, NV 89431 | $515,440.22 to be paid as a cure amount. |