**Exhibit 1**

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**THIRD JOINT STIPULATION EXTENDING
THE DEADLINE TO ASSUME OR REJECT A CERTAIN NONRESIDENTIAL REAL
PROPERTY LEASE UNDER SECTION 365(D)(4) OF THE BANKRUPTCY CODE**

Yellow Corporation and its debtor affiliates as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and MG Fishersville I, LLC, (the "Lessor," and, together with the Debtors, the "Parties") respectfully submit this proposed stipulation and agreed order (this "Stipulation") and hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on August 6, 2023 and continuing into August 7, 2023 (as applicable to each Debtor, the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169].

**WHEREAS**, on November 13, 2023, the Court entered the *Order, Pursuant to Section 365(d)(4) of the Bankruptcy Code, Extending Time to Assume or Reject Unexpired Lease of A*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

1

*Certain Nonresidential Real Property* [Docket No. 1127], which extended the Debtors' deadline to assume or reject nonresidential real property lease under section 365(d)(4) of the Bankruptcy Code (the "365(d)(4) Deadline") through and including March 4, 2024.

**WHEREAS**, Yellow Corporation or one of its Debtor affiliates (the "Tenant") is party to a prepetition lease for a certain nonresidential real property with the Lessor regarding terminals located at 53 Expo Rd, Fishersville, VA 22939 (Y647) (the "Lease").

**WHEREAS**, on February 12, 2024, the Debtors filed the *Debtors' Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Assume Certain Unexpired Leases and (II) Granting Related Relief* [Docket No. 2157], pursuant to which, among other things, the Debtors seek authority to assume the Leases (such Motion is referred to herein as the "Assumption Motion" with respect to the relief requested therein ***solely*** concerning the Leases).

**WHEREAS**, the objection deadline for the Assumption Motion was initially February 20, 2024, and the hearing on the Assumption Motion was initially scheduled for February 26, 2024.

**WHEREAS**, on February 21, 2024, the Debtors filed the *Joint Stipulation By and Among the Debtors and MG Fishersville I, LLC Extending the Deadline to Assume or Reject A Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 2279].

**WHEREAS**, on February 22, 2024, the Court entered the *Order Approving the Joint Stipulation By and Among the Debtors and MG Fishersville I, LLC. Extending the Deadline to Assume or Reject A Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 2325].

2

**WHEREAS**, on April 16, 2024, the Debtors filed the *Second Joint Stipulation By and Among the Debtors and MG Fishersville I, LLC Extending the Deadline to Assume or Reject A Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 3023].

**WHEREAS**, on April 17, 2024, the Court entered the *Order Approving the Second Joint Stipulation By and Among the Debtors and MG Fishersville I, LLC. Extending the Deadline to Assume or Reject A Certain Nonresidential Real Property Lease Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 3032].

**WHEREAS**, on May 31, 2024, the Lessor filed the *Limited Objection of MG Fishersville I, LLC to Debtors' Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Assume Certain Unexpired Leases and (II) Granting Related Relief* [Docket No. 3557].

**WHEREAS**, as the Parties continue to engage in negotiations to resolve their issues concerning the Assumption Motion and the Leases consensually, the Tenant and the Lessor have mutually agreed to (i) further extend the 365(d)(4) Deadline with respect to the Lease through and including July 1, 2024 (the "Extended Deadline") and (ii) to further continue the hearing on the Assumption Motion to a mutually agreeable date, subject to the Court's availability (the "Continued Hearing"); *provided* that if the Continued Hearing occurs after July 1, 2024, the Extended Deadline shall automatically be extended to the date on which the Continued Hearing occurs.

**WHEREAS**, the Parties desire to memorialize their agreement in this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1.  The Debtors' 365(d)(4) Deadline with respect to the Leases is extended through and including the Extended Deadline and the hearing on the Assumption Motion is continued to the Continued Hearing date.

2.  For the avoidance of doubt, the relief provided for in this Stipulation only applies to the Assumption Motion as it relates to the Lease.

3.  The extension of time granted pursuant to this Stipulation is without prejudice to the Debtors' rights pursuant to section 365 of the Bankruptcy Code to (a) seek further extensions of the 365(d)(4) Deadline with respect to the Leases or any other executory contract or unexpired lease or (b) to seek to assume, reject, or assume and assign the Leases at any time prior to the Extended Deadline.

4.  This Stipulation constitutes "prior written consent of the lessor," as required by section 365(d)(4)(B)(ii) of the Bankruptcy Code, no further consent of Lessors shall be required to extend the 365(d)(4) Deadline with respect to the Leases through and including the Extended Deadline, and Lessors specifically acknowledge and agree that this Stipulation does not constitute the Tenant's assumption of the Leases under the Bankruptcy Code or affect or diminish in any way the Debtors' (including the Tenant's) rights under section 365.

5.  Nothing contained in this Stipulation or any actions taken by the Debtors pursuant to relief granted herein is intended or should be construed as: (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an admission by the Debtors that any contract or lease, including the Lease, is executory or unexpired, as applicable; (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law, including the Debtors' right to assume, reject, and/or seek any

other related relief with respect to any contract or lease and the Lessor's rights to object to or otherwise oppose the same; (f) an alteration, amendment, or other modification of the terms of the Lease; or (g) an assumption of the Lease.

6. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to and in accordance with this Stipulation.

7. The Parties acknowledge that this Stipulation is the joint work product of the Parties, and that, accordingly, in the event of ambiguities, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

8. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

9. The Court retains sole and exclusive jurisdiction to enforce the provisions of this Stipulation.

**IN WITNESS WHEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date first set forth below.

Dated: June 14, 2024
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333 W Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |
| P.O. Box 8705 | Telephone: (312) 862-2000 |
| Wilmington, Delaware 19801 | Facsimile: (312) 862-2200 |
| Telephone: (302) 652-4100 | Email: patrick.nash@kirkland.com |
| Facsimile: (302) 652-4400 | david.seligman@kirkland.com |
| Email: ljones@pszjlaw.com | |
| tcairns@pszjlaw.com | -and- |
| pkeane@pszjlaw.com | |
| ecorma@pszjlaw.com | Allyson B. Smith (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: allyson.smith@kirkland.com |

*Co-Counsel for the Debtors and Debtors in Possession*

*/s/ Neil E. McCullagh*

Neil E. McCullagh
**SPOTTS FAIN PC**
411 E. Franklin Street, Suite 600
Richmond, VA 23219
Telephone: (804) 697-2064
Facsimile:  (804) 697-2164
Email:      nmccullagh@spottsfain.com

*Counsel to MG Fishersville I, LLC*