IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| YELLOW CORPORATION, et al., ) | |
| ) | Case No. 23-11069 (CTG) |
| Debtors. ) | |

### CENTRAL STATES PENSION FUND'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT

Central States, Southeast and Southwest Areas Pension Fund ("Central States Pension Fund") by and through its undersigned counsel, moves this Court for partial summary judgment pursuant to Federal Rule of Civil Procedure 56, Federal Rules of Bankruptcy Procedure 7056 and 9014, and Local Rule of Bankruptcy Procedure 9013-1, as follows:

1.      Consistent with regulations promulgated by the Pension Benefit Guaranty Corporation ("PBGC") in 29 C.F.R. § 4216.16(g)(2), the amount of special financial assistance ("SFA") received by Central States Pension Fund under 29 U.S.C. § 1432 should not be included in the determination of Debtors' allocable share of Central States Pension Fund's unfunded vested benefits, and therefore the amount of SFA received by Central States Pension Fund should not have any effect on the amount of withdrawal liability assessed under 29 U.S.C. §§ 1381–1405 against Debtors.

2.      Indeed, in 29 U.S.C. 1432(m), Congress unambiguously authorized the PBGC to issue regulations setting forth "reasonable conditions" "relating to" "withdrawal liability." The PBGC exercised this authority when it promulgated 29 C.F.R. § 4216.16(g)(2), which generally provides (1) that SFA funds be "phased-in" as an asset over several years for purposes of computing a withdrawing employer's liability to a multiemployer plan, and (2) that SFA funds not be considered an asset until actually received. Consistent with the regulation, Central States

Pension Fund did not include SFA as plan asset when it calculated Debtors' withdrawal liability. (Claims Nos. 4312 through 4335.)

3. Contrary to Debtors' arguments, the PBGC regulations discussed above are "reasonable" because they are consistent with the text of the relevant statutes and with Congress' reasons for imposing withdrawal liability in the first place: ensuring that employers be disincentivized from withdrawing from plans, and providing that if employers do withdraw, those employers should bear the cost, rather than taxpayers.

In support of this motion, Central States Pension Fund incorporates by reference Central States Pension Fund's Brief in Support of its Motion for Partial Summary Judgment, filed contemporaneously herewith, including all exhibits attached thereto.

Date: June 28, 2024
Wilmington, Delaware

**SULLIVAN · HAZELTINE · ALLINSON LLC**

/s/ William D. Sullivan
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
whazeltine@sha-llc.com

Brad R. Berliner, Esq.
Andrew J. Herink, Esq.
Daniel Sullivan, Esq.
Central States Funds
8647 W. Higgins Road
Chicago, IL 60631
(847) 939-2478 - Office
bberliner@centralstatesfunds.org
aherink@centralstatesfunds.org
dsulliva@centralstatesfunds.org

*Attorneys for Central States, Southeast and Southwest Areas Pension Fund*