```
 1                UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF DELAWARE
 2

 3  IN RE:                          .  Chapter 11
                                    .  Case No. 23-11069 (CTG)
 4  YELLOW CORPORATION,             .
    et al.,                         .  (Jointly Administered)
 5                                  .  Re: Docket No. 4137
            Debtors.                .
 6  . . . . . . . . . . . . . . . . .
                                    .
 7  WILLIAM G. COUGHLEN,            .
    Individually and on behalf      .
 8  of all others similarly         .
    situated,                       .
 9                                  .
         Plaintiffs,                .  Adv. Proc. No. 23-50761 (CTG)
10                                  .  Re: Docket No. 62
        v.                          .
11                                  .
    YELLOW CORPORATION, YRC INC.    .
12  (d/b/a YRC FREIGHT), USF        .
    HOLLAND LLC, NEW PENN MOTOR     .
13  EXPRESS LLC, YELLOW             .  Courtroom No. 7
    LOGISTICS, INC., AND USF        .  824 North King Street
14  REDDAWAY INC.,                  .  Wilmington, Delaware 19801
                                    .
15       Defendants.                .  Friday, August 23, 2024
    . . . . . . . . . . . . . . . . .  10:00 a.m.
16
                        TRANSCRIPT OF HEARING
17            BEFORE THE HONORABLE CRAIG T. GOLDBLATT
                  UNITED STATES BANKRUPTCY JUDGE
18
    APPEARANCES:
19
    For the Debtors:         Allyson Smith, Esquire
20                           KIRKLAND & ELLIS LLP
                             KIRKLAND & ELLIS INTERNATIONAL LLP
21                           601 Lexington Avenue
                             New York, New York 10022
22

23

24  Audio Operator:          Dana L. Moore, ECRO

25
```

```
 1  Transcription Company:    Reliable
                              The Nemours Building
 2                            1007 N. Orange Street, Suite 110
                              Wilmington, Delaware 19801
 3                            Telephone: (302)654-8080
                              Email:  gmatthews@reliable-co.com
 4
    Proceedings recorded by electronic sound recording,
 5  transcript produced by transcription service.
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                              INDEX

2  MOTION:                                                    PAGE

3  Agenda
   Item 3: Debtors' Application for Entry of an Order           5
4          (I) Authorizing the Retention and
           Employment of CBRE, Inc., as Real Estate
5          Broker and Advisor to the Debtors Effective
           As of August 16, 2024 and (II) Granting
6          Related Relief [Filed 8/16/24; D.I. 4116]

7          Court's Ruling:                                      7

8

9  DECLARATIONS:                                              PAGE

10 1) Kimber Kinsley                                             6

11 2) Matthew Doheny                                             6

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1         (Proceedings commenced at 10:00 a.m.)
2             THE COURT:  Good morning, everyone.  This is Judge
3 Goldblatt.  We are on the record in In Re Yellow Corporation,
4 which is Case No. 23-11069.
5             We are proceeding this morning by way of Zoom.
6 So, usual Zoom rules are in effect.
7             Let me now pass the virtual podium to counsel for
8 the debtor, Ms. Smith.
9             MS. SMITH:  Hi.  Thank you, Your Honor.  Good
10 morning.  Allyson Smith, Kirkland & Ellis, on behalf of the
11 debtors.
12             There is only one item remaining on this morning's
13 agenda, the CBRE retention application.  Before turning to
14 that I thought it may be helpful to give a quick preview of
15 things to come and likely address some questions that I
16 suspect the Court may have if that works for Your Honor.
17             THE COURT:  That would be terrific.  Proceed, Ms.
18 Smith.
19             MS. SMITH:  Thank you.  As the Court knows, our
20 plan exclusivity deadline is upcoming on September 7th.  As
21 the Court likely also knows, we have not filed a motion
22 seeking to further extend that deadline. The debtors will be
23 filing a plan in advance of that September 2nd date and
24 anticipate shortly thereafter also filing a motion seeking to
25 extend solicitation exclusivity.

1             There are, of course, some pretty critical items
2     that still remain outstanding that we continue to work
3     through, some of which we need Your Honor's assistance with
4     to do so, but we will use that interim time to continue that
5     work, continue marketing our remaining assets, claims
6     reconciliation, and generally narrowing the issue where we
7     can, but I know that deadline is upcoming and Your Honor
8     hasn't seen any filings on it. So, I suspected that you may
9     have been wondering what our plan was there.
10            THE COURT:  So, you're right, the question had
11    crossed my mind. So, I appreciate the update and that's very
12    helpful.
13            MS. SMITH:  Great.  Then unless Your Honor has any
14    questions on those pieces, I will turn and dive into the CBRE
15    retention application.
