**EXHIBIT C**

**Equity Holders' Proposal**

*SUBJECT TO FRE 408*

_____

**YELLOW CORPORATION
JOINT PLAN OF REORGANIZATION TERM SHEET**

_____

**THIS RESTRUCTURING TERM SHEET IS NOT AN OFFER OR A SOLICITATION WITH RESPECT TO ANY SECURITIES OF YELLOW CORP. OR ITS AFFILIATES. ANY SUCH OFFER OR SOLICITATION SHALL COMPLY WITH ALL APPLICABLE SECURITIES LAWS AND/OR PROVISIONS OF THE BANKRUPTCY CODE.**

*RESTRUCTURING TERM SHEET*

INTRODUCTION

This restructuring term sheet (this "**Restructuring Term Sheet**") describes the terms of a restructuring (the "**Restructuring**") of Yellow Corporation and its affiliated Debtors and Debtors in possession ("**Yellow**" or the "**Debtors**") in cases pending under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

The Debtors will implement the Restructuring through a plan of reorganization (as it may be amended or supplemented from time to time, including all exhibits, schedules, supplements, appendices, annexes and attachments thereto, the "**Plan of Reorganization**"), which shall be consistent with the terms of this Restructuring Term Sheet, under chapter 11 of the Bankruptcy Code. This Restructuring Term Sheet incorporates the rules of construction set forth in section 102 of the Bankruptcy Code.

The governing documents with respect to the Restructuring will contain terms and conditions that are dependent on each other, including those described in this Restructuring Term Sheet.

This Restructuring Term Sheet does not include a description of all of the terms, conditions, and other provisions that are to be contained in the definitive documentation governing the Restructuring. The Restructuring will not contain any material terms or conditions that are inconsistent in any material respect with this Restructuring Term Sheet. This Restructuring Term Sheet is confidential and may not be released to any other party unless consented to by the Debtors.

This Restructuring Term Sheet is a draft, is intended for discussions purposes, and is subject to Federal Rule of Evidence 408. This Restructuring Term Sheet has not been approved by the board of directors of the Debtors.

| | **OVERVIEW** |
|---|---|
| **Debt and Enterprise Value Assumptions**[1] | **Plan Effective Date.** January 31, 2025<br><br>**Amount Of Allowed Claims (Unclassified and Classes 1-5)**. $750 million (including accrued postpetition interest).<br><br>**Plan Enterprise Value**. **[$1.4 billion]**<br><br>**Means For Implementation.** To fund payment in full of all holders of allowed claims prior to distribution to equity, the Debtors will use $340 million cash on hand + $300 million Secured Notes + $150 million Rights Offering (inclusive of working capital upon emergence) |
| | **Debt.** $300 million in secured notes (the **"Secured Notes"**).<br><br>**Common Stock.** Subject to the Rights Offering, Reorganized Yellow shall issue a single class of common stock (the "**Common Stock**") on the effective date of the Plan of Reorganization (the "**Effective Date**"), which stock shall be deemed fully paid and non-assessable.<br><br>**Management Equity Plan.** There shall be allocated sufficient shares of Common Stock to provide a Management Equity Plan (as defined below) with a reserve for equity awards of Common Stock. |
| **Section 1145** | The debt and equity securities issued under the Plan of Reorganization will be exempt from registration under the Securities Act of 1933 pursuant to section 1145 of the Bankruptcy Code. |
| **Distributions** | Each holder of an Allowed Claim (as defined in section 101(5) of the Bankruptcy Code) against, or Interest in, the Debtors, as applicable, shall receive under the Plan of Reorganization the treatment described below (or such less favorable treatment as may be agreed by the Debtors and the holder of such Allowed Claim or Interest) in exchange for such holder's Allowed Claim or Interest. |
| | **CLASSIFICATION AND TREATMENT OF CLAIMS** |
| | **Unclassified Claims** |
| **Administrative Claims** | Each holder of an allowed administrative claim, including claims of the type described in section 503(b)(9) (to the extent not already paid during the chapter 11 case) of the Bankruptcy Code, shall receive payment in full (in cash) of the unpaid portion of its allowed administrative claim on the Effective Date or as soon thereafter as practicable (or, if payment is not then due, shall be paid in accordance with its terms) or pursuant to such other terms as may be agreed to by the holder of such claim and the Debtors.<br><br>Not classified; non-voting on plan of reorganization. |

---

[1] These are not conditions but are assumptions.

