**Exhibit A**

DE:4879-8818-9172.1 96859.001

# UNITED STATES BANKRUPTCY COURT

District of Delaware

In re: Yellow Corporation, et al.
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 23-11069 (CTG)

Chapter 11

Adv. Proc. No. _____

**SUBPOENA TO TESTIFY AT A DEPOSITION AND TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Wisconsin Department of Workforce Development; c/o Michael Morris, 201 E. Washington Ave P.O. Box 7946, Madison, WI 53707

*(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: See Exhibit B attached.

| PLACE | DATE AND TIME |
|---|---|
| Stafford Rosenbaum LLP, 222 W. Washington Ave., Ste. 900, Madison, WI 53703 | November 8, 2024 at 11:00 A.M. Central Time |

The deposition will be recorded by this method: Stenographic and videographic

■ *Production*: You, or your representatives, must produce the electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the materials set forth in Exhibit A hereto, which shall be produced to Debtors' counsel no later than November 7, 2024.

 The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/31/2024

CLERK OF COURT

_____    /s/ Laura Davis Jones
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

OR

The name, address, email address, and telephone number of the attorney representing *(name of party)* Yellow Corporation, who issues or requests this subpoena, are:
Laura Davis Jones, ljones@pszjlaw.com, 919 N. Market St., 17th Fl., P.O. Box 8705, Wilmington, DE 19899-8705, (302) 652-4100

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

 I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

### **INSTRUCTIONS**

1. You have a continuing duty to supplement or correct any disclosure or response you provide to the requests below.

2. To the extent you object to any of the below, you must: state your objection(s) with specificity; state whether you are withholding any materials on the basis of your objection(s); and, to the degree you are withholding any materials on the basis of your objection(s), identify those materials. FED. R. CIV. P. 34(b)(2)(C); FED. R. BANKR. P. 7034.

3. The definitions apply to these Instructions and each of the succeeding Requests. All terms defined below shall have the meanings set forth therein, whether capitalized in the Requests or not.

4. You are required to search for all Documents within your possession, custody, or control, wherever located, including, without limitation, any Documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at his/her residence or place(s) of business), in order to fully respond to these Requests.

5. All Requests shall be deemed to include requests for any and all transmittal sheets, cover letters, enclosures, or any other annexes or attachments to the Documents. You are to produce the original and all non-identical copies, including all drafts of each Document requested. If You are not able to produce the original of any Document, please produce the best available copy and all non-identical copies, including drafts. Any Document that cannot be produced in full shall be produced to the fullest extent possible.

6. In accordance with Rule 34(b) of the Federal Rules, as incorporated by Rules 7034 and 9014 of the Bankruptcy Rules, as applicable, Documents shall be produced as they are kept in

the ordinary course of business or shall be organized and labeled to correspondence with the categories in each Request. The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file shall be set forth. All Documents requested herein shall be produced electronically as tagged image file format ("**TIFF**") or portable Document format ("**PDF**") files, except that all spreadsheets and accounting and financial data, including those created with Excel software, shall be produced in a fully functional native form (i.e., in a linked format).

7. If You elect to use search terms to identify potentially responsive documents and ESI, You shall identify and propose to Debtors an initial list of search terms and custodians that are likely to contain responsive documents and ESI, and the Parties will meet and confer regarding those terms and any additional terms, or other requested changes, proposed by Debtors.

8. If the meaning of any term in any Request herein is unclear to You, without waiving of the right to seek a full and complete response to the Request, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

9. In accordance with Rule 34(b) of the Federal Rules, as incorporated by Rules 7034 and 9014 of the Bankruptcy Rules, as applicable, objections to any part of these Requests shall be stated in full and with specificity. In the event You interpose an objection to a Request, You must produce the Documents to which objection is not made or provide testimony or information not objected to, as the case may be.

10. Each Request shall be deemed continuing so as to require prompt supplementation if You obtain, generate, or discover additional Documents or information. If, after responding, You obtain or become aware of any additional Documents or information responsive to these

Requests, production of such additional Documents or information shall be made forthwith as required by Rule 26 of the Federal Rules, as incorporated by Rules 7026 and 9014 of the Bankruptcy Rules, as applicable.

11. If you claim that any Document or Communication responsive to any of the Requests herein is privileged or otherwise immune from discovery as work product, You shall respond to the Request to the extent to which it is not objected and explain the grounds upon which the objection is based by providing the full identification of the withheld Documents, thing or portion thereof, including:

    a. its date;

    b. the identity of all persons who prepared, signed and/or were involved with the Document or Communication;

    c. a summary of its contents or its general subject matter;

    d. the identities of all persons to whom the Document, Communication, or any copies thereof were circulated or its contents communicated; and

    e. the specific grounds for not responding in full, including the nature of the privilege (e.g., attorney client privilege, work product) or other rule of law relied upon to withhold the Document or Communication, and the facts supporting those grounds.

