# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| YELLOW CORPORATION, et al., ) | |
| ) | Lead Case No. 23-11069 (CTG) |
| Debtors. ) | |

### AFFIDAVIT OF ANDREW SPRAU

State of Illinois )
               ) SS
County of Cook )

I, Andrew M. Sprau, having been duly sworn on oath, depose and state as follows:

1. I am the Group Manager of the Operations Accounting Group at Central States, Southeast and Southwest Areas Pension Fund ("Central States Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2. As part of my role as Group Manager of the Operations Accounting Group, I oversee the department that collects withdrawal liability owed to Central States Pension Fund. If an employer completely or partially withdraws from Central States Pension Fund, one of my staff members or I calculate the withdrawal liability due and notify the employer of the assessment in accordance with 29 U.S.C. § 1399(b)(1).

3. In the regular course of business, Central States Pension Fund maintains files for every employer who has participated and/or withdrawn from participation in Central States Pension Fund, including YRC Inc. ("YRC") and USF Holland LLC ("USFH"), which I understand to be two of the Debtors in the above-captioned bankruptcy case. Those files are under my dominion and control.

1

4.     Central States Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3), with its principal and only office located at 8647 West Higgins Road in Chicago, Illinois.

5.     Central States Pension Fund is governed by and in accordance with its Trust Agreement and its plan document. I am familiar with both the Trust Agreement and the plan document.

6.     Central States Pension Fund is primarily funded by contributions remitted by participating employers pursuant to collective bargaining agreements that those employers negotiated and entered into with local unions affiliated with the International Brotherhood of Teamsters ("IBT"), and all principal and income from such contributions is used for the exclusive purpose of providing pension benefits to participants and beneficiaries of Central States Pension Fund and paying Central States Pension Fund's administrative expenses.

7.     YRC and USFH were each contributing employers to Central States Pension Fund and were obligated to contribute to Central States Pension Fund on behalf of certain employees pursuant to collective bargaining agreements in effect with various local unions affiliated with the IBT.

8.     On July 23, 2023, YRC and USFH effected a complete withdrawal from Central States Pension Fund.

9.     I personally supervised the calculation and preparation of Central States Pension Fund's proofs of claim in this matter, including the proofs of claim relating to withdrawal liability.

10.    In calculating its proofs of claim for withdrawal liability, Central States Pension Fund determined that Debtors' allocable share of unfunded vested benefits under 29 U.S.C.

§ 1391(c)(2) was $4,827,470,743.87. (*See, e.g.*, Claim No. 4312, at 5 (stating that the unadjusted share of allocable unfunded vested benefits is $4,827,470,743.87).)

11.     A 50% reduction in the unfunded vested benefits allocable to Debtors would reduce the amount of the unfunded vested benefits allocable to Debtors to $2,413,735,371.94.

12.     Following the Court's Memorandum Opinion, Central States Pension Fund calculated the annual payment amount Debtors would owe under 29 U.S.C. § 1399(c) to be $78,990,326.84 per year. To calculate this payment amount under 29 U.S.C. § 1399(c)(1)(C)(i), Central States Pension Fund first determined that the period of 3 consecutive plan years during the 10 plan years (2013-2022) before the year of withdrawal (2023) in which Debtors' contribution base units ("CBUs", which are equivalent to one week of full time work by one employee) were the highest was the period of 2014 through 2016. *See* 29 U.S.C. § 1399(c)(1)(C)(ii). In those three years, the Debtors' covered employees performed the equivalent of 745,321.00, 736,429.60, and 742,284.89 CBUs of work (rounded to the nearest hundredth), respectively. Accordingly, the average annual amount of CBUs performed by covered employees of Debtors during that three-year period was 741,345.1604167 CBUs per year. Central States Pension Fund then multiplied this amount by $106.55 per week (equivalent to a daily contribution rate of $21.31), which is the highest contribution rate paid by Debtors in the 10-year period (2014-2023) ending with the year of withdrawal (2023). *See* 29 U.S.C. § 1399(c)(1)(C)(i).

**[Remainder of Page Intentionally Left Blank]**

13. Amortizing $2,413,735,371.94 over equal annual payments of $78,990,326.84 under 29 U.S.C. § 1399(c)(1)(A) would require more than 20 such annual payments of $78,990,326.84.

**FURTHER AFFIANT SAYETH NOT.**

Andrew M. Sprau

Subscribed and sworn to before me, a Notary Public, this 6th day of November 2024

Notary Public

OFFICIAL SEAL
KARI SCHOFIELD
Notary Public, State of Illinois
Commission No. 684405
My Commission Expires
October 09, 2027