# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> YELLOW CORPORATION, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-11069 (CTG) <br><br> (Jointly Administered) <br><br> Re: Docket No. 4582 <br> Hearing Date: November 21, 2024 at 9:30 AM (ET) |

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING MOTION OF DEBTORS FOR ENTRY OF AN ORDER APPROVING (I) THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES, (III) THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this statement (the "Statement") regarding the *Motion of Debtors for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Voting Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 4582] (the "Disclosure Statement Motion"), filed in connection with the *First Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 4580] (the "Plan") and the *First Amended Disclosure Statement for the Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

*Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 4581] (the "Disclosure Statement").[2] In support of this Statement, the Committee respectfully states as follows:

## STATEMENT

1. Over the past several months, the Committee has worked constructively with the Debtors to develop a liquidating plan designed to monetize the Debtors' remaining assets, reconcile claims (and resolve disputes relating to such claims where applicable), and effectuate distributions to unsecured creditors. These efforts have been productive, and the Plan on file incorporates many of the Committee's comments and is reflective of the type of "waterfall" plan that the Committee had sought to implement when it contested the Debtors' exclusivity extension earlier this year. However, certain issues remain unresolved, including one overarching issue that is of critical importance to the Committee and to unsecured creditors, who are the clear beneficiaries of the value remaining in these estates: the selection of the Liquidating Trustee and the Liquidating Trust Board of Managers. With this important issue unresolved, the Committee is not supportive of the Plan in its current form and therefore cannot recommend that unsecured creditors vote in favor of the Plan. Accordingly, the Committee files this Statement both to preview for the Court and other parties in interest its forthcoming confirmation objection (to the extent the parties are not able to resolve the issue prior to the confirmation hearing), and to advise unsecured creditors of the Committee's current position in respect of the Plan.

2. The Plan currently provides that the Debtors will select the Liquidating Trustee and all three managers on the Liquidating Trust Board of Managers, leaving the Committee with mere consultation rights. Plan at 12 ¶¶ 74, 79. The Liquidating Trustee and the Liquidating Trust Board

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Disclosure Statement Motion or Plan, as applicable.

of Managers will, in turn, be vested with the authority to make important decisions regarding, among other things, the disposition of all remaining assets and the resolution of disputed claims, which decisions (among others) will have a direct and material economic impact on the Liquidating Trust's Beneficiaries, i.e., general unsecured creditors. The Committee believes that the Debtors' proposed control of the Liquidating Trust's governance is contrary to the interests of unsecured creditors, inappropriate under the circumstances, and inconsistent with applicable legal precedent.

3. The right to control the governance of the Liquidating Trust in these cases rightfully belongs to unsecured creditors, who the Debtors themselves concede are the *sole* beneficiaries of the Liquidating Trust, and for whose benefit *all* of the Debtors' remaining assets will be liquidated.[3] *See, e.g.*, Plan Art. III.B.6 and Art. VIII.C. Indeed, it is standard practice in this jurisdiction and elsewhere for the beneficiaries of a liquidating or litigation trust to control its governance as demonstrated by ample authority. *See, e.g.,* First Amended Joint Plan of Reorganization of the Debtors and Debtors in Possession, *In re American Apparel, Inc.*, No. 15-12055 (BLS) (Bankr. D. Del.), D.I. 687-1 at art. 1 ¶¶ 79, 85 (providing that the litigation trustee and five-member trust board will be selected by the creditors' committee); First Amended Joint Plan of Liquidation of RS Legacy Corporation and Its Debtor Affiliates, *In re RS Legacy Corp.*,

---

[3] Although the Plan provides that Holders of Interests in Yellow Corporation will receive "Equity Liquidating Trust Interests" that entitle such Holders to receive pro rata cash distributions of remaining Distributable Proceeds from the Liquidating Trust, such Holders will receive Distributable Proceeds only if all Allowed General Unsecured Claims have been satisfied in full, including Postpetition Interest. Plan at 10 ¶ 48. The possibility of recoveries for such Holders of Interests in Yellow Corporation is highly unlikely based on the Debtors' own analysis as reflected in the estimated range of recoveries set forth in the Debtors' Liquidation Analysis which reflects that even if Withdrawal Liability Claims are reduced or subordinated by as much as 50%, General Unsecured Claims against YRC, Inc. will recover no more than 37.1%. *See Notice of Filing of Liquidation Analysis in Connection with the First Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket 4829] at 7. In any event, the Plan provides that the Liquidating Trust Board of Managers may be replaced by Holders of Equity Liquidating Trust Interests if Allowed General Unsecured Claims are satisfied in full (including Postpetition Interest). This provision highlights the inequity of the Debtors' current position by giving out-of-the-money holders of equity interests greater rights than the Committee to select the Liquidating Trustee and Liquidating Trust Board of Managers in the event that equity holders are determined to be "in the money."

