# EXHIBIT A
**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER SUSTAINING DEBTORS' TWENTY-SECOND OMNIBUS (SUBSTANTIVE) OBJECTION TO PROOFS OF CLAIM FOR CARES ACT LIABILITY**

Upon the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), disallowing the claims set forth on **Schedule 1** attached hereto, all as more fully set forth in the Objection; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate and no other notice need be provided, except as set forth herein; and this Court having reviewed the Objection and having heard the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

1

the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. The Proofs of Claim set forth on the attached **Schedule 1** are hereby disallowed and expunged in their entirety to the extent they seek relief based on express or implied violations of the CARES Act, regardless of the theory on which such claims are asserted.

3. To the extent that a response is filed regarding any No Liability CARES Act Claim listed in the Objection and the Debtors are unable to resolve the response, each such No Liability CARES Act Claim and the Objection by the Debtors to each such No Liability CARES Act Claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each claim.  Any stay of this Order pending appeal by a claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

4. The Claims Agent is authorized and directed to modify the claims register in accordance with entry of the relief granted in this Order.

5. Nothing in the Objection or this Order shall be construed as an allowance of any claim.

6. The Debtors' right to object in the future to any No Liability CARES Act Claim listed in this Objection or on the schedules attached hereto on any ground, and to amend, modify, and/or supplement the Objection, including to object to amended or newly filed claims is fully reserved. Any and all rights, claims, and defenses of the Debtors and their estates with respect to any and all of the claims subject to this Objection are reserved, and nothing included in or omitted from the Objection is intended or shall be deemed to impair, prejudice, waive, or otherwise affect any rights, claims, or defenses of the Debtors and their estates with respect to such claims.

7. To the extent that the Objection does not comply in all respects with the requirements of Local Rule 3007-1, the requirements of Local Rule 3007-1 are waived.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

\* \* \* \* \* \* \* \* \* \*

**DONE AND ORDERED** in Chambers at Wilmington, Delaware, in the United States Bankruptcy Court for the District of Delaware, this _____ day of _____, 202_.

_____
THE HONORABLE CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

# SCHEDULE 1
## IBT's Proofs of Claim

# Yellow Corporation Case No. 23-11069 (CTG)
# Twenty-Second Omnibus Claims Objection
# Schedule 1 - CARES Act Claims

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | IBT AND TNFINC<br>C/O THE PREVIANT LAW FIRM SC<br>ATTN EMMA M WOODS<br>310 W WISCONSIN AVE, STE 100 MW<br>MILWAUKEE, WI 53203 | 11/10/2023 | 23-11087 (CTG) | YRC Inc. | 17248 | $2,460,359,949.45* |

Reason: The Debtors object to the IBT's implied covenant of good faith and fair dealing (implied covenant) proofs of claim, which are predicated on the CARES Act, for five independent reasons: (1) the IBT lacks standing to enforce the CARES Act; (2) the CARES Act does not obligate the debtors to pay their employees for two years post-loan repayment as the IBT alleges; (3) the Labor Management Relations Act (LMRA) preempts and moots implied covenant claims; (4) the IBT cannot rely on the implied covenant because it does not apply here; and (5) because the IBT's implied covenant claims violate Section 8(b)(6) of the National Labor Relations Act. For any or all of these reasons, the court should summarily disallow the CARES Act portion of the IBT's Proofs of Claim.

Claim for objection, 17248, is pending to modify on Schedule 1A of the third omnibus objection (Docket No 2576 filed 3/12/2024)

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 2 | IBT AND TNFINC<br>THE PREVIANT LAW FIRM, S.C.<br>C/O EMMA M. WOODS<br>310 W WISCONSIN AVE SUITE 100 MW<br>MILWAUKEE, WI 53203 | 11/10/2023 | 23-11072 (CTG) | New Penn Motor Express LLC | 17253 | $139,288,058.21* |

Reason: The Debtors object to the IBT's implied covenant of good faith and fair dealing (implied covenant) proofs of claim, which are predicated on the CARES Act, for five independent reasons: (1) the IBT lacks standing to enforce the CARES Act; (2) the CARES Act does not obligate the debtors to pay their employees for two years post-loan repayment as the IBT alleges; (3) the Labor Management Relations Act (LMRA) preempts and moots implied covenant claims; (4) the IBT cannot rely on the implied covenant because it does not apply here; and (5) because the IBT's implied covenant claims violate Section 8(b)(6) of the National Labor Relations Act. For any or all of these reasons, the court should summarily disallow the CARES Act portion of the IBT's Proofs of Claim.

