## Exhibit 1

### Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al*.,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**JOINT STIPULATION BY AND AMONG THE DEBTORS**
**AND THE ESTES PARTIES TERMINATING**
**CERTAIN UNEXPIRED REAL PROPERTY LEASES PURSUANT TO**
**THAT CERTAIN LEASE TERMINATION AGREEMENT**

Yellow Corporation and its debtor affiliates as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and Estes Express Lines and Commerce Road Terminals LLC (the "Lessors," and, together with the Debtors, the "Parties") respectfully submit this proposed stipulation and agreed order (this "Stipulation") and hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on August 6, 2023 (the "Petition Date"), and continuing into August 7, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169].

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

1

**WHEREAS**, On August 7, 2023, Yellow Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") filed the *Motion of the Debtors for Entry of an Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling an Auction and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 22] (the "Motion").

**WHEREAS**, on August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee").  No trustee or examiner has been appointed in these chapter 11 cases.

**WHEREAS**, On September 15, 2023, the Court entered the *Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 575] (the "Bidding Procedures Order").

**WHEREAS**, Yellow Corporation's Debtor affiliates YRC Inc., USF Reddaway, Inc. and USF Holland LLC (as applicable, the "Tenant") are party to certain prepetition unexpired real property leases for nonresidential real property with the Lessors regarding terminals located at:

(i) 72 Second Street, Kearney, NJ 07032 (Y111) (Lessor Estes Express Lines; Tenant YRC Inc.); (ii) 1701 SW First Street, Redmond, OR 97756 (R810) (Lessor Commerce Road Terminals LLC; Tenant USF Reddaway, Inc.); and (iii) 400 Holland Street, Tomah, WI 54660 (H396) (Lessor Estes Express Lines; Tenant USF Holland LLC) (each a "Lease", and collectively, the "Leases").

**WHEREAS**, on February 22, 2024, the Court entered the *Order Approving the Joint Stipulation by and Among the Debtors and the Estes Parties Extending the Deadline to Assume or Reject Nonresidential Real Property Leases Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 2318], which extended the Debtors' deadline to assume or reject nonresidential real property leases under section 365(d)(4) of the Bankruptcy Code (the "365(d)(4) Deadline") through and including April 18, 2024.

**WHEREAS**, on April 16, 2024, the Debtors filed the *Second Joint Stipulation By and Among the Debtors and the Estes Parties Extending the Deadline to Assume or Reject Nonresidential Real Property Leases Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 3017].

**WHEREAS**, on April 17, 2024, the Court entered the *Order Approving the Second Joint Stipulation by and Among the Debtors and the Estes Parties Extending the Deadline to Assume or Reject Nonresidential Real Property Leases Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 3031] extending the 365(d)(4) Deadline for the Leases through and including May 31, 2024.

**WHEREAS**, on May 16, 2024, the Debtors filed the *Third Joint Stipulation Extending the Deadline to Assume or Reject Nonresidential Real Property Leases Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 3409].

4933-3119-9749.1 96859.001

**WHEREAS**, on May 17, 2024, the Court entered the *Order Approving the Third Joint Stipulation by and Among the Debtors and the Estes Parties Extending the Deadline to Assume or Reject Nonresidential Real Property Leases Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 3415] extending the 365(d)(4) Deadline for the Leases through and including June 28, 2024.

**WHEREAS**, on June 12, 2024, the Debtors filed the *Fourth Joint Stipulation Extending the Deadline to Assume or Reject Nonresidential Real Property Leases Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 3672].

**WHEREAS**, on June 14, 2024, the Court entered the *Order Approving the Fourth Joint Stipulation by and Among the Debtors and the Estes Parties Extending the Deadline to Assume or Reject Nonresidential Real Property Leases Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 3680] extending the 365(d)(4) Deadline for the Leases through and including September 30, 2024.

**WHEREAS**, on September 23, 2024, the Debtors filed the *Fifth Joint Stipulation By and Among the Debtors and the Estes Parties Extending the Deadline to Assume or Reject Nonresidential Real Property Leases Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 4377].

**WHEREAS**, on September 24, 2024, the Court entered the *Order Approving the Fifth Joint Stipulation by and Among the Debtors and the Estes Parties Extending the Deadline to Assume or Reject Nonresidential Real Property Leases Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 4412] extending the 365(d)(4) Deadline for the Leases through and including November 29, 2024.

4933-3119-9749.1 96859.001

**WHEREAS**, on November 14, 2024, the Debtors filed the *Sixth Joint Stipulation By and Among the Debtors and the Estes Parties Extending the Deadline to Assume or Reject Nonresidential Real Property Leases Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 4873].

