United States Bankruptcy Court for the District of Delaware

## WITHDRAWAL OF CLAIM

| Debtor Name and Case Number: | Yellow Corporation #23-11069 |
|---|---|
| Creditor Name and Address: | Magnatag Inc.<br>290 Woodcliff Drive, Suite 102<br>Fairport, NY  14450 |
| Court Claim Number (if known): | 17604 |
| Date Claim Filed: | November 13, 2023 |
| Total Amount of Claim Filed: | $283,765.42 |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Clerk of this Court, or their duly appointed Claims Agent, to reflect this withdrawal on the official claims register for the above-referenced Debtor.

Dated: 12/2/2024

Print Name: Christian Krapf
Title (if applicable): CEO

---

## DEFINITIONS

*Debtor*
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*
A creditor is any person, corporation, or other entity to which the debtor owed a debt.

*Proof of Claim*
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

## ITEMS TO BE COMPLETED ON THIS WITHDRAWAL OF CLAIM

*Court, Name of Debtor and Case Number:*
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

*Information about Creditor:*
Complete the section giving the name and address of the creditor that was listed on the previously filed Proof of Claim form.

*Information identifying the Claim that is to be withdrawn:*
Complete the section giving the court claim number, date claim was filed and total amount of claim filed to help identify the claim that is to be withdrawn.

Sign and print the name and title, if any, of the creditor or other person authorized to file this withdrawal of claim (attach copy of power of attorney, if any).

**This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed or, if applicable, with their duly appointed Claims Agent as per any procedure approved by the court in the above-referenced bankruptcy proceeding.**

*Confidential; FRE 408 and its Equivalents*

(A)  SETOFF AGREEMENT

Yellow Corporation and certain of its subsidiaries (the "Company" or the "Debtors"), on the one hand, and the customer identified in the signature block below (the "Customer"), on the other hand, hereby enter into the following setoff agreement (this "Setoff Agreement") dated as of the latest date in the signature blocks below (the "Effective Date").

### Recitals

WHEREAS on August 6, 2023 (the "Petition Date"), the Company filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

WHEREAS on September 13, 2023, the Court entered its *Final Order (I) Authorizing the Debtors to Consent to Limited Relief from the Automatic Stay to Permit Setoff of Certain Customer Claims Against the Debtors, and (II) Granting Related Relief* [Docket No. 522] (the "Order") authorizing the Company, under certain conditions, to consent, in their sole discretion, to limited relief from the automatic stay solely to permit the setoff of certain customer claims against the Company, including claims by the Customer, subject to the terms and conditions set forth therein.

WHEREAS prior to the Petition Date, the Company provided services to the Customer, and the Customer has certain claims arising from such services that the Company offered prior to the Petition Date.

WHEREAS, after the Petition Date, the Company may have caused the delivery of freight to be completed to Customer, which was received by Customer following the Petition Date.

WHEREAS the Company and the Customer (each a "Party," and collectively, the "Parties") agree to the following terms as a condition of payment on account of all claims the Customer may hold against the Company related to the Company's services to the Customer.

### Agreement

1.  Recitals. The foregoing recitals are incorporated herein by reference as if set forth at length herein.

2.  The Agreed Customer Claim. The Customer agrees that the sum of all amounts currently due and owing by the Company to the Customer related to services provided by the Company to the Customer is **$44,768.22** (the "Agreed Customer Claim"). Following execution of this Setoff Agreement, any and all amounts owed by the Customer to the Company shall be offset by the Agreed Customer Claim as set forth in paragraph 4 herein.

3.  The Outstanding Payment. The Parties agree that the sum of all amounts currently due and owing by the Customer to the Company for services provided to the Customer is **$82,217.31** (the "Outstanding Payment").

4. <u>Setoff and Payment</u>. Within three business days of execution of this Setoff Agreement, the Customer shall remit payment to the Company in the amount of **$37,449.09**, representing the Outstanding Payment minus the Agreed Customer Claim (the "<u>Agreed Payment Amount</u>"), in full and final satisfaction, settlement, discharge, and release of any and all claims between the Parties, whether known or unknown, matured or unmatured, foreseen or unforeseen, asserted or unasserted, based on or relating to the services provided by the Company to the Customer on or prior to the Effective Date of this Setoff Agreement. For the avoidance of doubt, this Setoff Agreement is in full and final satisfaction of all mutual prepetition and postpetition claims arising prior to the Effective Date of this Setoff Agreement, each as may be applicable, arising from the Debtors' rendering of services to the Customer.

5. <u>Customer's Failure to Remit Payment</u>. If Customer fails to remit payment to the Company within three business days of execution of this Setoff Agreement pursuant to the terms of this Setoff Agreement, then, subject to the Order: (a) any payment or setoff on account of a prepetition claim received by the Customer shall be deemed, in the Company's sole discretion, an improper postpetition transfer and, therefore, immediately recoverable in cash upon written request by the Company; *provided*, that such party shall be provided reasonable opportunity to contest such request; (b) upon recovery by the Company, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Company to such party, the Company may elect to recharacterize and apply any payment made pursuant to the relief in the Order to such outstanding postpetition balance and such Customer will be required to repay to the Company such paid amounts that exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

6. <u>Other Matters</u>.

