# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## AMENDED ORDER SCHEDULING CERTAIN DATES AND DEADLINES IN SFA MEPP AND NON-SFA MEPP LITIGATION

For the Debtors' objections to the proofs of claim filed by the Central States Pension Fund [ECF No. 1322] (the "**First Objection**"), the other multi-employer pension funds that received Special Financial Assistance [ECF No. 1962] (the "**Second Omnibus Objection**"), and certain other multi-employer pension funds [ECF No. 2595] (the "**Seventh Omnibus Objection**," and together with the First Objection and the Second Omnibus Objection, the "**Objections**"), the Debtors, the MFN Parties, and the claimants subject to the Objections,[2] (collectively, the "**Claimants**" and with the Debtors, the "**Parties**") agree that the following schedule shall amend and supersede the previous schedules governing these disputes between the Parties [ECF Nos. 2195 and 2961], including all subsequent amendments to the schedule [*see* ECF Nos. 3479, 3505,

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] This Amended Scheduling Order does not apply to claimant IAM National Pension Fund ("**IAM National**"), which claimant is subject to the Seventh Omnibus Objection. The Debtors note that they and IAM National have agreed to pause discovery and motion practice pending settlement discussions between the parties. The Debtors reserve all rights as to IAM National.

4901-9406-2597.1 96859.001    2

3663, 3712, 3786, 3806, 3872, 3931, 4216, and 4839] (together, the "**Original Schedule**"), with the new dates set forth below, absent further agreement of the Parties or order of the Court.[3]

1. **Dispositive Motions**

    a. **December 13, 2024** shall be the deadline for either the Debtors, the MFN Parties, or any of the Claimants to file a dispositive motion regarding the following issues: (1) issues related to acceleration, default, and the application of present value discounting to withdrawal liability claims,, including the issues raised in the Reconsideration Order; (2) issues related to subordination of withdrawal liability claims under 29 U.S.C. § 1405(b), (3) issues related to CSPF's claims against the Debtors in connection with an alleged "contributions guarantee"; and (4) all remaining issues that are appropriate for summary judgment in connection with the Objections.[4]

        1. The Parties also agree that December 13, 2024 will be the deadline for the SFA MEPPs and the Non-SFA MEPPs (excluding IAM National) to put into the record any additional documents regarding whether and when they declared an insecurity default that they intend to rely on in connection with their December 13, 2024 filings.

    b. **January 10, 2025** shall be the deadline to file any response to the dispositive motions.

---

[3] For the avoidance of doubt, any deadline or other provision of the Original Schedule not otherwise amended herein shall remain in full force and effect for the parties subject thereto.
[4] For the avoidance of doubt, this Amended Scheduling Order does not apply to the Central States Pension Fund's claims for alleged contributions discussed in paragraphs 70-71 of the First Objection.

  c. **January 21, 2025** shall be the deadline for the Debtors or any of the Claimants to file any reply in support of their respective dispositive motions, if any.

  d. The Court will hear oral argument on the dispositive motions on **January 28, 2025, at 10:00 a.m. (E.T.)**.

2. **Expert Discovery & Pre-Trial Deadlines**.

  a. The deadline set forth in the Original Schedule to complete expert depositions (and remaining fact depositions, to the extent they had not been taken as of entry of this Order) shall be extended and rescheduled after the Court has ruled on all dispositive motions of the Parties related to the Objections.

  b. The deadlines set forth in the Original Schedule to conduct a final pre-trial conference, exchange witness and exhibit lists, submit a proposed joint pretrial order, and submit pre-trial briefs shall be stayed and rescheduled after the Court has ruled on all dispositive motions of the Parties related to the Objections.

3. **Trial**. The trial dates set forth in the Original Schedule shall be rescheduled after the Court has ruled on all dispositive motions of the Parties related to the Objections, if trial is necessary after such rulings.

Dated: December 12th, 2024  
Wilmington, Delaware

**CRAIG T. GOLDBLATT**  
**UNITED STATES BANKRUPTCY JUDGE**