## **EXHIBIT B**

**Committee Recommendation Letter**

Case 23-11069-CTG    Doc 5564-2    Filed 01/28/25    Page 1 of 4

> **RECOMMENDATION BY**
> **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
>
> **For the reasons set forth herein, the Official Committee of Unsecured Creditors does <u>not</u> support the Plan and recommends that each unsecured creditor vote <u>TO REJECT</u> the Plan and <u>NOT</u> opt-in to the releases.**

Official Committee of Unsecured Creditors of
Yellow Corporation, *et al.*

c/o Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036

January 28, 2025

**To:** All Unsecured Creditors of Yellow Corporation, *et al.*, Case No. 23-11069 (CTG)

      The Official Committee of Unsecured Creditors (the "<u>Committee</u>")[1] of Yellow Corporation, *et al.*, (collectively the "<u>Debtors</u>") was appointed to act as the fiduciary body representing the interests of unsecured creditors in the Debtors' chapter 11 cases. The Committee is writing to you in connection with the Debtors' solicitation of your vote with respect to the Debtors' *Second Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 4974] (the "<u>Plan</u>"), as further described in the *Second Amended Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [ECF No. 4975] (the "<u>Disclosure Statement</u>").[2]

      On November 22, 2024, the Committee prepared a letter for inclusion in the solicitation materials distributed in respect of the Plan (the "<u>Initial Committee Letter</u>")[3] by which the Committee provided unsecured creditors with its views regarding the Plan as of such date. The Initial Committee Letter: (i) explained that, as of that time, the Committee was not in a position to make a recommendation as to whether unsecured creditors should vote to accept or to reject the Plan; (ii) provided an overview of the concerns the Committee had with the Plan; and (iii) made clear that the Committee would provide a recommendation regarding whether unsecured creditors

---

[1] The Committee currently comprises: (i) BNSF Railway; (ii) Central States, Southeast and Southwest Areas Pension Fund; (iii) Daimler Trucks, N.A.; (iv) International Brotherhood of Teamsters; (v) New York State Teamsters Pension and Health Funds; (vi) Pension Benefit Guaranty Corporation; (vii) RFT Logistics LLC; and (viii) Mr. Armando Rivera.  [ECF No. 3430].

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan or Disclosure Statement, as applicable.

[3] *See Order Approving (I) The Adequacy of the Disclosure Statement, (II) The Solicitation and Voting Procedures, (III) The Form of Ballot and Notices in Connection Therewith, and (IV) Certain Dates With Respect Thereto,* Ex. 9 (Committee Letter) [ECF No. 5024-9].

should vote to accept the Plan before the Voting Deadline.

As of the date hereof, there has been no resolution of the concerns raised by the Committee in the Initial Committee Letter. Therefore, the Committee is providing this letter (the "Committee Recommendation Letter") to recommend that each unsecured creditor entitled to vote on the Plan **vote to reject** the Plan.[4] As the official representative of all unsecured creditors in the Debtors' chapter 11 cases, the Committee believes that the Plan is not worthy of your support.

**The Committee recommends that you vote against the Plan because the Plan provides that the Debtors (and not the Committee as the fiduciary representative of unsecured creditors) will select the governing bodies of the Liquidating Trust contemplated to be formed under the Plan to reconcile claims against the Debtors, monetize remaining assets and distribute proceeds primarily from the Debtors' remaining owned real property and rolling stock assets.** The Liquidating Trustee and the Liquidating Trust Board of Managers who will be appointed to operate and/or oversee the Liquidating Trust, as applicable, will be vested with the authority to make important decisions regarding, among other things, the disposition of all remaining assets and the resolution of disputed claims, which decisions (among others) will have a direct and material economic impact on the Liquidating Trust's beneficiaries, i.e., general unsecured creditors. The Committee believes that, as the likely sole beneficiaries of the Liquidating Trust, and for whose benefit all of the Debtors' remaining assets will be liquidated, the right to control the governance of the Liquidating Trust rightfully belongs to unsecured creditors. The Committee further believes that, given the Debtors' litigation posture to date and animosity that certain parties in control of the Debtors have towards certain holders of unsecured claims, the Debtors' proposed control over the Liquidating Trust is not only inconsistent with the vast majority of chapter 11 cases where liquidating trusts are established, but likely to lead to materially increased costs for the Liquidating Trust, reduced opportunity for fair and reasonable settlements with respect to disputed claims and diminished recoveries for unsecured creditors. Additionally, the Committee believes that the broad releases by the Debtors' estates contemplated by the Plan are unsupportable in these liquidating cases. **FOR THESE REASONS, THE COMMITTEE RECOMMENDS THAT YOU VOTE TO *REJECT* THE PLAN AND *DO NOT OPT IN* TO THE THIRD PARTY RELEASES UNDER THE PLAN.** If the Committee is able to resolve its disputes with the Debtors regarding the foregoing issues and/or otherwise be in a position to recommend that holders of unsecured claims vote to accept an alternative to the Plan currently being solicited by the Debtors, the Committee will file a supplemental letter on the docket of the Chapter 11 Cases.

**YOU ARE URGED TO CAREFULLY READ THE DISCLOSURE STATEMENT, PLAN AND ANY PLAN SUPPLEMENTS FILED ON THE DOCKET. THIS COMMITTEE RECOMMENDATION LETTER MAY NOT BE RELIED UPON FOR ANY PURPOSE OTHER THAN THE COMMITTEE'S VIEWS ON HOW TO VOTE ON THE PLAN AND WHETHER TO GRANT RELEASES UNDER THE PLAN. THE COMMITTEE DOES NOT GUARANTEE ANY PARTICULAR RESULT IN THESE CHAPTER 11 CASES.**

---

[4] The position taken by the Committee in this Committee Recommendation Letter does not necessarily reflect the views of any of the individual Committee members, each of which reserves any and all of its rights.

> **PLEASE NOTE THAT THE VOTING DEADLINE HAS BEEN EXTENDED TO <u>FEBRUARY 11, 2025 AT 4:00 P.M. (ET)</u>**
>
> **If you have already submitted a Ballot but would like to change your vote, you may do so by properly submitting a valid Ballot that is received by the Claims and Noticing Agent <u>*before*</u> the extended Voting Deadline of February 11, 2025 at 4:00 p.m. (ET).**
>
> Pursuant to the *Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Voting Procedures, (III) the Form of Ballot and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [ECF No. 5024], if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the latest dated, properly submitted, valid Ballot timely received by the Claims and Noticing Agent will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot.

Unsecured creditors who wish to contact the Committee with any questions with respect to the Plan or the information contained in this Committee Recommendation Letter are invited to contact counsel to the Committee:

**Akin Gump Strauss Hauer & Feld LLP**
**One Bryant Park**
**New York, New York 10036**
**(212) 872-1000**
Philip C. Dublin, pdublin@akingump.com
Meredith A. Lahaie, mlahaie@akingump.com
Kevin Zuzolo, kzuzolo@akingump.com

Very truly yours,

Attorneys for the Committee

**Akin Gump Strauss Hauer & Feld LLP**