## Exhibit A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER (A) AUTHORIZING THE DEBTORS TO ASSUME A
### CERTAIN UNEXPIRED LEASE AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (a) authorizing the Debtors to assume that certain unexpired lease set forth in **Exhibit 1** attached hereto (the "Lease"); and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and upon the *Declaration of Cody Leung Kaldenberg in Support of the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Assume a Certain Unexpired Lease and (II) Granting Related Relief*; and upon the *Declaration of Brian Whittman in Support of the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Assume a Certain Unexpired Lease and (II) Granting Related Relief*; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and the declarations filed in support thereof, and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to assume the Lease identified on **Exhibit 1** attached hereto, effective as of March 31, 2025.

3.      The Debtors have demonstrated adequate assurance of future performance and have satisfied the requirements set forth in section 365(b)(1)(C) of the Bankruptcy Code.

4.      The Debtors will promptly pay the Cure Amount identified on **Exhibit 1** attached hereto.

5.      Upon the entry of this Order, the Lessor shall be forever barred and enjoined from asserting against the Debtors any defaults, claims, interest, or other default penalties under the Lease arising before the date of this Order.

6.      Nothing contained herein is intended, or should be construed, as:  (a) an admission as to the validity of any prepetition claim against any Debtor; (b) a waiver of the Debtors' right to

dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or this Order; or (e) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7.    To the extent applicable, the Debtors may assign the Lease in accordance with sections 363 and 365 of the Bankruptcy Code, and any provisions in the Lease that prohibit or condition the assignment of the Lease or allow the party to the Lease to terminate, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon the assignment of the Lease, constitute unenforceable anti-assignment provisions which are void and of no force and effect.

8.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.    This Order shall be deemed to constitute a separate order with respect to each contract and lease governed hereby.

10.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:_____, 2025
Wilmington, Delaware

_____
THE HONORABLE CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Assumed Lease**

| Landlord | Lease (Address / Site #) | Cure Costs ($) |
|---|---|---|
| Freight Line Properties LLC | 2410 S 2700 W, Salt Lake City, UT 84119 (Y881) | $2,084,795.00 |