## Exhibit 1

**Stipulation**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### JOINT STIPULATION BY AND AMONG THE DEBTORS AND CHAMPION TERMINAL ASSOCIATES, LLC TO RESOLVE CERTAIN ADMINISTRATIVE CLAIMS

Yellow Corporation and its debtor affiliates as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and Champion Terminal Associates, LLC (the "Lessor," and, together with the Debtors, the "Parties"), respectfully submit this proposed stipulation and agreed order (this "Stipulation") and hereby stipulate and agree as follows:

### RECITALS

**WHEREAS**, on August 6, 2023, and continuing into August 7, 2023 (as applicable to each Debtor, the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169].

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

**WHEREAS**, YRC Inc., d/b/a YRC Freight, was a party to a certain prepetition lease for nonresidential real property with the Lessor regarding a premises located at 260 East Old Chicago Drive, Bolingbrook, IL 60440 (the "Lease").

**WHEREAS**, on February 12, 2024, the Debtors filed the *Debtors' Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Assume Certain Unexpired Leases and (II) Granting Related Relief* [Docket No. 2157] (the "Assumption Motion") seeking to assume a variety of unexpired non-residential leases, including the Lease.

**WHEREAS**, on February 26, 2024, the Court entered its *Order (A) Authorizing the Debtors to Assume Certain Unexpired Leases and (B) Granting Related Relief* [Docket No. 2385] (the "Assumption Order") authorizing the assumption of the Lease.

**WHEREAS**, on January 31, 2025, the Debtors filed the *Nineteenth Notice of Rejection of Certain Unexpired Leases* [Docket No. 5593] (the "Rejection Notice") seeking to reject the Lease.

**WHEREAS**, the Lease expires by its own terms on November 30, 2025.

**WHEREAS**, on February 14, 2025, the Lessor filed *Champion Terminal Associates, LLC's (I) Limited Objection to the Debtors' Nineteenth Notice of Rejection of Certain Unexpired Leases; and (II) Reservation of Rights* [Docket No. 5678] (the "Limited Objection").  Pursuant to the Limited Objection, while the Lessor does not object to the rejection of the Lease *per se*, it asserts that it is entitled to an administrative expense claim in connection with the rejection of the Lease given that the Lease was previously assumed by the Debtors.

**WHEREAS**, the Parties have engaged in negotiations to resolve their issues concerning the asserted administrative expense claim and such discussions have resulted in certain agreed-to-terms, as set forth below.

**WHEREAS**, the Parties desire to memorialize their agreement in this Stipulation.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1. The Parties agree that the total administrative expense claim that is due and owing from the Debtors to Lessor concerning rejection of the Lease is $1,187,132.00 (the "Administrative Expense Claim").

2. The Debtors shall pay the Administrative Expense Claim by the earlier of (i) August 31, 2025 or (ii) within thirty (30) days of the Effective Date of any confirmed chapter 11 plan (the "Payment Date").

3. In the event that the Lessor relets the premises, in whole or in part, prior to the Payment Date, then the Administrative Expense Claim shall be reduced by the sum to be received from the new lessee for the period of the rejection date until the expiration of the Lease (November 30, 2025) (collectively, the "Relet Proceeds"); *provided* that Lessor shall provide the Debtors (which may be by email to the Debtors' counsel) at least five (5) days prior to the Payment Date the calculation of, and copies of documents evidencing, the Relet Proceeds (if any). With the exception of the reduction to the Administrative Expense Claim as a result of reletting the premises and on account of the Relet Proceeds (if any), the Administrative Expense Claim shall be allowed in all respects without any additional setoff, subordination, defense, or counterclaim.

4. This Stipulation and the Administrative Expense Claim are in full and final satisfaction of any and all claims of the Lessor against the Debtors arising from or in connection with the rejection of the Lease. For the avoidance of doubt, except for the Administrative Expense Claim, the Lessor waives any and all claims relative to the Lease against the Debtors arising under the Lease or applicable law, including, but not limited to, rent charges, late fees, interest, deferred

maintenance, repairs, environmental liabilities (known or unknown), operating expenses, professional fees and/or attorneys' fees, or any other amounts due and payable under the Lease, in each case, relative to the Lease.

5. The proof of claim filed against the Debtors related to the Lease shall be deemed satisfied upon payment of the Administrative Expense Claim and such payment shall be the Lessor's sole remedy for any obligations arising under the Lease or applicable law.[2] The Debtors' claims agent is authorized and directed to modify the claims register in accordance with this Stipulation.

6. Other than the Administrative Expense Claim and except as provided for herein, nothing contained in this Stipulation or any actions taken by the Debtors pursuant to relief granted herein is intended or should be construed as: (a) an admission as to the validity or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim, except as provided herein; or (d) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

7. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to and in accordance with this Stipulation.

8. The Parties acknowledge that this Stipulation is the joint work product of the Parties, and that, accordingly, in the event of ambiguities, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

---

[2] On September 18, 2023, the Lessor filed a proof of claim against the applicable Debtor. *See* Claim No. 11009.

9. This Stipulation shall be binding upon the Parties, their estates, successors, agents, assigns, including any chapter 7 or other bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

10. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

11. The Court retains sole and exclusive jurisdiction to enforce the provisions of this Stipulation.

**IN WITNESS WHEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date first set forth below.

Dated: May 13, 2025
Wilmington, Delaware

| | |
|---|---|
| */s/ Laura Davis Jones* | |
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333 W Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |
| P.O. Box 8705 | Telephone: (312) 862-2000 |
| Wilmington, Delaware 19801 | Facsimile: (312) 862-2200 |
| Telephone: (302) 652-4100 | Email: patrick.nash@kirkland.com |
| Facsimile: (302) 652-4400 | david.seligman@kirkland.com |
| Email: ljones@pszjlaw.com | |
| tcairns@pszjlaw.com | -and- |
| pkeane@pszjlaw.com | |
| ecorma@pszjlaw.com | Allyson B. Smith (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: allyson.smith@kirkland.com |
| | |
| | *Co-Counsel for the Debtors and Debtors in Possession* |
| | |
| */s/ Katherine T. Hopkins* | |
| Marc J. Phillips (DE Bar No. 4445) | Katherine T. Hopkins (admitted *pro hac vice*) |
| **Montgomery McCracken Walker & Rhoads LLP** | **Kelly Hart & Hallman LLP** |
| | 201 Main Street, Suite 2500 |
| 1105 North Market Street, Suite 1500 | Fort Worth, Texas 76102 |
| Wilmington, DE 19801 | Telephone: (817) 878-9377 |
| Telephone: (302) 504-7800 | Facsimile: (817) 878-9280 |
| Facsimile: (302) 504-7820 | E-mail: katherine.hopkins@kellyhart.com |
| E-mail: mphillips@mmwr.com | |
| | |
| | *Co-Counsel for Champion Terminal Associates, LLC* |