## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

CRAIG T. GOLDBLATT
JUDGE

824 N. MARKET STREET
WILMINGTON, DELAWARE
(302) 252-3832



July 18, 2025

**VIA CM/ECF**

Re:  *In re Yellow Corporation, et al.,* No. 23-11069

Dear Counsel:

The parties submitted, under certification of counsel, a proposed form of order that gives effect to this Court's "preliminary observations" on the motions for summary judgment with respect to various pension plan claims allowance disputes.[1] The proposed order grants certain motions for partial summary judgment in their entirety while others are granted in part and denied in part. This Court has entered the proposed order, with one change.[2]

The proposed order submitted under certification provided that it was "final and appealable." The Court struck that sentence. The reason is that in the context of a claims allowance dispute, a final and appealable order would be one that resolves

---

[1] The Certification of Counsel is docketed at D.I. 6679. This Court's April 7, 2025 Memorandum Opinion setting forth its preliminary observations is docketed at D.I. 6030.

[2] D.I 6682.

the claims allowance dispute in its entirety.  An order granting partial summary judgment is not.

The Supreme Court explained the principles governing finality in bankruptcy in *Ritzen Group*.[3]  In ordinary civil litigation, a final judgment "is normally limited to an order that resolves the entire case."[4]  A bankruptcy proceeding, however, involves "discrete controversies" that can be resolved "while the umbrella bankruptcy case remains pending."[5]  In the bankruptcy context, an order is final and appealable if it finally resolves a discrete "proceeding" in the overall bankruptcy case.[6]  The relevant "proceeding" here is the claims allowance dispute, not the motions for partial summary judgment.

The *Ritzen* Court emphasized that the correct "delineation of the dimensions of a bankruptcy 'proceeding' is a matter of considerable importance.  An erroneous identification of an interlocutory order as a final decision may yield an appeal over which the appellate forum lacks jurisdiction."[7]  In *Ritzen*, the "proceeding" before the bankruptcy court was a motion for relief from stay, and the bankruptcy court's order that "conclusively den[ied] that motion [was] 'final'" because it definitively "ended the stay-relief adjudication and left nothing more for the Bankruptcy Court to do in that

---

[3] *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35 (2020).

[4] *Id.* at 38.

[5] *Id.*

[6] *Id.* at 39.

[7] *Id.*

proceeding."[8] And while the issue before the Court in *Ritzen* arose from a lift-stay motion, the Court's reasoning makes clear that a dispute over claims allowance is a separate proceeding that ends with a final judgment when the claim is definitively allowed or disallowed.[9]

The order the Court entered on certification that grants summary judgment in part and denies it in part leaves "more for the Bankruptcy Court to do in [the claims allowance] proceeding" – the claims still need to be allowed in specific amounts.[10] And because this issue is one of jurisdictional consequence, the Court cannot, as it usually would, defer to the language as agreed by the parties. It is obligated to satisfy itself that the order is indeed a final one.[11]

It may well be the case that in light of the rulings provided in the April 7 Memorandum Opinion the calculation of the various claims will require no more than a mathematical exercise.[12] If that is the case, and the parties can agree on the math, the Court would be happy to enter orders allowing the specific claims in particular

---

[8] *Id.* at 47.

[9] *Ritzen,* 589 U.S. at 44 (relying on 28 U.S.C. § 157(b)(2)(B) for the proposition that the "allowance or disallowance of claims against the estate" is a separate "proceeding" from the stay relief motion at issue in the case).

[10] *Ritzen,* 589 U.S. at 47.

[11] *See Hartig Drug Company, Inc. v. Senju Pharmaceutical Co. Ltd.*, 836 F.3d 261, 267 (3d Cir. 2016) ("federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (internal citations and quotations omitted).

[12] While the rulings set out in the April 7 Memorandum Opinion were set forth as preliminary observations, the parties have now agreed, subject to their rights to challenge the rulings on appeal, that those rulings will govern this Court's disposition of the claims allowance disputes. *See* July 8, 2025 Hr'g Tr. at 5, 7, 8-9, 13.

*In re Yellow Corporation, et al.,* No. 23-11069
July 18, 2025
Page 4 of 4

amounts. Such orders would indeed be final and appealable. And prior interlocutory orders merge into a court's final order.[13] The parties would then be free to challenge, on appeal, any and all of this Court's antecedent legal or factual rulings. The Court does not seek, in any way, to interfere with the parties' rights to bring such challenges. But given the jurisdictional nature of the proposed language, the Court cannot by decree convert its interlocutory ruling granting summary judgment in part and denying it in part into a final and appealable order.

                                       Sincerely,

                                       Craig T. Goldblatt
                                       United States Bankruptcy Judge

---

[13] *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) ("In general, an interlocutory order … merges with the final judgment and is reviewable on appeal from the final judgment entered in the case.").