# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF AGENDA FOR HEARING SCHEDULED ON AUGUST 4, 2025 AT 10:00 A.M. (PREVAILING EASTERN TIME) BEFORE THE HONORABLE CRAIG T. GOLDBLATT AT THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, LOCATED AT 824 NORTH MARKET STREET, 3rd FLOOR, COURTROOM NO. 7, WILMINGTON, DELAWARE 19801**[2]

> **THIS HEARING HAS BEEN CANCELED WITH PERMISSION OF THE COURT AS NO MATTERS ARE SCHEDULED TO GO FORWARD.**

**RESOLVED MATTERS:**

1. Debtors' Sixth Motion for Entry of an Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief [Filed: 6/26/25] (Docket No. 6594)

    Response Deadline: July 17, 2025, at 4:00 p.m. (ET)

    Responses Received: None as of the date of this Notice of Agenda.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Please note: the hearing location has changed to Courtroom No. 5 on the 5th Floor.

Related Documents:

A. Certification of No Objection Regarding Debtors' Sixth Motion for Entry of an Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief [Filed: 7/18/25] ([Docket No. 6686](#))

B. [Signed] Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief [Filed: 7/21/25] ([Docket No. 6690](#))

Status:  The Court has entered an order on this matter.  No hearing is necessary.

2. Motion for Entry of Order Approving Procedures Regarding Settlements of Avoidance Claims Pursuant to Bankruptcy Rule 9019(b) [Filed: 7/11/25] ([Docket No. 6667](#))

Response Deadline:  July 25, 2025, at 4:00 p.m. (ET)

Responses Received:  None as of the date of this Notice of Agenda.

Related Documents:

A. Certification of No Objection Regarding Motion for Entry of Order Approving Procedures Regarding Settlements of Avoidance Claims Pursuant to Bankruptcy Rule 9019(b) [Filed: 7/29/25] ([Docket No. 6743](#))

B. [Signed] Order on Motion for Entry of Order Approving Procedures Regarding Settlements of Avoidance Claims Pursuant to Bankruptcy Rule 9019(b) [Filed: 7/30/25] ([Docket No. 6749](#))

Status:  The Court has entered an order on this matter.  No hearing is necessary.

3. Debtors' Motion for Entry of an Order (I) Approving Certain Asset Purchase Agreements; (II) Authorizing and Approving Sales of Certain Properties of the Debtors Free and Clear of Liens, Claims, Interests, and Encumbrances, In Each Case Pursuant to the Applicable Asset Purchase Agreement; and (III) Granting Related Relief [Filed: 7/14/25] ([Docket No. 6669](#))

Response Deadline:  July 28, 2025, at 4:00 p.m. (ET)

Responses Received:  Informal comments from Chubb Companies.

Related Documents:

A. Declaration of Cody Leung Kaldenberg in Support of Entry of an Order (I) Approving Certain Asset Purchase Agreements; (II) Authorizing and Approving Sales of Certain Properties of the Debtors Free and Clear of Liens, Claims, Interests, and Encumbrances, In Each Case Pursuant to the Applicable Asset Purchase Agreement; and (III) Granting Related Relief [Filed: 7/14/25] ([Docket No. 6670](#))

B. Certification of Counsel Regarding Order (I) Approving Certain Asset Purchase Agreements; (II) Authorizing and Approving Sales of Certain Properties of the Debtors Free and Clear of Liens, Claims, Interests, and Encumbrances, In Each Case Pursuant to the Applicable Asset Purchase Agreement; and (III) Granting Related Relief [Filed: 7/29/25] (Docket No. 6744)

C. [Signed] Order (I) Approving Certain Asset Purchase Agreements; (II) Authorizing and Approving Sales of Certain Properties of the Debtors Free and Clear of Liens, Claims, Interests, and Encumbrances, In Each Case Pursuant to the Applicable Asset Purchase Agreement; and (III) Granting Related Relief [Filed: 7/30/25] (Docket No. 6750)

Status: The Court has entered an order on this matter. No hearing is necessary.

