## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF CODY LEUNG KALDENBERG IN SUPPORT OF ENTRY OF AN ORDER (I) APPROVING CERTAIN ASSET PURCHASE AGREEMENTS; (II) AUTHORIZING AND APPROVING SALES OF CERTAIN PROPERTIES OF THE DEBTORS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, IN EACH CASE PURSUANT TO THE APPLICABLE ASSET PURCHASE AGREEMENT; AND (III) GRANTING RELATED RELIEF**

I, Cody Leung Kaldenberg, hereby declare under penalty of perjury as follows:

1. I am a founding member of and partner at Ducera Partners LLC ("Ducera"), which maintains its principal office at 11 Times Square, 36th Floor, New York, New York 10036. Ducera is the investment banker to the above captioned debtors and debtors in possession (collectively, the "Debtors").

2. I hereby submit this declaration (this "Declaration") in support of the Court's entry of the proposed *Order (I) Approving Certain Asset Purchase Agreements; (II) Authorizing and Approving Sales of Certain Properties of the Debtors Free and Clear of Liens, Claims, Interests Encumbrances, in Each Case Pursuant to the Applicable Asset Purchase Agreement; and (III) Granting Related Relief* (the "Sale Order") pursuant to the relief requested in the Motion.[2] If

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not defined in this Declaration shall have the meanings ascribed to such terms in the *Debtors' Motion for Entry of an Order (I) Approving Certain Asset Purchase Agreements; (II) Authorizing and*

called as a witness, I could and would testify competently to the facts set forth in this Declaration. I am not being specifically compensated for this testimony other than through payments received by Ducera as a professional retained by the Debtors, subject to approval by this Court. I am over the age of 18 and am authorized to submit this Declaration on behalf of the Debtors.

3.  During these chapter 11 cases, I have helped to lead Ducera's strategic, banking, and marketing and sale efforts on behalf of Yellow Corporation and its Debtor affiliates. Specifically, Ducera's and my efforts have included, among others, procuring debtor-in-possession financing for the Debtors and marketing and selling the Debtors' Real Property Assets, including the Subject Properties under the respective Asset Purchase Agreements.

## Professional Background and Qualifications

4.  Founded in 2015, Ducera is an independent investment banking advisory firm, which has extensive experience in, among other areas, providing leading-edge capital structure and restructuring advice in both in-court and out-of-court situations. In addition to providing investment banking services regarding numerous out of court restructurings and sales, Ducera professionals have served as investment bankers to debtors, creditor groups, asset purchasers, committees, boards of directors, and trustees in a number of bankruptcy matters. Ducera provides a broad range of corporate and financial services to its clients, including with respect to: general corporate advice; mergers, acquisitions, and divestitures; corporate restructurings; and private

---

*Approving Sales of Certain Properties of the Debtors Free and Clear of Liens, Claims, Interests Encumbrances, in Each Case Pursuant to the Applicable Asset Purchase Agreement; and (III) Granting Related Relief* (the "Motion"), filed by the Debtors contemporaneously herewith.

placements. Ducera provides its services worldwide from three offices located in the United States.

5. Ducera has more than fifty professionals and is one of the leading advisors and investment bankers to debtors, secured and unsecured creditors, acquirers, and other parties in interest involved with financially troubled companies requiring complex financial restructurings, both in and outside of bankruptcy. Ducera has represented debtors, creditors, and other constituents in some of the largest restructuring cases in the United States, including: (a) *In re Nikola Corp.,* Case No. 25-10258 (TMH) (Bankr. D. Del. April 21, 2025) [Docket No. 427]; (b) *In re Franchise Group, Inc.*, Case No. 24-12480 (JTD) (Bankr. D. Del. January 21, 2025) [Docket No. 802]; (c) *In re Casa Systems, Inc.*, Case No. 24-10695 (KBO) (Bankr. Del. May 1, 2024) [Docket No. 256]; (d) *In re Revitalid Pharmaceutical Corp.*, No. 23-11704 (BLS) (Bankr. D. Del. Nov. 15, 2023) [Docket No. 105]; (e) *In re Diebold Holding Co., LLC*, Case No. 23-90602 (DRJ) (Bankr. S.D. Tex. July 18, 2023) [Docket No. 266]; (f) *In re Virgin Orbit Holdings, Inc.*, Case No. 23-10405 (KBO) (Bankr. D. Del. May 15, 2023) [Docket No. 261]; (g) *In re GBG USA Inc.*, Case No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 22, 2021) [Docket No. 230]; and (h) *In re Superior Energy Servs., Inc.*, Case No. 20-35812 (DRJ) (Bankr. S.D. Tex. Feb. 2, 2021) [Docket No. 316].

