## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date (Monthly): To Be Scheduled If Necessary** |
| | **Objection Deadline: September 5, 2025 at 4:00 p.m. (ET)** |

### SUMMARY OF TWENTY-SECOND MONTHLY FEE APPLICATION OF AKIN GUMP STRAUSS HAUER & FELD LLP, AS LEAD CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YELLOW CORPORATION, *ET AL.*, FOR THE PERIOD FROM MAY 1, 2025 THROUGH AND INCLUDING MAY 31, 2025

| | |
|---|---|
| Name of Applicant: | Akin Gump Strauss Hauer & Feld LLP ("Akin")[2] |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors of Yellow Corporation, *et al.* |
| Date of Retention: | October 4, 2023 (*nunc pro tunc* to August 18, 2023) |
| Period for which Compensation and Reimbursement Is Sought: | May 1, 2025 through and including May 31, 2025 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary | $1,182,166.40 (80% of $1,477,708.00)[3] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary | $22,753.10[4] |

This is a(n) __X__ monthly _____ interim _____ final application.

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]   Capitalized terms used but not otherwise defined in this summary have the meanings ascribed to such terms below.

[3]   This amount reflects a voluntary fee reduction of $55,171.00, including all fees incurred by professionals and paraprofessionals who provided fewer than 5 hours of services during the Compensation Period, travel time reductions required pursuant to Local Bankruptcy Rule 2016-1(d) and certain other voluntary reductions. Such fees are excluded from the exhibits and the summary tables included herein, and Akin will not seek allowance of such fees in its interim or final fee applications. For the avoidance of doubt, with the exception of travel time reductions, the foregoing fee reductions are purely voluntary and not based on any determination that such fees are not appropriate or compensable.

[4]   This amount reflects a reduction of $491.60 in expenses incurred during the Compensation Period, including any reductions required pursuant to Local Bankruptcy Rule 2016-1(e)(iii). Such expenses are excluded from the exhibits and the summary tables included herein, and Akin will not seek allowance of such expenses in its interim or final fee applications.

**COMPENSATION BY PROFESSIONAL FOR THE COMPENSATION PERIOD
MAY 1, 2025 THROUGH AND INCLUDING MAY 31, 2025**

| Partners | Department | Office | Year of Admission | 2025 Rate | Hours | Amount ($) |
|---|---|---|---|---|---|---|
| Z.W. Julius Chen | Appellate | DC | 2010 | $1,925.00 | 8.40 | $16,170.00 |
| Philip Dublin | Financial Restructuring | NY | 1999 | $2,495.00 | 45.70 | $114,021.50 |
| Stephen Kuhn | Corporate | NY | 1991 | $2,495.00 | 8.50 | $21,207.50 |
| Meredith Lahaie | Financial Restructuring | NY | 2007 | $2,495.00 | 74.20 | $185,129.00 |
| Joseph Sorkin | Litigation | NY | 2001 | $2,495.00 | 17.70 | $44,161.50 |
| Abid Qureshi | Financial Restructuring | NY | 1995 | $2,495.00 | 9.90 | $24,700.50 |
| **Partner Total:** | | | | | **164.40** | **$405,390.00** |
| **Senior Counsel & Counsel** | **Department** | **Office** | **Year of Admission** | **2025 Rate** | **Hours** | **Amount ($)** |
| Jon Chatalian | Labor | DC | 2008 | $1,900.00 | 66.70 | $126,730.00 |
| Christine Doniak | Litigation | NY | 1998 | $1,220.00 | 7.80 | $9,516.00 |
| Christopher Gessner | Litigation | NY | 2014 | $1,800.00 | 123.60 | $222,480.00 |
| David Hill | Litigation | NY | 2016 | $1,625.00 | 50.60 | $82,225.00 |
| Jeffrey Latov | Litigation | NY | 2017 | $1,625.00 | 91.60 | $148,850.00 |
| Joanna F. Newdeck | Financial Restructuring | DC | 2005 | $1,800.00 | 30.50 | $54,900.00 |
| Blaine Scott | Financial Restructuring | DC | 2019 | $1,550.00 | 7.50 | $11,625.00 |
| Kevin Zuzolo | Financial Restructuring | NY | 2009 | $1,800.00 | 145.50 | $261,900.00 |
| **Senior Counsel & Counsel Total:** | | | | | **523.80** | **$918,226.00** |
| **Associates** | **Department** | **Office** | **Year of Admission** | **2025 Rate** | **Hours** | **Amount ($)** |
| Talia Helfrick | Financial Restructuring | NY | 2023 | $1,195.00 | 43.10 | $51,504.50 |
| Alyssa Kewenvoyouma | Corporate | LA | 2024 | $995.00 | 5.00 | $4,975.00 |
| Gabriel Korn | Financial Restructuring | NY | 2024 | $995.00 | 67.60 | $67,262.00 |
| Samantha Raggio | Litigation | NY | Not Yet Admitted | $895.00 | 11.40 | $10,203.00 |
| Erik Ramirez | Litigation | NY | 2025 | $895.00 | 6.00 | $5,370.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Erica Reeves | Financial Restructuring | DC | 2021 | $1,195.00 | 5.80 | $6,931.00 |
| **Associate Total:** | | | | | **138.90** | **$146,245.50** |
| **Paraprofessionals/ Staff Attorneys** | **Department** | **Office** | **Year of Admission** | **2025 Rate** | **Hours** | **Amount ($)** |
| Daniel Chau | Ediscovery | NY | N/A | $515.00 | 7.80 | $4,017.00 |
| Amy Laaraj | Paralegal, Financial Restructuring | NY | N/A | $555.00 | 6.90 | $3,829.50 |
| **Staff Attorney & Paraprofessional Total:** | | | | | **14.70** | **$7,846.50** |
| **Total Hours / Fees Requested:** | | | | | **841.80** | **$1,477,708.00** |

