## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, et al., | ) | Case No. 23-11069 (CTG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: D.I. 7509, 7533** |

**FOUR SFA MULTIEMPLOYER PENSION PLANS' STATEMENT REGARDING THE OBJECTION OF MFN PARTNERS, LP AND MOBILE STREET HOLDINGS, LLC TO (A) APPROVAL OF FOURTH AMENDED DISCLOSURE STATEMENT FOR THE FOURTH AMENDED JOINT CHAPTER 11 PLAN OF YELLOW CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE AND (B) SOLICITATION PROCEDURES MOTION**

The Funds[1] submit this Statement Regarding the *Objection of MFN Partners, LP and Mobile Street Holdings, LLC to (A) Approval of Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Solicitation Procedures Motion* (Dkt. 7509, the "Objection").

## BACKGROUND

1.      A year and a half ago, MFN Partners, LP ("MFN") told this Court that a successful resolution of these proceedings "requires efficient resolution of all proofs of claim," and asserted that any potential delay beyond "**August _2024_**" in resolving the Funds' proofs of claim would be unacceptable.  Dkt. 2440 ¶¶ 4, 6 (emphasis added).  Indeed, all major stakeholders, and this Court, were in agreement with the need to move forward as efficiently as possible towards an August

---

[1] The "Funds" are four multiemployer pension plans:  New York State Teamsters Conference Pension and Retirement Fund ("New York State Teamsters Fund"); Management Labor Pension Fund Local 1730; Teamsters Local 617 Pension Fund; Trucking Employees of North Jersey Pension Fund.

_**2024**_ resolution, and the only question was which forum would provide the most efficient path forward.[2]

2.      After deciding that this Court should resolve the validity of the Funds' and other multiemployer pension plans' proofs of claim, this Court issued a timely and thorough summary judgment opinion on September 13, 2024—which, _inter alia_, rejected Debtors' and MFN's primary challenge to the Funds' proofs of claims:  that regulations promulgated by the Pension Benefit Guaranty Corporation ("PBGC") were invalid.  _See_ Dkt. 4326.

3.      As a result of this Court's summary judgment opinion, MFN did not hit the jackpot on the "lottery tickets (i.e., stock) MFN purchased just before these bankruptcy cases were filed." Dkt. 1833, ¶ 1.  _See also_ Dkt. 5989 at 62 (statement by counsel for MFN that "the resolution of these claims is the difference between . . . a substantial return to equity, that is the public shareholders like MFN . . . and equity being wiped out").

4.      Prior to appealing the issue of the validity of the PBGC regulations to the Third Circuit, MFN moved for reconsideration on the issue before this Court, which was denied.  _See_ Dkt. 4462, 4846.  _But cf._ Dkt. 2440, ¶ 7 (MFN arguing that because the validity of the PBGC regulations was a "purely legal issue[] . . . subject to _de novo_ review . . . arbitration [would be] meaningless and only serv[e] the purpose of delaying . . . the resolution of this case").

---

[2] _See_ Dkt. 2765 at 29-30 (Court ruling acknowledging "the presumption in favor of arbitration," but holding that because "obtaining . . . a resolution promptly is of particular importance" and a trial was already scheduled for August 2024, "the risk of delay counsels strongly in favor of denying stay relief"); 2438 ¶¶ 30-37 (Debtors arguing that "Arbitration Would Needlessly Delay the Debtors' Restructuring and Waste Estate and Judicial Resources" because, absent arbitration, "the parties would resolve these withdrawal liability disputes in less than six months," i.e., by August 2024, in a "more efficient and less costly procedure . . . ."); Dkt. 2180, ¶ 40 (Funds arguing that they "would be prejudiced by not being able to proceed in the more efficient, less expensive and expert forum that Congress provided"); Dkt. 5989 at 59-60 (Committee statement that "ensuring an economic and efficient process is of paramount importance" but that "it is not clear . . . which approach will result in a more efficient and economical resolution of the disputes").

## **STATEMENT**

5.      As the Committee notes in its Reply, because MFN lost its bet on invalidating the PBGC regulations, it has decided to use "value-destructive and meritless litigation tactics" in an attempt to "extract considerations to which equity is not entitled from the creditors of these estates." Dkt. 7533, ¶ 1.

6.      While many of MFN's arguments have no apparent relevance to the validity of the Disclosure Statement (and, if relevant at all, could be addressed at a confirmation hearing), the Funds offer six brief additional points regarding statements in MFN's Objection.

7.      *First*, one of MFN's attacks on the Committee implies that the Committee acted improperly by "not join[ing] objections . . . [on] the 50% subordination issue." Objection, ¶ 14. But this Court already ruled that Debtors' and MFN presented this issue "in such a backhanded fashion," in a conclusory footnote, that a court could find it had been waived. Dkt. 6030 at 50.[3]

8.      *Second*, and relatedly, MFN claims that "the Debtors [have since] prevailed on the 50% subordination issue." Objection, ¶ 39. But this Court merely ruled against two arguments about why there could not, as a matter of law, be any subordination. *See* Dkt. 6030 at 52 (granting "partial summary judgment [on this issue] even though the debtors' solvency is itself an open question"); Dkt. 6682. Neither Debtors nor MFN ever offered any evidence as to what the amount of any subordination would be, and, accordingly, Debtors and MFN have not obtained any ruling from this Court ordering subordination in any amount.

