**<u>Exhibit A</u>**

**Revised Proposed Order**

DE:4883-3866-9053.3 96859.001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. _** |

---

**ORDER APPROVING
(I) THE ADEQUACY OF THE DISCLOSURE
STATEMENT, (II) THE SOLICITATION AND VOTING PROCEDURES
(III) THE FORM OF BALLOT AND NOTICES IN CONNECTION
THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"):  (a) approving the adequacy of the Disclosure Statement; (b) approving the Solicitation and Voting Procedures; (c) approving the form of Ballot and notices in connection therewith; (d) approving certain dates with respect thereto; and (e) granting related relief, all as more fully set forth in the Motion, and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Bankruptcy Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Bankruptcy Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Bankruptcy Court having found that this Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution; and this Bankruptcy Court having found that venue

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Bankruptcy Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Bankruptcy Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Bankruptcy Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Bankruptcy Court (the "Hearing"); and this Bankruptcy Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

**I.  Approval of the Disclosure Statement.**

2.      The Disclosure Statement is hereby approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement (including all applicable exhibits attached thereto) provides Holders of Claims and Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article IX of the Plan, in satisfaction of the requirements of Bankruptcy Rules 2002(c)(3) and 3016(b) and (c).

II.     **Approval of the Procedures, Materials, and Confirmation Timeline for Soliciting Votes on and Confirming the Plan.**

    A.     **Approval of the Solicitation and Voting Procedures.**

    4.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **<u>Exhibit 1</u>**, which are hereby approved in their entirety and comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; *provided* that, for the avoidance of doubt, the Solicitation and Voting Procedures herein are approved solely for the purposes of solicitation of votes to accept or reject the Plan and related noticing processes.

    B.     **Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

    5.     The following Confirmation Timeline is hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept the Plan, voting on the Plan, and confirming the Plan:

| Event | Date | Description |
|---|---|---|
| Disclosure Statement Objection Deadline | August 26, 2025, at 4:00 p.m., prevailing Eastern Time | Deadline by which parties in interest may object to the Disclosure Statement and adequacy thereof. |
| Voting Record Date | August 26, 2025 | The date to determine (i) which Holders of Claims in the Voting Class are entitled to vote to accept or reject the Plan and (ii) whether Claims have been properly assigned or transferred under Bankruptcy Rule 3001(e) such that an assignee or transferee, as applicable, can vote to accept or reject the Plan as the Holder of a Claim or Interest (the "<u>Voting Record Date</u>"). |
| Disclosure Statement Hearing Date | September 4, 2025, at 10:00 a.m., prevailing Eastern Time | Date of the hearing at which the Court will consider the relief requested in this Motion. |

| Event | Date | Description |
|---|---|---|
| Solicitation Mailing Deadline | Ten (10) business days following entry of the Order | The deadline by which the Debtors must distribute (i) Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan and (ii) Notices of Non-Voting Status and Opt-In Forms (the "Solicitation Mailing Deadline"). |
| Publication Deadline | Three (3) business days following entry of the Order (or as soon as reasonably practicable thereafter) | The date by which the Debtors will submit the Confirmation Hearing Notice in a format modified for publication (such notice, the "Publication Notice," and such date, the "Publication Deadline"). |
| Deadline to File Motion Pursuant to Bankruptcy Rule 3018(a) | October 1, 2025, at 4:00 p.m., prevailing Eastern Time | The deadline by which a claimant holding a Disputed Claim must file a motion with the Bankruptcy Court to temporarily allow its Claim in an amount that the Bankruptcy Court considers proper for voting to accept or reject the Plan (the "Rule 3018 Motion Deadline"). |
| Plan Supplement Filing Deadline | Seven (7) days prior to the Plan Objection Deadline (or as soon as reasonably practicable thereafter) | The date by which the Debtors shall file the Plan Supplement (the "Plan Supplement Filing Deadline"). |
| Voting Deadline, Opt-In Deadline | October 29, 2025, at 4:00 p.m., prevailing Eastern Time | The deadline by which all Ballots and Opt-In Forms must be properly executed, completed, and submitted so that they are **actually received** by Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent").[3] |
| Plan Objection Deadline | October 29, 2025, at 4:00 p.m., prevailing Eastern Time | The deadline by which parties in interest may file objections to confirmation of the Plan (the "Plan Objection Deadline"). |
| Deadline to File Voting Report | November 5, 2025 | The date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Bankruptcy Court. |
| Confirmation Brief and Plan Objection Reply Deadline | Three (3) days prior to the Confirmation Hearing Date | The deadline by which the Debtors shall file their brief in support of confirmation of the Plan and reply to objections to confirmation of the Plan. |
| Confirmation Hearing Date | November 12, 2025, at 10:00 a.m., prevailing Eastern Time | The date of the Confirmation Hearing (the "Confirmation Hearing Date"). |

---

[3]  An Order authorizing the Debtors to retain and employ Epiq Corporate Restructuring, LLC, to provide noticing and claims services and serve as Claims and Noticing Agent, was entered by the Bankruptcy Court on August 9, 2023 [Docket No. 170].

6.      The Solicitation Mailing Deadline provides sufficient time for Holders of Claims entitled to vote on the Plan to make informed decisions with respect to voting on the Plan.  The Plan Proponents may adjourn the Confirmation Hearing Date and any related dates and deadlines from time to time, without notice to the parties in interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Bankruptcy Court and serving such notice on the 2002 List.

### C.     Approval of the Form and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.

7.      The Solicitation Packages to be transmitted on or before the Solicitation Mailing Deadline to those Holders of Claims entitled to vote on the Plan as of the Voting Record Date shall include the following, as applicable, the form of each of which is hereby approved:

a.      a copy of the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 1**;

a.      the form of Ballot, substantially in the form attached hereto as **Exhibit 3** together with detailed voting instructions and instructions on how to submit the Ballot;

b.      the Debtors' and Committee's Cover Letter, substantially in the form attached hereto as **Exhibit 4**, which describes the contents of the Solicitation Package and urges Holders of Claims in the Voting Class to vote to accept the Plan;

c.      the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 5**;

d.      the Disclosure Statement (and exhibits thereto, including the Plan);

e.      the form of letter to former employees that are entitled to vote on the Plan (collectively, the "Voting Employee Letters"), substantially in the forms attached hereto as **Exhibit 8A** and **Exhibit 8B**, as applicable, which provides a breakdown of the Claimant's Claim across multiple Classes, including the portion of such entitled to priority treatment under section 507 of the Bankruptcy Code;

    f.     this Order (without exhibits, except for the Solicitation and Voting Procedures);

    g.     a pre-addressed, postage pre-paid reply envelope;[4] and

    h.     any additional documents that the Bankruptcy Court has ordered to be made available to Holders of Claims in the Voting Class.

8.     The Debtors shall distribute Solicitation Packages to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Mailing Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.     The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

10.     The Debtors are authorized to cause the Solicitation Packages to be delivered via first-class mail and/or distributed in electronic format via e-mail, hyperlink, and/or flash drive, as applicable, through the Claims and Noticing Agent to Holders of Claims in the Voting Class. Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Claims and Noticing Agent and request paper copies of the materials previously received in electronic format (to be provided at the Debtors' expense).

11.     The Ballot, substantially in the form attached hereto as **<u>Exhibit 3</u>** is hereby approved and complies with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The Claims and Noticing Agent shall cause the Ballot to be delivered to those parties outlined below:

---

[4]    The Debtors will provide pre-addressed, postage pre-paid reply envelopes only to those holders who receive a Ballot directly from the Debtors.

| Class | Status | Treatment |
|-------|--------|-----------|
| Class 5 | Impaired; Entitled to Vote | Holders of Claims in Class 5 are Impaired under the Plan.  Holders of Claims in Class 5 are entitled to vote to accept or reject the Plan. |

12.     The form of letter (the "Cover Letter"), attached hereto as **Exhibit 4**, describing the contents of the Solicitation Packages and recommending that such parties vote in favor of the Plan, is approved.

13.     The Voting Employee Letters, substantially in the forms attached hereto as **Exhibit 8A** and **Exhibit 8B**, which will be sent to former employees who hold Claims in both (a) Class 5 General Unsecured Claims and (b) Class 3 Other Priority Claims and/or (c) Class 4A Employee PTO/Commission Full Pay GUC Claims, and which set forth the split of their Claim across such Classes are approved.

14.     The Debtors are authorized to cause the Notices of Non-Voting Status and Opt-In Form to be delivered via first-class mail and/or e-mail, as applicable, through the Claims and Noticing Agent to Holders of Claims and Interests in the Non-Voting Classes.

15.     On or before the Solicitation Mailing Deadline, the Debtors (through the Claims and Noticing Agent) shall provide complete Solicitation Packages (other than Ballots) to the U.S. Trustee (in paper format) and all parties on the Master Service List (in electronic form) as of the Voting Record Date.

16.     The Claims and Noticing Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Packages, the Notices of Non-Voting Status and Opt-In Forms, and the Non-Voting Employee Letters; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) receiving, tabulating, and reporting on Opt-In Forms received from Holders of Claims and Interests; (d) responding to inquiries from

Holders of Claims or Interests and other parties in interest relating to the approved Disclosure Statement, the Plan, the Ballot, the Solicitation Packages, the Notices of Non-Voting Status, the Opt-In Forms, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan, opting in to the Third-Party Release,  and for objecting to confirmation of the Plan; (e) soliciting votes on the Plan; (f) distributing further correspondence from the Plan Proponents with respect to the Plan; and (g) if necessary, contacting creditors or interest Holders regarding the Plan and/or the approved Disclosure Statement.

17.     The Claims and Noticing Agent is also authorized to accept Ballots and Opt-In Forms via electronic online transmission through online portals on the Debtors' case website  (the "E-Ballot Portal" and the "Opt-In Portal," respectively) as set forth in the applicable Ballot or Opt-In Form.  The encrypted data and audit trail created by such electronic submission shall become part of the record of any Ballot or Opt-In Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  Ballots submitted through the E-Ballot Portal and Opt-In Forms submitted through the Opt-In Portal shall each be deemed to contain an original signature.

18.     All votes to accept or reject the Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed, and delivered according to the Ballot's voting instructions by: (a) first-class mail, in the return envelope provided with each Ballot; (b) overnight or personal delivery; or (c) the E-Ballot Portal, so that the Ballots are **actually received** by the Claims and Noticing Agent by no later than the Voting Deadline at the return address set forth in the Ballot.  Ballots delivered by any means other than those listed as acceptable forms of delivery will not be counted.

19.    All Rule 3018 Motions must be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **actually received** on or before the Rule 3018 Motion Deadline.

20.    The Ballot contains a Convenience Claim Election. Such election will only be applicable to and accepted for eligible Holders of Class 5 General Unsecured Claims who check the box under the Convenience Claim Election to select Class 4B Convenience Class Claim treatment. Holders of Class 5 General Unsecured Claims who check the box under the Convenience Claim Election will not be entitled to additional distributions, other than the distributions set forth in the proposed Plan treatment for Holders of Allowed Class 4B Convenience Class Claims and may not revoke their Convenience Claim Election. Holders of Class 5 General Unsecured Claims who check the box under the Convenience Claim Election must also accept the Plan otherwise such Convenience Claim Election will be invalid. Notwithstanding the above, Holders of Class 5 General Unsecured Claims who are also Holders of Class 3 Other Priority Claims and/or Class 4A Employee/PTO Commission Full Pay GUC Claims are not permitted to elect into the Class 4B Convenience Class. Such Holders of Class 3 Other Priority Claims and/or Class 4A Employee/PTO Commission Full Pay GUC Claims will already receive priority treatment with respect to their Class 3 Other Priority Claims and/or Class 4A Employee/PTO Commission Full Pay GUC Claims.

**D.    Approval of the Forms of Notice of Non-Voting Status and Opt-In Form.**

21.    On or before the Solicitation Mailing Deadline, the Claims and Noticing Agent shall mail the Notices of Non-Voting Status and Opt-In Form, the forms of which are attached hereto as **Exhibit 2A**, **Exhibit 2B**, and **Exhibit 2C**, and such Notices of Non-Voting Status and Opt-In Form are hereby approved and comply with the requirements of the Bankruptcy Code, the

Bankruptcy Rules, and the Local Rules, to those parties outlined below, who are not entitled to vote on the Plan.

| Class | Status | Treatment |
|---|---|---|
| Class 1, Class 2, Class 3, Class 4A, Class 4B | Unimpaired—Presumed to Accept | Holders of Claims that are presumed to accept the Plan are not entitled to vote.  As such, Holders of such Claims, will receive a Notice of Non-Voting Status and Opt-In Form, substantially in the form attached to the Order as Exhibit 2A, in lieu of a Solicitation Package. |
| Class 8, Class 9 | Impaired—Deemed to Reject[5] | Holders of Claims and Interests that are deemed to reject the Plan are not entitled to vote.  As such, Holders of such Claims or Interests, as applicable, will receive a Notice of Non-Voting Status and Opt-In Form, substantially in the form attached to the Order as Exhibit 2B, in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection filed by the Debtors are not entitled to vote the disputed portion of their Claim or Interest.  As such, Holders of such Claims, will receive a Notice of Non-Voting Status and Opt-In Form, substantially in the form attached to the Order as Exhibit 2C, in lieu of a Solicitation Package. |

22.    The Debtors are not required to distribute Solicitation Packages, other solicitation materials, or a Notice of Non-Voting Status to: (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases or that are otherwise paid in full in the ordinary course of business pursuant to an order previously entered by this Bankruptcy Court; (b) any party to whom the notice of the Motion was sent but was subsequently returned as undeliverable without a

---

[5]    To the extent a Proof of Claim is filed that is based solely on a Holder's equity Interests or the losses thereto, such Holder will be classified as a Class 8 claimant and such Claim will be treated in accordance with Class 8 and not entitled to vote on the Plan.

forwarding address by the Voting Record Date; or (c) the Holders of Claims in Class 6 and Holders of Interests in Class 7, as applicable.

23.     Opt-In Forms may be submitted (i) via hard copy through first-class mail, overnight courier, and hand delivery, or (ii) electronically through the Claims and Noticing Agent's Opt-In Portal at https://dm.epiq11.com/YellowCorporation, so that the Opt-In Form is **actually received** by the Claims and Noticing Agent no later than the Voting Deadline.  The Debtors are authorized to extend the Voting Deadline in their reasonable discretion (with the consent of the Committee, such consent not to be unreasonably withheld) and without further order of the Bankruptcy Court.

### E.     Approval of the Forms of Employee Non-Voting Letters.

24.     The forms of letter to former employees that are *not* entitled to vote on the Plan (collectively, the "Non-Voting Employee Letters," and together with the Voting Employee Letters, the "Employee Letters"), substantially in the forms attached hereto as **Exhibit 8C** and **Exhibit 8D**, and which  describe the split between the Class 3 Other Priority Claim portion and the Class 4A Employee PTO/Commission Full Pay GUC Claim portion of the Claim Holder's Claim are approved.  Applicable Claim Holders will receive a Non-Voting Employee Letter in the same package as their Notice of Non-Voting Status and Opt-In Form.

### F.     Approval of the Confirmation Hearing Notice.

25.     The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 5**, which shall be filed by the Debtors and served upon all known Holders of Claims or Interests and the 2002 List (regardless of whether such parties are entitled to vote on the Plan) no later than the Solicitation Mailing Deadline, and published in a format modified for publication one time no later than the Publication Deadline, in the *New York Times* (national edition) and *The Globe and Mail* constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan and Disclosure Statement can be obtained, and

the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

### G.    Approval of Notice of Filing of the Plan Supplement.

26.    The Debtors are authorized to send notice of the filing of the Plan Supplement to

parties in interest, substantially in the form attached hereto as **Exhibit 6**, within the time periods

specified in the Plan.  Notwithstanding the foregoing, the Debtors may amend the documents

contained in, and exhibits to, the Plan Supplement through the Effective Date in accordance with

the Plan and with the consent of the Committee; *provided* that any such amended Plan Supplement

shall be filed with the Bankruptcy Court contemporaneously with a proof of service and served on

the applicable notice parties.

### H.    Approval of Notices to Contract and Lease Counterparties.

27.    The Debtors are authorized to mail notices of assumption of any Executory

Contracts or Unexpired Leases, in the form attached hereto as **Exhibit 7**, to the applicable

counterparties to Executory Contracts and Unexpired Leases that will be assumed pursuant to the

Plan, within the time periods specified in the Motion.

### I.    Approval of the Employee Letters.

28.    The Debtors are authorized to mail the Employee Letters, in the forms attached

hereto to **Exhibit 8A**, **Exhibit 8B**, **Exhibit 8C**, and **Exhibit 8D**, to the applicable Claim Holders.

If a recipient of **Exhibit 8A** or **Exhibit 8C** disagrees with the Debtors' calculation of their claim,

the Claim Holder should e-mail YellowCorporationInfo@epiqglobal.com with "Yellow Schedule

Comment" in the subject line, and include the ID number found in the lower right corner of the

letter, and/or write to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen

Boulevard, Beaverton, OR 97005 so the Debtors receive your message by **October 29, 2025 at

4:00 p.m. prevailing Eastern Time**, the Plan Objection Deadline.  If the dispute is not resolved

within 30 days of the Debtors receiving the message, the parties shall set the dispute for hearing at the Bankruptcy Court's convenience.

### J.    Non-Substantive Modifications.

29.    Subject to the consent rights set forth in the Plan, the Debtors are authorized to make non-substantive changes to the Plan, Disclosure Statement, Solicitation and Voting Procedures, Ballot, Solicitation Packages, Notices of Non-Voting Status and Opt-In Form, Confirmation Hearing Notice, Publication Notice, Cover Letter, Plan Supplement Notice, Assumption Notice, any notice attached hereto, and any related documents without further order of the Bankruptcy Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials (including any appendices thereto) in the Solicitation Packages before distribution; *provided*, *however*, that counsel to the Committee and the U.S. Trustee shall be provided notice of any non-typographical and grammatical changes. Subject to the foregoing, the Debtors are authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with this Order, without further order of the Bankruptcy Court.

