**Exhibit B**

**Reply**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 6747, 6748, 7509, 7510** |

**DEBTORS' REPLY
IN SUPPORT OF APPROVAL OF ADEQUACY OF THE DISCLOSURE STATEMENT
AND RELATED SOLICITATION PROCEDURES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this reply (this "Reply") in support of the relief requested pursuant to the *Motion of Debtors for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Voting Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 6748] (the "Disclosure Statement Motion").[2] In support of this Reply, and in further support of approval of the Disclosure Statement and entry of the Order, the Debtors respectfully state as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them as set forth in the Disclosure Statement Motion, the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 6747] (as may be amended, supplemented, and modified from time to time the "Disclosure Statement"), or the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 6746] (as may be amended, supplemented, or modified from time to time, the "Plan"), as applicable.

**Preliminary Statement**

1. The Disclosure Statement provides clear, accurate, and fair information regarding the Debtors' proposed path to emergence, related risks, and the treatment afforded to their various stakeholders, among other disclosures, as required by Bankruptcy Code section 1125 and should be approved. The relevant standard to determine whether a debtor's disclosure statement contains "adequate" information is whether the disclosure statement provides sufficient information such that a hypothetical claimant or interest holder can make an intelligent and informed decision in voting to accept or reject the plan. The relevant standard does *not* require a debtor to present every point of view of every single creditor on every discrete issue, including prior events or issues not relevant to the plan being prosecuted.

2. Only one party objected to the Disclosure Statement: MFN Partners, LP and Mobile Street, LLC (together, "MFN-Mobile" and their objection [Docket No. 7509], the "MFN-Mobile Objection").[3] The Debtors made certain revisions to the Disclosure Statement and related Solicitation Procedures, where appropriate, to address certain concerns raised in the MFN-Mobile Objection.[4] The remaining issues the Objectors raise are either already adequately addressed in the Disclosure Statement, not relevant to the Plan being prosecuted, not properly before the Court at the Disclosure Statement stage, or otherwise misrepresent and/or misunderstand the applicable Plan and Disclosure Statement provisions cited. To the extent not

---

[3] CRG Financial LLC, Interstate Building Maintenance Corp. and Boulevard Truck Lease, Inc. (collectively, the "Joining Parties" and together with MFN-Mobile, the "Objectors") filed the *Joinder of CRG Financial LLC, Interstate Building Maintenance Corp. and Boulevard Truck Lease, Inc. to Objection of MFN Partners, LP and Mobile Street Holdings, LLC to (A) Approval of Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Solicitation Procedures Motion* [Docket No. 7510] (the "Joinder"). The Joinder joins the MFN-Mobile Objection but does not raise any independent issues.

[4] *See* Objection Resolution Chart, Ex. A.

2

resolved, the MFN-Mobile Objection and Joinder should be overruled, and the Disclosure Statement should be approved.

**Argument**

I.     **The Disclosure Statement Contains "Adequate Information."**

3.     The Disclosure Statement and the information and disclosures therein satisfy the requirements of section 1125 of the Bankruptcy Code.  Section 1125 sets forth a clear focus for approval of a Disclosure Statement:  "adequate information."  This standard is not intended to be onerous, and it requires only that a debtor provide enough information for voting parties to make an informed judgment when deciding whether to accept or reject a chapter 11 plan.

4.     Courts have interpreted "adequate information" to mean information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders, if applicable, to vote on a plan of reorganization.[5]  On the other hand, however, "overburdening a proponent's disclosure statement with information significant and meaningful to lawyers alone may result ultimately in reducing the disclosure statement to an overlong incomprehensible, ineffective collection of words to those whose interests are to be served by disclosure."[6]

5.     The Disclosure Statement contains adequate information for it to be understood by Holders of Claims whose votes the Debtors expect to solicit.  The Disclosure Statement describes, among other things, the nature of Holders' recoveries under the Plan, appropriately detailed history

---

[5]   *See In re Lower Buck Hosp.*, 571 Fed. Appx. 139, 142 (3d Cir. 2014).

[6]   *In re Stanley Hotel, Inc.*, 13 B.R. 926, 933–34 (Bankr. D. Colo. 1981) ("Thus, compounding a disclosure statement for the sake of a lawyer's notion of completeness, or because some additional information might enhance one's understanding, may not always be necessary or desirable, and the length of a document should not be the test of its effectiveness."); *see also In re Applegate Prop., Ltd.*, 133 B.R. 827, 829–30 (Bankr. W.D. Tex. 1991) ("[A] disclosure statement need not meet the extensive disclosure requirements of the securities laws for registration statements and the like."); *In re Waterville Timeshare Grp.*, 67 B.R. 412, 413 (Bankr. D.N.H. 1986) ("[O]verly technical and extremely numerous additions to a disclosure statement suggested by an objecting party may themselves be self-defeating in terms of the resulting clarity and understandability of the document to the average investor.").

