# **EXHIBIT B**

**Blackline**

Case 23-11069-CTG    Doc 7563-2    Filed 09/04/25    Page 1 of 5

> **RECOMMENDATION BY**
> **MFN/MOBILE STREET**
>
> For the reasons set forth herein, MFN/Mobile Street does <u>not</u> support the Plan and recommends that each unsecured creditor vote <u>TO REJECT</u> the Plan and <u>NOT</u> opt-in to the releases.

MFN/Mobile Street

c/o Eric Winston
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

September [●], 2025

<u>To:    All Class 5 Creditors of Yellow Corporation, *et al.*, Case No. 23-11069 (CTG)</u>

MFN Partners, LP and Mobile Street Holdings, LLC (collectively, "<u>MFN/Mobile Street</u>") are the largest shareholders in, and also hold general unsecured claims against, Yellow Corporation and other affiliated debtors, *et al.*, (collectively, the "<u>Debtors</u>").  MFN/Mobile Street is writing to you in connection with the solicitation of your vote with respect to the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (the "<u>Plan</u>"), as further described in the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Dkt. No. 6747] (the "<u>Disclosure Statement</u>").[1]

**MFN/Mobile Street recommends that you vote against the Plan primarily for two reasons:**

**First, the Committee (with all of its unmitigated conflicts) will effectively control the Liquidating Trust, which will be in charge of deciding which claims (and objections to claims) to pursue and how to monetize and distribute assets to creditors.  However, the most important matters to be resolved by the Liquidating Trust largely involve Committee members and this would be a circumstance of the "fox guarding the henhouse."**

**Second, the Plan gives releases to, and exculpates, all current and former Committee members despite their taking positions that, in MFN/Mobile Street's view, have**

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan or Disclosure Statement, as applicable.

**caused the estates to incur millions in unnecessary fees and costs and harmed general unsecured creditors of Yellow.**

The right answer is that there needs to be an independent fiduciary to manage claim objections and estate claims against Committee members. The Plan, if confirmed in its current form, will never have that independence.

Throughout these cases, MFN/Mobile Street has sought to work side by side with the Debtors to maximize value. This has included providing favorable "debtor in possession" financing, working with the Debtors on the first (and most successful) phase of asset sales, and objecting to inflated claims asserted by multi-employer pension plans ("MEPPs"). Through these efforts, billions of dollars of claims asserted by MEPPs (including Committee members) have been disallowed, materially improving recoveries for general unsecured creditors.

By contrast, the Committee has often refrained from actively participating in material claim objections or exhibited outright hostility to the estates' efforts. For example, the Committee did not join in the objection to a $917 million claim asserted by Central States (a Committee member), which claim has been disallowed in its entirety. Further, the Committee convinced the Debtors to jointly propose the Third Amended Plan, which would have given the Committee control over the Liquidating Trust, allowed via "settlement" claims of Committee members and other large MEPPs in far greater amounts than they should have been allowed and would have allowed claims of certain MEPPs for even more than asserted in proofs of claims. The Committee only gave up pursuit of the Third Amended Plan when – over the Committee's objections – the Court released a detailed Preliminary MEPP Opinion on April 7, 2025 that confirmed (as MFN/Mobile Street had argued strenuously) that the so-called "settlements" were patently unreasonable.

The Committee actively fought against confirmation of the Second Amended Plan – a "waterfall" plan that did not hand over control of the Liquidating Trustee to Committee members – which could have been confirmed in February 2025. From January 1, 2025 through May 31, 2025, the Committee's professionals have incurred over **$10.87 million** in fees and costs.

On September 2, 2025, the Debtors filed the *Notice of Filing of Liquidating Trust Agreement in Connection with Plan Supplement* [Docket No. 7550]. The Liquidating Trust Agreement is problematic for various reasons as set forth below:

| |
|---|
| Pursuant to section 2.2 of the Liquidating Trust Agreement, the Liquidating Trust will gain access to *all* attorney-client privileges, work-product privileges, accountant-client privileges and any other evidentiary privileges or immunity in respect of the Liquidating Trust Assets. This would give Committee members sitting on the Board of Managers access to privileged communications concerning disputes with Committee members. |
| Section 3.9 states: "[n]o Liquidating Trust Beneficiary shall have standing to direct the Liquidating Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party upon or with respect to the Liquidating Trust Assets." This would prevent any Beneficiary from seeking to prosecute any Causes of Action (including Claim objections) if the Trustee was blocked by the Board of Managers |

