# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>Jointly Administered<br><br>**Re: Docket No. 7358** |

**LUMEN TECHNOLOGIES, INC.'S RESPONSE TO DEBTORS' THIRTY-FOURTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO BANKRUPTCY CODE SECTION 502(B), BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1 RE: LUMEN'S PROOF OF CLAIM NO. 19832**

CenturyLink Communications, LLC and Level 3 Communications, LLC, and their parents, subsidiaries, and affiliates, including but not limited to Qwest Corporation, Global Crossing Telecommunications, Inc., WilTel Communications, LLC, TelCove Operations, LLC, and Embarq Corporation, including operating companies and affiliates including Lumen Technologies, Inc. (collectively, "Lumen"), by and through its undersigned counsel, hereby responds to the *Debtors' Thirty-Fourth Omnibus (Non-Substantive) Objection to Claims Pursuant to Bankruptcy Code Section 502(B), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Dkt. No. 7358] ("Debtors' Objection"), objecting to Proof of Claim No. 19832 (including as amended, including as it amends Proof of Claim No. 10816 filed before the Bar Date (defined below), the "Proof of Claim No. 19832").

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

1

The Debtors' reason for objecting to Proof of Claim No. 19832 – that the Proof of Claim was filed after the Bar Date of November 13, 2023 at 11:59 p.m. (prevailing Eastern Time) (the "Bar Date") – is without merit because Proof of Claim No. 19832 amends and relates back to Lumen's Proof of Claim No. 10816, filed on September 12, 2023 with *prima facie* validity, before the Bar Date.

**JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY TO ENTER A FINAL ORDER**

1. This Court has jurisdiction over this matter and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334, and this matter constitutes a "core" proceeding pursuant to 28 U.S.C. § 157. Lumen confirms its consent pursuant to rules 9013-1(f) and (h) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**FACTUAL BACKGROUND**

2. On August 6, 2023, and continuing into August 7, 2023 (as applicable to each Debtor, the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court"). These chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3. Prior to the Petition Date, Lumen and the Debtors were and are parties to various contracts and agreements for the delivery of telecommunications services and equipment that are

critical to the Debtors' operations (the "Agreements"), such that the Debtors included Lumen as a utility as follows in its utilities motion and subsequent final order at Docket Nos. 13 and 534 respectively:

| | | | | | | |
|---|---|---|---|---|---|---|
| CENTURYLINK | Unknown | Telecom | | | $ | 97,396 |
| LEVEL 3 COMMUNICATIONS LLC | Unknown | Telecom | | | $ | 3,670 |

4. Lumen filed Proofs of Claim (collectively the "Proofs of Claim")[2], all incorporated herein by reference and previously filed by Lumen, evidencing the pre-petition amounts owed by the Debtors to Lumen, totaling $67,057.43.

5. The Debtors continue to use telecommunications goods and services that Lumen provides, on at least four (4) accounts across no fewer than seven (7) states and Canada, those accounts ending in x4538, x8893, x4744, and xRSFM (collectively the "Accounts").[3] Lumen and the Debtors have been cooperatively negotiating, Lumen providing invoices to the Debtors and following up with demands on the Debtors regarding post-petition, unpaid, past due amounts.

6. Lumen filed Proof of Claim No. 10816 on September 12, 2023, before the Bar Date, covering the accounts ending in x2475, x4485, x9434, x3488, x6564, x2605, and x9258, shown as follows on the claims register:

| United States Bankruptcy Court for the District of Delaware | |
|---|---|
| **Name of Debtor:** Yellow Corporation<br>**Case Number:** 23-11069 | **For Court Use Only**<br>Claim Number:  0000010816<br>File Date:  09/12/2023 17:20:08 |

---

[2] The Debtors scheduled claims of Lumen at various schedules, and Lumen filed additional Proofs of Claim, including but not limited to at Claim Nos. 10821, 19474, 19833, 10816, 10817, 10818, 10819, 10820, 19832, and 19834, incorporated herein by reference to the extent necessary, Lumen reserving all of its rights and remedies regarding the same.
[3] Lumen reserves any and all of its rights to a cure payment per Section 365 of the Bankruptcy Code, which Lumen and the Debtors are currently discussing. Lumen also reserves any and all of its rights, claims, and defenses regarding Proofs of Claim Nos. 19474 and 19833 also addressed in the Debtors' Objection.

