## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: November 3, 2025 at 10:00 a.m. (ET)** |
| | **Obj. Deadline: October 3, 2025 at 4:00 p.m. (ET)** |

### MFN PARTNERS, LP'S AND MOBILE STREET HOLDINGS, LLC'S OBJECTION TO PROOFS OF CLAIM FILED BY NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE PROOFS OF CLAIM YOU FILED IN THESE CHAPTER 11 CASES.  YOU SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE EXHIBITS ATTACHED TO THIS OBJECTION.**

MFN Partners, LP ("MFN") and Mobile Street Holdings, LLC ("Mobile Street" and together with MFN, "MFN/Mobile Street") by and through their undersigned counsel, hereby submit this objection (this "Objection") to the proofs of claim filed by the New York State Teamsters Conference Pension and Retirement Fund (the "NYST Fund"), and seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), disallowing and expunging the proofs of claim filed by the NYST Fund, to the extent and for the reasons set forth herein.  In support of this Objection, MFN/Mobile Street respectfully represents as follows:

### JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1]     A complete list of each of the debtors in these chapter 11 cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is:  10990 Roe Avenue, Overland Park, Kansas 66211.

*Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), MFN/Mobile Street consents to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue of the above-captioned chapter 11 cases (these "Chapter 11 Cases") and this Objection in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3.     The predicates for the relief requested herein are sections 105(a), 502, and 505 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### I.     GENERAL BACKGROUND

4.     On August 6, 2023 (the "Petition Date"), each of the above-captioned debtors and debtors in possession (the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On August 16, 2023, the United States Trustee for the District of Delaware appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee").  No trustee or examiner has been appointed in these Chapter 11 Cases.

6.     MFN is the largest holder of the publicly traded stock of Yellow, holding approximately 42.5% of the equity interests in the Debtors.  Mobile Street, an affiliate of MFN,

holds five (5) unsecured claims against the Debtors, aggregating to approximately $197 million in filed proof of claim amounts without accounting for existing court interlocutory rulings.

## II.    THE NYST FUND CLAIMS

7.    On November 9, 2023, the NYST Fund filed proofs of claim numbered 4489-4512 (the "POCs") that included a liquidated damages claim of $75,721,519 as liquidated damages equal to 10% of the claimed withdrawal liability amount (the "NYST Fund's Liquidated Damages Claim").

8.    On January 26, 2024, the Debtors filed the *Debtors' Second Omnibus (Substantive) Objection to Proofs of Claim for Withdrawal Liability* [Docket No. 1962] (the "Second Omnibus Objection"), which objected to several multi-employer pension claims on several grounds, including the POCs.  MFN and later Mobile Street joined in the Second Omnibus Objection and related summary judgment briefing. *See* Docket No. 3918, 5182 & 5492.  In the Second Omnibus Objection, the Debtors expressly reserved their rights "to modify or add to their bases for objection to the Pension Plans' Proofs of Claim once the actual allegations made by the Pension Plans are clarified in discovery." *See* Second Omnibus Objection, p. 22, fn. 55.[2]

---

[2]    As the Court is well aware, the bases for objections to the multi-employer pension plan claims in these cases have been numerous and complicated involving several rounds of briefing on legal issues common to several claimants. The reservation of rights was necessary and appropriate to allow for streamlined briefing.  While the NYST Fund asserted in the *Four SFA Multiemployer Pension Plans' Statement Regarding the Objection of MFN Partners, LP and Mobile Street Holdings, LLC to (A) Approval of Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Solicitation Procedures Motion* [Docket No. 7540] (the "Statement") that additional grounds for objection to the NYST should not be permitted, NYST knew at the time the Second Omnibus Objection was filed that additional bases may be added to the objection.  The Court has not even entered a final order on the Second Omnibus Objection, so objecting to a single claim listed in the Second Omnibus Objection (which focused on common issues with multiple multiemployer pension plan claims) is far from untimely.  Moreover, the cases cited by the NYST Fund in the Statement are distinguishable. In *In re Nazu, Inc.*, the court made a summary statement that any grounds for objection not specifically stated was waived.  350 B.R. 304 (Bankr. S.D. Tex. 2006).  It is not clear that any party even tried to raise additional grounds outside the scope of the objection filed by the debtor in that case.  *Id.* at 311.  In addition, the court in *In re Catron*, addressed a *pro se* debtor's motion to amend its objections to claims made by the IRS.  *In re Catron*, 198 B.R. 908 (Bankr. M.D.N.C. 1996).  While the Court did note that successive and repeated objections could be burdensome and prejudicial, the court there also substantively noted "none of these grounds for objection which Debtor seeks to include in an amended or supplemental pleading constitute legal and valid grounds for objecting to the claim of

**RELIEF REQUESTED**

9.      By this Objection, MFN/Mobile Street seeks entry of an order, substantially in the form attached hereto as **Exhibit A**, disallowing and expunging the NYST Fund's Liquidated Damages Claim.

