**Exhibit 1**
**Solicitation and Voting Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[6] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SOLICITATION AND VOTING PROCEDURES**

**PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Yellow Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan");[7] (b) approving the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan as jointly proposed by the Debtors and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Plan Proponents").

A. **The Voting Record Date.**

The Bankruptcy Court has approved **August 26, 2025**, as the record date for purposes of determining which Holders of Claims in Class 5 (the "Voting Class") are entitled to vote on the Plan (the "Voting Record Date").

B. **The Voting Deadline.**

The Bankruptcy Court has approved **October 29, 2025, at 4:00 p.m. (prevailing Eastern Time)** as the voting deadline for the Plan (the "Voting Deadline"). The Debtors may extend the Voting Deadline, in their discretion, with the consent of the Committee without further order of the Bankruptcy Court. To be counted as votes to accept or reject the Plan, all ballots (collectively, the "Ballots") must be executed, completed, and submitted, in accordance with the instructions on the Ballot, via (i) the E-Ballot Portal located at https://dm.epiq11.com/YellowCorporation; or (ii) regular mail, overnight mail, or hand delivery to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005, so that they are **actually received** by Epiq Corporate Restructuring, LLC ("Epiq" or the "Claims and Noticing Agent"), pursuant to the instructions on the Ballot, no later than the Voting Deadline.

---

[6] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[7] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

C. **The 3018 Motion Deadline.**

The Bankruptcy Court has approved **October 1, 2025, at 4:00 p.m. (prevailing Eastern Time)** as the deadline for Holders seeking to challenge the allowance of its Claim for voting purposes to file and serve a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan (the "Rule 3018 Motion Deadline"). All Rule 3018 Motions, if any, **must**: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of this Bankruptcy Court; (c) state, with particularity, the legal and factual basis for the Rule 3018 Motion; and (d) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served upon the notice parties so as to be **actually received** on or before the Rule 3018 Motion Deadline. **For the avoidance of doubt, prior orders approving stipulations resolving Rule 3018 Motions shall be deemed no longer effective. All Holders seeking to challenge the allowance of its Claim for voting purposes must file a Rule 3018 Motion so as to be actually received on or before the Rule 3018 Motion Deadline or, upon mutual agreement with the Debtors and the Committee, a stipulation regardless of whether they filed a prior Rule 3018 Motion in these chapter 11 cases or entered into a stipulation with the Debtors resolving such prior Rule 3018 Motion.**

D. **Form, Content, and Manner of Notices.**

1. The Solicitation Packages. The following materials constitute the solicitation package (the "Solicitation Package") distributed to Holders of Claims in the Voting Class:

    a. these Solicitation and Voting Procedures;

    b. the form of Ballot, together with detailed voting instructions, and instructions on how to submit the Ballot;

    c. the Debtors' and the Committee's joint cover letter, which describes the contents of the Solicitation Package and urges Holders of Claims in the Voting Class to vote to accept the Plan (the "Cover Letter");

    d. the form of letter to former employees that are entitled to vote on the Plan (collectively, the "Voting Employee Letters"), as applicable, which provides a breakdown of the Claimant's Claim across multiple Classes, including the portion of such entitled to priority treatment under section 507 of the Bankruptcy Code;

    e. the notice of the Confirmation Hearing (the "Confirmation Hearing Notice");

    f. the Disclosure Statement (and exhibits thereto, including the Plan);

    g. the Disclosure Statement Order (without exhibits);

    h. a pre-addressed, postage pre-paid reply envelope;[8]

    i. any additional documents that the Bankruptcy Court has ordered to be made available.

2. Distribution of the Solicitation Package. The Debtors shall serve, or cause to be served, copies of the Solicitation Package to Holders of Claims in the Voting Class. In addition, these Solicitation and Voting Procedures, the Disclosure Statement, the Plan, the Disclosure Statement Order, and all pleadings filed with the Bankruptcy Court shall be made available on the Debtors' case website https://dm.epiq11.com/YellowCorporation, *provided* that any party that would prefer paper format may contact the Claims and Noticing Agent by: (a) calling (866)-641-1076 (domestic) or +1 (503)-461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing,

---

[8] The Debtors will provide pre-addressed, postage pre-paid reply envelopes only to those Holders who receive a Ballot directly from the Debtors.

