**Exhibit 3**
**Ballot—Class 5 (General Unsecured Claims)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**BALLOT FOR VOTING ON THE**
**FOURTH AMENDED JOINT CHAPTER 11 PLAN OF YELLOW**
**CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO**
**CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE**
**DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS 5 – GENERAL UNSECURED CLAIMS**

> **PLEASE READ – IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE *ACTUALLY RECEIVED* BY THE CLAIMS AND NOTICING AGENT BY OCTOBER 29, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE FOLLOWING:**

- PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS BALLOT RELATING TO THE *FOURTH AMENDED JOINT CHAPTER 11 PLAN OF YELLOW CORPORATION AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS* [DOCKET NO. [●]] (AS MAY BE ALTERED, AMENDED, MODIFIED, OR SUPPLEMENTED FROM TIME TO TIME, THE "PLAN" AND THIS BALLOT, THE "BALLOT")[2] INCLUDED WITH THIS BALLOT BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS **ACTUALLY RECEIVED** BY EPIQ CORPORATE RESTRUCTURING, LLC (THE "CLAIMS AND NOTICING AGENT") BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 29, 2025**.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT Toll Free at (866) 641-1076 (DOMESTIC) OR +1 (503) 461-4134 (INTERNATIONAL) OR EMAIL YELLOWCORPORATIONINFO@EPIQGLOBAL.COM AND REFERENCE "YELLOW" IN THE SUBJECT LINE.

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Plan Proponents"), are soliciting votes in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), to accept or reject the Plan, attached as Exhibit A to the *Fourth Amended Disclosure Statement For the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be amended, supplemented or modified from time to time, the "Disclosure Statement") from Holders of Claims in Class 5 General Unsecured Claims (the "Voting Class").

Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein. The Voting Class will accept the Plan if Holders of at least two-thirds in amount and more than one-half in number of Claims votes to accept the Plan. The Plan can be confirmed by the Bankruptcy Court and thereby binding upon you if the Voting Class votes to accept the Plan and the Plan otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. **For additional discussion of your treatment and rights under the Plan, please read the Disclosure Statement and the Plan.**

You are receiving this Ballot because you are the Holder of a Class 5 General Unsecured Claim as of **August 26, 2025** (the "Voting Record Date"). Accordingly, you have the right to vote to accept or reject the Plan.

The Disclosure Statement describes the rights and treatment for each Class. The Disclosure Statement, the Plan, and certain other materials are also included in the packet you are receiving with this Ballot (the "Solicitation Package"). This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications and elections with respect thereto. Once completed and returned in accordance with the attached instructions, your vote on the Plan will be counted as set forth herein.

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 5 under the Plan.*

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 29, 2025.**

**Item 1.**     **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 5 General Unsecured Claim in the following unpaid amount against the below Debtor:[3]

| $_____ |
|---|
| Debtor: |

**Item 2.**     **Vote on Plan.**

The Holder of the Class 5 General Unsecured Claim against the above Debtor, the amount of which is set forth in Item 1, votes to (please check one):

| ☐  **ACCEPT** (vote FOR) the Plan | ☐  **REJECT** (vote AGAINST) the Plan |
|---|---|

**Item 3.**     **Important information regarding releases under the Plan**[4]

Article IX.B of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

> **Notwithstanding anything contained in the Plan or the Confirmation Order to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order and effective as of the Effective Date, to the fullest extent permitted by applicable law, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each and all of the Debtors, the Liquidating Trust, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, including any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that any such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor, the Liquidating Trust, or other Entity, or that any Holder of any Claim against or Interest in a Debtor, the Liquidating Trust, or other Entity could have asserted on behalf of the Debtors or the**

---

[3]   For voting purposes only, subject to tabulation rules.

[4]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. Please read the Plan carefully before completing this Ballot.

