**<u>Exhibit 5</u>**

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING TO CONSIDER
CONFIRMATION OF THE FOURTH AMENDED JOINT CHAPTER 11 PLAN AND
RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order") (a) authorizing Yellow Corporation and its affiliated debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be altered, amended, modified, or supplemented from time to time, the "Plan");[2] (b) approving the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. [●]] (as may be amended, supplemented, or modified from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Bankruptcy Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **November 12, 2025, at 10:00 a.m., prevailing Eastern Time**, before the Honorable Craig T. Goldblatt, in the United States Bankruptcy Court for the District of Delaware, located at 824 North Market St., Third Floor, Wilmington, DE 19801.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' Claims and Noticing Agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan, Disclosure Statement, or Disclosure Statement Order, as applicable.

> **PLEASE BE ADVISED**: THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE BANKRUPTCY COURT OR THE PLAN PROPONENTS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE BANKRUPTCY COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.
>
> ANY SUCH NOTICES OF ADJOURNMENT ARE AVAILABLE FREE OF CHARGE ON THE DEBTORS' CASE WEBSITE AT HTTPS://DM.EPIQ11.COM/YELLOWCORPORATION.

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date is **August 26, 2025**, which is the date for determining which Holders of Claims in Class 5 are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is **October 29, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you *must*:  (a) follow the instructions carefully; (b) complete *all* of the required information on the ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is *actually received* by the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC (the "Claims and Noticing Agent") on or before the Voting Deadline.  *A failure to follow such instructions may disqualify your vote*.

**Rule 3018 Motion Deadline**.  The Bankruptcy Court has approved **October 1, 2025, at 4:00 p.m. (prevailing Eastern Time)** as the deadline for Holders seeking to challenge the allowance of its Claim for voting purposes to file and serve a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") temporarily allowing such Claim in a different amount for purposes of voting to accept or reject the Plan (the "Rule 3018 Motion Deadline").  All Rule 3018 Motions, if any, **must**:  (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, and any orders of this Bankruptcy Court; (c) state, with particularity, the legal and factual basis for the Rule 3018 Motion; and (d) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served upon the notice parties so as to be *actually received* on or before the Rule 3018 Motion Deadline.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE CONFIRMATION OF THE PLAN

> ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX.C CONTAINS A THIRD-PARTY RELEASE**.  YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**Plan Objection Deadline**.  The deadline for filing objections to confirmation of the Plan is **October 29, 2025, at 4:00 p.m., prevailing Eastern Time** (the "Plan Objection Deadline").  All such objections *must*:  (a) be in writing; (b) conform to the Bankruptcy Code, Bankruptcy

Rules, the Local Rules, and any orders of the Bankruptcy Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Bankruptcy Court (contemporaneously with a proof of service) and served upon the following notice parties so as to be *actually received* on or before the Plan Objection Deadline:

| *Debtors* |
|---|
| **Yellow Corporation**<br>11500 Outlook Street, Suite 400<br>Overland Park, Kansas 66211.<br>Attention: Yellow Legal<br>legal@myyellow.com |

| *Counsel for the Debtors* | *Counsel for the Debtors* |
|---|---|
| **Kirkland & Ellis LLP**<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Attention: Patrick J. Nash Jr., P.C.<br>David Seligman, P.C.<br>Patrick.nash@kirkland.com<br>David.seligman@kirkland.com<br><br>-and-<br><br>**Kirkland & Ellis LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Attention:  Allyson B. Smith<br>Allyson.smith@kirkalnd.com | **Pachulski Stang Ziehl & Jones LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19801<br>Attention:  Laura Davis Jones, Timothy P. Cairns, Peter J. Keane, and Edward Corma<br>ljones@pszjlaw.com<br>tcairns@pszjlaw.com<br>pkeane@pszjlaw.com<br>ecorma@pszjlaw.com |

| *Counsel for the Committee* |
|---|
| **Akin Gump Strauss Hauer & Feld LLP**<br>One Bryant Park<br>New York, NY 10036<br>Attention: Philip C. Dublin, Meredith A. Lahaie, and Kevin Zuzolo<br>pdublin@akingump.com<br>mlahaie@akingump.com<br>kzuzolo@akingump.com<br><br>-and-<br><br>**Benesch, Friedlander, Coplan, Aronoff LLP**<br>1313 North Market Street, Suite 1201<br>Wilmington, DE 19801<br>Attention: Jennifer R. Hoover, Kevin M. Capuzzi, and John C. Gentile<br>jhoover@beneschlaw.com<br>kcapuzzi@beneschlaw.com<br>jgentile@beneschlaw.com |

| *United States Trustee* |
|---|
| **Office of the United States Trustee**<br>844 King Street, Suite 2207<br>Wilmington, DE 19801<br>Attention: Jane M. Leamy<br>Jane.M.Leamy@usdoj.gov |

**Please be advised that Article IX of the Plan contains the following release, exculpation, and injunction provisions:**[3]

Article IX.B of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

**Notwithstanding anything contained in the Plan or the Confirmation Order to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order and effective as of the Effective Date, to the fullest extent permitted by applicable law, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each and all of the Debtors, the Liquidating Trust, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, including any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that any such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor, the Liquidating Trust, or other Entity, or that any Holder of any Claim against or Interest in a Debtor, the Liquidating Trust, or other Entity could have asserted on behalf of the Debtors or the Liquidating Trust, based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions between or among a Debtor, or an affiliate of a Debtor and another Debtor, or the Liquidating Trust, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, the Financing Documents and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Documents, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except**

---

[3] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.

