**United States Bankruptcy Court**
District of Delaware
Attn: Judge Craig T. Goldblatt / Case No. 23-11069
824 Market Street, 3rd Floor
Wilmington, DE 19801

RECEIVED
2025 OCT -6  AM 10: 08
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

September 30, 2025

In re: Yellow Corporation, et al.

**Follow-Up Shareholder Correspondence**

Dear Honorable Judge Goldblatt,

As a follow-up to my prior anonymous submission entered on the docket (June 16, 2025, Docket **#6518**), I am providing additional evidence of systematic manipulation in YELLQ.

On multiple occasions this summer, the final trade of the session executed exactly at **3:59:59 PM EST** and coincided with the day's low price. This repeated pattern is not consistent with natural market activity. Instead, it reflects deliberate deflationary prints that depressed the official closing price reported to the market. Depressed prices of this kind can also directly influence the treatment of derivatives, short positions, and swap exposures tied to Yellow equity, meaning the effect is not limited to optics but materially impacts how the estate's value is perceived and allocated.

Attached as **Exhibit A** is a table of these observations:

**Exhibit A:** Evidence of Deflationary "Marking the Close"

| Date | Final Trade Time | Observation |
|---|---|---|
| June 4, 2025 | 3:59:59 | Final trade at the close, **at day's low.** |
| June 6, 2025 | 3:59:59 | Final trade at the close, **at day's low.** |
| July 10, 2025 | 3:59:59 | Final trade at the close, **at day's low.** |
| July 14, 2025 | 3:59:59 | Final trade at the close, **at day's low.** |
| July 16, 2025 | 3:59:59 | Final trade at the close, **at day's low.** |
| July 31, 2025 | 3:59:59 | Final trade at the close, **at day's low.** |
| Aug 20, 2025 | 3:59:59 | Final trade at the close, **at day's low.** |

"Marking the close" is a form of market manipulation in which traders deliberately execute trades at the very end of the trading session in order to set an artificial closing price. This practice is particularly manipulative because the trades are executed at **3:59:59 PM**, exactly at the end of the trading session. At that point, other market participants have no opportunity to respond or provide counter-orders. The result is that the official closing price — which is widely relied upon for valuation purposes — is artificially deflated without the possibility of natural market correction.

In addition to this, there continues to be evidence of selective routing of trades and manual adjustments to displayed bid/ask boundaries, restricting natural order flow and reinforcing closing-price suppression. These practices appear to violate established securities laws prohibiting market manipulation and best-execution failures, including provisions of the Securities Exchange Act and FINRA rules.

This evidence further supports the objection filed by MFN Partners and Mobile Street. I support their position that the Fourth Amended Plan should be rejected, as it risks cementing a distorted valuation while systematic deflation of Yellow equity continues. The estate's perceived value is distorted, to the detriment of shareholders and other stakeholders.

Consistent with the objections filed by MFN Partners and Mobile Street, it appears that only an independent fiduciary could ensure fair treatment of the estate. Evidence of systematic trading suppression reinforces the risk that the current Plan structure undervalues the estate to the detriment of creditors and shareholders.

As a shareholder, I respectfully submit this evidence to aid the Court in evaluating whether estate valuation has been distorted by market manipulation.

Respectfully,

*Concerned Retail Shareholder*
YELLQ Equity Security Holder