# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date:** |
|  | ) | November 12, 2025 at 10 a.m. (ET) |
|  | ) | **Response Deadline:** |
|  | ) | November 7, 2025 at 4:00 p.m. (ET) |

## DEBTORS' SEVENTH MOTION FOR ENTRY OF AN ORDER (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] respectfully state the following in support of this motion (this "Motion").

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) further enlarging the period of time (the "Removal Period") set forth in rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") during which the Debtors, or the Liquidating Trustee, as applicable, may seek removal of certain actions (collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 by an additional 120-days, up to and including February 21, 2026, without prejudice to the Debtors' right, or the right of any liquidating trustee (the "Liquidating Trustee") appointed pursuant to a

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not immediately defined in this motion have the meanings ascribed to them later in this motion or in the Plan (as defined herein).

confirmed chapter 11 plan, as applicable, to seek additional extensions of the period within which the Debtors, or the Liquidating Trustee, as applicable, may remove actions; and (b) granting related relief.

**Jurisdiction and Venue**

2.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are section 1452 of title 28 of the United States Code, 28 U.S.C. §§ 1452, Bankruptcy Rules 9006 and 9027 and Local Rule 9006-2.

**Background**

5.      On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169]. The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee")

appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee"). No trustee or examiner has been appointed in these chapter 11 cases.

6. On October 30, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 996] (the "First Removal Motion"). On November 8, 2023 the Court entered the *Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 1056] (the "First Removal Order") extending the Removal Period to March 2, 2024.

7. On March 1, 2024, the Debtors filed the *Debtors' Second Motion for Entry of an Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 2497] (the "Second Removal Motion"). On March 19, 2024 the Court entered the *Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 2654] (the "Second Removal Order") extending the Removal Period to July 1, 2024.

8. On June 28, 2024, the Debtors filed the *Debtors' Third Motion for Entry of an Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 2497] (the "Third Removal Motion"). On July 16, 2024 the Court entered the *Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 2654] (the "Third Removal Order") extending the Removal Period to October 29, 2024.

9. On October 14, 2024, the Debtors filed the *Debtors' Fourth Motion for Entry of an Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 4546] (the "Fourth Removal Motion"). On October 24, 2024 the Court

entered the *Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 4666] (the "Fourth Removal Order") extending the Removal Period to February 26, 2025.

10. On January 28, 2025, the Debtors filed the *Debtors' Fifth Motion for Entry of an Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 5567] (the "Fifth Removal Motion"). On February 6, 2025, the Court entered the *Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 5624] (the "Fifth Removal Order") extending the Removal Period to June 26, 2025.

11. On June 26, 2025, the Debtors filed the *Debtors' Sixth Motion for Entry of an Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 6594] (the "Sixth Removal Motion", and together with the First Removal Motion, the Second Removal Motion, the Third Removal Motion, the Fourth Removal Motion, and the Fifth Removal Motion, the "Removal Motions"). On July 21, 2025, the Court entered the *Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 6690] (the "Sixth Removal Order") extending the Removal Period to October 24, 2025.

### The Actions

12. The Debtors are currently involved in a number of civil actions commenced prepetition in various forums. The Debtors continue to review their books and records and are in the process of determining whether to remove any Actions to a district court pursuant to 28 U.S.C. § 1452. In addition to the numerous key workstreams described in the Removal Motions, the Debtors have diligently used their time since entry of the Sixth Removal Order advancing a number of critical matters and have not yet decided which, if any, of the Actions they

will seek to remove. Specifically, the Debtors and their professionals have been focused on, among other things:

- preparing and filing the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed By the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, supplemented, or otherwise modified from time to time, the "Plan") and the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed By the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 7605] (as amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement");

- negotiating and obtaining entry of orders approving nine asset purchase agreements for owned real properties with an aggregate value of over $14 million and $21,660,000 CAD [Docket Nos. 6750, 7541, and 7727];

- filing substantive and non-substantive claims objections to 117 proofs of claim pursuant to their Thirty-Third and Thirty-Fourth Omnibus Objections to Claims [Docket Nos. 7357 and 7358];

- obtaining entry of orders in connection with their Thirty-First, Thirty-Third, and Thirty-Fourth Omnibus Objections to Claims, thereby right-sizing the claims pool by more than $10 million [Docket Nos. 7347, 7578, and 7579];

