**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Docket No. 6746** |

## OBJECTION TO CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION

Terreno Clawiter LLC and Terreno Dell LLC (collectively, "Terreno") respectfully presents its Objection to Confirmation of the Debtor's Plan of Reorganization [Docket No. 6746] as follows:

### I.   PRELIMINARY STATEMENT

1. The Plan seems to contemplate that certain Section 365 bankruptcy powers, including the Bankruptcy Assignment Powers, will be exercisable by the Liquidating Trustee post-confirmation. Both the Bankruptcy Assignment Powers and this Court's jurisdiction over Section 365 matters will continue indefinitely post-confirmation.

2. The law is to the contrary. Following the Effective Date of the Plan, the Bankruptcy Assignment Powers cannot be exercised by the Liquidating Trustee, a mere assignee of the bankruptcy estate, and this Court's jurisdiction must shrink. Post-effective date efforts by the Liquidating Trustee to assign the Terreno Leases will be governed by applicable non-bankruptcy law, and disputes regarding assignments must be resolved by appropriate non-bankruptcy tribunals.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

II. **RELEVANT FACTS**

    A.    **The Terreno Leases**

3. Terreno is the landlord of two Yellow leases.

    a. Terreno Clawiter LLC, as landlord, and co-debtor YRC Inc, as tenant, are parties to a certain lease dated December 22, 2009 (as amended or modified from time to time, the "Clawiter Lease"), covering certain premises located at 25555 Clawiter Road, Hayward, CA 94545, on the terms and conditions set forth therein. The Debtors identify the Clawiter Lease as Y889 and refer to it as "Oakland."

    b. Terreno Dell LLC, as landlord, and co-debtor YRC Inc., as tenant, are parties to a certain lease dated February 13, 2009 (as amended or modified from time to time, the "Dell Lease"), covering certain premises located at 700 Dell Road, Carlstadt, NJ 07072, on the terms and conditions set forth therein. The Debtors identify the Dell Lease as Y126 and refer to it as "Carlstadt."

4. In each case, prior to the expiration of the initial lease term, Yellow exercised a 10 year renewal option. Currently, the Clawiter Lease expires on December 31, 2029 and the Dell Lease expires on February 28, 2029. Thus, the remaining unexpired term of each of the Terreno Leases is somewhat more than three years.

5. Through an Order entered on April 19, 2024; [Docket No. 3086]; the Terreno Leases were assumed and cures identified and thereafter satisfied.

6. The Terreno Leases were included in Yellow's initial real property auction conducted on November 28, 2023. Terreno submitted offers to pay substantial termination fees for the Terreno Leases. [See, Docket No. 1357.] Yellow withdrew the Terreno Leases from the initial auction.

7. Over the subsequent 23 months, Yellow has marketed the Terreno Leases for sale, without success.

**B.   The Bankruptcy Assignment Powers**

8. The representative of the bankruptcy estate is afforded extraordinary powers – both substantive and procedural – to assign assumed executory contracts.

9. Substantively, assignment by the bankruptcy estate can override a variety of provisions which impede or prevent assignments under otherwise applicable non-bankruptcy law. Section 365(f). As a procedural matter, the bankruptcy estate can require the rights of landlords throughout the nation to be resolved in a single court convenient to the bankruptcy estate, and ordinarily do so through a brisk motion practice. Bankruptcy Rule 6006.

**III.   ARGUMENT**

10. The Plan of Reorganization suggests that post-confirmation efforts to assign or sublease the leases will be governed by Section 365(k) and be subject to administration by this Bankruptcy Court. Terreno submits that this is incorrect, and that from and after the Effective Date, assignments must be governed by otherwise applicable non-bankruptcy law, and disputes about assignments must be resolved in otherwise appropriate non-bankruptcy tribunals.

**A.   The Liquidating Trustee May Not Exercise Bankruptcy Assignment Powers**

11. Where the Debtor has assumed an executory contract but has not assigned it pre-confirmation, the Plan provides that it will be assigned to the Liquidation Trust. "Each [assumed] Executory Contract and Unexpired Lease… which has not been assigned to a third party prior to the Confirmation Date, shall revest in and be fully enforceable by the Liquidating Trust in accordance with its terms…" Article V, A. p. 27. It is unclear what weight "revest in" is expected

to carry: the tenant's interest in the Terreno Leases was never before held by the Liquidating Trust, so it cannot *re*vest; it can only be assigned to the Liquidating Trust.

