**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Yellow Corporation, *et al.*, [1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 6746** |

**LOCAL 705'S OBJECTION TO CONFIRMATION OF JOINT FOURTH**
**AMENDED JOINT CHAPTER 11 PLAN**

LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND ("Local 705 Pension Fund"), by and through its undersigned counsel, respectfully submits this objection[2] with respect to *the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed By the Debtors and the Official Committee of Unsecured Creditors Proposed By the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (the "Plan") and the related Plan Supplement for the Plan [Docket No. 7860] (the "Plan Supplement"), and states as follows:

**SUMMARY OF OBJECTION**

The Plan should not be confirmed because it improperly reserves claims and causes of action, including objections to claims held by Local 705 Pension Fund, when all such rights were previously resolved and discharged by the estate. Debtors are barred under principles of *res judicata* and the rules of this Court that require the Debtors to raise all substantive objections to

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

[2] Local 705 Pension Fund reserves the right to supplement this Objection to address modifications to the Plan or the proposed modification of treatment of similarly-situated pension funds.

claims in a single proceeding. Here, Debtors had ample opportunity to raise all claims and objections while litigating the *Debtors' Seventh Omnibus (Substantive) Objection to Proofs of Claim for Withdrawal Liability* [Docket No. 2595] and are therefore precluded from reserving or attempting to reserve any additional claims, rights, or causes of action that would apply to Local 705 Pension Fund's claims.

Moreover, Debtors are bound by their answers to Local 705 Pension Fund's discovery requests, including contention interrogatories, and have formally waived all claims, reservations of rights, and causes of action, including the objections they now seek to reserve under the Plan. Local 705 Pension Fund served its interrogatories on Debtor on Apil 25, 2024, which requested in Interrogatory No. 8, that the Debtors "state all bases upon which You contend that each claim is not entitled to be treated as an allowed unsecured claim with the right to receive distributions at the same priority as all other unsecured claims and ahead of equity holders in one or more of the Debtors." (*See* Exhibit A.) Debtors responded on July 24, 2024 stating that "Debtors *only* object that Local 705 should have discounted its claim to present value." (emphasis added). (*See* Exhibit B.).

Debtors later supplemented this response on November 5, 2024, adding that subject to boilerplate objections, Debtors "do not contend Local 705's proofs of claim for withdrawal liability are not entitled to be treated as allowed unsecured claims with the right to receive distributions at the same priority as all other unsecured claims." (*See* Exhibit C.) Debtors cannot now attempt to reserve claims, rights, and causes of action they expressly waived and are precluded from later asserting them as a matter of law. Accordingly, the Plan should not be confirmed.

**BACKGROUND**

1.\. Local 705 Pension Fund is a multiemployer pension fund in which the Debtors participated. When the Debtors permanently ceased covered operations prior to the August 6, 2023 petition date, they became liable to pay the Fund "withdrawal liability," *i.e.*, the Debtors' portion of the Fund's unfunded vested benefit liability. Local 705 Pension Fund calculated this liability at $17,830,282.

2\. On March 13, 2024, Debtors filed their Seventh Omnibus Objection ("Objection") asserting objections to claims of various pension plans including Local 705 Pension Fund. Debtors' sole objection to the Local 705 Pension Fund's proofs of claim was that Local 705 Pension Fund did not discount its claim to present value. *See* Objection, par.29, n.23 and exhibit A, thereto. [Dkt. 2595]

3\. On August 23, 2024, Local 705 Pension Fund filed its Motion for Summary Judgment requesting that the Court enter judgment allowing Local 705 Pension Fund's claims in the amount of $17,830,282. [Dkt. 4184]

4\. On April 7, 2025, this Court entered its Memorandum Opinion Setting Forth Preliminary Observations on Remaining Multiemployer Pension Plan Claims Allowance Disputes. (the "Memorandum Opinion"). [Dkt. 6030].

5\. The Court's Memorandum Opinion stated with respect to the discount methodology employed in the claims of Local 705 Pension Fund that "with [the removal of interest at a discount rate of 6.75%], Local 705's claim is reduced to $17,830,282, which is the amount of the claim it presently asserts. The Court concludes that this is the correct mode of analysis." [Dkt. 6030, at 42-43].

