# EXHIBIT B

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

John Christian
To Call Writer Directly:
+1 214 972 1724
john.christian@kirkland.com

4550 Travis Street
Dallas, TX 75205
United States

+1 214 972 1770

www.kirkland.com

Facsimile:
+1 214 972 1771

July 24, 2024

**VIA EMAIL**
John S. Delnero
161 North Clark Street, Suite 2700
Chicago, IL 60601
jdelnero@pedersenhoupt.com

Re:   Local 705 International Brotherhood of Teamsters Pension Fund's ("**Local 705's**") Deposition Notice to Debtors [ECF No. 3813], dated July 2, 2024 ("**Notice**")

Dear John:

I write in connection with, and to memorialize our discussions regarding, the above-referenced Notice. Based on those discussions, the Debtors understand that Local 705 will not be seeking expert testimony during tomorrow's deposition, including testimony on withdrawal liability calculations Debtors' experts have prepared for this litigation, or any assumptions underlying those calculations. As I previously advised, the Debtors have engaged Hilco Valuation Services, LLC ("**Hilco**") to review Local 705's proofs of claim, calculate Debtors' withdrawal liability to Local 705, and prepare an expert report on these topics, which Debtors will serve in accordance with the parties' agreed scheduling order. Following service of that report, Debtors will make Hilco available to testify on the contents thereof during the expert discovery phase of this litigation.

Debtors further understand that, since Local 705 served the Notice, the parties have met and conferred on certain of the noticed topics, including those related to Debtors' discovery responses, and have resolved most (or all) of the issues Local 705 raised with respect to those responses. Debtors have provided a chart summarizing these discussions below and hope that this will obviate the need for much, if any, questioning on these topics.

With this in mind, and subject to Debtors' additional responses below, the Debtors will make Mr. Robert Campbell available for deposition on July 25, 2024. Please reach out to me if you have any questions or would like to discuss.

## KIRKLAND & ELLIS LLP

John S. Delnero
July 24, 2024
Page 2

**Topic No. 1**:

Your responses to numbers 4, 5, 6 & 7 in the Response to Interrogatories.

**Debtors' Response to Topic No. 1:**

With respect to Interrogatory Nos. 4, 5, and 6, which concern allegations in Debtors' Seventh Omnibus Objection and Debtors' objection to Local 705, Debtors maintain their written objections to these interrogatories but would stipulate as follows: Debtors are not alleging Local 705 relied upon inflated contribution rates, failed to account for required liability caps, or is seeking more than Debtors' allocable share of unfunded vested benefits, and will not object to Local 705's proofs of claim on those grounds; at present, and pending service of Local 705's amended proofs of claim, Debtors only object that Local 705 should have discounted its claim to present value.  Any further questioning on these interrogatories would venture into the province of expert testimony and would also be premature, given that Local 705 recently produced updated withdrawal liability calculations to Debtors and has not yet amended its proofs of claim.

With respect to Interrogatory No. 7, which concerns other proofs of claim in Debtors' bankruptcy proceedings, Debtors maintain their written objections to this interrogatory, but would stipulate as follows: Debtors believe any proof of claim for future payment streams should be reduced to its net present value.  Debtors have not yet filed merits objections to proofs of claim seeking a stream of payments to date (on any grounds) other than those filed by multiemployer pension funds, but will file such objections at a later date.  Debtors will amend their response to Interrogatory No. 7 to state as much.

To the extent that Local 705 needs additional information not otherwise provided through the above stipulations, and subject to Debtors' prior objections regarding any topics seeking expert testimony, Debtors will make Mr. Campbell available to testify on these topics.

**Topic No. 2**:

Your responses to request numbers 7, 8, 9, 10, 37, 38 & 39 in the Production of Documents.

**Debtors' Response to Topic No. 2:**

**KIRKLAND & ELLIS LLP**

John S. Delnero
July 24, 2024
Page 3

      As set forth in the chart[1] below, which Debtors would stipulate as being true and correct, it is Debtors' understanding that the parties previously resolved any issues Local 705 raised with respect to these Requests for Production. If Local 705 disagrees, Debtors are happy to engage in further discussions with Local 705 as to these requests. Debtors have used the following chart to educate Mr. Campbell on this topic, and his testimony will necessarily be limited to the contents of this chart.

| RFP No. | Description | Status |
|---|---|---|
| 7 | All Documents that relate to the likelihood that equity holders will receive recoveries in the Debtors' bankruptcy proceedings jointly administered under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware | On July 3, 2024, Debtors advised Local 705 that they have reviewed are not aware of any documents responsive to these requests. Debtors will amend their responses to RFP Nos. 7 and 8 to state as much. |
| 8 | All documents that relate to the prospect of equity holders receiving distributions ahead of Claimant in the Debtors' bankruptcy proceedings jointly administered under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware. | |
| 9 | All documents that reflecting the purchase of equity in the Debtors in the one-year period prior to the Debtors' bankruptcy proceedings jointly administered under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware. | Since the parties' last meet and confer, Debtors have collected and produced all documents in their possession, custody, and control responsive to this request. Debtors made this production on July 9, 2024. |

---

[1] Notwithstanding their agreement to respond to or search for or produce documents in connection with the discovery requests set forth in this chart, Debtors do not waive any written objections they may have asserted as to such requests.

