# EXHIBIT C

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, et al.,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' AMENDED RESPONSES AND OBJECTIONS TO**
**LOCAL 705 IBT PENSION FUND'S**
**FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("**Federal Rules**"), made applicable to the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") by Rules 7026, 7033, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the above-captioned debtors and debtors in possession (the "**Debtors**"), by and through their undersigned counsel, hereby submit the following responses and objections to Local 705 IBT Pension Fund's ("**Local 705's**") First Set of Interrogatories (each an "**Interrogatory**," and collectively, the "**Interrogatories**").

**PRELIMINARY STATEMENT**

The Debtors' objections and responses are made without waiver of any objections as to competence, relevance, materiality, or admissibility as evidence, for any purpose, of any response to the Interrogatories, and without waiver of the Debtors' right to object on any grounds to the use

---

[1]     A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

of these objections and responses at any trial or hearing.  The fact that the Debtors object to or respond to any Interrogatory should not be taken as an admission that the Debtors accept or admit the existence of any facts assumed by such Interrogatory, nor should such a response be taken to constitute admissible evidence as to any such assumed facts.  The fact that the Debtors respond to part of or all of any Interrogatory is not intended to be, and shall not be construed as, a waiver by the Debtors of any part of any objection to any Interrogatory.

Discovery, investigation, research, and analysis are ongoing, and the Debtors reserve the right to add meaning to known facts, establish new legal contentions, or supplement the following responses as appropriate and to assert additional objections as the facts and circumstances may warrant and/or as the facts and circumstances are more fully developed through additional investigation and discovery at any time, including trial.  The Debtors' responses are based only on information presently available to the Debtors based on a reasonable search at this stage of the litigation.  These responses should be considered preliminary and subject to change at any time because discovery and investigation continue.

## **GENERAL OBJECTIONS**

These General Objections apply to each Interrogatory.  For convenience, they are not repeated in each response but are incorporated into each response as if fully set forth therein.  The assertion of the same, similar, or additional objections or the provision of partial responses to the individual discovery requests does not waive or modify any of the Debtors' General Objections.

1.      The Debtors object that, accounting for all subparts of Local 705' Interrogatories, Local 705 has exceeded the number of interrogatories it is permitted to serve under Federal Rule of Civil Procedure 33.  *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including

all discrete subparts.").  At this time, the Debtors have obligations only to respond to Local 705'

first 25 interrogatories, inclusive of discrete subparts, and Local 705 has no right to seek further

information through the interrogatory device.  *See, e.g.*, *Keel v. Delaware State Univ. Bd. of

Trustees*, 2021 WL 964936, at *3-4 (D. Del. Mar. 30, 2021) (defendant had exceeded interrogatory

limit because "the subparts of Defendant's Interrogatory Number 16 refer to discrete factual

allegations . . . that should [] be considered separate interrogatories for the purposes of the limit

imposed by Fed. R. Civ. P. 33."); *Raymo v. Civitas Media LLC*, 2020 WL 12764379, at *1 (M.D.

Pa. Dec. 16, 2020) ("Although Defendant only numbers 22 separate interrogatories in its request,

there are numerous subparts that seek information about discrete separate subjects. Because the

inclusion of these subparts would place the Defendant over the limit of 25 interrogatories, the

Plaintiff is not required to respond to those interrogatories beyond which are allowable by Rule

33.") (internal quotations and citations omitted); *FormFactor, Inc. v. Micro-Probe, Inc.*, 2012 WL

1575093, at * (N.D. Cal. May 3, 2012) ("If Interrogatories 17 and 18 in fact exceeded the 25

interrogatories Micro-Probe was allowed, then Micro-Probe had no authority to serve

Interrogatories 17 and 18, and Plaintiff was not required to respond to them.").  The Debtors do

not waive this right, and the responses provided here are voluntary.

