# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| YELLOW CORPORATION, *et al.*, | § | Case No. 23-11069 (CTG) |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | |
| | § | Objection Deadline: Oct. 29, 2025 |
| | § | Hearing Date: Nov. 12, 2025 |
| | § | |
| | § | Re: D.I. 6746 |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CERTAIN LANDLORDS TO FOURTH AMENDED JOINT CHAPTER 11 PLAN OF YELLOW CORPORATION AND ITS DEBTOR AFFILIATES

The landlords identified in **Exhibit A** hereto (collectively, the "***Landlords***") file this limited objection and reservation of rights (this "***Objection***") to the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed By the Debtors and the Official Committee of Unsecured Creditors* [D.I. 6746] (as may be amended, the "***Plan***").[2] In support of the Objection, the Landlords respectfully state as follows:

## BACKGROUND

1. On August 6, 2023 (the "***Petition Date***"), the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") commenced the above-captioned jointly administered voluntary cases (the "***Chapter 11 Cases***") under chapter 11 of title 11 of the United States Code

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 511500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning prescribed to such terms in the Plan.

4934-3434-3201

(the "**Bankruptcy Code**"). The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2. Prior to the Petition Date, and as more fully set forth on **Exhibit A** hereto, the Landlords and certain of the Debtors entered into certain leases (each, a "*Lease*" and collectively, the "*Leases*") of nonresidential real property owned by the Landlords.

3. On April 19, 2024, following a contested hearing, the Court entered an *Order (A) Authorizing the Debtors to Assume Certain Unexpired Leases and (B) Granting Related Relief* [D.I. 3086], which authorized the assumption of certain of the Leases. As of the filing of this Objection, the Debtors have not sought Court approval of an assignment or rejection of two of the Leases—for the premises located at 1130 S Reservoir St., Pomona, CA and at 3500 Booth Avenue, Kansas City, MO (together, the "*Remaining Leases*").

4. On September 2, 2024, the Debtors filed the *Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 4253], which was amended on October 17, 2024 [D.I. 4580], further amended on November 20, 2024 [D.I. 4974], further amended on March 28, 2025 [D.I. 5995], and further amended on July 29, 2025 [D.I. 6746].

**OBJECTION**

A. **The Court Should Not Permit the Debtors to Transfer the Remaining Leases to the Liquidating Trust and the Confirmation Order Should Be Modified as Set Forth in Paragraph 10 of This Objection.**

5. The Debtors should not be permitted to transfer the Remaining Leases to the Liquidating Trust and instead should be required to assign or reject the Remaining Leases prior to the Effective Date.

6.  It is a condition precedent to the Effective Date of the Plan that all unexpired leases related to the Debtors' nonresidential real property assets—which includes the Remaining Leases—must be assumed and assigned or rejected. Plan, § X.A.8. However, such condition precedent may be waived by agreement of the Debtors and the Committee without providing notice to the applicable lease counterparties or seeking an order of the Court. *Id.* § X.B. The Debtors' and Committee's ability to waive such condition precedent is inappropriate and should not be allowed. Moreover, because the Debtors' estates will not survive post-confirmation and the estate property vests in the Liquidating Trust on the Effective Date, there is no surviving entity that can exercise the rights of a trustee (as that term is used in section 365 of the Bankruptcy Code), including the right to assign unexpired leases. *See* U.S.C. § 365(f)(1) ("[T]he *trustee* may assign the contract or lease under . . . this section.").

7.  The Liquidating Trustee does not have abandonment or rejection power under the Bankruptcy Code and must comply with the terms of the Remaining Leases, all of which is inconsistent with the Plan.[3] This is part of adequate assurance of future performance, which the Debtors are required to provide with respect to the Remaining Leases pursuant to section 365 of the Bankruptcy Code. Specifically, section 365(f)(2)(B) provides that a debtor may assign an unexpired lease only where adequate assurance of future performance by the assignee of such lease is provided, whether or not there has been a default in such lease. 11 U.S.C. § 365(f)(2)(B); *see*

---

[3] For example, the Plan provides, in pertinent part, the following: "On the Effective Date, all Liquidating Trust Assets will vest and be deemed to vest in the Liquidating Trust in accordance with section 1141 of the Bankruptcy Code or as otherwise set forth in the Liquidating Trust Agreement; *provided, however*, that **the Liquidating Trustee may abandon or otherwise not accept any Liquidating Trust Assets that the Liquidating Trustee determines, in good faith, have no value to the Liquidating Trust**. Any assets the Liquidating Trustee so abandons or otherwise does not accept shall not vest in the Liquidating Trust. . . . Upon the . . . abandonment of Liquidating Trust Assets by the Liquidating Trust, the Debtors and their Estates will have no reversionary or further interest in or with respect to any Liquidating Trust Assets or the Liquidating Trust." Plan, § VIII.C (emphasis added).

