## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | **Re. D.I. 6746** |

## LIMITED OBJECTION OF JACK PEAK TO THE DEBTORS' FOURTH AMENDED JOINT CHAPTER 11 PLAN

Jack Peak ("Peak"), a creditor in the above-captioned chapter 11 case (the "Case"), hereby submits this limited objection (the "Limited Objection") to the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [D.I. 6746] (as may be amended or supplemented, the "Plan") of the above-captioned debtors and debtors in possession (the "Debtors").  In support of this Limited Objection, Peak respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this Limited Objection pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in these proceedings pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

3.      Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure for The United States Bankruptcy Court District of Delaware (the "Local Rules"), Peak consents to entry of a final judgment or order with respect to this Limited Objection if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

4.      On or about December 20, 2021, Peak filed a complaint (as amended, the "Complaint") against debtor Yellow Corporation f/k/a YRC Worldwide, Inc. ("Yellow").  The action was removed by Yellow to federal court and the case is now styled *Peak v. Yellow Corporation f/k/a YRC Worldwide, Inc.*, et al., Case No. 22-cv-02278-EFM-GEB, and it is pending in the United States District Court for the District of Kansas.

5.      Peak was recruited by Yellow and its former chief operating officer, and current chief executive officer to become a Yellow employee.  Peak eventually joined Yellow as Executive Vice President – Labor Affairs, a newly created position tailored for Peak.  The job responsibilities were negotiated and documented in multiple emails and none of Yellow, its former chief operating officer, or chief executive officer ever disputed the scope of Peak's job responsibilities.  In reliance on the offer, including the scope of Peak's agreed upon job responsibilities, Peak turned down another lucrative job offer and became Yellow's Executive Vice President – Labor Affairs.  A few months after commencing his employment and only after it became impossible for Peak to accept the other job offer, it became clear that none of Yellow, its chief operating officer, or chief executive officer ever intended for Peak to assume the agreed upon job responsibilities.  Instead, certain of those agreed upon responsibilities were to remain with the general counsel who, it was represented to Peak, was hired on the basis of her gender, in violation of Ohio state gender protection laws.  After Peak filed the original Complaint, Yellow asserted baseless counterclaims,

some of which have already been dismissed, in retaliation for the assertion of the claim for reverse discrimination.

6.    The counts asserted in the Complaint are: (Count I) Breach of Contract; (Count II) Fraudulent Inducement; (Count III) Promissory Estoppel; (Count IV) State Gender Discrimination (Ohio); and (Count V) Retaliation – Ohio and Federal Law.

7.    Peak's claim is currently unliquidated, pending the outcome of litigation with respect to the Complaint.  However, known damages exceed $8,468,750 and such damages continue to accrue.  Peak seeks loss of earning capacity, non-economic damages, punitive damages, attorneys' fees, and other relief as may be granted by the court.

## THE PLAN

8.    On August 6 and 7, 2023 (the "Petition Date"), the Debtors each filed in the Bankruptcy Court voluntary petitions for relief under the Bankruptcy Code.  On August 16, 2023, an Official Committee of Unsecured Creditors (the "Committee") was appointed by the Office of the United States Trustee pursuant to section 1102(a) of the Bankruptcy Code.  No trustee or examiner has been appointed.

9.    On July 29, 2025, the Debtors and the Committee filed the Plan.

10.    Article IX.E of the Plan states:

"[A]ll Persons or Entities who have held, hold, or may hold Claims, Interests, or Causes of Action in the Debtors or the Liquidating Trust, as applicable, shall be precluded and permanently enjoined on and after the Effective Date, from taking any of the following actions against the Debtors […]: (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order; […] (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interest, or Causes of Action released or settled pursuant to the Plan."

## LIMITED OBJECTION

11.     Peak objects to the Plan on a limited basis to the extent that Article IX.E or any other Plan provision prevents him from pursuing the Complaint to the fullest extent.  Peak's claim is unliquidated and the litigation must be concluded to liquidate his claim.  Only upon liquidation of his claim will Peak be able to recover from any available insurance and from the individual defendants named in the Complaint.  There is no longer any need to enjoin or stay litigation of the Complaint.  The Debtors have had almost four years to reorganize and we are now on the eve of confirmation.  Peak has waited long enough to pursue his litigation and there is no justification for a continued injunction with respect to Peak's claim.

12.     Accordingly, Peak requests that the Plan be modified to include a carveout from the injunction and any other Plan provision that would prevent him from continuing the litigation after the Effective Date.

## CONCLUSION

WHEREFORE, Peak respectfully requests that the Court enter an order: (i) sustaining the Limited Objection; (ii) if the Court confirms the Plan, confirming it on a modified basis in accordance with the Limited Objection; and (iii) granting such other and further relief as is just and proper.

Dated: October 29, 2025
Wilmington, Delaware

BAYARD, P.A.

*/s/ Ericka F. Johnson*
Ericka F. Johnson (No. 5024)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Email:  ejohnson@bayardlaw.com

*Counsel for Jack Peak*