## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Obj. Deadline: October 29, 2025, at 4:00 p.m. (ET)**<br>**Hearing Date: November 12, 2025** |
| | **RE:  D.I. 6746, 7634** |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF CERTAIN LANDLORDS TO FORTH AMENDED JOINT CHAPTER 11 PLAN OF YELLOW CORPORATION AND ITS DEBTOR AFFILIATES

Madrona Cutter L.L. C. and Gulsons Cutter, LLC (collectively, the "Landlords") file this limited objection and reservation of rights (this "Objection") to the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chatper 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors [D.I. 6746] (as may be amended, the "Plan").[2] In support of the Objection, the Landlords respectfully state as follows:

### BACKGROUND

1.     On August 6, 2023, and continuing into August 7, 2023 (as applicable to each Debtor, the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") with the

---

[1]     A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning prescribed to such terms in the Plan.

United States Bankruptcy Court for the District of Delaware (the "Court") . These Chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) [ Docket No. 169].

2.      YRC, Inc., d/b/a YRC Freight, was a party to a certain prepetition lease for nonresidential real property with the Landlords regarding a premises located at 6845 North Cutter Circle, Portland, Oregon 97217 (the "Lease" and the foregoing premises, the "Premises").  On February 12, 2024, the Debtors filed the *Debtors Omnibus Motion for Entry of an Order (1) Authorizing the Debtors to Assume Certain Unexpired Leases and (II) Granting Related Relief* [Docket No. 2157] (the "Assumption Motion") seeking to assume certain unexpired non-residential leases, including the Lease.  On February 26, 2024, the Court entered the *Order (A) Authorizing the Debtors Assume Certain Unexpired Leases and (B) Granting Related Relief* [Docket No. 2385] (the "Assumption Order") authorizing the Debtors' assumption of the Lease. On July 29, 2025, the Debtors filed the *Twenty-Fourth Notice of Rejection of Certain Unexpired Leases and Executory Contracts* [Docket No. 6745] "the "Rejection Notice") seeking to reject the Lease, effective as of July 31, 2025.  On August 28, 2025, the Landlords filed the *Motion of Madrona Cutter, LLC and Gulsons Cutter, LLC for Allowance and Payment of Administrative Expense Claim Arising from Lease Rejection* [Docket No. 7522] (the "Lease Rejection Administrative Claim Motion").  Pursuant to the Lease Rejection Administrative Claim Motion, the Landlords asserted they were entitled to an administrative expense claim in connection with the rejection of the Lease given that the Lease was previously assumed by the Debtors.  On August 29, 2025, the Landlords filed the *Motion of Madrona Cutter, LLC and Gulsons Cutter, LLC for Allowance and Payment of Administrative Expense Claim Arising from Past Due Tax Obligation* [Docket No. 7534] (the "Past Due Tax Administrative Claim Motion" and together with the Lease Rejection Administrative Claim Motion, the "Administrative Claim Motions").  Pursuant to the

Past Due Tax Administrative Claim Motion, the Landlords asserted they were entitled to an administrative expense claim for certain outstanding real estate taxes related to the Premises as Required to be paid by the Debtors under the Lease.

The Parties engaged in negotiations to resolve the matters set forth in the Administrative Claim Motions, including the Landlords' asserted administrative expense claims, and such discussions resulted in certain agreed-to terms.   The parties entered into a Stipulation that was also approved by the Unsecured Creditor Committee.   The Stipulation was filed with the Court and was so ordered by the Court at docket No. 7634.  That stipulation and order provided that the total administrative expense claim that was due and owing from Debtors to Landlords concerning rejection of the Lease is $4,172,411.18 (the "Administrative Expense Claim").  That order is now a final unappealable order.

Under the Stipulation and Order, the Debtors are required to pay the Administrative Expense Claim by the earlier of (i) December 31, 2025 or (ii) within thirty (30) days of the Effective Date of any confirmed chapter 11 plan (the "Payment Date"), subject to certain other terms of the stipulation.

While the Plan is somewhat ambiguous, Landlords filed this reservation of rights and objection in an abundance of caution to the extent that the Plan purports to improperly classify all claims arising from the rejection of an unexpired lease as general unsecured claims in contravention of section 503(b)(7) and 503(b)(1) of the Bankruptcy Code.[3]   Any such claim that the Administrative Expense Claim is unsecured is in violation of that order and an improper

---

[3] For example, the Plan provides, in pertinent part, the following: "**All Allowed Claims-arising from the rejection of the Debtors' Executory Contracts or Unexpired Leases shall be classified as General Unsecured Claims** and shall be treated in accordance with Article III of the Plan or such other treatment as agreed to by the Holder of such Claim, the Debtors and the Committee or as otherwise contemplated by the Liquidating Trust Agreement." Plan,§ V.B (emphasis added).

classification in the Plan.  The Administrative Expense Claim is entitled to administrative expense status in accordance with sections 503(b)(7) and 503(b)(1) of the Bankruptcy Code and the order entered by this Court at Docket No. 7634 because such Lease was previously assumed and/or were expenses of the estate.   Confirmation of the Plan should not be allowed unless it is clarified that the Landlords' administrative claim at Docket No. 7634 remains intact.  Landlord claims arising from the rejection of a previously assumed lease as set forth above and in accordance with the aforesaid order shall be entitled to administrative expense status in accordance with section 503(b)(7) and 503(b)(1) of the Bankruptcy Code and should not be classified as general unsecured claims.

## <u>CONCLUSION</u>

The Landlords respectfully request that the Court deny confirmation of the Plan to the extent that the Debtors fail to address the foregoing issues and grant such other and further relief as the Court deems just and equitable.

Dated:  October 29, 2025
        Wilmington, Delaware

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Brett D. Fallon*
Brett D. Fallon (No. 2480)
Ryan M. Messina (No. 6875)
222 Delaware Ave., Suite 1410
Wilmington, DE 19801
Tel:  (302) 467-4200
Fax:  (302) 467-4201
brett.fallon@faegredrinker.com
ryan.messina@faegredrinker.com

*Counsel to Madrona Cutter, LLC*
*and Gulsons Cutter, LLC*