**FAIR HARBOR**
CAPITAL

630 Fifth Ave Suite 2000
New York, NY 10111

**Convert Your Claim to CASH**

www.FairHarborCapital.com          Tel 212 967 4035. Fax 212 967 4148

RE: **USF Holland LLC**
U.S. Bankruptcy Court, District of Delaware
Bankruptcy Petition #: 23-11069, et al.

Accounts Receivable
C R T S INC          581
3301 INTEGRITY DR
GARNER NC 27529

**RETURN BY:**
October 20th, 2023
at 5:00 PM EST

Dear Sir or Madam:

USF Holland LLC part of the Bankruptcy of Yellow Corporation, et al. filed for Bankruptcy protection on August 6th, 2023 and can only pay for pre-existing debts pursuant to an order of the Bankruptcy Court.

Fair Harbor Capital, LLC ("FHC") has been providing funds to vendors left holding unpaid receivables against bankrupt entities for the last 20 years and is a leading provider of cash-out options to creditors. For more details on FHC, please visit our website at www.fairharborcapital.com.

We are writing you to express indication of our interest in purchasing your **$7,124.97** claim for a cash payment of **$3,206.24**.

If you want to submit your claim for purchase:

---

Complete, Sign and Return the attached *Claim Purchase Agreement* along with copies of the unpaid invoices or a statement of aged receivables.

Send Completed Forms to either:  
Email: Proposals@Fairharborcapital.com,  
Fax: (212) 967 4148, or  
Mail: Fair Harbor Capital LLC
PO Box 237037
New York, NY 10023.

Payment will be issued immediately upon satisfactory completion of Fair Harbor Capital LLC internal due diligence process.

---

Valid on a first-come, first-serve basis and will expire at **5:00PM (EST) on October 20th, 2023**.
Allocation for this case is limited so please do not delay.

Please do not hesitate to call at **(866) 967 4035** with any questions or email at vknox@fairharborcapital.com.

Sincerely,

*Victor Knox*
Fair Harbor Capital, LLC

This letter and all documents or communications sent by FHC are non-binding indications of interest until a written contract is duly executed by all parties. FHC reserves the right to refuse to purchase any claim, at its sole discretion and for any reason, without further notice or obligation. FHC is an independent investment company not affiliated with or hired by the Debtor or the Bankruptcy Court. Discrepancies regarding the foregoing shall be governed by the laws of New York.

## CLAIM PURCHASE AGREEMENT

**Assignment of Claim.** C R T S INC (hereinafter "Seller") with a principal address of 3301 INTEGRITY DR GARNER, NC 27529, for good and valuable consideration in the sum of **$3,206.24** (the "Purchase Price"), does hereby absolutely and unconditionally sell, convey, and transfer to Fair Harbor Capital, LLC, and any of its successors, assigns or designees (hereinafter "Purchaser") all of Seller's right, title, benefit and interest in and to any and all of Seller's pre-petition claim or claims, as more specifically set forth as any right to payment (the "Claim"), against **USF Holland LLC** ("the "Debtor"), in bankruptcy proceedings in the **United States Bankruptcy Court for the District of Delaware** (the "Court"), **Case No. 23-11069, et al.** (the "Case"); and includes any Proof of Claim (defined below), along with voting and any other rights and benefits which may now exist, or come into existence in regards the Claim, all cash, securities, instruments and other property, to be paid or issued by Debtor or any other party, directly or indirectly, in connection with or satisfaction of the Claim, including without limitation "cure" amounts related to the assumption of an executory contract and any rights to receive all payments in respect thereof, and all rights to receive interest, penalties, fees, and any damages from any cause of action, litigation or rights of any nature against Debtor, its affiliates, any guarantor or other third party, which may be paid or issued with respect to and/or in satisfaction of the Claim (the "Recovery"). In the event that any Recovery related to the claim is made payable or addressed to the Seller, Seller hereby authorizes Purchaser to deposit such Recovery into Purchaser's bank as if such Recovery was made payable or in the name of the Purchaser. This Claim Purchase Agreement (the "Agreement") shall be deemed an unconditional purchase of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Seller represents the Claim is in the amount not less than **$7,124.97** (the "Claim Amount").

**Proof of Claim.** Seller represents and warrants that (check one)

___ (i) a proof of claim in the amount of _____ (the "Proof of Claim Amount") has been duly and timely filed in the Case; or

_X_ (ii) no proof of claim has been filed.

For the avoidance of doubt, the term "Proof of Claim" shall include, unless expressly agreed to otherwise, (a) any and all multiple Proofs of Claim filed at any time, whether before or after the date of execution of this Agreement, by or on behalf of Seller in respect of the Claim and (b) any and all of Seller's documentation supporting the Claim. The parties agree that if the Proof of Claim Amount is less than the Claim Amount, the Purchase Price shall be reduced such that Seller shall be paid the pro rata share of the Purchase Price based on the lower Proof of Claim Amount.

