**<u>Appendix 1</u>**

*Privileged & Confidential*
*Akin Draft 10/27/25*
*MFN/Mobile Street Comments 10/31/25*

## LIQUIDATING TRUST AGREEMENT

This LIQUIDATING TRUST AGREEMENT is made this [●] day of [●], 2025 (this "Agreement"), by and among Yellow Corporation ("Yellow"), on behalf of itself and its Debtor and non-Debtor subsidiaries, as settlors, and Daniel H. Golden, as trustee of the Liquidating Trust referred to in this Agreement (in such capacity, the "Liquidating Trustee"), and creates and establishes the Liquidating Trust (the "Liquidating Trust") referenced in this Agreement in order to facilitate the implementation of the plan of liquidiation (the "Plan") as set forth in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors*, dated July 29, 2025 (as the same may be amended, supplemented, or otherwise modified from time to time in accordance with the terms and provisions thereof and including each Plan Supplement, the "Plan").  Each Debtor and the Liquidating Trustee are sometimes referred to in this Agreement individually as a "Party" and, collectively, as the "Parties."

## RECITALS

WHEREAS, each of the Debtors filed a voluntary petition for relief commencing cases (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on August 6, 2023 and continuing on August 7, 2023 (the "Petition Date") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on [●], 2025, the Bankruptcy Court entered the Confirmation Order; and

WHEREAS, the Plan provides, among other things, as of the Effective Date of the Plan, for (a) the creation and establishment of the Liquidating Trust for the benefit of holders of GUC Liquidating Trust Interests and Equity Liquidating Trust Interests (such interests, collectively, the "Liquidating Trust Interests" and such holders, collectively, the "Liquidating Trust Beneficiaries"), (b) the automatic transfer to the Liquidating Trust of the Liquidating Trust Assets, as well as the rights, title and interests of each Debtor in such Liquidating Trust Assets, free and clear of all Liens, Claims, encumbrances and interests, (c) the resolution, by settlement, compromise or litigation of all Disputed Claims and Disputed Interests by the Liquidating Trust, (d) the prosecution and settlement of the Retained Causes of Action by the Liquidating Trust and (e) the distribution of the proceeds from the Liquidating Trust Assets to the Liquidating Trust Beneficiaries, in accordance with the Plan, the Confirmation Order and this Agreement; and

WHEREAS, the Liquidating Trust is intended to qualify as (a) a "liquidating trust" pursuant to the Internal Revenue Code of 1986, as amended (the "IRC") and the regulations promulgated thereunder ("Treasury Regulations"), including Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or another business, except to the extent reasonably necessary to, and consistent with, the purpose of the Liquidating Trust and (b) as a "grantor trust" for U.S. federal income tax purposes, pursuant to sections 671-677 of the IRC; and

WHEREAS, the Liquidating Trust shall not be deemed a successor in interest of the Debtors for any purpose other than as specifically set forth in the Plan, the Confirmation Order or this Agreement, and upon the transfer by the Debtors and the Estates of the Liquidating Trust Assets to the Liquidating Trust, the Debtors and the Estates will not have a reversionary or further interest in or with respect to the Liquidating Trust Assets or the Liquidating Trust[1]; and

WHEREAS, the Liquidating Trustee and the Liquidating Trust Board of Managers shall have all powers necessary to implement the provisions of this Agreement and administer the Liquidating Trust as provided in this Agreement, in the Plan and in the Confirmation Order.

NOW, THEREFORE, pursuant to the Plan and the Confirmation Order, in consideration of the promises, the mutual agreements of the Parties contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

## ARTICLE I
## DEFINITIONS

For all purposes of this Agreement, capitalized terms used and not otherwise defined in this Agreement shall have the meanings ascribed to such terms in the Plan.

## ARTICLE II
## ESTABLISHMENT OF THE LIQUIDATING TRUST

2.1    <u>Establishment of the Liquidating Trust and Appointment of the Liquidating Trustee and the Liquidating Trust Board of Managers</u>.

(a)    The Debtors and the Liquidating Trustee, pursuant to the Plan and the Confirmation Order and in accordance with the applicable provisions of the Bankruptcy Code, hereby establish a trust on behalf of the Liquidating Trust Beneficiaries, which shall be known as the "Yellow Liquidating Trust," on the terms set forth in this Agreement.  In connection with the exercise of the Liquidating Trustee's powers hereunder, the Liquidating Trustee may use this name or such variation thereof as the Liquidating Trustee sees fit.

(b)    The Liquidating Trustee is hereby appointed as trustee of the Liquidating Trust effective as of the Effective Date.

(c)    In accordance with Section 7.1 of this Agreement, the initial members of the Liquidating Trust Board of Managers (each such Person and any other Person appointed to be a member of the Liquidating Trust Board of Managers pursuant to this Agreement, a "<u>Manager</u>") are identified on <u>Exhibit A</u> hereto and were appointed by the Committee and the Debtors, respectively, pursuant to the Plan.  At all times a majority of the Managers of the Liquidating

---

[1] <u>Note to Draft:</u> After the Effective Date, all assets of and claims against the Debtors will be subject to the Liquidating Trust and the Debtor entities will be wound down and dissolved so there cannot be any reversionary interests back to the Debtor entities.

Trust Board of Managers shall be "United States persons" as such term is defined in Section 7701(a)(30) of the IRC.

(d)    The Liquidating Trustee agrees to accept and hold the Liquidating Trust Assets in trust for the Liquidating Trust Beneficiaries, subject to the provisions of the Plan, the Confirmation Order and this Agreement, and shall serve at the direction of the Liquidating Trust Board of Managers in accordance with the terms of this Agreement, including Sections 7.2 and 7.5.

(e)    The Liquidating Trustee and each successor trustee serving from time to time hereunder shall have all the rights, powers, and duties as set forth in this Agreement.

(f)    The Liquidating Trustee is, and any successor trustee serving from time to time hereunder shall be, a "United States person" as such term is defined in Section 7701(a)(30) of the IRC.

(g)    The Liquidating Trustee and the Managers may serve without bond.

(h)    Subject to the terms of this Agreement and except as otherwise determined by the Bankruptcy Court on a case-by-case basis, any action by the Liquidating Trustee and/or the Liquidating Trust Board of Managers that affects the interests of more than one Liquidating Trust Beneficiary shall be binding and conclusive on all Liquidating Trust Beneficiaries even if such Liquidating Trust Beneficiaries have different or conflicting interests.

2.2    Transfer of the Liquidating Trust Assets[2].

(a)    Pursuant to and subject in all respects to the terms of the Plan and the Confirmation Order, as of the Effective Date, the Debtors and the Estates shall irrevocably grant, release, transfer, assign and deliver, and (except as provided for U.S. federal, state and local income tax purposes in Sections 2.2(h), 2.6 and 9.1) shall be deemed to have transferred, assigned and delivered, to the Liquidating Trust, without recourse, all of their respective rights, title and interest in the Liquidating Trust Assets, free and clear of all (1) Claims and Interests, encumbrances, charges, or interests of any kind or nature in such property of any other Person and (2) contractually imposed restrictions (including all Liens, Claims, encumbrances, charges or interests of any kind or nature (legal, beneficial or otherwise) for the benefit of the Liquidating Trust Beneficiaries, including, without limitation, all attorney-client privileges, work-product privileges, accountant-client privileges and any other evidentiary privileges or immunity in respect of the Liquidating Trust Assets that, prior to the Effective Date, belonged to the Debtors and the Estates pursuant to applicable U.S. federal, state and other law, which shall vest in the Liquidating Trust, in trust, and, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Liquidating Trustee and the Liquidating Trust Beneficiaries; *provided, however*, that any common interest privileges in respect of any Liquidating Trust Assets may not be waived by the Liquidating Trustee without the consent of

---

[2] Note to Draft: The proposed references to the Committee in 2.2(a), (b), (c) and (d) have not been accepted because the Committee will cease to exist as of the Effective Date, other than for limited and unrelated purposes under the Plan. The Committee's advisors will provide cooperation as now reflected under 2.2(e).

the other party or parties with whom the Liquidating Trustee shares a common interest. The Debtors and the Estates shall have no claim to, right, or interest in, whether direct, residual, contingent or otherwise, the Liquidating Trust Assets once such assets have been transferred to the Liquidating Trust. Notwithstanding the foregoing, for purposes of section 553 of the Bankruptcy Code, the transfer of the Liquidating Trust Assets to the Liquidating Trust shall not affect the mutuality of obligations that otherwise may have existed prior to the effectuation of such transfer.

(b)     From and after the Effective Date, the Debtors, the Estates and any party under their control shall promptly transfer or make readily available to the Liquidating Trust copies of the Debtors' and the Estates' records and information relating to the Liquidating Trust Assets, including electronic records or documents, copies of which shall be provided to the Liquidating Trust and its advisors, at the cost and expense of the Liquidating Trust (including but not limited to the reasonable attorneys' fees associated with the review of any such electronic records or document), all in compliance with applicable law. In connection with any transfer of electronic records or documents from the Debtors, the Estates or any party under their control, the Liquidating Trust shall confer in good faith with the relevant transferring party to address issues related to the cost and burden of such transfer.

(c)     The Debtors, the Estates and any party under their control shall: (i) execute and/or deliver any instruments, documents, books, and records (including those maintained in electronic format and original documents as may be needed); and (ii) take, or cause to be taken, such further actions necessary to evidence or effectuate the transfer of the Liquidating Trust Assets to the Liquidating Trust.

(d)     The Debtors, the Estates and any party under their control shall take, or cause to be taken, all such further actions as the Liquidating Trustee may reasonably request (including, with respect to reasonably cooperating with the Liquidating Trustee for requests for telephone conferences, interviews, and appearances of current and former directors, officers, employees, agents and professionals as witnesses (by affidavits, at depositions, and at hearings/trials, as necessary) and by providing the last known address of any such individual, to the extent reflected in the books and records of Debtors or the Estates and to the extent permissible under applicable law), in each case in order to permit the Liquidating Trustee to investigate, prosecute, protect and preserve all Retained Causes of Action.

(e)     To the extent reasonably requested by the Liquidating Trustee, the Debtors and the advisors to the Committee shall use commercially reasonable efforts to cause the professionals retained by the Debtors and the Committee during the Chapter 11 Cases (the "Professionals") to, subject to any applicable professional rules of responsibility, use commercially reasonable efforts to cooperate with the Liquidating Trustee in the investigation and prosecution of the Retained Causes of Action and reconciliation of Disputed Claims and Disputed Interests, including, without limitation, by providing access to those attorneys, accountants and other professionals with knowledge of matters relevant to the Retained Causes of Action, Disputed Claims and Disputed Interests, as applicable. The Debtors or the Professionals, as applicable, shall be reimbursed by the Liquidating Trust for any reasonable and documented fees (including but not limited to attorneys' fees) and out-of-pocket expenses incurred by the Professionals in connection with such cooperation by the Professionals. For the

4

avoidance of doubt, to the extent Liquidating Trust seeks electronic records, documents, or other information from the Professionals, the provisions of this paragraph shall apply rather than the provisions of Section 2.2(b) above.

(f)     All of the proceeds received by the Liquidating Trust from the pursuit of any Retained Causes of Action shall be added to the Liquidating Trust Assets and held as a part thereof (and title thereto shall be vested in the Liquidating Trust).

(g)     For all U.S. federal, state and local income tax purposes, all parties (including, without limitation, the Debtors, the Liquidating Trust, the Liquidating Trustee and the Liquidating Trust Beneficiaries) shall treat the transfer of the Liquidating Trust Assets to the Liquidating Trust in accordance with Section 9.1.

(h)     Such transfers pursuant to the Plan shall be exempt from any stamp, real estate transfer, mortgage reporting, sales, use or other similar tax, pursuant to and to the extent permitted under section 1146(a) of the Bankruptcy Code.

2.3     Privileges.

(a)     All attorney-client privileges, work product protections and other privileges, immunities or protections from disclosure (the "Privileges") held by any one or more of the Debtors (including any prepetition or postpetition committee or subcommittee of the board of directors or equivalent governing body of any of the Debtors and their predecessors) (together the "Privilege Transfer Parties") related in any way to the Debtors, the Liquidating Trust Assets and the purpose of the Liquidating Trust (the "Transferred Privileged Information ") are hereby transferred and assigned to the Liquidating Trust.  The Transferred Privileged Information shall include documents and information of all manner, whether oral, written, or digital, and whether or not previously disclosed or discussed.  For the avoidance of doubt, subject to Section 2.3(b), the Privileges shall include any right to preserve or enforce a privilege that arises from any joint defense, common interest, or similar agreement involving any of the Privilege Transfer Parties.

(b)     The foregoing transfer and assignment shall vest the Privileges concerning the Transferred Privileged Information exclusively in the Liquidating Trust, consistent with sections 1123(a)(5)(B) and 1123(b)(3)(B) of the Bankruptcy Code, for the sole benefit of the Liquidating Trust and the Liquidating Trust Beneficiaries.  The Liquidating Trust shall have the exclusive authority and sole discretion to maintain the Privileges and keep the Transferred Privileged Information confidential, or waive any Privileges and/or disclose and/or use in litigation or any proceeding any or all of the Transferred Privileged Information; *provided, however,* that notwithstanding anything herein to the contrary, any such authority and discretion shall be subject to the rights of any counterparty to such joint defense, common interest or other similar agreement to preserve or enforce such privilege. Appendix "__" attached hereto contains a non-exclusive list of certain pending matters for which there was a joint defense, common interest or other similar agreement as of the Effective Date; *provided further, however*, that all parties reserve their rights to invoke or contest any joint defense, common interest, or similar privilege.

(c)     The Privilege Transfer Parties agree to take all necessary actions to effectuate the transfer of such Privileges, and to provide to the Liquidating Trust without the necessity of a subpoena all Transferred Privileged Information in their respective possession, custody, or control.  In connection with any transfer of electronic records or documents from the Privilege Transfer Parties, the Liquidating Trust shall confer in good faith with the relevant transferring party to address issues related to the cost and burden of such transfer.  The Liquidating Trust is further expressly authorized to formally or informally request or subpoena documents, testimony or other information that would constitute Transferred Privileged Information from any persons, including attorneys, professionals, consultants and experts that may possess Transferred Privileged Information, and no such person may object to the production to the Liquidating Trust of such Transferred Privileged Information on the basis of a Privilege held by a Privilege Transfer Party.  Until and unless the Liquidating Trustee makes a determination on behalf of the Liquidating Trust, subject to the oversight and direction of the Liquidating Trust Board of Managers (in accordance with Section 7.4), to waive any Privilege, Transferred Privileged Information shall be produced solely to the Liquidating Trustee or as required by law.  For the avoidance of doubt, this Subsection is subject in all respects to Section 2.3(a) and Section 2.3(b) of this Trust Agreement.

(d)     Pursuant to, inter alia, Federal Rule of Evidence 502(d), no Privileges shall be waived by the transfer and assignment of the Privileges or the production of any Transferred Privileged Information to the Liquidating Trust or any of its respective employees, professionals or representatives, or by disclosure of such Transferred Privileged Information between the Privilege Transfer Parties, on the one hand, and the Liquidating Trust, on the other hand, or any of their respective employees, professionals or representatives.

(e)     If a Privilege Transfer Party, the Liquidating Trust, any of their respective employees, professionals or representatives or any other person inadvertently produces or discloses Transferred Privileged Information to any third party, such production shall not be deemed to destroy any of the Privileges, or be deemed a waiver of any confidentiality protections afforded to such Transferred Privileged Information.  In such circumstances, the disclosing party shall promptly upon discovery of the production notify the Liquidating Trust of the production and shall demand of all recipients of the inadvertently disclosed Transferred Privileged Information that they return or confirm the destruction of such materials.

2.4     <u>Payment of Fees and Expenses</u>[3]. The Liquidating Trust may incur any reasonable and necessary expenses in connection with the performance of its obligations under the Plan, the Confirmation Order and this Agreement, including fees and expenses incurred to monetize the Liquidating Trust Assets (including with respect to dissolving, liquidating and/or winding up the Debtors or their respective subsidiaries), reconcile Disputed Claims and Disputed Interests and pursue the Retained Causes of Action and in connection with retaining professionals, consultants and advisors to aid it in fulfilling its obligations under this Agreement and the Plan ("<u>Liquidating Trust Professionals</u>").  The Liquidating Trust Beneficiaries shall have no obligation to provide any funding with respect to the Liquidating Trust.

