# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF STEPHENIE KJONTVEDT
## OF EPIQ CORPORATE RESTRUCTURING, LLC
## REGARDING THE SOLICITATION AND TABULATION OF
## BALLOTS CAST ON THE FOURTH AMENDED JOINT CHAPTER 11
## PLAN OF YELLOW CORPORATION AND ITS DEBTOR AFFILIATES
## PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY
## THE DEBTORS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

I, Stephenie Kjontvedt, pursuant to 28 U.S.C. § 1746, hereby declare under the penalty of perjury as follows:

1.    I am a Vice President, Senior Consultant of Epiq Corporate Restructuring, LLC ("Epiq"), which is located at 777 Third Avenue, 12th Floor, New York, NY 10017.  I am over eighteen years of age and competent to testify on the matters herein.  I do not have a direct interest in the above-captioned Chapter 11 Cases and should be considered an impartial party.

2.    I submit this Declaration (this "Declaration") regarding the solicitation of votes and the tabulation of Ballots cast on the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as may be amended,

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

supplemented, or otherwise modified from time to time, the "Plan").[2]  Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge or my review of relevant documents.  I am authorized to submit this Declaration on behalf of Epiq.  If I were called upon to testify, I could and would testify competently as to the facts set forth herein.

3.      In accordance with the *Order Authorizing the Debtors to Retain and Employ Epiq Corporate Restructuring, LLC as Administrative Advisor Effective as of Petition Date* [Docket No. 605] and the Disclosure Statement Order, Epiq was appointed and authorized to assist the Debtors with, *inter alia*, soliciting, receiving, reviewing, determining the validity of, and tabulating Ballots cast on the Plan by Holders of Claims in the Voting Class (as defined herein). Epiq and its employees have considerable experience in soliciting and tabulating votes to accept or reject chapter 11 plans.

4.      Pursuant to the Plan and the Disclosure Statement Order, only Holders of Claims in Class 5–General Unsecured Claims (the "Voting Class") were entitled to vote to accept or reject the Plan.

5.      The Disclosure Statement Order established August 26, 2025, as the record date for determining which holders of Claims in the Voting Class were entitled to vote on the Plan.  Epiq served the voting and non-voting parties with the applicable solicitation documents and Epiq's *Certificate of Service of Solicitation Documents* was filed with this Court on October 14, 2025 [Docket No. 7775].

---

[2]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan, the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 7619], or the *Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Voting Procedures, (III) the Form of Ballot and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 7608] (the "Disclosure Statement Order"), as applicable.

6.     The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Disclosure Statement Order.  Epiq was instructed by the Debtors to solicit, receive, review, determine the validity of, and tabulate Ballots submitted to vote to accept or reject the Plan by the Holders of Claims in the Voting Class in accordance with the Disclosure Statement Order.

7.     The Bankruptcy Court approved October 29, 2025, at 4:00 p.m. (prevailing Eastern Time) as the voting deadline for the Plan (the "Original Voting Deadline").  However, on the Original Voting Deadline, there was a Microsoft outage that impacted Epiq's online portals for electronic submission of Ballots and Opt-In Forms.  In response to the disruption in submission of Ballots and Opt-In Forms, the Debtors, with the consent of the Committee, extended the voting deadline to October 30, 2025, at 4:00 p.m. (prevailing Eastern Time) (the "Extended Voting Deadline"), which was extended in accordance with the Disclosure Statement Order and pursuant to the *Notice of Extension of Deadline for Voting on the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 7915]. Additionally, while the Solicitation Procedures state that any Ballot transmitted by facsimile or other electronic means (other than the Balloting Portal) will not be counted, the Debtors and the Committee agreed to accept submissions of Ballots and Opt-In Forms by email, both during and after the Microsoft outage, through the Extended Voting Deadline (the "Permitted Exceptions").

8.     In accordance with the procedures outlined in the Disclosure Statement Order, Epiq received, reviewed, determined the validity of, and tabulated the Ballots submitted to vote on the Plan.  To be included in the tabulation results as valid, a Ballot must have been (a) properly completed pursuant to the procedures set forth in the Disclosure Statement Order, (b) executed by the relevant Holder entitled to vote on the Plan (or such Holder's representative), (c) returned to Epiq

via an approved method of delivery set forth in the Disclosure Statement Order or the Permitted

Exceptions, and (d) received by Epiq on or before the Extended Voting Deadline. [3]

9.      All validly executed Ballots cast by Holders of Claims entitled to vote in the Voting

Class received by Epiq on or before the Extended Voting Deadline, including those with Permitted

Exceptions, were tabulated.

10.     I declare that the results of the voting by Holders of Claims in the Voting Class are

as set forth in **Exhibit A** hereto, which is a true and correct copy of the final tabulation of votes

received by Epiq.

11.     Ballots that did not comply with the procedures set forth in the Disclosure Statement

Order or the Permitted Exceptions were not counted.  A report of Ballots received and not counted

in the tabulation prepared by Epiq and the reasons for exclusion of such Ballots is attached as

**Exhibit B** hereto.

12.     All Holders of Claims or Interests against the Debtors were entitled to make an

election to opt-in to the Third-Party Release set forth in Article IX.C of the Plan, (the "Opt-In

Election").  Holders of Claims in the Voting Class could make an Opt-In Election on their Ballot.

Holders of Claims or Interests in Non-Voting Classes could make the Opt-In Election by completing

and submitting the Opt-In Form provided to them with the Notice of Non-Voting Status and

returning it so it was received by the Extended Voting Deadline.

13.     Epiq examined each Ballot and Opt-In Form received and recorded all Opt-In

Elections.  As of the Extended Voting Deadline, 317 valid Opt-In Elections were received.  The total

count indicates Opt-In Elections received and may potentially include duplicate submissions.

---

[3]    The Debtors and the Committee extended the voting deadline for Mobile Street Holdings, LLC and five individual parties through October 31, 2025, and one additional holder on November 5, 2025, and accordingly accepted Ballots from these parties submitted by such dates.

| Summary of Opt-In Elections Received | |
|---|---:|
| Opt-In Election on a Ballot | 233 |
| Opt-In Election on an Opt-In Form | 84 |
| **Total Opt-Ins** | **317** |

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  November 5, 2025

/s/ Stephenie Kjontvedt
Stephenie Kjontvedt
Vice President, Senior Consultant
Epiq Corporate Restructuring, LLC