**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO EXCEED THE PAGE LIMIT REQUIREMENT WITH RESPECT TO THE DEBTORS' CONFIRMATION BRIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Debtors to exceed the page limit requirements established by rule 3017-3 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") with respect to the *Debtors' Memorandum of Law in Support of Confirmation of the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors (Technical Modifications)* (the "Confirmation Brief"), filed contemporaneously herewith.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

**Jurisdiction**

2.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The basis for the relief requested herein is Local Rule 3017-3.

**Background**

5.  Contemporaneously herewith, the Debtors filed the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors (Technical Modifications)* (as amended, modified, or supplemented from time to time, the "Plan"). A hearing to consider confirmation of the Plan is scheduled to be held on November 12, 2025, at 10:00 a.m. (prevailing Eastern Time) (the "Confirmation Hearing").

6.  The Plan Proponents received ten formal objections and two informal objections to confirmation of the Plan.  As of the date hereof, the Debtors believe that only the objections of the following parties remain outstanding (collectively, the "Objections"):  (a) MFN Partners, LP and Mobile Street Holdings, LLC [Docket No. 7932]; (b) Local 705 International Brotherhood of Teamsters Pension Fund [Docket No. 7912]; (c) Gregg Sigmund [Docket No. 7830];

(d) the Environmental Protection Agency [Docket No. 8084]; (e) Astra Supply Chain; and (f) Chubb Insurance.

7. Contemporaneously herewith, the Debtors have filed, among other things, their Confirmation Brief. As filed, the Confirmation Brief is more than sixty pages (exclusive of any tables, exhibits, addenda, or other supporting materials in accordance with Local Rule 3017-3) and provides affirmative arguments in support of confirmation of the Plan. The Confirmation Brief also addresses and responds to the outstanding Objections, to the extent that such Objections are not resolved before the Confirmation Hearing.

**Basis for Relief Requested**

8. Local Rule 3017-3 provides, in relevant part, that "[i]n all chapter 11 cases, without leave of the Court[] . . . no brief in support of approval of a disclosure statement or confirmation of a plan . . . shall exceed sixty (60) pages (exclusive of any tables, exhibits, addenda or other supporting materials)." Del. Bankr. L.R. 3017-3. Additionally, Local Rule 1001-1(c) provides that the Local Rules "may be modified by the Court in the interest of justice." Del. Bankr. L.R. 1001-1(c). Accordingly, briefs such as the Confirmation Brief may exceed the applicable page limit requirements with leave of Court.

9. The Debtors respectfully submit that their request to exceed the page limitation set forth in Local Rule 3017-3 is reasonable and appropriate under the circumstances. The Confirmation Brief describes in detail both the requirements for approval of the Disclosure Statement on a final basis and the requirements for confirmation of the Plan. The Confirmation Brief also responds to the outstanding Objections to the extent they have not been resolved before the Confirmation Hearing. While the Debtors have made the Confirmation Brief as succinct as possible under the circumstances, they cannot provide the Court with the information necessary for a full and fair adjudication of the matters presented without exceeding the page limits

established by Local Rule 3017-3.  Accordingly, the Debtors submit that there is more than ample justification for the relief requested herein.

## Notice

10.     The Debtors will provide notice of this motion to the following parties, or in lieu thereof, their counsel:  (a) the office of the United States Trustee for the District of Delaware; (b) the Committee and Akin Gump Strauss Hauer & Feld LLP as counsel to the Committee; (c) the United States Attorney for the District of Delaware; (d) the Internal Revenue Service; (e) the parties asserting the above-referenced Objections; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, no other or further notice need be provided.

## No Prior Request

11.     No prior request for the relief sought herein has been made by the Debtors to this or any other Court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other and further relief as the Court deems appropriate under the circumstances.

Dated: November 9, 2025
Wilmington, Delaware

/s/ Peter J. Keane

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| Timothy P. Cairns (DE Bar No. 4228) | David Seligman, P.C. (admitted *pro hac vice*) |
| Peter J. Keane (DE Bar No. 5503) | Robert A. Jacobson (admitted *pro hac vice*) |
| Edward Corma (DE Bar No. 6718) | **KIRKLAND & ELLIS LLP** |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| 919 North Market Street, 17th Floor | 333 West Wolf Point Plaza |
| P.O. Box 8705 | Chicago, Illinois 60654 |
| Wilmington, Delaware 19801 | Telephone: (312) 862-2000 |
| Telephone: (302) 652-4100 | Facsimile: (312) 862-2200 |
| Facsimile: (302) 652-4400 | Email: patrick.nash@kirkland.com |
| Email: ljones@pszjlaw.com | david.seligman@kirkland.com |
| tcairns@pszjlaw.com | rob.jacobson@kirkland.com |
| pkeane@pszjlaw.com | -and- |
| ecorma@pszjlaw.com | |
| | Allyson B. Smith (admitted *pro hac vice*) |
| | Aaron Metviner (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | Email: allyson.smith@kirkland.com |
| | aaron.metviner@kirkland.com |
| | |
| | *Co-Counsel for the Debtors and Debtors in Possession* |