**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 6746, 7932, 8149** |

**REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO THE OBJECTION OF MFN PARTNERS, LP AND MOBILE STREET
HOLDINGS, LLC TO CONFIRMATION OF THE FOURTH AMENDED
JOINT CHAPTER 11 PLAN OF YELLOW CORPORATION AND ITS DEBTOR
AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this reply (this "Reply") to the *Objection of MFN Partners, LP and Mobile Street Holdings, LLC To Confirmation of the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 7932] (the "Objection").  In support of this Reply, the Committee respectfully states as follows:

**REPLY[2]**

1.      By the Objection, MFN Partners, LP and Mobile Street Holdings, LLC (collectively, "MFN") demonstrate, once again, that they are acting in the interests of their out-of-

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is:  11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not defined herein shall have the meanings assigned to them in the Objection, the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (the "Plan") or the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow*

the-money equity position[3] to the detriment of the unsecured creditors of these estates, who have now overwhelmingly voted to accept the Plan.[4]  Indeed, MFN argues in the Objection that the Plan was not proposed in good faith, as is required by Bankruptcy Code section 1129(a)(3), because three of the five prospective Trust Board members are members of the Committee (the entity charged with serving as a fiduciary for the interests of *all* unsecured creditors in these cases).[5]  This argument deviates slightly from the argument MFN made in its objection to the approval of the Disclosure Statement when it challenged the governance of the Liquidating Trust because pending claim objections and estate causes of action involved certain Committee members which MFN presupposed would serve on the Trust Board.[6]  In that iteration of MFN's argument, a majority of the Trust Board would consist of allegedly "conflicted" members who would act in their own interests, presumably in violation of their fiduciary duties and the conflicts provisions set forth in the governing trust agreement—the so-called foxes guarding the proverbial hen house.  As disclosed on October 16, 2025, the members of the Trust Board appointed by the Committee comprise two MEPP claimants and RFT Logistics LLC ("RFT")—a trade creditor that has *no* affiliation with any MEPP involved in these cases and is clearly *not* conflicted as to any matter involving the IBT, which was a primary focus of MFN.  Indeed, a majority of the Trust Board has no affiliation with any MEPP or the IBT.

---

*Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6747] (the "Disclosure Statement"), as applicable.

[3] MFN effectively concedes as much by acknowledging that the Committee member Trust Board designees are not appropriate insofar as they "are not representative of the interests of equity security holders."  Objection ¶ 49.

[4] *See Declaration of Stephanie Kjontvedt of Epiq Corporate Restructuring, LLC Regarding the Solicitation and Tabulation of Ballots Cast on the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 8122].

[5] Objection ¶¶ 36, 47, 56.

[6] *Objection of MFN Partners, LP and Mobile Street Holdings, LLC to (A) Approval of Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Solicitation Procedures Motion* [Docket No. 7509] ¶ 31.

2.      MFN nevertheless alleges that RFT is somehow conflicted based on its conclusion that RFT never voted in a manner contrary to the interests of Central States, Southwest and Southeast Areas Pension Fund ("Central States") and New York State Teamsters Conference Pension and Retirement Fund ("New York Teamsters"), the two other Committee members elected to serve on the Trust Board.[7]  MFN apparently came to this conclusion after reviewing Committee meeting minutes produced in discovery, but the Committee meeting minutes do not disclose or describe how individual Committee members voted on any given issue and instead recite the course of action determined to be taken by a majority of the members entitled to vote on any such issue.[8]  Thus, no inference can or should be drawn as to how RFT, in its capacity as an individual member of the Committee, conducted itself as a Committee member in Committee meetings or voted on *any* issue, let alone issues that implicate Central States and/or New York Teamsters.

3.      Undeterred by the facts, MFN now takes issue with the fact that the Committee's non-Trustee designees are all members of the Committee (because it can no longer argue that a majority of the Trust Board's members are "conflicted").  MFN concedes—because it must—that it has not located a single case on point to support its reformulated argument,[9] which is unsurprising given that virtually all liquidating trusts are controlled by creditors' committees' designees when the trust at issue is contemplated to be formed for the sole or primary benefit of unsecured creditors.[10]  Notwithstanding MFN's increasingly frequent and wholly unfounded

---

[7] *Id.*

[8] *See generally* Henry M. Robert III, Daniel H. Honemann, Thomas J. Balch, Daniel E. Seabold & Shmuel Gerber, ROBERT'S RULES OF ORDER 597–606 (Sarah Corbin Robert et al. eds., 12th ed. 2020) (providing that "the minutes should contain a record of what was *done* at the meeting, not what was *said* by the members" and providing a sample form of minutes showing resolutions adopted without individual votes).

