IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 23-11069 (CTG) |
| YELLOW CORPORATION, *et al.*,[1] | ) <br> ) (Jointly Administered) |
| Debtors. | ) <br> ) **Re: Docket No. 8163** |

**DEBTORS' RESPONSE TO MFN PARTNERS, LP'S AND MOBILE STREET HOLDINGS, LLC'S MOTION IN LIMINE TO EXCLUDE TESTIMONY AND DOCUMENTS CONCERNING 11 U.S.C. § 1129(A)(7)**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, oppose the motion *in limine* to exclude testimony and documents concerning 11 U.S.C. § 1129(a)(7) (the "Motion") filed by MFN Partners, LP and Mobile Street Holdings, LLC (collectively, "MFN/Mobile Street"), and state as follows:

**INTRODUCTION**

1. MFN/Mobile Street's Motion is premature and an improper plan objection disguised as a motion *in limine*. Debtors are not required to provide an expert report or the basis of Mr. Whittman's opinions on the liquidation analysis regarding the Fourth Plan before the confirmation hearing. Fed. R. Bankr. P. 9014(c)(2). Regardless, Debtors have already filed a declaration by Mr. Whittman and produced a quantitative liquidation analysis as the basis for the conclusions set forth in the qualitative liquidation analysis included in the Fourth Amended Disclosure Statement and approved by the Court. The declaration provides sufficient facts and assumptions underlying Mr. Whittman's opinions for MFN/Mobile Street to cross-examine Mr.

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

Whittman at the hearing. The Motion is yet another example of MFN/Mobile Street forcing Debtors to incur unnecessary expenses in defending against meritless arguments and delaying confirmation of a plan that can provide recovery to creditors and other stakeholders in these cases. The Court should deny MFN/Mobile Street's Motion or, in the alternative, defer ruling until evidence concludes at the confirmation hearing.

## BACKGROUND

2. The Debtors included in the Fourth Amended Disclosure Statement a qualitative liquidation analysis stating that the Fourth Plan satisfies the best interests test under Section 1129(a)(7) because the recoveries expected to be available under the Fourth Plan will be more timely and similar or better than the recoveries expected to be available in a chapter 7 liquidation, as a chapter 7 liquidation would result in reduced sale proceeds and recoveries, increased expenses, delayed distributions and the prospect of additional claims not asserted in the chapter 11 cases. [Dkt. 7619 at 68-69]. On September 15, 2025, the Court approved the Fourth Amended Disclosure Statement including such language. [Dkt. 7608].

3. On November 3, 2025, Debtors informed MFN/Mobile Street that they intend to call Mr. Brian Whittman, a Managing Director of Alvarez & Marsal, as a witness at the confirmation hearing. On November 4, in response to MFN/Mobile Street's requests for production, and more than a week prior to the confirmation hearing, Debtors produced a document supporting a quantitative liquidation analysis regarding recoveries by Debtor entities in various chapter 11 and chapter 7 scenarios (the "Liquidation Analysis"). On November 9, Debtors filed a declaration of Brian Whittman in support of confirmation of the Fourth Plan (the "Whittman Declaration") [Dkt. 8148]. In his declaration, Mr. Whittman states that he oversaw the preparation of the Liquidation Analysis, that the Liquidation Analysis was completed

following due diligence including a review of Debtors' books and records and discussions with Debtors' management, and that the Liquidation Analysis incorporates various estimates and assumptions regarding chapter 7 costs and additional claims that may be asserted against the chapter 7 estates (Whittman Decl. ¶¶ 42-46). MFN/Mobile Street could have sought deposition of Mr. Whittman on the Liquidation Analysis or any other topic, but opted not to.

## ARGUMENT

4. MFN/Mobile Street's motion is premature because pursuant to Federal Rules of Bankruptcy Procedure Rule 9014(c)(2), Debtors are not required to disclose expert reports or the bases of, or facts and data underlying, an expert prior to the confirmation hearing. Fed. R. Bankr. P. 9014(c)(2) (providing that Fed. R. Civ. P. 26(a)(2), regarding disclosures about expert testimony, does not apply in a contested matter). Debtors intend to call Mr. Whittman as a witness at the confirmation hearing to testify on the Liquidation Analysis, including the assumptions made in formulating the analysis, and MFN/Mobile Street are free to cross-examine Mr. Whittman at that time. *See Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002) ("[T]he burden of exploring the facts and assumptions underlying the testimony of an expert witness [is] on opposing counsel during cross-examination."). After Mr. Whittman's testimony and the conclusion of evidence, MFN/Mobile Street is then also free to make arguments regarding the adequacy of Mr. Whittman's testimony and the weight to be accorded thereto. *See Breidor v. Sears, Roebuck and Co.*, 722 F.2d 1134, 1138–39 (3d Cir. 1983) ("Where there is a logical basis for an expert's opinion testimony, the credibility and weight of that testimony is to be determined by the [trier of fact].").

