**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing: November 12, 2025, at 10:00 a.m., (ET)**<br>**Objection Deadline: At the hearing** |

**MOTION OF MFN PARTNERS, LP AND MOBILE STREET HOLDINGS, LLC IN LIMINE TO EXCLUDE TESTIMONY AND DOCUMENTS CONCERNING 11 U.S.C. § 1129(a)(7)**

MFN Partners, LP ("MFN") and Mobile Street Holdings, LLC ("Mobile Street" and, together with MFN, "MFN/Mobile Street"), pursuant to Federal Rules of Evidence 402, 701, 702, and 703, by their undersigned counsel, hereby submit this motion *in limine* (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), excluding any testimony of Brian Whittman ("Whittman") of Alvarez & Marsal North America, LLC, the Debtors' financial advisor, concerning whether the Fourth Plan[2] satisfies 11 U.S.C. § 1129(a)(7) or any documents purported to constitute a "liquidation analysis." In support of this Motion, MFN/Mobile Street respectfully states as follows:

---

1 A complete list of each of the debtors in these chapter 11 cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

2 The term "Fourth Plan" means that *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 6746]. All terms not otherwise defined herein have the same meanings as defined in MFN/Mobile Street's objection to confirmation of the Fourth Plan [Dkt No. 8102-1].

**INTRODUCTION**

The Plan Proponents bear the burden to prove by a preponderance of the evidence to this Court that 11 U.S.C. § 1129(a)(7), the "best interest of creditors test," is met. *See In re Multiut Corp.*, 449 B.R. 323, 346 (Bankr. N.D. Ill. 2011) (debtor failed to carry burden to establish plan satisfied section 1129(a)(7)). It is undisputed that the Debtors have not submitted any liquidation analysis in connection with the Fourth Disclosure Statement or the Fourth Plan.[3] MFN/Mobile Street expressly requested in a request for production of documents all "Documents concerning any liquidation analysis" and "[a]ny Documents that the Debtors rely or relied on in support of [the Fourth] Plan and/or that the Debtors intend to introduce into evidence at any hearing on the confirmation of the [Fourth] Plan." *See* **Exhibit B** at 10, attached hereto. The deadline for production was October 22, 2025. The Debtors did not produce any documents purporting to be a liquidation analysis, expert opinion, or facts relied upon by any opinion provider, by this deadline.

After MFN/Mobile Street submitted their plan objection raising, among other things, that the Fourth Plan failed to satisfy section 1129(a)(7) as it related to at least YRC, Inc., on November 4, 2025, the Debtors produced one 5-page document, marked "draft," that purported to be a liquidation analysis (the "Draft Liquidation Spreadsheet").[4]

---

[3] By contrast, the Debtors submitted a liquidation analysis in support of the First Plan [Dkt. No. 4829-1] (the "Prior Liquidation Analysis"), which was also applicable to the Second Plan. The Debtors even contemplated including a liquidation analysis for the failed Third Plan in the Third Disclosure Statement. *See* Dkt. No. 5996, p. 69 at Section X.B. ("Incorporated herein by reference is the liquidation analysis (the "Liquidation Analysis") prepared by the Debtors with the assistance of their advisors as part of the Debtors' Disclosure Statement. As reflected in the Liquidation Analysis, the Plan Proponents believe that liquidation of the Debtors' and their Estates' remaining assets under chapter 7 of the Bankruptcy Code would result in diminution in the value to be realized by Holders of Allowed Claims as compared to distributions contemplated under the Plan.").

[4] The Draft Liquidation Spreadsheet as provided to MFN/Mobile Street is attached hereto as **Exhibit C**. MFN/Mobile Street presents the Draft Liquidation Spreadsheet to establish that it is not admissible itself and cannot be relied upon for any expert opinion.

To meet their burden, MFN/Mobile Street anticipates that the Plan Proponents will rely on testimony of Whittman, and/or seek to admit the Draft Liquidation Spreadsheet.[5] However, the Federal Rules of Evidence plainly bar the admission of such proffered testimony and evidence.[6]

It is not clear whether the Debtors intend to have Whittman provide an expert opinion or a lay opinion. As discussed below, whether a plan satisfies section 1129(a)(7) typically requires expert testimony pursuant to Federal Rule of Evidence 702.[7] The Plan Proponents have never designated or proffered Whittman as an expert on this topic. If they now intend to do so, there is no reliable methodology or factual basis for any such expert opinion.

If the Debtors intend to offer Whittman's testimony as a lay opinion, it is irrelevant because offering a lay opinion on what would occur in a hypothetical chapter 7 liquidation is not proper lay opinion. There is no way any such opinion is rationally based on Whittman's perception and in any event it is based on specialized knowledge within the scope of Federal Rule of Evidence 702. *See* Fed. R. Evid. 701(a), (c).

Further, the Draft Liquidation Spreadsheet (which itself is hearsay) contains bare assertions, unsubstantiated assumptions, and no backup or justifications to support its statements. Indeed, the Draft Liquidation Spreadsheet is confusing on its face and appears to present two scenarios that themselves have assumptions that make no sense. It is not itself admissible, has

---

5 On November 9, 2025, the Debtors filed the *Declaration of Brian Whittman, in Support of Confirmation of the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee Of Unsecured Creditors* [Dkt. No. 8148] (the "Whittman Declaration") and a memorandum of law in support of confirmation of the Fourth Plan [Dkt. No. 8149] (the "Confirmation Brief"), in which the contents of the Draft Liquidation Spreadsheet are discussed. *See* Whittman Declaration at 14–17; Confirmation Brief at 13–16, 46–48.

6 This is in addition to the untimely production of the Draft Liquidation Spreadsheet and any additional documents Whittman may be relying upon.

7 Though this case is a bench trial and often parties will argue that in such circumstances a court can admit evidence and then weigh it, any expert testimony must satisfy threshold admissibility requirements. As further elaborated below, Federal Rule of Evidence 702 was amended in 2023 precisely to remind courts not to admit expert testimony for such reasons.

little to no probative value, and it is so unreliable as to not support any expert opinion. *See* Fed. R. Evid. 703.

The Whittman Declaration states that Whittman oversaw the preparation of the Draft Liquidation Spreadsheet, Whittman Declaration at 15, but then merely regurgitates the information therein, without any additional backup or justification. The Confirmation Brief likewise adds little color to the assumptions contained in the Draft Liquidation Spreadsheet. For example, in addition to the assumptions regarding professional costs, the Whittman Declaration states that "the [Draft Liquidation Spreadsheet] incorporates estimates surrounding additional claims that may be asserted against the chapter 7 estates, made possible from the establishment of a new bar date upon conversion of the cases," and that Whittman "believe[s] that these and the other relevant assumptions are reasonable. . . ." *Id.* But there is no explanation for where the estimate of new claims came from or any other detail regarding these additional claims that are expected to be filed more than two years after the Debtors' filing of these cases. The Confirmation Brief does not even make mention of these additional claims or the impact of a new bar date. Nor does the Whittman Declaration explain the basis for his conclusion that "these and the other relevant assumptions are reasonable. . . ." *Id.*

As a result of these fundamental failures, Whittman's testimony and the Draft Liquidation Spreadsheet should be excluded in whole on the topic of section 1129(a)(7).

## ARGUMENT

### A.    Legal Standard

1.    Opinion testimony is admissible either as a lay opinion under Federal Rule of Evidence 701 or as expert opinion under Federal Rule of Evidence 702. For lay opinions, they are admissible only if they are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on

scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

2. For expert opinions, Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. Rule Evid. 702 (as amended and effective December 1, 2023). Federal Rule of Evidence 702 was amended in 2023 to clarify that the proponent of the proffered expert opinion carries the burden of proof. In the words of the advisory committee notes, these amendments were enacted "to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements in the rule. This is the preponderance of the evidence standard . . . ." Fed. R. Evid. 702 advisory committee's note to 2023 amendemnt (citation omitted). The committee was concerned that "many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility. These rulings are an incorrect application of Rules 702 and 104(a)." *Id.*

3. It is beyond dispute that judges have "a 'general "gatekeeping" obligation' with respect to all testimony based on specialized knowledge of some form." *United States v. Williams*, 974 F.3d 320, 358 (3d Cir. 2020) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141

(1999)).  Federal Rule of Evidence 702 also tasks judges with "ensur[ing] that such testimony is both reliable and relevant."  *Id.*; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594-95 (1993).  In the words of the Supreme Court, "[e]xpert evidence can be both powerful and quite misleading."  *Daubert*, 509 U.S. at 595 (internal quotation marks and citation omitted).  As a result, "[t]he importance of *Daubert*'s gatekeeping requirement cannot be overstated."  *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004).  "Both an expert's methodology and the application of that methodology must be reviewed for reliability."  *In re Zoloft (Sertraline Hydrochloride) Prod. Liab. Litig.*, 858 F.3d 787, 792 (3d Cir. 2017).  Finally, "*any* step that renders the analysis unreliable under the *Daubert* factors renders the expert's testimony inadmissible.  This is true whether the step completely changes a reliable methodology or merely misapplies that methodology."  *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994) (emphasis in original).

4.      As the Third Circuit has "made clear, 'the reliability analysis [required by *Daubert*] applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, [and] the link between the facts and the conclusion.'"  *ZF Meritor, LLC v. Eaton Corp.*, 696 F.3d 254, 291 (3d Cir. 2012) (alterations in original) (quoting *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 155 (3d Cir. 1999)).  The Debtors, "as the proponents of the expert testimony, bear the burden of demonstrating by a preponderance of the evidence that the testimony is admissible."  *In re Nellson Nutraceutical, Inc.*, 356 B.R. 364, 372 (Bankr. D. Del. 2006).

5.      With specific regard to satisfaction of the requirements of section 1129(a)(7), a liquidation analysis must be provided and "[t]he best interests valuation is to be based on evidence not assumptions, but it is not an exact science."  *In re Chicago Invs., LLC*, 470 B.R. 32, 106 (Bankr. D. Mass. 2012) (quoting *In re SW Boston Hotel Venture, LLC*, 460 B.R. 38, 65 (Bankr. D. Mass.

2011)). One court has gone so far as to hold that "[f]ailure to attach a liquidation analysis violates § 1129(a)(7)." *Multiut Corp.*, 449 B.R. at 344. Another court held that the failure to provide an updated liquidation analysis is grounds for denial of confirmation even when "no party-in-interest objected to Plan confirmation on this ground." *In re Samurai Martial Sports, Inc.*, 644 B.R. 667, 693 (Bankr. S.D. Tex. 2022); *see also In re Smith*, 357 B.R. 60, 67 (Bankr. M.D.N.C. 2006) ("[T]here must be a liquidation analysis of some type that is based on evidence and not mere assumptions or assertions.") (citing 7 Collier on Bankruptcy ¶ 1129.03[7][b][iii] (15th ed. rev.2006)); 7 Collier on Bankruptcy ¶ 1129.02[7][b][iii] (16th ed. 2025) ("This statutory language essentially requires every plan proponent to perform a liquidation analysis of the estate.").

6. Whittman cannot meet several of the Federal Rule of Evidence 702 requirements required to testify as an expert on this topic. First, the Whittman Declaration, including the Draft Liquidation Spreadsheet, does not "rest[] on a reliable foundation" and is merely an assertion of various unsupported and questionable assumptions. *Daubert*, 509 U.S. at 597. Second, his testimony is not "based on sufficient facts or data," nor "the product of reliable principles and methods." Fed. Rule Evid. 702(b) – (c).

**B. Any Proffered Testimony Concerning Section 1129(a)(7) is Unreliable Expert Opinion**

7. The evidence in this case shows that his testimony cannot be properly admitted as expert testimony under Federal Rule of Evidence 702. As has been disclosed through discovery, the lone document relied upon by Whittman in connection with the Fourth Plan's compliance with section 1129(a)(7) is the Draft Liquidation Spreadsheet. It is plainly unreliable.

8. The document says it is a draft. It merely presents several scenarios and assumptions, but provides nothing to indicate which scenario is more likely, the basis of the assumptions or whether any other scenarios were considered. It fails to explain the methodology

for how Distributable Value[8] is determined for each Debtor's estate. And it appears to make bizarre assumptions on litigation recoveries (without revealing to the reader that is what the document purports to do). The Whittman Declaration, which merely summarizes, fares no better.

