**Exhibit A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Docket No. [\_\_]** |

### ORDER APPROVING THE SUPPLEMENTAL APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YELLOW CORPORATION, *ET AL.* TO RETAIN AND EMPLOY MILLER BUCKFIRE ON ADDITIONAL TERMS AS INVESTMENT BANKER, *NUNC PRO TUNC* TO AUGUST 21, 2023

Upon the application (the "**Supplemental Application**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to sections 328(a) and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing and approving certain modifications to the terms and conditions under which Miller Buckfire is retained and employed as the Committee's investment banker, *nunc pro tunc* to August 21, 2023; and upon consideration of the supplemental declaration of John D'Amico in support of the Supplemental Application; and upon consideration of the declaration of Brad Berliner in support of the Supplemental Application; and

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Supplemental Application.

the Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference, dated February 29, 2012 (Sleet, C.J.); and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the terms and conditions of Miller Buckfire's employment, including but not limited to the New Fee Structure set forth in the Supplemental Application, are reasonable as required by Bankruptcy Code section 328(a); and the Court being satisfied that notice of the Supplemental Application and the opportunity for a hearing on the Supplemental Application was appropriate under the particular circumstances and no further or other notice need be given; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having determined that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Supplemental Application, to the extent granted by this Order, is in the best interests of the Committee, the Debtors' estates, general unsecured creditors, and other parties in interest; and the Court being satisfied that Miller Buckfire neither holds nor represents any interest adverse to the Committee or the Debtors' estates; and the Court being satisfied that Miller Buckfire is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), and utilized in Bankruptcy Code section 328(c); and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is hereby

      **ORDERED, ADJUDGED AND DECREED THAT:**

    1.      The Supplemental Application is GRANTED as set forth herein.

2. Notwithstanding anything to the contrary in the (1) *Application of the Official Committee of Unsecured Creditors of Yellow Corporation, et al. to Retain and Employ Miller Buckfire as Investment Banker,* Nunc Pro Tunc *to August 21, 2023* [D.I. 599] (the "**Original Application**"), (2) *Order Authorizing the Official Committee of Unsecured Creditors of Yellow Corporation, et al. to Retain and Employ Miller Buckfire as Investment Banker,* Nunc Pro Tunc *to August 21, 2023* [D.I. 764] (the "**Retention Order**"), or (3) engagement letter, dated August 21, 2023, between Stifel, Nicolaus & Co., Inc. and the Committee, attached as Exhibit 1 to the proposed form of order attached as Exhibit A to the Original Application (the "**Engagement Letter**"), the Deferred Fee payable to Miller Buckfire pursuant to the terms of the Engagement Letter shall be, and hereby is, increased from $3,750,000 to $7,500,000.

3. Pursuant to section 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, effective *nunc pro tunc* to August 21, 2023, the amended Deferred Fee set forth in paragraph 2, above, is hereby approved as a reasonable term and condition of Miller Buckfire's employment by the Committee.

4. This Order shall supplement the relief granted in the Retention Order, and except as otherwise set forth herein, all provisions of the Retention Order shall continue to govern Miller Buckfire's retention by the Committee.

5. The Debtors and the Committee, as applicable, are authorized to perform their respective payment, reimbursement, contribution, exculpation, and indemnification obligations and their non-monetary obligations, in accordance with the terms and conditions and at the times specified, in the Engagement Letter as modified by and subject to the Retention Order and this Order. Except as otherwise set forth in the Retention Order and this Order, the fees payable to Miller Buckfire pursuant to the New Fee Structure shall be subject to review only pursuant to the

standards set forth in Bankruptcy Code section 328(a) and shall not be subject to the standard of review set forth in Bankruptcy Code section 330; *provided, however*, that notwithstanding anything to the contrary in this Order or the Retention Order, the U.S. Trustee shall retain the right and be entitled to object to Miller Buckfire's fees and expenses based on the reasonableness standard provided for in Bankruptcy Code section 330.  Neither this Order nor the record relating to the Court's consideration of the Supplemental Application shall prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Miller Buckfire's compensation and reimbursement requests under Bankruptcy Code sections 330 and 331.  Accordingly, nothing in this Order shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Miller Buckfire's compensation.

6.  The Debtors are authorized to compensate and reimburse Miller Buckfire pursuant to the terms set forth in the Engagement Letter, Retention Order and this Order in accordance with the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [D.I. 519] and any other applicable orders of the Court.

7.  To the extent that there may be any inconsistency between the terms of the Original Application, the Supplemental Application, the Engagement Letter or the Retention Order with the terms of this Order, this Order shall govern.

8.  Notice of the Supplemental Application as provided therein shall be deemed good and sufficient notice of such Supplemental Application and, to the extent applicable, the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

5

9. The Committee, the Debtors and Miller Buckfire are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted in this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these Chapter 11 Cases or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Chapter 11 Cases to cases under chapter 7.

12. The Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.