**UNITED STATES BANKRUPTCY COURT**

District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE 19801

**In re:**
Yellow Corporation, et al., Debtors
Case No.: 23-11069

## OBJECTION TO TRANSFER OF CLAIM

**Claim No.:** 11791
**Original Claimant:** Custom Service Hardware, LLC
**Transferee:** Fair Harbor Capital, LLC

### TO THE HONORABLE COURT AND ALL PARTIES IN INTEREST:

Custom Service Hardware LLC ("Objector"), by and through its undersigned representative, hereby objects to the filing of transfer of claim as follows:

### I. BACKGROUND

Objector previously entered into a **Settlement Agreement dated December 3, 2024** with Yellow Corporation, resolving and releasing all obligations related to the claim. A copy of the Settlement Agreement is attached as **Exhibit A**.

### II. GROUNDS FOR OBJECTION

Objector objects to the transfer of claim on the following grounds:

- The claim was **fully satisfied and released** under the Settlement Agreement.
- The transfer is **invalid and unenforceable** because no claim remains to be transferred.

### III. RELIEF REQUESTED

Objector respectfully requests that the Court:

1. **Disallow** the transfer of Claim No. 11791 to Fair Harbor Capital, LLC.
2. Confirm that the claim is **resolved and closed** pursuant to the Settlement Agreement.

## IV. NOTICE

This objection is filed in accordance with **Rule 3007** and accompanied by the required **Notice of Objection to Claim (Official Form 420B)**. Any response must be filed within **30 days** of service of this objection.

---

**Dated:** November 25, 2025

**Respectfully submitted,**
Michele Horst
President
Custom Service Hardware, LLC
N169W21008 Meadow Ln
Jackson WI 53037
262-204-2303
michele@cshardware.com

---

## Attachments

- Exhibit A: Settlement Agreement dated December 3, 2024

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, et al., | Case No. 23-11069 (CTG) |
| Debtors. | Jointly Administered |

**NOTICE: FILING OF TRANSFER OF CLAIM PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001(e)(2) or (4)**

Note: For Purposes of this form, **transferor** refers to the claimant who is selling or otherwise assigning its claim. While **transferee** refers to the party who is purchasing or otherwise being assigned the claim.

To: BAR(23) MAILID *** 000237972627 ***    YRC TRFNTC (MERGE2, TXNUM2) 4000058789

CUSTOM SERVICE HARDWARE
ATTN KAREN ALLEN
N 169 W 21008 MEADOW LN
JACKSON, WI 53037

Please note that your claim # 11791 in the above referenced case and in the amount of $5,289.30 has been transferred (unless previously expunged by court order)

FAIR HARBOR CAPITAL, LLC
TRANSFEROR: CUSTOM SERVICE HARDWARE
ANSONIA FINANCE STATION
PO BOX 237037
NEW YORK, NY 10023

No action is required if you do not object to the transfer of your claim. However **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, YOU MUST, WITHIN 21 DAYS OF THE DATE OF THIS NOTICE, FILE A WRITTEN OBJECTION TO THE TRANSFER WITH:**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE
824 NORTH MARKET STREET, 3RD FLOOR
WILMINGTON, DE 19801

Send a copy of your objection to the transferee. Refer to INTERNAL CONTROL NUMBER    7941    in your objection. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.**

Date: 11/07/2025    Una O'Boyle, Clerk of Court

/s/ Amy Henault
_____
Epiq Corporate Restructuring, LLC
as claims agent for the debtor(s).

FOR EBS USE ONLY: This notice was mailed to the transferor, transferee, and debtor(s) counsel by first class mail, postage prepaid on November 7, 2025.

*Confidential; FRE 408 and its Equivalents*

## SETTLEMENT AGREEMENT

Yellow Corporation and certain of its subsidiaries (the "Company" or the "Debtors"), on the one hand, and the customer identified in the signature block below (the "Customer"), on the other hand, hereby enter into the following settlement agreement (this "Settlement Agreement"), effective as of the latest date in the signature blocks below upon completion of all conditions precedent as set forth herein (the "Effective Date").

### Recitals

WHEREAS on August 6, 2023 (the "Petition Date"), the Company filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

WHEREAS on August 13, 2024, the Court entered its *Order Approving Procedures for Settlement of De Minimis Claims Held By or Against The Debtors* [Docket No. 4085] (the "Order"), which, among other things, authorized the Debtors to compromise and settle certain claims, as set forth in the Order.

WHEREAS, prior to the Petition Date, the Company provided services to the Customer, and the Customer has asserted certain claims arising from such services that the Company offered prior to the Petition Date.

