# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 7358 |

## ORDER SUSTAINING
## DEBTORS' THIRTY-FOURTH OMNIBUS
## (NON-SUBSTANTIVE) OBJECTION TO CLAIMS
## PURSUANT TO SECTION 502(B) OF THE BANKRUPTCY
## CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1

Upon the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"), disallowing the Late Filed Claims set forth on Schedule 1 and the Amended Claims set forth on Schedule 2, each attached hereto, and all as more fully set forth in the Objection; and upon the Herriman Declaration; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

relief requested in the Objection is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate and no other notice need be provided; and this Court having reviewed the Objection, having reviewed the response at Docket No. 7358 filed by Lumen (as defined in the response), and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and Lumen's response at Docket No. 7358 and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained as set forth herein.

2. The Omnibus Claims Objection is withdrawn as to (a) Claim no. 19732, amending and relating back to claim no. 17318 and (b) Claim no. 19740, amending and relating back to claim no. 17313.

3. Upon entry of this Order, claim no. 19754 shall be disallowed and expunged in its entirety without any further action necessary.

4. The Debtors' objection to each of the Disputed Claims addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each claim.  Any stay of this Order pending appeal by any claimant subject to this Order shall only apply to the contested matter that involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

5. The Claims Agent is authorized and directed to modify the claims register in accordance with entry of the relief granted in this Order.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, priority, or validity of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to subsequently dispute any of the Claims objected to herein on any grounds, or a waiver of the Debtors' or any other party in interest's right to dispute any other Claims which may be asserted against the Debtors on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Objection; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.

7. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such Objection and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: December 8th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**