## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*, | Case No. 23-11069 (CTG) |
| Debtors.[1] | (Jointly Administered) |
| Yellow Corporation, et al., | |
| Plaintiffs, | **Obj. Deadline: January 2, 2026, at 4:00 p.m. (ET)** |
| vs. | **Hrg. Date: January 12, 2026, at 10:00 a.m. (ET)** |
| Defendants Listed Below, | |
| Defendants. | |

| Defendant Name | Adversary Number |
|---|---|
| Diesel Direct West, LLC fdba Diesel Direct West Inc. | 25-51373 |
| Direct ChassisLink, Inc. | 25-51381 |
| Magnum LTL, Inc. | 25-51503 |
| Parkland Fuel Corporation dba Conrad & Bischoff, Inc. | 25-51568 |
| Span-Alaska Transporation, LLC | 25-51669 |
| Staples, Inc. dba Staples Business Advantage | 25-51611 |

## PLAINTIFFS' SECOND MOTION FOR AN ORDER APPROVING
## THE SETTLEMENTS OF AVOIDANCE ACTIONS PURSUANT
## TO FED. R. BANKR. P. 9019

Yellow Corporation, et al., the above-captioned debtors and debtors in possession and plaintiffs in the above-captioned adversary proceedings (collectively, the "Debtors" or "Plaintiffs") by and through their undersigned counsel, hereby file this *Second Motion for an Order Approving the Settlements of Avoidance Actions Pursuant to Fed. R. Bankr. P. 9019* (the "Motion"). In further support of the Motion, the Plaintiffs respectfully represents as follows:

---

1 A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

## JURISDICTION

1.     The district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

2.     Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363(b) and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.     On August 6, 2023 and continuing on August 7, 2023 (together, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. These chapter 11 case (the "Chapter 11 Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).[2]

5.     The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

6.     On August 16, 2023, the Office of the United States Trustee for Region 3 (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the

---

2 Docket No. 169.

Bankruptcy Code (the "Committee").[3] An amended notice of appointment was filed on May 20, 2024.[4] A second amended notice of appointment was filed on February 5, 2025.[5]

7.      On July 7, 2025, the Court entered an order authorizing the employment of ASK LLP as special counsel to pursue avoidance actions (the "Avoidance Actions") on behalf of the Debtors. [D.I. 6641].

8.      The Plaintiffs have retained ASK LLP to continue and/or initiate the process of sending demand letters, filing adversary proceedings, and negotiating settlements (subject to Court approval if required under the Settlement Procedures Order) with entities that received payments in the 90-day period prior to the Petition Date.

9.      On July 30, 2025, the Court entered an order approving procedures for the settlement and notice of the Avoidance Actions brought by the Debtors (the "Settlement Procedures Order"). [D.I. 6749]. Pursuant to the Settlement Procedures Order, Avoidance Actions against insiders or those with a gross amounts demanded greater than $750,000.00 are subject to the motion requirements of Bankruptcy Rule 9019, while Avoidance Actions with smaller gross amounts demanded against non-insiders are subject to notice of settlement procedures.

10.     In accordance with their duties under the Bankruptcy Code, Plaintiffs have reviewed the Debtors' financial books and records and investigated the estates' causes of action to avoid transfers pursuant and/or recover property of their estates pursuant to sections 542 through 550 of the Bankruptcy Code.

---

3 Docket No. 269.

4 Docket No. 3430.

5 Docket No. 5615.

11.     The Plaintiffs have settled, subject to Bankruptcy Court approval, Avoidance Action against **six (6)** defendants (the "<u>Defendants</u>"). A list containing the name of the Defendants, the gross amount demanded from the Defendants, the amount paid or to be paid by the Defendants to the Plaintiffs in settlement of the Avoidance Action, and a rationale for each of the settlements are attached hereto as **<u>Exhibit A</u>**.

12.     To date, the Plaintiffs have not obtained Bankruptcy Court approval for the settlements of the Avoidance Actions listed on **<u>Exhibit A</u>** attached hereto.

<u>**RELIEF REQUESTED**</u>

13.     By this Motion, the Plaintiffs seek approval of the settlements of the Avoidance Actions listed on **<u>Exhibit A</u>** attached hereto pursuant to Bankruptcy Rule 9019. Rule 9019 provides that "[o]n the trustee's motion and after notice and a hearing, the court may approve a compromise or settlement. Notice must be given to: all creditors; the United States trustee; the debtor; . . . and any other entity the court designates."  Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

14.     The Plaintiffs are obligated to maximize the value of the estates and make decisions in the best interests of all creditors of the estates.  *Id.* at 394.  The Plaintiffs believe, in their business judgment, the settlements of the Avoidance Actions against the Defendants listed on **<u>Exhibit A</u>** hereto are in the best interests of the estates and all creditors, especially in light of the cost, uncertainty, and delay of litigation.  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision.  *Id.* at 395.

15.     In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* at 393.  In striking this

4

balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id.*

16.     A review of the four factors from *Martin* demonstrates that the settlement of each Avoidance Action against the applicable Defendant is: (i) in the best interests of the estate and all of the creditors; (ii) reasonable; and (iii) within the Plaintiffs' sound business judgment. The Plaintiffs agreed to each proposed settlement based on a variety of factors, including potential defenses to underlying claims. The Plaintiffs believe the proposed settlements are well within the range of reasonableness and in the best interests of the Debtors' estates. The settlements of the Avoidance Actions will eliminate the potentially high costs of litigation and the uncertainty of success in light of the possible defenses.

17.     The Plaintiffs respectfully represent that the compromise reached with each Defendant is fair, reasonable, and in the best interest of the creditors and the Debtors' estates.  The Plaintiffs likewise believe each proposed settlement is fair and equitable, and founded on the exercise of sound business judgment by the Plaintiffs.  Each settlement results in a payment being made to the estates and the release by the Defendant of such claims that such entity may have against the Plaintiffs and the Debtors' estates, in consideration for a release by the Plaintiffs of the claim able to be asserted against Defendants in the Avoidance Actions, without the Plaintiffs expending significant estate resources litigating such claims.

## NOTICE

18.     Notice of this Motion, together with a copy of the Motion, has been given to (i) United States Trustee for the District of Delaware, (ii) the Defendants, and (iii) all parties that have

requested such notice pursuant to Bankruptcy Rule 2002 as of this date.  In light of the nature of the relief requested herein, the Plaintiffs submits that no other or further notice need be given.

**CONCLUSION**

**WHEREFORE**, the Plaintiffs respectfully request that this Court enter the attached proposed order granting the Plaintiffs' Motion approving the settlements of the Avoidances Actions against the Defendants set forth on **Exhibit A** attached hereto; and granting such other and further relief as the Court deems just and equitable.

Dated: December 11, 2025

*/s/ Peter J. Keane*_____
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

*-and-*

**ASK LLP**
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq., MN SBN 0389115
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (877) 746-4275
Email: kcasteel@askllp.com

*Counsel for Plaintiffs*