**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 8285** |
| | <u>Hearing Date</u>: December 18, 2025 at 1:00 p.m. (ET) <br> <u>Obj. Deadline</u> (extended for the U.S. Trustee): December 11, 2025 at 4:00 p.m. (ET) |

**THE UNITED STATES TRUSTEE'S OBJECTION TO THE SUPPLEMENTAL APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF YELLOW CORPORATION, ET AL. TO RETAIN AND EMPLOY MILLER BUCKFIRE ON ADDITIONAL TERMS AS INVESTMENT BANKER, *NUNC PRO TUNC* TO AUGUST 21, 2023**

Andrew R. Vara, the United States Trustee for Region Three (the "<u>U.S. Trustee</u>"), by and through his undersigned counsel, hereby objects (the "<u>Objection</u>") to the *Supplemental Application of the Official Committee of Unsecured Creditors of Yellow Corporation, et al. to Retain and Employ Miller Buckfire on Additional Terms as Investment Banker, Nunc Pro Tunc to August 21, 2023* [D.I. 8285] (the "<u>Supplemental Application</u>"), and in support of this Objection respectfully states:

**PRELIMINARY STATEMENT**

1. Through the Supplemental Application, the Committee's investment banker, Miller Buckfire, requests a fee enhancement of $3.75 million in addition to its compensation terms previously approved pursuant to 11 U.S.C. § 328, consisting of a deferred transaction fee

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

of $3.75 million and monthly fees of $175,000 (50% of which fees are credited after the fourth month). Section 328(a) of the Bankruptcy Code directs that the Court "may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident *in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions*." 11 U.S.C. § 328(a) (emphasis added).

2. Because the circumstances described in the Supplemental Application are within the scope of services for which Miller Buckfire was retained, it cannot be concluded that the developments of this case were *incapable* of being anticipated, thus rendering the terms of Miller Buckfire's initial retention improvident and justifying approval of the requested fee enhancement. Rather, it appears that Miller Buckfire misjudged the timing of the Debtors' sale process. As a result, the Supplemental Application fails to meet the high burden imposed by section 328(a) for approval of fee enhancements.

3. Accordingly, and for the reasons set forth in more detail herein, the U.S. Trustee respectfully requests that the Court enter an order denying the Supplemental Application.

## JURISDICTION AND STANDING

4. This Court has jurisdiction to hear and determine approval of the Supplemental Application and this Objection under: (i) 28 U.S.C. § 1334; (ii) applicable order(s) of the United States District Court of the District of Delaware issued under 28 U.S.C. § 157(a); and (iii) 28 U.S.C. § 157(b)(2).

5. Under 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district. The duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and

interpreted by the Courts. *See Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

6. The U.S. Trustee has standing to be heard with regard to the Supplemental Application under 11 U.S.C. § 307. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

**Background**

**A.    The Chapter 11 Cases**

7. On August 6, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, (the "Bankruptcy Code," or "Code"), in the United States Bankruptcy Court for the District of Delaware (this "Court"), thereby commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").

8. On August 16, 2023, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee").

9. Since the Petition Date, the Debtors have liquidated certain real estate and rolling stock assets and continue to market and liquidate their remaining assets.

**B.    The Plan and Disclosure Statement**

10. On July 29, 2025, the Debtors filed the *Fourth Amended Disclosure Statement for the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* (D.I. 6747) and the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*

*Proposed by the Debtors and the Official Committee of Unsecured Creditors* (D.I. 6746) (the "Plan").

11.     On September 15, 2025, the Bankruptcy Court entered its *Order Approving (I) the Adequacy of the Disclosure Statement, (II) the Solicitation and Voting Procedures, (III) the Form of Ballot and Notices in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (D.I. 7608) (the "Solicitation Procedures Order").

12.     On November 19, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors (Technical Modifications)* (D.I. 8229) (the "Confirmation Order").

13.     On November 19, 2025, MFN Partners, LP and Mobile Street Holdings, LLC filed their *Amended Notice of Appeal* (D.I. 8220) with respect to the Confirmation Order and the Court's November 17, 2025 bench ruling confirming the Plan.

