## EXHIBIT B

**Local 707 Term Sheet**

*Execution*

# YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### December 9, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Road Carriers Local 707 Pension Fund (the "Fund" and collectively with the Debtors, the "Parties") on the other hand.  Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow.*]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____

Name: Matthew Doheny

Title: CRO

**ROAD CARRIERS LOCAL 707 PENSION FUND**:

By: _[signature]_____

Name: Kevin McCaffrey

Title: Fund Administrator

**Exhibit A**

**Settlement Term Sheet**

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order and/or the PBGC does not approve the |

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | |
|---|---|
| | settlement of the Withdrawal Liability Claims set forth on <u>Annex 1</u>, this Term Sheet shall be deemed null and void and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "<u>Releases</u>") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "<u>Settlement Effective Date</u>"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant.<br><br>The Parties shall obtain approval from PBGC with respect to the settlement of the Withdrawal Liability Claims set forth on <u>Annex 1</u>. The "<u>Settlement Effective Date</u>" shall be the later of the date that the Bankruptcy Court enters the 9019 Order or the date that PBGC approves the settlement of the Withdrawal Liability Claims. |
| **Contribution** | The Fund shall contribute up to $133,772.72 to a $7.5 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "<u>Non-J&S GUC Contribution</u>").  The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "<u>Fund's Contribution</u>"), with each other multi-employer pension plan fund with which the Debtors |

| | |
|---|---|
| | execute a settlement term sheet contributing each's *pro rata* share.[2] The Fund's Contribution under the preceding sentence is currently contemplated to be $133,772.72. In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00.<br><br>Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million.<br><br>Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $133,772.72 or 1.78% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "MEPP Calculation Methodology"). |

---

[2] These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

|  | If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>"). The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim. |
|---|---|

Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | Settled General Unsecured Claim Amount | Unchallenged Priority Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|---|
| | | | *Withdrawal Liability Claims* | | | |
| 1. | All Debtors | Road Carriers Local 707 Pension Fund | 20023-20044. | $25,652,000 | $0.00 | $25,652,000 |
| 2. | New Penn Motor Express LLC | Road Carriers Local 707 Pension Fund | 14943, 14945, 15170, 19527. | $0.00 | $11,798.16 | $11,798.16 |
| 3. | YRC Inc. | Road Carriers Local 707 Pension Fund | 14941, 19144, 19528. | $0.00 | $116,870.93 | $116,870.93 |