## EXHIBIT C

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| YELLOW CORPORATION, *et al.*,[1] | ) Case No. 23-11069 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 8296** |

## ORDER (I) APPROVING THE SETTLEMENT
## AGREEMENTS BY AND AMONG THE DEBTORS AND
## CERTAIN PENSION FUNDS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for entry of an order (this "Order"), (a) approving each of the Settlement Agreements as set forth in each of the corresponding Settlement Term Sheets by and between the Settling Parties, copies of which are attached hereto as **Exhibit 1** and (b) granting related relief, all as more fully set forth in the Motion; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

estates, their creditors, and other parties in interest; and this Court having found that the Debtors'
notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other
notice need be provided; and this Court having reviewed the Motion and having heard the
statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>");
and this Court having determined that the legal and factual bases set forth in the Motion and at the
Hearing establish just cause for the relief granted herein; and upon all of the proceedings had
before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY
ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized to enter into, perform, execute, and deliver all
documents, and take all actions necessary to timely and fully implement and consummate each of
the Settlement Agreements, in accordance with the terms of each of the corresponding Settlement
Term Sheets, attached hereto as **<u>Exhibit 1</u>**.

3.      The Settlements satisfy the standards of section 363(b)(1) of the Bankruptcy Code
and Bankruptcy Rule 9019 and are hereby approved.

4.      Notice of the Motion as provided therein shall be deemed good and sufficient notice
of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied
by such notice.

5.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order
are immediately effective and enforceable upon its entry.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief
granted in this Order in accordance with the Motion.

7.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **<u>Exhibit 1(a)</u>**

**Central States Pension Fund Settlement Term Sheet**

*Execution*

# YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Central States, Southeast and Southwest Areas Health and Welfare Fund ("Central States HWF") and Central States, Southeast and Southwest Areas Pension Fund ("Central States PF" and together with Central States HWF, "Central States" and collectively with the Debtors, the "Parties") on the other hand.  Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to: approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow*.]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____

Name:  Matthew Doheny

Title:   CRO

**CENTRAL STATES**:

By: _____

Name: __Andrew Sprau_____

Title: __Group Manager, Operations Accounting Group

**Exhibit A**

**Settlement Term Sheet**

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and Central States |
| **Claims Settlement** | Central States has filed proofs of claim (collectively, the "Central States Claims") in these Chapter 11 Cases alleging amounts owed on account of certain prepetition pension contribution obligations, prepetition healthcare contribution obligations, prepetition collective bargaining and participation agreements, a prepetition contribution guarantee agreement, including contribution amounts allegedly owed related to potential liability under the Worker Adjustment and Retraining Notification Act (the "WARN Act"), and multi-employer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, Central States shall have Allowed Claims as set forth on Annex 1 (the "Central States Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to Central States. The Debtors and Central States shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and Central States shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Central States Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and Central States shall take all actions |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | |
|---|---|
| | necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Central States Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order and/or the PBGC does not approve the settlement of the Withdrawal Liability Claims set forth on <u>Annex 1</u>, this Term Sheet shall be deemed null and void and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "<u>Releases</u>") will apply to Central States and the Central States Claims regardless of whether Central States voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>Central States shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order; *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant.<br><br>The Parties shall obtain approval from PBGC with respect to the settlement of the Withdrawal Liability Claims set forth on <u>Annex 1</u>. The "<u>Settlement Effective Date</u>" shall be the later of the date that the Bankruptcy Court enters the 9019 Order or the date that PBGC approves the settlement of the Withdrawal Liability Claims. |

| | |
|---|---|
| **Contribution** | Central States PF shall contribute up to $3,751,977.41 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "<u>Non-J&S GUC Contribution</u>").  Central States PF's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "<u>Central States PF Contribution</u>"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2]  The Central States PF Contribution under the preceding sentence is currently contemplated to be $3,751,977.41.  In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Central States PF Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Central States PF Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00. <br><br> Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Central States PF Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million. <br><br> Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Central States PF Contribution be increased above the lesser of $3,751,977.41 or 50.03% of the Non-J&S GUC Contribution Pool. |

---

[2]  These multi-employer pension plans currently consist of Central States PF, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

| | |
|---|---|
| **Other** | The Central States Settled Claims were guided by and calculated in good faith by the Debtors and Central States in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>").<br><br>If the Debtors propose a settlement of Claims on account of withdrawal liability that Central States believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, Central States shall provide written notice to the Debtors of Central States' position (the "<u>Notice</u>").  The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If Central States provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, Central States shall (in addition to the Withdrawal Liability Claims set forth on Annex 1) be entitled to assert a new Claim for the difference between the amount of the Central States Settled Claims and the amount (if higher) of the Central States Claims utilizing said different calculation methodology (the "<u>Central States Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Central States Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Central States Delta Claim. |

Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | Priority Claim Amount Pursuant to Section 507(a)(5) | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|---|
| | | | *Prepetition Pension Contribution Claims* | | | |
| 1. | USF Holland LLC | Central States PF | 4303 | $3,186,920.71 | $249,384.01 | $3,436,304.72 |
| 2. | YRC Inc. | Central States PF | 4305 | $5,768,443.73 | $1,191,887.48 | $6,960,331.21 |
| | | | *Prepetition Healthcare Contribution Claims* | | | |
| 3. | USF Holland LLC | Central States HWF | 4304 | $13,823,856.64 | $109,138.66 | $13,932,995.30 |
| 4. | YRC Inc. | Central States HWF | 4306 | $26,698,877.06 | $481,691.52 | $27,180,568.58 |
| | | | *Collective Bargaining and Participation Agreement Claims* | | | |
| 5. | USF Holland LLC | Central States HWF | 4304 | $4,711,808.55 | $0.00 | $4,711,808.55 |
| 6. | YRC Inc. | Central States HWF | 4306 | $7,888,191.45 | $0.00 | $7,888,191.45 |
| | | | *Withdrawal Liability Claims* | | | |
| 7. | All Debtors (jointly and severally) | Central States PF | 4312-4335 | $0.00 | $554,472,000 | $554,472,000 |
| 8. | YRC Inc., USF Holland LLC, New Penn Motor Express LLC, USF Reddaway Inc., Yellow Corporation, Express Lane Service, Inc., Roadway Express International, Inc., Roadway LLC, Roadway Next Day Corporation, YRC Association Solutions, Inc., YRC Mortgages, LLC, YRC Regional Transportation, Inc., USF Bestway Inc., USF Dugan Inc., USF Redstar | Central States PF | 4336-4352 | $0.00 | $165,000,000 | $165,000,000 |

A-1

| | | | | | | |
|---|---|---|---|---|---|---|
| | LLC, YRC Logistics Services, Inc., and YRC Enterprise Services, Inc. | | | | | |
| | | | *WARN Act Claims* | | | |
| 9. | USF Holland LLC, YRC Inc. | Central States HWF | 4304, 4306 | N/A, claims waived | N/A, claims waived | N/A, claims waived |

## Exhibit 1(b)

**New York State Teamsters Conference Pension and Retirement Fund Settlement Term Sheet**

*Execution*

# YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and the New York State Teamsters Conference Pension and Retirement Fund (the "Fund" and collectively with the Debtors, the "Parties"), on the other hand. Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

*[Signature pages follow.]*

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**DEBTORS**:

By: _____

Name: Matthew Doheny

Title: CRO

<u>NEW    YORK    STATE    TEAMSTERS
CONFERENCE PENSION AND RETIREMENT
FUND</u>:

By: _____

Name: _____Kenneth Stilwell_____

Title: _____Executive Administrator_____

Signature Page to
Settlement Term Sheet

## Exhibit A

## Settlement Term Sheet

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order and/or the PBGC does not approve the |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | |
|---|---|
| | settlement of the Withdrawal Liability Claims set forth on Annex 1, this Term Sheet shall be deemed null and void and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "Releases") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order; *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant.<br><br>The Parties shall obtain approval from PBGC with respect to the settlement of the Withdrawal Liability Claims set forth on Annex 1. The "Settlement Effective Date" shall be the later of the date that the Bankruptcy Court enters the 9019 Order or the date that PBGC approves the settlement of the Withdrawal Liability Claims. |
| **Contribution** | The Fund shall contribute up to $1,702,624.44 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the  "Non-J&S  GUC  Contribution").    The  Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "Fund's Contribution"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro* |

| | |
|---|---|
| | *rata* share.[2] The Fund's Contribution under the preceding sentence is currently contemplated to be $1,702,624.44. In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00.<br><br>Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million.<br><br>Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $1,702,624.44 or 22.70% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>").<br><br>If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a |

---

[2] These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

<table>
<tr>
<td></td>
<td>

calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "Notice"). The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to the hearing in front of the Bankruptcy Court seeking approval of such settlement.

If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on Annex 1) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "Fund Delta Claims"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim.

</td>
</tr>
</table>

Annex 1

Allowed Claims

|  |  | Debtor | Claimant | Proof of Claim Number | Settled General Unsecured Claim Amount | Unchallenged Priority Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|---|---|
|  | *Withdrawal Liability Claims* | | | | | | |
| 1. |  | All Debtors (jointly and severally) | New York State Teamsters Conference Pension and Retirement Fund | 4489-4512 | $326,500,000.00 | $0.00 | $326,500,000.00 |
| 2. |  | YRC Inc. | New York State Teamsters Conference Pension and Retirement Fund | 4507 | $0.00 | $114,000.00 | $114,000.00 |
| 3. |  | New Penn Motor Express LLC | New York State Teamsters Conference Pension and Retirement Fund | 4512 | $0.00 | $54,000.00 | $54,000.00 |

**<u>Exhibit 1(c)</u>**

**Management Labor Pension Fund Local 1730 Settlement Term Sheet**

*Execution*

# YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Management-Labor Pension Fund Local 1730 (the "Fund" and collectively with the Debtors, the "Parties"), on the other hand.  Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow.*]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____

