IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |

**SECOND STIPULATION REGARDING CERTAIN ADDITIONAL UNDISPUTED FACTS BETWEEN MFN PARTNERS, LP AND MOBILE STREET HOLDINGS, LLC AND THE DEBTORS REGARDING MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER APPROVING THE SETTLEMENT AGREEMENTS BY AND AMONG THE DEBTORS AND CERTAIN PENSION FUNDS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases") and MFN Partners, LP and Mobile Street Holdings, LLC (collectively, the "MFN/Mobile Street" and together with the Debtors, the "Parties"), by and through their respective counsel, hereby enter into this stipulation (the "Stipulation") and stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on August 6, 2023 (the "Petition Date"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

---

[1] A complete list of each of the debtors in these chapter 11 cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

**WHEREAS**, on November 19, 2025, the Court entered an order confirming the *Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* [Docket No. 6746] (the "Fourth Amended Plan"). *See* Docket No. 8229;

**WHEREAS**, on November 26, 2025, the Debtors filed the *Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief* [Docket No. 8296] (the "Settlement Motion");

**WHEREAS**, on November 29, 2025, MFN/Mobile Street served on the Debtors MFN/Mobile Street's first set of interrogatories and request for production regarding the Settlement Motion;

**WHEREAS**, on December 17, 2025, the Debtors served on MFN/Mobile Street the Debtors' first set of interrogatories and request for production regarding the Settlement Motion;

**WHEREAS**, on December 22, 2025, the Debtors filed the *Supplemental Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief* [Docket No. 8443] (the "Supplemental Settlement Motion");

**WHEREAS**, on January 5, 2026, the Debtors and MFN/Mobile Street entered into and filed the *Stipulation Regarding Certain Undisputed Facts Between MFN Partners, LP and Mobile Street Holdings, LLC and the Debtors and Testimony Regarding Motion of the Debtors for Entry of an Order Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds* [Docket No. 8485];

**WHEREAS**, the Debtors and MFN/Mobile Street have met and conferred and agreed to certain additional undisputed facts regarding the Settlement Motion and Supplemental Settlement Motion (collectively, the "Motions");

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties to this Stipulation, as follows:

1. For all of the claim objections that are being compromised in the Debtors' Settlement Motion and Supplemental Settlement Motion, the Debtors' counsel conferred with, sought the advice of, shared drafts with, and prepared for arguments with, counsel representing MFN/Mobile Street (including Eric Field).

2. In the case of one claim objection that is being resolved by the Settlement Motion, MFN/Mobile Street's counsel informed Debtors' counsel that in MFN/Mobile Street's view, the estates were likely to not prevail because ERISA does not mandate that multiemployer pension plans that use the presumptive method to allocate unfunded vested benefits must exercise the "fresh start" option after any year where the MEPP has no unfunded vested benefits (unless plan rules require such "fresh start").

3. MFN/Mobile Street and the Debtors discussed and argued in certain claim objections that certain MEPPs should use an interest rate that is the same or similar to their funding rate to calculate unfunded vested benefits because that argument is consistent with 6th, 9th and D.C. Circuit Courts of Appeals rulings. While no Courts of Appeals have held that a MEPP is permitted to use an interest rate to calculate unfunded vested benefits that is not the same or similar to the funding rate, some District Courts have held to this effect and some others have held to the contrary.

4. MFN/Mobile Street and the Debtors discussed and argued in certain claim objections that annual withdrawal liability payments capped at 20 years should be reduced to present value based on the fact that withdrawal liability payments are a stream of payments payable for twenty years that includes principal and interest, and that bankruptcy law requires payments over time to be converted to a lump sum excluding any interest that had not yet accrued.

5. MFN/Mobile Street and the Debtors discussed and argued in certain claim objections the appropriate rate used to reduce annual withdrawal liability payments to present value.

6. MFN/Mobile Street and the Debtors discussed and argued in certain claim objections that any ERISA § 4225(b) reduction applies to withdrawal liability claims after application of the 20-year cap based on ERISA § 4201(b) that states that an employer's allocable UVBs are to be adjusted, and sets out the precise order of how the adjustments are to be applied. And the statutory order adjusts first for the twenty-year cap, and then for any ERISA § 4225(b) reduction.

