# EXHIBIT D

| | |
|---|---|
| **From:** | Eric Winston <ericwinston@quinnemanuel.com> |
| **Sent:** | Friday, January 9, 2026 8:50 AM |
| **To:** | Levin, Samuel (slevin@groom.com) |
| **Cc:** | Kristin A. McCloskey; bsullivan@sha-llc.com; WHAZELTINE@sha-llc.com; Meehan, Edward J. (EMeehan@groom.com); L. Katherine Good; Maria Kotsiras; Andrew C. Ehrmann; Nicole K. Pedi; Ben Roth |
| **Subject:** | RE: **ELECTRONIC SERVICE** - Yellow Corp., No. 23-11069 (CTG) - Letter to Judge Goldblatt (DI 8477) |

We gave you a clear and definitive answer to after June 11.

As to before June 11, given there is no relevance to any of this inquiry but even if there, anything prior to the Court's preliminary observations ruling is entirely irrelevant, we stand on our letter to quash as to this one open issue for the reasons set forth therein.

If you decide to proceed such that there is no agreement and we must seek to quash, that's your decision but your letter must accurately report the contends of these e-mails this week.

**Eric Winston**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3602 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ericwinston@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Levin, Samuel (slevin@groom.com) <SLevin@groom.com>
**Sent:** Friday, January 9, 2026 4:53 AM
**To:** Eric Winston <ericwinston@quinnemanuel.com>
**Cc:** Kristin A. McCloskey <kmccloskey@potteranderson.com>; bsullivan@sha-llc.com; WHAZELTINE@sha-llc.com; Meehan, Edward J. (EMeehan@groom.com) <EMeehan@groom.com>; L. Katherine Good <kgood@potteranderson.com>; Maria Kotsiras <mkotsiras@potteranderson.com>; Andrew C. Ehrmann <aehrmann@potteranderson.com>; Nicole K. Pedi <npedi@potteranderson.com>; Ben Roth <benroth@quinnemanuel.com>
**Subject:** Re: **ELECTRONIC SERVICE** - Yellow Corp., No. 23-11069 (CTG) - Letter to Judge Goldblatt (DI 8477)

[EXTERNAL EMAIL from slevin@groom.com]

Eric,

The date range is not limited to before or after June 2025—we've asked for before and after. You have not given us a clear and definitive answer as to either so, unless you're now willing to do so, we'll ask the court to

1

order it, under oath.

Thanks,

Sam

Sent from my iPhone

On Jan 8, 2026, at 7:36 PM, Eric Winston <ericwinston@quinnemanuel.com> wrote:


Understood. The remaining open issue is that NYST wants certain kinds of settlement proposals, offers or demands to resolve our MEPP claim objections (to the extent that they exist) prior to June 2025. We'll address that is the issue you want to seek Rule 31 deposition testimony on at the Monday hearing.

Eric Winston
Partner
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3602 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>
www.quinnemanuel.com<http://www.quinnemanuel.com>
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Levin, Samuel (slevin@groom.com) <SLevin@groom.com>
Sent: Thursday, January 8, 2026 3:00 PM
To: Eric Winston <ericwinston@quinnemanuel.com>; McCloskey, Kristin A. <kmccloskey@potteranderson.com>; bsullivan@sha-llc.com; whazeltine@sha-llc.com; Meehan, Edward J. (EMeehan@groom.com) <EMeehan@groom.com>
Cc: Good, L. Katherine <kgood@potteranderson.com>; Kotsiras, Maria <mkotsiras@potteranderson.com>; Ehrmann, Andrew C. <aehrmann@potteranderson.com>; Pedi, Nicole K. <npedi@potteranderson.com>; Ben Roth <benroth@quinnemanuel.com>
Subject: RE: **ELECTRONIC SERVICE** - Yellow Corp., No. 23-11069 (CTG) - Letter to Judge Goldblatt (DI 8477)


[EXTERNAL EMAIL from slevin@groom.com<mailto:slevin@groom.com>]

_____
Eric,

You "assume" the correct scope of settlement proposals we seek but the date range is not limited to after the in person settlement meeting at Kirkland's offices in NY in June 2025.

We're sorry we haven't reached agreement. We will respond to your January 2 letter by noon tomorrow as the Court has directed.

We remain receptive to further dialogue to resolve our differences should you wish to do so.

