# EXHIBIT E

| | |
|---|---|
| **From:** | Levin, Samuel (slevin@groom.com) |
| **Sent:** | Tuesday, December 23, 2025 2:12 PM |
| **To:** | L. Katherine Good |
| **Cc:** | Eric Winston; Meehan, Edward J. (EMeehan@groom.com); Eric Field; Vincent M. DeBella; Bill Sullivan |
| **Subject:** | Re: Yellow - NYST Deposition by Written Question |
| **Attachments:** | image416119.png |

Katie,

Thanks for your e-mail and for offering to continue the dialogue.

As we've indicated, we're willing to work with MFN to provide additional time, as necessary, to respond to the Fund's questions. But January 14 is after the response deadline for the motion to approve the settlement agreement, and leaves just a week before the hearing to try to resolve any outstanding disputes.

Is there a reason MFN cannot provide its calculation of its claim amounts prior to January 12? It doesn't seem like a heavy lift, particularly as compared to the fifty new questions MFN issued to the Fund, for which it is demanding responses by January 5. And is MFN willing to consider providing some basic information regarding its settlement demands? If MFN is completely unwilling to provide any of this information, then we don't see the point of further delaying this topic.

Let's discuss on Monday. Given that your firm issued the subpoena and is leading the effort to reach some kind of compromise here, we'd appreciate you and/or Andrew joining the call. Eric, of course, is welcome to join as well, if he's willing to do so. What time works best?

Thanks,

Sam

Sent from my iPhone


On Dec 23, 2025, at 12:40 AM, Good, L. Katherine <kgood@potteranderson.com> wrote:


Sam,

We believe it may be helpful in streamlining the number of issues in dispute for you to see our responses to the Debtors' interrogatories, which are due on January 12. If you can agree that our responses to your Rule 31 request are due January 14 (two days after we will provide you a copy of our responses to the Debtors' interrogatories), I think we can hold off on seeking relief from the Court and revisit our attempts to resolve the dispute with the benefit of those responses. Please let us know if that's acceptable to you. Thanks.

Best,

Katie

**L. Katherine Good** | Partner

Potter Anderson & Corroon LLP | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108
Office +1 302.984.6049
kgood@potteranderson.com | potteranderson.com

The information contained in this email message and any attachments is intended only for the addressee and is privileged, confidential, and may be protected from disclosure. Please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this email message in error, please do not read this message or any attached items. Please notify the sender immediately and delete the email and all attachments, including any copies. This email message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which they are received and opened. However, it is the responsibility of the recipient to ensure that the email and any attachments are virus-free, and no responsibility is accepted by Potter Anderson & Corroon LLP for any loss or damage arising in any way from their use.

**From:** Levin, Samuel (slevin@groom.com) <SLevin@groom.com>
**Sent:** Monday, December 22, 2025 3:04 PM
**To:** Eric Winston <ericwinston@quinnemanuel.com>
**Cc:** Meehan, Edward J. (EMeehan@groom.com) <EMeehan@groom.com>; Good, L. Katherine <kgood@potteranderson.com>; Eric Field <EField@littler.com>; Vincent M. DeBella <vdebella@pkgdlaw.com>; Bill Sullivan <bsullivan@sha-llc.com>
**Subject:** [EXT] Re: Yellow - NYST Deposition by Written Question

** This email originated from outside of Potter Anderson's network. Please exercise caution before clicking links, opening attachments, or responding to this message. **

Eric,

Thanks for your e-mail. We do not intend to withdraw the subpoena, although we have confirmed that you can take until early January to respond, if necessary. If you're willing to reconsider your refusal to discuss these matters further, please let us know. Otherwise, we'll plan to respond to any filing with the court in due course.

Thanks,

Sam

Sent from my iPhone

On Dec 21, 2025, at 9:35 PM, Eric Winston <ericwinston@quinnemanuel.com> wrote:


Counsel:

If you want extra time to respond to our written deposition questions, that is fine. Recall that we had suggested rescheduling the deposition to early January once the December 18 hearing was continued to January. You refused, insisting on proceeding with the deposition on December 8, which led to your witness being ill prepared and us having to wade through a morass of completely wrong objections and speeches.

As long as we receive responses by January 5 that will give us enough to evaluate, consider any further required discovery, and use as appropriate in our January 12 objection. You do not need to ask again if you want to take to January 5.

Your subpoena was retaliatory. That you have said you only sought discovery because of questions we asked at the December 8 deposition confirms it. As for "conferring" with the Debtors and the Committee prior to serving the subpoena, we'll be sure to ask the Debtors if that is true, given it is the moving party, but then your action does not answer why the subpoena puts forth deposition questions that the Debtors themselves are asking (in the form of interrogatories) and why you did not match the time frame the Debtors requested or even indicated any purported "coordination" with the Debtors. Not sure why the Committee matters to your decision to subpoena when you did – it is not a moving party or a settling counterparty - but so be it.

