# EXHIBIT F

| | |
|---|---|
| **From:** | Meehan, Edward J. (EMeehan@groom.com) |
| **Sent:** | Wednesday, December 31, 2025 11:41 AM |
| **To:** | Eric Winston |
| **Cc:** | Vincent M. DeBella; Christopher Gessner; Maria Kotsiras; Casey McGushin; Meredith Lahaie; Shirley Chan; Jane M. Leamy; Nicole K. Pedi; Patrick J. Nash; Levin, Samuel (slevin@groom.com); L. Katherine Good; Andrew C. Ehrmann; Kevin Zuzolo; Eric Field; Bill Sullivan; Ben Roth; Joseph L. Sorkin |
| **Subject:** | Re: Yellow (Meet and confer correspondence re MFN Rule 31 Questions to NYST) |

Eric,

We wrote Katie since she wrote us about our Rule 31 discovery to MFN. We wrote Andrew since, as noted, he issued the Rule 45 subpoena and the Questions to the NYST Fund. We copied you because you're vacationing internationally. In other words, we were professional and courteous.

**Our Rule 31 discovery**: As you note, you accepted the subpoena. When you stated a concern with certain content, we extended MFN's response, and do not now require it until the Fund's response date to MFN's discovery (January 5), and asked to meet and confer. You refused and say that MFN will provide what it chooses only after responses are due on the 9019 motion. And, again, you threaten to run to court if we don't accede.

We don't agree. If MFN delays past January 5, it will be out of compliance with the subpoena. We will note this in what we file in due course.

Writing the court in the meantime is up to you. But you may wish to consider that, not only is MFN inconsistent on the timing and content of what it seeks and will provide, MFN's delaying its discovery responses will burden the court. If you respond late, we must address MFN's discovery responses in a reply, due January 19, not in our response, due January 12.

**MFN's Rule 31 discovery to the NYST Fund**: As already committed, the Fund will provide responses and objections to the Questions on time by January 5. We understand that MFN won't discuss our concerns, including that it has abused our willingness to respond to limited follow up questions, so the Fund will respond as best it can.

A thirty minute phone call, in our judgment, would have been far more efficient, and we had hoped more productive, than the emails of these past three weeks.

In the meantime, Eric, please enjoy your travels and vacation.

Sent from my iPhone

On Dec 30, 2025, at 2:15 PM, Eric Winston <ericwinston@quinnemanuel.com> wrote:

Counsel:

I am not sure why you are writing to my co-counsel as if we are operating separately, but any required meet and confer process has already happened and, for the reasons stated below, will not participate on any further telephone or video conference calls with you.

**Your Subpoena**

We have already stated that we will respond to the subpoena for Rule 31 deposition questions after we file our objection and serve discovery responses to the Debtors on January 12.  We have already stated why this makes sense.  We note that we agreed to accept service of the subpoena even though your client is not a moving party and can only seek discovery from us after we have objected to the motion.

If you are unwilling to accept this, we will file a letter with the court seeking to move the date to after January 12.

**The Rule 31 Deposition**

For the reasons stated below, your client already agreed to the topics and cannot now object to them.  We agreed to proceed by Rule 31 as an accommodation to resolve not seeking to compel a continued oral deposition following your behavior.  You agreed to proceed in that manner.  We agreed to give you more time to respond to the questions, not to negotiate the questions in advance.

You have until January 5 to respond to the questions and make whatever objections to the questions you contend are warranted.

