# EXHIBIT H

Case 23-11069-CTG    Doc 8503-8    Filed 01/09/26    Page 2 of 8

12/08/2025                In re: Yellow Corporation, et al.                Kenneth R. Stillwell 30(b)(6)

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

*******************************

In re:                            Chapter 11

YELLOW CORPORATION, et al.,       Case No.

      Debtors.              23-11069(CTG)

*******************************

VIDEOTAPED DEPOSITION OF

KENNETH R. STILWELL

December 8th, 2025

3:03 p.m. Eastern Time

Reported by:   Maureen O'Connor Pollard, RDR

New York Notary

- - -

DIGITAL EVIDENCE GROUP

1730 M Street, NW, Suite 812

Washington, D.C. 20036

(202) 232-0646

Case 23-11069-CTG   Doc 8503-8   Filed 01/09/26   Page 3 of 8

12/08/2025                In re: Yellow Corporation, et al.          Kenneth R. Stillwell 30(b)(6)

**Page 2**

```
 1        Remote via Zoom Videotaped Deposition
 2  of KENNETH R. STILWELL, held at the location of
 3  the deponent in Syracuse, New York, commencing
 4  at 3:03 p.m., on the 8th of December, 2025,
 5  before Maureen O'Connor Pollard, Registered
 6  Diplomate Reporter, Realtime Systems
 7  Administrator, Certified Shorthand Reporter, New
 8  York Notary Public.
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
```

**Page 3**

```
 1  REMOTE APPEARANCES:
 2
    ON BEHALF OF MFN PARTNERS LP & MOBILE STREET
 3  HOLDINGS, LLC:
 4      QUINN EMANUEL URQUHART & SULLIVAN LLP
        BY:   ERIC WINSTON, ESQ.
 5            ericwinston@quinnemanuel.com
        865 S. Figueroa Street, 10th Floor
 6      Los Angeles, California 90017
        (213) 443-3000
 7
        and
 8
        POTTER ANDERSON & CORROON LLP
 9      BY:   ANDREW C. EHRMANN, ESQ.
              aehrmann@potteranderson.com
10      BY:   NICOLE PEDI, ESQ.
              npedi@potteranderson.com
11      BY:   L. KATHERINE GOOD, ESQ.
              kgood@potteranderson.com
12      BY:   MARIA KOTSIRAS, ESQ.
              mkotsiras@potteranderson.com
13      1313 North Market Street, 6th Floor
        Wilmington, Delaware 19801
14      (302) 984-6282
15      and
16      LITTLER
        BY:   ERIC FIELD, ESQ.
17            efield@littler.com
        815 Connecticut Avenue, NW
18      Suite 400
        Washington, DC 20006
19      (202) 772-2539
20
21
22
```

**Page 4**

```
 1  REMOTE APPEARANCES (Continued):
 2  ON BEHALF OF THE DEBTORS, YELLOW CORPORATION:
 3      KIRKLAND & ELLIS LLP
        BY:   SHIRLEY CHAN, ESQ.
 4            shirley.chan@kirkland.com
        333 West Wolf Point Plaza
 5      Chicago, Illinois 60654
        (312) 862-2000
 6
    ON BEHALF OF THE OFFICIAL COMMITTEE OF UNSECURED
 7  CREDITORS:
 8      AKIN GUMP STRAUSS HAUER & FELD LLP
        BY:   JOSEPH SORKIN, ESQ.
 9            jsorkin@akingump.com
        BY:   MEREDITH LAHAIE, ESQ.
10            mlahaie@akingump.com
        Bank of America Tower
11      1 Bryant Park
        New York, New York 10036
12      (212) 872-1000
13
    ON BEHALF OF NEW YORK STATE TEAMSTERS:
14
        GROOM LAW GROUP
15      BY:   EDWARD MEEHAN, ESQ. (With deponent)
              emeehan@groom.com
16      1701 Pennsylvania Avenue, NW
        Washington, DC 20006
17      (202) 861-2602
18
    ON BEHALF OF THE DEPONENT INDIVIDUALLY:
19
        PARAVATI, KARL, GREEN & DEBELLA
20      BY:   VINCENT M. DEBELLA, ESQ.
              (With deponent)
21            vdebella@pkgdlaw.com
        12 Steuben Park
22      Utica, New York 13501
```

**Page 5**

```
 1  REMOTE APPEARANCES (Continued):
 2
    ON BEHALF OF THE UNITED STATES TRUSTEE:
 3
        UNITED STATES DEPARTMENT OF JUSTICE
 4      OFFICE OF THE UNITED STATES TRUSTEE
        BY:   JANE M. LEAMY, ESQ.
 5            jane.m.leamy@usdoj.gov
        844 N. King Street
 6      Suite 2207, Lockbox 35
        Wilmington, Delaware 19801
 7      (302) 573-6491
 8
    Videographer:  Danny Ortega
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
```

