# KIRKLAND & ELLIS LLP

Casey McGushin
To Call Writer Directly:
+1 312 862 3397
casey.mcgushin@kirkland.com

333 West Wolf Point Plaza
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

January 9, 2026

Judge Craig T. Goldblatt
United States Bankruptcy Court
District of Delaware
824 North Market Street
3rd Floor, Courtroom 7
Wilmington, DE 19801

    Re: *In re Yellow Corp., et al.,* Case No. 23-11069 (CTG), Letter to the Honorable Judge Goldblatt from MFN Partners, LP and Mobile Street Holdings, LLC Requesting to Quash Subpoenas issued by New York State Teamsters Conference Pension and Retirement Fund (Dkt. No. 8477)

Dear Judge Goldblatt:

  The Debtors are not involved in the discovery dispute between the New York State Teamsters Conference Pension and Retirement Fund ("New York State Teamsters") and MFN/Mobile Street. (*See* Dkt. No. 8477 (the "Discovery Letter"); Dkt. No. 8503 (the "New York State Teamsters Response").) The Debtors note they received document requests from the New York State Teamsters (Dkt. No. 8474) and, in response to those requests, produced all written settlement negotiations between the Debtors and MFN/Mobile Street since October 2025.

  For the avoidance of doubt, the Debtors do not take any position with respect to the specific discovery dispute between the New York State Teamsters and MFN/Mobile Street. But in the Discovery Letter, MFN/Mobile Street argues "[t]here is no possible way that any 'settlement communication' information that MFN/Mobile Street has concerning its own claims and equity interests" could be relevant to the reasonableness of the settlements that are the subject of the Debtors' pending Settlement Motions. (Discovery Letter at 6.) As the moving party on the Settlement Motion, the Debtors submit this letter to make their position clear regarding the potential relevance of such evidence. In prior proceedings—including when referring to the settlements in the Third Amended Plan—MFN/Mobile Street has argued that the settlements were effectively entered into in bad faith or resulted from the Debtors "abandoning their fiduciary compass." (*See, e.g.*, Motion of MFN Partners, LP and Mobile Street Holdings, LLC for Entry of an Order Converting the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy

Austin  Bay Area  Beijing  Boston  Brussels  Dallas  Frankfurt  Hong Kong  Houston  London  Los Angeles  Miami  Munich  New York  Paris  Philadelphia  Riyadh  Salt Lake City  Shanghai  Washington, D.C.

4938-3795-4951.1 96859.001

**KIRKLAND & ELLIS LLP**

Judge Goldblatt
January 9, 2026
Page 2

Code at ¶ 90 (Dkt. 6204).)  MFN/Mobile Street's rationale for these arguments was the comparison between the claim amounts under the settlements and the claim amounts under the Court's various rulings to date.

      The documents the Debtors have produced to New York State Teamsters demonstrate that MFN/Mobile Street, in proposing a global settlement with respect to their MEPP claims, equity interests, and confirmation objections in November of 2025, sought a recovery substantially higher than it would have been entitled to based on the economics of its MEPP claims and the Court's rulings thus far.  To be sure, the Debtors do not believe MFN/Mobile Street's making of such a proposal was in any way improper.  Nor do the Debtors dispute MFN/Mobile Street's right to object to the Settlement Motions and assert that the settlements are unreasonable in light of the Court's rulings to date and the potential costs of continued litigation.  But as noted in the New York State Teamsters Response, Courts have found in some circumstances that the motivation of an objecting party can be relevant, and particularly if MFN/Mobile Street claims the Debtors are acting in bad faith or abandoning their fiduciary responsibility by agreeing to claim amounts that exceed what the claims would be under rulings to date, the fact that MFN/Mobile Street likewise sought an outsized recovery to resolve its claims through a settlement is relevant to countering such an argument.  Accordingly, regardless of the Court's determination on the discovery dispute, the Debtors do not believe the Court should rule that evidence of MFN/Mobile Streets's recent settlement proposals is *per se* irrelevant, but rather should reserve such decision—as well as related decisions on the admissibility of such evidence—until the hearing on the Settlement Motions in light of arguments advanced by MFN/Mobile Street or any other objecting party.


Sincerely,


*/s/ Casey McGushin*
Casey McGushin