**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-11069 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF BRIAN WHITTMAN**
**IN SUPPORT OF ENTRY OF AN ORDER (I) APPROVING THE**
**SETTLEMENT AGREEMENTS BY AND AMONG THE DEBTORS**
**AND CERTAIN PENSION FUNDS AND (II) GRANTING RELATED RELIEF**

I, Brian Whittman, hereby declare under penalty of perjury as follows:

1. I am a Managing Director at Alvarez & Marsal North America, LLC ("A&M"), a limited liability corporation, which has served as financial and restructuring advisor to the above-captioned debtors and debtors in possession (collectively, the "Debtors") prior to and throughout these chapter 11 cases.

2. On November 26, 2025, the Debtors filed the *Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief* [Docket No. 8296] (the "Settlement Motion") and my declaration in support thereof (the "Declaration").[2]

3. On December 22, 2025, the Debtors filed the *Supplemental Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements by and Among the Debtors and*

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used by not otherwise defined herein have the meanings ascribed to them in the Settlement Motions.

*Certain Pension Funds and (II) Granting Related Relief* [Docket No. 8443] (the "Supplemental Settlement Motion" and, with the Settlement Motion, the "Settlement Motions").

4. I submit this supplemental declaration ("Supplemental Declaration") in further support of the Settlement Motions and the Debtors' reply thereto ("Reply") and in response to the objection ("Objection") filed by MFN Partners, LP ("MFN Partners") and Mobile Street Holdings, LLC ("Mobile Street" and, with MFN Partners, "MFN") [Dkt. No. 8516].

5. Except as otherwise indicated herein, all facts set forth in this Supplemental Declaration are based upon my personal knowledge, information learned from my review of relevant documents, information supplied to me by other members of the Debtors' management and their advisors (including A&M employees working under my supervision), or my opinion based upon my experience, knowledge, and information concerning the Debtors' operations, financial affairs, and restructuring and liquidity management initiatives. I am over the age of eighteen and am authorized to submit this Declaration on behalf of the Debtors. If called upon to testify, I could and would testify competently to the facts set forth in this Supplemental Declaration.

6. Paragraph 14 of the Reply references that the "rulings-to-date" amount for the MEPP Settling Parties' claims is $715.9 million to $749.2 million (depending on the NYST liquidated damages claim), the settling amount is $1.438 billion, and the difference between the "rulings-to-date" amount and the settling amount is $689 million to $722 million. It is my understanding that approximately 52% of this difference, or approximately $358 million of the settlement amount, is attributable to reducing the MEPP Settling Parties' withdrawal liability claims by 25% in settling the Section 1405(b) subordination issue.

7. It is my understanding that each Settlement has a different combination of legal and factual issues being resolved. Many of the individual Settlements were negotiated within the Groom group and Milbank group funds, and those groups presented the Settlements to the Debtors as a take-it-or-leave it proposal across their respective groups. Based on my review of the analysis prepared by the Debtors' actuary on the rulings to date amounts and comparing those values to the Settlements, certain Settlements stray further from the amounts the claims would be if strictly applying the rulings to date, but I believe each of the Settlements are reasonable given (a) each Settlement is supported by all of the other MEPP Settling Parties, (b) the vast majority of the Settlements are funded by the MEPP Settling Parties and the PBGC (which itself has entered into a separate settlement of its claims already approved by the Court (Dkt. 8529)), (c) in aggregate the Settling Parties could do better, and the handful of non-settling parties worse, in various other litigation outcomes, all of which will be costly and will delay any meaningful distribution to Class 5 creditors, and (d) each marginal Settlement is important to achieve finality and avoid incurring costs to litigate issues applicable to all MEPP Settling Parties. Moreover, it is my understanding that many of the issues being settled are applicable to all of the MEPP Settling Parties. Accordingly, without settling as many MEPPs as possible, I believe the Debtors will be required to undertake much of the same litigation expense that they are trying to avoid. Thus, while it is an important provision that they are not required to be approved together (and thus the Court has the ability to reject any individual Settlements it determines are unreasonable without jeopardizing any others), it is important to have a critical mass of settlements.

8. I prepared a document, attached hereto as **Exhibit A,** comparing the projected dollar and percentage recoveries that general unsecured creditors will receive if the Settlements are approved and if the Court's rulings-to-date are upheld absent the Settlements. As shown in

Exhibit A, the dollar recovery for non-joint and several general unsecured creditors are similar or higher if the Settlements are approved as compared to if the Court's rulings-to-date are upheld, and the dollar recovery of Mobile Street's two MEPP claims is estimated to be only modestly lower than if the Settlements mirrored the Court's rulings to date.

9. I similarly analyzed and compared the projected dollar recoveries that the Settling MEPP Parties, the non-settling MEPPs, and other general unsecured creditors will receive if the Settlements are approved, if the Court's rulings-to-date are upheld absent the Settlements, and if certain other litigation outcomes occurred. I understand the analysis was produced to MFN on January 5, 2026 with bates number YELLOW_DEBTORS_9019_00011345. Relevant excerpts of the analysis are attached hereto as **Exhibit B**. As shown in Exhibit B, in aggregate the Settling MEPP Parties could do better in certain litigation scenarios, and the non-settling MEPPs could do worse in others, all of which can be costly to litigate.

10. I further analyzed the amount of distributable value required for equity holders to recover when giving effect to the Court's rulings-to-date or the Settlements. The analysis is attached hereto as **Exhibit C** and I understand it was produced to MFN on January 12, 2026 with bates number YELLOW_DEBTORS_9019_00011987. The analysis shows that under the rulings-to-date scenario, equity holders will only start to recover from the estates if approximately $2.5 billion of additional value is received from the IBT litigation or other sources, and under the Settlements scenario, the amount increases to approximately $2.9 billion. Due to the uncertainty, time, and cost associated with the Debtors receiving a recovery of this magnitude, I believe that the impact of the Settlements on equity holders is marginal and that the Settlements should be approved.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

4

statements are true and correct to the best of my knowledge, information, and belief.

Dated:  January 19, 2026         */s/ Brian Whittman*
                                 Brian Whittman
                                 Managing Director
                                 Alvarez & Marsal, LLC