IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: March 17, 2026 at 10:00 a.m. (ET)** <br> **Obj. Deadline: February 9, 2026 at 4:00 p.m. (ET)** |
| | Re: Docket No. 8296, 8443, 8556 & 8557 |

**MFN PARTNERS, LP, MOBILE STREET HOLDINGS, LLC AND
DEBTORS' JOINT MOTION TO MAINTAIN UNDER SEAL CERTAIN
EXHIBITS FROM THE HEARING ON THE MOTION OF THE DEBTORS FOR
ENTRY OF AN ORDER (I) APPROVING THE SETTLEMENT AGREEMENTS
BY AND AMONG THE DEBTORS AND CERTAIN PENSION FUNDS
AND (II) GRANTING RELATED RELIEF**

MFN Partners, LP ("MFN"), Mobile Street Holdings, LLC ("Mobile Street" and together with MFN, the "MFN Parties"), and the above-captioned debtors and debtors in possession (the "Debtors," and with the MFN Parties, the "Movants"), hereby submit this motion (this "Motion to Seal"), pursuant to section 107 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and rule 9018-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), sealing the Confidential Exhibits (as defined below) admitted into evidence at the hearing on January 21, 2026. In support of this Motion to Seal, the Movants respectfully state as follows:

---

[1] A complete list of each of the debtors in these chapter 11 cases (the "Debtors") may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over the above-captioned chapter 11 cases (these "Chapter 11 Cases"), the Debtors, property of the Debtors' estates, and these matters under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Pursuant to rule 9013-1(f) of the Local Rules, the Movants consent to the entry of a final judgment or order with respect to this Motion to Seal if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue of these Chapter 11 Cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are section 107(a) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

**BACKGROUND**

4. On August 6, 2023 (the "Petition Date") and continuing into August 7, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date of this Motion to Seal, no trustee or examiner has been appointed.

5. On August 16, 2023, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors (the "Committee") [Docket No. 269]

and twice has filed notices of amendments to the Committee constituents. *See* Docket Nos. 3430 & 5615.

6. On November 26, 2025, the Debtors filed the *Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief* [Docket No. 8296] (the "Settlement Motion"), seeking approval of settlement with certain multiemployer pension funds ("MEPPs").

7. On December 22, 2025, the Debtors filed the *Supplemental Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief* [Docket No. 8443] (the "Supplemental Settlement Motion" and together with the Settlement Motion, the "Settlement Motions"), whereby the Debtors sought approval of a settlement with an additional MEPP.

8. On December 5, 2025, the Court held a status conference which it had scheduled *sua sponte*. At the status conference, the hearing on the Settlement Motion was continued to January 21, 2026 (the "Settlement Hearing"). The Supplemental Settlement Motion was also set for the Settlement Hearing.

9. On January 12, 2026, the MFN Parties filed the *Objection of MFN Partners, LP and Mobile Street Holdings, LLC to Motion of the Debtors for Entry of an Order (I) Approving the Settlement Agreements by and Among the Debtors and Certain Pension Funds and (II) Granting Related Relief* [Docket No. 8516] (the "Settlement Objection").

10. On January 21, 2025, the Court held the Settlement Hearing, at which time the Debtors and the MFN Parties submitted certain exhibits into evidence in support of their positions. *See* Docket Nos. 8545, 8556 & 8557. From *MFN Partners, LP and Mobile Street Holdings, LLC's Witness and Exhibit List for Hearing on January 21, 2026* [Dkt. No. 8557], the Debtors designated

Exhibits 42, 43 and 44 as confidential and the Committee designated Exhibits 35 and 45 as confidential pursuant to *Order Approving Confidentiality Agreement and Stipulated Protective Order* [Docket No. 3216] and the *Order Approving Confidentiality Agreement and Stipulated Protective Order* [Docket No. 3681] (collectively, the "Protective Orders"). From *MFN Partners, LP and Mobile Street Holdings, LLC's Witness and Exhibit List for Hearing on January 21, 2026 Regarding MFN Partners, LP and Mobile Street Holdings, LLC's Objection to Proofs of Claim Filed By New York State Teamsters Conference Pension and Retirement Fund* [Dkt No. 8556] the Committee designated Exhibit 25 as confidential pursuant to the Protective Orders. From *Debtors' Witness and Exhibit List for Hearing on January 21, 2026* [Dkt. No. 8545], the Debtors designated Exhibits 9, 10, 11 and 12 as confidential pursuant to the Protective Orders.

