IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>YELLOW CORPORATION, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case Nos. 23-11069 (CTG), *et seq.* (jointly administered)<br><br>Hearing date: March 17, 2026, 10:00 A.M.<br>Objection deadline: February 24, 2026 |

### ANDREW CANTON AND ZAIDANELLY CANTON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Andrew Canton and Zaidanelly Canton ("Movants"), by their undersigned counsel, files this Motion for Relief From The Automatic Stay (the "Motion"), and in support hereof states as follows:

### BACKGROUND

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. § 362.

2. On August 6, 2023 (the "Petition Date"), the debtors in each of the above-captioned jointly administered cases (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs and remained in possession of their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Prior to the Petition Date, on or about March 3, 2023, Movant Andrew Canton was operating a vehicle on Hawks Prairie Road NE, Lacey, Washington, when it collided with a vehicle operated by one or more of the Debtors due to the negligence and gross negligence of the Debtors (the "Accident"). Movant Andrew Canton sustained serious personal injury, great physical pain, mental anguish, and property damage as a result of the Accident, and Movant Zaidanelly Canton sustained damages under applicable law.

4. On November 8, 2024, (the "Complaint Filing Date"), Movants filed a complaint (the "Complaint") in the Superior Court of the State of Washington in and for the County of Thurston (the "State Court") against one of the Debtors, YRC, Inc. and certain third parties ("Defendants"), commencing the case styled as *Andrew Canton et al., v. YRC, Inc. et al.,* Case No. 24-2-03964-34 (the "State Court Case"), sounding in negligence, among other things.

5. Before the State Court could adjudicate Movants' claims and rights under the Complaint, the Debtors filed their Chapter 11 petitions in this Court, thus staying the State Court Case pursuant to 11 U.S.C. § 362(a).

## ARGUMENT

6. Section 362(d) of the Bankruptcy Code states, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>     (A) the debtor does not have equity in such property; and
>     (B) such property is not necessary to an effective reorganization

7. Because the automatic stay is not meant to be indefinite or absolute, the Court has authority to grant relief from the stay in appropriate circumstances. *In re Rexene Prods., Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992). Section 362(d)(1) provides that the automatic stay may be lifted where "cause" exists. After a *prima facia* showing by a movant, the debtor has the burden of proving that a movant is not entitled to relief from the stay. *Id.* at 577; 11 U.S.C. § 362(g).

8. "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *IBM v. Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). Most courts employ an equitable balancing test to determine "cause." *Rexene Prods., Co.*, 141 B.R. at 576. According to the *Rexene Prods.* case, this balancing test requires the Court to determine whether:

> a. any great prejudice to either the bankruptcy estate or the debtor will result,

      b.      the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor, and

      c.      the movant has a probability of prevailing on the merits.

*Id.* at 576.

9.    Cause exists in this case to grant Movants relief from the automatic stay. First, there will be no prejudice to the Debtors or their bankruptcy estates. To the extent that Movants are seeking a recovery from third parties and are not attempting to execute directly on assets of the Debtors' estates, the Debtors' assets will remain available for whatever disposition may ultimately be sought by the Debtors and/or ordered by the Court.

10.    Further, the hardship that will be suffered by Movants far outweighs any potential hardship to the Debtors if Movants are not granted relief from the automatic stay. Movants have suffered substantial injury and impairment as a result of the Debtors' prepetition conduct and negligence, as asserted in the Complaint. Denying or delaying Movants access to available insurance proceeds and claims against other third parties would cause very severe hardship.

11.    Regarding the third *Rexene* factor, Movants need only prove this prong with a showing that is "very slight." *Rexene Prods.*, 141 B.R. at 578. The facts set forth in the Complaint provide sufficient probability to support a damages award in favor of Movants. In addition, this Court has broad jurisdiction to supervise the

administration of claims, but claims arising from personal injury are expressly excluded. 28 U.S.C. § 157(b)(5). Therefore, the usual purpose of providing a "central forum to adjudicate claims against the Debtors," *see, e.g., 15375 Memorial Corp. v. Bepco, LP (In re 15375 Memorial Corp.),* 589 F.3d 605, 622 (3rd Cir. 2009), does not apply to Movants' claims.

12. When weighing the above factors, the Court should lift the automatic stay to permit Movants to prosecute their claims against the Debtors and any other responsible individual or entity to judgment in the State Court Case and satisfy any award or other resolution Movants may obtain against the Debtors, the Debtors' applicable insurance policies, and any other individuals or entities that are responsible for the injuries sustained.

13. Movants are aware that the Court has entered an order (Docket No. 8229) confirming a Chapter 11 plan proposed by the Debtors (the "Plan"). Upon the occurrence of the Effective Date of the Plan, certain injunctions go into effect that may, among other things, enjoin the continuation of the State Court Case. Movants moves for relief from any such plan injunctions that might apply to the State Court Case to the same extent presently subject to the automatic stay. In addition, to the extent that the Plan provides for the continuation of the effect of the automatic stay, Movants seek relief from such Plan provision. See, e.g., Plan Art. IX, Section H.

14. Service by mail upon the entire 2002 notice list in this case would be unduly burdensome and cost hundreds of dollars, as most parties on that list receive automatic notification of new docket entries contemporaneously with their filing. Therefore, Movants are causing copies of this Motion to be served only upon counsel for counsel for the Debtors.

15. Movants believe that relief granted in connection with this Motion will be consensual and will have no meaningful effect on the administration of these cases and the Debtors' assets. Therefore, Movants respectfully submit that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed.R.Bankr.P. 4001(a)(3).

WHEREFORE, Movants request that this Court enter an order, substantially in the form appended hereto, lifting and modifying the stay set forth in 11 U.S.C. § 362(a); and grant Movants such further relief as this Court deems just and proper.

Dated:  February 3, 2026
       Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC

 /s/ **Adam Hiller**
Adam Hiller (DE No. 4105)
300 Delaware Avenue, Suite 210, #227
Wilmington, Delaware 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com

-and-

Neftalem Habtemariam, Esquire
Luis Alvidrez, Esquire
Habtemariam Law Firm
16005 International Blvd, Suite B
SeaTac, WA 98188
(206) 274-1092 telephone
neftalem@habtemariamlaw.com
luis1@habtemariamlaw.com

*Attorneys for Movants*