IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>YELLOW CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case Nos. 23-11069 (CTG), *et seq.*<br>(jointly administered)<br><br>Re: Docket No(s). |

### ORDER GRANTING ANDREW CANTON AND ZAIDANELLY CANTON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PURSUE NON-BANKRUPTCY LITIGATION

UPON CONSIDERATION of the Motion for Relief From The Automatic Stay (the "Motion") filed by Andrew Canton and Zaidanelly Canton ("Movants"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157; (B) this is a core proceeding pursuant to 28 U.S.C. § 157; (C) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant the relief requested in the Motion; it is hereby ORDERED as follows:

1. The Motion is GRANTED, as set forth herein. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion.

2. The automatic stay set forth in 11 U.S.C. § 362(a) is hereby lifted and modified to permit Movants to prosecute the claims arising from a certain accident

between a vehicle operated by Movant Andrew Canton and a vehicle owned and/or operated by one or more of the Debtors on Hawks Prairie Road NE, Lacey, Washington on or about March 3, 2023 (the "Accident"), including but not limited to the claims in Movants' complaint (the "Complaint"), as may be amended from time to time, pending before the State Court of Thurston County, Washington (the "State Court"), in the case styled as *Andrew Canton, et al., v. YRC, Inc. et al.,* Case No. 24-2-03964-34 (the "State Court Case"), including any appeals; provided that Movants shall enforce such claims only against third-party non-debtors, including but not limited to the Debtors' applicable insurance carriers. Without limiting the foregoing, any insurance carrier is authorized to pay any judgment, award or settlement from the Debtors' applicable insurance policies and any proceeds thereof. Except as otherwise set forth herein, the automatic stay pursuant to § 362 of the Bankruptcy Code shall otherwise remain in full effect.

3.  To the extent any other stays or injunctions of this Court apply to the continuation of the State Court Case, including but not limited to pursuant to the Findings Of Fact, Conclusions Of Law, And Order Confirming The Fourth Amended Joint Chapter 11 Plan Of Yellow Corporation And Its Debtor Affiliates Pursuant To Chapter 11 Of The Bankruptcy Code Proposed By The Debtors And The Official Committee Of Unsecured Creditors (Technical Modifications) (Docket No. 8229),

-3-

Movants are hereby granted relief from such stays and injunctions to the same extent as set forth in ¶ 3 of this Order with respect to the automatic stay.

      4.      Nothing in this order shall limit or affect Movants' right to file one or more proofs of claim evidencing the claims set forth in the State Court Complaint and to receive any distribution available to similarly situated creditors in these Chapter 11 cases.

      5.      No stay of this Order shall be in effect, including but not limited to any stay contemplated under Fed.R.Bankr.P. 4001(a)(3).

      6.      The Court retains jurisdiction to interpret and enforce the terms of this order.