IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>Jointly Administered<br><br>**Hearing Date: March 17, 2026 at 10:00 a.m.**<br>**Obj. Deadline: February 20, 2026 at 4:00 p.m.** |

**APPLICATION OF GLEN EG, LLC, FOR THE ALLOWANCE AND PAYMENT OF POSTPETITION RENT AS AN ADMINISTRATIVE EXPENSE CLAIM**

Claimant Glen EG, LLC (the "Claimant" or "Landlord"), by and through its undersigned counsel, Polsinelli PC, pursuant to sections 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), files this application (the "Application"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), for the allowance and payment of the Landlord's administrative expense claims relating to postpetition 'stub' rent obligations owed by YRC, Inc. (the "Debtor") to the Landlord. In support of this Application, the Landlord states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

92371571.3

**BACKGROUND**

4. The Landlord owns real property located at 5200 West 110th Street in Overland Park, Kansas (the "Premises").

5. On or about November 1, 2014, the predecessor to the Landlord and the Debtor, as tenant, entered into a Net Lease (the "Lease"), which was assigned to the Landlord by way of a Special Warranty Deed effective September 25, 2017 (the "Deed"), whereby the Debtor continued to lease the Premises under the terms of the Lease.

6. The Lease and the Deed are attached hereto and incorporated by reference as **Exhibit B**.

7. Beginning August 6, 2023 (the "Petition Date") and continuing into August 7, 2023, the Debtor and twenty-three affiliated companies (together with the Debtor, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the District of Delaware Bankruptcy Court (the "Bankruptcy Court"). Debtor YRC, Inc.,[2] the counterparty on the lease, filed on August 6, 2023.

8. Since the Petition Date, the Debtors have continued to manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

9. On September 14, 2023, the Bankruptcy Court entered an order rejecting the Lease effective as of August 31, 2023 (Docket # 548) (the "Rejection Order").

10. As of the Petition Date, the Debtor had not paid rent for the month of August 2023.

11. From the Petition Date to the date of Lease rejection on August 31, 2023 (the "Stub Rent Period"), postpetition obligations under the Lease arose. The postpetition rent and Lease

---

[2] The case number for Debtor YRC, Inc., is No. 23-11087 (CTG).

obligations that arise after filing but before the date of rejection are commonly referred to as "stub rent" (the "Unpaid Stub Rent").

12. The amount of the Unpaid Stub Rent incurred by the Debtor from August 6, 2023, to August 31, 2023, as set out in **Exhibit C** attached hereto, is **$46,138.65.**

13. As of the Petition Date, the Debtor occupied the Premises and continued to occupy the Premises from the Petition Date to the Rejection Date. The Debtor made actual and necessary use of the Premises by storing personal property, equipment, and fixtures on the Premises and by liquidating personal property out of the Premises.

14. This use of the Premises benefitted both the Debtor and the Debtor's estate by eliminating costs associated with removing personal property, equipment, and fixtures from the Premises and otherwise transporting, storing, or disposing of the same. These costs would otherwise be borne by the estate.

15. The Landlord is entitled to the Unpaid Stub Rent amount pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

16. Section 503(b) of the Bankruptcy Code provides that:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate including (i) wages, salaries or commissions for services rendered after the commencement of the case.

11 U.S.C. § 503(b)(1)(A).

17. As the Third Circuit Court of Appeals has held, "[w]hen parties are induced to supply goods or services to the debtor-in-possession . . . the purposes of [section 503] plainly require that their claims be afforded priority." *In re Goody's Family Clothing, Inc.*, 610 F.3d 812,

818 (3d Cir. 2010) (holding that unpaid stub rent is allowable as an administrative expense under section 503).

18. Further, in this Circuit, "[a creditor] is . . . entitled to a reasonable value for the use and occupancy of its land as an administrative cost under section 503 of the Bankruptcy Code." *Zagata Fabricators v. Superior Air Prods.*, 893 F.2d 624, 627–28 (3d Cir. 1990).

19. Courts in this district have previously held that "a debtor's post-petition use and occupancy of real property, *per se*, gives rises [sic] to an allowed administrative claim." *In re Sportsman's Warehouse, Inc.*, 436 B.R. 308, 310 (Bankr. D. Del. 2009).

20. In determining the amount owed as an administrative expense arising from a debtor's postpetition use and occupancy of real property, the "amount of benefit to the estate is presumed to be the contract rate of rent." *See, e.g.*, *Id.* at 315; *In re P.A. Potts & co.*, 137 B.R. 13, 18 (Bankr. E.D. Pa. 1992) ("rental value fixed in the lease will control, unless there is convincing evidence that such rental rate is unreasonable.").

21. Postpetition possession of real property, and storage of equipment, fixtures, and other personal property on real property is a "use and occupancy" of real property that *per se* gives rise to an allowed administrative claim. *See In re Imperial Beverage Grp., LLC*, 4457 B.R. 490 (Bankr. N.D. Tex. 2011) (postpetition storage of personal property on landlord's property considered "use and occupancy" for allowance of 503(b)(1)(A) claim).

22. Section 507(a) of the Bankruptcy Code further provides that administrative expense claims under section 503(b) of the Bankruptcy Code will be given high priority.

23. Based on the foregoing, the Debtor's use and occupancy of the Premises during the Stub Rent Period constitutes an actual benefit to the Debtor's estate as the Debtor stored personal

property on Premises, possessed the premises, and otherwise occupied the Premises during this time.

24. As such, the Landlord is entitled to administrative expense priority and for prompt payments under the Lease for the Unpaid Stub Rent amounts pursuant to sections 503(a), 503(b)(1)(A), and 507(a)(2) of the Bankruptcy Code.

## **RESERVATION OF RIGHTS**

25. The Landlord reserves all rights concerning this administrative claim, including the right to amend and supplement its claims to include additional postpetition amounts such as taxes, interest, adjustments, costs, and attorneys' fees as provided for under the Lease or to file any proof of claim.

26. The Landlord also reserves any right to file additional administrative claims for accrued, but as yet unbilled adjustments, including year-end adjustments when and if such amounts are billed.

## **CONCLUSION**

WHEREFORE, the Landlord respectfully requests that the Court (i) enter an order, substantially in the form attached as **Exhibit A** allowing this administrative expense claim; (ii) ordering payment of the administrative expense claim within five (5) days of entry of an order approving the administrative expense claim; and (iii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: February 6, 2026<br>Wilmington, Delaware | **POLSINELLI PC**<br><br>*/s/ Katherine M. Devanney*<br>Katherine M. Devanney (Del. Bar No. 6356)<br>222 Delaware Avenue, Suite 1101<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Facsimile: (302) 252-0921<br>kdevanney@polsinelli.com<br><br>*Counsel for Glen EG, LLC* |

6

92371571.3