**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 8657** |

**KASOWITZ LLP'S MOTION FOR LEAVE TO FILE LATE
REPLY IN FURTHER SUPPORT OF FINAL APPLICATION OF KASOWITZ LLP AS
SPECIAL LITIGATION COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE
PERIOD OF AUGUST 6, 2023 THROUGH NOVEMBER 19, 2025**

Kasowitz LLP ("Kasowitz"), special litigation counsel for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), files this motion (the "Motion for Leave") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting Kasowitz leave to file a late reply (the "Reply") in support of the *Final Application of Kasowitz LLP as Special Litigation Counsel to the Debtors and Debtors in Possession for Allowance of Compensation and Reimbursement of Expenses Incurred for the Period of August 6, 2023 Through November 19, 2025* [Docket No. 8657] (the "Application") and in response to the *International Brotherhood Of Teamsters And Teamsters National Freight Industry Negotiating Committees Objection To The Application Of Kasowitz, LLP, For Allowance Of Final Compensation* [Docket No. 8720] (the "Objection"). The Application is scheduled for a

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

hearing on March 17, 2026 at 10:00 a.m. (ET) (the "Hearing").  A copy of the Reply is attached hereto as **Exhibit B**.  In support of this Motion for Leave, Kasowitz respectfully states as follows:

## Jurisdiction and Venue

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and Kasowitz confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Local Rule 9006-1(d).

## Background

4.      On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure [Docket No. 169].  The Debtors are managing their businesses and their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  On August 16, 2023, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 269] (the "Committee").  No trustee or examiner has been appointed in these chapter 11 cases.

5.     On February 19, 2026, Kasowitz filed the Application.

6.     The objection deadline for the Application was set for March 12, 2026 at 4:00 p.m. (ET) (the "Objection Deadline").  Pursuant to Local Rule 9029-3(a)(i), the agenda for the Hearing was required to be filed on or before 12:00 p.m. (ET) on March 13, 2026.  Accordingly, pursuant to Local Rule 9006-1(d), the deadline for Kasowitz to file a Reply (the "Reply Deadline") would be 4:00 p.m. (ET) on March 12, 2026.

7.     Kasowitz requires, and respectfully requests, additional time to prepare and file the Reply.  Given the insufficient time between the Objection Deadline and the Reply Deadline, Kasowitz's timing needs to prepare the Reply, and that the requested relief will not prejudice parties in interest, an extension of the Reply Deadline to March 16, 2026 at 5:00 p.m. (E.T.) is warranted.

**Relief Requested**

8.     Kasowitz respectfully requests entry of the Proposed Order granting Kasowitz leave to file a late Reply in support of the Application on or before March 16, 2026, at 5:00 p.m. (ET).

**Basis for Relief**

9.     Pursuant to Local Rule 9006-1(d), "[r]eply papers by the movant, or any party that has joined the movant, may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the

deadline for filing the agenda." Del. Bankr. L.R. 9006-1(d). Parties may file a motion for leave to file a late reply, which shall not require a motion to shorten notice. *Id.*

10.     Here, sufficient cause exists to allow the late filing of the Reply. As described above, the Objection Deadline was set for March 12, 2026 at 4:00 p.m. (ET) and the Reply was due at the same time on March 12, 2026 at 4:00 p.m. (ET) pursuant to Local Rule 9006-1(d). Given the insufficient time between the Objection Deadline and the Reply Deadline and Kasowitz's timing needs to prepare the Reply, Kasowitz requests an extension of the Reply Deadline. Further, Kasowitz submits that no parties will be prejudiced by the filing of a late Reply, which will be filed on the Court's docket and accessible to all parties in interest the business day prior to the Hearing. Accordingly, Kasowitz seeks to extend the time to file the Reply to on or before March 16, 2026, at 5:00 p.m. (ET).

WHEREFORE, Kasowitz respectfully requests that the Court enter the Proposed Order granting the relief sought herein and such other and further relief as may be just and proper.

Dated: March 16, 2026

*/s/ Peter J. Keane*

| | |
|---|---|
| Laura Davis Jones (DE Bar No. 2436)<br>Timothy P. Cairns (DE Bar No. 4228)<br>Peter J. Keane (DE Bar No. 5503)<br>Edward Corma (DE Bar No. 6718)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19801<br>Telephone:  (302) 652-4100<br>Facsimile:  (302) 652-4400<br>Email:  ljones@pszjlaw.com<br>tcairns@pszjlaw.com<br>pkeane@pszjlaw.com<br>ecorma@pszjlaw.com | Marc E. Kasowitz<br>Ronald R. Rossi<br>Matthew B. Stein<br>**KASOWITZ BENSON TORRES LLP**<br>1633 Broadway<br>New York, New York 10019<br>Telephone:  (212) 506-1700<br>Facsimile:  (212) 506-1800<br>Email:  mkasowitz@kasowitz.com<br>rrossi@kasowitz.com<br>mstein@kasowitz.com |

4