**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

_____

| | |
|---|---|
| In Re: | Chapter 11 |
| YELLOW CORPORATION *et al.,* | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |

**Hearing Date:  May 14, 2026**
**at _10:00 a.m.. ET**

**Objection Deadline: April 22, 2026**
**At 4:00 p.m. ET**

_____

**<u>MOTION FOR RELIEF FROM STAY</u>**

**COME NOW,** James D. Morton And Lauren Morton, h/w, (collectively the "Movants"), and moves this Court pursuant to 11 USC § 362(d)(1) for Relief from Stay, or in the alternative, relief from any discharge injunction that may lie resultant from confirmation of the Debtors' Plan of Reorganization,  to permit the Movants to continue their civil lawsuit in the State of New Jersey Superior Court, Law Division, Bergen County, styled *James D. Morton and Lauren Morton v. New Penn Motor Express, LLC, et al.;* Docket Number BER-L-003546-23.  In support of this Motion, The Movants represent as follows:

1.     The Movants filed a Complaint, Jury Demand and Trial Attorney Designation in their negligence lawsuit as styled above on July 5, 2023, against the Debtor, New Penn Motor E3press, LLC and related defendants.  A copy of this Complaint is appended as **Exhibit A.**

2.     Debtors filed their Chapter 11 Petitions on August 6, 2023, and on August 7, 2023.

3.     Movants were not included on the creditor matrix, nor on the Amended Schedules [D.I. 501, 502] and have never been formally served with the notice of commencement of the case [D.I. 223].

4.      Notwithstanding the debtors' failure to properly notice Movants, their claim was listed on Exhibit A to the *Final Alternate Dispute Resolution Procedures For Certain Litigation Claims* [D.I. 2389-1], and they did participate in good faith in the ADR process, without success.

5.      On October 3, 2023, a suggestion of bankruptcy was filed with the Bergen County Superior Court.  A copy of this pleading is appended as **Exhibit B**.

6.       Article IV of the Plan provides:

> "O. Termination of ADR Procedures and ADR Injunction
>
> On the date that is thirty (30) days after the Effective Date (the "ADR Termination Date"), the ADR Injunction and the ADR Procedures as set forth in the ADR Procedures Order shall terminate and no longer be of any force or effect.  From and after the ADR Termination Date, and notwithstanding any injunction in the Plan, the Holder of a Litigation Claim may seek to prosecute such claim in the appropriate judicial forum (each, a "Civil Action") to final judgment, settlement, or arbitration award, including any appellate and/or confirmation proceedings.  The Holder of a Litigation Claim shall be entitled to recover, collect and enforce any final judgment, settlement or award (if any) against the applicable Insurance Policy solely to the extent of available insurance coverage, if any, and may not enforce such Litigation Claim against the Debtors, the Debtors' Estates or the Liquidating Trust; *provided, however*, the Debtors may be named as a nominal party in a Civil Action solely to the extent necessary to obtain or enforce any final judgment, settlement or award (if any) against the applicable Insurance Policy.
>
> Old Republic Insurance Company ("ORTC") shall (i) pay, if applicable, any fees and expenses associated with the defense of the claims in any Civil Action, and (ii) obtain the prior written consent of the Liquidating Trustee prior to settling any Litigation Claim in excess of $100,000."

7.    Article IX of the Plan provides:

> H.   "Term of Injunctions or Stays
>
> Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the Effective Date.  All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms."

8.      On information and belief, the Plan has not yet become effective due to the pendency of appeals, thus the Automatic Stay remains in force.

9.      The Movants believe that Debtors possess insurance which provides coverage for the claims they assert in the civil action.

10.      The Movants desire relief from stay, or relief from any discharge injunction that may lie, solely for the purpose of allowing them to continue the state court action for recovery against available insurance proceeds.

11.      Granting relief from stay for the purpose of proceeding with the civil action against the insurance carrier of the Debtors ONLY, and not the Debtors' estates, which will have no deleterious effect on the Debtors, the Debtors' estates, or the creditors of the Debtors.

12.      In determining whether to lift the automatic stay, this Court is obliged to balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against potential prejudice to the debtors, the debtors' estates, and other creditors. *In re: Carraway Methodist Health Systems,* 335 B.R. 853 (2006).

13.      In the present matter the hardship to the Movants substantially outweighs prejudice to the Debtor and other creditors:

a.      The Movants seek limited relief from stay to liquidate their claims;

b.      If the Movants are successful in the civil case, any settlement proceeds will be paid from available insurance, any applicable letters of credit, and not from the Debtors' estates, except as may be provided for under a confirmed plan of reorganization.

c.      The confirmed Plan provides for relief upon the effective date, which has yet to occur due to a pending appeal.

11. Pursuant to L.B.R. 4001-1, counsel for movants and the debtor have conferred via electronic mail, without success, to negotiate a consensual order for limited relief.

**WHEREFORE,** The Movants pray that this Honorable Court enter an order granting relief from automatic stay, or in the alternative, from any discharge injunction that may lie resultant from confirmation of the Debtors' Plan of Reorganization, to proceed with the civil case in the state court action and for such other, further, different, or additional relief which it may deem proper.

Dated: *7 April 2026*                    CIARDI CIARDI AND ASTIN.

*/s/ John D. McLaughlin, Jr.*

John D. McLaughlin, Jr. (No. 4123)
1204 North King Street
Wilmington, Delaware 19801
Tel: (484) 437-2676
Fax: (302) 300-4253
jmclaughlin@ciardilaw.com

*Counsel to the Movants*