# EXHIBIT A

PARISI & GERLANC, P.A.
Glenn M. Gerlanc, Esq. 021191977
190 Moore Street, Suite 460
Hackensack, NJ 07601
(201) 343-9000
Attorneys for Plaintiff, James D. Morton and Lauren Morton

| | |
|---|---|
| JAMES D. MORTON and LAUREN MORTON, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO. BER-L- |
| Plaintiffs, | |
| vs. | Civil Action |
| NEW PENN MOTOR EXPRESS, LLC., DASHON L. SEAWRIGHT, SUEZ WATER NJ, INC., VEOLIA NORTH AMERICA, A-F INDIVIDUALS, A-F CORPORATIONS, the latter eight being fictitious designations, | **COMPLAINT, JURY DEMAND AND TRIAL ATTORNEY DESIGNATION** |
| Defendants. | |

Plaintiffs, James D. Morton and Lauren Morton, by and through their attorneys, Parisi & Gerlanc, P.A., say:

## I. PARTIES

1. James D. Morton (hereinafter "Morton") and Lauren Morton are persons of legal age, who resided in Ridgefield Park, Bergen County, New Jersey at the time of the occurrence set forth herein, and have been married at all times relevant hereto.

2. New Penn Motor Express, LLC. (hereinafter "New Penn") is a business organization engaged in transportation and logistics, which was previously located at 625 South 5th Avenue, Lebanon, PA, and is now headquartered at 11500 Outlook Street, Overland Park, KS. 66211.

3. New Penn Motor Express, LLC was previously known as New Penn Motor Express, Inc.

4. New Penn has operated under USDOT Carrier Number 010670.

5. New Penn has had terminal facilities in multiple states, and has maintained a terminal facility in Kearney, New Jersey.

6. New Penn is a subsidiary of Yellow Corporation, which is a transportation holding company headquatered 11500 Outlook Street, Overland Park, KS. 66211.

7. Dashon L. Seawright (hereinafter "Seawright") is a person of legal age, who has resided in North Brunswick, NJ, including at the time of the occurrence set forth herein.

8. Suez Water NJ, Inc. (hereinafter, "SUEZ") is a business organization that has provided private water utility services to residents of New Jersey, and has had a corporate office at 461 From Road, Paramus, NJ.

9. Veolia North America (hereinafter, "VEOLIA") is a multifaceted business organization that acquired SUEZ, continued SUEZ's water utility services, and kept a corporate office located at 461 From Road, Paramus, NJ.

10. A-F INDIVIDUALS and A-F CORPORATIONS are fictitious designation further described in this pleading.

## II. FACTS

11. On and before August 3, 2021, Morton was an employee SUEZ.

12. On August 3, 2021, at approximately 04:21 hours (4:21 a.m.), while in the course of his employment with SUEZ, Morton was the operator of a single unit (2 axle) truck (hereinafter, "box truck") owned by SUEZ.

13. At such time, Morton was traveling northbound on Lemoine Avenue toward and into the intersection formed with Bruce Reynolds Boulevard in Fort Lee, Bergen County, New Jersey (hereinafter, "the intersection").

14. At such time, Seawright was the operator of a tractor semi-trailer (hereinafter, "tractor trailer") owned by New Penn, which had a commercial vehicle weight, without cargo, in excess of 26,000 lbs.

15. The New Penn tractor had VIN 3H3V532C2HT881012.

16. The New Penn trailer had a State of Maine license plate number: 2649797

17. At such time, Seawright was traveling eastbound on Bruce Reynolds Boulevard in Fort Lee, Bergen County, New Jersey toward and into the intersection.

18. At such time, Seawright was an employee of New Penn acting in the course of his employment.

19. In the alternative, Seawright was an agent or servant of New Penn, or otherwise acting on behalf of New Penn for which he was paid for his services by New Penn.

20. At such time, Seawright was operating the New Penn tractor trailer with the permission of New Penn.

21. At the intersection, there were official traffic control devices (hereinafter, "traffic lights") that governed travel from each of these roadways, namely Lemoine Avenue and Bruce Reynolds Boulevard, into the intersection.

22. At such time, there occurred a collision (hereinafter, "crash") within the intersection involving the aforesaid SUEZ and New Penn motor vehicles.

23. Before entering the intersection, the traffic light for the Morton (SUEZ) vehicle was green.

24. Before entering the intersection, the traffic light for the Seawright (New Penn) vehicle was red.

25. Before entering the intersection, the Seawright (New Penn) tractor trailer did not slow down and stop for the red light, but instead continued into the intersection, whereupon the crash with the Morton (SUEZ) vehicle occurred.

