### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Yellow Corporation, et al., [1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: July 7, 2026 at 4:00 p.m.** |
| | ) | **Hearing Date: July 14, 2026 at 10:00 a.m.** |

### LOCAL 705 PENSION FUND'S RESTATED AND RENEWED MOTION
### TO ALLOW CLAIM FOR DISTRIBUTION PURPOSES

LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND

("Local 705 Pension Fund"), by and through its undersigned counsel, hereby files this motion

pursuant to 11 U.S.C. § 502 and Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, to

allow Local 705 Pension Fund's claim in the amount of $17,830,282 for distribution purposes in

connection with the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor*

*Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official*

*Committee of Unsecured Creditors* (the "Plan"). [Dkt. No. 6746.] In support of its Motion, Local

705 Pension Fund states as follows:

### INTRODUCTION

On October 1, 2025, Local 705 Pension Fund filed its Motion to Allow Claim for Voting

and Distribution Purposes. [Dkt. No. 7722 ("Motion to Allow Claim").] The Debtors did not file

a response to the Motion to Allow Claim and the parties negotiated a stipulated resolution dated

October 25, 2025 (the "Voting Stipulation") solely with respect to the portion of the Motion to

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

Allow Claim that sought allowance for voting purposes. [Dkt. No.7823.] The Voting Stipulation provided that Local 705 Pension Fund was allowed a claim for voting purposes in the amount of $17,830,282 and specifically stated that "nothing in this Stipulation shall be construed to resolve Local 705 Pension Fund's request to allow its Withdrawal Liability Claims for distribution purposes." [Dkt. No.7823-1 at 4.]

The Debtors informed the Court in its proposed agenda filed on November 3, 2025 that:

> Status: Local 705 Pension Fund's request in this motion to allow its Withdrawal Liability Claims pursuant to 11 U.S.C. Section 502 and Bankruptcy Rule 3001(f) is adjourned to the omnibus hearing on December 9, 2025, at 10:00 a.m. (ET).

[Dkt. No. 7923 at 2.]

The Confirmation Order provides in paragraph 117:

> **FF. Provisions Relating to Local 705 International Brotherhood of Teamsters Pension Fund ("Local 705")**
>
> 117. Notwithstanding anything to the contrary in this Confirmation Order or the Plan, the rights and defenses of each Local 705 and the Debtors with respect to Local 705's disputed Multiemployer Plan Claim, including the prior assertion, preservation or waiver of any claim, right, objection, argument, or defense, as applicable, shall be unaffected and remain as is as of, and following, the Effective Date.

[Dkt. No. 8229 at 58.]

To date, neither the Debtors, nor any other party in interest, has filed a substantive response to the Motion to Allow Claim. This Court should therefore allow Local 705 Pension Fund's withdrawal liability claim in the amount $17,830,282 for all purposes, including the receipt of distributions under the Debtor's Confirmed Plan.

Counsel for Debtors and Local 705 Pension Fund have spoken numerous times after November 3, 2025 concerning the Debtors' position with respect to Local 705 Pension Fund's claim. Local 705 Pension Fund understood for many months that there would not be an objection

based on subordination under Section 1405 of ERISA. However, in connection with discussions on June 12, 2026 regarding scheduling for the unresolved issues in these cases, Debtors' counsel informed counsel for Local 705 Pension Fund that not only were the Debtors intending to pursue objections to the claim of Local 705 Pension Fund but suggested that this Court had effectively ruled that Local 705 Pension Fund was not entitled to assert that the Debtors had waived objections to Local 705 Pension Fund based on subordination under 29 U.S.C. § 1405(b).

The Debtors' position that the Court ruled on Local 705 Pension Fund's assertion that the estate waived subordination is contradicted by the Voting Stipulation (Docket No.7823), the November 3, 2025 Agenda (Docket No. 7923, p.2) and the Court's November 19, 2026 Confirmation Order. (Docket 8229, p.58). To date, the Debtors have not responded to Local 705 Pension Fund's Motion to Allow Claim and its counsel has only informed Local 705 Pension Fund in the past few weeks that it plans to object to Local 705 Pension Fund's claim without filing a formal pleading in response to the pending Motion to Allow Claim.

