# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Yellow Corporation, *et al.*, [1] | ) | Case No. 23-11069 (CTG) |
| | ) | |
| Debtors | ) | (Jointly Administered) |

**LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION
FUND'S FIRST SET OF INTERROGATORIES**

LOCAL 705 INTERNATIONAL BROTHERHOOD OF TEAMSTERS PENSION FUND, by and through their undersigned counsel, and pursuant to Federal Rules of Bankruptcy Procedures 7033 and Federal Rules of Civil Procedure 33, hereby requests that Debtors answer each of the following Interrogatories within thirty days of service of this request.

**Definitions**

1.      "Yellow Corporation," "You," or "Your" means Yellow Corporation, debtor and debtor in possession in Case No. 23-11069, jointly administered with Case Nos. 23-11070 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, by You as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on Your behalf.

2.      "1105481 Ontario." means 1105481 Ontario Inc., debtor and debtor in possession in Case No. 23-11070 jointly administered along with Case Nos. 23-11069 through 23-11092 under

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 10990 Roe Avenue, Overland Park, Kansas 66211.

Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

3.       "Express Lane Service" means Express Lane Service, Inc., debtor and debtor in possession in Case No. 23-11071 jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

4.       "New Penn Motor" means New Penn Motor Express LLC, debtor and debtor in possession in Case No. 23-11072 jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

5.       "Roadway Express" means  Roadway Express International, Inc., debtor and debtor in possession in Case No. 23-11073 jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in

part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

6. "Roadway, LLC" means Roadway, LLC, debtor and debtor in possession in Case No. 23-11074 jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

7.. "Roadway Next Day" means Roadway Next Day Corporation, debtor and debtor in possession in Case No. 23-11075, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

8. "USF Bestway" means USF Bestway Inc., debtor and debtor in possession in Case No. 23-11076 jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and

3

assigns thereof or anyone acting on its behalf.

9.      "USF Dugan" means USF Dugan Inc., debtor and debtor in possession in Case No. 23-11077 jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

10.      "USF Holland Sales" means USF Holland International Sales Corporation, debtor and debtor in possession in Case No. 23-11078, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

11.      "USF Holland" means USF Holland LLC., debtor and debtor in possession in Case No. 23-11079 jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

12.      "USF Redstar" means USF Redstar LLC, debtor and debtor in possession in Case

4

No. 23-11080, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

13.    "USF Reddaway" means USF Reddaway Inc., debtor and debtor in possession in Case No. 23-11081, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

14.    "Yellow Freight" means Yellow Freight Corporation, debtor and debtor in possession in Case No. 23-11082, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

15.    "Yellow Logistics" means Yellow Logistics, Inc., debtor and debtor in possession in Case No. 23-11083, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of

Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

16.    "YRC Association" means YRC Association Solutions, Inc., debtor and debtor in possession in Case No. 23-11084, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

17.    "YRC Enterprise" means Yellow Enterprise Services, Inc., debtor and debtor in possession in Case No. 23-11085, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

18.    "YRC Freight" means Yellow Freight Canada Company, debtor and debtor in possession in Case No. 23-11086, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and

any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

19. "YRC" means YRC, Inc., debtor and debtor in possession in Case No. 23-11087, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

20. "YRC International" means YRC International Investments, Inc., debtor and debtor in possession in Case No. 23-11088, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

21. "YRC Logistics" means YRC Logistics, Inc., debtor and debtor in possession in Case No. 23-11089, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

7

22.     "YRC Logistics Services" means YRC Logistics Services, Inc., debtor and debtor in possession in Case No. 23-11090, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

23.     "YRC Mortgages" means YRC Mortgages, LLC, debtor and debtor in possession in Case No. 23-11091, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

24.   "YRC Regional" means YRC Regional Transportation, Inc., debtor and debtor in possession in Case No. 23-11092, jointly administered along with Case Nos. 23-11069 through 23-11092 under Case No. 23-11069, pending in the United States Bankruptcy Court for the District of Delaware, and includes any entity owned, controlled or managed, in whole or in part, as well as any subsidiary, affiliate, parent partnership, business unit, division or joint venture thereof, and any employee, agent, officer, manager, member , investigators, consultants or other legal representatives and assigns thereof or anyone acting on its behalf.

25.   "Debtors" means Yellow Corporation, 1105481 Ontario, Express Lane Service, New Penn Motor, Roadway Express, Roadway, LLC, Roadway Next Day, USF Bestway, USF Dugan,

USF Holland Sales, USF Holland, USF Redstar, USF Reddaway, Yellow Freight, Yellow Logistics, YRC Association, YRC Enterprise, YRC Freight, YRC, YRC International, YRC Logistics, YRC Logistics Services, YRC Mortgages and YRC Regional.

