IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>YELLOW CORPORATION, *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 23-11069 (CTG), *et seq.*<br>(jointly administered)<br><br>**Hearing date: TBD**<br>**Objection deadline: TBD** |

**VINCENT DEMARTINO'S
MOTION FOR LIMITED AND FINAL
RETROACTIVE RELIEF FROM THE AUTOMATIC STAY
AND APPLICABLE INJUNCTIONS TO PROSECUTE CIVIL
ACTION TO JUDGMENT AND RECOVER AGAINST INSURANCE**

Vincent DeMartino ("Movant"), by his undersigned counsel, files this Motion for Limited and Final Retroactive Relief from the Automatic Stay and Applicable Injunctions to Prosecute Civil Action to Judgment and Recover Against Insurance (the "Motion"), and in support hereof states as follows:

JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. § 1409(a).  The statutory and other bases for the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

relief requested in this Motion are 11 U.S.C. § 362(d) and the terms of the Plan and Confirmation Order (each as defined below).

2.     On August 6, 2023 (the "Petition Date"), the debtors in each of the above-captioned jointly administered cases (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. From the Petition Date through and including the Effective Date (as defined below), the Debtors managed their affairs and remained in possession of their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108. On the Effective Date, the assets of the Debtors' estates were transferred under the Plan to Daniel H. Golden, in his capacity as trustee (in such capacity, the "Liquidating Trustee") of the Yellow Liquidating Trust (the "Liquidating Trust").

BACKGROUND

3.     Prior to the Petition Date, on or about July 18, 2023, Movant was severely injured in a motor vehicle accident with a vehicle owned and/or operated by one or more of the Debtors at, near or in the vicinity of Interstate 84, approximately 500 feet west of exit 39, in the Town of Newburgh, State of New York (the "Accident"), in which he sustained serious personal injury, great physical pain, and mental anguish. Since the Accident, Movant has undergone

numerous surgeries, continues to suffer great pain, and may plan to receive at least one more additional surgery directly related to the Accident.

4.     On November 21, 2023 (the "Civil Action Filing Date"), Movant, then unaware of the Debtors' bankruptcy, filed a complaint (the "Civil Action Complaint") against Debtor YRC Inc. and the driver of the vehicle (a non-debtor) in the Supreme Court of the State of New York, County of Erie, styled *DeMartino v. Rosario et al.,* Index No. 814990/2023 (the "Civil Action"), asserting claims arising from the Accident, including but not limited to negligence (the "Claims"). Because the Civil Action Complaint was filed after the Petition Date while the automatic stay imposed by § 362 of the Bankruptcy Code was in full force and effect, the Civil Action may be void *ab initio.*

5.     Notwithstanding certain affidavits of service filed with the Court reflecting service by the Debtors' claims and noticing agent in September 2023, Movant and his counsel did not receive actual notice of the commencement of the

Debtors' chapter 11 cases or the bar date for filing proofs of claim[2] until on or about February 12, 2024, when a notice of the bankruptcy and the automatic stay was filed in the Civil Action.

6.    On February 26, 2024, the Court entered an Order Authorizing the Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Certain Litigation Claims and Granting Related Relief (Docket No. 2389) (the "ADR Order"), approving various alternative dispute resolution procedures proposed by the Debtors for certain litigation claims (the "ADR Procedures") that, among other things, enjoined various claims (likely including Movant) from proceeding with the Civil Action against the Debtors or their estates, certain related indemnitees, and Old Republic Insurance Company ("ORIC") and certain third-

---

[2] It was difficult to ascertain the address to which the claims noticing agent had sent a notice of commencement of case and a notice of the claim bar date in this case, because the affidavits evidencing alleged service upon Movant indicate merely "ADDRESS ON FILE" for his address. In off-record discussions among counsel, Movant's counsel was told the service address that had been used, but upon information and belief, it was not a current address for Movant as of the time those documents were served. Movant's litigation counsel of record, Robert Maranto of Andrews, Bernstein & Maranto, PLLC, was not served.

