IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>YELLOW CORPORATION, *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 23-11069 (CTG), *et seq.*<br>(jointly administered)<br><br>**Re: Docket No(s).** |

**ORDER GRANTING
VINCENT DEMARTINO LIMITED RETROACTIVE
RELIEF FROM THE AUTOMATIC STAY AND APPLICABLE
INJUNCTIONS TO FILE COMPLAINT AND SERVE PROCESS**

UPON CONSIDERATION of the Motion for Limited and Final Retroactive Relief from the Automatic Stay and Applicable Injunctions to Prosecute Civil Action to Judgment and Recover Against Insurance (the "Motion") filed by Vincent DeMartino ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (D) service to the parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

cause exists to grant the relief requested in the Motion; it is hereby ORDERED as follows:

1.    The Motion is GRANTED, as set forth herein. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion.

2.    The automatic stay imposed by 11 U.S.C. § 362 (the "Automatic Stay") is hereby lifted, and all applicable injunctions of this Court (collectively, the "Applicable Injunctions") are hereby modified, retroactive to November 21, 2023 (the "Civil Action Filing Date"), solely to the extent necessary or appropriate to render the complaint (the "Civil Action Complaint") filed by Movant in the Supreme Court of the State of New York, County of Erie, styled *DeMartino v. Rosario et al.,* Index No. 814990/2023 (the "Civil Action"), duly filed and served, thereby preserving any claims asserted or assertable therein against the expiration of any applicable statute of limitations. To the extent still applicable, the Automatic Stay and the Applicable Injunctions shall, in all other respects, remain in full force and effect.

3.    In the event the relief granted in paragraph 2 above is held not to be effective for any reason, the statute of limitations for Movant to commence a civil action to enforce the Claims (as defined in the Motion) is hereby extended for a period of the longer of (i) 30 days after the entry of this Order, and (ii) 30

-2-

days after entry of a final order of a court of competent jurisdiction determining that the relief is not effective.

4.      Nothing in this Order shall limit or affect Movant's right to file one or more proofs of claim evidencing the Claims and to receive any distribution available to similarly situated creditors in these chapter 11 cases.

5.      Nothing in this Order shall modify, release, or waive any of Movant, Debtors, the Liquidating Trustee, or any other party's rights, obligations, claims, or defenses except as expressly set forth herein.  Nothing in this Order shall preclude or limit the Debtors, their estates, the Liquidating Trust, or the Liquidating Trustee from asserting a statute of limitations defense against individuals other than Movant.  This Order shall not operate or be construed as an admission of any wrongdoing, liability, or culpability by any party or as an admission, denial, or waiver by any party as to the merits, existence, nature, extent, validity or enforceability, or lack thereof, of any claims, defenses, or causes of action, including without limitation the Proof of Claim, or with respect to the Civil Action, the Claims, the Accident, the Late Claim Motion, or otherwise.

6.      For the avoidance of doubt, nothing in this Order shall: (a) alter, amend, or otherwise modify the terms and conditions of any insurance policy of the Debtors (collectively, the "Insurance Policy"); (b) terminate, expand, or

contract any coverage that may be available under an Insurance Policy; (c) preclude or limit the right of ORIC, any other applicable insurer, or Movant to contest and/or litigate the existence, primacy, and/or scope of available coverage under an Insurance Policy or to assert any defenses to coverage under an Insurance Policy, as applicable; or (d) alter or modify the rights of ORIC, any other applicable insurer, or Movant to take any action relating to an Insurance Policy to the extent permissible under applicable non-bankruptcy law, and in accordance with the terms of an Insurance Policy.

7.      Notwithstanding Fed. R. Bankr. P. 4001(a)(3), the terms of this Order are immediately effective and enforceable upon entry and are not stayed.

8.      The Court retains jurisdiction to interpret and enforce the terms of this Order.