IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>YELLOW CORPORATION, *et al.,*[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 23-11069 (CTG), *et seq.*<br>(jointly administered)<br><br>**Re: Docket No(s).** |

**ORDER GRANTING
VINCENT DEMARTINO RELIEF FROM THE AUTOMATIC
STAY AND APPLICABLE INJUNCTIONS TO PROSECUTE CIVIL
ACTION TO JUDGMENT AND RECOVER AGAINST INSURANCE**

UPON CONSIDERATION of the Motion for Limited and Final Retroactive Relief from the Automatic Stay and Applicable Injunctions to Prosecute Civil Action to Judgment and Recover Against Insurance (the "Motion") filed by Vincent DeMartino ("Movant"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (C) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (D) service to the parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation.  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

cause exists to grant the relief requested in the Motion; it is hereby ORDERED as follows:

1.      The Motion is GRANTED, as set forth herein. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion.

2.      To the extent applicable, the automatic stay imposed by 11 U.S.C. § 362 (the "Automatic Stay") and all applicable injunctions of this Court (collectively, the "Applicable Injunctions"), including but not limited to all injunctions arising under the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors (Technical Modifications) (Docket No. 8226) (as it may be altered, amended, modified, or supplemented from time to time in accordance with the terms thereof, the "Plan") and/or the Findings Of Fact, Conclusions Of Law, And Order Confirming The Fourth Amended Joint Chapter 11 Plan Of Yellow Corporation And Its Debtor Affiliates Pursuant To Chapter 11 Of The Bankruptcy Code Proposed By The Debtors And The Official Committee Of Unsecured Creditors (Technical Modifications) (Docket No. 8229) (the "Confirmation Order")  (collectively, the "Plan Injunctions") and the Order Authorizing the Debtors to Establish Alternative Dispute Resolution Procedures

for Resolution of Certain Litigation Claims and Granting Related Relief (Docket No. 2389) (the "ADR Injunctions," and with the Plan Injunctions, the "Applicable Injunctions"), to permit Movant to prosecute claims arising from the Accident, including but not limited to the claims asserted in the Civil Action Complaint, as may be amended from time to time, to judgment, including any appeals, against the Debtors and any other responsible non-debtor party; provided that Movant shall enforce such claims only against third-party non-debtors, including but not limited to the Debtors' applicable insurance carriers under the Insurance Policy. Except as otherwise set forth herein, the Applicable Injunctions shall otherwise remain in full force and effect.

3.     Without limiting the foregoing, any insurance carrier is authorized to pay any judgment, award, or settlement from any insurance policy of the Debtors (collectively, the "Insurance Policy") and any proceeds thereof.

4.     To the extent that any portion of the Claims is not covered by an Insurance Policy, such as amounts attributable to a deductible, self-insured retention, or other gaps in coverage, Movant's right to file one or more proofs of claim evidencing the Claims and to receive any distribution available to similarly situated creditors in these Chapter 11 cases is preserved. The right of any party to object to any such Claims on any ground, including but not limited to the timing of filing, is also preserved.

5.      Nothing in this Order shall be deemed a waiver of the Liquidating Trustee's right to object to the Late Claim Motion or the Proof of Claim on any grounds, nor an admission of liability by the Debtors, the Liquidating Trustee, or the Liquidating Trust, nor a waiver of any defense available to any of them, including any statute of limitations defense as against parties other than Movant.

6.      For the avoidance of doubt, nothing in this Order shall: (a) alter, amend, or otherwise modify the terms and conditions of any Insurance Policy; (b) terminate, expand, or contract any coverage that may be available under a Insurance Policy; (c) preclude or limit the right of ORIC, any other applicable insurer, or Movant to contest and/or litigate the existence, primacy, and/or scope of available coverage under an Insurance Policy or to assert any defenses to coverage under an Insurance Policy, as applicable; or (d) alter or modify the rights of ORIC, any other applicable insurer, or Movant to take any action relating to an Insurance Policy to the extent permissible under applicable non-bankruptcy law, and in accordance with the terms of an Insurance Policy.

7.      Notwithstanding Fed. R. Bankr. P. 4001(a)(3), the terms of this Order are immediately effective and enforceable upon entry and are not stayed.

8.      The Court retains jurisdiction to interpret and enforce the terms of this Order.