IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>YELLOW CORPORATION, *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case Nos. 23-11069 (CTG), *et seq.*<br>(jointly administered) |

## MOTION TO SHORTEN TIME

Vincent DeMartino ("Movant"), by his undersigned counsel, hereby files this motion (the "Motion to Shorten") seeking an order to shorten time with respect to the Limited Relief (defined below) sought in Movant's Motion for Limited and Final Retroactive Relief from the Automatic Stay and Applicable Injunctions to Prosecute Civil Action to Judgment and Recover Against Insurance (the "Motion for Relief") filed concurrently herewith, and in support hereof states as follows:

1.      On August 6, 2023 (the "Petition Date"), the debtors in the above-captioned jointly administered cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code. On July 1, 2026 (the "Effective Date"), the Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors (Technical Modifications) (the "Plan") became effective, and

Daniel Golden was appointed trustee (the "Liquidating Trustee") of the Yellow Liquidating Trust.

2.      Movant is the plaintiff in a personal injury action arising from a motor vehicle accident with a vehicle owned and/or operated by one or more of the Debtors on or about July 18, 2023 (the "Accident"). On November 21, 2023, without knowing of the Debtors' bankruptcies, Movant filed a complaint against Debtor YRC Inc. and a non-debtor driver in the Supreme Court of the State of New York, County of Erie, styled *DeMartino v. Rosario et al.,* Index No. 814990/2023 (the "Civil Action"), asserting claims arising from the Accident (the "Claims").

3.      Concurrently herewith, Movant has filed the Motion for Relief, which seeks, among other things, limited relief from the automatic stay and applicable injunctions, retroactive to November 21, 2023, to permit Movant to preserve the complaint filed in the Civil Action against expiration of the applicable statute of limitations, or, in the alternative, limited relief to permit Movant to file a new complaint against the Debtors on account of the Claims (the "Limited Relief"). The Motion for Relief separately seeks further relief to prosecute the Civil Action to judgment and to recover solely against applicable insurance and other non-debtor sources (the "Final Relief"). This Motion to Shorten seeks to shorten time and notice only with respect to the Limited Relief; Movant does not seek to shorten

notice with respect to the Final Relief, which may proceed in accordance with the ordinary notice and objection periods under the applicable rules of this Court.

4. Time is of the essence with respect to the Limited Relief. Under § 108(c) of the Bankruptcy Code, the statute of limitations applicable to Movant's Claims, which was tolled during the pendency of the automatic stay, will expire after 30 days after the Effective Date—that is, on or about July 31, 2026. In addition, the injunctive provisions arising under the Order Authorizing the Debtors to Establish Alternative Dispute Resolution Procedures for Resolution of Certain Litigation Claims and Granting Related Relief (Docket No. 2389) that have separately prevented Movant from prosecuting the Civil Action are, by the terms of the Plan, scheduled to expire on approximately that same date. Absent relief from this Court before that date, Movant's Claims may be forever and irrevocably lost.

5. The ordinary notice, objection, and hearing procedures under the Local Rules of this Court would not permit the Limited Relief to be heard and determined before the applicable statute of limitations expires. Absent an order shortening time, Movant will be deprived of any opportunity to be heard on the Limited Relief before his Claims are extinguished.

6. The undersigned has been in contact with counsel for the Liquidating Trustee for almost two weeks, to attempt to negotiate a stipulation granting substantially the same relief as the Limited Relief without the need for a separate

motion. Several iterations of a proposed stipulation were exchanged, and the tone between counsel was optimistic. During various times during those negotiations, the undersigned mentioned to the Liquidating Trustee's counsel that Movant would have to seek relief from this Court if a stipulation could not be negotiated in sufficient time before the applicable statute of limitations. Counsel for the Liquidating Trustee has not dismissed the possibility of a stipulation, but Movant could no longer wait and take the chance that no stipulation could be reached. Thus, while the Motion for Relief was filed last-minute, counsel for the Liquidating Trustee has been aware of the issue for almost two weeks.

7.     It should be noted that the Motion for Relief contains two requests, Limited Relief and Final Relief, and Movant has submitted two separate forms of order because the request for Final Relief is not an emergency. Under this motion, **Movant is seeking to shorten time <u>only</u> with respect to the Limited Relief.**

8.     The undersigned requested the Liquidating Trustee's consent to the shortening of notice as requested herein, but due to the weekend, the Liquidating Trustee's counsel was unable to consult everyone necessary to provide or withhold consent. The undersigned also recently became aware that the Debtors' insurer, ORIC, may also have a position on the Motion for Relief, but ORIC's attorney was unable to take a position on shortening time.

WHEREFORE, Movant respectfully requests that the Court enter an order scheduling a hearing on the Limited Relief portion of the Motion for Relief at the Court's earliest convenience, and in no event later than July 30, 2026, and grant Movant such other and further relief as may be just and proper.

Dated:  July 26, 2026　　　　　　　Respectfully submitted,
　　　　Wilmington, Delaware

　　　　　　　　　　　　　　　　　HILLER LAW, LLC


　　　　　　　　　　　　　　　　**/s/ Adam Hiller**
　　　　　　　　　　　　　　　　Adam Hiller (DE No. 4105)
　　　　　　　　　　　　　　　　300 Delaware Avenue, Suite 210, #227
　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　(302) 442-7677 telephone
　　　　　　　　　　　　　　　　ahiller@adamhillerlaw.com

　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　Robert Maranto, Esquire
　　　　　　　　　　　　　　　　Andrews, Bernstein,
　　　　　　　　　　　　　　　　 & Maranto, PLLC
　　　　　　　　　　　　　　　　420 Franklin Street
　　　　　　　　　　　　　　　　Buffalo, New York 14202
　　　　　　　　　　　　　　　　716.842.2200 telephone
　　　　　　　　　　　　　　　　rmaranto@wnyinjurylawyers.com

　　　　　　　　　　　　　　　　*Attorneys for Movant*