**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing: Sept. 11, 2026 at 9:30 a.m. (ET)** |
| | **Objection: Aug. 13, 2026 at 4:00 p.m. (ET)** |

**APPLICATION OF DUCERA PARTNERS LLC FOR (I) ALLOWANCE AND PAYMENT OF ITS CONTINGENT AND UNLIQUIDATED ADMINISTRATIVE EXPENSE CLAIM, (II) ESTABLISHMENT OF A RESERVE, AND (III) RELATED RELIEF**

Ducera Partners LLC and its affiliates including, where appropriate, Ducera Securities LLC (collectively, "Ducera"), the Court-authorized investment banker to the above-captioned debtors and debtors in possession (collectively, the "Debtors"), respectfully submits this application (the "Application") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"): (i) allowing, pursuant to the indemnification and expense reimbursement provisions in the Retention Order and Engagement Letter (each, as defined below) and sections 327(a), 328(a), 503(b)(1)(A), 507(a)(2), and 1129(a)(9)(A) of title 11 of the United States Code (the "Bankruptcy Code"), a contingent and unliquidated administrative expense claim in favor of Ducera for the reasonable and documented fees, costs, and expenses incurred by Ducera in connection with the Teamsters Litigation (defined below) (collectively, the "Indemnification Claim"); (ii) establishing a reserve to be maintained by the Liquidating Trustee (defined below) from the assets of the Liquidating Trust prior to any distributions on account of allowed general

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

unsecured claims, to ensure funds are available to satisfy the Indemnification Claim in full;[2] (iii) directing the Liquidating Trustee to pay liquidated amounts of the Indemnification Claim promptly; and (iv) granting related relief. In support of the Application, Ducera respectfully represents as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), and (O). Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Ducera consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 105(a), 327(a), 328(a), 503(b)(1)(A), 507(a)(2), 1129(a)(9)(A), and 1142(b) of the Bankruptcy Code, rule

[2] Ducera and the Liquidating Trustee have engaged in discussions regarding the potential assumption by the Liquidating Trust of the Debtors' indemnification, contribution, and reimbursement obligations under the Engagement Letter with respect to the Teamsters Litigation. Ducera remains hopeful that this Application can be resolved consensually through such an assumption, without the need for a hearing. In the event that the parties are unable to reach a consensual resolution, Ducera will file a supplemental submission specifying the proposed amount of the reserve for payment of the Indemnification Claim, together with supporting documentation, in advance of any hearing on this Application.

9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1.

**General Background**

5. On August 6, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are jointly administered under Case No. 23-11069 (CTG).

6. On August 28, 2023, the Debtors filed the *Application for Entry of an Order (I) Authorizing the Retention and Employment of Ducera Partners LLC as Investment Banker to the Debtors Effective as of the Petition Date, and (II) Granting Related Relief* [Docket No. 374] (the "Retention Application"). The Retention Application sought approval of, among other things, the amended and restated engagement letter between Yellow Corporation and Ducera, dated June 30, 2023, together with the terms and conditions attached thereto as Annex A (collectively, and as subsequently approved and modified, the "Engagement Letter").

7. On September 25, 2023, the Court entered the *Order (I) Authorizing the Retention and Employment of Ducera Partners LLC as Investment Banker to the Debtors Effective as of the Petition Date, and (II) Granting Related Relief* [Docket No. 648] (the "Retention Order"). The Retention Order approved Ducera's retention effective as of the Petition Date pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and approved the Engagement Letter, subject to the modifications set forth in the Retention Order. Retention Order ¶¶ 1–4.

8. Under the Engagement Letter, Ducera provided extensive financial advisory and investment banking services to the Debtors, including services relating to the Debtors' capital structure, financing alternatives, asset-sale process, and restructuring. Those services were provided pursuant to the Court-approved engagement and for the benefit of the Debtors and their estates.

**Ducera's Court-Approved Indemnification and Reimbursement Rights**

9. Section 5 of the Engagement Letter incorporates Annex A, which contains the indemnification, contribution, and reimbursement provisions negotiated between the Debtors and Ducera. The Retention Application explained that those provisions formed part of the overall consideration for Ducera's services and were customary and reasonable for an investment-banking engagement of this nature. Retention Application ¶¶ 23–26.

