# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*, | ) | Case No. 23-11069 (CTG) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re D.I.** |

**ORDER GRANTING THE APPLICATION OF DUCERA PARTNERS LLC FOR (I) ALLOWANCE AND PAYMENT OF ITS CONTINGENT AND UNLIQUIDATED ADMINISTRATIVE EXPENSE CLAIM, (II) ESTABLISHMENT OF A RESERVE, AND (III) RELATED RELIEF**

Upon consideration of the *Application of Ducera Partners LLC for (I) Allowance and Payment of its Contingent and Unliquidated Administrative Expense Claim, (II) Establishment of a Reserve, and (III) Related Relief* (the "Application"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided; and the Court having determined that the legal and factual bases set forth in the Application[1] and the Retention Order establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Application is GRANTED as set forth herein.

2. Ducera holds an Allowed Administrative Claim (the "Indemnification Claim") for all reasonable and documented fees, costs, and expenses that are reimbursable under the

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Engagement Letter and Retention Order and that arise from or relate to Ducera's involvement in *Yellow Corporation, et al. v. International Brotherhood of Teamsters, et al.*, No. 6:23-cv-01131-JAR-ADM (D. Kan.) (the "Teamsters Litigation"), including the reasonable and documented fees and expenses of Morrison & Foerster LLP.

3. The Indemnification Claim is entitled to payment in full in Cash as an Administrative Claim with priority under sections 503(b)(1)(A), 507(a)(2), and 1129(a)(9)(A) of the Bankruptcy Code and Article II of the Plan.

4. The Liquidating Trustee shall establish and maintain a reserve (the "Indemnification Reserve") in the amount of $[________] from the assets of the Liquidating Trust. The Indemnification Reserve shall be established within five (5) business days of entry of this Order. No distributions on account of general unsecured claims under the Plan shall be made unless and until the Indemnification Reserve has been fully funded.

5. Ducera may submit to the Liquidating Trustee invoices and reasonably sufficient supporting documentation for amounts comprising the Indemnification Claim. Any privileged or confidential material may be redacted or provided subject to an appropriate confidentiality arrangement, without prejudice to the Liquidating Trustee's right to request additional nonprivileged information reasonably necessary to evaluate the submission.

6. Within ten (10) days after receipt of a submission, the Liquidating Trustee shall either (a) notify Ducera in writing of any specific objection to the requested amount or (b) pay the requested amount. Any portion of a submission not specifically disputed within that period shall be deemed undisputed and shall be paid promptly. The parties shall meet and confer in good faith concerning any disputed amount; if they cannot resolve the dispute, either party may seek determination by the Court on notice.

7. Ducera is authorized to amend or supplement the Application and/or the Indemnification Claim to reflect additional covered fees, costs, and expenses, without prejudice to any party's right to object to the reasonableness or documentation of any specific amount.

8. Nothing in this Order alters the exclusions, limitations, or other protections contained in the Retention Order or Engagement Letter, and all rights and objections not expressly resolved herein are preserved.

9. The Liquidating Trustee and Ducera are authorized to take all actions necessary to effectuate the relief granted by this Order.

10. This Court retains jurisdiction over all matters arising from or related to the interpretation, implementation, or enforcement of this Order, the Retention Order, and the Engagement Letter.