**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION., et al., [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: August 14, 2026, at 4:00 p.m. (ET)**<br>**Hearing Date: September 11, 2026, at 9:30 a.m. (ET)** |

**CREDITOR OLD REPUBLIC INSURANCE COMPANY'S APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

Old Republic Insurance Company ("ORIC") moves (this "Application") the Court, pursuant to sections 105(a), 503(b), and 507(a) of the title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), for entry of an order, substantially in the form attached as **Exhibit A** hereto (the "Proposed Order"), allowing $606,675.00 as an administrative expense of the estate in the above-captioned case (the "ORIC Administrative Claim"). In support of this Application, ORIC states as follows:

**JURISDICTION & VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is sections 105(a), 503(b), and 507(a) of the Bankruptcy Code, Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address is these chapter 11 cases is: 11500 Outlook Street, Suite 400 Overland Park, Kansas 66211.

**BACKGROUND**

4. On August 6, 2023, and continuing on August 7, 2023 (together, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered under the above-captioned case.

5. ORIC issued workers' compensation policies (the "WC Policies") and motor carrier's indemnity policies (the "Motor Carrier's Indemnity Policies") from March 1, 2004 – September 1, 2023, and excess liability insurance (the "Excess Policy") from March 1, 2004 – February 28, 2005 to certain of the Debtors[2] (the WC Policies, the Motor Carrier's Indemnity Policies and the Excess Policy, collectively referred to herein as the "Policies").

6. Debtor Yellow Corporation and ORIC executed a Program Agreement relating to the Policies (the "Program Agreement", together with the Policies, the "Insurance Program" ). The Program Agreement provides that the Debtors, all of the named insureds under the Policies, and their affiliates are jointly and severally liable for all amounts owed to ORIC under the Program Agreement or in connection with the Policies.

7. Under the Policies and the Program Agreement, the Debtors are obligated to pay premiums. The Debtors are also obligated to reimburse ORIC for any payments ORIC makes on claims up to the retention level for each occurrence, to the extent such payments occur under fully fronting indemnity policies. Furthermore, under the Policies and the Program Agreement, the Debtors may owe other amounts to ORIC arising from or in connection with the Policies, the Program Agreement and any other agreements relating to the Policies. As security for the Debtors'

[2] Any capitalized term the "Debtor" or "Debtors" refers to any Debtor that qualifies as a named insured or additional insured under the Policies.

obligations to it, ORIC held four letters of credit totaling $231,020,627 (the "Letters of Credit"). ORIC drew on the Letters of Credit post-petition and is holding the proceeds of such draws, as reduced by liquidated amounts owed to it by the Debtors (the "LOC Proceeds"). ORIC drew on the Letters of Credit post-petition and is holding the proceeds of such draws, as reduced by liquidated amounts owed to it by the Debtors (the "LOC Proceeds").

8. As of the filing of this Application, twelve claims have been reported under the Insurance Program with a date of loss occurring on or after the Petition Date (the "Postpetition Claims"). The Postpetition Claims are all workers' compensation claims. The total amount of losses incurred from the Postpetition Claims is $609,925. One claim had a claim recovery in the amount of $3,250. Therefore, as of the timing of filing this motion, the total amount of ORIC's administrative claim is $606,675 plus any unliquidated amounts for any additional incurred losses arising out of any claims asserted under the Insurance Program with postpetition dates of loss (the "Administrative Claim").

## RELIEF REQUESTED

9. By the Application, ORIC respectfully requests that the Court enter the proposed order attached hereto as **Exhibit A** allowing the Administrative Claim in the amount of $606,675 plus an unliquidated amount for any additional amounts that may accrue under the Insurance Program, and granting such other or further relief as the Court may deem just or proper.

## BASIS FOR RELIEF

10. Pursuant to section 503(b) of the Bankruptcy Code, "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including . . . the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). Administrative expenses "are, as a rule, entitled to priority over prepetition unsecured claims." *Hartford Underwriters Ins. Co.*

*v. Union Planters Bank, N.A.*, 530 U.S. 1, 5 (2000) (citations omitted). A cost or expense qualifies as actual and necessary "if (1) it arose from a transaction with the bankruptcy estate and (2) directly and substantially benefitted the estate." *In re Sunarhauserman, Inc.*, 126. F.3d 811, 816 (6th Cir. 1997) (citation omitted).

11. Because ORIC's claim against the Debtor relates to insurance coverage provided post-petition, Zurich is entitled to administrative priority under 11 U.S.C. §§ 503(b)(1) and 507(a)(2). *See In re MEI Diversified, Inc.*, 106 F.3d 829, 832 (8th Cir. 1997) (holding that an insurance company's claim for postpetition premium is entitled to administrative priority under Section 503(b)(1) of the Bankruptcy Code as an "actual, necessary" cost of preserving the bankruptcy estate); *see also, Metropolitan Ins. Co. v. Sharon Steel Corp. (In re Sharon Steel Corp.)*, 161 B.R. 934, 937 (Bankr. W.D. Pa. 1994) (holding that if a debtor elects to continue to receive the benefits under an insurance policy postpetition in the form of continuing coverage, the debtor and insurer have entered into a transaction under which the debtor has an obligation to pay the insurer's claims as an administrative expense); *In re Gamma Fishing Co.*, 70 B.R. 949, 953-54 (Bankr. S.D. Cal. 1987) (same).

12. The Administrative Claim is based on Debtors' obligation to pay for losses incurred under the Insurance Program postpetition. The postpetition coverage provided for under the Insurance Program delivered a direct and substantial benefit to Debtors. Additionally, the Debtors are required to maintain appropriate insurance coverage or face conversion or dismissal of its bankruptcy cases. 11 U.S.C. § 1112(b)(4)(C). The losses incurred under the Insurance Program are therefore entitled to allowance as an administrative expense under section 503(b)(1) of the Bankruptcy Code.

## CONCLUSION

13. Wherefore, for the foregoing reasons, ORIC respectfully requests that this Court (a) enter the proposed order attached hereto allowing ORIC's Administrative Claim; and (b) grant ORIC such further relief it deems just and proper.

Dated: July 31, 2026

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
dklauder@bk-legal.com

-and-

**FOX SWIBEL LEVIN & CARROLL LLP**

Margaret M. Anderson (admitted *pro hac vice*)
Kenneth M. Thomas (admitted *pro hac vice*)
Fox Swibel Levin & Carroll LLP
200 W. Madison Street
Suite 3000
Chicago, IL 60606
Phone: (312) 224-1200
Fax: (312) 224-1201
panderson@foxswibel.com
kthomas@foxswibel.com

*Attorney for Old Republic Insurance Company*