# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. __** |

**ORDER (I) APPROVING THE SETTLEMENT AGREEMENTS BY AND AMONG THE LIQUIDATING TRUST AND CERTAIN PENSION FUNDS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Trustee for entry of an order (this "Order"), (a) approving each of the Settlement Agreements as set forth in each of the corresponding settlement term Sheets by and between the Liquidating Trust and certain pension funds, copies of which are attached hereto as **Exhibit 1** and (b) granting related relief, all as more fully set forth in the Motion; and the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Liquidating Trust, the Debtors'

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

creditors, and other parties in interest; and this Court having found that the Trustee's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The claims subject to the Settlements shall be allowed in the amounts as set forth in each Settlement Agreement.

3. The Trustee is authorized to enter into, perform, execute, and deliver all documents, and take all actions necessary to timely and fully implement and consummate each of the Settlement Agreements, in accordance with the terms of each of the corresponding Settlement Term Sheets, attached hereto as **Exhibit 1**.

4. The Settlements satisfy the standards of section 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9019 and are hereby approved.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **Exhibit 1(a)**

## New York State Teamsters Conference Pension and Retirement Fund Settlement Term Sheet

***Execution***

# SETTLEMENT TERM SHEET

**August 25, 2026**

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among the Liquidating Trust[1] in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and New York State Teamsters Conference Pension and Retirement Fund (the "Fund" and collectively with the Liquidating Trust, the "Parties") on the other hand. Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow*.]

1 As defined in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") confirmed by court order at docket no. 8229 in case no. 23-11069 (CTG).

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**LIQUIDATING TRUST:**

By: ______________________
Name: Daniel H. Golden
Title: Liquidating Trustee

**NEW YORK STATE TEAMSTERS CONFERENCE PENSION AND RETIREMENT FUND**:

By: ____________________
Name: Kenneth Stilwell
Title: Executive Administrator

**Exhibit A**

**Settlement Term Sheet**

| **Summary of Terms**[2] | |
|---|---|
| **Parties** | The Liquidating Trust and the Fund |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Liquidating Trust shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Liquidating Trust and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that the Liquidating Trust and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that the Liquidating Trust and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order and/or the PBGC does not approve the settlement of the Withdrawal Liability Claims set forth on Annex 1, this Term Sheet shall be deemed null and void and |

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan confirmed by court order at docket no. 8229 in case no. 23-11069 (CTG).

| | |
|---|---|
| | all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "Releases") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein. Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order; *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant.<br><br>The Parties shall obtain approval from PBGC with respect to the settlement of the Withdrawal Liability Claims set forth on Annex 1. The "Settlement Effective Date" shall be the later of the date that the Bankruptcy Court enters the 9019 Order or the date that PBGC approves the settlement of the Withdrawal Liability Claims. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Liquidating Trust and the Fund in accordance with the rulings and observations of the Bankruptcy Court, the Third Circuit and the U.S. Supreme Court as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "MEPP Calculation Methodology"). |

| | |
|---|---|
| | If the Liquidating Trust proposes a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Liquidating Trust of the Fund's position (the "Notice"). The Notice must be provided to the Liquidating Trust by the earlier of (a) fourteen days after the Liquidating Trust files a motion seeking approval of the settlement and (b) two days prior to the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If the Fund provides the Notice and the Liquidating Trust obtains approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on Annex 1) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "Fund Delta Claims"), and the Liquidating Trust shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Liquidating Trust does not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Liquidating Trust may object to any Fund Delta Claim. |

Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | Settled General Unsecured Claim Amount | Unchallenged Priority Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|---|
| ***Withdrawal Liability and Liquidated Damages Claims*** | | | | | | |
| 1. | All Debtors (jointly and severally) | New York State Teamsters Conference Pension and Retirement Fund | 4489-4512 | $300,000,000 | $0 | $300,000,000 |
| ***Prepetition Pension Contribution Claims*** | | | | | | |
| 2. | YRC Inc. | New York State Teamsters Conference Pension and Retirement Fund | 4507 | $0 | $114,000 | $114,000 |
| 3. | New Penn Motor Express LLC | New York State Teamsters Conference Pension and Retirement Fund | 4512 | $0 | $54,000 | $54,000 |

# Exhibit 1(b)

## Management Labor Pension Fund Local 1730 Settlement Term Sheet

***Execution***

# SETTLEMENT TERM SHEET

**August 25, 2026**

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among the Liquidating Trust[1] in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Management Labor Pension Fund Local 1730 (the "Fund" and collectively with the Liquidating Trust, the "Parties") on the other hand. Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow*.]

