**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Proposed Hearing Date** **September 11, 2026 at 9:30 a.m. (E.T.)** |
| | **Proposed Objection Deadline** **September 8, 2026 at 4:00 p.m. (E.T.)** |

**MOTION OF THE TRUSTEE FOR ENTRY OF AN ORDER SHORTENING THE NOTICE PERIOD WITH RESPECT TO THE MOTION OF THE TRUSTEE TO APPROVE THE SETTLEMENT AGREEMENTS BY AND AMONG THE LIQUIDATING TRUST AND CERTAIN PENSION FUNDS AND GRANTING RELATED RELIEF**

Daniel H. Golden, as Liquidating Trustee (the "Trustee") of the Liquidating Trust (the "Trust"), as successor in interest to the certain assets of the above captioned debtors (collectively, the "Debtors"), by and through his undersigned counsel, states as follows in support of this motion:

**Relief Requested**

1. The Trustee seeks entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, shortening notice of the *Trustee's Motion for Entry of an Order (I) Approving the Settlement Agreements By and Among The Liquidating Trust and Certain Pension Funds, and (II) Granting Related Relief* (the "Settlement Motion"), filed contemporaneously herewith, setting the hearing to consider the relief requested in the

[1] A complete list of each of the Debtors in these Chapter 11 Cases (as defined in the Motion) may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

Settlement Motion for **September 11, 2026 at 9:30 a.m. (prevailing Eastern Time)** (the "Hearing"), and setting the objection deadline to the relief requested in the Settlement Motion as **September 8, 2026 at 4:00 p.m. (prevailing Eastern Time)**.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). The Trustee confirms his consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 102(1) and 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002(a)(3) and 9006(c) and Local Rule 9006-1.

## Background

5. On August 6, 2023, the Debtors filed voluntary petitions for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

6. On November 19, 2025, the Court entered an order [Docket No. 8229] (the "Confirmation Order") pursuant to which the Court approved and confirmed the Fourth

Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors (Technical Modifications) [Docket No. 8226] (the "Plan"). The Plan became effective on July 1, 2026 (the "Effective Date") [Docket No. 9073].

7. On the Effective Date, in accordance with the Plan, the Confirmation Order, and the Liquidating Trust Agreement, the Trust was established, the Liquidating Trust Assets (as defined in the Plan) were transferred to the Liquidating Trust, and Daniel Golden was appointed as Trustee and the duly appointed representative of each of the Debtors and their estates.

## Basis for Relief Requested

8. The Bankruptcy Rules require that the Debtors give "at least 21 days' notice [of] . . . a hearing to approve a compromise or settlement other than an agreement under Rule 4001(d)—unless the court, for cause, orders that notice not be given." Fed. R. Bankr. P. 2002(a)(3). Local Rule 9006-1(e) permits parties to seek shortened notice "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e) (stating also: "The Court will rule on such motion for shortened notice promptly without need for a hearing").

9. Pursuant to Bankruptcy Rule 9006(c), the Court "for cause shown may in its discretion with or without motion or notice order the [notice] period reduced." Fed. R. Bankr. P. 9006(c)(1). Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). Additionally, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

10. In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012); *see also Hester v. NCNB Nat'l Bank (In re Hester)*, 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts.").

11. The Trustee, through the filing of this Motion and the contemporaneous filing and service of the Settlement Motion, is seeking to have the notice of the Settlement Motion shortened by one week and heard at the upcoming omnibus hearing on **September 11, 2026 at 9:30 am (prevailing Eastern Time)**, with objections to the relief requested in the Settlement Motion to be due and filed by **September 8, 2026 at 4:00 p.m. (prevailing Eastern Time).**

12. As noted above, Local Rule 9006-1(e) provides that the Court, for cause shown, may in its discretion reduce the notice period normally required. The Trustee submits that such cause is shown here.

13. The settlements proposed in the Settlement Motion, if granted, will end all existing litigation surrounding multiemployer pension plan withdrawal liability claims and allow general unsecured creditors to receive meaningful distributions in a timely fashion. Absent the settlements, the Liquidating Trust and certain pension plans are under a Court-ordered schedule to estimate the pension plans' claims, with an evidentiary hearing scheduled for October 20, 2026 [Dkt. No. 9091]. The Trustee believes it is prudent and appropriate to obtain for the estates, as expeditiously as possible, approval of the settlements to mitigate delay and associated costs in resolution of the pension plan litigation and distributions to claimants.

14. Moreover, as described in the Settlement Motion, the Trustee engaged in extensive discussions with the parties that have been involved in the multiemployer pension plan

litigation on the relief sought in the Settlement Motion and does not expect to receive objections thereto. Scheduling the Settlement Motion to be heard by the Court on shortened notice as requested herein will not prejudice any party in interest.

15. For all the foregoing reasons, the Trustee submits that cause exists to shorten the notice for a hearing on the Settlement Motion.

**Local Rule 9006-1(e) Averment**

16. The undersigned counsel certifies pursuant to Local Rule 9006-1 that a reasonable effort has been made to notify counsel to the United States Trustee to determine whether there would be an objection to the relief contained in this Motion. The United States Trustee has no position on the requested relief contained in this Motion.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

[*Remainder of page intentionally left blank*]

Dated: August 28, 2026
Wilmington, Delaware

*/s/ Peter J. Keane*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
Shirley Chan (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 W Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: patrick.nash@kirkland.com
shirley.chan@kirkland.com

Alan D. Halperin (admitted *pro hac vice*)
Debra J. Cohen (admitted *pro hac vice*)
**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Email: ahalperin@halperinlaw.net
dcohen@halperinlaw.net

*Co-Counsel for the Liquidating Trustee*