**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | Case No. 23-11069 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: Oct. 20, 2026 at 10:00 a.m. (ET)**<br>**Obj. Deadline: Oct. 13, 2026 at 4:00 p.m. (ET)** |

**MOTION OF THE TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(A) AND BANKRUPTCY RULE 9006 EXTENDING THE PERIOD WITHIN WHICH THE TRUSTEE MAY OBJECT TO ADMINISTRATIVE CLAIMS**

By this motion (the "Motion"), Daniel Golden, solely in his capacity as liquidating trustee (the "Trustee") of the Yellow Liquidating Trust (the "Trust"), by and through his undersigned counsel, seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 105(a) of Title 11 of the United States Code (as amended and applicable herein, the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure ("Local Rules") of the United States Bankruptcy Court for the District of Delaware (the "Court"), extending the Claims Objection Deadline (as defined below) by approximately six (6) months through and including April 30, 2027. In support of the Motion, the Trustee respectfully represents as follows:

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and Article XVII of the Plan. This is a core proceeding under 28 U.S.C. § 157(b), and pursuant to Local Rule 9013–1(f), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is sections 105(a) of the Bankruptcy Code, Bankruptcy Rule and 9006 and Local Rule 9006-2.

## BACKGROUND

4. On August 6, 2023 and continuing on August 7, 2023 (the "Petition Dates"), each of Yellow Corporation and its twenty-three (23) affiliated debtor companies (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the Court. The Debtors' bankruptcy cases are jointly administered under case number 23-11069 (collectively, the "Cases").

5. On August 9, 2023, the Court entered an order authorizing and approving the retention of Epiq Corporate Restructuring, LLC (the "Claims Agent") as the claims and noticing agent in the Debtors' chapter 11 cases; [Docket # 170] to, among other things, maintain the official claims register for the Debtors (the "Claims Register").

6. On November 19, 2025, the Court entered an order [Docket # 8229] confirming the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and its Debtor Affiliates pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of*

*Unsecured Creditors (Technical Modifications)* [Docket #8226] (including all exhibits thereto, and as amended, supplemented or modified from time to time pursuant to the terms thereof, the "Plan"). The Plan became effective on July 1, 2026 (the "Effective Date") [Docket #9073].

7. On the Effective Date, in accordance with the Plan, the Confirmation Order and a *Liquidating Trust Agreement* dated as of July 1, 2026 (the "LTA"), the Trust was established and the Trustee was appointed as liquidating trustee of the Trust.

8. Pursuant to the Plan, the Trustee has the exclusive authority to (a) file, withdraw, or litigate to judgment objections to claims, (b) settle or compromise any Disputed Claim, and (c) administer and adjust the Claims Register to reflect any such settlements or compromises. *See* Plan at Art. VII, § B.

9. Pursuant to the Plan, the deadline for filing objections to requests for payment of Administrative Claims (other than requests for payment of Professional Fee Claims and fees and charges assessed against the Estates pursuant to section 1930 of chapter 123 of title 28 of the United States Code) is the first business day that is 120 days following the Effective Date, *i.e.,* October 29, 2026 (the "Deadline"), provided that the Deadline may be extended by the Court after notice and an opportunity for a hearing in the event of any responses to any extension request. Plan, Article 1, §A, ¶ 3.

## RELIEF REQUESTED

10. By this Motion, the Trustee seeks entry of the Proposed Order, under section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006 and Local Rule 9006-2, extending the Deadline for six (6) months through and including April 30, 2027, without prejudice to the Trustee's right to seek further extensions.

11. Since the Effective Date, the Trustee and its professionals have been focusing on liquidating assets, dealing with pending litigation and contested matters, dealing with insurance matters, dealing with a myriad of intercompany and other corporate issues for both domestic and foreign entities, responding to creditor inquiries, overall wind-down and administration matters, and reconciling, reviewing and resolving Administrative Claims, as well as secured, priority and priority tax claims. Indeed, significant progress has been made thus far in the few months since the Effective Date: of the 217 Administrative Claims aggregating approximately $82 million that were filed in these Cases, the Trustee and his professionals have been engaging in a systematic review of them and already resolved 66 Administrative Claims asserted in amounts aggregating approximately $40 million. However, there remain 151 Administrative Claims aggregating approximately $42 million that still need to be reviewed, reconciled and resolved. Therefore, the Trustee requests an extension of the Deadlines to afford it the time to reconcile these Administrative Claims and file the necessary objections in order to maximize recoveries to all claimants.

**BASIS FOR RELIEF**

12. Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for time periods provided under certain Bankruptcy Rules that are not applicable here. *See* Fed. R. Bankr. P. 9006(b). Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). In addition, it is generally recognized that "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code." *See In re Morristown & E. R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) (*citing*

4934-4368-9942.1 96859.001

COLLIER ON BANKRUPTCY, ¶ 105.04 at 105-15 & n. 5 (15th rev. ed. 1989)). Moreover, the Plan itself provides that the Deadlines may each be extended by the Court, and Local Rule 9006-2 provides for an automatic extension of time when a timely motion to extend time is filed.[2]

13. In this instance, sufficient cause exists to extend the Deadline. The requested extension of time will provide the Trustee and his professionals the opportunity to continue its claims analysis, object to any Administrative Claims that are factually and legally unsupportable, and attempt to negotiate the resolution of objections to claims for the benefit of the Debtors' creditors and beneficiaries of the Trust.

14. The Trustee further requests that entry of the Proposed Order be without prejudice to the rights of the Trustee to seek further extensions of the Deadline as may be needed.

**NOTICE**

15. Notice of this Motion has been given to: (a) the U.S. Trustee, (b) any party known to be directly affected by the relief sought hereby, and (c) any party that specifically requested additional notice in writing to the Trustee or filed a request for notice under Bankruptcy Rule 2002 after the Effective Date in accordance with ¶ 137 of the Confirmation Order. The Trustee submits that no further notice need to be given.

[2] Thus, the filing of this Motion prior to the expiration of the current Deadline automatically extends such deadline until such time as the Bankruptcy Court rules on this Motion.

WHEREFORE, the Trustee respectfully requests the entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: October 2, 2026
Wilmington, Delaware

*/s/ Peter J. Keane*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com
pkeane @pszjlaw.com
ecorma@pszjlaw.com

Alan D. Halperin (admitted *pro hac vice*)
Debra J. Cohen (admitted *pro hac vice*)
Scott A. Ziluck
**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Email: ahalperin@halperinlaw.net
dcohen@halperinlaw.net
sziluck@halperinlaw.net

*Co-Counsel for the Liquidating Trustee*