**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered) |
| Daniel H. Golden, as Liquidating Trustee<br><br>Plaintiff,<br>vs.<br><br>Defendants Listed Below,<br><br>Defendants. | **Obj. Deadline: October 20, 2026 at 4:00 p.m. (ET)**<br>**Hrg. Date: November 16, 2026, at 10:00 a.m. (ET)** |

| **Defendant Name** | **Adversary Number** |
|---|---|
| Belk Logistics LLC dba Belk Express; and Mobile Street Holdings, LLC | 25-51271 |
| Bestpass, Inc. | 25-51276 |
| Goetz Energy Corporation | 25-51413 |
| Pasha Hawaii Holdings LLC | 25-51570 |
| Ten Logistics, Inc. | 25-51705 |
| VFS US LLC dba North American Transaction Services | 25-51614 |

**PLAINTIFF'S EIGHTH MOTION FOR AN ORDER APPROVING THE SETTLEMENTS OF AVOIDANCE ACTIONS PURSUANT TO FED. R. BANKR. P. 9019**

Daniel H. Golden, as Liquidating Trustee (the "Plaintiff" or "Trustee")[2] of the Yellow Liquidating Trust (the "Trust") by and through his undersigned counsel, hereby file this *Eighth Motion for an Order Approving the Settlements of Avoidance Actions Pursuant to Fed. R. Bankr.*

1 A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

2 Pursuant to Federal Rule of Civil Procedure 25, Bankruptcy Rule 7025, and as provided in the Liquidating Trust Agreement, the Trustee is the successor in interest to the Debtors in this action and is substituted as the Plaintiff. Any reference to "Plaintiff" is either in reference to the Debtors or the Trustee as their successor in interest, as applicable.

*P. 9019* (the "Motion"). In further support of the Motion, the Plaintiff respectfully represents as follows:

## JURISDICTION

1. The district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought herein are 11 U.S.C. §§ 105 and 363(b) and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On August 6, 2023, and continuing on August 7, 2023 (together, the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The chapter 11 cases (the "Chapter 11 Cases") were consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).[3]

5. On July 7, 2025, the Court entered an order authorizing the employment of ASK LLP as special counsel to pursue avoidance actions (the "Avoidance Actions") on behalf of the Debtors. [D.I. 6641].

6. The Debtors retained ASK LLP to send demand letters, file adversary proceedings, and negotiate settlements (subject to Court approval if required under the Settlement Procedures Order) with entities that received payments in the 90-day period prior to the Petition Date.

---

[3] Docket No. 169.

7. On July 30, 2025, the Court entered an order approving procedures for the settlement and notice of the Avoidance Actions brought by the Debtors (the "Settlement Procedures Order"). [D.I. 6749]. Pursuant to the Settlement Procedures Order, Avoidance Actions against insiders or those with a gross amounts demanded greater than $750,000.00 are subject to the motion requirements of Bankruptcy Rule 9019, while Avoidance Actions with smaller gross amounts demanded against non-insiders are subject to notice of settlement procedures.

8. On November 19, 2025, the Court entered an order (the "Confirmation Order") [Docket No. 8229] confirming the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors (Technical Modifications)* (the "Plan") [Docket No. 8829-3] and all Plan supplements, including the Liquidating Trust Agreement [Docket No. 9071]. The effective date of the Plan occurred on July 1, 2026 (the "Effective Date") [Docket No. 9073].

9. In accordance with the Plan and Confirmation Order, the Debtors and Trustee entered into that certain Liquidating Trust Agreement and, therefore, the Trust was established effective as of the Effective Date. Under paragraph 76 of the Confirmation Order and Article VIII.C.3 of the Plan, the Litigation Trust Assets (as defined in the Plan), including Avoidance Actions under chapter 5 of the Bankruptcy Code, were transferred to the Trust. Pursuant to the Plan, Confirmation Order, and Liquidating Trust Agreement, Plaintiff was appointed to serve as the Trustee and is authorized and has standing, among other things, to prosecute and settle the Avoidance Actions originally brought by the Debtors.

