# **EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| YELLOW CORPORATION, *et al.*,[1] | ) | Case No. 23-11069 (CTG) |
| Debtors. | ) | (Jointly Administered) |

**STIPULATION TO FIX AND ALLOW THE ADMINISTRATIVE CLAIMS AND GENERAL UNSECURED REJECTION CLAIMS OF NATMI NATIONAL TRUCK TERMINALS, LLC, NATMI TRUCK TERMINALS, LLC, RLF 1-PICO SPE, LLC AND TERMINAL LOGISTICS II TEXAS SPE, LP**

This stipulation ("Stipulation") is made and entered into by and among Daniel Golden, solely in his capacity as liquidating trustee (the "Trustee") of the Yellow Liquidating Trust (the "Trust"), as successor in interest to the certain assets of the above captioned debtors (collectively, the "Debtors"), and NATMI National Truck Terminals, LLC ("NATMI National"), NATMI Truck Terminals LLC ("NATMI Truck"), RLF I- PICO SPE, LLC ("RLF I"), and Terminal Logistics II Texas SPE, LP ("Terminal Logistics" collectively, the "Landlords" and together with the Trustee, the "Parties"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on August 6-7, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 169];

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

**WHEREAS**, on November 19, 2025, the Court entered an order [Docket No. 8229] (the "Confirmation Order") pursuant to which the Court approved and confirmed the *Fourth Amended Joint Chapter 11 Plan of Yellow Corporation and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors (Technical Modifications)* [Docket No. 8226] (as it may be altered, amended, modified, or supplemented from time to time in accordance with the terms thereof, the "Plan");

**WHEREAS**, the Plan became effective on July 1, 2026 [Docket No. 9073] (the "Effective Date");

**WHEREAS**, on the Effective Date, in accordance with the Plan, the Confirmation Order, and the Liquidating Trust Agreement dated as of July 1, 2026 (the "LTA"), the Trust was established and the Trustee was appointed trustee of the Trust;

**WHEREAS**, NATMI National leased its premises located at 6930 Cactus Court, San Diego, CA to Debtor YRC, Inc. by a certain lease agreement dated January 30, 2009 (the "San Diego Lease") with the San Diego Lease, as amended, having a lease expiration date of January 31, 2029;

**WHEREAS**, NATMI Truck leased its premises located at 28 Sterling Road, Billerica, MA to Debtor New Penn Motor Express, LLC by a certain lase agreement dated February 13, 2009 (the "Billerica Lease") with the Billerica Lease, as amended, having a lease expiration date of February 8, 2029;

**WHEREAS**, NATMI Truck leased its premises located at 10451 Colonel Court, Manassas, VA to Debtor YRC, Inc. by a certain lease agreement dated January 30, 2009 (the "Manassas Lease") with the Manassas Lease, as amended, having a lease expiration date of January 31, 2029;

**WHEREAS**, RLF I leased its premises located at 9933 Beverly Boulevard, Pico Rivera, CA to Debtor YRC, Inc. by a certain lease agreement dated August 30, 2019 (the "Pico Rivera Lease") with the Pico Rivera Lease having a lease expiration date of August 31, 2029;

**WHEREAS**, Terminal Logistics leased its premises located at 12340 East Northwest Highway, Garland, Texas by a certain lease agreement dated July 31, 2012 (the "Garland Lease") with the Garland Lease, as amended, having a lease expiration date of August 31, 2027.

**WHEREAS**, on or about April 19, 2024, the Bankruptcy Court entered an *Order (A) Authorizing the Debtors to Assume Certain Unexpired Leases and (B) Granting related Relief,* [Docket No. 3086] pursuant to which the San Diego Lease, the Billerica Lease, the Manassas Lease, the Pico Rivera Lease and the Garland Lease (collectively, the "Leases") were assumed by the Debtors;

**WHEREAS**, on or about January 31, 2025, the Debtors rejected the San Diego Lease and the Garland Lease;

**WHEREAS**, on or about May 31, 2025, the Debtors rejected the Billerica Lease and the Manassas Lease;

**WHEREAS**, on or about July 31, 2025, the Debtors rejected the Pico Rivera Lease;

**WHEREAS**, on July 31, 2026, the Landlords filed their *Motion of Certain Landlords For Allowance and Payment of Administrative Expense Claims* [Docket No. 9154] (the "Motion") seeking the allowance and payment of administrative claims in the following amounts:

(1) NATMI National for the San Diego Lease in an amount no less than $1,612,941.64;

(2) NATMI Truck for the Billerica Lease in an amount no less than $2,866,199.08;

(3) NATMI Truck for Manassas Lease in an amount no less than $601,813.94;

(4) RLF I for the Pico Rivera Lease in an amount no less than $11,515,767; and

(5) Terminal Logistics for the Garland Lease in an amount no less than $1,418,094.97.