16            THE COURT:  Okay.
17            MS. SMITH:  So, the debtors did file a retention
18    seeking to retain CBRE, Inc., to serve as the debtors'
19    exclusive real estate broker, to market and continue the
20    sales process for the debtors' real estate portfolio.  We
21    appreciate Your Honor hearing us on a shortened basis and
22    entering that order shortening notice.
23            In support of the application, which was filed at
24    Docket No. 4116, we did file two declarations.  One from Ms.
25    Kimber Kinsley, managing director of CBRE, attached as

1  Exhibit A to the application itself.  We also filed a
2  declaration of Mr. Matt Doheny, the debtors' chief
3  restructuring officer, at Docket No. 4117.  Both declarants
4  are available on Zoom this morning, but unless Your Honor has
5  any questions, we would ask that those declarations both be
6  submitted into evidence.
7              THE COURT:  Okay.  Is there any party in interest
8  that would like to be heard with respect to the admission
9  into evidence of the two declarations that Ms. Smith
10 described?
11       (No verbal response)
12             THE COURT:  Seeing none, the declarations will be
13 admitted.
14       (Kinsley declaration received into evidence)
15       (Doheny declaration received into evidence)
16             THE COURT:  Is there any party in interest that
17 wishes to cross-examine either of the declarants?
18       (No verbal response)
19             THE COURT:  Okay.  Seeing none, Ms. Smith, you can
20 proceed.
21             MS. SMITH:  Thank you, Your Honor.
22             As I stated, CBRE will be the debtors' exclusive
23 real estate broker.  We did not receive any objections to the
24 application, either formal or informal.  That is largely due
25 to the fact that we worked very extensively with Ms. Leamy's

1  offices prior to the filing and were able to resolve our
2  issues.  We, of course, appreciate her and her colleagues
3  working with us so collaboratively on that.  We also were
4  able to resolve any outstanding issues with the committee in
5  advance of filing.  So, as I stated, there have been no
6  objections received.
7            I am happy to go through the application and order
8  in more detail, but unless Your Honor has any questions, we
9  ask that the order be approved.
10           THE COURT:  Very well.  So, I have reviewed the
11 motion, the application, and the proposed order and don't
12 have my own questions. So, why don't we see if there is any
13 party in interest that would like to be heard with respect to
14 that matter.  Anyone who would like to be heard?
15      (No verbal response)
16           THE COURT:  Okay.  Seeing none, I have reviewed
17 the motion and the order.  I am satisfied that the relief
18 sought is appropriate and we will enter that order.  I should
19 say, I appreciate everyone hoping on the Zoom.  This was a
20 circumstance where we shortened notice and I thought it at
21 least appropriate, as a matter of process, to give folks --
22 to make sure that there wasn't anyone who wanted to be heard
23 in opposition which is why we are having this hearing.  So, I
24 appreciate everyone's patience.  I get that there is an
25 element of pure formality to it, but as a matter of process I

1  was more comfortable doing it this way then just entering the
2  order.  So, thanks to everyone for indulging that.
3          Ms. Smith, is there anything further on the agenda
4  this morning?
5          MS. SMITH:  No, but I did just want to also flag
6  earlier this week or it may have been last week, my days are
7  running together, I apologize, we did file a certification of
8  counsel for a revised Ducera Partners order and that just
9  reflects an amended compensation structure that was agreed to
10 in connection with CBRE's retention.  Not in connection to
11 but simultaneously with.
12         THE COURT:  Got it.  I'm not sure I have seen that
13 certification.  So, we will go back and check to see where it
14 is and if we need anything further, we will reach out to
15 counsel to make sure we have got what we need, but we will
16 look at that and if that's under certification and the
17 absence of there being an issue we will go ahead and enter
18 the order. If there is an issue we will set it for hearing.
19         MS. SMITH:  Perfect.  Thank you, Your Honor.
20         THE COURT:  Okay.  Anything further from the
21 debtors perspective, Ms. Smith?
22         MS. SMITH:  Nope.  That's it.
23         THE COURT:  Okay.  While we're here this morning,
24 is there any other party that would like to be heard with
25 respect to any matter?

1       (No verbal response)
2            THE COURT:  Okay.  Seeing no one, we will go ahead
3  and enter the order on the CBRE retention and look at the
4  Ducera issue.  With that, looking forward to seeing folks
5  again soon.  Until then we are adjourned.  Thank you.
6       (Proceedings concluded at 10:06 a.m.)

```
 1                        CERTIFICATION
 2           I certify that the foregoing is a correct
 3   transcript from the electronic sound recording of the
 4   proceedings in the above-entitled matter to the best of my
 5   knowledge and ability.
 6
 7   /s/ Tracey J. Williams                    August 23, 2024
 8   Tracey J. Williams, CET-914
 9   Certified Court Transcriptionist
10   For Reliable
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```