| | |
|---|---|
| **Priority Tax Claims** | Priority tax claims shall be treated in accordance with section 1129(a)(9)(C) of the Bankruptcy Code.<br><br>Not classified; non-voting on plan of reorganization. |
| **Classified Claims and Interests** ||
| **Class 1—Other Priority Claims** | All claims accorded priority in right of payment under section 507(a) of the Bankruptcy Code, other than priority tax claims against the Debtors, shall be paid in full in cash on the later of the Effective Date or the allowance of the claim; *provided*, that, subject to Bankruptcy Court approval, priority wage claims against the Debtors may be paid in full in the ordinary course of business.<br><br>Unimpaired; not entitled to vote – deemed to accept. |
| **Class 2—Other Secured Claims** | Each holder of an Other Secured Claim against the Debtors shall receive the following treatment, at the option of the Debtors: (a) payment in full (in cash) on the Effective Date or as soon thereafter as practicable to the extent secured; (b) delivery of collateral securing any such claim and payment of any interest required under section 506(b) of the Bankruptcy Code; or (c) other treatment rendering such claim unimpaired.<br><br>Unimpaired; not entitled to vote – deemed to accept. |
| **Class 3—Prepetition Administrative Convenience Class Claims** | Prepetition Administrative Convenience Class Claim shall consist of general unsecured claims in an Allowed amount, including postpetition interest, not to exceed **[$1 million]**. Any holder with an Allowed general unsecured claim holding a claim in excess of [**$1 million**] can opt into this class by agreeing to cap its claim at $1 million.<br><br>Each holder of a Prepetition Administrative Convenience Class Claim shall have the option of receiving (a) **[90%]** of such Allowed Claim, in cash or (b) the Note as provided to Class 4 Creditors.<br><br>Each holder of a Prepetition Administrative Convenience Class Claim shall be deemed to be paid in full on account of its claim.<br><br>Impaired; entitled to vote. |
| **Class 4—Prepetition Trade-Vendor Claims** | Prepetition Trade-Vendor Claim shall consist of general unsecured claims of Persons (as defined in 11 U.S.C. § 101(41)) that provided goods or services in the ordinary course of business, excluding (a) any Person subject to a collective bargaining agreement or any pension, health or welfare benefits plan, and such Claim arose in the ordinary course of business or (b) any claims arising from rejection of a lease or executory contract.<br><br>Each holder of a Prepetition Trade-Vendor Claim shall have the option of receiving (a) **[90%]** of such Allowed Claim (excluding postpetition interest), in cash or (b) a Note issued in an amount equal to the present value of the Allowed Claim (including postpetition interest) as of the Effective Date.<br><br>Each holder of a Prepetition Trade-Vendor Claim shall be deemed to be paid in full on account of its claim.<br><br>Impaired; entitled to vote. |
| **Class 5—Other General Unsecured Claims** | "Other General Unsecured Claims" against the Debtors shall consist of all other general unsecured claims against the Debtors. Each holder of an |

| | |
|---|---|
| | allowed General Unsecured Claim against the Debtors shall receive (a) cash equal to 40% of such Allowed Claim (including postpetition interest) as of the Effective Date and (b) a Note issued in an amount equal to the present value of the remaining Allowed Claim (including postpetition interest) as of the Effective Date.<br><br>Each holder of an Other General Unsecured Claim shall be deemed to be paid in full on account of its claim.<br><br>Impaired; entitled to vote. |
| **Class 6—Intercompany Claims** | To be allowed, disallowed, or compromised in the manner that is most cost-effective and tax advantageous. |
| **Class 7—Yellow Equity Interests** | Each holder of Equity Interests shall receive 1 share of Reorganized Yellow stock not reserved for the Rights Offering or the MIP for every Equity Interest.<br><br>Impaired; entitled to vote. |
| **Class 8—Intercompany Equity Interests** | To be allowed, disallowed, or compromised in the manner that is most cost-effective and tax advantageous. |
| **GENERAL PROVISIONS** ||
| **Rights Offering/Back-Stop** | A. The rights offering ("**Rights Offering**") will be used to raise [**$150**] million to pay cash as required for Classes 3, 4 and 5 and to fund post-confirmation working capital needs. In exchange, participants in the Rights Offering shall receive shares of Reorganized Yellow at a [__%] discount to a $650 million Plan of Reorganization equity value.<br><br>B. MFN Partners, LP, Conversant Capital LLC and Carronade Capital Management, LP (collectively, the "**Backstop Parties**") will backstop the rights offering, subject to a fee, payable in equity in the reorganized company ("**Reorganized Yellow**"), and a direct rights offering participating right, each of which shall be agreed upon by the Debtors and the Backstop Parties.<br><br>C. Participation in the rights offering is available to any qualified existing Yellow shareholder as of a selected record date. |
| **Management Equity Plan** | On the Effective Date, Reorganized Yellow shall implement the Management Equity Plan (the "**Management Equity Plan**") for the benefit of employees and independent members of the Reorganized Yellow Board of Directors. Reorganized Yellow shall allocate 5% of Reorganized Yellow to be awarded to participants in the Management Equity Plan. |
| **Note** | Each Secured Note shall have the following material terms<br><br>Maturity date<br>Interest rate<br>Security<br>Optional prepayment<br>Covenants<br><br>In each case to be determined and agreed upon by the Debtors and the Backstop Parties. |