12. Any purportedly privileged Document containing non-privileged matter must be produced, with the purportedly privileged portion redacted.

13. If You are aware of any Document or Communication requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production for any reason whatsoever, You shall provide:

    a. a full identification of each such Document or Communication, including its author, addressee, recipient, date, and general type (e.g., letter, report);

    b. the identities of all persons who participated in preparing and/or signing the Document or Communication;

    c. the date and manner of disposal;

    d.    the reason for disposal;

    e.    the identity of any person who has possession, custody, or control of a partial or complete copy of such Document or Communication; and

    f.    the identity of all persons who participated in and/or authorized the destruction or discarding or who have knowledge of the date and circumstances surrounding the destruction or discarding.

14.    Whenever necessary to bring within the scope of a Request any Documents or information that might otherwise be construed as outside its scope:

    a.    the use of a verb in any tense shall be construed as the use of that verb in all other tenses;

    b.    the use of a word in its singular form shall be deemed to include within its use the plural form, and vice versa;

    c.    the use of the masculine form of a noun or pronoun shall include the feminine form, and vice versa;

    d.    the use of the conjunctive or disjunctive, respectively, shall be construed as necessary to be inclusive rather than exclusive;

    e.    the use of terms "and," "or," or "and/or" shall be construed as encompassing "and," "or," and "and/or"; and

    f.    the terms "all," "each," and "all/each" shall be construed as all, each, and any.

## DEFINITIONS

The following definitions shall apply to each Request and be construed in the broadest sense permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, or any other applicable law or rules.

1.    "**DWD**" or "**You**" shall mean the Wisconsin Department of Workforce Development, as well as any of their present or former officers, employees, representatives, professionals, and all other persons acting or purporting to act on their behalf, including but not limited to personnel in the DWD Equal Rights Division, Natalie Riopelle, Matthew White, and Brian Buchanan.

4

2. "**Teamsters**" shall mean the International Brotherhood of Teamsters and Teamsters National Freight Industry Negotiating Committee (collectively, "Teamsters"), as well as any of their present or former agents, affiliates, controlled subsidiaries, officers, directors, managers, principals, members, employees, independent contractors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, professionals, and all other persons acting or purporting to act on their behalf, including but not limited to The Previant Law Firm.

3. "**Debtors**" shall mean the debtors and debtors in possession[1] in the chapter 11 cases pending before The Honorable Judge Craig T. Goldblatt of the United States Bankruptcy Court for the District of Delaware, jointly administered under the caption *In re Yellow Corp., et al.*, Case No. 23-11069 (CTG), as well as any of their present or former agents, affiliates, predecessors, controlled subsidiaries, officers, directors, managers, principals, members, employees, independent contractors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, professionals, and all other persons acting or purporting to act on their behalf.

4. "**Local Unions**" shall mean the Teamsters' local unions in Wisconsin, as well as any of their present or former agents, affiliates, controlled subsidiaries, officers, directors, managers, principals, members, employees, independent contractors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants,

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

representatives, professionals, and all other persons acting or purporting to act on their behalf, including but not limited to Scott Soldon, Robert Reimers, Tom Strickland, and Jared Wolski.

5.     **"The Previant Law Firm"** shall mean any of their present or former attorneys, employees, representatives, professionals, and all other persons acting or purporting to act on their behalf, including but not limited to Fred Perillo, Jill Hartley, Emma Woods and Yingtao Ho.

6.     Any references to a corporation, company, partnership, proprietorship, association, organization, group, or any other business or legal entity shall be deemed to include the corporation's, partnership's, proprietorship's, association's, organization's, or other business or legal entities' agents, accountants, advisors, employees, attorneys, officers, directors, direct or indirect shareholders, principals, members, representatives, affiliates, subsidiaries, predecessors, successors, assigns, or any other Person acting or purporting to act on behalf of the corporation, partnership, proprietorship, association, organization, group, or other business or legal entity.

7.     The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

8.     The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

9.     The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.    The term "**including**" shall be construed to mean including, but not limited to.

11.    "**Concerning**" shall mean, in addition to its usual and customary meaning, relating to, discussing, mentioning, evidencing, identifying, embodying, constituting, effecting, referring

to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, relating to, or reflecting the matter specified in the Request.

12.     "**Document**" or "**Documents**" shall have the meaning ascribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication, or representation has been recorded by any means, including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic, or digital recording or information storage of any kind, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including, but not limited to, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, social media posts, and all other writings and recordings of every kind that are in your actual or constructive possession, custody, or control.