No. 15-10197 (BLS) (Bankr. D. Del.), D.I. 3067-1 at art. 1 ¶ 91, art. XI.A.3 (providing that the liquidating trustee and the seven-member board will be selected by the creditors' committee); Standard Register Company General Unsecured Creditors' GUC Trust Agreement, *In re The Standard Register Company,* No. 15-10541 (BLS) (Bankr. D. Del.), D.I. 888-1 at art 1.1.22, 7.1 (providing that the liquidating trustee will be selected by the creditors' committee and the GUC liquidating trust oversight committee will be comprised of members of the creditors' committee); Amended and Restated Seventh Plan of Reorganization for DLH Master Land Holding, LLC, *In re DLH Master Land Holding, LLC*, No. 10-30561 (HDH) (Bankr. N.D. Tex.), D.I. 1254 at art. 1.43, 1.76 (providing that the liquidating trustee and trust board will be selected by the creditors' committee).[4] The Debtors have provided no rationale as to why this case should be any different.

---

[4] *See also, e.g.,* Modified Joint Chapter 11 Plan of Liquidation, *In re iSun, Inc.*, Case No. 24-11144 (TMH) (Bankr. D. Del.), D.I. 504 at art. 1 ¶ 70 (providing the creditors' committee with the right to appoint a majority of members of the liquidation trust advisory board); Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Fisker Inc. and Its Debtor Affiliates, *In re Fisker, Inc.*, Case No. 24-11390 (TMH) (Bankr. D. Del.), D.I. 722-1 at art. 1 ¶ 115 (providing that the liquidating trustee will be appointed by the creditors' committee); Second Amended Chapter 11 Plan of Liquidation of Terraform Labs Pte. Ltd. and Terraform Labs Limited, *In re Terraform Labs Pte. Ltd.*, Case No. 24-10070 (BLS) (Bankr. D. Del.), D.I. 734-1 § 1.4 (providing the creditors' committee with the right to select the advisory board of the wind down trust, in consultation with the Debtors and not objectionable to the Securities and Exchange Commission); Fourth Amended Joint Chapter 11 Plan of Liquidation for Seaplane Debtor 1, Inc., *In re Seaplane Debtor 1, Inc.*, Case No. 24-10703 (CTG) (Bankr. D. Del.), D.I. 579 at art. 1 ¶ 76 (providing for appointment of a majority of the members of the litigation trust oversight board by the beneficiaries of such trust); Findings of Fact, Conclusions of Law, and Order Confirming First Amended Joint Plan of Liquidation of Seal123, Inc. and Subsidiary Debtors and Their Official Committee of Unsecured Creditors, *In re Seal123, Inc.*, No. 15-10081 (CSS) (Bankr. D. Del.), D.I. 1111 at 9 ¶ Y (liquidating trustee and initial members of trust oversight committee were selected by the creditors' committee); Modified Third Amended Joint Plan of Liquidation of Coldwater Creek Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, *In re Coldwater Creek Inc.*, No. 14-10867 (BLS) (Bankr. D. Del.), D.I. 981-1 at art. IV.E., IV.F. (providing that the liquidating trustee and the trust board will be selected by the creditors' committee); First Amended Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors, *In re Savient Pharm., Inc.*, No. 13-12680 (MFW) (Bankr. D. Del.), D.I. 689-1 at art. 1.91, 1.95 (same); Fourth Amended Plan of Reorganization of Exide Technologies, *In re Exide Techs.*, No. 13-11482 (KJC) (Bankr. D. Del.), D.I. 3423-1 at art. 1.101, 1.103 (providing that the creditors' committee will select the liquidating trustee and a majority of the three-member GUC liquidating trust board); Liquidating Trust Agreement and Declaration of Trust, *In re Deel, LLC*, No. 10-11310 (BLS) (Bankr. D. Del.), D.I. 1491-1 at art. 8.1, 9.1 (providing that the liquidating trustee and the three-member trust oversight committee will be selected by the creditors' committee); Findings of Fact, Conclusions of Law and Order Confirming First Amended Joint Plan of Liquidation of EBHI Holdings, Inc., *et al.*, *In re EBHI Holdings, Inc.*, No. 09-12099 (MFW) (Bankr. D. Del.), D.I. 1450 at 6 § C.1d (providing that the liquidating trustee and the trust committee will be selected by the creditors' committee).