Claim for objection, 17253, is pending to modify on Schedule 1A of the third omnibus objection (Docket No 2576 filed 3/12/2024)

# Yellow Corporation Case No. 23-11069 (CTG)
## Twenty-Second Omnibus Claims Objection
### Schedule 1 - CARES Act Claims

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 3 | IBT AND TNFINC<br>THE PREVIANT LAW FIRM, S.C.<br>C/O EMMA M. WOODS<br>310 W WISCONSIN AVE SUITE 100 MW<br>MILWAUKEE, WI 53203 | 11/10/2023 | 23-11081 (CTG) | USF Reddaway Inc. | 17258 | $296,571,659.83* |

Reason: The Debtors object to the IBT's implied covenant of good faith and fair dealing (implied covenant) proofs of claim, which are predicated on the CARES Act, for five independent reasons: (1) the IBT lacks standing to enforce the CARES Act; (2) the CARES Act does not obligate the debtors to pay their employees for two years post-loan repayment as the IBT alleges; (3) the Labor Management Relations Act (LMRA) preempts and moots implied covenant claims; (4) the IBT cannot rely on the implied covenant because it does not apply here; and (5) because the IBT's implied covenant claims violate Section 8(b)(6) of the National Labor Relations Act. For any or all of these reasons, the court should summarily disallow the CARES Act portion of the IBT's Proofs of Claim.

Claim for objection, 17258, is pending to modify on Schedule 1A of the third omnibus objection (Docket No 2576 filed 3/12/2024)

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 4 | IBT AND TNFINC<br>THE PREVIANT LAW FIRM, S.C.<br>C/O EMMA M. WOODS<br>310 W WISCONSIN AVE SUITE 100 MW<br>MILWAUKEE, WI 53203 | 11/10/2023 | 23-11079 (CTG) | USF Holland LLC | 17261 | $834,005,538.53* |

Reason: The Debtors object to the IBT's implied covenant of good faith and fair dealing (implied covenant) proofs of claim, which are predicated on the CARES Act, for five independent reasons: (1) the IBT lacks standing to enforce the CARES Act; (2) the CARES Act does not obligate the debtors to pay their employees for two years post-loan repayment as the IBT alleges; (3) the Labor Management Relations Act (LMRA) preempts and moots implied covenant claims; (4) the IBT cannot rely on the implied covenant because it does not apply here; and (5) because the IBT's implied covenant claims violate Section 8(b)(6) of the National Labor Relations Act. For any or all of these reasons, the court should summarily disallow the CARES Act portion of the IBT's Proofs of Claim.

Claim for objection, 17261, is pending to modify on Schedule 1A of the third omnibus objection (Docket No 2576 filed 3/12/2024)

*Indicates claim contains unliquidated and/or undetermined amounts

# Yellow Corporation Case No. 23-11069 (CTG)
## Twenty-Second Omnibus Claims Objection
### Schedule 1 - CARES Act Claims

| | NAME | DATE FILED | CASE # | CASE NUMBER / DEBTOR | CLAIM # | CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 5 | IBT AND TNFINC<br>C/O THE PREVIANT LAW FIRM SC<br>ATTN EMMA M WOODS<br>310 W WISCONSIN AVE, STE 100 MW<br>MILWAUKEE, WI 53203 | 03/19/2024 | 23-11072 (CTG) | New Penn Motor Express LLC | 19588 | $139,318,849.56* |
| | Reason: The Debtors object to the IBT's implied covenant of good faith and fair dealing (implied covenant) proofs of claim, which are predicated on the CARES Act, for five independent reasons: (1) the IBT lacks standing to enforce the CARES Act; (2) the CARES Act does not obligate the debtors to pay their employees for two years post-loan repayment as the IBT alleges; (3) the Labor Management Relations Act (LMRA) preempts and moots implied covenant claims; (4) the IBT cannot rely on the implied covenant because it does not apply here; and (5) because the IBT's implied covenant claims violate Section 8(b)(6) of the National Labor Relations Act. For any or all of these reasons, the court should summarily disallow the CARES Act portion of the IBT's Proofs of Claim. | | | | | |
| 6 | IBT AND TNFINC<br>C/O THE PREVIANT LAW FIRM SC<br>ATTN EMMA M WOODS<br>310 W WISCONSIN AVE, STE 100 MW<br>MILWAUKEE, WI 53203 | 03/19/2024 | 23-11087 (CTG) | YRC Inc. | 19589 | $2,460,401,342.98* |
| | Reason: The Debtors object to the IBT's implied covenant of good faith and fair dealing (implied covenant) proofs of claim, which are predicated on the CARES Act, for five independent reasons: (1) the IBT lacks standing to enforce the CARES Act; (2) the CARES Act does not obligate the debtors to pay their employees for two years post-loan repayment as the IBT alleges; (3) the Labor Management Relations Act (LMRA) preempts and moots implied covenant claims; (4) the IBT cannot rely on the implied covenant because it does not apply here; and (5) because the IBT's implied covenant claims violate Section 8(b)(6) of the National Labor Relations Act. For any or all of these reasons, the court should summarily disallow the CARES Act portion of the IBT's Proofs of Claim. | | | | | |
| | | | | | TOTAL | $6,329,945,398.56* |

*Indicates claim contains unliquidated and/or undetermined amounts