**WHEREAS**, on November 15, 2024, the Court entered the *Order Approving the Sixth Joint Stipulation by and Among the Debtors and the Estes Parties Extending the Deadline to Assume or Reject Nonresidential Real Property Leases Under Section 365(d)(4) of the Bankruptcy Code* [Docket No. 4874] extending the 365(d)(4) Deadline for the Leases through and including December 18, 2024.

**WHEREAS**, the Tenants and the Lessors have mutually agreed to terminate the Leases, and the Debtors believe, in their business judgment and in consultation with the Official Committee of Unsecured Creditors, that entry into the lease termination agreement, a substantially final form of which is attached to the Order as <u>Exhibit 2</u> (the "<u>Lease Termination Agreement</u>"),[2] will maximize value for the Debtors with respect to the Leases.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1.     The Debtors, including each applicable Debtor Tenant, are hereby authorized to enter into the Lease Termination Agreement with the Lessors, and the Lease Termination Agreement is hereby approved in its entirety and is incorporated herein by reference.

---

[2]     Capitalized words used but not defined herein shall have the meaning ascribed to them in the Lease Termination Agreement.

5

2.      The 365(d)(4) Deadline with respect to the Leases is extended through and including the later of (i) the Termination Date and (ii) the date of entry of an order approving the Stipulation.

3.      Paragraph 5 of the Lease Termination Agreement shall be amended to include the following language in **bold underline** set forth below:

Tenants Release of the Landlords.  For valuable consideration, and the mutual covenants and agreements contained herein, the Tenants do hereby fully, forever and irrevocably release, discharge and acquit the Landlords, and its respective past and present affiliates, and the respective past and present officers, directors, shareholders, agents, property managers, and employees of each and all of the foregoing entities, and its and their respective successors, heirs, and assigns, and any other person or entity now, previously, or hereafter affiliated with any or all of the foregoing entities (collectively, the "Landlord Released Parties"), of and from any and all rights, claims, demands, obligations liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensations, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description or character, and irrespective of how, why, or by reason of what facts, whether heretofore or now existing, or that could, might, or may be claimed to exist, of whatever kind or name, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, **based upon, arising out of, with respect to, relating to, or by reason of (i) the Lease, (ii) the Premises, (iii) the use or occupancy of the Premises, (iv) any actions or omissions in connection with any of the foregoing, (v) any violation or alleged violation of law or the Lease based on, arising out of, or relating to any of the foregoing, and (vi) any action or proceeding arising out of or relating to any of the foregoing, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Lease, each as though fully set forth herein at length, including, without limitation, any and all claims evidenced by the Leases**; provided, however, that such release does not apply to any claims or other matters related to a breach of this Agreement by the Landlords.

4.      Nothing contained in this Stipulation or any actions taken by the Debtors pursuant to the relief granted herein is intended or should be construed as:  (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any party in interest's rights to dispute any particular claim on any grounds; (c)  a promise or requirement to

6

pay any particular claim; (d) an admission by the Debtors that any contract or lease, including the Leases, is executory or unexpired, as applicable; or (e) a waiver or limitation of the Debtors' or any party in interest's rights under the Bankruptcy Code or any other applicable law.

5.      The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to and in accordance with this Stipulation.

6.      The Parties acknowledge that this Stipulation is the joint work product of the Parties, and that, accordingly, in the event of ambiguities, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

7.      The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

8.      To the extent of any inconsistencies between this Stipulation and the Lease Termination Agreement, this Stipulation shall control.

9.      The Court retains sole and exclusive jurisdiction to enforce and interpret the provisions of this Stipulation and the Lease Termination Agreement.

*[Rest of this page intentionally left blank, with signature page following]*

7

**IN WITNESS WHEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date first set forth below.


Dated: December 10, 2024
Wilmington, Delaware

/s/ Peter J. Keane
_____

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333  West Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:     (302) 652-4100
Facsimile:     (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com
                pkeane@pszjlaw.com
                ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333  West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          patrick.nash@kirkland.com
                david.seligman@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*


/s/ David W. Gaffey
_____

David W. Gaffey (admitted *pro hac vice*)
**WHITEFORD, TAYLOR & PRESTON, LLP**
3190 Fairview Park Drive, Suite 800
Falls Church, VA 22042
Telephone:   (703) 280-3374
Email:        dgaffey@whitefordlaw.com


*Counsel to Lessors*

4933-3119-9749.1 96859.001