   a. The Debtors' chapter 11 plan shall not vary the terms of this Setoff Agreement. The terms contained within this Setoff Agreement shall (a) be binding on any later appointed chapter 11 trustee, examiner, committee, plan administrator, and other fiduciaries of the Debtors and their estates, and (b) survive any conversion or dismissal of any of the Debtors' chapter 11 cases.

   b. The Customer will not separately seek payment from the Company on account of any claim (including, without limitation, any reclamation claim or any claim pursuant to section 503(b)(9) of the Bankruptcy Code) outside the terms of this Setoff Agreement or a plan confirmed in the Company's chapter 11 case.

   c. The Agreed Payment Amount shall be in full and final satisfaction of all claims based on or relating to the services that the Company provided to the Customer on or prior to the Effective Date of this Setoff Agreement and Customer will not file a claim in the Company's chapter 11 cases on account of any such claims. The Agreed Payment Amount shall also be in full and final satisfaction, settlement and release of any and all claims by the

      Company against the Customer, including any claims which may be asserted under Chapter 5 of the Bankruptcy Code.

    d.    To the extent Customer has filed a proof of claim in the Company's chapter 11 cases with respect to claims subject to this Setoff Agreement, the Customer agrees to formally withdraw proof of claim number 17604 and any additional proofs of claim that it has filed from the Company's claims register within five business days of remitting the Agreed Payment Amount to the Company.

    e.    The Customer will not file or otherwise assert against the Company, its assets, or any other person or entity or any of their respective assets or property (real or personal) any lien, regardless of the statute or other legal authority upon which the lien is asserted, related in any way to any remaining prepetition amounts allegedly owed to the Customer by the Company arising from prepetition agreements or transactions. Furthermore, if the Customer has taken steps to file or assert such a lien prior to entering into this Setoff Agreement, the Customer will promptly take all necessary actions to remove such liens and hereby authorizes the Company to take any such actions on its behalf.

    7.    <u>Confidentiality</u>. The Customer agrees to hold in confidence and not disclose to any party the terms of this Setoff Agreement, including the existence thereof (the "<u>Confidential Information</u>"); *provided* that if any party seeks to compel the Customer's disclosure of any or all of the Confidential Information, through judicial action or otherwise, or the Customer intends to disclose any or all of the Confidential Information, the Customer shall immediately provide the Company with prompt written notice so that the Company may seek an injunction, protective order or any other available remedy to prevent such disclosure; *provided, further, that*, if such remedy is not obtained, the Customer shall furnish only such information as the Customer is legally required to provide. Subject to the notice provisions of this paragraph, Customer may disclose relevant Confidential Information in connection with an action by Customer against Company to enforce Company's obligations under this Setoff Agreement.

    8.    <u>Notice</u>.    If to the Customer, then to the person and address identified in the signature block hereto.

    If to the Company:

    Yellow Corporation
    11500 Outlook Street, Suite 400, Overland Park, KS 66211
    Attn: Joseph Wormington

    -and-

> Kirkland & Ellis LLP
> 333 West Wolf Point Plaza, Chicago, IL 60654
> Attn:      Rob Jacobson
> E-mail:    rob.jacobson@kirkland.com
>
> -and-
>
> 601 Lexington Avenue, New York, New York, 10022
> Attn:      Allyson B. Smith & Olivia Acuña
> E-mail:    allyson.smith@kirkland.com
>            olivia.acuna@kirkland.com

9. <u>Representations and Acknowledgements</u>. The Parties agree, acknowledge, and represent that:

   a. the Parties have reviewed the terms and provisions of the Order and this Setoff Agreement and consent to be bound by such terms and that this Setoff Agreement is expressly subject to the Order;

   b. any payments made on account of the Agreed Customer Claim shall be subject to the terms and conditions of the Order;

   c. if the Customer fails to perform any of its obligations hereunder, the Company may exercise all rights and remedies available under the Order, the Bankruptcy Code, or applicable law; and

   d. in the event of disagreement between the Parties regarding whether a breach has occurred, either Party may apply to the Court for a determination of their relative rights, in which event, no action may be taken by either Party until a ruling of the Court is obtained.

10. <u>Miscellaneous</u>.

    a. The Parties hereby represent and warrant that: (i) they have full authority to execute this Setoff Agreement on behalf of the respective Parties; (ii) the respective Parties have full knowledge of, and have consented to, this Setoff Agreement; and (iii) they are fully authorized to bind that Party to all of the terms and conditions of this Setoff Agreement.

    b. This Setoff Agreement sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them. This Setoff Agreement may not be changed, modified, amended, or supplemented, except in a writing signed by both Parties. In the event of any inconsistency between the terms of this Setoff Agreement and the terms of the Order, the Order shall prevail.

    c. Signatures by facsimile or electronic signatures shall count as original signatures for all purposes.

    d.    This Setoff Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

    e.    The Parties hereby submit to the exclusive jurisdiction of the Court to resolve any dispute with respect to or arising from this Setoff Agreement.

    f.    This Setoff Agreement shall be deemed to have been drafted jointly by the Parties, and any uncertainty or omission shall not be construed as an attribution of drafting by any Party.

*[Signature Page Follows]*

AGREED AND ACCEPTED AS OF THE LATEST DATE SET FORTH BELOW:

**Yellow Corporation**

*Vivian Rosales*
By: Vivian Rosales
Title: Manager, Revenue Management

**Magnatag Inc.**

By: Christian Krapf
Title: CEO
Address: 290 Woodcliff Drive, Suite 102
　　　　　Fairport, NY 14450

Date: 12/2/2024