**ADJOURNED MATTERS:**

4. Motion of Jill Napiwocki for Relief from the Automatic Stay to the Extent of Liability Insurance [Filed: 11/8/23] (Docket No. 1062)

   Response Deadline: November 22, 2023, at 4:00 p.m. *(extended until July 28, 2025, at 4:00 p.m. (ET))*

   Responses Received:

   A. Debtors' Amended and Restated Omnibus Objection to Personal Injury Claimant Motions for Relief from the Automatic Stay Under Section 362 of the Bankruptcy Code [Filed: 12/6/23] (Docket No. 1273)

   B. Debtors' Second Amended and Restated Omnibus Objection to Personal Injury Claimant Motions for Relief From the Automatic Stay Under Section 362 of the Bankruptcy Code [Filed: 1/11/23] (Docket No. 1730)

   Related Documents:

   A. [Proposed] Order Granting Phillip B. Deterding's Motion for Relief from the Automatic Stay [Filed: 11/8/23] (Docket No. 1062, Exhibit A)

   B. Re-Notice of Motion of Jill Napiwocki for Relief From the Automatic Stay to the Extent of Liability Insurance [Filed: 10/21/23] (Docket No. 4596)

   C. Re-Notice of Motion of Jill Napiwocki for Relief From the Automatic Stay to the Extent of Liability Insurance [Filed: 1/24/25] (Docket No. 5522)

   D. Re-Notice of Motion of Jill Napiwocki for Relief From the Automatic Stay to the Extent of Liability Insurance [Filed: 7/24/25] (Docket No. 6731)

   Status: This matter is adjourned to September 4, 2025, at 10:00 a.m. (ET).

5. Motion of the Pension Benefit Guaranty Corporation for Allowance and Payment of Premiums as Administrative Expense [Filed: 12/9/24] ([Docket No. 5096](#))

   Response Deadline:  December 23, 2024, at 4:00 p.m. (ET)

   Responses Received:

   A. Debtors' Objection to Motion of the Pension Benefit Guaranty Corporation for Allowance and Payment of Premiums as Administrative Expense [Filed: 12/23/24] ([Docket No. 5269](#))

   Reply Deadline:  January 15, 2025, at 4:00 p.m. (ET)

   Replies Received:

   A. Reply of the Pension Benefit Guaranty Corporation in Support of Motion for Allowance and Payment of Premiums as Administrative Expense [Filed: 1/15/25] ([Docket No. 5410](#))

   Related Documents:

   A. [Proposed] Order Granting Motion of the Pension Benefit Guaranty Corporation for Allowance and Payment of Premiums as Administrative Expense [Filed: 12/9/24] ([Docket No. 5096](#))

   Status:  This matter is adjourned to September 4, 2025, at 10:00 a.m. (ET).

6. Motion by Direct Chassislink Inc. for Allowance and Payment of Administrative Expense Claim [Filed: 2/24/25] ([Docket No. 5799](#))

   Response Deadline:  March 26, 2025, at 4:00 p.m. *(extended for the Debtors and the Official Committee of Unsecured Creditors until August 14, 2025)*

   Responses Received: None as of the date of this Notice of Agenda.

   Related Documents:

   A. [Proposed] Order Granting Motion by Direct Chassislink Inc. for Allowance and Payment of Administrative Expense Claim [Filed: 2/24/25] ([Docket No. 5799](#))

   B. Amended Notice of Motion by Direct Chassislink Inc. for Allowance and Payment of Administrative Expense Claim [Filed: 3/11/25] ([Docket No. 5863](#))

   Status:  This matter is adjourned to August 28, 2025, at 2:00 p.m. (ET).

7.  Motion of MFN Partners, LP and Mobile Street Holdings, LLC for Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code [Filed: 4/29/25] (Docket No. 6204)

    Response Deadline:  May 20, 2025, at 4:00 p.m. (ET)

    Responses Received:

    A.  Objection to Motion to Convert the Debtor's Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code Filed by Clifton Jerome Branton [Filed: 5/23/25] (Docket No. 6402)

    B.  Objection to Motion Converting The Debtors' Chapter 11 Cases to Cases Under Chapter 7 of The Bankruptcy Code Filed by Willy's Precision Towing [Filed: 5/28/25] (Docket No. 6411)

    C.  Letter in Response to Notice of Conversion Filed by Gary Fristrom [Filed: 5/28/25] (Docket No. 6412)

    D.  Objection of Debtors to Motion of MFN Partners, LP and Mobile Street Holdings, LLC for Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code [Filed: 5/5/25] (Docket No. 6225)

    E.  Joinder of Equity Interest Holder Peter Levinson in Motion of MFN Partners, LP and Mobile Street Holdings, LLC for Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code [Filed: 5/14/25] (Docket No. 6330)

    F.  Joinder of the Official Committee of Unsecured Creditors of Yellow Corporation, et al., to Objection of Debtors to Motion of MFN Partners, LP and Mobile Street Holdings, LLC for Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code [Filed: 5/20/25] (Docket No. 6355)