6. I have over twenty years of restructuring related investment banking experience and have worked on a broad range of restructuring advisory assignments across a variety of industry sectors. Since joining Ducera in 2015, I have provided investment banking expertise and financing advice, including with respect to marketing and selling businesses and assets, to financially distressed companies as well as lenders and strategic investors in distressed and special situations engagements. Prior to joining Ducera, I worked as a Director at Perella Weinberg

Partners for over six years, advising companies and other stakeholders on special situation restructuring engagements, prior to which I worked as an associate at Goldman Sachs for over four years. I earned a Bachelor of Science in Economics from the Massachusetts Institute of Technology in 2004.

7. I have worked closely with the Debtors' management and other professionals retained by the Debtors in advance of and throughout these chapter 11 cases and have become well acquainted with the Debtors' capital structure and assets, including the Debtors' extensive portfolio of Real Property Assets (including the Subject Properties which are the subject of the Asset Purchase Agreements and the Motion). Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with other members of the Ducera team, the Debtors' management team, and the Debtors' other advisors, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinions based upon my experience and knowledge. If called as a witness, I could and would testify competently to the facts set forth in this Declaration on that basis. I am authorized to submit this Declaration on behalf of the Debtors. I am not being specifically compensated for this testimony other than through payments received by Ducera as a professional retained by the Debtors, subject to approval by this Court. I am over the age of 18 years and authorized to submit this Declaration on behalf of the Debtors.

## Background

8. On September 15, 2023, the Court entered the *Order (I)(A) Approving Bidding Procedures for the Sale or Sales of the Debtors' Assets; (B) Scheduling Auctions and Approving the Form and Manner of Notice Thereof; (C) Approving Assumption and Assignment Procedures, (D) Scheduling Sale Hearings and Approving the Form and Manner of Notice Thereof;*

*(II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances and (B) Approving the Assumption and Assignments of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 575] (the "Bidding Procedures Order").

9. I understand that the Bidding Procedures grant the Debtors the flexibility to, in their business judgment and in consultation with the Consultation Parties, sell assets (including the Subject Properties) via a private or public sale outside the Bidding Procedures, but subject to Court approval. *See* Bidding Procedures at p. 3; *see also* September Sale Process Notice[3] at p. 4 ("The Debtors reserve all rights under the Bidding Procedures Order . . . to seek all value-maximizing alternatives for the Assets in accordance with the terms thereof.").

10. On September 25, 2024, the Debtors filed the September Sale Process Notice, pursuant to which the Debtors set October 18, 2024 at 5:00 p.m. (ET) as the IOI Deadline for prospective bidders to submit non-binding, written indications of interest to the Debtors (including CBRE and Ducera) for any of the properties within the Debtors' Remaining Real Estate Portfolio—including for the Subject Properties.

11. On November 18, 2024, the Debtors filed the November Sale Process Notice,[4] setting January 6, 2025 at 5:00 p.m. (ET) as the Bid Deadline for the Remaining Properties (the "Bid Deadline") and January 13-15, 2025 at 9:00 a.m. (ET) as the Auction (if any) for the Remaining Properties.

---

[3] "September Sale Process Notice" means the *Notice of Supplemental Dates and Deadlines Under Bidding Procedures Order Regarding Debtors' Continued Sale Process* [Docket No. 4425].

[4] "November Sale Process Notice" means the *Notice of Further Supplemental Dates and Deadlines Regarding Continued Sale Process for Debtors' Remaining Properties, Including Bid Deadline, Auction, and Sale Hearing* [Docket No. 4952].

5

12. On each of January 3, 2025, January 23, 2025, February 3, 2025, February 20, 2025, February 20, 2025, March 5, 2025, and March 20, 2025, the Debtors, in consultation with the Committee and in accordance with the Bidding Procedures Order, filed those certain *Notice[s] of Further Supplemental Dates and Deadlines Regarding Continued Sale Process for Debtors' Remaining Properties, Including Bid Deadline, Auction, and Sale Hearing* [Docket Nos. 5328, 5519, 5597, 5701, 5841, 5917] (collectively, with the September Sale Process Notice, the November Sale Process Notice, and the March Sale Process Notice (defined below), the "Sale Process Notices"), in each case setting forth and establishing certain revised Sale Dates and Deadlines, including, pursuant to the March 20, 2025 notice filed at Docket No. 5917 (the "March Sale Process Notice") and with respect to each of the Sale Dates and Deadlines, at dates and times to be determined.