**COMPENSATION BY TASK CODE FOR THE COMPENSATION PERIOD**
**MAY 1, 2025 THROUGH AND INCLUDING MAY 31, 2025**

| Task Code | Matter | Hours | Value ($) |
|---|---|---|---|
| 2 | Case Administration | 67.80 | $96,364.00 |
| 3 | Akin Fee Applications | 46.70 | $70,781.50 |
| 4 | Other Professional Fee Applications | 9.70 | $16,691.00 |
| 6 | Retention of Professionals | 8.50 | $16,067.50 |
| 7 | Creditors Committee Matters / Meetings / 341 Meeting | 17.30 | $34,177.50 |
| 8 | Hearings and Court Matters /Court Preparation | 6.40 | $10,266.00 |
| 11 | Executory Contracts and Leases | 8.70 | $15,508.00 |
| 12 | General Claims Analysis / Objections / POCs | 152.10 | $306,465.00 |
| 13 | Analysis of Prepetition Transactions | 4.40 | $8,337.00 |
| 16 | Automatic Stay | 0.20 | $310.00 |
| 17 | Adversary Proceedings / Other Litigation | 345.10 | $590,348.00 |
| 22 | Disclosure Statement / Solicitation / Plan Confirmation | 150.00 | $263,691.50 |
| 23 | Asset Disposition / 363 Asset Sales / Bidding Procedures | 24.10 | $46,705.00 |
| 28 | General Corporate Matters | 0.20 | $499.00 |
| 29 | Intercompany Claims & Transactions / Cash Management | 0.60 | $1,497.00 |
| | **TOTAL:** | **841.80** | **$1,477,708.00** |

**EXPENSE SUMMARY FOR THE COMPENSATION PERIOD**
**MAY 1, 2025 THROUGH AND INCLUDING MAY 31, 2025**

| Disbursement Activity | Amount ($) |
|---|---|
| Color Copy | $296.80 |
| Computerized Legal Research - Courtlink - In Contract 50% discount | $223.80 |
| Computerized Legal Research - Lexis - In Contract 30% Discount | $508.70 |
| Computerized Legal Research - Other | $832.48 |
| Computerized Legal Research - Westlaw - In Contract 30% Discount | $19,965.12 |
| Duplication - In House | $423.00 |
| Local Transportation - Overtime | $118.87 |
| Meals - Overtime | $24.33 |
| Research | $360.00 |
| **TOTAL:** | **$22,753.10** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date (Monthly): To Be Scheduled If Necessary**<br>**Objection Deadline: September 5, 2025 at 4:00 p.m. (ET)** |