9.      *Third*, like its repeated attempts to publicly pressure the Committee into changing its decisions, MFN appears to now be publicly pressuring Debtors by suggesting that Debtors

---

[3] This Court nevertheless "exercise[d] its discretion" to decide the issue on the merits "rather than applying the strictest possible construction of the rules of waiver." *Id.*

should file a new objection to one of the Fund's claims. *See* Objection, ¶ 44 & n.21. But MFN: (i) has had a "common interest privilege" with Debtors dating back more than two years covering objections to the Funds' claims, Dkt. 3569-1 at p. 63 of 66; (ii) joined "in full" the Debtors' objections to the Funds' and other multiemployer pension plans' claims on numerous grounds, Dkt. 2440, ¶ 7; and (iii) participated in multiple rounds of summary judgment briefing following discovery (including motions for reconsideration). There is no substantive or procedural merit to MFN's belated arguments in this regard.[4]

10.    *Fourth*, MFN implies that Debtors and the Committee improperly sought to settle claims just with so-called "preferred claimants[.]" *See* Objection, ¶ 43. But during precisely the same period of time MFN now implies that Debtors and the Committee were conspiring against it, Debtors' lead counsel was actually having daily communications with MFN regarding settlement. *See*, *e.g.*, Dkt. 6420-6 (fee application of Kirkland & Ellis LLP) at 14-16. Moreover, on June 10, 2025, MFN attended an in-person settlement meeting with Debtors, the Committee, the Funds, and other multiemployer plans—which MFN walked out of after its demands for its own recovery were not met.

11.    *Fifth*, MFN inaccurately lists Groom Law Group, Chartered ("Groom") as representing six funds—even though, of the eleven funds Groom initially represented, only the four Funds remain. *See* Objection, ¶ 44. The majority of the funds previously represented by

---

[4] *See also*, *e.g.*, *In re Catron*, 198 B.R. 908, 909 (Bankr. M.D.N.C. 1996) ("The filing of . . . successive and repeated objections, even if based on different grounds, is unduly burdensome and prejudicial to creditors who are subjected to such tactics."); *In re Nazu, Inc.*, 350 B.R. 304, 311 (Bankr. S.D. Tex. 2006) (holding that "the Debtor . . . waived" "additional objections not raised in its Objection," even when they were raised as early as "a brief in support of its objection" filed "on the day of the hearing on Debtor's Objection").

Groom have sold their claims, over time, either to MFN or the Milbank Group.  This case has become an unnecessary and unduly expensive war of attrition being waged against the creditors.

12.    *Finally*, and relatedly, as MFN has previously and correctly pointed out, the administrative burn rate in this case—which is now approaching $300 million—is astonishing and unsustainable.  *See* Dkt. 6204, ¶ 2.  MFN, however, ignores that its conduct continues to be partially responsible for increasing the administrative burn rate.  MFN previously argued that this Court had the opportunity to turn the proceedings into "one of the greatest results in modern bankruptcy history of a company that had gone into an unforeseen liquidation."  Dkt. 5989 at 62.  But now MFN is attempting to push these proceedings towards failure, unless it gets bailed out for its unsuccessful bet against the PBGC regulations.

Date:  September 2, 2025
      Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
      whazeltine@sha-llc.com


GROOM LAW GROUP, CHARTERED
Edward J. Meehan (*pro hac vice*)
Samuel I. Levin (*pro hac vice*)
1701 Pennsylvania Ave., NW
Washington, DC 20006
Tel: (202) 857-0620
Email: emeehan@groom.com
     slevin@groom.com

*Special Counsel for the Funds*

## CERTIFICATE OF SERVICE

I, William D. Sullivan, hereby certify that on the 2nd day of September, 2025, a copy of the foregoing *Four SFA Multiemployer Pension Plans Statement Regarding the Objection of MFN Partners, LP and Mobile Street Holdings, LLC to (A) Approval of Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Solicitation Procedures Motion* was electronically filed and served via CM/ECF on all registered users of that system in accordance with Del. Bankr. L.R. 9036-1(b), and a courtesy copy was served via Electronic Mail on the parties listed below.

*Counsel to the Debtors:*

Allyson B. Smith, Esq.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
allyson.smith@kirkland.com

Shirley Chan, Esq
Patrick J. Nash, Jr. , Esq.
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
shirley.chan@kirkland.com
patrick.nash@kirkland.com

John Christian, Esq
Kirkland & Ellis LLP
4550 Travis Street,
Dallas, TX 75205
john.christian@kirkland.com

Laura Davis Jones, Esq.
Timothy P. Cairns, Esq.
Peter J. Keane, Esq.
Edward Corma, Esq.
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801
ljones@pszjlaw.com
tcairns@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

*Counsel to the Committee of Unsecured Creditors:*

Philip C. Dublin, Esq. Meredith A.
Lahaie, Esq. Kevin Zuzolo, Esq.
AKIN GUMP STRAUSS HAUER & FELD
LLP
One Bryant Park

Jennifer R. Hoover, Esq.
Kevin M. Capuzzi, Esq.
John C. Gentile, Esq.
BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
1313 North Market Street, Suite 1201

6

Bank of America Tower New York,
NY 10036-6745
pdublin@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

Wilmington, DE 19801
jhoover@beneschlaw.com
kcapuzzi@beneschlaw.com
jgentile@beneschlaw.com

*Counsel for Petitioners MFN Partners, LP and Mobile Street Holdings, LLC*

Eric Winston
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
ericwinston@quinnemanuel.com

L. Katherine Good
Maria Kotsiras
POTTER ANDERSON & CORROON LLP
1313 N. Market Street, 6th Floor
Wilmington, DE 19801
kgood@potteranderson.com

Derek L. Shaffer
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, DC 20005
derekshaffer@quinnemanuel.com

*U.S. Trustee:*

The Office of United States Trustee
Jane Leamy, Esq.
Richard Schepacarter, Esq.
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
jane.m.leamy@usdoj.gov
richard.schepacarter@usdoj.gov

September 2, 2025                            */s/ William D. Sullivan*
Date                                     William D. Sullivan