### III.    Approval of Procedures for Confirming the Plan.

### A.    Approval of the Procedures for Filing Objections to the Confirmation of the Plan.

30.    Objections to the confirmation of the Plan will not be considered by the Bankruptcy Court unless such objections are timely filed and properly served in accordance with this Order and the Confirmation Hearing Notice.  Specifically, all objections to the confirmation of the Plan or requests for modifications to the Plan, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of this Bankruptcy Court; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed

modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **actually received** on or before the Plan Objection Deadline.

## IV.    Miscellaneous.

31.    The Debtors' and the Committee's rights are reserved to modify the Plan or withdraw the Plan as to an individual Debtor at any time before the Confirmation Date without further order of the Bankruptcy Court in accordance with Article XI of the Plan.

32.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

33.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

34.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

35.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

36.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

37.    This Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>Exhibit 1</u>

**Solicitation and Voting Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SOLICITATION AND VOTING PROCEDURES**

    **PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Yellow Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan");[2] (b) approving the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan as jointly proposed by the Debtors and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Plan Proponents").

    **A.**    **The Voting Record Date.**

    The Bankruptcy Court has approved **August 26, 2025**, as the record date for purposes of determining which Holders of Claims in Class 5 (the "Voting Class") are entitled to vote on the Plan (the "Voting Record Date").

    **B.**    **The Voting Deadline.**

    The Bankruptcy Court has approved **October 29, 2025, at 4:00 p.m. (prevailing Eastern Time)** as the voting deadline for the Plan (the "Voting Deadline"). The Debtors may extend the Voting Deadline, in their discretion, with the consent of the Committee without further order of the Bankruptcy Court. To be counted as votes to accept or reject the Plan, all ballots (collectively, the "Ballots") must be executed, completed, and submitted, in accordance with the instructions on the Ballot, via (i) the E-Ballot Portal located at https://dm.epiq11.com/YellowCorporation; or (ii) regular mail, overnight mail, or hand delivery to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005, so that they are **actually received** by Epiq Corporate Restructuring, LLC ("Epiq" or the "Claims and Noticing Agent"), pursuant to the instructions on the Ballot, no later than the Voting Deadline.

    **C.**    **The 3018 Motion Deadline.**

    The Bankruptcy Court has approved **October 1, 2025, at 4:00 p.m. (prevailing Eastern Time)** as the deadline for Holders seeking to challenge the allowance of its Claim for voting purposes to file and serve a motion for an order

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

pursuant to Bankruptcy Rule 3018(a) (a "<u>Rule 3018 Motion</u>") temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan (the "<u>Rule 3018 Motion Deadline</u>").  All Rule 3018 Motions, if any, **<u>must</u>**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of this Bankruptcy Court; (c) state, with particularity, the legal and factual basis for the Rule 3018 Motion; and (d) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **<u>actually received</u>** on or before the Rule 3018 Motion Deadline.  **For the avoidance of doubt, prior orders approving stipulations resolving Rule 3018 Motions shall be deemed no longer effective.  All Holders seeking to challenge the allowance of its Claim for voting purposes must file a Rule 3018 Motion so as to be actually received on or before the Rule 3018 Motion Deadline or, upon mutual agreement with the Debtors and the Committee, a stipulation regardless of whether they filed a prior Rule 3018 Motion in these chapter 11 cases or entered into a stipulation with the Debtors resolving such prior Rule 3018 Motion.**

> **D.  Form, Content, and Manner of Notices.**

> 1.  <u>The Solicitation Packages</u>.  The following materials constitute the solicitation package (the "<u>Solicitation Package</u>") distributed to Holders of Claims in the Voting Class:

>> a.  these Solicitation and Voting Procedures;

>> b.  the form of Ballot, together with detailed voting instructions, and instructions on how to submit the Ballot;

>> c.  the Debtors' and the Committee's joint cover letter, which describes the contents of the Solicitation Package and urges Holders of Claims in the Voting Class to vote to accept the Plan (the "<u>Cover Letter</u>");

>> d.  the form of letter to former employees that are entitled to vote on the Plan (collectively, the "<u>Voting Employee Letters</u>"), as applicable, which provides a breakdown of the Claimant's Claim across multiple Classes, including the portion of such entitled to priority treatment under section 507 of the Bankruptcy Code;

>> e.  the notice of the Confirmation Hearing (the "<u>Confirmation Hearing Notice</u>");

>> f.  the Disclosure Statement (and exhibits thereto, including the Plan);

>> g.  the Disclosure Statement Order (without exhibits);

>> h.  a pre-addressed, postage pre-paid reply envelope;[3]

>> i.  any additional documents that the Bankruptcy Court has ordered to be made available.

> 2.  <u>Distribution of the Solicitation Package</u>.The Debtors shall serve, or cause to be served, copies of the Solicitation Package to Holders of Claims in the Voting Class.  In addition, these Solicitation and Voting Procedures, the Disclosure Statement, the Plan, the Disclosure Statement Order, and all pleadings filed with the Bankruptcy Court shall be made available on the Debtors' case website https://dm.epiq11.com/YellowCorporation, *provided* that any party that would prefer paper format may contact the Claims and Noticing Agent by:  (a) calling (866)-641-1076 (domestic) or +1 (503)-461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee (in paper form) and all parties on the Master Service List (in electronic form).  In addition,

---

[3]     The Debtors will provide pre-addressed, postage pre-paid reply envelopes only to those Holders who receive a Ballot directly from the Debtors.

the Debtors shall distribute, or cause to be distributed, the Solicitation Package to all Holders of Claims in the Voting Class **within ten (10) business days following entry of the Disclosure Statement Order** who are entitled to vote, as described in <u>Section D.1.</u> below.  To the extent that such distribution is not made by the Solicitation Mailing Deadline, the Debtors shall distribute the Solicitation Packages immediately thereafter; *provided*, that the Debtors shall distribute the Confirmation Hearing Notice no later than three (3) business days following the Solicitation Mailing Deadline.  The Debtors will not distribute Solicitation Packages, other solicitation materials, or a Notice of Non-Voting Status to (i) Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Bankruptcy Court, (ii) any party to whom notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date; or (iii) the Holders in Class 6 (Intercompany Claims) or Class 7 (Intercompany Interests).

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

3.  <u>Resolution of Disputed Claims for Voting Purposes; Resolution Event</u>.Subject to <u>Section D.1.</u> herein, if a Claim in the Voting Class is subject to an objection that is filed with the Bankruptcy Court on or prior to thirty-five (35) days before the Voting Deadline, other than an objection brought pursuant to section 502(d) of the Bankruptcy Code:  (i) the Debtors shall cause the applicable Holder to be served with the *Notice of Non-Voting Status and Release Opt-In Form to Holders of Disputed Claims*, substantially in the form annexed as <u>Exhibit 2C</u> to the Disclosure Statement Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein.  Notwithstanding the foregoing, the Holder of a Disputed Claim in the Voting Class that the Debtors have sought to disallow pursuant to section 502(d) of the Bankruptcy Code shall be entitled to vote to accept or reject the Plan on account of such Disputed Claim.

b.  If a Claim in the Voting Class is subject to an objection that is filed with the Bankruptcy Court less than thirty-five (35) days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Bankruptcy Court, unless the Bankruptcy Court orders otherwise.

c.  A "<u>Resolution Event</u>" means the occurrence of one or more of the following events no later than two (2) business days prior to the Voting Deadline:

i.  an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

ii.  an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a);

iii.  a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount *provided* that, to the extent material, the Debtors shall execute such agreement with the consent of the Committee; *provided further,* that such stipulations shall be filed with the Court on or before October 8, 2025 and parties in interest shall have until October 16, 2025 to object to the stipulated temporary allowance amounts; or

iv.  the pending objection is voluntarily withdrawn by the objecting party.

d.  No later than three (3) business days (or within a week of the Voting Deadline, one (1) business day) following the occurrence of a Resolution Event, the Debtors shall

cause the Claims and Noticing Agent to distribute a Solicitation Package to the relevant Holder via email.

4.    <u>Notices of Non-Voting Status and Release Opt-In Form for Unimpaired Classes and Classes Deemed to Reject the Plan</u>.

Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, will receive only the *Notice of Non-Voting Status and Release Opt-In Form to Holders of Unimpaired Claims or Interests Conclusively Presumed to Accept the Plan*, substantially in the form annexed as <u>Exhibit 2A</u> to the Disclosure Statement Order. Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status and Release Opt-In Form to Holders of Impaired Claims or Interests Conclusively Deemed to Reject the Plan*, substantially in the form annexed as <u>Exhibit 2B</u> to the Disclosure Statement Order. Such notices will also include a form by which all Holders or potential Holders of Claims or Interests can elect to opt in to the third-party release provision included in the Plan. The Holders of Claims or Interests may affirmatively opt in by completing and returning the form (the paper version or electronically) to the Claims and Noticing Agent on or before **<u>October 29, 2025, at 4:00 p.m., prevailing Eastern Time</u>** (the "<u>Opt-In Deadline</u>").

5.    <u>Non-Voting Employee Letters</u>.

Certain former employees that are not entitled to vote on the Plan because they are Unimpaired and presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, will receive either the *Updated Schedule Non-Voting Employee Cover Letter*, substantially in the form annexed as <u>Exhibit 8C</u> to the Disclosure Statement Order or the *Non-Voting Employee Cover Letter*, substantially in the form annexed as <u>Exhibit 8D</u> to the Disclosure Statement Order (collectively, the "<u>Non-Voting Employee Letters</u>"). The Non-Voting Employee Letters will describe the split between the Class 3 Other Priority Claim portion and the Class 4A Employee PTO/Commission Full Pay GUC Claim portion of the Claim Holder's Claim. The Claim Holder will receive the applicable Non-Voting Employee Letter in the same package as their Notice of Non-Voting Status and Opt-In Form. If a recipient of the *Updated Schedule Non-Voting Employee Cover Letter* disagrees with the Debtors' calculation of the Class 3 Other Priority Claim, the Claim Holder should e-mail YellowCorporationInfo@epiqglobal.com with "Yellow Schedule Comment" in the subject line and include the ID number found in the lower right corner of the Employee Letter, and/or write to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005 so the Debtors receive the message by **October 29, 2025, at 4:00 p.m. prevailing Eastern Time**, the Plan Objection Deadline. If the dispute is not resolved within 30 days of the Debtors receiving the message, the parties shall set the dispute for hearing at the Bankruptcy Court's convenience.

6.    <u>Notices in Respect of Executory Contracts and Unexpired Leases</u>.Counterparties to Executory Contracts and Unexpired Leases that receive a *Notice to Contract Parties to Potentially Assumed Executory Contracts*, substantially in the form attached as <u>Exhibit 7</u> to the Disclosure Statement Order, may file an objection to the Debtors' proposed assumption or assumption and assignment or

related cure amount, as applicable.  Such objections must be filed, served, and **actually received** by the Plan Proponents and their co-counsel **at least seven (7) days before the Confirmation Hearing.**

| Debtors | |
|---|---|
| **Yellow Corporation**<br>11500 Outlook Street, Suite 400<br>Overland Park, Kansas 66211<br>Attention: Yellow Legal<br>legal@myyellow.com | |

| Co-Counsel for the Debtors | Co-Counsel for the Debtors |
|---|---|
| **Kirkland & Ellis LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Attention: Patrick J. Nash Jr., P.C.<br>David Seligman, P.C.<br>Patrick.nash@kirkland.com<br>David.seligman@kirkland.com<br><br>-and-<br><br>**Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention: Allyson B. Smith<br>Allyson.smith@kirkland.com | **Pachulski Stang Ziehl & Jones LLP**<br>919 North Market Street, 17th Floor<br>P.O Box 9705<br>Wilmington, DE 19801<br>Attention: Laura Davis Jones, Timothy P. Cairns,<br>Peter J. Keane, Edward Corma<br>ljones@pszjlaw.com<br>tcairns@pszjlaw.com<br>pkeane@pszjlaw.com<br>ecorma@pszjlaw.com |

| Counsel for the Committee | |
|---|---|
| **Akin Gump Strauss Hauer & Feld LLP**<br>One Bryant Park<br>New York, NY 10036<br>Attention: Philip C. Dublin, Meredith A. Lahaie, and Kevin Zuzolo<br>pdublin@akingump.com<br>mlahaie@akingump.com<br>kzuzolo@akingump.com<br><br>-and-<br><br>**Benesch, Friedlander, Coplan, Aronoff LLP**<br>1313 North Market Street, Suite 1201<br>Wilmington, DE 19801<br>Attention: Jennifer R. Hoover, Kevin M. Capuzzi, and John C. Gentile<br>jhoover@beneschlaw.com<br>kcapuzzi@beneschlaw.com<br>jgentile@beneschlaw.com | |

E.    **Voting and Tabulation Procedures.**

1.    <u>Holders of Claims Entitled to Vote</u>.Only the following Holders of Claims in the Voting Class shall be entitled to vote with regard to such Claims:

a.    Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the   Bankruptcy Court under applicable law on or before the Voting Record Date) that:  (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date;  and  (ii) is  not  the  subject  of  a  pending  objection  filed  with  the

Bankruptcy Court at least fourteen (14) days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Bankruptcy Court; *provided*, *further*, that Holders of Claims that are subject to a pending objection filed by the Voting Record Date on a "reclassify and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim at the applicable Debtor contained in such objection absent a further order of the Bankruptcy Court;

b.      Holders of Claims that are listed in the Debtors' schedules of assets and liabilities filed on the Debtors' consolidated docket (the "Schedules"), *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amounts set forth in Section D.2. of these Solicitation and Voting Procedures;

c.      Holders whose Claims arise:  (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court; (ii) from an order entered by the Bankruptcy Court; or (iii) from a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed or the Claim was scheduled as contingent, unliquidated, or disputed;

d.      Holders of any Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

e.      with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the assignee of such Claim; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

2.      Establishing Claim Amounts for Voting Purposes.**Class 5 Claims.**  The Claim amount of Class 5 General Unsecured Claims for voting purposes only will be established based on the amount of the applicable positions held by such Class 5 General Unsecured Claims Holder, as of the Voting Record Date, as evidenced by (a) the Schedules and (b) the claims register maintained in these Chapter 11 Cases.

**Filed and Scheduled Claims.**  The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtors through the Claims and Noticing Agent, as applicable, are not binding for purposes of allowance and distribution.  In tabulating votes, the amount of the Claim associated with each claimant's vote shall be determined as follows:

a.      the Claim amount: (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Bankruptcy Court; (ii) set forth in an order of the Bankruptcy Court; or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

b.      the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under section C.3.(d) of these Solicitation and Voting Procedures;

c.      the Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*, *however*, that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of a (i) contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Claims and Noticing Agent) that

6

is not the subject of a pending objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim, which Claim will be Allowed for voting purposes only in the liquidated amount; *provided*, *further*, *however*, that to the extent that any Claim amount contained in a Proof of Claim is different from the Claim amount set forth in a document filed with the Bankruptcy Court referenced in subparagraph (a) above, the Claim amount in the document filed with the Bankruptcy Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

d.   the Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law) that is asserted in currency other than U.S. Dollars shall be automatically deemed converted to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date. Such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of allowance of, and distribution with respect to, Claims under the Plan;

e.   Holders of Proofs of Claim filed for $0.00 are not entitled to vote;

f.   Claims that have been paid, scheduled to be paid in the ordinary course, or otherwise satisfied are disallowed for voting purposes;

g.   creditors will not be entitled to vote Claims to the extent their Claims have been superseded and/or amended by other Claims filed on or before the Voting Record Date by or on behalf of such creditors, regardless of whether the Debtors have objected to the earlier filed Claim;

h.   to the extent a Proof of Claim is filed that is based solely on a Holder's Equity Interests or the losses thereto, such Holder will be classified as a Class 8 claimant and such Claim will be treated in accordance with Class 8 and not entitled to vote on the Plan;

i.   to the extent a Holder of a Claim files a Proof of Claim during the solicitation period that amends or supersedes a Claim for which a Solicitation Package was previously distributed to the same Holder, the Debtors are not obligated to cause the Claims and Noticing Agent to distribute an additional Solicitation Package to such Holder;

j.   in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

If a Proof of Claim is amended by a claim filed by the Voting Record Date, the last filed Claim shall be subject to these rules and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes.

3.   <u>General Voting and Ballot Tabulation Procedures</u>. The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Plan Proponents' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

a.   except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Claims and Noticing Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Plan Proponents shall be entitled to reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan;

b.   the Claims and Noticing Agent will date-stamp all Ballots when received. The Claims and Noticing Agent shall retain the original Ballots and an electronic copy of the same for a

period of one year after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court;

c.      the Debtors will file the Voting Report no later than seven (7) days after the Voting Deadline.  The Voting Report shall, among other things, delineate every Ballot that was excluded from the voting results (each an "<u>Irregular Ballot</u>"), including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged.  The Voting Report shall indicate the Debtors' decision with regard to such Irregular Ballots.  Neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

d.      an executed Ballot is required to be submitted by the Entity submitting such Ballot. Delivery of a Ballot to the Claims and Noticing Agent by facsimile or any means other than expressly provided in the Ballot will not be valid;

e.      the method of delivery of Ballots to be sent to the Claims and Noticing Agent is at the election and risk of each Holder, and, except as otherwise provided, a Ballot will be deemed delivered only when the Claims and Noticing Agent actually receives the executed Ballot;

f.      no Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims and Noticing Agent), or the Debtors' financial or legal advisors, the Committee, the Committee's agents, or the Committee's financial or legal advisors and, if so sent, will not be counted;

g.      if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the latest dated, properly submitted, valid Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

h.      Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted;

i.      a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing; and if so requested by the Debtors or the Claims and Noticing Agent, must submit proper evidence satisfactory to the Debtors of the authority to so act;

j.      the Plan Proponents, subject to a contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report or a supplemental voting report, as applicable;

k.      neither the Debtors nor any other Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

l.      unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with submissions of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

m.      in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any

8

vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

n.    subject to any order of the Bankruptcy Court, the Plan Proponents reserve the right to reject any and all ballots not in proper form, the acceptance of which, in the opinion of the Plan Proponents, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

o.    if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Bankruptcy Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution;

p.    if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

q.    the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in the Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot[4]; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (vi) any Ballot sent to any of the Debtors, the Debtors' agents or representatives, the Debtors' advisors (other than the Claims and Noticing Agent), the Committee, the Committee's agents or representatives, or the Committee's advisors; (vii) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein; and (viii) any Ballot transmitted by facsimile or other electronic means (other than the Balloting Portal).

r.    after the Voting Deadline, any Holder of a Claim who had delivered a valid Ballot voting on the Plan may withdraw or change such vote solely in accordance with Bankruptcy Rule 3018(a);

s.    the Debtors, with the consent of the Committee, are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes;

t.    in the event a Ballot is returned marked to accept a Convenience Claim Election (as defined in the Ballot), such Ballot will be deemed to accept the Plan, and for the avoidance of doubt, any vote on the Ballot will not be counted as a vote for a General Unsecured Claim in Class 5;

u.    to assist in the solicitation process, the Claims and Noticing Agent is required to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; *provided that* neither the Debtors nor the Claims and Noticing Agent will suffer any liability for failure to notify parties of such deficiencies; and

v.    where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purpose of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion

---

[4]    For the avoidance of doubt, Ballots submitted online through the E-Ballot Portal shall be deemed to contain an original signature.

of such Claim collectively to accept or reject the Plan.  In the event that (i) a Ballot, (ii) a group of Ballots within the Voting Class received from a single creditor or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted.