3

and background of these Chapter 11 Cases, risk factors to be considered when voting on the Plan, the Debtors' Court-approved sale process that provides the primary potential source of recoveries under the Plan, and a summary and current status of the Debtors' pending litigation matters.[7]

6. MFN-Mobile claims the Disclosure Statement and Solicitation Procedures are deficient on multiple points. The Debtors present their proposed response to each in the Objection Resolution Chart attached hereto as <u>Exhibit A</u>. However, certain statements made by MFN-Mobile are misguided or otherwise factually wrong and require further response.

7. ***First***, the Objectors allege the Debtors and Committee conspire to establish a "fox guarding the henhouse"[8] situation with respect to the liquidating trust and its governance.[9] Far from it, the Debtors and Committee have agreed to a governance construct that provides the Debtors a continued seat and voice at the table notwithstanding that the Committee's constituents will very likely be the only beneficiaries of the Liquidating Trust. In the unlikely event that unsecured creditors are paid in full (including postpetition interest), an outcome that would be celebrated by all parties, the Plan provides both a means for recovery to equityholders and that the Liquidating Trust Board of Managers will be replaced by Holders of Liquidating Trust Equity Interests.

8. The Liquidating Trust Agreement, filed contemporaneously herewith, further establishes proper and appropriate governance protocols and recusal mechanisms regarding any potential conflict of interest by a Liquidating Trust Manager. Specifically, the Liquidating Trust

---

[7] *See In re Walker*, 198 B.R. 476, 479 (Bankr. E.D. Va. 1996) (holding that, in evaluating the sufficiency of a disclosure statement, "[a] debtor cannot be expected to unerringly predict the future, but rather must provide information on all factors *known to him at the time* that bear upon the success or failure of the proposals set forth in the plan." (emphasis added)).

[8] *See* MFN-Mobile Objection, ¶ 2, 6, 31.

[9] The Debtors acknowledge this objection is properly a Confirmation objection but feel important to address at this stage in light of the accusations made.

4

Agreement provides that, prior to taking a vote or any action with respect to any matter or issue, a conflicted Manager will self-recuse or be recused upon affirmative vote of a majority of the non-conflicted Managers.[10]  Importantly, at any point in time, any Manager may seek emergency relief from the Court with respect to determining whether a Manager is conflicted with respect to any specific matter or issue.

9. By the "fox guarding the henhouse" statement, it is clear that the core of the Objectors' governance objection is not that the Debtors and Committee have proposed or will propose improper governance procedures, but that the proposed board of Managers cannot be trusted to operate consistent with the fiduciary duties by which they will be bound.  Put even more explicitly, the Objectors, without any evidence to support, allege that the proposed board of Managers are bad actors and will act in bad faith and a self-serving manner.  The Debtors refute this baseless implication outright.

10. ***Second***, MFN-Mobile asserts that the Debtors fail to adequately disclose facts concerning the proposed releases and exculpation of Committee members by stating that the proposed release and exculpation provisions operate to release pending claim objections or other pending litigation against Committee members.[11]  While the Debtors maintain that any objection to the substance of the release and exculpation provisions is a Confirmation matter, MFN-Mobile's statement entirely disregards, or perhaps entirely misunderstands, a critical component of the release and exculpation provisions:  they are only applicable to each Committee member solely

---

[10]  *See* Liquidating Trust Agreement, Art. VII, Sect. 7.4
[11]  *See* MFN-Mobile Objection, at ¶22-25.

5

"***in its capacity as such***."[12]  Nothing in the Plan seeks to release or exculpate Committee members in any other capacity, including as claimants or litigation counterparties.

11.     ***Third***, MFN-Mobile states that the Debtors' disclosures are inadequate because certain information provided in connection with the Second Amended Plan and Third Amended Plan, is not provided in connection with the Fourth Amended Plan.[13]  In particular, MFN-Mobile mandates that the Disclosure Statement must include a chart of claim amounts and estimated recoveries under the Third Amended Plan (but only for a select subset of unsecured creditors). Setting aside that such chart was only included in the Third Amended Plan because that plan was predicated on a settlement—as opposed to the current Plan, offered as a simple waterfall solution for the distribution of value—section 1125 of the Bankruptcy Code neither requires this nor is it in line with the plain language of section 1125, and case law is clear a balance must be struck between adequate disclosure and preventing the document from becoming so extensive and unwieldy that it no longer serves its intended purpose.[14]

> Section 1125(a)(1) states:
>
> "adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor…that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, ***but adequate information need not include such information about any other possible or proposed plan***.[15]

---

[12]  *See* Disclosure Statement, Art. III.K; *see also* Plan, Art. I.67; Art.I.120.