2

| |
|---|
| Pursuant to section 4.5 of the Liquidating Trust Agreement, subject to the oversight and direction of the Liquidating Trust Board of Managers, the Liquidating Trustee can use its *own discretion* to reconcile, prosecute objections, compromise, abandon or settle any and all Disputed Claims and Disputed Interests that have not already been resolved as of the Effective Date. |
| Pursuant to Section 4.8, the Liquidating Trust has the ability to employ and compensate any professional the Liquidating Trustee deems necessary. This includes the ability to employ the Debtors' advisors, Committee's advisors, or any creditor's advisors.  This means advisors to Committee members or other creditors whose claims have been objected may be hired by the Trust without any means to address conflicts |
| Section 7.4 provides that the Board of Managers shall police itself for conflicts and recusals and does not provide for any reporting of potential conflicts to Liquidating Trust Beneficiaries or the ability for Liquidating Trust Beneficiaries to seek recusal of any Manager in the Bankruptcy Court. |
| Section 7.5 includes undisclosed thresholds for Bankruptcy Court approval of various actions of the Liquidating Trustee including but not limited to (i) establishing or modifying the Disputed Claims Reserve(s), (ii) the allowance of any Disputed Claim, (iii) the allowance of any Disputed Interest, (iv) the abandonment of any Liquidating Trust Assets, (v) the ability to assert, enforce, release, or waive any Privilege or defense on behalf of the Liquidating Trust, (vi) and the commencement, prosecution, settlement, compromise, withdrawal, or other resolution of any Retained Cause of Action. |

MFN/Mobile Street believes that, given the Committee's litigation posture to date, and its favoritism towards its own members means that the Committee's control over the Liquidating Trust, if the Plan is confirmed, is likely to lead to reduced opportunity for fair and reasonable settlements with respect to disputed claims and diminished recoveries for the Debtors' stakeholders.

Additionally, MFN/Mobile Street believes that the broad releases and exculpation of the Committee members by the Debtors' estates contemplated by the Plan are unsupportable in these liquidating cases.  These provisions risk both pending claim objections to Committee members' claims and the lawsuit against the International Brotherhood of Teamsters, a Committee member, which, if successful, could result in payment in full of all allowed claims with a return to holders of the Debtors' publicly traded stock.

**FOR THESE REASONS, MFN/MOBILE STREET RECOMMENDS THAT YOU VOTE TO *REJECT* THE PLAN AND *DO NOT OPT IN* TO THE THIRD PARTY RELEASES UNDER THE PLAN.**  If MFN/Mobile Street is able to resolve its disputes with the Debtors regarding the foregoing issues and/or otherwise be in a position to recommend that

creditors vote to accept an alternative to the Plan currently being solicited by the Debtors, MFN/Mobile Street will file a supplemental letter on the docket of the Chapter 11 Cases.

**YOU ARE URGED TO CAREFULLY READ THE DISCLOSURE STATEMENT, PLAN, AND ANY PLAN SUPPLEMENTS FILED ON THE DOCKET.  THIS MFN/MOBILE STREET RECOMMENDATION LETTER MAY NOT BE RELIED UPON FOR ANY PURPOSE OTHER THAN MFN/MOBILE STREET'S VIEWS ON HOW TO VOTE ON THE PLAN AND WHETHER TO GRANT RELEASES UNDER THE PLAN. MFN/MOBILE STREET DOES NOT GUARANTEE ANY PARTICULAR RESULT IN THESE CHAPTER 11 CASES.**

Creditors who wish to contact MFN/Mobile Street with any questions with respect to the Plan or the information contained in this MFN/Mobile Street recommendation letter are invited to contact counsel to MFN/Mobile Street:

**Quinn Emanuel Urquhart & Sullivan, LLP**
**865 S. Figueroa Street, 10th Floor**
**Los Angeles, CA 90017**
**Telephone:  (213) 443-3000**
**Email:  ericwinston@quinnemanuel.com**

> Very truly yours,
>
> Attorneys for MFN/Mobile Street
>
> **Quinn Emanuel Urquhart & Sullivan, LLP**