7.  Lumen then filed Proof of Claim No. 19832 on September 9, 2024, shown as follows on the claims register, amending Proof of Claim No. 10816, covering the exact same accounts denoted as x2475, x4485, x9434, x3488, x6564, x2605, and x9258 and adding reference to an account ending in x4311:

| United States Bankruptcy Court for the District of Delaware | |
|---|---|
| Name of Debtor: Yellow Corporation<br>Case Number: 23-11069 | For Court Use Only<br>Claim Number: 0000019832<br>File Date: 09/09/2024 11:33:36 |

4. Does this claim amend one already filed?
☐ No
☑ Yes.
    Claim number on court claims register (if known) 0000010816
    Filed on  9/12/2023 5:20:08 PM
              MM / DD / YYYY

8.  The claims agent's website verifies this factual history:

**Claim #19832**
**Creditor** QWEST CORPORATION D/B/A CENTURYLINK QC
**Value** $14,436.37
**Filed** Sep 09 2024

**Debtor** 23-11069  Yellow Corporation

**Creditor Address**
C/O CENTURYLINK COMMUNICATIONS LLC
ATTN LEGAL BANKRUPTCY
931 14TH ST, 9TH FL
DENVER, CO 80202

**Filed Amounts**
Claimed Unsecured          $14,436.37

**Current Values**
Unsecured Value            $14,436.37

Related Dockets ▼

**Remarks**
AMENDS CLAIM #10816
POSSIBLE AMENDED CLAIM

**ARGUMENT**

**I.    TIMELY FILED PROOF OF CLAIM NO. 10816 THAT LUMEN PROPERLY AMENDED WITH PROOF OF CLAIM NO. 19832 MEETS THE FED. R. BANKR. P. STANDARD CONSTITUTING PRIMA FACIE PROOF OF THE VALIDITY OF THE CLAIM, PUTTING THE DEBTORS ON NOTICE AND SHIFTING THE BURDEN.**

9.    Fed. R. Bankr. P. 3001(f) provides that, "A proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Then, the party seeking disallowance carries the burden of proof in supporting the objection. *In re Jett*, No. 97-28756-BM, 2000 WL 637322, at *4 (Bankr. W.D. Pa. Feb. 7, 2000) ("The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the claim. Practically speaking, the objector must present evidence which, if believed, would defeat at least one of the allegations that are essential to the claim."); *see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992).

10.    Courts assessing bankruptcy claims apply a much lower standard looking for "fair notice" and whether a court can "glean an actionable claim." *In re F-Squared Inv. Mgmt.*, LLC, 546 B.R. 538, 544 (Bankr. D. Del. 2016); *In re Smurfit-Stone Container Corp.*, 444 B.R. 111, 117 (Bankr. D. Del. 2011) (describing the proof of claim requirements as a "relatively low threshold"); *see also In re Hanlin Grp., Inc.*, 185 B.R. 703, 707 (Bankr. D.N.J. 1995) ("The purpose of a proof of claim is to apprise the debtor and any other interested creditors of the existence of claims and the claim holders' intention to hold the estate liable for debts."); *Adair v. Sherman*, 230 F.3d 890, 896 (7th Cir. 2000) ("The purpose of the proof of claim is to alert the court, trustee, and other creditors, as well as the debtor, to claims against the estate.")

11.    Proof of Claim No. 19832 amending Proof of Claim No. 10816 combine as a timely filed proof of claim, alerting the Debtors to the pre-petition amounts the Debtors owe Lumen,

5

designated by account, constituting *prima facie* proof and shifting the burden on the objecting Debtors. The Debtors' Objection has failed to produce any evidence to rebut Lumen's presumption.

    **II.**    **PROOF OF CLAIM NO. 19832 BOTH AMENDS AND RELATES BACK TO TIMELY FILED PROOF OF CLAIM NO. 10816 TO THE EFFECT IT IS TIMELY.**

12. Fed. R. Civ. Pr. 15(c)(1)(B) and (C) (made applicable by Fed. R. Bankr. P. 7015) allows for an amendment to relate back to the original pleading when the amendment either asserts a claim arising out of the conduct, transaction, or occurrence in the original pleading or adds a party.

13. An amended claim must be of the "same basic genre as, or bear a sufficient relationship to, the claim or claims included in the original filing." *In re Friesenhahn*, 169 B.R. 615, 618 (Bankr. W.D. Tex. 1994).