**BASIS FOR RELIEF**

10.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim.  *See* 11 U.S.C. § 502(b).  Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party rebuts a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence.  *See In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173-74 (3d Cir. 1992).  In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency.  *Id.*  Once the objecting party produces such evidence, the burden shifts to the claimant to prove the validity of his or her claim by a preponderance of the evidence.

---

the Internal Revenue Service" and "no valid purpose" would be served by allowing the amended pleading. *Id.* at 910.  Moreover, this Court has held that where a claim objection included an express reservation of rights to amend, modify or supplement such objection, there was no waiver or estoppel prohibiting a party from filing additional claim objections. *The Shaw Group, Inc. v. Next Factors, Inc.* (*In re Stone & Webster, Inc.*), 335 B.R. 300, 302-03 (Bankr. D. Del. 2005).

*Id.* The burden of persuasion with respect to the claim is always on the claimant. *Payne v. Lampe* (*In re Lampe),* 665 F.3d 506, 514 (3d Cir. 2011).

11.     For a proof of claim to receive the benefit of *prima facie* validity, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.*, 954 F.2d at 173.  If the proof of claim fails to comply with Bankruptcy Rule 3001(c), it will not constitute *prima facie* evidence of the claim's validity and amount under Bankruptcy Rule 3001(c).  *In re O'Brien*, 440 B.R. 654, 662-63 (Bankr. E.D. Pa. 2010). Furthermore, if a proof of claim lacks sufficient documentary support to establish its validity, the Court may disallow the claim.  *In re Minbatiwalla*, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010); *see also In re O'Brien*, 440 B.R. at 666.

I.     **THE NYST FUND'S CLAIM FOR LIQUIDATED DAMAGES SHOULD BE DISALLOWED AND EXPUNGED.**

12.     MFN/Mobile Street objects to the NYST Fund's Liquidated Damages Claim because the NYST Fund improperly seeks liquidated damages of $75,721,519, despite such claims not being available under either applicable law or any agreement between the Debtors and the NYST Fund. ERISA § 4301(b), 29 U.S.C. § 1451(b), states that a multiemployer pension plan may bring an action to compel an employer to pay withdrawal liability, with the failure by the employer to pay withdrawal liability within the time prescribed treated the same as the failure of an employer to pay contributions as required by ERISA § 515, 29 U.S.C. § 1145. *See Trustees of Amalgamated Ins. Fund v. Sheldon Hall Clothing, Inc.*, 862 F.2d 1020, 1024 (3d Cir. 1988). To compel withdrawal liability payments under ERISA §§ 515 and 4301(b), the fiduciary of a multiemployer pension plan may bring an enforcement action under ERISA § 4301(b), 29 U.S.C. § 1451(b). And if successful in enforcing an employer's obligation to pay withdrawal liability, the multiemployer pension plan is entitled to liquidated damages under ERISA § 502(g)(2), 29 U.S.C.

§ 1132(g). *See Penn Elastic Co. v. United Retail & Wholesale Emp. Union*, 792 F.2d 45, 47 (3d Cir. 1986).

### A.  Liquidated Damages Are Available Only Following a Multiemployer Pension Plan's Successful Enforcement Action

13.    ERISA's liquidated damages provision, however, only applies when a multiemployer pension plan is required to file an action to compel an employer to pay its withdrawal liability. *See* 29 U.S.C. § 1132(g)(2) (liquidated damages may be awarded when a fiduciary for or on behalf of a multiemployer pension plan brings an action to enforce payment of withdrawal liability in which a judgment in favor of the plan is awarded); *see also Anker Energy Corp. v. Consolidation Coal Corp.*, 177 F.3d 161, 179 (3d Cir. 1999) (liquidated damages shall be awarded under ERISA § 502(g)(2) to a multiemployer pension plan that successfully brought an action to enforce payment of delinquent amounts owed by employer*); United Retail & Wholesale Emp. Teamsters Union Local No. 115 Pension Plan v. Yahn & McDonnell, Inc.*, 787 F.2d 128, 134 (3d Cir. 1986) (liquidated damages awarded to multiemployer pension plan that successfully obtained judgment enforcing employer's withdrawal liability obligation); *Chi. Truck Drivers v. El Paso CGP Co.*, 525 F.3d 591, 602 (7th Cir. 2008) (liquidated damages are the penalty an employer faces when forcing a multiemployer pension plan to litigate to collect withdrawal liability). No court has ever held that ERISA's statutory liquidated damages are available when a multiemployer pension plan has filed no enforcement action under ERISA §§ 502 or 4301(b). And that makes perfect sense as statutory liquidated damages are calculated as being no more than the greater of interest on, or 20% of, the amount of the withdrawal liability payments determined to be delinquent by the court. *See* 29 U.S.C. § 502(g)(2)(C). Without an enforcement action, there is no delinquency amount determined by the court and, therefore, there can be no liquidated damages.