17

10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line.

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee (in paper form) and all parties on the Master Service List (in electronic form). In addition, the Debtors shall distribute, or cause to be distributed, the Solicitation Package to all Holders of Claims in the Voting Class **within ten (10) business days following entry of the Disclosure Statement Order** who are entitled to vote, as described in Section D.1. below. To the extent that such distribution is not made by the Solicitation Mailing Deadline, the Debtors shall distribute the Solicitation Packages immediately thereafter; *provided*, that the Debtors shall distribute the Confirmation Hearing Notice no later than three (3) business days following the Solicitation Mailing Deadline. The Debtors will not distribute Solicitation Packages, other solicitation materials, or a Notice of Non-Voting Status to (i) Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Bankruptcy Court, (ii) any party to whom notice of the Motion was sent but was subsequently returned as undeliverable without a forwarding address by the Voting Record Date; or (iii) the Holders in Class 6 (Intercompany Claims) or Class 7 (Intercompany Interests).

To avoid duplication and reduce expenses, the Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class as against that Debtor.

3. Resolution of Disputed Claims for Voting Purposes; Resolution Event. a. Subject to Section D.1. herein, if a Claim in the Voting Class is subject to an objection that is filed with the Bankruptcy Court on or prior to thirty-five (35) days before the Voting Deadline, other than an objection brought pursuant to section 502(d) of the Bankruptcy Code: (i) the Debtors shall cause the applicable Holder to be served with the *Notice of Non-Voting Status and Release Opt-In Form to Holders of Disputed Claims*, substantially in the form annexed as Exhibit 2C to the Disclosure Statement Order; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein. Notwithstanding the foregoing, the Holder of a Disputed Claim in the Voting Class that the Debtors have sought to disallow pursuant to section 502(d) of the Bankruptcy Code shall be entitled to vote to accept or reject the Plan on account of such Disputed Claim.

  b. If a Claim in the Voting Class is subject to an objection that is filed with the Bankruptcy Court less than thirty-five (35) days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Bankruptcy Court, unless the Bankruptcy Court orders otherwise.

  c. A "Resolution Event" means the occurrence of one or more of the following events no later than two (2) business days prior to the Voting Deadline:

    i. an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code;

    ii. an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a);

    iii. a stipulation or other agreement is executed between the Holder of such Claim and the Debtors temporarily allowing the Holder of such Claim to vote its Claim in an agreed upon amount *provided* that, to the extent material, the Debtors shall execute such agreement with the consent of the Committee; *provided further,* that such stipulations shall be filed with the Court on or before October 8, 2025 and parties in interest shall have until October 16, 2025 to object to the stipulated temporary allowance amounts; or

18

iv. the pending objection is voluntarily withdrawn by the objecting party.

    d. No later than three (3) business days (or within a week of the Voting Deadline, one (1) business day) following the occurrence of a Resolution Event, the Debtors shall cause the Claims and Noticing Agent to distribute a Solicitation Package to the relevant Holder via email.

4. <u>Notices of Non-Voting Status and Release Opt-In Form for Unimpaired Classes and Classes Deemed to Reject the Plan</u>.

Certain Holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, will receive only the *Notice of Non-Voting Status and Release Opt-In Form to Holders of Unimpaired Claims or Interests Conclusively Presumed to Accept the Plan*, substantially in the form annexed as <u>Exhibit 2A</u> to the Disclosure Statement Order. Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status and Release Opt-In Form to Holders of Impaired Claims or Interests Conclusively Deemed to Reject the Plan*, substantially in the form annexed as <u>Exhibit 2B</u> to the Disclosure Statement Order. Such notices will also include a form by which all Holders or potential Holders of Claims or Interests can elect to opt in to the third-party release provision included in the Plan. The Holders of Claims or Interests may affirmatively opt in by completing and returning the form (the paper version or electronically) to the Claims and Noticing Agent on or before **October 29, 2025, at 4:00 p.m., prevailing Eastern Time** (the "<u>Opt-In Deadline</u>").

5. <u>Non-Voting Employee Letters</u>.