3

**Liquidating Trust, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions between or among a Debtor, or an affiliate of a Debtor and another Debtor, or the Liquidating Trust, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, the Financing Documents and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Documents, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) any matters retained by the Debtors or the Liquidating Trust, as applicable, pursuant to the Schedule of Retained Causes of Action.**

Article IX.C of the Plan provides for the following third-party release (the "**Third-Party Release**"):

**Except as otherwise expressly set forth in this Plan or the Confirmation Order, effective as of the Effective Date, to the fullest extent permitted by applicable law, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each Releasing Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital**

4

**structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, the Financing Documents, and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.**

**Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) the rights of any Holder of Allowed Claims or Interests, if applicable, to receive distributions under the Plan.**

<u>Definitions related to the Third-Party Release:</u>

UNDER THE PLAN, "***AVOIDANCE ACTIONS***" MEANS ANY AND ALL ACTUAL OR POTENTIAL CLAIMS OR CAUSES OF ACTION TO AVOID A TRANSFER OF PROPERTY OR AN OBLIGATION INCURRED BY THE DEBTORS, INCLUDING AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS, THEIR ESTATES, OR OTHER AUTHORIZED PARTIES IN INTEREST UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE, OR ANY SIMILAR FEDERAL, STATE OR COMMON LAW CAUSES OF ACTION, INCLUDING FRAUDULENT TRANSFER LAWS.

UNDER THE PLAN, "***DEBTOR RELEASE***" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE IX.B OF THE PLAN.

5

UNDER THE PLAN, "***RELATED PARTY***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INVESTMENT COMMITTEE MEMBERS, SPECIAL COMMITTEE MEMBERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED ACCOUNTS OR FUNDS, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS OR MANAGERS, EMPLOYEES, AGENTS, TRUSTEES, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS AND ADVISORS. FOR THE AVOIDANCE OF DOUBT, THE MEMBERS OF EACH GOVERNING BODY ARE RELATED PARTIES OF THE DEBTORS.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS; (D) ALL HOLDERS OF INTERESTS; (E) THE COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY EX-OFFICIO MEMBER(S)); (F) EACH RELEASING PARTY; (G) THE INFORMATION OFFICER; (H) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); PROVIDED THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT ELECTS NOT TO OPT INTO THE RELEASES DESCRIBED IN ARTICLE IX OF THIS PLAN.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS WHO VOTE TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ARE DEEMED TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO ARE PRESUMED TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF INTERESTS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (H) THE COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY *EX OFFICIO* MEMBER(S)); (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH AFFILIATE TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I) FOR WHICH SUCH AFFILIATE OR ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; *PROVIDED* THAT EACH SUCH ENTITY THAT ELECTS NOT TO OPT INTO THE RELEASES CONTAINED IN THIS PLAN, SUCH THAT IT IS NOT A RELEASING PARTY IN ITS CAPACITY AS A HOLDER OF A CLAIM OR INTEREST

SHALL NEVERTHELESS BE A RELEASING PARTY IN EACH OTHER CAPACITY APPLICABLE TO SUCH ENTITY.

**Optional Third-Party Release Election**

If you voted to accept or reject the Plan in Item 2 above or elected not to vote to accept or reject the Plan in Item 2 above, check this box if you want **to** grant the release contained in Article IX.C of the Plan. Not consenting to the releases contained in Article IX.C. of the Plan is at your discretion. If you submit your Ballot with this box checked, you will consent to the releases contained in Article IX.C of the Plan to the fullest extent permitted by applicable law. If you voted to accept the Plan in Item 2 above, you will not be consenting to the releases contained in Article IX.C of the Plan unless you check this box. If you do not submit this Ballot, you will not consent to the releases contained in Article IX.C of the Plan.