4

**for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) any matters retained by the Debtors or the Liquidating Trust, as applicable, pursuant to the Schedule of Retained Causes of Action.**

Article IX.C of the Plan provides for the following third-party release (the "**Third Party Release**"):

**Except as otherwise expressly set forth in this Plan or the Confirmation Order, effective as of the Effective Date, to the fullest extent permitted by applicable law, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each Releasing Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Liquidating Trust, or the Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors or the Liquidating Trust (including the Debtors' and the Liquidating Trust's capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or the Liquidating Trust and any Released Party, the Debtors' in- or out-of-court restructuring efforts, the purchase, sale, or rescission of any security of the Debtors or the Liquidating Trust, intercompany transactions, the Chapter 11 Cases, the Canadian Recognition Proceedings, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, the Financing Documents, and any other Definitive Document or any Liquidation Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the Chapter 11 Cases, the Canadian Recognition Proceedings, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the Plan, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.**

5

**Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release (1) any Avoidance Actions (except for Avoidance Actions against the Debtors' current and former employees); (2) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; or (3) the rights of any Holder of Allowed Claims or Interests, as applicable, to receive distributions under the Plan.**

<u>Definitions related to the Third-Party Release:</u>

UNDER THE PLAN, "***AVOIDANCE ACTIONS***" MEANS ANY AND ALL ACTUAL OR POTENTIAL CLAIMS OR CAUSES OF ACTION TO AVOID A TRANSFER OF PROPERTY OR AN OBLIGATION INCURRED BY THE DEBTORS, INCLUDING AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS, THEIR ESTATES, OR OTHER AUTHORIZED PARTIES IN INTEREST UNDER THE BANKRUPTCY CODE OR APPLICABLE NON-BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE, OR ANY SIMILAR FEDERAL, STATE OR COMMON LAW CAUSES OF ACTION, INCLUDING FRAUDULENT TRANSFER LAWS.

UNDER THE PLAN, "***DEBTOR RELEASE***" MEANS THE RELEASES GIVEN ON BEHALF OF THE DEBTORS AND THEIR ESTATES AS SET FORTH IN ARTICLE IX.B OF THE PLAN.

UNDER THE PLAN, "***RELATED PARTY***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH, CURRENT AND FORMER DIRECTORS, MANAGERS, OFFICERS, INVESTMENT COMMITTEE MEMBERS, SPECIAL COMMITTEE MEMBERS, EQUITY HOLDERS (REGARDLESS OF WHETHER SUCH INTERESTS ARE HELD DIRECTLY OR INDIRECTLY), AFFILIATED INVESTMENT FUNDS OR INVESTMENT VEHICLES, MANAGED ACCOUNTS OR FUNDS, PREDECESSORS, PARTICIPANTS, SUCCESSORS, ASSIGNS, SUBSIDIARIES, AFFILIATES, PARTNERS, LIMITED PARTNERS, GENERAL PARTNERS, PRINCIPALS, MEMBERS, MANAGEMENT COMPANIES, FUND ADVISORS OR MANAGERS, EMPLOYEES, AGENTS, TRUSTEES, ADVISORY BOARD MEMBERS, FINANCIAL ADVISORS, ATTORNEYS, ACCOUNTANTS, INVESTMENT BANKERS, CONSULTANTS, REPRESENTATIVES, AND OTHER PROFESSIONALS AND ADVISORS. FOR THE AVOIDANCE OF DOUBT, THE MEMBERS OF EACH GOVERNING BODY ARE RELATED PARTIES OF THE DEBTORS.

UNDER THE PLAN, "***RELEASED PARTY***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS; (D) ALL HOLDERS OF INTERESTS; (E) THE COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY EX-OFFICIO MEMBER(S)); (F) EACH RELEASING PARTY; (G) THE INFORMATION OFFICER; (H) EACH CURRENT

AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (I); AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I); PROVIDED THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT ELECTS NOT TO OPT INTO THE RELEASES DESCRIBED IN ARTICLE IX OF THE PLAN.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE LIQUIDATING TRUSTEE, (C) ALL HOLDERS OF CLAIMS WHO VOTE TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (D) ALL HOLDERS OF CLAIMS WHO VOTE TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (E) ALL HOLDERS OF CLAIMS WHO ARE DEEMED TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (F) ALL HOLDERS OF CLAIMS WHO ARE PRESUMED TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (G) ALL HOLDERS OF INTERESTS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (H) THE COMMITTEE AND ITS CURRENT AND FORMER MEMBERS (INCLUDING ANY *EX OFFICIO* MEMBER(S)); (I) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (J) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH AFFILIATE TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; AND (J) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH CLAUSE (I) FOR WHICH SUCH AFFILIATE OR ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON-BANKRUPTCY LAW; *PROVIDED* THAT EACH SUCH ENTITY THAT ELECTS NOT TO OPT INTO THE RELEASES CONTAINED IN THE PLAN, SUCH THAT IT IS NOT A RELEASING PARTY IN ITS CAPACITY AS A HOLDER OF A CLAIM OR INTEREST SHALL NEVERTHELESS BE A RELEASING PARTY IN EACH OTHER CAPACITY APPLICABLE TO SUCH ENTITY.