- successfully negotiating and entering into setoff agreements pursuant to the Customer Collections Order[3] [Docket No. 522] resulting in a collection of approximately $7.8 million in accounts receivable;

- addressing requests for payment of administrative expenses, including by preparing and obtaining orders approving two joint stipulations regarding requests for payment of administrative expenses [Docket Nos. 7458 and 7634];

- responding to numerous discovery requests in connection with various pending litigation;

- filing a rejection notice for three unexpired leases pursuant to the Rejection Procedures Order[4] [Docket No. 6745];

---

[3] *See Final Order (I) Authorizing the Debtors to Consent to Limited Relief from the Automatic Stay to Permit Setoff of Certain Customer Claims Against the Debtors, and (II) Granting Related Relief* [Docket No. 522] (the "Customer Collections Order").

[4] *See Order (I) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 550] (the "Rejection Procedures Order").

5

- filing a rejection notice for three executory contracts pursuant to the Rejection Procedures Order [Docket No. 6745];

- preparing and participating in oral arguments in the Tenth Circuit Appeal of the International Brotherhood of Teamsters litigation [Case No. 24-3111];

- reconciling claims and interests as promptly and efficiently as possible; and

- addressing questions, concerns, and issues raised by employees, vendors, utility companies, and other parties in interest.

13. Given the complexities of these chapter 11 cases and the Debtors' focus on other matters associated with maximizing the value of their estates for the benefit of all stakeholders, the Debtors are not yet in a position to undertake a thorough analysis of the Actions or develop a strategy with respect to whether they should remove certain Actions.

14. It is also possible that the Debtors, or the Liquidating Trustee, as applicable, may become aware of Actions following the completion of their review of proofs of claim filed in these chapter 11 cases, at which point the Debtors will need to analyze such potential Actions to determine whether to remove any such Actions. Consequently, the Debtors are seeking an extension of the Removal Period to provide them, or the Liquidating Trustee, as applicable, with time to decide whether to remove any such Actions.

## Basis for Relief

15. Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).  Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action.  Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a bankruptcy case is commenced, the notice of removal must be filed within the longest of these periods: (A) 90 days after the order for relief in the bankruptcy case, (B) if the claim or cause of action has been stayed under § 362, 30 days after entry of an order terminating the stay is entered, or (C) in a Chapter 11 case, 30 days after a trustee qualifies-but no later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).  Bankruptcy Rule 9027(a)(3) provides, in pertinent part:

> If a claim or cause of action is asserted in another court after the bankruptcy case was commenced, a party filing a notice of removal must do so within the shorter of these periods (A) 30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

16.    Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027.  Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period . . . the court may-at any time and for cause-extend the time to act if . . . with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires . . . .

Fed. R. Bankr. P. 9006(b)(1).

17.    The Debtors are seeking to extend the Bankruptcy Rule 9027(a)(2)(A) deadline with respect to civil actions pending as of the Petition Date 120-days, from the current October 24, 2025 deadline (the "<u>Current Deadline</u>") through and including February 21, 2026

(the "Prepetition Removal Deadline"),[5] to ensure the Debtors' right to remove, or the Liquidating Trustee's right to remove, as applicable, is preserved and that creditors are on notice of such extended removal deadline. The Debtors believe they have additional time to remove the Actions under Bankruptcy Rule 9027(a)(2)(C) and, to the extent such Actions are subject to the automatic stay, Bankruptcy Rule 9027(a)(2)(B), but nevertheless seek entry of this Motion out of an abundance of caution. Furthermore, the Debtors request the entry of an order extending the time by which to file notices of removal with respect to civil actions initiated after the Petition Date to the later of (i) February 21, 2026, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (the "Postpetition Removal Deadline"). The confirmation hearing is currently set for November 12, 2025 at 10:00 a.m. prevailing Eastern Time and, to the extent confirmation of a plan occurs prior to February 21, 2026, the Debtors further request that the Liquidating Trustee's right to file notices of removal with respect to civil actions under Bankruptcy Rule 9027(a), is similarly preserved, to the extent the Liquidating Trustee determines, in its reasonable judgment, to do so.[6]

18.    It is well-settled that the Court is authorized to enlarge the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322,

---

[5] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the current deadline shall serve to automatically extend the current deadline without the necessity for the entry of a bridge order, until the Court rules on this Motion. *See* Del. Bankr. LR 9006-2.