12. The powers provided by Section 365 are provided to the bankruptcy estate, and not assignees of the bankruptcy estate. The Debtor may avail itself of the Bankruptcy Assignment Powers to effect its assignment of the Terreno Leases to the Liquidating Trustee. The Bankruptcy Assignment Power is a power granted to the representative of the bankruptcy estate, however, and the bankruptcy estate ceases to exist upon confirmation of the Plan. *In re Resorts Int'l, Inc.*, 372 F.3d 154, 165, (3rd Cir. 2004) ("[T]he debtor's estate ceases to exist once confirmation has occurred.") Following confirmation of the Plan and the bankruptcy estate ceasing to exist, there is no basis on which anyone, let alone the Liquidating Trustee, could avail itself of the Bankruptcy Assignment Powers to further assign the Terreno Leases to future subsequent assignees.

13. Nonetheless, the Plan proposes that the Court is permitted to authorize assignment and establish "adequate assurances of future performance" post-confirmation, apparently for the benefit of the Liquidating Trustee. Article V, D. p.28.

B.  **Section 365 Powers Expire on Plan Confirmation**

14. The ordinary rule is that Section 365 powers must be exercised, if at all, by confirmation of the Plan. 3 COLLIER ON BANKRUPTCY ¶ 365.05 (16th 2025) ("In a case under chapter 9, 11, 12 or 13, the trustee may assume or reject an executory contract or unexpired residential lease or lease of personal property at any time before confirmation of the plan.")

15. Admittedly, three cases have been found in which assumption or rejection was deferred until shortly after confirmation.

    a.  In *DJS Props., L.P. v. Simplot*, 397 B.R. 493, 499 (D. Id. 2008) the District Court acknowledged that "the 'normal deadline' for the trustee to assume or reject

executory contracts is the date the plan is confirmed;" collecting cases.[2] Whether a critical partnership agreement was an executory contract which must be assumed or rejected was raised shortly before confirmation, and that issue was deferred, to be resolved in post-confirmation litigation.

        b.       In *Alberts v. Humana Health Plan, Inc. (In re Greater Se. Cmty. Hosp. Corp.),* 327 B.R. 26, 33 (Bankr. D.D.C. 2005) the Debtor was permitted to revise its decision to assume or reject executory contracts post-confirmation if the cure amounts proved materially different from its expectations.

        c.       *In re Gunter Hotel Assocs.,* 96 B.R. 696, 699-700 (Bankr. W.D. Tex. 1988) (where there was a compelling business reason to do so, rejection of a license agreement was deferred until shortly post-confirmation).

        d.       *ReGen Capital I, Inc. v. UAL Corp. (In re UAL Corp.)*, 635 F.3d 312, 320, (7th Cir. 2011). The United Plan of Reorganization provided an opportunity to reconsider assumption or rejection post-confirmation based on the ultimate cure amounts. The Seventh Circuit noted the existence of "broader issues posed by such 'post-confirmation assumption or rejection'" arrangements, but concluded that since no objection had been presented to confirmation of the Plan, its provisions were now binding and not subject to challenge.

---

[2] *Hiser v. Blue Cross of Greater Phila. (In re St. Mary Hosp.),* 89 B.R. 503, 513 (Bankr. E.D. Pa. 1988) ("[A] bankruptcy court is empowered to deny the [§ 365(d)(2)] motion and allow the debtor to wait until the normal deadline of confirmation to assume or reject the contract."); *In re Dana Corp.,* 350 B.R. 144 (Bankr. S.D.N.Y. 2006) ("'[I]t is the clear policy of the Bankruptcy Code to provide the debtor with breathing space following the filing of a bankruptcy petition, continuing until the confirmation of a plan, in which to assume or reject an executory contract.'") (citation omitted); *see also* John D. Ayer & Michael L. Bernstein, *Bankruptcy in Practice* § 11.26 (4th ed. 2007) ("The trustee will just naturally defer the decision [to assume or reject] as long as he can -- to the time of plan confirmation, if possible.").

16. All of the foregoing cases involved a brief post-confirmation extension of the time to assume or reject executory contracts to address the results of specific pending litigation. None dealt with the Bankruptcy Assignment Powers, and none would support the sort of open-ended extension of Section 365 powers proposed by the instant Plan.