6. With respect to the waiver of subordination of claims under 29 U.S.C. § 1405(b), the Court noted that, among other things, "[c]ertain pension plans argue that the debtors have waived their § 1405(b) argument because the claim was only made in footnotes." [Dkt. 6030, at 49]. The Court ruled that "in the absence of any identifiable prejudice, this Court is inclined to exercise its discretion in favor of getting to the result actually required under the law, rather than applying the strictest possible construction of the rules of waiver." [Dkt. 6030, at 50]. As set forth below, this waiver does not address the waiver that occurred through the Debtors' responses to Local 705 Pension Fund's discovery requests and Local 705 Pension Fund can point to identifiable prejudice that was not addressed in the Court's ruling.

7. On July 18, 2025, this Court entered its Order Relating to Multiemployer Pension Plan Motions for Summary Judgment. [Dkt. 6682.] With respect to Local 705 Pension Fund's claims, the Court ordered that "[p]artial summary judgment is granted to Local 705 Pension Fund on its Motion for Summary Judgment [Docket No. 4184] for the reasons set forth in the Memorandum Opinion Setting Forth Preliminary Observations on Remaining Multiemployer Pension Plan Claims Allowance Disputes [Docket No. 6030]." [Dkt. 6682, par. 1].

8. Thus, the Court ruled that Local 705 Pension Fund holds allowed claims in the amount of $17,830,282, but did not reach the issue of whether such claims in the $17,830,282 were subject to subordination under 29 U.S.C. § 1405(b) and only ruled that it was not exercising its discretion to find that the Debtors generally waived their right to assert subordination of various funds' withdrawal liability claims under 29 U.S.C. § 1405(b). [Dkt. No. 6030]

9. On October 1, 2025, Local 705 Pension Fund filed its Motion Pursuant to Bankruptcy Rule 3018 to Allow Claim for Voting and Distribution Purposes. [Dkt. 7722]. On October 21, 2025, this Court entered its Order temporarily allowing Local 705 Pension Fund's

claims in the aggregate amount of $17,830,282 for voting purposes [Dkt. 7823]. The remainder of the Motion remains pending.

10. The Plan, the Disclosure Statement and the Plan Supplement all purport to reserve the Bankruptcy estates' power to assert subordination claims against Local 705 Pension Fund as well as

> All claims and Causes of Action (in law or equity), including, without limitation, any defenses, cross claims, and counterclaims related to or arising under such entities' prepetition or post-petition relationship with the Debtors, including, but not limited to those arising from or related to the *Debtors' Seventh Omnibus (Substantive) Objection to Proofs of Claim for Withdrawal Liability* [Docket No. 2595] and the Preliminary MEPP Opinion [Docket No. 6682].

[Dkt. 7860, pp. 14-15].

## OBJECTION TO CONFIRMATION OF THE PLAN

11. Local 705 Pension Fund has voted against the Plan and objects to the Plan to the extent that it improperly purports to retain previously relinquished claims, causes of action, defenses and other actions on behalf of the estate that might be employed post-confirmation to reduce, disallow or subordinate Local 705 Pension Fund's claims in the aggregate amount of $17,830,282.

12. The Plan attempts to alter well-established principles of bankruptcy law. The bankruptcy courts' jurisdiction "is limited after confirmation of a plan." *In re Resorts Int'l*, Inc., 372 F.3d 154, 168-169, (3rd Cir. 2004). The Court may not retain jurisdiction to entertain claims, causes of action or the assertion of other legal rights that the estates already relinquished pursuant to the basic jurisdictional principles of bankruptcy law. *See e.g., Dupree Farms, LLC v. Producers Agric. Ins. Co.*, 2024 Bankr. LEXIS 1321*28 ("[N]either the parties nor the bankruptcy court can create § 1334 jurisdiction by simply inserting a retention of jurisdiction provision in a plan of

reorganization if jurisdiction is otherwise lacking.") citing *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 839 (4th Cir. 2007).

13. The Debtors are barred under principles of res judicata from raising new causes of action based on the same "same operative nucleus of facts." *See, e.g., Pleming* v. *Universal-Rundle Corp.,* 142 F.3d 1354, 1356 (11th Cir. 1998) (*Res judicata* "acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.").

14. Debtors are also barred from raising new substantive objections to Local 705 Pension Fund's claim under local rules of this Court that require that "[u]nless the basis for the objection is incorrect classification of a claim, the objection must include all substantive objections to the claim." Local Rule 3007-1(e)(iv). Subordination constitutes a substantive objection. *See, e.g., In re Outdoor Sports Headquarters*, 168 B.R. 177, 183 (S.D. Ohio 1984) ("Because the term objection is not restricted in any manner in the Plan and is not defined in the Bankruptcy Code or Rules, this court concludes that based upon the general use of the word objection and its ordinary meaning, 'any adverse reason raised to oppose a matter or proceeding,' objection is not limited to allowance or disallowance of claims, but includes the concept of subordination.") (citing Black's Law Dictionary at 967-68 (5th ed. 1979).