# KIRKLAND & ELLIS LLP

John S. Delnero
July 24, 2024
Page 4

| RFP No. | Description | Status |
|---------|-------------|--------|
| 10 | All documents that the Debtors rely on in support of Debtor's statement in the Objection, as applied to the Claimant, that "many of these funds, including the Pension Plans, suffered from mismanagement and/or severe liquidity issues for years, such that, by 2021, they had terminated or reduced benefit payments to plan participants, and/or certified themselves to the federal government as in "critical," "critical and declining," or "endangered" status." | As Debtors advised Local 705 on July 3, 2024, Debtors cited all of the documents on which they relied in support of that statement, including as it applied to Local 705. *See* ECF No. 2595 ¶ 13, n. 13. Debtors will amend their response to RFP No. 10 to identify these documents. |
| 37 | All communications with the Official Committee of Unsecured Creditors of Yellow Corporation, et.al., related to the Objection | Debtors advised Local 705 on July 3, 2024, that Debtors are not aware of any documents responsive to this request, but would assert common interest privilege over any documents that would be responsive. Debtors will amend their responses to RFP No. 37 to state as much. |
| 38 | All communications with any equity security holder or ad hoc committee of equity security holders related to the Objection. | Debtors advised Local 705 on July 3, 2024, that they have communicated with MFN regarding its analysis of and strategy relating to the non-SFA funds' proofs of claim for withdrawal liability, and are asserting common interest privilege over these communications. Debtors are otherwise not aware of any documents |

## KIRKLAND & ELLIS LLP

John S. Delnero
July 24, 2024
Page 5

| RFP No. | Description | Status |
|---|---|---|
| | | responsive to this request. Debtors will amend their responses to RFP No. 38 to state as much. |
| 39 | All documents related to Debtor's objections or proposed objections to claims of unsecured creditors, other than the creditors listed in the Objection, that were contingent or unmatured on the date of the filing of the petitions initiating this case, on the basis that such claim are subject to present value discounting. | Debtors advised Local 705 on July 3, 2024, that Debtors have not yet filed merits objections to proofs of claim seeking a stream of payments to date (on any grounds) other than those filed by multiemployer pension funds, but will be filing such objections at a later date. Debtors will amend their response to RFP No. 39 to state as much. |

**Topic No. 3**:

The Seventh Omnibus Objection.

**Debtors' Response to Topic No. 3:**

Debtors understand that Local 705 will limit its questioning on this topic to those provisions of the Seventh Omnibus Objection relating to Debtors' factual allegations, including any allegations relating to Local 705. Debtors would otherwise object that much of the Seventh Omnibus Objection is legal argument and inappropriate for Rule 30(b)(6) testimony. Additionally, as discussed above, to the extent Local 705 seeks to explore the bases for the Debtors' calculations of withdrawal liability, or disputes with Local 705's calculation of withdrawal liability, it is premature to do so now as Hilco will be made available to testify on such topics during the expert phase of discovery. To the extent there are questions posed on this topic the Debtors reserve the right to object to them on a question-by-question basis.

## KIRKLAND & ELLIS LLP

John S. Delnero
July 24, 2024
Page 6

**Topic No. 4**:

Your internal calculations of withdrawal liability owed to IBT Local 705 Pension Liability during the ten-year period prior to the date of the Debtors' bankruptcy petitions.

**Debtors' Response to Topic No. 4:**

Debtors understand that Local 705 will limit its questioning on this topic to those documents and historical withdrawal liability estimates that Local 705 identified for the Debtors on July 22, 2024, in accordance with the parties' stipulation on this matter. Debtors have undertaken reasonable efforts to review these documents with Mr. Campbell and have prepared him to testify thereon. Were Local 705 to seek testimony on any other documents or withdrawal liability estimates during the deposition aside from those previously disclosed, Debtors would object that they received insufficient notice and were unable to prepare Mr. Campbell to testify on such documents. It would have been unduly burdensome to prepare Mr. Campbell on every estimate of withdrawal liability that Debtors or any of its numerous advisors prepared over a ten-year period, and would have also been disproportional to the needs of this case, given the limited relevance of such historical estimates. As set forth above, the Debtors' *current* calculation of withdrawal liability will be the subject of Hilco's forthcoming expert report, and Debtors will make Hilco available to testify on such calculation following service of this report.

Sincerely,
*John Christian*

CC: Michael Slade
Michael Esser
Michael Lehavi
Patrick Ryan