2.      The Debtors object to each Interrogatory seeking "all bases" for a contention; "all

facts" supporting such bases; "all oral and written communications and documents" relating to a

topic or contention; and/or "all persons having knowledge" of such topic or contention.  Such

interrogatories are overly broad, unduly burdensome, and disproportionate to the needs of this

case, and would impermissibly require the Debtors to marshal all potential evidence in support of

their claims.  *See, e.g.*, *TIG Ins. Co. v. Woodsboro Farmers Cooperative*, 2020 WL 12573285, at

*2 (S.D. Tex. Apr. 7, 2020) ("[C]ontention interrogatories should not request 'a detailed and

exhaustive list of all evidence that may be offered in support of its denials,' but can request that the opposing party 'explain the factual bases for its denials. By requesting TIG to '[i]dentify each fact you contend was established in the underlying litigation [and] supports your contention that . . .' Woodsboro is effectively requesting 'a detailed exhaustive list of all evidence.'") (holding that the interrogatories were overly broad) (internal citations omitted and emphases removed); *Lamar Adv. Co. v. Zurich Am. Ins. Co.*, 2020 WL 448243, at *5 (M.D. La. Jan. 28, 2020) ("The Court finds this interrogatory overly broad to the extent it seeks all information, knowledge, or facts relied upon or supporting the denials."); *Linde v. Arab Bank, PLC*, 2012 WL 957970, at *1 (E.D.N.Y. Mar. 21, 2012) ("Courts generally resist efforts to use contention interrogatories as a vehicle to obtain every fact and piece of evidence a party may wish to offer concerning a given issue at trial. Thus courts do not typically compel responses to interrogatories that seek a catalog of all facts or all evidence that support a party's contentions."); *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact—rather than, for example, certain or principal or material facts, pieces of evidence, witnesses and legal applications—supporting the identified allegations, are overly broad and unduly burdensome."); *Switch Communications Group v. Ballard*, 2011 WL 3957434, at *8 (D. Nev. Sept. 7, 2011) ("[T]o require specifically each and every fact and application of law to fact would too often require a laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details.").

3.     The Debtors similarly object to each Interrogatory seeking "all" bases, facts, and documents related to a given topic or contention, and/or seeking "all" witnesses with knowledge of such topic or contention, as premature.  The Debtors' investigation of the facts relating to and

supporting their objections is ongoing.  The Debtors' responses below are thus based only on information presently known to the Debtors following a reasonable search at this stage of the litigation.  The Debtors reserve the right to supplement their responses as appropriate.  *See, e.g.*, *Jordan v. Mirra*, 2019 WL 2127788, at *17 (D. Del. Feb. 27, 2019) ("[A] court may defer the answering of contention interrogatories until substantial documentary or testimonial discovery has occurred. To the extent contention interrogatories are lodged prior to the substantial completion of discovery, a party offering the interrogatories must present specific, plausible grounds for believing that securing early answers to its contention interrogatories will materially advance the goals of the Federal Rules of Civil [P]rocedure.") (internal quotations and citations omitted).

4.      The Debtors object to each Interrogatory, Definition, or Instruction to the extent it seeks to impose a burden or requirement in addition to, different from, or broader than those set forth in the Federal Rules, Bankruptcy Rules, or Local Rules (together, the "**Applicable Rules**"). The Debtors will construe the Interrogatories, Definitions, and Instructions in accordance with the Applicable Rules.

5.      The Debtors object to each Interrogatory to the extent it seeks documents or information subject to the attorney-client privilege, work product doctrine, or any other privilege. The inadvertent production of any privileged documents or information shall not be deemed a waiver of any applicable privilege or any other applicable objection.

6.      The Debtors object to each Interrogatory to the extent it seeks information already in the possession of Local 705, or obtainable by Local 705 through other less burdensome means, including documents that are publicly available.

7.      The Debtors object to each Interrogatory, including Local 705' Definitions and Instructions, to the extent it contains disputed factual assertions, assumptions, characterizations,

or contentions.  The Debtors' production of documents responsive to an Interrogatory, or use of a term, as defined by Local 705, in their objections and responses shall not be deemed as an admission as to the fact or conclusion of law.

8.    The Debtors object to each Interrogatory to the extent it seeks the premature disclosure of any witness, expert, or pre-trial materials.  The Debtors will disclose such materials in accordance with the deadlines and requirements set forth in the parties' agreed scheduling order.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

Identify all persons whom you know or who you believe have any knowledge or information regarding the statements made in the Claim Objection, as applied to the Claimant, and for each such person, state in detail the specific facts of which he has knowledge or information.