*also In re Fleming Cos.*, 499 F.3d 300, 305 (3d Cir. 2007) ("The statutory requirement of 'adequate assurance of future performance by the assignee' affords 'needed protection to the non-debtor party because the assignment relieves the trustee and the bankruptcy estate from liability for breaches arising after the assignment.'") (citing *Cinicola v. Scharffenberger*, 248 F.3d 110, 120 (3d Cir. 2001)). The Debtors have not adequately assured the Landlords that the Liquidating Trustee can satisfy the adequate assurance requirements under section 365(f)(2)(B) of the Bankruptcy Code in connection with any purported transfer of the Remaining Leases to the Liquidating Trust.

8. Accordingly, the Landlords request that the Court prohibit the Remaining Leases from being assigned to the Liquidating Trust and require the Debtors to assign or reject each Remaining Lease such that either assignment or rejection is effective prior to the Effective Date. Additionally, in the event of any Third-Party Sale Transaction that proposes to assign one or both of the Remaining Leases, the Debtors should be required to provide the applicable Landlord with sufficient notice and an opportunity to object to such Third-Party Sale Transaction, and all rights of such Landlord to so object are reserved. Such Third-Party Sale Transaction should not be approved by the Confirmation Order or Plan as that would deprive the applicable Landlord of its rights under the Bankruptcy Code with respect to its Lease.

9. In addition, the Plan purports to improperly classify all claims arising from the rejection of an unexpired lease as general unsecured claims in contravention of section 503(b)(7) of the Bankruptcy Code.[4] Notwithstanding such improper classification in the Plan, any claims

---

[4] For example, the Plan provides, in pertinent part, the following: "**All Allowed Claims arising from the rejection of the Debtors' Executory Contracts or Unexpired Leases shall be classified as General Unsecured Claims** and shall be treated in accordance with Article III of the Plan or such other treatment as agreed to by the Holder of such Claim, the Debtors and the Committee or as otherwise contemplated by the Liquidating Trust Agreement." Plan, § V.B (emphasis added).

4

4934-3434-3201

that have arisen or will arise from the rejection of the Leases should be and are entitled to administrative expense status in accordance with section 503(b)(7) of the Bankruptcy Code because such Leases were previously assumed.[5]

10. To resolve the foregoing issues in paragraphs 5 through 9 of this Objection, the Landlords propose the following provision be included in the Confirmation Order:

> *Provision Regarding the Realterm Landlords.*[6] Notwithstanding anything to the contrary herein or in the Plan, (a) the unexpired nonresidential real property leases for the premises located at 1130 S Reservoir St., Pomona, CA and at 3500 Booth Avenue, Kansas City, MO (together, the "**Remaining Realterm Leases**") shall not be assigned to nor vest in the Liquidating Trust and must be either rejected or assigned by the Debtors prior to the Effective Date; (b) in the event the Debtors seek an assignment of one or more of the Remaining Realterm Leases pursuant to a Third-Party Sale Transaction or otherwise, the Debtors shall provide the applicable Realterm Landlord under that Remaining Realterm Lease with reasonable prior notice and an opportunity to object, and all rights of such Realterm Landlord with respect to such relief are expressly reserved; and (c) any claims arising from the rejection of the Realterm Landlords' leases, including the Remaining Realterm Leases (as applicable), previously assumed by the Debtors, whether pursuant to the Plan or by any order of the Bankruptcy Court, shall be treated in accordance with the Bankruptcy Code as either administrative expense claims in accordance with section 503(b)(7) of the Bankruptcy Code or unsecured claims, regardless of any provisions of the Plan, and the rights of the Realterm Landlords and the Debtors as to any such claim priority are expressly reserved.

---

[5] Relatedly, certain of the Landlords are or (with respect to the Landlords for the Remaining Leases) may be entitled to administrative expense priority claims pursuant to section 503(b)(1)(A) of the Bankruptcy Code for any claims arising under their respective Lease between the date the Debtors assumed such Lease and the date such Lease was or may be assigned or rejected. Any such claims constitute actual, necessary costs and expenses of preserving the Debtors' estates while the extended sale process was pending. See 11 U.S.C. § 503(b)(1)(A). To the extent not already requested, certain Landlords intend to submit requests for payment of such administrative expense claims in accordance with the Plan.