**Representations; Warranties and Covenants.** Seller represents, warrants and covenants that, (a) Seller owns and has sole title to the Claim free and clear of any and all liens, security interests or encumbrances of any kind or nature whatsoever, including without limitation pursuant to any factoring agreement, and upon the sale of the Claim to Purchaser, Purchaser will receive good title to the Claim; (b) Seller has not previously sold, assigned, transferred, or pledged the Claim, in whole or in part, to any third party; (c) the basis for the Claim is amounts validly due from and owing by the Debtor; (d) the Claim is a valid, undisputed, liquidated, enforceable, and non-contingent claim against the Debtor for which the Debtor has no defenses and no objection to the Claim has been filed or threatened; (e) Seller has not engaged in any acts, conduct or omissions that might result in Purchaser receiving, in respect of the Claim, proportionately less payments or distributions or any less favorable treatment than other similarly situated creditors; (f) Debtor, or any other third party, has no basis to assert the Claim is subject to any defense, claim or right of setoff, reduction, impairment, disallowance, subordination or avoidance, including preference actions, whether on contractual, legal or equitable grounds;(g) that Seller is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or within the meaning of Section 101 (32) of the Bankruptcy Code; and (h) Seller is not an "insider" of the Debtor, as set forth in the United States Bankruptcy Code § 101(31), or a member of any official or unofficial committee in connection with the Case. Seller acknowledges and unconditionally agrees any misrepresentation or breach by Seller may cause Purchaser irreparable harm and accordingly, Purchaser shall be entitled to all available remedies as may be available to Purchaser for any such misrepresentation, breach or threatened breach, including but not limited to the immediate recovery of money damages ("Restitution") including without limitation a "Restitution Payment", as further defined below.

**Execution of Agreement.** This Agreement shall become effective and valid when (a) Seller executes this Agreement and it is received by Purchaser and (b) the Agreement is executed by a proper representative of Purchaser.

**Consent and Waiver.** Seller hereby acknowledges and consents to all of the terms set forth in this Agreement and hereby waives its right to raise any objections thereto pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

**Claim or Recovery Impaired or Allowed for an Amount Less than Claim Amount.** (For clarity purposes, this paragraph pertains only to the validity of the Claim and not the Recovery against the Claim as ordered by the Court.) If all or any part of the Claim or Claim Amount is (a) avoided, disallowed, subordinated, reclassified, reduced, objected to, or otherwise impaired, for any reason whatsoever including without limitation a breach of any of the terms or conditions of this Agreement; or (b) the Claim is subsequently scheduled by Debtor or is amended such that all or any portion of the Claim is listed on the Debtor's amended schedule of liabilities as unliquidated, contingent or disputed or in a lesser amount than the Claim Amount (each (a) and (b) a "Disallowance"), then Seller, shall make immediate Restitution and repayment of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Claim Amount multiplied by the Purchase Price ("Restitution Payment"), no later than 30 days after receiving notice of such Disallowance. Such Restitution Payment shall be made together with interest, calculated at the rate of five (5%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser. In the event Seller has previously assigned or pledged this claim to any third party, or in the future purports to assign or pledge the claim to a third party, Seller agrees to immediately pay assignee upon demand of Purchaser, liquidated damages in an amount equal to double the amount paid to Seller hereunder.

**Notices (including Voting Ballots) Received by Seller; Further Cooperation.** Seller agrees to immediately forward to Purchaser any and all notices received from Debtor, the Court or any other court or governmental entity or any third party regarding the Claim assigned herein and to take such other action, with respect to the Claim, as Assignee may request from time to time. More specifically, Seller shall take such further action as may be necessary or desirable to effect the transfer of the Claim and to direct any payments or distributions, or any form of Recovery on account of the Claim to Purchaser, including the execution of appropriate voting ballots, transfer powers and consents at Purchaser's sole discretion.

**Recovery (including Cure Payments) Received or Delayed by Seller.** In the event Seller (i) receives any interim or final distribution of the Recovery, or any portion thereof, made payable on or after the date of Seller's execution of this Agreement; or (ii) delays or impairs Purchaser's right to Recovery for any reason (each (i) and (ii) a "Delayed Recovery Event"), then Seller agrees to (a) accept any Recovery the same as Purchaser's agent and to hold

the same in trust on behalf of and for the sole benefit of Purchaser and shall promptly deliver the same forthwith to Purchaser in the same form received, or in a form reasonably requested by Purchaser, free of any withholding, set-off, claim or deduction of any kind and/or (b) settle or cure the reason for the Delayed Recovery Event (each (a) and (b) a "Settlement") within ten (10) business days of the Delayed Recovery Event (the "Settlement Date"). Seller shall pay Purchaser interest, calculated at the rate of five (5%) percent per annum of any amount or portion of Recovery that incurs a Delayed Recovery Event, for each day after the Settlement Date until such Recovery is received by Purchaser.