---

[3] <u>Note to Draft</u>: There will not be a 2026 budget included in the plan supplement.

2.5    Title to the Liquidating Trust Assets. The transfer of the Liquidating Trust Assets to the Liquidating Trust pursuant to Section 2.2 is being made for the sole benefit, and on behalf, of the Liquidating Trust Beneficiaries.  From and after the Effective Date and upon establishment of the Liquidating Trust, title to the Liquidating Trust Assets are deemed transferred to the Liquidating Trust without any further action of the Debtors or any of their managers, employees, officers, directors, members, partners, shareholders, agents, advisors, or representatives.  From and after the Effective Date, legal title to the Liquidating Trust Assets shall be vested at all times in the Liquidating Trust as a separate legal entity except where applicable law in any jurisdiction in which the Liquidating Trust Assets may be located requires title to any part of the Liquidating Trust Assets to be vested in a trustee, in which case title shall be deemed vested in the Liquidating Trustee as set forth in Section 4.1.  No Liquidating Trust Beneficiary shall have legal title to any part of the Liquidating Trust Assets.  Upon the transfer of the Liquidating Trust Assets to the Liquidating Trust, the Liquidating Trust shall succeed to all of the Debtors' and the Estates' rights, title and interest in the Liquidating Trust Assets and no other Person shall have any interest, legal, beneficial or otherwise, in the Liquidating Trust or the Liquidating Trust Assets upon the assignment and transfer of such assets to the Liquidating Trust (other than as provided in the Plan, the Confirmation Order or this Agreement).

2.6    Nature and Purpose of the Liquidating Trust.

(a)    Purpose. The Liquidating Trust is organized and established as a trust pursuant to which the Liquidating Trustee, subject to the oversight and direction of the Liquidating Trust Board of Managers, and to the terms and conditions of this Agreement, shall implement the Plan with respect to all Debtors on behalf, and for the benefit, of the Liquidating Trust Beneficiaries. The Liquidating Trust shall (i) serve as a mechanism for prosecuting all Retained Causes of Action, resolving all Disputed Claims and Disputed Interests, monetizing the Liquidating Trust Assets, distributing the Distributable Proceeds and closing the Chapter 11 Cases, in each case, in accordance with the Plan, the Confirmation Order and this Agreement and (ii) liquidate and administer the Liquidating Trust Assets in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or any other business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust.

(b)    Relationship. This Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust.  Subject to Section 4.11(t), the Liquidating Trust is not intended to be, and shall not be deemed to be, or be treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company or association, nor shall the Liquidating Trustee, the Liquidating Trust Board of Managers (or any Manager thereof) or the Liquidating Trust Beneficiaries for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Liquidating Trust Beneficiaries, on the one hand, to the Liquidating Trustee and the Liquidating Trust Board of Managers, on the other hand, shall be solely that of a beneficiary of a trust and shall not be deemed a principal and agency relationship, and their rights shall be limited to those conferred upon them by the Plan, the Confirmation Order and this Agreement.  Notwithstanding the foregoing, in the event of a final determination under section 1313(a) of the IRC that the Liquidating Trust does not qualify as a grantor trust, the Liquidating Trust Beneficiaries and the Liquidating Trust Board of Managers intend that the

Liquidating Trust be treated as a partnership for U.S. federal income tax purposes and will take all actions reasonably necessary to cause the Liquidating Trust to be treated as such.

(c)    Relationship to, and Incoporation of, the Plan and Confirmation Order. This Liquidating Trust Agreement is to aid in the implementation of the Plan and the Confirmation Order, and therefore this Liquidating Trust Agreement incorporates the provisions of the Plan and the Confirmation Order by this reference. To that end and subject to the authority and direction of the Liquidating Trust Board of Managers, the Liquidating Trustee shall have full power and authority to take any action consistent with the purpose and provisions of the Plan and to seek any orders from the Bankruptcy Court in furtherance of implementation of the Plan, in each case, solely to the extent that such action or orders are in furtherance of this Liquidating Trust Agreement and implementation of the Plan. To the extent that there is an explicit conflict between the provisions of this Liquidating Trust Agreement, the provisions of the Plan and/or the Confirmation Order (as such conflict relates to anything other than the establishment of the Liquidating Trust or the Assets to be transferred to the Liquidating Trust, for which the Plan shall control), each such document shall have controlling effect in the following rank order: (1) the Confirmation Order, (2) this Liquidating Trust Agreement, and (3) the Plan.

(d)    No Waiver of Claims. In accordance with section 1123(b)(3) of the Bankruptcy Code and subject to the terms and conditions of the Plan, the Liquidating Trustee, at the direction of the Liquidating Trust Board of Managers, may enforce all rights to commence, continue and pursue, as appropriate, any and all Retained Causes of Action and objections to and resolution of Disputed Claims after the Effective Date. No Person or Entity may rely on the absence of a specific reference in the Plan to any claim against it as any indication that the Liquidating Trustee will not pursue any and all Retained Causes of Action against such Person or Entity; nor may any Person or Entity rely on the absence of a specific reference in the Plan to any Disputed Claim or Disputed Interest as any indication that the Liquidating Trustee will not pursue any objections thereto. The Liquidating Trust expressly reserves all Retained Causes of Action and objections to and resolution of Disputed Claims for later adjudication, resolution, abandonment, settlement, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise) or laches, shall apply to such Retained Causes of Action and objections to and resolution of Disputed Claims upon, after or as a consequence of the Confirmation Order.

2.7    Appointment as Representative. Pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, the Liquidating Trustee shall be the duly appointed representative of the Estates for certain limited purposes and, as such, to the extent provided in this Agreement, the Liquidating Trustee succeeds to the rights and powers of a trustee in bankruptcy solely with respect to prosecution, resolution and settlement of the Retained Causes of Action, Disputed Claims and Disputed Interests. To the extent that any of the Retained Causes of Action or any right to prosecute, settle or dispose of a Disputed Claim or Disputed Interest cannot be transferred to the Liquidating Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Retained Causes of Action and rights shall be deemed to have been retained by the Debtors (other than for tax purposes) and the Liquidating Trustee shall be deemed to have been designated as a representative of the Debtors to the extent provided in this Agreement pursuant to section 1123(b)(3)(B) of the Bankruptcy Code solely to

enforce and pursue such Retained Causes of Action on behalf of the Debtors and the Estates for the benefit of the Liquidating Trust Beneficiaries or prosecute objections, settle or otherwise dispose of Disputed Claims and Disputed Interests, in each case in accordance with the terms of this Agreement. Notwithstanding the foregoing, all Distributable Proceeds shall be distributed to the Liquidating Trust Beneficiaries consistent with the provisions of the Plan, Confirmation Order, and this Agreement. For the avoidance of doubt, any of the Retained Causes of Action subject to this Section 2.7 shall be treated by the Parties for U.S. federal, state and local income tax purposes as a disposition of the Retained Causes of Action by the Debtors as described in Section 2.2.

2.8    Valuation of the Liquidating Trust Assets. As soon as reasonably practicable following the establishment of the Liquidating Trust, the Liquidating Trust shall determine the value of the Liquidating Trust Assets transferred to the Liquidating Trust, based on their good-faith determination of such value. The Liquidating Trustee shall appraise, in writing, the Liquidating Trust Beneficiaries of such valuation. The valuation shall be used consistently by all parties (including the Liquidating Trust Board of Managers, the Liquidating Trustee and the Liquidating Trust Beneficiaries) for all U.S. federal income tax purposes. In connection with the preparation of the valuation contemplated hereby and by the Plan, the Liquidating Trust shall be entitled to retain such Liquidating Trust Professionals as the Liquidating Trustee, with the approval of the Liquidating Trust Board of Managers, shall determine to be appropriate or necessary in accordance with the terms of this Agreement, and the Liquidating Trustee, with the approval of the Liquidating Trust Board of Managers, shall take such other actions in connection therewith as it determines to be appropriate or necessary. The Liquidating Trust shall bear all of the reasonable costs and expenses incurred in connection with determining such value, including the fees and expenses of any Liquidating Trust Professionals retained in connection therewith.

## ARTICLE III
## LIQUIDATING TRUST INTERESTS

3.1    Liquidating Trust Interests. On the date hereof, the Liquidating Trust shall issue the Liquidating Trust Interests to the Liquidating Trust Beneficiaries in accordance with the terms of the Plan, the Confirmation Order, and this Agreement. The Liquidating Trust Beneficiaries shall be entitled to distributions from the Distributable Proceeds in accordance with the terms of the Plan, the Confirmation Order, and this Agreement. The beneficial interests in the Liquidating Trust will be represented by book entries on the books and records of the Liquidating Trust. The Liquidating Trust will not issue any certificate or certificates to evidence any beneficial interests in the Liquidating Trust.

3.2    Interests Beneficial Only. The ownership of the beneficial interests in the Liquidating Trust shall not entitle the Liquidating Trust Beneficiaries to any title in or to the Liquidating Trust Assets as such (which title shall be vested in the Liquidating Trust) or to any right to call for a partition or division of the Liquidating Trust Assets or to require an accounting.

3.3    Transferability of Liquidating Trust Interests. No transfer, assignment, pledge, hypothecation or other disposition of a Liquidating Trust Interest may be effected until (i) the Liquidating Trustee has received such legal advice or other information that it, in its sole and absolute discretion, deems necessary to assure that any such disposition shall not cause the

Liquidating Trust to be subject to entity-level taxation for U.S. federal, state or local income tax purposes, and (ii) either (x) the Liquidating Trustee has received such legal advice or other information that it, in its sole and absolute discretion, deems necessary or appropriate to assure that any such disposition shall not require the Liquidating Trust to comply with the registration and reporting requirements of the Securities Act of 1933, as amended (the "Securities Act"), the Securities Exchange Act of 1934, as amended (the "Exchange Act"), the Trust Indenture Act of 1939, as amended (the "TIA"), or the Investment Company Act of 1940, as amended (the "Investment Company Act"), or (y) the Liquidating Trust Board of Managers, acting unanimously, has determined, in its sole and absolute discretion, to direct the Liquidating Trustee to cause the Liquidating Trust to become a public reporting company and/or make periodic reports under the Exchange Act in order to enable such disposition to be made. In the event that any such disposition is allowed, the Liquidating Trustee may add such restrictions upon transfer and other terms and conditions of the disposition as are deemed necessary or appropriate by the Liquidating Trustee, with the advice of counsel, to permit or facilitate such disposition under applicable securities and other laws.

3.4    Registry of Beneficial Interests.

(a)    The Liquidating Trustee shall appoint a registrar, which may be the Liquidating Trustee (the "Registrar"), for the purpose of recording ownership of the Liquidating Trust Interests as provided in this Agreement. For its services hereunder, the Registrar, unless it is the Liquidating Trustee, shall be entitled to receive reasonable compensation from the Liquidating Trust as a cost of administering the Liquidating Trust.

(b)    The Liquidating Trustee shall cause to be kept at the office of the Registrar, or at such other place or places as shall be designated by the Registrar from time to time and acceptable to the Liquidating Trustee, a registry of the Liquidating Trust Beneficiaries (the "Trust Register"), which shall be maintained pursuant to such reasonable regulations as the Liquidating Trustee and the Registrar may prescribe.

3.5    Exemption from Registration. The Parties hereto intend that the rights of the Liquidating Trust Beneficiaries arising under this Liquidating Trust shall not be "securities" under applicable laws, but none of the Parties represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws. If such rights constitute securities, the Parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws to apply to the issuance of the Liquidating Trust Interests to the Liquidating Trust Beneficiaries under the Plan. Subject to Section 3.3, the Liquidating Trustee may amend this Agreement in accordance with Article XI hereof to make such changes as are deemed necessary or appropriate, with the advice of counsel, to ensure that the Liquidating Trust is not subject to registration and/or reporting requirements of the Securities Act, the Exchange Act, the TIA or the Investment Company Act. Except as provided in Sections 2.1(c) and Articles V and Article VII, the Liquidating Trust Interests shall not have consent or voting rights or otherwise confer on the Liquidating Trust Beneficiaries any rights similar to the rights of a shareholder of a corporation in respect of any actions taken or to be taken by the Liquidating Trustee in connection with the Liquidating Trust. Subject to Section 3.3, neither the Liquidating Trust Board of Managers nor

the Liquidating Trustee shall take any action to establish or support the establishment of an active trading market with respect to the Liquidating Trust Interests.

3.6    <u>Effect of Death, Incapacity or Bankruptcy</u>. The death, incapacity or bankruptcy of any Liquidating Trust Beneficiary during the term of the Liquidating Trust shall not (i) operate to terminate the Liquidating Trust, (ii) entitle the representatives or creditors of the deceased, incapacitated or bankrupt party to an accounting, (iii) entitle the representatives or creditors of the deceased, incapacitated or bankrupt party to take any action in the Bankruptcy Court or elsewhere for the distribution of the Liquidating Trust Assets or for a partition thereof, or (iv) otherwise affect the rights and obligations of any of the Liquidating Trust Beneficiaries under this Agreement.

3.7    <u>Change of Address</u>. Any Liquidating Trust Beneficiaries may, after the Effective Date, select an alternative distribution address by providing notice to the Liquidating Trustee or, as applicable, the Registrar, identifying such alternative distribution address. Such notification shall be effective only upon receipt by the Liquidating Trustee or, as applicable, the Registrar. Absent actual receipt of such notice by the Liquidating Trustee or, as applicable, the Registrar, the Liquidating Trustee shall not recognize any such change of distribution address.

3.8    <u>Absolute Owners</u>.  The Liquidating Trustee may deem and treat any Liquidating Trust Beneficiary reflected as the owner of a Liquidating Trust Interest on the applicable Trust Register as the absolute owner thereof for the purposes of receiving distributions and payments on account thereof, for U.S. federal and state income tax purposes and for all other purposes whatsoever.

3.9    <u>Standing</u>. No Liquidating Trust Beneficiary shall have standing to direct the Liquidating Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any party upon or with respect to the Liquidating Trust Assets, except that to the extent the Liquidating Trustee seeks to abandon or not otherwise promptly pursue in advance of the expiration of any applicable statute of limitations any claims or Causes of Action or objections to any Claims (to the extent not objected to as of the Effective Date), a Liquidating Trust Beneficiary may in the alternative seek to have the Court grant such Liquidating Trust Beneficiary derivative standing to pursue such claims or Causes of Action. For avoidance of doubt, and notwithstanding any other provision of this Agreement, nothing herein restricts, limits, or impairs any pending objection to a Claim commenced by any person prior to the Effective Date (or any appeals therefrom).