[9] Objection ¶ 47.

[10] *See, e.g., Reply of the Official Committee of Unsecured Creditors of Yellow Corporation, Et Al., to the Objection of MFN Partners, LP and Mobile Street Holdings, LLC to (A) Approval of Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Solicitation Procedures Motion* [Docket No. 7533] ¶ 5; *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Terminating the Debtors' Exclusive Period to Solicit*

rhetoric, there is no evidence in this record to support a finding that the Committee and/or any of its members breached their fiduciary duties in these cases, and no evidence to support a (prospective) finding that the Trust Board will be wholly unable to conduct itself in accordance with carefully constructed and Court-approved governance procedures.

4.      As further "evidence" of the fact that the Plan was proposed in bad faith, MFN once again argues that the Committee's determination to join, or not join, certain of the Debtors' claim objections is tantamount to failure to acquit its duties.[11]  The Committee already responded to these frivolous allegations in prior pleadings and declines (once again) to engage in a "point, counter-point" response to the gratuitous statements made by MFN in its Objection (many if not most of which have already been responded to in prior filings).  The Committee, however, would like to correct MFN's erroneous record as to the position taken (or not taken) by the Committee in respect of the claims of the New York Teamsters.  More specifically, MFN alleges that the Committee "did nothing" with respect to MFN's objection to New York Teamsters' $77 million liquidated damages claim [Docket No. 7603] (the "NYST Liquidated Damages Objection").[12]  Despite MFN's contentions, nothing can or should be inferred from the fact that the Committee has not yet filed a pleading in respect of a matter scheduled to be heard on December 9, 2025, and the Committee reserves all rights in connection therewith.  As with every other material issue presented in these cases, the Committee has carefully analyzed the NYST Liquidated Damages Objection and

---

[11] *See, e.g.,* Objection ¶ 22; *Objection of MFN Partners, LP and Mobile Street Holdings, LLC to (A) Approval of Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code and (B) Solicitation Procedures Motion* [Docket No. 7509] ¶ 25.

[12] Objection ¶ 22.

*Acceptances of a Plan or, in the Alternative, Converting the Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* [Docket No. 5564] ¶¶ 28, 37; *Statement of the Official Committee of Unsecured Creditors Regarding Motion of Debtors for Entry of an Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Voting Procedures, (III) the Forms of Ballots and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 4950] ¶¶ 3–5.

responsive pleadings, and will act (as it always has) in a manner consistent with its fiduciary duties on the schedule dictated by the adjourned hearing date.

### RESERVATION OF RIGHTS

5.      The Committee expressly reserves the right to amend, modify or supplement this Reply, and to introduce evidence at the Confirmation Hearing.  This Reply shall not in any way limit any other rights of the Committee to take any further action, on any grounds, as may be appropriate.

### CONCLUSION

6.      For the foregoing reasons and those set forth in the *Debtors' Memorandum of Law in Support of Confirmation of the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors (Technical Modifications)* [Docket No. 8149], which the Committee hereby joins, the Committee respectfully requests that the Court: (i) overrule the Objection; and (ii) confirm the Plan.

*[Signature Page to Follow]*

Dated: November 9, 2025
Wilmington, Delaware

**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**

*/s/ Jennifer R. Hoover*
Jennifer R. Hoover (DE No. 5111)
Kevin M. Capuzzi (DE No. 5462)
John C. Gentile (DE No. 6159)
1313 North Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
E-mail: jhoover@beneschlaw.com
   kcapuzzi@beneschlaw.com
   jgentile@beneschlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Philip C. Dublin (admitted *pro hac vice*)
Meredith A. Lahaie (admitted *pro hac vice*)
Kevin Zuzolo (admitted *pro hac vice*)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
Email: pdublin@akingump.com
   mlahaie@akingump.com
   kzuzolo@akingump.com