5. In any event, the Whittman Declaration demonstrates that Mr. Whittman is more than qualified to provide opinion testimony on the liquidation analysis in these cases. He has

more than thirty years of experience advising companies requiring performance improvement or financial restructuring, and he has led complex engagements for companies and served in management and advisory roles. (Whittman Decl. ¶¶ 4-5). He has also "prepared numerous liquidation analyses and assessed feasibility in many situations, including providing expert testimony on both topics in other chapter 11 proceedings." (*Id.*). And he is a Certified Insolvency and Restructuring Advisor and a Certified Public Accountant. (*Id.*). Mr. Whittman thus possesses the "specialized knowledge" required to testify on liquidation analyses. Fed. R. Evid. 702(a), *Hammond v. Int'l Harvester Co.*, 691 F.2d 646, 653 (3d Cir. 1982) ("[P]ractical experience as well as academic training and credentials may be the basis of qualification (as an expert witness).") (citation and internal quotation marks omitted). Mr. Whittman will be offered as an expert witness, and MFN/Mobile Street's arguments against Mr. Whittman as a lay witness are therefore irrelevant.

6. Mr. Whittman's declaration also provides sufficient facts and assumptions as the basis for his opinions on the Liquidation Analysis. He states that "[t]he Liquidation Analysis is based on the Debtors' projected cash balance and assets, and incorporates various estimates and assumptions regarding chapter 7 costs including a 3% estimate for the reasonable value of trustee fees, and a 3% estimate for the reasonable value of the chapter 7 trustee's professional fees." (Whittman Decl. ¶ 43). He further states that "the Liquidation Analysis incorporates estimates surrounding additional claims that may be asserted against the chapter 7 estates, made possible from the establishment of a new bar date upon conversion of the cases." (*Id.*). He then opines that these and other relevant assumptions, including the assumption that a chapter 7 trustee and any retained professionals will incur additional time and expense in familiarizing themselves, are reasonable under the circumstances. (*Id.* ¶¶ 43-45). MFN/Mobile Street cannot demonstrate that

4

Mr. Whittman's testimony is so "clearly inadmissible on all potential grounds" that it should be precluded. *Leonard v. Stemtech Health Sciences, Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013) ("Evidence should not be excluded pursuant to a motion *in limine*, unless it is clearly inadmissible on all potential grounds."). This is because "[e]videntiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Id.*

7.      MFN/Mobile Street does not provide any authority to the contrary. Indeed, all the cases MFN/Mobile Street cite at best involve a court excluding testimony *after* a confirmation hearing was held. *See, e.g.*, *In re Smith*, 357 B.R. 60, 66 (Bankr. M.D.N.C. 2006) ("*At a confirmation hearing*, the proponent of a plan 'bears the burdens of both introduction of evidence and persuasion that each subsection of section 1129(a) has been satisfied.'") (emphasis added and citation omitted); *In re Samurai Martial Sports*, 644 B.R. 667, 689-702 (Bankr. S.D. Tex. 2022) (denying motion to modify plan after conducting a hearing); *In re Chicago Investments., LLC*, 470 B.R. 32, 106 (Bankr. D. Mass. 2012) (overruling confirmation objection after an evidentiary hearing); *In re Multiut Corp.*, 449 B.R. 323, 344 (Bankr. N.D. Ill. 2011) (denying confirmation after an evidentiary hearing); *In re Harborwalk, LP*, 2010 WL 3619911, at *3-4 (Bankr. S.D. Tex. Sept. 10, 2010) (denying confirmation after hearing and according no weight to liquidation analysis prepared by lay witness). This Court should also defer ruling on MFN/Mobile Street's objection after hearing the evidence at the confirmation hearing. *See, e.g.*, *In re Anthony*, 2024 WL 5711062, at *3 (Bankr. S.D. Ohio Dec. 3, 2024) (stating that the "'gatekeeper' doctrine [under Rule 702] was designed to protect juries and is largely irrelevant in the context of a bench trial.") (citation omitted); *LG Display Co. v. AU Optronics Corp.*, 265

F.R.D. 189, 195 (D. Del. 2010) ("[C]ourts in this circuit and others have acknowledged that the gatekeeping obligation provided for in Daubert is less pressing in the context of a bench trial.").

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court deny MFN/Mobile Street's Motion in its entirety or, in the alternative, reserve ruling until after the confirmation hearing.

| | |
|---|---|
| Dated:  November 11, 2025<br>Wilmington, Delaware | */s/ Peter J. Keane*<br>Laura Davis Jones (DE Bar No. 2436)<br>Timothy P. Cairns (DE Bar No. 4228)<br>Peter J. Keane (DE Bar No. 5503)<br>Edward Corma (DE Bar No. 6718)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19801<br>Telephone:    (302) 652-4100<br>Facsimile:    (302) 652-4400<br>Email:    ljones@pszjlaw.com<br>    tcairns@pszjlaw.com<br>    pkeane@pszjlaw.com<br>    ecorma@pszjlaw.com<br><br>Patrick J. Nash, P.C. (admitted *pro hac vice*)<br>Casey McGushin (admitted *pro hac vice*)<br>Shirley Chan (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>330 W. Wolf Point Plaza<br>Chicago, Illinois 60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br>Email:    pnash@kirkland.com<br>    casey.mcgushin@kirkland.com<br>    shirley.chan@kirkland.com<br><br>Allyson B. Smith (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP** |

6

601 Lexington Avenue  
New York, New York 10022  
Telephone: (212) 446-4800  
Facsimile: (212) 446-4900  
Email: allyson.smith@kirkland.com  

*Co-Counsel for the Debtors and Debtors in Possession*