9. Moreover, the Draft Liquidation Spreadsheet uses a methodology different than what was previously used by the Debtors in the only liquidation analysis actually filed with this Court [Dkt. No. 4829-1] (the "Prior Liquidation Analysis"). Specifically, in the Draft Liquidation Spreadsheet, there is a bald assumption that "[a] 3% trustee fee and 3% incremental professional cost is assessed to each debtor based on distributable value," *see* Draft Liquidation Spreadsheet at 3, 4. In the Prior Liquidation Analysis, the hypothetical chapter 7 case "assume[d] additional wind-down costs not included in the Plan, including higher professional fees than those assumed as part of the Plan due to some additional work that would be required and inherent inefficiencies resulting from the loss of institutional knowledge possessed by the current estate employees and professionals. Incremental professional fees are calculated at *1.5% to 3.0%* of total net proceeds." Prior Liquidation Analysis at 8 (emphasis added).

10. No backup or justification is provided for the assumption that a flat 3% in incremental professional fees would be incurred, which would be at the high end of the range originally projected, especially where conversion would occur nine months later than under the Prior Liquidation Analysis, and there is substantially less for a chapter 7 trustee to do. There are virtually no sales left to conduct, nearly every claim objection is already pending (and any

8 As MFN/Mobile Street has previously raised, there was a massive (and still not well explained) decrease in Distributable Value between the Third Plan and the Fourth Plan – from nearly $800 million to a midpoint of $650 million. Further, the general unsecured claims pool apparently has increased by virtue of "insurance deficiency" claims that, as recently as April 2025, were projected to be zero. The fact that these numbers have materially fluctuated in mere months gives pause to the reliability of the figures contained in the Draft Liquidation Spreadsheet.

additional ones would be no different than what would be done post-confirmation) and the only thing to do is distribute cash already held by the Debtors.[9]

11. At his deposition in connection with MFN/Mobile Street's Conversion Motion, Whittman testified that "the team of people at A&M under my direction prepared the [Prior Liquidation Analysis], and I reviewed the analysis." Whittman Dep. 252:7–9. He also testified that "the concept of a liquidation analysis in a liquidating Chapter 11 plan is a little bit odd," and that even though he understood that in this Court, a liquidation analysis needs to be provided, nevertheless there was no intention of updating the Prior Liquidation Analysis. *Id.* at 248:18–249:14. This demonstrates that even if Whittman was familiar with facts and data sets informing the formulation of the Prior Liquidation Analysis, he did not update any of those assumptions or conclusions to account for the changed circumstances currently facing the Debtors' estates, nor does he claim to do so in the Whittman Declaration. As noted above, courts have held that this alone is fatal. *See, e.g.*, *Samurai Martial Sports*, 644 B.R. at 688 & n.118 (finding that plan violated § 1129(a)(7), stating that the liquidation analysis was "deficient as it is merely the same liquidation analysis attached as an exhibit to the Plan that was filed [previously]. Although it is conceivable that the liquidated value of Debtor's estate has not changed substantially in the six and a half months since the prior liquidation analysis was conducted, the Court cannot make assumptions nor rely on unreviewed and outdated figures to satisfy § 1190(1)(B).").

12. By way of example, no analysis supports that a chapter 7 trustee would engage counsel with rates comparable to the Plan Proponents' current professionals; a chapter 7 trustee likely would rely on much more cost-efficient counsel for the relatively simple task of administering the estate. In the case of pending claim objections concerning MEPPs, both the

9 It is not even clear why a 3% trustee commission on the entirety of the Distributable Value is mandatory in these circumstances. 3% is the ceiling, not a guarantee. *See* 11 U.S.C. § 326(a).

Debtors, whose privilege a chapter 7 trustee would accede to, and MFN/Mobile Street, who would work with the chapter 7 trustee's professionals under a common interest, have already done work that any hypothetical chapter 7 trustee could rely upon to save costs. To the extent that the chapter 7 trustee were to continue utilizing current estate professionals, there should be little to no incremental increase in fees, as no onboarding is needed.

13. Second, the Prior Liquidation analysis assumed a range of incremental increased professional costs of 1.5%-3%. Those figures were determined based on a hypothetical conversion date almost nine months ago, when there were substantially more properties to market and sell than there are currently, and there were a significant number of outstanding litigation work streams that have since been adjudicated.[10] It is illogical to think that given these changed circumstances, the incremental increase in professional costs would be at the *high end* of the projections from so long ago. *See Samurai Martial Sports*, 644 B.R. at 688 & n.118.

14. Without providing any backup or justification for this assumption, this evidence cannot be considered "based on sufficient facts or data," nor "the product of reliable principles and methods," as required by Rule 702.

15. Taken together, the above illustrates that Whittman's testimony on the costs associated with a hypothetical chapter 7 conversion is not admissible, certainly not as expert opinion. In fact, it can only properly be viewed as lay opinion. Opinion testimony by a lay witness on liquidation value is accorded no weight because, by its nature, it is speculative. *See, e.g.*, *In re Harborwalk, LP*, 2010 Bankr. LEXIS 3163, at *8-9 (Bankr. S.D. Tex. Sept. 10, 2010) (according zero weight to the liquidation analysis prepared by a lay witness). Accordingly, Whittman should

[10] Compounding the absurdity of this assumption is the fact that MFN/Mobile Street has offered, including in filings with this Court, to fund continued prosecution of certain of these litigation streams, further lowering costs to the estate in the event of conversion. *See* Dkt. No. 6507 at 5–6. The Whittman Declaration demonstrates that this was not considered in his purported analysis.

be precluded from testifying on this matter and the Draft Liquidation Spreadsheet should be excluded as irrelevant and inadmissible hearsay.

## CONCLUSION

WHEREFORE, MFN/Mobile Street respectfully requests that the Court enter the Order substantially in the form attached hereto as **Exhibit A** and grant such other and further relief as is just and proper.

[*Remainder of Page Left Intentionally Blank*]

Dated: November 10, 2025
       Wilmington, Delaware

Respectfully Submitted,

*/s/ L. Katherine Good*
L. Katherine Good (No. 5101)
Maria Kotsiras (No. 6840)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: kgood@potteranderson.com
       mkotsiras@potteranderson.com

– and –

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Eric Winston (*pro hac vice* admitted)
Benjamin Roth (*pro hac vice* admitted)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
Email:  ericwinston@quinnemanuel.com

*Counsel for MFN Partners, LP and Mobile Street Holdings, LLC*

# **Exhibit A**

## **Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Docket No.** |

**ORDER GRANTING MOTION OF MFN PARTNERS, LP AND MOBILE STREET HOLDINGS, LLC IN LIMINE TO EXCLUDE TESTIMONY AND DOCUMENTS CONCERNING 11 U.S.C. § 1129(a)(7)**

Upon consideration of the motion (the "Motion")[2] of MFN/Mobile Street for entry of an order (this "Order") pursuant to Federal Rules of Evidence 402, 701, 702, and 703, to exclude any testimony of Whittman concerning whether the Fourth Plan satisfies 11 U.S.C. § 1129(a)(7) or any documents purported to constitute a "liquidation analysis;" and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, entered February 29, 2012; and that this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested

---

[1] A complete list of each of the debtors in these chapter 11 cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

therein has been provided in accordance with the Federal Rules of Bankruptcy Procedure and the

Local Rules of the United States Bankruptcy Court for the District of Delaware, and that, except as

otherwise ordered herein, no other or further notice is necessary; and objections (if any) to the Motion

having been withdrawn, resolved or overruled on the merits; and a hearing having been held to

consider the relief requested in the Motion and upon the record of the hearing and all of the

proceedings had before this Court; and that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor;

**IT IS HEREBY ORDERED THAT**

1.      The Motion is hereby GRANTED as set forth herein.

2.      Whittman's testimony, including the Whittman Declaration, on the topic of section

1129(a)(7), and the Draft Liquidation Spreadsheet are hereby excluded.

3.      This Court shall retain jurisdiction over any and all matters arising from or related to

the implementation of this Order.

**EXHIBIT B**

DRAFT - SUBJECT TO CHANGE

**Chapter 11 Yellow - Recovery by Legal Entity (High - Plan Recovery Claim Scenario with Low Chapter 11 ($600M) Dist. Value)**

| ($ in 000s) | Net Dist. Value | Admin & Priority Deficiency Transfer | Convenience Deficiency Transfer | Admin IC Recovery | Unsecured IC Recovery | Net Dist. Value incl. I/C, Equity Recov. |
|---|---|---|---|---|---|---|
| 1105481 Ontario Inc. | - | - | - | $ 0 | - | $ 0 |
| Express Lane Service, Inc. | - | - | - | 0 | - | 0 |
| New Penn Motor Express LLC | - | - | - | 42,816 | (3,379) | 39,437 |
| Roadway Express International, Inc. | - | - | 12 | 15 | 0 | 27 |
| Roadway LLC | 4,704 | - | - | (1,048) | 54,666 | 58,321 |
| Roadway Next Day Corporation | - | - | - | - | - | - |
| USF Bestway Inc. | - | 0 | 4 | (0) | - | 4 |
| USF Dugan Inc. | - | - | - | 18 | 0 | 18 |
| USF Holland International Sales Corporation | - | - | - | - | - | - |
| USF Holland LLC | - | - | - | 91,147 | 16 | 91,163 |
| USF Reddaway Inc. | - | - | - | 52,658 | (74) | 52,584 |
| USF Redstar LLC | - | - | - | 254 | (0) | 254 |
| Yellow Corporation | 591,299 | (3,079) | (2,691) | (584,225) | 4,320 | 5,624 |
| Yellow Freight Corporation | - | 72 | 252 | - | - | 324 |
| Yellow Logistics, Inc. | - | 287 | 1,402 | 2,039 | 0 | 3,728 |
| YRC Association Solutions, Inc. | - | - | - | 8 | - | 8 |
| YRC Enterprise Services, Inc. | - | 2,720 | 1,004 | 0 | 2,229 | 5,954 |
| YRC Freight Canada Company | 3,997 | - | - | (1,438) | 2 | 2,561 |
| YRC Inc. | - | - | - | 393,736 | (57,780) | 335,956 |
| YRC International Investments, Inc. | - | - | - | 246 | - | 246 |
| YRC Logistics Inc. | - | - | 17 | (1) | - | 16 |
| YRC Logistics Services, Inc. | - | - | - | 14 | - | 14 |
| YRC Mortgages, LLC | - | - | - | - | - | - |
| YRC Regional Transportation, Inc. | - | - | - | 3,762 | 0 | 3,762 |
| **Total Recovery on a by Entity Basis** | **$ 600,000** | **-** | **-** | **-** | **-** | **$ 600,000** |

| ($ in 000s) | Admin & Priority Claims $ | Admin & Priority Recovery $ | Admin & Priority Recovery % | Admin & Priority Remaining Value | Convenience Class Claims Claims $ | Convenience Class Claims Recovery $ | Convenience Class Claims Recovery % | Convenience Class Claims Remaining Value |
|---|---|---|---|---|---|---|---|---|
| 1105481 Ontario Inc. | - | - | 0% | - | - | - | 0% | - |
| Express Lane Service, Inc. | - | - | 0% | 0 | - | - | 0% | 0 |
| New Penn Motor Express LLC | 8,120 | 8,120 | 100% | 31,317 | 2,344 | 2,344 | 100% | 28,973 |
| Roadway Express International, Inc. | - | - | 0% | 27 | 27 | 27 | 100% | - |
| Roadway LLC | - | - | 0% | 58,321 | 40 | 40 | 100% | 58,281 |
| Roadway Next Day Corporation | - | - | 0% | - | - | - | 0% | - |
| USF Bestway Inc. | 1 | 1 | 100% | 3 | 3 | 3 | 100% | - |
| USF Dugan Inc. | - | - | 0% | 18 | - | - | 0% | 18 |
| USF Holland International Sales Corporation | - | - | 0% | - | - | - | 0% | - |
| USF Holland LLC | 52,850 | 52,850 | 100% | 38,313 | 7,673 | 7,673 | 100% | 30,640 |
| USF Reddaway Inc. | 19,059 | 19,059 | 100% | 33,525 | 4,340 | 4,340 | 100% | 29,184 |
| USF Redstar LLC | - | - | 0% | 254 | - | - | 0% | 254 |
| Yellow Corporation | 3,360 | 3,360 | 100% | 2,264 | 2,264 | 2,264 | 100% | - |
| Yellow Freight Corporation | 6 | 6 | 100% | 318 | 318 | 318 | 100% | - |
| Yellow Logistics, Inc. | 300 | 300 | 100% | 3,429 | 3,429 | 3,429 | 100% | - |
| YRC Association Solutions, Inc. | - | - | 0% | 8 | - | - | 0% | 8 |
| YRC Enterprise Services, Inc. | 4,794 | 4,794 | 100% | 1,159 | 1,159 | 1,159 | 100% | - |
| YRC Freight Canada Company | 1,869 | 1,869 | 100% | 693 | 693 | 693 | 100% | - |
| YRC Inc. | 153,013 | 153,013 | 100% | 182,943 | 23,175 | 23,175 | 100% | 159,768 |
| YRC International Investments, Inc. | - | - | 0% | 246 | - | - | 0% | 246 |
| YRC Logistics Inc. | - | - | 0% | 16 | 16 | 16 | 100% | - |
| YRC Logistics Services, Inc. | - | - | 0% | 14 | 6 | 6 | 100% | 9 |
| YRC Mortgages, LLC | - | - | 0% | - | - | - | 0% | - |
| YRC Regional Transportation, Inc. | 24 | 24 | 100% | 3,738 | - | - | 0% | 3,738 |
| **Total Recovery on a by Entity Basis** | **$ 243,394** | **$ 243,394** | **100%** | **$ 356,606** | **$ 45,486** | **$ 45,486** | **100%** | **$ 311,119** |