WHEREAS the Company and the Customer (each a "Party," and collectively, the "Parties") agree to the following terms to resolve the mutual claims between the parties related to the Company's provision of service to the Customer.

### Agreement

1. Recitals. The foregoing recitals are incorporated herein by reference as if set forth at length herein.

2. The Waived Customer Claim. For the purposes of the settlement embodied in this Settlement Agreement, the Parties agree that the sum of all amounts currently due and owing by the Company to the Customer related to services provided by the Company to the Customer is $5,289.30 (the "Waived Customer Claim").

3. The Waived Company Claim. For the purposes of the settlement embodied in this Settlement Agreement, the Parties agree that the sum of all amounts currently due and owing by the Customer to the Company for services provided to the Customer is $1,649.81 (the "Waived Company Claim," and, together with the Waived Customer Claim, the "Waived Claims").

4. Settlement. In full and final satisfaction of all mutual prepetition and postpetition claims arising prior to the Effective Date, each as may be applicable, arising from the Debtors' rendering of services to the Customer, and for consideration hereby acknowledged by the Parties, the Parties each agree to waive their respective Waived Claim. The Parties' waiver of the Waived Claims constitute full and final satisfaction, settlement, discharge, and release of any and all claims

between the Parties, whether known or unknown, matured or unmatured, foreseen or unforeseen, asserted or unasserted, based on or relating to the services provided by the Company to the Customer on or prior to the Effective Date.

5. <u>Other Matters</u>.

    a. The Debtors' chapter 11 plan shall not vary the terms of this Settlement Agreement. The terms contained within this Settlement Agreement shall (a) be binding on any later appointed chapter 11 trustee, examiner, committee, plan administrator, and other fiduciaries of the Debtors and their estates and (b) survive any conversion or dismissal of any of the Debtors' chapter 11 cases.

    b. The Customer will not separately seek payment from the Company on account of any claim (including, without limitation, any reclamation claim or any claim pursuant to section 503(b)(9) of the Bankruptcy Code) in violation of or outside the terms of this Settlement Agreement or a plan confirmed in the Company's chapter 11 case.

    c. This Settlement Agreement shall be in full and final satisfaction of all claims based on or relating to the services that the Company provided to the Customer on or prior to the Effective Date and Customer will not file a claim in the Company's chapter 11 cases on account of any such claims.

    d. To evidence the Waived Customer Claim, the Customer agrees to formally withdraw any filed proof(s) of claim subject to this Settlement Agreement from the Company's claims register within fourteen (14) days of executing this Settlement Agreement, and to confirm such withdrawal to the Company in writing (e-mail to Todd.Wilson@myYellow.com, ddonoghue@alvarezandmarsal.com, rob.jacobson@kirkland.com and olivia.acuna@kirkland.com being sufficient) as a condition to the effectiveness of this Settlement Agreement.

    e. The Customer will not file or otherwise assert against the Company, its assets, or any other person or entity or any of their respective assets or property (real or personal) any lien, regardless of the statute or other legal authority upon which the lien is asserted, related in any way to any remaining prepetition amounts allegedly owed to the Customer by the Company arising from prepetition agreements or transactions. Furthermore, if the Customer has taken steps to file or assert such a lien prior to entering into this Settlement Agreement, the Customer will promptly take all necessary actions to remove such liens and hereby authorizes the Company to take any such actions on its behalf.

6. <u>Confidentiality</u>. The Customer agrees to hold in confidence and not disclose to any party the terms of this Settlement Agreement, including the existence thereof (the "<u>Confidential Information</u>"); *provided* that if any party seeks to compel the Customer's disclosure of any or all

2

of the Confidential Information, through judicial action or otherwise, or the Customer intends to disclose any or all of the Confidential Information, the Customer shall immediately provide the Company with prompt written notice so that the Company may seek an injunction, protective order or any other available remedy to prevent such disclosure; *provided, further,* that if such remedy is not obtained, the Customer shall furnish only such information as the Customer is legally required to provide. Subject to the notice provisions of this paragraph, Customer may disclose relevant Confidential Information in connection with an action by Customer against Company to enforce Company's obligations under this Settlement Agreement.