**C.     Miller Buckfire's Retention and the Supplemental Application**

14.     On September 18, 2203, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Yellow Corporation, et al. to Retain and Employ Miller Buckfire as Investment Banker Nunc Pro Tunc to August 21, 2023* (D.I. 599) (the "Retention Application").

15.     On October 4, 2023, the Court entered the *Order Authorizing the Official Committee of Unsecured Creditors of Yellow Corporation, et al. to Retain and Employ Miller Buckfire as Investment Banker Nunc Pro Tunc to August 21, 2023* (D.I. 764) (the "Retention Order").

16. Pursuant to the Retention Order and in accordance with the terms of the Engagement Letter attached to the Retention Order, the services to be rendered by Miller Buckfire in these Chapter 11 Cases include the following:

> a. Familiarize itself with the business, operations, properties, financial condition and prospects of the Debtors and advise and assist the Committee in structuring and effecting the financial aspects of any Transaction;
>
> b. receive, review and perform diligence on information provided on a confidential basis by the Debtors or the Committee;
>
> c. assist the Committee in negotiations regarding any sale, plan of reorganization or liquidation of any of the Debtors in the Chapter 11 Cases (a "Plan") or other Transaction;
>
> d. represent and negotiate on the behalf of the Committee as it relates to any restructuring proposals advanced by the Committee, Debtors or any other parties or stakeholders;
>
> e. participate in hearings before the Court in connection with Miller Buckfire's other services, including related testimony, in coordination with the Committee's counsel; and
>
> f. provide such other services as may be reasonably requested by the Committee and consistent with the particular services described herein.

Retention Order, Exhibit 1.

17. The Retention Order approved the following compensation to Miller Buckfire (the "Fee Structure"): a monthly fee of $175,000 (the "Monthly Fee") and a deferred fee of $3.75 million (the "Deferred Fee"), which became due upon the sale of at least a majority of the assets of the Debtors. *Id*. at pg. 2. After the first four months, 50% of the Monthly Fee is credited against the Deferred Fee. *Id*. Thus, for the past 19 months, Miller Buckfire has been due a Monthly Fee of $87,500. Supplemental Application at ¶ 18. Based on the current Fee Structure, the Committee estimates that Miller Buckfire is projected to earn $6.6 million in fees from the Petition Date through December 31, 2025. *Id.* at ¶ 20.

18. On November 25, 2025, the Committee filed the Supplemental Application. In support, the Supplemental Application attaches (i) as Exhibit B the *Declaration of John D'Amico in Support of Supplemental Application of the Official Committee of Unsecured Creditors of Yellow Corporation, et al., to Retain and Employ Miller Buckfire on Additional Terms as Investment Banker, Nunc Pro Tunc to August 21, 2023* (the "D'Amico Declaration") and (ii) as Exhibit C the *Declaration of Brad Berliner in Support of Supplemental Application of the Official Committee of Unsecured Creditors of Yellow Corporation, et al., to Retain and Employ Miller Buckfire on Additional Terms as Investment Banker, Nunc Pro Tunc to August 21, 2023* (the "Berliner Declaration").

19. The Supplemental Application seeks to increase the $3.75 million Deferred Fee to $7.5 million, with no change to the current Monthly Fee and crediting mechanism. Supp. Application, ¶ 23.

20. The Supplemental Application seeks to increase the fee cap because the "extent and intensity of services required by the Committee by Miller Buckfire were dramatically more extensive than those that were contemplated when the Committee initially engaged Miller Buckfire, in significant part due to the protracted timeline of these Chapter 11 cases." D'Amico Declaration, ¶ 6.

21. The terms of the Supplemental Application do not alter the scope of the services that Miller Buckfire is to provide the Committee. Rather, the only modification requested by the Supplemental Application is an increase of the Deferred Fee from $3.75 million to $7.5 million.

**OBJECTION**

11 U.S.C. 328(a) provides that:

> [t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. **Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.**

(emphasis added).

23. Under section 328(a), a movant must demonstrate not only that an adjustment of compensation is appropriate after the conclusion of employment and in light of subsequent developments, but the movant is also "tasked with the weightier burden of proving that the subsequent developments were incapable of being anticipated at the time the engagement was approved." *In re ASARCO, L.L.C.*, 702 F.3d 250, 258 (5th Cir. 2012*); see also In re LATAM Airlines Group S.A.*, 643 B.R. 772, 785 (S.D.N.Y. 2022) (stating that "a finding of improvidence pursuant to section 328 is a difficult determination to make and therefore, courts rarely disturb the original terms and conditions of a professional's employment.")