Name: Matthew Doheny

Title: CRO

**MANAGEMENT-LABOR    PENSION    FUND LOCAL 1730**:

### Union Trustee

By: _____

Name:  Wayne Walsh_____

Title:   _Union Trustee_____

Date: Dec 3, 2025_____

### Management Trustee

By: _____

Name:  Mike Bull_____

Title:    _____Employer Trustee_____

Date: Dec 3, 2025_____

Signature Page to
Settlement Term Sheet

## Exhibit A

## Settlement Term Sheet

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | |
|---|---|
| | and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "<u>Releases</u>") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein. Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "<u>Settlement Effective Date</u>"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Contribution** | The Fund shall contribute up to $39,111.78 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "<u>Non-J&S GUC Contribution</u>"). The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "<u>Fund's Contribution</u>"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2] The Fund's Contribution under the preceding |

---

[2]    These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

| | |
|---|---|
| | sentence is currently contemplated to be $39,111.78. In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00.<br><br>Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million.<br><br>Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $39,111.78 or 0.52% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>").<br><br>If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>"). The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to |

| | the hearing in front of the Bankruptcy Court seeking approval of such settlement. |
| --- | --- |
| | If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim. |

<u>Annex 1</u>

Allowed Claims

|  | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| | *Withdrawal Liability Claims* | | | | |
| 1. | All Debtors (jointly and severally) | Management Labor Pension Fund Local 1730 | 14718, 20100, 20132-20154 | $7,500,000 | $7,500,000 |

## Exhibit 1(d)

**Teamsters Local 617 Pension Fund Settlement Term Sheet**

*Execution*

# YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Teamsters Local 617 Pension Fund (the "Fund" and collectively with the Debtors, the "Parties"), on the other hand.  Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow.*]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____

Name: Matthew Doheny

Title: CRO

**TEAMSTERS LOCAL 617 PENSION FUND**:

By: _____

Name: ___WILLIAM MCKEEVER_____

Title: ___TRUSTEE_____

## Exhibit A

## Settlement Term Sheet

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | |
|---|---|
| | and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "<u>Releases</u>") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "<u>Settlement Effective Date</u>"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Contribution** | The Fund shall contribute up to $15,644.71 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "<u>Non-J&S GUC Contribution</u>").  The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "<u>Fund's Contribution</u>"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2]  The Fund's Contribution under the preceding |

---

[2] These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

| | |
|---|---|
| | sentence is currently contemplated to be $15,644.71. In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00.<br><br>Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million.<br><br>Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $15,644.71 or 0.21% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>").<br><br>If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>"). The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to |

| | the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim. |
|---|---|

Annex 1

Allowed Claims

|  | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| *Withdrawal Liability Claims* | | | | | |
| 1. | All Debtors (jointly and severally) | Teamsters Local 617 Pension Fund | 15727, 15728, 15730, 15735, 15738, 15740, 15741, 15743, 15745, 15747, 15750, 15751, 15753, 15755, 15757, 15759, 15760, 15761, 15763-15765, 15767, 15768, 15770 | $3.0 million | $3.0 million |

**Exhibit 1(e)**

**Trucking Employees of North Jersey Pension Fund Settlement Term Sheet**

*Execution*

## YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Trucking Employees of North Jersey Pension Fund (the "Fund" and collectively with the Debtors, the "Parties"), on the other hand. Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow.*]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____

Name: Matthew Doheny

Title: CRO

**TRUCKING EMPLOYEES OF NORTH JERSEY**
**PENSION FUND**:

By: _____

Name: Robert Blumenfeld_____

Title: Fund Administrator_____

Signature Page to
Settlement Term Sheet

**Exhibit A**

**Settlement Term Sheet**

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | |
|---|---|
| | and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "Releases") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "Settlement Effective Date"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Contribution** | The Fund shall contribute up to $9,027.00 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "Non-J&S GUC Contribution").  The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "Fund's Contribution"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2]  The Fund's Contribution under the preceding |

---

[2]    These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

| | |
|---|---|
| | sentence is currently contemplated to be $9,027.00. In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00.

Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million.

Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $9,027.00 or 0.12% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>").

If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>"). The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to |

|  | the hearing in front of the Bankruptcy Court seeking approval of such settlement.