7. MFN/Mobile Street and the Debtors discussed and argued in certain claim objections that, while no court had addressed the issue, claims which exclude SFA assets from withdrawal liability calculations were improper based on ERISA's definition of unfunded vested benefits in ERISA § 4213(c), 29 U.S.C. § 1393(c) that includes all assets without any reference to excluding assets.

8. MFN/Mobile Street and the Debtors discussed and argued in certain claim objections that claims based on the calculation of certain MEPP's annual payments and allocable UVBs using contribution history that was not Debtor's actual history, but a greater fictionary

history, were improper based on ERISA's requirement that any alternative calculation method must be consistent with ERISA and must be submitted to PBGC for approval.

9. After the Preliminary Observations Opinion was released in April 2025, Debtors' counsel conferred with, shared drafts with, and prepared for arguments with, counsel representing MFN/Mobile Street concerning the Third Circuit appeal.

10. MFN/Mobile Street offered to the Debtors to draft the petition for certiorari to the Supreme Court seeking reversal of the Third Circuit opinion, which MFN/Mobile Street has done; counsel for the Debtors has indicated the draft is acceptable.

11. In December 2025 and January 2026 the Debtors and MFN/Mobile Street worked together in seeking an extension of the time to file a petition for certiorari concerning the Third Circuit appeal.

12. MFN/Mobile Street prepared the drafts for the objection to New York Teamsters liquidated damages claim and reply, including responding to New York Teamsters' argument that the objection was filed too late by the objecting parties. The Debtors have joined in MFN/Mobile Street's pleadings. MFN/Mobile Street and the Debtors discussed and argued that New York Teamsters' liquidated damages claim was improper because ERISA only provides for liquidated damages when MEPPs are forced to file a collection action to recover unpaid contributions or unpaid withdrawal liability payments, which New York Teamsters' Pension Fund did not have to do. Even New York Teamsters' own plan documents state that liquidated damages on withdrawal liability missed payments are only available when there is an ERISA lawsuit filed to collect such damages.

6

13. In September 2024, the Debtors' counsel requested MFN/Mobile Street's views on a settlement proposal by IAM National Pension Fund ("IAM National"). MFN/Mobile Street was supportive of the Debtors' settlement approach.

14. Prior to receipt of the IAM National settlement proposal in September 2024, according to the Debtors' lead counsel for MEPP claim objections, no Settling MEPP was willing to negotiate settlement of claim objections.

15. The Debtors' litigation counsel discussed with counsel for MFN/Mobile Street the types of damages that could be asserted against the IBT defendants in the litigation pending in the United States District Court for the District of Kansas, and the second amended complaint includes input provided by MFN/Mobile Street.

*Remainder of page intentionally left blank.*

Dated: January 8, 2026
       Wilmington, Delaware

/s/ *Shirley Chan*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:   (302) 652-4100
Facsimile:   (302) 652-4400
Email:   ljones@pszjlaw.com
       tcairns@pszjlaw.com
       pkeane@pszjlaw.com
       ecorma@pszjlaw.com

– and –

Patrick J. Nash, P.C. (admitted *pro hac vice*)
David Seligman, P.C. (admitted *pro hac vice*)
Shirley Chan (admitted *pro hac vice*)
Casey McGushin (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 W. Wolf Point Plaza
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   patrick.nash@kirkland.com
       david.seligman@kirkland.com
       shirley.chan@kirkland.com
       casey.mcgushin@kirkland.com

*Counsel for the Debtors and Debtors in Possession*

/s/ *L. Katherine Good*
L. Katherine Good (No. 5101)
Maria Kotsiras (No. 6840)
Andrew C. Ehrmann (No. 7395)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: kgood@potteranderson.com
       mkotsiras@potteranderson.com
       aehrmann@potteranderson.com

– and –

Eric Winston (admitted *pro hac vice*)
Benjamin Roth (admitted *pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email: ericwinston@quinnemanuel.com
       benroth@quinnemanuel.com

*Counsel for MFN Partners, LP and Mobile Street Holdings, LLC*