Thanks,

Sam

From: Eric Winston <ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>>
Sent: Thursday, January 8, 2026 10:11 AM
To: Levin, Samuel (slevin@groom.com<mailto:slevin@groom.com>) <SLevin@groom.com<mailto:SLevin@groom.com>>; McCloskey, Kristin A. <kmccloskey@potteranderson.com<mailto:kmccloskey@potteranderson.com>>; bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com>; whazeltine@sha-llc.com<mailto:whazeltine@sha-llc.com>; Meehan, Edward J. (EMeehan@groom.com<mailto:EMeehan@groom.com>) <EMeehan@groom.com<mailto:EMeehan@groom.com>>
Cc: Good, L. Katherine <kgood@potteranderson.com<mailto:kgood@potteranderson.com>>; Kotsiras, Maria <mkotsiras@potteranderson.com<mailto:mkotsiras@potteranderson.com>>; Ehrmann, Andrew C. <aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com>>; Pedi, Nicole K. <npedi@potteranderson.com<mailto:npedi@potteranderson.com>>; Ben Roth <benroth@quinnemanuel.com<mailto:benroth@quinnemanuel.com>>
Subject: RE: **ELECTRONIC SERVICE** - Yellow Corp., No. 23-11069 (CTG) - Letter to Judge Goldblatt (DI 8477)

Counsel,

Responses in BOLDED ALL CAPS. This is our last go-around.

Are you saying that MFN/Mobile Street did not make any proposals, offers or demands for payments to MFN or Mobile Street during the course of these proceedings, other than those reflected in the e-mail correspondence recently produced by Debtors? If there were any such proposals, offers or demands, would you please identify them so we can be sure we have a complete understanding on this?

IT IS NOT CLEAR IF YOU ARE ASKING ABOUT DURING THE COURSE OF THE ENTIRE CASE AND IN WHAT CAPACITY. IT WOULD BE UNDULY BURDENSOME (IN ADDITION TO BEING WHOLLY IRRELEVANT) TO IDENTIFY IT ALL.

FOR EXAMPLE, AS YOU KNOW, MFN WAS A DIP LENDER – THERE WERE PROPOSALS BEFORE IT WAS SELECTED, AND MFN DIP'S PROPOSAL THAT WAS FINALLY SELECTED SAVED THE ESTATES OVER $30 MILLION; EARLIER PROPOSALS PROBABLY WOULD HAVE NOT SAVED AS MUCH BUT THERE WAS A BIDDING WAR FOR THE DIP LENDING. MFN MADE PROPOSALS ON HOW ASSET SALES SHOULD PROCEED, WHICH WERE LARGELY ACCEPTED AND UTILIZED IN PHASE I ASSET SALES BUT MFN HAD NO INVOLVEMENT IN PHASE II ASSET SALES (WHICH DID NOT DO NEARLY AS WELL AS PHASE I AND HAVE BEEN DISAPPOINTING IN 2025). MFN MADE A PROPOSAL THAT BECAME THE TERM SHEET ATTACHED TO THE FIRST AMENDED PLAN; THE DEBTORS SEEMED

3

TO BE IN FAVOR OF IT AND ONE OTHER EQUITY SECURITY HOLDER AGREED TO JOIN IT. MFN AND MOBILE STREET OFFERED TO SUPPORT THE SECOND AMENDED PLAN, WHICH WAS A PLAN OF LIQUIDATION, EVEN THOUGH IT MEANT GIVING UP THE BEST MEANS TO MONETIZE THE REAL ESTATE. OUR CLIENTS OFFERED TO PURCHASE CLAIMS AND, IN SOME INSTANCES, WERE SUCCESSFUL BUT IN OTHERS OUR CLIENTS WERE NOT (AS YOU KNOW). WE RECENTLY OFFERED TO SETTLE THE OBJECTION TO THE MILLER BUCKFIRE SUCCESS FEE, WHICH WAS NOT ACCEPTED BY MILLER BUCKFIRE AND WE SUBSEQUENTLY PREVAILED. NONE OF THESE IMPACT THE SETTLEMENT NOW BEING CONSIDERED.