We'll be happy to show that Mobile Street's calculation of its withdrawal liability claims matches the Court's existing rulings. That will be part of our filed objection that you will see, will be part of our interrogatory responses that the Debtors served (which you can see if you want), and will supply the Court what the Court asked for – a sense of the magnitude of the settlement relative to the Court rulings and the harm the settlements cause to non-settling parties. In the case of New York Teamsters, if the settlement is approved it is getting an allowed joint and several Class 5 claim of at least $126 million more than it should based on Court rulings (assuming the Debtors are insolvent) and could be as high as $159 million if, as we firmly believe to be the case, the liquidated damages claim should be disallowed in its entirety. The sad fact is that, despite your continued harassment of us, New York Teamsters' settlement, which should not be approved, is not the most egregiously bad "settlement" of the ones the Debtors have sought approval of and that your client – a fiduciary to Mobile Street and soon-to-be fiduciary to MFN too – appears to support.

Your statement quoted below is quite amazing to read:

"The Fund sees bad faith reflected in the settlement demands that MFN has made to date and misrepresentations to the Court in the statements you have made on the record at the podium in person at certain court hearings concerning what MFN is trying to achieve by its litigation positions. This topic underlies certain of the Fund's pending questions. While we don't expect you to agree that the Court should conclude that MFN has acted in bad faith and otherwise misled the Court, we see progress in your concession that the facts of this issue are relevant to the Court's deliberations on the pending 9019 motion."

If that is your position – a position you have continued to maintain despite us asking for case law support and identifying a mountain of facts that demonstrates the absurdity of it – then as I wrote already, we are at an impasse. We are not going to answer questions on completely irrelevant topics to whether your settlement should or should not be approved.

Moreover, there is no "concession" by us that there is any relevance. I already told you once to stop trying to impose false conditions/limitations. You are continuing to do so and, unlike the problem of phone calls where there was no record and we have to deal with after the fact, made up, contentions by you, we have a written record now.

Given the foregoing, including the fact that your alleged "coordination" with the Debtors will result in actually potentially relevant information being provided at the right time, you are requested to withdraw the subpoena by tomorrow at 5 p.m. EST. If you do not do so, we will submit the letter to Court Tuesday morning. If you think somehow the "meet and confer" process remains unsatisfied, feel free to raise that in response.

Regards,

Eric

Eric Winston
Partner
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3602 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>
www.quinnemanuel.com<http://www.quinnemanuel.com>
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Levin, Samuel (slevin@groom.com) <SLevin@groom.com>
Sent: Sunday, December 21, 2025 10:57 AM
To: Eric Winston <ericwinston@quinnemanuel.com>
Cc: Meehan, Edward J. (EMeehan@groom.com) <EMeehan@groom.com>; L. Katherine Good <kgood@potteranderson.com>; Eric Field <EField@littler.com>; Vincent M. DeBella <vdebella@pkgdlaw.com>; Bill Sullivan <bsullivan@sha-llc.com>
Subject: Re: Yellow - NYST Deposition by Written Question

[EXTERNAL EMAIL from slevin@groom.com<mailto:slevin@groom.com>]

Eric,


There is no need to file a motion on Monday. We do not believe this discovery matter is ripe for court intervention and do not share your assertion that no progress can come from the meet and confer process required under the rules.


You started this exchange by representing that MFN wanted to meet and confer, and by asking

us to provide written positions as a prelude to that process. Then, once we accommodated your request, MFN declared an "impasse" and has refused to meet and confer, instead threatening to file a motion Monday with no dialogue at all.

There is no impasse. We've made progress. For example, you seem to say that MFN will provide some of the information we're seeking in response to discovery initiated by Debtors. We'd like to get a better understanding of how far MFN is prepared to go in this regard because it might enable us to limit our pending questions and narrow any remaining dispute between us. As another example, you seem to acknowledge that MFN is applying the same methodology in calculating its own MEPP claims in this case as it believes the court should use for all other MEPP claims. That too was useful to confirm. But we do not see the computations of MFN's own claims in your e-mail and would like to see, as an illustration of why we asked, what discount rate MFN is using for its own claims. Is there a reason why MFN can't provide the details so we can confirm the methodology and the calculations? As a third example, we appreciate that you do not dispute that MFN's "bad faith" or "good faith" conduct in these proceedings may be relevant to the court's consideration of MFN's expected objection to the NYST Fund's proposed settlement ("Feel free to argue in support of your settlement your contention that MFN has acted in bad faith . . . ."). The Fund sees bad faith reflected in the settlement demands that MFN has made to date and misrepresentations to the Court in the statements you have made on the record at the podium in person at certain court hearings concerning what MFN is trying to achieve by its litigation positions. This topic underlies certain of the Fund's pending questions. While we don't expect you to agree that the Court should conclude that MFN has acted in bad faith and otherwise misled the Court, we see progress in your concession that the facts of this issue are relevant to the Court's deliberations on the pending 9019 motion.