Regards,


**Eric Winston**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3602 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ericwinston@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Meehan, Edward J. (EMeehan@groom.com) <EMeehan@groom.com>
**Sent:** Tuesday, December 30, 2025 8:43 AM
**To:** Eric Winston <ericwinston@quinnemanuel.com>
**Cc:** Vincent M. DeBella <vdebella@pkgdlaw.com>; Christopher Gessner <cgessner@akingump.com>; Maria Kotsiras <mkotsiras@potteranderson.com>; Casey McGushin <casey.mcgushin@kirkland.com>; Meredith Lahaie <mlahaie@akingump.com>; Shirley Chan <shirley.chan@kirkland.com>; Jane M. Leamy <jane.m.leamy@usdoj.gov>; Nicole K. Pedi <npedi@potteranderson.com>; Patrick J. Nash <patrick.nash@kirkland.com>; Levin, Samuel (slevin@groom.com) <SLevin@groom.com>; L. Katherine Good <kgood@potteranderson.com>; Andrew C. Ehrmann <aehrmann@potteranderson.com>; Kevin Zuzolo <kzuzolo@akingump.com>; Eric Field <efield@littler.com>; Bill Sullivan <bsullivan@sha-llc.com>; Ben Roth <benroth@quinnemanuel.com>; Joseph L. Sorkin <jsorkin@akingump.com>
**Subject:** Re: Yellow (Meet and confer correspondence re MFN Rule 31 Questions to NYST)

[EXTERNAL EMAIL from emeehan@groom.com]

Katie and Andrew,

May we please have a response to our outstanding requests to meet and confer on the pending Rule 31 discovery to and from MFN?

Sent from my iPhone

On Dec 24, 2025, at 3:47 PM, Meehan, Edward J. (EMeehan@groom.com) <EMeehan@groom.com> wrote:


Hi Andrew,

Since you issued the original Rule 45 subpoena and the Rule 31 Questions, and we accepted the Rule 31 approach that MFN proposed to resolve the disputes about the Deposition (without MFN disclosing that it would abuse the process), are you willing to meet and confer about the concerns regarding the Questions that we have outlined? Or do you agree with Eric's email below in which he (as best we can understand it) declines to do so?

We're available Monday if you're willing to talk. That's the same day we've proposed to Katie that we meet and confer on the NYST Fund's Rule 31 questions to MFN. Please feel free to invite any of your colleagues at your firm and the others representing MFN to join, if you believe that might be productive.

As noted, we remain committed to respond to the Questions in good faith. We are trying to be efficient about getting MFN information while trying also to avert any future disagreements.

Thanks for your consideration of our request to meet and confer on our and your respective Rule 31 discovery.

In the meantime, we wish everyone an enjoyable and relaxing holiday break.

Sent from my iPhone

On Dec 24, 2025, at 11:45 AM, Eric Winston <ericwinston@quinnemanuel.com> wrote:


Counsel:

Does your e-mail mean you are ignoring what Rule 31 provides, what you already agreed to, and what your own letter purporting to initiate a meet and confer states?

Rule 31 does not provide for a meet and confer in advance of the deposition upon written questions. It is the equivalent to asking the question at a deposition; one does not negotiate deposition questions in advance. Since this is continuation of the Rule 30(b)(6) oral deposition that you disrupted, you had the chance to move to quash that deposition or object to the topics before December 8. You did neither and in fact affirmatively accepted all of the topics as written.

If there were any doubt you understand this, your letter at pages 2 and 3 already acknowledges your client will answer questions, asserting privilege and making objections. That is consistent with what occurs at a deposition and what Rule 31 provides. While it remains to be seen whether you will constrain yourself to lodge only appropriate objections, we can and will deal with that potential issue after we get the answers.

To the extent that we do need to meet and confer – which we do not accept in any way is required – Local Rule 7026-1(d) does not require that such meet and confer be in person or by phone/video. Letters and e-mails are good enough. Thus, if a meet and confer is required, we answered every single point you raised. You have not responded other than to make the silly statement this morning. In case you have yet to read the local rule, I have pasted it below for your benefit. My co-counsel is comfortable as of today making the certification if this ends up in motion practice.


(d) Certification of Counsel. Except for cases or proceedings involving pro se parties or

motions brought by nonparties, every motion under this Local Rule must be accompanied

by an averment of Delaware counsel for the moving party that a reasonable effort has been

made to reach agreement with the opposing party on the matters set forth in the motion or

the basis for the moving party not making such an effort. Unless otherwise ordered, failure

to so aver may result in dismissal of the motion.

Moreover, you did not identify a single question in your letter you find objectionable. Your letter merely generalizes, making multiple falsehoods along the way. The only substantive issue is your indication that you will follow the Committee's privilege instruction (even though you do not identify which questions where this may arise). We have responded, including pointing out that there is no privilege in communications with the Committee over objections to your client's claims or, at worst, you waived it. If you assert privilege to any question on this basis, we reserve the right to take it up with the Court.