Case 23-11069-CTG    Doc 8503-8    Filed 01/09/26    Page 4 of 8

12/08/2025 In re: Yellow Corporation, et al. Kenneth R. Stillwell 30(b)(6)

Page 6

```
 1              INDEX
 2  EXAMINATION                              PAGE
 3  KENNETH R. STILWELL
 4    BY MR. EHRMANN                           9
 5    BY MR. MEEHAN                           99
 6    BY MR. EHRMANN                          108
 7
 8
 9            E X H I B I T S
10  NO.          DESCRIPTION                 PAGE
11  Number 1     Subpoena to Testify at a
                 Deposition in a
12               Bankruptcy Case (Or
                 Adversary Proceeding)......   15
13
    Number 2     United States Bankruptcy
14               Court for the District of
                 Delaware Proof of Claim....   18
15
    Number 3     E-mail chain, Bates
16               YELLOW_DEBTORS_
                 CONFIRMATION_00008558
17               through 8561...............   35
18  Number 4     E-mail chain, Bates
                 YELLOW_UCC_CONV_0000167
19               through 171................   45
20  Number 5     Exhibit A, Proposed Order..   46
21
22
```

Page 7

```
 1                    - - -
                DEPOSITION SUPPORT INDEX
 2                    - - -
 3
    Direction to Witness Not to Answer
 4  PAGE      LINE
 5    28        2
      33       20
 6    51        8
 7
 8
    Request for Production of Documents
 9  PAGE      LINE
      None.
10
11
12  Stipulations
    PAGE      LINE
13
14   110       11
15
    Questions Marked Highly Confidential
16  PAGE      LINE
      None.
17
18
19
20
21
22
```

Page 8

```
 1              P R O C E E D I N G S
 2         THE VIDEOGRAPHER:  We are now on
 3  the record.  My name is Danny Ortega, and
 4  I'm the legal videographer for Digital
 5  Evidence Group.
 6         Today's date is December 8, 2025,
 7  and the time is 3:03 p.m.
 8         This video deposition is being held
 9  remotely in the matter of In re: Yellow
10  Corporation, et al.
11         The deponent today is Kenneth
12  Stilwell.
13         All counsel will be noted on the
14  stenographic record.
15         The court reporter today is Maureen
16  Pollard, and will now swear in the witness.
17              *   *   *
18  Whereupon,
19         KENNETH R. STILWELL,
20  being first duly remotely sworn to testify to
21  the truth, the whole truth, and nothing but the
22  truth, was examined and testified as follows:
```

Page 9

```
 1              EXAMINATION
 2  BY MR. EHRMANN:
 3      Q.   Good afternoon, Mr. Stilwell.
 4      A.   Good afternoon.
 5      Q.   I'm going to start with some
 6  preliminary questions.
 7           Have you ever been deposed before?
 8      A.   Yes, I have.
 9      Q.   When was the last time you were
10  deposed?
11      A.   About a month ago.
12      Q.   So I will be asking you a series of
13  questions and you'll be answering them under
14  oath.  That is the same oath that you would be
15  required to take if testifying in court.
16           Do you understand that?
17      A.   Yes, I do.
18      Q.   Okay.  It's important that your
19  answers be verbal.  If you do not understand a
20  question, please ask me to repeat it.  If you
21  answer a question I ask, I'm going to assume you
22  understand that question.
```

Case 23-11069-CTG   Doc 8503-8   Filed 01/09/26   Page 5 of 8

12/08/2025                    In re: Yellow Corporation, et al.              Kenneth R. Stillwell 30(b)(6)

Page 26
```
 1        MR. DEBELLA:  Objection.  You're
 2   asking for a legal conclusion by a lay
 3   witness.
 4        MR. EHRMANN:  Are you instructing
 5   the witness not to answer?
 6        MR. DEBELLA:  The witness is not a
 7   lawyer, and you're asking for a legal
 8   conclusion.
 9        MR. MEEHAN:  Go ahead,
10   Mr. Stilwell, if you can.
11        THE WITNESS:  I'm not an attorney.
12   I will refrain from answering the question.
13        MR. EHRMANN:  So at this point I am
14   just going to say that MFN Partners are
15   reserving all rights to seek further
16   testimony from New York Teamsters with the
17   Court or to compel specific answers from New
18   York Teamsters regarding any topics within
19   the scope of this deposition.
20   BY MR. EHRMANN:
21        Q.   Mr. Stilwell, are you aware of any
22   other MEPP asserting a liquidated damages claim
```