11. MFN Exhibits 35, 42, 43 and 44 and Debtors Exhibits 9, 10, 11 and 12 were admitted (the "Confidential Exhibits") were admitted into evidence at the Settlement Hearing,

12. The Movants respectfully submit that pursuant to the Protective Orders, the Confidential Exhibits need not be provided to parties not subject to the Protective Orders, absent consent by the Committee or the Debtors, as applicable, or further order by the Court.

## RELIEF REQUESTED

13. By this Motion to Seal, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, the Movants respectfully request entry of the Proposed Order authorizing the Movants to keep the Confidential Exhibits under seal.

## BASIS FOR RELIEF

14. Local Rule 9018-1(b) provides that "[p]arties must make exhibits admitted into evidence (or copies thereof) available to any other party upon request to copy at such party's

expense, subject to any confidentiality, seal, or other order or directive of the Court. Del. Bankr. L.R. 9018-1(b).

15. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part: "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1). Such information provides a broader exception than is available under common law. *In re ESML Holdings Inc*, 135 F.4th 80 (3d Cir. 2025).

16. Unlike its counterpart in rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, the moving party simply must demonstrate that the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code.

17. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b), and provides, in relevant part, that "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

18. As set forth above, the Confidential Exhibits contain documents produced in discovery by the Debtors and Committee and designated as confidential. The Confidential Exhibits include sensitive information including minutes from meetings of the Debtors' board and

Committee meetings concerning case strategy and information prepared by the professionals for the Committee in support of the Fourth Amended Plan.  Accordingly, the Movants submit that cause exists to grant this Motion to Seal and respectfully request the entry of the Proposed Order permitting them to maintain the Confidential Exhibits under seal.

19. If the Court grants the relief sought herein, the Confidential Exhibits will be provided only to the Court, the U.S. Trustee, the Committee, other parties to the relevant confidentiality agreements, and to others upon the agreement of the Committee or further order of the Court.

### CERTIFICATION PURSUANT TO BANK. R. 9018-1(d)(ii)

20. The Movants have conferred in good faith with counsel to the Committee and reached an agreement regarding what Confidential Exhibits must remain sealed from public view and submit this Motion to Seal in furtherance of those discussions.

### NOTICE

21. Notice of the Motion will be provided to counsel for: (i) the Debtors (ii) the Office of the United States Trustee for the District of Delaware; (iii) the Committee; and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

### CONCLUSION

WHEREFORE, the Movants respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: January 26, 2026<br>Wilmington, Delaware | Respectfully Submitted, |
| /s/ *Peter J. Keane*<br>Laura Davis Jones (DE Bar No. 2436)<br>Timothy P. Cairns (DE Bar No. 4228)<br>Peter J. Keane (DE Bar No. 5503)<br>Edward Corma (DE Bar No. 6718)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone:   (302) 652-4100<br>Facsimile:   (302) 652-4400<br>Email:   ljones@pszjlaw.com<br>            tcairns@pszjlaw.com<br>            pkeane@pszjlaw.com<br>            ecorma@pszjlaw.com<br><br>– and –<br><br>Patrick J. Nash, P.C. (admitted *pro hac vice*)<br>David Seligman, P.C. (admitted *pro hac vice*)<br>Shirley Chan (admitted *pro hac vice*)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>333 W. Wolf Point Plaza<br>Chicago, Illinois 60654<br>Telephone:   (312) 862-2000<br>Facsimile:   (312) 862-2200<br>Email:   patrick.nash@kirkland.com<br>            david.seligman@kirkland.com<br>            shirley.chan@kirkland.com<br><br>*Counsel for the Debtors and Debtors in Possession* | /s/ *Maria Kotsiras*<br>L. Katherine Good (No. 5101)<br>Maria Kotsiras (No. 6840)<br>Andrew C. Ehrmann (No. 7395)<br>**POTTER ANDERSON & CORROON LLP**<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-6000<br>Facsimile:  (302) 658-1192<br>Email: kgood@potteranderson.com<br>         mkotsiras@potteranderson.com<br>         aehrmann@potteranderson.com<br><br>– and –<br><br>Eric Winston (admitted *pro hac vice*)<br>Benjamin Roth (admitted *pro hac vice*)<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100<br>Email:  ericwinston@quinnemanuel.com<br>         benroth@quinnemanuel.com<br><br>– and –<br><br>Eric Field (admitted *pro hac vice*)<br>**LITTLER MENDELSON, P.C.**<br>815 Connecticut Ave., NW Suite 400<br>Washington D.C. 20006<br>Telephone: (202) 772-2539<br><br>*Counsel for MFN Partners, LP and Mobile Street Holdings, LLC* |