26. The Fort Lee Police Department investigated the crash while the vehicles and drivers were still at the crash site.

27. The investigation led to the issuance of a New Jersey Police Crash Investigation Report bearing Case Number I-2021-045561.

28. Seawright did not report any mechanical failure involving the New Penn tractor trailer to the Fort Lee Police, or to anyone else.

29. The Fort Lee Police investigation included the review and sequestration of a camera recording of the crash from the George Washington Bridge Fixed Stream.

30. The camera recording from the George Washington Bridge Fixed Stream showed that the Seawright (New Penn) tractor trailer failed to stop for the red light, and instead proceeded into the intersection, where the crash occurred.

31. Both vehicles were damaged and towed from the crash site.

32. Seawright was issued Summons E21003009 charging him with a violation of New Jersey Statute 39:4-81.

33. New Jersey Statute 39:4-81 reads:

**Observing Traffic Signals** a. The driver of every vehicle, the motorman of every street car and every pedestrian shall obey the instructions of any official traffic control device applicable thereto, placed in accordance with the provisions of this chapter, unless otherwise directed by a traffic or police officer. b. When, by reason of a power failure or other malfunction, a traffic control signal at an intersection is not illuminated, the driver of a vehicle or street car shall, with respect to that intersection, observe the requirement for a stop intersection, as provided in R.S. 39:4-144.

34. On October 19, 2021, Seawright entered a guilty plea (hereinafter, "guilty plea") in the Fort Lee Municipal Court to an amended charge of violation of New Jersey Statute 39:4-120.9.

35. New Jersey Statute 39:4-120.9 reads:

**Drivers to obey traffic control devices.** The driver of a motor vehicle shall observe and obey an official traffic control device erected at a public private intersection in the same manner as those erected at any other intersection.

36. Seawright entered his guilty plea before a judge in the Fort Lee Municipal Court without a civil reservation.

37. The court disposition record setting forth the guilty plea is attached hereto and made a part hereof as **Exhibit A**.

38. Seawright has not provided any information to the Fort Lee Police Department or anyone else asserting that the crash was the fault of Morton.

39. New Penn has not provided any information to the Fort Lee Police Department or anyone else asserting that the crash was the fault of Morton.

40. New Penn has not provided any onboard recording of the crash that contradicts the guilty plea of Seawright, namely, that he ran a red light.

41. Before the crash, Seawright had New Jersey violations of record with and without points, namely: [a] **Failure to Observe Traffic Control Device** on 03/01/2019; [b] **Speeding** on 11/21/2018; [c] **Careless Driving** on 07/13/2017; [d] **Unsafe Operation of a Motor Vehicle** on 02/18/2017; [e] **Improper Use of Divided Highway** on 05/16/2016; [f] **Reckless Driving** on 12/12/2014.

42. The violations on **03/01/2019** and on **11/21/2018** each occurred while Seawright was operating a commercial vehicle.

43. Before the crash, Seawright had New Jersey recorded accidents on [a] 07/13/2017; [b] 02/18/2017; [c] 06/20/2014; and [d] 08/05/2008.

44. Of such recorded accidents, two involved recorded violations of Title 39 statutes by Seawright, namely, **Careless Driving** on 07/13/2017 and **Unsafe Operation of a Motor Vehicle** on 02/18/2017;

45. Before the crash, Seawright had New Jersey recorded suspensions of driving privileges from: [a] 08/24/2005 to 03/16/2007 and [b] 07/15/2017 to 07/28/2017.

46. Before the crash, Seawright had a New Jersey recorded suspension of his registration from 03/11/2006 to 03/16/2007.

47. Before the crash, Seawright had other violations of New Jersey motor vehicle laws.

48. Before the crash, Seawright had violations in other state jurisdictions.

## III. CLAIMS FOR RELIEF

### A. FIRST COUNT

49. James D. Morton repeats the preceding paragraphs in their entirety.

50. Seawright and New Penn so negligently operated and maintained the New Penn vehicle as to cause this crash.

51. A Individuals and A Corporations are fictitious designations for one or more persons and/or business organizations yet unknown for whom/which Seawright was then acting as an agent, servant, or employee at such time.