To streamline this process, Local 705 Pension Fund hereby revises and renews its Motion to Allow to set forth its argument that Debtors have waived all bases for asserting that Local 705 Pension Fund's claim is subject to subordination under 29 U.S.C. § 1405(b). The Motion further removes as moot Local 705 Pension Fund's prior request to temporarily allow its claim for voting purposes. This Motion also addresses the issues related to the Debtors' procedural right to assert that Local 705 Pension Fund's claim is subject to subordination under ERISA Section 1405. Local 705 Pension Fund has not addressed the substantive merits of ERISA Section 1405 as the Debtors have yet to made this objection, or any other objection, to the allowance of Local 705 Pension Fund's claim for distribution purposes in any pleading in response to the Motion to Allow Claim.

3

Local 705 Pension Fund reserves all defenses and arguments to any objection that may be raised by the Debtors, if and when such objection is stated in writing.

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334 and § 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Local 705 Pension Fund consents pursuant to Del. Bankr. L. R. 9013-1(f) to the entry of a final order by the Court.

**I.      BACKGROUND**

3.      Local 705 Pension Fund is the holder of withdrawal liability claims in the amount of $17,830,282. Debtors objected to numerous withdrawal liability claims, including the claims of Local 705 Pension Fund, in connection with their Seventh Omnibus (Substantive) Objection to Proofs of Claim for Withdrawal Liability. ("Seventh Omnibus Objection") [ECF No. 5028].

4.      On April 7, 2025, this Court issued its Memorandum Opinion Setting Forth Preliminary Observations on Remaining Multiemployer Pension Plan Claims Allowance Disputes ("Memorandum Opinion"). [ECF No. 6030]. In its Memorandum Opinion this Court ruled that:

> Accordingly, the relevant question here is whether the up to 20-year schedule of payments that is calculated pursuant to ERISA includes an interest component that should be disallowed from the claim in bankruptcy under § 502(b)(2) of the Bankruptcy Code. The answer to that question, as described in Part III.A above, is clearly yes with respect to those pension plans whose withdrawal liability claims are not affected by the 20-year cap imposed by 29 U.S.C. § 1399(c)(1)(B). For those plans, the interest that was added at the rate used in calculating minimum funding is unmatured interest and should be disallowed from the claim in bankruptcy.
>
> It bears note that one of the pension plans, Local 705, asserts that it calculated its claim in precisely this fashion. *As Local 705 states in its briefing, the total stream of payments that would be owed to it on its withdrawal liability claim would come to $25,596,814.69. But*

*that amount includes interest running at 6.75 percent per year. With that interest removed, Local 705's claim is reduced to $17,830,282, which is the amount of the claim it presently asserts. The Court concludes that this is the correct mode of analysis.*

[Dkt. No. 6030 at 42-43. (emphasis added).]

5.      Following the entry of the Memorandum Opinion, the parties affected by the Memorandum Opinion submitted a proposed order that was entered as modified by the Court on July 18, 2025. [Dkt. No. 6682.]

6.      This Court's July 18, 2025 Order states in paragraph 1 that:

Partial summary judgment is granted to Local 705 Pension Fund on its Motion for Summary Judgment [Docket No. 4184] for the reasons set forth in the *Memorandum Opinion Setting Forth Preliminary Observations on Remaining Multiemployer Pension Plan Claims Allowance Disputes.*

[Dkt. No. 6030.]

7.      Although the Court's July 18, 2025, Order states that it grants partial summary judgment in favor of the Local 705 Pension Fund, the sole reason that summary judgment was not entered in full in favor of Local 705 Pension Fund is due to Debtors' assertion that some portion of withdrawal liability may be subject to subordination under 29 U.S.C. Section 1405(b)(2). (*See* Plan at 12, 20, n. 2, 21 [Dkt. No. 6746].) In particular, this Court ruled that Debtors' Section 1405(b) argument was preserved but the Court did not enter a substantive ruling on the validity of the Debtors' Section 1405(b) argument. (*See* Memorandum Opinion [Dkt. No. 6030 at 49-50].)