26.     "Claimant" and "IBT Local 705" means Local 705 International Brotherhood of Teamsters Pension Fund.

27.   "Claims" shall mean the proofs of claim filed by Claimant in the Debtors' bankruptcy cases numbered as claim numbers 15906, 15917, 15943, 15944, 15949, 15951, 15953, 15955, 15957, 15965, 15969, 15971, 15975, 15978, 15979, 15985, 15989, 15995, 15998, 16001, 16005 and 16006 and available in the claims register maintained Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims

28.     "Claim 15906" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15906 in the claims register maintained by Epiq Corporate     Restructuring,     LLC     and     available     under     the     link     of https://dm.epiq11.com/case/yellowcorporation/claims.

29.     "Claim 15917" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 159917 in the claims register maintained by Epiq Corporate     Restructuring,     LLC     and     available     under     the     link     of https://dm.epiq11.com/case/yellowcorporation/claims.

30.     "Claim 15943" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15943 in the claims register maintained by Epiq Corporate     Restructuring,     LLC     and     available     under     the     link     of https://dm.epiq11.com/case/yellowcorporation/claims.

31.     "Claim 15944" means the proof of claim filed by Claimant in the amount of

9

21,367,019.34 and assigned the claim number of 15944 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims.

32.    "Claim 15949" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15949 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims.

33.    "Claim 15951" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15951 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims.

34.    "Claim 15953" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15953 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims.

35.    "Claim 15955" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15955 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims.

36.    "Claim 15957" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15957 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims.

37.     "Claim 15965" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15965 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims.

38.     "Claim 15969" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15969 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims.

39.     "Claim 15971" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15971 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims.

40.     "Claim 15975" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15906 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims.

41.     "Claim 15978" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15906 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims.

42.     "Claim 15985" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15985 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of

https://dm.epiq11.com/case/yellowcorporation/claims.

43.     "Claim 15989" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15989 in the claims register maintained by Epiq Corporate     Restructuring,     LLC     and     available     under     the     link     of https://dm.epiq11.com/case/yellowcorporation/claims.

44.     "Claim 15995" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15995 in the claims register maintained by Epiq Corporate     Restructuring,     LLC     and     available     under     the     link     of https://dm.epiq11.com/case/yellowcorporation/claims.

45.     "Claim 15998" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15998 in the claims register maintained by Epiq Corporate     Restructuring,     LLC     and     available     under     the     link     of https://dm.epiq11.com/case/yellowcorporation/claims.

46.     "Claim 16001" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15906 in the claims register maintained by Epiq Corporate     Restructuring,     LLC     and     available     under     the     link     of https://dm.epiq11.com/case/yellowcorporation/claims.

47.     "Claim 16005" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15906 in the claims register maintained by Epiq Corporate     Restructuring,     LLC     and     available     under     the     link     of https://dm.epiq11.com/case/yellowcorporation/claims.

48.     "Claim 16006" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15906 in the claims register maintained by Epiq

Corporate    Restructuring,    LLC    and    available    under    the    link    of https://dm.epiq11.com/case/yellowcorporation/claims.

49.    "Claim 15906" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15906 in the claims register maintained by Epiq Corporate    Restructuring,    LLC    and    available    under    the    link    of https://dm.epiq11.com/case/yellowcorporation/claims.

50.    "Claim 15906" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15906 in the claims register maintained by Epiq Corporate    Restructuring,    LLC    and    available    under    the    link    of https://dm.epiq11.com/case/yellowcorporation/claims.

51.    "Claim 15906" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15906 in the claims register maintained by Epiq Corporate    Restructuring,    LLC    and    available    under    the    link    of https://dm.epiq11.com/case/yellowcorporation/claims.

52.    "Claim 15906" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15906 in the claims register maintained by Epiq Corporate    Restructuring,    LLC    and    available    under    the    link    of https://dm.epiq11.com/case/yellowcorporation/claims.

53.    "Claim 15906" means the proof of claim filed by Claimant in the amount of 21,367,019.34 and assigned the claim number of 15906 in the claims register maintained by Epiq Corporate    Restructuring,    LLC    and    available    under    the    link    of https://dm.epiq11.com/case/yellowcorporation/claims.

54.    "Claim 15906" means the proof of claim filed by Claimant in the amount of

21,367,019.34 and assigned the claim number of 15906 in the claims register maintained by Epiq Corporate Restructuring, LLC and available under the link of https://dm.epiq11.com/case/yellowcorporation/claims.