November 13, 2023 (the "Bar Date") was the deadline by which non-governmental parties holding prepetition claims against the Debtors were required to file proofs of claim. This was, of course, well before Movant had actual notice of the bankruptcy. Upon learning of the bankruptcy, Movant promptly filed a proof of claim (Claim No. 19476) (the "Proof of Claim") on February 14, 2024, and subsequently filed a motion to treat the Proof of Claim as timely filed (the "Late Claim Motion"). After the Late Claim Motion was filed, counsel for Movant and the Debtors entered into discussions and determined that the Court's newly-ordered ADR Procedures might be a more effective resolution than litigating the Late Claim Motion, so the parties commenced mediation. That mediation is still pending to this day. The Late Claim Motion remains pending before the Court and no response has been filed with the Court.

party payors, pending completion of the ADR Procedures (collectively, the "ADR Injunctions").

7.    The Debtors are party to certain motor carrier's indemnity insurance policies issued by ORIC, as well as related excess insurance policies issued by other insurers (collectively, the "Insurance Policy"). Movant anticipates that any recovery on account of the Claims will be satisfied from the Insurance Policy and other non-debtor sources, and Movant does not seek recovery from property of the Debtors' estates or the Liquidating Trust in this Motion.

8.    On November 19, 2025, the Court entered an order (Docket No. 8229) (the "Confirmation Order") confirming the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors (Technical Modifications) (Docket No. 8226) (the "Plan"), which became effective on July 1, 2026 (Docket No. 9073) (the "Effective Date"). As noted above, on the Effective Date, the Yellow Liquidating Trust (the "Liquidating Trust") was established, the Liquidating Trust Assets were transferred to it, and Daniel Golden was appointed trustee of the Liquidating Trust (solely in that capacity, the "Trustee") and the duly appointed representative of the Debtors and their estates.

9.      Pursuant to the Plan, the automatic stay imposed by section 362 of the Bankruptcy Code terminated on the Effective Date, but was replaced by a series of injunctions arising under the Plan and the Confirmation Order that emulate the effect of the automatic stay in many ways (collectively, the "Plan Injunctions"). Those Plan Injunctions became effective on the Effective Date, and upon information and belief, remain in full force and effect in accordance with their terms. Under the Plan, the ADR Injunctions also survived until 30 days after the Effective Date, see Plan Art. IV, § O, which may separately prevent Movant from bringing a new complaint to enforce the Claims until that date—the same day that the statute of limitations expires. As used herein, the "Applicable Injunctions" mean and include the Plan Injunctions and the ADR Injunctions.

10.     Pursuant to § 108(c) of the Bankruptcy Code, the statute of limitations for commencing Movant's complaint under applicable non-bankruptcy law was tolled until 30 days after termination of the automatic stay. Because the termination of the automatic stay occurred on the Effective Date, that statute of limitations expires after July 30, 2026.

11.     Because the Civil Action Complaint may be void *ab initio,* Movant may be unable to rely upon that pleading to preserve his claims.

<u>RELIEF REQUESTED AND THE BASIS THEREFOR</u>

12.    By this Motion, Movant seeks entry of:

(i)    An expedited order granting Movant limited relief from the automatic stay and Applicable Injunctions, retroactive to November 21, 2023, to permit Movant to file the Civil Action Complaint and serve process in the Civil Action solely to the extent necessary to preserve Movant's claims against expiration of the applicable statute of limitations, or, in the alternative, limited relief from the automatic stay and the Applicable Injunctions to permit Movant to file a new complaint against the Debtors on account of the same claims (collectively, the "Limited Relief"); and

(ii)    relief from the automatic stay and the Applicable Injunctions to prosecute the Civil Action, or any new complaint filed pursuant to the Limited Relief, to judgment against the Debtors and any other responsible non-debtor party, and to satisfy any judgment, award, or settlement from the Insurance Policy and other non-debtor sources (the "Final Relief").

A.    <u>LIMITED RELIEF</u>.

13.    Movant requires the Limited Relief on an expedited basis due to the imminent expiration of the applicable statute of limitations.

14.    Section 362(a) of the Bankruptcy Code imposes an automatic stay of various attempts to recover or enforce claims against the Debtors, their estates, or their property (the "Automatic Stay").