10. Annex A(A) provides, among other things, that the Debtors will indemnify and hold harmless Ducera and the other Indemnified Persons[3] from and against Losses related to or arising out of Ducera's engagement, Ducera's performance of the engagement, or other services Ducera was asked to provide pursuant to the Engagement Letter, subject to the limitations set forth therein.

11. Annex A(D) specifically addresses litigation and discovery expenses. It provides that, if any Indemnified Person becomes involved in any capacity in any actual or threatened action, claim, suit, investigation, or proceeding in connection with or as a result of the engagement, the Debtors will reimburse the Indemnified Person, as such expenses are incurred, for reasonable and documented expenses. Those expenses expressly include reasonable and documented legal fees and costs incurred in investigating, preparing for, and responding to third-party subpoenas, as well as fees and costs incurred to enforce the Engagement Letter.

12. Annex A(H) further provides that the parties' obligations under Annex A survive any expiration or termination of the Engagement Letter or Ducera's engagement.

[3] Capitalized terms not otherwise defined shall have the meanings ascribed to them in the Engagement Letter or the Plan (defined herein), as applicable.

13. The Retention Order approved the Engagement Letter's indemnification, contribution, and reimbursement provisions, subject to the qualifications stated in paragraph 16 of the Retention Order. Retention Order ¶ 16. Among other things, paragraph 16(c) provides that, if Ducera believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, Ducera must file an application with this Court before receiving payment of such amounts. *Id.* ¶ 16(c). The Retention Order also provides that the Court retains jurisdiction over matters arising from or related to the implementation of the Retention Order. *Id.* ¶ 22.

**Confirmation and the Effective Date**

14. On November 19, 2025, the Court entered an order [Docket No. 8229] (the "Confirmation Order") confirming the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors (Technical Modifications)* [Docket No. 8226] (as amended or supplemented, the "Plan"). The Plan became effective on July 1, 2026 (the "Effective Date"), and Daniel H. Golden was appointed as trustee of the Liquidating Trust (the "Liquidating Trustee").

15. The *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 9073] (the "Effective Date Notice") established July 31, 2026 as the deadline for filing requests for payment of Administrative Claims (the "Administrative Claims Bar Date"). Article II of the Plan provides that holders of Allowed Administrative Claims are entitled to payment in full in Cash, subject to the procedures and timing set forth therein, and requires requests for payment to be filed and served by the Administrative Claims Bar Date.

16. The Plan vests the Debtors' litigation claims against the International Brotherhood of Teamsters and related defendants in the Liquidating Trust. The Liquidating Trust is now responsible for prosecuting those claims for the benefit of stakeholders.

**The Teamsters Litigation and Ducera's Indemnification Claim**

17. On or around March 30, 2026, Ducera was served with a subpoena in *Yellow Corporation, et al. v. International Brotherhood of Teamsters, et al.*, No. 6:23-cv-01131-JAR-ADM (D. Kan.) (the "Teamsters Litigation"). The subpoena seeks, among other things, documents and communications concerning Ducera's engagement by Yellow Corporation, Ducera's presentations and analyses, lender and refinancing matters, Yellow Corporation's operations and financial condition, valuation materials, and alleged damages or losses relating to the Teamsters.

18. Ducera's involvement in the Teamsters Litigation arises directly from Ducera's Court-approved engagement and its performance of services for the Debtors during the Chapter 11 Cases. Ducera retained Morrison & Foerster LLP to, among other things, advise and represent it in connection with the subpoena and related discovery, including document preservation and collection, review of responsive materials, privilege and confidentiality issues, coordination with the Liquidating Trustee and the parties to the Teamsters Litigation, and other matters arising from Ducera's participation in the litigation.

19. The subpoena was served, and Ducera's right to reimbursement was triggered, before the Effective Date. The resulting right to payment therefore arose from the Debtors' postpetition, Court-approved engagement of Ducera and before the Effective Date, even though the full amount of the reimbursable fees, costs, and expenses cannot yet be determined and will continue to accrue as the Teamsters Litigation proceeds.

20. Because discovery and other proceedings in the Teamsters Litigation remain ongoing, the full amount of the Indemnification Claim is presently contingent and unliquidated.

Ducera seeks confirmation of the allowance of its Indemnification Claim, establishment of a reserve to ensure funds remain available to satisfy the Indemnification Claim in full, and payment of specific amounts as they are incurred and liquidated from and after the Effective Date.