---

[1] As defined in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") confirmed by court order at docket no. 8229 in case no. 23-11069 (CTG).

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**LIQUIDATING TRUST**:

By: ______________________________
Name: Daniel H. Golden
Title: Liquidating Trustee

**MANAGEMENT LABOR PENSION FUND LOCAL 1730**:

By: ______________________
Wayne Walsh (Aug 26, 2026 16:23:31 EDT)
Name: Wayne Walsh
Title: Trustee

**Exhibit A**

**Settlement Term Sheet**

| **Summary of Terms**[2] | |
|---|---|
| **Parties** | The Liquidating Trust and the Fund |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Liquidating Trust shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Liquidating Trust and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that the Liquidating Trust and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that the Liquidating Trust and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order and/or the PBGC does not approve the settlement of the Withdrawal Liability Claims set forth on Annex 1, this Term Sheet shall be deemed null and void and |

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan confirmed by court order at docket no. 8229 in case no. 23-11069 (CTG).

| | |
|---|---|
| | all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "Releases") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein. Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order; *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant.<br><br>The Parties shall obtain approval from PBGC with respect to the settlement of the Withdrawal Liability Claims set forth on Annex 1. The "Settlement Effective Date" shall be the later of the date that the Bankruptcy Court enters the 9019 Order or the date that PBGC approves the settlement of the Withdrawal Liability Claims. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Liquidating Trust and the Fund in accordance with the rulings and observations of the Bankruptcy Court, the Third Circuit and the U.S. Supreme Court as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "MEPP Calculation Methodology"). |

| | |
|---|---|
| | If the Liquidating Trust proposes a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Liquidating Trust of the Fund's position (the "Notice"). The Notice must be provided to the Liquidating Trust by the earlier of (a) fourteen days after the Liquidating Trust files a motion seeking approval of the settlement and (b) two days prior to the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If the Fund provides the Notice and the Liquidating Trust obtains approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on Annex 1) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "Fund Delta Claims"), and the Liquidating Trust shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Liquidating Trust does not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Liquidating Trust may object to any Fund Delta Claim. |

Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| | ***Withdrawal Liability Claims*** | | | | |
| 1. | All Debtors (jointly and severally) | Management Labor Pension Fund Local 1730 | 14718, 20100, 20132-20154 | $4,384,747.50 | $4,384,747.50 |

## Exhibit 1(c)

## Teamsters Local 617 Pension Fund Settlement Term Sheet

***Execution***

# SETTLEMENT TERM SHEET

**August 25, 2026**

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among the Liquidating Trust[1] in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Teamsters Local 617 Pension Fund (the "Fund" and collectively with the Liquidating Trust, the "Parties") on the other hand. Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow.*]

[1] As defined in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") confirmed by court order at docket no. 8229 in case no. 23-11069 (CTG).

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**LIQUIDATING TRUST:**

By: ______________________
Name: Daniel H. Golden
Title: Liquidating Trustee

**TEAMSTERS LOCAL 617 PENSION FUND**:

By: Patricia DiPascale
Name: Patricia DiPascale
Title: Fund Manager

**Exhibit A**

**Settlement Term Sheet**

| **Summary of Terms**[2] | |
|---|---|
| **Parties** | The Liquidating Trust and the Fund |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Liquidating Trust shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Liquidating Trust and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that the Liquidating Trust and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that the Liquidating Trust and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will |

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan confirmed by court order at docket no. 8229 in case no. 23-11069 (CTG).