10. Pursuant to the Plan and Liquidating Trust Agreement, Plaintiff has reviewed the Debtors' financial books and records and investigated the transferred causes of action to avoid

transfers pursuant and/or recover property of their estates pursuant to sections 542 through 550 of the Bankruptcy Code.

11. The Plaintiff has settled, subject to Bankruptcy Court approval, Avoidance Action against **six** (**6**) defendants (the "Defendants"). A list containing the name of the Defendants, the gross amount demanded from the Defendants, the amount paid or to be paid by the Defendants to the Plaintiff in settlement of the Avoidance Action, and a rationale for each of the settlements are attached hereto as **Exhibit A**.

12. To date, the Plaintiff has not obtained Bankruptcy Court approval for the settlements of the Avoidance Actions listed on **Exhibit A** attached hereto.

## RELIEF REQUESTED

13. By this Motion, the Plaintiff seeks approval of the settlements of the Avoidance Actions listed on **Exhibit A** attached hereto pursuant to Bankruptcy Rule 9019. Rule 9019 provides that "[o]n the trustee's motion and after notice and a hearing, the court may approve a compromise or settlement. Notice must be given to: all creditors; the United States trustee; the debtor; . . . and any other entity the court designates." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

14. The Plaintiff is obligated to maximize the value of the estates and make decisions in the best interests of all creditors of the estates. *Id.* at 394. The Plaintiff believes, in their business judgment, the settlements of the Avoidance Actions against the Defendants listed on **Exhibit A** hereto are in the best interests of the estates and all creditors, especially in light of the cost, uncertainty, and delay of litigation. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

15. In determining whether a settlement should be approved under Bankruptcy Rule

9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id.* at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id.*

16. A review of the four factors from *Martin* demonstrates that the settlement of each Avoidance Action against the applicable Defendant is: (i) in the best interests of the estate and all of the creditors; (ii) reasonable; and (iii) within the Plaintiff's sound business judgment. The Plaintiff agreed to each proposed settlement based on a variety of factors, including potential defenses to underlying claims. The Plaintiff believes the proposed settlements are well within the range of reasonableness and in the best interests of the Debtors' estates. The settlements of the Avoidance Actions will eliminate the potentially high costs of litigation and the uncertainty of success in light of the possible defenses.

17. The Plaintiff respectfully represents that the compromise reached with each Defendant is fair, reasonable, and in the best interest of the creditors and the Debtors' estates. The Plaintiff likewise believes each proposed settlement is fair and equitable, and founded on the exercise of sound business judgment by the Plaintiff. Each settlement results in a payment being made to the estates and the release by the Defendant of such claims that such entity may have against the Plaintiff and the Debtors' estates, in consideration for a release by the Plaintiff of the claim able to be asserted against Defendants in the Avoidance Actions, without the Plaintiff expending significant estate resources litigating such claims.

## NOTICE

18. Notice of this Motion, together with a copy of the Motion, has been given to (i) United States Trustee for the District of Delaware, (ii) the Defendants, and (iii) all parties that have requested such notice pursuant to Bankruptcy Rule 2002 as of this date. In light of the nature of the relief requested herein, the Plaintiff submits that no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter the attached proposed order granting the Plaintiff's Motion approving the settlements of the Avoidances Actions against the Defendants set forth on **Exhibit A** attached hereto; and granting such other and further relief as the Court deems just and equitable.

Dated: October 6, 2026

*/s/ Peter J. Keane*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Email: ljones@pszjlaw.com
pkeane@pszjlaw.com
ecorma@pszjlaw.com

*-and-*

**ASK LLP**
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq., MN SBN 0389115
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (877) 746-4275
Email: kcasteel@askllp.com

*Counsel for Plaintiff*