(the "Administrative Expense Claims");

**WHEREAS**, counsel for the Trustee and counsel for the Landlords engaged in good faith and arm's length negotiations concerning the Administrative Expense Claims; and

**WHEREAS**, in accordance with the Plan and LTA, from and after the Effective Date, Trustee has the exclusive authority to file, withdraw, or litigate to judgment objections to claims, to settle or compromise any disputed claim, and to administer and adjust the Claims Register to reflect any such settlements or compromises, provided that (a) the allowance of any disputed claim in an amount in excess of $200,000 requires the approval of the Liquidating Trust Board of Managers ("Approval"), and (b) if any proposed allowed amount of any disputed claim less than or equal to $10,000,000 notice ("Notice") must be filed with the Bankruptcy Court (with service on any affected parties) prior to consummating, which action(s) shall be deemed approved thereby if no written objection to such action(s) is filed with the Bankruptcy Court within seven (7) calendar days of the filing of the applicable notice (the "Notice Period"). Plan at Article VII.B; LTA at §§ 4.4, 4.5(b), 4.11(a) and 7.5(a)(iv).

**WHEREAS**, as a result of such negotiations, the Parties have reached an agreement to fix the amount of the Administrative Expense Claims as set forth herein and to fix the amount of any general unsecured deficiency claim related to the lease rejections, as applicable, pursuant to section 502(b)(6) of the Bankruptcy Code.

**WHEREAS**, the Trustee obtained Approval of this Stipulation.

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The above recitals are incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. Promptly after execution of this Stipulation, the Trustee shall file a Notice of this Stipulation with the Court, and this Stipulation shall be deemed effective (a) on the 8th day after the Notice is filed with the Court so long as no objection is filed during the Notice Period, or (b) if an objection is filed within the Notice Period, upon entry of a Court order approving this Stipulation (the "Consummation Date").

3. The Landlords shall have an administrative expense claim on account of the rejection of the previously assumed leases in the following amounts:

**$1,544,564.53** to NATMI National on account of the San Diego Lease;

**$2,813,475.99** to NATMI Truck on account of the Billerica Lease:

**$518,001.96** to NATMI Truck on account of the Manassas Lease;

**$11,515,767.20** to RLF I on account of the Pico Rivera Lease (as stated in the Motion): and

**$1,300,816.47** to Terminal Logistics on account of the Garland Lease (collectively, the "Allowed Administrative Expense Claims").

4. In full and final satisfaction of the Allowed Administrative Expense Claims, the Trust shall pay the Landlords in the amounts identified in paragraph 3 herein, within fourteen (14) days after the Consummation Date.

5. The Landlords shall also have allowed general unsecured rejection damages claims pursuant to 11 U.S.C. § 502(b)(6) in the following amounts against the specified Debtors' estates:

**$462,338.16** related to the San Diego Lease against Debtor YRC, Inc.;

**$308,041.69** related to the Billerica Lease against Debtor New Penn Motor Express, LLC;

**$5,063,374.83** related to the PICO Rivera Lease against Debtor YRC, Inc.; and **$259,210.00** related to the Garland Lease against Debtor YRC, Inc. (collectively, the "Allowed Deficiency Claims").

The Allowed Deficiency Claims shall be treated in accordance to the Plan and Trust provisions governing general unsecured claims. Further, upon payment of the Allowed Administrative Expense Claims, the claims agent appointed in these cases shall designate the following proofs of claim filed by the Landlords with regard to the rejection of the Leases as follows;

(a) Claim No. 20021, filed on March 3, 2025 by NATMI National with regard to the San Diego Lease, shall be marked as an allowed general unsecured claim of $462,338.16 and the administrative expense claim marked as satisfied;

(b) Claim No. 20169, filed on June 30, 2025 by NATMI Truck with regard to the Billerica Lease, shall be marked as an allowed general unsecured claim of $308,041.69 and the administrative expense claim marked as satisfied;

(c) Claim No. 20020, filed on March 3, 2025 by Terminal Logistics with regard to the Garland Lease, shall be marked as an allowed general unsecured claim of $259,210.00 and the administrative claim marked as satisfied;

(d) Claim No. 20192, filed on August 30, 2025 by RLF I with regard to the Pico Rivera Lease, shall be marked as an allowed general unsecured claim of $5,063,374.83 and the administrative claim marked as satisfied; and

(e) Claim no. 20170, filed on June 30, 2025 by NATMI Truck with regard to the Manassas Lease, shall be marked as satisfied.