| | |
|---|---|
| | |
| **Executory Contracts and Unexpired Leases** | Executory contracts and unexpired leases shall be assumed or rejected, as the case may be, in the Debtors' discretion, in the Plan of Reorganization to the extent that any such executory contracts and unexpired leases have not been assumed or rejected by the Debtors in its discretion during the pendency of the chapter 11 reorganization. |
| **Restructuring Transactions** | The order, consistent with this Restructuring Term Sheet, entered by the Bankruptcy Court confirming the Plan of Reorganization (the "**Confirmation Order**") shall be deemed to authorize, among other things, all actions as may be necessary or appropriate to effect any transaction described in, approved by, contemplated by, or necessary to effectuate the Plan of Reorganization.<br><br>Debtors shall seek recognition of the chapter 11 cases in Canada and seek any necessary injunctions or orders to preserve assets or executory contracts as may be needed to maintain or enforce any contracts, licenses, assets or any other right, privilege or benefit that may be governed or subject to the laws or jurisdiction of the United Kingdom. |
| **Discharge of Claims and Termination of Interests** | Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan of Reorganization or in any contract, instrument, or other agreement or document created pursuant to the Plan of Reorganization, the distributions, rights, and treatment that are provided in the Plan of Reorganization shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of, Claims and Interests, and causes of action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in, the Debtors or any of its assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan of Reorganization on account of such Claims and Interests, including demands, liabilities, and causes of action that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims or Interests relate to services performed by employees of the Debtors before the Effective Date and that arise from a termination of employment, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not: (1) a proof of claim based upon such debt or right is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (2) a Claim or Interest based upon such debt, right, or Interest is allowed pursuant to section 502 of the Bankruptcy Code; or (3) the holder of such a Claim or Interest has accepted the Plan of Reorganization. Any default or "event of default" by the Debtors with respect to any Claim or Interest that existed immediately before or on account of the filing of the chapter 11 case shall be deemed cured (and no longer continuing) as of the Effective Date. The Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the Effective Date occurring. |
| **Retention of Jurisdiction** | The Bankruptcy Court shall retain jurisdiction for customary matters. |

| | |
|---|---|
| **RELEASES** | |
| **Debtors Releases** | TBD |
| **Indemnification/ Exculpation** | Customary indemnification and exculpation provisions consistent with prevailing law in the Third Circuit. |
| **Discharge** | Customary discharge provisions. |
| **Injunction** | Customary injunction provisions. |
| **Indemnification of Prepetition Officers and Directors** | Under the Plan of Reorganization, all indemnification provisions currently in place (whether in the by-laws, certificate of incorporation, board resolutions, indemnification agreements or employment contracts) for the current and former directors, officers, employees, attorneys, accountants, investment bankers and other professionals of the Debtors shall be assumed and shall survive the effectiveness of the Plan of Reorganization. |
| **PLAN IMPLEMENTATION** | |
| **Conditions Precedent to Plan Confirmation** | (i) The Bankruptcy Court shall have granted summary judgment in favor of the Debtors disallowing, or otherwise disallowed by entered order or judgment, (x) claims subject to the **[SFA summary judgments]** and other pension withdrawal liability claims with similar legal issues regarding calculation of unfunded vested benefits or assessment of pension withdrawal liability, (y) WARN (and WARN-related) claims, and (z) proof of claim #19438, and any such orders or judgments shall not be stayed (without a bond equal to Plan equity value) as of the Plan Effective Date; *provided, however*, this condition shall be satisfied for a listed claim objection if the Debtors, with the consent of a majority of existing holders of equity interests, propose, and the Bankruptcy Court approves, a settlement of such claim objection; <br><br> (ii) The disclosure statement shall have been approved; <br><br> (iii) The Plan of Reorganization, including any amendments, modifications or supplements thereto, and all documentation contemplated by this Restructuring Term Sheet or the Plan of Reorganization, shall be in form and substance reasonably satisfactory to the Backstop Parties; and <br><br> (iv) The Bankruptcy Court shall have entered an order confirming the Plan of Reorganization, which order shall be in form and substance reasonably satisfactory to the Backstop Parties. |
| **Reorganized Yellow Corporate Governance** | Reorganized Yellow's Board of Directors shall consist of five individuals. <br><br> Two shall be appointed by holders of a majority of Allowed Interests and two shall be appointed by the Backstop Parties. <br><br> One shall be an independent Person appointed by the Debtors' estate; provided, however, if there is an objection lodged to such Person that is sustained by the Bankruptcy Court, then the Bankruptcy Court shall determine which party or parties have the right to appoint the independent director. |

| | |
|---|---|
| **Post-confirmation Claim Objections** | Reorganized Yellow shall have exclusive standing to prosecute all Claim Objections or claims and causes of action, all of which shall be retained pursuant to 11 U.S.C. § 1123(b)(3), including pursuant to 11 U.S.C. § 541, 544, 547, 548, 549 and 550, including any appeals. |