13.     "**Communication**" or "**Communications**" shall mean the transmittal of information of any kind, in any form, and by any means, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of Documents. All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memoranda, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, forecasts, emails, text messages, and instant messages. A Request for Documents concerning any Communication among or between specified parties includes a

request for any Communication among or between such parties, whether or not such Communication included or was directed to any other person.

14. "**DWD Complaints**" shall mean all complaints filed by the Local Unions to the Wisconsin Department of Workforce Development, Equal Rights Division ("ERD"), relating to any of the Debtors, including but not limited to ERD Case No. LS202301798.

15. "**Initial Determination**" shall mean the DWD's initial determination issued on July 1, 2024, regarding the DWD Complaint, ERD Case No. LS202301798.

16. "**DWD Appeal**" shall mean the Teamsters' written appeal(s) or request(s) for administrative review filed on or around July 9, 2024 or July 11, 2024, regarding ERD Case No. LS202301798 or ERD Case No. LS202301758.

17. "**DWD Administrative Review**" shall mean the DWD's administrative review conducted between July 9, 2024 through September 18, 2024, regarding the DWD Appeal.

18. "**DWD Remand**" shall mean the DWD's administrative review decision issued on September 18, 2024, regarding the DWD Appeal, consolidated as ERD Case No. LS202301759 during the DWD Administrative Review.

19. "**Relevant Time Period**" shall mean any period between July 26, 2023, to the date hereof, unless a different time period is specified.

20. "**Automatic Stay**" shall mean, pursuant to 11 U.S.C. § 362(a), the automatic stay of, among other things, the commencement or continuation, including the issuance or employment of process, of any judicial action or proceeding to recover a claim against the Debtors' estates that arose before the commencement of the chapter 11 cases on August 6, 2023.

## **DOCUMENT REQUESTS**

1. Please produce all Documents (including but not limited to Communications with Teamsters, the Previant Law Firm, Local Unions, current or former employees of the Debtors, or within DWD) within the Relevant Time Period, Concerning:

   a. any of the Debtors;

   b. the DWD Complaints;

   c. the nature of the Debtors' shutdown;

   d. the DWD's investigation relating to Debtors;

   e. the Initial Determination;

   f. the DWD Appeal;

   g. the DWD Administrative Review;

   h. and the DWD Remand.

**EXHIBIT B**

**DEFINITIONS AND INSTRUCTIONS**

The following definitions and instructions shall apply to each Topic and be construed in the broadest sense permitted by the Federal Rules, the Bankruptcy Rules, the Local Rules, or any other applicable law or rules.

1. "**DWD**" or "**You**" shall mean the Wisconsin Department of Workforce Development, as well as any of their present or former officers, employees, representatives, professionals, and all other persons acting or purporting to act on their behalf, including but not limited to personnel in the DWD Equal Rights Division, Natalie Riopelle, Matthew White, and Brian Buchanan.

2. "**Teamsters**" shall mean the International Brotherhood of Teamsters and Teamsters National Freight Industry Negotiating Committee (collectively, "Teamsters"), as well as any of their present or former agents, affiliates, controlled subsidiaries, officers, directors, managers, principals, members, employees, independent contractors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, professionals, and all other persons acting or purporting to act on their behalf, including but not limited to The Previant Law Firm.

3. "**Debtors**" shall mean the debtors and debtors in possession[2] in the chapter 11 cases pending before The Honorable Judge Craig T. Goldblatt of the United States Bankruptcy Court for the District of Delaware, jointly administered under the caption *In re Yellow Corp., et al.*, Case No. 23-11069 (CTG), as well as any of their present or former agents, affiliates, predecessors, controlled subsidiaries, officers, directors, managers, principals, members, employees,

---

[2] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

10

independent contractors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, professionals, and all other persons acting or purporting to act on their behalf.

4. "**Local Unions**" shall mean the Teamsters' local unions in Wisconsin, as well as any of their present or former agents, affiliates, controlled subsidiaries, officers, directors, managers, principals, members, employees, independent contractors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, professionals, and all other persons acting or purporting to act on their behalf, including but not limited to Scott Soldon, Robert Reimers, Tom Strickland, and Jared Wolski.

5. "**The Previant Law Firm**" shall mean any of their present or former attorneys, employees, representatives, professionals, and all other persons acting or purporting to act on their behalf, including but not limited to Fred Perillo, Jill Hartley, Emma Woods, and Yingtao Ho.

6. Any references to a corporation, company, partnership, proprietorship, association, organization, group, or any other business or legal entity shall be deemed to include the corporation's, partnership's, proprietorship's, association's, organization's, or other business or legal entities' agents, accountants, advisors, employees, attorneys, officers, directors, direct or indirect shareholders, principals, members, representatives, affiliates, subsidiaries, predecessors, successors, assigns, or any other Person acting or purporting to act on behalf of the corporation, partnership, proprietorship, association, organization, group, or other business or legal entity.