4.     It is not only standard practice for the beneficiaries of a liquidating trust to control its governance, but it is also mandated by applicable law. Bankruptcy Code section 1123(a)(7) requires that a chapter 11 plan "contain only provisions that are consistent with the interests of creditors . . . and with public policy with respect to the manner of selection of any officer, director, or *trustee* under the plan." 11 U.S.C. § 1123(a)(7) (emphasis added). Courts routinely find compliance with Bankruptcy Code section 1123(a)(7) is predicated on chapter 11 liquidating trust beneficiaries' control over the trusts' governance. *See In re EBHI Holdings, Inc.*, No. 09-12099 (MFW), 2010 Bankr. LEXIS 3062, at *10-11 (Bankr. D. Del. Mar. 18, 2010) (finding that because "[t]he Liquidating Trust Committee that oversees the Liquidating Trustee will be comprised of members appointed by the Creditors' Committee," the plan complied "with section 1123(a)(7) of the Bankruptcy Code, as appropriate for a liquidating plan, in a manner consistent with the interests of creditors and equity security holders and public policy."); *In re Bearingpoint, Inc.,* No. 09-10691 (REG), 2009 Bankr. LEXIS 5045, at *15 (Bankr. S.D.N.Y. Dec. 22, 2009) (finding that, as the liquidating trust will be overseen by an advisory board comprising two members of the creditors' committee, the plan satisfied Bankruptcy Code section 1123(a)(7)); *see also In re Washington Mut., Inc.*, 461 B.R. 200, 221 (Bankr. D. Del. 2011), *vacated in non-relevant part*, 2012 WL 1563880 (Bankr. D. Del. Feb. 24, 2012) (holding that confirmability of the plan required that the liquidating trustee be removable at the discretion of a majority of the trust advisory board and that the composition of such board reflect the constituents who hold liquidating trust interests).

5.     Moreover, the unequivocal right of unsecured creditors to control a liquidating trust in chapter 11 is entirely consistent with the statutory right of unsecured creditors to elect a chapter 7 trustee. *See* 11 U.S.C. § 702(b) (providing unsecured creditors that hold at least 20% of certain eligible claims, excluding claims of insiders or other holders with materially adverse interests,

entitled to distributions have the right to request election of a permanent chapter 7 trustee); *see also, e.g.*, *In re Jack Greenberg, Inc.,* 189 B.R. 906, 910 (Bankr. E.D. Pa. 1995) ("As a general rule, the choice of the unsecured creditors should be recognized and upheld by the court unless the selection was contrary to law, or it appears that the trustee so elected has interests that conflict with those of the general creditors of the estate." (quoting *In re Nanvarok Seven, Inc.*, 148 B.R. 86, 87 (Bankr. D.C. 1992))). This analogy is particularly apt here given that the Debtors are seeking to confirm a liquidating chapter 11 plan for the purposes of establishing a liquidating trust to monetize and distribute value to the only remaining beneficiaries of the Debtors' estates—unsecured creditors.

6. As the sole beneficiaries of the Liquidating Trust, and consistent with the weight of authority set forth herein, unsecured creditors should control the governance of the Liquidating Trust. In an effort to resolve this critical issue of governance, the Committee has agreed to provide the Debtors with reasonable consent rights over the identity of the Liquidating Trustee, and has acknowledged that any conflicts issues that may arise with respect to the resolution of claims held by one or more members of the Liquidating Trust Board of Managers will be resolved in accordance with governance and conflicts procedures to be incorporated in the forthcoming Liquidating Trust Agreement (a document as to which both the Debtors and the Committee already have reasonable consent rights). To date, however, the Debtors have been unwilling to agree to any further modifications to the Plan on file to address the Committee's concerns.

7. The Committee is also continuing to review and analyze certain other issues implicated by the Plan in advance of confirmation and, although the Committee is hopeful that such additional issues will be consensually resolved, the Committee will address these additional issues in its confirmation objection if the parties are not able to reach agreement.

## **RESERVATION OF RIGHTS**

8. This Statement is submitted without prejudice to, and with a full and express reservation of, the Committee's rights to supplement or amend this Statement in advance of, or in connection with, the hearing to approve the Disclosure Statement and/or confirmation of the Plan. Nothing herein is intended to be a waiver by the Committee of any right, objection, argument, claim or defense with respect to any matter, including matters involving the Disclosure Statement and the Plan, all of which are hereby expressly reserved.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Dated: November 18, 2024<br>Wilmington, Delaware | **BENESCH, FRIEDLANDER,**<br>    **COPLAN & ARONOFF LLP**<br><br> /s/ *John C. Gentile*<br>Jennifer R. Hoover (DE No. 5111)<br>Kevin M. Capuzzi (DE No. 5462)<br>John C. Gentile (DE No. 6159)<br>1313 North Market Street, Suite 1201<br>Wilmington, DE 19801<br>Telephone: (302) 442-7010<br>Facsimile:  (302) 442-7012<br>E-mail:   jhoover@beneschlaw.com<br>            kcapuzzi@beneschlaw.com<br>            jgentile@beneschlaw.com<br><br>- and -<br><br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>Philip C. Dublin (admitted *pro hac vice*)<br>Meredith A. Lahaie (admitted *pro hac vice*)<br>Kevin Zuzolo (admitted *pro hac vice*)<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>Email: pdublin@akingump.com<br>          mlahaie@akingump.com<br>          kzuzolo@akingump.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* |