    G.  Objection letter from Marvin Faulk to Motion to Convert [Filed: 5/21/25] (Docket No. 6360)

    H.  Letter in Response to Motion Converting The Debtors' Chapter 11 Cases to Cases Under Chapter 7 of The Bankruptcy Code Filed by Willy's Precision Towing Filed by George Campbell [Filed: 6/6/25] (Docket No. 6460)

    I.  Letter to Judge Goldblatt in Support of the Motion Filed by MFN Partners LP to Convert This Case from Chapter 11 to Chapter 7 Filed By YELLQ Equity Security Holder [Filed: 6/16/25] (Docket No. 6518)

    J.  Letter to Judge Goldblatt re Motion to Convert Filed by William Hill [Filed: 6/16/25] (Docket No. 6519)

Replies Received:

A.  [SEALED] MFN Parties' Reply in Further Support of the Motion of MFN Partners, LP and Mobile Street Holdings, LLC for Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code [Filed: 6/12/25] (Docket No. 6507)

Related Documents:

A.  [Proposed] Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code [Filed: 4/29/25] (Docket No. 6204, Exhibit A)

B.  The Official Committee of Unsecured Creditors' Witness and Exhibit List for the Omnibus Hearing Scheduled for June 17, 2025, at 10:00 a.m. (Prevailing Eastern Time) [Filed: 6/13/25] (Docket No. 6510)

C.  MFN Partners, LP and Mobile Street Holdings, LLC's Witness & Exhibit List for Hearing on June 17, 2025 [Filed: 6/13/25] (Docket No. 6512)

D.  Debtors' Witness & Exhibit List for Hearing on June 17, 2025 at 10:00 a.m. (ET) [Filed: 6/13/25] (Docket No. 6513)

E.  Amended MFN Partners, LP and Mobile Street Holdings, LLC's Witness & Exhibit List for Hearing on June 17, 2025 [Filed: 6/13/25] (Docket No. 6517)

F.  [Signed] Order Regarding Motion of MFN Partners, LP and Mobile Street Holdings, LLC for Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code [Filed: 6/18/25] (Docket No. 6537)

Status:  This matter is adjourned to September 4, 2025, at 10:00 a.m. (ET).

**MATTER FOR WHICH A COC HAS BEEN FILED:**

8.  Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Filed: 5/16/25] (Docket No. 6348)

Response Deadline:  June 6, 2025, at 4:00 p.m. (ET)

Responses Received:

A.  Response of Vitaliy Levchuk [Filed: 5/30/25] (Docket No. 6419)

B.  Informal response from Mobile Street

C.  Informal response from Parkland USA Corporation

D.  Informal response from Seko Worldwide

E.  Informal response from Interstate Express

F.  Informal response from THK Trucking

Related Documents:

A.  [Proposed] Order Sustaining Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Filed: 5/16/25] (Docket No. 6348, Exhibit A)

B.  Notice of Submission of Proofs of Claim in Connection with Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Filed: 6/2/25] (Docket No. 6434)

C.  Certification of Counsel Regarding Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Filed: 6/16/25] (Docket No. 6526)

D.  Notice of Withdrawal of the Claims of Interstate Express Inc. and THK Trucking Inc. from the Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Filed: 6/16/25] (Docket No. 6527)

E.  [Signed] Order Sustaining Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Filed: 6/20/25] (Docket No. 6544)

F.  Certification of Counsel Regarding Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Filed: 7/7/25] (Docket No. 6643)

G.  [Signed] Order Sustaining Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Filed: 7/8/25] (Docket No. 6650)

H.  Certification of Counsel Regarding Debtors' Thirty-First Omnibus (Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 [Filed: TBD] (Docket No. TBD)

Status:  The Court has entered an order on the omnibus objection with the exception of claim number 12635 [Filed by Parkland USA Corporation].  The parties have resolved claim number 12635 and will submit an order under certification of counsel once documented.  No hearing is necessary.

Dated: July 31, 2025
       Wilmington, Delaware

*/s/ Peter J. Keane*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted pro hac vice) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted pro hac vice) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward A. Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333 West Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |
| P.O. Box 8705 | Telephone: (312) 862-2000 |
| Wilmington, Delaware 19899-8705 | Facsimile: (312) 862-2200 |
| Telephone: (302) 652-4100 | Email: patrick.nash@kirkland.com |
| Facsimile: (302) 652-4400 |        david.seligman@kirkland.com |
| Email: ljones@pszjlaw.com | |
|      tcairns@pszjlaw.com | -and- |
|      pkeane@pszjlaw.com | |
|      ecorma@pszjlaw.com | Allyson B. Smith (admitted pro hac vice) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: allyson.smith@kirkland.com |

*Co-Counsel for the Debtors and Debtors in Possession*