13. Following the IOI Deadline, the Debtors and their advisors analyzed all IOIs received, including for the Subject Properties. Further, the Debtors' advisors held discussions with the Committee's advisors regarding the Debtors' go-forward sale process and value-maximization of the Remaining Real Estate Portfolio, including the Subject Properties. Specifically, the Debtors' advisors presented to the Committee's advisors the option of, with respect to certain properties (including the Subject Properties), pursuing direct negotiations with prospective purchasers (including the Purchasers) in lieu of taking those properties to auction.

14. In consultation with, and with the support of, the Committee, the Debtors have engaged in hard-fought, good faith, and arm's-length negotiations with each of the Purchasers regarding the respective Asset Purchase Agreements. These negotiations yielded material improvements to certain of the terms offered by the Purchasers under their respective proposed

Asset Purchase Agreements. I believe that the terms and provisions of each of the Asset Purchase Agreements are fair, reasonable, and value-maximizing.

15. Accordingly, the Debtors have determined to pursue the private sale transactions embodied in the Asset Purchase Agreements and requested for the Court's approval by the Motion. On August 14, 2025, substantially contemporaneously with the filing of this Declaration, the Debtors filed the Motion. Respectfully, for the reasons set forth herein, the Court should approve the requested relief in the Motion.

**The Asset Purchase Agreements are Value-Maximizing and Should Be Approved**

16. Following the IOI Deadline, in light of IOIs received at the IOI Deadline for the Subject Properties as well as all other indications of value for the Subject Properties received by the Debtors in these Chapter 11 Cases (each of which IOIs and other indications of value I have reviewed and evaluated), I believed, in consultation with the Committee's advisors, that the Debtors would be able to best position themselves to maximize the value of the Subject Properties by proceeding to direct negotiations with the Purchasers—*i.e.*, for private sale transactions rather than putting the Subject Properties to an auction.

17. I arrived at this conclusion based upon my review of all expressions of interest for the Subject Properties received during the Chapter 11 Cases and my and Ducera's discussions with any prospective purchaser for the Subject Properties that had indicated formal or informal interest in one or more of the Subject Properties (including as "packages" thereof). On the Debtors' behalf, Ducera held discussions with not only the Purchasers of the applicable Subject Properties, but with any prospective purchaser that approached the Debtors or their advisors indicating competitive value for one or more of the Subject Properties. In my professional opinion and judgment, the value to be obtained under the Asset Purchase Agreements maximizes the value of the Subject

7

Properties following a thorough, transparent, and open marketing process.  This marketing process has spanned over two years to date.  In my opinion, neither further marketing nor including the Subject Properties in a formal auction would be likely to create additional value for the Subject Properties.  To the contrary, in my opinion, doing so could be destructive to the considerable value that the Debtors stand to obtain under the applicable executed Asset Purchase Agreements.

18. As mentioned above, the Subject Properties have been thoroughly marketed for approximately two years.  The Subject Properties were included in Ducera's launch materials for the Debtors' sale process distributed to approximately 650 prospective counterparties on or around July 31, 2023, prior to the Petition Date.  Moreover, following the Debtors' retention of CBRE in the summer of 2024, the Subject Properties were subjected to additional aggressive and targeted marketing—including by leveraging CBRE's expertise in the Subject Properties' specific local markets.  Any and all prospective purchasers for the Subject Properties have had an extensive opportunity to access Ducera's and/or CBRE's datarooms, to conduct diligence on the Subject Properties, and to submit indications of interest formally or informally to Ducera and/or CBRE regarding any of the Subject Properties.

19. In my professional opinion and judgment, the Subject Properties have been sufficiently and thoroughly marketed—in consultation with the Committee—to enable me to conclude that (a) the Asset Purchase Agreements maximize the value of the applicable Subject Properties and (b) higher or otherwise better offers for the Subject Properties are unlikely to be obtained as a result of further marketing or at an auction.  Further, in my opinion, such a path would not be costless, as it is possible that the offers reflected in the Asset Purchase Agreements could be lost altogether if the Debtors put the Subject Properties to auction.  The Purchasers would have no obligation to bid at the values of the Asset Purchase Agreements—or to bid at all.

Accordingly, in my opinion, it is value-maximizing for the Debtors to enter into the Asset Purchase Agreements pursuant to the proposed private sale transactions as expeditiously as possible, allowing the Debtors and their estates to realize the significant cash proceeds from the Sales.

## **Conclusion**

20.     Based on the foregoing, and respectfully, the requested relief should be authorized.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: August 14, 2025                              */s/ Cody Leung Kaldenberg*

                                                    Cody Leung Kaldenberg
                                                    Partner
                                                    Ducera Partners, LLC

                                                    *Investment Banker to the Debtors*