**TWENTY-SECOND MONTHLY FEE APPLICATION**
**OF AKIN GUMP STRAUSS HAUER & FELD LLP, AS LEAD CO-COUNSEL**
**TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF**
**YELLOW CORPORATION, *ET AL.*, FOR THE PERIOD FROM**
**MAY 1, 2025 THROUGH AND INCLUDING MAY 31, 2025**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*, dated September 13, 2023 [ECF No. 519] (the "Interim Compensation Order"), Akin Gump Strauss Hauer & Feld LLP ("Akin"), lead co-counsel for the Official Committee of Unsecured Creditors (the "Committee") of Yellow Corporation, *et al.* (collectively, the "Debtors") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submits its twenty-second monthly fee application (the "Monthly Fee Application") seeking compensation for professional services and reimbursement of actual and necessary expenses, which Akin incurred during the period from May 1, 2025 through and

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

including May 31, 2025 (the "Compensation Period").[2]  Pursuant to the Interim Compensation Order, Akin seeks payment of (i) $1,182,166.40 (80% of $1,477,708.00) as compensation for professional services rendered to the Committee during the Compensation Period and (ii) $22,753.10 for reimbursement of actual and necessary expenses incurred during the Compensation Period, for a total of $1,204,919.50.  In support of this Monthly Fee Application, Akin submits the declaration of Meredith A. Lahaie, a partner at Akin (the "Lahaie Declaration"), which is attached hereto as **Exhibit A** and incorporated herein by reference.  In further support of this Monthly Fee Application, Akin respectfully states as follows.

## JURISDICTION

1.       The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and Akin confirms its consent pursuant to Local Bankruptcy Rule 9013-1(f) to the entry of a final order by the Court in connection with this Monthly Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.       Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory and rule predicates for the relief requested herein are Bankruptcy

---

[2]     The total amount sought for fees and expenses reflects voluntary reductions of (i) $55,171.00 in fees, including all fees incurred by professionals or paraprofessionals who provided fewer than 5 hours of services during the Compensation Period, travel time reductions required pursuant to Local Bankruptcy Rule 2016-1(d) and certain other voluntary fee reductions and (ii) $491.60 in expenses incurred during the Compensation Period, including any reductions required pursuant to Local Bankruptcy Rule 2016-1(e)(iii). Such fees and expenses are excluded from the exhibits and the summary tables included herein, and Akin will not seek allowance of such fees or expenses in its interim or final fee applications. For the avoidance of doubt, with the exception of those reductions required by Local Bankruptcy Rule 2016-1, the foregoing reductions are purely voluntary and not based on any determination that such fees or expenses are not appropriate or compensable.

Code sections 330 and 331, Bankruptcy Rule 2016 and Local Bankruptcy Rule and 2016-1.

**BACKGROUND**

**A.      The Debtors' Chapter 11 Cases**

4.      On August 6, 2023 and continuing on August 7, 2023, the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code in this Court.

5.      On August 16, 2023, the United States Trustee for Region 3 appointed the Committee in these Chapter 11 Cases pursuant to Bankruptcy Code section 1102(a)(1).[3]  *See Notice of Appointment of Committee of Unsecured Creditors* [ECF No. 269].  The Committee currently comprises seven members.[4]

6.      On May 20, 2024, the United States Trustee for Region 3 filed the *First Amended Notice of Appointment of Committee of Unsecured Creditors* [ECF No. 3430] because, on May 8, 2024, Michelin North America, Inc. resigned from the Committee.

7.      On February 4, 2025, the United States Trustee for Region 3 filed the *Second Amended Notice of Appointment of Committee of Unsecured Creditors* [ECF No. 5615] because, on February 4, 2025, Daimler Trucks N.A. resigned from the Committee.

**B.      Retention of Akin**

8.      On August 18, 2023, the Committee selected Akin to serve as lead co-counsel to the Committee, subject to Court approval.  On August 21, 2023, the Committee selected Miller Buckfire[5] to serve as its investment banker and Huron Consulting Services LLC ("<u>Huron</u>") to serve

---

[3]    In relevant part, Bankruptcy Code section 1102(a)(1) provides that "as soon as practicable after the order for relief under chapter 11 of [the Bankruptcy Code], the United States trustee shall appoint a committee of creditors holding unsecured claims and may appoint additional committees of creditors . . . as the United States trustee deems appropriate."

[4]    The Committee comprises the following parties: (i) BNSF Railway; (ii) Central States, Southeast and Southwest Areas Pension Fund; (iii) International Brotherhood of Teamsters; (iv) New York State Teamsters Pension and Health Funds; (v) Pension Benefit Guaranty Corporation; (vi) RFT Logistics LLC; and (vii) Mr. Armando Rivera.