**F.**      **Amendments to the Plan and Solicitation and Voting Procedures.**

The Debtors reserve the right to make changes to the Plan, Disclosure Statement, Solicitation and Voting Procedures, Ballot, Solicitation Packages, Notices of Non-Voting Status and Opt-In Form, Confirmation Hearing Notice, Publication Notice, Cover Letter, Employee Letters, Plan Supplement Notice, Assumption Notice, and any notice attached to the Order, and any related documents without further order of the Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials (including the appendices thereto) in the Solicitation Packages before distribution; *provided, however*, that the Debtors shall not amend or modify the Plan without the consent of the Committee.

**<u>Exhibit 2A</u>**

**Form of Unimpaired Non-Voting Status Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF NON-VOTING STATUS AND
## RELEASE OPT-IN FORM TO HOLDERS OF UNIMPAIRED
## CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Yellow Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan");[2] (b) approving the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, ***you are not entitled to vote on the Plan***.  Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is **not** Impaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are **not** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' Claims and Noticing Agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is:  11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]  Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**November 12, 2025, at 10:00 a.m., prevailing Eastern Time**, before the Honorable Craig T. Goldblatt, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., Third Floor, Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **October 29, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline"). All objections to the relief sought at the Confirmation Hearing *must*: (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders of the Bankruptcy Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Bankruptcy Court on or before the Plan Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring, LLC, the Claims and Noticing Agent retained by the Debtors in these Chapter 11 Cases (the "Claims and Noticing Agent"), by: (a) calling (866) 641-1076 (domestic) or +1 (503) 461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases (a) for a fee via PACER at: https://ecf.deb.uscourts.gov; or (b) at no charge by accessing the Debtors' restructuring website at https://dm.epiq11.com/YellowCorporation.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.C CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. DIRECTIONS REGARDING THE RELEASE OPT-IN FORM ARE INCLUDED IN THIS NOTICE.

ALL HOLDERS OF CLAIMS OR INTERESTS THAT ELECT TO OPT IN TO THE PROVISIONS CONTAINED IN ARTICLE IX.C OF THE PLAN USING THE ENCLOSED OPT-IN FORM WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. IF YOU DO NOT OPT IN TO THE RELEASES SET FORTH IN ARTICLE IX.C OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX.B OF THE PLAN AS A RELEASED PARTY IN CONNECTION THEREWITH.

---

Dated:  [●], 2025
Wilmington, Delaware

*/s/ Draft*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333 West Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:    ljones@pszjlaw.com
tcairns@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    patrick.nash@kirkland.com
david.seligman@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

**OPTIONAL:  RELEASE OPT-IN FORM**

You are receiving this optional opt-in form (the "Opt-In Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan").  Holders of such Claims or Interests may opt in to the Third-Party Release set forth in the Plan by completing and submitting this form by **October 29, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Opt-In Deadline").  Holders of Claims or Interests may affirmatively opt in by submitting this form by no later than the Opt-In Deadline in accordance with the directions herein.

**If you believe you are a Holder of a Claim or Interest with respect to the Debtors and choose to opt in to the Third-Party Release set forth in Article IX.C of the Plan, please either** (i) promptly complete, sign, and date this Opt-In Form and return it via first class mail, overnight courier, or hand delivery to Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent") at the address set forth below or (ii) submit your Opt-In Form through the Claims and Noticing Agent's online Opt-In Portal in accordance with the directions provided below.  Parties that submit their Opt-In Form using the Opt-In Portal should NOT also submit a paper Opt-In Form.

**THIS OPT-IN FORM MUST BE ACTUALLY RECEIVED (WHETHER A PHYSICAL COPY IS RETURNED OR THE OPT-IN FORM IS COMPLETED ONLINE) BY THE CLAIMS AND NOTICING AGENT BY THE OPT-IN DEADLINE.  IF THE OPT-IN FORM IS RECEIVED AFTER THE OPT-IN DEADLINE, IT WILL NOT BE COUNTED.**

<u>Item 1</u>.             **Important information regarding releases under the Plan.**[1]

Article IX.B of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

        **Notwithstanding anything contained in the Plan or the Confirmation Order to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order and effective as of the Effective Date, to the fullest extent permitted by applicable law, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each and all of the Debtors, the Liquidating Trust, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, including any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that any such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor, the Liquidating Trust, or other Entity, or that any Holder of any Claim against or Interest in a Debtor, the Liquidating Trust, or other Entity could have asserted on behalf of the Debtors or the Liquidating Trust, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions between or among a Debtor, or an affiliate of a Debtor and another Debtor, or the Liquidating Trust, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan**

---

[1]     The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Opt-Out Form.  Defined terms used but not defined herein shall have the meaning ascribed to such term as in the Plan.

Supplement, the Third-Party Sale Transactions, the Financing Documents and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Documents, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) any matters retained by the Debtors or the Liquidating Trust, as applicable, pursuant to the Schedule of Retained Causes of Action.

Article IX.C of the Plan provides for the following third-party release (the "**Third-Party Release**"):

Except as otherwise expressly set forth in this Plan or the Confirmation Order, effective as of the Effective Date, to the fullest extent permitted by applicable law, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each Releasing Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, the Financing Documents, and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.

Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) the rights of any Holder of Allowed Claims or Interests, if applicable, to receive distributions under the Plan.

Definitions related to the Third-Party Release:

UNDER THE PLAN, "***AVOIDANCE ACTIONS***" MEANS ANY AND ALL ACTUAL OR POTENTIAL CLAIMS OR CAUSES OF ACTION TO AVOID A TRANSFER OF PROPERTY OR AN OBLIGATION INCURRED BY THE DEBTORS, INCLUDING AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS, THEIR ESTATES, OR OTHER AUTHORIZED PARTIES IN INTEREST UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE, OR ANY SIMILAR FEDERAL, STATE OR COMMON LAW CAUSES OF ACTION, INCLUDING FRAUDULENT TRANSFER LAWS.

UNDER THE PLAN, "***DEBTOR RELEASE***" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE IX.B OF THE PLAN.

UNDER THE PLAN, "***RELATED PARTY***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INVESTMENT COMMITTEE MEMBERS, SPECIAL COMMITTEE MEMBERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED ACCOUNTS OR FUNDS, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS OR MANAGERS, EMPLOYEES, AGENTS, TRUSTEES, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS AND ADVISORS. FOR THE AVOIDANCE OF DOUBT, THE MEMBERS OF EACH GOVERNING BODY ARE RELATED PARTIES OF THE DEBTORS.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS; (D) ALL HOLDERS OF INTERESTS; (E) THE COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY EX-OFFICIO MEMBER(S)); (F) EACH RELEASING PARTY; (G) THE INFORMATION OFFICER; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); PROVIDED THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT ELECTS NOT TO OPT INTO THE RELEASES DESCRIBED IN ARTICLE IX OF THIS PLAN.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS WHO VOTE TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ARE DEEMED TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO ARE PRESUMED TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF INTERESTS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (H) THE COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY *EX OFFICIO* MEMBER(S)); (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH AFFILIATE TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I) FOR WHICH SUCH AFFILIATE OR ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; *PROVIDED* THAT EACH SUCH ENTITY THAT ELECTS NOT TO OPT INTO THE RELEASES CONTAINED IN THIS PLAN, SUCH THAT IT IS NOT A RELEASING PARTY IN ITS CAPACITY AS A HOLDER OF A CLAIM OR INTEREST SHALL NEVERTHELESS BE A RELEASING PARTY IN EACH OTHER CAPACITY APPLICABLE TO SUCH ENTITY.

Article IX.D of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

> Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur any liability for, and each Exculpated Party shall be exculpated from any Cause of Action for any claim related to any act or omission occurring between the Petition Date and the Effective Date in connection with, relating to or arising out of the Chapter 11 Cases or the Canadian Recognition Proceedings prior to the Effective Date, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Liquidating Trust Agreement, the Third-Party Sale Transactions, the Plan, the Plan Supplement, any other Definitive Document, or any Liquidation Transaction, or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of the Third-Party Sale Transactions, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not exculpate any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Article IX.E of the Plan establishes an injunction (the "**Injunction**"):

> In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Persons or Entities who have held, hold, or may hold Claims, Interests, or Causes of Action in the Debtors or the Liquidating Trust, as applicable, shall be precluded and permanently enjoined on and after the Effective Date, from taking any of the following actions against the Debtors, the Liquidating Trust (but solely to the extent such action is brought against the Debtors or the Liquidating Trust to directly or indirectly recover upon any property of the Estates upon the Effective Date), the Exculpated Parties, the Released Parties, and any successors, assigns or representatives of such Persons or Entities, solely with respect to any Claims, Interests or Causes of Action that will be or are treated by the Plan: (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order; (c) creating, perfecting or enforcing any encumbrance of any kind; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action released or settled pursuant to the Plan. All Persons or Entities who directly or indirectly have held, hold, may hold, or seek to assert Claims or Causes of Action that (x) have been released in this Plan (the "Released Claims") or (y) that are subject to exculpation (the "Exculpated Claims"), shall be enjoined from (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iii) creating, perfecting, or enforcing any encumbrance of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iv) asserting any right of subrogation on account of or in connection with or with respect to the Released Claims and Exculpated Claims, except to the extent that a permissible right of subrogation is asserted with respect to a timely filed proof of claim; or (v) or commencing or continuing in any manner any action or other proceeding on account of or in connection with or with respect to the Released Claims and Exculpated Claims; provided, however, that the foregoing injunction shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct. Notwithstanding anything to the contrary in the Plan, the Plan Supplement, or

the Confirmation Order, the automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect with respect to the Debtors and any property dealt with by the Plan until the closing of these Chapter 11 Cases; provided, however, the foregoing shall not prevent any party from pursuing a claim consistent with the ADR Procedures Order. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, by accepting, or being eligible to accept, distributions on account of such Claim or Interest, as applicable, pursuant to the Plan shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.

**OPTIONAL OPT-IN ELECTION**. YOU MAY ELECT TO OPT IN TO THE RELEASE CONTAINED IN ARTICLE IX.C OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW. YOUR DECISION TO OPT IN OR NOT OPT IN TO THE THIRD-PARTY RELEASE WILL NOT IMPACT YOUR DISTRIBUTION UNDER THE PLAN:

| | |
|---|---|
| ☐ | **The undersigned Holder of the Claim or Interest elects to OPT IN TO the Third-Party Release** |

**Item 2**.      **Certifications.**

By signing this Opt-In Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)      as of the Voting Record Date, either: (i) the Entity is the Holder of a Claim or Interest; or (ii) the Entity is an authorized signatory for the Entity that is a Holder of a Claim or Interest;

(b)      the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the *Notice of Non-Voting Status and Release Opt-In Form* and that this Opt-In Form is made pursuant to the terms and conditions set forth therein;

(c)      the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class; and

(d)      no other Opt-In Form has been submitted or, if any other Opt-In Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt-In Forms are hereby revoked.

Name of Holder:_____
(<em>print or type</em>)

Signature:_____

Name of Signatory:_____
(<em>if other than Holder</em>)

Title: _____

Address:_____

_____

_____

Telephone Number:_____

Email:_____

Date Completed:_____

**IF YOU HAVE MADE THE OPTIONAL OPT-IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.**

| **If by First Class Mail:** | **If by Hand Delivery or Overnight Mail:** |
|---|---|
| Yellow Corporation<br>c/o Epiq Ballot Processing<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Yellow Corporation<br>c/o Epiq Ballot Processing<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

<strong>OR</strong>

**By electronic, online submission:**

The Claims and Noticing Agent will accept Opt-In Forms if properly completed through the Opt-In Portal. To submit your Opt-In Form, please visit https://dm.epiq11.com/YellowCorporation (the "Opt-In Portal") and follow the instructions to submit your Opt-In Form.

**The Claims and Noticing Agent's Opt-In Portal is the sole manner in which Opt-In Forms will be accepted via electronic or online transmission. Opt-In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Opt-In Form using the Opt-In Portal should **NOT** also submit a paper Opt-In Form.

**THE OPT-IN DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 29, 2025.**

THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE YOUR OPT-IN ELECTION ON OR BEFORE THE OPT-IN DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-IN FORM, PLEASE CONTACT YELLOWCORPORATIONINFO@EPIQGLOBAL.COM FOR FURTHER ASSISTANCE.

## **Exhibit 2B**

**Form of Impaired Non-Voting Status Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## NOTICE OF NON-VOTING STATUS AND
## RELEASE OPT-IN FORM TO HOLDERS OF IMPAIRED
## CLAIMS OR INTERESTS CONCLUSIVELY DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Yellow Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan");[2] (b) approving the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim or Interest under the Plan, ***you are not entitled to vote on the Plan***.  Specifically, under the terms of the Plan, as a Holder of a Claim or Interest (as currently asserted against the Debtors) that is Impaired and conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, you are ***not*** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' Claims and Noticing Agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is:  11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**November 12, 2025, at 10:00 a.m., prevailing Eastern Time**, before the Honorable Craig T. Goldblatt, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., Third Floor, Wilmington, DE 19801.

PLEASE TAKE FURTHER NOTICE THAT the deadline for filing objections to the Plan is **October 29, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline"). All objections to the relief sought at the Confirmation Hearing *must*: (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders of the Bankruptcy Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Bankruptcy Court on or before the Plan Objection Deadline.

PLEASE TAKE FURTHER NOTICE THAT if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring, LLC, the Claims and Noticing Agent retained by the Debtors in these Chapter 11 Cases (the "Claims and Noticing Agent"), by: (a) calling (866) 641-1076 (domestic) or +1 (503) 461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases (a) for a fee via PACER at: https://ecf.deb.uscourts.gov; or (b) at no charge by accessing the Debtors' restructuring website at https://dm.epiq11.com/YellowCorporation.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.C CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. DIRECTIONS REGARDING THE RELEASE OPT-IN FORM ARE INCLUDED IN THIS NOTICE.

ALL HOLDERS OF CLAIMS OR INTERESTS THAT ELECT TO OPT IN TO THE PROVISIONS CONTAINED IN ARTICLE IX.C OF THE PLAN USING THE ENCLOSED OPT-IN FORM WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. IF YOU DO NOT OPT IN TO THE RELEASES SET FORTH IN ARTICLE IX.C OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX.B OF THE PLAN AS A RELEASED PARTY IN CONNECTION THEREWITH.

---

Dated:  [●], 2025
Wilmington, Delaware

*/s/ Draft*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com
                pkeane@pszjlaw.com
                ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                david.seligman@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

**OPTIONAL:  RELEASE OPT-IN FORM**

You are receiving this optional opt-in form (the "Opt-In Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan").  Holders of such Claims or Interests may opt in to the Third-Party Release set forth in the Plan by completing and submitting this form by **October 29, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Opt-In Deadline").  Holders of Claims or Interests may affirmatively opt in by submitting this form by no later than the Opt-In Deadline in accordance with the directions herein.

**If you believe you are a Holder of a Claim or Interest with respect to the Debtors and choose to opt in to the Third-Party Release set forth in Article IX.C of the Plan, please either** (i) promptly complete, sign, and date this Opt-In Form and return it via first class mail, overnight courier, or hand delivery to Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent") at the address set forth below or (ii) submit your Opt-In Form through the Claims and Noticing Agent's online Opt-In Portal in accordance with the directions provided below.  Parties that submit their Opt-In Form using the Opt-In Portal should NOT also submit a paper Opt-In Form.

**THIS OPT-IN FORM MUST BE ACTUALLY RECEIVED (WHETHER A PHYSICAL COPY IS RETURNED OR THE OPT-IN FORM IS COMPLETED ONLINE) BY THE CLAIMS AND NOTICING AGENT BY THE OPT-IN DEADLINE.  IF THE OPT-IN FORM IS RECEIVED AFTER THE OPT-IN DEADLINE, IT WILL NOT BE COUNTED.**

<u>Item 1.</u>            **Important information regarding releases under the Plan.**[1]

Article IX.B of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

          **Notwithstanding anything contained in the Plan or the Confirmation Order to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order and effective as of the Effective Date, to the fullest extent permitted by applicable law, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each and all of the Debtors, the Liquidating Trust, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, including any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that any such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor, the Liquidating Trust, or other Entity, or that any Holder of any Claim against or Interest in a Debtor, the Liquidating Trust, or other Entity could have asserted on behalf of the Debtors or the Liquidating Trust, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions between or among a Debtor, or an affiliate of a Debtor and another Debtor, or the Liquidating Trust, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan**

---

[1]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Opt-Out Form.  Defined terms used but not defined herein shall have the meaning ascribed to such term as in the Plan.

Supplement, the Third-Party Sale Transactions, the Financing Documents and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Documents, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) any matters retained by the Debtors or the Liquidating Trust, as applicable, pursuant to the Schedule of Retained Causes of Action.

Article IX.C of the Plan provides for the following third-party release (the "**Third-Party Release**"):

Except as otherwise expressly set forth in this Plan or the Confirmation Order, effective as of the Effective Date, to the fullest extent permitted by applicable law, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each Releasing Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, the Financing Documents, and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.

Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) the rights of any Holder of Allowed Claims or Interests, if applicable, to receive distributions under the Plan.