[13]  For the avoidance of doubt, the Debtors have no objection to inclusion of MFN in the consulted parties referenced in connection with the real estate sale process and have revised accordingly.  *See* Disclosure Statement, Art. VII.G.

[14]  *See Waterville Timeshare Group,* 67 B.R. at 414 (quoting *In re Stanley Hotel Inc.,* 13 B.R. 923, 933) (Bankr. D. Colo. 1981) (noting that "the length of a document should not be the test of its effectiveness" since complex and numerous additions to a disclosure statement may be self-defeating in regard to the average investor's overall understanding.)

[15]  11 U.S.C. § 1125(a)(1) (emphasis added).

6

Section 1125(a)(2) defines a typical investor as an investor who, among other things, has "such ability to obtain such information other than the disclosure required by this section as holders of claims or interests in such class generally have."[16]

12.  Here, the Disclosure Statement strikes the proper balance.  That the Debtors and Committee thoughtfully evaluated and determined what information would be necessary and most effective to inform a voting stakeholder's decision (which evaluation takes into account a stakeholder's access to outside information and/or information already readily available and consequently may result in synthesizing certain information) should not be a surprise and is wholly consistent with the Bankruptcy Code and caselaw.[17]  Moreover, that the Disclosure Statement does not include estimated recoveries to creditors under a plan not being prosecuted is not only appropriate but logical.[18]

13.  *Fourth*, MFN-Mobile asserts that the Disclosure Statement is not adequate because it does not provide sufficient information regarding certain ongoing litigation.  With respect to the IBT Suit (as defined in the MFN-Mobile Objection), the Debtors disclosed all information presently available.  Unless and until the Tenth Circuit reverses its prior decision, there is no IBT

---

[16] 11 U.S.C. § 1125(a)(2)(C).

[17] *See First Am. Bank of New York (FAB) v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del.), *aff'd in part sub nom. Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94 (3d Cir. 1988) ("Because § 1125(a)(2)(C) contemplates that the typical investor will have information available to it regarding debtor's affairs through sources other than the disclosure statement, the adequacy of information will be determined with a view to a typical investor's outside sources."); *see also* 11 U.S.C. § 1125(a).

[18] Seemingly proving this point, MFN-Mobile questions why estimated recoveries for Debtor YRC, Inc. are less under the Fourth Amended Plan versus the Second Amended Plan despite a Debtor-favorable ruling regarding subordination of certain claims issued in the interim.  MFN-Mobile fails to recognize that estimated Distributable Proceeds under the Fourth Amended Plan are approximately $300-400 million less than under the Second Amended Plan.

Suit. Any further commentary by the Debtors at this point, including ascribed value to such litigation, is entirely speculative and not required.[19]

14. With respect to ongoing preference actions, it is not prudent for the Debtors to publicly disclose the value they ascribe to the success of those actions (as doing so would only put the Debtors in a worse negotiating position), but anticipated proceeds of the preference actions are properly accounted for in estimated Distributable Proceeds and recoveries.

## Conclusion

15. For the foregoing reasons, the Debtors respectfully submit that the Disclosure Statement should be approved because it satisfies the requirements of section 1125 of the Bankruptcy Code and because the relief provided in the proposed Order is fair, appropriate, and in the best interests of their chapter 11 estates. The Debtors respectfully request that the Court overrule the MFN-Mobile Objection and the Joinder, to the extent not resolved, and enter the proposed Order.

[*Remainder of page intentionally left blank.*]

---

[19] *See In re Walker*, 198 B.R. 476, 479 (Bankr. E.D. Va. 1996) (holding that, in evaluating the sufficiency of a disclosure statement, "[a] debtor cannot be expected to unerringly predict the future, but rather must provide information on all factors *known to him at the time* that bear upon the success or failure of the proposals set forth in the plan." (emphasis added)).

Dated: September 2, 2025
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333 West Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |
| P.O. Box 8705 | Telephone: (312) 862-2000 |
| Wilmington, Delaware 19801 | Facsimile: (312) 862-2200 |
| Telephone: (302) 652-4100 | Email: patrick.nash@kirkland.com |
| Facsimile: (302) 652-4400 | david.seligman@kirkland.com |
| Email: ljones@pszjlaw.com | |
| tcairns@pszjlaw.com | |
| pkeane@pszjlaw.com | -and- |
| ecorma@pszjlaw.com | |
| | Allyson B. Smith (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: allyson.smith@kirkland.com |
| | |
| | *Co-Counsel for the Debtors and Debtors in Possession* |