14. Proof of Claim No. 19832 asserts a claim arising out of the conduct, transactions, and occurrence in Proof of Claim No. 10816, relating back. In particular, Proof of Claim No. 19832 asserts several of the Debtors owe Lumen pre-petition amounts for telecommunications goods and services Lumen provided the Debtors pre-petition, post-petition, and right now, on eight (8) accounts, seven (7) accounts of which are listed in Proof of Claim No. 10816.

15. Between Proofs of Claim No. 10816 and 19832, the parties are the same (the Debtors), seven (7) of eight (8) of the accounts are the same, and the conduct, transactions, and occurrences are the same, in that the Debtors did not pay for telecommunications goods and services Lumen provided and provides the Debtors.

16. The purpose of relate back is to balance the interests of the defendant against resolving disputes on their merits. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 544 (2010). Here, in Proofs of Claim No. 10816 and 19832, the parties are the same, seven (7) of eight (8) of

the accounts are the same, and the conduct, transactions, and occurrences are the same, in that the Debtors did not pay for telecommunications goods and services Lumen provided and still provides the Debtors. This is a clear case of relate back, the Debtors also failing to overcome their burden in attempting to attack Lumen's *prima facie* validity.

WHEREFORE, Lumen respectfully requests that the Court enter an order:

1. Denying the Debtors' Objection;

2. Directing that Proof of Claim No. 19832 is allowed;

3. Setting a hearing to the extent the Court deems necessary; and

4. Also granting such other and further relief as is just, equitable, and proper.

Dated: September 11, 2025

Respectfully submitted,

**STINSON LLP**

/s/   *Jeffrey M. Schlerf*
Jeffrey M. Schlerf (DE No. 3047)
STINSON LLP
1007 N. Orange St.
3rd Floor #127
Wilmington, DE 19801
Telephone: (302) 509-4634
Email: jeffrey.schlerf@stinson.com

- and -

Lucas L. Schneider (CO Bar No. 48125)
(Pending admission *pro hac vice*)
STINSON LLP
1144 15th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 376-8414
Email: lucas.schneider@stinson.com

*Counsel for Lumen*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2025, I caused the above response of Lumen to be served on the parties listed on the attached following service list via First Class Mail and e-mail, and where applicable due to counsel filing a notice of appearance via CM/ECF, in accordance with the applicable Local Rules and Federal Rules of Bankruptcy Procedure.

**STINSON LLP**

/s/  *Derek R. Bernhard*
    Derek R. Bernhard

**Via Email and First-Class Mail**

| | |
|---|---|
| Yellow Corporation<br>Attn.: General Counsel<br>11500 Outlook Street, Suite 400<br>Overland Park, Kansas 66211 | Kirkland & Ellis LLP<br>Allyson B. Smith<br>Melissa Mertz<br>601 Lexington Avenue<br>New York, New York 10022<br>allyson.smith@kirkland.com<br>melissa.mertz@kirkland.com |
| Kirkland & Ellis LLP<br>Patrick J. Nash, Jr.<br>David Seligman, P.C.<br>300 North LaSalle<br>Chicago, Illinois, 60654<br>patrick.nash@kirkland.com<br>david.seligman@kirkland.com | Pachulski Stang Ziehl & Jones LLP<br>Laura Davis Jones<br>Timothy P. Cairns<br>Peter J. Keane<br>Edward Corma<br>919 North Market Street, 17th<br>Floor Wilmington, Delaware 19801<br>ljones@pszjlaw.com<br>tcairns@pszjlaw.com<br>pkeane@pszjlaw.com<br>ecorma@pszjlaw.com |

| | |
|---|---|
| Office of the United States Trustee for the District of Delaware<br>Jane Leamy<br>Richard Schepacarter<br>844 N. King Street, #2207 Lockbox #35 Wilmington, Delaware 19801<br>jane.m.leamy@usdoj.gov<br>richard.schepacarter@usdoj.gov | Akin Gump Strauss Hauer & Feld LLP<br>Philip C. Dublin<br>Meredith A. Lahaie<br>Kevin Zuzolo<br>One Bryant Park<br>Bank of America Tower<br>New York, NY 10036-6745<br>pdublin@akingump.com<br>mlahaie@akingump.com<br>kzuzolo@akingump.com |
| Benesch Friedlander Coplan & Aronoff LLP Jennifer R. Hoover<br>Kevin M. Capuzzi<br>1313 North Market Street, Suite 1201 Wilmington, Delaware 19801<br>jhoover@beneschlaw.com<br>kcapuzzi@beneschlaw.com | |