14.     The NYST Fund will argue that its claim for liquidated damages is based on *The New York State Conference of Teamsters Pension Fund's Policies and Procedures for Contributing Employers* (the "NYST Fund's Policies," POC 4489, pp. 73-90), and not on the statute. But this argument will not rescue the NYST Fund's unfounded claim for liquidated damages. The NYST Fund's Policies provide that liquidated damages are owed pursuant to 29 U.S.C. § 1132(g)(2). (POC 4489, Section 6(F), p. 84). Therefore, the NYST Fund's Policies do not create liability for liquidated damages that are in addition to the statutory liquidated damages under ERSA § 502(g)(2), rather its policies simply parrot the statutory liquidated damages provision. This parroting of ERISA's liquidated damages provision is no different than how the NYST Fund's Policies parrot ERISA's calculation methods for determining a withdrawn employer's allocable share of unfunded vested benefits. (POC 4489, Section 6(D), pp. 82-83). The NYST Fund's Policies do not create an additional liability for the allocation of the Fund's unfunded vested benefit than provided for in the statute, rather it is just adopting the statutory presumptive withdrawal liability calculation rule. The same is true for liquidated damages, by its own terms, the NYST Fund's Policies are just adopting the statutory rule for when liquidated damages are owed in accordance with ERISA § 502(g)(2). And as explained above, liquidated damages are only owed when a multiemployer pension plan has to file an enforcement action under ERISA § 4301(b) because § 502(g)(2) only provides liquidated damages based on a court's determination in an enforcement action.

15.     Here, the NYST Fund has not filed an ERISA § 4301(b) action to compel the payment of the Debtors' withdrawal liability that would entitle it to liquidated damages under § 502(g)(2). For certain there has been litigation, and continues to be litigation, over the correct amount of the NYST Fund's withdrawal liability claim. But none of this litigation has involved

the NYST Fund seeking an order to compel the Debtors to pay withdrawal liability payments. And nor could there be such litigation given the automatic stay in effect under bankruptcy law. Instead, this litigation will result in a determination as to the amount of the NYST Fund's true withdrawal liability claim, but payment of this amount, or a lesser amount, will be determined by a bankruptcy liquidation plan. If claims litigation satisfied the ERISA § 502(g)(2)'s requirement of an enforcement action that makes liquidated damages available, then every multiemployer pension plan in this bankruptcy that has a claim against which an objection has been filed would also be entitled to liquidated damages. Tellingly, no other multiemployer pension plan has made a claim for liquidated damages.

### B. Liquidated Damages Are Not Available Because Debtors Never Defaulted on Its Withdrawal Liability Obligations

16.    As explained above, liquidated damages are not owed here because the NYST Fund has never had to bring a cause of action to enforce ERISA § 515 that would have entitled it to liquidated damages under ERISA § 502(g)(2). But even if an action to enforce § 515 is not required to receive liquidated damages—though it is— the Debtors have never even defaulted on their withdrawal liability obligations, and that fact alone defeats the NYST Fund's claim for liquidated damages.

17.    Under ERISA, liquidated damages are only available on the amount of withdrawal liability payments that have come due, and are in default. *El Paso CGP Co.*, 525 F.3d at 604, *citing Chi. Truck Drivers, Helpers & Warehouse Union (Indep.) Pension Fund v. Century Motor Freight.,* 125 F.3d 526, 535 (7th Cir. 1997) (citing 29 U.S.C. § 1132(g)(2)). The NYST Fund's claim for liquidated damages fails, in total, because the Debtors have not defaulted on any withdrawal liability obligations, and therefore, the NYST Fund has never had a basis to assert that the Debtors owe liquidated damages due to a default in its withdrawal liability obligations. Under