Certain former employees that are not entitled to vote on the Plan because they are Unimpaired and presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, will receive either the *Updated Schedule Non-Voting Employee Cover Letter*, substantially in the form annexed as <u>Exhibit 8C</u> to the Disclosure Statement Order or the *Non-Voting Employee Cover Letter*, substantially in the form annexed as <u>Exhibit 8D</u> to the Disclosure Statement Order (collectively, the "<u>Non-Voting Employee Letters</u>"). The Non-Voting Employee Letters will describe the split between the Class 3 Other Priority Claim portion and the Class 4A Employee PTO/Commission Full Pay GUC Claim portion of the Claim Holder's Claim. The Claim Holder will receive the applicable Non-Voting Employee Letter in the same package as their Notice of Non-Voting Status and Opt-In Form. If a recipient of the *Updated Schedule Non-Voting Employee Cover Letter* disagrees with the Debtors' calculation of the Class 3 Other Priority Claim, the Claim Holder should e-mail YellowCorporationInfo@epiqglobal.com with "Yellow Schedule Comment" in the subject line and include the ID number found in the lower right corner of the Employee Letter, and/or write to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005 so the Debtors receive the message by **October 29, 2025, at 4:00 p.m. prevailing Eastern Time**, the Plan Objection Deadline. If the dispute is not resolved within 30 days of the Debtors receiving the message, the parties shall set the dispute for hearing at the Bankruptcy Court's convenience.

6. <u>Notices in Respect of Executory Contracts and Unexpired Leases</u>. Counterparties to Executory Contracts and Unexpired Leases that receive a *Notice to Contract Parties to Potentially Assumed Executory Contracts*, substantially in the form attached as <u>Exhibit 7</u> to the Disclosure Statement Order, may file an objection to the Debtors' proposed assumption or assumption and assignment or

19

related cure amount, as applicable. Such objections must be filed, served, and **actually received** by the Plan Proponents and their co-counsel **at least seven (7) days before the Confirmation Hearing.**

| *Debtors* |
|:---:|
| **Yellow Corporation** <br> 11500 Outlook Street, Suite 400 <br> Overland Park, Kansas 66211 <br> Attention: Yellow Legal <br> legal@myyellow.com |

| *Co-Counsel for the Debtors* | *Co-Counsel for the Debtors* |
|:---:|:---:|
| **Kirkland & Ellis LLP** <br> 333 West Wolf Point Plaza <br> Chicago, Illinois 60654 <br> Attention: Patrick J. Nash Jr., P.C. <br> David Seligman, P.C. <br> Patrick.nash@kirkland.com <br> David.seligman@kirkland.com <br><br> -and- <br><br> **Kirkland & Ellis LLP** <br> 601 Lexington Avenue <br> New York, New York 10022 <br> Attention: Allyson B. Smith <br> Allyson.smith@kirkland.com | **Pachulski Stang Ziehl & Jones LLP** <br> 919 North Market Street, 17th Floor <br> P.O Box 9705 <br> Wilmington, DE 19801 <br> Attention: Laura Davis Jones, Timothy P. Cairns, Peter J. Keane, Edward Corma <br> ljones@pszjlaw.com <br> tcairns@pszjlaw.com <br> pkeane@pszjlaw.com <br> ecorma@pszjlaw.com |

| *Counsel for the Committee* |
|:---:|
| **Akin Gump Strauss Hauer & Feld LLP** <br> One Bryant Park <br> New York, NY 10036 <br> Attention: Philip C. Dublin, Meredith A. Lahaie, and Kevin Zuzolo <br> pdublin@akingump.com <br> mlahaie@akingump.com <br> kzuzolo@akingump.com <br><br> -and- <br><br> **Benesch, Friedlander, Coplan, Aronoff LLP** <br> 1313 North Market Street, Suite 1201 <br> Wilmington, DE 19801 <br> Attention: Jennifer R. Hoover, Kevin M. Capuzzi, and John C. Gentile <br> jhoover@beneschlaw.com <br> kcapuzzi@beneschlaw.com <br> jgentile@beneschlaw.com |