**YOUR DECISION TO OPT IN OR NOT OPT IN TO THE THIRD-PARTY RELEASE WILL NOT IMPACT YOUR DISTRIBUTION UNDER THE PLAN.**

**The Holder of the Claim identified in Item 1 elects to:**

☐ **OPT IN TO the Third-Party Release**

Article IX.D of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur any liability for, and each Exculpated Party shall be exculpated from any Cause of Action for any claim related to any act or omission occurring between the Petition Date and the Effective Date in connection with, relating to or arising out of the Chapter 11 Cases or the Canadian Recognition Proceedings prior to the Effective Date, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Liquidating Trust Agreement, the Third-Party Sale Transactions, the Plan, the Plan Supplement, any other Definitive Document, or any Liquidation Transaction, or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of the Third-Party Sale Transactions, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not exculpate any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

7

Article IX.E of the Plan establishes an injunction (the "**Injunction**"):

**In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Persons or Entities who have held, hold, or may hold Claims, Interests, or Causes of Action in the Debtors or the Liquidating Trust, as applicable, shall be precluded and permanently enjoined on and after the Effective Date, from taking any of the following actions against the Debtors, the Liquidating Trust (but solely to the extent such action is brought against the Debtors or the Liquidating Trust to directly or indirectly recover upon any property of the Estates upon the Effective Date), the Exculpated Parties, the Released Parties, and any successors, assigns or representatives of such Persons or Entities, solely with respect to any Claims, Interests or Causes of Action that will be or are treated by the Plan: (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order; (c) creating, perfecting or enforcing any encumbrance of any kind; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action released or settled pursuant to the Plan. All Persons or Entities who directly or indirectly have held, hold, may hold, or seek to assert Claims or Causes of Action that (x) have been released in this Plan (the "Released Claims") or (y) that are subject to exculpation (the "Exculpated Claims"), shall be enjoined from (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iii) creating, perfecting, or enforcing any encumbrance of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iv) asserting any right of subrogation on account of or in connection with or with respect to the Released Claims and Exculpated Claims, except to the extent that a permissible right of subrogation is asserted with respect to a timely filed proof of claim; or (v) or commencing or continuing in any manner any action or other proceeding on account of or in connection with or with respect to the Released Claims and Exculpated Claims; provided, however, that the foregoing injunction shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct. Notwithstanding anything to the contrary in the Plan, the Plan Supplement, or the Confirmation Order, the automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect with respect to the Debtors and any property dealt with by the Plan until the closing of these Chapter 11 Cases; provided, however, the foregoing shall not prevent any party from pursuing a claim consistent with the ADR Procedures**

**Order.  Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, by accepting, or being eligible to accept, distributions on account of such Claim or Interest, as applicable, pursuant to the Plan shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.**

**Item 4.**     **Optional Convenience Claim Election.**[5]

Holders of Class 5 General Unsecured Claims may **irrevocably** elect to have their Claim treated as a Class 4B Convenience Class Claim and have such Allowed General Unsecured Claim reduced to $7,500 (the "Convenience Claim Election"); *provided*, *however*, that no Claims asserted by a current or former employee may be a Convenience Class Claim.

Holders of General Unsecured Claims that would like to make the **optional** Convenience Claim Election and elect to have their Class 5 General Unsecured Claim treated as a Class 4B Convenience Class Claim, including, reducing such claim to $7,500, should check the box below.

Holders of Class 4B Convenience Class Claims are entitled to a Cash payment (in one or more distributions) in full of their Allowed Class 4B Convenience Class Claim (the "Convenience Claim Recovery").  Holders of Class 5 General Unsecured Claims who make the Convenience Claim Election will receive the Convenience Claim Recovery in full and final satisfaction of their Class 5 General Unsecured Claim.  Holders of Class 4B Allowed Convenience Claims and Holders making the Convenience Claim Election will not be entitled to additional distributions under the Plan, if any.

**IF YOU MAKE THE CONVENIENCE CLAIM ELECTION, YOUR CLAIM WILL BE CONSIDERED A CLASS 4B CONVENIENCE CLASS CLAIM AND YOUR CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT.  YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

**FOR THE AVOIDANCE OF DOUBT, CURRRENT OR FORMER EMPLOYEES ARE NOT PERMITTED TO CHECK THE BELOW BOX TO ACCEPT THE CONVENIENCE CLAIM ELECTION AND SHOULD SKIP TO ITEM 5 BELOW.**

---

[5]   For more information regarding convenience class treatment please see Article III.E of the Disclosure Statement.