Article IX.D of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur any liability for, and each Exculpated Party shall be exculpated from any Cause of Action for any claim related to any act or omission occurring between the Petition Date and the Effective Date in connection with, relating to or arising out of the Chapter 11 Cases or the Canadian Recognition Proceedings prior to the Effective Date, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the Liquidating Trust Agreement, the Third-Party Sale Transactions, the Plan, the Plan Supplement, any other Definitive Document, or any Liquidation Transaction, or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Third-Party Sale Transactions, any other Definitive Document, the filing of the Chapter 11 Cases, the commencement of the Canadian Recognition Proceedings, the pursuit of Confirmation, the pursuit of the Third-Party Sale Transactions, the pursuit of Consummation, the administration and implementation of the Plan or the distribution of property under the**

**Plan, or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not exculpate any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

Article IX.E of the Plan establishes an injunction (the "**Injunction**"):

**In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Bankruptcy Code section 1141(c) nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Persons or Entities who have held, hold, or may hold Claims, Interests, or Causes of Action in the Debtors or the Liquidating Trust, as applicable, shall be precluded and permanently enjoined on and after the Effective Date, from taking any of the following actions against the Debtors, the Liquidating Trust (but solely to the extent such action is brought against the Debtors or the Liquidating Trust to directly or indirectly recover upon any property of the Estates upon the Effective Date), the Exculpated Parties, the Released Parties, and any successors, assigns or representatives of such Persons or Entities, solely with respect to any Claims, Interests or Causes of Action that will be or are treated by the Plan: (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order; (c) creating, perfecting or enforcing any encumbrance of any kind; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action released or settled pursuant to the Plan. All Persons or Entities who directly or indirectly have held, hold, may hold, or seek to assert Claims or Causes of Action that (x) have been released in this Plan (the "Released Claims") or (y) that are subject to exculpation (the "Exculpated Claims"), shall be enjoined from (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree or order on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iii) creating, perfecting, or enforcing any encumbrance of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iv) asserting any right of subrogation on account of or in connection with or with respect to the Released Claims and Exculpated Claims, except to the extent that a permissible right of subrogation is asserted with respect to a timely filed proof of claim; or (v) or commencing or continuing in any manner any action or other proceeding on account of or in connection with or with respect to the Released Claims and Exculpated Claims; provided, however, that the foregoing**

8

**injunction shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct. Notwithstanding anything to the contrary in the Plan, the Plan Supplement, or the Confirmation Order, the automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect with respect to the Debtors and any property dealt with by the Plan until the closing of these Chapter 11 Cases; provided, however, the foregoing shall not prevent any party from pursuing a claim consistent with the ADR Procedures Order. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, by accepting, or being eligible to accept, distributions on account of such Claim or Interest, as applicable, pursuant to the Plan shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.**

## ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**. The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials), please feel free to contact the Debtors' Claims and Noticing Agent, by: (a) calling (866) 641-1076 (domestic) or +1 (503) 461-4134 (international); (b) writing to Yellow Corporation, et al., c/o Epiq Ballot Processing, 10300 SW Allen Boulevard, Beaverton, OR 97005; or (c) emailing YellowCorporationInfo@epiqglobal.com and referencing "Yellow" in the subject line. You may also obtain copies of any pleadings filed in these Chapter 11 Cases (a) for a fee via PACER at: https://ecf.deb.uscourts.gov; or (b) at no charge by accessing the Debtors' restructuring website at https://dm.epiq11.com/YellowCorporation.

Please be advised that the Claims and Noticing Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may *not* advise you as to whether you should vote to accept or reject the Plan.

**The Plan Supplement**. The Debtors will file documents constituting the Plan Supplement (as defined in the Plan) on or prior to **October 15, 2025**, and will serve notice on all Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

> **BINDING NATURE OF THE PLAN**:
>
> **IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND/OR INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR INTEREST IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

Dated: [●], 2025
Wilmington, Delaware

/s/ DRAFT
_____

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333 West Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |
| P.O. Box 8705 | Telephone: (312) 862-2000 |
| Wilmington, Delaware 19801 | Facsimile: (312) 862-2200 |
| Telephone: (302) 652-4100 | Email: patrick.nash@kirkland.com |
| Facsimile: (302) 652-4400 | david.seligman@kirkland.com |
| Email: ljones@pszjlaw.com | |
| tcairns@pszjlaw.com | |
| pkeane@pszjlaw.com | -and- |
| ecorma@pszjlaw.com | |
| | Allyson B. Smith (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: allyson.smith@kirkland.com |

*Co-Counsel for the Debtors and Debtors in Possession*