[6] See *Notice of Hearing to Consider Confirmation of the Fourth Amended Joint Chapter 11 Plan and Related Voting and Objecting Deadlines* [Docket No. 7667].

325 (S.D.W. Va. 2000) (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

19. The Debtors', or Liquidating Trustee's, as applicable, decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the expeditious resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with the reorganization process, the chapter 11 plan, the claims allowance process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action. To make the appropriate determination, the Debtors, or Liquidating Trustee, as applicable, must analyze each Action (if any) in light of such factors.

20. To date, the Debtors' review of their books and records to determine whether any additional Actions exist remains ongoing. Since the commencement of these chapter 11 cases, the Debtors have focused on a number of time sensitive matters, including engaging in a comprehensive marketing process to maximize the value of their estates for the benefit of all stakeholders. That process remains ongoing. Since the entry of the Sixth Removal Order, the

Debtors, in consultation with the Committee, have filed private sale motions for the sale of nine owned properties with an aggregate value of $14 million and over $21 million CAD.[7]

21. Further, since the entry of the Sixth Removal Order, the Debtors' efforts were largely dedicated to continuing winddown and liquidation efforts with respect to the Debtors' remaining assets and engaging with their key stakeholders to garner consensus around the Plan.

22. The Debtors believe that the extension requested herein will provide the Debtors with the ability to make fully-informed decisions concerning the removal of any Actions and will ensure that the Debtors' rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner. Alternatively, if such an extension is not granted, the Debtors may not become aware of Actions until after the Removal Period expires.

23. Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Debtors' requested extension of the Removal Period. If the Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b). Accordingly, the Debtors submit that cause exists for the relief requested herein.

24. Further, the rights of any party to the Actions will not be unduly prejudiced by the Debtors' requested extension. Inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their respective courts during these chapter 11 cases, even absent the relief requested herein.

25. Courts in this district have regularly granted the relief requested herein in other large chapter 11 cases. *See, e.g.*, *In re PES Holdings, LLC*, No. 19-11626 (LSS) (Bankr. D. Del. May 27, 2021) (granting a seventh, 90-day extension, without prejudice to the debtors' right to

---

[7] *See* Docket Nos. 6750, 7541, and 7727.

seek further extensions); *In re Emerald Oil, Inc.*, No. 16-10704 (KG) (Bankr. D. Del. January 1, 2019) (granting a seventh, 180-day extension, without prejudice to the debtors' right to seek further extensions); *In re Energy Future Holdings Corp.*, No. 14-10979 (CSS) (Bankr. D. Del. July 7, 2017) (same); *In re Chicago Newspaper Liquidation Corp.*, No. 09-11092 (CSS) (Bankr. D. Del. May 9, 2011) (granting a seventh, 90-day extension, without prejudice to the debtors' right to seek further extensions).[8] The 120-day extension requested herein is consistent with the extensions granted by this and other courts in this District under similar circumstances. Accordingly, the Debtors' requested extension is reasonable.

## Notice

26. The Debtors will provide notice of this motion to: (a) the U.S. Trustee; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as counsel to the Committee; (c) the office of the attorney general for each of the states in which the Debtors operate; (d) United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

27. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

---

[8] Because of the voluminous nature of the orders cited herein, such orders are not attached to the Motion. Copies of these orders are available at the request of Debtors' counsel.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: October 17, 2025
Wilmington, Delaware

*/s/ Peter J. Keane*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | **KIRKLAND & ELLIS LLP** |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | 333 West Wolf Point Plaza |
| 919 North Market Street, 17th Floor | Chicago, Illinois 60654 |
| P.O. Box 8705 | Telephone: (312) 862-2000 |
| Wilmington, Delaware 19801 | Facsimile: (312) 862-2200 |
| Telephone: (302) 652-4100 | Email: patrick.nash@kirkland.com |
| Facsimile: (302) 652-4400 | david.seligman@kirkland.com |
| Email: ljones@pszjlaw.com | -and- |
| tcairns@pszjlaw.com | Allyson B. Smith (admitted *pro hac vice*) |
| pkeane@pszjlaw.com | **KIRKLAND & ELLIS LLP** |
| ecorma@pszjlaw.com | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: allyson.smith@kirkland.com |

*Co-Counsel for the Debtors and Debtors in Possession*