17. Section 365 contemplates that executory contracts will come to rest upon Plan confirmation, or possibly shortly thereafter. There is no support for the proposition, seemingly embedded in the Plan, that the Bankruptcy Assignment Powers may continue indefinitely post-confirmation, exercisable by an assignee long after the bankruptcy estate has ceased to exist.

### C. The Bankruptcy Court's Jurisdiction Cannot be Extended as Proposed

18. It is well established that the bankruptcy courts' jurisdiction "is limited after confirmation of a plan." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 168-169, (3rd Cir. 2004).

19. Here, the Plan attempts to upend this principle. In the guise of a "retention of jurisdiction" provision, the Plan appears to preserve Section 365 in its entirety for the post-confirmation benefit of the Liquidation Trust.

> 3. resolve any matters related to…: (a) the assumption, assumption and assignment, or rejection of any Executory Contract or Unexpired Lease to which a Debtor is party or with respect to which a Debtor may be liable and to hear, determine, and, if necessary, liquidate, any Claims arising therefrom, including Cure Claims pursuant to section 365 of the Bankruptcy Code; (b) any potential contractual obligation under any Executory Contract or Unexpired Lease that is assumed; (c) the Liquidating Trustee amending, modifying or supplementing, after the Effective Date, pursuant to Article V, the Executory Contracts and Unexpired Leases to be assumed or rejected or otherwise; and (d) any dispute regarding whether a contract or lease is or was executory, expired, or terminated…

Plan, Article XII, 3 at p. 44.

20. Regardless of the expansive language of a retention of jurisdiction provision, the courts look to the merits. "[I]n the absence of statutory federal jurisdiction, 'retention of

jurisdiction provisions in a plan of reorganization or trust agreement are fundamentally irrelevant." *Resorts Int'l, Inc., supra,* 372 F.3d at 161.

21. Following confirmation of a Plan, courts ask whether there is a "close nexus" between the proposed exercise of jurisdiction and the implementation of the Plan. "At the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process – there must be a close nexus to the bankruptcy plan or proceeding." *Resorts Int'l, Inc.*, *supra*, 372 F.3d at 167. Here, the Terreno Leases are merely assets to be liquidated by the Liquidating Trustee, scarcely an "integral aspect of the bankruptcy process."

22. "Though the Litigation Trust's assets… were once assets of the estate, that alone does not create a close nexus to the bankruptcy plan or proceeding sufficient to confer bankruptcy jurisdiction." *Resorts Int'l, Inc.*, *supra*, 372 F.3d at 169.

23. The jurisdiction of bankruptcy courts following plan confirmation is limited. Attempting to preserve bankruptcy court jurisdiction over the liquidation of the Terreno Leases is inconsistent with Third Circuit jurisprudence.

### IV.     CONCLUSION AND REQUEST FOR RELIEF

24. The Bankruptcy Assignment Power is exercisable only by the bankruptcy estate. The Bankruptcy Assignment Power will cease to exist on the confirmation of the Plan of Reorganization, when the Terreno Leases will be assigned to the Liquidating Trust and the bankruptcy estate will cease to exist. The Bankruptcy Assignment Power cannot be exercised post-confirmation. This is consistent with the general principle that Section 365 powers must be exercised by the confirmation of the Plan of Reorganization, if at all.

25. If there are disputes about the subsequent assignment or sublease of the Terreno Leases, they will be disputes between non-debtors (Terreno and the Liquidating Trustee), governed

by non-bankruptcy law. There is no justification for imposing bankruptcy court jurisdiction over these disputes.

26. The Court should resolve this matter by incorporating into the Confirmation Order text to the following effect: "Notwithstanding anything in the Plan or this Order to the contrary, from and after the Effective Date the Terreno Leases (Y126 and Y889) shall be governed by otherwise applicable non-bankruptcy law and any disputes arising under them shall be adjudicated in an otherwise appropriate non-bankruptcy tribunal."

Date:   October 27, 2025

    */s/ Garvan F. McDaniel, Esq.*
Garvan F. McDaniel, Esq. (#4167)
HOGAN MCDANIEL
1311 Delaware Avenue
Wilmington, DE 19806
Telephone (302) 656-7596
 Facsimile (302) 656-7599
gfmcdaniel@dkhogan.com

-and-

Michael St. James *(Admitted Pro Hac Vice)*
ST. JAMES LAW, P.C.
236 West Portal Avenue, Ste. 305
San Francisco, CA 94127
(415) 391-7566
michael@stjames-law.com

*Counsel to Terreno*