15. Local Rule 3007-1(e)(iv) is not simply a rule of convenience that may be disregarded based on the discretion of the court. It is based on jurisdictional principles under Article III of the Constitution and thus cannot be set aside to allow Debtors' improper reservation of rights and causes of action. *See* July 18, 2025 Letter [Dkt. 6683] regarding form of Order dated July 18, 2025 relating to Multiemployer Pension Plan Motions for Summary Judgment. [Dkt. 6682], citing *Hartig Drug Company, Inc. v. Senju Pharmaceutical Co. Ltd.*, 836 F.3d 261, 267 (3d

Cir. 2016) ("federal courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party").

16. Local 705 Pension Fund would suffer identifiable prejudice if the Plan were confirmed with the reservation of rights in the Plan Supplement. [Dkt. 7860, pp. 14-15]. *See* Memorandum Opinion ("in the absence of any identifiable prejudice, this Court is inclined to exercise its discretion in favor of getting to the result actually required under the law, rather than applying the strictest possible construction of the rules of waiver.") [Dkt. 6030, p. 50].

17. During discovery, the Debtors responded on July 24, 2024 to Local 705 Pension Fund's Interrogatories stating that "Debtors are not alleging Local 705 relied upon inflated contribution rates, failed to account for required liability caps, or is seeking more than Debtors' allocable share of unfunded vested benefits, and will not object to Local 705's proofs of claim on those grounds; at present, and pending service of Local 705's amended proofs of claim, *Debtors only object that Local 705 should have discounted its claim to present value*." (emphasis added). *See* Exhibit B, hereto. As a result of Debtors' supplemental interrogatory response dated July 24, 2024, Local 705 Pension Fund withdrew its deposition notice for topics other than improper present value discounting and did not pursue discovery related to any other topic.

18. Local 705 Pension Fund disagrees that 29 U.S.C. § 1405 applies here to withdrawal liability claims, but even if it did apply, it requires that "liquidation . . . value" be "determined as of the commencement of liquidation," and then offers several instructions for adjustments to asset and liability values in arriving at this value determination. 29 U.S.C. § 1405 (b)(2); 1405(d)(2). Local 705 Pension Fund did not pursue discovery with respect to the liquidation value determination required by the statute, based on the Debtors' discovery responses indicating that failure to discount to present value was the sole basis for their objection to the Local 705 Pension

Fund claims. Moreover, Local Rule 3017-1(e)(vi) provides that "[o]nce a creditor responds to an objection, the objector may only amend the objection with respect to the creditor's claim with the creditor's written consent or the court's leave. Leave should not be granted, as Local 705 Pension Fund has already incurred the substantial expense of briefing several rounds of summary judgment motions relevant to withdrawal liability claims. The Plan should not serve as a vehicle to circumvent the requirements of the Local Rules, which are designed to protect creditors from the very situation Local 705 Pension Fund faces if the Plan is confirmed with the Debtors' requested reservation of rights to seek subordination of its claims.

WHEREFORE, INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 705 PENSION FUND respectfully requests that this Court deny confirmation of Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed By the Debtors and the Official Committee of Unsecured Creditors Proposed By the Debtors and the Official Committee of Unsecured Creditors and order such other and further relief as this Court deems just and necessary.

Date:  October 29, 2025
       Wilmington, Delaware

**SULLIVAN HAZELTINE ALLINSON LLC**

 */s/ William D. Sullivan*
William D. Sullivan (No. 2820)
William A. Hazeltine (No.3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
       whazeltine@sha-llc.com

**BAUM SIGMAN AUERBACH & NEUMAN, LTD.**

*/s/ Stephen J. Rosenblat*
Stephen J. Rosenblat
(ARDC No. 6204044)
200 West Adams Street, Suite 1825
Chicago, IL 60606
Tel: (312) 216-2573
Email: pryan@baumsigman.com
srosenblat@baumsigman.com

and

**PEDERSEN HOUPT**

*/s/ John S. Delnero*
John S. Delnero (ARDC No. 6195914)
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
Tel: 312-261-2185
jdelnero@pedersenhoupt.com

*Counsel for International Brotherhood of Teamsters Local 705 Pension Fund*