### RESPONSE TO INTERROGATORY NO. 1:

The Debtors object to this Interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case insofar as it requests that the Debtors "[i]dentify all persons" whom the Debtors "believe have any knowledge or information" related to Local 705's proofs of claim or the Debtors' objections thereto.

Subject to and without waiving Debtors' General or Specific Objections, Debtors state that Professor Amit Seru and Robert Campbell—Debtors' testifying experts—have knowledge of Debtors' objection to Local 705's proofs of claim.  On July 29, 2024, Professor Seru issued an expert report identifying the rate(s) at which Local 705's proofs of claim should be discounted to present value, and Robert Campbell issued a report calculating the present value of Local 705's claim at these discount rates.  For additional information on the nature of Professor Seru's or Mr. Campbell's knowledge of these issues, Debtors direct Local 705 to their respective expert reports.

### INTERROGATORY NO. 2:

Identify all persons whom you know or who you believe have any knowledge or information regarding the factual bases of the Claim Objection as applied to the Claimant. For each such person state in detail the specific facts of which he has knowledge or information.

## RESPONSE TO INTERROGATORY NO. 2:

The Debtors object to this Interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case insofar as it requests that the Debtors "[i]dentify all persons" whom the Debtors "believe have any knowledge or information" related to Local 705's proofs of claim or the Debtors' objections thereto. Debtors further object to these extent this Interrogatory seeks information duplicative of that sought in Interrogatory No. 1.

Subject to and without waiving Debtors' General or Specific Objections, Debtors direct Local 705 to Debtors' Response to Interrogatory No. 1.

## INTERROGATORY NO. 3:

Identify all persons who have assisted in responding to these interrogatories and Claimant's First Request for Production of Documents.

## RESPONSE TO INTERROGATORY NO. 3:

The Debtors object to the extent this Interrogatory seeks privileged communications between and among the Debtors and their counsel and advisors, and/or any other information subject to the attorney-client privilege, work product doctrine, or other applicable privileges.

Subject to and without waiving their General or Specific Objections, the Debtors state that they previously consulted with their consulting experts, Mitchell Hofing and Robert Schriver, on issues relevant to Local 705's Interrogatories.

## INTERROGATORY NO. 4:

State in detail all bases for Your contention as set forth in the Claim Objection, as applied to the Claimant, that "it appears that the Pension Plans relied upon inflated contribution rates, failed

to account for required liability caps, and/or neglected to discount their claims to present value"
[Dkt. 2595, p.2], and identify all Documents which support such contention.

## RESPONSE TO INTERROGATORY NO. 4:

The Debtors object to this Interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case insofar as it requests that the Debtors catalogue "all bases for [the Debtors'] contention" that the "Pension Plans" miscalculated the Debtors' withdrawal liability. Similarly, the Debtors object to this Interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case insofar as it requests that the Debtors catalogue "all Documents which support" the Debtors' contentions. Such requests exceed the scope of permissible discovery under Rule 33, *see, e.g.*, *Linde*, 2012 WL 957970, at *1, *Coventry First LLC*, 273 F.R.D. at 369. The Debtors further object to the extent this Interrogatory seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege, including the Debtors' communications with counsel, consulting experts, and/or other advisors.

Subject to and without waiving their General or Specific Objections, Debtors state that they objected to Local 705's proof of claim because Local 705 failed to discount such claim – which represents a future stream of annual withdrawal liability payments – to its present value. Because of the time value of money, these future payment streams are worth less today than their face value and should be discounted accordingly. As set forth more fully in Professor Amit Seru's expert report, which Debtors served on July 29, 2024, Debtors believe the appropriate discount rate for Local 705's claim is between 13-18%. Professor Seru determined this range to be appropriate based on his forecast of future cash flows and the expected risk of that cash flow forecast.