[6] The "**Realterm Landlords**" means, collectively, NATMI LPF Bloomington, LP; NATMI National FX Properties, LLC; NATMI National Truck Terminals, LLC; NATMI Truck Terminals, LLC; RLF I-Pico SPE, LLC; RLF Booth SPE, LLC; RLF I-A SPE, LLC; RLF I-C SPE, LLC; Terminal Logistics II Texas SPE, LP; NATMI National Tampa, LLC; Terminal Logistics II Mid-Atlantic SPE, LLC; RLIF East 2, LLC; and Terminal Logistics II South SPE, LLC.

5

4934-3434-3201.

**B.     Alternatively, If the Court Permits the Debtors to Transfer the Remaining Leases to the Liquidating Trust, the Plan and the Confirmation Order Should Be Modified as Set Forth in Paragraph 16 of This Objection.**

11.    To the extent the Court permits one or both of the Remaining Leases to be transferred to the Liquidating Trust, the Plan cannot permit such Remaining Leases to vest in the Liquidating Trust free and clear of any obligations arising thereunder.[7] "Section 365(f) requires a debtor to assume a contract subject to the benefits and burdens thereunder." *Fleming*, 499 F.3d at 308. Indeed, the Debtors' prior assumption of the Leases was *cum onere*. *See In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003) (finding that assumption of an executory contract or unexpired lease is "an all-or-nothing proposition" that requires the entire agreement be assumed or rejected); *In re G-I Holdings, Inc.*, 568 B.R. 731, 767 (Bankr. D. N.J. 2017) ("A debtor may not 'cherry-pick' the provisions of an assumed contract with which it will comply."). Any subsequent assignee—including the Liquidating Trustee—of the Leases should be subject to the same benefits and burdens as the Debtors. *Fleming*, 499 F.3d at 308 ("As we have previously expressed, '[a]n assignment is intended to change only who performs an obligations, not the obligation to be performed.'") (citing *Medtronic AVE., Inc. v. Advanced Cardiovascular Sys., Inc.*, 247 F.3d 44, 60 (3d Cir. 2001)). To the extent the Plan purports to permit the Remaining Leases to vest in the Liquidating Trust free and clear of all claims, liens, and encumbrances, the Liquidating Trustee

---

[7]    For example, the Plan provides, in pertinent part, the following: "On the Effective Date ... the Debtors and the Estates shall irrevocably transfer and shall be deemed to have irrevocably transferred to the Liquidating Trust all of their rights, title, and interests in all of the Liquidating Trust Assets and any other assets remaining in the Debtors and the Estates on the Effective Date, if any, and in accordance with Section 1141 of the Bankruptcy Code, the Liquidating Trust Assets shall automatically vest in **the Liquidating Trust free and clear of all Claims, Liens, encumbrances or interests**, subject to the terms of the Liquidating Trust Agreement." *Id.* § V.D (emphasis added).

Relatedly, the Plan further provides, in pertinent part, the following: "Each ... Unexpired Lease assumed ... by any order of the Bankruptcy Court, which has not been assigned to a third party prior to the Confirmation Date, shall revest in and be fully enforceable by the Liquidating Trust in accordance with its terms, except as such terms are modified by the provisions of the Plan or any order of the Bankruptcy Court authorizing and providing for its assumption under applicable federal law." Plan, § V.A.

6

4934-3434-3201

must remain bound by, and fully comply with, the terms and obligations of such Remaining Leases on and after the Effective Date.

12. In addition, even if the Remaining Leases vest in the Liquidating Trust, the Liquidating Trustee should not be permitted to reject the Remaining Leases after the Effective Date.[8] The plain and unambiguous language of section 365(d)(4) of the Bankruptcy Code requires debtors to make a decision whether to assume or reject a lease for nonresidential real property leases prior to entry of an order confirming a plan. 11 U.S.C. § 365(d)(4). The United States Supreme Court has acknowledged this and held that the "*decision* whether to reject a contract or lease must be made before confirmation." *Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 46 (2008) (emphasis in original) (citing *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 529, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984)); *see also In re Penn Traffic Co.*, 524 F.3d 373, 378–79 (2d Cir. 2008) ("The plain language of the Code permits a [debtor] . . . to assume or reject the executory contract at any time before the confirmation of a plan) (internal quotation marks omitted); *In re Adelphia Commcn's Corp.*, 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003). Because the Plan currently allows the Liquidating Trustee to make such decisions for an indefinite period of time after the Effective Date, the Court should require that the Debtors modify the Plan to be consistent with section 365(d)(4) of the Bankruptcy Code.