**Governing Law, Personal Jurisdiction and Service of Process.** This Agreement shall be governed by and construed in accordance with the laws of the State of New York, USA, not with standing any contrary choice of law that would otherwise apply under the choice of law principles of that or any other jurisdiction. Any action arising under or relating to this Agreement must be brought in a State or Federal court located in New York County in the State of New York. Seller consents to and confers personal jurisdiction over Seller by any such court and agrees that Purchaser may validly effect service of process upon Seller by mailing a copy of said process to Seller's address set forth hereof in this Agreement. In any action hereunder Seller waives the right to demand a trial by jury.

**Authorizations.** Seller irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all amounts as now are, or hereafter may become, due and payable on account of the Claim. Seller grants Purchaser full authority to do all things necessary to enforce the Claim and its rights thereunder. Seller agrees that the powers granted in this paragraph are discretionary in nature and that Purchaser may exercise or decline to exercise such powers at Purchaser's sole option. Purchaser shall have no obligation to prove or defend the Claim.

**Indemnification.** Seller further agrees to reimburse Purchaser for all losses, costs and expenses, including reasonable legal fees at the trial and appellate levels incurred by Purchaser as a result of, in connection with, or related to any (a) Disallowance, (b) Seller's breach of this Agreement, including without limitation any misrepresentation by Seller, and/or (c) litigation arising out of or in connection with this Agreement or in order to enforce any provision of this Agreement.

**Miscellaneous.** Seller agrees that this Agreement and all its terms are confidential and may not be disclosed without the prior written consent of Purchaser. Purchaser shall have the right to all remedies including specific performance and other injunctive and equitable relief without a showing of irreparable harm or injury and without posting a bond. Each party expressly acknowledges and agrees that it is not relying upon, any representations, promises, or statements, except to the extent that the same are expressly set forth in this Agreement, and that each party has the full authority to enter into this Agreement and that the individuals whose signatures appear below hereby expressly represent that they have the authority to bind the party for which they sign this Agreement. The parties hereby mutually agree and stipulate that this Agreement is the result of negotiations between the parties and terms hereof are negotiated terms. Accordingly, any rules of interpretation, construction or resolving ambiguity against the drafter that otherwise apply, shall not apply hereto. This Agreement (i) may not be modified, waived, changed or discharged, in whole or in part, except by an agreement in writing signed by the parties; (ii) constitutes the entire agreement and understanding between the parties hereto with respect to the subject matter hereof and (iii) supersedes all prior agreements, understandings and representations pertaining to the subject matter hereof, whether oral or written. Seller hereby acknowledges that Purchaser may at any time resell the Claim, or any portion thereof, together with all right title and interest received by Purchaser in and to this Agreement. Seller shall not assign or otherwise transfer its rights or obligations under this Agreement without the prior written consent of Purchaser. This Agreement shall be binding upon any prospective successor of Seller (whether by operation of law, merger or otherwise) or on any purchaser of all or substantially all of Seller's assets ("Transfer"). In connection with any such Transfer, the purchaser, successor or assignee of Seller shall be bound by the terms and conditions of this Agreement. All representations and warranties made herein shall survive the execution and delivery of this Agreement and any Transfer. This Agreement may be signed in counterparts and by telecopy, or other commonly acceptable form of electronic transmission, each of which shall be deemed an original and all of which taken together shall constitute the Agreement. Failure or delay on the part of Purchaser to exercise any right, power or privilege hereunder shall not operate as a waiver thereof.

**Notice of Transfer and Waiver of Notice**

C R T S INC ("Seller") sells, transfer and assigns unto Fair Harbor Capital, LLC, with an address of PO Box 237037, New York, NY 10023, its successors and assigns ("Purchaser"), pursuant to a Claim Purchase Agreement between Seller and Purchaser (the "Agreement") all of Seller's right, title and interest in, to and under Seller's Claim including cure rights (as defined in the Agreement) against **USF Holland LLC** or any of its co-debtor affiliates (the "Debtor") in the aggregate amount of not less than **$7,124.97**, representing all claims of Seller pending against Debtor in the United States Bankruptcy Court, District of Delaware, Case No 23-11069, et al.. Seller Hereby waives its right to raise any objection and/or receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedures and stipulates that an order may be entered recognizing the Agreement as an unconditional sale and the Purchaser as the valid owner of the Claim.

**In Witness Whereof,** C R T S INC (Seller) and Fair Harbor Capital, LLC (Purchaser) have signed below:

C R T S INC ("Seller")
3301 INTEGRITY DR
GARNER, NC 27529

Signature: _Rebecca Wilkerson_ Date: 10/4/23
Print Name: Rebecca S Wilkerson
Phone: 540-215-2203  Fax: 919-773-4008
Email: Beckie.wilkerson@crtsinc.com

Updated Address (If Changed): _____

Fair Harbor Capital, LLC ("Purchaser")
PO Box 237037
New York, NY 10023

Signature: _____

Fred Glass, Member Fair Harbor Capital, LLC