## ARTICLE IV
## RIGHTS, POWERS AND DUTIES OF LIQUIDATING TRUSTEE

4.1    <u>Role of the Liquidating Trustee</u>.  In furtherance of and consistent with the purpose of the Liquidating Trust and the Plan, subject to the terms and conditions contained in the Plan, the Confirmation Order and this Agreement, including Section 7.5, and subject to the authority and direction of the Liquidating Trust Board of Managers, the Liquidating Trustee shall (i) receive, manage, supervise, preserve, and protect the Liquidating Trust Assets upon the receipt of same by the Liquidating Trust on behalf of and for the benefit of the Liquidating Trust Beneficiaries; (ii) investigate, analyze, prosecute and, if necessary and appropriate, settle and

compromise the Retained Causes of Action and Disputed Claims and Disputed Interests; (iii) prepare and file all required tax returns and pay all taxes and all other obligations of the Liquidating Trust , including, among other things, by (1) preparing and filing appropriate tax returns for the Debtors and the Liquidating Trust and (2) representing the interest and account of the Debtors and Liquidating Trust before any taxing authority in all matters including, without limitation, any action, suit, proceeding, or audit; (iv) prepare and file all monthly operating reports due after the Effective Date and all post-confirmation reports as required by the U.S. Trustee; (v) liquidate and convert the Liquidating Trust Assets to Cash and make distributions to the Liquidating Trust Beneficiaries in accordance with Section 4.7; (vi) file an application for entry by the Bankruptcy Court of a final decree closing the Chapter 11 Cases; (vii) dissolve, liquidate and/or wind up the Debtors, the Estates and their respective subsidiaries; and (viii) have all such other responsibilities as may be vested in the Liquidating Trustee pursuant to the Plan, the Confirmation Order, this Agreement, and all other applicable orders of the Bankruptcy Court. The Liquidating Trustee shall be appointed as the representative of each of the Debtors' Estates pursuant to sections 1123(a)(5), (a)(7) and (b)(3)(B) of the Bankruptcy Code, subject to the terms of the Plan, the Confirmation Order, and this Agreement. Regarding all matters identified in Section 7.5, the Liquidating Trustee shall be subject to and shall follow the direction of the Liquidating Trust Board of Managers. All decisions and duties with respect to the Liquidating Trust and the Liquidating Trust Assets to be made and fulfilled, respectively, by the Liquidating Trustee shall be carried out in accordance with the Plan, the Confirmation Order, this Agreement (including Section 7.5) and all other applicable orders of the Bankruptcy Court. In all circumstances, the Liquidating Trustee shall act in the best interests of all Liquidating Trust Beneficiaries, taken as a whole, and in furtherance of the purpose of the Liquidating Trust and this Agreement (including Section 7.5)[4], and in so doing shall use commercially reasonable efforts to prosecute, settle or otherwise resolve the Retained Causes of Action, Disputed Claims and Disputed Interests and to make timely distributions of any Distributable Proceeds realized therefrom and to otherwise monetize the Liquidating Trust Assets and not unreasonably prolong the duration of the Liquidating Trust.

4.2     Power to Contract. In furtherance of the purpose of the Liquidating Trust, and except as otherwise specifically restricted in the Plan, Confirmation Order, or this Agreement, the Liquidating Trustee upon direction of the Liquidating Trust Board of Managers shall have the right and power on behalf of the Liquidating Trust, and also may cause the Liquidating Trust, to enter into any contracts, instruments, or other agreements or commitments binding the Liquidating Trust, and to execute, acknowledge and deliver any and all contracts, instruments, or other agreements or commitments that are necessary or deemed by the Liquidating Trustee to be consistent with and advisable in furthering the purpose of the Liquidating Trust.

4.3     Ultimate Right to Act Based on Advice of Counsel or Other Professionals. Nothing in this Agreement shall be deemed to prevent the Liquidating Trustee or the Liquidating Trust Board of Managers from taking or refraining to take any action on behalf of the Liquidating Trust that, based upon the advice of counsel or other professionals, the Liquidating Trustee or Liquidating Trust Board of Managers determines in good faith that it is obligated to

---

[4] Note to Draft: The duties of the Board of Managers, including the duty to act in the best interest of all Liquidating Trust Beneficiaries, are already set forth in Section 7.1.

take or to refrain from taking in the performance of any duty that the Liquidating Trustee or Liquidating Trust Board of Managers may owe to the Liquidating Trust Beneficiaries or any other Person pursuant to the Plan, Confirmation Order, or this Agreement.

      4.4    Responsibility for Administration of Claims and Interests.  From and after the Effective Date, the Liquidating Trust shall be responsible for administering and paying distributions provided for under the Plan to the holders of Allowed Claims and, if applicable, Allowed Interests not paid by the Debtors on or prior to the Effective Date. Except as expressly provided otherwise in and subject to the terms of the Plan, except to the extent the applicable Claims and Interests have been previously Allowed prior to the Effective Date, the Liquidating Trust shall, subject to the rights of parties in interest, including without limitation Liquidating Trust Beneficiaries, to object to Claims or Interests pursuant to section 502(a) of the Bankruptcy Code and Section 3.9, control and effectuate the Claims and Interests reconciliation process, including to object to, seek to subordinate, compromise or settle any Claims or Interests, and to assert all applicable defenses of the Debtors and their Estates in accordance with Section 7.5 of this Agreement. The Liquidating Trust shall be entitled to assert all of the Debtors' and the Estates' rights under, without limitation, section 558 of the Bankruptcy Code. The Liquidating Trust, in accordance with Section 7.5 of this Agreement, may also seek estimation of Claims under and subject to section 502(c) of the Bankruptcy Code, the Plan, the Confirmation Order and this Agreement.

      4.5    Authority to Prosecute and Settle Retained Causes of Action and Disputed Claims/Disputed Interests.

      (a)    Subject to Section 3.9 and Section 7.5, the Plan, and the Confirmation Order, the Liquidating Trustee, subject to the oversight and direction of the Liquidating Trust Board of Managers, shall prosecute, pursue, compromise, settle, or abandon any and all Retained Causes of Action that have not already been resolved as of the Effective Date. The Liquidating Trustee, subject to the oversight and direction of the Liquidating Trust Board of Managers and subject to any requirements for notice or Bankruptcy Court approval as provided in this Agreement, the Plan or the Confirmation Order, shall have the absolute right to pursue, not pursue, release, abandon, and/or settle any and all Retained Causes of Action (including any counterclaims asserted against the Liquidating Trust) as it determines in the best interests of the Liquidating Trust Beneficiaries, and consistent with the purposes of the Liquidating Trust, and, except as provided in Section 8.4, shall have no liability for the outcome of its decision.

      (b)    Subject to the provisions of this Agreement, including Section 7.5, the Plan and the Confirmation Order, the Liquidating Trustee, subject to the oversight and direction of the Liquidating Trust Board of Managers, shall have the authority to reconcile, prosecute objections, compromise, abandon or settle any and all Disputed Claims and Disputed Interests that have not already been resolved as of the Effective Date.  The Liquidating Trustee, subject to the oversight and direction of the Liquidating Trust Board of Managers, shall have the authority to pursue, not pursue, release, abandon and/or settle any and all Disputed Claims and Disputed Interests (including any counterclaims asserted against the Liquidating Trust) as the Liquidating Trust Board of Managers determines is in the best interests of the Liquidating Trust

13

Beneficiaries, and consistent with the purposes of the Liquidating Trust, and, except as provided in Section 8.4, shall have no liability for the outcome of its decision.

(c)     To the extent that any action has been taken to prosecute or otherwise resolve any Retained Causes of Action prior to the Effective Date by the Debtors, on the Effective Date, the Liquidating Trustee shall be substituted for the Debtors in connection therewith in accordance with Rule 25 of the Federal Rules of Civil Procedure, made applicable to the litigation by Bankruptcy Rule 7025, and the caption with respect to such pending litigation shall be changed to the following, at the option of the Liquidating Trust: "Daniel H. Golden, as Trustee for the Yellow Liquidating Trust v. [Defendant]" or "Yellow Liquidating Trust v. [Defendant]."  Without limiting the foregoing, the Liquidating Trustee shall take any and all actions necessary or prudent to intervene as plaintiff, movant or additional party, as appropriate, with respect to any applicable claim or Cause of Action.  For purposes of exercising its powers, the Liquidating Trustee shall be deemed to be a representative of the Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.

(d)     Subject to Sections 4.5(a) and (b), any determinations by the Liquidating Trustee and/or the Liquidating Trust Board of Managers, with regard to the amount or timing of settlement or other disposition of any Retained Causes of Action settled in accordance with the terms of this Agreement shall be conclusive and binding on the Liquidating Trust Beneficiaries and all other parties in interest following the entry of an order of a court of competent jurisdiction (including, as relevant, a Final Order) approving such settlement or other disposition, to the extent any such order is required to be obtained to enforce any such determinations.

4.6     _Liquidation of Liquidating Trust Assets_.  The Liquidating Trustee, subject to the oversight and direction of the Liquidating Trust Board of Managers, in the exercise of their reasonable business judgment, shall, in an expeditious but orderly manner and subject to the other provisions of the Plan, the Confirmation Order, and this Agreement (including Section 2.2), liquidate and convert to Cash the Liquidating Trust Assets, make timely distributions in accordance with the terms of the Plan, the Confirmation Order, and this Agreement, and not unduly prolong the existence of the Liquidating Trust.  The Liquidating Trustee, subject to the oversight and direction of the Liquidating Trust Board of Managers in accordance with Section 7.4, shall exercise reasonable business judgment and liquidate the Liquidating Trust Assets to maximize net recoveries to the Liquidating Trust Beneficiaries; _provided_, _however_, that the Liquidating Trustee, subject to the oversight and direction of the Liquidating Trust Board of Managers, shall be entitled to take into consideration the risks, timing, and costs of potential actions (including the tax effects and related costs) in making determinations as to the methodologies to be employed to maximize such recoveries.  Such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment or dismissal of any or all of the Retained Causes of Action or otherwise or through the sale or other disposition of the Liquidating Trust Assets (in whole or in combination).  Pursuant to an agreed-upon budget in accordance with Section 4.14(b) of this Agreement, if any, the Liquidating Trustee may incur any reasonable and necessary expenses in connection with the liquidation of the Liquidating Trust Assets and distribution of the Distributable Proceeds.

4.7    Distributions.

(a)    The Liquidating Trustee, subject to the oversight and direction of the Liquidating Trust Board of Managers, shall make distributions of the Distributable Proceeds to the Liquidating Trust Beneficiaries only in accordance with the terms of the Plan, the Confirmation Order and this Agreement, net of any applicable Disputed Claims Reserve(s) and after the Distributable Proceeds are received by the Liquidating Trust, in accordance with and to the extent provided for in this Agreement and after funding any reserves deemed necessary or appropriate by the Liquidating Trust Board of Managers.

(b)    In the reasonable discretion of the Liquidating Trustee, with the approval of the Liquidating Trust Board of Managers, and subject to the requirements of Treasury Regulation section 301.7701-4(d), the guidance in Revenue Procedure 94-45, 1994-2 C.B. 684, and Section 4.7(a), the Liquidating Trustee shall distribute all Cash on hand (including, but not limited to, the net income and the Distributable Proceeds, if any, from any disposition of Retained Causes of Action, any Cash received on account of or representing Distributable Proceeds, and treating as Cash for purposes of this Section 4.7 any permitted investments under Section 4.10 below) (i) to the holders of GUC Liquidating Trust Interests and, if applicable, (ii) to the holders of Equity Liquidating Trust Interests.  For the avoidance of doubt, this Section 4.7(b) shall not prohibit the Liquidating Trustee from using the Liquidating Trust Assets to timely pay obligations and liabilities of the Liquidating Trust duly incurred in accordance with this Agreement, including with respect to the payment of any taxes or other amounts owed to Governmental Units and to timely compensate Liquidating Trust Professionals engaged by the Liquidating Trustee in accordance with this Agreement to assist the Liquidating Trustee with respect to the Liquidating Trustee's responsibilities.

(c)    Subject to the oversight and direction of the Liquidating Trust Board of Managers, the Liquidating Trustee shall make distributions to Liquidating Trust Beneficiaries at the last-known address or, in appropriate cases, via ACH direct deposit into the Liquidating Trust Beneficiary's bank account, for each such Liquidating Trust Beneficiary as indicated on the Liquidating Trust's or Registrar's records as of the applicable Distribution Date (which, subject to Section 3.7, for each Holder of an Allowed Claim or Allowed Interest shall be deemed to be the address set forth in any Proof of Claim filed by that Holder).  Any distribution of Cash by the Liquidating Trust shall be made by the Liquidating Trustee via (i) a check drawn on, or (ii) wire transfer from, a bank account established in the name of the Liquidating Trust on or subsequent to the Confirmation Date at a domestic bank selected by the Liquidating Trustee, the option of which shall be in the sole discretion of the Liquidating Trustee.  If any distribution to any Holder is returned as undeliverable, no distribution to such holder shall be made unless and until the Liquidating Trustee or, as applicable, the Registrar, is notified in writing of the then-current address of such Holder, at which time all currently due missed distributions shall be made to such Liquidating Trust Beneficiary on the next distribution date; *provided*, *however*, that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code two (2) years from the date of the initial attempted distribution; *provided further, however,* to the extent that the Liquidating Trust will be terminating during such two (2) year period, all undeliverable distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code so long as it is one (1) year from the date of the initial attempted distribution. After such date, all "unclaimed property" or interests in property shall revert to the Liquidating

Trust (notwithstanding any applicable federal or state escheat, abandoned or unclaimed property laws to the contrary) for redistribution in accordance with the terms of the Plan and this Agreement, and the Claim or Interests of any such Holder to such property or interest in property shall be forever barred.  Nothing contained in this Agreement shall require the Liquidating Trustee to attempt to locate any Holder of an Allowed Claim or Allowed Interest.  In cases concerning former employees of the Debtors represented by the International Brotherhood of Teamsters or International Association of Machinists ("Unions"), the Liquidating Trustee shall promptly contact the appropriate Union (or its counsel) and inform it of the employee whose distribution was returned undeliverable. The Liquidating Trustee shall provide reasonable assistance to the Union to identify either an accurate address or bank account information for the unlocated employee.

(d)     The Liquidating Trustee shall have the authority to enter into agreements with one or more Disbursing Agents to facilitate the distributions required under the Plan and this Agreement.  The Liquidating Trustee may pay to the Disbursing Agents from the Liquidating Trust all reasonable and documented fees and expenses of the Disbursing Agents without the need for any approvals, authorizations, actions or consents.

(e)     The Liquidating Trustee may withhold (but not, except as set forth below, set off) from the distribution called for on account of any Allowed Claim or, if applicable, Allowed Interest, an amount equal in value to any claim or Cause of Action of any nature that a Debtor may hold against the Holder of such Claim or Interest.  In the event that the value of a Debtor's claim or Cause of Action against a particular Liquidating Trust Beneficiary is undisputed, resolved by settlement or has been adjudicated by Final Order, the Liquidating Trustee may set off such undisputed, resolved or adjudicated amount against distributions that would otherwise be due to such Liquidating Trust Beneficiary.  Neither the failure to effect such a setoff nor the allowance of any Claim or Interest hereunder shall constitute a waiver or release by the Debtors or the Liquidating Trust of any claims or Causes of Action that the Debtors or the Liquidating Trust may possess against any Liquidating Trust Beneficiary, except to the extent of any waiver, relinquishment, exculpation, release, compromise, or settlement set forth in the Plan or a Final Order (including the Confirmation Order).

(f)     The Liquidating Trustee may deduct and withhold taxes from any and all amounts otherwise distributable to any Entity determined in the Liquidating Trustee's reasonable discretion, required by this Agreement, any law, regulation, rule, ruling, directive, treaty or other governmental requirement in accordance with Section 9.4.

(g)     If any portion of a Claim or Interest is a Disputed Claim or Disputed Interest, as applicable, a distribution may be made on account of any portion that is an Allowed Claim or Allowed Interest.  Notwithstanding anything in this Agreement to the contrary, the Liquidating Trustee shall not be required to make (i) a distribution of fractions of Liquidating Trust Interests; or (ii) a distribution if the amount of cash to be distributed is less than $100 to any Liquidating Trust Beneficiary or claimant.  Any funds so withheld and not distributed shall be held in reserve and distributed in subsequent distributions except if the aggregate distributions (including the final distribution) to be made by the Liquidating Trust to such claimant is less than

$100, in which case such amount shall be included in the Dissolution Process set forth in Section 10.1.

(h)      Any check issued by the Liquidating Trust to a Liquidating Trust Beneficiary or Holder shall be null and void if not negotiated within one hundred twenty (120) days after the issuance of such check.  Requests for reissuance of any check shall be made directly to the Liquidating Trustee by the Liquidating Trust Beneficiary or Holder with respect to which such check originally was issued.  If any Liquidating Trust Beneficiary or Holder holding an un-negotiated check does not request reissuance of that check within one (1) year after the date the check was mailed or otherwise delivered to such Liquidating Trust Beneficiary or Holder, the entitlement of such Liquidating Trust Beneficiary or Holder regarding such un-negotiated check and the funds represented thereby shall be released and the Liquidating Trust Beneficiary or Holder thereof shall be forever barred, estopped and enjoined from asserting any claim with respect to such un-negotiated check and the funds represented thereby against any of the Debtors, the Liquidating Trust, or the Liquidating Trustee *provided, however,* to the extent that the Liquidating Trust will be terminating during such one (1) year period, all un-negotiated checks and the funds represented thereby shall revert to the Liquidating Trust so long as it is six (6) months from date the check was mailed or otherwise delivered to the Liquidating Trust Beneficiary or Holder.  In such cases, any Cash held for payment on account of such un-negotiated check shall be property of the Liquidating Trust, free of any Claims of such Liquidating Trust Beneficiary or Holder with respect thereto.  Within fifteen (15) days after the end of each calendar quarter, the Liquidating Trustee shall file with the Bankruptcy Court a list of Liquidating Trust Beneficiaries or Holders of any unnegotiated checks that have been outstanding for at least one hundred twenty (120) days.  For the avoidance of doubt, such list shall not include the Liquidating Trust Beneficiaries or Holders of any checks that have not been negotiated within six (6) months after the date the check was mailed or otherwise delivered to the Liquidating Trust Beneficiary or Holder.  In cases concerning former employees of the Debtors represented by one of the Unions, the Liquidating Trustee shall promptly contact the appropriate Union (or its counsel) and inform it of any employee that has not cashed his or her check within two (2) months of issuance. The Liquidating Trustee shall provide reasonable assistance to the Unions with locating former employees and/or re-issuing any uncashed checks.