| ($ in 000s) | Unsecured Class Claims J&S Claim $ | J&S Recovery $ | J&S Recovery % | Other Claims $ | Other Claim Recovery $ | Other Claim Recovery % | Total Claims | Total Recovery $ | Recovery % | Remaining Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 1105481 Ontario Inc. | $ 1,288,903 | $ 0 | 0.0% | $ 235 | $ 0 | 0.0% | $ 1,289,138 | $ 0 | 0.0% | - |
| Express Lane Service, Inc. | 1,288,903 | 0 | 0.0% | 235 | 0 | 0.0% | 1,289,138 | 0 | 0.0% | - |
| New Penn Motor Express LLC | 1,288,903 | 28,689 | 2.2% | 12,784 | 285 | 2.2% | 1,301,687 | 28,973 | 2.2% | - |
| Roadway Express International, Inc. | 1,288,903 | - | 0.0% | 1,582 | - | 0.0% | 1,290,485 | - | 0.0% | - |
| Roadway LLC | 1,288,903 | 58,263 | 4.5% | 393 | 18 | 4.5% | 1,289,296 | 58,281 | 4.5% | - |
| Roadway Next Day Corporation | 1,288,903 | - | 0.0% | 235 | - | 0.0% | 1,289,138 | - | 0.0% | - |
| USF Bestway Inc. | 1,288,903 | - | 0.0% | 232 | - | 0.0% | 1,289,135 | - | 0.0% | - |
| USF Dugan Inc. | 1,288,903 | 18 | 0.0% | 235 | 0 | 0.0% | 1,289,138 | 18 | 0.0% | - |
| USF Holland International Sales Corporation | 1,288,903 | - | 0.0% | 291 | - | 0.0% | 1,289,194 | - | 0.0% | - |
| USF Holland LLC | 1,288,903 | 29,612 | 2.3% | 44,740 | 1,028 | 2.3% | 1,333,642 | 30,640 | 2.3% | - |
| USF Reddaway Inc. | 1,288,903 | 28,701 | 2.2% | 21,711 | 483 | 2.2% | 1,310,614 | 29,184 | 2.2% | - |
| USF Redstar LLC | 1,288,903 | 254 | 0.0% | 250 | 0 | 0.0% | 1,289,153 | 254 | 0.0% | - |
| Yellow Corporation | 1,288,903 | - | 0.0% | 69,935 | - | 0.0% | 1,358,838 | - | 0.0% | - |
| Yellow Freight Corporation | 1,288,903 | - | 0.0% | 2,311 | - | 0.0% | 1,291,214 | - | 0.0% | - |
| Yellow Logistics, Inc. | 1,288,903 | - | 0.0% | 12,164 | - | 0.0% | 1,301,067 | - | 0.0% | - |
| YRC Association Solutions, Inc. | 1,288,903 | 8 | 0.0% | 235 | 0 | 0.0% | 1,289,138 | 8 | 0.0% | - |
| YRC Enterprise Services, Inc. | 1,288,903 | - | 0.0% | 28,458 | - | 0.0% | 1,317,361 | - | 0.0% | - |
| YRC Freight Canada Company | 1,288,903 | - | 0.0% | 15,538 | - | 0.0% | 1,304,441 | - | 0.0% | - |
| YRC Inc. | 1,288,903 | 141,925 | 11.0% | 162,045 | 17,843 | 11.0% | 1,450,948 | 159,768 | 11.0% | - |
| YRC International Investments, Inc. | 1,288,903 | 246 | 0.0% | 235 | 0 | 0.0% | 1,289,138 | 246 | 0.0% | - |
| YRC Logistics Inc. | 1,288,903 | - | 0.0% | 242 | - | 0.0% | 1,289,145 | - | 0.0% | - |
| YRC Logistics Services, Inc. | 1,288,903 | 9 | 0.0% | 499 | 0 | 0.0% | 1,289,402 | 9 | 0.0% | - |
| YRC Mortgages, LLC | 1,288,903 | - | 0.0% | 235 | - | 0.0% | 1,289,138 | - | 0.0% | - |
| YRC Regional Transportation, Inc. | 1,288,903 | 3,737 | 0.3% | 263 | 1 | 0.3% | 1,289,166 | 3,738 | 0.3% | - |
| **Total Recovery on a by Entity Basis** | **$ 1,288,903** | **$ 291,461** | **22.6%** | **$ 375,086** | **$ 19,658** | **5.2%** | **$ 1,663,989** | **$ 311,119** | **18.7%** | **-** |

**Claim Assumptions Overview:**

| Claim | Amount |
|---|---|
| Unclassified Claim: | |
| 503(b)(9) Claims | 5,000 |
| Priority Tax Claims | 12,000 |
| **Total Unclassified Claims** | **$ 17,000** |
| Priority Claims (Class 3): | |
| WARN Act Wage Claims | 63,000 |
| Deferred Prepetition MEPP and H&W Fund Contr | 100,776 |
| Accrued Vacation/PTO Claims | 38,909 |
| Accrued Sick Pay Claims | 12,539 |
| WARN Litigation / Settlement | 1,200 |
| Other Priority Employee Claims | 9,970 |
| **Total Priority Claims** | **$ 226,394** |
| Employee Claims (Class 4A): | |
| Accrued Vacation/PTO Claims | 32,867 |
| Other Employee Claims | - |
| **Total Employee Class Claims** | **$ 32,867** |
| Convenience Class Claims (Class 4B): | |
| AP Claims | 10,470 |
| Customer Claims | 2,022 |
| Other Unsecured Claims | 126 |
| **Total Convenience Class Claims** | **$ 12,619** |
| General Unsecured Claims (Class 5): | |
| AP Claims | 112,630 |
| Preference Claims | 50,000 |
| Customer Claims | 35,790 |
| Property Contract Rejection Damages | 64,130 |
| Rolling Stock Contract Rejection Damages | 31,287 |
| Other Contract Rejection Damages | 19,971 |
| WARN Act Wage Claims | 23 |
| Accrued Vacation/PTO Claims | 2,039 |
| Accrued Sick Pay Claims | - |
| Deferred Prepetition MEPP and H&W Fund Contr. | 4,994 |
| Contingency | - |
| DOJ/EPA Claims | 10,000 |
| Other Legal/Litigation Claims | 37,448 |
| Other GUCs | 6,775 |
| **Non-J&S Unsecured Claims** | **375,086** |
| MEPP Fund Withdrawal Liabilities | 908,903 |
| PBGC Termination & Related | 180,000 |
| Insurance Deficiency Claims | 200,000 |
| **J&S Unsecured Claims** | **1,288,903** |
| **Total General Unsecured Class Claims** | **$ 1,663,989** |

DRAFT - SUBJECT TO CHANGE

Chapter 11 Yellow - Recovery by Legal Entity (Low - Plan Recovery Claim Scenario with High Chapter 11 ($700M) Dist. Value)

| ($ in 000s) | Net Dist. Value | Admin & Priority Deficiency Transfer | Convenience Deficiency Transfer | Admin IC Recovery | Unsecured IC Recovery | Net Dist. Value incl. I/C, Equity Recov. |
|---|---|---|---|---|---|---|
| 1105481 Ontario Inc. | - | - | - | $ 0 | - | $ 0 |
| Express Lane Service, Inc. | - | - | - | 0 | - | 0 |
| New Penn Motor Express LLC | - | - | - | 44,772 | (4,624) | 40,148 |
| Roadway Express International, Inc. | - | - | 10 | 15 | 0 | 25 |
| Roadway LLC | 4,704 | - | - | (1,048) | 106,160 | 109,815 |
| Roadway Next Day Corporation | - | - | - | - | - | - |
| USF Bestway Inc. | - | 0 | 0 | (1) | - | 0 |
| USF Dugan Inc. | - | - | - | 18 | 0 | 18 |
| USF Holland International Sales Corporation | - | - | - | - | - | - |
| USF Holland LLC | - | - | - | 99,848 | (31) | 99,817 |
| USF Reddaway Inc. | 3,990 | - | - | 56,195 | (136) | 60,050 |
| USF Redstar LLC | - | - | - | 259 | (0) | 259 |
| Yellow Corporation | 611,861 | (4,502) | (2,695) | (610,034) | 9,634 | 4,264 |
| Yellow Freight Corporation | - | 69 | 252 | - | - | 321 |
| Yellow Logistics, Inc. | - | - | 1,402 | 2,277 | 0 | 3,679 |
| YRC Association Solutions, Inc. | - | - | - | 8 | - | 8 |
| YRC Enterprise Services, Inc. | - | 4,432 | 1,012 | (4,585) | 4,490 | 5,349 |
| YRC Freight Canada Company | 9,819 | - | - | (7,529) | 3 | 2,293 |
| YRC Inc. | 69,627 | - | - | 415,711 | (115,495) | 369,842 |
| YRC International Investments, Inc. | - | - | - | 251 | - | 251 |
| YRC Logistics Inc. | - | - | 18 | (11) | - | 7 |
| YRC Logistics Services, Inc. | - | - | - | 15 | - | 15 |
| YRC Mortgages, LLC | - | - | - | - | - | - |
| YRC Regional Transportation, Inc. | - | - | - | 3,838 | 0 | 3,839 |
| **Total Recovery on a by Entity Basis** | **$ 700,000** | **-** | **-** | **-** | **-** | **$ 700,000** |