7. Notice. If to the Customer, then to the person and address identified in the signature block hereto.

If to the Company:

Yellow Corporation
11500 Outlook Street, Suite 400, Overland Park, KS 66211
Attn: Joseph Wormington

-and-

Kirkland & Ellis LLP
333 West Wolf Point Plaza, Chicago, IL 60654
Attn:      Rob Jacobson
E-mail:    rob.jacobson@kirkland.com

-and-

601 Lexington Avenue, New York, New York, 10022
Attn:      Allyson B. Smith & Olivia Acuña
E-mail:    allyson.smith@kirkland.com
           olivia.acuna@kirkland.com

8. Representations and Acknowledgements. The Parties agree, acknowledge, and represent that:

    a. the Parties have reviewed the terms and provisions of the Order and this Settlement Agreement and consent to be bound by such terms and that this Settlement Agreement is expressly subject to the Order;

    b. this Agreement shall be subject to the terms and conditions of the Order;

    c. this Settlement Agreement shall not be deemed effective until all requirements in the Order are met;

    d. if, pursuant to the Order, there is an Objection Deadline for Notice Parties, this Settlement Agreement is not deemed effective until the passage of the Objection Deadline;

    e.    if the Customer fails to perform any of its obligations hereunder, the Company may exercise all rights and remedies available under the Order, the Bankruptcy Code, or applicable law; and

    f.    in the event of disagreement between the Parties regarding whether a breach has occurred, either Party may apply to the Court for a determination of their relative rights, in which event, no action may be taken by either Party until a ruling of the Court is obtained.

9. **Miscellaneous**.

    a.    The Parties hereby represent and warrant that: (i) they have full authority to execute this Settlement Agreement on behalf of the respective Parties; (ii) the respective Parties have full knowledge of, and have consented to, this Settlement Agreement; and (iii) they are fully authorized to bind that Party to all of the terms and conditions of this Settlement Agreement.

    b.    This Settlement Agreement sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them. This Settlement Agreement may not be changed, modified, amended, or supplemented, except in a writing signed by both Parties. In the event of any inconsistency between the terms of this Settlement Agreement and the terms of the Order, the Order shall prevail.

    c.    Signatures by facsimile or electronic signatures shall count as original signatures for all purposes.

    d.    This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

    e.    The Parties hereby submit to the exclusive jurisdiction of the Court to resolve any dispute with respect to or arising from this Settlement Agreement.

    f.    This Settlement Agreement shall be deemed to have been drafted jointly by the Parties, and any uncertainty or omission shall not be construed as an attribution of drafting by any Party.

[*Signature Page Follows*]

AGREED AND ACCEPTED AS OF THE LATEST DATE SET FORTH BELOW:

**Yellow Corporation**                                          **Custom Service Hardware ST1308**

*Mary Kiliszewski* (signature)                                  *Michele T Horst* (signature)

By: Mary Kiliszewski                                            By:  Michele T Horst
Title: Director, Revenue Management                             Title: CFO
                                                                Address: N169W21008 Meadow Lane
                                                                Jackson, WI 53037
                                                                Date:

United States Bankruptcy Court for the District of Delaware

## WITHDRAWAL OF CLAIM

| Debtor Name and Case Number: | Yellow Corporation #23-11069 |
|---|---|
| Creditor Name and Address: | Custom Service Hardware LLC<br>N169W21008 Meadow Ln<br>Jackson WI 53037 |
| Court Claim Number (if known): | 0000011791 |
| Date Claim Filed: | 9/29/2023 |
| Total Amount of Claim Filed: | $5,289.30 |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Clerk of this Court, or their duly appointed Claims Agent, to reflect this withdrawal on the official claims register for the above-referenced Debtor.

Dated: 12/3/2024

*(signature)*

Print Name: Michele T Horst
Title (if applicable): CFO

---

## DEFINITIONS

*Debtor*
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*
A creditor is any person, corporation, or other entity to which the debtor owed a debt.

*Proof of Claim*
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

## ITEMS TO BE COMPLETED ON THIS WITHDRAWAL OF CLAIM

*Court, Name of Debtor and Case Number:*
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

*Information about Creditor:*
Complete the section giving the name and address of the creditor that was listed on the previously filed Proof of Claim form.

*Information identifying the Claim that is to be withdrawn:*
Complete the section giving the court claim number, date claim was filed and total amount of claim filed to help identify the claim that is to be withdrawn.

**Sign and print the name and title, if any, of the creditor or other person authorized to file this withdrawal of claim (attach copy of power of attorney, if any).**

This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed or, if applicable, with their duly appointed Claims Agent as per any procedure approved by the court in the above-referenced bankruptcy proceeding.

UNITED STATES BANKRUPTCY COURT
District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE 19801



FIRST-CLASS

US POSTAGE ᴹᴾ PITNEY BOWES

ZIP 53037
02 7H
0006038831

$ 001.03⁰
NOV 26 2025