24. The United States Courts of Appeals for both the Second and Fifth Circuits have observed the "high hurdle" that section 328(a) creates for a movant who seeks to modify the terms governing a professional's compensation ex post facto. *In re Smart World Techs., LLC*, 552 F.3d 228 at 234- 35 (2d Cir. 2009) ("Surprisingly few cases have construed [section 328(a)'s] language, but those that have make it evident that it is a high hurdle to clear."); *In re ASARCO, L.L.C.*, 702 F.3d at 257 ("A professional may be retained on any reasonable terms; but, once

those terms have been approved pursuant to § 328(a), the court may not stray from them at the end of the engagement unless developments subsequent to the original approval that were incapable of being anticipated render the terms improvident.").

25. In *LATAM Airlines, supra*, the Court denied a requested fee enhancement for the Debtors' investment banker, stating that professional had not demonstrated "why the lengthier timeline…-a contingency present in many complex chapter 11 cases- could not have been anticipated" at the time of its retention, even taking into account the 2020 pandemic. *LATAM Airlines*, 643 B.R. at 787. In *In re FAH Liquidating (f/k/a Fisker Automotive Holdings)*, No.13-13087, 2015 Bankr. LEXIS 190 (Bankr. D.Del. Jan. 21, 2015), the Court denied approval of a requested fee enhancement for committee professionals, noting that "section 328(a) 'operates as a two-way ratchet: it may preclude reduction of compensation that in hindsight appears excessive, but it also may preclude an increase of compensation that in hindsight appears inadequate.'" *Id*. at *9, citing 3 *Collier on Bankruptcy* 328.03[4][b] at 328-30 (2014).

26. The circumstances alleged by the Committee as justification for Miller Buckfire's proposed fee enhancement consist primarily of sale related tasks and due diligence, albeit on a protracted schedule as opposed to a one-off sale of substantially all assets. However, these tasks are included within the scope of Miller Buckfire's services as set forth in its Engagement Letter and approved by the Retention Order ("assist the Committee in negotiations regarding any sale;" "receive, review and perform diligence;" and "provide such other services as may be reasonably requested by the Committee and consistent with the particular services described herein")[4] and therefore cannot be considered unanticipated. While Miller Buckfire may have underestimated the length of time required to sell the Debtors' various assets, Miller Buckfire has not demonstrated that such circumstances were incapable of being anticipated.

27. Since the Debtors' business had stopped operating at the time of the filing, it should not have been unanticipated that the sale process might not have proceeded as quickly as a typical going concern sale. Given the Debtors' vast business enterprise, it should not be surprising, especially for a sophisticated professional like Miller Buckfire, that the Chapter 11 Cases have required considerable time and effort by the professionals. Accordingly, the Supplemental Application fails to meet the burden necessary to establish that the Retention Order was improvidently granted.

28. The Committee includes references to several ECF orders in support of the Supplemental Application. These orders are distinguishable from the circumstances in the Supplemental Application. The orders referenced in paragraph 50 of the Supplemental Application are not cases where fee enhancements were approved, but rather, are cases in which the estate or committee affirmatively sought to expand the scope of the professional's employment during the course of the bankruptcy case. Similarly, the orders cited in paragraph 51 include cases where an objection was settled prior to any contested hearing.

## **CONCLUSION**

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court enter an order denying the Supplemental Application and granting such other and further relief as the Court deems just and equitable.

Dated: December 11, 2025

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**REGIONS 3 AND 9**

By: */s/ Jane M. Leamy*

Jane M. Leamy (DE Bar No. 4113)
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 N. King Street, Room 2207, Lockbox 35
Wilmington, DE 19801
Tel: (302) 573-6491
Email: Jane.M.Leamy@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Jane M. Leamy, hereby certify that on December 11, 2025, a copy of this Objection was caused to be served *via* electronic service on the parties registered with the Court's CM/ECF system with courtesy copies sent via email to other parties in interest.

Dated: December 11, 2025                                  */s/ Jane M. Leamy*
                                                                              Jane M. Leamy