If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim. |
|---|---|

<u>Annex 1</u>

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| | | | *Withdrawal Liability Claims* | | |
| 1. | All Debtors (jointly and severally) | Trucking Employees of North Jersey Pension Fund | 14722, 20099, 20101-20116, 20118-20128 | $1,700,000 | $1,700,000 |

A-1

**Exhibit 1(f)**

**New England Teamsters Pension Fund Settlement Term Sheet**

*Execution*

## YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and New England Teamsters Pension Fund (the "Fund" and collectively with the Debtors, the "Parties") on the other hand. Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow*.]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____

Name: Matthew Doheny

Title:  CRO

**<u>NEW ENGLAND TEAMSTERS PENSION FUND</u>**:

By: _Erin E. Dexter_

Name: _Erin E. Dexter_

Title: _Counsel to New England Teamsters Pension Fund_

**Exhibit A**

**Settlement Term Sheet**

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "<u>Fund Claims</u>") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on <u>Annex 1</u> (the "<u>Fund Settled Claims</u>"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "<u>9019 Motion</u>").  The Motion and the order approving the Motion (the "<u>9019 Order</u>") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund.   The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely.  Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void |

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "<u>Plan</u>").

| | |
|---|---|
| | and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "Releases") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "Settlement Effective Date"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Contribution** | The Fund shall contribute up to $1,114,772.00 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "Non-J&S GUC Contribution").  The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "Fund's Contribution"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2]  The Fund's Contribution under the preceding |

---

[2]    These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

| | |
|---|---|
| | sentence is currently contemplated to be $1,114,772.00.  In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00. |
| | Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million. |
| | Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $1,114,772.00 or 14.86% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>"). |
| | If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>").  The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to |

<table>
<tr><td></td><td>

the hearing in front of the Bankruptcy Court seeking approval of such settlement.

If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim.

</td></tr>
</table>

<u>Annex 1</u>

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| | | | *Withdrawal Liability Claims[3]* | | |
| 1. | All Debtors (jointly and severally) | New England Teamsters Pension Fund | 18617, 18621, 18627, 18631, 18638, 18644, 18649, 18654, 18664, 18671, 18677, 18682, 18688, 18692, 18696, 18703, 18706, 18707, 18709, 18713, 18717, 18720, 18725, 18729 | $213.8 million | $213.8 million |

---

[3] For the avoidance of doubt, the claim amounts reflected in this chart reflect allowed amounts for claims for withdrawal liability only.

**<u>Exhibit 1(g)</u>**

**Central Pennsylvania Teamsters Pension Fund Defined Benefit Plan Settlement Term Sheet**

*Execution*

# YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Central Pennsylvania Teamsters Pension Fund Defined Benefit Plan  (the "Fund" and collectively with the Debtors, the "Parties") on the other hand.  Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow.*]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____

Name: Matthew Doheny

Title: CRO

**CENTRAL    PENNSYLVANIA    TEAMSTERS PENSION FUND DEFINED BENEFIT PLAN**:

By:    *Erin E. Dexter*

Name:   Erin E. Dexter

Title:    Counsel to Central Pennsylvania
Teamsters Pension Fund Defined
Benefit Plan

## Exhibit A

## Settlement Term Sheet

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | |
|---|---|
| | and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "Releases") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "Settlement Effective Date"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Contribution** | The Fund shall contribute up to $220,017.15 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "Non-J&S GUC Contribution").  The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "Fund's Contribution"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2]  The Fund's Contribution under the preceding |

---

[2]    These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

<table>
<tr><td></td><td>sentence is currently contemplated to be $220,017.15.  In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00.

Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million.

Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $220,017.15 or 2.93% of the Non-J&S GUC Contribution Pool.</td></tr>
<tr><td>**Other**</td><td>The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "MEPP Calculation Methodology").

If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "Notice").  The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to</td></tr>
</table>

A-3

| | the hearing in front of the Bankruptcy Court seeking approval of such settlement. |
| --- | --- |
| | If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim. |

Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| *Withdrawal Liability Claims[3]* | | | | | |
| 1. | All Debtors (jointly and severally) | Central Pennsylvania Teamsters Pension Fund Defined Benefit Plan | 17671, 17676, 17679, 17683, 17686, 17692, 17698, 17710, 17715, 17720, 17728, 17736, 17744, 17752, 17759, 17763, 17767, 17770, 17778, 17783, 17788, 17795, 17799, 17808 | $42.2 million | $42.2 million |

[3] For the avoidance of doubt, the claim amounts reflected in this chart reflect allowed amounts for claims for withdrawal liability only.

**<u>Exhibit 1(h)</u>**

**Teamsters Local 641 Pension Fund Settlement Term Sheet**

*Execution*

# YELLOW CORPORATION, ET AL.

# SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Teamsters Local 641 Pension Fund (the "Fund" and collectively with the Debtors, the "Parties") on the other hand. Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow.*]

1

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By:
Name: Matthew Doheny
Title:  CRO

**<u>TEAMSTERS LOCAL 641 PENSION FUND</u>**:

By: *Erin E. Dexter*

Name:   Erin E. Dexter

Title:   Counsel to Jefferies Leveraged
Credit Products, LLC, as
transferee of the claims of the
Teamsters Local 641 Pension
Fund

**Exhibit A**

**Settlement Term Sheet**

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
|---|---|
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "<u>Releases</u>") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "<u>Settlement Effective Date</u>"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Contribution** | The Fund shall contribute up to $79,586.00 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "<u>Non-J&S GUC Contribution</u>").   The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "<u>Fund's Contribution</u>"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2]  The Fund's Contribution under the preceding |

---

[2]    These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

| | |
|---|---|
| | sentence is currently contemplated to be $79,586.00. In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00.<br><br>Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million.<br><br>Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $79,586.00 or 1.06% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>").<br><br>If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>"). The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to |

|  | the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim. |
|---|---|

Annex 1

Allowed Claims

|  | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| *Withdrawal Liability Claims[3]* | | | | | |
| 1. | All Debtors (jointly and severally) | Teamsters Local 641 Pension Fund[4] | 5505-5528 | $15.3 million | $15.3 million |

[3] For the avoidance of doubt, the claim amounts reflected in this chart reflect allowed amounts for claims for withdrawal liability only.