I ASSUME WHAT YOU CARE ABOUT (BASED ON THE SUBPOENA) AND WHAT YOU ARE ASKING ABOUT ARE PROPOSALS, OFFERS AND DEMANDS FOR PAYMENT CONCERNING SETTLING OUR MEPP CLAIM OBJECTIONS (AGAINST NEW YORK TEAMSTERS, AMONG OTHERS) SINCE THE JUNE 2025 MEETING, OR OUR CONCERNS WITH THE FOURTH AMENDED PLAN. AFTER THE JUNE 2025 MEETING, THERE WERE NO SPECIFIC PROPOSALS, OFFERS OR DEMANDS MADE OTHER THAN IN OCTOBER 2025 WE TRIED TO RESOLVE OUR SPECIFIC LITIGATION TRUST AGREEMENT ISSUES AS WELL AS ATTEMPT TO SETTLE GLOBALLY IN THE TWO WEEKS BEFORE CONFIRMATION. THAT EFFORT EXPLAINS WHY WE DELAYED FILING OUR OBJECTION. THE GLOBAL SETTLEMENT WAS NOT ACCEPTED. A NUMBER OF OUR REQUESTED CHANGES TO THE LITIGATION TRUST AGREEMENT WERE NOT ACCEPTED, THOUGH A FEW WERE. WHILE THE COURT OVERRULED OUR PLAN CONFIRMATION OBJECTION, WE TAKE COMFORT THAT THE COURT ACKNOWLEDGED AND APPRECIATED OUR CONCERNS AND THE COURT ITSELF RAISED THE QUESTION WHY PENSION PLANS REJECTED THE SECOND AMENDED PLAN WHEN IT WAS A NEUTRAL WATERFALL PLAN THAT WOULD HAVE EXPEDITED DISTRIBUTIONS TO CREDITORS, INCLUDING THE PENSION PLANS. THAT IS A QUESTION THAT REMAINS UNANSWERED.

WE RECENTLY REQUESTED DERIVATIVE STANDING TO HANDLE MEPP CLAIM OBJECTIONS IF THE SETTLEMENT MOTION IS DENIED, WHICH I GUESS IS A FORM OF PROPOSAL, WHICH THE DEBTORS REJECTED. PRESUMABLY YOU KNOW ABOUT IT.

TO BE CLEAR, ON MULTIPLE OCCASIONS PEOPLE WOULD COMMUNICATE WITH US WONDERING WHY THERE WAS NO GLOBAL RESOLUTION AND PRIOR PROPOSALS ALMOST ASSUREDLY WERE DISCUSSED. FOR EXAMPLE, YOU DID ON SEVERAL OCCASIONS CONTACT ME (OFTEN CRITICIZING ESTATE PROFESSIONALS FOR THE FEES THEY WERE INCURRING AND LAMENTING THAT SEVERAL OF YOUR CLIENTS SOLD THEIR POSITIONS), INCLUDING AS RECENTLY AS EARLY DECEMBER 2025. BUT WE ARE NOT CONSTRUING THOSE AS PROPOSALS, OFFER OR DEMANDS.

IF YOU THINK THIS HISTORY IS IMPORTANT, PRESUMABLY YOU WILL BE IDENTIFYING IN YOUR FILINGS EVERY PROPOSAL, OFFER OR DEMAND FOR PAYMENT NEW YORK TEAMSTERS MADE DURING THE CASES.

In paragraph 4, you state that "we had requested that any settlement with us be funded from certain Settling MEPPs and the PBGC directly, which was rejected." When was that request made, which MEPPs would be funding it (and how was that determined), and were there any written communications on this topic?

YOU CAN ASK THE DEBTORS SINCE THEY IMMEDIATELY PRODUCED DOCUMENTS TO YOU AND ASSUME WILL BE COOPERATIVE WITH YOU, BUT AGAIN FOR COMPLETION PURPOSES, IN LATE OCTOBER 2025 – BEFORE THE 10TH CIRCUIT REVERSAL AND BEFORE THE DEBTORS PRODUCED THEIR LIQUIDATION ANALYSIS – FOR A GLOBAL COMPROMISE WE MADE A PROPOSAL THAT PROVIDED THAT SETTLING MEPP CLAIMANTS AND/OR PBGC PAY MOBILE STREET AND MFN OUT OF THEIR EXCESSIVE DISTRIBUTIONS VERSUS SIMPLY ALLOWING OUR CLAIMS IN AMOUNTS AT OR GREATER THAN FILED CLAIM AMOUNTS (LIKE THE NEW ENGLAND TEAMSTERS CLAIM IS). WE DID NOT SPECIFY WHO SHOULD PAY OR HOW IT WOULD WORK – WE DID NOT CARE - BUT LEFT IT TO THE DEBTORS TO COMMUNICATE IT TO THE SETTLING PARTIES AND THE PBGC.