Further progress on this discovery dispute may be possible if we meet and confer, as you originally proposed. We request that you honor your own original proposal in this regard.

We can also address your seeming concern that MFN's responses to the Fund's questions are due this coming week (we used the same time table as MFN in propounding its lengthy set of questions to the Fund). The Fund hereby adjourns the response date for an extra week (until December 31) to give us time to make further progress.

After all, you have observed that "[t]here is no reason for either side to be jammed" on any discovery matter in light of the holidays and the agreed briefing and hearing schedule. We agree. And if your team's holiday plans make it hard to pull together what we're seeking or even to meet and confer, we are open to any reasonable schedule into early January to discuss how to resolve the disagreement or for MFN to provide the information we seek.

In a related vein, we are working on the responses to MFN's pending questions to the Fund and will similarly require more time to complete them. To aid that process, we are also drafting a letter flagging some issues and concerns with MFN's discovery requests, which we should be

able to send you by Monday. Considering both MFN's and the Fund's pending discovery requests holistically may lead to further progress.

One final point on which we can give you some assurance now: no, the Fund did not issue its few questions on Wednesday in retaliation to your much longer set served that same day. In reality, when we tried to meet and confer at the deposition MFN took on December 8, Fund counsel explained that the Fund would put the details of MFN's settlement demands on the public record in response to MFN's decision at that deposition, over our objection, to inquire into what we had always regarded as confidential off the record information about the parties' settlement negotiations. So we put you on notice long before issuing the Rule 31 subpoena (a courtesy we've noted you did not extend to the Fund regarding your own Rule 45 subpoena). And we had planned to issue the Fund's few questions earlier in the week. But, as you seem to suggest is a good practice, we took some time to consult, separately, with counsel for Debtors and the Committee before sending MFN the subpoena on Wednesday.

Let's continue the dialogue rather than either side rushing to court. Are you willing to work with us on this?

Thanks,

Sam

On Dec 20, 2025, at 12:10 AM, Eric Winston <ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>> wrote:

Counsel:

Your response confirms for us that the discovery sought is not relevant to approval of your settlement but retaliatory only after the conduct that occurred at the deposition and our subsequent agreed-upon submission of written deposition questions.

For the reasons set forth, we believe there is an impasse. If you will not withdraw the subpoena by Monday at 9 a.m. ET, we will file a letter with Judge Goldblatt that day.

Responses to your three points in bold.

1. MFN has inquired into the NYST Fund's settlement communications with Debtors and others, which were taking place during the same period of time as demands made to Debtors and others by MFN. Given that this is a complex, multi-party case, it is not fair or appropriate to present evidence of only some pieces of the overall discussion.

You have not supplied any argument or case law supporting the proposition that settlement

communications by MFN (which, to be clear, is a shareholder and its affiliate, Mobile Street, is a creditor) make any difference to whether the Debtors' proposed settlement with NYST should be approved or not approved.

2. MFN is seeking to challenge the computation of the Fund's claims under the court's rulings to date. The Fund is entitled to know what MFN believes the appropriate application is of the court's rulings to its own claims to test the consistency or inconsistency of MFN's computation formula, particularly given that it impacts recoveries of other unsecured creditors in Class 5, which is also a topic MFN has asserted is relevant.

None of your 3 sets of questions go to this question other than 2.a.iii. As you likely already know, the Debtors themselves served an interrogatory that asks for this information (and, unlike you, they had told us weeks earlier they intended to serve discovery) and we will be responding that interrogatory on January 12. Thus, for this one question NYST will already be able to obtain the information in a timely fashion, just like the Debtors.

But in case there is any confusion as to the amount, the calculations of Mobile Street's two withdrawal liability claims based on current rulings matches the methodology for the table below, which are the same amounts the Debtors used to support their calculation of such claims at confirmation. Your client voted in favor of the Plan, which we submit is evidence that NYST agrees with these figures. You are free to stipulate to these figures to avoid any further discovery on them.