We do not trust you at all that a non-transcribed call with you will be result in you being truthful; thus, writings are good enough for us. You have lost that privilege with us. I have come to realize that the multiple times you have called me to complain about the course of the case, the fees of estate professionals, and the prospects for a global settlement, all the while acknowledging you understood our positions (even if you disagreed with them), were duplicitous because we would then read in pleadings and letters make-believe and misleading statements completely inconsistent with what I thought was sincerity. No other counsel in this case has acted this way, even when we have vehemently disagreed with their positions. The straw that broke the camel's back was your pathetic attempt to bully Mr. Ehrmann, who stood his ground despite it being his first deposition. I do not tolerate bullying behavior and you have not apologized for your behavior.


Eric Winston
Partner
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

213-443-3602 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>
www.quinnemanuel.com<http://www.quinnemanuel.com>
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Meehan, Edward J. (EMeehan@groom.com) <EMeehan@groom.com>
Sent: Wednesday, December 24, 2025 6:57 AM
To: Eric Winston <ericwinston@quinnemanuel.com>
Cc: Vincent M. DeBella <vdebella@pkgdlaw.com>; Christopher Gessner <cgessner@akingump.com>; Maria Kotsiras <mkotsiras@potteranderson.com>; Casey McGushin <casey.mcgushin@kirkland.com>; Meredith Lahaie <mlahaie@akingump.com>; Shirley Chan <shirley.chan@kirkland.com>; Jane M. Leamy <jane.m.leamy@usdoj.gov>; Nicole K. Pedi <npedi@potteranderson.com>; Patrick J. Nash <patrick.nash@kirkland.com>; Levin, Samuel (slevin@groom.com) <SLevin@groom.com>; L. Katherine Good <kgood@potteranderson.com>; Andrew C. Ehrmann <aehrmann@potteranderson.com>; Kevin Zuzolo <kzuzolo@akingump.com>; Eric Field <efield@littler.com>; Bill Sullivan <bsullivan@sha-llc.com>; Ben Roth <benroth@quinnemanuel.com>; Joseph L. Sorkin <jsorkin@akingump.com>
Subject: Re: Yellow (Meet and confer correspondence re MFN Rule 31 Questions to NYST)

[EXTERNAL EMAIL from emeehan@groom.com<mailto:emeehan@groom.com>]

Eric,

Does your below email mean that you are unwilling to meet and confer on the concerns we've raised about MFN's Questions?

Sent from my iPhone

On Dec 23, 2025, at 8:03 PM, Eric Winston <ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>> wrote:


Counsel:

We received today yesterday your latest letter seeking to "initiate a meet and confer process" (emphasis in original) regarding the Questions (as defined in your letter).

I start with what you nearly end with – that you have asserted a falsity then, based on that falsity, made a claim of waiver: "While we're glad to see MFN waive Topic 1 and effectively do the same for topic 4, as we suggested at the deposition, MFN has now confirmed that it wasted our time and imposed unnecessary costs of preparation on the Fund to testify about these topics." After being warned twice not to do this, you have

5

again made up something and declared a legal consequence of your make-believe, intending to attempt to prejudice my clients and position yourself before the Court. Enough is enough. Your conduct during the December 8 deposition – for which you still have not apologized – was bad enough but stop compounding it. We will be "glad" when you stop.

Your letter makes the false statement "MFN was not prepared for the Deposition and terminated on pretext." Mr. Ehrmann was prepared to ask 88 questions (which themselves had subparts depending on the answer) for the December 8 deposition that you obstructed. Withdraw your false assertion and apologize to Mr. Ehrmann, all in writing.

You claim that "MFN's fifty Rule 31 Questions—many with multiple subparts—unduly burden the Fund" (emphasis in original) and then go on to make the egregious assertion you were misrepresented as to this being just a "handful" of deposition questions.

* You intentionally ignore the fact that of the "fifty Rule 31" Questions, the following questions are or start with "yes/no" Questions: 1-5, 7, 9-13, 19-28, 31-33, 37, 38, 40, 42-44, and 46-50. Thus, you knowingly ignore the fact that 35 of the 50 questions can be answered in a single word. And for some of them the answer might make it necessary to provide more information but there is no way to know in advance.