Page 27
```
 1   similar to New York Teamsters in this case?
 2        MR. MEEHAN:  Object to the form.
 3        Go ahead.
 4        THE WITNESS:  I am not.
 5   BY MR. EHRMANN:
 6        Q.   Prior to filing its Proofs of
 7   Claim, did New York Teamsters discuss how to
 8   calculate withdrawal liability claim with any
 9   other MEPP?
10        A.   I am unaware of that.
11        Q.   Is there anyone at New York
12   Teamsters who would be aware of that to your
13   knowledge?
14        A.   None.
15        Q.   Prior to filing its Proofs of
16   Claim, did New York Teamsters discuss how to
17   calculate withdrawal liability with any
18   representative of the Committee?
19        A.   I am unaware of that.
20        Q.   Has New York Teamsters discussed
21   with any representative of the Committee whether
22   New York Teamsters is entitled to the liquidated
```

Page 28
```
 1   damages claim it asserts?
 2        MR. DEBELLA:  And I'm just going to
 3   object to form, and instruct the witness to
 4   answer -- to not divulge any communications
 5   or discussions with the Committee.  If you
 6   can answer yes or no, you can answer, but to
 7   the extent it is more than yes or no, I
 8   would instruct the witness not to answer, to
 9   preserve the Committee's privilege.
10        MR. MEEHAN:  And I would add to the
11   extent, Mr. Stilwell, if you have any
12   knowledge on that subject, that you not
13   reveal any attorney-client privilege
14   associated with the Fund.
15        THE WITNESS:  I have no knowledge
16   on the subject matter, therefore I will not
17   answer the question.
18   BY MR. EHRMANN:
19        Q.   Has any representative from the
20   Committee requested New York Teamsters to waive
21   its claim for liquidated damages?
22        A.   Not that I'm aware of.
```

Page 29
```
 1        MR. SORKIN:  And I would just --
 2   Mr. Stilwell, apologies, but if you could
 3   just give me a minute to interpose an
 4   objection.
 5        I think the question and answer as
 6   asked and answered did not reveal any
 7   privileged communications, but I will be
 8   objecting just to make sure that there is no
 9   discussion of communications with the
10   Committee as committee members by the New
11   York State Teamsters.
12        So I just want to make sure that,
13   Mr. Stilwell, you understand that.  So if
14   you would pause for a minute, I may object.
15        THE WITNESS:  Understood.
16        MR. SORKIN:  Thank you.
17        MR. MEEHAN:  In addition to the
18   privilege, there is a Rule 408 restriction,
19   and an understanding that I have had with
20   every counsel on this case, that every
21   discussion of settlement is entirely off the
22   record.
```

Case 23-11069-CTG   Doc 8503-8   Filed 01/09/26   Page 6 of 8

12/08/2025                    In re: Yellow Corporation, et al.           Kenneth R. Stillwell 30(b)(6)

Page 30

1  So I'll need to know whether MFN is
2  waiving that protection so that anything and
3  everything associated with MFN and
4  settlement can now be put on a public
5  record.  If you are not waiving that, you
6  are being inconsistent.  Can you tell me
7  which way you want to go on that?
8      MR. EHRMANN:  408 is not a
9  privilege.  It is completely within the
10 bounds of admissibility.  That is all I will
11 say on the topic.
12     MR. MEEHAN:  I understand there are
13 a number of cases in 408.  But I have a
14 specific understanding with lawyers
15 representing MFN that subjects concerning
16 settlement are off the record, and I had
17 that same understanding with every other
18 lawyer in this case representing a party --
19 a lawyer for every party is how I should put
20 it, not to be overly broad.
21     But I just need to know, is MFN
22 waiving that restriction so that by

Page 31

1  inquiring into these matters MFN is making
2  it clear that any party may reveal anything
3  that MFN has divined in this case in
4  settlement?  I just need to know which path
5  you're taking.
6      MR. EHRMANN:  This is not
7  appropriate for this room, Counsel.  That is
8  all I will say on the topic, and I will move
9  on with this deposition.
10     MR. MEEHAN:  Well, I do -- okay.
11 My request will remain out there.  If you're
12 going to inquire into any settlement
13 conversations, I will take it that MFN is
14 waiving the agreement that I have with its
15 counsel that we will not discuss what was
16 exchanged in settlement and that we are free
17 to put MFN's demands in their entirety on
18 the public record.  So please understand
19 that's our position.
20     Go ahead.
21     MR. EHRMANN:  I will say at this
22 time that MFN again will reserve all rights