52. B Individuals and B Corporations are fictitious designations for one or more persons and/or business entities yet unknown who or which were responsible for the design, manufacture, sale, distribution, inspection, maintenance and/or repair of the defendants' vehicle, to the extent that such vehicle was defective, unsafe, unfit and/or unsuitable for its intended purpose, thereby causing or contributing to the happening of such accident.

53. C Individuals and C Corporations are fictitious designations for one or more persons and/or entities yet unknown, who or which:

    (a)    held or shared the status of a party described herein;

    (b)    acted or failed to act in the ways described herein; and/or

    (c)    is a successor to a known party or an unknown party described herein.

54. As a direct and proximate result of such acts and omissions by defendants, Morton was caused to suffer severe, painful bodily injuries which necessitated him to obtain medical treatment, caused him great pain and suffering, incapacitated him from pursuing his usual employment and

other activities, and have left him with permanent disabilities that will, in the future, similarly incapacitate him, cause him great pain and suffering and require medical treatment, and other damages.

**WHEREFORE**, James D. Morton demands judgment against defendants, New Penn Motor Express, LLC., Dashon L. Seawright, A-C Individuals, A-C Corporations, jointly, severally and in the alternative, for damages, attorney fees, interest and costs of suit.

## B. SECOND COUNT

55. James D. Morton repeats the preceding paragraphs in their entirety.

56. New Penn was negligent in the hiring, training, and retention of Seawright as a driver employee, or in otherwise engaging his services.

57. New Penn failed to regularly and comprehensively monitor the driving record of Seawright in New Jersey and in other states constituting his area assignments.

58. In the alternative, New Penn willfully ignored the driving record of Seawright.

59. Seawright's driving record sets forth information showing hazardous driving behaviors that created a foreseeable risk of significant harm to other persons and property, especially given the size, weight, and cargo loads of tractor trailer units assigned by New Penn to drivers.

60. D Individuals and D Corporations are fictitious designations for one or more persons and/or entities yet unknown, who or which:

    (a)    held or shared the status of a party described herein;

    (b)    acted or failed to act in the ways described herein; and/or

    (c)    is a successor to a known party or an unknown party described herein.

61. As a direct and proximate result of such acts and omissions by defendants, Morton suffered damages as set forth above.

**WHEREFORE**, James D. Morton demands judgment against defendants, New Penn Motor Express, LLC., Dashon L. Seawright, A-D Individuals, A-D Corporations, jointly severally and in the alternative, for compensatory and punitive damages, attorney fees, interest and costs of suit.

## C. THIRD COUNT

62. James D. Morton repeats the preceding paragraphs in their entirety.

63. Seawright was communicating with another person or persons so as to be distracted from the roadway and control of his vehicle.

64. Such other person or persons was/were aware that Seawright was then operating a motor vehicle and in a position to be distracted from the roadway and control of his vehicle by such activity.

65. Such activity and distraction caused or contributed to the causing of this motor vehicle collision.

66. E Individuals is a fictitious designation for one or more persons yet unknown who correspond to such other person or persons described above.

67. E Corporations is fictitious designation for business organizations yet unknown for whom/which E Individuals was/were then acting as an agent, servant, or employee.

68. As a direct and proximate result of such acts and omissions by defendants, Morton was caused to suffer damages as set forth above.

**WHEREFORE**, James D. Morton demands judgment against defendants, New Penn Motor Express, LLC., Dashon L. Seawright, A-E Individuals, A-E Corporations, jointly severally and in the alternative, for damages, attorney fees, interest and costs of suit.

## D. FOURTH COUNT

61. Lauren Morton repeats the preceding paragraphs in their entirety

62. Lauren Morton has incurred and will continue to incur financial expense for the medical care and treatment of James D. Morton and for derivative services and items.

63. Lauren Morton has been and will continue to be deprived of services, society and consortium of James D. Morton.

**WHEREFORE**, Lauren Morton demands judgment against the defendants, New Penn Motor Express, LLC., Dashon L. Seawright, A-E Individuals, and A-E Corporations, jointly, severally, and in the alternative, for compensatory and punitive damages, attorney fees, interest and costs of suit.