8.      With respect to the argument that the Debtors waived subordination of claims under 29 U.S.C. § 1405(b), the Court noted that "[c]ertain pension plans argue that the debtors have waived their § 1405(b) argument because the claim was only made in footnotes." [Dkt. No. 6030 at 49.] The Court ruled that "in the absence of any identifiable prejudice, this Court is inclined to

5

exercise its discretion in favor of getting to the result actually required under the law, rather than applying the strictest possible construction of the rules of waiver." [*Id.* at 50.]

9.      As set forth below, Local 705 Pension Fund has identified prejudice to Local 705 Pension Fund that was not addressed in the Court's ruling.

**II.      LOCAL 705 PENSION FUND HAS ESTABLISHED IDENTIFIABLE PREJUDICE**

10.      Debtors are barred under principles of *res judicata* and the rules of this Court that limit the Debtors to raise all substantive objections to claims in a single proceeding. Here, Debtors had ample opportunity to raise all claims and objections while litigating the Debtors' Seventh Omnibus (Substantive) Objection to Proofs of Claim for Withdrawal Liability [Dkt. No. 2595] and are thus now precluded from reserving or attempting to reserve any additional claims, rights, or causes of action.

11.      Moreover, Debtors are bound by their answers to Local 705 Pension Fund's discovery requests, including contention interrogatories, and have thus formally waived all claims, reservations of rights, and causes of action, including the objections they now seek to reserve under the Plan. Local 705 Pension Fund served its interrogatories on Debtor on April 25, 2024. In Interrogatory No. 8, Local 705 Pension Fund requested that the Debtors "state all bases upon which You contend that each claim is not entitled to be treated as an allowed unsecured claim with the right to receive distributions at the same priority as all other unsecured claims and ahead of equity holders in one or more of the Debtors." (*See* 2024-04-25 Interrogatory No. 8 [attached hereto as Exhibit A].).

12.      Debtors responded on July 24, 2024 stating that "Debtors *only* object that Local 705 should have discounted its claim to present value.". (*See* Debtors' 2024-07-24 Letter Resp. to Interrogatories at p.2 (emphasis added) [attached hereto as Exhibit B].). Debtors' response continued:

> Debtors are not alleging Local 705 relied upon inflated contribution rates, failed to account for required liability caps, or is seeking more than Debtors' allocable share of unfunded vested benefits, and will not object to Local 705's proofs of claim on those grounds; at present, and pending service of Local 705's amended proofs of claim, ***Debtors only object that Local 705 should have discounted its claim to present value.***

(*Id.* (emphasis added) [Ex. B].)

13.    In reliance on Debtors' supplemental interrogatory and representation regarding Debtors' objections, Local 705 Pension Fund withdrew its deposition notice for topics other than improper present value discounting and did not pursue discovery related to any other topic. [Exhibit C.]

14.    Debtors later supplemented their Interrogatory response on November 5, 2024, adding that subject to Debtors' boilerplate objections, and clearly stated that Debtors "***do not contend*** Local 705's proofs of claim for withdrawal liability ***are not entitled to be treated as allowed*** unsecured claims with the right to receive distributions at the same priority as all other unsecured claims." (*See* Debtors' Supp. Resp. to Interrogatory No. 8 at p.12. (emphasis added) [attached hereto as Exhibit D].).

15.    Local 705 Pension Fund relied on these repeated representations regarding Debtors' position, claims, objections, and defenses.

16.    Debtors cannot now attempt to assert objections that they expressly waived and are thus now precluded from asserting as a matter of law.

17.    Debtors are also barred from raising new substantive objections to Local 705 Pension Fund's claim under this Court's local rules that require that "[u]nless the basis for the objection is incorrect classification of a claim, the objection must include all substantive objections to the claim." *See* Local Rule 3007-1(e)(iv).