55.     "Claim Objection" means Debtors' Seventh Omnibus (Substantive) Objection to Proofs of Claim for Withdrawal Liability filed on March 13, 2024, as docket number 2595 in Bankruptcy Case Number 23-11069 pending in the United States Bankruptcy Court for the District of Delaware.

56.     "Document Production" means Claimant's First Set of Request for Production of Documents propounded on Debtors.

57.     "Communicate" or communication" means every manner of disclosure or exchange, and every disclosure or exchange, of information, whether orally or by document or whether face-to-face, by telephone, telegram, mail, personal delivery, electronically, facsimile or otherwise.

58.     "Person" or "persons" means all entities, including without limitation, individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies or governmental entities.   Where an artificial (e.g., a corporation, partnership, governmental entity or agency, etc.) person is involved, "person" or "persons" includes all individuals acting or purporting to act on behalf of the artificial person.

59.     (a) "Identify," "identity," "identification" and any other form of these words when used in reference to an individual mean to state the individual's full name, present or last known home and business addresses and telephone numbers, as well as present or last known position and business affiliation.

(b)     When the above-mentioned words are used in reference to a corporation, partnership, governmental entity or similar organization, they mean to state its full name and its present or last known business address.

(c)      When the above-mentioned words are use in reference to a document, they mean to state the type of document (e.g., letter, memorandum, notes, etc.), give a summary of its contents, and specify the document's date, author, location and its current custodian.

(d)      When the above-mentioned words are used in reference to a communication, they mean to state the communication's date, the place where it occurred, the type of communication (e.g., telephone conversation, meeting, etc.), its substance, the identity of each person who received it and of all other persons who were present.

60.      "Describe" or "state" means to state all facts, circumstances and opinions known or held concerning what is requested to be described or stated, the identity of all persons having knowledge of what is described or stated and the identity of all documents relating to what is to be described or stated.

61.      The words "state in detail" or words of similar import mean to state separately each and every factual basis for the allegation requested to be described and/or to give a detailed description of the thing, event or entity asked to be described.   In every instance, include all dates, opinions and each and all known facts relating to what is to be described, including without limitation: (a) the identity of each person having any knowledge of each fact or opinion relating to the allegation, event or entity to be described, (b) the identity of each document evidencing the answer given, and (c) any relevant dates or time period.

62.      "Document" shall mean and include, without limiting the scope of its meaning, inter-office memoranda, intra-office memoranda, letters, telegrams, and other correspondence, tape recordings, handwritten or typed notes and memoranda of officers, directors, managers, employees, agents and attorneys, calendar pads, appointment books, telegrams, facsimiles, photographs, films, negatives, work papers, promissory notes, letters of credit, meeting or visit minutes, notes relating to telephone calls or face-to-face conversations, meetings and/or discussions, statements of account, contracts, checks, reports, diaries, guarantees, surveys, studies, microfilm, microfiche, CD-ROM or DVD-ROM discs, hard drives, data processing discs or readable computer produced interpretations

15

thereof, data processing tapes or readable computer produced interpretations thereof, hold or save harmless agreements, guarantees, financial statements, credit reports, books, records, ledgers and journals, inter-office mail, electronic mail, software, facsimiles, compilations, computer generated print-outs or reports, other communications and all other writings, evidences and papers of whatever nature, regardless of whether originals, duplicates or copies, regardless of whether physical, digital or otherwise electronically-stored, that were compiled, written, produced or received prior to the date of responding to these Interrogatories.

Sources of electronically-stored data may include but are not limited to, the following:

1. Desktop personal computers ("PC's") and workstations; PC's, workstations, minicomputers and mainframes used as file servers, application servers, or mail servers; laptops, notebooks, and other portable computers, including thumb drives, jump drives or other removable hard drives or storage media, whether assigned to individuals or in pools of computers available for shared use; and home computers used for work-related purposes; and

2. Backup disks and tapes, archive disks and tapes, and other forms of offline storage, whether stored onsite with the computer used to generate them, stored offsite in another facility or stored offsite by a third party, such as a in a disaster recovery center.

63. "And" and "or" as used herein are both conjunctive and disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

64. As used herein "all" refers to any and all, and the term "any" likewise refers to any and all.

65. "Relate to" or "relating to" means constituting, containing, embodying, comprising, reflecting on, identifying, stating, referring to, dealing with, commenting on, responding to, describing, involving, pertaining to, concerning or evidencing.

### Instructions

16

A.      Unless otherwise indicated, information and documents are requested only as to matters occurring during the period of January 1, 2019 through March 13, 2024.

B.      Whenever You are requested to give specific information such as a date or a figure and you cannot give the exact information, give your best estimate thereof.

C.      Identify all documents which support or refer to the facts alleged in each answer to these Interrogatories.  Identify all documents or other sources referred to or relied upon in each answer to these Interrogatories.