15.    Section 362(d) of the Bankruptcy Code provides, in pertinent part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such

as by terminating, annulling, modifying, or conditioning such stay— (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

16.     Because the Automatic Stay is not meant to be indefinite or absolute, the Court has authority to grant relief from the stay in appropriate circumstances. *In re Rexene Prods., Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992). Section 362(d)(1) provides that the Automatic Stay may be lifted where "cause" exists. After a *prima facie* showing by a movant, the party opposing relief has the burden of proving that a movant is not entitled to relief from the stay. *Id.* at 577; 11 U.S.C. § 362(g).

17.     "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *IBM v. Fernstrom Storage & Van Co.,* 938 F.2d 731, 735 (7th Cir. 1991). Most courts employ an equitable balancing test to determine "cause." *Rexene Prods., Co.,* 141 B.R. at 576. That test requires the Court to determine whether: (a) any great prejudice to either the bankruptcy estate or the debtor will result; (b) the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor; and (c) the movant has a probability of prevailing on the merits. *Id.* at 576.

18.     Cause exists to grant Movant the Limited Relief for several reasons. First, granting retroactive relief to the Civil Action Filing Date will cause no

prejudice to the Liquidating Trust, the Debtors' former estates, or any other party. Movant does not seek in this Motion recovery from property of the Debtors' estates or the Liquidating Trust; Movant seeks only to cure the timing of the filing of the Civil Action Complaint so that his claims are not lost due to the running of the statute of limitations.

19.     Second, the hardship Movant will suffer if the requested relief is denied—the permanent, irrevocable loss of his Claims—is severe and far outweighs any hardship to the Liquidating Trust or other parties, particularly where the relief requested is limited solely to preserve the timeliness of the Civil Action Complaint and does not disturb the Liquidating Trustee's right to contest the Claims, the Proof of Claim, or the Late Claim Motion on any other ground.

20.     Third, Movant need only make a showing that is "very slight" as to the probability of prevailing on the merits. *Rexene Prods., Co.,* 141 B.R. at 578. The facts recited above—a motor vehicle accident allegedly caused by a vehicle owned and/or operated by one of the Debtors—are sufficient to meet that limited burden. In addition, this Court's jurisdiction to adjudicate personal injury claims is expressly limited by 28 U.S.C. § 157(b)(5), and the usual purpose of providing a "central forum to adjudicate claims against the Debtors," *see, e.g., 15375 Memorial Corp. v. Bepco, LP (In re 15375 Memorial Corp.),* 589 F.3d 605, 622 (3rd Cir. 2009), has little application to Movant's claims. In fact, the likelihood of

success prong might even be self-executing, since the only "success" Movant seeks in the Limited Relief is to preserve the applicable statute of limitations.

21.    Fourth, the statute of limitations was tolled from the August 2023 petition filings until the July 2026 Effective Date, a span of almost three years. During that time, Movant attempted in good faith to settle his Claims with ORIC under ADR injunctions that had been proposed without service upon Movant's counsel. A delay in successful mediation outside of Movant's control should form the basis for extinguishment of a claim.

22.    By including the term "annulling," § 362(d) of the Bankruptcy Code expressly contemplates that there may be times when retroactive relief from the Automatic Stay may be appropriate. *In re Siciliano,* 13 F.3d 748, 751 (3rd Cir. 1994) ("the inclusion of the word 'annulling' in the statute indicates a legislative intent to apply certain types of relief retroactively and validate proceedings that would otherwise be void *ab initio*"). "An annulment can operate retroactively to rehabilitate violations of an automatic stay." *Id.* at 752.

23.    For these reasons, Movant requests that the Court enter an order on an expedited basis approving the Limited Relief.

24.    For the same reasons, cause exists to grant Movant relief from the Applicable Injunctions to the same extent as the Automatic Stay. The ADR Procedures will be expiring according to the language of the Plan on July 31, 2026

anyway, so there would be little harm in granting relief less than a week early. The Plan Injunctions serve the same purpose the Automatic Stay served prior to the Effective Date, and the balance of equities favors relief from the Plan Injunctions for the limited purpose set forth herein.

25.     The most efficient way to grant the Limited Relief without disruption to the parties' interests is to validate the existing Civil Action Complaint by lifting the Automatic Stay retroactively. This would avoid the steps and costs of filing a new complaint and serving new process. Moreover, as noted above, the Civil Action Complaint was also filed against at least one non-debtor, which means that Movant could not dismiss that complaint and re-file without jeopardizing another statute of limitations. There would be no substantive difference to Movant and the Debtors/Liquidating Trust between approving the existing Civil Action Complaint retroactively and requiring a new complaint to be filed. Therefore, the former is the preferable remedy, although Movant defers to the Court's discretion as to either alternative.