**Relief Requested**

21. By this Application, Ducera requests entry of the Proposed Order: (a) allowing the Indemnification Claim as a contingent and unliquidated administrative claim arising under the Retention Order and sections 327(a) and 328(a), entitled to priority under sections 503(b)(1)(A), 507(a)(2), and 1129(a)(9)(A) of the Bankruptcy Code, (b) establishing a reserve to be maintained by the Liquidating Trustee from the assets of the Liquidating Trust prior to any distributions on account of allowed general unsecured claims, to ensure funds are available to satisfy the Indemnification Claim in full; (c) directing the Liquidating Trustee to pay liquidated amounts of the Indemnification Claim promptly; and (d) granting such other and further relief as the Court deems appropriate.

**Basis for Relief**

**A. The Retention Order Established Ducera's Right to Indemnification as an Administrative Expense.**

22. The Indemnification Claim arises directly from the Retention Order and the Engagement Letter, both of which this Court has already approved. The Retention Order authorized Ducera's retention under sections 327(a) and 328(a) of the Bankruptcy Code and approved the Engagement Letter, including the indemnification, contribution, and reimbursement provisions set forth in Annex A. Those provisions entitle Ducera to reimbursement of reasonable and documented fees, costs, and expenses arising from or relating to its engagement, including litigation and discovery expenses, and expressly survive any termination of the engagement. This Court's approval of those provisions established Ducera's right to reimbursement as a component

of the terms of its Court-approved retention. As with any Court-approved estate professional, the Retention Order established the administrative character of the indemnification obligation as a category; what remains is for specific amounts to be submitted, reviewed for reasonableness and documentation, allowed, and paid as they are incurred and liquidated.

23. Ducera files this Application to satisfy two independent procedural requirements. First, paragraph 16(c) of the Retention Order requires Ducera to file an application with this Court before receiving any amounts on account of the Debtors' indemnification, contribution, and reimbursement obligations, including the advancement of defense costs. This Application satisfies that requirement. Second, the Plan and the Effective Date Notice require holders of Administrative Claims (including Professional Fee Claims) to file requests for payment by the applicable bar date. This Application, which is timely filed, preserves Ducera's rights and ensures compliance with both the Retention Order and the Plan.

24. Annex A(D) expressly covers legal fees and other costs incurred in responding to third-party subpoenas in proceedings connected with Ducera's engagement, and Annex A(H) provides that those obligations survive termination. The Retention Order approved those provisions and expressly states that its application procedure does not limit the duration of the Debtors' indemnification obligations. Retention Order ¶ 16(c). The Teamsters Litigation subpoena was served on Ducera in connection with and as a direct result of Ducera's Court-approved engagement. Ducera's right to reimbursement has been triggered, and the issues that remain are the allowance and payment of specific amounts as they are incurred.

## B. Ducera's Right to Indemnification as an Administrative Expense under Section 503(b)(1)(A) of the Bankruptcy Code.

25. To the extent the Court considers it necessary or appropriate, the Indemnification Claim also independently qualifies as an allowed administrative expense under section

503(b)(1)(A) of the Bankruptcy Code, which provides for allowance of "the actual, necessary costs and expenses of preserving the estate." 11 U.S.C. § 503(b)(1)(A). Administrative priority generally requires a postpetition transaction with the debtor in possession that conferred an actual benefit on the estate. *In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021); *In re Women First Healthcare, Inc.*, 332 B.R. 115, 121 (Bankr. D. Del. 2005); *Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 532–33 (3d Cir. 1999) (a claim qualifies for administrative priority where it arises from a postpetition transaction with the estate and is beneficial to the operation of the estate).

26. The Indemnification Claim satisfies that standard. The Debtors retained Ducera after the Petition Date under a Court-approved engagement. Ducera provided services that were integral to the administration of the Chapter 11 Cases, and the indemnification and reimbursement obligations were an approved component of the consideration for those services. Because those obligations were approved as part of the compensation for a section 327 professional, the resulting reimbursement obligation shares the administrative character of the underlying engagement. *See In re United Artists Theatre Co*., 315 F.3d 217, 233–34 (3d Cir. 2003) (holding that an agreement indemnifying a financial advisor for ordinary negligence may be reasonable under section 328(a), subject to appropriate limitations).

27. The Teamsters Litigation concerns matters at the core of Ducera's Court-approved work for the Debtors. Ducera's compliance with the subpoena, and its coordination with the Liquidating Trustee, have avoided, and continue to avoid unnecessary discovery disputes, duplication, and expense. The resulting fees and expenses are therefore directly tied to, and are a necessary consequence of, the postpetition engagement that benefited the estates.