| | |
|---|---|
| | be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "Releases") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein. Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "Settlement Effective Date"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Liquidating Trust and the Fund in accordance with the rulings and observations of the Bankruptcy Court, the Third Circuit and the U.S. Supreme Court as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "MEPP Calculation Methodology").<br><br>If the Liquidating Trust proposes a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Liquidating Trust of the Fund's position (the "Notice"). The Notice must be provided to the Liquidating Trust by the earlier of (a) fourteen days after the Liquidating Trust files a motion seeking approval of the |

| | |
|---|---|
| | settlement and (b) two days prior to the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If the Fund provides the Notice and the Liquidating Trust obtains approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on Annex 1) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "Fund Delta Claims"), and the Liquidating Trust shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Liquidating Trust does not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Liquidating Trust may object to any Fund Delta Claim. |

Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| | ***Withdrawal Liability Claims*** | | | | |
| 1. | All Debtors (jointly and severally) | Teamsters Local 617 Pension Fund | 15727, 15728, 15730, 15735, 15738, 15740, 15741, 15743, 15745, 15747, 15750, 15751, 15753, 15755, 15757, 15759, 15760, 15761, 15763-15765, 15767, 15768, 15770 | $1,150,000 | $1,150,000 |

**Exhibit 1(d)**

**MFN Partners, LP and Mobile Street Holdings, LLC Settlement Term Sheet**

***Execution***

# SETTLEMENT TERM SHEET

**August 26, 2026**

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among the Liquidating Trust[1] in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and MFN Partners, LP and Mobile Street Holdings, LLC (collectively, "MFN/Mobile Street" and with the Liquidating Trust, the "Parties") on the other hand. Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow*.]

---

[1] As defined in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") confirmed by court order at docket no. 8229 in case no. 23-11069 (CTG).

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**LIQUIDATING TRUST:**

By: ______________________________
Name: Daniel H. Golden
Title: Liquidating Trustee

**MFN PARTNERS, LP AND MOBILE STREET HOLDINGS, LLC**:

By: *Eric Winston*
Name: Eric Winston
Title: Counsel to MFN Partners, LP and Mobile Street Holdings, LLC

## Exhibit A

## Settlement Term Sheet

| Summary of Terms[2] | |
|---|---|
| **Parties** | The Liquidating Trust, MFN Partners, LP ("MFN") and Mobile Street Holdings, LLC ("Mobile Street" and with MFN, "MFN/Mobile Street") |
| **Claims Settlement** | Mobile Street, an affiliate of MFN, holds claims (collectively, the "MFN/Mobile Street Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability and other unsecured claims.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, Mobile Street shall have Allowed Claims as set forth on Annex 1 (the "MFN/Mobile Street Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Liquidating Trust shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to MFN/Mobile Street. The Liquidating Trust and MFN/Mobile Street shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that the Liquidating Trust and MFN/Mobile Street shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties, including in connection with the MFN/Mobile Street Claims, MFN/Mobile Street's appeal of the Bankruptcy Court's confirmation of the Plan, and MFN/Mobile Street's appeal of the Bankruptcy Court's approval of certain multiemployer pension plan settlements, are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that the Liquidating Trust and MFN/Mobile Street shall take all actions necessary and |

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan confirmed by court order at docket no. 8229 in case no. 23-11069 (CTG).

| | |
|---|---|
| | reasonable to ensure that all pending appeals and other litigation pursued by the Parties, including those described above, are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "Releases") will apply to MFN/Mobile Street and the MFN/Mobile Street Claims regardless of whether MFN/Mobile Street voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein. Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>MFN/Mobile Street shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "Settlement Effective Date"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Other** | The MFN/Mobile Street Settled Claims were guided by and calculated in good faith by the Liquidating Trust and the MFN/Mobile Street in accordance with the rulings and observations of the Bankruptcy Court, the Third Circuit and the U.S. Supreme Court as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal |

| | |
|---|---|
| | of the rulings and observations to date (the "MEPP Calculation Methodology").<br><br>If the Liquidating Trust proposes a settlement of Claims on account of withdrawal liability that MFN/Mobile Street believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, MFN/Mobile Street shall provide written notice to the Liquidating Trust of MFN/Mobile Street's position (the "Notice"). The Notice must be provided to the Liquidating Trust by the earlier of (a) fourteen days after the Liquidating Trust files a motion seeking approval of the settlement and (b) two days prior to the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If MFN/Mobile Street provides the Notice and the Liquidating Trust obtains approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, MFN/Mobile Street shall (in addition to the Withdrawal Liability Claims set forth on Annex 1) be entitled to assert a new Claim for the difference between the amount of the MFN/Mobile Street Claims and the amount (if higher) of the MFN/Mobile Street Claims utilizing said different calculation methodology (the "MFN/Mobile Street Delta Claims"), and the Liquidating Trust shall utilize best efforts to obtain Bankruptcy Court approval to allow the MFN/Mobile Street Delta Claims; *provided* that, if the Liquidating Trust does not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Liquidating Trust may object to any MFN/Mobile Street Delta Claim. |

Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number or Schedule Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| ***Withdrawal Liability Claims*** | | | | | |
| 1. | All Debtors (jointly and severally) | Mobile Street (transferred from Western Pennsylvania Teamsters & Employers Pension Fund) | 18200, 18217, 18230, 18244, 18257, 18267, 18282, 18292, 18307, 18318, 18329, 18339, 18348, 18358, 18369, 18378, 18389, 18397, 18410, 18416, 18422, 18430, 18438, 18442, 19647-19649, 19651-19671 | $71,253,787.64 | $71,253,787.64 |
| 2. | All Debtors (jointly and severally) | Mobile Street (transferred from International Association of Machinists Motor City Pension Fund) | 16895, 16905, 19785, 19786 | $4,995,244.75 | $4,995,244.75 |
| ***Scheduled Claim*** | | | | | |
| 3. | YRC Inc. | Mobile Street (transferred from Belk Express) | 87011720 | $1,198,204.10 | $1,198,204.10 |

# Exhibit 1(e)

## Western Conference of Teamsters Pension Trust Fund Settlement Term Sheet

***Execution***

# SETTLEMENT TERM SHEET

**August 21, 2026**

This term sheet (the "Term Sheet") summarizes the terms and conditions of a proposed settlement (the "Settlement") agreed to by and among the Liquidating Trust[1] in connection with *In re: Yellow Corporation, et al.* (Case No. 23-11069 (CTG)) (the "Chapter 11 Cases") filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), on the one hand, and Western Conference of Teamsters Pension Trust Fund (the "Fund" and collectively with the Liquidating Trust, the "Parties") on the other hand. Nothing contained in the terms of the Settlement, nor the release of any Claims or Causes of Action pursuant to it, is evidence of the merit, or lack of merit, of the released Claims or Causes of Action, nor is it intended to be evidence, or indicative of the merits, of any Claims or Causes of Action against any non-released individual or Entity.

The Settlement Agreement is subject to approval by the Bankruptcy Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, as amended from time to time (the "Bankruptcy Code").

[*Signature pages follow*.]

[1] As defined in the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors* (the "Plan") confirmed by court order at docket no. 8229 in case no. 23-11069 (CTG).

IN WITNESS WHEREOF, the undersigned have executed this Settlement Term Sheet as of the date first set forth above.

**LIQUIDATING TRUST**:

By: ______________________________
Name: Daniel H. Golden
Title: Liquidating Trustee

**WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND:**

By: [signature]
Name: Michael Sander
Title: Administrative Manager

**Exhibit A**

**Settlement Term Sheet**

| **Summary of Terms**[2] | |
|---|---|
| **Parties** | The Liquidating Trust and the Fund |
| **Claims Settlement** | The Fund has filed proofs of claim (collectively, the "Fund Claims") in these Chapter 11 Cases alleging amounts owed on account of multiemployer pension plan withdrawal liability.<br><br>In full and final satisfaction on account thereof, and subject to the treatment set forth in Article III of the Plan, the Fund shall have Allowed Claims as set forth on Annex 1 (the "Fund Settled Claims"). |
| **Rule 9019 Motion** | As soon as practicable following execution of this Term Sheet, the Liquidating Trust shall file a motion with the Bankruptcy Court seeking approval of this Settlement pursuant to Bankruptcy Rule 9019 (the "9019 Motion"). The Motion and the order approving the Motion (the "9019 Order") shall be consistent with the provisions of this Term Sheet in all respects and reasonably acceptable to the Fund. The Liquidating Trust and the Fund shall take all actions necessary and reasonable to pursue the 9019 Order. |
| **Resolution** | Upon execution of this Term Sheet, the Parties agree that the Liquidating Trust and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are continued indefinitely. Upon the Settlement Effective Date (defined below), the Parties agree that the Liquidating Trust and the Fund shall take all actions necessary and reasonable to ensure that all pending appeals and other litigation pursued by the Parties in connection with the Fund Claims are deemed withdrawn, dismissed, or otherwise settled in full and final satisfaction.<br><br>In the event that the Bankruptcy Court declines to enter the 9019 Order, this Term Sheet shall be deemed null and void and all provisions herein, including this Resolution provision, shall be of no force or effect, and the Parties will |