6. Upon payment of the Allowed Administrative Expense Claim to the Landlords, the Landlords for themselves, as well as their members, officers, directors, parents, subsidiaries, affiliates, employees, agents, attorneys, administrators, successors and assigns of any of them, each

solely in their capacities as such, (collectively, the "Landlord Parties"), hereby releases the Debtors, the Estates, the Trust and the Trustee, and their respective officers, directors, shareholders, members, parents, subsidiaries, affiliates, employees, agents, attorneys, administrators, successors and assigns of any of them, each in their capacity as such, (collectively, the "Trust Parties") from any and all claims, causes of action, contracts, promises, damages, judgments, extents, executions, and demands whatsoever, in law or equity, known or unknown or hereinafter becoming known, liquidated or unliquidated, contingent or fixed, direct or indirect, that the Landlord Parties ever had, now have, may have or may hereinafter have against the Trust Parties solely arising from or relating to the obligations under the Leases except that the Landlords' rights to a distribution, if any, on account of the Allowed Deficiency Claims are fully preserved and unaffected by release granted herein.

7. Upon payment of the Allowed Administrative Expense Claim to the Landlord after the Consummation Date, the Trust Parties for themselves hereby release the Landlord Parties from any and all claims, causes of action, contracts, promises, damages, judgments, extents, executions, and demands whatsoever, in law or equity, known or unknown or hereinafter becoming known, liquidated or unliquidated, contingent or fixed, direct or indirect, that the Trust Parties ever had, now have, may have or may hereinafter have against the Landlord Parties arising from or relating to the Leases.

8. The Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to and in accordance with this Stipulation.

9. The Parties acknowledge that the Stipulation is jointly drafted by the Parties, and that, accordingly, in the event of any ambiguities, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

10. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

11. The terms and conditions of this Stipulation shall be immediately effective upon its entry.

12. This Stipulation constitutes the entire understanding and agreement between the Parties concerning the subject matter hereof and supersedes all prior and contemporaneous agreements, understandings, terms, conditions, and representations, written or oral, made by any of the Parties or their agents, concerning the matters covered by this Stipulation.

13. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or email in pdf format, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

14. The Bankruptcy Court shall retain exclusive jurisdiction over any and all disputes and issues arising from or related to the interpretation, implementation, and enforcement of this Stipulation.

**IN WITNESS WHEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date first set forth below/

Dated: October 13, 2026
Wilmington, Delaware

*/s/ Leslie C. Heilman*

Leslie C. Heilman (DE 4716)
Laurel D. Roglen (DE 5759)
Nicholas J. Brannick (DE 5721)
Margaret Vesper (DE 6995)
**BALLARD SPAHR LLP**
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801-3034
Telephone: (302) 252-4465
Fax: (302) 252-4466
Email: heilmanl@ballardspahr.com
roglenl@ballardspahr.com
brannickn@ballardspahr.com
vesperm@ballardspahr.com

-and-

**VINSON & ELKINS LLP**
Bradley R. Foxman (admitted pro hac vice)
James J. Lee (admitted pro hac vice)
Matthew W. Moran (admitted pro hac vice)
Sara E. Zoglman (admitted pro hac vice)
201 Ross Avenue, Suite 3900
Dallas, TX 75201
Telephone: 214-220-7700
Fax: 214-220-7716
Email: bfoxman@velaw.com
jimlee@velaw.com
mmoran@velaw.com
szoglman@velaw.com

*Attorneys for the Landlords*

*/s/ Peter J. Keane*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Peter J. Keane (DE Bar No. 5503)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com
pkeane @pszjlaw.com
ecorma@pszjlaw.com

-and-

Alan D. Halperin (admitted *pro hac vice*)
Walter Benzija (pro hac vice admission pending)
Debra J. Cohen (admitted *pro hac vice*)
Scott Ziluck (admitted *pro hac vice*)

**HALPERIN BATTAGLIA BENZIJA, LLP**
40 Wall Street, 37th Floor
New York, NY 10005
Telephone: (212) 765-9100
Email: ahalperin@halperinlaw.net
wbenzija@halperinlaw.net
dcohen@halperinlaw.net
sziluck@halperinlaw.net

*Attorneys for Trustee of the Yellow Liquidating Trust*