7. The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

8. The terms "**all**," "**any**," and "**each**" shall each be construed as encompassing any and all.

9. The connectives "**and**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. The term "**including**" shall be construed to mean including, but not limited to.

11. "**Concerning**" shall mean, in addition to its usual and customary meaning, relating to, discussing, mentioning, evidencing, identifying, embodying, constituting, effecting, referring to, assessing, recording, analyzing, describing, evaluating, memorializing, about, regarding, touching upon, listing, relating to, or reflecting the matter specified in the Request.

12. "**Document**" or "**Documents**" shall have the meaning ascribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, communication, or representation has been recorded by any means, including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic, or digital recording or information storage of any kind, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including, but not limited to, working papers, preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, social media posts, and all other writings and recordings of every kind that are in your actual or constructive possession, custody, or control.

13. "**Communication**" or "**Communications**" shall mean the transmittal of information of any kind, in any form, and by any means, and therefore includes, but is not limited

to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of Documents. All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memoranda, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, forecasts, emails, text messages, and instant messages. A Request for Documents concerning any Communication among or between specified parties includes a request for any Communication among or between such parties, whether or not such Communication included or was directed to any other person.

14. "**DWD Complaints**" shall mean all complaints filed by the Local Unions to the Wisconsin Department of Workforce Development, Equal Rights Division ("ERD"), relating to any of the Debtors, including but not limited to ERD Case No. LS202301798.

15. "**Initial Determination**" shall mean the DWD's initial determination issued on July 1, 2024, regarding the DWD Complaint, ERD Case No. LS202301798.

16. "**DWD Appeal**" shall mean the Teamsters' written appeal(s) or request(s) for administrative review filed on or around July 9, 2024 or July 11, 2024, regarding ERD Case No. LS202301798 or ERD Case No. LS202301758.

17. "**DWD Administrative Review**" shall mean the DWD's administrative review conducted between July 9, 2024 through September 18, 2024, regarding the DWD Appeal.

18. "**DWD Remand**" shall mean the DWD's administrative review decision issued on September 18, 2024, regarding the DWD Appeal, consolidated as ERD Case No. LS202301759 during the DWD Administrative Review.

19. "**Relevant Time Period**" shall mean any period between July 26, 2023, to the date hereof, unless a different time period is specified.

20. **Automatic Stay**" shall mean, pursuant to 11 U.S.C. § 362(a), the automatic stay of, among other things, the commencement or continuation, including the issuance or employment of process, of any judicial action or proceeding to recover a claim against the Debtors' estates that arose before the commencement of the chapter 11 cases on August 6, 2023.

## TOPICS OF EXAMINATION

1. The reason(s) DWD began its investigation relating to Debtors.

2. All persons DWD communicated with and the substance of those communications prior to initiating its investigation relating to Debtors.

3. The investigative process for reviewing the DWD Complaints and the individuals involved in that investigation.

4. Communications between individuals involved in the investigative process for the DWD Complaints and any individuals from the Teamsters; any individuals from Local Unions (including but not limited to Scott Soldon, Robert Reimers, Tom Strickland, and/or Jared Wolski); any current or former employees of the Debtors; and/or any individuals from Previant Law Firm (including Fred Perillo, Jill Hartley, Emma Woods, and/or Yingtao Ho).

5. The DWD Administrative Review appeal process that resulted in the appeal of the Initial Determination.

6. The names and roles of the DWD individuals involved in the Initial Determination.

7. Communications between individuals involved in the DWD Administrative Review, and any individuals from Teamsters; any individuals from Local Unions (including but not limited to Scott Soldon, Robert Reimers, Tom Strickland, and/or Jared Wolski); and any individuals from Previant Law Firm (including but not limited to Fred Perillo, Jill Hartley, Emma Woods, and/or Yingtao Ho).

14

8. Any and all discussions with Teamsters, Local Unions, Scott Soldon, Robert Reimers, Tom Strickland, Jared Wolski, Emma Woods, and/or any person associated with The Previant Law Firm, Concerning any of the Debtors, DWD Complaints, the nature of the Debtors' shutdown, the Initial Determination, the DWD Appeal, the DWD Administrative Review, the DWD Remand, or the Automatic Stay.

9. Any and all evidence, including Documents and Communications, submitted on behalf of Teamsters or Local Unions Concerning any of the Debtors, the DWD Complaints, the nature of the Debtors' shutdown, the Initial Determination, the DWD Appeal, the DWD Administrative Review, the DWD Remand, or the Automatic Stay.