[5]    Stifel, Nicolaus & Co., Inc., the primary investment banking and broker-dealer subsidiary of Stifel Financial Corp., uses the trade name "Miller Buckfire" for its restructuring-focused investment banking practice.

3

as its financial advisor. Additionally, on August 22, 2023, the Committee selected Benesch, Friedlander, Coplan & Aronoff LLP ("Benesch") to serve as Delaware counsel and co-counsel to the Committee.

9.      On September 18, 2023, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Yellow Corporation,* et al*., to Retain and Employ Akin Gump Strauss Hauer & Feld LLP as Lead Co-Counsel,* Nunc Pro Tunc *to August 18, 2023* [ECF No. 597] (the "Akin Retention Application"), which was granted by an order of this Court dated October 4, 2023 [ECF No. 760] (the "Akin Retention Order").[6]

10.      The Akin Retention Order authorizes the Debtors to compensate and reimburse Akin in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules. The Akin Retention Application provides that Akin will be (i) compensated at Akin's hourly rates charged for services of this type and (ii) reimbursed for actual and necessary out-of-pocket expenses incurred in connection with rendering such services, subject to approval by this Court.

## **RELIEF REQUESTED**

11.      Akin submits this Monthly Fee Application for (i) payment of reasonable compensation for actual, reasonable and necessary professional services performed by Akin as lead co-counsel for the Committee during the Compensation Period and (ii) reimbursement of actual, reasonable and necessary expenses incurred by Akin in connection with rendering such services to the Committee during the Compensation Period. All services for which Akin requests compensation were performed for, or on behalf of, the Committee.

12.      Akin has received no payment and no promises for payment from any source for

---

[6]   Orders authorizing the Committee's retention of Miller Buckfire [ECF No. 764], Huron [ECF No. 761] and Benesch [ECF No. 762] were entered on October 4, 2023.

services provided or to be provided in any capacity whatsoever in connection with these Chapter 11 Cases other than in accordance with the Akin Retention Order and the Interim Compensation Order.

13.     Pursuant to Bankruptcy Rule 2016(b), Akin has neither shared nor agreed to share (i) any compensation it has received or may receive with another party or person other than with the partners, counsel and associates of Akin or (ii) any compensation another person or party has received or may receive.

<b>FEES AND EXPENSES INCURRED DURING<br>THE COMPENSATION PERIOD</b>

14.     To the best of Akin's knowledge, this Monthly Fee Application complies with Bankruptcy Code section 330, the applicable Bankruptcy Rules, the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, the *Region 3 Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees*, Local Bankruptcy Rule 2016-1 and applicable Third Circuit law.

15.     The fees incurred by Akin in these Chapter 11 Cases were billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.  The rates Akin charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are the same rates Akin charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  These fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

<b>ALLOWANCE OF COMPENSATION AND<br>REIMBURSEMENT OF EXPENSES</b>

16.     The professional services rendered by Akin required a high degree of professional

5

competence and expertise, and substantial time and effort was needed to address the numerous

issues requiring evaluation and action by the Committee. The Committee respectfully submits that

the services rendered by Akin were performed efficiently, effectively and economically, and that

the results obtained have benefited general unsecured creditors.

17.     Bankruptcy Code section 330 provides, in pertinent part, that the Court may award

to a professional person "reasonable compensation for actual, necessary services rendered . . . ."

11 U.S.C. § 330(a)(1). Further, Bankruptcy Code section 330(a)(3) provides that:

> In determining the amount of reasonable compensation to be
> awarded, the court shall consider the nature, the extent, and the value
> of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable
> amount of time commensurate with the complexity, importance, and
> nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is
> board certified or otherwise has demonstrated skill and experience
> in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases
> other than cases under this title.

11 U.S.C. § 330(a)(3).

18.     The professional services rendered by Akin during the Compensation Period have

been itemized by each professional. A detailed invoice of the services provided, and expenses

incurred, during the Compensation Period is attached hereto as **Exhibit B**. In performing services

for the Committee, Akin took into account both the hourly rate of the attorney providing the

services and the relative skill of the particular attorney as it related to the required tasks.  By utilizing those most skilled in a particular area, Akin was able to provide efficient and effective representation to the Committee.