<u>Definitions related to the Third-Party Release</u>:

UNDER THE PLAN, "***AVOIDANCE ACTIONS***" MEANS ANY AND ALL ACTUAL OR POTENTIAL CLAIMS OR CAUSES OF ACTION TO AVOID A TRANSFER OF PROPERTY OR AN OBLIGATION INCURRED BY THE DEBTORS, INCLUDING AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS, THEIR ESTATES, OR OTHER AUTHORIZED PARTIES IN INTEREST UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE, OR ANY SIMILAR FEDERAL, STATE OR COMMON LAW CAUSES OF ACTION, INCLUDING FRAUDULENT TRANSFER LAWS.

UNDER THE PLAN, "***DEBTOR RELEASE***" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE IX.B OF THE PLAN.

UNDER THE PLAN, "***RELATED PARTY***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INVESTMENT COMMITTEE MEMBERS, SPECIAL COMMITTEE MEMBERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED ACCOUNTS OR FUNDS, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS OR MANAGERS, EMPLOYEES, AGENTS, TRUSTEES, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS AND ADVISORS. FOR THE AVOIDANCE OF DOUBT, THE MEMBERS OF EACH GOVERNING BODY ARE RELATED PARTIES OF THE DEBTORS.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS; (D) ALL HOLDERS OF INTERESTS; (E) THE COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY EX-OFFICIO MEMBER(S)); (F) EACH RELEASING PARTY; (G) THE INFORMATION OFFICER; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); PROVIDED THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT ELECTS NOT TO OPT INTO THE RELEASES DESCRIBED IN ARTICLE IX OF THIS PLAN.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS WHO VOTE TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ARE DEEMED TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO ARE PRESUMED TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF INTERESTS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (H) THE COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY *EX OFFICIO* MEMBER(S)); (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH AFFILIATE TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I) FOR WHICH SUCH AFFILIATE OR ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; *PROVIDED* THAT EACH SUCH ENTITY THAT ELECTS NOT TO OPT INTO THE RELEASES CONTAINED IN THIS PLAN, SUCH THAT IT IS NOT A RELEASING PARTY IN ITS CAPACITY AS A HOLDER OF A CLAIM OR INTEREST SHALL NEVERTHELESS BE A RELEASING PARTY IN EACH OTHER CAPACITY APPLICABLE TO SUCH ENTITY.

Article IX.D of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

       **Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur any liability for, and each Exculpated Party shall be exculpated from any Cause of Action for any claim related to any act or omission occurring between the Petition Date and the Effective Date in connection with, relating to or arising out of the Chapter 11 Cases or the Canadian Recognition Proceedings prior to the Effective Date, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Liquidating Trust Agreement, the Third-Party Sale Transactions, the Plan, the Plan Supplement, any other Definitive Document, or any Liquidation Transaction, or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of the Third-Party Sale Transactions, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not exculpate any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

Article IX.E of the Plan establishes an injunction (the "**Injunction**"):

       **In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Persons or Entities who have held, hold, or may hold Claims, Interests, or Causes of Action in the Debtors or the Liquidating Trust, as applicable, shall be precluded and permanently enjoined on and after the Effective Date, from taking any of the following actions against the Debtors, the Liquidating Trust (but solely to the extent such action is brought against the Debtors or the Liquidating Trust to directly or indirectly recover upon any property of the Estates upon the Effective Date), the Exculpated Parties, the Released Parties, and any successors, assigns or representatives of such Persons or Entities, solely with respect to any Claims, Interests or Causes of Action that will be or are treated by the Plan: (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order; (c) creating, perfecting or enforcing any encumbrance of any kind; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action released or settled pursuant to the Plan. All Persons or Entities who directly or indirectly have held, hold, may hold, or seek to assert Claims or Causes of Action that (x) have been released in this Plan (the "Released Claims") or (y) that are subject to exculpation (the "Exculpated Claims"), shall be enjoined from (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iii) creating, perfecting, or enforcing any encumbrance of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iv) asserting any right of subrogation on account of or in connection with or with respect to the Released Claims and Exculpated Claims, except to the extent that a permissible right of subrogation is asserted with respect to a timely filed proof of claim; or (v) or commencing or continuing in any manner any action or other proceeding on account of or in connection with or with respect to the Released Claims and Exculpated Claims; provided, however, that the foregoing injunction shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct. Notwithstanding anything to the contrary in the Plan, the Plan Supplement, or**

the Confirmation Order, the automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect with respect to the Debtors and any property dealt with by the Plan until the closing of these Chapter 11 Cases; provided, however, the foregoing shall not prevent any party from pursuing a claim consistent with the ADR Procedures Order. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, by accepting, or being eligible to accept, distributions on account of such Claim or Interest, as applicable, pursuant to the Plan shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.

**OPTIONAL OPT-IN ELECTION.** YOU MAY ELECT TO OPT IN TO THE RELEASE CONTAINED IN ARTICLE IX.C OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW. YOUR DECISION TO OPT IN OR NOT OPT IN TO THE THIRD-PARTY RELEASE WILL NOT IMPACT YOUR DISTRIBUTION UNDER THE PLAN:

| | |
|---|---|
| ☐ | **The undersigned Holder of the Claim or Interest elects to OPT IN TO the Third-Party Release** |

**Item 2.**    **Certifications.**

By signing this Opt-In Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)    as of the Voting Record Date, either: (i) the Entity is the Holder of a Claim or Interest; or (ii) the Entity is an authorized signatory for the Entity that is a Holder of a Claim or Interest;

(b)    the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the *Notice of Non-Voting Status and Release Opt-In Form* and that this Opt-In Form is made pursuant to the terms and conditions set forth therein;

(c)    the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class; and

(d)    no other Opt-In Form has been submitted or, if any other Opt-In Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt-In Forms are hereby revoked.

Name of Holder:_____
                                                  (*print or type*)

Signature:_____

Name of Signatory:_____
                                              (*if other than Holder*)

Title: _____

Address:_____

_____

_____

Telephone Number:_____

Email:_____

Date Completed:_____

**IF YOU HAVE MADE THE OPTIONAL OPT-IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.**

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Yellow Corporation<br>c/o Epiq Ballot Processing<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Yellow Corporation<br>c/o Epiq Ballot Processing<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

**OR**

**By electronic, online submission:**

The Claims and Noticing Agent will accept Opt-In Forms if properly completed through the Opt-In Portal. To submit your Opt-In Form, please visit https://dm.epiq11.com/YellowCorporation (the "Opt-In Portal") and follow the instructions to submit your Opt-In Form.

**The Claims and Noticing Agent's Opt-In Portal is the sole manner in which Opt-In Forms will be accepted via electronic or online transmission. Opt-In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Opt-In Form using the Opt-In Portal should **NOT** also submit a paper Opt-In Form.

**THE OPT-IN DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 29, 2025.**

THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE YOUR OPT-IN ELECTION ON OR BEFORE THE OPT-IN DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-IN FORM, PLEASE CONTACT YELLOWCORPORATIONINFO@EPIQGLOBAL.COM FOR FURTHER ASSISTANCE.

**<u>Exhibit 2C</u>**

**Form of Notice to Disputed Claim Holders**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**NOTICE OF NON-VOTING STATUS AND
RELEASE OPT-IN FORM TO HOLDERS OF DISPUTED CLAIMS**

 **PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Yellow Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan");[2] (b) approving the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan.

 **PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim or Interest that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before October 20, 2025 (the date that is two business days before the Voting Deadline)** (each, a "Resolution Event"):

  1. an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' Claims and Noticing Agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is:  11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

2.      an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.      a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim or Interest to vote its Claim or Interest in an agreed upon amount provided that, to the extent material, the Debtors shall execute such agreement only with the consent of the Committee; or

4.      the pending objection to such Claim is voluntarily withdrawn by the objecting party.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than three (3) business days (or within a week of the Voting Deadline one (1) business day) thereafter, the Claims and Noticing Agent shall distribute a Ballot, and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Claims and Noticing Agent no later than the Voting Deadline, which is on **October 29, 2025, at 4:00 p.m., prevailing Eastern Time.**

**PLEASE TAKE FURTHER NOTICE THAT** if you wish to file a motion with the Bankruptcy Court to temporarily allow your claim in an amount that the Bankruptcy Court considers proper for voting to accept or reject the Plan, pursuant to Bankruptcy Rule 3018(a), you must file such motion by **October 1, 2025, at 4:00 p.m., prevailing Eastern Time**.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 12, 2025, at 10:00 a.m., prevailing Eastern Time**, before the Honorable Craig T. Goldblatt, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., Third Floor, Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring, LLC, the Claims and Noticing Agent retained by the Debtors in these Chapter 11 Cases (the "Claims and Noticing Agent"), by: (a) calling (866) 641-1076 (domestic) or +1 (503) 461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases (a) for a fee via PACER at: https://ecf.deb.uscourts.gov; or (b) at no charge by accessing the Debtors' restructuring website at https://dm.epiq11.com/YellowCorporation.

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.C CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.  DIRECTIONS REGARDING THE RELEASE OPT-IN FORM ARE INCLUDED IN THIS NOTICE.

ALL HOLDERS OF CLAIMS OR INTERESTS THAT ELECT TO OPT IN TO THE PROVISIONS CONTAINED IN ARTICLE IX.C OF THE PLAN USING THE ENCLOSED OPT-IN FORM WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES.  IF YOU DO NOT OPT IN TO THE RELEASES SET FORTH IN ARTICLE IX.C OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE IX.B OF THE PLAN AS A RELEASED PARTY IN CONNECTION THEREWITH.

Dated: [●], 2025
Wilmington, Delaware

*/s/ Draft*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333 West Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:    ljones@pszjlaw.com
    tcairns@pszjlaw.com
    pkeane@pszjlaw.com
    ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    patrick.nash@kirkland.com
    david.seligman@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

**OPTIONAL:  RELEASE OPT-IN FORM**

You are receiving this optional opt-in form (the "Opt-In Form") because you are or may be a Holder of a Claim or Interest that is not entitled to vote on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan").  Holders of such Claims or Interests may opt in to the Third-Party Release set forth in the Plan by completing and submitting this form by **October 29, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Opt-In Deadline").  Holders of Claims or Interests may affirmatively opt in by submitting this form by no later than the Opt-In Deadline in accordance with the directions herein.

**If you believe you are a Holder of a Claim or Interest with respect to the Debtors and choose to opt in to the Third-Party Release set forth in Article IX.C of the Plan, please either** (i) promptly complete, sign, and date this Opt-In Form and return it via first class mail, overnight courier, or hand delivery to Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent") at the address set forth below or (ii) submit your Opt-In Form through the Claims and Noticing Agent's online Opt-In Portal in accordance with the directions provided below.  Parties that submit their Opt-In Form using the Opt-In Portal should NOT also submit a paper Opt-In Form.

**THIS OPT-IN FORM MUST BE ACTUALLY RECEIVED (WHETHER A PHYSICAL COPY IS RETURNED OR THE OPT-IN FORM IS COMPLETED ONLINE) BY THE CLAIMS AND NOTICING AGENT BY THE OPT-IN DEADLINE.  IF THE OPT-IN FORM IS RECEIVED AFTER THE OPT-IN DEADLINE, IT WILL NOT BE COUNTED.**

<u>**Item 1.**</u>        **Important information regarding releases under the Plan.**[1]

Article IX.B of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

> **Notwithstanding anything contained in the Plan or the Confirmation Order to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order and effective as of the Effective Date, to the fullest extent permitted by applicable law, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each and all of the Debtors, the Liquidating Trust, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, including any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that any such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor, the Liquidating Trust, or other Entity, or that any Holder of any Claim against or Interest in a Debtor, the Liquidating Trust, or other Entity could have asserted on behalf of the Debtors or the Liquidating Trust, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions between or among a Debtor, or an affiliate of a Debtor and another Debtor, or the Liquidating Trust, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan**

---

[1]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Opt-Out Form.  Defined terms used but not defined herein shall have the meaning ascribed to such term as in the Plan.

**Supplement, the Third-Party Sale Transactions, the Financing Documents and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Documents, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) any matters retained by the Debtors or the Liquidating Trust, as applicable, pursuant to the Schedule of Retained Causes of Action.**

Article IX.C of the Plan provides for the following third-party release (the "**Third-Party Release**"):

**Except as otherwise expressly set forth in this Plan or the Confirmation Order, effective as of the Effective Date, to the fullest extent permitted by applicable law, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each Releasing Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, the Financing Documents, and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.**

**Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) the rights of any Holder of Allowed Claims or Interests, if applicable, to receive distributions under the Plan.**

<u>Definitions related to the Third-Party Release</u>:

UNDER THE PLAN, "***AVOIDANCE ACTIONS***" MEANS ANY AND ALL ACTUAL OR POTENTIAL CLAIMS OR CAUSES OF ACTION TO AVOID A TRANSFER OF PROPERTY OR AN OBLIGATION INCURRED BY THE DEBTORS, INCLUDING AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS, THEIR ESTATES, OR OTHER AUTHORIZED PARTIES IN INTEREST UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE, OR ANY SIMILAR FEDERAL, STATE OR COMMON LAW CAUSES OF ACTION, INCLUDING FRAUDULENT TRANSFER LAWS.

UNDER THE PLAN, "***DEBTOR RELEASE***" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE IX.B OF THE PLAN.

UNDER THE PLAN, "***RELATED PARTY***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INVESTMENT COMMITTEE MEMBERS, SPECIAL COMMITTEE MEMBERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED ACCOUNTS OR FUNDS, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS OR MANAGERS, EMPLOYEES, AGENTS, TRUSTEES, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS AND ADVISORS. FOR THE AVOIDANCE OF DOUBT, THE MEMBERS OF EACH GOVERNING BODY ARE RELATED PARTIES OF THE DEBTORS.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS; (D) ALL HOLDERS OF INTERESTS; (E) THE COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY EX-OFFICIO MEMBER(S)); (F) EACH RELEASING PARTY; (G) THE INFORMATION OFFICER; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); PROVIDED THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT ELECTS NOT TO OPT INTO THE RELEASES DESCRIBED IN ARTICLE IX OF THIS PLAN.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS WHO VOTE TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ARE DEEMED TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO ARE PRESUMED TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF INTERESTS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (H) THE COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY *EX OFFICIO* MEMBER(S)); (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH AFFILIATE TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I) FOR WHICH SUCH AFFILIATE OR ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; *PROVIDED* THAT EACH SUCH ENTITY THAT ELECTS NOT TO OPT INTO THE RELEASES CONTAINED IN THIS PLAN, SUCH THAT IT IS NOT A RELEASING PARTY IN ITS CAPACITY AS A HOLDER OF A CLAIM OR INTEREST SHALL NEVERTHELESS BE A RELEASING PARTY IN EACH OTHER CAPACITY APPLICABLE TO SUCH ENTITY.

Article IX.D of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

> Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur any liability for, and each Exculpated Party shall be exculpated from any Cause of Action for any claim related to any act or omission occurring between the Petition Date and the Effective Date in connection with, relating to or arising out of the Chapter 11 Cases or the Canadian Recognition Proceedings prior to the Effective Date, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Liquidating Trust Agreement, the Third-Party Sale Transactions, the Plan, the Plan Supplement, any other Definitive Document, or any Liquidation Transaction, or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of the Third-Party Sale Transactions, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud.  Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not exculpate any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Article IX.E of the Plan establishes an injunction (the "**Injunction**"):

> In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors.  Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors.  Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Persons or Entities who have held, hold, or may hold Claims, Interests, or Causes of Action in the Debtors or the Liquidating Trust, as applicable, shall be precluded and permanently enjoined on and after the Effective Date, from taking any of the following actions against the Debtors, the Liquidating Trust (but solely to the extent such action is brought against the Debtors or the Liquidating Trust to directly or indirectly recover upon any property of the Estates upon the Effective Date), the Exculpated Parties, the Released Parties, and any successors, assigns or representatives of such Persons or Entities, solely with respect to any Claims, Interests or Causes of Action that will be or are treated by the Plan: (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order; (c) creating, perfecting or enforcing any encumbrance of any kind; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action released or settled pursuant to the Plan.  All Persons or Entities who directly or indirectly have held, hold, may hold, or seek to assert Claims or Causes of Action that (x) have been released in this Plan (the "Released Claims") or (y) that are subject to exculpation (the "Exculpated Claims"), shall be enjoined from (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iii) creating, perfecting, or enforcing any encumbrance of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iv) asserting any right of subrogation on account of or in connection with or with respect to the Released Claims and Exculpated Claims, except to the extent that a permissible right of subrogation is asserted with respect to a timely filed proof of claim; or (v) or commencing or continuing in any manner any action or other proceeding on account of or in connection with or with respect to the Released Claims and Exculpated Claims; provided, however, that the foregoing injunction shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.  Notwithstanding anything to the contrary in the Plan, the Plan Supplement, or

4

the Confirmation Order, the automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect with respect to the Debtors and any property dealt with by the Plan until the closing of these Chapter 11 Cases; provided, however, the foregoing shall not prevent any party from pursuing a claim consistent with the ADR Procedures Order. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, by accepting, or being eligible to accept, distributions on account of such Claim or Interest, as applicable, pursuant to the Plan shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.

**OPTIONAL OPT-IN ELECTION**. YOU MAY ELECT TO OPT IN TO THE RELEASE CONTAINED IN ARTICLE IX.C OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW. YOUR DECISION TO OPT IN OR NOT OPT IN TO THE THIRD-PARTY RELEASE WILL NOT IMPACT YOUR DISTRIBUTION UNDER THE PLAN:

> ☐ **The undersigned Holder of the Claim or Interest elects to <u>OPT IN TO</u> <u>the Third-Party Release</u>**

<u>Item 2</u>.   **Certifications.**

By signing this Opt-In Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)   as of the Voting Record Date, either: (i) the Entity is the Holder of a Claim or Interest; or (ii) the Entity is an authorized signatory for the Entity that is a Holder of a Claim or Interest;

(b)   the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the *Notice of Non-Voting Status and Release Opt-In Form* and that this Opt-In Form is made pursuant to the terms and conditions set forth therein;

(c)   the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class; and

(d)   no other Opt-In Form has been submitted or, if any other Opt-In Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt-In Forms are hereby revoked.