2

# Exhibit A

## Objection Resolution Chart

## Yellow Corporation, Case No. 23-11069 (CTG)
Summary of Disclosure Statement and Solicitation and Voting Procedures Objections[20]

| Disclosure Statement Objections ||
|---|---|
| **Summary of Objection** | **Debtors' Response** |
| - The Disclosure Statement lacks adequate information because it lacks information concerning the proposed release and exculpation of Committee members. *See* MFN-Mobile Objection, § 22-25. | - **Confirmation Matter**. Objections to the permissibility of the Releases and Exculpation are Confirmation objections and premature at this stage. The Debtors will be prepared to support the Releases and Exculpation provisions at the Confirmation Hearing. Still, the Debtors addressed this objection in the Reply. *See* Reply, ¶ 10. |
| - The Disclosure Statement lacks adequate information because it lacks information concerning the Debtors' pending IBT Suit and the value of the related claims. *See* MFN-Mobile Objection, § 26-29. | - The Debtors addressed this objection in the Reply. *See* Reply, ¶ 13. |
| - The Disclosure Statement lacks adequate information because it lacks information concerning the Liquidating Trust governance and details regarding a recusal mechanism to address any conflicts with respect to the involvement of the Committee. *See* MFN-Mobile Objection, § 30-35. | - **Confirmation Matter**. Objections to the manner of post-confirmation Liquidation Trust governance are Confirmation objections and premature at this stage. The Debtors will be prepared to support Liquidating Trust and the Liquidating Trust Agreement at the Confirmation Hearing. Still, the Debtors addressed this objection in Reply. *See* Reply, ¶ 7-9. |

---

[20] Capitalized terms used but not defined herein shall have the meanings ascribed to them as set forth in the Reply, the Plan, or the Disclosure Statement, as applicable.

| Disclosure Statement Objections ||
|---|---|
| **Summary of Objection** | **Debtors' Response** |
| • The Disclosure Statement lacks adequate information because it lacks information concerning the treatment and voting by Class 5 Holders and contains misleading information regarding estimated claim recoveries. *See* MFN-Mobile Objection, § 36-39. | • The Plan and Disclosure Statement both clearly state the Plan constitutes a singular plan for *each* Debtor. *See* Plan, Introduction, Art. III.A; Disclosure Statement, Art. I. The Disclosure Statement provides Debtor by Debtor estimated recoveries. *See* Disclosure Statement, Art. III.D. |
| • The Disclosure Statement lacks adequate information because it lacks information previously provided in the Second Amended Plan and Third Amended Plan. *See* MFN-Mobile Objection, § 41-45. | • This information is not required under the standard provided under section 1125 of the Bankruptcy Code. The Debtors further addressed this objection in the Reply. *See* Reply, ¶ 11-12. |
| • The Disclosure Statement lacks adequate information because it lacks information concerning certain collateral posted for certain claims held by ORIC. *See* MFN-Mobile Objection, § 46-47. | • The Debtors provided additional disclosure with respect to the resolution of collateral posted for certain claims held by ORIC. *See* Disclosure Statement, Art. VII.H.8. |
| • The Disclosure Statement lacks adequate information because it lacks information concerning the Debtors' preference actions. *See* MFN-Mobile Objection, § 48-55. | • The Debtors addressed this objection in the Reply. *See* Reply, ¶ 14. |

| Solicitation and Voting Procedures Objections ||
| **Summary of Objection** | **Debtors' Response** |
|---|---|
| • The Solicitation and Voting Procedures should require the Plan Proponents to file any stipulations for temporary claims allowance sufficiently in advance of the Voting Deadline to allow other parties in interest an opportunity to object to the stipulated amounts before such stipulations are submitted for approval by the Court. | • The Debtors revised the Solicitation and Voting Procedures to provide parties with five business days to object to any stipulation to temporary allow claims solely for voting purposes. *See* Solicitation and Voting Procedures, Sect. D.3.c.iii. |
| • The Solicitation and Voting Procedures should not aggregate multiple claims held by a single Holder for voting purpose. | • **Resolved**. The Debtors omitted the operative language from the Solicitation and Voting Procedures. |
| • The Solicitation and Voting Procedures should not deem duplicative claims that have been filed by the same Holder to be a single claim for voting purposes. | • **Resolved**. The Debtors omitted the operative language Solicitation and Voting Procedures. |
| • The Solicitation and Voting Procedures should not allow the Claims and Noticing Agent discretion as to whether to contact certain parties who have submitted deficient ballots. | • **Resolved**. The Debtors revised the Solicitation and Voting Procedures to provide that the Claims and Noticing Agent is *required* to contact all parties that submit deficient ballots. *See* Solicitation and Voting Procedures, Sect. E.3.u. |
| • The Solicitation Package should include a letter by MFN-Mobile Street, a form of which is attached as <u>Exhibit 1</u> to the MFN-Mobile Objection, explaining why MFN-Mobile Street recommends voting against the Plan. | • While the Court previously authorized the Committee, as a statutory committee and the only estate fiduciary other than the Debtors, to submit a letter for inclusion in the Debtors' Solicitation Package, nothing in the Bankruptcy Code or caselaw suggests that every objecting creditor be entitled to the same treatment. |