8

ERISA §  4219(c)(5)(A) and (B), 29 U.S.C. § 1399(c)(5)(A) and (B), an employer defaults on its withdrawal liability obligations under only two circumstances. First, an employer defaults if it fails to make any payments required by ERISA § 4219(c), but only if the multiemployer pension plan provides notice to the employer of such failure, and the employer does not cure any missed payments within 60 days after its receipt of such notice from the multiemployer pension plan. 29 U.S.C. § 1399(c)(5)(A). And second, an employer defaults on its withdrawal liability obligations upon the occurrence of any event defined in rules adopted by the multiemployer pension plan that indicates a substantial likelihood that the employer will be unable to pay its withdrawal liability. 29 U.S.C. § 1399(c)(5)(B). But both default scenarios occur only if the multiemployer pension plan takes action to default the employer; defaulting a delinquent employer is permissive, not mandatory, and does not occur automatically. *Century Motor Freight.,* 125 F.3d at 533. Until an action to enforce is commenced and a default amount is determined, ERISA does not provide for liquidated damages, nor does the NYST Fund Policies.

18.    The NYST Fund has never provided notice to the Debtors that they are in default for failure to make a withdrawal liability payment, nor has it demanded that the Debtors cure any missed payment within 60 days of such a notice. Additionally, the NYST Fund has never provided notice to the Debtors that its Trustees had deemed the Debtors to be in default due to risk that they will be unable to pay withdrawal liability as it comes due. Under the NYST Fund's Policies, a default under ERISA § 4219(c)(5)(B) is discretionary, and requires action by the NYST Fund's Trustees to declare that a default event occurred. (*See* POC 4489, Section 6(E)(2), pp. 83). A withdrawn employer's bankruptcy filing is an event that permits the NYST Fund's Trustees to make a determination that a default under § 4219(c)(5)(B) has occurred, but the bankruptcy filing itself is not automatically a default. *Id*. at Section 6(E)(2)(c). Rather, the Trustees must exercise

their discretion to declare such default occurred. *Id.* at Section 6(E)(2). The NYST Fund's Trustees have never taken any steps to declare the Debtors to be in default under either ERISA § 4219(c)(5)(A) or (B) and, therefore, the prerequisites for liquidated damages under both ERISA § 502(g)(2) and the NYST Fund's Policies are not satisfied. The NYST Fund's act of filing of the POCs does not create a default on Debtor's withdrawal liability obligations either, as such POCs at best constitute a notice of the amount of withdrawal liability amount assessed against the Debtors. But the NYST Fund could not demand the Debtors make an immediate payment of any annual payment or lump sum amount to avoid a default. Therefore, the POCs do not satisfy the prerequisites for liquidated damages.

## II.   AMOUNT OF NYST FUND'S LIQUIDATED DAMAGES CLAIM, IF PERMISSIBLE AT ALL, IS INCONSISTENT WITH NYST FUND'S OWN POLICIES

19.   Lastly, even if the NYST Fund had a valid claim for liquidated damages—it does not—the NYST Fund's claim is overstated under the terms of the NYST Fund's Policies. Under these policies, liquidated damages are the greater of interest or 10%. (*See* POC 4489, Section 6(F), pp. 84). These policies fail to state on what the interest or the 10% is calculated against. However, as these policies state that liquated damages are owed in accordance with ERISA § 502(g)(2), the NYST Fund's Policies' liquidated damages provision must mean the greater of the interest or 10% of the amount of the withdrawal liability that is determined to be owed by the Debtors. ERISA § 502(g)(2) provides that liquidated damages are based on the amount of payments owed to the multiemployer pension plan that the court determines the employer failed to pay. As explained above, this language should be interpreted as prohibiting liquidated damages here when there is no litigation to determine the amount of withdrawal liability that Debtors failed to pay when it was owed. But *assuming arguendo* that liquidated damages apply to this situation, they are only owed

10

in the amount of the interest or 10% of the amount this court determines is the NYST Fund's allowed withdrawal liability claim.

20.    The correct amount of the NYST Fund's withdrawal liability claim is still being litigated, but if this Court finds that liquidated damages are available notwithstanding the plain language of ERISA § 502(g)(2), and the incorporation of this language by the NYST Fund's Policies, the amount of any such allowed claim for liquidated damages must still be limited to no more than 10% of Debtor's allowed withdrawal liability claim (the allocable share of the NYST Fund's unfunded vested benefits reduced by ERISA §§ 4219(c)(1)(B) and 4225, 29 U.S.C. § 1399(c)(1)(B), 1405).