E.  **Voting and Tabulation Procedures.**

1. <u>Holders of Claims Entitled to Vote</u>.Only the following Holders of Claims in the Voting Class shall be entitled to vote with regard to such Claims:

    a.  Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim (or an untimely Proof of Claim that has been Allowed as timely by the Bankruptcy Court under applicable law on or before the Voting Record Date) that: (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting

            Record Date; and (ii) is not the subject of a pending objection filed with the Bankruptcy Court at least thirty-five (35) days prior to the Voting Deadline, pending a Resolution Event as provided herein; *provided* that a Holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Bankruptcy Court; *provided*, *further*, that Holders of Claims that are subject to a pending objection filed by the Voting Record Date on a "reclassify and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim at the applicable Debtor contained in such objection absent a further order of the Bankruptcy Court;

    b.    Holders of Claims that are listed in the Debtors' schedules of assets and liabilities filed on the Debtors' consolidated docket (the "<u>Schedules</u>"), *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amounts set forth in <u>Section D.2.</u> of these Solicitation and Voting Procedures;

    c.    Holders whose Claims arise: (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court; (ii) from an order entered by the Bankruptcy Court; or (iii) from a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed or the Claim was scheduled as contingent, unliquidated, or disputed;

    d.    Holders of any Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

    e.    with respect to any Entity described in subparagraphs (a) through (d) above, who, on or before the Voting Record Date, has transferred such Entity's Claim to another Entity, the assignee of such Claim; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

    2.    <u>Establishing Claim Amounts for Voting Purposes</u>.**Class 5 Claims.** The Claim amount of Class 5 General Unsecured Claims for voting purposes only will be established based on the amount of the applicable positions held by such Class 5 General Unsecured Claims Holder, as of the Voting Record Date, as evidenced by (a) the Schedules and (b) the claims register maintained in these Chapter 11 Cases.

    **Filed and Scheduled Claims.** The Claim amounts established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filled in on Ballots by the Debtors through the Claims and Noticing Agent, as applicable, are not binding for purposes of allowance and distribution. In tabulating votes, the amount of the Claim associated with each claimant's vote shall be determined as follows:

    a.    the Claim amount: (i) settled and/or agreed upon by the Debtors, as reflected in a document filed with the Bankruptcy Court; (ii) set forth in an order of the Bankruptcy Court; or (iii) set forth in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

    b.    the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under section C.3.(d) of these Solicitation and Voting Procedures;

    c.    the Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided*,

21

*however*, that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of a (i) contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Claims and Noticing Agent) that is not the subject of a pending objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim, which Claim will be Allowed for voting purposes only in the liquidated amount; *provided*, *further*, *however*, that to the extent that any Claim amount contained in a Proof of Claim is different from the Claim amount set forth in a document filed with the Bankruptcy Court referenced in subparagraph (a) above, the Claim amount in the document filed with the Bankruptcy Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

d. the Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law) that is asserted in currency other than U.S. Dollars shall be automatically deemed converted to the equivalent U.S. Dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:59 p.m. UTC on the Petition Date. Such conversion shall be for voting tabulation purposes only and shall not be binding for any other purpose on the Debtors, including, without limitation, for purposes of allowance of, and distribution with respect to, Claims under the Plan;

e. Holders of Proofs of Claim filed for $0.00 are not entitled to vote;

f. Claims that have been paid, scheduled to be paid in the ordinary course, or otherwise satisfied are disallowed for voting purposes;

g. creditors will not be entitled to vote Claims to the extent their Claims have been superseded and/or amended by other Claims filed on or before the Voting Record Date by or on behalf of such creditors, regardless of whether the Debtors have objected to the earlier filed Claim;

h. to the extent a Proof of Claim is filed that is based solely on a Holder's Equity Interests or the losses thereto, such Holder will be classified as a Class 8 claimant and such Claim will be treated in accordance with Class 8 and not entitled to vote on the Plan;

i. to the extent a Holder of a Claim files a Proof of Claim during the solicitation period that amends or supersedes a Claim for which a Solicitation Package was previously distributed to the same Holder, the Debtors are not obligated to cause the Claims and Noticing Agent to distribute an additional Solicitation Package to such Holder;

j. in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

If a Proof of Claim is amended by a claim filed by the Voting Record Date, the last filed Claim shall be subject to these rules and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes.