**HOLDERS OF CLASS 5 GENERAL UNSECURED CLAIMS WHO CHECK THE BELOW BOX TO ACCEPT THE CONVENIENCE CLAIM ELECTION, MUST ALSO ACCEPT THE PLAN BY CHECKING THE "ACCEPT" BOX IN ITEM 2 ABOVE, OTHERWISE SUCH CONVENIENCE CLAIM ELECTION WILL BE INVALID.**

The Holder of the Claims against the Debtors, elects as follows:

> ☐ **ACCEPTS the Convenience Claim Election including the reduction of their Claim(s) to $7,500 and <u>ACCEPTS (VOTES FOR) THE PLAN</u>**

**<u>Item 5</u>.    Certifications.**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a) as of the Voting Record Date, either: (i) the Entity is the Holder (or authorized signatory for a Holder) of the Claim set forth in Item 1;

(b) the Entity (or in the case of an authorized signatory, the Holder) has reviewed a copy of the Disclosure Statement, the Plan, and the remainder of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) the Entity has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

(d) no other Ballots with respect to the amount of the Claim identified in Item 1 has been cast or, if any other Ballots have been cast with respect to such Claim, then any such earlier Ballots are hereby revoked;

(e) the Entity understands and acknowledges that if multiple Ballots are submitted voting the Claim set forth in Item 1, only the latest dated properly completed Ballot voting the Claim and received by the Claims and Noticing Agent before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede and revoke any prior Ballots received by the Claims and Noticing Agent; and

(f) the Entity understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the Holder hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the Holder and shall not be affected by, and shall survive, the death or incapacity of the Holder.

| | |
|---|---|
| Name of Holder: | _____ |
| | (Print or Type) |
| Signature: | _____ |
| Name of Signatory: | _____ |
| | (If other than the Holder) |
| Title: | _____ |
| Address: | _____ |
| | _____ |
| | _____ |
| Telephone Number: | _____ |
| Email: | _____ |
| Date Completed: | _____ |

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 29, 2025.**

**THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY BY**
***ONLY ONE* OF THE FOLLOWING METHODS:**

**IN THE ENCLOSED REPLY ENVELOPE PROVIDED, OR VIA FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY, OR BY ELECTRONIC ONLINE SUBMISSION.**

| **If by First Class Mail:** | **If by Hand Delivery or Overnight Mail:** |
|---|---|
| Yellow Corporation<br>c/o Epiq Ballot Processing<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | Yellow Corporation<br>c/o Epiq Ballot Processing<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

***OR***

11

> **By electronic online submission:**
> To submit your Ballot via the Claims and Noticing Agent's online portal, visit https://dm.epiq11.com/yellow and under the Case Actions section of the website, click on "E-Ballot" and follow the instructions to submit your Ballot.
>
> **IMPORTANT NOTE: You will need the following E-Ballot ID# to retrieve and submit your customized electronic Ballot:**
>
> **Unique E-Ballot ID#:** _____
>
> <u>The E-Ballot Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.</u>
>
> Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. **Holders who cast a Ballot using the Claims and Noticing Agent's online portal should NOT also submit a paper Ballot.**

**IF THE CLAIMS AND NOTICING AGENT DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE OCTOBER 29, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME (AND IF THE VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS CLASS 5 BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE PLAN PROPONENTS.**

### INSTRUCTIONS FOR COMPLETING THIS BALLOT

This Ballot contains voting options with respect to the Plan.

1. To ensure that your vote is counted, you must: (a) complete the Ballot in accordance with these instructions; (b) indicate your decision either to accept or reject the Plan in Item 2 of the Ballot; and (c) sign and return the Ballot via (i) first-class mail to Yellow Corporation, et al., c/o Epiq Ballot Processing, P.O. Box 4422, Beaverton, OR 97076-4422 (ii) overnight courier or hand delivery to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005 or (iii) the Claims and Noticing Agent's E-Ballot Portal at https://dm.epiq11.com/YellowCorporation, so that this Ballot is actually received by the Claims and Noticing Agent on or before the Voting Deadline, 4:00 P.M., prevailing Eastern Time on **October 29, 2025**.