## INTERROGATORY NO. 5:

State in detail all bases for Your contention as set forth in in the Claim Objection, as applied to the Claimant, that "the Pension Plans, in other words, are seeking to recover far more than the Debtors' allocable share of unfunded vested benefits, and thus far more than the Pension Plans are entitled, all to the detriment of the Debtors' unsecured creditors and equity holders, whose own recoveries hang in the balance" [Dkt. No. 2595, p.2], and identify all Documents which support such contention.

## RESPONSE TO INTERROGATORY NO. 5:

The Debtors object to this Interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case insofar as it requests that the Debtors catalogue "all bases for [the Debtors'] contention" that the "Pension Plans" are seeking to recover more than the Debtors' allocable share of unfunded vested benefits.  Similarly, the Debtors object to this Interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case insofar as it requests that the Debtors catalogue "all Documents which support" the Debtors' contentions.  Such requests exceed the scope of permissible discovery under Rule 33, *see, e.g.*, *Linde*, 2012 WL 957970, at *1, *Coventry First LLC*, 273 F.R.D. at 369. The Debtors further object to the extent this Interrogatory seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege, including the Debtors' communications with counsel, consulting experts, and/or other advisors.

Subject to and without waiving their General or Specific Objections, Debtors state that they objected to Local 705's proof of claim because Local 705 failed to discount such claim – which represents a future stream of annual withdrawal liability payments – to its present value.  Because of the time value of money, these future payment streams are worth less today than their face value and should be discounted accordingly.  As set forth more fully in Professor Amit Seru's expert report, which Debtors served on July 29, 2024, Debtors believe the appropriate discount rate for

Local 705's claim is between 13-18%. Professor Seru determined this range to be appropriate based on his forecast of future cash flows and the expected risk of that cash flow forecast.

**INTERROGATORY NO. 6:**

To the extent You dispute Claimant's calculation of withdrawal liability as set forth in the Claims, state all bases upon which Debtors assert that withdrawal liability should be calculated and/or which component(s) of the Claimant's calculation are in dispute.

**RESPONSE TO INTERROGATORY NO. 6:**

The Debtors object to the extent this Interrogatory seeks information subject to the attorney-client privilege, work product doctrine, or any other applicable privilege, including the Debtors' communications with counsel, consulting experts, and/or other advisors.

Subject to and without waiving their General or Specific Objections, the Debtors state that they have set forth their proposed calculation of the Debtors' withdrawal liability to Local 705 in the expert report of Robert Campbell, which Debtors served on July 29, 2024 and amended on November 5, 2024.

**INTERROGATORY NO. 7:**

State whether You have formally or informally objected to claims of creditors holding claims that were contingent on the date of the filing of the Debtors' bankruptcy petitions, including but not limited to lease and contract rejection claims, on the basis that such claims are subject to present value discounting and the basis for such objection and Identify all Documents which support such asserted objection(s).

**RESPONSE TO INTERROGATORY NO. 7:**

The Debtors object because this Interrogatory seeks information not relevant to Local 705's proofs of claim for withdrawal liability or the Debtors' objections thereto. The Debtors further object to this Interrogatory as overly broad, unduly burdensome, and disproportional to the needs

of the case insofar as it requests that the Debtors catalogue "all Documents which support" the Debtors' objections to claims not otherwise at issue in the instant litigation between Debtors and Local 705. Such requests exceed the scope of permissible discovery under Rule 33, *see, e.g.*, *Linde*, 2012 WL 957970, at *1, *Coventry First LLC*, 273 F.R.D. at 369

Subject to and without waiving their General or Specific Objections, Debtors state that any proof of claim against the estate for future payment streams should be reduced to its net present value. Debtors have not yet filed merits objections to proofs of claim seeking a stream of payments to date (on any grounds) other than those filed by multiemployer pension funds but intends to file such objections.

**INTERROGATORY NO. 8:**

For each claim (Claim 15906, Claim 15917, Claim 15943, Claim 15944, Claim 15949, Claim 15951, Claim 15953, Claim 15955, Claim 15957, Claim 15965, Claim 15969, Claim 15971, Claim 15975, Claim 15978, Claim 15979, Claim 15985, Claim 15989, Claim 15995, Claim 15998, Claim 16001 and Claim 16005 and 16006) state all bases upon which You contend that each claim is not entitled to be treated as an allowed unsecured claim with the right to receive distributions at the same priority as all other unsecured claims and ahead of equity holders in one or more of the Debtors.