---

[8] For example, the Plan provides, in pertinent part, the following: "Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction to . . . resolve any matters related to (for the avoidance of doubt, notwithstanding whether such treatment arises under the terms of the Plan or the Third-Party Sale Transaction Documents): . . . **(c) the Liquidating Trustee amending, modifying or supplementing, after the Effective Date, pursuant to Article V, the Executory Contracts and Unexpired Leases to be assumed or rejected or otherwise. . . ."** Plan, § XII.3 (emphasis added).

13. Moreover, it is inappropriate for the Plan to provide that the automatic stay remain in effect until the closing of the Debtors' chapter 11 cases with respect to any property that vests in the Liquidating Trust.[9] Section 362 of the Bankruptcy Code provides that "the stay of an act against property of the estate . . . continues until such property is no longer property of the estate." 11 U.S.C. § 362(c)(1). Once the Liquidating Trust Assets—which may include the Remaining Leases—vest in the Liquidating Trust, such assets will no longer constitute property of the Debtors' estates. Accordingly, the Court should require that the Debtors modify the Plan to provide that the automatic stay terminates with respect to the Liquidating Trust Assets upon their vesting in the Liquidating Trust on the Effective Date.

14. Similarly, to the extent the Court permits the Debtors to assign one or both of the Remaining Leases to the Liquidating Trust, nothing in the Plan should enjoin the applicable Landlords' post-Effective Date rights under the Remaining Leases.[10] The Court should require the Debtors to clarify that the injunction set forth in Article IX.E of the Plan is not applicable to

---

[9] For example, the Plan provides, in pertinent part, the following: "**Notwithstanding anything to the contrary in the Plan**, the Plan Supplement, or the Confirmation Order, the automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect with respect to the Debtors and **any property dealt with by the Plan until the closing of these Chapter 11 Cases**." Plan, § IX.E (emphasis added).

Relatedly, the Plan provides, in pertinent part, the following: "**Unless otherwise provided in the Plan** or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), **shall remain in full force and effect until the Effective Date. . . .**" Id. § IX.H (emphasis added).

[10] For example, the Plan provides, in pertinent part, the following: "Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Persons or Entities who have held, hold, or may hold Claims, Interests, or Causes of Action in the Debtors and the Liquidating Trust, **shall be precluded and permanently enjoined on and after the Effective Date**, from taking any of the following actions against the Debtors, the Liquidating Trust (but solely to the extent such action is brought against the Debtors or the Liquidating Trust to directly or indirectly recover upon any property of the Estates upon the Effective Date), the Exculpated Parties, the Released Parties, and any successors, assigns or representatives of such Persons or Entities, solely with respect to any Claims, Interests or Causes of Action that will be or are treated by the Plan. . . . Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan." Plan, § IX.E (emphasis added).

4934-3434-3201

any obligations arising under the Remaining Leases on or after the Effective Date and that once assigned to the Liquidating Trust, the Liquidating Trustee is not permitted to abandon the Remaining Leases.

15. Finally, even if the Court permits the Debtors to transfer the Remaining Leases to the Liquidating Trust, and for the same reasons set forth in paragraph 9 above, any claims arising from the rejection of a previously assumed lease, including any of the applicable Leases, shall be entitled to administrative expense status in accordance with section 503(b)(7) of the Bankruptcy Code and should not be classified as general unsecured claims.[11]

16. To resolve the foregoing issues in paragraphs 11 through 15 of this Objection, and to the extent the Court permits the Debtors to transfer the Remaining Leases to the Liquidating Trust, the Landlords propose that the Plan be modified as set forth above and that the following alternative provision be included in the Confirmation Order:

> *Provision Regarding the Realterm Landlords.*[12] Notwithstanding anything to the contrary herein or in the Plan, to the extent one or both of the unexpired nonresidential real property leases for the premises located at 1130 S Reservoir St., Pomona, CA and at 3500 Booth Avenue, Kansas City, MO (together, the "**Remaining Realterm Leases**"), vest in the Liquidating Trust, (a) the Liquidating Trustee shall remain bound by, and must fully comply with, all terms and obligations of the Remaining Realterm Leases on and after the Effective Date; (b) none of the obligations arising under the Remaining Realterm Leases on or after the Effective Date shall be enjoined by any provision in the Plan, including the injunction set forth in Article IX.E of the Plan; (c) the automatic stay