(i)      Subject to Sections 3.9, 4.9, 4.11, 4.12 and 7.5, and the provisions of this Section 4.7, any non-Cash property of the Liquidating Trust may be sold, transferred, abandoned or otherwise disposed of by the Liquidating Trustee.  Notice of such sale, transfer, abandonment or disposition shall be provided to the Liquidating Trust Beneficiaries pursuant to the reporting obligations provided in Section 4.14 of this Agreement.  If, in the Liquidating Trustee's reasonable judgment, such property cannot be sold in a commercially reasonable manner, or the Liquidating Trustee believes, in good faith, such property has no value to the Liquidating Trust, subject in each case to the oversight and direction of the Liquidating Trust Board of Managers, the Liquidating Trustee shall have the right, subject to the approval of the Liquidating Trust Board of Managers in accordance with Section 7.5 and subject to Section 3.9, to abandon or otherwise dispose of such property.  Except in the case of fraud, willful misconduct, or gross negligence, no party in interest shall have a Cause of Action against the Liquidating Trust, the Liquidating Trustee, the Liquidating Trust Board of Managers, any Manager, or any of their

17

directors, officers, employees, consultants, or professionals arising from or related to the disposition of non-Cash property in accordance with this Section 4.7(i).

(j)    Any payment or distribution due on a day other than a Business Day shall be made, without interest, on the next Business Day.

4.8    <u>Retention of Counsel and Other Professionals</u>. The Liquidating Trust may, but shall not be required to, retain such Liquidating Trust Professionals as the Liquidating Trustee deems necessary to aid it in fulfilling its obligations under this Agreement and the Plan, and on whatever reasonable and/or customary fee arrangements the Liquidating Trustee deems appropriate, including contingency fee arrangements, with such retention and compensation being subject to the approval of the Liquidating Trust Board of Managers (but without application to or order of the Bankruptcy Court). The Liquidating Trustee may pay the reasonable salaries, fees and expenses of such Persons out of the Liquidating Trust Assets in the ordinary course of business.  For the avoidance of doubt[5] <u>and subject to the applicable rules of professional conduct governing such professional's retention</u>, prior employment in any capacity in the Debtors' bankruptcy cases on behalf of the Debtors, their Estates, the Committee or any creditors shall not preclude the Liquidating Trust's retention of such professionals, consultants, or other persons.

4.9    <u>Management of Liquidating Trust Assets</u>.

(a)    Except as otherwise provided in the Plan, the Confirmation Order or this Agreement, and subject to Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, but without prior or further authorization, the Liquidating Trustee may, subject to the oversight and direction of the Liquidating Trust Board of Managers, control and exercise authority over the Liquidating Trust Assets, over the management and disposition thereof, and over the management and conduct of the Liquidating Trust, in each case, as necessary or advisable to enable the Liquidating Trustee to fulfill the intents and purposes of this Agreement.  No Person dealing with the Liquidating Trust will be obligated to inquire into the authority of the Liquidating Trustee in connection with the acquisition, management or disposition of the Liquidating Trust Assets.

(b)    In connection with the management and use of the Liquidating Trust Assets and except as otherwise expressly limited in the Plan, the Confirmation Order or this Agreement, the Liquidating Trust will have, in addition to any powers conferred upon the Liquidating Trust by any other provision of this Agreement, the power to take any and all actions as, in the Liquidating Trustee's reasonable discretion, subject in each case to the oversight and direction of the Liquidating Trust Board of Managers, are necessary or advisable to effectuate the primary purposes of the Liquidating Trust, subject to any approvals or direction of the Liquidating Trust Board of Managers as set forth in this Agreement, including, without limitation, the power and authority to (i) pay taxes and other obligations owed by the Liquidating Trust or incurred by the Liquidating Trustee; (ii) engage and compensate the Liquidating Trust Professionals to assist the Liquidating Trustee and the Liquidating Trust Board of Managers with

---

[5] ~~Note to Draft: To be discussed why the reference to the rules of professional conduct is needed.~~

respect to their respective responsibilities; (iii) object to, compromise, and settle Disputed Claims and Disputed Interests, subject to Bankruptcy Court approval, if applicable; (iv) commence and/or pursue any and all actions involving the Retained Causes of Action that could arise or be asserted at any time, unless otherwise limited, waived, released, compromised, settled, or relinquished in the Plan, the Confirmation Order, or this Agreement; and (v) act and implement the Plan, this Agreement, and applicable orders of the Bankruptcy Court (including, as applicable, the Confirmation Order).

(c)      Notwithstanding anything in this Agreement to the contrary, nothing in this Agreement shall preclude the Liquidating Trust from seeking additional financing from sources other than the Liquidating Trust Assets in the discharge of the responsibilities of the Liquidating Trustee and the Liquidating Trust Board of Managers under this Agreement, the Plan, and the Confirmation Order.

4.10      Investment of Cash. The right and power of the Liquidating Trustee to invest the Liquidating Trust Assets, the proceeds thereof, or any income earned by the Liquidating Trust, subject to approval by the Liquidating Trust Board of Managers in accordance with Section 7.5, shall be limited to the right and power to invest such Liquidating Trust Assets only in Cash and U.S. Government securities as defined in section 2(a)(16) of the Investment Company Act; *provided*, *however*, that (a) the scope of any such permissible investments shall be further limited to include only those investments that a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the Internal Revenue Service guidelines, whether set forth in Internal Revenue Service rulings, other Internal Revenue Service pronouncements, or otherwise, (b) the Liquidating Trustee may retain any Liquidating Trust Assets received that are not Cash only for so long as may be required for the prompt and orderly liquidation of such assets, and (c) the Liquidating Trustee may expend the Liquidating Trust Assets (i) as reasonably necessary to meet contingent liabilities and maintain the value of the Liquidating Trust Assets during liquidation, (ii) to pay reasonable and documented administrative expenses (including, but not limited to, any taxes imposed on the Liquidating Trust or reasonable fees and expenses in connection with liquidating the Liquidating Trust Assets), subject in all cases to Section 2.4 of this Agreement, and (iii) to satisfy other liabilities incurred or assumed by the Liquidating Trust (or to which the Liquidating Trust Assets are otherwise subject) in accordance with the Plan or this Agreement (including, as applicable, Section 2.4).

4.11      Additional Powers of the Liquidating Trustee. In addition to any and all of the powers enumerated above, and except as otherwise provided in the Plan, the Confirmation Order or this Agreement, and subject to the Treasury Regulations governing liquidating trusts and the retained jurisdiction of the Bankruptcy Court as provided for in the Plan, the Liquidating Trustee, subject to the direction and approval of the Liquidating Trust Board of Managers, shall be empowered to:

(a)      except to the extent Disputed Claims and Disputed Interests have been previously Allowed, and subject to Section 7.5, control and effectuate the Disputed Claims and Disputed Interests reconciliation process, including to object to, seek to subordinate, compromise or settle any and all Disputed Claims and Disputed Interests;

(b)      subject to Section 7.5, make Distributions to Holders of Allowed Claims and, if applicable, Allowed Interests as set forth in, and implement the wind-down pursuant to, the Plan;

(c)      open and maintain bank accounts in the name of the Liquidating Trust, draw checks and drafts thereon on the sole signature of the Liquidating Trustee, and terminate such accounts as the Liquidating Trustee deems appropriate, provided that, for the avoidance of doubt, the Liquidating Trustee shall maintain authority to operate, maintain, and close all bank accounts owned and operated by the Debtors and their direct and indirect subsidiaries in accordance with this Agreement, the Plan and the Confirmation Order;

(d)      hold legal title to any and all rights in or arising from the Liquidating Trust Assets, including, but not limited to, the right to collect any and all money and other property belonging to the Liquidating Trust (including any Distributable Proceeds);

(e)      subject to Section 7.5, hold, administer, manage, and dispose of any equity in any Debtors included in the Liquidating Trust Assets, including causing any Debtors to distribute funds received by such Debtors and, to the extent all equity interests in any Debtor are held in the Liquidating Trust, to cause the dissolution and winding up of the affairs of such Debtor without further action under the applicable law, regulation, order, or rule, including any action by the stockholders, members, or board of directors or similar governing body of the Debtors;

(f)      perform the duties, exercise the powers, and assert the rights of a trustee under sections 704 and 1106 of the Bankruptcy Code with respect to the Liquidating Trust Assets, including the right to assert claims, defenses, offsets, and privileges, subject in all cases to Section 2.2;

(g)      protect and enforce the rights of the Liquidating Trust in and to the Liquidating Trust Assets by any method deemed reasonably appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law (whether foreign or domestic) and general principles of equity;

(h)      determine and satisfy any and all liabilities created, incurred or assumed by the Liquidating Trust;

(i)      subject to Sections 2.3, 3.9 and 7.5, assert, enforce, release, or waive any Privilege or defense on behalf of the Liquidating Trust or in connection with the Liquidating Trust Assets, as applicable;

(j)      subject to Section 7.5, make all payments relating to the Liquidating Trust;

(k)      carry out all actions as directed by the Liquidating Trust Board of Managers;

(l)      expunge from the Claims Register any Claims that have been paid, satisfied, superseded, or released and adjust on the Claims Register any Claims that have been amended without having to file an objection to such Disputed Claims and without any further

notice to or action, order or approval of the Bankruptcy Court; *provided*, *however*, that beginning at the end of the first full calendar quarter that is at least ninety (90) days after the Effective Date, the Liquidating Trustee shall file with the Bankruptcy Court (prior to the closing or dismissal of the Chapter 11 Cases) each calendar quarter a list of all Claims that have been paid, satisfied, superseded, released, or amended during such prior calendar quarter;

(m)    obtain reasonable insurance coverage with respect to the potential liabilities and obligations of the Liquidating Trust, the Liquidating Trustee, the Liquidating Trust Board of Managers and the Managers under this Agreement (in the form of a directors and officers policy, an errors and omissions policy, or otherwise, all at the sole cost and expense of the Liquidating Trust);

(n)    (i) subject to Section 7.5, receive, manage, invest, supervise, protect, liquidate, dissolve and/or wind up the Liquidating Trust Assets, (ii) withdraw and make distributions from and pay taxes and other obligations owed by the Liquidating Trust from funds held by the Liquidating Trustee and (iii) withdraw and make distributions from and pay taxes and other obligations owed in respect of any Disputed Claims from the applicable Disputed Claims Reserve in accordance with the Plan, in each case as long as such actions are consistent with the Liquidating Trust's status as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d) and are merely incidental to its liquidation and dissolution;

(o)    prepare, or have prepared, and file, if necessary, with the appropriate Governmental Unit any and all tax returns, information returns, and other required documents with respect to the Liquidating Trust (including, without limitation, U.S. federal, state, local or foreign tax or information returns required to be filed by the Liquidating Trust) and the Disputed Claims Reserve, pay taxes properly payable by the Liquidating Trust and the Disputed Claims Reserve, if any, and cause all taxes payable by the Liquidating Trust and the Disputed Claims Reserve, if any, to be paid exclusively out of the Liquidating Trust Assets and the Disputed Claims Reserve, as applicable, make all tax withholdings, and file and prosecute tax refund claims on behalf of the Liquidating Trust;

(p)    subject to Section 7.5, investigate, analyze, compromise, adjust, arbitrate, mediate, sue on or defend, pursue, prosecute, abandon, dismiss, exercise rights, powers and privileges with respect to or otherwise deal with and settle, in accordance with the terms set forth in this Agreement, the Retained Causes of Action and all Causes of Action in favor of or against the Liquidating Trust;

(q)    subject to Section 7.5, without expanding the scope of the definition of "Retained Causes of Action" in the Plan, take appropriate actions to recover transfers of any of the Debtors' property as provided for in the Plan as may be permitted by the Bankruptcy Code or applicable state law;

(r)    prepare and file on behalf of the Debtors and any non-Debtor subsidiaries, certificates of dissolution and any and all other corporate and company documents necessary to effectuate any wind down or dissolutions of such entities;

(s)    take all actions the Liquidating Trustee reasonably deems necessary to comply with the Plan, the Confirmation Order, and this Agreement (including all obligations thereunder);

(t)    in the event that the Liquidating Trust shall fail or cease to qualify as a liquidating trust within the meaning of Treasury Regulation section 301.7701-4(d), take any and all necessary actions as it shall reasonably deem appropriate to have such assets treated as held by an entity classified as a partnership for U.S. federal tax purposes; and

(u)    exercise such other powers as may be vested in the Liquidating Trustee pursuant to the Plan, the Confirmation Order, this Agreement, any order of the Bankruptcy Court or as otherwise determined by the Liquidating Trustee to be reasonably necessary and proper to carry out the obligations of the Liquidating Trustee in relation to the Liquidating Trust.

4.12    <u>Limitations on Power and Authority of the Liquidating Trustee</u>. Notwithstanding anything in this Agreement to the contrary, the Liquidating Trustee will not have the authority to do any of the following:

(a)    take any action in contravention of the Plan, the Confirmation Order, or this Agreement;

(b)    disregard the instructions of the Liquidating Trust Board of Managers approved in accordance with Section 7.4 regarding any of the matters identified in Section 7.5 or any other provisions hereof;

(c)    take any action that would make it impossible to carry on the activities of the Liquidating Trust;

(d)    possess property of the Liquidating Trust or assign the Liquidating Trust's rights in specific property for any purpose other than as provided in this Agreement;

(e)    cause or permit the Liquidating Trust to engage in any trade or business or utilize or dispose of any part of the Liquidating Trust Assets or the proceeds, revenue or income therefrom in furtherance of any trade of business;

(f)    receive transfers of any listed stocks or securities or any readily marketable assets or any operating assets of a going business to the extent that the Liquidating Trust receiving any such investment would jeopardize treatment of the Liquidating Trust as a "liquidating trust" for U.S. federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof;

(g)    receive or retain any operating assets of an operating business, a partnership interest in a partnership that holds operating assets or fifty percent (50%) or more of the stock of a corporation with operating assets; *provided*, *however*, that in no event shall the Liquidating Trustee receive or retain any such asset or interest that would jeopardize treatment of the Liquidating Trust as a "liquidating trust" for U.S. federal income tax purposes under Treasury Regulation section 301.7701-4(d) or any successor provision thereof;

       (h)     take any other action or engage in any investments or activities that would jeopardize treatment of the Liquidating Trust as a liquidating trust for U.S. federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof; or

       (i)     issue any Liquidating Trust Interests other than as expressly contemplated by the Plan, the Confirmation Order, or this Agreement.

     4.13   <u>Books and Records</u>. The Liquidating Trustee shall maintain books and records relating to the Liquidating Trust Assets (including income realized therefrom and the Distributable Proceeds) and the payment of, costs and expenses of, and liabilities for claims against or which, pursuant to the Plan, are the responsibility of the Liquidating Trust in such detail and for such period of time as may be necessary to enable the Liquidating Trustee to make full and proper accounting in respect thereof and in accordance with applicable law. Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Liquidating Trust. Nothing in this Agreement requires the Liquidating Trustee to file any accounting or seek approval of any court with respect to the administration of the Liquidating Trust or as a condition for managing any payment or distribution out of the Liquidating Trust Assets, except as may otherwise be set forth in the Plan or the Confirmation Order.  The Notice and Claims Agent shall deliver to the Liquidating Trustee upon request or periodically, but at least annually, so that the Liquidating Trustee may timely fulfill their duties hereunder, updated and then current Claims Register to replace the prior Claims Register. The Liquidating Trustee and the Liquidating  Trust Professionals may rely on the Claims Register and any information relating to the Liquidating Trust Beneficiaries provided to them by the Notice and Claims Agent without the requirement of any further investigation, and neither the Liquidating Trust, the Liquidating Trustee nor the Professionals shall incur any liability from relying thereon to determine distributions to the Liquidating Trust Beneficiaries in the Liquidating Trust.