| ($ in 000s) | Admin & Priority | | | | Convenience Class Claims | | | |
|---|---|---|---|---|---|---|---|---|
| | Claims $ | Recovery $ | Recovery % | Remaining Value | Claims $ | Recovery $ | Recovery % | Remaining Value |
| 1105481 Ontario Inc. | - | - | 0% | - | - | - | 0% | - |
| Express Lane Service, Inc. | - | - | 0% | 0 | - | - | 0% | 0 |
| New Penn Motor Express LLC | 4,420 | 4,420 | 100% | 35,728 | 2,344 | 2,344 | 100% | 33,384 |
| Roadway Express International, Inc. | - | - | 0% | 25 | 25 | 25 | 100% | - |
| Roadway LLC | - | - | 0% | 109,815 | 38 | 38 | 100% | 109,778 |
| Roadway Next Day Corporation | - | - | 0% | - | - | - | 0% | - |
| USF Bestway Inc. | 0 | 0 | 100% | - | - | - | 0% | - |
| USF Dugan Inc. | - | - | 0% | 18 | - | - | 0% | 18 |
| USF Holland International Sales Corporation | - | - | 0% | - | - | - | 0% | - |
| USF Holland LLC | 29,733 | 29,733 | 100% | 70,084 | 7,669 | 7,669 | 100% | 62,415 |
| USF Reddaway Inc. | 10,963 | 10,963 | 100% | 49,087 | 4,340 | 4,340 | 100% | 44,747 |
| USF Redstar LLC | - | - | 0% | 259 | - | - | 0% | 259 |
| Yellow Corporation | 2,023 | 2,023 | 100% | 2,241 | 2,241 | 2,241 | 100% | - |
| Yellow Freight Corporation | 4 | 4 | 100% | 318 | 318 | 318 | 100% | - |
| Yellow Logistics, Inc. | 251 | 251 | 100% | 3,429 | 3,429 | 3,429 | 100% | - |
| YRC Association Solutions, Inc. | - | - | 0% | 8 | - | - | 0% | 8 |
| YRC Enterprise Services, Inc. | 4,189 | 4,189 | 100% | 1,159 | 1,159 | 1,159 | 100% | - |
| YRC Freight Canada Company | 1,634 | 1,634 | 100% | 658 | 658 | 658 | 100% | - |
| YRC Inc. | 85,335 | 85,335 | 100% | 284,507 | 23,147 | 23,147 | 100% | 261,360 |
| YRC International Investments, Inc. | - | - | 0% | 251 | - | - | 0% | 251 |
| YRC Logistics Inc. | - | - | 0% | 7 | 7 | 7 | 100% | - |
| YRC Logistics Services, Inc. | - | - | 0% | 15 | 6 | 6 | 100% | 9 |
| YRC Mortgages, LLC | - | - | 0% | - | - | - | 0% | - |
| YRC Regional Transportation, Inc. | 8 | 8 | 100% | 3,831 | - | - | 0% | 3,831 |
| **Total Recovery on a by Entity Basis** | **$ 138,561** | **$ 138,561** | **100%** | **$ 561,439** | **$ 45,380** | **$ 45,380** | **100%** | **$ 516,059** |

| ($ in 000s) | Unsecured Class Claims | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | J&S Claim $ | J&S Recovery $ | J&S Recovery % | Other Claims $ | Other Claim Recovery $ | Other Claim Recovery % | Total Claims | Total Recovery $ | Recovery % | Remaining Value |
| 1105481 Ontario Inc. | $ 1,088,903 | $ 0 | 0.0% | - | - | 0.0% | $ 1,088,903 | $ 0 | 0.0% | - |
| Express Lane Service, Inc. | 1,088,903 | 0 | 0.0% | - | - | 0.0% | 1,088,903 | 0 | 0.0% | - |
| New Penn Motor Express LLC | 1,088,903 | 33,283 | 3.1% | 3,320 | 101 | 3.1% | 1,092,223 | 33,384 | 3.1% | - |
| Roadway Express International, Inc. | 1,088,903 | - | 0.0% | 692 | - | 0.0% | 1,089,595 | - | 0.0% | - |
| Roadway LLC | 1,088,903 | 109,772 | 10.1% | 54 | 5 | 10.1% | 1,088,957 | 109,778 | 10.1% | - |
| Roadway Next Day Corporation | 1,088,903 | - | 0.0% | - | - | 0.0% | 1,088,903 | - | 0.0% | - |
| USF Bestway Inc. | 1,088,903 | - | 0.0% | - | - | 0.0% | 1,088,903 | - | 0.0% | - |
| USF Dugan Inc. | 1,088,903 | 18 | 0.0% | - | - | 0.0% | 1,088,903 | 18 | 0.0% | - |
| USF Holland International Sales Corporation | 1,088,903 | - | 0.0% | 44 | - | 0.0% | 1,088,947 | - | 0.0% | - |
| USF Holland LLC | 1,088,903 | 61,139 | 5.6% | 22,739 | 1,277 | 5.6% | 1,111,642 | 62,415 | 5.6% | - |
| USF Reddaway Inc. | 1,088,903 | 44,342 | 4.1% | 9,950 | 405 | 4.1% | 1,098,853 | 44,747 | 4.1% | - |
| USF Redstar LLC | 1,088,903 | 259 | 0.0% | 12 | 0 | 0.0% | 1,088,915 | 259 | 0.0% | - |
| Yellow Corporation | 1,088,903 | - | 0.0% | 29,639 | - | 0.0% | 1,118,542 | - | 0.0% | - |
| Yellow Freight Corporation | 1,088,903 | - | 0.0% | 973 | - | 0.0% | 1,089,876 | - | 0.0% | - |
| Yellow Logistics, Inc. | 1,088,903 | - | 0.0% | 7,385 | - | 0.0% | 1,096,288 | - | 0.0% | - |
| YRC Association Solutions, Inc. | 1,088,903 | 8 | 0.0% | - | - | 0.0% | 1,088,903 | 8 | 0.0% | - |
| YRC Enterprise Services, Inc. | 1,088,903 | - | 0.0% | 10,426 | - | 0.0% | 1,099,328 | - | 0.0% | - |
| YRC Freight Canada Company | 1,088,903 | - | 0.0% | 9,698 | - | 0.0% | 1,098,601 | - | 0.0% | - |
| YRC Inc. | 1,088,903 | 239,667 | 22.0% | 98,557 | 21,692 | 22.0% | 1,187,460 | 261,360 | 22.0% | - |
| YRC International Investments, Inc. | 1,088,903 | 251 | 0.0% | - | - | 0.0% | 1,088,903 | 251 | 0.0% | - |
| YRC Logistics Inc. | 1,088,903 | - | 0.0% | - | - | 0.0% | 1,088,903 | - | 0.0% | - |
| YRC Logistics Services, Inc. | 1,088,903 | 9 | 0.0% | 209 | 0 | 0.0% | 1,089,112 | 9 | 0.0% | - |
| YRC Mortgages, LLC | 1,088,903 | - | 0.0% | - | - | 0.0% | 1,088,903 | - | 0.0% | - |
| YRC Regional Transportation, Inc. | 1,088,903 | 3,831 | 0.4% | 19 | 0 | 0.4% | 1,088,921 | 3,831 | 0.4% | - |
| **Total Recovery on a by Entity Basis** | **$ 1,088,903** | **$ 492,578** | **45.2%** | **$ 193,718** | **$ 23,481** | **12.1%** | **$ 1,282,621** | **$ 516,059** | **40.2%** | **-** |

**Claim Assumptions Overview:**

| Claim | Amount |
|---|---|
| Unclassified Claim: | |
| 503(b)(9) Claims | 3,000 |
| Priority Tax Claims | 4,000 |
| **Total Unclassified Claims** | **$ 7,000** |
| Priority Claims (Class 3): | |
| WARN Act Wage Claims | - |
| Deferred Prepetition MEPP and H&W Fund Contr | 84,700 |
| Accrued Vacation/PTO Claims | 38,909 |
| Accrued Sick Pay Claims | 5,753 |
| WARN Litigation / Settlement | 1,200 |
| Other Priority Employee Claims | 999 |
| **Total Priority Claims** | **$ 131,561** |
| Employee Claims (Class 4A): | |
| Accrued Vacation/PTO Claims | 32,867 |
| Other Employee Claims | - |
| **Total Employee Class Claims** | **$ 32,867** |
| Convenience Class Claims (Class 4B): | |
| AP Claims | 10,470 |
| Customer Claims | 1,983 |
| Other Unsecured Claims | 59 |
| **Total Convenience Class Claims** | **$ 12,513** |
| General Unsecured Claims (Class 5): | |
| AP Claims | 92,630 |
| Preference Claims | 35,000 |
| Customer Claims | 10,117 |
| Property Contract Rejection Damages | 33,998 |
| Rolling Stock Contract Rejection Damages | 10,367 |
| Other Contract Rejection Damages | 4,971 |
| WARN Act Wage Claims | - |
| Accrued Vacation/PTO Claims | 2,039 |
| Accrued Sick Pay Claims | - |
| Deferred Prepetition MEPP and H&W Fund Contr. | 2 |
| Contingency | - |
| DOJ/EPA Claims | - |
| Other Legal/Litigation Claims | - |
| Other GUCs | 4,575 |
| **Non-J&S Unsecured Claims** | **193,718** |
| MEPP Fund Withdrawal Liabilities | 908,903 |
| PBGC Termination & Related | 180,000 |
| Insurance Deficiency Claims | - |
| **J&S Unsecured Claims** | **1,088,903** |
| **Total General Unsecured Class Claims** | **$ 1,282,621** |

DRAFT - SUBJECT TO CHANGE

Chapter 7 Yellow - Recovery by Legal Entity (High - Plan Recovery Claim Scenario with Low Chapter 7 ($600M) Dist. Value)

| | | | | | | | Admin & Priority | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ($ in 000s) | Net Dist. Value | Admin & Priority Deficiency Transfer | Convenience Deficiency Transfer | Admin IC Recovery | Unsecured IC Recovery | Net Dist. Value incl. I/C, Equity Recov. | Claims $ | Recovery $ | Recovery % | Remaining Value |
| 1105481 Ontario Inc. | - | - | - | $ 0 | - | $ 0 | - | - | 0% | - |
| Express Lane Service, Inc. | - | - | - | 0 | - | 0 | - | - | 0% | 0 |
| New Penn Motor Express LLC | - | - | - | 41,064 | (3,009) | 38,054 | 8,120 | 8,120 | 100% | 29,934 |
| Roadway Express International, Inc. | - | - | - | 15 | (0) | 15 | - | - | 0% | 15 |
| Roadway LLC | 4,421 | - | - | (1,048) | 50,627 | 54,000 | - | - | 0% | 54,000 |
| Roadway Next Day Corporation | - | - | - | - | - | - | - | - | 0% | - |
| USF Bestway Inc. | - | - | - | - | - | - | 1 | - | 0% | - |
| USF Dugan Inc. | - | - | - | 17 | 0 | 17 | - | - | 0% | 17 |
| USF Holland International Sales Corporation | - | - | - | - | - | - | - | - | 0% | - |
| USF Holland LLC | - | - | - | 87,171 | 9 | 87,180 | 52,850 | 52,850 | 100% | 34,330 |
| USF Reddaway Inc. | - | - | - | 50,674 | (69) | 50,606 | 19,059 | 19,059 | 100% | 31,547 |
| USF Redstar LLC | - | - | - | 245 | (0) | 245 | - | - | 0% | 245 |
| Yellow Corporation | 555,821 | - | - | (558,458) | 3,459 | 822 | 3,360 | 822 | 24% | - |
| Yellow Freight Corporation | - | - | - | - | - | - | 6 | - | 0% | - |
| Yellow Logistics, Inc. | - | - | - | 1,339 | (1) | 1,337 | 300 | 300 | 100% | 1,038 |
| YRC Association Solutions, Inc. | - | - | - | 7 | - | 7 | - | - | 0% | 7 |
| YRC Enterprise Services, Inc. | - | - | - | (1,468) | 2,054 | 586 | 4,794 | 586 | 12% | - |
| YRC Freight Canada Company | 3,758 | - | - | (2,839) | 2 | 921 | 1,869 | 921 | 49% | - |
| YRC Inc. | - | - | - | 379,419 | (53,071) | 326,348 | 153,013 | 153,013 | 100% | 173,336 |
| YRC International Investments, Inc. | - | - | - | 236 | - | 236 | - | - | 0% | 236 |
| YRC Logistics Inc. | - | - | - | - | - | - | - | - | 0% | - |
| YRC Logistics Services, Inc. | - | - | - | 14 | - | 14 | - | - | 0% | 14 |
| YRC Mortgages, LLC | - | - | - | - | - | - | - | - | 0% | - |
| YRC Regional Transportation, Inc. | - | - | - | 3,612 | 0 | 3,612 | 24 | 24 | 100% | 3,589 |
| **Total Recovery on a by Entity Basis** | **$ 564,000** | **-** | **-** | **-** | **-** | **$ 564,000** | **$ 243,394** | **$ 235,693** | **97%** | **$ 328,307** |