[4] These claims were transferred to transferee Jefferies Leveraged Credit Products, LLC.

A-1

**<u>Exhibit 1(i)</u>**

**Teamsters Joint Council No. 83 of Virginia Pension Fund Settlement Term Sheet**

*Execution*

# YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Teamsters Joint Council No. 83 of Virginia Pension Fund  (the "Fund" and collectively with the Debtors, the "Parties") on the other hand.  Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

*[Signature pages follow.]*

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____

Name: Matthew Doheny

Title: CRO

**<u>TEAMSTERS JOINT COUNCIL NO. 83 OF VIRGINIA PENSION FUND</u>**:

By: *Erin E. Dexter*

Name:   Erin E. Dexter

Title:   Counsel to Teamsters Joint
       Council No. 83 of Virginia
       Pension Fund

**Exhibit A**

**Settlement Term Sheet**

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void |

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | |
|---|---|
| | and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "<u>Releases</u>") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "<u>Settlement Effective Date</u>"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Contribution** | The Fund shall contribute up to $26,106.47 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "<u>Non-J&S GUC Contribution</u>").   The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "<u>Fund's Contribution</u>"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2]  The Fund's Contribution under the preceding |

---

[2]   These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

| | |
|---|---|
| | sentence is currently contemplated to be $26,106.47.  In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00. |
| | Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million. |
| | Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $26,106.47 or 0.35% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>"). |
| | If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>").  The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to |

|  | the hearing in front of the Bankruptcy Court seeking approval of such settlement.

If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim. |
|---|---|

<u>Annex 1</u>

Allowed Claims

|  | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| *Withdrawal Liability Claims[3]* | | | | | |
| 1. | All Debtors (jointly and severally) | Teamsters Joint Council No. 83 of Virginia Pension Fund | 4461-4484 | $5.0 million | $5.0 million |

---

[3] For the avoidance of doubt, the claim amounts reflected in this chart reflect allowed amounts for claims for withdrawal liability only.

**Exhibit 1(j)**

**International Brotherhood of Teamsters Union No. Local 710 Pension Fund Settlement Term Sheet**

*Execution*

## YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and International Brotherhood of Teamsters Union No. Local 710 Pension Fund (the "Fund" and collectively with the Debtors, the "Parties") on the other hand. Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow.*]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____
Name: Matthew Doheny
Title: CRO

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS UNION NO. LOCAL 710 PENSION FUND**:

By: *Erin E. Dexter*

Name:   Erin E. Dexter

Title:   Counsel to International
Brotherhood of Teamsters Union
No. Local 710 Pension Fund

**Exhibit A**

**Settlement Term Sheet**

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability. <br><br> In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction. <br><br> In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void |

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
|---|---|
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "Releases") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "Settlement Effective Date"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Contribution** | The Fund shall contribute up to $188,239.64 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "Non-J&S GUC Contribution").  The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "Fund's Contribution"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2]  The Fund's Contribution under the preceding |

---

[2]    These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

| | |
|---|---|
| | sentence is currently contemplated to be $188,239.64. In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00.<br><br>Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million.<br><br>Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $188,239.64 or 2.51% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>").<br><br>If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>"). The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to |

| | the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim. |
|---|---|

Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| | | | *Withdrawal Liability Claims[3]* | | |
| 1. | All Debtors (jointly and severally) | International Brotherhood of Teamsters Union No. Local 710 Pension Fund | 17473, 17474, 17477, 17478, 17480, 17481, 17482, 17483, 17485, 17486, 17487, 17490, 17492, 17493, 17495, 17496, 17498, 17499, 17501, 17502, 17504, 17506, 17509, 17510 | $36.1 million | $36.1 million |

---

[3] For the avoidance of doubt, the claim amounts reflected in this chart reflect allowed amounts for claims for withdrawal liability only.