WHETHER THEY DID OR DID NOT COMMUNICATE TO THOSE ENTITIES IS UNKNOWN TO US (YOU PRESUMABLY WOULD KNOW IF IT WAS COMMUNICATED TO YOU) BUT WE WERE TOLD THE CONSTRUCT WAS NOT ACCEPTABLE WHEN DEBTORS' COUNSEL GOT BACK TO US WITH A RESPONSE. I DO NOT KNOW WHETHER THERE ARE ANY WRITTEN COMMUNICATIONS SPECIFYING THE PROPOSAL AND THE REJECTION THOUGH E-MAILS PRODUCED SHOW DEBTORS' COUNSEL AND I TRYING TO SCHEDULE CALLS WHERE WE MADE THE PROPOSAL AND WHERE IT WAS REJECTED. THE LAST SETTLEMENT ATTEMPT WE MADE, AFTER WE WERE TOLD NO ON OUR PREFERRED CONSTRUCT AND WE STILL TRIED TO GLOBALLY RESOLVE MATTERS, IS THE ONE IN NOVEMBER IN WRITING, WHICH YOU HAVE. DEBTORS COUNTERED IT BUT WE DID NOT. DEBTORS' COUNSEL EXPRESSLY TOLD US FROM OUR FIRST PROPOSAL TO OUR LAST PROPOSAL IN THIS PERIOD THAT OUR PROPOSALS WERE CONSTRUCTIVE AND MADE IN GOOD FAITH. WE BELIEVED THE DEBTORS' COUNTERS BEING MADE, INCLUDING THE LAST ONE WE DID NOT COUNTER, LIKEWISE WERE CONSTRUCTIVE AND IN GOOD FAITH.

If we are able to close the loop on these two issues, we way not need a hearing with the Court on Monday.

We appreciate the information with respect to the amount of Mobile Street's claims. We understand that you will be providing more information on how that number was calculated on Monday in response to Debtors' discovery requests.

Finally, we note that we disagree with your position that the Court has already ruled on the standard of review that will apply, and also disagree that the proposals we are asking about are covered by 408 because we would not be using them for a purpose prohibited by 408. But we agree that all rights are reserved on those issues.

ACKNOWLEDGED ALL RIGHTS ARE RESERVED. HOPEFULLY WE WILL NOT SEE IN ANY FILING OR ARGUMENT ANYTHING TO THE CONTRARY THAT SOMEHOW SOMETHING HAS BEEN WAIVED.


Eric Winston
Partner
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3602 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>
www.quinnemanuel.com<http://www.quinnemanuel.com>

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Levin, Samuel (slevin@groom.com<mailto:slevin@groom.com>)
<SLevin@groom.com<mailto:SLevin@groom.com>>

Sent: Wednesday, January 7, 2026 6:37 PM
To: Eric Winston <ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>>; McCloskey, Kristin A. <kmccloskey@potteranderson.com<mailto:kmccloskey@potteranderson.com>>; bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com>; whazeltine@sha-llc.com<mailto:whazeltine@sha-llc.com>; Meehan, Edward J. (EMeehan@groom.com<mailto:EMeehan@groom.com>) <EMeehan@groom.com<mailto:EMeehan@groom.com>>
Cc: Good, L. Katherine <kgood@potteranderson.com<mailto:kgood@potteranderson.com>>; Kotsiras, Maria <mkotsiras@potteranderson.com<mailto:mkotsiras@potteranderson.com>>; Ehrmann, Andrew C. <aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com>>; Pedi, Nicole K. <npedi@potteranderson.com<mailto:npedi@potteranderson.com>>; Ben Roth <benroth@quinnemanuel.com<mailto:benroth@quinnemanuel.com>>
Subject: RE: **ELECTRONIC SERVICE** - Yellow Corp., No. 23-11069 (CTG) - Letter to Judge Goldblatt (DI 8477)


[EXTERNAL EMAIL from slevin@groom.com<mailto:slevin@groom.com>]

_____
Eric,

Thanks for your e-mail and for continuing the dialogue. We believe we are making progress.