Settling Multiemployer Pension Plans Claims Based on Rulings to Date
MEPP

Original Claim (Millions)

UVB Calc. (Millions)

20-Year Cap (Millions)

2014 Rate (Millions)

Present Value (Millions)

ERISA Section 4225 Reduction (Millions)

Central States Pension Fund

$4,827

$4,827

$1,420

$1,020

$726.5

$363.25

NY State Teamsters Pension Fund

$757.2

$757.2

$469.4[1]

$469.4

$334.4

$167.2

Central PA Teamsters Pension Fund

$81.2

$26.5

$26.5

$26.5

$26.5

$13.25

New England Teamsters Pension Fund

$285

$238.9

$238.9

$238.9

$238.9

$119.45

Local 1730 Pension Fund

$54.2

$54.2

$13.2[2]

N/A

$5.2

$2.6

Teamsters 617 Pension Fund

$41.9

$41.9

$.2

$.2

$.15

$.075

TENJ Pension Fund

$13.8

$13.8

$3.2

$3.2

$2.3

$1.15

Teamsters 641 Pension Fund

$217.2

$217.2

$41.1

$30.8

$21.9

$10.95

Teamsters No. 83 Virginia Pension Fund

$21.4

$6.1

$6.1

$6.1

$5.1

$2.55

Teamsters 710 Pension Fund

$113.7

$0

$0

$0

$0

$0

Teamsters 701 Pension Fund

$48.2

$48.2

$8.3

$8.3

$5.9

$2.95

Freight Drivers 557 Fund

$55.9

$55.9

$10.1

$10.1

$7.2

$3.6

Teamsters of Philly

$36.8

$19.4

$19.4

$19.4

$19.4

$9.7

IAM National Pension Fund

$22.8

$11.2

$11.2

$11.2

$11.2

$5.55

3. MFN has been acting in bad faith in dragging out the proceedings in this case until it gets paid what multiple parties have termed a ransom, in excess of the reasonable value of its claims. We believe that MFN's settlement demands when compared against its computation of its own claims will further establish this conduct is relevant to the court's evaluation of MFN's expected objection to the pending 9019 settlement motion and may be grounds to subordinate its

claims, among other relief. It is also relevant to the magnitude of future litigation expenses, which MFN also appears to be contesting.

Feel free to argue in support of your settlement your contention that MFN has acted in bad faith in "dragging out the proceedings in this case." That has nothing to with asking for what you ask for in the three sets of deposition questions. And if you decide to raise such an argument, we are sure you will address in such argument the following:


* MFN's successful DIP proposal
* MFN's successful establishment of bidding procedures that resulted in successful real estate sales far above forced liquidation values or the stalking horse bid.
* MFN's successful opposition to the Third Amended Plan settlement that, among other things, would have allowed the NYST claims without any subordination and in excess of $546.6 million, including providing the Court the recoveries to Class 5 creditors had that settlement been approved with the actual distributable value of between $600 million and $700 million.
* MFN/Mobile Street's objections and joinder the Debtors' successful objections to MEPP claims and WARN Act that resulted in billions of dollars of claims being disallowed.
* The Court's commentary at the Conversion Motion hearing
* MFN/Mobile Street's efforts to preserve the estate's litigation claims against the IBT
* MFN/Mobile Street's objection to the $75 million liquidated damages claim that the Debtors joined
* The Court's findings and analysis in confirming the Fourth plan
* The December 5 status conference that the Court sua sponte requested
* The Court's rejection of the doubling of the $3.75 million success fee that MFN/Mobile Street objected to but your client did not object to and, as a member of the Creditors' Committee, apparently supported.

You have not asked for "magnitude of future litigation expenses," but the Debtors have and we will be responding to the Debtors' discovery. Is there a reason why you did not coordinate with the Debtors on discovery?


Eric Winston
Partner
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3602 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com%3cmailto:ericwinston@quinnemanuel.com>>
www.quinnemanuel.com<http://www.quinnemanuel.com><http://www.quinnemanuel.com>
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended

recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Levin, Samuel (slevin@groom.com<mailto:slevin@groom.com>) <SLevin@groom.com<mailto:SLevin@groom.com>>
Sent: Friday, December 19, 2025 12:11 PM
To: Eric Winston <ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>>
Cc: Meehan, Edward J. (EMeehan@groom.com<mailto:EMeehan@groom.com>) <EMeehan@groom.com<mailto:EMeehan@groom.com>>; L. Katherine Good <kgood@potteranderson.com<mailto:kgood@potteranderson.com>>; Eric Field <EField@littler.com<mailto:EField@littler.com>>; Vincent M. DeBella <vdebella@pkgdlaw.com<mailto:vdebella@pkgdlaw.com>>; Bill Sullivan <bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com>>
Subject: Re: Yellow - NYST Deposition by Written Question

[EXTERNAL EMAIL from slevin@groom.com<mailto:slevin@groom.com<mailto:slevin@groom.com%3cmailto:slevin@groom.com>>]

Eric,

Thanks for your e-mail and for accepting service.