* You intentionally ignore that several of the non "yes/no" Questions nonetheless can be answered in a single sentence.

* You intentionally ignore that the reason we even had do this deposition by written question is because you obstructed the December 8 deposition.

* You intentionally failed to inquire prior to writing your letter whether we had more questions ready to go for the December 8 deposition that we intended to ask but for your obstructionist conduct. As set forth above, you were wrong. We look forward to your written admission that you are wrong.

* While I have no idea how fast you can read, at my normal pace of reading and speaking aloud, I was able to say aloud the first 15 questions in 4 minutes and 39 seconds. That suggests reading all of the Questions would take less than 20 minutes. Even assuming double the amount of time to answer and accounting for reasonable form objections (even though the Questions were written precisely to avoid your tactics of speaking objections and bizarre speeches), the entire deposition would have been done in no more than one hour. Your letter claims we could not have read the Questions in 51 minutes. You are wrong.

Your letter ignores that on December 19, we wrote the following: "But in case there is any confusion as to the amount, the calculations of Mobile Street's two withdrawal liability claims based on current rulings matches the methodology for the table below, which are the same amounts the Debtors used to support their calculation of such claims at confirmation. Your client voted in favor of the Plan, which we submit is evidence that NYST agrees with these figures. You are free to stipulate to these figures to avoid any further discovery on them." (emphasis in original). If you agree to stipulate, it will remove a number of the Questions. Is there a reason why you have ignored this?

6

You claim that the "Questions ask nothing about MFN's topic 1 (concerning the nature and purpose of the Committee)." First, your letter misquotes Topic 1. The actual language states: "The nature and business of the Committee including Your role and the role of any MEPP Settling Parties on the Committee."

* You have misled every recipient of your letter by misquoting what is Topic 1.

* You also knowingly failed to identify Questions 20, 22, 23, 25, 40 as Questions that ask for communications with the Committee, which necessarily involves the nature and business of the Committee.

* Questions 31 and 42 directly concern the Committee's business and your client's role on it. You knowingly ignored these questions when you wrote that the Questions "ask nothing" about MFN's Topic 1.

You claim that only one question refers to Topic 4 "and it's both not relevant and better directed at the Debtors" from which you make the "waiver" assertion identified above.

* You knowingly ignore that Question 48 – which is the one question – by its plain language disproves our clients "effectively" waived anything regarding Topic 4. Asking one question concerning Topic 4 proves it is not waived. It means we are being careful in asking what we need to ask.

* The letter also ignores the fact that the Fourth Plan has not gone effective and the liquidating trust is not yet in place. Since Question 48 asks whether, as the nominee, NYST has received any "onboarding" or background materials, if the answer to the question is no, there is no more to ask. You know that the plan has not gone effective and yet you failed to account for this obvious fact.

* That you indicate Question 48 is better directed to the Debtors (even though your client is going to be on the liquidating trust board and it is entirely appropriate to ask, since you did not object to Topic 4) confirms it is in fact relevant.

You claim that because Committee counsel has asserted privilege, NYST will follow it.

* You have already acknowledged there is no privilege or, even if there was one, you waived it. You did so when at the December 8 deposition you (bizarrely) asked your own client whether he would adopt the script you handed to him. That script confirmed that NYST and the Committee are adverse to one another concerning MEPP claim objections. Your client – answering your improper question – testified he did adopt the script in its entirety, meaning that he agreed there was adversity. Dec. 8 Tr. at 98:6-11.

At bottom, you were unprofessional during the deposition that Mr. Ehrmann took. You have continued to be unprofessional since then. If NYST does not fully and faithfully answer the Questions, we look forward to putting the December 8 deposition transcript and this entire exchange in front of the Court.

Finally, we are notifying you now that if you are filing anything in support of, or reply to our forthcoming opposition to, the Settlement Motion for more than just one of your clients, and you have not first filed a Rule 2019 Statement, we will ask the Court to disregard your filing. You have abused your knowing violation of that Rule long enough.