Page 32

1  to seek additional testimony and additional
2  time with respect to this deposition as
3  counsel has repeatedly made additional and
4  prolonged statements on the record which are
5  beyond the scope of this deposition, and I
6  will move on with the questioning.
7  BY MR. EHRMANN:
8      Q.   Mr. Stilwell --
9      MR. MEEHAN:  No, no, no.  Orally
10 and in writing on repeated occasions I
11 communicated to counsel for MFN that my
12 understanding of these topics was that
13 virtually every question I could think of
14 would result in a privilege instruction.  It
15 should be no surprise that we cannot
16 proceed.
17     What is a little surprising is MFN
18 is inquiring into settlement matters, so
19 that raises this third aspect.
20     We also agreed, notwithstanding my
21 concerns which were stated orally and in
22 writing on multiple occasions, that this

Page 33

1  deposition would proceed for, quote, about
2  two hours, end quote, and even though you
3  noticed it for 4:00 o'clock, we agreed to
4  start at 3.
5      So we're going to stop right around
6  5, and you're getting exactly what we told
7  you would happen.  So please try to ask
8  questions, but don't create these problems.
9  Thank you.
10 BY MR. EHRMANN:
11     Q.   Mr. Stilwell, in this case
12 Judge Goldblatt has issued various rulings
13 concerning New York Teamsters' withdrawal
14 liability claim, is that correct?
15     A.   To the best of my knowledge, yes.
16     Q.   So I'm not asking whether you agree
17 with any of the rulings, but giving effect to
18 the existing rulings, what is the amount of New
19 York Teamsters' withdrawal liability?
20     MR. SORKIN:  I would just instruct
21 the witness to the extent it calls for the
22 witness to divulge any communications as a

Case 23-11069-CTG   Doc 8503-8   Filed 01/09/26   Page 7 of 8

12/08/2025                    In re: Yellow Corporation, et al.                    Kenneth R. Stillwell 30(b)(6)

Page 94

```
 1    the reason for this settlement is the
 2    professional fees incurred in this case.
 3              MR. MEEHAN:  And I know this is
 4         only colloquy, but the testimony is much
 5         broader than that.  But thank you for at
 6         least attempting to address my question.
 7   BY MR. EHRMANN:
 8       Q.    Mr. Stilwell, to your knowledge,
 9   without breaking privilege, has anyone done an
10   estimate of the litigation costs for the debtors
11   in this case?  Sorry, let me -- strike that
12   actually.  Let me rephrase that.
13              Without breaking privilege, sir,
14   has anyone done an estimate of litigation costs
15   related to the settled MEPP claims in this
16   litigation?
17              MR. MEEHAN:  All of the MEPP
18         claims, or just the New York State claim?
19              MR. EHRMANN:  Those subject to the
20         settlement.
21              MR. MEEHAN:  So all of the MEPP
22         claims that are being -- and this would be
```

Page 95

```
 1    the fees that would be incurred by the
 2    debtors, you're asking?
 3              MR. EHRMANN:  Yes.
 4              MR. MEEHAN:  If you know, sir.
 5              THE WITNESS:  Yes.
 6   BY MR. EHRMANN:
 7       Q.    Who has done this estimate?
 8       A.    The Fund's counsel.
 9       Q.    I'm sorry, that might have been on
10   my end, but you broke up, sir.  Can you repeat
11   that answer?
12       A.    The Fund's counsel.
13       Q.    Have you reviewed that estimate?
14       A.    I have not.
15              MR. EHRMANN:  Okay.  So again,
16         based on the fact that it is clear that the
17         witness is not aware of many of the topics
18         meant for discussion here, and that it is
19         the party's obligation to prepare their
20         corporate representative prior to the
21         deposition, I do not believe that it would
22         be appropriate to move forward right now.
```

Page 96

```
 1              That being said, MFN parties is
 2    going to leave this deposition open, and we
 3    reserve all rights on the record to seek
 4    further testimony, and to ask the Court to
 5    compel further testimony from your New York
 6    Teamsters on any of the topics meant for
 7    this deposition.
 8              MR. MEEHAN:  Okay.  So if you're
 9         finished, Counsel, number one, you didn't
10         ask a single question about the first
11         topic --
12              THE STENOGRAPHER:  I'm sorry,
13         Mr. Meehan, I can't hear you.
14              MR. MEEHAN:  You did not ask a
15         single question in my observation about
16         Topic Number 1.  We spent extensive time
17         preparing the witness, and expense, and we
18         have a wide audience of people, including a
19         number of people who are billing the estate
20         for this, as they are doing what they
21         perceive to be their duty to attend this
22         deposition where you didn't ask a single
```