## E. FIFTH COUNT

64.     James D. Morton and Lauren Morton repeats the preceding paragraphs in their entirety.

65.     Morton has received medical care arising from this occurrence, and will require additional care into the future.

66.     SUEZ has fully managed the medical care assigned to Morton.

67.     SUEZ and/or its insurer has contracted, audited, and paid for the medical care assigned to Morton.

68.     SUEZ has asserted a statutory lien as to such medical costs and other benefits lienable under NJS 34:15-40,

69.     SUEZ also has rights of subrogation under NJS 34:15-40.

70.     SUEZ has investigated the crash by and through its employees, agents, and insurers.

71.     SUEZ has gathered and preserved evidence from such investigation.

72.     SUEZ has asserted claims for the damage sustained by its vehicle in the crash.

73.     VEOLIA acquired SUEZ after the crash, and has continued to be involved with the [a] management of medical care and expense for Morton from this occurrence and [b] investigation involving the crash.

74.     VEOLIA, as successor to SUEZ, is a necessary party, as a *discovery defendant only*, in order to achieve a fair, just, and comprehensive resolution.

75.     VEOLIA, as successor to SUEZ, has a direct interest in the outcome of this litigation.

76.     F Individuals and F Corporations are fictitious designations for one or more persons and/or entities yet unknown, who or which:

    [a] held or shared the status of a party described herein,

    [b] acted or failed to act in the ways described herein; and/or\

    [c] is a successor to a known party or an unknown party described herein.

**WHEREFORE**, James D. Morton and Lauren Morton demand:

    [i] the ordering of such proceedings as may be necessary in order to properly identify, itemize, and adjudicate the statutory lien claims of SUEZ and VEOLIA against the (liability) defendants named herein;

[ii] the ordering of such proceedings as may be necessary in order to fully identify and produce the crash investigation evidence gathered by SUEZ and VEOLIA against the (liability) defendants; and

[iii] the ordering of such other relief, both legal and equitable, as may be appropriate in order to achieve a full, fair, and final adjudication of the claims arising from this matter, including the statutory claims of SUEZ and VEOLIA.

## IV. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## V. INTERROGATORIES

Demand is hereby made of each defendant for certified answers to Form C and C (1) Interrogatories as prescribed by the Rules of Court.

## VII. DEMAND FOR PRODUCTION OF DISCOVERY EXCHANGES

Demand is hereby made for the production of all discovery exchanged by and between the defendants, as provided by the Rules of Court, which shall continue without limitation.

## VIII. DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Glenn M. Gerlanc is designated as trial counsel.

PARISI & GERLANC, P.A.
Attorneys for Plaintiffs, James D. Morton
and Lauren Morton

BY: *Glenn M. Gerlanc*
GLENN M. GERLANC

Dated: 7/4/2023

# EXHIBIT A

 New Jersey Courts
Independence · Integrity · Fairness · Quality Service

Administrative Office of the Courts



FORT LEE MUNICIPAL COURT (0219)
309 MAIN ST
FORT LEE , NJ 07024
(201) 592-3500

## CERTIFICATION OF DISPOSITION

Defendant Name: DASHON L SEAWRIGHT

**Ticket Information**

| Violation Date | Ticket # | Violation | Amended Violation | Sentence | Finding | Disposition Date | Attorney Name | Civil Reservation |
|---|---|---|---|---|---|---|---|---|
| 08/03/2021 | E21 003009 | 39:4-81 FAILURE TO OBSERVE TRAFFIC CONTROL DEVICE | 39:4-120.9 REQ TO OBEY TRAFFIC CONTROL DEVICE PUB/PRIVATE INTERSEC | | GUILTY | 10/19/2021 | | |

**Certification Comment(s):**

This is a certified true and accurate disposition obtained from the electronic records of FORT LEE MUNICIPAL COURT.

Signature: /S/JUNE C KEELEN                    Date: 11/10/2022

Page 1 of 1

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-003546-23

**Case Caption:** MORTON JAMES  VS NEW PENN MOTOR EXPRE SS LLC

**Case Initiation Date:** 07/05/2023

**Attorney Name:** GLENN M GERLANC

**Firm Name:** PARISI & GERLANC, PA

**Address:** 190 MOORE STREET SUITE 460 HACKENSACK NJ 07601

**Phone:** 2013439000

**Name of Party:** PLAINTIFF : Morton, James, D

**Name of Defendant's Primary Insurance Company**
**(if known):** OLD REPUBLIC INSURANCE CO

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** YES

**If yes, list docket numbers:** There is a pending case filed by James Morton before the NJ Division of Workers Compensation.

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: James D Morton?** NO

**Are sexual abuse claims alleged by: Lauren Morton?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
Plaintiff remains under medical care.

**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
      **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/05/2023                                        /s/ GLENN M GERLANC
Dated                                             Signed