18.     It is well-established that subordination constitutes a substantive objection. *See, e.g., In re Outdoor Sports Headquarters*, 168 B.R. 177, 183 (S.D. Ohio 1984) ("Because the term objection is not restricted in any manner in the Plan and is not defined in the Bankruptcy Code or Rules, this court concludes that based upon the general use of the word objection and its ordinary meaning, 'any adverse reason raised to oppose a matter or proceeding,' objection is not limited to allowance or disallowance of claims, but includes the concept of subordination.") (citing Black's Law Dictionary at 967-68 (5th ed. 1979).

19.     Local Rule 3007-1(e)(iv) is not simply a rule of convenience that may be disregarded based at the Court's discretion.

20.     Finally, Local 705 Pension Fund is prejudiced by the sheer amount of time that has passed in this case, preventing Local 705 Pension Fund from examining the Debtors' records, witnesses and experts to determine whether if, and to what extent, the Debtors were insolvent when they filed for Chapter 11 almost three years ago on August 9, 2023.

21.     Local 705 Pension Fund sought and was denied discovery on topics other than present value discounting prior to the close of fact discovery on August 9, 2024. See [Dkt. No. 2961, par. 1(f)] (Initial order closing fact discovery in this matter over two years ago on June 28, 2024; [Dkt. No. 3931] (extension of certain deadlines, including a fact discovery cutoff of August 9, 2024).

22.     Local 705 Pension Fund has moved expeditiously to resolve any disputes involving its withdrawal liability claim, only to be met with Debtors' stonewalling tactics. Local 705 Pension Fund filed its Motion for Summary Judgment shortly after the discovery cutoff on August 28, 2024 [Dkt. 4231] on the basis that it properly used present value discounting of its withdrawal liability claim, which this Court ruled on April 27, 2025 was correct. [Dkt. No. 6030 at 42-43].  The Debtors

8

ignored Local 705 Pension Fund's Motion for Summary Judgment for months until December 14, 2024 when it filed its Motion for Partial Summary Judgment on SFA MEPPS' and Non-SFA MEPPS' Claims. [ECF No. 5181].

23.     Debtors then ignored Local 705 Pension Fund's Motion to Allow Claim filed on October 1, 2025. [Dkt. No. 7722]. To this date, the Debtors have not filed a substantive response to the Motion to Allow Claim, which has been pending for eight months.

24.     Local 705 Pension Fund submits that because discovery has been closed for almost two years in this three-year-old case, that any attempt to force Local 705 Pension Fund to engage in discovery on the solvency of the Debtors should have been timely raised by the Debtors prior to the close of discovery and not now.  Local 705 Pension Fund has suffered identifiable prejudice as stated in this Court's April 27, 2025 Memorandum Opinion. [Dkt. No. 6030 at p. 50.]

## CONCLUSION

WHEREFORE, INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 705 PENSION FUND respectfully requests that this Court allow its Withdrawal Liability Claim in the amount of $17,830,282 for all purposes, including distribution under Debtors' Fourth Amended Joint Chapter 11 Plan and order such other and further relief as this Court deems just and necessary.

Date:   June 30, 2026              **SULLIVAN NIMEROFF BROWN HILL LLC**
        Wilmington, Delaware

                                   */s/ William D. Sullivan*
                                   William D. Sullivan (No. 2820)
                                   William A. Hazeltine (No.3294)
                                   919 North Market Street, Suite 420
                                   Wilmington, DE 19801
                                   Tel: (302) 428-8191
                                   Fax: (302) 428-8195
                                   Email: bsullivan@snbhlaw.com
                                          whazeltine@snbhlaw.com

**BAUM SIGMAN AUERBACH & NEUMAN, LTD.**

*/s/ Stephen J. Rosenblat*
Stephen J. Rosenblat (ARDC No. 6204044)
200 West Adams Street, Suite 1825
Chicago, IL 60606
Tel: (312) 216-2573
Email: srosenblat@baumsigman.com

**PEDERSEN HOUPT**
*/s/ John S. Delnero*
John S. Delnero (ARDC No. 6195914)
161 North Clark Street, Suite 2700
Chicago, Illinois 60601
Tel: 312-261-2185
jdelnero@pedersenhoupt.com

*Counsel for International Brotherhood of Teamsters Local 705 Pension Fund*