D.      Each Interrogatory shall be deemed to be continuing in nature so as to require supplemental responses, and each supplemental response required to maintain the accuracy of your earlier response shall be served on Claimant's counsel at reasonable intervals, but in no event less than thirty (30) days prior to trial.

### Interrogatories

1.      Identify all persons whom you know or who you believe have any knowledge or information regarding the statements made in the Claim Objection, as applied to the Claimant, and for each such person, state in detail the specific facts of which he has knowledge or information.

**ANSWER:**

2.      Identify all persons whom you know or who you believe have any knowledge or information regarding the factual bases of the Claim Objection as applied to the Claimant. For each such person state in detail the specific facts of which he has knowledge or information.

**ANSWER:**

3.      Identify all persons who have assisted in responding to these interrogatories and Claimant's First Request for Production of Documents.

**ANSWER:**

4.      State in detail all bases for Your contention as set forth in the Claim Objection, as applied to the Claimant, that "it appears that the Pension Plans relied upon inflated contribution rates,

failed to account for required liability caps, and/or neglected to discount their claims to present value" [Dkt. 2595, p.2], and identify all Documents which support such contention.

**ANSWER:**

5.      State in detail all bases for Your contention as set forth in in the Claim Objection, as applied to the Claimant, that "the Pension Plans, in other words, are seeking to recover far more than the Debtors' allocable share of unfunded vested benefits, and thus far more than the Pension Plans are entitled, all to the detriment of the Debtors' unsecured creditors and equity holders, whose own recoveries hang in the balance" [Dkt. No. 2595, p.2], and identify all Documents which support such contention.

**ANSWER:**

6.      To the extent You dispute Claimant's calculation of withdrawal liability as set forth in the Claims, state all bases upon which Debtors assert that withdrawal liability should be calculated and/or which component(s) of the Claimant's calculation are in dispute.

**ANSWER:**

7.      State whether You have formally or informally objected to claims of creditors holding claims that were contingent on the date of the filing of the Debtors' bankruptcy petitions, including but not limited to lease and contract rejection claims, on the basis that such claims are subject to present value discounting and the basis for such objection and Identify all Documents which support such asserted objection(s).

**ANSWER:**

8.      For each claim (Claim 15906, Claim 15917, Claim 15943, Claim 15944, Claim 15949, Claim 15951, Claim 15953, Claim 15955, Claim 15957, Claim 15965, Claim 15969, Claim 15971, Claim 15975, Claim 15978, Claim 15979, Claim 15985, Claim 15989, Claim 15995, Claim 15998, Claim 16001 and Claim 16005 and 16006) state all bases upon which You contend that each claim is not entitled to be treated as an allowed unsecured claim with the right to receive distributions

at the same priority as all other unsecured claims and ahead of equity holders in one or more of the Debtors.

**ANSWER:**

9.      Identify each person you expect to call as a witness on your behalf in this trial and, for each such person:

   a)  state the person's employment during the relevant time period;

   b)  state in detail the subject matter on which the person is expected to testify;

   c)  state in detail the substance of the facts upon which the person is expected to testify; and

   d)  identify any documents the person expects to refer to or rely upon in connection with his or her testimony.

**ANSWER:**

10.      Identify each person you expect to call as an expert witness on your behalf in this trial and, for each such person:

   a)  state the expert's education, training and expertise;

   b)  state in detail the subject matter on which the expert is expected to testify;

   c)  state in detail the substance of the facts and opinions to which the expert is expected to testify;

   d)  give a summary of the grounds for each such opinion, as required under Federal Rule of Civil Procedure 26(b) 4 (A) (i); and

   e)  identify any documents the expert expects to refer to or rely upon in connection with its testimony.

**ANSWER:**

Date: April 25, 2024
    Wilmington, Delaware

**SULLIVAN · HAZELTINE · ALLINSON LLC**


*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 North Market Street, Suite 420
Wilmington, DE 19801
Tel: (302) 428-8191
Email: bsullivan@sha-llc.com
       whazeltine@sha-llc.com

and

**PEDERSEN HOUPT**
John S. Delnero (ARDC No. 6195914)
161 North Clark Street, Suite 2700
Chicago, IL 60601
Tel: 312-261-2185
jdelnero@pedersenhoupt.com

and

**BAUM SIGMAN AUERBACH & NEUMAN, LTD.**
Patrick N. Ryan (ARDC No. 6278364)
200 West Adams Street, Suite 1825
Chicago, IL 60606
Tel: (312) 216-2573
Email: pryan@baumsigman.com

*Counsel for International Brotherhood of Teamsters*
*Local 705 Pension Fund*