B.     <u>FINAL RELIEF</u>.

26.     The same standards for cause set forth above support Movant's request for Final Relief.

27.     Granting the Final Relief will cause no prejudice to the Liquidating Trust, the Debtors' former estates, their property, or any other party. Movant will not attempt to enforce any judgment from property of the Debtors' estates or the Liquidating Trust; Movant seeks only to prosecute the Claims to judgment against the Debtors and any other responsible non-debtor party, including Rosario, and to satisfy any judgment, award, or settlement from the Insurance Policy and other non-debtor sources.

28.     It should also be added that under the Plan and the Confirmation Order, any claim Movant might assert against the Debtors' estates would be limited to the amount of any applicable deductible or self-insured retention. Although Movant has been unable to obtain the amount of any applicable deductible or self-insured retention from the Liquidating Trustee's counsel to date, Movant anticipates that such amount will constitute an extremely small percentage of the total claims body. Therefore, any such claim is unlikely to cause significant dilution of other creditors' recoveries in this case.

29.     As set forth above, the hardship to Movant of continued delay, and the limited showing required as to the probability of prevailing on the merits, apply with equal force to the Final Relief. In addition, the Debtors' bankruptcy cases have progressed more than three years to the post-confirmation, post-Effective Date period. The Automatic Stay's purpose of providing the Debtors with "a

breathing spell from creditors by stopping all collection efforts" is no longer an issue. *Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1204 (3rd Cir. 1991). Moreover, ORIC is handling the defense of personal injury claims against the Debtors, and the Automatic Stay is not intended to protect third-party non-debtors.

30.     Furthermore, the ongoing hardship to Movant in the protracted delay is extremely prejudicial. As noted above, Movant has had to undergo various surgeries and may need at least one more surgery. Movant, who is not a wealthy individual, has been out of work since the Accident and is receiving only a fraction of his expected income while on disability. Unlike ORIC, for which paying earlier or later does not affect its business, Movant's ability to support and protect himself is greatly affected every day that passes without a resolution.

31.     Similarly, three years of mediation have not been successful in reaching a resolution. Movant has lost confidence that ADR will be successful in settling his Claims and wishes to proceed with traditional litigation.

32.     This Court's limited role in adjudicating personal injury claims under 28 U.S.C. § 157(b)(5) also favors allowing the Claims to proceed to judgment in the forum in which they are, or will be, pending.

C.    RELIEF WITHOUT PREJUDICE.

33.    Nothing in this Motion, and no relief granted in connection herewith, is intended to constitute a waiver of the Liquidating Trustee's right to object to the Late Claim Motion or the Proof of Claim on any grounds, including timeliness, nor is it intended to constitute an admission of liability by the Debtors, the Liquidating Trustee, or any other party, or a waiver of any defense available to any of them.

34.    Movant believes that the Limited Relief and the Final Relief will have no material effect on the administration of the Liquidating Trust, and respectfully submits that any orders granting this Motion should be effective immediately upon entry, notwithstanding the fourteen-day stay otherwise contemplated by Fed. R. Bankr. P. 4001(a)(3).

WHEREFORE, Movant respectfully requests that this Court enter orders, substantially in the forms attached hereto, (i) granting Movant the Limited Relief; (ii) granting Movant the Final Relief; and (iii) granting Movant such other and further relief as the Court deems just and proper.

Dated:  July 26, 2026          Respectfully submitted,
        Wilmington, Delaware

                               HILLER LAW, LLC

                               **/s/ Adam Hiller**
                               Adam Hiller (DE No. 4105)
                               300 Delaware Avenue, Suite 210, #227
                               Wilmington, Delaware 19801
                               (302) 442-7677 telephone
                               ahiller@adamhillerlaw.com

-14-

-and-

Robert Maranto, Esquire
Andrews, Bernstein,
 & Maranto, PLLC
420 Franklin Street
Buffalo, New York 14202
716.842.2200 telephone
rmaranto@wnyinjurylawyers.com

*Attorneys for Movant*