28. Independently, the fees and expenses are entitled to administrative priority under the fundamental-fairness doctrine. The Supreme Court has long recognized that costs a solvent party is compelled to bear as a direct consequence of the estate's postpetition operation are "actual, necessary costs" of administration, even where they yield no measurable benefit to the estate. *Reading Co. v. Brown*, 391 U.S. 471, 477–85 (1968). The Third Circuit continues to apply *Reading* under section 503(b) of the Bankruptcy Code. *See In re Energy Future Holdings Corp.*, 990 F.3d 728, 741–42 (3d Cir. 2021). Here, Ducera's exposure to third-party discovery in the Teamsters Litigation was thrust upon it as a direct and foreseeable consequence of the postpetition engagement the Debtors asked this Court to approve. Requiring Ducera to bear its own defense and compliance costs—costs the Debtors contractually agreed to reimburse—would be precisely the inequity *Reading* forecloses.

### C. The Contingent and Unliquidated Nature of the Indemnification Claim Does Not Defeat Allowance or Payment.

29. The contingent and unliquidated nature of the Indemnification Claim does not defeat allowance or payment. The Bankruptcy Code defines a "claim" broadly to include a right to payment that is contingent or unliquidated. 11 U.S.C. § 101(5)(A). Courts routinely allow administrative claims that are contingent or not yet fully liquidated, fixing the amount as it becomes ascertainable; the Bankruptcy Code expressly contemplates estimation of contingent or unliquidated claims where liquidation would unduly delay administration. 11 U.S.C. § 502(c). Here, the underlying right to reimbursement has already arisen; only the amount remains to be determined. Confirming the allowance of the claim, establishing a reserve to ensure the claim is satisfied in full, and directing payment of liquidated amounts promptly give effect to the Retention Order and the Plan while protecting all parties' rights.

**D. Establishment of a Reserve for the Indemnification Claim.**

30. Establishment of a reserve is necessary to give effect to the administrative priority of the Indemnification Claim. Under the Plan, Administrative Claims must be paid in full in cash before any distributions may be made on account of general unsecured claims. Without a reserve, the Liquidating Trustee could make distributions to holders of unsecured claims that deplete the Liquidating Trust's assets, leaving insufficient funds to satisfy the Indemnification Claim. Such an outcome would violate the absolute-priority rule and the Plan's own distribution scheme. This Court is authorized to enter orders necessary or appropriate to implement its prior orders and consummate the Plan, including orders establishing reserves to protect holders of allowed administrative claims. The requested relief is narrowly tailored to that end.

**Reservation of Rights**

31. Ducera expressly reserves all rights, claims, defenses, and remedies under the Retention Order, the Engagement Letter, the Plan, the Confirmation Order, the Bankruptcy Code, and other applicable law. Without limiting the foregoing, Ducera reserves the right to amend or supplement this Application; to increase, liquidate, or otherwise modify the amount of the Indemnification Claim; to seek immediate payment of any liquidated portion of the claim; and to seek additional or alternative relief if the Liquidating Trustee does not maintain adequate funds or otherwise fails to honor the applicable indemnification, contribution, and reimbursement obligations.

**Notice**

32. Notice of this Application has been provided to: (i) the Office of the United States Trustee for the District of Delaware and (ii) counsel to the Liquidating Trustee. Notice of this Application will also be provided to registered CM/ECF users in these cases through the CM/ECF

system which will provide notice of such filing to such registered users. In light of the nature of the relief requested herein, Ducera respectfully submits that no other or further notice is necessary.

**No Prior Request**

33. No prior request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Ducera respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: July 30, 2026
Wilmington, Delaware

Respectfully submitted,

**PASHMAN STEIN WALDER HAYDEN, P.C.**

*/s/ Joseph C. Barsalona II*
Joseph C. Barsalona II (No. 6102)
Richard W. Riley (No. 4052)
824 North Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 592-6496
Email: jbarsalona@pashmanstein.com
rriley@pashmanstein.com

-and-

**MORRISON & FOERSTER LLP**
Ben Butterfield, Esq.
Darren Smolarski, Esq.
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
E-mail: bbutterfield@mofo.com
dsmolarski@mofo.com

*Counsel to Ducera Partners LLC*