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan confirmed by court order at docket no. 8229 in case no. 23-11069 (CTG).

| | |
|---|---|
| | be released from their obligations under this Term Sheet and are permitted to seek such remedies as they are entitled to at law and in equity. |
| **Releases** | The releases, injunctions, and exculpations set forth in Article IX of the Plan (the "Releases") will apply to the Fund and the Fund Claims regardless of whether the Fund voted to accept the Plan or opt into the Releases. |
| **No Admission of Liability** | This Term Sheet has been prepared for settlement purposes only and shall not constitute an admission of liability by any party, nor be admissible in any action relating to any of the matters addressed herein. Further, nothing herein shall be an admission of fact or liability. |
| **Attorneys' Fees and Expenses** | All Parties shall be solely responsible for the fees and expenses of each's own advisors.<br><br>The Fund shall not seek an Administrative Expense Claim related to substantial contribution, pursuant to section 503(b)(3)(D) of the Bankruptcy Code or otherwise. |
| **Conditions Precedent** | The terms of this Term Sheet shall be dependent upon entry of the 9019 Order (such date the 9019 Order is entered, the "Settlement Effective Date"); *provided* that nothing in this Term Sheet nor the 9019 Motion shall be conditioned on or require the Bankruptcy Court's approval of any settlement (if any) with any other multi-employer pension plan claimant. |
| **Other** | The Fund Settled Claims were guided by and calculated in good faith by the Liquidating Trust and the Fund in accordance with the rulings and observations of the Bankruptcy Court, the Third Circuit and the U.S. Supreme Court as of the date of this Term Sheet, taking into account the cost and risk associated with continued litigation of these Claims and the potential appeal of the rulings and observations to date (the "MEPP Calculation Methodology").<br><br>If the Liquidating Trust proposes a settlement of Claims on account of withdrawal liability that the Fund believes utilizes a calculation methodology materially different from the MEPP Calculation Methodology, the Fund shall provide written notice to the Liquidating Trust of the Fund's position (the "Notice"). The Notice must be provided to the Liquidating Trust by the earlier of (a) fourteen days after the Liquidating Trust files a motion seeking approval of the |

| | |
|---|---|
| | settlement and (b) two days prior to the hearing in front of the Bankruptcy Court seeking approval of such settlement.<br><br>If the Fund provides the Notice and the Liquidating Trust obtains approval of a settlement for Claims on account of withdrawal liability that utilizes calculation methodology materially different than the MEPP Calculation Methodology, the Fund shall (in addition to the Withdrawal Liability Claims set forth on Annex 1) be entitled to assert a new Claim for the difference between the amount of the Fund Claims and the amount (if higher) of the Fund Claims utilizing said different calculation methodology (the "Fund Delta Claims"), and the Liquidating Trust shall utilize best efforts to obtain Bankruptcy Court approval to allow the Fund Delta Claims; *provided* that, if the Liquidating Trust does not agree that the settlement utilized a methodology materially different than the MEPP Calculation Methodology, the Liquidating Trust may object to any Fund Delta Claim. |

## Annex 1

Allowed Claims

| | Debtor | Claimant | Proof of Claim Number | General Unsecured Claim Amount | Total Claim Amount |
|---|---|---|---|---|---|
| | ***Withdrawal Liability Claims*** | | | | |
| 1. | All Debtors (jointly and severally) | Western Conference of Teamsters Pension Trust Fund | 160, 163, 12876 | $126,374,804 | $126,374,804 |