## A.    Reasonableness of Compensation Requested

19.    Akin believes that the hourly rates charged for its professionals and paraprofessionals are reasonable and competitive with the hourly rates charged by law firms of comparable size and quality with similar expertise and levels of experience.  The hourly rate of each professional who rendered services in connection with these Chapter 11 Cases during the Compensation Period is set forth above.  Additionally, the range of current hourly rates charged by Akin for professionals and paraprofessionals employed in its domestic offices was provided in the Akin Retention Application.

20.    Based upon the factors considered pursuant to Bankruptcy Code sections 330 and 331, the quality of the services provided and the results that have been achieved to date, allowance of the amounts requested is appropriate.  Because Akin's fees and expenses are comparable to those incurred by counsel to similarly-situated committees in cases involving analogous issues, Akin's fees are "reasonable" and should be allowed in the amounts set forth herein on an interim basis.

## B.    Novelty and Difficulty of Legal Questions/Skill Requisite to Performing Legal Services

21.    These Chapter 11 Cases involve a number of issues in the areas of restructuring, litigation, corporate law and labor law.  The Debtors' liquidity position, asset sales, plan process and the significant disputed and unliquidated claims against the Debtors' estates asserted by various creditors necessitated the involvement of attorneys from multiple disciplines in order provide the Committee with the requisite legal advice.  The skill and expertise required to assist

the Committee in evaluating the factual and legal issues arising in these Chapter 11 Cases, and the effective advocacy and creative approach used by Akin to resolve such issues, weigh in favor of allowing the amounts requested in this Monthly Fee Application.

## C.    Reimbursement of Expenses

22.    Akin requests reimbursement in the amount of $22,753.10 for expenses incurred during the Compensation Period in the course of providing professional services to the Committee. Akin's disbursement policies pass through all out-of-pocket expenses at actual cost or an estimated actual cost when the actual cost is difficult to determine.  For example, Akin does not make a profit on computerized research services and passes through the costs of such services (which Akin receives at discounted rates) to its clients.  Other reimbursable expenses (whether the service is performed by Akin in-house or through a third party vendor) include, but are not limited to, long-distance calls, overtime meals, deliveries, court costs, transcript fees, discovery, photocopying, printing, travel and clerk fees.[7]

## **RESERVATION OF RIGHTS**

23.    To the extent time for services rendered or charges for disbursements incurred in connection with the Compensation Period were not processed prior to the preparation of this Monthly Fee Application, or Akin has for any other reason not sought compensation or reimbursement of expenses herein with respect to any services rendered or expenses incurred during the Compensation Period, Akin reserves the right to request additional compensation for such services and reimbursement of such expenses in a future fee application.

---

[7]    In accordance with Local Bankruptcy Rule 2016-1(e)(iii), Akin will not charge more than $0.10 per page for black and white photocopies or more than $0.80 per page for color photocopies.  Akin does not surcharge for computerized research.

8

## NO PRIOR REQUEST

24.    No prior application has been made in this Court or in any other court for the relief requested herein for the Compensation Period.

## NOTICE

25.    Notice of this Monthly Fee Application will be provided to the Application Recipients, as defined in the Interim Compensation Order, in accordance with such order.

## CONCLUSION

WHEREFORE, Akin respectfully requests, in accordance with the Interim Compensation Order, interim allowance of $1,477,708.00 as the total compensation for professional services rendered during the Compensation Period, 80% of which may be paid upon the filing of a certificate of no objection, and the sum of $22,753.10 for reimbursement of actual and necessary costs and expenses incurred by Akin during the Compensation Period.

Dated:  August 15, 2025
Wilmington, Delaware

**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**

_/s/ Jennifer R. Hoover_
Jennifer R. Hoover (DE No. 5111)
Kevin M. Capuzzi (DE No. 5462)
John C. Gentile (DE No. 6159)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
E-mail: jhoover@beneschlaw.com
          kcapuzzi@beneschlaw.com
          jgentile@beneschlaw.com

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Philip C. Dublin (admitted _pro hac vice_)
Meredith A. Lahaie (admitted _pro hac vice_)
Kevin Zuzolo (admitted _pro hac vice_)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: pdublin@akingump.com
          mlahaie@akingump.com
          kzuzolo@akingump.com

_Counsel to the Official Committee of Unsecured Creditors_