Name of Holder:_____
(<i>print or type</i>)

Signature:_____

Name of Signatory:_____
(<i>if other than Holder</i>)

Title: _____

Address:_____

_____

_____

Telephone Number:_____

Email:_____

Date Completed:_____

**<u>IF YOU HAVE MADE THE OPTIONAL OPT-IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.</u>**

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Yellow Corporation<br>c/o Epiq Ballot Processing<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Yellow Corporation<br>c/o Epiq Ballot Processing<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

**OR**

**<u>By electronic, online submission</u>:**

The Claims and Noticing Agent will accept Opt-In Forms if properly completed through the Opt-In Portal. To submit your Opt-In Form, please visit https://dm.epiq11.com/YellowCorporation (the "<u>Opt-In Portal</u>") and follow the instructions to submit your Opt-In Form.

**The Claims and Noticing Agent's Opt-In Portal is the sole manner in which Opt-In Forms will be accepted via electronic or online transmission. Opt-In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Opt-In Form using the Opt-In Portal should **NOT** also submit a paper Opt-In Form.

**THE OPT-IN DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 29, 2025.**

THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE YOUR OPT-IN ELECTION ON OR BEFORE THE OPT-IN DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-IN FORM, PLEASE CONTACT YELLOWCORPORATIONINFO@EPIQGLOBAL.COM FOR FURTHER ASSISTANCE.

**<u>Exhibit 3</u>**

**Ballot—Class 5 (General Unsecured Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**BALLOT FOR VOTING ON THE**
**FOURTH AMENDED JOINT CHAPTER 11 PLAN OF YELLOW**
**CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO**
**CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE**
**DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS 5 – GENERAL UNSECURED CLAIMS**

> **PLEASE READ – IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AND NOTICING AGENT BY OCTOBER 29, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE FOLLOWING:**

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE *FOURTH AMENDED JOINT CHAPTER 11 PLAN OF YELLOW CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS* [DOCKET NO. [●]] (AS MAY BE ALTERED, AMENDED, MODIFIED, OR SUPPLEMENTED FROM TIME TO TIME, THE "<u>PLAN</u>" AND THIS BALLOT, THE "<u>BALLOT</u>")[2] INCLUDED WITH THIS BALLOT <u>BEFORE</u> COMPLETING THIS BALLOT.

- THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY EPIQ CORPORATE RESTRUCTURING, LLC (THE "<u>CLAIMS AND NOTICING AGENT</u>") BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 29, 2025**.

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]   Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT Toll Free at (866) 641-1076 (DOMESTIC) OR +1 (503) 461-4134 (INTERNATIONAL) OR EMAIL YELLOWCORPORATIONINFO@EPIQGLOBAL.COM AND REFERENCE "YELLOW" IN THE SUBJECT LINE.

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors,  the "Plan Proponents"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the Plan, attached as  Exhibit A to the *Fourth Amended Disclosure Statement For the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be amended, supplemented or modified from time to time, the "Disclosure Statement") from Holders of Claims in Class 5 General Unsecured Claims (the "Voting Class").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.  The Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims votes to accept the Plan.  The Plan can be confirmed by the Bankruptcy Court and thereby binding upon you if the Voting Class votes to accept the Plan and the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code.  **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

You are receiving this Ballot because you are the Holder of a Class 5 General Unsecured Claim as of **August 26, 2025** (the "Voting Record Date").  Accordingly, you have the right to vote to accept or reject the Plan.

The Disclosure Statement describes the rights and treatment for each Class.  The Disclosure Statement, the Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "Solicitation Package").  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications and elections with respect thereto.  Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 5 under the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON
OCTOBER 29, 2025.**

<u>**Item 1**</u>.        **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the
Holder of a Class 5 General Unsecured Claim in the following ***aggregate*** unpaid amount against
the below Debtor:[3]

| $_____ |
|---|
| Debtor: |

<u>**Item 2**</u>.        **Vote on Plan.**

The Holder of the Class 5 General Unsecured Claim against the above Debtor, the aggregate
amount of which is set forth in Item 1, votes to (please check <u>one</u>):

| ☐    **<u>ACCEPT</u>** (vote FOR) the Plan | ☐    **<u>REJECT</u>** (vote AGAINST) the Plan |
|---|---|

<u>**Item 3**</u>.        **Important information regarding releases under the Plan**[4]

Article IX.B of the Plan provides for a release by the Debtors (the "**<u>Debtor Release</u>**"):

> **Notwithstanding anything contained in the Plan or the Confirmation Order to the
contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable
consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation
Order and effective as of the Effective Date, to the fullest extent permitted by applicable law,
each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely,
unconditionally, irrevocably, and forever released by each and all of the Debtors, the
Liquidating Trust, and their Estates, in each case on behalf of themselves and their respective
successors, assigns, and representatives, including any Estate representative appointed or
selected pursuant to section 1123(b)(3) of the Bankruptcy Code, from any and all Claims,
obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever,
whether known or unknown, including any derivative claims, asserted or assertable on
behalf of any of the Debtors, the Liquidating Trust, or the Estates, that any such Entity would
have been legally entitled to assert in their own right (whether individually or collectively)
or on behalf of the Holder of any Claim against or Interest in a Debtor, the Liquidating
Trust, or other Entity, or that any Holder of any Claim against or Interest in a Debtor, the
Liquidating Trust, or other Entity could have asserted on behalf of the Debtors or the**

---

3    For voting purposes only, subject to tabulation rules.

4    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the
Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the
Plan, the Plan governs.  Please read the Plan carefully before completing this Ballot.

Liquidating Trust, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions between or among a Debtor, or an affiliate of a Debtor and another Debtor, or the Liquidating Trust, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, the Financing Documents and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Documents, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) any matters retained by the Debtors or the Liquidating Trust, as applicable, pursuant to the Schedule of Retained Causes of Action.

Article IX.C of the Plan provides for the following third-party release (the "**Third-Party Release**"):

Except as otherwise expressly set forth in this Plan or the Confirmation Order, effective as of the Effective Date, to the fullest extent permitted by applicable law, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each Releasing Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital

5

structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, the Financing Documents, and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.

Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) the rights of any Holder of Allowed Claims or Interests, if applicable, to receive distributions under the Plan.

<u>Definitions related to the Third-Party Release</u>:

UNDER THE PLAN, "***AVOIDANCE ACTIONS***" MEANS ANY AND ALL ACTUAL OR POTENTIAL CLAIMS OR CAUSES OF ACTION TO AVOID A TRANSFER OF PROPERTY OR AN OBLIGATION INCURRED BY THE DEBTORS, INCLUDING AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS, THEIR ESTATES, OR OTHER AUTHORIZED PARTIES IN INTEREST UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE, OR ANY SIMILAR FEDERAL, STATE OR COMMON LAW CAUSES OF ACTION, INCLUDING FRAUDULENT TRANSFER LAWS.

UNDER THE PLAN, "***DEBTOR RELEASE***" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE IX.B OF THE PLAN.

UNDER THE PLAN, "***RELATED PARTY***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INVESTMENT COMMITTEE MEMBERS, SPECIAL COMMITTEE MEMBERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED ACCOUNTS OR FUNDS, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS OR MANAGERS, EMPLOYEES, AGENTS, TRUSTEES, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS AND ADVISORS. FOR THE AVOIDANCE OF DOUBT, THE MEMBERS OF EACH GOVERNING BODY ARE RELATED PARTIES OF THE DEBTORS.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS; (D) ALL HOLDERS OF INTERESTS; (E) THE COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY EX-OFFICIO MEMBER(S)); (F) EACH RELEASING PARTY; (G) THE INFORMATION OFFICER; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); PROVIDED THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT ELECTS NOT TO OPT INTO THE RELEASES DESCRIBED IN ARTICLE IX OF THIS PLAN.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS WHO VOTE TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ARE DEEMED TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO ARE PRESUMED TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF INTERESTS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (H) THE COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY *EX OFFICIO* MEMBER(S)); (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH AFFILIATE TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I) FOR WHICH SUCH AFFILIATE OR ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; *PROVIDED* THAT EACH SUCH ENTITY THAT ELECTS NOT TO OPT INTO THE RELEASES CONTAINED IN THIS PLAN, SUCH THAT IT IS NOT A RELEASING PARTY IN ITS CAPACITY AS A HOLDER OF A CLAIM OR INTEREST

SHALL NEVERTHELESS BE A RELEASING PARTY IN EACH OTHER CAPACITY APPLICABLE TO SUCH ENTITY.

**Optional Third-Party Release Election**

If you voted to accept or reject the Plan in Item 2 above or elected not to vote to accept or reject the Plan in Item 2 above, check this box if you want **to** grant the release contained in Article IX.C of the Plan. Not consenting to the releases contained in Article IX.C. of the Plan is at your discretion. If you submit your Ballot with this box checked, you will consent to the releases contained in Article IX.C of the Plan to the fullest extent permitted by applicable law. If you voted to accept the Plan in Item 2 above, you will not be consenting to the releases contained in Article IX.C of the Plan unless you check this box. If you do not submit this Ballot, you will not consent to the releases contained in Article IX.C of the Plan.

---

**YOUR DECISION TO OPT IN OR NOT OPT IN TO THE THIRD-PARTY RELEASE WILL NOT IMPACT YOUR DISTRIBUTION UNDER THE PLAN.**

---

**The Holder of the Claim identified in Item 1 elects to:**

---

☐   **OPT IN TO the Third-Party Release**

---

Article IX.D of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

> **Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur any liability for, and each Exculpated Party shall be exculpated from any Cause of Action for any claim related to any act or omission occurring between the Petition Date and the Effective Date in connection with, relating to or arising out of the Chapter 11 Cases or the Canadian Recognition Proceedings prior to the Effective Date, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Liquidating Trust Agreement, the Third-Party Sale Transactions, the Plan, the Plan Supplement, any other Definitive Document, or any Liquidation Transaction, or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of the Third-Party Sale Transactions, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not exculpate any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

Article IX.E of the Plan establishes an injunction (the "**Injunction**"):

In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Persons or Entities who have held, hold, or may hold Claims, Interests, or Causes of Action in the Debtors or the Liquidating Trust, as applicable, shall be precluded and permanently enjoined on and after the Effective Date, from taking any of the following actions against the Debtors, the Liquidating Trust (but solely to the extent such action is brought against the Debtors or the Liquidating Trust to directly or indirectly recover upon any property of the Estates upon the Effective Date), the Exculpated Parties, the Released Parties, and any successors, assigns or representatives of such Persons or Entities, solely with respect to any Claims, Interests or Causes of Action that will be or are treated by the Plan: (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order; (c) creating, perfecting or enforcing any encumbrance of any kind; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action released or settled pursuant to the Plan. All Persons or Entities who directly or indirectly have held, hold, may hold, or seek to assert Claims or Causes of Action that (x) have been released in this Plan (the "Released Claims") or (y) that are subject to exculpation (the "Exculpated Claims"), shall be enjoined from (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iii) creating, perfecting, or enforcing any encumbrance of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iv) asserting any right of subrogation on account of or in connection with or with respect to the Released Claims and Exculpated Claims, except to the extent that a permissible right of subrogation is asserted with respect to a timely filed proof of claim; or (v) or commencing or continuing in any manner any action or other proceeding on account of or in connection with or with respect to the Released Claims and Exculpated Claims; provided, however, that the foregoing injunction shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct. Notwithstanding anything to the contrary in the Plan, the Plan Supplement, or the Confirmation Order, the automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect with respect to the Debtors and any property dealt with by the Plan until the closing of these Chapter 11 Cases; provided, however, the foregoing shall not prevent any party from pursuing a claim consistent with the ADR Procedures

Order.  Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, by accepting, or being eligible to accept, distributions on account of such Claim or Interest, as applicable, pursuant to the Plan shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.

<u>Item 4</u>.            **Optional Convenience Claim Election.**[5]

Holders of Class 5 General Unsecured Claims may **irrevocably** elect to have their Claim treated as a Class 4B Convenience Class Claim and have such Allowed General Unsecured Claim reduced to $7,500 (the "<u>Convenience Claim Election</u>"); *provided*, *however*, that no Claims asserted by a current or former employee may be a Convenience Class Claim.

Holders of General Unsecured Claims that would like to make the **optional** Convenience Claim Election and elect to have their Class 5 General Unsecured Claim treated as a Class 4B Convenience Class Claim, including, reducing such claim to $7,500, should check the box below.

Holders of Class 4B Convenience Class Claims are entitled to a Cash payment (in one or more distributions) in full of their Allowed Class 4B Convenience Class Claim (the "<u>Convenience Claim Recovery</u>").  Holders of Class 5 General Unsecured Claims who make the Convenience Claim Election will receive the Convenience Claim Recovery in full and final satisfaction of their Class 5 General Unsecured Claim.  Holders of Class 4B Allowed Convenience Claims and Holders making the Convenience Claim Election will not be entitled to additional distributions under the Plan, if any.

**IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CLASS 4B CONVENIENCE CLASS CLAIM AND YOUR CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT.  YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

**FOR THE AVOIDANCE OF DOUBT, CURRRENT OR FORMER EMPLOYEES ARE <u>NOT PERMITTED</u> TO CHECK THE BELOW BOX TO ACCEPT THE CONVENIENCE CLAIM ELECTION AND SHOULD SKIP TO <u>ITEM 5 BELOW</u>.**

---

[5]    For more information regarding convenience class treatment please see Article III.E of the Disclosure Statement.

> **HOLDERS OF CLASS 5 GENERAL UNSECURED CLAIMS WHO CHECK THE BELOW BOX TO ACCEPT THE CONVENIENCE CLAIM ELECTION, MUST ALSO ACCEPT THE PLAN BY CHECKING THE "ACCEPT" BOX IN ITEM 2 ABOVE, OTHERWISE SUCH CONVENIENCE CLAIM ELECTION WILL BE INVALID.**

The Holder of the Claims against the Debtors, elects as follows:

> ☐      **ACCEPTS the Convenience Claim Election including the reduction of their Claim(s) to $7,500 and <u>ACCEPTS (VOTES FOR) THE PLAN</u>**

<u>**Item 5**</u>.      **Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)      as of the Voting Record Date, either: (i) the Entity is the Holder (or authorized signatory for a Holder) of the Claim set forth in Item 1;

(b)      the Entity (or in the case of an authorized signatory, the Holder) has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      the Entity has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(d)      no other Ballots with respect to the amount of the Claim identified in Item 1 has been cast or, if any other Ballots have been cast with respect to such Claim, then any such earlier Ballots are hereby revoked;

(e)      the Entity understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the latest dated properly completed Ballot voting the Claim and received by the Claims and Noticing Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Claims and Noticing Agent; and

(f)      the Entity understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| | |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 29, 2025.**

**THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY BY**
***ONLY ONE*** **OF THE FOLLOWING METHODS:**

**IN THE ENCLOSED REPLY ENVELOPE PROVIDED, OR VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, OR BY ELECTRONIC ONLINE SUBMISSION.**

| If by First Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Yellow Corporation c/o Epiq Ballot Processing P.O. Box 4422 Beaverton, OR 97076-4422 | Yellow Corporation c/o Epiq Ballot Processing 10300 SW Allen Blvd. Beaverton, OR 97005 |

***OR***

> **By electronic online submission:**
> To submit your Ballot via the Claims and Noticing Agent's online portal, visit https://dm.epiq11.com/yellow and under the Case Actions section of the website, click on "E-Ballot" and follow the instructions to submit your Ballot.
>
> **IMPORTANT NOTE: You will need the following E-Ballot ID# to retrieve and submit your customized electronic Ballot:**
>
> **Unique E-Ballot ID#:**  _____
>
> The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.
>
> Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. **Holders who cast a Ballot using the Claims and Noticing Agent's online portal should NOT also submit a paper Ballot.**

> **IF THE CLAIMS AND NOTICING AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE OCTOBER 29, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 5 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE PLAN PROPONENTS.**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

This Ballot contains voting options with respect to the Plan.

1. To ensure that your vote is counted, you must: (a) complete the Ballot in accordance with these instructions; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot via (i) first-class mail to Yellow Corporation, et al., c/o Epiq Ballot Processing, P.O. Box 4422, Beaverton, OR 97076-4422 (ii) overnight courier or hand delivery to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005 or (iii) the Claims and Noticing Agent's E-Ballot Portal at https://dm.epiq11.com/YellowCorporation, so that this Ballot is actually received by the Claims and Noticing Agent on or before the Voting Deadline, 4:00 P.M., prevailing Eastern Time on **October 29, 2025**.

2. To have your Class 5 General Unsecured Claim treated as a Class 4B Convenience Class Claim, you must (i) vote in favor of the Plan by checking the "Accept" box in Item 2 above; and (ii) accept the Convenience Claim Election by checking the "Accept" box in Item 4 above.

3.      Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Plan Proponents otherwise determine.

4.      To vote, you <u>MUST</u> deliver your completed Ballot (whether via first-class mail, hand delivery, or E-Ballot Portal to the Claims and Noticing Agent) so that it is <u>ACTUALLY RECEIVED</u> by the Claims and Noticing Agent on or before the Voting Deadline by one of the methods described above.  **The Voting Deadline is 4:00 P.M., prevailing Eastern Time on October 29, 2025.**

5.      Any Ballot received by the Claims and Noticing Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Plan Proponents determine otherwise.  No Ballot may be withdrawn or modified after the Voting Deadline without the Plan Proponents' prior written consent.  Additionally, **the following Ballots will *not* be counted:**

   (a)      any Ballot that partially rejects and partially accepts the Plan;

   (b)      Ballots sent to the Debtors, the Debtors' agents (other than Claims and Noticing Agent), the Debtors' financial or legal advisors or any other person (other than the Claims and Noticing Agent);

   (c)      Ballots sent by electronic mail or facsimile;

   (d)      any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

   (e)      any Ballot cast by an Entity that does not hold a Claim in Class 5;

   (f)      any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

   (g)      any unsigned Ballot (for the avoidance of doubt, Ballots validly submitted through the Ballot Portal will be deemed signed);

   (h)      any non-original Ballot (for the avoidance of doubt, Ballots validly submitted through the Ballot Portal will be deemed original); and/or

   (i)      any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

6.      Delivery of a Ballot reflecting your vote to the Claims and Noticing Agent will be deemed to have occurred only when the Claims and Noticing Agent actually receives your paper Ballot or E-Ballot.  In all cases, you should allow sufficient time to assure timely delivery.