## **RESPONSE TO THE OBJECTION**

21.    **Filing and Service of Responses**:  To contest this Objection, the claimant must file and serve a written response to this Objection (a "Response") so that it is **actually received by the Clerk of the Court and the parties in the following paragraph no later than October 3, 2025 at 4:00 p.m. (ET)** (the "Response Deadline"). Any Response must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, Wilmington, Delaware 19801, and served upon the following parties, so that the Response is actually received no later than the Response Deadline: (i) counsel to MFN/Mobile Street, Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (Attn: Eric Winston Email: ericwinston@quinnemanuel.com), Benjamin Roth (benroth@quinnemanuel.com), and Littler Mendelson, P.C., 815 Connecticut Ave, NW, Suite 400, Washington D.C. 20006 (Attn: Eric Field Email: efield@littler.com)); (ii) Delaware counsel to MFN/Mobile Street, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, Delaware 19801 (Attn: L. Katherine Good (kgood@potteranderson.com), Maria

11

Kotsiras (mkotsiras@potteranderson.com)), and (ii) the Office of the United States Trustee, J.

Caleb Boggs Federal Building, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801

(Attn: Jane Leamy, Esq. (jane.leamy@usdoj.gov)).

22.     **Content of Responses**: Any Response to this Objection must contain, at a

minimum, the following:

      a) a caption setting forth the name of this Court, the name of the Debtor, the case number, and the title of this Objection;

      b) the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

      c) the specific factual basis and supporting legal argument upon which the claimant will rely in opposing this Objection; and

      d) all supporting documentation or other evidence relating to the claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing this Objection;

23.     **Timely Response Required; Hearing**:  If the claimant fails to file and serve a

timely Response by the Response Deadline, MFN/Mobile Street may present to the Court an

appropriate order disallowing and expunging the NYST Fund's Liquidated Damages Claim in its

entirety without further notice or a hearing.

## RESERVATION OF RIGHTS

24.     MFN/Mobile Street hereby reserves the right to (i) file subsequent objections to the

NYST Fund's claims on any ground (as permitted by the Court) and/or (ii) amend, modify, or

supplement this Objection.

25.     Notwithstanding anything contained in this Objection, or the exhibits and schedules

attached hereto, nothing herein will be construed as (a) an admission as to the amount of, basis for,

or validity of any claim against the Debtor under the Bankruptcy Code or other applicable

nonbankruptcy law; (b) a waiver of MFN/Mobile Street's or any other party in interest's right to

dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Objection; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## NOTICE

26.     MFN/Mobile Street will provide notice of this Objection to: (i) the Debtors; (ii) the U.S. Trustee; (iii) the Committee; (iv) counsel to the NYST Fund; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, MFN/Mobile Street respectfully submits that no other or further notice is required.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, MFN/Mobile Street respectfully request entry of an order disallowing and expunging the NYST Fund's Liquidated Damages Claim and for such other and further relief as the Court deems appropriate.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 12, 2025
       Wilmington, Delaware

Respectfully Submitted,

*/s/ L. Katherine Good*
L. Katherine Good (No. 5101)
Maria Kotsiras (No. 6840)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: kgood@potteranderson.com
       mkotsiras@potteranderson.com

– and –

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Eric Winston (*pro hac vice* admitted)
Benjamin Roth (*pro hac vice* admitted)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
Email:  ericwinston@quinnemanuel.com
       benroth@quinnemanuel.com

– and –

**LITTLER MENDELSON, P.C.**
Eric Field (*pro hac vice* admission pending)
815 Connecticut Ave., NW Suite 400
Washington, D.C. 20006
Telephone: (202) 772-2539

*Counsel for MFN Partners, LP and Mobile Street Holdings, LLC*

## EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Re:  Docket Nos. ___** |

### ORDER SUSTAINING MFN PARTNERS, LP AND MOBILE STREET HOLDINGS, LLC OBJECTION TO TO PROOFS OF CLAIM FILED BY NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND

Upon the objection (the "Objection")[2] of the MFN Partners, LP and Mobile Street Holdings, LLC (collectively, "MFN/Mobile Street"), pursuant to sections 105, 502, and 505 of the Bankruptcy Code, and Bankruptcy Rule 3007 to proofs of claim filed by New York State Conference of Teamsters Pension Fund (the "NYST Fund"); and it appearing that the Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that the Objection is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Chapter 11 Cases and of the Objection is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Objection has been given under the circumstances, and that no other or further notice need be

---

[1]    A complete list of each of the debtors in these chapter 11 cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is:  10990 Roe Avenue, Overland Park, Kansas 66211.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

1

given; and it appearing that the relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation thereon, and good and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Objection is sustained to the extent provided herein.

2. The liquidated damages portions of Claim Nos. 4489-4512 are hereby disallowed and expunged.

3. MFN Partners, LP and Mobile Street Holdings, LLC, the Debtors, and Epiq Corporate Restructuring, LLC, as applicable, are authorized to take any and all actions that are necessary and appropriate to give effect to this Order.

4. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.