3. <u>General Voting and Ballot Tabulation Procedures</u>.The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Plan Proponents' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

a. except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted and actually received by the Claims and Noticing Agent on or prior to the Voting Deadline (as the same may be extended by the Debtors),

       the Plan Proponents shall be entitled to reject such Ballot as invalid and, therefore, shall not count it in connection with confirmation of the Plan;

b.      the Claims and Noticing Agent will date-stamp all Ballots when received. The Claims and Noticing Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court;

c.      the Debtors will file the Voting Report no later than seven (7) days after the Voting Deadline. The Voting Report shall, among other things, delineate every Ballot that was excluded from the voting results (each an "Irregular Ballot"), including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary information, or damaged. The Voting Report shall indicate the Debtors' decision with regard to such Irregular Ballots. Neither the Debtors nor any other Person or Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

d.      an executed Ballot is required to be submitted by the Entity submitting such Ballot. Delivery of a Ballot to the Claims and Noticing Agent by facsimile or any means other than expressly provided in the Ballot will not be valid;

e.      the method of delivery of Ballots to be sent to the Claims and Noticing Agent is at the election and risk of each Holder, and, except as otherwise provided, a Ballot will be deemed delivered only when the Claims and Noticing Agent actually receives the executed Ballot;

f.      no Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims and Noticing Agent), or the Debtors' financial or legal advisors, the Committee, the Committee's agents, or the Committee's financial or legal advisors and, if so sent, will not be counted;

g.      if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the latest dated, properly submitted, valid Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

h.      Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted;

i.      a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing; and if so requested by the Debtors or the Claims and Noticing Agent, must submit proper evidence satisfactory to the Debtors of the authority to so act;

j.      the Plan Proponents, subject to a contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report or a supplemental voting report, as applicable;

k.      neither the Debtors nor any other Entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report nor will any of them incur any liability for failure to provide such notification;

l. unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with submissions of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

m. in the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

n. subject to any order of the Bankruptcy Court, the Plan Proponents reserve the right to reject any and all ballots not in proper form, the acceptance of which, in the opinion of the Plan Proponents, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

o. if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Bankruptcy Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only, and not for purposes of allowance or distribution;

p. if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

q. the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in the Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot[9]; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (vi) any Ballot sent to any of the Debtors, the Debtors' agents or representatives, the Debtors' advisors (other than the Claims and Noticing Agent), the Committee, the Committee's agents or representatives, or the Committee's advisors; (vii) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein; and (viii) any Ballot transmitted by facsimile or other electronic means (other than the Balloting Portal).

r. after the Voting Deadline, any Holder of a Claim who had delivered a valid Ballot voting on the Plan may withdraw or change such vote solely in accordance with Bankruptcy Rule 3018(a);

s. the Debtors, with the consent of the Committee, are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes;

t. in the event a Ballot is returned marked to accept a Convenience Claim Election (as defined in the Ballot), such Ballot will be deemed to accept the Plan, and for the avoidance of doubt, any vote on the Ballot will not be counted as a vote for a General Unsecured Claim in Class 5;

u. to assist in the solicitation process, the Claims and Noticing Agent is required to contact parties that submit incomplete or otherwise deficient Ballots to make a reasonable effort to

---

[9] For the avoidance of doubt, Ballots submitted online through the E-Ballot Portal shall be deemed to contain an original signature.

        cure such deficiencies; *provided that* neither the Debtors nor the Claims and Noticing Agent will suffer any liability for failure to notify parties of such deficiencies; and

    v.    where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purpose of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (i) a Ballot, (ii) a group of Ballots within the Voting Class received from a single creditor or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted.

    **F.**    **Amendments to the Plan and Solicitation and Voting Procedures.**

The Debtors reserve the right to make changes to the Plan, Disclosure Statement, Solicitation and Voting Procedures, Ballot, Solicitation Packages, Notices of Non-Voting Status and Opt-In Form, Confirmation Hearing Notice, Publication Notice, Cover Letter, Employee Letters, Plan Supplement Notice, Assumption Notice, and any notice attached to the Order, and any related documents without further order of the Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials (including the appendices thereto) in the Solicitation Packages before distribution; *provided, however*, that the Debtors shall not amend or modify the Plan without the consent of the Committee.