2. To have your Class 5 General Unsecured Claim treated as a Class 4B Convenience Class Claim, you must (i) vote in favor of the Plan by checking the "Accept" box in Item 2 above; and (ii) accept the Convenience Claim Election by checking the "Accept" box in Item 4 above.

3. Any Ballot submitted that is incomplete or illegible, indicates unclear or inconsistent votes with respect to the Plan, or is improperly signed and returned will <u>NOT</u> be counted unless the Plan Proponents otherwise determine.

4. To vote, you <u>MUST</u> deliver your completed Ballot (whether via first-class mail, hand delivery, or E-Ballot Portal to the Claims and Noticing Agent) so that it is <u>ACTUALLY RECEIVED</u> by the Claims and Noticing Agent on or before the Voting Deadline by one of the methods described above. **The Voting Deadline is 4:00 P.M., prevailing Eastern Time on October 29, 2025.**

5. Any Ballot received by the Claims and Noticing Agent after the Voting Deadline will not be counted with respect to acceptance or rejection of the Plan, as applicable, unless the Plan Proponents determine otherwise. No Ballot may be withdrawn or modified after the Voting Deadline without the Plan Proponents' prior written consent. Additionally, **the following Ballots will *not* be counted:**

   (a) any Ballot that partially rejects and partially accepts the Plan;

   (b) Ballots sent to the Debtors, the Debtors' agents (other than Claims and Noticing Agent), the Debtors' financial or legal advisors or any other person (other than the Claims and Noticing Agent);

   (c) Ballots sent by electronic mail or facsimile;

   (d) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

   (e) any Ballot cast by an Entity that does not hold a Claim in Class 5;

   (f) any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

   (g) any unsigned Ballot (for the avoidance of doubt, Ballots validly submitted through the Ballot Portal will be deemed signed);

   (h) any non-original Ballot (for the avoidance of doubt, Ballots validly submitted through the Ballot Portal will be deemed original); and/or

   (i) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

6. Delivery of a Ballot reflecting your vote to the Claims and Noticing Agent will be deemed to have occurred only when the Claims and Noticing Agent actually receives your paper Ballot or E-Ballot. In all cases, you should allow sufficient time to assure timely delivery.

7. If you deliver multiple Ballots to the Claims and Noticing Agent, <u>ONLY</u> the latest dated, properly submitted, valid Ballot timely received will be deemed to reflect your intent and will supersede and revoke any prior Ballot(s).

9. This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or Interest, or an assertion or admission of a Claim, in the Debtors' Chapter 11 Cases.

10. You should not rely on any information, representations, or inducements made to obtain an acceptance of the Plan that are other than as set forth, or are inconsistent with, the information contained in the Disclosure Statement, the documents attached to or incorporated in the Disclosure Statement, and the Plan.

11. SIGN AND DATE your Ballot.[6] In addition, please provide your name and mailing address if it is different from that set forth on the Ballot or if no address is preprinted on the Ballot. Any unsigned Ballot will not be valid; however, for the avoidance of doubt, the scanned signature or e-signature included on an E-Ballot will be deemed immediately legally valid and effective.

**PLEASE RETURN YOUR BALLOT PROMPTLY**
**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE CLAIMS AND NOTICING AGENT AT:**

**U.S. TOLL FREE: (866) 641-1076**
**INTERNATIONAL: +1 (503) 461-4134**

**OR BY EMALING YELLOWCORPORATIONINFO@EPIQGLOBAL.COM AND REFERENCING "YELLOW" IN THE SUBJECT LINE.**

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 29, 2025.**

**THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE.**

---

[6] If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Claims and Noticing Agent, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party of authority to so act on behalf of such Holder.