**RESPONSE TO INTERROGATORY NO. 8:**

The Debtors object that this Interrogatory is impermissibly compound and constitutes at least 22 individual interrogatories. The Debtors further object to the extent this Interrogatory assumes that the Debtors contend that Local 705's proofs of claim for withdrawal liability are "not entitled to be treated as" "allowed unsecured claim[s] with the right to receive distributions at the same priority as all other unsecured claims and ahead of equity holders in one or more of the Debtors."

11

Subject to and without waiving their General or Specific Objections, the Debtors state that they do not contend Local 705's proofs of claim for withdrawal liability are not entitled to be treated as allowed unsecured claims with the right to receive distributions at the same priority as all other unsecured claims.

## INTERROGATORY NO. 9:

Identify each person you expect to call as a witness on your behalf in this trial and, for each such person:

a) state the person's employment during the relevant time period;

b) state in detail the subject matter on which the person is expected to testify;

c) state in detail the substance of the facts upon which the person is expected to testify; and

d) identify any documents the person expects to refer to or rely upon in connection with his or her testimony.

## RESPONSE TO INTERROGATORY NO. 9:

The Debtors object to this Interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case insofar as it requests that the Debtors "[i]dentify each person" they "expect to call as a witness on [their] behalf in this trial."

Subject to and without waiving Debtors' General or Specific Objections, Debtors state that, given the narrow and specialized nature of the parties' dispute—whether and to what extent Local 705's proof of claim should be discounted to present value—Debtors only intend to call their testifying experts, Robert Campbell and Professor Seru, at trial.

## INTERROGATORY NO. 10:

Identify each person you expect to call as an expert witness on your behalf in this trial and, for each such person:

a) state the expert's education, training and expertise;

12

b) state in detail the subject matter on which the expert is expected to testify;

c) state in detail the substance of the facts and opinions to which the expert is expected to testify;

d) give a summary of the grounds for each such opinion, as required under Federal Rule of Civil Procedure 26(b) 4 (A) (i); and

e) identify any documents the expert expects to refer to or rely upon in connection with its testimony.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving their General Objections, the Debtors state that they have retained certain experts in connection with the parties' withdrawal liability dispute, and anticipate such experts may opine on subjects related to such dispute, as set forth below.  The Debtors further state that Local 705 may contact these individuals through the undersigned counsel.

| Name | Position(s) | General Topics of Anticipated Testimony |
|---|---|---|
| Robert Campbell | Senior Director, Hilco Valuation Services, LLC | Historical funding of multiemployer pension plans; calculation of Debtors' withdrawal liability |
| Dr. Amit Seru | Senior Consultant, Compass Lexecon<br><br>Professor of Finance and Senior Associate Dean of Academic Affairs, Stanford Graduate School of Business | Appropriate discount rate for calculating the present value of multiemployer pension plans' withdrawal liability claim as of the Petition Date |

The Debtors produced expert reports, reliance materials, and curriculum vitae for the foregoing experts in accordance with the parties' agreed scheduling order.

The Debtors further state that they have also retained consulting experts in connection with the various withdrawal liability disputes.  While the Debtors do not presently anticipate calling

them as testifying experts at trial, the Debtors reserve the rights to do so if the need arises.   In addition, the Debtors reserve the rights to retain or offer expert opinions from others.

Dated:  November 5, 2024
Wilmington, Delaware

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:     (302) 652-4100
Facsimile:      (302) 652-4400
Email:          ljones@pszjlaw.com
tcairns@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

-and-

Patrick J. Nash, P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           pnash@kirkland.com
                dseligman@kirkland.com


Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:          allyson.smith@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 5, 2024, she caused a true and correct copy of the foregoing Debtors' Responses and Objections to Local 705 IBT Pension Fund's First Set of Interrogatories to be served via email upon counsel for Local 705 IBT Pension Fund.

/s/ *Shirley Chan*
Shirley Chan