---

[11] Relatedly, and for the same reasons set forth above, the Landlords for the Remaining Leases may be entitled to administrative expense priority claims pursuant to section 503(b)(1)(A) of the Bankruptcy Code for any claims arising under the Remaining Leases between the date the Debtors assumed such Remaining Leases and the date such Remaining Leases vest in the Liquidating Trust.

[12] The "**Realterm Landlords**" means, collectively, NATMI LPF Bloomington, LP; NATMI National FX Properties, LLC; NATMI National Truck Terminals, LLC; NATMI Truck Terminals, LLC; RLF I-Pico SPE, LLC; RLF Booth SPE, LLC; RLF I-A SPE, LLC; RLF I-C SPE, LLC; Terminal Logistics II Texas SPE, LP; NATMI National Tampa, LLC; Terminal Logistics II Mid-Atlantic SPE, LLC; RLIF East 2, LLC; and Terminal Logistics II South SPE, LLC.

4934-3434-3201

under section 362 of the Bankruptcy Code shall terminate with respect to the Remaining Realterm Leases upon such vesting on the Effective Date; (d) the Liquidating Trustee shall not, and is not authorized to, subsequently abandon the Remaining Realterm Leases; and (e) any claims arising from the rejection of the Realterm Landlords' leases previously assumed by the Debtors, whether pursuant to the Plan or by any order of the Bankruptcy Court, shall be treated in accordance with the Bankruptcy Code as either administrative expense claims in accordance with section 503(b)(7) of the Bankruptcy Code or unsecured claims, regardless of any provisions of the Plan, and the rights of the Realterm Landlords and the Debtors as to any such claim priority are expressly reserved. For the avoidance of doubt, nothing herein or in the Plan enjoins the Realterm Landlords from asserting or otherwise exercising their rights under the respective Leases after the Effective Date and such rights are expressly preserved.

17. Landlords remain hopeful that they will reach a consensual resolution with the Debtors, and file this Objection to protect Landlords' rights under the Leases and the Bankruptcy Code. Landlords, through counsel, will work with Debtors' counsel to resolve these issues in advance of the Confirmation Hearing.

## **RESERVATION OF RIGHTS**

18. Filing this Objection is not and shall not be deemed or construed as a waiver by the Landlords of any rights under their respective Leases, the Bankruptcy Code, or applicable law. The Landlords reserve all such rights, including, without limitation, the right to amend, supplement, and/or otherwise modify this Objection, and to raise other and further objections to the Plan.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

4934-3434-3201

## CONCLUSION

The Landlords respectfully request that the Court (a) deny confirmation of the Plan to the extent that the Debtors fail to address the foregoing issues (i) by including the applicable proposed language in the Confirmation Order and/or (ii) by otherwise modifying the Plan, and (b) grant such other and further relief as the Court deems just and equitable.

Dated: October 29, 2025
Wilmington, Delaware

/s/ Leslie C. Heilman
Leslie C. Heilman (DE 4716)
Laurel D. Roglen (DE 5759)
Nicholas J. Brannick (DE 5721)
Margaret Vesper (DE 6995)
**BALLARD SPAHR LLP**
919 North Market Street, 11th Floor
Wilmington, DE 19801-3034
Tel: (302) 252-4465
Fax: (302) 252-4466
Email: heilmanl@ballardspahr.com
roglenl@ballardpshar.com
brannickn@ballardspahr.com
vesperm@ballardspahr.com

- and -

**VINSON & ELKINS LLP**
Bradley R. Foxman (admitted *pro hac vice*)
James J. Lee (admitted *pro hac vice*)
Matthew W. Moran (admitted *pro hac vice*)
Sara E. Zoglman (admitted *pro hac vice*)
2001 Ross Avenue, Suite 3900
Dallas, TX 75201
Tel: 214.220.7700
Fax: 214.220.7716
Email: bfoxman@velaw.com
jimlee@velaw.com
mmoran@velaw.com
szoglman@velaw.com