4.14    <u>Reports</u>.

(a)    <u>Financial and Status Reports</u>.  The fiscal year of the Liquidating Trust shall be the calendar year.  Within ninety (90) days after the end of each calendar year during the term of the Liquidating Trust, and within forty five (45) days after the end of each calendar quarter during the term of the Liquidating Trust (other than the fourth quarter) and as soon as practicable upon termination of the Liquidating Trust, the Liquidating Trustee shall make available to the Liquidating Trust Beneficiaries appearing in the Trust Register as of the end of such period or such date of termination, a written report including: (i) unaudited financial statements of the Liquidating Trust for such period, and, if the end of a calendar year, an unaudited report (which may be prepared by an independent certified public accountant employed by the Liquidating Trustee) reflecting the result of such procedures relating to the financial accounting administration of the Liquidating Trust as may be adopted by the Liquidating Trustee; (ii) a summary description of any action taken by the Liquidating Trust which, in the judgment of the Liquidating Trustee, materially affects the Liquidating Trust and of which notice has not previously been given to the Liquidating Trust Beneficiaries; <u>*provided*</u>, that any such description shall not include any privileged or confidential information of the Liquidating Trustee; (iii) a description of the progress of liquidating the Liquidating Trust Assets and making distributions to the Liquidating Trust Beneficiaries, which description shall include a written report providing, among other things, a summary of the litigation status of the Retained Causes of Action transferred to the Liquidating Trust, any settlements entered into by the Liquidating Trust with respect to the Retained Causes of Action, the Distributable Proceeds recovered to date, and the distributions made by the Liquidating Trust to date; and (iv) any other material information relating to the Liquidating Trust Assets and the administration of the Liquidating Trust deemed appropriate to be disclosed by the Liquidating Trustee.  In addition, the Liquidating Trust shall provide unaudited financial statements to each Liquidating Trust Beneficiary on a quarterly basis (which may be quarterly operating reports filed with the Bankruptcy Court).  The Liquidating Trustee may post any such report on a website maintained by the Liquidating Trust or electronically file it with the Bankruptcy Court in lieu of actual notice to each Liquidating Trust Beneficiary.

(b)    <u>Annual Plan and Budget</u>. If instructed by the Liquidating Trust Board of Managers, the Liquidating Trustee shall prepare and submit to the Liquidating Trust Board of Managers for approval an annual plan and budget in such detail as is reasonably requested.

# ARTICLE V
# DISPUTED CLAIMS RESERVE

5.1    <u>Establishment of the Disputed Claims Reserve</u>. On the Effective Date or as soon thereafter as is reasonably practicable, and subject to Section 7.5, the Liquidating Trustee shall establish, fund with Cash, and manage any applicable Disputed Claims Reserve(s), which shall be administered by the Liquidating Trustee.  The Liquidating Trustee shall hold Cash in the Disputed Claims Reserve in trust for the benefit of Holders of Claims ultimately determined to be Allowed after the Effective Date. The Disbursing Agent shall distribute such amounts (net of any expenses, including any taxes relating thereto), as provided in the Plan, as such Claims are resolved by a Final Order or agreed to by settlement, and such amounts will be distributable on

account of such Claims as such amounts would have been distributable had such Claims been Allowed Claims as of the Effective Date under Article III of the Plan.

5.2     Cash in the Disputed Claims Reserve. Cash held in the Disputed Claims Reserve (including any earnings that have accrued on such Cash, net of any expenses, including any tax, relating thereto) shall be retained by the Liquidating Trustee for the benefit of Holders of Claims and Liquidating Trust Beneficiaries as contemplated in the Plan, the Confirmation Order and this Agreement pending determination of their entitlement thereto under the terms of the Plan. Subject to the oversight and direction of the Liquidating Trust Board of Managers and Section 7.5, the Liquidating Trustee may adjust the Disputed Claims Reserve to reflect all earnings thereon (net of any expenses relating thereto, such expenses including any taxes imposed thereon or otherwise payable by the reserve), to be distributed on the Distribution Dates, as required by the Plan.  The Disbursing Agent shall hold in the Disputed Claims Reserve all dividends, payments, and other distributions made on account of, as well as any obligations arising from, the property held in the Disputed Claims Reserve, to the extent that such property continues to be so held at the time such distributions are made or such obligations arise.  The taxes imposed on the Disputed Claims Reserve (if any) shall be paid by the Disbursing Agent from the property held in the Disputed Claims Reserve, and the Debtors, the Liquidating Debtors, and the Liquidating Trustee shall have no liability for such taxes.

5.3     Distributions After Allowance of Disputed Claims. At such time as a Disputed Claim becomes Allowed, the Liquidating Trustee shall distribute to the holder thereof the distributions, if any, to which such Holder is then entitled under the Plan, without any interest, dividends, or accruals to be paid on account of such Allowed Claim.  Such distribution, if any, shall be made as soon as reasonably practicable after the date upon which such Disputed Claim becomes Allowed, whether by settlement, compromise or Final Order, but in no event more than ninety (90) days thereafter.  The balance of any Cash thereafter retained in a Disputed Claims Reserve account shall be allocated to and included in future distributions to Holders of the remaining applicable Disputed Claims on a Pro Rata basis at such time as any such Disputed Claim becomes an Allowed Claim or otherwise as provided in the Plan, the Confirmation Order and this Agreement.

5.4     Distributions After Disallowance of Disputed Claims. If a Disputed Claim is disallowed, in whole or in part, the Liquidating Trustee shall cancel any Liquidating Trust Interest held in the Disputed Claim Reserve, if applicable, and distribute the Cash held in the applicable Disputed Claims Reserve account with respect to such Claim, if applicable, to the holders of Liquidating Trust Interests in accordance with the terms of the Plan, the Confirmation Order and this Agreement.

## ARTICLE VI
## THE LIQUIDATING TRUSTEE GENERALLY

6.1     Liquidating Trustee.  The Liquidating Trustee, in accordance with the Plan and the Confirmation Order, shall be a professional natural person, entity or financial institution with experience administering other liquidating trusts.

6.2     <u>Liquidating Trustee's Term of Service, Compensation and Reimbursement</u>.

(a)     <u>Term of Service</u>.  The Liquidating Trustee shall serve as of the Effective Date until: (i) the completion of all of the Liquidating Trustee's duties, responsibilities and obligations under this Agreement and the Plan; (ii) termination of the Liquidating Trust in accordance with this Agreement; or (iii) the Liquidating Trustee's death or dissolution, incapacitation, resignation or removal.

(b)     <u>Compensation</u>.  The Liquidating Trustee shall receive compensation from the Liquidating Trust as provided on <u>Exhibit B</u> hereto (the "<u>Liquidating Trustee Compensation</u>"). The compensation of the Liquidating Trustee may be modified from time to time by agreement of the Liquidating Trustee and the Liquidating Trust Board of Managers.  Notice of any modification of the Liquidating Trustee's compensation shall be filed with the Bankruptcy Court; *provided, however,* that after the closing or dismissal of the Chapter 11 Cases, such notice will be provided on a website maintained by the Liquidating Trust.

(c)     <u>Expenses</u>.  The Liquidating Trust will reimburse the Liquidating Trustee for all actual, reasonable and documented out-of-pocket expenses incurred by the Liquidating Trustee in connection with the performance of the duties of the Liquidating Trustee hereunder or under the Confirmation Order or the Plan, including but not limited to, actual, reasonable and documented fees and disbursements of the Liquidating Trustee's legal counsel incurred in connection with the review, execution, and delivery of this Agreement and related documents (collectively, the "<u>Liquidating Trustee Expenses</u>" and, together with the Liquidating Trustee Compensation, the "<u>Liquidating Trustee Fees</u>").

(d)     <u>Payment</u>. The Liquidating Trustee Fees shall be paid to the Liquidating Trustee from the Liquidating Trust Assets without necessity for review or approval by the Bankruptcy Court or any other Person.  The Bankruptcy Court shall retain jurisdiction until the closing or dismissal of the Chapter 11 Cases to adjudicate any dispute regarding the Liquidating Trustee Fees.

6.3     <u>Resignation</u>. The Liquidating Trustee may resign by giving not less than sixty (60) days' prior written notice thereof by filing a notice with the Bankruptcy Court (and such notice shall be served on the Liquidating Trust Beneficiaries); *provided, however,* after the closing or dismissal of the Chapter 11 Cases, such notice shall be posted on a website maintained by the Liquidating Trust and served on the Liquidating Trust Beneficiaries.  Such resignation shall become effective on the earlier to occur of: (a) the day specified in such notice, and (b) the appointment of a successor satisfying the requirements set out in Section 6.5 by the Liquidating Trust Board of Managers and the acceptance by such successor of such appointment. Notwithstanding the foregoing, upon the Termination Date (as defined in Section 10.1 below), the Liquidating Trustee shall be deemed to have resigned, except as otherwise provided for in Section 10.2.  Written notice of the resignation of the Liquidating Trustee and the appointment of a successor Liquidating Trustee shall be provided promptly to the Liquidating Trust Beneficiaries.

6.4    Removal.

(a)    The Liquidating Trustee (or any successor Liquidating Trustee) may be removed (i) by the Liquidating Trust Board of Managers, for Cause (as defined in Section 7.8(b)), immediately upon notice thereof, or without Cause, upon not less than sixty (60) days' prior written notice.

(b)    To the extent there is any dispute regarding the removal of a Liquidating Trustee (including any dispute relating to any portion of the Liquidating Trustee Fees) and so long as the Chapter 11 Cases have not been closed or dismissed, the Bankruptcy Court shall retain jurisdiction to consider and adjudicate any such dispute.  Notwithstanding the foregoing, the Liquidating Trustee will continue to serve as the Liquidating Trustee after his, her or its removal other than for Cause until the earlier of (i) the time when appointment of a successor Liquidating Trustee will become effective in accordance with Section 6.5 of this Agreement or (ii) such date as the Bankruptcy Court otherwise orders.

6.5    Appointment of Successor Liquidating Trustee.

(a)    In the event of the death or Disability (as defined in Section 7.8(b)) (in the case of a Liquidating Trustee that is a natural person), dissolution (in the case of a Liquidating Trustee that is not a natural person), resignation, incompetency or removal of the Liquidating Trustee (each, a "Succession Event"), the Liquidating Trust Board of Managers shall promptly designate a successor Liquidating Trustee satisfying the requirements set forth in Section 6.1.  Such appointment shall specify the date on which such appointment shall be effective.  Every successor Liquidating Trustee appointed hereunder shall execute, acknowledge and deliver to the Liquidating Trust Beneficiaries an instrument accepting the appointment under this Agreement and agreeing to be bound as Liquidating Trustee hereto and subject to the terms of this Agreement, and thereupon the successor Liquidating Trustee, without any further act, deed or conveyance, shall become vested with all rights, powers, trusts and duties of the predecessor Liquidating Trustee and the successor Liquidating Trustee shall not be personally liable for any act or omission of the predecessor Liquidating Trustee; *provided, however*, that a predecessor Liquidating Trustee shall, nevertheless, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidating Trustee under the Liquidating Trust all the estates, properties, rights, powers and trusts of such predecessor Liquidating Trustee and otherwise assist and cooperate, without cost or expense to the predecessor Liquidating Trustee, in effectuating the assumption by the successor Liquidating Trustee of his/her/its obligations and functions hereunder.  For notice purposes only and not for approval, the Liquidating Trust Board of Managers shall file with the Bankruptcy Court (or post on a website maintained by the Liquidating Trust if the Chapter 11 Cases have been closed) a notice appointing the successor Liquidating Trustee.

(b)    During any period in which there is a vacancy in the position of Liquidating Trustee, the Liquidating Trust Board of Managers shall appoint an interim Liquidating Trustee (the "Interim Trustee").  The Interim Trustee shall be subject to all the terms and conditions applicable to a Liquidating Trustee hereunder; *provided, however*, any such Interim Trustee shall not be entitled to receive the Liquidating Trustee Compensation unless approved by the Liquidating Trust Board of Managers, but shall be entitled to receive payment

for the Liquidating Trustee Expenses. Such Interim Trustee shall not be limited in any manner from exercising any rights or powers as a Manager merely by such Person's appointment as Interim Trustee, but shall be limited in the exercise of such rights or powers as a Liquidating Trustee to the extent the Liquidating Trust Board of Managers shall, to the extent applicable in this Agreement, fail to approve any such action or undertaking by the Interim Trustee.

(c)    To the extent that the Liquidating Trust Board of Managers is unable to appoint a successor Liquidating Trustee or Interim Trustee and the Chapter 11 Cases have been closed or dismissed, the Chapter 11 Cases may be reopened for the limited purpose of seeking an order of the Bankruptcy Court to appoint a successor Liquidating Trustee.

6.6    Effect of Resignation or Removal. The death, Disability, dissolution, bankruptcy, resignation, incompetency, incapacity or removal of the Liquidating Trustee, as applicable, shall not operate to terminate the Liquidating Trust created by this Agreement or to revoke any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Liquidating Trustee or any prior Liquidating Trustee. In the event of the resignation or removal of the Liquidating Trustee, such Liquidating Trustee will promptly (a) execute and deliver such documents, instruments and other writings as may be ordered by the Bankruptcy Court (or any other court of competent jurisdiction) or reasonably requested by the Liquidating Trust Board of Managers or the successor Liquidating Trustee to effect the termination of such Liquidating Trustee's capacity under this Agreement, (b) deliver to the Bankruptcy Court (if required), the Liquidating Trust Board of Managers and/or the successor Liquidating Trustee all documents, instruments, records and other writings related to the Liquidating Trust as may be in the possession of such Liquidating Trustee, including all records, documents, information, and work product in respect of the Retained Causes of Action (including all electronic records, documents, information and work product) (the "Retained Causes of Action Materials"), and shall not retain any copies of such materials, even for archival purposes, and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Liquidating Trustee.

6.7    Confidentiality. The Liquidating Trustee shall, during the period that the Liquidating Trustee serves as Liquidating Trustee under this Agreement and following the termination of this Agreement or following such Liquidating Trustee's removal or resignation hereunder, hold strictly confidential and not use for personal gain or for the gain of any Entity or Person for whom such Liquidating Trustee may be employed any non-public information of or pertaining to any Person to which any of the Retained Causes of Action Materials or Liquidating Trust Assets relates or of which the Liquidating Trustee has become aware in the Liquidating Trustee's capacity as Liquidating Trustee (including information contained or reflected in the Retained Causes of Action Materials), until (a) such information is made public other than by disclosure by the Liquidating Trust, the Liquidating Trustee, or any Liquidating Trust Professionals in violation of this Agreement; (b) the Liquidating Trust is required by law to disclose such information (in which case the Liquidating Trust shall provide the relevant Person reasonable advance notice and an opportunity to protect his, her, or its rights); or (c) the Liquidating Trust obtains a waiver of confidentiality from the applicable Person.

## ARTICLE VII
## LIQUIDATING TRUST BOARD OF MANAGERS

7.1     Liquidating Trust Board of Managers. On or prior to the effective date of this Agreement, the Managers of the Liquidating Trust Board of Managers shall be appointed by the Committee and the Debtors as applicable, in accordance with the Plan. The initial Managers are identified on Exhibit A hereto.  In all circumstances, the Liquidating Trust Board of Managers shall act in the best interests of all Liquidating Trust Beneficiaries, taken as a whole, and in furtherance of the purpose of the Liquidating Trust.

7.2     Authority and Responsibilities.

(a)     The Liquidating Trust Board of Managers shall be the governing body of the Liquidating Trust.  The Liquidating Trust Board of Managers shall have the authority and responsibility to oversee and review and direct the activities of the Liquidating Trust and the performance of the Liquidating Trustee; *provided, however,* that the Liquidating Trust Board of Managers may not direct the Liquidating Trustee to nor shall the Managers act in a manner inconsistent with their respective duties and obligations under the Plan, the Confirmation Order, or this Agreement.