| | Convenience Class Claims | | | | Unsecured Class Claims | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ($ in 000s) | Claims $ | Recovery $ | Recovery % | Remaining Value | J&S Claim $ | J&S Recovery $ | J&S Recovery % | Other Claims $ | Other Claim Recovery $ | Other Claim Recovery % | Total Claims | Total Recovery $ | Recovery % | Remaining Value |
| 1105481 Ontario Inc. | - | - | 0% | - | $ 1,491,542 | $ 0 | 0.0% | $ 282 | $ 0 | 0.0% | $ 1,491,824 | $ 0 | 0.0% | - |
| Express Lane Service, Inc. | - | - | 0% | 0 | 1,491,542 | 0 | 0.0% | 282 | 0 | 0.0% | 1,491,824 | 0 | 0.0% | - |
| New Penn Motor Express LLC | - | - | 0% | 29,934 | 1,491,542 | 29,574 | 2.0% | 18,153 | 360 | 2.0% | 1,509,695 | 29,934 | 2.0% | - |
| Roadway Express International, Inc. | - | - | 0% | 15 | 1,491,542 | 15 | 0.0% | 1,931 | 0 | 0.0% | 1,493,473 | 15 | 0.0% | - |
| Roadway LLC | - | - | 0% | 54,000 | 1,491,542 | 53,981 | 3.6% | 520 | 19 | 3.6% | 1,492,062 | 54,000 | 3.6% | - |
| Roadway Next Day Corporation | - | - | 0% | - | 1,491,542 | - | 0.0% | 282 | - | 0.0% | 1,491,824 | - | 0.0% | - |
| USF Bestway Inc. | - | - | 0% | - | 1,491,542 | - | 0.0% | 282 | - | 0.0% | 1,491,824 | - | 0.0% | - |
| USF Dugan Inc. | - | - | 0% | 17 | 1,491,542 | 17 | 0.0% | 282 | 0 | 0.0% | 1,491,824 | 17 | 0.0% | - |
| USF Holland International Sales Corporation | - | - | 0% | - | 1,491,542 | - | 0.0% | 349 | - | 0.0% | 1,491,891 | - | 0.0% | - |
| USF Holland LLC | - | - | 0% | 34,330 | 1,491,542 | 32,941 | 2.2% | 62,895 | 1,389 | 2.2% | 1,554,437 | 34,330 | 2.2% | - |
| USF Reddaway Inc. | - | - | 0% | 31,547 | 1,491,542 | 30,899 | 2.1% | 31,261 | 648 | 2.1% | 1,522,803 | 31,547 | 2.1% | - |
| USF Redstar LLC | - | - | 0% | 245 | 1,491,542 | 245 | 0.0% | 301 | 0 | 0.0% | 1,491,842 | 245 | 0.0% | - |
| Yellow Corporation | - | - | 0% | - | 1,491,542 | - | 0.0% | 86,639 | - | 0.0% | 1,578,181 | - | 0.0% | - |
| Yellow Freight Corporation | - | - | 0% | - | 1,491,542 | - | 0.0% | 3,155 | - | 0.0% | 1,494,696 | - | 0.0% | - |
| Yellow Logistics, Inc. | - | - | 0% | 1,038 | 1,491,542 | 1,025 | 0.1% | 18,712 | 13 | 0.1% | 1,510,253 | 1,038 | 0.1% | - |
| YRC Association Solutions, Inc. | - | - | 0% | 7 | 1,491,542 | 7 | 0.0% | 282 | 0 | 0.0% | 1,491,824 | 7 | 0.0% | - |
| YRC Enterprise Services, Inc. | - | - | 0% | - | 1,491,542 | - | 0.0% | 35,541 | - | 0.0% | 1,527,083 | - | 0.0% | - |
| YRC Freight Canada Company | - | - | 0% | - | 1,491,542 | - | 0.0% | 19,477 | - | 0.0% | 1,511,018 | - | 0.0% | - |
| YRC Inc. | - | - | 0% | 173,336 | 1,491,542 | 150,856 | 10.1% | 222,264 | 22,480 | 10.1% | 1,713,806 | 173,336 | 10.1% | - |
| YRC International Investments, Inc. | - | - | 0% | 236 | 1,491,542 | 236 | 0.0% | 282 | 0 | 0.0% | 1,491,824 | 236 | 0.0% | - |
| YRC Logistics Inc. | - | - | 0% | - | 1,491,542 | - | 0.0% | 310 | - | 0.0% | 1,491,852 | - | 0.0% | - |
| YRC Logistics Services, Inc. | - | - | 0% | 14 | 1,491,542 | 14 | 0.0% | 606 | 0 | 0.0% | 1,492,148 | 14 | 0.0% | - |
| YRC Mortgages, LLC | - | - | 0% | - | 1,491,542 | - | 0.0% | 282 | - | 0.0% | 1,491,824 | - | 0.0% | - |
| YRC Regional Transportation, Inc. | - | - | 0% | 3,589 | 1,491,542 | 3,588 | 0.2% | 315 | 1 | 0.2% | 1,491,857 | 3,589 | 0.2% | - |
| **Total Recovery on a by Entity Basis** | **-** | **-** | **0%** | **$ 328,307** | **$ 1,491,542** | **$ 303,398** | **20.3%** | **$ 504,687** | **$ 24,909** | **4.9%** | **$ 1,996,229** | **$ 328,307** | **16.4%** | **-** |

**Step 1 Assumptions:** Assumes all entities convert their chapter 11 cases to chapter 7. A 3% trustee fee and 3% incremental professional cost is assessed to each debtor based on distributable value. Each debtor has a recovery that is less than what they receive in chapter 11 except for Roadway Express International, Inc., Yellow Logistics, Inc., and YRC Logistics Services Inc. Accordingly, a second step was preformed analyzing the results of a chapter 7 conversion at these three entities individually.

DRAFT - SUBJECT TO CHANGE

**Chapter 7 Yellow - Recovery by Legal Entity (Low - Plan Recovery Claim Scenario with High Chapter 7 ($700M) Dist. Value)**

| ($ in 000s) | Net Dist. Value | Admin & Priority Deficiency Transfer | Convenience Deficiency Transfer | Admin IC Recovery | Unsecured IC Recovery | Net Dist. Value incl. I/C, Equity Recov. | Admin & Priority: Claims $ | Admin & Priority: Recovery $ | Admin & Priority: Recovery % | Admin & Priority: Remaining Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 1105481 Ontario Inc. | - | - | - | $ 0 | - | $ 0 | - | - | 0% | - |
| Express Lane Service, Inc. | - | - | - | 0 | - | 0 | - | - | 0% | 0 |
| New Penn Motor Express LLC | - | - | - | 42,627 | (3,987) | 38,640 | 4,420 | 4,420 | 100% | 34,220 |
| Roadway Express International, Inc. | - | - | - | 15 | (0) | 15 | - | - | 0% | 15 |
| Roadway LLC | 4,421 | - | - | (1,048) | 93,966 | 97,340 | - | - | 0% | 97,340 |
| Roadway Next Day Corporation | - | - | - | - | - | - | - | - | 0% | - |
| USF Bestway Inc. | - | - | - | - | - | - | 0 | - | 0% | - |
| USF Dugan Inc. | - | - | - | 17 | 0 | 17 | - | - | 0% | 17 |
| USF Holland International Sales Corporation | - | - | - | - | - | - | - | - | 0% | - |
| USF Holland LLC | - | - | - | 94,767 | (26) | 94,740 | 29,733 | 29,733 | 100% | 65,007 |
| USF Reddaway Inc. | 3,751 | - | - | 53,663 | (118) | 57,296 | 10,963 | 10,963 | 100% | 46,333 |
| USF Redstar LLC | - | - | - | 248 | (0) | 248 | - | - | 0% | 248 |
| Yellow Corporation | 575,149 | - | - | (581,849) | 7,202 | 502 | 2,023 | 502 | 25% | - |
| Yellow Freight Corporation | - | - | - | - | - | - | 4 | - | 0% | - |
| Yellow Logistics, Inc. | - | - | - | 1,401 | (2) | 1,399 | 251 | 251 | 100% | 1,148 |
| YRC Association Solutions, Inc. | - | - | - | 7 | - | 7 | - | - | 0% | 7 |
| YRC Enterprise Services, Inc. | - | - | - | (3,234) | 3,923 | 689 | 4,189 | 689 | 16% | - |
| YRC Freight Canada Company | 9,230 | - | - | (7,975) | 2 | 1,257 | 1,634 | 1,257 | 77% | - |
| YRC Inc. | 65,449 | - | - | 397,446 | (100,961) | 361,933 | 85,335 | 85,335 | 100% | 276,598 |
| YRC International Investments, Inc. | - | - | - | 239 | - | 239 | - | - | 0% | 239 |
| YRC Logistics Inc. | - | - | - | - | - | - | - | - | 0% | - |
| YRC Logistics Services, Inc. | - | - | - | 14 | - | 14 | - | - | 0% | 14 |
| YRC Mortgages, LLC | - | - | - | - | - | - | - | - | 0% | - |
| YRC Regional Transportation, Inc. | - | - | - | 3,663 | 0 | 3,663 | 8 | 8 | 100% | 3,655 |
| **Total Recovery on a by Entity Basis** | **$ 658,000** | **-** | **-** | **-** | **-** | **$ 658,000** | **$ 138,561** | **$ 133,158** | **96%** | **$ 524,842** |

| ($ in 000s) | Convenience Class Claims: Claims $ | Convenience Class Claims: Recovery $ | Convenience Class Claims: Recovery % | Convenience Class Claims: Remaining Value | Unsecured Class Claims: J&S Claim $ | J&S Recovery $ | J&S Recovery % | Other Claims $ | Other Claim Recovery $ | Other Claim Recovery % | Total Claims | Total Recovery $ | Recovery % | Remaining Value |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1105481 Ontario Inc. | - | - | 0% | - | $ 1,291,542 | $ 0 | 0.0% | - | - | 0.0% | $ 1,291,542 | $ 0 | 0.0% | - |
| Express Lane Service, Inc. | - | - | 0% | 0 | 1,291,542 | 0 | 0.0% | - | - | 0.0% | 1,291,542 | 0 | 0.0% | - |
| New Penn Motor Express LLC | - | - | 0% | 34,220 | 1,291,542 | 34,041 | 2.6% | 6,796 | 179 | 2.6% | 1,298,338 | 34,220 | 2.6% | - |
| Roadway Express International, Inc. | - | - | 0% | 15 | 1,291,542 | 15 | 0.0% | 861 | 0 | 0.0% | 1,292,402 | 15 | 0.0% | - |
| Roadway LLC | - | - | 0% | 97,340 | 1,291,542 | 97,331 | 7.5% | 111 | 8 | 7.5% | 1,291,652 | 97,340 | 7.5% | - |
| Roadway Next Day Corporation | - | - | 0% | - | 1,291,542 | - | 0.0% | - | - | 0.0% | 1,291,542 | - | 0.0% | - |
| USF Bestway Inc. | - | - | 0% | - | 1,291,542 | - | 0.0% | - | - | 0.0% | 1,291,542 | - | 0.0% | - |
| USF Dugan Inc. | - | - | 0% | 17 | 1,291,542 | 17 | 0.0% | - | - | 0.0% | 1,291,542 | 17 | 0.0% | - |
| USF Holland International Sales Corporation | - | - | 0% | - | 1,291,542 | - | 0.0% | 53 | - | 0.0% | 1,291,595 | - | 0.0% | - |
| USF Holland LLC | - | - | 0% | 65,007 | 1,291,542 | 63,221 | 4.9% | 36,489 | 1,786 | 4.9% | 1,328,031 | 65,007 | 4.9% | - |
| USF Reddaway Inc. | - | - | 0% | 46,333 | 1,291,542 | 45,726 | 3.5% | 17,149 | 607 | 3.5% | 1,308,691 | 46,333 | 3.5% | - |
| USF Redstar LLC | - | - | 0% | 248 | 1,291,542 | 248 | 0.0% | 14 | 0 | 0.0% | 1,291,556 | 248 | 0.0% | - |
| Yellow Corporation | - | - | 0% | - | 1,291,542 | - | 0.0% | 38,256 | - | 0.0% | 1,329,798 | - | 0.0% | - |
| Yellow Freight Corporation | - | - | 0% | - | 1,291,542 | - | 0.0% | 1,549 | - | 0.0% | 1,293,091 | - | 0.0% | - |
| Yellow Logistics, Inc. | - | - | 0% | 1,148 | 1,291,542 | 1,137 | 0.1% | 12,976 | 11 | 0.1% | 1,304,518 | 1,148 | 0.1% | - |
| YRC Association Solutions, Inc. | - | - | 0% | 7 | 1,291,542 | 7 | 0.0% | - | - | 0.0% | 1,291,542 | 7 | 0.0% | - |
| YRC Enterprise Services, Inc. | - | - | 0% | - | 1,291,542 | - | 0.0% | 13,902 | - | 0.0% | 1,305,444 | - | 0.0% | - |
| YRC Freight Canada Company | - | - | 0% | - | 1,291,542 | - | 0.0% | 12,427 | - | 0.0% | 1,303,969 | - | 0.0% | - |
| YRC Inc. | - | - | 0% | 276,598 | 1,291,542 | 248,498 | 19.2% | 146,045 | 28,100 | 19.2% | 1,437,587 | 276,598 | 19.2% | - |
| YRC International Investments, Inc. | - | - | 0% | 239 | 1,291,542 | 239 | 0.0% | - | - | 0.0% | 1,291,542 | 239 | 0.0% | - |
| YRC Logistics Inc. | - | - | 0% | - | 1,291,542 | - | 0.0% | 9 | - | 0.0% | 1,291,551 | - | 0.0% | - |
| YRC Logistics Services, Inc. | - | - | 0% | 14 | 1,291,542 | 14 | 0.0% | 258 | 0 | 0.0% | 1,291,800 | 14 | 0.0% | - |
| YRC Mortgages, LLC | - | - | 0% | - | 1,291,542 | - | 0.0% | - | - | 0.0% | 1,291,542 | - | 0.0% | - |
| YRC Regional Transportation, Inc. | - | - | 0% | 3,655 | 1,291,542 | 3,655 | 0.3% | 22 | 0 | 0.3% | 1,291,564 | 3,655 | 0.3% | - |
| **Total Recovery on a by Entity Basis** | **-** | **-** | **0%** | **$ 524,842** | **$ 1,291,542** | **$ 494,150** | **38.3%** | **$ 286,918** | **$ 30,692** | **10.7%** | **$ 1,578,460** | **$ 524,842** | **33.3%** | **-** |