A-1

**<u>Exhibit 1(k)</u>**

**Mid-Jersey Trucking Industry & Teamsters Local 701 Pension and Annuity Fund Settlement Term Sheet**

*Execution*

# YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Mid-Jersey Trucking Industry & Teamsters Local 701 Pension and Annuity Fund (the "Fund" and collectively with the Debtors, the "Parties") on the other hand.  Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow.*]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____

Name: Matthew Doheny

Title: CRO

**MID-JERSEY TRUCKING INDUSTRY & TEAMSTERS LOCAL 701 PENSION AND ANNUITY FUND**:

By: *Erin E. Dexter*

Name:   Erin E. Dexter

Title:   Counsel to Cesium Taupe, L.L.C., as transferee of the claims of Mid-Jersey Trucking Industry & Teamsters Local 701 Pension and Annuity Fund

## Exhibit A

## Settlement Term Sheet

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void |

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | |
|---|---|
| | and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "<u>Releases</u>") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein. Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "<u>Settlement Effective Date</u>"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Contribution** | The Fund shall contribute up to $20,466.25 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "<u>Non-J&S GUC Contribution</u>"). The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "<u>Fund's Contribution</u>"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2] The Fund's Contribution under the preceding |

---

[2] These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

| | |
|---|---|
| | sentence is currently contemplated to be $20,466.25. In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00. <br><br> Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million. <br><br> Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $20,466.25 or 0.27% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>"). <br><br> If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>"). The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to |

|  | the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim. |
|---|---|

Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| | | | *Withdrawal Liability Claims[3]* | | |
| 1. | All Debtors (jointly and severally) | Mid-Jersey Trucking Industry & Teamsters Local 701 Pension and Annuity Fund[4] | 15001-15005, 15008, 15009, 15011-15021, 15023-15027, 15029 | $3.9 million | $3.9 million |

---

[3] For the avoidance of doubt, the claim amounts reflected in this chart reflect allowed amounts for claims for withdrawal liability only.

[4] These claims were transferred to transferee Cesium Taupe, L.L.C.

A-1

**<u>Exhibit 1(l)</u>**

**Freight Drivers and Helpers 557 Pension Fund Settlement Term Sheet**

*Execution*

# YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Freight Drivers and Helpers 557 Pension Fund  (the "Fund" and collectively with the Debtors, the "Parties") on the other hand.  Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow.*]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____

Name: Matthew Doheny

Title: CRO

**FREIGHT   DRIVERS   AND   HELPERS   557
PENSION FUND**:

By:       *Erin E. Dexter*
Name:    Erin E. Dexter
Title:    Counsel to Cesium Taupe, L.L.C.,
          as transferee of the claims of
          Freight Drivers and Helpers 557
          Pension Fund

**Exhibit A**

**Settlement Term Sheet**

| **Summary of Terms[1]** | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "<u>Fund Claims</u>") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on <u>Annex 1</u> (the "<u>Fund Settled Claims</u>"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "<u>9019 Motion</u>"). The Motion and the order approving the Motion (the "<u>9019 Order</u>") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void |

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "<u>Plan</u>").

| | |
|---|---|
| | and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "<u>Releases</u>") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "<u>Settlement Effective Date</u>"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Contribution** | The Fund shall contribute up to $28,225.54 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "<u>Non-J&S GUC Contribution</u>").  The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "<u>Fund's Contribution</u>"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2]  The Fund's Contribution under the preceding |

[2]    These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

| | |
|---|---|
| | sentence is currently contemplated to be $28,225.54. In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00.<br><br>Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million.<br><br>Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $28,225.54 or 0.38% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>").<br><br>If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>"). The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to |

|  | the hearing in front of the Bankruptcy Court seeking approval of such settlement.

If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim. |
|---|---|

Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| | | | *Withdrawal Liability Claims[3]* | | |
| 1. | All Debtors (jointly and severally) | Freight Drivers and Helpers 557 Pension Fund[4] | 16705, 18597, 18605, 18610, 18616, 18619, 18625, 18629, 18630, 18634, 18640, 18643, 18647, 18652, 18655, 18659, 18667, 18673, 18679, 18681, 18687, 18690, 18694, 18699[5] | $5.4 million | $5.4 million |

---

[3] For the avoidance of doubt, the claim amounts reflected in this chart reflect allowed amounts for claims for withdrawal liability only.

[4] These claims were transferred to transferee Cesium Taupe, L.L.C.

[5] For the avoidance of doubt, the transferred claims appear in the name of Cesium Taupe, L.L.C. at proofs of claim numbered 19539-19562.

**<u>Exhibit 1(m)</u>**

**Teamsters Pension Trust Fund of Philadelphia and Vicinity Settlement Term Sheet**

*Execution*

## YELLOW CORPORATION, ET AL.

## <u>SETTLEMENT TERM SHEET</u>

### November 26, 2025

This term sheet (the "<u>Term Sheet</u>") summarizes the terms and conditions of a proposed settlement (the "<u>Settlement</u>") agreed to by and among Yellow Corporation, a Delaware corporation ("<u>Yellow</u>," and, together with each of the other debtors and debtors in possession, collectively, the "<u>Debtors</u>") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "<u>Chapter 11 Cases</u>") filed in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), on the one hand, and Teamsters Pension Trust Fund of Philadelphia and Vicinity (the "<u>Fund</u>" and collectively with the Debtors, the "<u>Parties</u>") on the other hand.  Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "<u>Bankruptcy Code</u>").