Are you saying that MFN/Mobile Street did not make any proposals, offers or demands for payments to MFN or Mobile Street during the course of these proceedings, other than those reflected in the e-mail correspondence recently produced by Debtors? If there were any such proposals, offers or demands, would you please identify them so we can be sure we have a complete understanding on this?

In paragraph 4, you state that "we had requested that any settlement with us be funded from certain Settling MEPPs and the PBGC directly, which was rejected." When was that request made, which MEPPs would be funding it (and how was that determined), and were there any written communications on this topic?

If we are able to close the loop on these two issues, we way not need a hearing with the Court on Monday.

We appreciate the information with respect to the amount of Mobile Street's claims. We understand that you will be providing more information on how that number was calculated on Monday in response to Debtors' discovery requests.

Finally, we note that we disagree with your position that the Court has already ruled on the standard of review that will apply, and also disagree that the proposals we are asking about are covered by 408 because we would not be using them for a purpose prohibited by 408. But we agree that all rights are reserved on those issues.

Thanks,

Sam

From: Eric Winston <ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>>
Sent: Wednesday, January 7, 2026 6:43 PM
To: Levin, Samuel (slevin@groom.com<mailto:slevin@groom.com>)

<SLevin@groom.com<mailto:SLevin@groom.com>>; McCloskey, Kristin A. <kmccloskey@potteranderson.com<mailto:kmccloskey@potteranderson.com>>; bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com>; whazeltine@sha-llc.com<mailto:whazeltine@sha-llc.com>; Meehan, Edward J. (EMeehan@groom.com<mailto:EMeehan@groom.com>) <EMeehan@groom.com<mailto:EMeehan@groom.com>>
Cc: Good, L. Katherine <kgood@potteranderson.com<mailto:kgood@potteranderson.com>>; Kotsiras, Maria <mkotsiras@potteranderson.com<mailto:mkotsiras@potteranderson.com>>; Ehrmann, Andrew C. <aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com>>; Pedi, Nicole K. <npedi@potteranderson.com<mailto:npedi@potteranderson.com>>; Ben Roth <benroth@quinnemanuel.com<mailto:benroth@quinnemanuel.com>>
Subject: RE: **ELECTRONIC SERVICE** - Yellow Corp., No. 23-11069 (CTG) - Letter to Judge Goldblatt (DI 8477)


Counsel:


To resolve the dispute over your subpoena and our letter to quash, we provide the following:


1. All rights reserved on relevancy or admissibility of any information we provide. We note the court has already articulated what is the standard of review for evaluating the settlements, which we think precludes all such proposals even if otherwise admissible under Rule 408 (which we do not think any of these would be).


1. We did not "counter" the Debtors' proposal in June 2024, as subsequently acknowledged in a letter Pat Nash sent to Akin in July. We understand that the Committee likewise did not counter. For completion, we did provide a term sheet that was publicly filed as an attachment to the Debtors' first amended disclosure statement. As compared to the settlements now before the court, the term sheet attached to the first disclosure statement would have provided a far superior outcome to the estates.


1. We did not make a demand at the in-person settlement meeting. Rather, we (and you) received a proposal that purportedly was made jointly by the Debtors and the Committee that was handed out at the meeting. We did not counter that proposal. In conversations with you and Debtors' counsel later that same day, we expressed our concerns with the proposal, which you acknowledged as understandable. Again, for completion, one conceptual term mentioned to us that day was to have our clients take over the IBT litigation. It is interesting to note that as compared to the settlements now before the court the July 2025 proposals are superior for the estates. There have been no new rulings so it is unclear to us why that proposal was not the basis for the settlements the Debtors have sought to approve even if we did not find it acceptable. The only new development is that Distributable Value was then estimated to be $765 million with an August 2025 effective date and three months later it is anticipated to between $600 million and $700 million with a November 2025 effective date. If that is right, it suggests it is Distributable Value that is driving the settled amounts of claims as opposed to the merits of the claims.