The questions are relevant for a variety of reasons, including but not limited to:

1. MFN has inquired into the NYST Fund's settlement communications with Debtors and others, which were taking place during the same period of time as demands made to Debtors and others by MFN. Given that this is a complex, multi-party case, it is not fair or appropriate to present evidence of only some pieces of the overall discussion.

2. MFN is seeking to challenge the computation of the Fund's claims under the court's rulings to date. The Fund is entitled to know what MFN believes the appropriate application of the court's rulings to its own claims to test the consistency or inconsistency of MFN's computation formula, particularly given that it impacts recoveries of other unsecured creditors in Class 5, which is also a topic MFN has asserted is relevant.

3. MFN has been acting in bad faith in dragging out the proceedings in this case until it gets paid what multiple parties have termed a ransom, in excess of the reasonable value of its claims. We believe that MFN's settlement demands when compared against its computation of its own claims will further establish this conduct is relevant to the court's evaluation of MFN's expected objection to the pending 9019 settlement motion and may be grounds to subordinate its claims, among other relief. It is also relevant to the magnitude of future litigation expenses, which MFN also appears to be contesting.

Now that we have responded to your request that the Fund state its positions in writing, please do us the courtesy of providing your responses to these positions in writing as well.

In this regard, please also explain why MFN would be entitled to seek discovery it will not reciprocate. We can then gauge where we are and how best to further meet and confer.

We would appreciate your prompt attention to this matter since MFN has requested that we respond to fifty Rule 31 questions—some of which parallel and greatly expand upon the same subjects as the Fund's few questions to MFN.

Thanks,

Sam


On Dec 18, 2025, at 11:31 AM, Eric Winston <ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com%3cmailto:ericwinston@quinnemanuel.com>>> wrote:


Counsel:

We received the Rule 31 deposition subpoena. We are authorized to accept service.

Before agreeing to any dates for a response, we have a threshold question and request a meet & confer. After reviewing the questions, we do not see any relevance to any of the questions to be answered. Please state in writing before any meet and confer your reasoning why the answers to the questions – whatever those answers may be – either support approval or support disapproval of the motion regarding your client's settlement with the Debtors. We do not see how any answer makes any difference.

We reserve all rights and grounds to seek to quash.

Regards,

Eric

Eric Winston
Partner
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3602 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com%3cmailto:ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com%3cmailto:ericwinston@quinnemanuel.com%3cmailto:ericwinston@quinnemanuel.com>>> 
www.quinnemanuel.com<http://www.quinnemanuel.com><http://www.quinnemanuel.com><

http://www.quinnemanuel.com>
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Levin, Samuel (slevin@groom.com<mailto:slevin@groom.com<mailto:slevin@groom.com%3cmailto:slevin@groom.com>>) <SLevin@groom.com<mailto:SLevin@groom.com<mailto:SLevin@groom.com%3cmailto:SLevin@groom.com>>>
Sent: Wednesday, December 17, 2025 6:37 PM
To: Eric Winston <ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com%3cmailto:ericwinston@quinnemanuel.com>>>
Cc: bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com%3cmailto:bsullivan@sha-llc.com>>; WHAZELTINE@sha-llc.com<mailto:WHAZELTINE@sha-llc.com<mailto:WHAZELTINE@sha-llc.com%3cmailto:WHAZELTINE@sha-llc.com>>; Vincent M. DeBella <vdebella@pkgdlaw.com<mailto:vdebella@pkgdlaw.com<mailto:vdebella@pkgdlaw.com%3cmailto:vdebella@pkgdlaw.com>>>; Eric Field <efield@littler.com<mailto:efield@littler.com<mailto:efield@littler.com%3cmailto:efield@littler.com>>>; L. Katherine Good <kgood@potteranderson.com<mailto:kgood@potteranderson.com<mailto:kgood@potteranderson.com%3cmailto:kgood@potteranderson.com>>>; Ben Roth <benroth@quinnemanuel.com<mailto:benroth@quinnemanuel.com<mailto:benroth@quinnemanuel.com%3cmailto:benroth@quinnemanuel.com>>>; Maria Kotsiras <mkotsiras@potteranderson.com<mailto:mkotsiras@potteranderson.com<mailto:mkotsiras@potteranderson.com%3cmailto:mkotsiras@potteranderson.com>>>; Meredith Lahaie <mlahaie@akingump.com<mailto:mlahaie@akingump.com<mailto:mlahaie@akingump.com%3cmailto:mlahaie@akingump.com>>>; Joseph L. Sorkin <jsorkin@akingump.com<mailto:jsorkin@akingump.com<mailto:jsorkin@akingump.com%3cmailto:jsorkin@akingump.com>>>; Meehan, Edward J. (EMeehan@groom.com<mailto:EMeehan@groom.com<mailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com>>) <EMeehan@groom.com<mailto:EMeehan@groom.com<mailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com>>>; Andrew C. Ehrmann <aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com%3cmailto:aehrmann@potteranderson.com>>>; Kevin Zuzolo <kzuzolo@akingump.com<mailto:kzuzolo@akingump.com<mailto:kzuzolo@akingump.com%3cmailto:kzuzolo@akingump.com>>>; Christopher Gessner <cgessner@akingump.com<mailto:cgessner@akingump.com<mailto:cgessner@akingump.com%3cmailto:cgessner@akingump.com>>>; Shirley Chan <shirley.chan@kirkland.com<mailto:shirley.chan@kirkland.com<mailto:shirley.chan@kirkland.c