Regards,

Eric Winston
Partner
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3602 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com%3cmailto:ericwinston@quinnemanuel.com>>
www.quinnemanuel.com<http://www.quinnemanuel.com><http://www.quinnemanuel.com>
NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

From: Meehan, Edward J. (EMeehan@groom.com<mailto:EMeehan@groom.com>) <EMeehan@groom.com<mailto:EMeehan@groom.com>>
Sent: Monday, December 22, 2025 2:11 PM
To: Eric Winston <ericwinston@quinnemanuel.com<mailto:ericwinston@quinnemanuel.com>>; Vincent M. DeBella <vdebella@pkgdlaw.com<mailto:vdebella@pkgdlaw.com>>; Christopher Gessner <cgessner@akingump.com<mailto:cgessner@akingump.com>>; Maria Kotsiras <mkotsiras@potteranderson.com<mailto:mkotsiras@potteranderson.com>>; Casey McGushin <casey.mcgushin@kirkland.com<mailto:casey.mcgushin@kirkland.com>>; Meredith Lahaie <mlahaie@akingump.com<mailto:mlahaie@akingump.com>>; Shirley Chan <shirley.chan@kirkland.com<mailto:shirley.chan@kirkland.com>>; Jane M. Leamy <jane.m.leamy@usdoj.gov<mailto:jane.m.leamy@usdoj.gov>>; Nicole K. Pedi <npedi@potteranderson.com<mailto:npedi@potteranderson.com>>; Patrick J. Nash <patrick.nash@kirkland.com<mailto:patrick.nash@kirkland.com>>; Levin, Samuel (slevin@groom.com<mailto:slevin@groom.com>) <SLevin@groom.com<mailto:SLevin@groom.com>>; L. Katherine Good <kgood@potteranderson.com<mailto:kgood@potteranderson.com>>; Andrew C. Ehrmann <aehrmann@potteranderson.com<mailto:aehrmann@potteranderson.com>>; Kevin Zuzolo <kzuzolo@akingump.com<mailto:kzuzolo@akingump.com>>; Eric Field <efield@littler.com<mailto:efield@littler.com>>; Bill Sullivan <bsullivan@sha-llc.com<mailto:bsullivan@sha-llc.com>>; Ben Roth <benroth@quinnemanuel.com<mailto:benroth@quinnemanuel.com>>; Joseph L. Sorkin <jsorkin@akingump.com<mailto:jsorkin@akingump.com>>
Subject: Yellow (Meet and confer correspondence re MFN Rule 31 Questions to NYST)

[EXTERNAL EMAIL from emeehan@groom.com<mailto:emeehan@groom.com<mailto:emeehan@groom.com%3cmailto:emeehan@groom.com>>]

MFN counsel,

Attached is the letter we indicated we'd provide today about MFN's Rule 31 questions. Happy to discuss if helpful.

Sent from my iPhone

Edward J. Meehan
Principal

Groom Law Group, Chartered
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006
t: 202-861-2602 | f: 202-659-4503 | e: EMeehan@groom.com<mailto:EMeehan@groom.com<mailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com<mailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com%3cmailto:EMeehan@groom.com>>>
[httsp://www.groom.com] <https://www.groom.com>
[LinkedIn]<https://www.linkedin.com/company/groom-law-group/<https://www.linkedin.com/company/groom-law-group><https://www.linkedin.com/company/groom-law-group>> [Twitter] <https://twitter.com/groomlawgroup>

[cid:imagec50bf9.JPG@dd01ab50.43bdb437]<https://www.groom.com/resources/usa-today-names-groom-2025-top-workplace/<https://www.groom.com/resources/usa-today-names-groom-2025-top-workplace><https://www.groom.com/resources/usa-today-names-groom-2025-top-workplace>>

_____
Notice: This message is intended only for use by the person or entity to which it is addressed. Because it may contain confidential information intended solely for the addressee, you are notified that any disclosing, copying, downloading, distributing, or retaining of this message, and any attached files, is prohibited and may be a violation of state or federal law. If you received this message in error, please notify the sender by reply mail, and delete the message and all attached files.

Sent from my iPhone

Sent from my iPhone

9