Page 97

```
 1    question about the first topic.
 2              You didn't ask a single question
 3    about the fourth topic.
 4              You asked, debatably, arguably, a
 5    couple of questions about 2 and 3.  You got
 6    answers to every one.  You spent most of
 7    your time talking about other subjects that
 8    are not apparent to me that they were within
 9    2 and 3.
10              I have now five, six, seven times
11    perhaps, I offered to educate and remind the
12    witness on any topic you got an "I don't
13    know."
14              Can you please state any question
15    where you got an "I don't know" or something
16    like that where you would like an answer?
17    Because we still have, oh, at least another
18    13 to 20 minutes left for you to get
19    answers.  So could you please identify?
20              MR. EHRMANN:  Mr. Meehan, I will
21         repeat again that it is the party's
22         obligation to prepare a 30(b)(6) deponent
```

Case 23-11069-CTG   Doc 8503-8   Filed 01/09/26   Page 8 of 8

12/08/2025                          In re: Yellow Corporation, et al.                     Kenneth R. Stillwell 30(b)(6)

Page 98

```
 1  prior to the deposition, not during the
 2  deposition.  That is completely
 3  inappropriate.
 4          MR. MEEHAN:  Well, I'm well aware
 5  of the obligation.
 6          You may note that we created an
 7  exhibit which we provided to you as a
 8  courtesy that contains information.
 9          Mr. Stilwell, do you adopt the
10  entirety of that summary here today?
11          THE WITNESS:  Yes, I do.
12          MR. MEEHAN:  All right.  Now, with
13  that in mind, sir, you asked some questions,
14  you were making statements on the record
15  that you did not get answers.  I don't know
16  of any that fall within 2 or 3, because I'm
17  excluding 1 and 4 -- you didn't ask anything
18  about them -- that you didn't get an answer.
19          Is there anything within 2 and 3
20  you asked that you got an "I don't know"?
21          MR. EHRMANN:  I will repeat again
22  that this is not the time to now educate
```

Page 99

```
 1  this witness.  I have asked him questions.
 2  It is clear he does not know many of these
 3  topics.
 4          We are going to reserve all rights
 5  on the record to seek further testimony and
 6  to ask the Court to compel further testimony
 7  or answers to specific questions.
 8          And with that, I don't think we
 9  have any further -- anything further at this
10  time.
11          MR. MEEHAN:  Yes, actually we do.
12  Two things.
13          One, we'll seek costs because you
14  have confirmed you didn't ask anything about
15  1 and 4.  We spent time dealing with number
16  2 and 3.  You're refusing to identify
17  anything.  So if you seek this, you will
18  need a Court order and we will seek costs.
19          I have a couple of questions.
20                  EXAMINATION
21  BY MR. MEEHAN:
22     Q.   Mr. Stilwell, earlier in the
```

Page 100

```
 1  deposition you were asked a question about
 2  default, you gave answers involving the word
 3  "default."  What did you understand the word
 4  "default" to mean in the context of those
 5  questions and your answers?
 6     A.   Yes.  In the administration of the
 7  Fund a default in my meaning would be that
 8  someone starts paying an obligation and then
 9  ceases to pay that obligation, so they defaulted
10  on that obligation on the monthly payment.
11  That's what I meant.
12     Q.   All right.  Did you mean anything
13  beyond that in terms of legal analysis of what a
14  default might mean in the context of this case?
15     A.   I did not, no.
16     Q.   Okay.  You were asked some
17  questions about whether you had received an
18  analysis, quote, an analysis, end quote, setting
19  forth what the fees would be that could be
20  incurred by the debtors continuing to litigate.
21          Do you remember questions about
22  that topic?
```

Page 101

```
 1     A.   I do.
 2     Q.   Okay.  Now, the word "analysis,"
 3  what does that mean to you?
 4     A.   That I received and I was able to
 5  review a detailed written calculation,
 6  description and calculation of what that
 7  analysis would be towards legal fees.
 8     Q.   Like a financial spreadsheet, that
 9  type of thing?
10     A.   Yes.
11     Q.   Have you received any estimates
12  from any source as to what the fees could be
13  that would be incurred by the New York State
14  Teamsters Fund if the Fund continues to litigate
15  the open issues including the 20-year cap, the
16  present value discount, whether or not the Judge
17  has ruled on 4225, and if there is no definitive
18  ruling, what analysis and legal positions need
19  to be taken?  All of the other issues as you
20  understand them, have you received any estimate
21  as to what the Fund's legal expenses going
22  forward will be to litigate those issues?
```