7.      If you deliver multiple Ballots to the Claims and Noticing Agent, <u>ONLY</u> the latest dated, properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot(s).

14

8.      You must vote all of your Claims in the Voting Class either to accept or reject the Plan and may not split your vote.  Further, if a Holder has multiple Claims in the Voting Class against a singular Debtor, the Debtor, with the consent of the Committee, may direct the Claims and Noticing Agent to aggregate those Claims for the purpose of counting votes.

9.      This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim, in the Debtors' Chapter 11 Cases.

10.     You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

11.     SIGN AND DATE your Ballot.[6] In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot. Any unsigned Ballot will not be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

## PLEASE RETURN YOUR BALLOT PROMPTLY

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT:**

**U.S. TOLL FREE:  (866) 641-1076**
**INTERNATIONAL:  +1 (503) 461-4134**

**OR BY EMALING YELLOWCORPORATIONINFO@EPIQGLOBAL.COM AND REFERENCING "YELLOW" IN THE SUBJECT LINE.**

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 29, 2025.**

**THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[6]  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.

**<u>Exhibit 4</u>**

**Cover Letter**

> **YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE FOURTH AMENDED PLAN (AS DEFINED HEREIN) PROPOSED BY THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND CAN DO SO BY PROPERLY EXECUTING AND SUBMITTING A BALLOT IN ACCORDANCE WITH THE INSTRUCTIONS BELOW SO THAT IT IS RECEIVED BY THE DEBTORS' CLAIMS AND NOTICING AGENT BEFORE OCTOBER 29, 2025, AT 4:00 P.M. (PREVAILING EASTERN TIME).**
>
> **YOU SHOULD READ THIS LETTER CAREFULLY.**

[●], 2025

<u>Via First-Class Mail / Email</u>

**RE: Yellow Corporation, *et al.*,**
**Chapter 11 Case No. 23-11069 (CTG) (Jointly Administered)**

Dear Holders of Claims in Class 5 entitled to vote on the Fourth Amended Plan,

You have received this letter and the enclosed materials because you are entitled to vote on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "<u>Fourth Amended Plan</u>").[1]

In November 2024, Yellow Corporation and certain of its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") received approval from the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") to solicit votes in connection with the Debtors' *Second Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5028] (the "<u>Second Amended Plan</u>"). In connection therewith, the Debtors previously distributed solicitation materials, including a Ballot pursuant to which Holders of Class 5 General Unsecured Claims were to vote to accept or reject the Second Amended Plan. The Official Committee of Unsecured Creditors (the "<u>Committee</u>") did not support the Second Amended Plan and submitted a letter on January 28, 2025 advising Holders of Class 5 Claims to vote to reject the Second Amended Plan. We write to inform you that the Second Amended Plan has now been replaced by the Fourth Amended Plan, which incorporates certain provisions negotiated with and supported by the Committee and is jointly proposed by the Debtors and the Committee (the Committee and the Debtors, together, the "<u>Plan Proponents</u>"). **THE PLAN PROPONENTS URGE YOU TO VOTE TO ACCEPT THE FOURTH AMENDED PLAN**.

> **YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE FOURTH AMENDED PLAN. THEREFORE, YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE. THIS LETTER EXPLAINS IMPORTANT INFORMATION REGARDING SUBMITTING YOUR BALLOT TO VOTE ON THE FOURTH AMENDED PLAN AND THE TREATMENT OF ANY BALLOT PREVIOUSLY SUBMITTED IN CONNECTION WITH THE SECOND AMENDED PLAN.**

<u>**Overview of the Fourth Amended Plan**</u>

The Debtors, the Committee, and other key stakeholders have been focusing their efforts for several months on resolving significant pending litigation and achieving an orderly conclusion to these cases. To date, the parties have

---

[1]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Fourth Amended Plan or the Fourth Amended Disclosure Statement (as defined herein), as applicable.

been unable to achieve a consensual global resolution of the pending litigation, but discussions and negotiations remain ongoing. Accordingly, the Plan Proponents determined to file the Fourth Amended Plan in order to provide a viable exit path from chapter 11 pursuant to a liquidating plan that would provide for distributions in accordance with the Bankruptcy Code. Generally, the Fourth Amended Plan:

- provides for the vesting of all of the Debtors' and their Estates' assets as of the Effective Date in the Liquidating Trust for the purpose of funding distributions to Holders of Allowed Claims and, to the extent applicable, Allowed Interests;

- provides for the transfer of all pending litigation and disputes to the Liquidating Trust for resolution after the Effective Date in accordance with the terms of the Fourth Amended Plan and the Liquidating Trust Agreement;

- provides that the Committee, in consultation with the Debtors, will designate a Liquidating Trustee to wind down the Debtors' remaining affairs, pay, and reconcile Claims, and administer the Plan in an efficient manner; and

- contemplates recoveries to Holders of Administrative Claims, Other Priority Claims, Employee PTO/Commission Full Pay GUC Claims, and Convenience Class Claims that will render unimpaired the Allowed Claims of such Holders.

The Plan Proponents believe that Confirmation of the Fourth Amended Plan will expedite and enhance distributions on account of Allowed Claims as quickly and efficiently as is practicable. Accordingly, the Plan Proponents urge all Holders of Claims entitled to vote to **ACCEPT THE FOURTH AMENDED PLAN**.

**<u>Solicitation of and Voting on the Fourth Amended Plan</u>**

On [●], 2025, the Bankruptcy Court entered an order [Docket No. [●]] (the "<u>Disclosure Statement Order</u>") (a) authorizing the Debtors to solicit votes on the Fourth Amended Plan; (b) approving the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time, the "<u>Fourth Amended Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Packages</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Fourth Amended Plan.

The Bankruptcy Court has approved the following revised solicitation and voting procedures in connection with the Fourth Amended Plan:

- **<u>Class 5 Holders</u>**:

  o If you are a Holder of a Class 5 General Unsecured Claim, you may vote to accept or reject the Fourth Amended Plan with a new Class 5 Ballot issued in connection with the Fourth Amended Plan. *For the avoidance of doubt, no Class 5 Ballots submitted in connection with the Second Amended Plan, including any Convenience Claim Election or Third-Party Release Election in connection therewith, will be counted or tabulated in connection with the Fourth Amended Plan.*

    ▪ <u>Optional Convenience Claim Election</u>: Each Holder of a Class 5 Allowed General Unsecured Claim has the option to treat their Allowed General Unsecured Claim as a Class 4B Convenience Class Claim to be paid in full in Cash by agreeing to reduce its Allowed General Unsecured Claim to $7,500; *provided, however*, that no Claims asserted by a current or former employee may be a Class 4B Convenience Class Claim. Holders making the Convenience Claim Election will have their Claim reduced to $7,500 and will be entitled to a Cash payment of their Allowed Class 4B Convenience Class Claim. If a Holder of a Class 5 Allowed General Unsecured Claim makes a Convenience Claim

3

Election on a Class 5 Ballot, such election will be deemed a Convenience Claim Election for the Fourth Amended Plan. *If a Holder of a Class 5 Allowed General Unsecured Claim made a Convenience Claim Election on a Class 5 Ballot in connection with the Second Amended Plan, such election will <u>not</u> be deemed a Convenience Claim Election for the Fourth Amended Plan unless such Holder makes a new Convenience Claim Election on its Class 5 Ballot in connection with the Fourth Amended Plan.*

- ▪ <u>Optional Third-Party Release Election</u>: Holders of Class 5 General Unsecured Claims have the option to elect whether to grant the Third-Party Release. If you submit your Ballot and check the box for the Optional Third-Party Release Election, you will consent to the releases contained in Article IX.C of the Fourth Amended Plan to the fullest extent permitted by applicable law. If a Holder of a Class 5 Allowed General Unsecured Claim makes a Third-Party Release Election on a Class 5 Ballot, such election will be deemed a Third-Party Release Election for the Fourth Amended Plan. *If a Holder of a Class 5 Allowed General Unsecured Claim made a Third-Party Release Election on a Class 5 Ballot in connection with the Second Amended Plan, such election will <u>not</u> be deemed a Third-Party Release Election for the Fourth Amended Plan unless such Holder makes a new Third-Party Release Election on its Class 5 Ballot in connection with the Fourth Amended Plan.*

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Bankruptcy Court for distribution to Holders of Claims in connection with the solicitation of votes to accept the Fourth Amended Plan. **The Fourth Amended Disclosure Statement, as approved by the Bankruptcy Court (and all exhibits thereto, including the Fourth Amended Plan) are available free of charge on the Debtors' case website at https://dm.epiq11.com/YellowCorporation. If you would like to receive paper copies of any or all of these documents, please reach out to the Claims and Noticing Agent (as defined below) using their below contact information.**

The Solicitation Package consists of the following, as applicable:

1. a copy of the Solicitation and Voting Procedures;

2. a Ballot, together with detailed voting instructions, instructions on how to submit the Ballot, and a pre-addressed, postage prepaid return envelope[2];

3. this letter;

4. the Confirmation Hearing Notice;

5. the Voting Employee Letter;

7. the Fourth Amended Disclosure Statement as approved by the Bankruptcy Court (and exhibits thereto, including the Fourth Amended Plan);

8. the Disclosure Statement Order (without exhibits, except for the Solicitation and Voting Procedures and the Confirmation Hearing Notice); and

9. any additional documents that the Bankruptcy Court has ordered to be made available to the Voting Class.

The Debtors and the Committee have approved the filing of the Fourth Amended Plan and the solicitation of votes to accept the Fourth Amended Plan. The Debtors and the Committee believe that the acceptance of the Fourth Amended Plan is in the best interests of their estates, Holders of Claims, and all other parties-in-interest.

---

[2] The Debtors will provide pre-addressed, postage pre-paid reply envelopes only to those holders who receive a Ballot directly from the Debtors.

> **THE PLAN PROPONENTS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE FOURTH AMENDED PLAN IN ACCORDANCE WITH THE INSTRUCTIONS IN YOUR BALLOT.**
>
> **THE VOTING DEADLINE IS OCTOBER 29, 2025, AT 4:00 P.M. (PREVAILING EASTERN TIME).**

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, however, please feel free to contact Epiq Corporate Restructuring, LLC, the Claims and Noticing Agent retained by the Debtors in the Chapter 11 Cases (the "Claims and Noticing Agent"), by: (a) calling (866) 641-1076 (domestic) or +1 (503) 461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line.  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER on the Bankruptcy Court's website at: https://ecf.deb.uscourts.gov.  Copies of certain orders, notices, and pleadings, as well as other information regarding these Chapter 11 Cases, are also available for inspection free of charge on the Claims and Noticing Agent's website at: https://dm.epiq11.com/YellowCorporation.

Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, the Solicitation Packages, but may ***not*** advise you as to whether you should vote to accept or reject the Fourth Amended Plan or provide any legal advice.

Sincerely,

| | |
|---|---|
| Yellow Corporation | The Official Committee of Unsecured Creditors of Yellow Corporation, *et al.* |
| *DRAFT* | *DRAFT* |
| Laura Davis Jones (DE Bar No. 2436) | Jennifer R. Hoover (DE No. 5111) |
| Timothy P. Cairns (DE Bar No. 4228) | Kevin M. Capuzzi (DE No. 5462) |
| Peter J. Keane (DE Bar No. 5503) | John C. Gentile (DE No. 6159) |
| Edward Corma (DE Bar No. 6718) | **BENESCH, FRIEDLANDER,** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **COPLAN & ARONOFF LLP** |
| 919 North Market Street, 17th Floor | 1313 North Market Street, Suite 1201 |
| P.O. Box 8705 | Wilmington, DE 19801 |
| Wilmington, Delaware 19801 | Telephone:  (302) 442-7010 |
| Telephone:  (302) 652-4100 | Facsimile:  (302) 442-7012 |
| Facsimile:  (302) 652-4400 | E-mail:    jhoover@beneschlaw.com |
| Email:    ljones@pszjlaw.com |              kcapuzzi@beneschlaw.com |
|              tcairns@pszjlaw.com |              jgentile@beneschlaw.com |
|              pkeane@pszjlaw.com | |
|              ecorma@pszjlaw.com | -and- |
| | |
| - and - | Philip C. Dublin (admitted *pro hac vice*) |
| | Meredith A. Lahaie (admitted *pro hac vice*) |
| Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) | Kevin Zuzolo (admitted *pro hac vice*) |
| David Seligman, P.C. (admitted *pro hac vice*) | **AKIN GUMP STRAUSS HAUER & FELD LLP** |
| **KIRKLAND & ELLIS LLP** | One Bryant Park |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | New York, NY 10036 |
| 333 West Wolf Point Plaza | Telephone: (212) 872-1000 |
| Chicago, Illinois 60654 | Facsimile: (212) 872-1002 |
| Telephone:  (312) 862-2000 | Email:    pdublin@akingump.com |
| Facsimile:  (312) 862-2200 |              mlahaie@akingump.com |
| Email:    patrick.nash@kirkland.com |              kzuzolo@akingump.com |
| | |
| | *Co-Counsel to the Official Committee* |

5

david.seligman@kirkland.com

- and -

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL**
**LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:        (212) 446-4900
Email:            allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in*
*Possession*

*of Unsecured Creditors of Yellow Corporation,* et al.

**Exhibit 5**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING TO CONSIDER
CONFIRMATION OF THE FOURTH AMENDED JOINT CHAPTER 11 PLAN AND
RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Yellow Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan");[2] (b) approving the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 12, 2025, at 10:00 a.m., prevailing Eastern Time**, before the Honorable Craig T. Goldblatt, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., Third Floor, Wilmington, DE 19801.

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' Claims and Noticing Agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is:  11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

---

**PLEASE BE ADVISED**:  THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE BANKRUPTCY COURT OR THE PLAN PROPONENTS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE BANKRUPTCY COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

ANY SUCH NOTICES OF ADJOURNMENT ARE AVAILABLE FREE OF CHARGE ON THE DEBTORS' CASE WEBSITE AT HTTPS://DM.EPIQ11.COM/YELLOWCORPORATION.

---

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **August 26, 2025**, which is the date for determining which Holders of Claims in Class 5 are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is **October 29, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**:  (a) follow the instructions carefully; (b) complete **all** of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent") on or before the Voting Deadline.  **A failure to follow such instructions may disqualify your vote**.

**Rule 3018 Motion Deadline**.  The Bankruptcy Court has approved **October 1, 2025, at 4:00 p.m. (prevailing Eastern Time)** as the deadline for Holders seeking to challenge the allowance of its Claim for voting purposes to file and serve a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan (the "Rule 3018 Motion Deadline").  All Rule 3018 Motions, if any, **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of this Bankruptcy Court; (c) state, with particularity, the legal and factual basis for the Rule 3018 Motion; and (d) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **actually received** on or before the Rule 3018 Motion Deadline.

## <u>CRITICAL INFORMATION REGARDING OBJECTING TO THE CONFIRMATION OF THE PLAN</u>

> <u>ARTICLE IX</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.C CONTAINS A THIRD-PARTY RELEASE**. YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**Plan Objection Deadline**.  The deadline for filing objections to confirmation of the Plan is **<u>October 29, 2025, at 4:00 p.m., prevailing Eastern Time</u>** (the "<u>Plan Objection Deadline</u>").  All such objections ***must***:  (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders of the Bankruptcy Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served upon the following notice parties so as to be ***actually received*** on or before the Plan Objection Deadline:

| *Debtors* |
|:---:|
| **Yellow Corporation** <br> 11500 Outlook Street, Suite 400 <br> Overland Park, Kansas 66211. <br> Attention: Yellow Legal <br> legal@myyellow.com |

| Counsel for the Debtors | Counsel for the Debtors |
|---|---|
| **Kirkland & Ellis LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Attention: Patrick J. Nash Jr., P.C.<br>David Seligman, P.C.<br>Patrick.nash@kirkland.com<br>David.seligman@kirkland.com<br><br>-and-<br><br>**Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Allyson B. Smith<br>Allyson.smith@kirkalnd.com | **Pachulski Stang Ziehl & Jones LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19801<br>Attention:  Laura Davis Jones, Timothy P. Cairns,<br>Peter J. Keane, and Edward Corma<br>ljones@pszjlaw.com<br>tcairns@pszjlaw.com<br>pkeane@pszjlaw.com<br>ecorma@pszjlaw.com |

| Counsel for the Committee |
|---|
| **Akin Gump Strauss Hauer & Feld LLP**<br>One Bryant Park<br>New York, NY 10036<br>Attention: Philip C. Dublin, Meredith A. Lahaie, and Kevin Zuzolo<br>pdublin@akingump.com<br>mlahaie@akingump.com<br>kzuzolo@akingump.com<br><br>-and-<br>**Benesch, Friedlander, Coplan, Aronoff LLP**<br>1313 North Market Street, Suite 1201<br>Wilmington, DE 19801<br>Attention: Jennifer R. Hoover, Kevin M. Capuzzi, and John C. Gentile<br>jhoover@beneschlaw.com<br>kcapuzzi@beneschlaw.com<br>jgentile@beneschlaw.com |

| United States Trustee |
|---|
| **Office of the United States Trustee**<br>844 King Street, Suite 2207<br>Wilmington, DE 19801<br>Attention: Jane M. Leamy<br>Jane.M.Leamy@usdoj.gov |

**Please be advised that Article IX of the Plan contains the following release, exculpation, and injunction provisions:**[1]

Article IX.B of the Plan provides for a release by the Debtors (the "**Debtor Release**"):[2]

**Notwithstanding anything contained in the Plan or the Confirmation Order to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order and effective as of the Effective Date, to the fullest extent permitted by applicable law, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each and all of the Debtors, the Liquidating Trust, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, including any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that any such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor, the Liquidating Trust, or other Entity, or that any Holder of any Claim against or Interest in a Debtor, the Liquidating Trust, or other Entity could have asserted on behalf of the Debtors or the Liquidating Trust, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions between or among a Debtor, or an affiliate of a Debtor and another Debtor, or the Liquidating Trust, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, the Financing Documents and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Documents, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other act or omission, transaction,**

---

[1]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.

[2]   Pending the Committee's investigation of certain potential Causes of Action that may be asserted against one or more of the Debtors' current and/or former D&Os.

**agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) any matters retained by the Debtors or the Liquidating Trust, as applicable, pursuant to the Schedule of Retained Causes of Action.**

Article IX.C of the Plan provides for the following third-party release (the "**Third Party Release**"):

**Except as otherwise expressly set forth in this Plan or the Confirmation Order, effective as of the Effective Date, to the fullest extent permitted by applicable law, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each Releasing Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, the Financing Documents, and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court**

of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.

Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) the rights of any Holder of Allowed Claims or Interests, as applicable, to receive distributions under the Plan.

Definitions related to the Third-Party Release:

UNDER THE PLAN, "*AVOIDANCE ACTIONS*" MEANS ANY AND ALL ACTUAL OR POTENTIAL CLAIMS OR CAUSES OF ACTION TO AVOID A TRANSFER OF PROPERTY OR AN OBLIGATION INCURRED BY THE DEBTORS, INCLUDING AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS, THEIR ESTATES, OR OTHER AUTHORIZED PARTIES IN INTEREST UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE, OR ANY SIMILAR FEDERAL, STATE OR COMMON LAW CAUSES OF ACTION, INCLUDING FRAUDULENT TRANSFER LAWS.

UNDER THE PLAN, "*DEBTOR RELEASE*" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE IX.B OF THE PLAN.

UNDER THE PLAN, "*RELATED PARTY*" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INVESTMENT COMMITTEE MEMBERS, SPECIAL COMMITTEE MEMBERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED ACCOUNTS OR FUNDS, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS OR MANAGERS, EMPLOYEES, AGENTS, TRUSTEES, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS AND ADVISORS. FOR THE AVOIDANCE OF DOUBT, THE MEMBERS OF EACH GOVERNING BODY ARE RELATED PARTIES OF THE DEBTORS.

UNDER THE PLAN, "*RELEASED PARTY*" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS; (D) ALL HOLDERS OF INTERESTS; (E) THE COMMITTEE AND

ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY EX-OFFICIO MEMBER(S));
(F) EACH RELEASING PARTY; (G) THE INFORMATION OFFICER; (H) EACH CURRENT
AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE
FOLLOWING CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN
CLAUSE (A) THROUGH CLAUSE (I); PROVIDED THAT IN EACH CASE, AN ENTITY
SHALL NOT BE A RELEASED PARTY IF IT ELECTS NOT TO OPT INTO THE RELEASES
DESCRIBED IN ARTICLE IX OF THE PLAN.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE
IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE,
(C) ALL HOLDERS OF CLAIMS WHO VOTE TO ACCEPT THE PLAN AND WHO
AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (D) ALL
HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO AFFIRMATIVELY
OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS
WHO ARE DEEMED TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO
THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO ARE
PRESUMED TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE
RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF INTERESTS WHO
AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (H) THE
COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY *EX
OFFICIO* MEMBER(S)); (I) EACH CURRENT AND FORMER AFFILIATE OF EACH
ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J) FOR WHICH SUCH
ENTITY IS LEGALLY ENTITLED TO BIND SUCH AFFILIATE TO THE RELEASES
CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; AND
(J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I)
FOR WHICH SUCH AFFILIATE OR ENTITY IS LEGALLY ENTITLED TO BIND SUCH
RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE
NON-BANKRUPTCY LAW; *PROVIDED* THAT EACH SUCH ENTITY THAT ELECTS NOT
TO OPT INTO THE RELEASES CONTAINED IN THE PLAN, SUCH THAT IT IS NOT A
RELEASING PARTY IN ITS CAPACITY AS A HOLDER OF A CLAIM OR INTEREST
SHALL NEVERTHELESS BE A RELEASING PARTY IN EACH OTHER CAPACITY
APPLICABLE TO SUCH ENTITY.

Article IX.D of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, no
Exculpated Party shall have or incur any liability for, and each Exculpated Party shall be
exculpated from any Cause of Action for any claim related to any act or omission occurring
between the Petition Date and the Effective Date in connection with, relating to or arising
out of the Chapter 11 Cases or the Canadian Recognition Proceedings prior to the Effective
Date, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure
Statement, the Liquidating Trust Agreement, the Third-Party Sale Transactions, the Plan,
the Plan Supplement, any other Definitive Document, or any Liquidation Transaction, or
any contract, instrument, release or other agreement or document created or entered into in
connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party
Sale Transactions, any other Definitive Document, the filing of the Chapter 11 Cases, the
commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the**

**pursuit of the Third-Party Sale Transactions, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not exculpate any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

Article IX.E of the Plan establishes an injunction (the "**Injunction**"):

**In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Persons or Entities who have held, hold, or may hold Claims, Interests, or Causes of Action in the Debtors or the Liquidating Trust, as applicable, shall be precluded and permanently enjoined on and after the Effective Date, from taking any of the following actions against the Debtors, the Liquidating Trust (but solely to the extent such action is brought against the Debtors or the Liquidating Trust to directly or indirectly recover upon any property of the Estates upon the Effective Date), the Exculpated Parties, the Released Parties, and any successors, assigns or representatives of such Persons or Entities, solely with respect to any Claims, Interests or Causes of Action that will be or are treated by the Plan: (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any encumbrance of any kind; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action released or settled pursuant to the Plan. All Persons or Entities who directly or indirectly have held, hold, may hold, or seek to assert Claims or Causes of Action that (x) have been released in this Plan (the "Released Claims") or (y) that are subject to exculpation (the "Exculpated Claims"), shall be enjoined from (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iii) creating, perfecting, or enforcing any encumbrance of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iv) asserting any right of subrogation on account of or in connection with or with respect to the Released Claims and Exculpated Claims, except to the extent that a permissible right of subrogation is asserted with respect to a timely filed proof of claim; or (v) or commencing or continuing in any**

manner any action or other proceeding on account of or in connection with or with respect to the Released Claims and Exculpated Claims; **provided, however**, that the foregoing injunction shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct. Notwithstanding anything to the contrary in the Plan, the Plan Supplement, or the Confirmation Order, the automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect with respect to the Debtors and any property dealt with by the Plan until the closing of these Chapter 11 Cases; **provided, however**, the foregoing shall not prevent any party from pursuing a claim consistent with the ADR Procedures Order. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, by accepting, or being eligible to accept, distributions on account of such Claim or Interest, as applicable, pursuant to the Plan shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials), please feel free to contact the Debtors' Claims and Noticing Agent, by: (a) calling (866) 641-1076 (domestic) or +1 (503) 461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases (a) for a fee via PACER at: https://ecf.deb.uscourts.gov; or (b) at no charge by accessing the Debtors' restructuring website at https://dm.epiq11.com/YellowCorporation.

Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may ***not*** advise you as to whether you should vote to accept or reject the Plan.

**The Plan Supplement**. The Debtors will file documents constituting the Plan Supplement (as defined in the Plan) on or prior to **October 15, 2025**, and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

**BINDING NATURE OF THE PLAN**:

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND/OR INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR INTEREST IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

Dated: [●], 2025
Wilmington, Delaware

/s/  *DRAFT*
_____

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333 West Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |

| | | |
|---|---|---|
| P.O. Box 8705 | Telephone: | (312) 862-2000 |
| Wilmington, Delaware 19801 | Facsimile: | (312) 862-2200 |
| Telephone: (302) 652-4100 | Email: | patrick.nash@kirkland.com |
| Facsimile: (302) 652-4400 | | david.seligman@kirkland.com |

Email:     ljones@pszjlaw.com
           tcairns@pszjlaw.com
           pkeane@pszjlaw.com                      -and-
           ecorma@pszjlaw.com

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022

| | |
|---|---|
| Telephone: | (212) 446-4800 |
| Facsimile: | (212) 446-4900 |
| Email: | allyson.smith@kirkland.com |

*Co-Counsel for the Debtors and Debtors in Possession*

## **Exhibit 6**

**Plan Supplement Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Yellow Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan");[2] (b) approving the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement with the Bankruptcy Court on **[●], 2025** [Docket No. [●]]. The Plan Supplement contains the following documents each as defined in the Plan:  (a) the Schedule of Assumed Executory Contracts and Unexpired Leases; (b) the Schedule of Retained Causes of Action; (c) the identities of the Liquidating Trustee and the Liquidating Trust Board of Managers; (d) the Liquidating Trust Agreement; and (e) any additional

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2]   Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

documents Filed with the Bankruptcy Court prior to the Effective Date as amendments to the Plan Supplement.

**PLEASE TAKE FURTHER NOTICE** that these documents remain subject to continuing negotiations in accordance with the terms of the Plan and the final versions may contain material differences from the versions filed herewith.  To the extent material amendments or modifications are made to any of these documents, the Debtors will file a redline version with the Bankruptcy Court prior to the hearing to consider confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Plan Supplement is integral to, part of, and incorporated by reference into the Plan.  Please note, however, these documents have not yet been approved by the Bankruptcy Court.  If the Plan is confirmed, the documents contained in the Plan Supplement (including any amendments, modifications, or supplements thereto) will be approved by the Bankruptcy Court pursuant to the order confirming the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 12, 2025, at 10:00 a.m., prevailing Eastern Time**, before the Honorable Craig T. Goldblatt, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., Third Floor, Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to confirmation of the Plan is **October 29, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline").  Any such objections **must**: (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and any orders of the Bankruptcy Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served upon the following notice parties so as to be ***actually received*** on or before the Plan Objection Deadline:

| *Debtors* |
|---|
| **Yellow Corporation** |
| 11500 Outlook Street, Suite 400 |
| Overland Park, Kansas 66211. |
| Attention: Yellow Legal |
| legal@myyellow.com |

| Counsel for the Debtors | Counsel for the Debtors |
|---|---|
| **Kirkland & Ellis LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Attention: Patrick J. Nash Jr., P.C.<br>David Seligman, P.C.<br>Patrick.nash@kirkland.com<br>David.seligman@kirkland.com<br><br>-and-<br><br>**Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Allyson B. Smith<br>Allyson.smith@kirkland.com | **Pachulski Stang Ziehl & Jones LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19801<br>Attention:  Laura Davis Jones, Timothy P. Cairns,<br>Peter J. Keane, and Edward Corma<br>ljones@pszjlaw.com<br>tcairns@pszjlaw.com<br>pkeane@pszjlaw.com<br>ecorma@pszjlaw.com |
| **Counsel for the Committee** ||
| **Akin Gump Strauss Hauer & Feld LLP**<br>One Bryant Park<br>New York, NY 10036<br>Attention: Philip C. Dublin; Meredith A. Lahaie, and  Kevin Zuzolo<br>pdublin@akingump.com<br>mlahaie@akingump.com<br>kzuzolo@akingump.com<br><br>**And**<br><br>**Benesch, Friedlander, Coplan, Aronoff LLP**<br>1313 North Market Street, Suite 1201<br>Wilmington, DE 19801<br>Attention: Jennifer R. Hoover,  Kevin M. Capuzzi, and John C. Gentile<br>jhoover@beneschlaw.com<br>kcapuzzi@beneschlaw.com<br>jgentile@beneschlaw.com ||
| **United States Trustee** ||
| **Office of the United States Trustee**<br>844 King Street, Suite 2207<br>Wilmington, DE 19801<br>Attention: Jane M. Leamy<br>Jane.M.Leamy@usdoj.gov ||

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to **obtain a copy of the Disclosure Statement, the Plan, or related documents at no additional cost**, you should contact Epiq Corporate Restructuring, LLC, the Debtors' claims and noticing agent in these Chapter 11 Cases (the "Claims and Noticing Agent"), by: (a) calling (866) 641-1076 (domestic) or +1 (503) 461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line.  You may also obtain copies of any pleadings filed in these Chapter 11 Cases (a) for a fee via PACER at:

https://ecf.deb.uscourts.gov; or (b) at no charge by accessing the Debtors' restructuring website at https://dm.epiq11.com/YellowCorporation.

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.C CONTAINS A THIRD-PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.**

Dated:  [●], 2025
Wilmington, Delaware

*/s/ Draft*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
                tcairns@pszjlaw.com
                pkeane@pszjlaw.com
                ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          patrick.nash@kirkland.com
                david.seligman@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in
Possession*

## **Exhibit 7**

**Notice of Assumption of Executory Contracts and Unexpired Leases**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE TO CONTRACT PARTIES**
**TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS**

      **PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Yellow Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan");[2] (b) approving the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT**, on [●], the Debtors filed the *Assumed Executory Contracts and Unexpired Leases Schedule* [Docket No. [●]] (the "Assumed Contract Schedule") with the Bankruptcy Court as part of the *Plan Supplement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors,* as contemplated under the Plan.

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street Suite 400, Overland Park, Kansas 66211.

[2]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan will commence on **November 12, 2025, at 10:00 a.m., prevailing Eastern Time** or as soon thereafter as counsel may be heard (the "Confirmation Hearing") before the Honorable Judge Craig T. Goldblatt, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., Third Floor, Wilmington, DE 19801.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because the Debtors' records reflect that you are a party to a contract that is listed on the Assumed Contract Schedule. Therefore, you are advised to carefully review the information contained in this notice and the related provisions of the Plan, including the Assumed Contract Schedule.

**PLEASE TAKE FURTHER NOTICE THAT**, on the Effective Date, the Debtors will assume the contracts (the "Assumed Contracts") listed on the Assumed Contract Schedule, attached hereto as **Schedule A**, to one or more of which you are a counterparty. The Assumed Contract Schedule can also be viewed on the Debtors' case website, https://dm.epiq11.com/YellowCorporation.

**PLEASE TAKE FURTHER NOTICE THAT** section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the Executory Contract(s) and Unexpired Lease(s), which amounts are listed in **Schedule A**. Please note that if no amount is stated for a particular Executory Contract or Unexpired Lease, the Debtors believe that there is  no cure amount outstanding for such contract or lease.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to Article V.C of the Plan, any objection by a counterparty to an Executory Contract or Unexpired Lease to a proposed assumption or assumption and assignment or related cure amount (an "Assumption Objection") must be Filed, served, and **actually received** by the Debtors and the Official Committee of Unsecured Creditors at least seven (7) days before the Confirmation Hearing (the "Assumption Objection Deadline").

**PLEASE TAKE FURTHER NOTICE THAT** any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption, assumption and assignment, or cure amount will be deemed to have assented to such assumption, assumption and assignment, or cure amount.

**PLEASE TAKE FURTHER NOTICE THAT** if no objection is filed by the Assumption Objection Deadline, then: **(i) you will be deemed to have stipulated that the Cure amounts as determined by the Debtors are correct; (ii) you will be forever barred, estopped, and enjoined from asserting any additional cure amount under the proposed Assumed Contract; and (iii) you will be forever barred, estopped, and enjoined from objecting to such proposed assumption**.

**PLEASE TAKE FURTHER NOTICE THAT** any Assumption Objection that otherwise complies with these procedures yet remains unresolved as of the commencement of the Confirmation Hearing shall be heard at the Confirmation Hearing or a later date to be fixed by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE THAT** notwithstanding anything herein, the mere listing of any Assumed Contract on the Assumed Contract Schedule does not require or guarantee that such Assumed Contract will be assumed by the Debtors at any time or assumed and assigned, and all rights of the Debtors with respect to such Assumed Contract are reserved. Moreover, the Debtors explicitly reserve their rights, in their reasonable discretion, to seek to reject or assume each Assumed Contract pursuant to section 365(a) of the Bankruptcy Code and in accordance with the procedures allowing the Debtors to designate any Assumed Contract as either rejected or assumed on a post-closing basis.

**PLEASE TAKE FURTHER NOTICE THAT** nothing herein: (i) alters in any way the prepetition nature of the Assumed Contracts or the validity, priority, or amount of any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract; (ii) creates a postpetition contract or agreement, or (iii) elevates to administrative expense priority any claims of a counterparty to any Assumed Contract against the Debtors that may arise under such Assumed Contract.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Disclosure Statement Order, the Plan, the Plan Supplement, or related documents, you should contact Epiq Corporate Restructuring, LLC, the Debtors' claims and noticing agent in these Chapter 11 Cases (the "<u>Claims and Noticing Agent</u>"), by: (a) calling (866) 641-1076 (domestic) or +1 (503) 461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases (a) for a fee via PACER at: <u>https://ecf.deb.uscourts.gov</u>; or (b) at no charge by accessing the Debtors' restructuring website at <u>https://dm.epiq11.com/YellowCorporation</u>.

---

**<u>ARTICLE IX</u> OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND <u>ARTICLE IX.C</u> CONTAINS A THIRD-PARTY RELEASE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE CLAIMS AND NOTICING AGENT.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS NOTICE,**

**PLEASE CALL (866) 641-1076 (DOMESTIC) OR +1 (503) 461-4134 (INTERNATIONAL),**

**OR EMAIL YELLOWCORPORATIONINFO@EPIQGLOBAL.COM AND REFERENCE "YELLOW" IN THE SUBJECT LINE.**

Dated:  [●], 2025
Wilmington, Delaware

*/s/ Draft*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:      (302) 652-4100
Facsimile:       (302) 652-4400
Email:            ljones@pszjlaw.com
                     tcairns@pszjlaw.com
                     pkeane@pszjlaw.com
                     ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200
Email:            patrick.nash@kirkland.com
                     david.seligman@kirkland.com

-and-

Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900
Email:            allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in*
*Possession*

## Exhibit 8A

**Updated Schedule Voting Employee Cover Letter**



[●], 2025

<u>Via First-Class Mail / Email</u>

**RE: Yellow Corporation, *et al.*,**
**Chapter 11 Case No. 23-11069 (CTG) (Jointly Administered)**

Dear Former Yellow Employee,

You are receiving this letter and the enclosed Ballot because you are the Holder of a Class 3 Other Priority Claim and/or a Class 4A Employee PTO/Commission Full Pay GUC Claim and a Class 5 General Unsecured Claim under the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan").[1]

On or around December 2024, you may have received an earlier version of this letter because you were also a Holder of a Class 3 Other Priority Claim and/or a Class 4A Employee PTO/Commission Full Pay GUC Claim and/or a Class 5 General Unsecured Claim under the *Second Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5028] (the "Prior Plan"). The Debtors are no longer pursuing the Prior Plan. This letter pertains to the Plan, as defined herein.

The Debtors have negotiated with the Committee support for paying up to $7,500 of non-priority employee claims for vacation or paid time off in full. Absent confirmation of the Plan, such treatment cannot be guaranteed.