*Counsel to the Landlords*

## EXHIBIT A

| Landlord | Lease | Property |
|---|---|---|
| NATMI LPF Bloomington, LP | Lease Agreement dated January 30, 2009, as amended to date | 18298 Slover Avenue, Bloomington, California |
| NATMI National FX Properties, LLC | Lease Agreement dated April 13, 2011, as amended to date | 19604 84th Street, Kent, Washington |
| NATMI National Truck Terminals, LLC | Lease Agreement dated January 30, 2009, as amended to date | 6930 Cactus Court, San Diego, California |
| NATMI Truck Terminals, LLC | Lease Agreement dated February 13, 2009, as amended to date | 28 Sterling Road, Billerica, Massachusetts |
| NATMI Truck Terminals, LLC | Lease Agreement dated January 30, 2009, as amended to date | 10451 Colonel Court, Manassas, Virginia |
| NATMI Truck Terminals, LLC | Lease Agreement dated January 30, 2009 | 1875 Industrial Way, Sparks, Nevada |
| RLF I-Pico SPE, LLC | Lease Agreement dated August 30, 2019 | 9933 Beverly Boulevard, Pico Rivera, California |
| RLF Booth SPE, LLC | Lease Agreement dated August 31, 2009, as amended to date | 3500 Booth Avenue, Kansas City, Missouri |
| RLF I-A SPE, LLC | Lease Agreement dated January 2, 1996, as amended to date | 1130 S Reservoir St., Pomona, California |
| RLF I-C SPE, LLC | Lease Agreement dated January 30, 2009, as amended to date | 14700 Smith Road, Aurora, Colorado |
| Terminal Logistics II Texas SPE, LP | Lease Agreement dated July 31, 2012, as amended to date | 12340 East Northwest Highway, Garland, Texas |
| NATMI National Tampa, LLC | Lease Agreement dated December 1, 2006, as amended to date | 9801 Palm River Road, Tampa, Florida |
| Terminal Logistics II Mid-Atlantic SPE, LLC | Lease Agreement dated May 30, 2006, as amended to date | 2527 Broadhead Road, Bethlehem, Pennsylvania |
| RLIF East 2, LLC | Lease Agreement dated September 5, 2007, as amended to date | 49 Thomas J. Rhodes Industrial Drive, Trenton, New Jersey |
| Terminal Logistics II South SPE, LLC | Lease Agreement dated May 20, 2016, as amended to date | 3934 Thurman Road, Conley, GA |

4934-3434-3201

# CERTIFICATE OF SERVICE

I, Leslie C. Heilman, hereby certify that on this 29th day of October 2025, I caused a true and correct copy of the *Limited Objection and Reservation of Rights of Certain Landlords to Fourt Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates* to be served by electronic notice upon all parties registered to receive notice via CM/ECF in these cases and on the below parties via electronic mail and first class mail.

Debtors
Yellow Corporation
11500 Outlook Street, Suite 400
Overland Park, Kansas 66211
legal@myyellow.com

Counsel for the Debtors
Patrick J. Nash Jr., P.C.
David Seligman, P.C.
**Kirkland & Ellis LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Patrick.nash@kirkland.com
David.seligman@kirkland.com

Allyson B. Smith
**Kirkland & Ellis LLP**
601 Lexington Avenue
New York, New York 10022
Allyson.smith@kirkalnd.com

-and-

Laura Davis Jones
Timothy P. Cairns,
Peter J. Keane
Edward Corma
**Pachulski Stang Ziehl & Jones LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
ljones@pszjlaw.com
tcairns@pszjlaw.com
pkeane@pszjlaw.com

Counsel for the Committee
Philip C. Dublin
Meredith A. Lahaie
Kevin Zuzolo
**Akin Gump Strauss Hauer & Feld LLP**
One Bryant Park
New York, NY 10036
pdublin@akingump.com
mlahaie@akingump.com
kzuzolo@akingump.com

-and-

Jennifer R. Hoover
Kevin M. Capuzzi
John C. Gentile
**Benesch, Friedlander, Coplan, Aronoff LLP**
1313 North Market Street, Suite 1201
Wilmington, DE 19801
jhoover@beneschlaw.com
kcapuzzi@beneschlaw.com
jgentile@beneschlaw.com

United States Trustee
Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19801
Attention: Jane M. Leamy
Jane.M.Leamy@usdoj.gov

#4907-5751-1542 v1

Dated: October 29, 2025
Wilmington, Delaware

/s/ *Leslie C. Heilman*
Leslie C. Heilman
BALLARD SPAHR LLP