(b)     The Liquidating Trust Board of Managers shall also (a) monitor and oversee the administration of the Liquidating Trust and the Liquidating Trustee's performance of his/her/its responsibilities under the Plan, the Confirmation Order, and this Agreement and (b) perform such other tasks as are set forth in the Plan, the Confirmation Order, and this Agreement.

(c)     The Liquidating Trustee shall consult with and provide information to the Liquidating Trust Board of Managers in accordance with and pursuant to the terms of the Plan, the Confirmation Order, and this Agreement sufficient in scope and detail to enable the Liquidating Trust Board of Managers to meet its obligations hereunder.

7.3     Meetings of the Liquidating Trust Board of Managers.  Meetings of the Liquidating Trust Board of Managers are to be held not less often than quarterly.  Special meetings of the Liquidating Trust Board of Managers may be held whenever and wherever called for by the Liquidating Trustee or any Manager; *provided*, *however*, that notice of any such meeting shall be duly given in writing no less than forty-eight (48) hours prior to such meeting (such notice being subject to waiver by the Managers).  Any action required or permitted to be taken by the Liquidating Trust Board of Managers at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Liquidating Trust Board of Managers as evidenced by one or more written consents describing the action taken (which may be done by email), signed or otherwise accepted in writing (including by email) by all Managers.

7.4     Manner of Acting.

(a)     A quorum for the transaction of business at any meeting of the Liquidating Trust Board of Managers shall consist of at least three (3) Managers.  Except as set forth in Sections 3.3, 3.5, 7.4(b) and 7.4(c), the majority vote of the Managers present at a duly called meeting at which a quorum is present throughout shall be the act of the Liquidating Trust Board

of Managers except as otherwise required by law or as provided for in this Agreement, the Plan or the Confirmation Order. Any or all of the Managers may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone, video conference or similar communications equipment by means of which all Persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Any Manager participating in a meeting by this means is deemed to be present in person at the meeting. Voting (including on negative notice) may be conducted by electronic mail or individual communications by the Liquidating Trustee and each Manager.

(b)     Prior to the taking of a vote or the taking of any action with respect to any matter or issue, including for the avoidance of doubt, the settling and/or allowance of any claim, any Manager of the Liquidating Trust Board of Managers who, with respect to a matter or issue, has or who may have a conflict of interest whereby such Manager's interests are adverse to the interests of the Liquidating Trust, may be deemed a "Conflicted Manager" either (i) by such Manager's own report and full disclosure to the Liquidating Trust Board of Managers of any conflict or potential conflict of interest such Manager has or may have with respect to the matter or issue at hand (including, without limitation, disclosing any and all financial or other pecuniary interests that such Manager may have with respect to or in connection with such matter or issue, other than solely as a holder of Liquidating Trust Interests) or, (ii) by the affirmative vote of the majority of the Managers of the Liquidating Trust Board of Managers who are not deemed to be a Conflicted Manager, or (iii) for the matters and corresponding Conflicted Manager(s) listed on Exhibit C hereto; *provided* that nothing in this Agreement shall prevent any Manager from seeking emergency relief from the Bankruptcy Court with respect to determining whether a Manager is a Conflicted Manager with respect to any specific matter or issue and to the extent such relief is sought, any Liquidating Trust Beneficiary may appear and be heard in connection with such relief. With respect to an issue or matter as to which one or more Managers(s) is conflicted: (A) a Manager who, with respect to a matter or issue, has been deemed a Conflicted Manager shall not be entitled to participate in any discussion, vote or take part in any action with respect to such matter or issue (*provided*, *however* that such Conflicted Manager may make a statement to the other Managers with respect to such matter or issue prior to recusing himself or herself from such discussion, vote or action), (B) the vote or action with respect to such matter or issue shall be undertaken only by Managers of the Liquidating Trust Board of Managers who are not Conflicted Managers; *provided however,* that such vote or action may only be taken if there are at least two non-Conflicted Managers in attendance at the meeting; *provided further*, that if there are not at least two non-Conflicted Managers in attendance, the vote or action may be taken by the sole non-Conflicted Manager or Liquidating Trustee and (C) the affirmative vote of only a majority of the other Managers of the Liquidating Trust Board of Managers who are not Conflicted Managers shall be required to approve of such matter or issue and the same shall be the act of the Liquidating Trust Board of Managers. In addition, and for the avoidance of doubt, a Conflicted Manager may not be given access to Transferred Privileged Information with respect to a matter or issue in regard to which such Manager is or is deemed to be a Conflicted Manager. Any Liquidating Trust Beneficiary may request and the Liquidating Trustee shall provide, subject to any redactions necessary to protect applicable privileges, minutes of any meetings or other records of decisions reflecting the Managers who voted on, abstained or were recused from any decision.

(c)    Notwithstanding any provision to the contrary contained in this Agreement, Conflicted Managers may be counted in determining the presence of a quorum at a meeting of the Liquidating Trust Board of Managers that authorizes any action where any Manager may have a conflict of interest.  Notwithstanding the foregoing, if (i) a quorum was not present at a duly called prior meeting of the Liquidating Trust Board of Managers because a Conflicted Manager failed to attend, and (ii) a subsequent meeting of the Liquidating Trust Board of Managers is duly called for the same purpose as such prior meeting (in whole or in part), then the presence of any Conflicted Member shall not be required for a quorum of the Liquidating Trust Board of Managers at such subsequent meeting; _provided_, that notwithstanding Section 7.3, notice of a subsequent meeting shall be duly given if provided in writing twenty-four (24) hours prior to such meeting.

7.5    Actions Requiring Approval.

(a)    The Liquidating Trustee shall obtain the approval of the Liquidating Trust Board of Managers (in accordance with Section 7.4) prior to taking any of the following actions:

(i)    investment of the Liquidating Trust Assets by the Liquidating Trustee;

(ii)    the abandonment, commencement, prosecution, settlement, compromise, withdrawal, or other resolution of any Retained Cause of Action by the Liquidating Trust where the amount recoverable or sought to be recovered exceeds $200,000;

(iii)    the establishment or modification of the Disputed Claims Reserve(s) (other than as a result of the allowance or disallowance of any Disputed Claims in accordance with the terms of the Plan and this Agreement);

(iv)    the allowance of any Disputed Claim in an amount in excess of $200,000;

(v)    the allowance of any Disputed Interest that is greater than 1% of all Interests in Yellow;

(vi)    the sale, transfer, assignment, or other disposition of any Liquidating Trust Assets having a sale price or value in excess of $200,000;

(vii)    the abandonment of any Liquidating Trust Assets;

(viii)    the wind down, liquidation, sale and/or abandoning of the remaining Assets of the Debtors and the Estates under the Plan and in accordance with applicable law as necessary to maximize Distributions to Liquidating Trust Beneficiaries;

(ix)    the raising of additional funding for the Liquidating Trust in order to (i) pursue the Retained Causes of Action and/or support distributions to holders of Liquidating Trust Interests provided for or contemplated in the Plan; and (ii)

support or facilitate any other function, duty or responsibility of the Liquidating Trust or the Liquidating Trustee that is contemplated by the Plan, the Confirmation Order or this Agreement, in each case in accordance with this Agreement;

(x)     subject to Section 2.3, assert, enforce, release, or waive any Privilege or defense on behalf of the Liquidating Trust, the Liquidating Trust Assets, or the Liquidating Trust Beneficiaries, as applicable;

(xi)     the request for any tax determination of a federal, state or local tax authority with respect to the Debtors and the Liquidating Trust and the Disputed Claims Reserve, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

(xii)     make tax elections by and on behalf of the Liquidating Trust and the Disputed Claims Reserve, which are deemed by the Liquidating Trustee, either independently or with the advice of Liquidating Trust Professionals, to be in the best interest of maximizing the liquidation value of the Liquidating Trust Assets; and

(xiii)     any other matters listed in Section 4.11 implicating Liquidating Trust Assets having a value in excess of $200,000;

(b)     The Liquidating Trustee shall file a notice with the Bankruptcy Court (with service on any affected parties) prior to consummating any one or more of the following actions, which action(s) shall be deemed approved thereby if no written objection to such action(s) is filed with the Bankruptcy Court within seven (7) calendar days of the filing of the applicable notice:

(i)     any proposed allowance of any Disputed Claim if the proposed Allowed amount is less than or equal to $10,000,000;

(ii)     any proposed allowance of any Disputed Interest that is less than or equal to 1% of all Interests in Yellow;

(iii)     any abandonment, settlement, compromise, or other resolution of any Retained Cause of Action by the Liquidating Trust where the amount recoverable or sought to be recovered is less than or equal to $750,000; *provided, however,* notwithstanding the foregoing, with respect to Avoidance Actions, the Liquidating Trustee shall succeed to the rights of the Debtors and the Committee as set forth in the *Order on Motion for Approval of Procedures Regarding Settlements of Avoidance Claims Pursuant to Bankruptcy Rule 9019(b)* [ECF No. 6749] (the "Preference Settlement Procedures Order") and the procedures therein shall otherwise continue in full force and effect;

(iv)    the sale, transfer, assignment, or other disposition of any Liquidating Trust Assets having a sale price or value less than or equal to $5,000,000; and

(v)    the abandonment of any Liquidating Trust Assets having a value less than or equal to $250,000.

If a written objection to any of the foregoing actions is timely filed with the Bankruptcy Court, the proposed action shall not proceed except upon (A) resolution of the objection by the parties in question or (B) further order of the Bankruptcy Court after notice and a hearing.

(c)    The Liquidating Trustee shall file a motion with the Bankruptcy Court, on notice in accordance with the Bankruptcy Rules, and obtain entry of a Final Order approving any one or more of the following actions prior to the consummation thereof:

(i)    any proposed allowance of any Disputed Claim if the proposed Allowed amount is greater than $10,000,000;

(ii)    any proposed allowance of any Disputed Interest that is greater than 1% of all Interests in Yellow;

(iii)    any abandonment, settlement, compromise, or other resolution of any Retained Cause of Action by the Liquidating Trust where the amount recoverable or sought to be recovered is greater than $750,000 (which for the avoidance of doubt, shall include Retained Causes of Action against the International Brotherhood of Teamsters arising from or related to the pending action before the United States Court of Appeals for the Tenth Circuit [Case No. 24-3111]); *provided, however,* notwithstanding the foregoing, with respect to Avoidance Actions, the Liquidating Trustee shall succeed to the rights of the Debtors and the Committee as set forth in the Preference Settlement Procedures Order and the procedures therein shall otherwise continue in full force and effect;

(iv)    the sale, transfer, assignment, or other disposition of any Liquidating Trust Assets having a sale price or value greater than $5,000,000; and

(v)    the abandonment of any Liquidating Trust Assets having a value greater than $250,000.

7.6    Tenure of the Managers of the Liquidating Trust Board of Managers. The authority of the Managers will be effective as of the Effective Date and will remain and continue in full force and effect until the Liquidating Trust is terminated in accordance with Section 10.1. The Managers will serve until such Manager's successor is duly appointed or until such Manager's earlier death or resignation pursuant to Section 7.7 below, or removal pursuant to Section 7.8 below. As set forth in the Plan, if Allowed General Unsecured Claims are satisfied in full in Cash (including Postpetition Interest), the Liquidating Trust Board of Managers may be replaced by Holders of Equity Liquidating Trust Interests in accordance with Section 7.9.

7.7    Resignation. Subject to Section 7.11, a Manager may resign by giving not less than thirty (30) days' prior written notice thereof to the Liquidating Trustee and the other Managers.  Such resignation shall become effective on the earlier to occur of: (i) the day specified in such notice and (ii) the appointment of a successor in accordance with Section 7.9 below.

7.8    Removal.

(a)    A majority of the Liquidating Trust Board of Managers may remove any Manager for Cause or Disability. Notwithstanding the foregoing, upon the occurrence of the Termination Date (as defined in Section 10.1 below), any or all of the Managers shall be deemed, automatically and without further action by any of them, to have resigned.  A Manager may be removed for Cause or Disability by order of the Bankruptcy Court on motion brought by any Liquidating Trust Beneficiary.

(b)    For purposes of Section 6.4, **Section** 6.5 and this Section 7.8:

(i)    "Cause" shall mean (i) a Person's willful failure to perform his/her/its material duties hereunder (including, without limitation, with respect to a Manager or, to the extent applicable, the Liquidating Trustee, regular attendance at meetings of the Liquidating Trust Board of Managers), which is not remedied within thirty (30) days of notice; (ii) a Person's commission of an act of fraud, theft or embezzlement; (iii) a Person's conviction of a felony with all appeals having been exhausted or appeal periods lapsed; (iv) a Person's self-dealing, gross negligence, bad faith, willful misconduct, or knowing violation of law in the performance of his/her/its duties hereunder, or (v) a Person's breach of fiduciary duties or an unresolved conflict of interest; and

(ii)    "Disability" of the Liquidating Trustee or a Manager who is a natural person shall have occurred if, as a result of such Person's incapacity due to physical or mental illness as determined by a physician selected by the Liquidating Trustee or the Manager, as applicable, and reasonably acceptable to the Liquidating Trust Board of Managers, the Liquidating Trustee or the Manager shall have been substantially unable to perform his or her duties hereunder for three (3) consecutive months or for an aggregate of one hundred eighty (180) days during any period of twelve (12) consecutive months.

7.9    Appointment of a Successor Manager.

(a)    Subject to Section 7.11, in the event of a vacancy on the Liquidating Trust Board of Managers (whether by removal, death or resignation), a new Manager may be appointed to fill such position by the approval of a majority of the remaining Managers.  The appointment of a successor Manager will be further evidenced by the Liquidating Trustee's filing with the Bankruptcy Court (so long as the Chapter 11 Cases have not been closed or dismissed) and posting on a website maintained by the Liquidating Trust a notice of appointment, at the direction of the Liquidating Trust Board of Managers, which notice will include the name and a summary of the background and business experience of the successor Manager and any

significant commercial or employment relationship the Manager has or has had (i) with the Debtors, or (ii) within the previous six (6) months with the Debtors, any other Manager, the Liquidating Trustee, or any Liquidating Trust Beneficiary holding more than [10%] of the Liquidating Trust Interests in each case involving in excess of $100,000, which appointment shall be deemed approved thereby if no written objection to such appointment is filed with the Bankruptcy Court within seven (7) calendar days of the filing of the notice of appointment.

(b)    Immediately upon the appointment of any successor Manager, all rights, powers, duties, authority and privileges of the predecessor Manager hereunder will be vested in and undertaken by the successor Manager without any further act, and such successor Manager will not be liable personally for any act or omission of the predecessor Manager.

(c)    Every successor Manager appointed hereunder shall execute, acknowledge and deliver to the Liquidating Trustee and other Managers an instrument accepting the appointment under this Agreement and agreeing to be bound hereto, and thereupon the successor Manager without any further act, deed or conveyance, shall become vested with all rights, powers, trusts and duties of the retiring Manager.

7.10    Compensation and Reimbursement of Expenses. Except in regard to the Liquidating Trustee in accordance with Section 6.2(b), no Manager shall be entitled to compensation in connection with his or her service as a member of the Liquidating Trust Board of Managers. However, the Liquidating Trust will reimburse the Managers for all reasonable and documented out-of-pocket expenses incurred by the Managers in connection with the performance of each of their duties hereunder (including reasonable fees, costs and expenses of legal counsel only as set forth in this Agreement).

7.11    Confidentiality. Each Manager shall, during the period that such Manager serves as a Manager under this Agreement and following the termination of this Agreement or following such Manager's removal or resignation, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Person to which any of the Liquidating Trust Assets relates or of which such Manager has become aware in the Manager's capacity as a Manager, except as otherwise required by law.