**Step 1 Assumptions:** Assumes all entities convert their chapter 11 cases to chapter 7. A 3% trustee fee and 3% incremental professional cost is assessed to each debtor based on distributable value. Each debtor has a recovery that is less than what they receive in chapter 11 except for Roadway Express International, Inc., Yellow Logistics, Inc., and YRC Logistics Services Inc. Accordingly, a second step was preformed analyzing the results of a chapter 7 conversion at these three entities individually.

DRAFT - SUBJECT TO CHANGE

**Partial Chapter 7 Yellow - Recovery by Legal Entity (High - Plan Recovery Claim Scenario with Low Partial Chapter 7 ($600M) Dist. Value)**

| | | | | | | | Admin & Priority | | | | Convenience Class Claims | | | | Unsecured Class Claims | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ($ in 000s) | Net Dist. Value | Admin & Priority Deficiency Transfer | Convenience Deficiency Transfer | Admin IC Recovery | Unsecured IC Recovery | Net Dist. Value incl. I/C, Equity Recov. | Claims $ | Recovery $ | Recovery % | Remaining Value | Claims $ | Recovery $ | Recovery % | Remaining Value | J&S Claim $ | J&S Recovery $ | J&S Recovery % | Other Claims $ | Other Claim Recovery $ | Other Claim Recovery % | Total Claims | Total Recovery $ | Recovery % | Remaining Value |
| 1105481 Ontario Inc. | - | - | - | $ 0 | - | $ 0 | - | - | 0% | - | - | - | 0% | - | $ 1,288,903 | $ 0 | 0.0% | $ 235 | $ 0 | 0.0% | $ 1,289,138 | $ 0 | 0.0% | - |
| Express Lane Service, Inc. | - | - | - | 0 | - | 0 | - | - | 0% | 0 | - | - | 0% | 0 | 1,288,903 | 0 | 0.0% | 235 | 0 | 0.0% | 1,289,138 | 0 | 0.0% | - |
| New Penn Motor Express LLC | - | - | - | 42,943 | (3,392) | 39,551 | 8,120 | 8,120 | 100% | 31,431 | 2,344 | 2,344 | 100% | 29,087 | 1,288,903 | 28,801 | 2.2% | 12,784 | 286 | 2.2% | 1,301,687 | 29,087 | 2.2% | - |
| Roadway Express International, Inc. | (15) | - | - | 15 | - | - | - | - | 0% | - | - | - | 0% | - | 1,288,903 | - | 0.0% | 1,609 | - | 0.0% | 1,290,512 | - | 0.0% | - |
| Roadway LLC | 4,704 | - | - | (1,048) | 55,026 | 58,681 | - | - | 0% | 58,681 | 40 | 40 | 100% | 58,641 | 1,288,903 | 58,623 | 4.5% | 393 | 18 | 4.5% | 1,289,296 | 58,641 | 4.5% | - |
| Roadway Next Day Corporation | - | - | - | - | - | - | - | - | 0% | - | - | - | 0% | - | 1,288,903 | - | 0.0% | 235 | - | 0.0% | 1,289,138 | - | 0.0% | - |
| USF Bestway Inc. | - | 0 | 4 | (0) | - | 4 | 1 | 1 | 100% | 3 | 3 | 3 | 100% | - | 1,288,903 | - | 0.0% | 232 | - | 0.0% | 1,289,135 | - | 0.0% | - |
| USF Dugan Inc. | - | - | - | 18 | 0 | 18 | - | - | 0% | 18 | - | - | 0% | 18 | 1,288,903 | 18 | 0.0% | 235 | 0 | 0.0% | 1,289,138 | 18 | 0.0% | - |
| USF Holland International Sales Corporation | - | - | - | - | - | - | - | - | 0% | - | - | - | 0% | - | 1,288,903 | - | 0.0% | 291 | - | 0.0% | 1,289,194 | - | 0.0% | - |
| USF Holland LLC | - | - | - | 91,449 | 16 | 91,465 | 52,850 | 52,850 | 100% | 38,615 | 7,673 | 7,673 | 100% | 30,942 | 1,288,903 | 29,904 | 2.3% | 44,740 | 1,038 | 2.3% | 1,333,642 | 30,942 | 2.3% | - |
| USF Reddaway Inc. | - | - | - | 52,808 | (75) | 52,734 | 19,059 | 19,059 | 100% | 33,675 | 4,340 | 4,340 | 100% | 29,334 | 1,288,903 | 28,848 | 2.2% | 21,711 | 486 | 2.2% | 1,310,614 | 29,334 | 2.2% | - |
| USF Redstar LLC | - | - | - | 255 | (0) | 255 | - | - | 0% | 255 | - | - | 0% | 255 | 1,288,903 | 255 | 0.0% | 250 | 0 | 0.0% | 1,289,153 | 255 | 0.0% | - |
| Yellow Corporation | 591,299 | (2,791) | (1,277) | (585,953) | 4,346 | 5,624 | 3,360 | 3,360 | 100% | 2,264 | 2,264 | 2,264 | 100% | - | 1,288,903 | - | 0.0% | 69,935 | - | 0.0% | 1,358,838 | - | 0.0% | - |
| Yellow Freight Corporation | - | 72 | 252 | - | - | 324 | 6 | 6 | 100% | 318 | 318 | 318 | 100% | - | 1,288,903 | - | 0.0% | 2,311 | - | 0.0% | 1,291,214 | - | 0.0% | - |
| Yellow Logistics, Inc. | (1,500) | - | - | 1,728 | 0 | 228 | 300 | 228 | 76% | - | - | - | 0% | - | 1,288,903 | - | 0.0% | 15,593 | - | 0.0% | 1,304,496 | - | 0.0% | - |
| YRC Association Solutions, Inc. | - | - | - | 8 | - | 8 | - | - | 0% | 8 | - | - | 0% | 8 | 1,288,903 | 8 | 0.0% | 235 | 0 | 0.0% | 1,289,138 | 8 | 0.0% | - |
| YRC Enterprise Services, Inc. | - | 2,720 | 1,004 | (15) | 2,245 | 5,954 | 4,794 | 4,794 | 100% | 1,159 | 1,159 | 1,159 | 100% | - | 1,288,903 | - | 0.0% | 28,458 | - | 0.0% | 1,317,361 | - | 0.0% | - |
| YRC Freight Canada Company | 3,997 | - | - | (1,438) | 2 | 2,561 | 1,869 | 1,869 | 100% | 693 | 693 | 693 | 100% | - | 1,288,903 | - | 0.0% | 15,538 | - | 0.0% | 1,304,441 | - | 0.0% | - |
| YRC Inc. | - | - | - | 395,199 | (58,169) | 337,030 | 153,013 | 153,013 | 100% | 184,017 | 23,175 | 23,175 | 100% | 160,842 | 1,288,903 | 142,879 | 11.1% | 162,045 | 17,963 | 11.1% | 1,450,948 | 160,842 | 11.1% | - |
| YRC International Investments, Inc. | - | - | - | 246 | - | 246 | - | - | 0% | 246 | - | - | 0% | 246 | 1,288,903 | 246 | 0.0% | 235 | 0 | 0.0% | 1,289,138 | 246 | 0.0% | - |
| YRC Logistics Inc. | - | - | 17 | (1) | - | 16 | - | - | 0% | 16 | 16 | 16 | 100% | - | 1,288,903 | - | 0.0% | 242 | - | 0.0% | 1,289,145 | - | 0.0% | - |
| YRC Logistics Services, Inc. | (15) | - | - | 15 | - | - | - | - | 0% | - | - | - | 0% | - | 1,288,903 | - | 0.0% | 505 | - | 0.0% | 1,289,408 | - | 0.0% | - |
| YRC Mortgages, LLC | - | - | - | - | - | - | - | - | 0% | - | - | - | 0% | - | 1,288,903 | - | 0.0% | 235 | - | 0.0% | 1,289,138 | - | 0.0% | - |
| YRC Regional Transportation, Inc. | - | - | - | 3,772 | 0 | 3,772 | 24 | 24 | 100% | 3,748 | - | - | 0% | 3,748 | 1,288,903 | 3,748 | 0.3% | 263 | 1 | 0.3% | 1,289,166 | 3,748 | 0.3% | - |
| **Total Recovery on a by Entity Basis** | **$ 598,470** | **-** | **-** | **-** | **-** | **$ 598,470** | **$ 243,394** | **$ 243,323** | **100%** | **$ 355,147** | **$ 42,025** | **$ 42,025** | **100%** | **$ 313,122** | **$ 1,288,903** | **$ 293,330** | **22.8%** | **$ 378,548** | **$ 19,792** | **5.2%** | **$ 1,667,451** | **$ 313,122** | **18.8%** | **-** |

**Step 2 Assumptions:** Assumes Roadway Express International, Inc., Yellow Logistics, Inc., and YRC Logistics Services Inc. convert to chapter 7 and bear a minimum cost of $1.5M for chapter 7 trustee and trustee professionals. All other entities pursue the chapter 11 plan given higher recoveries compared with the step 1 chapter 7 recoveries. In this scenario, creditors of the three hypothetical chapter 7 cases have a recovery that is less than what they receive in a chapter 11.