[*Signature pages follow*.]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____

Name: Matthew Doheny

Title: CRO

**<u>TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY</u>:**

By: *Erin E. Dexter*

Name: <u>Erin E. Dexter</u>

Title: <u>Counsel to Cesium Taupe, L.L.C.,</u>
<u>as transferee of the claims of</u>
<u>Teamsters Pension Trust Fund of</u>
<u>Philadelphia & Vicinity</u>

**Exhibit A**

**Settlement Term Sheet**

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | |
|---|---|
| | and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "<u>Releases</u>") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.

The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "<u>Settlement Effective Date</u>"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Contribution** | The Fund shall contribute up to $101,539.73 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "<u>Non-J&S GUC Contribution</u>").    The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "<u>Fund's Contribution</u>"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2]  The Fund's Contribution under the preceding |

---

[2]    These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

| | |
|---|---|
| | sentence is currently contemplated to be $101,539.73. In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00.<br><br>Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million.<br><br>Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $101,539.73 or 1.35% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>").<br><br>If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>"). The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to |

|  | the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim. |
|---|---|

Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| *Withdrawal Liability Claims[3]* | | | | | |
| 1. | All Debtors (jointly and severally) | Teamsters Pension Trust Fund of Philadelphia and Vicinity[4] | 13913, 14076, 14079, 14082, 14084, 14109, 14111, 14112, 14116, 14119, 14137, 14211, 14213, 14216, 14235, 14238, 14242, 14259, 14263, 14265, 14315, 14316, 14318, 14319 | $19.5 million | $19.5 million |

---

[3] For the avoidance of doubt, the claim amounts reflected in this chart reflect allowed amounts for claims for withdrawal liability only.

[4] These claims were transferred to transferee Cesium Taupe, L.L.C.

## Exhibit 1(n)

**IAM National Pension Fund Settlement Term Sheet**

*Execution*

# YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### November 26, 2025

This term sheet (the "<u>Term Sheet</u>") summarizes the terms and conditions of a proposed settlement (the "<u>Settlement</u>") agreed to by and among Yellow Corporation, a Delaware corporation ("<u>Yellow</u>," and, together with each of the other debtors and debtors in possession, collectively, the "<u>Debtors</u>") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "<u>Chapter 11 Cases</u>") filed in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), on the one hand, and IAM National Pension Fund (the "<u>Fund</u>" and collectively with the Debtors, the "<u>Parties</u>") on the other hand.  Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "<u>Bankruptcy Code</u>").

[*Signature pages follow.*]

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By: _____

Name: Matthew Doheny

Title: CRO

**IAM NATIONAL PENSION FUND**:

By:     *Erin E. Dexter*
Name:    Erin E. Dexter
Title:    Counsel to IAM National Pension Fund

## Exhibit A

## Settlement Term Sheet

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund. |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
|---|---|
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "<u>Releases</u>") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "<u>Settlement Effective Date</u>"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Contribution** | The Fund shall contribute up to $68,889.17 to a $7.366 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "<u>Non-J&S GUC Contribution</u>").  The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "<u>Fund's Contribution</u>"), with each other multi-employer pension plan fund with which the Debtors execute a settlement term sheet contributing each's *pro rata* share.[2]  The Fund's Contribution under the preceding |

[2]  These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

|  | sentence is currently contemplated to be $68,889.17.  In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00. |
|---|---|
|  | Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million. |
|  | Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $68,889.17 or 0.92% of the Non-J&S GUC Contribution Pool. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>"). |
|  | If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>").  The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to |

<table>
<tr>
<td></td>
<td>the hearing in front of the Bankruptcy Court seeking approval of such settlement.

If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim.</td>
</tr>
</table>

Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| | | | *Withdrawal Liability Claims[3]* | | |
| 1. | YRC Inc. | IAM National Pension Fund | 18428, 18439, 18445, 18453, 18461, 18470, 18475, 18483, 18497, 18504, 18516, 18522, 18529, 18534, 18537, 18545, 18572, 18581, 18589, 18596, 18600, 18607,18614, 18620 | $13.2 million | $13.2 million |

[3] For the avoidance of doubt, the claim amounts reflected in this chart reflect allowed amounts for claims for withdrawal liability only.