1. Since the Debtors produced settlement communications immediately prior to confirmation, for completion, we note the following: we had requested that any settlement with us be funded from certain Settling MEPPs and the PBGC directly, which was rejected. Our last proposal, which has been produced, was a global compromise of all issues, including us giving up the SFA appeal and any possible claims for substantial contribution and treating us largely the same as New England Teamsters, which had profited from our work and we believe supported our objections on SFA and Central State's contribution rate issue and penalty claim but had not done anything to assist. The Debtors never asked us for our rationale. Our proposed settlement would have required it to be part of confirmation; it was not acceptable to us to have the settlement be done outside of plan confirmation. Whether the court would have then required re-solicitation or consider whether the plan satisfied section 1129(a)(7) as to non-settling Class 5 creditors voting against the plan were issues that the plan proponents would have had to address. While we do not know ultimately why our proposal was rejected, we suspect a reason is because parties did not want to disclose the terms of the settlement at confirmation and did not want to re-solicit. During these discussions, we were told that the plan had to go effective by year end because of a potential tax hit to the estates. The settlement terms were not disclosed at confirmation. We do not know whether there was any truth to the alleged tax hit but the plan did not go effective at year end.

1. If you are asking what are Mobile Street's MEPP claims based on existing rulings, the allowed claims would in the aggregate be approximately $102 million prior to application of 50% subordination.

Please let us know what you intend to proceed.

Eric Winston
Partner
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3602 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>
www.quinnemanuel.com<http://www.quinnemanuel.com>

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Levin, Samuel (slevin@groom.com<mailto:slevin@groom.com>)
<SLevin@groom.com<mailto:SLevin@groom.com>>
Sent: Tuesday, January 6, 2026 6:40 PM
To: Eric Winston <ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>>; McCloskey, Kristin A. <kmccloskey@potteranderson.com<mailto:kmccloskey@potteranderson.com>>; bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com>; whazeltine@sha-llc.com<mailto:whazeltine@sha-llc.com>; Meehan, Edward J. (EMeehan@groom.com<mailto:EMeehan@groom.com>)
<EMeehan@groom.com<mailto:EMeehan@groom.com>>
Cc: Good, L. Katherine <kgood@potteranderson.com<mailto:kgood@potteranderson.com>>; Kotsiras, Maria <mkotsiras@potteranderson.com<mailto:mkotsiras@potteranderson.com>>; Ehrmann, Andrew C. <aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com>>; Pedi, Nicole K. <npedi@potteranderson.com<mailto:npedi@potteranderson.com>>; Ben Roth <benroth@quinnemanuel.com<mailto:benroth@quinnemanuel.com>>
Subject: RE: **ELECTRONIC SERVICE** - Yellow Corp., No. 23-11069 (CTG) - Letter to Judge Goldblatt (DI 8477)


[EXTERNAL EMAIL from slevin@groom.com<mailto:slevin@groom.com>]


_____
Eric,

Thanks for reaching out about a potential path forward to resolving the pending subpoena from the NYST Fund to MFN/Mobile Street.

With respect to the settlement information we're seeking, Debtors only produced documents from the last several months. The production does not cover older and/or oral settlement proposals/demands. Would you be willing to provide us by Thursday with a confirmation of MFN's settlement demand made at the in person settlement meeting in New York in June 2025? And likewise MFN's counter to the offer Debtors made in June 2024 regarding MFN's equity position? This would be with all rights reserved as to relevance. We do not think that's a heavy lift and may allow us to avoid the hearing on Monday.

Similarly, with respect to the information MFN plans to provide about the amount of Mobile Street's claims—which we trust you already have—could you also provide that to us by Thursday?

We appreciate your representation regarding the claims held by Mobile Street, and would have been receptive to narrowing the Fund's discovery in this regard had you made it earlier.

If you can provide us with the requested information by Thursday, we'll promptly review it and let you know if we think we need anything else or if we can represent to the court in advance of our Friday deadline that there is no longer a need for a hearing.

Please let us know if you'd like to discuss.