om%3cmailto:shirley.chan@kirkland.com>>>; Casey McGushin
<casey.mcgushin@kirkland.com<mailto:casey.mcgushin@kirkland.com<mailto:casey.mcgushin
@kirkland.com%3cmailto:casey.mcgushin@kirkland.com>>>; Patrick J. Nash
<patrick.nash@kirkland.com<mailto:patrick.nash@kirkland.com<mailto:patrick.nash@kirkland.
com%3cmailto:patrick.nash@kirkland.com>>>
Subject: RE: Yellow - NYST Deposition by Written Question


[EXTERNAL EMAIL from
slevin@groom.com<mailto:slevin@groom.com<mailto:slevin@groom.com%3cmailto:slevin@gr
oom.com<mailto:slevin@groom.com%3cmailto:slevin@groom.com%3cmailto:slevin@groom.c
om%3cmailto:slevin@groom.com>>>]


_____

Eric,


Please see the attached subpoena to MFN and Mobile Street and confirm if you'll accept
service. While the questions are limited, if you need more time to respond, please let us know.


Thanks,

Sam


Samuel Levin
Principal

Groom Law Group, Chartered
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006
t: 202-861-6648 | f: 202-659-4503 | e:
slevin@groom.com<mailto:slevin@groom.com<mailto:slevin@groom.com%3cmailto:slevin@gr
oom.com<mailto:slevin@groom.com%3cmailto:slevin@groom.com%3cmailto:slevin@groom.c
om%3cmailto:slevin@groom.com>>>
<https://www.groom.com>
<image001.gif>
<https://www.linkedin.com/company/groom-law-group>
<image002.png>


<https://twitter.com/groomlawgroup>

<https://www.groom.com/resources/usa-today-names-groom-2025-top-workplace>
<image004.jpg>
From: Meehan, Edward J.
(EMeehan@groom.com<mailto:EMeehan@groom.com<mailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com<mailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com>>>)
<EMeehan@groom.com<mailto:EMeehan@groom.com<mailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com<mailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com>>>>

Sent: Wednesday, December 17, 2025 11:44 AM
To: Andrew C. Ehrmann
<aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com%3cmailto:aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com%3cmailto:aehrmann@potteranderson.com%3cmailto:aehrmann@potteranderson.com%3cmailto:aehrmann@potteranderson.com>>>>
Cc: Levin, Samuel
(slevin@groom.com<mailto:slevin@groom.com<mailto:slevin@groom.com%3cmailto:slevin@groom.com<mailto:slevin@groom.com%3cmailto:slevin@groom.com%3cmailto:slevin@groom.com%3cmailto:slevin@groom.com>>>)
<SLevin@groom.com<mailto:SLevin@groom.com<mailto:SLevin@groom.com%3cmailto:SLevin@groom.com<mailto:SLevin@groom.com%3cmailto:SLevin@groom.com%3cmailto:SLevin@groom.com%3cmailto:SLevin@groom.com>>>>; bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com%3cmailto:bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com%3cmailto:bsullivan@sha-llc.com%3cmailto:bsullivan@sha-llc.com%3cmailto:bsullivan@sha-llc.com>>>; WHAZELTINE@sha-llc.com<mailto:WHAZELTINE@sha-llc.com<mailto:WHAZELTINE@sha-llc.com%3cmailto:WHAZELTINE@sha-llc.com<mailto:WHAZELTINE@sha-llc.com%3cmailto:WHAZELTINE@sha-llc.com%3cmailto:WHAZELTINE@sha-llc.com%3cmailto:WHAZELTINE@sha-llc.com>>>; Vincent M. DeBella
<vdebella@pkgdlaw.com<mailto:vdebella@pkgdlaw.com<mailto:vdebella@pkgdlaw.com%3cmailto:vdebella@pkgdlaw.com<mailto:vdebella@pkgdlaw.com%3cmailto:vdebella@pkgdlaw.com%3cmailto:vdebella@pkgdlaw.com%3cmailto:vdebella@pkgdlaw.com>>>>; Eric Winston
<ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com%3cmailto:ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com%3cmailto:ericwinston@quinnemanuel.com%3cmailto:ericwinston@quinnemanuel.com%3cmailto:ericwinston@quinnemanuel.com>>>>; Eric Field
<efield@littler.com<mailto:efield@littler.com<mailto:efield@littler.com%3cmailto:efield@littler.com<mailto:efield@littler.com%3cmailto:efield@littler.com%3cmailto:efield@littler.com%3cmailto:efield@littler.com>>>>; L. Katherine Good
<kgood@potteranderson.com<mailto:kgood@potteranderson.com<mailto:kgood@potteranderson.com%3cmailto:kgood@potteranderson.com<mailto:kgood@potteranderson.com%3cmailto:kgood@potteranderson.com%3cmailto:kgood@potteranderson.com%3cmailto:kgood@potteranderson.com>>>>; Ben Roth
<benroth@quinnemanuel.com<mailto:benroth@quinnemanuel.com<mailto:benroth@quinnemanuel.com%3cmailto:benroth@quinnemanuel.com<mailto:benroth@quinnemanuel.com%3cmailto:benroth@quinnemanuel.com%3cmailto:benroth@quinnemanuel.com%3cmailto:benroth@quinnemanuel.com>>>>; Maria Kotsiras
<mkotsiras@potteranderson.com<mailto:mkotsiras@potteranderson.com<mailto:mkotsiras@