You were previously notified that Yellow scheduled an amount owed to you for unpaid vacation/PTO of $[●] and that the split between the priority portion and the unsecured portion of this total amount was undetermined (Schedule [●] - #[●]). Yellow is now ready to move forward with the voting and approval process with the Court to be able to pay claims which requires us to breakdown your claim further between priority and unsecured amounts. We have now determined that the priority portion(s) of your claim is $[●] and the unsecured portion is $[●].

<u>TREATMENT OF PRIORITY CLAIMS</u>:

**Allowed Class 3 Other Priority Claims** are expected to be paid in full, in Cash, on or shortly after the Effective Date, in the amount set forth below. The timing of the Effective Date is uncertain but will not occur until after the Bankruptcy Court confirms the Plan which, at the earliest, will not occur until November 2025. Your Class 3 Claim is unimpaired because it is being paid in full, therefore, you are <u>*not*</u> entitled to vote to accept or reject the Plan on account of your Class 3 Claim and are automatically deemed to accept the Plan on account of your Class 3 Claim.

<u>TREATMENT OF THE UNSECURED PORTION OF YOUR CLAIM</u>:

The Plan provides that up to $7,500 of unsecured claims from current or former employees related to unpaid vacation, paid time off pay, sick pay, or sales commissions and any Canadian Employee Priority Claims be separately classified as Class 4A Employee PTO/Commission Full Pay GUC Claims.

---

[1]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

**Allowed Class 4A Employee PTO/Commission Full Pay GUC Claims** are expected to be paid in full, in Cash, on or shortly after the Effective Date, in the lesser amount of (i) your remaining asserted Claim amount and (ii) $7,500. Your Class 4A Claim is unimpaired because it is being paid in full, therefore, you are *not* entitled to vote to accept or reject the Plan with respect to your Class 4A Claim.

A portion of your Claim does not qualify for Class 3 and/or Class 4A status, thus you have an additional amount owed to you as a Class 5 General Unsecured Claim per the below summary.

The timing and amount of payment of Allowed Class 5 General Unsecured Claims is uncertain at this time which means these Claims are *impaired* and you are entitled to vote to accept or reject the Plan with respect to your Class 5 General Unsecured Claim. **Accordingly, your Ballot to vote on the Plan is enclosed hereto for your Class 5 General Unsecured Claim. Further details regarding Class 3, Class 4A and Class 5 treatment and voting can be found in Article III.B of the Plan.**

Below is a breakdown of your individual Class 3, Class 4A and Class 5 Claims.

| | |
|---|---|
| **Class 3**– Other Priority Claim:<br>(Not Entitled to Vote because this amount will be paid in full) | $[●] |
| **Class 4A** – Employee PTO/Commission Full Pay GUC Claim:<br>(Not Entitled to Vote because this amount will be paid in full) | $[●] |
| **Class 5** – General Unsecured Claim:<br>(Entitled to Vote because only a portion of this claim will be paid and the total amount is unknown at this time) | $[●] |
| **Total Claim Amount** | $[●] |

If you disagree with the Debtors' calculation of your Class 3 - Other Priority Claim, you should e-mail YellowCorporationInfo@epiqglobal.com with "Yellow Schedule Comment" in the subject line and include the ID number found in the lower right corner of this letter, and/or write to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005 so the Debtors receive your message by **October 29, 2025 at 4:00 p.m. prevailing Eastern Time**, the Plan Objection Deadline. If the dispute is not resolved within 30 days of the Debtors receiving your message, the parties shall set the dispute for hearing at the Bankruptcy Court's convenience.

If you have any questions, you may contact Epiq Corporate Restructuring, LLC, the Claims and Noticing Agent retained by the Debtors in the Chapter 11 Cases (the "Claims and Noticing Agent"), by: (a) calling (866) 641-1076 (domestic) or +1 (503) 461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER on the Bankruptcy Court's website at: https://ecf.deb.uscourts.gov. Copies of certain orders, notices, and pleadings, as well as other information regarding these Chapter 11 Cases, are also available for inspection free of charge on the Claims and Noticing Agent's website at: https://dm.epiq11.com/YellowCorporation.

Please be advised that the Claims and Noticing Agent is authorized to answer questions about the Classes of Claims under the Plan and provide additional copies of the Plan and Disclosure Statement but may *not* provide any legal advice.

[Unique ID #]

Sincerely,

Yellow Corporation, on its own behalf and for each of the Debtors

**<u>Exhibit 8B</u>**

**Voting Employee Cover Letter**



[●], 2025

<u>Via First-Class Mail / Email</u>

**RE: Yellow Corporation, *et al.*,**
**Chapter 11 Case No. 23-11069 (CTG) (Jointly Administered)**

Dear Former Yellow Employee,

You are receiving this letter and the enclosed Ballot because you are the Holder of a Class 3 Other Priority Claim and/or a Class 4A Employee PTO/Commission Full Pay GUC Claim and a Class 5 General Unsecured Claim under the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "<u>Plan</u>").[1]

On or around December 2024, you may have received an earlier version of this letter because you were also a Holder of a Class 3 Other Priority Claim and/or a Class 4A Employee PTO/Commission Full Pay GUC Claim and/or a Class 5 General Unsecured Claim under the *Second Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5028] (the "<u>Prior Plan</u>"). The Debtors are no longer pursuing the Prior Plan. This letter pertains to the Plan, as defined herein.

The Debtors have negotiated with the Committee support for paying up to $7,500 of non-priority employee claims for vacation or paid time off in full. Absent confirmation of the Plan, such treatment cannot be guaranteed.

You were previously notified that Yellow scheduled an amount owed to you for unpaid vacation/PTO of $[●] and that the priority portion(s) of your claim is $[●] and the unsecured portion is $[●].

<u>TREATMENT OF PRIORITY CLAIMS</u>:

**Allowed Class 3 Other Priority Claims** are expected to be paid in full, in Cash, on or shortly after the Effective Date, in the amount set forth below. The timing of the Effective Date is uncertain but will not occur until after the Bankruptcy Court confirms the Plan which, at the earliest, will not occur until November 2025. Your Class 3 Claim is unimpaired because it is being paid in full, therefore, you are <u>*not*</u> entitled to vote to accept or reject the Plan on account of your Class 3 Claim and are automatically deemed to accept the Plan on account of your Class 3 Claim.

<u>TREATMENT OF THE UNSECURED PORTION OF YOUR CLAIM</u>:

The Plan provides that up to $7,500 of unsecured claims from current or former employees related to unpaid vacation, paid time off pay, sick pay, or sales commissions and any Canadian Employee Priority Claims be separately classified as Class 4A Employee PTO/Commission Full Pay GUC Claims.

**Allowed Class 4A Employee PTO/Commission Full Pay GUC Claims** are expected to be paid in full, in Cash, on or shortly after the Effective Date, in the lesser amount of (i) your remaining asserted Claim amount and (ii) $7,500.

---

[1]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

Your Class 4A Claim is unimpaired because it is being paid in full, therefore, you are <u>not</u> entitled to vote to accept or reject the Plan with respect to your Class 4A Claim.

A portion of your Claim does not qualify for Class 3 and/or Class 4A status, thus you have an additional amount owed to you as a Class 5 General Unsecured Claim per the below summary.

The timing and amount of payment of Allowed Class 5 General Unsecured Claims is uncertain at this time which means these Claims are *impaired* and you are entitled to vote to accept or reject the Plan with respect to your Class 5 General Unsecured Claim. **Accordingly, your Ballot to vote on the Plan is enclosed hereto for your Class 5 General Unsecured Claim. Further details regarding Class 3, Class 4A and Class 5 treatment and voting can be found in Article III.B of the Plan.**

Below is a breakdown of your individual Class 3, Class 4A and Class 5 Claims.

| | |
|---|---|
| **Class 3** – Other Priority Claim: (Not Entitled to Vote because this amount will be paid in full) | $[●] |
| **Class 4A** – Employee PTO/Commission Full Pay GUC Claim: (Not Entitled to Vote because this amount will be paid in full) | $[●] |
| **Class 5** – General Unsecured Claim: (Entitled to Vote because only a portion of this claim will be paid and the total amount is unknown at this time) | $[●] |
| **Total Claim Amount** | $[●] |

If you have any questions, you may contact Epiq Corporate Restructuring, LLC, the Claims and Noticing Agent retained by the Debtors in the Chapter 11 Cases (the "<u>Claims and Noticing Agent</u>"), by: (a) calling (866) 641-1076 (domestic) or +1 (503) 461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing <u>YellowCorporationInfo@epiqglobal.com</u> and referencing "Yellow" in the subject line. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER on the Bankruptcy Court's website at: <u>https://ecf.deb.uscourts.gov</u>. Copies of certain orders, notices, and pleadings, as well as other information regarding these Chapter 11 Cases, are also available for inspection free of charge on the Claims and Noticing Agent's website at: https://dm.epiq11.com/YellowCorporation.

Please be advised that the Claims and Noticing Agent is authorized to answer questions about the Classes of Claims under the Plan and provide additional copies of the Plan and Disclosure Statement but may ***not*** provide any legal advice.

Sincerely,

Yellow Corporation, on its own behalf and for each of the Debtors

[Unique ID #]

## Exhibit 8C

**Updated Schedule Non-Voting Employee Cover Letter**



[●], 2025

<u>Via First-Class Mail / Email</u>

**RE: Yellow Corporation, *et al.*,**
**Chapter 11 Case No. 23-11069 (CTG) (Jointly Administered)**

Dear Former Yellow Employee,

You are receiving this letter and the enclosed materials because you are the Holder of a Class 3 Other Priority Claim and/or a Class 4A Employee PTO/Commission Full Pay GUC Claim under the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "<u>Plan</u>").[1]

On or around December 2024, you may have received an earlier version of this letter because you were also a Holder of a Class 3 Other Priority Claim and/or a Class 4A Employee PTO/Commission Full Pay GUC Claim and/or a Class 5 General Unsecured Claim under the *Second Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5028] (the "<u>Prior Plan</u>").  The Debtors are no longer pursuing the Prior Plan.  This letter pertains to the Plan, as defined herein.

The Debtors have negotiated with the Committee support for paying up to $7,500 of non-priority employee claims for vacation or paid time off in full.  Absent confirmation of the Plan, such treatment cannot be guaranteed.

You were previously notified that Yellow scheduled an amount owed to you for unpaid vacation/PTO of $[●] and that the split between the priority portion and the unsecured portion of this total amount was undetermined (Schedule [●] - #[●]).  Yellow is now ready to move forward with the voting and approval process with the Court to be able to pay claims which requires us to breakdown your claim further between priority and unsecured amounts. We have now determined that the priority portion(s) of your claim is $[●] and the unsecured portion is $[●].

<u>TREATMENT OF PRIORITY CLAIMS</u>:

**Allowed Class 3 Other Priority Claims** are expected to be paid in full, in Cash, on or shortly after the Effective Date, in the amount set forth below.  The timing of the Effective Date is uncertain but will not occur until after the Bankruptcy Court confirms the Plan which, at the earliest, will not occur until November 2025.  Your Class 3 Claim is unimpaired because it is being paid in full, therefore, you are <u>*not*</u> entitled to vote to accept or reject the Plan on account of your Class 3 Claim and are automatically deemed to accept the Plan on account of your Class 3 Claim.

If the total amount of your Claim fits fully into Class 3, pursuant to the Plan, your vacation/PTO amount will be paid in full once the Plan is confirmed and becomes Effective.  There is no further action required on your part at this time.

<u>TREATMENT OF THE UNSECURED PORTION OF YOUR CLAIM</u>:

---

[1]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

The Plan provides that up to $7,500 of unsecured claims from current or former employees related to unpaid vacation, paid time off pay, sick pay, or sales commissions and any Canadian Employee Priority Claims be separately classified as Class 4A Employee PTO/Commission Full Pay GUC Claims.

**Allowed Class 4A Employee PTO/Commission Full Pay GUC Claims** are expected to be paid in full, in Cash, on or shortly after the Effective Date, in the lesser amount of (i) your remaining asserted Claim amount and (ii) $7,500. Your Class 4A Claim is unimpaired because it is being paid in full, therefore, you are _not_ entitled to vote to accept or reject the Plan with respect to your Class 4A Claim.

**Further details regarding Class 3 and Class 4A treatment can be found in Article III.B of the Plan.**

Below is a breakdown of your individual Class 3 and Class 4A Claims.

| | |
|---|---|
| **Class 3**– Other Priority Claim:<br>(Not Entitled to Vote because this amount will be paid in full) | $[●] |
| **Class 4A** – Employee PTO/Commission Full Pay GUC Claim:<br>(Not Entitled to Vote because this amount will be paid in full) | $[●] |
| **Total Claim Amount** | $[●] |

If you disagree with the Debtors' calculation of your Class 3 - Other Priority Claim, you should e-mail YellowCorporationInfo@epiqglobal.com with "Yellow Schedule Comment" in the subject line and include the ID number found in the lower right corner of this letter, and/or write to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005 so the Debtors receive your message by **October 29, 2025 at 4:00 p.m. prevailing Eastern Time**, the Plan Objection Deadline. If the dispute is not resolved within 30 days of the Debtors receiving your message, the parties shall set the dispute for hearing at the Bankruptcy Court's convenience.

If you have any questions, you may contact Epiq Corporate Restructuring, LLC, the Claims and Noticing Agent retained by the Debtors in the Chapter 11 Cases (the "Claims and Noticing Agent"), by: (a) calling (866) 641-1076 (domestic) or +1 (503) 461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER on the Bankruptcy Court's website at: https://ecf.deb.uscourts.gov. Copies of certain orders, notices, and pleadings, as well as other information regarding these Chapter 11 Cases, are also available for inspection free of charge on the Claims and Noticing Agent's website at: https://dm.epiq11.com/YellowCorporation.

Please be advised that the Claims and Noticing Agent is authorized to answer questions about the Classes of Claims under the Plan and provide additional copies of the Plan and Disclosure Statement but may _**not**_ provide any legal advice.

Sincerely,

Yellow Corporation, on its own behalf and for each of the Debtors

[Unique ID #]

**<u>Exhibit 8D</u>**

**Non-Voting Employee Cover Letter**



[●], 2025

<u>Via First-Class Mail / Email</u>

**RE: Yellow Corporation, *et al.*,**
**Chapter 11 Case No. 23-11069 (CTG) (Jointly Administered)**

Dear Former Yellow Employee,

You are receiving this letter and the enclosed materials because you are the Holder of a Class 3 Other Priority Claim and/or a Class 4A Employee PTO/Commission Full Pay GUC Claim under the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "<u>Plan</u>").[1]

On or around December 2024, you may have received an earlier version of this letter because you were also a Holder of a Class 3 Other Priority Claim and/or a Class 4A Employee PTO/Commission Full Pay GUC Claim and/or a Class 5 General Unsecured Claim under the *Second Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 5028] (the "<u>Prior Plan</u>"). The Debtors are no longer pursuing the Prior Plan. This letter pertains to the Plan, as defined herein.

The Debtors have negotiated with the Committee support for paying up to $7,500 of non-priority employee claims for vacation or paid time off in full. Absent confirmation of the Plan, such treatment cannot be guaranteed.

You were previously notified that Yellow scheduled an amount owed to you for unpaid vacation/PTO of $[●] and that the priority portion(s) of your claim is $[●] and the unsecured portion is $[●].

<u>TREATMENT OF PRIORITY CLAIMS</u>:

**Allowed Class 3 Other Priority Claims** are expected to be paid in full, in Cash, on or shortly after the Effective Date, in the amount set forth below. The timing of the Effective Date is uncertain but will not occur until after the Bankruptcy Court confirms the Plan which, at the earliest, will not occur until November 2025. Your Class 3 Claim is unimpaired because it is being paid in full, therefore, you are <u>*not*</u> entitled to vote to accept or reject the Plan on account of your Class 3 Claim and are automatically deemed to accept the Plan on account of your Class 3 Claim.

If the total amount of your Claim fits fully into Class 3, pursuant to the Plan, your vacation/PTO amount will be paid in full once the Plan is confirmed and becomes Effective. There is no further action required on your part at this time.

<u>TREATMENT OF THE UNSECURED PORTION OF YOUR CLAIM</u>:

---

[1]    Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

The Plan provides that up to $7,500 of unsecured claims from current or former employees related to unpaid vacation, paid time off pay, sick pay, or sales commissions and any Canadian Employee Priority Claims be separately classified as Class 4A Employee PTO/Commission Full Pay GUC Claims.

**Allowed Class 4A Employee PTO/Commission Full Pay GUC Claims** are expected to be paid in full, in Cash, on or shortly after the Effective Date, in the lesser amount of (i) your remaining asserted Claim amount and (ii) $7,500. Your Class 4A Claim is unimpaired because it is being paid in full, therefore, you are _not_ entitled to vote to accept or reject the Plan with respect to your Class 4A Claim.

**Further details regarding Class 3 and Class 4A treatment can be found in Article III.B of the Plan.**

Below is a breakdown of your individual Class 3 and Class 4A Claims.

| | |
|---|---|
| **Class 3**– Other Priority Claim: (Not Entitled to Vote because this amount will be paid in full) | $[●] |
| **Class 4A** – Employee PTO/Commission Full Pay GUC Claim: (Not Entitled to Vote because this amount will be paid in full) | $[●] |
| **Total Claim Amount** | $[●] |

If you have any questions, you may contact Epiq Corporate Restructuring, LLC, the Claims and Noticing Agent retained by the Debtors in the Chapter 11 Cases (the "Claims and Noticing Agent"), by: (a) calling (866) 641-1076 (domestic) or +1 (503) 461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line.  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER on the Bankruptcy Court's website at: https://ecf.deb.uscourts.gov.  Copies of certain orders, notices, and pleadings, as well as other information regarding these Chapter 11 Cases, are also available for inspection free of charge on the Claims and Noticing Agent's website at: https://dm.epiq11.com/YellowCorporation.

Please be advised that the Claims and Noticing Agent is authorized to answer questions about the Classes of Claims under the Plan and provide additional copies of the Plan and Disclosure Statement but may _**not**_ provide any legal advice.

Sincerely,

Yellow Corporation, on its own behalf and for each of the Debtors

[Unique ID #]