**ARTICLE VIII**
**LIABILITY AND INDEMNIFICATION**

8.1    No Further Liability. Except as otherwise set forth in the Plan or the Confirmation Order, each of the Liquidating Trustee, the Managers and their representatives shall have no liability for any actions or omissions in accordance with this Agreement or with respect to the Liquidating Trust unless arising out of such Person's own fraud, willful misconduct or gross negligence. Unless arising out of such Person's own fraud, willful misconduct or gross negligence, in performing its duties under this Agreement, the Liquidating Trustee, the Managers and their representatives (as applicable) shall have no liability for any action taken by such Person in good faith, in the reasonable belief that such action was in the best interests of the Liquidating Trust and/or in accordance with the advice of the Liquidating Trust Professionals retained by the Liquidating Trust Board of Managers or the Liquidating Trust. Without limiting the generality of the foregoing, the Liquidating Trustee, the Managers and their representatives

may rely without independent investigation on copies of orders of the Bankruptcy Court or any other court of competent jurisdiction reasonably believed by such Person to be genuine and shall have no liability for actions taken in reliance thereon. None of the provisions of this Agreement shall require the Liquidating Trustee, the Managers or their representatives to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of their duties hereunder or in the exercise of any of their rights and powers. Each of the Liquidating Trustee, the Managers and their representatives may rely without inquiry upon writings delivered to such Person pursuant to the Plan, the Confirmation Order or this Agreement (including in the execution of such Person's duties hereunder or thereunder) that such Person reasonably believes to be genuine and to have been properly given. Notwithstanding the foregoing, nothing in this Section 8.1 shall relieve the Liquidating Trustee, the Managers or their representatives from any liability for any actions or omissions arising out of such Person's fraud, willful misconduct or gross negligence. Any action taken or omitted to be taken in the case of the Liquidating Trustee or the Liquidating Trust Board of Managers with the express approval of the Bankruptcy Court (so long as the Chapter 11 Cases have not been closed or dismissed) and, in the case of the Liquidating Trustee, with the express approval of the Liquidating Trust Board of Managers will conclusively be deemed not to constitute fraud, willful misconduct or gross negligence, unless it is determined by Final Order that such approval was obtained by intentional material misrepresentation or omission on the part of the Liquidating Trustee or the Liquidating Trust Board of Managers. No termination of this Agreement or amendment, modification or repeal of this Section 8.1 shall adversely affect any right or protection of the Liquidating Trustee, the Managers of the Liquidating Trust Board of Managers or their respective designees, professional agents or representatives that exists at the time of such amendment, modification or repeal.

8.2     Indemnification of the Liquidating Trustee and Liquidating Trust Board of Managers.

(a)     From and after the Effective Date, each of the Liquidating Trustee, the Liquidating Trust Board of Managers, the Liquidating Trust Professionals and each of the Liquidating Trustee's and Managers' representatives (each, a "Liquidating Trust Indemnified Party," and collectively, the "Liquidating Trust Indemnified Parties") shall be, and hereby is, indemnified by the Liquidating Trust, to the fullest extent permitted by applicable law, from and against any and all claims, debts, dues, accounts, actions, suits, Causes of Action, bonds, covenants, judgments, damages, attorneys' fees, defense costs and other assertions of liability arising out of any such Liquidating Trust Indemnified Party's exercise of what such Liquidating Trust Indemnified Party reasonably understands to be its powers or the discharge of what such Liquidating Trust Indemnified Party reasonably understands to be its duties conferred by the Plan, the Confirmation Order or this Agreement, any order of the Bankruptcy Court or other court of competent jurisdiction entered pursuant to, or in furtherance of, the Plan, applicable law or otherwise (except only for actions or omissions to act to the extent determined by a Final Order to be due to such Liquidating Trust Indemnified Party's own bad faith, fraud, willful misconduct or gross negligence on and after the Effective Date).  The foregoing indemnification shall also extend to matters directly or indirectly in connection with, arising out of, based on, or in any way related to: (i) this Agreement; (ii) the services to be rendered pursuant to this Agreement; (iii) any document or information, whether oral or written, referred to in this Agreement or supplied to the Liquidating Trustee; or (iv) proceedings by or on behalf of any creditor.  Expenses, including reasonable attorney's fees and other expenses and disbursements, incurred by a Liquidating Trust Indemnified Party in defending or investigating a threatened or pending action, suit or proceeding shall be paid or reimbursed by the Liquidating Trust, solely out of the Liquidating Trust Assets (including any insurance policy obtained by the Liquidating Trust for the benefit of Liquidating Trust Indemnified Parties), in advance of the final disposition of such action, suit or proceeding; *provided*, *however*, that any Liquidating Trust Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance if a court of competent jurisdiction ultimately determines, by Final Order, that such Liquidating Trust Indemnified Party is not entitled to indemnification hereunder due to such Person's own bad faith, fraud, willful misconduct or gross negligence.  Any indemnification claim of a Liquidating Trust Indemnified Party shall be entitled to a priority distribution from the Liquidating Trust Assets, ahead of the Liquidating Trust Interests and any other claim to or interest in such assets.  In any matter covered by the first two sentences of this subsection, any party entitled to indemnification shall have the right to employ such party's own separate counsel, at the Liquidating Trust's expense, subject to the foregoing terms and conditions.  In addition, the Liquidating Trust shall purchase insurance coverage as set forth in Section 4.11(m), including fiduciary liability insurance for the benefit of the Liquidating Trustee and the Managers.  The indemnification provided under this Section 8.2 shall survive the death, dissolution, resignation or removal, as may be applicable, of the Liquidating Trustee, the Liquidating Trust Board of Managers, any Manager or any other Liquidating Trust Indemnified Party and shall inure to the benefit of the Liquidating Trustee's, each Manager's and each other Liquidating Trust Indemnified Party's respective heirs, successors and assigns.

(b)     The foregoing indemnity in respect of any Liquidating Trust Indemnified Party shall survive the termination of such Liquidating Trust Indemnified Party from the capacity

for which such party is indemnified.  Termination or modification of this Agreement shall not limit or negatively affect any indemnification rights or obligations set forth in this Agreement.

(c)     The Liquidating Trust may, with the approval of the Liquidating Trust Board of Managers and approval of the Bankruptcy Court with notice and an opportunity for hearing, indemnify any Person who is not a Liquidating Trust Indemnified Party for any loss, cost, damage, expense or liability for which a Liquidating Trust Indemnified Party would be entitled to mandatory indemnification under this Section 8.2.

(d)     Any Liquidating Trust Indemnified Party may waive the benefits of indemnification under this Section 8.2, but only by an instrument in writing executed by such Liquidating Trust Indemnified Party.

(e)     The rights to indemnification under this Section 8.2 are not exclusive of other rights which any Liquidating Trust Indemnified Party may otherwise have at law or in equity, including, without limitation, common law rights to indemnification or contribution. Nothing in this Section 8.2 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under any other agreement or instrument to which that Person is a party. Further, the Liquidating Trust hereby agrees: (i) that the Liquidating Trust is the indemnitor of first resort (*i.e.*, in the event any Liquidating Trust Indemnified Party has the right to receive indemnification from one or more third party, the Liquidating Trust's obligations to such Liquidating Trust Indemnified Party are primary); (ii) that the Liquidating Trust shall be required to pay the full amount of reasonable expenses (including reasonable attorneys' fees) actually incurred by such Liquidating Trust Indemnified Party in connection with any proceeding as to which the Liquidating Trust Indemnified Party is entitled to indemnification hereunder in advance of the final disposition of such proceeding; (iii) that the Liquidating Trust irrevocably waives, relinquishes and releases such third parties from any and all claims by the Liquidating Trust against such third parties for contribution, subrogation or any other recovery of any kind in respect thereof; and (iv) no Liquidating Trust Indemnified Party shall have the obligation to reduce, offset, allocate, pursue or apportion any indemnification advancement, contribution or insurance coverage among multiple parties owing indemnification obligations to such Liquidating Trust Indemnified Party prior to the Liquidating Trust's satisfaction of its indemnification obligations hereunder. For the avoidance of doubt, each Liquidating Trust Indemnified Party shall be entitled, subject to the terms hereof, to indemnification for any costs and attorneys' fees such Liquidating Trust Indemnified Party may incur in connection with enforcing any of its rights under this Article VIII.

8.3     <u>Liquidating Trust Liabilities</u>. All liabilities of the Liquidating Trust, including, without limitation, indemnity obligations under Section 8.2 of this Agreement and applicable law, will be liabilities of the Liquidating Trust as an Entity and will be paid or satisfied solely from the Liquidating Trust Assets and paid on a priority basis, *provided*, *however*, that the Liquidating Trust may obtain liability insurance to satisfy its indemnity obligations under Section 8.2 and applicable law. No liability of the Liquidating Trust will be payable in whole or in part by any Liquidating Trust Beneficiary individually or in the Liquidating Trust Beneficiary's capacity as a Liquidating Trust Beneficiary, by the Liquidating Trustee individually or in the Liquidating Trustee's capacity as Liquidating Trustee, by any Manager individually or in the Manager's capacity as Manager, or by any representative, member, partner, shareholder, director,

officer, professional, employee, agent, affiliate or advisor of any Liquidating Trust Beneficiary, any Manager, the Liquidating Trustee or their respective affiliates.

8.4    <u>Limitation of Liability</u>. None of the Liquidating Trust Indemnified Parties shall be liable for direct, indirect, monetary, punitive, exemplary, consequential, special or other damages for a breach of this Agreement, except to the extent his/her/its actions or omissions to act, as determined by a Final Order, are due to such Liquidating Trust Indemnified Party's own fraud, gross negligence, or willful misconduct from and after the Effective Date and any of the foregoing damages are awarded pursuant to any such Final Order.

8.5    <u>Burden of Proof</u>. In making a determination with respect to entitlement to exculpation or indemnification hereunder, the court, Person or Entity making such determination shall presume that any Liquidating Trust Indemnified Party is entitled to exculpation and indemnification under this Agreement and any Person seeking to overcome such presumption shall have the burden of proof to overcome that presumption.

## ARTICLE IX
## TAX MATTERS

9.1    <u>Treatment of Liquidating Trust Assets Transfer</u>. For all U.S. federal, state and local income tax purposes, all parties (including, without limitation, the Debtors, the Liquidating Trustee and the Liquidating Trust Beneficiaries) shall treat the transfer of the Liquidating Trust Assets to the Liquidating Trust for the benefit of the Liquidating Trust Beneficiaries, whether their Claims or Interests are Allowed on or after the Effective Date, including any amounts or other assets subsequently transferred to the Liquidating Trust (but only at such time as actually transferred) as (i) a transfer of the Liquidating Trust Assets (subject to any obligations relating to such Liquidating Trust Assets) directly to the Liquidating Trust Beneficiaries and, to the extent the Liquidating Trust Assets are allocable to Disputed Claims that are the responsibility of the Liquidating Trust to resolve, to the Disputed Claims Reserve, followed by (ii) the transfer by the Liquidating Trust Beneficiaries to the Liquidating Trust of the Liquidating Trust Assets (other than the Liquidating Trust Assets allocable to the Disputed Claims Reserve) in exchange for Liquidating Trust Interests.  Accordingly, the Liquidating Trust Beneficiaries shall be treated for U.S. federal income tax purposes as the grantors and owners of their respective share of the Liquidating Trust Assets (other than the Liquidating Trust Assets allocable to the Disputed Claims Reserve).  The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

9.2    <u>Tax Treatment of Disputed Claim Reserve</u>.

(a)    Subject to contrary definitive guidance from the Internal Revenue Service or a court of competent jurisdiction (including the receipt by the Liquidating Trustee of a private letter ruling if the Liquidating Trustee so requests, or the receipt of an adverse determination by the Internal Revenue Service upon audit if not contested by the Liquidating Trustee), the Liquidating Trustee shall (A) timely elect to treat any Disputed Claims Reserve as a "disputed ownership fund" governed by Treasury Regulation section 1.468B-9 and (B) to the extent permitted by applicable law, report consistently with the foregoing for state and local income tax purposes.  All parties (including, without limitation and as applicable, the Debtors, the

Liquidating Trustee and the Liquidating Trust Beneficiaries) shall report for U.S. federal, state and local income tax purposes consistently with the foregoing election, if made.

(b)    With respect to any Liquidating Trust Assets and any other income or gain of the Liquidating Trust allocable to Disputed Claims, the Liquidating Trustee shall cause the Liquidating Trust to pay any taxes imposed on the Liquidating Trust by any federal, state or local, or any non-U.S. Governmental Unit.  The amount of such taxes paid by the Liquidating Trust with respect to a Disputed Claim (i) will reduce the amount distributed with respect to such Disputed Claim to the extent it becomes an Allowed Claim and (ii) to the extent such Disputed Claim does not become an Allowed Claim will reduce distributions ratably to all Holders in the same Class as such Disputed Claim; _provided_, _however_, that any taxes that reduce distributions pursuant to the foregoing clauses (i) and (ii) shall, for all purposes of this Agreement, be treated as amounts distributed to those Holders of Claims whose distributions are so reduced.

9.3    Tax Reporting.

(a)    The "taxable year" of the Liquidating Trust shall be the "calendar year" as such terms are defined in section 441 of the IRC.  The Liquidating Trustee shall file tax returns for the Liquidating Trust treating the Liquidating Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this Section 9.3 and Article XIX of the Plan.  The Liquidating Trustee also will annually send to each Liquidating Trust Beneficiary a separate statement setting forth such holder's share of items of income, gain, loss, deduction or credit (including the receipts and expenditures of the Liquidating Trust) as relevant for U.S. federal income tax purposes and will instruct all such Liquidating Trust Beneficiaries to use such information in preparing their U.S. federal income tax returns; _provided,_ that if the Liquidating Trustee elects to make distributions through an intermediary, it shall provide such statement to such intermediaries for them to provide to such Liquidating Trust Beneficiaries.  The Liquidating Trustee shall also file or provide (or cause to be filed or provided) any other statement, return or disclosure relating to the Liquidating Trust that is required by any Governmental Unit.

(b)    Allocations of Liquidating Trust taxable income among the Liquidating Trust Beneficiaries (other than taxable income allocable to the Disputed Claims Reserve) shall be determined by reference to the manner in which an amount of Cash equal to such taxable income would be distributed (were such Cash permitted to be distributed at such time, and without regard to any restrictions on distributions set forth in the Plan or this Agreement) if, immediately prior to such deemed distribution, the Liquidating Trust had distributed all its assets (valued at their tax book value, and other than assets allocable to the Disputed Claims Reserve) to the Liquidating Trust Beneficiaries, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Liquidating Trust.  Similarly, taxable loss of the Liquidating Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining Liquidating Trust Assets.  The tax book value of the Liquidating Trust Assets for purposes of this Section 9.3(b) shall equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the applicable Treasury Regulations and other applicable administrative and judicial authorities and pronouncements.

(c)     The Liquidating Trustee shall be responsible for payment, out of the Liquidating Trust Assets, of any taxes imposed on the Liquidating Trust or the Liquidating Trust Assets, including the Disputed Claims Reserve.  In the event, and to the extent, any Cash retained on account of Disputed Claims in the Disputed Claims Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such taxes shall be (i) reimbursed from any subsequent Cash amounts retained on account of such Disputed Claims, or (ii) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts otherwise distributable by the Liquidating Trustee as a result of the resolution of such Disputed Claims.

9.4     <u>Withholding of Taxes</u>.

(a)     The Liquidating Trustee shall deduct and withhold and pay to the appropriate Governmental Unit all amounts required to be deducted or withheld pursuant to the IRC or any provision of any state, local or non-U.S. tax law with respect to any payment or distribution to the Liquidating Trust Beneficiaries.  Notwithstanding the above, each Liquidating Trust Beneficiary that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any taxes imposed on such holder by any Governmental Unit, including income, withholding and other tax obligations, on account of such distribution.  All such amounts withheld and paid to the appropriate Governmental Unit shall be treated as amounts distributed to such Liquidating Trust Beneficiaries for all purposes of this Agreement.

(b)     The Liquidating Trustee shall be authorized to collect such tax information from the Liquidating Trust Beneficiaries (including, without limitation, social security numbers or other tax identification numbers) as it, in its sole discretion, deems necessary to effectuate the Plan, the Confirmation Order and this Agreement.  As a condition to receive distributions under the Plan, all Liquidating Trust Beneficiaries may be required to identify themselves to the Liquidating Trustee and provide tax information and the specifics of their holdings, to the extent the Liquidating Trustee deems appropriate, including an IRS Form W-9 or, in the case of Liquidating Trust Beneficiaries that are not United States persons for U.S. federal income tax purposes, certification of foreign status on an applicable IRS Form W-8.