DRAFT - SUBJECT TO CHANGE

**Partial Chapter 7 Yellow - Recovery by Legal Entity (Low - Plan Recovery Claim Scenario with High Partial Chapter 7 ($700M) Dist. Value)**

| ($ in 000s) | Net Dist. Value | Admin & Priority Deficiency Transfer | Convenience Deficiency Transfer | Admin IC Recovery | Unsecured IC Recovery | Net Dist. Value incl. I/C, Equity Recov. |
|---|---|---|---|---|---|---|
| 1105481 Ontario Inc. | - | - | - | $ 0 | - | $ 0 |
| Express Lane Service, Inc. | - | - | - | 0 | - | 0 |
| New Penn Motor Express LLC | - | - | - | 44,891 | (4,639) | 40,252 |
| Roadway Express International, Inc. | (15) | - | - | 15 | - | - |
| Roadway LLC | 4,704 | - | - | (1,048) | 106,573 | 110,228 |
| Roadway Next Day Corporation | - | - | - | - | - | - |
| USF Bestway Inc. | - | 0 | 0 | (1) | - | 0 |
| USF Dugan Inc. | - | - | - | 18 | 0 | 18 |
| USF Holland International Sales Corporation | - | - | - | - | - | - |
| USF Holland LLC | - | - | - | 100,131 | (31) | 100,099 |
| USF Reddaway Inc. | 3,990 | - | - | 56,336 | (136) | 60,190 |
| USF Redstar LLC | - | - | - | 260 | (0) | 260 |
| Yellow Corporation | 611,861 | (4,502) | (1,283) | (611,482) | 9,670 | 4,264 |
| Yellow Freight Corporation | - | 69 | 252 | - | - | 321 |
| Yellow Logistics, Inc. | (1,500) | - | - | 1,715 | 0 | 215 |
| YRC Association Solutions, Inc. | - | - | - | 8 | - | 8 |
| YRC Enterprise Services, Inc. | - | 4,432 | 1,012 | (4,603) | 4,507 | 5,349 |
| YRC Freight Canada Company | 9,819 | - | - | (7,529) | 3 | 2,293 |
| YRC Inc. | 69,627 | - | - | 417,186 | (115,947) | 370,865 |
| YRC International Investments, Inc. | - | - | - | 251 | - | 251 |
| YRC Logistics Inc. | - | - | 18 | (11) | - | 7 |
| YRC Logistics Services, Inc. | (15) | - | - | 15 | - | - |
| YRC Mortgages, LLC | - | - | - | - | - | - |
| YRC Regional Transportation, Inc. | - | - | - | 3,848 | 0 | 3,848 |
| **Total Recovery on a by Entity Basis** | **$ 698,470** | **-** | **-** | **-** | **-** | **$ 698,470** |

| ($ in 000s) | Admin & Priority | | | | Convenience Class Claims | | | |
|---|---|---|---|---|---|---|---|---|
| | Claims $ | Recovery $ | Recovery % | Remaining Value | Claims $ | Recovery $ | Recovery % | Remaining Value |
| 1105481 Ontario Inc. | - | - | 0% | - | - | - | 0% | - |
| Express Lane Service, Inc. | - | - | 0% | 0 | - | - | 0% | 0 |
| New Penn Motor Express LLC | 4,420 | 4,420 | 100% | 35,832 | 2,344 | 2,344 | 100% | 33,488 |
| Roadway Express International, Inc. | - | - | 0% | - | - | - | 0% | - |
| Roadway LLC | - | - | 0% | 110,228 | 38 | 38 | 100% | 110,191 |
| Roadway Next Day Corporation | - | - | 0% | - | - | - | 0% | - |
| USF Bestway Inc. | 0 | 0 | 100% | - | - | - | 0% | - |
| USF Dugan Inc. | - | - | 0% | 18 | - | - | 0% | 18 |
| USF Holland International Sales Corporation | - | - | 0% | - | - | - | 0% | - |
| USF Holland LLC | 29,733 | 29,733 | 100% | 70,366 | 7,669 | 7,669 | 100% | 62,697 |
| USF Reddaway Inc. | 10,963 | 10,963 | 100% | 49,227 | 4,340 | 4,340 | 100% | 44,887 |
| USF Redstar LLC | - | - | 0% | 260 | - | - | 0% | 260 |
| Yellow Corporation | 2,023 | 2,023 | 100% | 2,241 | 2,241 | 2,241 | 100% | - |
| Yellow Freight Corporation | 4 | 4 | 100% | 318 | 318 | 318 | 100% | - |
| Yellow Logistics, Inc. | 251 | 215 | 86% | - | - | - | 0% | - |
| YRC Association Solutions, Inc. | - | - | 0% | 8 | - | - | 0% | 8 |
| YRC Enterprise Services, Inc. | 4,189 | 4,189 | 100% | 1,159 | 1,159 | 1,159 | 100% | - |
| YRC Freight Canada Company | 1,634 | 1,634 | 100% | 658 | 658 | 658 | 100% | - |
| YRC Inc. | 85,335 | 85,335 | 100% | 285,530 | 23,147 | 23,147 | 100% | 262,383 |
| YRC International Investments, Inc. | - | - | 0% | 251 | - | - | 0% | 251 |
| YRC Logistics Inc. | - | - | 0% | 7 | 7 | 7 | 100% | - |
| YRC Logistics Services, Inc. | - | - | 0% | - | - | - | 0% | - |
| YRC Mortgages, LLC | - | - | 0% | - | - | - | 0% | - |
| YRC Regional Transportation, Inc. | 8 | 8 | 100% | 3,840 | - | - | 0% | 3,840 |
| **Total Recovery on a by Entity Basis** | **$ 138,561** | **$ 138,525** | **100%** | **$ 559,944** | **$ 41,921** | **$ 41,921** | **100%** | **$ 518,024** |

| ($ in 000s) | Unsecured Class Claims | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | J&S Claim $ | J&S Recovery $ | J&S Recovery % | Other Claims $ | Other Claim Recovery $ | Other Claim Recovery % | Total Claims | Total Recovery $ | Recovery % | Remaining Value |
| 1105481 Ontario Inc. | $ 1,088,903 | $ 0 | 0.0% | - | - | 0.0% | $ 1,088,903 | $ 0 | 0.0% | - |
| Express Lane Service, Inc. | 1,088,903 | 0 | 0.0% | - | - | 0.0% | 1,088,903 | 0 | 0.0% | - |
| New Penn Motor Express LLC | 1,088,903 | 33,387 | 3.1% | 3,320 | 102 | 3.1% | 1,092,223 | 33,488 | 3.1% | - |
| Roadway Express International, Inc. | 1,088,903 | - | 0.0% | 717 | - | 0.0% | 1,089,620 | - | 0.0% | - |
| Roadway LLC | 1,088,903 | 110,185 | 10.1% | 54 | 6 | 10.1% | 1,088,957 | 110,191 | 10.1% | - |
| Roadway Next Day Corporation | 1,088,903 | - | 0.0% | (0) | - | 0.0% | 1,088,903 | - | 0.0% | - |
| USF Bestway Inc. | 1,088,903 | - | 0.0% | - | - | 0.0% | 1,088,903 | - | 0.0% | - |
| USF Dugan Inc. | 1,088,903 | 18 | 0.0% | - | - | 0.0% | 1,088,903 | 18 | 0.0% | - |
| USF Holland International Sales Corporation | 1,088,903 | - | 0.0% | 44 | - | 0.0% | 1,088,947 | - | 0.0% | - |
| USF Holland LLC | 1,088,903 | 61,415 | 5.6% | 22,739 | 1,283 | 5.6% | 1,111,642 | 62,697 | 5.6% | - |
| USF Reddaway Inc. | 1,088,903 | 44,481 | 4.1% | 9,950 | 406 | 4.1% | 1,098,853 | 44,887 | 4.1% | - |
| USF Redstar LLC | 1,088,903 | 260 | 0.0% | 12 | 0 | 0.0% | 1,088,915 | 260 | 0.0% | - |
| Yellow Corporation | 1,088,903 | - | 0.0% | 29,639 | - | 0.0% | 1,118,542 | - | 0.0% | - |
| Yellow Freight Corporation | 1,088,903 | - | 0.0% | 973 | - | 0.0% | 1,089,876 | - | 0.0% | - |
| Yellow Logistics, Inc. | 1,088,903 | - | 0.0% | 10,814 | - | 0.0% | 1,099,716 | - | 0.0% | - |
| YRC Association Solutions, Inc. | 1,088,903 | 8 | 0.0% | - | - | 0.0% | 1,088,903 | 8 | 0.0% | - |
| YRC Enterprise Services, Inc. | 1,088,903 | - | 0.0% | 10,426 | - | 0.0% | 1,099,328 | - | 0.0% | - |
| YRC Freight Canada Company | 1,088,903 | - | 0.0% | 9,698 | - | 0.0% | 1,098,601 | - | 0.0% | - |
| YRC Inc. | 1,088,903 | 240,606 | 22.1% | 98,557 | 21,777 | 22.1% | 1,187,460 | 262,383 | 22.1% | - |
| YRC International Investments, Inc. | 1,088,903 | 251 | 0.0% | - | - | 0.0% | 1,088,903 | 251 | 0.0% | - |
| YRC Logistics Inc. | 1,088,903 | - | 0.0% | - | - | 0.0% | 1,088,903 | - | 0.0% | - |
| YRC Logistics Services, Inc. | 1,088,903 | - | 0.0% | 215 | - | 0.0% | 1,089,118 | - | 0.0% | - |
| YRC Mortgages, LLC | 1,088,903 | - | 0.0% | - | - | 0.0% | 1,088,903 | - | 0.0% | - |
| YRC Regional Transportation, Inc. | 1,088,903 | 3,840 | 0.4% | 19 | 0 | 0.4% | 1,088,921 | 3,840 | 0.4% | - |
| **Total Recovery on a by Entity Basis** | **$ 1,088,903** | **$ 494,450** | **45.4%** | **$ 197,177** | **$ 23,574** | **12.0%** | **$ 1,286,080** | **$ 518,024** | **40.3%** | **-** |

**Step 2 Assumptions:** Assumes Roadway Express International, Inc., Yellow Logistics, Inc., and YRC Logistics Services Inc. convert to chapter 7 and bear a minimum cost of $1.5M for chapter 7 trustee and trustee professionals. All other entities pursue the chapter 11 plan given higher recoveries compared with the step 1 chapter 7 recoveries. In this scenario, creditors of the three hypothetical chapter 7 cases have a recovery that is less than what they receive in a chapter 11.

**EXHIBIT C**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>YELLOW CORPORATION, *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 23-11069 (CTG)<br>(Jointly Administered) |

**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM MFN PARTNERS, LP AND MOBILE STREET HOLDINGS, LLC TO THE DEBTORS REGARDING CONFIRMATION OF THE FOURTH AMENDED JOINT CHAPTER 11 PLAN**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable hereto by Rules 7026, 7034, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules"), and the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), MFN Partners, LP ("MFN") and Mobile Street Holdings, LLC ("Mobile Street"), by and through their undersigned counsel, hereby directs the following first set of requests for production (the "Requests") to the Debtors.

Please produce on a rolling basis all Documents and things requested herein, in accordance with the definitions and instructions set forth herein and all applicable Federal Rules, Federal Bankruptcy Rules, and Local Rules to the attention of Eric Winston at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, located at 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017, or by electronic mail to the undersigned counsel. Production of the

[1] A complete list of each of the debtors in these chapter 11 cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

Documents responsive to these Requests shall be on a rolling basis, start immediately, and be complete by October 22, 2025 at 5:00 p.m. (Eastern Time).

**DEFINITIONS**

The following definitions of terms apply to the Requests. Unless otherwise defined herein, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

1. The term "***Affiliate***" or "***Affiliates***" shall have the meaning ascribed to the term "Affiliate" under 11 U.S.C. § 101(2).

2. The terms "***and***" "***or***," and "***and/or***," as used herein, shall be construed either conjunctively or disjunctively, as required by the context, to bring within the scope of these Requests any information that might be deemed outside their scope by any other construction.

3. The terms "***all***," "***any***," and "***each***" shall each be construed as encompassing any and all of these terms.

4. The term "***Bankruptcy Code***" means title 11 of the United States Code.

5. The term "***Bankruptcy Court***" means the United States Bankruptcy Court for the District of Delaware.

6. The term "***Chapter 11 Cases***" shall mean the above captioned chapter 11 cases.

7. The term "***Claim***" or "***Claims***" shall have the meaning ascribed to the term "claim" under 11 U.S.C. § 101(5).

8. The term "***Committee***" means the statutory committee of unsecured creditors of the Debtors, appointed in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code by the U.S. Trustee on August 16, 2023, as set forth in the *Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 269] and as amended by the *First Amended Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 3430] and the *Second Amended*

*Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 5615], including Committee Professionals.

9. The term "***Committee Professional***" means any Person or Entity engaged by the Committee to provide, or involved in providing, professional services of any kind at any time, including without limitation, any attorneys, consultants, advisors, and testifying or non-testifying experts.

10. The term "***Communication***" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). For the avoidance of doubt, this may encompass any oral, written, or electronic transmission of information without limitation, including meetings, discussions, conversations, telephone calls, email messages, text messages, Bloomberg messages, chat messages, Instant Bloomberg chat messages, social media messages (*e.g.*, Facebook), WhatsApp chat messages, GroupMe chat messages, or other messaging platforms, memoranda, letters, analyst reports, telecopies, telefaxes, telexes, conferences, seminars, messages, notes, video tapes, photographs, microfilm, microfiche, magnetic disks, or other media of any kind.

11. The term "***concerning***" shall mean relating to (however remotely), regarding, referring to, describing, evidencing, or constituting.

12. The term "***Debtors***" shall mean the entities defined above in footnote 1, both in their individual capacity and collectively as a group.