A-1

## **Exhibit 1(o)**

**Road Carriers Local 707 Pension Fund Settlement Term Sheet**

*Execution*

# YELLOW CORPORATION, ET AL.

## SETTLEMENT TERM SHEET

### December 9, 2025

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among Yellow Corporation, a Delaware corporation ("Yellow," and, together with each of the other debtors and debtors in possession, collectively, the "Debtors") in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Road Carriers Local 707 Pension Fund (the "Fund" and collectively with the Debtors, the "Parties") on the other hand. Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow.*]

1

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**<u>DEBTORS</u>**:

By:  _____

Name:  Matthew Doheny

Title:  CRO

**ROAD CARRIERS LOCAL 707 PENSION FUND**:

By: _____

Name: Kevin McCaffrey

Title: Fund Administrator

## Exhibit A

## Settlement Term Sheet

| Summary of Terms[1] | |
|---|---|
| **Parties** | The Debtors and the Fund |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Debtors shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Debtors and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that Debtors and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order and/or the PBGC does not approve the |

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (as amended, modified, or supplemented from time to time, the "Plan").

| | |
|---|---|
| | settlement of the Withdrawal Liability Claims set forth on Annex 1, this Term Sheet shall be deemed null and void and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "Releases") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein.  Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "Settlement Effective Date"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant.<br><br>The Parties shall obtain approval from PBGC with respect to the settlement of the Withdrawal Liability Claims set forth on Annex 1. The "Settlement Effective Date" shall be the later of the date that the Bankruptcy Court enters the 9019 Order or the date that PBGC approves the settlement of the Withdrawal Liability Claims. |
| **Contribution** | The Fund shall contribute up to $133,772.72 to a $7.5 million distributable value contribution for the benefit of Allowed non-joint and several General Unsecured Claims (the "Non-J&S GUC Contribution").  The Fund's contribution to the Non-J&S GUC Contribution shall be on a *pro rata* basis (the "Fund's Contribution"), with each other multi-employer pension plan fund with which the Debtors |

<table>
<tr><td></td><td>execute a settlement term sheet contributing each's <em>pro rata</em> share.[2]  The Fund's Contribution under the preceding sentence is currently contemplated to be $133,772.72.  In the event that the Debtors enter into settlements with additional multi-employer pension plans that are approved by the Court, the Fund's Contribution shall be reduced proportionally by the additional settling parties' ratable portion of the Non-J&S GUC Contribution, assuming all of the multi-employer pension plan settlements are approved, or if not all such settlements are approved, then the Fund's Contribution shall be reduced proportionally based upon the amount by which the approved settlements exceed $1,438,186,000.00.<br><br>Furthermore, and notwithstanding the foregoing, in the event that the Debtors' cash on hand as of immediately prior to the Effective Date and prior to making any distributions contemplated by the Plan is less than $550 million, the Fund's Contribution shall be reduced proportionally by decreasing the Non-J&S GUC Contribution ratably with the percentage difference between the Debtors' cash on hand as of immediately prior to the Effective Date and $550 million.<br><br>Under no circumstances, including but not limited to if the actual distributable value to all general unsecured creditors is more than $550 million or if any settlement with another multi-employer pension plan does not occur, may the Fund's Contribution be increased above the lesser of $133,772.72 or 1.78% of the Non-J&S GUC Contribution Pool.</td></tr>
<tr><td><strong>Other</strong></td><td>The Fund Settled Claims were guided by and calculated in good faith by the Debtors and the Fund in accordance with the rulings and observations of the Bankruptcy Court and the Third Circuit as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "<u>MEPP Calculation Methodology</u>").</td></tr>
</table>

---

[2]     These multi-employer pension plans currently consist of Central States Southeast and Southwest Areas Pension Fund, New York State Conference Pension and Retirement Fund, Trucking Employees of New Jersey Welfare (Pension) Fund, Management Labor Pension Fund Local 1730, Mid-Jersey Trucking Industry Teamsters Local 701, Teamsters Local 617 Pension Fund, Freight Drivers and Helpers Local 557, Teamsters Local 641 Pension Fund, New England Teamsters Pension Fund, Teamsters Local 710 Pension Fund, Central Pennsylvania Teamsters Pension Fund, Teamsters Joint Council #83 Pension Fund, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and IAM National Pension Fund.

|  | If the Debtors propose a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Debtors of the Fund's position (the "<u>Notice</u>"). The Notice must be provided to the Debtors by the earlier of (a) fourteen days after the Debtors file a motion seeking approval of the settlement and (b) two days prior to the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If the Fund provides the Notice and the Debtors obtain approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on <u>Annex 1</u>) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "<u>Fund Delta Claims</u>"), and the Debtors shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Debtors do not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Debtors may object to any Fund Delta Claim. |
|---|---|

Annex 1

Allowed Claims

|   | Debtor | Claimant | Proof of Claim Number | Settled General Unsecured Claim Amount | Unchallenged Priority Claim Amount | Total Claim Amount |
|---|--------|----------|----------------------|----------------------------------------|------------------------------------|--------------------|
| *Withdrawal Liability Claims* | | | | | | |
| 1. | All Debtors | Road Carriers Local 707 Pension Fund | 20023-20044. | $25,652,000 | $0.00 | $25,652,000 |
| 2. | New Penn Motor Express LLC | Road Carriers Local 707 Pension Fund | 14943, 14945, 15170, 19527. | $0.00 | $11,798.16 | $11,798.16 |
| 3. | YRC Inc. | Road Carriers Local 707 Pension Fund | 14941, 19144, 19528. | $0.00 | $116,870.93 | $116,870.93 |