Thanks,

Sam

Samuel Levin
Principal

Groom Law Group, Chartered
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006
t: 202-861-6648 | f: 202-659-4503 | e: [slevin@groom.com<mailto:slevin@groom.com>](mailto:slevin@groom.com)
<[https://www.groom.com](https://www.groom.com)>
<image001.png>
<[https://www.linkedin.com/company/groom-law-group](https://www.linkedin.com/company/groom-law-group)>
<image002.png>

<[https://twitter.com/groomlawgroup](https://twitter.com/groomlawgroup)>
<image003.png>


<[https://www.groom.com/resources/usa-today-names-groom-2025-top-workplace](https://www.groom.com/resources/usa-today-names-groom-2025-top-workplace)>
<image004.jpg>
From: Eric Winston <[ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com](mailto:ericwinston@quinnemanuel.com)>>
Sent: Tuesday, January 6, 2026 2:12 PM
To: McCloskey, Kristin A. <[kmccloskey@potteranderson.com<mailto:kmccloskey@potteranderson.com](mailto:kmccloskey@potteranderson.com)>>; [bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com](mailto:bsullivan@sha-llc.com)>; [whazeltine@sha-llc.com<mailto:whazeltine@sha-llc.com](mailto:whazeltine@sha-llc.com)>; Meehan, Edward J. ([EMeehan@groom.com<mailto:EMeehan@groom.com](mailto:EMeehan@groom.com)>) <[EMeehan@groom.com<mailto:EMeehan@groom.com](mailto:EMeehan@groom.com)>>; Levin, Samuel ([slevin@groom.com<mailto:slevin@groom.com](mailto:slevin@groom.com)>) <[SLevin@groom.com<mailto:SLevin@groom.com](mailto:SLevin@groom.com)>>
Cc: Good, L. Katherine <[kgood@potteranderson.com<mailto:kgood@potteranderson.com](mailto:kgood@potteranderson.com)>>; Kotsiras, Maria <[mkotsiras@potteranderson.com<mailto:mkotsiras@potteranderson.com](mailto:mkotsiras@potteranderson.com)>>; Ehrmann, Andrew C. <[aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com](mailto:aehrmann@potteranderson.com)>>; Pedi, Nicole K. <[npedi@potteranderson.com<mailto:npedi@potteranderson.com](mailto:npedi@potteranderson.com)>>; Ben Roth <[benroth@quinnemanuel.com<mailto:benroth@quinnemanuel.com](mailto:benroth@quinnemanuel.com)>>
Subject: RE: **ELECTRONIC SERVICE** - Yellow Corp., No. 23-11069 (CTG) - Letter to Judge Goldblatt (DI 8477)

Counsel:

As you likely saw, the Court scheduled for January 12 at 10:00 a hearing on our letter to quash/continue. This is the same day we will be filing our objection to the settlement motion and responding to the Debtors' discovery.

The scheduled hearing effectively moots the timing issue we raised in our letter.

Since we submitted the letter, the Debtors have produced certain documents in response to the second document request you served on the Debtors, including settlement communications with us. You have them in hand.

Anything else will be almost assuredly addressed in our objection or in our discovery responses to the Debtors.

As you very likely know, the claims held by Mobile Street are of public record and remain the same exact

10

claims that they have already identified in filings and voting on the Plan.

Given this state of play, we request you agree to withdraw the subpoena and we will withdraw our letter to quash, which will save the need for the Court conduct a hearing. All parties reserve their rights as to the arguments and relevance and admissibility of documents and information.

Let us know by Thursday.

Regards,

Eric

Eric Winston
Partner
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3602 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>
www.quinnemanuel.com<http://www.quinnemanuel.com>
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: McCloskey, Kristin A. <kmccloskey@potteranderson.com<mailto:kmccloskey@potteranderson.com>>
Sent: Friday, January 2, 2026 2:20 PM
To: bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com>; whazeltine@sha-llc.com<mailto:whazeltine@sha-llc.com>; emeehan@groom.com<mailto:emeehan@groom.com>; slevin@groom.com<mailto:slevin@groom.com>
Cc: Good, L. Katherine <kgood@potteranderson.com<mailto:kgood@potteranderson.com>>; Kotsiras, Maria <mkotsiras@potteranderson.com<mailto:mkotsiras@potteranderson.com>>; Ehrmann, Andrew C. <aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com>>; Pedi, Nicole K. <npedi@potteranderson.com<mailto:npedi@potteranderson.com>>; Eric Winston <ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>>; Ben Roth <benroth@quinnemanuel.com<mailto:benroth@quinnemanuel.com>>
Subject: **ELECTRONIC SERVICE** - Yellow Corp., No. 23-11069 (CTG) - Letter to Judge Goldblatt (DI 8477)


[EXTERNAL EMAIL from kmccloskey@potteranderson.com<mailto:kmccloskey@potteranderson.com>]