potteranderson.com%3cmailto:mkotsiras@potteranderson.com<mailto:mkotsiras@potterande rson.com%3cmailto:mkotsiras@potteranderson.com%3cmailto:mkotsiras@potteranderson.co m%3cmailto:mkotsiras@potteranderson.com>>>>; Meredith Lahaie <mlahaie@akingump.com<mailto:mlahaie@akingump.com<mailto:mlahaie@akingump.com%3 cmailto:mlahaie@akingump.com<mailto:mlahaie@akingump.com%3cmailto:mlahaie@akingu mp.com%3cmailto:mlahaie@akingump.com%3cmailto:mlahaie@akingump.com>>>>; Joseph L. Sorkin <jsorkin@akingump.com<mailto:jsorkin@akingump.com<mailto:jsorkin@akingump.com%3cm ailto:jsorkin@akingump.com<mailto:jsorkin@akingump.com%3cmailto:jsorkin@akingump.com %3cmailto:jsorkin@akingump.com%3cmailto:jsorkin@akingump.com>>>>; Kevin Zuzolo <kzuzolo@akingump.com<mailto:kzuzolo@akingump.com<mailto:kzuzolo@akingump.com%3c mailto:kzuzolo@akingump.com<mailto:kzuzolo@akingump.com%3cmailto:kzuzolo@akingump. com%3cmailto:kzuzolo@akingump.com%3cmailto:kzuzolo@akingump.com>>>>; Christopher Gessner <cgessner@akingump.com<mailto:cgessner@akingump.com<mailto:cgessner@akingump.com %3cmailto:cgessner@akingump.com<mailto:cgessner@akingump.com%3cmailto:cgessner@aki ngump.com%3cmailto:cgessner@akingump.com%3cmailto:cgessner@akingump.com>>>>; Shirley Chan <shirley.chan@kirkland.com<mailto:shirley.chan@kirkland.com<mailto:shirley.chan@kirkland.c om%3cmailto:shirley.chan@kirkland.com<mailto:shirley.chan@kirkland.com%3cmailto:shirley. chan@kirkland.com%3cmailto:shirley.chan@kirkland.com%3cmailto:shirley.chan@kirkland.co m>>>>; Casey McGushin <casey.mcgushin@kirkland.com<mailto:casey.mcgushin@kirkland.com<mailto:casey.mcgushin @kirkland.com%3cmailto:casey.mcgushin@kirkland.com<mailto:casey.mcgushin@kirkland.co m%3cmailto:casey.mcgushin@kirkland.com%3cmailto:casey.mcgushin@kirkland.com%3cmailt o:casey.mcgushin@kirkland.com>>>>; Patrick J. Nash <patrick.nash@kirkland.com<mailto:patrick.nash@kirkland.com<mailto:patrick.nash@kirkland. com%3cmailto:patrick.nash@kirkland.com<mailto:patrick.nash@kirkland.com%3cmailto:patric k.nash@kirkland.com%3cmailto:patrick.nash@kirkland.com%3cmailto:patrick.nash@kirkland.c om>>>>
Subject: Re: Yellow - NYST Deposition by Written Question

Andrew,

Receipt acknowledged. We will review and respond.