(c)     The Liquidating Trustee may refuse to make a distribution to any Liquidating Trust Beneficiary that fails to furnish such information in a timely fashion, until such information is delivered; <u>*provided*</u>, <u>*however*</u>, that, upon the delivery of such information by a Liquidating Trust Beneficiary, the Liquidating Trustee shall make such distribution to which the Liquidating Trust Beneficiary is entitled, without interest; and, <u>*provided*</u>, <u>*further*</u>, that, if the Liquidating Trustee fails to withhold in respect of amounts received or distributable with respect to any such holder and the Liquidating Trustee is later held liable for the amount of such withholding, such holder shall reimburse the Liquidating Trustee for such liability.  The identification requirements in Section 9.4(b) and this Section 9.4(c) may, in certain cases, extend to holders who hold their securities in street name.  If a Liquidating Trust Beneficiary fails to comply with such a request for tax information within one hundred eighty (180) days, the Liquidating Trustee may file a document with the Bankruptcy Court, or if the Chapter 11 Cases have been closed or dismissed, post a document on a website maintained by the Liquidating

Trust, that will provide twenty-one (21) days' notice before such distribution may be deemed an unclaimed distribution and treated in accordance with Article VI.D of the Plan.

(d)      In the event that the Liquidating Trustee elects to make distributions through an intermediary, the party who would be the withholding agent with respect to distributions to the Liquidating Trust Beneficiary under U.S. federal income tax principles shall be responsible for withholding tax compliance with respect to any such distribution, based on instructions on the character of the income from the Liquidating Trustee.

9.5      Expedited Determination of Taxes. The Liquidating Trustee may request an expedited determination of taxes of the Liquidating Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Liquidating Trust for all taxable periods through the termination of the Liquidating Trust.

9.6      Foreign Tax Matters. The Liquidating Trustee shall duly comply on a timely basis with all obligations, and satisfy all liabilities, imposed on the Liquidating Trustee or the Liquidating Trust under non-United States law relating to taxes.  The Liquidating Trustee, or any other legal representative of the Liquidating Trust, shall not distribute the Liquidating Trust Assets or proceeds thereof without having first obtained all certificates required to have been obtained under applicable non-United States law relating to taxes.

## ARTICLE X
## TERMINATION OF LIQUIDATING TRUST

10.1      Termination. The Liquidating Trustee, the Liquidating Trust Board of Managers and the Liquidating Trust shall be discharged or dissolved, as the case may be, at such time as (a) the Liquidating Trustee has liquidated or abandoned all Liquidating Trust Assets, (b) the Liquidating Trustee determines, with the approval of the Liquidating Trust Board of Managers, that the pursuit of Retained Causes of Action is not likely to yield sufficient additional Distributable Proceeds to justify further pursuit of such Retained Causes of Action and has received Bankruptcy Court approval to abandon such Retained Causes of Action in accordance with the terms of this Agreement, (c) all objections to the Disputed Claims and, if all Allowed Claims have been paid in full including Postpetition Interest, Disputed Interests, have been resolved, (d) all distributions required to be made by the Liquidating Trust under the Plan have been made, and (e) the Chapter 11 Cases of the Debtors have been closed; *provided*, *however*, that in no event shall the Liquidating Trust be dissolved later than five (5) years from the Effective Date unless (x) the Bankruptcy Court, upon motion within the six-month period prior to the fifth anniversary (or within the six-month period prior to the end of any extension period), orders that a fixed period extension (not to exceed three (3) years, including any prior extensions, without a favorable private letter ruling from the Internal Revenue Service or a "should" level opinion of counsel satisfactory to the Liquidating Trustee that any further extension would not adversely affect the status of the Liquidating Trust as a liquidating trust for U.S. federal income tax purposes) or (y) after the closing or dismissal of the Chapter 11 Cases, the Liquidating Trustee obtains a favorable private letter ruling from the Internal Revenue Service or a "should" level opinion of counsel satisfactory to the Liquidating Trustee that any further extension would not adversely affect the status of the Liquidating Trust as a liquidating trust for U.S. federal income tax purposes, in either case, is necessary to facilitate or complete the recovery and

liquidation of the Liquidating Trust Assets. If at any time the Liquidating Trustee determines, in reliance upon the advice of the Liquidating Trust Professionals (or any one or more of them) and with the approval of the Liquidating Trust Board of Managers, that the expense of administering the Liquidating Trust so as to make a final distribution to the Liquidating Trust Beneficiaries is likely to exceed the value of the Liquidating Trust Assets then remaining in the Liquidating Trust, the Liquidating Trustee may apply to the Bankruptcy Court for authority to (i) reserve any amount necessary to dissolve the Liquidating Trust, (ii) donate any balance to a charitable organization (A) described in section 501(c)(3) of the IRC, (B) exempt from U.S. federal income tax under section 501(a) of the IRC, (C) not a "private foundation," as defined in section 509(a) of the IRC and (D) that is unrelated to the Debtors, the Liquidating Trust, the Liquidating Trustee, the Managers, any Liquidating Trust Professionals and any insider of any of the foregoing and (iii) dissolve the Liquidating Trust (all of the foregoing actions in clauses (i) through (iii) being referred to as the "Dissolution Process").  Such date upon which the Liquidating Trust shall finally be dissolved shall be referred to in this Agreement as the "Termination Date."

10.2    Continuance of Liquidating Trust for Winding Up. During the Dissolution Process, the Liquidating Trustee, solely for the purpose of liquidating and winding up the affairs of the Liquidating Trust, shall continue to act as such until its duties have been fully performed. During the Dissolution Process, the Liquidating Trustee shall continue to be entitled to receive the Liquidating Trustee Fees called for by Section 6.2(a) and subject to Section 2.4. Upon distribution of all the Liquidating Trust Assets, the Liquidating Trustee shall retain the books, records and files that shall have been delivered or created in connection with the administration of the Liquidating Trust to the extent not otherwise required to be handled by the Liquidating Trustee in accordance with Section 2.2. At the Liquidating Trustee's discretion, but subject in all cases to Section 2.2, all of such records and documents may be destroyed no earlier than two (2) years following the Termination Date as the Liquidating Trustee deems appropriate (unless such records and documents are necessary to fulfill the Liquidating Trustee's obligations hereunder). Except as otherwise specifically provided in this Agreement, upon the Termination Date, the Liquidating Trustee shall be deemed discharged and have no further duties or obligations hereunder, except to account to the Liquidating Trust Beneficiaries as provided in this Agreement, the Liquidating Trust Interests shall be cancelled, and the Liquidating Trust will be deemed to have dissolved.

## ARTICLE XI
## AMENDMENT AND WAIVER

11.1    Subject to Sections 11.2 and 11.3 of this Agreement, the Liquidating Trustee may, with the approval of the Liquidating Trust Board of Managers, modify, amend, supplement or waive any provision of this Agreement.  Technical amendments, modifications, or supplements to this Agreement may be made by the Liquidating Trustee as necessary to clarify this Agreement or enable the Liquidating Trustee to effectuate the terms of this Agreement upon the filing of a written notice with the Bankruptcy Court, and shall become immediately effective ten (10) days after such notice is filed unless a written objection is filed within such ten (10) day period. Any material amendments, modifications, or supplements to this Agreement may be made with the approval of the Liquidating Trust Board of Managers and the Bankruptcy Court.

11.2     Notwithstanding Section 11.1 of this Agreement, no amendment, supplement or waiver of or to this Agreement shall (a) adversely affect the payments and/or distributions to be made under the Plan, the Confirmation Order or this Agreement, (b) amend Sections 2.1(h), 3.9, 6.2(b) or 7.4(b); (c) be inconsistent with the Plan or the Confirmation Order, (d) adversely affect the U.S. federal income tax status of the Liquidating Trust as a "liquidating trust" (e) materially and adversely affect the rights of Liquidating Trust Beneficiaries hereunder or (f) be inconsistent with the purpose and intention of the Liquidating Trust to liquidate in an expeditious but orderly manner the Liquidating Trust Assets in accordance with Treasury Regulation section 301.7701-4(d).

11.3     No failure by the Liquidating Trust, the Liquidating Trustee, or the Liquidating Trust Board of Managers to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

## ARTICLE XII
## MISCELLANEOUS PROVISIONS

12.1     <u>Governing Law</u>.     This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware (without reference to principles of conflicts of law that would require or permit application of the law of another jurisdiction).

12.2     <u>Jurisdiction</u>.     Subject to the proviso below and so long as the Chapter 11 Cases have not been closed or dismissed, the Parties agree that the Bankruptcy Court shall have jurisdiction over the Liquidating Trust and the Liquidating Trustee, including, without limitation, the administration and activities of the Liquidating Trust and the Liquidating Trustee to the fullest extent permitted by law; *provided*, *however*, that notwithstanding the foregoing, the Liquidating Trustee shall have power and authority to bring any action in any court of competent jurisdiction to prosecute any of the Retained Causes of Action and pursue any recoveries in respect of any Retained Causes of Action.  Each Party to this Agreement hereby irrevocably consents to the jurisdiction of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Agreement or of any other agreement or document delivered in connection with this Agreement, and also hereby irrevocably waives any defense of improper venue, *forum non conveniens*, or lack of personal jurisdiction to any such action brought in the Bankruptcy Court.  Until the closing or dismissal of the Chapter 11 Cases, any action to enforce, interpret, or construe any provision of this Agreement will be brought only in the Bankruptcy Court; *provided*, *however*, that in the event that the Bankruptcy Court does not have jurisdiction pursuant to the foregoing provision, including after the closing or dismissal of the Chapter 11 Cases, any action to enforce, interpret, or construe any provision of this Agreement will be brought in the United States District Court of the District of Delaware (without prejudice to the right of any Party to seek to reopen the Chapter 11 Cases to hear matters with respect to this Agreement).  Notwithstanding the foregoing, the Canadian Court shall retain jurisdiction to address all matters with respect to the Canadian Recognition Proceedings.  Each Party hereby irrevocably consents to the service by certified or registered mail, return receipt requested, of any process in any action to enforce, interpret, or construe any provision of this Agreement.

12.3    <u>Severability</u>. In the event any provision of this Agreement or the application thereof to any person or circumstances shall be determined by Final Order to be invalid or unenforceable to any extent, the remainder of this Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

12.4    <u>Notices</u>. Any notice or other communication required or permitted to be made under this Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally or by facsimile or electronic communication, sent by nationally recognized overnight delivery service or mailed by first-class mail.  The date of receipt of such notice shall be the earliest of (a) the date of actual receipt by the receiving party, (b) the date of personal delivery (or refusal upon presentation for delivery), (c) the date of the transmission confirmation or (d) three (3) Business Days after service by first-class mail, to the receiving party's below address(es):

        (i)      if to the Liquidating Trustee, to:

              Daniel H. Golden
              Elm Street Enterprises LLC
              300 Central Park West, Apt. 16B
              New York, NY 10024
              Phone:  (917) 881-5902
              Email:  dgolden@elmstreetllc.com

        (ii)     if to any Liquidating Trust Beneficiary, to the last known address of such Liquidating Trust Beneficiary according to the Liquidating Trustee's records;

        (iii)     if to the Debtors, to:



        (iv)     if to a Member of the Liquidating Trust Board of Managers, to the applicable address(es) set forth on <u>Exhibit A</u>.

12.5    <u>Headings</u>. The headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

12.6    <u>Plan and Confirmation Order</u>. The principal purpose of this Agreement is to aid in the implementation of the Plan and, therefore, this Agreement incorporates and is subject to the provisions of the Plan and the Confirmation Order.  In the event of any direct conflict or

inconsistency between any provision of this Agreement, on the one hand, and the provisions of the Plan, on the other hand, the provisions of this Agreement shall govern and control.  In the event of any direct conflict or inconsistency between any provision in this Agreement, on the one hand, and the provisions of the Confirmation Order, on the other hand, the provisions of the Confirmation Order shall govern and control.

12.7    <u>Entire Agreement</u>. This Agreement and the exhibits attached hereto, together with the Plan and the Confirmation Order, contain the entire agreement between the parties and supersede all prior and contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

12.8    <u>Cumulative Rights and Remedies</u>. The rights and remedies provided in this Agreement are cumulative and are not exclusive of any rights under law or in equity, subject to any limitations provided under the Plan and the Confirmation Order.

12.9    <u>Meanings of Other Terms</u>. Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa and words importing persons shall include firms, associations, corporations and other entities.   All references in this Agreement to Articles, Sections and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code, the Bankruptcy Rules or other law, statute or regulation, refer to the corresponding Articles, Sections and other subdivisions of this Agreement and the words "herein," "hereof" or "herewith" and words of similar import refer to this Agreement as a whole and not to any particular Article, Section or subdivision of this Agreement.  The term "including" shall mean "including, without limitation."

12.10    <u>Successors in Interest</u>. This Agreement shall be binding upon and inure to the benefit of any successor in interest to any one or more of the Debtors (as limited by the Plan and the Confirmation Order), that shall, upon becoming any such successor be subject to and obligated to comply with the terms and conditions hereof, including, specifically, the terms of Section 2.2 hereto.  The obligations of the Liquidating Trust and Liquidating Trustee to any one or more of the Debtors pursuant to this Agreement shall also be obligations of the Liquidating Trust and Liquidating Trustee to any such successor in interest, including their obligations under Section 2.2 hereto.  For the avoidance of doubt, in the event that any Person becomes a successor in interest to a Debtor, the claims, privileges, books and records and directors, officers, employees, agents and professionals of such Person, to the extent not otherwise subject to the provisions and requirements of this Agreement (including Section 2.2) prior to such Person becoming a successor in interest to the applicable Debtor, shall not become subject to the provisions and requirements of this Agreement (including Section 2.2) solely because such Person becomes a successor in interest to the applicable Debtor.

12.11    <u>Limitations</u>. Except as otherwise specifically provided in this Agreement, the Plan or the Confirmation Order, nothing in this Agreement is intended or shall be construed to confer upon or to give any person other than the parties hereto any rights or remedies under or by reason of this Agreement.  The parties hereby acknowledge and agree that nothing in this Agreement is intended to, does, or shall be construed to prejudice or harm in any way the rights, remedies or treatment (including any releases, exculpation, indemnification, or otherwise) of any Released

Party or Exculpated Party, solely in their capacity as a Released Party or Exculpated Party, under the Plan.

12.12    <u>Further Assurances</u>. From and after the Effective Date, the parties hereto covenant and agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes of this Agreement, and to consummate the transactions contemplated hereby.

12.13    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same instrument.   A facsimile or electronic mail signature of any party shall be considered to have the same binding legal effect as an original signature.

12.14    <u>Authority</u>. Each Party hereby represents and warrants to the other Parties that: (i) such Party has full corporate power and authority to enter into this Agreement, to carry out its obligations hereunder and to consummate the transactions contemplated hereby; (ii) the execution and delivery by such Party of this Agreement and the performance by such Party of its obligations hereunder have been duly authorized by all requisite corporate action on the part of such Party; (iii) this Agreement has been duly executed and delivered by such Party, and (assuming due authorization, execution and delivery by the other Parties hereto) this Agreement constitutes a legal, valid and binding obligation of such Party enforceable against such Party in accordance with its terms.


*       *       *       *       *

      **IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers, representatives or agents, effective as of the date first above written.

DANIEL H. GOLDEN, AS TRUSTEE OF THE YELLOW LIQUIDATING TRUST


By: _____
Name: Daniel H. Golden
Title: Liquidating Trustee


YELLOW CORPORATION, ON BEHALF OF ITSELF AND ITS DEBTOR AND NON-DEBTOR SUBSIDIARIES

By: _____
Name:
Title:

[Signature Page to Yellow Liquidating Trust Agreement]

**<u>EXHIBIT A</u>**

**Initial Members of the Liquidating Trust Board of Managers**

[To come]

## **EXHIBIT B**

### **Compensation of the Liquidating Trustee**

$75,000/month for the first three months; subsequent compensation to be determined in accordance with the Agreement.

**EXHIBIT C**

**Conflicted Managers and Issues as of the Effective Date**

**[To be provided]**