13. The term "***Disclosure Statement***" means *[SOLICITATION VERSION] Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors*, filed on September 16, 2025 [Docket No. 7619] in the Chapter 11 Cases.

14.     The term "***Document(s)***" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule 34(a)(1)(A), including but not limited to all writings, drawings, graphs, charts, photographs, sound recordings, images, Electronically Stored Information, and other data or data compilations.  This includes documents stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

15.     The term "***Electronically Stored Information***" has the broadest possible meaning under Rule 34 of the Federal Rules and refers to all computer or electronically stored or generated data and information, and includes all attachments to and enclosures with any requested item, and all drafts thereof "Electronically Stored Information" includes information stored in any format and on any storage media, including: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable.  "Electronically Stored Information" also includes all associated metadata that is maintained or saved, which includes: a document's title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; email header information; history of who viewed an email and when; and email routing information.

16.     The term "***IBT Litigation***" refers to that certain litigation pending against the International Brotherhood of Teamsters and other defendants as disclosed in Section VI.B of the Disclosure Statement and other potential claims of the Debtors against such defendants that could be asserted in a judicial or administrative forum.

17.     The term "***including***" "***include***," or "***includes***" means including without limitation and shall not be construed to limit the scope of any definition or Request herein.

18. The term “***Joint Plan***” means *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed By the Debtors and the Official Committee of Unsecured Creditors*, filed on July 29, 2025 [Docket No. 6746] in the Chapter 11 Cases.

19. The Term “***Liquidating Analysis***” means

20. The term “***Liquidating Trust***” means the trust that shall be established on the effective date in accordance with the terms of the Joint Plan and the Liquidating Trust Agreement.

21. The term “***Liquidating Trustee***” means, the entity designated by the Committee, in consultation with the Debtors, as the “Liquidating Trustee,” which shall be identified in the to be filed plan supplement.

22. The term “***Liquidating Trust Agreement***” means, the agreement to be executed as of the Effective Date, establishing and governing the operation of the Liquidating Trust pursuant to this Joint Plan and filed as Exhibit A to the *Notice of Filing of Liquidating Trust Agreement in Connection with Plan Supplement* [Docket No. 7550, Exh. A].

23. The term “***Liquidating Trust Board of Managers***” means, a board of five (5) voting managers (one (1) of which is the Liquidating Trustee designated by the Committee, in consultation with the Debtors) appointed to govern the Liquidating Trust pursuant to the terms of the Liquidating Trust Agreement, comprised of four (4) voting managers to be appointed by the Committee and one (1) voting manager to be appointed by the Debtors.

24. The term, ***“MEPP”*** means, multiemployer pension plans.

25. The term “***MFN Parties***” means, collectively, MFN Partners, LP, Mobile Street Holdings, LLC, and any professional engaged by such entities.

26. The term "***Person***" or "***Entity***" means any natural person or any legal entity, including but not limited to any corporation, partnership, limited liability company, joint venture, firm, association, proprietorship, governmental agency, business, organization, and any employee, owner, or agent of the foregoing.

27. The term "***Professional***" means any Person or Entity engaged to provide or involved in providing professional services of any kind at any time, including without limitation, any attorneys, consultants, advisors, and testifying or non-testifying experts.

28. The terms "***refer,***" "***relate,***" or "***regard***" shall mean analyze, comprise, concern, consider, contain, constitute, define, describe, discuss, embody, evaluate, evidence, explain, memorialize, mention, record, reflect, refute, review, report, show, state, summarize, support or in any way pertain to the subject matter of any Request.

29. The terms "***You***" and "***Your***" means and refers solely to the Debtors and their agents, accountants, advisors, attorneys, including Kirkland & Ellis LLP, Kirkland & Ellis International LLP, Pachulski Stang Ziehl & Jones LLP, and other Professionals, or any other individual or entity acting or purporting to act on behalf of the Debtors.

30. The definitions described above shall apply regardless of whether such term is capitalized or not capitalized.

31. The use of any singular noun shall be construed to include the plural, and vice versa, and a verb in any tense shall be construed as the use of the verb in all other tenses.

32. All other capitalized terms used in the Requests and not defined herein shall have the meaning ascribed to them in the Disclosure Statement.

**INSTRUCTIONS**

1. These instructions incorporate by reference the requirements and duties of the Federal Bankruptcy Rules, the Federal Rules, and the Local Rules.

2. Each Request shall be deemed to be continuing in nature. If at any time additional Documents responsive to the Requests come into Your possession, custody, or control or are brought to Your attention, prompt supplementation of Your response to these Requests is required.

3. You are requested to produce all Communications, Documents, and information requested herein that are within Your possession, custody, or control or in the possession, custody, or control of Your current and former officers, directors, agents, employees, representatives, Affiliates, Professionals, or any other Person or entity acting or purporting to act on Your behalf.

4. All references to any entity shall include prior business names, any "D/B/A" of such entity, and any predecessors of such entity.

5. All Documents shall be produced in TIFF format with OCR images. All Documents shall be produced with metadata, including but not limited to the date created/sent, author, recipients, cc-copies, bcc-blind copies, and whether the Document contains redactions.

6. If the response to any Request consists, in whole or in part, of an objection on the basis of or including burdensomeness, then provide those Documents that can be produced without undue burden. For such Documents that are too burdensome to produce, describe the process or method required to obtain said Documents, the quantity and location of the Documents involved, and the estimated costs of the search.

7. Any Document, Communication, or other information sought to be identified or obtained within the scope of these Requests that is withheld on the basis of a claim of privilege, work product protection, or any other grounds should be identified in writing by date, title/file

name/“re line”/subject, addressee/to/cc/bcc, addressor/from, Document type, and topic covered and listed with a statement of the grounds alleged for withholding such Document, Communication, or other information, including any common interest or joint defense privilege claimed. You shall provide Your initial privilege log(s) at such time as You and the MFN Parties shall agree upon.

8. If Your response to any Request is any other objection, You must indicate if information is being withheld based on the objection(s), provide all information not covered by the objection, and state the specific basis of the objection.

9. If any Document or Communication responsive to these Requests has been destroyed, state when the Document or Communication was destroyed, identify the Person who destroyed the Document or Communication, and the Person who directed that it be destroyed. Additionally, detail the reasons for the destruction, describe the nature of the Document or Communication, identify the Persons who created, sent, received, or reviewed the Document or Communication, and state in as much detail as possible the contents of the Document or Communication.

10. Unless any Request calls for a different date, these Requests seek Documents created, given to, received, reviewed, or relied upon on or after January 1, 2025 through the date of production.

11. Documents should be produced in the manner they are kept in the ordinary course of business. In producing Documents, all Documents that are physically attached to each other, or segregated or separated from other Documents, when originally located, should be produced as is.

12.     By serving these Requests, the MFN Parties expressly reserve the right to modify or otherwise to supplement these Requests.

**REQUESTS FOR PRODUCTION**

1. All drafts of the Liquidating Trust Agreement, including comments thereon and redlines thereof, including Communications regarding the Liquidating Trust Agreement.

2. Any Communications with any Person regarding, the Liquidating Trust Agreement.

3. Any Documents Concerning, and Communications with any Person regarding, the candidates or nominees for Liquidating Trust Board of Managers or Liquidating Trustee.

4. Any Documents that the Debtors rely or relied on in support of Joint Plan and/or that the Debtors intend to introduce into evidence at any hearing on the confirmation of the Joint Plan.

5. Any Documents concerning any liquidation analysis (whether or not in draft form) shared or received by the Debtors with any Person or Entity.

6. All Documents Concerning potential settlements, abandonments, costs or releases of the IBT Litigation and related appeal pending in the United States Tenth Circuit Court of Appeals on and after June 10, 2025.

7. All Documents or Communications with any Person Concerning potential settlements of objections to Claims, including subordination, asserted by any MEPP on or after June 10, 2025.

8. Any Documents referring to, and Communications with any Person regarding, estimated distributable value under the Joint Plan on and after June 10, 2025.

Dated: September 24, 2025
      Wilmington, Delaware

Respectfully Submitted,

*/s/ L. Katherine Good*
L. Katherine Good (No. 5101)
Maria Kotsiras (No. 6840)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: kgood@potteranderson.com
      mkotsiras@potteranderson.com

– and –

Eric Winston (admitted pro hac vice)
**QUINN   EMANUEL   URQUHART   &
SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100
Email:  ericwinston@quinnemanuel.com

*Counsel for MFN Partners, LP and Mobile
Street Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 24, 2025, a true and correct copy of the foregoing document was served on counsel for the parties identified below:

| | |
|---|---|
| *Counsel to the Debtors*<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn.: Allyson B. Smith<br>Email: Allyson.smith@kirkland.com<br><br>**By Email** | *Counsel to the Debtors*<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor,<br>Wilmington, Delaware 19801<br>Attn: Laura Davis Jones<br>Timothy P. Cairns<br>Peter J. Keane<br>Edward Corma<br>Email: ljones@pszjlaw.com;<br>tcairns@pszjlaw.com;<br>pkeane@pszjlaw.com;<br>ecorma@pszjlaw.com<br><br>**By Email** |
| *Counsel to the Debtors*<br>Kirkland & Ellis LLP<br>Kirkland & Ellis International LLP<br>Attn: Patrick J. Nash, P.C.<br>David Seligman, P.C.<br>Shirley Chan<br>333 W. Wolf Point Plaza<br>Chicago, Illinois 60654<br>Email: patrick.nash@kirkland.com<br>david.seligman@kirkland.com<br>shirley.chan@kirkland.com<br><br>**By Email** | |

*/s/ L. Katherine Good*
L. Katherine Good (No. 5101)

**CERTIFICATE OF SERVICE**

I, L. Katherine Good, do hereby certify that on November 10, 2025, a copy of the foregoing *Motion of MFN Partners, LP and Mobile Street Holdings, LLC in Limine to Exclude Testimony and Documents Concerning 11 U.S.C. § 1129(a)(7)* was served via email (where available) or first class mail on the parties on the attached service list.

*/s/ L. Katherine Good*
L. Katherine Good (No. 5101)

**SERVICE LIST**

| | |
|---|---|
| *Debtors*<br>Yellow Corporation<br>11500 Outlook Street, Suite 400<br>Overlook Park, Kansas 66211<br>Attn.: Yellow Legal<br>Email: legal@myyellow.com<br><br>**By Email** | *U.S. Trustee*<br>Office of the United States Trustee for the District of Delaware<br>844 King Street, Suite 2207<br>Lockbox 35<br>Wilmington, Delaware 19801<br>Attn.: Jane Leamy<br>Richard Shepacarter<br>Email: jane.m.leamy@usdoj.gov;<br>richard.shepacarter@usdoj.gov<br><br>**By Email** |
| *Counsel to the Debtors*<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor,<br>P.O. Box 8705<br>Wilmington, Delaware 19801<br>Attn: Laura Davis Jones<br>Timothy P. Cairns<br>Peter J. Keane<br>Edward Corma<br>Email: ljones@pszjlaw.com;<br>tcairns@pszjlaw.com;<br>pkeane@pszjlaw.com;<br>ecorma@pszjlaw.com<br><br>**By Email** | *Counsel for the Committee*<br>Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>Bank of America Tower<br>New York, New York 10036-6745<br>Attn.: Philip C. Dublin<br>Meredith A. Lahaie<br>Kevin Zuzolo<br>Email: pdublin@akingump.com;<br>mlahaie@akingump.com;<br>kzuzolo@akingump.com<br><br>**By Email** |
| *Counsel to the Debtors*<br>Kirkland & Ellis LLP<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Attn: Patrick J. Nash Jr., P.C.<br>David Seligman, P.C.<br>Email: Patrick.nash@kirkland.com<br>David.seligman@kirkland.com<br>-and-<br><br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn.: Allyson B. Smith<br>Email: Allyson.smith@kirkland.com<br><br>**By Email** | *Co-Counsel to the Committee*<br>Benesch Friedlander Coplan & Aronoff LLP<br>1313 North Market Street, Suite 1201<br>Wilmington, Delaware 19801<br>Attn.: Jennifer R. Hoover<br>Kevin M. Capuzzi<br>John C. Gentile<br>Email: jhoover@beneschlaw.com;<br>kcapuzzi@beneschlaw.com<br>jgentile@beneschlaw.com<br><br>**By Email** |