_____
Counsel,

Please see the attached letter filed in this matter:

Document Number:

8477<https://ecf.deb.uscourts.gov/doc1/042022762340?pdf_header=&magic_num=18886641&de_seq_num=27091&caseid=190462>

Docket Text:
Letter to the Honorable Judge Goldblatt from MFN Partners, LP and Mobile Street Holdings, LLC Requesting to Quash Subpoenas issued by New York State Teamsters Conference Pension and Retirement Fund Filed by MFN Partners, LP, Mobile Street Holdings, LLC. (Attachments: # (1) Exhibit A # (2) Exhibit B # (3) Exhibit C # (4) Exhibit D # (5) Exhibit E # (6) Exhibit F) (Good, L. Katherine)

<image005.png>

Kristin

A.

McCloskey

|

Paralegal

Office +1 302.984.6069<tel:+1%20302.984.6069>

kmccloskey@potteranderson.com |
<https://us.content.exclaimer.net/?url=https%3A%2F%2Fpotteranderson.com%2F&tenantid=IlPcTdzGEe6F-2BFvdVbFg&templateid=97423415f2f0ee11aaf26045bdd55b16&excomponentid=0at5s_fadeKD21D4NaX2GZYMx71Lrp92jyTHhAK6Kgo&excomponenttype=Link&signature=CssO2BlIeZmsEIYCHyxF6crwnoIKI8pX1hO1C-NkcXaj9enUMo0VgRq8vvPpnS6TkVL5uDDhkC5vcnI5BBIt02aKKvpsEpkrdtgXrKTZaKdkzAgPwqjcsjiQoCgNlm8IX5IHuZwypZzvKtdXlbIQt7FAvlQcbCqQiDJkyXzQcD0V84jxZcewA32AYxbwa8nodzZTTbugMH9GW8KNNlPihFe_5EzW

esAipiQvN_eqQwzFV1aOyeqbp1ptKTte99c7SxgOGhVZjJCb7lUL7lj40pdXM7OD9zb-LeOvis5pQ10Vd1WSCAcS8rVUrRY0B3k9yPX0muO-W8F7cwT-k62eSQ&v=1&imprintMessageId=82835692-1624-47f5-9c66-12ec3cace9e7>

potteranderson.com<https://us.content.exclaimer.net/?url=https%3A%2F%2Fpotteranderson.com%2F&tenantid=IlPcTdzGEe6F-2BFvdVbFg&templateid=97423415f2f0ee11aaf26045bdd55b16&excomponentid=CajitoXi844w1v43zboWCTxGOgd1O8uwm2u-XhRqvIA&excomponenttype=Link&signature=CssO2BlIeZmsEIYCHyxF6crwnoIKI8pX1hO1C-NkcXaj9enUMo0VgRq8vvPpnS6TkVL5uDDhkC5vcnI5BBIt02aKKvpsEpkrdtgXrKTZaKdkzAgPwqjcsjiQoCgNlm8IX5IHuZwypZzvKtdXlbIQt7FAvlQcbCqQiDJkyXzQcD0V84jxZcewA32AYxbwa8nodzZTTbugMH9GW8KNNlPihFe_5EzWesAipiQvN_eqQwzFV1aOyeqbp1ptKTte99c7SxgOGhVZjJCb7lUL7lj40pdXM7OD9zb-LeOvis5pQ10Vd1WSCAcS8rVUrRY0B3k9yPX0muO-W8F7cwT-k62eSQ&v=1&imprintMessageId=82835692-1624-47f5-9c66-12ec3cace9e7>

The information contained in this email message and any attachments is intended only for the addressee and is privileged, confidential, and may be protected from disclosure. Please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this email message in error, please do not read this message or any attached items. Please notify the sender immediately and delete the email and all attachments, including any copies. This email message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which they are received and opened. However, it is the responsibility of the recipient to ensure that the email and any attachments are virus-free, and no responsibility is accepted by Potter Anderson & Corroon LLP for any loss or damage arising in any way from their use.

_____
Notice: This message is intended only for use by the person or entity to which it is addressed. Because it may contain confidential information intended solely for the addressee, you are notified that any disclosing, copying, downloading, distributing, or retaining of this message, and any attached files, is prohibited and may be a violation of state or federal law. If you received this message in error, please notify the sender by reply mail, and delete the message and all attached files.