Sent from my iPhone

On Dec 17, 2025, at 11:30 AM, Ehrmann, Andrew C. <aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com<mailto:aehrmann @potteranderson.com%3cmailto:aehrmann@potteranderson.com<mailto:aehrmann@pottera nderson.com%3cmailto:aehrmann@potteranderson.com%3cmailto:aehrmann@potteranderso n.com%3cmailto:aehrmann@potteranderson.com>>>> wrote:

Counsel,

Please find MFN Partners' and Mobile Street Holdings' deposition by written question attached. <image544658.png>

Andrew

C.

Ehrmann

|

Associate

Potter Anderson & Corroon LLP | 1313 N. Market Street, 6th Floor | Wilmington, DE 19801-6108

Office +1 302.984.6282<tel:+1%20302.984.6282>

aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com%3cmailto:aehrmann@potteranderson.com>> | <https://us.content.exclaimer.net/?url=https%3A%2F%2Fpotteranderson.com%2F&tenantid=IlPcTdzGEe6F-2BFvdVbFg&templateid=97423415f2f0ee11aaf26045bdd55b16&excomponentid=b1vOg5A-HfljcficIb1e0G3T1ii3yC_MrHgO7QfpIEU&excomponenttype=Link&signature=CssO2BlIeZmsEIYCHyxF6crwnoIKI8pX1hO1C-NkcXaj9enUMo0VgRq8vvPpnS6TkVL5uDDhkC5vcnI5BBIt02aKKvpsEpkrdtgXrKTZaKdkzAgPwqjcsjiQoCgNlm8IX5IHuZwypZzvKtdXlbIQt7FAvlQcbCqQiDJkyXzQcD0V84jxZcewA32AYxbwa8nodzZTTbugMH9GW8KNNlPihFe_5EzWesAipiQvN_eqQwzFV1aOyeqbp1ptKTte99c7SxgOGhVZjJCb7lUL7Ij40pdXM7OD9zb-LeOvis5pQ10Vd1WSCAcS8rVUrRY0B3k9yPX0muO-W8F7cwT-k62eSQ&v=1&imprintMessageId=5defa4c7-fd9d-425c-a1fa-cdd2a17b0f3c> potteranderson.com<http://potteranderson.com><https://us.content.exclaimer.net/?url=https%3A%2F%2Fpotteranderson.com%2F&tenantid=IlPcTdzGEe6F-2BFvdVbFg&templateid=97423415f2f0ee11aaf26045bdd55b16&excomponentid=CajitoXi844w1v43zboWCTxGOgd1O8uwm2u-XhRqvIA&excomponenttype=Link&signature=CssO2BlIeZmsEIYCHyxF6crwnoIKI8pX1hO1C-NkcXaj9enUMo0VgRq8vvPpnS6TkVL5uDDhkC5vcnI5BBIt02aKKvpsEpkrdtgXrKTZaKdkzAgPwqjcsjiQoCgNlm8IX5IHuZwypZzvKtdXlbIQt7FAvlQcbCqQiDJkyXzQcD0V84jxZcewA32AYxbwa8nodzZTTbugMH9GW8KNNlPihFe_5EzWesAipiQvN_eqQwzFV1aOyeqbp1ptKTte99c7SxgOGhVZjJCb7lUL7Ij40pdXM7OD9zb-LeOvis5pQ10Vd1WSCAcS8rVUrRY0B3k9yPX0muO-W8F7cwT-

k62eSQ&v=1&imprintMessageId=5defa4c7-fd9d-425c-a1fa-cdd2a17b0f3c>

The information contained in this email message and any attachments is intended only for the addressee and is privileged, confidential, and may be protected from disclosure. Please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this email message in error, please do not read this message or any attached items. Please notify the sender immediately and delete the email and all attachments, including any copies. This email message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which they are received and opened. However, it is the responsibility of the recipient to ensure that the email and any attachments are virus-free, and no responsibility is accepted by Potter Anderson & Corroon LLP for any loss or damage arising in any way from their use.

<NYST Deposition by Written Questions.pdf>

_____

Notice: This message is intended only for use by the person or entity to which it is addressed. Because it may contain confidential information intended solely for the addressee, you are notified that any disclosing, copying, downloading, distributing, or retaining of this message, and any attached files, is prohibited and may be a violation of state or federal law. If you received this message in error, please notify the sender by reply mail, and delete the message and all attached files.

_____

[1] Imputed contribution rate, not actual contribution rate.

[2] Mass withdrawal in 2023. Accordingly, 20-year cap is inapplicable. $13.2 million assumes 60 years of annual payments before plan owes no additional benefits.